UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br> HP INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED DOCKET CONTROL ORDER**

The parties jointly move for entry of the attached disputed Docket Control Order. The positions of each party regarding the contested proposals identified in the Docket Control Order are as follows:

**I.    Secondary Election of Prior Art and Asserted Claims:**

Plaintiff's Position:

Plaintiff opposes Defendants' proposed narrowing deadlines because they are premature and unnecessary at this stage. For instance, Plaintiff has yet to receive any of Defendant's technical production or invalidity contentions, which inform narrowing decisions. Plaintiff emphasizes that it is willing to engage in further discussions with Defendants regarding narrowing at a more appropriate, later stage. However, at this time, Plaintiff requests that the Court decline Defendants' proposal to include such narrowing deadlines.

However, if the Court orders narrowing, Plaintiff suggests an alternative that aligns more closely with the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs. Specifically, for any narrowing to be meaningful, the Court should order Defendants to narrow to no more than six asserted prior art references per patent. This limitation should include counting

1

each obviousness combination as a separate prior art reference. Defendants' proposal of eight asserted prior art references is inconsistent with the Model Order and should not be adopted.

Defendants' Position:

Defendants are not proposing immediate or premature narrowing of asserted claims or prior art.  Defendants are merely proposing narrowing of claims and prior art before opening expert reports are served in January 2026.  Plaintiff is asserting eight patents and nearly 100 claims in this litigation.  Plaintiff's refusal to agree to a proposed date or schedule for narrowing the asserted claims and prior art makes opening report preparation more difficult given the overwhelming number of asserted claims.  Rather, than waiting until trial to narrow, Defendants seek a narrowing of asserted claims and prior art references before expert reports to avoid wasting unnecessary resources.  Thus, Defendants respectfully move the Court to approve their proposal.

## II. Comply with Standing Order Regarding Subject Matter Eligibility Contentions and P.R. 3-3 & 3-4:

Plaintiff's Position:

The Parties have already agreed to a mutual extension four-week extension of Plaintiff's P.R. 3-1 and 3-2 disclosures, as well as Defendants' Subject Matter Eligibility contentions and P.R. 3-3 and 3-4 deadlines. Initially, HP and Askey did not propose any revisions to Plaintiff's proposed deadline. At the last minute, just before the Docket Control Order was due, Samsung unexpectedly requested an additional one-month extension. HP and Askey thereafter concurred with Samsung's proposal.

Samsung requests an extension based on Plaintiff's alleged delay in producing its P.R. 3-1 claim chart and 3-2 document production. Specifically, Samsung claims that Plaintiff failed to provide a link to the production on November 21, 2024, and that Plaintiff later cited a system outage when Samsung followed up. This is inaccurate. On November 21, 2024, Plaintiff timely

sent its claim charts and production via email through a secure link. Samsung's paralegal responded, stating there was no link in the email, which Plaintiff informed Samsung was not true and provided the link again as courtesy.

On November 27, 2024, Samsung, for the first time, indicated an issue with accessing the documents produced pursuant to the link. At that time, Plaintiff was experiencing a technical outage with the platform used to send the documents. Plaintiff was unaware of any technical issues before November 27, 2024, and other defendants did not raise of any issues. In any event, the issue was resolved that same day, including through the provision of separate courtesy copies. Had Samsung attempted to download the documents through the link Plaintiff provided at the outset and before November 27, 2024, there would have likely been no issue. Thus, Samsung's purported *twelve*-day delay in accessing the documents is not due to Plaintiff.

Defendants have failed to demonstrate good cause for this additional extension and opposes the request. The agreed-upon four-week extension already provides sufficient time, and any further delays are unwarranted. Accordingly, Plaintiff requests that the Court deny Defendants' proposal for an additional extension.

Defendants' Position:

All Defendants believe additional time is necessary because of the scope of Plaintiff's infringement contentions where it is asserting eight patents and nearly 100 claims in this litigation. Contrary to Plaintiff's assertion, no Defendant concurred with its position. Defendants agree that an extension is necessary to address the sheer number of asserted claims. Defendants are seeking additional time more than a month before the deadline Plaintiff currently seeks. The P.R. 3-3 and 3-4 deadline do not require good cause to alter. Plaintiff will not suffer any prejudice by adopting the P.R. 3-3 and 3-4 deadline proposed by Defendants.

3

Additionally, Samsung believes that additional time is necessary because Samsung did not timely receive Plaintiff's infringement contentions pursuant to P.R. 3-1 and 3-2. Plaintiff's infringement contentions were due on November 21, 2024. *See* Dkt. No. 20. On November 21, 2024, Plaintiff served Samsung with the cover pleadings relating to Plaintiff's infringement contentions. Plaintiff did not serve the required P.R. 3-1 claim chart or P.R. 3-2 document production on Samsung. Samsung immediately followed up with Plaintiff to resolve the issue. After multiple correspondence, counsel for Plaintiff noted that the issue was because "[Plaintiff's counsel's] system was down." Samsung did not receive Plaintiff's complete P.R. 3-1 and 3-2 infringement contentions until December 3, 2024. Samsung believes a four-week extension is appropriate given Plaintiff's delay in providing its full P.R. 3-1 and 3-2 infringement contentions. If the Court adopts Samsung's proposal, Samsung believes that it is appropriate to align the case schedule between all Defendants.

Accordingly, Defendants requests that the Court adopts their proposal for P.R. 3-3 and 3-4 deadline.

Dated: December 18, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
rmirzaie@raklaw.com
CA State Bar No. 246953
Marc A. Fenster
mfenster@raklaw.com
CA State Bar No. 181067
Neil A. Rubin
nrubin@raklaw.com
CA State Bar No. 250761
Christian W. Conkle
cconkle@raklaw.com
CA State Bar No. 306374
Jonathan Ma
jma@raklaw.com

CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
310-826-7474

**ATTORNEYS FOR PLAINTIFF,
WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY**

*/s/ Lawrence Jarvis*
Lawrence Jarvis
jarvis@fr.com
**Fish & Richardson P.C**.
1180 Peachtree Street NE, 21st Fl.
Atlanta, GA 30309
404-892-5005
*Attorneys for HP, Inc.*

*/s/ Melissa Smith*
Melissa Smith
Melissa@gillamsmithlaw.com
**Gillam & Smith LLP**
303 S. Washington Avenue
Marshall, TX 75670
903-934-8450
*Attorneys for Samsung Electronics Co. Ltd.
and Samsung Electronics America, Inc.*

*/s/ Trey Yarbrough*
Trey Yarbrough
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
(903) 595-3111 phone
*Attorneys for Askey Computer Corp. and
Askey International Corp.,*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). The parties are in agreement on filing this Joint Motion.

*/s/ Reza Mirzaie*
Reza Mirzaie
