# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., *Plaintiff*, v. HP INC., et al., *Defendants*. | Civil Action No. 2:24-cv-0752-JRG-RSP **LEAD CASE** **JURY DEMANDED** |

## JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER

The parties jointly move for entry of the attached disputed Discovery Order. The positions of each party regarding the contested proposals identified in the Discovery Order are as follows:

### I. Expert Depositions

Plaintiff's Position:

When Plaintiff circulated its proposed DO to all Defendants on November 15, 2024, neither HP nor Askey initially objected to Plaintiff's expert deposition proposal, indicating its reasonableness. It was not until December 12, 2024, when Samsung first objected to Plaintiff's proposal with one that is excessive and unnecessary, especially given the lack of initial objections from the other Defendants.

Under Plaintiff's proposal, each expert can be deposed for **7 hours per report**. If the report is offered against more than one Defendant Group, each additional Defendant Group is allowed an additional **2 hours**. For example, if a report is offered against all three Defendant Groups, the total deposition would be 11 hours (7 hours + 2 hours + 2 hours). This structure ensures Defendants have ample time to address the expert's findings.

If Defendants' proposal is adopted, each Defendant Group can depose the expert for 5

hours plus an additional 2 hours of joint deposition time. Thus, if an expert offers a report against all three Defendant Groups, that expert will potentially be deposed for 17 hours on a single report––a plainly excessive timeframe.

Plaintiff's position is both reasonable and consistent with prior cases. *See e.g., Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-00477-JRG-RSP, Dkt. 61, (E.D. Tex.) (involving three Defendant Groups and two Intervenors, and covering large numbers of products implicating different sub-components). Plaintiff's position strikes an appropriate balance, providing Defendants sufficient time to explore all issues in the report without subjecting the witness to undue burden.

Defendants' Position:

Paragraph 5(d) of the Discovery Order, governing Expert Depositions, provides for 7 hours total of deposition time per report. However, under plaintiff's proposal, in the event an expert elects to offer infringement or damages opinions in a single report against more than one Defendant Group, that expert may be deposed for only an additional 2 hours for each additional Defendant Group. So, for example, if one of plaintiff's experts offers opinions in separate reports against HP and Samsung Defendant Groups each Defendant Group will have up to 7 hours of deposition time (for a total of 14 hours). If the same expert offers opinions against the HP and Samsung Defendant Groups in a single report, the HP and Samsung defendants must then split only 9 hours of total deposition time.

Plaintiff generally accuses all Wi-Fi 6 enabled devices, including mobile phones, tablets, laptops, e-readers, cameras, appliances, and wearables, across the defendants in the consolidated actions. *See, e.g.*, Case 2:24-cv-00746, Dkt. No. 1 at ¶19. This sweeping assertion will ensnare large numbers of products that will almost certainly rely on different sub-components in providing

Wi-Fi functionality. Given the early stage of this litigation, the extent of how many different implementations of this technology are presently at issue is yet to be known. As such it is premature and prejudicial to limit defendants to only 2 additional hours of expert deposition time per additional Defendant Group on issues of central importance like [non]infringement and damages.

Plaintiff's citation to the expert deposition time allocations of the discovery order in *Cobblestone* is inapposite – the limits in that case were agreed upon, not imposed on the defendants as Plaintiff now urges this Court to do. *Cobblestone Wireless, LLC v. Cisco Sys., Inc.*, No. 2:23-00454-JRG, Dkt. No. 59 (E.D. Tex. Apr. 4, 2023). Moreover, other cases have adopted expert deposition time limit allocations consistent with what Defendants propose. *See, e.g.*, *Procomm International Pte. Ltd. v. Verizon Comms., Inc.*, No. 2:24-CV-00009-RWS-RSP, Dkt. No. 24 (E.D. Tex. Apr. 26, 2024) (providing for five (5) hours of expert deposition time per Defendant Group).

Accordingly, defendants propose an additional five (5) hours of expert deposition time per additional Defendant Group addressed in any single report to ensure each Defendant Group has time to meaningfully address the specific allegations directed at their respective accused products.

Dated: December 18, 2024                                Respectfully submitted,

                                                 */s/ Reza Mirzaie*
                                                 Reza Mirzaie
                                                 rmirzaie@raklaw.com
                                                 CA State Bar No. 246953
                                                 Marc A. Fenster
                                                 mfenster@raklaw.com
                                                 CA State Bar No. 181067
                                                 Neil A. Rubin
                                                 nrubin@raklaw.com
                                                 CA State Bar No. 250761
                                                 Christian W. Conkle

cconkle@raklaw.com
CA State Bar No. 306374
Jonathan Ma
jma@raklaw.com
CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
310-826-7474

**ATTORNEYS FOR PLAINTIFF,
WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY**

*/s/ Lawrence Jarvis*
Lawrence Jarvis
jarvis@fr.com
**Fish & Richardson P.C**.
1180 Peachtree Street NE, 21st Fl.
Atlanta, GA 30309
404-892-5005
*Attorneys for HP, Inc.*

*/s/ Melissa Smith*
Melissa Smith
Melissa@gillamsmithlaw.com
**Gillam & Smith LLP**
303 S. Washington Avenue
Marshall, TX 75670
903-934-8450
*Attorneys for Samsung Electronics Co. Ltd.
and Samsung Electronics America, Inc.*


*/s/ Trey Yarbrough*
Trey Yarbrough
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
(903) 595-3111 phone
*Attorneys for A*s*key Computer Corp. and
Askey International Corp.,*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). The parties are in agreement on filing this Joint Motion.

*/s/ Reza Mirzaie*
Reza Mirzaie
