UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC., et al., <br><br> *Defendants*. | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

The parties jointly move for the entry of the attached disputed Protective Order.

The positions of each party regarding the disputed proposals identified in the Protective Order are as follows:

**I.      Source Code at Depositions ¶10(m)**

**A.      Plaintiff's Position:**

Allowing access to the source code computer during depositions involving questioning about the source code is both reasonable and necessary. For instance, during technical 30(b)(6) depositions, witness often lack adequate preparation to answer reasonable questions about the code, including contextual inquiries, without consulting the source code computer. Printouts alone are often insufficient. For example, witnesses may struggle to adequately answer questions about how specific functionalities are implemented, how different sections of the code interact, or how accused features align with claim limitations, citing the lack of access to a source code computer. Without the ability to consult the source code computer, depositions risks being unproductive and incomplete.

Parties routinely agree to permit access to a source code computer during depositions. Samsung itself acknowledged the appropriateness of this practice in **_agreeing to the same provisions_** in *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd., et al.*, No. 2:23-cv-285, Dkt. No. 36 at 12 (E.D. Tex. Dec. 1, 2023). Additionally, in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc., et al.*, the parties also allowed access to the source code computer during depositions. *See* No. 2:22-cv-477, Dkt. No. 77 at 12 (E.D. Tex. Apr. 24, 2023). While the Court's model Protective Order does not mandate the provision of a source code computer during depositions, it also does not prohibit it, particularly for depositions at the offices of the producing Party's outside counsel. *See* E.D. Tex. Sample Protective Order, ¶ 10(a) (using permissive "may" language). Defendants' concerns about security or logistical complications are unfounded as Plaintiff's proposal allows Defendants input on the deposition location, stating, "Any deposition where a Source Code Computer is requested shall take place in person at a mutually agreed-upon location."

Plaintiff's proposal strikes an appropriate balance between the need for effective depositions and adhering to established practices. Defendants' have provided no valid reasons for omitting Plaintiff's proposal.

### B.     <u>Defendants' Position:</u>

The provision of a source code computer at depositions is not required in the Court's model Protective Order.  *See* E.D. Tex. Sample Protective Order, ¶ 10.  The Court's model order should control in this litigation and Plaintiff has not identified any reason sufficient to justify departing from the model order.  The security risks and complications associated with transporting a source code computer to and from multiple deposition sites outweigh any concerns regarding the quality

of any deposition. Indeed, defendants' proposal for disputed language (at ¶ 10(m) of the attached) ensures that paper copies of all relevant source code will be available at each of the depositions.

Plaintiff's position also ignores that the Court's model Protective Order recognizes that source code computers are to be kept in secure rooms to prevent such risks. *See* E.D. Tex. Sample Protective Order, ¶ 10(a) (stating that "the stand-alone computer(s) ***may only be located*** at the offices of the producing Party's outside counsel") (emphasis added). Plaintiff's desired provision will require defendants to ship and move source code computers from deposition to deposition and as such risks jeopardizing the confidentiality and security of the source code. Plaintiff has identified no reason why the source code for the accused products should be subject to such great risks or why we should depart from the Court's model Protective Order.

Plaintiff identifies a single case in which its proposal was agreed to. However, Plaintiff ignores countless others in which the parties, including Samsung, did not include a provision in the protective order requiring a source code computer be provided during depositions. *See, e.g.*, *Advanced Coding Technologies LLC v. LG Electronics Inc., et al.*, No. 2:22-cv-00501-JRG, Dkt. No. 50 (E.D. Tex. Jun. 21, 2023); *Headwater Research LLC v. Samsung Electronics Co., Ltd., et al.*, No. 2:24-cv-00627-JRG-RSP, Dkt. No. 44 (E.D. Tex. Dec. 5, 2024). Each of these cases involved Samsung's source code, and none of the protective orders entered in those cases required the unsafe transport of the source code computers to and from countless deposition sites.

Dated: December 30, 2024                      Respectfully submitted,

                                                                 */s/ Reza Mirzaie*
                                                                  Reza Mirzaie
                                                                  rmirzaie@raklaw.com
                                                                  CA State Bar No. 246953
                                                                  Marc A. Fenster
                                                                  mfenster@raklaw.com

CA State Bar No. 181067
Neil A. Rubin
nrubin@raklaw.com
CA State Bar No. 250761
Christian W. Conkle
cconkle@raklaw.com
CA State Bar No. 306374
Jonathan Ma
jma@raklaw.com
CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
310-826-7474

**ATTORNEYS FOR PLAINTIFF,
WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY**

*/s/ Lawrence Jarvis*
Lawrence Jarvis
jarvis@fr.com
**FISH & RICHARDSON P.C**.
1180 Peachtree Street NE, 21st Fl.
Atlanta, GA 30309
404-892-5005
**ATTORNEYS FOR HP, INC.**

*/s/ Trey Yarbrough*
Trey Yarbrough
trey@yw-lawfirm.com
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
903-595-3111
**ATTORNEYS FOR ASKEY COMPUTER
CORP. AND ASKEY INTERNATIONAL
CORP.**

*/s/ Melissa Smith*
Melissa Smith
Melissa@gillamsmithlaw.com
**Gillam & Smith LLP**
303 S. Washington Avenue
Marshall, TX 75670
903-934-8450

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of December, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). The parties are in agreement on filing this Joint Motion.

*/s/ Reza Mirzaie*
Reza Mirzaie