IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. § § § | |
| v. § § | Case No. 2:24-cv-00752-JRG-RSP (Lead Case) |
| HP INC. § | |
| | |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. § § § | |
| v. § § | Case No. 2:24-cv-00766-JRG-RSP (Member Case) |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. § § | |

## DEFENDANTS' ANSWER TO THE COMPLAINT FOR PATENT INFRINGEMENT

Defendants Askey Computer Corp. and Askey International Corp. (collectively, as "Askey" or "Defendants"), by and through their attorneys, hereby respond to the Complaint for Patent Infringement of United States Patent Nos. 10,305,638 (the "'638 Patent"), 10,820,233 (the "'233 Patent"), 10,931,396 (the "'396 Patent"), and 11,664,926 (the "'926 Patent") (collectively, the "Patents-in-Suit"), which Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus" or "Plaintiff") filed on September 20, 2024.

Askey denies each and every allegation in the Complaint, except as hereinafter specifically admitted or explained. To the extent that the headings or any other non-numbered statement in the Complaint contain any allegations, Askey denies each and every such allegation.

## BACKGROUND

1. Askey admits that the Complaint purports to bring this action for the infringement of the Patents-in-Suit. Askey denies the allegations in paragraph 1 pertaining to Askey. Askey

1

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

## NOTICE OF THE ASSERTED PATENTS

2. Askey denies the allegations in paragraph 2 pertaining to Askey. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 and therefore denies them.

3. Askey admits that Askey Computer Corp. was sent a letter by Sisvel International S.A., who allegedly acted as Wilus's licensing agent. Askey admits that the letter included a list of patents, containing the '638, '233, and '396 Patents, and an offer to grant a patent license for Wilus patents. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 and therefore denies them.

4. Askey admits that Askey Computer Corp. was sent a letter by Sisvel International S.A. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore denies them.

## PLAINTIFF WILUS AND THE ASSERTED PATENTS

5. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

8. Askey admits that Exhibit 1 is purported to be a copy of the '638 Patent, titled "Wireless communication terminal and wireless communication method for multi-user concurrent

transmission," and issued on May 28, 2019. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.      Askey admits that Exhibit 2 is purported to be a copy of the '233 Patent, titled "Wireless communication method using frame aggregation and wireless communication terminal using same," and issued on October 27, 2020. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.     Askey admits that Exhibit 3 is purported to be a copy of the '396 Patent, titled "Aggregated-MPDU, method for transmitting response frame thereto, and wireless communication terminal using same," and issued on February 23, 2021. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and therefore denies them.

11.     Askey admits that Exhibit 4 is purported to be a copy of the '926 Patent, titled "Aggregated-MPDU, method for transmitting response frame thereto, and wireless communication terminal using same," and issued on May 30, 2023. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 and therefore denies them.

## DEFENDANTS AND THE ACCUSED PRODUCTS

12.     Askey admits that Askey Computer Corp. is a corporation organized under the laws of Taiwan and having its principal place of business at 10F, No. 119, Jiankang Rd., Zhonghe Dist., New Taipei City 23585, Taiwan, R.O.C.

13.     Askey admits that Askey International Corp. is a United States corporation organized under the laws of California, United States of America, and having its principal place of business at 4017 Clipper Court, Fremont, California 94538.

14. Askey admits that Askey International Corp. is a wholly owned subsidiary of Askey Computer Corp.

15. Askey admits that Askey International Corp. distributes one or more of Askey Computer Corp.'s products in the United States. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 and therefore denies them.

16. Askey admits that Plaintiff alleges Askey's products with Wi-Fi 6 connection function as the Accused Products in this action. Askey admits that Askey International Corp. distributes one or more of Askey Computer Corp.'s products in the United States. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies them.

## JURISDICTION AND VENUE

17. Askey admits that Plaintiff's claims in this action purport to arise under the patent laws of the United States, Title 35 of the United States Code. Askey denies that such claims have merits.

18. Askey admits that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. Askey does not contest, solely for the purposes of the present action, this Court's personal jurisdiction over Askey. Askey denies the remaining allegations in paragraph 19, which are baseless and lack any legal and factual support.

20. Askey denies all allegations in paragraph 20, which are baseless and lack any legal and factual support.

21. Askey does not contest, solely for the purposes of the present action, whether venue is proper in this District pursuant to 28 U.S.C. § 1391. Askey denies the remaining allegations in paragraph 21, which are baseless and lack any legal and factual support.

