IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>  Plaintiff, <br><br> v. <br><br> HP INC. <br><br>  Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>  Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br>  Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>  Plaintiff, <br><br> v. <br><br> HP INC. <br>  Defendant. | Civil Case No. 2:24-cv-00764-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP, INC. <br> Defendant. | Civil Case No. 2:25-cv-00069-JRG <br> [Unconsolidated Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendant. | Civil Case No. 2:25-cv-00070-JRG <br> [Unconsolidated Case] <br><br> JURY TRIAL DEMANDED |

**OPPOSED MOTION TO CONSOLIDATE AND MODIFY
THE THIRD AMENDED DOCKET CONTROL ORDER (DKT. 87)**

**I.     INTRODUCTION**

Defendants HP, Inc. ("HP"), Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), and Askey Computer Corp. and Askey International Corp. ("Askey") (collectively, "Defendants"), hereby respectfully move to consolidate *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, Case No. 2:25-cv-00069 (the "HP -069 Case") and the *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:25-cv-00070 (the "Samsung -070 Case") with *Wilus Institute of Standards and Technology, Inc. v. HP Inc.*, Case No. 2:24-cv-00752-JRG-RSP (the "HP -752 Lead Case").  Wilus Institute of Standards and Technology, Inc. ("Plaintiff") opposes the relief sought by the present motion. There is good cause for this motion, as set forth below.

3

## II.  BACKGROUND

In September 2024, Plaintiff filed six cases, two each against HP, Samsung, and Askey. On October 23, 2024, the Court consolidated five of the six cases. *See* HP-752 Lead Case, Dkt. No. 14. Shortly thereafter, Plaintiff filed an unopposed Motion to Consolidate the remaining individual case, *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.*, Case No. 2:24-cv-00753-JRG-RSP, with the HP-752 Lead Case, and the Court granted the motion. *See, e.g.*, HP-752 Lead Case, Dkt. Nos. 21-22. The following cases have been consolidated with the HP-752 Lead Case for all pretrial issues:

- *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00746-JRG-RSP (the "Samsung-746 Case");

- *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, Case No. 2:24-cv-00764-JRG-RSP (the "HP-764 Case");

- *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00765-JRG-RSP (the "Samsung-765 Case");

- *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.*, Case No. 2:24-cv-00766-JRG-RSP (the "Askey-766 Case"); and

- *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.*, Case No. 2:24-cv-00753-JRG-RSP.

On January 23, 2025, Plaintiff filed two additional cases, the HP-069 Case and the Samsung-070 Case, asserting infringement of U.S. Patent Nos. 10,911,186; 11,716,171; 11,664,926; and 12,004,262 (the "New Asserted Patents") in both cases. *See* HP-069, Dkt. No. 1; Samsung-070 Case, Dkt. No. 1.

The set of six consolidated cases (HP-752 Lead Case) is in its early stages. The Court held a scheduling conference on November 7, 2024, and the parties have yet to file the proposed order regarding e-discovery and are not due to exchange proposed claim terms and constructions until August of 2026. HP-752 Lead Case, Dkt. Nos. 15, 86.

### III. LEGAL STANDARD

Federal Rule of Civil 42(a) provides that the Court may consolidate actions if they "involve common questions of law or fact." Consolidation is also appropriate where it would be more efficient and conserve both the resources of the court and the parties. *See The Phelan Group, LLC v. Mercedez-Benz AG*, Case No. 2:23-cv-00607-JRG (Lead Case), Dkt. No. 30 (E.D. Tex. Jul. 11, 2024).

"Courts should consider the following five factors in determining whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy." *Holmes v. City of San Antonio Airport,* No. 5:21-cv-00267-OLG, 2021 WL 2878548, at *1 (W.D. Tex. Apr. 26, 2021).

### IV. ARGUMENT

#### 1. Factors 1 and 2 Heavily Favor Consolidation with the HP -752 Lead Case

There is no dispute that the HP-069 Case, the Samsung -070 Case, and the HP -752 Lead Case are all pending before this Court and involve the same parties. Thus, factors 1 and 2 heavily favor consolidation with the HP -752 Case.

#### 2. Factor 3: There are Common Issues of Law and Fact that Favor Consolidation

Consolidation of the HP-069 Case and the Samsung -070 Case with the HP -752 Lead Case for all pretrial issues is warranted. The HP-069 Case and the Samsung -070 Case share many common issues of law and fact with the HP -752 Lead Case and its member cases.

