# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

1

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00766-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE AND MODIFY THIRD AMENDED DOCKET CONTROL ORDER**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1
II.  BACKGROUND .......................................................................................................... 1
     A.   The Cases Consolidated with the Lead HP -752 Case ................................... 1
     B.   The New HP -069 and Samsung -070 Cases .................................................. 3
III. LEGAL STANDARD .................................................................................................. 4
IV.  ARGUMENT ................................................................................................................ 5
     A.   Consolidation Will Not Promote Judicial Economy, But Rather Will Only Serve to Make the Litigation Unnecessarily Complex and Unwieldy ......................................... 5
     B.   Wilus Would Be Substantially Prejudiced by Consolidation ....................................... 7
V.   CONCLUSION ............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Contentguard Holdings, Inc. v. Google, Inc.*,
  No. 2:13-CV-01112-JRG, 2014 WL 1477670 (E.D. Tex. Apr. 15, 2014) ................................. 4

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  No. 2:22-CV-00125-JRG, 2023 WL 5613185 (E.D. Tex. Aug. 29, 2023) ............................ 7, 8

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00481-JRG, 2023 WL 4534358 (E.D. Tex. July 13, 2023) ................................ 4

*Smartflash LLC v. Google, Inc.*,
  No. 6:14-CV-435, 2014 WL 11071872 (E.D. Tex. July 7, 2014) ............................................ 8

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
  No. 2:18-CV-00040-JRG-RSP, Dkt. 63 (E.D. Tex. Jan. 24, 2019) .......................................... 5

*Whiteman v. Pitrie*,
  220 F.2d 914 (5th Cir.1955) .................................................................................................... 4

**Rules**

Fed. R. Civ. P. 42(a) .................................................................................................................... 4

I.      **INTRODUCTION**

Defendants'[1] motion to consolidate the HP -069 case and the Samsung -070 case with this consolidated case, which was filed more than four months earlier and already comprises six patent infringement cases with 14 separate asserted patents, is without merit and should be denied.

The purpose of consolidation is to promote judicial economy by increasing efficiency and reducing costs. But here, consolidation would only serve to make the litigation unnecessarily complex and unwieldy for the Court and the parties, as it would add three new patents and raise the total number of asserted patents to 17. And because Defendants have requested to put the later-filed HP -069 and Samsung -070 cases on the same schedule as the HP -752 Lead Case, it would also prejudice Wilus by forcing it to litigate these claims on a compressed schedule. This prejudice far outweighs any minimal purported benefits that may arise from further consolidation.

Any concerns that Defendants have about duplication of efforts would be better addressed by coordinating claim construction for the one overlapping patent, coordinating depositions so that overlapping witnesses need only be deposed once, to the extent feasible, and entering into a cross-use agreement. Consolidation is simply unnecessary, counter-productive, and prejudicial to Wilus. Defendants' motion should be denied.

II.     **BACKGROUND**

A.      **The Cases Consolidated with the Lead HP -752 Case**

Wilus filed six patent infringement cases against HP, Samsung, and Askey six months ago in September 2024. Case Nos. 24-cv-752 and 24-cv-746 assert U.S. Patent Nos. 10,313,077 ("'077 patent"), 10,687,281 ("'281 patent"), 11,470,595 ("'595 patent"), and 11,159,210 ("'210 patent")

---

[1] "Defendants" refers to HP Inc. ("HP"), Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), and Askey Computer Corp. and Askey International Corp. (collectively, "Askey").

1

against HP and Samsung, respectively. Case No. 24-cv-753 asserts U.S. Patent Nos. 10,651,992 ("'992 patent") and 11,128,421 ("'421 patent"), along with the '077 patent, against Askey. These six asserted patents generally relate to the "PHY," or "physical layer," of wireless communications technology.

Case Nos. 24-cv-764 and 24-cv-765 assert U.S. Patent Nos. 11,129,163 ("'163 patent"), 11,700,597 ("'597 patent"), 11,116,035 ("'035 patent"), and 11,516,879 ("'879 patent") against HP and Samsung, respectively. These four asserted patents generally relate to "MAC," or "medium access control layer," of wireless communications technology.

