# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |

**WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S**
**MOTION TO DISMISS SAMSUNG COUNTERCLAIMS 1–2**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARD........................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 2

    A. This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents ...................................................................................... 3

    B. Counterclaim 1 Fails to State a Claim for Breach of Contract with Respect to Non-Wilus Patents ............................................................................................................... 4

    C. Counterclaim 1 Fails to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case .............................................................. 4

    D. Counterclaim 2 for Breach of the Duty of Good Faith Should Be Dismissed for the Same Reasons Discussed Above ................................................................................. 5

V. CONCLUSION..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .................................................................................................................. 2

*Chartis Specialty Ins. Co. v. Tesoro Corp.*,
　930 F. Supp. 2d 653 (W.D. Tex. 2013) ..................................................................................... 5

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
　No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). ......................... 3

*Thompson v. City of Waco*,
　764 F.3d 500 (5th Cir. 2014) .................................................................................................... 2

*Voda v. Cordis Corp.*,
　476 F.3d 887 (Fed. Cir. 2007) .................................................................................................. 3

**Statutes**

35 U.S.C. § 261 ............................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 2

## I.  INTRODUCTION

Samsung's first two counterclaims for breach of contract and breach of the duty of good faith against plaintiff Wilus fail as a matter of law and should be dismissed. Samsung claims that Wilus breached its FRAND commitments by initiating litigation regarding patents directed to the IEEE Wi-Fi 6 (802.11ax) standard. But Samsung's breach counterclaims improperly seek remedies well beyond the alleged FRAND violations concerning the eight patents asserted by Wilus against Samsung in these cases. Samsung's definition of the "Alleged Wi-Fi 6 SEPs" that form the basis of its counterclaims impermissibly encompasses (1) foreign patents, (2) patents owned by third parties, and (3) Wilus U.S. patents not asserted in this action. Federal Circuit precedent makes clear that U.S. district courts lack jurisdiction over claims relating to foreign patents. And as a matter of law, there is no duty or breach with respect to non-party patents and patents not asserted here.

Samsung's Counterclaims 1 and 2 should be dismissed.

## II.  BACKGROUND

Wilus Institute of Standards and Technology Inc. ("Wilus") filed patent infringement complaints against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in the above-captioned cases in September 2024. Those cases and others have been consolidated for pretrial purposes with Lead Case No. 2:24-cv-00752. *See* Dkt. 14. Wilus's eight asserted patents generally relate to wireless communications, and the accused products are Samsung's Wi-Fi 6 (802.11ax) enabled devices.

On January 16, 2025, Samsung answered and filed counterclaims against Wilus. Dkt. 61, 62.[1] Samsung's counterclaims allege that Wilus's licensing agent, Sisvel International N.A.

---

[1] Samsung's counterclaims are substantially identical in both the -746 and -765 cases. They are also very similar to the counterclaims asserted by HP (Dkt. 33, 39), and thus the issues raised in

1

("Sisvel"), operates a Wi-Fi 6 "patent pool" that comprises patents alleged to be essential to the Wi-Fi 6 standard, and that Sisvel negotiates patent licenses on behalf of Wilus and other members of this patent pool. Dkt. 61 ¶¶ 12–14. Samsung further alleges these lawsuits involve patents that Wilus and Sisvel have asserted are essential to practicing the IEEE's Wi-Fi 6 standard (Samsung does not admit they are essential), and that Wilus had a contractual obligation to license the patents on FRAND terms. *Id.* ¶¶ 17–31. According to Samsung, Wilus breached its FRAND obligations by refusing to offer Samsung a license to the "Alleged Wi-Fi 6 SEPs" on FRAND terms. *Id.* ¶¶ 17–55. Counterclaims 1 and 2 for breach of contract and breach of the duty of good faith should be dismissed.

### III.   LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must state facts sufficient to render a claim plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than a "sheer possibility" the claims are true. *Id.* While the court must accept well-pleaded facts as true, it is not required to accept legal conclusions as true. *Id.*

### IV.   ARGUMENT

Samsung's Counterclaims 1 and 2 allege that "Wilus has breached its obligations to the IEEE, to Samsung, and to companies like Samsung by refusing to offer Samsung a license to the

---

this motion are similar to those raised in Wilus's motion to dismiss HP's Counterclaims 1–6 (Dkt. 93).

Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, failing to negotiate and act in good faith, and by using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 61 ¶¶ 35, 48. Critically, Samsung defines the "Alleged Wi-Fi 6 SEPs" as "*all Wi-Fi 6 patents* that are part of the *Sisvel* [i.e., not just Wilus] Wi-Fi 6 patent pool." *Id.* ¶ 17 (emphasis added). These counterclaims overreach by going well beyond the eight patents asserted by *Wilus* against *Samsung* in these cases, as the "Alleged Wi-Fi 6 SEPs," as Samsung defines that term, include (1) foreign patents not assertable in U.S. courts, (2) patents owned by third parties, and (3) and Wilus's U.S. patents not asserted in this action.

