IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HP INC.<br><br>　　　　Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>　　　　Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HP INC.<br>　　　　Defendant. | Civil Case No. 2:24-cv-00764-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP, INC. <br>         Defendant. | Civil Case No. 2:25-cv-00069-JRG <br> [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br>         Defendant. | Civil Case No. 2:25-cv-00070-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY TO WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE AND MODIFY THE THIRD <u>AMENDED DOCKET CONTROL ORDER (DKT. NO. 87)</u>**

Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") does not contest that there are legal and factual issues common to the cases presently consolidated with the HP -752 Case (collectively, the "HP -752 Consolidated Cases") and the now consolidated HP -069 and Samsung -070 cases (collectively, the "HP -069 Consolidated Cases"). Instead, Wilus complains of supposed prejudice that will flow from adding three patents to the HP -752 Consolidated Cases; all the while it chose to bring eight cases against Defendants totaling 17 patents. As discussed in Defendants' opening brief, and reiterated below, consolidation is appropriate and necessary to relieve the Court and the parties of the burden of separately litigating cases that involve nearly identical issues—the same parties, the same accused functionality for the same products, and the same past licensing history. Thus, Defendants respectfully request that the Court grant Defendants' Motion to Consolidate and Modify the Third Amended Docket Control Order.[1]

### A.     Consolidation Will Promote Judicial Economy

Wilus's opposition concedes that the HP -069 Consolidated Cases share common issues with the HP -752 Consolidated Cases. *See* Dkt. No. 94 at 5. Indeed, the HP -069 Consolidated Cases involve a common patent (U.S. Patent No. 11,664,926), the same parties (Wilus, HP, and Samsung), the same accused products (HP laptops and desktops, as well as Samsung mobile phones, tablets, laptops, e-readers, cameras, appliances, and wearables), and the same technology (the "MAC" or "medium access control layer" of wireless communication technology) as the HP -752 Consolidated Cases. In addition, the HP -069 Consolidated Cases will involve the same

---

[1] The Court has since entered a Fourth Amended Scheduling Order (Dkt. No. 90), and Defendants now seek to modify the Fourth Amended Scheduling Order. Given the proposed deadline to comply with P.R. 3-1 & 3-2 (Infringement Contentions) in the HP-070 and Samsung -069 cases has passed, Defendants are generally agreeable to moving this deadline to a date after the resolution of this Motion, but request the deadline to comply with the Standing Order Regarding Subject-Matter Eligibility Contentions and P.R. 3-3 & 3-4 (Invalidity Contentions) in the HP-070 and Samsung -069 cases is 8 weeks after said deadline per the Sample Docket Control Order for Patent Cases.

documents and witnesses as the HP -752 Consolidated Cases, including documents and witnesses related to third party component suppliers and those relevant to Defendants' counterclaims against Wilus and Sisvel.

Wilus's opposition focuses myopically on the fact that three patents are asserted in the HP -069 Consolidated Cases—namely U.S. Patent Nos. 10,911,186, 11,716,171, and 12,004,262—that are not asserted in the HP -752 Consolidated Cases; all the while ignoring the similarities amongst these patents both to one another and the patents at issue in the HP -752 Consolidated Cases. As an initial matter, two of the three patents Wilus highlights are genealogically related[2] and will present similar issues with respect to discovery and claim construction, which will lessen any complications caused by their addition to the HP -752 Consolidated Cases. Moreover, the three patents newly asserted in the HP -069 Consolidated Cases share common inventors, technical concepts, and claim terms with the patents in the HP -752 Consolidated Cases. The 14 patents asserted in the HP -752 Consolidated Cases and the three patents newly asserted in the HP -069 Consolidated Cases all list, as named inventors, some combination of Geonjung Ko, Juhyung Son, Woojin Ahn, Jinsam Kwak, and Yongho Kim. As an example of the technical similarity among the patents, the '163 and '597 patents (asserted in the HP -764 member case and Samsung -765 member case) and the '262 patent (asserted in the HP -069 member case) allegedly relate to BSS color operations for a wireless communication terminal and include overlapping claim terms such as "a transceiver," "a processor," "PPDU," "Basic Service Set (BSS) color," "wireless communication terminal," and "base wireless communication terminal." *See* '163 patent, cl. 1; '597 patent, cl. 1; '262 patent, cl. 1. Thus, contrary to Wilus's assertions, there will be substantial

---

[2] The application from which the '171 patent issued is a continuation of the application from which the '186 patent issued.

similarities in claim construction briefing and analysis, as well as proofs for validity, infringement, and damages between the HP -069 Consolidated Cases and HP -752 Consolidated Cases.

The opinions Wilus cites are inapposite. The cases at issue here are far more similar than those in *Uniloc USA, Inc. v. Samsung Electronics America, Inc.* *See* No. 2:18-CV-00040-JRG-RSP, Dkt. No. 63 (E.D. Tex. Jan. 24, 2019). In *Uniloc*, the cases the movant sought to consolidate involved different patents, different technologies, mostly different inventors, different standards, and different design teams for the accused functionality. *See id.* at Dkt. No. 62 at *5-6. Here, as explained above, there is tremendous overlap in the HP -069 Consolidated Cases and HP -752 Consolidated Cases—they share a common patent (the '926 patent); the asserted patents across the two cases include multiple overlapping inventors and involve the same technology (*i.e.*, the Wi-Fi 6 standard and, more specifically, the MAC layer); and the accused features will likely implicate the same teams and witnesses within Defendants' organizations. In addition, unlike in *Network Systems Technologies, LLC v. Samsung Electronics Co.*, the HP -069 Consolidated Cases and -HP 752 Consolidated Cases involve the same defendants and accused products, and will likely involve similar infringement allegations. *See* No. 2:22-cv-00481-JRG, 2023 WL 4534358, at *3 (E.D. Tex. July 13, 2023). Notably, as opposed to the proposed consolidation in *Network Systems Technologies*, this consolidation would not require reassignment of a case from this division to another division within this district. *See id*. Lastly, Wilus's reliance on *Entropic Communications, LLC v. Charter Communications, Inc.* is unfounded as all the cases here are in the early phases of litigation, making consolidation practical. *See* No. 2:22-cv-00125-JRG, 2023 WL 5613185, at *2 (E.D. Tex. Aug. 29, 2023). The HP -752 Consolidated Cases are not nearing the end of expert discovery like the first action was in *Entropic*. *See id*. In fact, the deadline to complete fact

