IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG-RSP <br> (Lead Case) |

## ORDER

Before the Court is Defendants HP, Inc., Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and Askey Computer Corp. and Askey International Corp.'s Motion to Consolidate. **Dkt. No. 89**. In the Motion, Defendants ask the Court to consolidate *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, Case No. 2:25-cv-00069 and *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:25-cv-00070 with the instant case. *Id.* at 3.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court *may* … consolidate the actions." *Contentguard Holdings, Inc. v. Google, Inc.*, No. 2:13-CV-01112-JRG, 2014 WL 1477670, at *4 (E.D. Tex. Apr. 15, 2014) (quoting Fed. R. Civ. P. 42(a)). This rule is "permissive and vests a *purely discretionary* power in the district court." *Id.* (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir.1955)) (emphasis added).

Here, amongst other issues: (1) the -069 and -070 cases were filed four months after the instant case, which would force a compressed schedule, and (2) the -069 and -070 cases assert a

1

total of four patents, only one of which overlaps with the instant case.

Accordingly, the Court finds that consolidation would be inappropriate here, and the Motion is, therefore, **DENIED**.

**SIGNED this 31st day of March, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE