**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00764-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>   Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>   Defendants. | Civil Case No. 2:24-cv-00765-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>   Defendants. | Civil Case No. 2:24-cv-00766-JRG-RSP [Member Case] |

**COUNTERCLAIM PLAINTIFF'S RESPONSE TO COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS 1-6 AND 15-16**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ......................................................................................................... 1

II.  RULE 12(B)(6) LEGAL STANDARD .................................................................... 1

III. ARGUMENT ............................................................................................................. 2

    A.   HP has sufficiently pled counterclaims 1 and 2 (breach of contract regarding IEEE policy). ....................................................................................................2

        1.   Counterclaims 1 and 2 allege widely recognized counts of breach of contract related to a standards setting organization. ........................................... 2

        2.   "Non-party" patents do not preclude HP's breach of contract counterclaims. ....... 5

        3.   Patents not asserted against HP do not preclude HP's breach of contract counterclaims. ....................................................................................... 6

        4.   Sisvel is bound by Wilus and the other pool members' commitments to the IEEE.6

    B.   HP has sufficiently pled counterclaims 3 and 4 (breach of duty of good faith). .........10

    C.   HP has sufficiently pled counterclaims 15 and 16 (promissory estoppel). .................10

    D.   HP has sufficiently pled counterclaims 5 and 6 (declaratory judgment for a global FRAND licensing rate). .................................................................................11

        1.   The Court has subject matter jurisdiction over HP's counterclaims, which concern an actual controversy concerning the alleged Wi-Fi 6 SEPs patent pool. ............ 12

        2.   HP's DJ for a global FRAND licensing rate will affect the rights and behaviors of the parties involved in this case. ........................................................ 13

    IV. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846, 2012 WL 1672493 (N.D. Cal. May 14, 2012)...........................................3

*Apple, Inc. v. Motorola Mobility, Inc.*,
  886 F. Supp. 2d 1061 (W.D. Wis. 2012) .........................................................................3, 12

*Bild v. Weider*,
  567 F. App'x 49 (2d Cir. 2014) ................................................................................................9

*Bowlby v. City of Aberdeen*,
  Miss., 681 F.3d 215 (5th Cir. 2012)........................................................................................1

*Cont'l Auto. Sys., Inc. v. Avanci, L.L.C.*,
  27 F.4th 326 (5th Cir. Feb. 28, 2022), *reh'g granted, opinion withdrawn on
  other grounds,* 36 F.4th 1185 (5th Cir. 2022)....................................................................7, 12

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  899 F.3d 1356 (Fed. Cir. 2018)................................................................................................8

*Ericsson Inc. v. Apple Inc.*,
  2:21-cv-00376-JRG, Dkt. 291 (E.D. Tex. Nov. 29, 2022) .................................................4, 14

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) .............................3

*Gallagher v. New York City Health & Hosps. Corp.*,
  No. 16 CIV. 4389 (GBD), 2017 WL 4326042 (S.D.N.Y. Sept. 20, 2017), aff'd,
  733 F. App'x 3 (2d Cir. 2018) ................................................................................................10

*Gov't Emps. Ins. Co.*,
  No. 21CV547PKCJMW ...........................................................................................................8

*Hewitt v. Helms*,
  482 U.S. 755 (1987).................................................................................................................13

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018).....................2, 3, 15

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2019 WL 4734950 (E.D. Tex. May 22, 2019) ...........................3, 4

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 216CV00715JRGRSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017) ...................3, 4, 5, 7

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
    921 F. Supp. 2d 903 (N.D. Ill. 2013) ....................................................................7

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
    No. 11 C 9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) ....................................7

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
    2014 WL 2206218 (D. Del. May 28, 2014).........................................................15

*Krohn v. Spectrum Gulf Coast*,
    LLC, No. 3:18-CV-2722-S, 2019 WL 4572833 (N.D. Tex. Sept. 19, 2019) .........10

*Lormand v. US Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ...............................................................................1

*Lowrey v. Texas A&M Univ. Sys.*,
    117 F.3d 242 (5th Cir. 1997) ...............................................................................1

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014)............................................................................14

*Microsoft Corp. v. Motorola, Inc.*,
    795 F.3d 1024 (9th Cir. 2015) ...........................................................................14

*Microsoft v. Motorola, Inc.*,
    864 F. Supp. 2d 1023 (W.D. Wash. 2012)..........................................................12

*Milligan v. GEICO Gen. Ins. Co.*,
    No. 22-2950 ..........................................................................................................8

*Minn. Min. & Mfg. Co. v. Norton Co.*,
    929 F.2d 670 (Fed. Cir. 1991).....................................................................12, 14

