IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG <br> [Member Case] |

**SAMSUNG'S RESPONSE TO WILUS'S
<u>MOTION TO DISMISS AMENDED COUNTERCLAIMS 1-2 (DKT. 116)</u>**

**TABLE OF CONTENTS**

I. RULE 12(B)(6) LEGAL STANDARD ................................................................................ 2

II. ARGUMENT ..................................................................................................................... 2

 A. Samsung Has Sufficiently Pled Counterclaim 1 (Breach of Contract) ................... 2

 1. Wilus's Choice to Include Foreign Patents in its Indirect Offer Does Not Eliminate Subject Matter Jurisdiction Over Samsung's Breach of FRAND Contract Claim ................................................................ 3

 2. Samsung Properly Pleads Breach of FRAND Contract With Respect to Unasserted Patents ................................................................... 7

 3. Samsung Pleads Other, Independent Grounds For Counterclaim 1 That Are Not Challenged By Wilus's Motion ........................................... 7

 B. Samsung Has Sufficiently Pled Counterclaim 2 (Breach of Duty of Good Faith). ....................................................................................................................... 8

III. CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co. et al.*,
  No. 11-CV-01846, 2012 WL 1672493 (N.D. Cal. May 14, 2012)..............................................4

*Apple, Inc. v. Motorola Mobility, Inc.*,
  886 F. Supp. 2d 1061 (W.D. Wis. 2012) ...................................................................................4

*Bowlby v. City of Aberdeen*, *Miss.*,
  681 F.3d 215 (5th Cir. 2012) .....................................................................................................2

*Ericsson Inc. v. Apple Inc.*,
  No. 2:21-cv-00376-JRG, Dkt. No. 291 (E.D. Tex. Nov. 29, 2022)...........................................5

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) ...............................4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018)...........................2, 4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2019 WL 4734950 (E.D. Tex. May 22, 2019) ................................5

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017).....................4, 6

*Inova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
  892 F.3d 719 (5th Cir. 2018) .....................................................................................................2

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) .....................................................................................................2

*Lowrey v. Texas A&M Univ. Sys.*,
  117 F.3d 242 (5th Cir. 1997) .....................................................................................................2

*Optis Wireless Tech., LLC et al. v. Apple*,
  No. 2:19-cv-00066-JRG, Dkt. No. 542 (E.D. Tex. Feb. 9, 2021)..............................................6

*Optis Wireless Tech., LLC v. Apple Inc.*,
  No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020)................................5, 6

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
  No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ........................5

*Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
    702 F.3d 794 (5th Cir. 2012) ........................................................................................4

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*,
    No. SACV 14–00341 ...................................................................................................4

*Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*,
    120 F.4th 864 (Fed. Cir. 2024*)* ..................................................................................4, 5

*Wilus Inst. of Standards and Tech. Inc. v. Samsung Elecs. Co. et al.*,
    No. 2:24-cv-00746, Dkt. No. 1 .....................................................................................7

*Wilus Inst. of Standards and Tech, Inc. v. Samsung Elecs. Co. et al.*,
    No. 2:24-cv-00765, Dkt. No. 1 .....................................................................................7

*Zenith Elecs., LLC v. Sceptre, Inc.*,
    No. LA CV14-05150-JAK, 2015 WL 12765633 (C.D. Cal. Feb. 5, 2015) ................4

Wilus's breach flows from its choice to make an indirect offer—via licensing agent Sisvel—bundling all of Wilus's alleged Wi-Fi 6 SEPs with those asserted against Samsung. At the outset, Wilus does not dispute that it entered into a written contract with the IEEE to license its "essential" patents on FRAND terms, and Wilus does not dispute that Samsung is a third-party beneficiary of that contract. Nor does Wilus dispute that Samsung properly pleaded the other elements of a breach of contract claim; namely, that Wilus breached its contract and Samsung was harmed by that breach. Indeed, Wilus does not dispute that it never made a FRAND offer for the patents in this case. At the end of the day, Wilus should not avoid accountability for its failure to comply with FRAND obligations for the patents asserted in this case by making, through its licensing agent Sisvel, an indirect offer for a patent portfolio that expressly included the asserted patents. In fact, Wilus never alleges that it made an offer, whether by itself or via Sisvel, to Samsung for just the asserted patents, or made any other offer that included the asserted patents beyond the portfolio offer. And if Wilus's indirect portfolio offer made via Sisvel was not meant to comply with Wilus's FRAND obligations (as Wilus's Motion implies), then the resulting failure to make any FRAND offer for the asserted patents establishes Wilus's breach.