22. Askey admits that Askey Computer Corp. is a foreign corporation. Askey does not contest, solely for the purposes of the present action, whether venue is proper for Askey Computer Corp. in this District. Askey denies the remaining allegations in paragraph 22.

## COUNT 1 - CLAIM FOR INFRINGEMENT OF THE '638 PATENT

23. Askey incorporates by reference its responses set forth in all of the foregoing paragraphs of this Answer and further responds below.

24. Askey admits that the '638 Patent, on its face and shown in Exhibit 1, is titled "Wireless communication terminal and wireless communication method for multi-user concurrent transmission," and is identified as issued on May 28, 2019.

25. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies them.

26. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies them.

27. Askey admits that the claims of the '638 Patent, on its face, were issued by the United States Patent and Trademark Office. Askey denies the remaining allegations in paragraph 27, which are baseless and lack any legal and factual support.

28. Askey admits that a Sisvel's letter offered to license Wilus's patents to Askey Computer Corp. Askey denies the remaining allegations in paragraph 28 pertaining to Askey, which are baseless and lack any legal and factual support. Askey lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 28 and therefore denies them.

29. Askey denies the allegations in paragraph 29, which are baseless and lack any legal and factual support.

30. Askey admits that one or more of the Accused Products provide Wi-Fi 6 connection functions and operate as a router or an access point. Askey admits that Askey Computer Corp. sells one or more of the Accused Products to Spectrum, Verizon, and Dynalink. Askey denies the remaining allegations in paragraph 30 pertaining to Askey and its products, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 and therefore denies them.

31. Askey denies the allegations in paragraph 31, which are baseless and lack any legal and factual support.

32. Askey denies the allegations in paragraph 32, which are baseless and lack any legal and factual support.

33. Askey denies the allegations in paragraph 33, which are baseless and lack any legal and factual support.

34. Askey denies the allegations in paragraph 34, which are baseless and lack any legal and factual support.

35. Askey denies the allegations in paragraph 35, which are baseless and lack any legal and factual support.

36. Askey denies the allegations in paragraph 36, which are baseless and lack any legal and factual support.

37. Askey admits that Askey Computer Corp. received a letter from Sisvel. Askey denies the remaining allegations in paragraph 37, which are baseless and lack any legal and factual support.

38. Askey denies the allegations in paragraph 38, which are baseless and lack any legal and factual support.

39. Askey denies the allegations in paragraph 39, which are baseless and lack any legal and factual support.

40. Askey denies the allegations in paragraph 40, which are baseless and lack any legal and factual support.

41. Askey denies the allegations in paragraph 41, which are baseless and lack any legal and factual support.

42. Askey denies the allegations in paragraph 42, which are baseless and lack any legal and factual support.

43. Askey denies the allegations in paragraph 43, which are baseless and lack any legal and factual support.

**COUNT 2 - CLAIM FOR INFRINGEMENT OF THE '233 PATENT**

44. Askey incorporates by reference its responses set forth in all of the foregoing paragraphs of this Answer and further responds below.

45. Askey admits that the '233 Patent, on its face and shown in Exhibit 2, is titled "Wireless communication method using frame aggregation and wireless communication terminal using same," and is identified as issued on October 27, 2020.

46. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies them.

47. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore denies them.

48. Askey admits that the claims of the '233 Patent, on its face, were issued by the United States Patent and Trademark Office. Askey denies the remaining allegations in paragraph 48, which are baseless and lack any legal and factual support.

49. Askey admits that a Sisvel's letter offered to license Wilus's patents to Askey Computer Corp. Askey denies the remaining allegations in paragraph 49 pertaining to Askey, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49 and therefore denies them.

50. Askey denies the allegations in paragraph 50, which are baseless and lack any legal and factual support.

51. Askey admits that one or more of the Accused Products provide Wi-Fi 6 connection functions and operate as a router or an access point. Askey admits that Askey Computer Corp. sells one or more of the Accused Products to Spectrum, Verizon, and Dynalink. Askey denies all remaining allegations in paragraph 51 pertaining to Askey and its products which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 and therefore denies them.

52. Askey denies the allegations in paragraph 52, which are baseless and lack any legal and factual support.

53. Askey denies the allegations in paragraph 53, which are baseless and lack any legal and factual support.

54. Askey denies the allegations in paragraph 54, which are baseless and lack any legal and factual support.

55. Askey denies the allegations in paragraph 55, which are baseless and lack any legal and factual support.

56. Askey admits that Askey Computer Corp. received a letter from Sisvel. Askey denies the remaining allegations in paragraph 56, which are baseless and lack any legal and factual support.