First, the HP-069 Case and the Samsung -070 Case involve the *same* accused products as the HP -752 Lead Case and its member cases. All of the cases that Plaintiff has brought against

5

HP, Samsung, and Askey involve Wi-Fi 6 (802.11ax) enabled devices as accused products. The HP -752 Lead Case and the HP -764 Case involve the same accused laptops and desktops as the HP -069 Case, such as the HP Spectre x360. Likewise, the Samsung-746 Case and the Samsung -765 Case involve the same accused mobile phones, tablets, laptops, e-readers, cameras, appliances, and wearables as the Samsung -070 Case, such as the Samsung Galaxy S24 Ultra. Because all of Plaintiff's cases deal with the same HP and Samsung Accused Products and how these Accused Products are allegedly practicing the Wi-Fi 6 (802.11ax) standard, the cases will undoubtedly share similarities and overlapping issues. *Wi-Lan Inc. v. Alcatel-Lucent USA Inc.*, 2013 U.S. Dist. LEXIS 199118, at *17 (E.D. Tex. Mar. 18, 2013) (consolidating patent infringement cases when "[t]he accused products interoperate with each other," the cases will have "overlapping issues" and the products "are tightly interwoven in the way that they communicate").

Second, the HP-069 Case and the Samsung -070 Case involve the *same* technology at issue as the HP -752 Lead Case. Notably, there is even a common patent (U.S. Patent No. 11,664,926 ("the '926 patent")) between the HP -069 Case, the Samsung -070 Case, and the Askey -766 Case, which is already a part of the consolidated action. *See* HP -764 Case, Dkt. No. 1; Samsung-765 Case, Dkt. No. 1; Askey -766 Case, Dkt. No. 1. Additionally, in three of the member cases, Plaintiff asserts patents that allegedly relate to the same technology as the New Asserted Patents, namely, the "MAC" or "medium access control layer" of wireless communication technology. Moreover, there are overlapping claim terms between the New Asserted Patents and the patents in the HP -752 Lead Case that would warrant consolidation to ensure consistent meanings for claim terms across related patents. *Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003). For example, the newly asserted '186 patent and the '171 patent share the claim terms "trigger frame" and "uplink (UL) multi-user (MU) transmission" with the '879 Patent in the '764

HP case and -765 Samsung Case. *See Lo v. Microsoft Corp.*, 2008 WL 11445459, at *2–3 (E.D. Tex. Mar. 25, 2008) ("[T]o see whether a likelihood of substantial overlapping issues is present, courts look at the patents or technologies-in controversy.").

Third, there would be substantial overlap in the discovery conducted in the HP-069 Case and the Samsung -070 Case as the HP -752 Lead Case. *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, 2014 WL 12551206, at *4 (W.D. Tex. Apr. 4, 2014) (consolidating discovery in related patent cases in which defendants used similar patents in comparable technologies because of substantial overlap in pretrial proceedings); *see also Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D. Ill. 1993) ("The cases are consolidated for purposes of resolving pretrial matters because duplication of effort will be avoided as will the delay and expense of proceeding with separate depositions and separate motion schedules."). Plaintiff will be producing the same documents and the same witnesses, at least with regard to the '926 Patent. Given that the same Accused Products are involved in all of the HP and Samsung member cases, HP and Samsung will provide the same documents and the same witnesses who are knowledgeable about the Accused Products. As it relates to third parties, these cases will also involve several of the same inventors and component suppliers.[1] Consolidation will serve to lessen the burden on this Court, the parties, as well as third parties and conserve judicial resources by avoiding repetitive proceedings. There is no reason to keep the New Asserted Patents separate from the patents within the existing consolidated action for pretrial matters, especially here where one of the four New Asserted Patents against HP and Samsung is already part of the consolidated HP -752 Lead Case.

---

[1] For example, Woojin Ahn, John (Ju-Hyung) Son, Jin Sam Kwak are the inventors of the '171 patent (HP-069 Case and Samsung -070 Case) and '035 patents (-764 HP Case and -765 Samsung Case). Geonjung Ko, Woojin Ahn, Juhyung Son, and Jinsam Kwak are the inventors of the '163 and '597 patents (-765 Samsung case) and the '262 patent (-070 Samsung case).

Thus, factor 3 weighs heavily in favor of consolidation.

### 3. Factor 4: Consolidation Will Not Prejudice Plaintiff

Plaintiff will not suffer any prejudice if this Court exercises its discretion to consolidate the HP-069 Case and the Samsung -070 Case with the HP -752 Lead Case for all pretrial matters.[2] As an initial matter, Defendants do not seek to alter or change the existing trial date in the HP -752 Lead Case. As such, Plaintiff cannot complain of delay.

Additionally, Plaintiff voluntarily sought to consolidate the Askey -753 case with the HP -752 Lead Case for the same reasons provided in this Motion and cannot credibly claim prejudice. *See* Plaintiff's Unopposed Motion to Consolidate (HP -752 Lead Case, Dkt. No. 21). Like Askey -753, the HP-069 Case and the Samsung -070 Case share a common patent with member cases to the HP -752 Lead Case. Thus, at a minimum, Plaintiff's prior motion confirms the benefits of consolidation here outweigh any imagined prejudice for the same reasons; namely that the HP-069 Case and the Samsung -070 Case involve common questions of law or fact with the HP -752 Lead Case and can similarly avoid wasting party and judicial resources by streamlining proceedings. *Id. See also Sage Prods.*, 148 F.R.D. 213 at 215 ("The enhanced efficiency of jointly handling the numerous, complex issues involved in these cases outweighs any possible inconvenience to the plaintiff that may result.").