Case No. 24-cv-766 asserts U.S. Patent Nos. 10,305,638 ("'638 patent"), 10,820,233 ("'233 patent"), 10,931,396 ("'396 patent"), and 11,664,926 ("'926 patent") against Askey. These four patents generally relate to "MAC," or "media access control layer," of wireless communications technology.

On October 23, 2024, the Court issued a *sua sponte* order consolidating five of the six September 2024 cases (all but the Askey -753 case). Dkt. 14. Because the Askey -753 case had an overlapping patent and parties, and because it was filed on the same date as the lead HP -752 case, Wilus moved to add the Askey -753 to the HP -752 consolidated cases, which Defendants did not oppose. Dkt. 21. The Court granted Wilus's unopposed motion to consolidate the next day on November 20, 2024. Dkt. 22. Currently, there are 14 total asserted patents in the HP -752 consolidated cases.

All defendants have since answered or otherwise responded, the Court has entered a docket control order (already amended four times), a protective order, a discovery order, and an e-discovery order. HP also filed 14 counterclaims in each of its cases. Dkt. 33, 39. HP's counterclaims seek to expand the scope of the case far beyond the issues of infringement and

validity of the asserted patents. HP's counterclaims bring in a new, non-domestic, party, Sisvel International S.A. ("Sisvel"), and include six counts for breach of contract, breach of the duty of good faith, and declaratory judgment for a global FRAND licensing rate against both Wilus and Sisvel. *See* Dkt. 39 at pp. 37–53. Samsung likewise filed 11 counterclaims in each of its cases. Dkt. 61, 62. These Samsung counterclaims similarly seek to expand the scope of the cases beyond the issues of infringement and validity of asserted patents.[2]

The parties have exchanged initial disclosures, and infringement and invalidity contentions. Under the operative docket control order (Dkt. 90), claim construction proceedings are to start in August, and the Markman hearing is set for December 16, 2025. The jury trial is set for June 1, 2026. Discovery is underway—the parties have served and responded to interrogatories and requests for production.

### B. The New HP -069 and Samsung -070 Cases

More than four months after filing the first set of cases, on January 23, 2025, Wilus filed two new cases against HP and Samsung, Case Nos. 25-cv-069 ("HP -069") and 25-cv-070 ("Samsung -070"). These cases assert U.S. Patent Nos. 10,911,186 ("'186 patent"), 11,716,171 ("'171 patent"), 12,004,262 ("'262 patent"), and the '926 patent, which generally relate to the "MAC," or "medium access control layer," of wireless communications technology. The '926 patent is the only common patent with the HP -752 consolidated cases, and it is only asserted in one of the consolidated cases, the Askey -766 case. The '186, '171, and '262 patents are not asserted in the HP -752 consolidated cases. Thus, further consolidation with the new HP -069 and

---

[2] Wilus believes that these counterclaims are legally deficient, including because they seek adjudication regarding foreign patents, patents owned by non-parties, and patents not asserted in this case, and has filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. 93. However, as of the date of this brief, these counterclaims are a part of this case.

Samsung -070 cases would raise the total number of asserted patents in the HP -752 consolidated cases to 17, plus HP's and Samsung's contract and DJ counterclaims against Wilus and Sisvel.

The Court has not yet entered a docket control order in the HP -069 and Samsung -070 cases. Although Wilus opposes consolidation of the HP -069 and Samsung -070 Cases with the HP -752 cases for the reasons discussed below, Wilus (and Sisvel) are committing to cooperating with defendants to minimize duplicative discovery and depositions, and they would not oppose a discovery cross-use agreement to achieve these efficiencies.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court *may* … consolidate the actions." *Contentguard Holdings, Inc. v. Google, Inc.*, No. 2:13-CV-01112-JRG, 2014 WL 1477670, at *4 (E.D. Tex. Apr. 15, 2014) (quoting Fed. R. Civ. P. 42(a)). This rule is "permissive and vests a purely discretionary power in the district court." *Id.* (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir.1955)). However, the court's discretion is not unlimited. It is reversible error when "prejudice to rights of the parties 'obviously results from the order of consolidation.'" *Id.*

"In deciding if consolidation is appropriate, courts may consider whether: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and, if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00481-JRG, 2023 WL 4534358, at *1 (E.D. Tex. July 13, 2023).