### A. This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents

This Court, relying on Federal Circuit precedent, has recognized on multiple occasions that it lacks subject matter jurisdiction over foreign patents. In *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020), plaintiffs sought a declaratory judgment regarding their FRAND obligations with respect to standards essential patents. *Id.* at *1. The Court granted Apple's motion to dismiss because the claim implicated plaintiffs' obligations with respect to foreign patents, explaining "'it is almost always an abuse of discretion' to assume jurisdiction 'over a foreign patent infringement claim' and that this reasoning should apply equally to the hypothetical breach of a FRAND contract." *Id.* at *3 (citing *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). "[C]laims asking the Court to pass upon foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries." *Id.* The same reasoning applies here. The "Alleged Wi-Fi 6 SEPs" include foreign patents, and thus Samsung's breach counterclaims improperly seek an adjudication of Wilus's FRAND obligations with respect to such foreign patents.

3

Nor would these claims be salvaged if limited to U.S. patents (including unasserted patents) owned by Wilus. In *Optis*, after a bench trial to evaluate any evidence of negotiations over U.S.-only patents (there was none), the Court further concluded that Optis had failed to offer a license to only its U.S. patents and therefore dismissed the remainder of the claim. *Optis*, 2021 WL 2349343, at *2. Here, Samsung has not alleged—because it cannot—that there was either an offer or negotiations concerning a license that was limited to only U.S. patents owned by Wilus that also included patents not asserted in this action. Accordingly, Samsung has failed to allege a breach of FRAND obligations that includes patents not asserted in these actions but does not also require an adjudication of non-U.S. patent rights. Counterclaims 1 and 2 should thus be dismissed for lack of subject matter jurisdiction for this reason alone.

### B.  Counterclaim 1 Fails to State a Claim for Breach of Contract with Respect to Non-Wilus Patents

Samsung acknowledges that the "Sisvel Wi-Fi 6 patent pool" includes patents owned by "other members" who are not parties in this action, such as Huawei, MediaTek, Panasonic, Philips, SK Telecom. Dkt. 61 ¶¶ 14, 15, 17. Samsung's breach of contract claims improperly seek adjudication of rights and obligations pertaining to patents that are owned by these and other non-party members of the Sisvel Wi-Fi 6 patent pool. Wilus has no ability, much less a contractual duty, to grant a license to patents it does not own, on FRAND terms or otherwise. *See* 35 U.S.C. § 261. Counterclaim 1 should be dismissed for failure to state a claim for breach of contract with respect to non-party patents.

### C.  Counterclaim 1 Fails to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case

Samsung's counterclaims fail for another reason: they encompass patents not asserted against Samsung in these actions. Samsung claims that "the patents asserted in this action" are alleged by Wilus and Sisvel to be essential to the Wi-Fi 6 standard, and that they breached their

4

FRAND obligations in bringing this lawsuit and "using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 61 ¶¶ 29, 35, 48. However, the "Alleged Wi-Fi 6 SEPs"—the foundation of Samsung's breach of contract claim—include patents that are not asserted against Samsung in litigation. *See id.* ¶¶ 17, 34. Indeed, aside from the patents-in-suit, Samsung has not specifically identified any patents that are part of the "Alleged Wi-Fi 6 SEPs" and for which Samsung was allegedly denied a license on FRAND terms, let alone patents where Wilus's actions would form a basis for a breach of contract claim. Counterclaim 1 should thus be dismissed, as Samsung has failed to plead any duty or breach thereof with respect to patents not asserted by Wilus against Samsung.

### D. Counterclaim 2 for Breach of the Duty of Good Faith Should Be Dismissed for the Same Reasons Discussed Above

Counterclaim 2 for breach of the duty of good faith fails for the reasons discussed above, as "a claim for breach of the implied covenant of good faith and fair dealing cannot exist absent a breach of contract." *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 665 (W.D. Tex. 2013); *see also Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463, 463 (N.Y. App. Div. 2012) ("There can be no claim of breach of the implied covenant of good faith and fair dealing without a contract."). If the Court finds that Counterclaim 1 for breach of contract should be dismissed, so too should Counterclaim 2.

### V. CONCLUSION

For the foregoing reasons, Samsung's Counterclaims 1 and 2 should be dismissed.

5

Dated:  March 24, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of March, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail on this same date.

                                                                                                */s/ Reza Mirzaie*