3

discovery is more than eight months away and the deadline to complete expert discovery is more than 10 months away. *See* Dkt. No. 90 at 3-4.

Given the extensive overlap among these cases—which are in the early phases of litigation—consolidation will simplify matters for the parties and avoid wasting judicial resources, as opposed to making litigation complex and unwieldy. Wilus claims that it is willing to "coordinate claim construction for the '926 patent across the cases, such that the Court only has to address it in a single hearing and single opinion" and "coordinat[e] single depositions of witnesses relevant to multiple sets of cases where feasible and by allowing for the cross-use of discovery" without acknowledging the simplest way of achieving both—consolidating the HP -069 Consolidated Cases with the HP -752 Consolidated Cases.

**B.     Wilus Inflates Its Alleged Prejudice**

By its own choice—not Samsung's—Wilus will have to simultaneously litigate 17 patents regardless of the outcome of this motion. *Contra* Dkt. No. 94 at 7 (stating consolidation would "forc[e] [Wilus] to simultaneously litigate 17 different patents"). The real issue is whether Wilus will be prejudiced by litigating all 17 asserted patents on the same schedule versus litigating the 4 patents in the HP -069 Consolidated Cases and the 14 patents in the HP -752 Consolidated Cases separately (note the '926 patent is asserted in both the HP -069 and -752 Consolidated Cases). Given the overlapping patent, defendants, accused products, named inventors, patented technology, infringement evidence, and fact witnesses among the HP -069 Consolidated Cases and the HP -752 Consolidated Cases, Wilus and its experts will experience little—if any—prejudice from consolidation. Wilus states generally that consolidation will require it to litigate the HP -069 Consolidated Cases on "an expedited schedule," which will apparently "put a substantial strain on Wilus and its experts." Dkt. No. 94 at 7. But Wilus identifies no specific prejudice that would stem from such a schedule. Under Samsung's proposed case schedule, Wilus would have more

4

than four months to prepare for exchanging claim construction terms and more than eight months until the close of fact discovery. *See* Dkt. No. 90 at 4-5. This is ample time for Wilus to develop its case for the three newly asserted patents. Thus, there is no prejudice. Indeed, this Court has ordered consolidation where the cases sought to be consolidated were filed later than the HP -069 Consolidated Cases were filed in relation to the HP -752 Consolidated Cases here. *See United Servs. Auto. Ass'n v. PNC Bank, NA*, Case No. 2:20-cv-00319, Dkt. No. 144 (E.D. Tex. Jul. 16, 2021) (ordering consolidation where consolidated case was filed approximately 6 months after original complaint was filed in lead case); *The Hillman Grp., Inc. v. KeyMe, LLC*, No. 2:19-cv-00209-JRG, Dkt. No. 212 (E.D. Tex. Oct. 23, 2020) (ordering consolidation where consolidated case was filed approximately 9 months after original complaint was filed in lead case).

Defendants do not seek to impose delay of the HP -752 Consolidated Cases, yet all of Wilus's citations in Section IV.B relate to delay or other irrelevant issues. Unlike *Smartflash LLC v. Google, Inc.*, delay of the HP -752 Consolidated Cases is not at issue here, and Defendants moved to consolidate the cases expeditiously within approximately two months of the filing of the HP-069 Consolidated Cases. *Contra* No. 6:14-cv-435, 2014 WL 1107187, at *3 (E.D. Tex. July 7, 2014). Further, unlike in *Entropic*, the HP -069 Consolidated Cases and HP -752 Consolidated Cases are not so far apart as to make consolidation impractical given that the deadline to complete fact discovery in the HP -752 Consolidated Cases is more than eight months away. *See* 2023 WL 5613185, at *2. Lastly, unlike the plaintiff in *Contentguard Holdings, Inc. v. Google, Inc.*, Wilus named the same defendants in the HP -069 Consolidated Cases as the HP -752 Consolidated Cases. *See* No 2:14-cv-00061-JRG, 2014 WL 1477670, at *4 (E.D. Tex. Apr. 14, 2014).

\* \* \*

For the foregoing reasons, Defendants respectfully request that the Motion to Consolidate and Modify the Third Amended Docket Control Order be granted.

Date: March 28, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400

San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*


*/s/ Lawrence R. Jarvis*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309

7

Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant HP Inc.*


*/s/ Jeffrey D. Smyth*
Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

Trey Yarbrough
Bar No. 22133500
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
Email: trey@yw-lawfirm.com

*Attorneys for Defendants Askey Computer Corp. and Askey International Corp.*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 28, 2025.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                                              */s/ Ralph A. Phillips*
                                                                              Ralph A. Phillips