*NRB Holdings LLC v. Buffalo Urb. Renewal Agency*,
    No. 11-CV-472S, 2013 WL 5276540 (W.D.N.Y. 2013) .......................................11

*Optis Wireless Tech., LLC v. Apple Inc.*,
    No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020).............4, 5

*Optis Wireless Technology, LLC v. Huawei Technologies Co.*,
    No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ......4

*Peter L. Leepson, P.C. v. Allan Riley Co.*,
    2006 U.S. Dist. LEXIS 52875 (S.D.N.Y. 2006)...................................................11

*Rembrandt Techs., L.P. v. Harris Corp.*,
    No. CIV.A. 07C-09-059JRS, 2008 WL 4824066 (Del. Super. Ct. Oct. 31,
    2008) ....................................................................................................................7

*Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
  702 F.3d 794 (5th Cir. 2012) ....................................................................2

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*,
  No. SACV 14–00341 JVS, 2014 WL 12588293 (C.D. Cal. Sept. 30, 2014)
  ..............................................................................................3, 12, 14, 15

*Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*,
  120 F.4th 864 (Fed. Cir. 2024) ...........................................................4, 12

*Tesla, Inc. v. Interdigital Pat. Holdings, Inc.*,
  [2025] EWCA (Civ) 193.........................................................................15

*Thompson v. City of Waco*,
  764 F.3d 500 (5th Cir. 2014) ....................................................................1

*Veleron Holding, B.V. v. Morgan Stanley*,
  117 F. Supp. 3d 404 (S.D.N.Y. 2015).......................................................9

*Zenith Elecs., LLC v. Sceptre, Inc.*,
  No. LACV1405150JAKAJWX, 2015 WL 12765633 (C.D. Cal. Feb. 5, 2015) .....................3

**Statutes**

28 U.S.C. § 1332...........................................................................................2

Fed. R. Civ. P. Rule 12 ................................................................................1

## I.     INTRODUCTION

HP's counterclaims are properly pled claims for breaches of FRAND based contracts and FRAND rate setting against both Wilus and Sisvel. Wilus and Sisvel's Wi-Fi 6 patent pool members made commitments to the IEEE to license their patents under FRAND rates. HP is an intended third-party beneficiary of those commitments. HP seeks to enforce its rights by suing for breach and by requesting a FRAND rate for Sisvel's Wi-Fi 6 patent pool and does so in the Court in which Wilus and Sisvel chose to file suit against HP. Sisvel is the architect of the Wi-Fi 6 patent pool, the administrator of the Wi-Fi 6 pool, and the licensing agent for Wilus. HP's counterclaims are directed at both Wilus's and Sisvel's non-FRAND conduct. If Wilus and Sisvel are right that those claims are improper, patent owners are free to circumvent their FRAND commitments simply by delegating licensing to another entity, such as the Sisvel pool. This cannot be how FRAND commitments operate. HP is prepared to accept the rate determined by this Court to be FRAND. Wilus and Sisvel's rejection of that option shows their lack of good faith in bringing this action. Their conduct should not be rewarded. The Court should deny Wilus and Sisvel's motion.

## II.     RULE 12(B)(6) LEGAL STANDARD

"To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen*, Miss., 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)

### III.     ARGUMENT

#### A.     HP has sufficiently pled counterclaims 1 and 2 (breach of contract regarding IEEE policy).

Counterclaims 1 and 2 are proper. District courts routinely adjudicate disputes involving global, FRAND-encumbered patent portfolios. This Court has adjudicated such disputes on several occasions. *E.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795, at *2 (E.D. Tex. Dec. 17, 2018). At base, this contract dispute presents the question: Have Wilus (and the other pool members) and Sisvel complied with their contractual obligations to the IEEE and to implementers like HP by offering a license to their encumbered patents on FRAND terms? If not, they are liable for breach. Wilus and Sisvel do not contest that the Sisvel Wi-Fi 6 pool members have FRAND obligations. They also do not contest that HP is an intended third-party beneficiary. Instead, they seek to erase the obligations altogether. Each argument fails.

#### 1.     Counterclaims 1 and 2 allege widely recognized counts of breach of contract related to a standards setting organization.

The Court has subject matter jurisdiction over counterclaims 1 and 2. HP alleged that the Court has jurisdiction at least under 28 U.S.C. § 1332 because HP, Wilus, and Sisvel are diverse parties. *See* Dkt. 104 ("HP's Counterclaims") ¶¶ 1–5; *see also* 28 U.S.C. § 1332. The Court has jurisdiction under § 1332 even if the claims at issue are simple breach of contract claims without patents, even if the contract involves foreign property. *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800–01 (5th Cir. 2012).