Instead, Wilus alleges that this Court does not have jurisdiction to hear the breach of contract claim. Contrary to Wilus's arguments, the Court is not stripped of its jurisdiction over breach of contract counterclaims merely because the Wilus-admitted contract implicates both foreign and U.S. patents. Further, Wilus's selection of the asserted patents for its patent infringement claim does not define the allowable scope of Samsung's breach of contract claim based on Wilus's indirect portfolio offer made via its licensing agent Sisvel. Finally, Wilus's motion is silent on Samsung's other breach allegations that Wilus breached its contractual

obligations to the IEEE regarding disclosure of essential claims for the asserted patents. Thus, the Court should deny Wilus's motion to dismiss.

## I. RULE 12(B)(6) LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Inova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12 motion to dismiss, courts accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). In the Fifth Circuit, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *see also Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## II. ARGUMENT

### A. Samsung Has Sufficiently Pled Counterclaim 1 (Breach of Contract)

Samsung's counterclaim 1 is proper. District courts—including this Court—routinely adjudicate FRAND disputes involving global patent portfolios. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795, at *4 (E.D. Tex. Dec. 17, 2018) (denying motion to dismiss FRAND breach of contract counterclaim). At base, this contract dispute presents the question: "Has Wilus complied with its contractual obligations to the IEEE by offering a license to its FRAND-encumbered patents in this case?" If not, Wilus is liable for breach. Wilus's Motion to Dismiss with respect to counterclaim 1 should be denied because (1) Wilus never made an offer to Samsung, whether directly or via its licensing agent Sisvel, that included just the asserted patents, (2) Wilus's bundling of other patents in its indirect

2

offer via Sisvel does not eliminate the Court's subject matter jurisdiction, (3) Samsung properly pleads breach of contract with respect to the FRAND obligations attached to the patents Wilus chose to include in its indirect offer via Sisvel, including the asserted patents and (4) Samsung pleads other, independent grounds for its counterclaim—namely Wilus's breach of IEEE contractual obligations regarding disclosure of essential claims—that Wilus fails to address in its motion.

      **1.     Wilus's Choice to Include Foreign Patents in its Indirect Offer Does Not Eliminate Subject Matter Jurisdiction Over Samsung's Breach of FRAND Contract Claim**

The Court is not stripped of its jurisdiction over Samsung's FRAND contract claim merely because it involves both foreign and U.S. patents. As an initial matter, Samsung's pleading makes clear that Wilus never made a direct offer to Samsung, and that Wilus's indirect non-FRAND offer via its licensing agent Sisvel for all of Wilus's "Alleged Wi-Fi 6 SEPs" expressly included the asserted patents. *See* Dkt. 106 at 48 and 56 (¶15 ("recounting correspondence where Sisvel "offered to provide Samsung with a license to the Wi-Fi 6 patent pool, specifically referencing the '077, '281, '595, and '210 patents, 'under fair, reasonable, and non-discriminatory ('FRAND') terms.'"), ¶16 ("Wilus never independently corresponded with Samsung, and for unknown reasons and without warning, on September 11, 2024, Wilus, a member of Sisvel's Wi-Fi 6 patent pool, filed this suit against Samsung"), and ¶ 52 ("Wilus had a contractual obligation to offer to license the Alleged Wi-Fi 6 SEPs, including the patents asserted here, on FRAND terms either directly or via its licensing agent Sisvel.")); *see also* Dkt. 107 at ¶¶ 15, 16, and 52. In short, the only attempt by Wilus (via Sisvel) to try to meet its FRAND obligations for the asserted patents was through the portfolio offer.

For Wilus's breach of contract to offer FRAND terms (either directly or through its licensing agent), Samsung does not ask that the Court adjudicate foreign patent rights under foreign

3

law. Samsung instead asks the Court to decide whether Wilus's refusal to license its patents—including its U.S. patents asserted here—on FRAND terms is a breach of its admitted contract.[1] *See e.g., Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024) ("Ericsson entered into a contract that affects how it may enforce certain of its patents. When that contract is enforced by a U.S. court, the U.S. court is not enforcing foreign patent law but, rather, the private law of the contract between the parties." (internal quotation marks omitted)). Indeed, it is Wilus—via its licensing agent Sisvel—who made a portfolio offer that bundled foreign patents with the U.S. patents asserted here.