57. Askey denies the allegations in paragraph 57, which are baseless and lack any legal and factual support.

58. Askey denies the allegations in paragraph 58, which are baseless and lack any legal and factual support.

59. Askey denies the allegations in paragraph 59, which are baseless and lack any legal and factual support.

60. Askey denies the allegations in paragraph 60, which are baseless and lack any legal and factual support.

61. Askey denies the allegations in paragraph 61, which are baseless and lack any legal and factual support.

62. Askey denies the allegations in paragraph 62, which are baseless and lack any legal and factual support.

**COUNT 3 - CLAIM FOR INFRINGEMENT OF THE '396 PATENT**

63. Askey incorporates by reference its responses set forth in all of the foregoing paragraphs of this Answer and further responds below.

64. Askey admits that the '396 Patent, on its face and shown in Exhibit 3, is titled "Aggregated-MPDU, method for transmitting response frame thereto, and wireless communication terminal using same," and is identified as issued on February 23, 2021.

65. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore denies them.

66. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore denies them.

67. Askey admits that the claims of the '396 Patent, on its face, were issued by the United States Patent and Trademark Office. Askey denies all remaining allegations in paragraph 67, which are baseless and lack any legal and factual support.

68. Askey admits that a Sisvel's letter offered to license Wilus's patents to Askey Computer Corp. Askey denies all remaining allegations in paragraph 68 pertaining to Askey, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 and therefore denies them.

69. Askey denies the allegations in paragraph 69, which are baseless and lack any legal and factual support.

70. Askey admits that one or more of the Accused Products provide Wi-Fi 6 connection functions and operate as a router or an access point. Askey admits that Askey Computer Corp. sells one or more of the Accused Products to Spectrum, Verizon, and Dynalink. Askey denies all remaining allegations in paragraph 70 pertaining to Askey and its products, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 and therefore denies them.

71. Askey denies the allegations in paragraph 71, which are baseless and lack any legal and factual support.

72. Askey denies the allegations in paragraph 72, which are baseless and lack any legal and factual support.

73. Askey denies the allegations in paragraph 73, which are baseless and lack any legal and factual support.

74. Askey denies the allegations in paragraph 74, which are baseless and lack any legal and factual support.

75. Askey admits that Askey Computer Corp. received a letter from Sisvel. Askey denies the remaining allegations in paragraph 75, which are baseless and lack any legal and factual support.

76. Askey denies the allegations in paragraph 76, which are baseless and lack any legal and factual support.

77. Askey denies the allegations in paragraph 77, which are baseless and lack any legal and factual support.

78. Askey denies the allegations in paragraph 78, which are baseless and lack any legal and factual support.

79. Askey denies the allegations in paragraph 79, which are baseless and lack any legal and factual support.

80. Askey denies the allegations in paragraph 80, which are baseless and lack any legal and factual support.

81. Askey denies the allegations in paragraph 81, which are baseless and lack any legal and factual support.

## COUNT 4 - CLAIM FOR INFRINGEMENT OF THE '926 PATENT

82. Askey incorporates by reference its responses set forth in all of the foregoing paragraphs of this Answer and further responds below.

83. Askey admits that the '926 Patent, on its face and shown in Exhibit 4, is titled "Aggregated-MPDU, method for transmitting response frame thereto, and wireless communication terminal using same," and is identified as issued on May 30, 2023.

84. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and therefore denies them.

85. Askey lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and therefore denies them.

86. Askey admits that the claims of the '926 Patent, on its face, were issued by the United States Patent and Trademark Office. Askey denies all remaining allegations in paragraph 86, which are baseless and lack any legal and factual support.

87. Askey admits that a Sisvel's letter offered to license Wilus's patents to Askey Computer Corp. Askey denies all remaining allegations in paragraph 87 pertaining to Askey, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 87 and therefore denies them.

88. Askey denies the allegations in paragraph 88, which are baseless and lack any legal and factual support.

89. Askey admits that one or more of the Accused Products provide Wi-Fi 6 connection functions and operate as a router or an access point. Askey admits that Askey Computer Corp. sells one or more of the Accused Products to Spectrum, Verizon, and Dynalink. Askey denies all

remaining allegations in paragraph 89 pertaining to Askey and its products, which are baseless and lack any legal and factual support. Askey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89 and therefore denies them.