Thus, Factor 4 weighs in favor of consolidation.

### 4. Factor 5: Consolidation is in the Interest of Judicial Economy

Given the extensive overlap among these matters, consolidation will be more efficient and avoid wasting party and judicial resources by streamlining proceedings. As just one example, consolidation avoids duplicative Claim Construction hearings concerning, at least, the '926 Patent.

---

[2] HP has already responded to Plaintiff's Complaint in the HP-069 case.

8

Further, by not having to conduct multiple rounds of discovery separately in these closely-related actions, matters for the parties will be simplified and judicial economy will be promoted. In sum, it will be efficient and conserve both the resources of the court and the parties to have the HP-069 Case and the Samsung -070 Case proceed together with the HP -752 Lead Case, rather than as separate cases on two separate schedules. Thus, Factor 5 weighs in favor of consolidation.

## V.    CONCLUSION

Accordingly, Defendants respectfully request that the Court grant this Motion and issue an order under Rule 42 consolidating the HP -069 Case and the Samsung -070 Case with the HP -752 Lead Case for all pretrial issues. In addition, Defendants respectfully request that the Court place the HP -069 Case and the Samsung -070 Case on the same schedule effective in the HP -752 Lead Case. With respect to infringement contentions and invalidity contentions, Defendants request that the Court set the infringement contentions deadline as March 21, 2025, and the invalidity contentions/subject-matter eligibility contentions deadline as May 16, 2025. The Court would modify the Third Amended Docket Control Order (Dkt. No. 87) as follows:

| Original Date | Amended Date | Event |
| --- | --- | --- |
| June 1, 2026 |  | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection |  | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses.[3] |
| 10 days before Jury Selection |  | *Plaintiff to disclose final election of Asserted Claims.[4] |

---

[3] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[4] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

9

| Original Date | Amended Date | Event |
| --- | --- | --- |
| May 4, 2026 | | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[5] |
| April 29, 2026 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| April 20, 2026 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| April 20, 2026 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| April 13, 2026 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| April 6, 2026 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 6, 2026 | | Serve Objections to Rebuttal Pretrial Disclosures |
| March 30, 2026 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |

---

[5] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

10

| Original Date | Amended Date | Event |
|---|---|---|
| March 16, 2026 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| March 9, 2026 | | *Response to Dispositive Motions (including *Daubert* Motions). Responses to Strike/*Daubert* motions that were filed prior to the motion deadline shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order. [6] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| February 23, 2026 | | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike technical expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| February 23, 2026 | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties. |
| February 17, 2026 | | Deadline to Complete Expert Discovery |
| February 2, 2026 | | Serve Disclosures for Rebuttal Expert Witnesses |
| January 12, 2026 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| January 6, 2026 | | Secondary Election of Prior Art Defendants shall serve a Secondary Election of Prior Art, identifying no more than 6 prior art references against each asserted patent |

---

[6] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

11

| Original Date | Amended Date | Event |
|---|---|---|
| December 22, 2025 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| December 9, 2026 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| December 16, 2026 | | *Claim Construction Hearing – 9 a.m. in **Marshall, Texas** before Judge Roy Payne |
| December 5, 2025 | | Secondary Election of Asserted Claims<br><br>Plaintiff shall serve a Secondary Election of Asserted Claims, identifying no more than 5 claims per asserted patent, per Defendant Group. |
| December 2, 2025 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| November 25, 2025 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| November 18, 2025 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| November 4, 2025 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| November 4, 2025 | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| October 21, 2025 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| October 14, 2025 | | File Response to Amended Pleadings |
| September 30, 2025 | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| September 23, 2025 | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |

| Original Date | Amended Date | Event |
|---|---|---|
| September 2, 2025 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| August 12, 2025 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| | May 16, 2025 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions in Case Nos. 2:25-cv-00069, 2:25-cv-00070 |
| | May 16, 2025 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) in Case Nos. 2:25-cv-00069, 2:25-cv-00070 |
| | March 21, 2025 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) in Case Nos. 2:25-cv-00069, 2:25-cv-00070 |
| February 27, 2025 | March 13, 2025[7] | File Proposed Order Regarding E-Discovery |

Date: March 7, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

---

[7] This date reflects the modification requested by the parties' Joint Motion to Amend the Third Amended Scheduling Order filed March 6, 2025. *See* Dkt. No. 88.

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

*/s/ Lawrence R. Jarvis*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant HP Inc.*


*/s/ Jeffrey D. Smyth*
Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

15

Trey Yarbrough
Bar No. 22133500
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile:  (903) 595-0191
Email: trey@yw-lawfirm.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 7, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Ralph A. Phillips

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Defendants has conferred with counsel for Plaintiff and Plaintiff is opposed to the relief sought in this motion.

/s/ Ralph A. Phillips