IV.    **ARGUMENT**

    A.    **Consolidation Will Not Promote Judicial Economy, But Rather Will Only Serve to Make the Litigation Unnecessarily Complex and Unwieldy**

The six consolidated HP -752 cases already involve 14 patents across multiple patent families, three distinct sets of accused products (HP's, Samsung's, and Askey's), plus HP's six counterclaims against Wilus and counterclaim-defendant Sisvel for, *inter alia*, breach of contract and a declaratory judgment setting a global FRAND rate for all Wi-Fi 6 SEPs in the patent pool administered by Sisvel (and similar counterclaims by Samsung against Wilus). While this is already a significant undertaking given the number of patents, parties, products, and other issues, consolidation of these cases made sense given that they were all filed at essentially the same time and would have proceeded on similar schedules even absent consolidation. And while it may be true that the HP -069 and Samsung -070 cases—which trail the HP -752 cases by over four months—share some common issues with the HP -752 cases, the overlap is not complete. The HP -069 and Samsung -070 cases would add three new patents to the consolidated cases, raising the total to 17 asserted patents. Although the new patents, like some of the HP -752 patents, generally relate to the MAC layer of Wi-Fi communications, these three patents constitute separate and distinct inventions and will require their own claim construction briefing and analysis, as well as separate proofs for validity, infringement, and damages.

In light of these substantial differences, adding the HP -069 and Samsung -070 cases to the six consolidated HP -752 cases would not increase judicial economy at all, but would make the litigation unnecessarily complex and unwieldy. This strongly weighs against consolidation. *See Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:18-CV-00040-JRG-RSP, Dkt. 63 (E.D. Tex. Jan. 24, 2019) (denying Samsung's motion to consolidate despite that "some overlaps exist between the four cases in question," as "consolidation of these cases would add unnecessary

5

complexity to the case and that it would be most efficient to keep these cases separated."); *Network Sys.*, 2023 WL 4534358, at *3 (denying Samsung's motion to consolidate despite common issues, as "common issues do not mandate consolidation").

Defendants' judicial economy arguments are unavailing. According to Defendants, consolidation would avoid duplicative claim construction hearings "concerning, at least, the '926 Patent," and would avoid "multiple rounds of discovery." Mot. at 8–9. But Defendants' proposal to add three more patents to an already complex litigation is not the answer. These concerns can easily be addressed with more targeted measures that will actually increase efficiency without overburdening the parties and the Court. For example, Wilus is willing to coordinate claim construction for the '926 patent across the cases, such that the Court only has to address it in a single hearing and single opinion (presumably on the same schedule already set by the Court in the HP -752 cases). *See Network Sys.*, 2023 WL 4534358, at *3 ("To the extent that there are efficiencies to be gained related to claim construction or validity issues, the Court may coordinate NST I and NST II for those limited purposes without the need for full pretrial consolidation.").

As to discovery, Wilus is committed to work with Defendants to minimize duplication, such as by coordinating single depositions of witnesses relevant to multiple sets of cases where feasible and by allowing for the cross-use of discovery.

While Wilus does not doubt this Court's ability to handle complex cases involving several patents, the requested consolidation does not make sense here given the sheer number of patents, parties, and other issues involved in the already-consolidated HP -752 cases, and the fact that the newer cases trail those cases by several months. As explained by this Court in denying a motion to consolidate cases with fewer patents and more overlap in the issues than here:

> The Court is sympathetic to Charter's concern that it should not have to litigate the same case twice, but this concern is overstated. It is the Court's expectation that discovery

6

> between these actions will overlap, such that discovery does not have to be wholly duplicative between the First and Second Actions. The Court also expects that the similarities between the patents-in-suit will simplify claim construction. Moreover, the Court will instruct the jury and cabin party arguments to limit jury confusion, which is an inherent risk when any single case from a group of complex cases goes to trial.