District courts, including this Court, routinely adjudicate claims for breach of contract related to FRAND. HP's counterclaims are like those in *HTC v. Ericsson*. HTC sued Ericsson seeking a declaration that Ericsson had failed to offer a license to its patents on FRAND terms. *HTC*, 2018 WL 6617795, at *2. Ericsson counterclaimed for breach of contract, alleging that HTC failed to offer *its* patents on FRAND terms and the failure was breach of contract with respect to

2

HTC's obligations to standards setting organizations. *Id.* The Court found that Ericsson sufficiently pled breach of contract where, like HP has here, it alleged that it was a third-party beneficiary to HTC's contract. *Id.* at *5 ("These facts, taken together, plausibly suggest that Ericsson is a third-party beneficiary of HTC's contract with ETSI and has suffered an injury-in-fact as a result of HTC's alleged breach."); *see also G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2022 WL 4593080, at *3 (E.D. Tex. Sept. 29, 2022) (finding breach sufficiently pled).

Other courts have likewise adjudicated breach of contract claims arising from conduct involving standards setting organizations. *See, e.g., Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 216CV00715JRGRSP, 2017 WL 957720, at *1 (E.D. Tex. Feb. 22, 2017), *report and recommendation adopted,* No. 216CV00715JRGRSP, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017); *Zenith Elecs., LLC v. Sceptre, Inc.*, No. LACV1405150JAKAJWX, 2015 WL 12765633, at *4 (C.D. Cal. Feb. 5, 2015); *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV 14–00341 JVS (ANX), 2014 WL 12588293, at *4 (C.D. Cal. Sept. 30, 2014); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1087 (W.D. Wis. 2012); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846, 2012 WL 1672493, at *11 (N.D. Cal. May 14, 2012).

Furthermore, this Court has subject matter jurisdiction over these counterclaims though the patent portfolio in dispute is global in nature. HP does not ask that the Court adjudicate foreign obligations under foreign laws related to foreign patents. HP asks the Court to decide whether Wilus and Sisvel's refusal to license their patents on FRAND terms violates U.S. law, including as a breach of contract. This refusal is core to understanding the "totality of the circumstances" in deciding whether Wilus and Sisvel have met their FRAND obligations. This Court has presided over cases including breach of contract claims related to global patent portfolios and has even put the issue of breach of contract to the jury. *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No.

3

6:18-CV-00243-JRG, 2019 WL 4734950, at *4 (E.D. Tex. May 22, 2019) (noting that "[t]he jury found that HTC had failed to meet its burden on its breach of contract claim."); *see also Ericsson Inc. v. Apple Inc.*, 2:21-cv-00376-JRG, Dkt. 291 at 2–3 (E.D. Tex. Nov. 29, 2022) ("The Court noted that non-SEPs—or implementation patents—… are part of the totality of Ericsson's conduct in negotiation for SEP licenses under FRAND terms."). The Federal Circuit has also analyzed obligations to standards organizations in the context of a global patent portfolio. *Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024) ("[A] party that has made an ETSI FRAND commitment must have complied with the commitment's obligation to negotiate in good faith over a license to its SEPs . . . .").

Wilus and Sisvel rely heavily on *Optis v. Apple*, but that case is distinguishable. Optis sought a declaration that it had complied with its FRAND obligations. *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020). In granting summary judgment against *Optis*, the Court based its reasoning in large part on the wide discretion in adjudicating a declaratory judgment. *Id.* ("However, as in *Huawei*, Plaintiffs 'devoted their briefing to [issues of] jurisdiction but lost sight of the fact that [Plaintiffs] want a declaratory judgment,' which is always discretionary regardless where the Court's jurisdiction is grounded.") (citing *Optis Wireless Technology, LLC v. Huawei Technologies Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)). HP's claim is for breach of contract, a claim this Court has sent to the jury. *HTC*, 2019 WL 4734950, at *4.

Wilus and Sisvel's argument that the counterclaims would fail even if limited to U.S. patents is also incorrect. In *Optis v. Huawei*, the Court dismissed Optis' count related to foreign patents, and ultimately, found that Optis failed to present evidence relevant to U.S. patents at a bench trial. *Huawei*, 2018 WL 3375192 at *7-8; *Huawei*, 2019 WL 1244707, at *7. The court found

that because it "cannot determine whether PanOptis complied with its FRAND obligations as to the U.S. SEPs in its offer to Huawei, any declaration by the Court would amount to an advisory opinion." *Huawei*, 2019 WL 1244707, at *7. Here, HP has pled facts showing Wilus and Sisvel breached their FRAND commitments with respect to U.S. patents because: Sisvel offered HP a global patent portfolio that includes the U.S. patents that are the subject of Wilus's offensive case. HP Counterclaims ¶¶ 43–45. HP pled that Wilus and Sisvel breached their FRAND obligation as to ***both*** Sisvel's global patent portfolio and the U.S. patents within said portfolio. *Optis v. Apple*, 2020 WL 999463, at *4 ("[T]he present case sits in a very different procedural posture from the *Huawei* case. … Plaintiffs have alleged that Apple has accused them of violating their obligations under U.S. law and further alleged that their global license offers satisfied their obligations under U.S. law. The Court finds that these pleadings are enough to survive a Rule 12 motion."). Thus, the Court has subject matter jurisdiction over HP's counterclaims 1 and 2.