U.S. courts often decide contract cases that implicate foreign assets. *See, e.g.*, *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800–01 (5th Cir. 2012) (holding that the Court had subject matter jurisdiction over contract action between domestic

---

[1] Samsung's counterclaims are like those in *HTC v. Ericsson*. HTC sued Ericsson seeking a declaration that Ericsson had failed to offer a license to its patents on FRAND terms. *HTC*, 2018 WL 6617795, at *2. Ericsson counterclaimed for breach of contract, alleging that HTC failed to offer *its* patents on FRAND terms and the failure was breach of contract with respect to HTC's obligations to standards setting organizations. *Id.* The Court found that Ericsson sufficiently pled breach of contract where, like Samsung has here, it alleged that it was a third-party beneficiary to HTC's contract. *Id.* at *5 ("These facts, taken together, plausibly suggest that Ericsson is a third-party beneficiary of HTC's contract with ETSI and has suffered an injury-in-fact as a result of HTC's alleged breach."); *see also G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2022 WL 4593080, at *3 (E.D. Tex. Sept. 29, 2022) (finding breach sufficiently pled); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720, at *1 (E.D. Tex. Feb. 22, 2017), *report and recommendation adopted*, No. 2:16-CV-00715-JRG-RSP, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017).
  Other courts have likewise adjudicated breach of contract claims arising from conduct involving standards setting organizations. *See, e.g.*, *Zenith Elecs., LLC v. Sceptre, Inc.*, No. LA CV14-05150-JAK (AJWx), 2015 WL 12765633, at *4 (C.D. Cal. Feb. 5, 2015); *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV 14–00341 JVS (ANx), 2014 WL 12588293, at *4 (C.D. Cal. Sept. 30, 2014); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1087 (W.D. Wis. 2012); *Apple Inc. v. Samsung Elecs. Co. et al.*, No. 11-CV-01846, 2012 WL 1672493, at *11 (N.D. Cal. May 14, 2012).

defendant and foreign plaintiff concerning foreign assets). Indeed, this Court has presided over cases including breach of contract claims related to global patent portfolios and has even put the issue of breach of contract to the jury. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2019 WL 4734950, at *4 (E.D. Tex. May 22, 2019) (noting that "[t]he jury found that HTC had failed to meet its burden on its breach of contract claim."); *see also Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376-JRG, Dkt. No. 291 at 2–3 (E.D. Tex. Nov. 29, 2022) ("The Court noted that non-SEPs . . . are part of the totality of Ericsson's conduct in negotiation for SEP licenses under FRAND terms."). The Federal Circuit has also analyzed obligations to standards organizations in the context of global patent portfolios. *See Lenovo (U.S.), Inc.*, 120 F.4th at 878 ("[A] party that has made an ETSI FRAND commitment must have complied with the commitment's obligation to negotiate in good faith over a license to its SEPs . . . .").

Wilus relies heavily on *Optis v. Apple*, but that case is distinguishable. **First**, Optis sought a declaration that it had complied with its FRAND obligations "under French law." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *1 (E.D. Tex. Mar. 2, 2020) ("*Apple I*"); *see also Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, at *7–8 (E.D. Tex. July 11, 2018) ("Huawei points out that the declaratory judgment claim implicates foreign patents and *foreign FRAND law*." (emphasis added)). The FRAND-based contract at issue here implicates U.S. law. **Second**, in granting summary judgment against Optis, "the Court elect[ed] not to exercise its jurisdiction" based in large part on its broad discretion in adjudicating declaratory judgment actions. *Apple I*, 2020 WL 999463, at *3 (stating that "Plaintiffs 'devoted their briefing to [issues of] jurisdiction but lost sight of the fact that [Plaintiffs] want a declaratory judgment,' which is always discretionary regardless

5

where the Court's jurisdiction is grounded." (citing *Huawei*, 2018 WL 3375192, at *8)). In stark contrast, Samsung's counterclaims here are not for a declaratory judgment.