90. Askey denies the allegations in paragraph 90, which are baseless and lack any legal and factual support.

91. Askey denies the allegations in paragraph 91, which are baseless and lack any legal and factual support.

92. Askey denies the allegations in paragraph 92, which are baseless and lack any legal and factual support.

93. Askey denies the allegations in paragraph 93, which are baseless and lack any legal and factual support.

94. Askey admits that Askey Computer Corp. received a letter from Sisvel. Askey denies the remaining allegations in paragraph 94, which are baseless and lack any legal and factual support.

95. Askey denies the allegations in paragraph 95, which are baseless and lack any legal and factual support.

96. Askey denies the allegations in paragraph 96, which are baseless and lack any legal and factual support.

97. Askey denies the allegations in paragraph 97, which are baseless and lack any legal and factual support.

98. Askey denies the allegations in paragraph 98, which are baseless and lack any legal and factual support.

99. Askey denies the allegations in paragraph 99, which are baseless and lack any legal and factual support.

100. Askey denies the allegations in paragraph 100, which are baseless and lack any legal and factual support.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

101. Askey admits that Plaintiff has demanded a jury trial pursuant to Federal Rule of Civil Procedure 38.

## RESPONSE TO PLAINTIFF'S RELIEF REQUESTED

102. Askey denies that Plaintiff is entitled to the relief requests in paragraphs A-G of Plaintiff's Relief Requested.

## DEFENSES

103. Without admitting or acknowledging that it bears the burden of proof as to any of them, Askey asserts the following affirmative and other defenses. Askey reserves its rights to assert additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and the Patent Laws of the United States, and any other defenses, at law or equity, that may exist now or be available in the future based on discovery and further factual investigation. Askey reserves the right to amend its Answer to the Complaint as additional information becomes available.

## FIRST DEFENSE - NON-INFRINGEMENT

104. Askey has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any purportedly valid and enforceable claim of the '638 Patent.

105. Askey has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any purportedly valid and enforceable claim of the '233 Patent.

14

106. Askey has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any purportedly valid and enforceable claim of the '396 Patent.

107. Askey has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any purportedly valid and enforceable claim of the '926 Patent.

## SECOND DEFENSE - PATENT INVALIDITY

108. Each of the asserted claims of the '638 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

109. Each of the asserted claims of the '233 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

110. Each of the asserted claims of the '396 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

111. Each of the asserted claims of the '926 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE - EQUITABLE DOCTRINES

112. Plaintiff is barred from receiving some or all of the relief sought in the Complaint for reasons of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license.

### FOURTH DEFENSE - NO WILLFUL INFRINGEMENT

113. Plaintiff has alleged no facts, and Defendants have not engaged in any conduct, that entitled Plaintiff to enhanced damages based on alleged willful infringement. Accordingly, Plaintiff's claims for enhanced damages and award of fees and costs against Defendants pursuant to 35 U.S.C. §§ 284 and 285, or any other ground as an "exceptional" case, has no basis in fact or law and should therefore be denied.

### FIFTH DEFENSE - LIMITATION ON DAMAGES AND RECOVERY

114. On information and belief, Plaintiff's claims for damages, if any, against Askey are statutory limited by, including but not limited to, 35 U.S.C. §§ 271, 286, and 287.

### PRAYER FOR RELIEF

115. WHEREFORE, Askey denies that Plaintiff is entitled to any relief, including the requested relief in its Relief Requested, and Askey respectfully requests:

A. A judgment in favor of Askey denying all relief Plaintiff requested in this action and dismissing Plaintiff's Complaint for Patent Infringement on the merits and with prejudice;

B. A judgment declaring that Plaintiff is precluded and/or estopped from asserting the Patents-in-Suit against Askey;

C. A judgment declaring that each claim of the Patents-in-Suit are invalid and/or unenforceable;

D. A judgment declaring that Askey has not infringed and is not infringing any purportedly valid and enforceable claim of the Patents-in-Suit, and that Askey has not contributed to or induced and is not contributing to or inducing infringement of any purportedly valid and enforceable claim of the Patents-in-Suit;

E.      A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Askey its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

F.      That the Court awards Askey such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules for Civil Procedure, Askey hereby requests a trial by jury for all issues so triable.

Dated: January 16, 2025

Respectfully submitted,

*/s/ Trey Yarbrough*
Trey Yarbrough
Bar No. 22133500
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

**Attorney for Defendants Askey Computer Corp. and Askey International Corp.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 16, 2025.

*/s/ Trey Yarbrough*
Trey Yarbrough