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 5613185, at *2 (E.D. Tex. Aug. 29, 2023). The Court further noted that it is "not unfair" to ask the defendant to defend itself in two cases involving similar subject matter. *Id.* The same analysis applies here. Any concerns about duplicative discovery can be mitigated with a cross-use agreement, and any similarities across the patents can be used to simplify claim construction in the later-filed HP -069 and Samsung -070 cases. Furthermore, resolution of HP's FRAND counterclaims in the HP -752 cases will likely dispose of HP's counterclaims in the -069 case, as the counterclaims are substantially similar across all three HP cases. The same is likely true of any counterclaims that Samsung may bring in the -070 case.

### B.     Wilus Would Be Substantially Prejudiced by Consolidation

The requested consolidation will prejudice Wilus substantially by forcing it to simultaneously litigate 17 different patents while also defending against HP's and Samsung's FRAND counterclaims, some of which would be occurring on an expedited timetable given the respective actions' filing dates. This would put a substantial strain on Wilus and its experts, including with respect to claim construction, expert discovery, dispositive motions, and pretrial disclosures. Defendants assert that Wilus "cannot complain of delay" because they "do not seek to alter or change the existing trial date in the HP -752 Lead Case." Mot. at 8. But they completely ignore that putting the HP -069 and Samsung -070 cases on the same schedule as the HP -752 cases would force Wilus to litigate those cases on a highly compressed schedule. Claim construction proceedings in the HP -752 cases are set to start in less than five months, whereas the

7

Court has not even entered a docketing control order in the HP -069 and Samsung -070 cases. Wilus has not even served infringement contentions in those cases, whereas Defendants served their invalidity contentions in the HP -752 cases over a month ago. That both sets of cases are in the relatively early stages does not change the fact that the HP -069 and Samsung -070 cases are lagging behind by several months. Any purported benefits of the requested consolidation are far outweighed by the prejudice that would result from deviating from the Court's standard schedule and compressing discovery, claim construction, expert reports, etc.

The only other alternative would be to delay the HP -752 cases, which Defendants have wisely declined to propose, presumably due to this Court's strong preference to maintain its case schedules and repeated recognition of a patentee's right to timely patent enforcement. *See, e.g.*, *Smartflash LLC v. Google, Inc.*, No. 6:14-CV-435, 2014 WL 11071872, at *1 (E.D. Tex. July 7, 2014) (noting that this factor "weighs against consolidation that will delay existing trial settings" and denying consolidation that would delay trial in first-filed case by five months given plaintiff's "choice to stagger" the lawsuits); *Entropic*, 2023 WL 5613185, at *2 (denying consolidation because plaintiff "should not have to delay in bringing its case to trial before a jury"). There is simply no outcome where consolidation would not prejudice Wilus. This strongly weighs against consolidation. *See Contentguard*, 2014 WL 1477670, at *4 ("[W]hen prejudice to rights of the parties 'obviously results from the order of consolidation,' the action of the trial court may be held to be reversible error.").

Defendants' assertion that Wilus cannot claim prejudice because it "voluntarily sought to consolidate the Askey -753 case with the HP -752 Lead Case for the same reasons provided in this Motion" (Mot. at 8) is disingenuous. The Askey -753 case was filed on the same day as the HP -752 case, and the cases could thus be easily consolidated while keeping the same schedule. Indeed,

8

Wilus moved for consolidation before the Court had entered a docket control order in any case. Wilus's motion for consolidation was also filed before HP filed its answer and counterclaims, which expanded the scope of the case by adding a new party (Sisvel) and the various FRAND counterclaims potentially implicating numerous patents not asserted by Wilus in this action. The circumstances underlying Defendants' motion are completely different.

The most efficient and least prejudicial course of action would be to keep all the cases on their current schedules, and to coordinate discovery and claim construction where it makes sense to do so, such as with respect to claim construction of the '926 patent. This would address Defendants' concerns regarding potential duplication of efforts without overburdening the parties and the Court.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: March 21, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773

Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Reza Mirzaie*
Reza Mirzaie