### 2. "Non-party" patents do not preclude HP's breach of contract counterclaims.

HP has sufficiently pled claims for Wilus and Sisvel's breach of contract. Wilus breached its obligation with the IEEE by failing to offer at least the Asserted Patents on FRAND terms. Sisvel breached its obligations with the IEEE by failing to offer its Wi-Fi 6 portfolio, including the Asserted Patents, on FRAND terms. There are no "non-party" patents.

Sisvel declares that it has "the right to grant licences to *all* Wi-Fi 6 standard essential patents owned or controlled by the participating patent owners." HP Counterclaims ¶ 40. Wilus admits that Sisvel is its "licensing manager" and that Sisvel's license offer included the Asserted Patents. Dkt. 1 ¶¶ 3–4. There is no dispute that *Sisvel* can license patents on behalf of Wilus *and* all other pool members. Dkt. 113 ("Mot.") at 5–6. Contrary to Wilus's claims, HP's allegations concern both Sisvel's status as Wilus's licensing manager and Wilus's purported contractual

commitments, and also, Sisvel's status as *all pool members'* licensing manager and the contractual commitments of *all pool members*. *E.g.*, HP's Counterclaims ¶ 36 ("Sisvel is bound by Wilus's, *and the other members of its patent pool's*, FRAND commitments to the Alleged Wi-Fi 6 SEPs."). HP's counterclaims 1 and 2 are sufficiently pled.

### 3. Patents not asserted against HP do not preclude HP's breach of contract counterclaims.

HP's allegations are not directed solely to Wilus's breach of its FRAND obligation by bringing this lawsuit. HP's counterclaims also include Wilus's "refus[al] to offer HP a license to the Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, fail[ure] to negotiate and act in good faith, and. . .us[e] [of] injunctive relief to obtain leverage in licensing discussions for SEPs." HP's Counterclaims ¶ 53. These allegations apply to all of Wilus's FRAND encumbered, Wi-Fi 6 SEPs—not just the Asserted Patents. As to Sisvel, HP's allegations include "refusing to offer HP a license to the Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, including, on information and belief, by acting with Wilus in bringing this lawsuit as leverage to gain higher than FRAND rates for the Sisvel Wi-Fi 6 patent pool and failing to negotiate and act in good faith.*" Id.* ¶ 65. Wilus's Complaint states that the letter received from Sisvel included a "list of Pool Wi-Fi 6 SEPs evaluated by independent third-party patent evaluators as being essential to the Wi-Fi 6 Standard," and that the list "included the '077, '281, '595, and '210 patents." Dkt. 1 ¶¶ 3–4. Wilus's infringement allegations are broader than the asserted patents, and thus the fact that HP's allegations include patents not asserted against HP does not doom its counterclaims.

### 4. Sisvel is bound by Wilus and the other pool members' commitments to the IEEE.

Sisvel is not exempt from Wilus and other Wi-Fi-6 pool members' obligations to the IEEE. The implication of Wilus and Sisvel's argument is that every IEEE member who submits a Letter of Assurance can disregard its commitment to the IEEE simply by transferring their FRAND

encumbered patents (or the right to license them) to a licensing entity like Sisvel. To agree with Wilus and Sisvel is to obliterate the FRAND commitment. Patent law, agency law, and contract law all counsel that Sisvel is bound by the pool members' contractual obligations to the IEEE.

First, under patent law, courts have routinely held—and Wilus and Sisvel do not dispute—that implementers, such as HP, are third-party beneficiaries to FRAND obligations. *E.g.*, *T-Mobile*, 2017 WL 957720, at *1 ("While T-Mobile has not taken the step to file a breach of contract action against Huawei, there is no dispute that T-Mobile could do so as a third-party beneficiary of Huawei's promise to offer licenses on FRAND terms."). A third-party beneficiary to a contract also has rights against a transferee. *In re Innovatio IP Ventures, LLC Pat. Litig.*, 921 F. Supp. 2d 903, 923 (N.D. Ill. 2013) ("In other words, Innovatio's predecessors made a contractual promise to Cisco to offer licenses on RAND terms to all users of the relevant IEEE standards. If Innovatio fails to perform that obligation to any of those users, Cisco can sue Innovatio to recover all foreseeable damages it suffers because of that breach."); *In re Innovatio IP Ventures, LLC Pat. Litig.*, No. 11 C 9308, 2013 WL 5593609, at *4 (N.D. Ill. Oct. 3, 2013) ("[T]his court has already held that those commitments are now binding on Innovatio, and that they can be enforced by the Defendants as potential users of the 802.11 standard and thus third-party beneficiaries of the agreements between Innovatio's predecessors and the IEEE."); *Rembrandt Techs., L.P. v. Harris Corp.*, No. CIV.A. 07C-09-059JRS, 2008 WL 4824066, at *1 (Del. Super. Ct. Oct. 31, 2008).