Moreover, Wilus's argument, based on *Optis v. Apple*, that the counterclaims would fail even if limited to U.S. patents, is also incorrect. *Contra* Mot. at 5. **First**, in *Optis v. Apple*, this Court found that Optis's pleadings with respect to U.S. patents were sufficient. *See Apple I*, 2020 WL 999463, at *4 ("[T]he present case sits in a very different procedural posture from the *Huawei* case. . . . Plaintiffs have alleged that Apple has accused them of violating their obligations under U.S. law and further alleged that their global license offers satisfied their obligations under U.S. law. The Court finds that these pleadings are enough to survive a Rule 12 motion."). Here, Samsung has pled facts showing Wilus breached its FRAND commitments with respect to U.S. patents because Wilus (acting via its licensing agent Sisvel) offered Samsung a global patent portfolio that includes the U.S. patents that are the subject of Wilus's offensive case. *See* Dkt. 106 ¶¶ 15–17; Dkt. 107 ¶¶ 15–17. Samsung's pleadings regarding Wilus's breach of FRAND obligations with respect to U.S. patents are sufficient at this stage. **Second**, the Court in *Optis v. Apple* exercised its discretion to decline to issue a declaratory judgment after Optis failed to present evidence of licensing offers for U.S. patents at a bench trial. *See Optis Wireless Tech., LLC et al. v. Apple*, No. 2:19-cv-00066-JRG, Dkt. No. 542 at CL7 (E.D. Tex. Feb. 9, 2021) ("*Apple II*"). Again, Samsung is not seeking a declaratory judgment regarding FRAND issues here. Further, Samsung has not yet had an opportunity to develop its case and present evidence at trial. *See Apple I*, 2020 WL 999463, at *4 ("The Court is not prepared to conclude, at this early stage, that the U.S. components of the license offers could not be extricated from the foreign components in any meaningful way.").

6

### 2.     Samsung Properly Pleads Breach of FRAND Contract With Respect to Unasserted Patents

Because Wilus (through its licensing agent Sisvel) chose to only make a portfolio offer, Samsung properly pleads breach of contract regarding that offer for Wilus's alleged Wi-Fi 6 SEPs. Specifically, Samsung's counterclaims allege Wilus breached its FRAND commitment by "refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, failing to negotiate and act in good faith, and . . . using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 106 at 56 (¶ 53); Dkt. 107 at 53 (¶ 53). Indeed, Wilus has made claims of Wi-Fi 6 standard essentiality regarding the asserted patents and many other patents, as confirmed by its Complaint, and its FRAND obligations extend to all of these patents **based on Wilus's offer via Sisvel**. *See Wilus Inst. of Standards and Tech. Inc. v. Samsung Elecs. Co. et al.*, No. 2:24-cv-00746, Dkt. No. 1, ¶¶ 4–5 (E.D. Tex. Sept. 11, 2024) (alleging the letter Sisvel sent Samsung included a "list of Pool Wi-Fi 6 SEPs evaluated by independent third-party patent evaluators as being essential to the Wi-Fi 6 Standard," and that the list "included the '077, '281, '595, and '210 patents."); *see also Wilus Inst. of Standards and Tech, Inc. v. Samsung Elecs. Co. et al.*, No. 2:24-cv-00765, Dkt. No. 1, ¶¶ 4–5 (E.D. Tex. Sept. 20, 2024). Thus, the fact that Samsung's allegations involve an offer with other patents Wilus also chose to include does not doom Samsung's counterclaims. *Contra* Mot. at 5–6.

### 3.     Samsung Pleads Other, Independent Grounds For Counterclaim 1 That Are Not Challenged By Wilus's Motion

Additionally, Samsung pleads separate grounds supporting counterclaim 1 that are unaddressed in Wilus's motion. In particular, counterclaim 1 alleges Wilus failed to abide by its "contractual obligation to timely disclose that Wilus was the owner of potentially essential patent claims" and therefore "breached their obligation to the IEEE" and to Samsung. Dkt. 106 at 56 (¶ 54); *see also* Dkt. 107 at 53 (¶ 54). The specifics of these allegations are based solely on the patents

7

in suit, and do not implicate any of the purported issues Wilus raises in challenging the counterclaim (*e.g.*, foreign or unasserted patents). *See* Dkt. 106 at 56-58 (¶¶ 54–57); Dkt. 107 at 53–55 (¶¶ 54–57). As such, this presents another, independent basis for which Wilus's motion should be denied.

### B. Samsung Has Sufficiently Pled Counterclaim 2 (Breach of Duty of Good Faith).

Wilus's challenge to counterclaim 2[2] is based entirely on its argument that counterclaim 1 should be dismissed. *See* Mot. at 6. Because, as shown above, Samsung has sufficiently pled its breach of contract claim, Wilus's argument regarding counterclaim 2 fails.

## III. CONCLUSION

For all of these reasons, Samsung respectfully requests that the Court deny Wilus's motion.

---

[2] Section IV.C in Wilus's Motion wrongly refers to "Counterclaims 3 and 4 (Breach of Duty of Good Faith)," but Samsung's counterclaim for breach of duty of good faith is counterclaim 2. *See* Dkt. 106 at 58-62 (¶¶ 60-73); Dkt. 107 at 55-58 (¶¶ 59-71).

8

Dated: May 28, 2025	Respectfully submitted,

/s/ Ralph A. Phillips
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman

9

CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 28, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Ralph A. Phillips
Ralph A. Phillips