The Fifth Circuit has also recognized that FRAND commitments apply not only to the original patent holders, but to "licensing agents" of patent pools containing FRAND encumbered patents. *Cont'l Auto. Sys., Inc. v. Avanci, L.L.C.*, 27 F.4th 326, 330 (5th Cir. Feb. 28, 2022) ("Since all of the SEPs for which Avanci acts as the licensing agent are encumbered by FRAND obligations, Avanci is similarly obligated to license them on FRAND terms."), *reh'g granted,*

*opinion withdrawn on other grounds,* 36 F.4th 1185 (5th Cir. 2022), and *on reh'g,* No. 20-11032, 2022 WL 2205469 (5th Cir. June 21, 2022). These holdings align with the decisions holding that other SSO commitments that affect enforceability apply against a transferee. *See, e.g.*, *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1365 (Fed. Cir. 2018) (analyzing unenforceability of patents held by Nokia's successor-in-interest under implied waiver and equitable estoppel doctrines).

Second, Sisvel is bound under theories of agency law. "To establish an agency relationship under New York law, a plaintiff must put forth facts sufficient to show (1) the principal's manifestation of intent to grant authority to the agent, and (2) agreement by the agent." *See v. Gov't Emps. Ins. Co.*, No. 21CV547PKCJMW, 2023 WL 2731697, at *12 (E.D.N.Y. Mar. 30, 2023), *aff'd sub nom. Milligan v. GEICO Gen. Ins. Co.*, No. 22-2950, 2025 WL 799276 (2d Cir. Mar. 13, 2025). HP has alleged that Sisvel is Wilus's agent. HP's Counterclaims ¶¶ 40–41. Wilus does not deny its participation in the Sisvel Wi-Fi 6 patent pool nor does Wilus deny granting Sisvel the authority to license Wilus's Wi-Fi 6 essential patents as part of the Wi-Fi 6 patent pool. Mot. at 8; *see also* HP's Counterclaims ¶¶ 26–35. HP also alleged that Sisvel has agreed to be "bound by the contractual commitments between the IEEE and the pool members" including Wilus. *Id.* ¶ 38. HP pled that Sisvel holds itself out as having the "right to grant licenses to all Wi-Fi 6 standard essential patents owned or controlled by the members of the patent pool." *Id.* ¶ 28. Sisvel states that it "has the right to license the Licensed Patents … and to grant certain rights and releases thereunder to third parties," and that it "has the right to grant a covenant not to sue … on behalf of Patent Owners and Patent Owners' Affiliates[.]" *Id.* ¶ 30. Sisvel "represents and warranties that it has the authority, power, and right" to grant licenses to the patents in the pool. *Id.* ¶ 34. Sisvel is

Wilus's agent—and "it is a well settled principle of law that an agent is bound by the duties of its principal." *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 455 (S.D.N.Y. 2015).

Third, Sisvel is bound under a theory of contract law. HP is an intended third-party beneficiary of Wilus and the other pool members' contract with the IEEE. Under contract law, while a "promisor and promisee retain power to discharge or modify [a] duty by subsequent agreement[,]" "[s]uch a power terminates when the beneficiary, before he receives notification of the discharge or modification, materially changes his position in justifiable reliance on the promise[.]" Restatement (Second) of Contracts § 311 (Am. L. Inst. 1981); *Bild v. Weider*, 567 F. App'x 49, 52 (2d Cir. 2014) (same). Wilus's Letter of Assurance states that "By signing this Letter of Assurance, you … acknowledge that **users and implementers** of the [PROPOSED] IEEE Standard … **are relying or will rely upon** and may seek enforcement of the terms of this LOA." Exs. A, B. HP alleged that it relied on Wilus's FRAND commitments. HP's Counterclaims ¶ 51.

Wilus and Sisvel argue that HP alleges only that Sisvel is a transferee of the right to license Wilus's Wi-Fi 6 patents, not of the patents themselves, and thus the IEEE Bylaws do not apply. Mot. at 8. But the Bylaws state that "[t]he Submitter … shall not, with the intent of circumventing or negating any of the representations and commitments made in the Accepted Letter of Assurance, assign, or otherwise transfer any *rights* in any Essential Patent Claims[.]" HP's Counterclaims ¶ 36. Thus, the IEEE Bylaws are not limited to the transfer of the Essential Patent Claims themselves but include the transfer of *rights* in those Essential Patent Claims. And Wilus and the other pool members did transfer rights, including the right to license the claims. *Id.*

Sisvel knowingly assumed these obligations to third-party implementers like HP when it became the licensing agent for Wilus and the pool members. Not only did Wilus's LOA state that it agreed not to "sell or otherwise transfer *any* rights in any Essential Patent Claims … with the

9

intent of circumventing or negating any of the representations and commitments made in this LOA," IEEE's bylaws prohibit a Submitter from the same conduct. *Id.* ¶ 36. Again, this interpretation of the IEEE's policy comports with good sense. It cannot be that Wilus has transferred the right to license its patents to Sisvel, and that the transfer exempts Sisvel from the FRAND obligation. Meanwhile, Wilus gets to both participate in the standards-setting process and still receive its cut of the supra-FRAND royalty extracted by Sisvel. This cannot be the law.

### B.    HP has sufficiently pled counterclaims 3 and 4 (breach of duty of good faith).

Wilus and Sisvel's challenge to counterclaims 3 and 4 is based entirely on its argument that HP has not sufficiently pled breach of contract. Mot. at 8. Because, as shown above, HP has sufficiently pled counterclaims 1 and 2, the Court should disregard Wilus and Sisvel's argument.

### C.  HP has sufficiently pled counterclaims 15 and 16 (promissory estoppel).

HP has sufficiently pled facts in counterclaims 15 and 16 to establish promissory estoppel claims against Wilus and Sisvel. A claim of promissory estoppel under New York Law[1] requires: "(1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance." *Gallagher v. New York City Health & Hosps. Corp.*, No. 16 CIV. 4389 (GBD), 2017 WL 4326042, at *7 (S.D.N.Y. Sept. 20, 2017), aff'd, 733 F. App'x 3 (2d Cir. 2018) (citing *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000)).

HP has sufficiently pled a clear and unambiguous promise by Wilus and Sisvel that they would "offer and grant a license to its IEEE 802.11 essential patents to HP and others on FRAND terms and conditions." HP's Counterclaims ¶¶ 144, 151. Wilus and Sisvel (as Wilus's agent) made

---

[1] Texas uses the "most significant relationship test" for choice of law. *Krohn v. Spectrum Gulf Coast*, LLC, No. 3:18-CV-2722-S, 2019 WL 4572833, at *2 (N.D. Tex. Sept. 19, 2019). Wilus and Sisvel are from Korea and Luxembourg. The IEEE is in New York. For purposes of this analysis, HP refers to New York law, but the analysis is the same under Texas law.

this promise by signing two Letters of Assurance and submitting them to the IEEE on January 15, 2021 and December 27, 2022. *Id.* at ¶¶ 145, 152; *see also* Exs. A, B (Wilus LOAs). Such a promise is sufficient to support a promissory estoppel claim. *See*, *e.g.*, *Peter L. Leepson, P.C. v. Allan Riley Co.*, 2006 U.S. Dist. LEXIS 52875, at *13 (S.D.N.Y. 2006) ("a detailed showing of the elements of promissory estoppel need not be shown to survive a pre-answer motion to dismiss."); *NRB Holdings LLC v. Buffalo Urb. Renewal Agency*, No. 11-CV-472S, 2013 WL 5276540, at *3-4 (W.D.N.Y. 2013) (finding a City's letter committing to "extend to the development its usual Low Income Housing PILOT agreement" is a sufficient promise for promissory estoppel). Wilus's promises to IEEE are not simply "promises to negotiate" the terms of a license to Wi-Fi 6 essential patents (Mot. at 9), but they are promises that govern ***how*** the parties must negotiate the terms of a patent license. Wilus's reliance on *Haier v. Samsung* is misplaced. No. 1:17-cv-921 (TJM/CFH), 2018 WL 4288617, at *17 (N.D.N.Y. Sept. 7, 2018). In *Haier*, the court found that the companies involved promised to provide licenses under FRAND terms "pursuant to an order from the FCC" and as such, an "order from an agency is not a contract, after all." *Id.* at 15. Here, Wilus affirmatively and publicly made commitments to IEEE by submitting Letters of Assurance which detailed that Wilus intended to negotiate licenses to its Wi-Fi 6 essential patents on FRAND terms. *See* Exs. A, B. As discussed in Section III.A.4 above, Sisvel is Wilus's agent, and is bound by Wilus's promise to the IEEE to license, at least, Wilus's Wi-Fi 6 essential patents on FRAND terms. Wilus does not dispute that HP justifiably relied on Wilus's promise to the IEEE Wilus's promise to the IEEE or that HP would experience harm if Wilus and/or Sisvel reneged on their promises to IEEE. Mot. at 9–10; *see also* HP's Counterclaims ¶¶ 146, 149, 153, 157. Thus, HP sufficiently pled promissory estoppel.

    **D.**    **HP has sufficiently pled counterclaims 5 and 6 (declaratory judgment for a global FRAND licensing rate).**

HP has properly pled a claim and set forth a ripe controversy for a declaratory judgment for a Global FRAND Licensing Rate. Contrary to Wilus's assertions that these counterclaims are "HP's greatest overreach and most legally erroneous," courts around the country have exercised their authority to adjudicate claims arising from a SEP owner's FRAND commitments. *E.g.*, *Microsoft v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1039 (W.D. Wash. 2012); *Apple*, 886 F. Supp. 2d at 1062; *TCL Commc'ns*, 2014 WL 12588293, at *5. Wilus and Sisvel attempt to manufacture issues with HP's counterclaims 5 and 6 by ignoring key facts and making conclusory statements as to the sufficiency of HP's well-pleaded counterclaims. But HP's requested judicial declaration regarding a Global FRAND Licensing rate will "serve a useful purpose in clarifying and settling the legal relations in issue." *Minn. Min. & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672–73 (Fed. Cir. 1991). HP's counterclaims 5 and 6 should not be dismissed.

**1.    The Court has subject matter jurisdiction over HP's counterclaims, which concern an actual controversy concerning the alleged Wi-Fi 6 SEPs patent pool.**

First, as in Section III.A.1–3 above, courts in the U.S. may adjudicate issues relating to foreign patents, particularly in the SEP context where offers concern global patent portfolios. *Ericsson*, 120 F.4th at 878; *see also Avanci*, 27 F.4th at 330. Thus, this Court has subject matter jurisdiction to determine FRAND terms and conditions for the Wi-Fi 6 patent pool.

Second, as in Section III.A.3–4 above, HP is not required and need not affirmatively seek licenses from each of the patent pool members to adequately plead counterclaims 5 and 6. HP has demonstrated that Sisvel has the right and authority to grant licenses to the Wi-Fi 6 patent pool on behalf of Wilus and the other patent pool owners. HP's Counterclaims ¶¶ 25–45. HP need not involve—much less, seek a license from—each individual patent pool owner for this Court to issue a judicial declaration as to a Global FRAND rate because these patent pool members have ***all*** agreed to provide Sisvel the authority to negotiate this rate on their behalf. *Id.*

Finally, HP's counterclaims plead sufficient facts to put the parties on notice that HP seeks a declaratory judgment to ensure that ***Sisvel and Wilus*** uphold their commitments to the IEEE to license the Alleged Wi-Fi 6 SEPs on FRAND terms. HP's Counterclaims ¶¶ 100, 113. As in Section III.A.4, Wilus and Sisvel (as Wilus's agent) do not deny their commitment to the IEEE to license Wi-Fi 6 essential patents, including the Asserted Patents, on FRAND terms. HP's Counterclaims ¶¶ 20–25; *see also* Exs. A, B (Wilus LOAs). Sisvel is further bound by Wilus's (and other patent pool owners') commitment to the IEEE because Sisvel is an agent of the patent pool and is subject to the same obligations under the principles of agency law. HP's Counterclaims ¶¶ 36–45; *Mouawad Nat'l Co*., 476 F. Supp. 2d at 423. Participation in Sisvel's Wi-Fi 6 patent pool does not absolve Wilus or other patent pool owners of their FRAND obligations. HP sufficiently pled an actual controversy among the parties regarding licensing terms for the Wi-Fi 6 patent pool.

### 2. HP's DJ for a global FRAND licensing rate will affect the rights and behaviors of the parties involved in this case.

HP respectfully requests this Court to exercise its discretion to issue a declaratory judgment for a Global FRAND Licensing Rate against Wilus and Sisvel. A declaratory judgment in this case would provide real value and a proper judicial resolution to the parties because it would help to catalyze "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). HP has pled sufficient facts to establish that a Court determination as to Wilus's and Sisvel's compliance with their FRAND obligations will certainly affect the rights and behavior of HP, Wilus, and Sisvel in negotiating a license to the Wi-Fi 6 patent pool. Thus, counterclaims 5 and 6 should not be dismissed.

Importantly, HP has committed that "[s]hould the Court declare a FRAND rate for Sisvel's Wi-Fi 6 patent portfolio, ***HP agrees to be bound by the FRAND rate declared by this Court.***" HP's Counterclaims ¶¶ 101, 114. Thus, Wilus cannot plausibly contend that a judicial declaration

13

regarding a Global FRAND Licensing rate would serve "no useful purpose" to the parties. Mot. at 13; *TCL Commc'ns*, 2014 WL 12588293, at *5 ("TCL has stated its commitment to be bound by the FRAND terms determined by this Court … this commitment would constitute a judicial admission should TCL later retract its agreement to abide by the FRAND terms adjudicated by this Court, bringing into play the doctrine of judicial estoppel"); *Lenovo v Ericsson* [2025] EWCA Civ 182, 142 (Feb. 28, 2025) ("In my judgment, making the declaration sought by Lenovo would serve a useful purpose in forcing Ericsson to reconsider its position. It would not force Ericsson to change their mind, but in my judgment there is a realistic prospect that they will do so."). HP's declaratory judgment claim would provide a framework for the parties and the Court to "efficient[ly]…confront all of the questions at one time and in one place" and "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 n.4 (Fed. Cir. 2014); *Minn. Min. & Mfg. Co.*, 929 F.2d at 672-73. A ruling by this Court that Sisvel and/or Wilus failed to make a FRAND offer would cause Sisvel/Wilus to revise its offer to HP and justify the terms of the license consistent with the Court's ruling. Thus, HP seeks more than just an "advisory opinion" from the Court.

Furthermore, it is ***not required*** that ***all*** relevant parties must agree or consent to be bound by the Court's determined FRAND rate to properly plead a request for such a declaratory judgment. *TCL Commc'ns*, 2014 WL 12588293, at *5. For example, courts have determined or agreed to determine the appropriate FRAND rates where both parties consent to the Court's determination. *E.g., Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1038 (9th Cir. 2015) ("In sum, in determining the RAND rate and range for each SEP portfolio…"); *Ericsson Inc. v. Apple Inc.*, 2:21-cv-00376-JRG, Dkt. 291 at 2–3 (E.D. Tex. Nov. 29, 2022). Similarly, courts have issued declaratory judgments setting FRAND rates and/or determining whether an offer by party

14

constitutes FRAND terms and conditions based on the consent of only one party. *E.g., HTC*, 2018 WL 6617795, at *4 ("Ericsson requests a declaration and injunction requiring HTC to accept an offer for a cross-license to each party's SEPs on FRAND terms … the Court find that the equities favor allowing [Ericsson's] counterclaim to proceed"); Lenovo v Ericsson [2025] EWCA Civ 182, 149 ("a willing licensor in the position of Ericsson would enter into an interim licence with Lenovo pending that determination, and FRAND terms for that licence would be those set out in the preceding paragraph"). HP need not plead nor agree—and neither does this Court—that the patents are essential, valid, and infringed to properly seek a judicial declaration setting a Global FRAND license rate. *TCL Commc'ns*, 2014 WL 12588293, at *5.

The UK *Tesla* decision and *InterDigital v. ZTE* decision are inapposite. *Tesla, Inc. v. Interdigital Pat. Holdings, Inc.*, [2025] EWCA (Civ) 193, [227] (Eng).; *InterDigital Commc'ns, Inc. v. ZTE Corp.*, 2014 WL 2206218, at *1 (D. Del. May 28, 2014). The *UK Tesla* decision is distinguishable because unlike Sisvel, the members of the Avanci 5G platform did not agree to license their SEPs "on a ***collective basis*** with other SEP owners." *Tesla, Inc.*, [2025] EWCA (Civ) at [227]. As HP pled, Sisvel, as licensing manager, has "the ***right*** to grant licenses to ***all*** Wi-Fi 6 standard essential patents owned or controlled by the participating patent owners" and thus, has the authority to make decisions for ***all*** patent pool owners for the entire portfolio of Wi-Fi 6 essential patents. HP's Counterclaims ¶ 40. *InterDigital* is an outlier and had a wide range of unresolved issues over five years of negotiations between the parties. *ZTE Corp.*, 2014 WL 2206218, at *1–2. HP's declaratory judgment claim focuses on the narrow issue regarding the rate of Sisvel's Wi-Fi 6 pool license. A judicial declaration of the rate would inform HP's, Sisvel's and Wilus's rights and help the parties resolve their dispute. HP's counterclaims 5 and 6 are proper.

## IV.    CONCLUSION

For all of these reasons, HP respectfully requests that the Court deny Wilus' and Sisvel's motion.

Date: May 15, 2025

Respectfully submitted,

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
**Fish & Richardson P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
**Fish & Richardson P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
**Gillam & Smith, LLP**
303 South Washington Avenue Marshall,
Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Counterclaim Plaintiff HP Inc.*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 15, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua