# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

**COUNTERCLAIM DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS HP INC.'S AMENDED COUNTERCLAIMS 1–6, 15–16**

TABLE OF CONTENTS

I. Counterclaims 1 and 2 Improperly Seek Adjudication of Foreign Patents ........................... 1

II. Counterclaims 1 and 2 Improperly Seek Adjudication of Non-party Patents ....................... 2

III. Counterclaims 1 and 2 Improperly Include Unasserted Patents ........................................... 2

IV. Sisvel Is Not Bound by the Pool Members' IEEE Commitments Under Any Theory .......... 3

V. Promissory Estoppel Claims Cannot Be Based on an Alleged FRAND Breach ................... 4

VI. The Requested Declaratory Judgments for a Global Rate Serve No Useful Purpose ........... 4

HP's assertion that dismissing its improperly pled FRAND counterclaims would permit patent owners to "circumvent their FRAND commitments" (Opp. at 1) is not true. Wilus—the sole patent owner in-suit—has always been and remains willing to grant HP a FRAND license. HP is not automatically entitled to sue for breach of contract just because it declined to take a license—to either Wilus patents or all patents in Sisvel's pool. This Court—like it has in similarly situated scenarios—should decline to invest significant Court and jury resources to determine a global FRAND rate for the *thousands* of patents in Sisvel's pool, which include foreign patents, third party patents, and patents never asserted in litigation. HP's DJ claims improperly seek advisory opinions that would merely serve as a starting point for HP's licensing discussions with Wilus because non-party patent owners should not be forced to accept a court-determined discounted pool rate when they are only obligated to offer bilateral FRAND licenses.

I. **Counterclaims 1 and 2 Improperly Seek Adjudication of Foreign Patents**

HP's arguments regarding diversity jurisdiction under § 1332 and the authority of district courts to adjudicate contract claims relating to FRAND obligations (Opp. at 2–3) are irrelevant to the issues at hand. Indeed, this Court rejected a similar argument, finding "the principles of comity … not to interfere with the patent laws of foreign countries" do not apply with "any less force simply because the plaintiffs and the defendant are [diverse]." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020); *see also Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192, at *8–9 (E.D. Tex. July 11, 2018) (dismissing breach of FRAND claim "as to the non-U.S. patents").

HP does not dispute that the "Alleged Wi-Fi 6 SEPs" include foreign patents, and instead attempts to distinguish *Optis* (and its attendant decision not to set foreign patent FRAND rates) on the ground that it involved a DJ claim, whereas HP's claim is for breach of contract. But in both *Optis v. Apple* and *Optis v . Huawei*, this Court made clear that its reasoning would indeed "apply

1

to a hypothetical breach of contract claim." *Optis*, 2018 WL 3375192, at *8. Furthermore, HP's DJ claims do seek a determination as to whether Wilus/Sisvel satisfied FRAND obligations and a determination of "global" FRAND rate for all Wi-Fi SEPs in Sisvel's patent pool, which includes thousands of foreign patents. Dkt. 104 ¶¶ 100, 113. *None* of HP's cited cases hold that it is proper for a U.S. district court to determine a party's FRAND obligations with respect to foreign patents.

The *HTC Corp. v. Telefonaktiebolaget LM Ericsson* case on which HP heavily relies is easily distinguishable, because, unlike here, all relevant parties/patent owners (HTC and Ericsson) "sought declarations of whether Ericsson's offers were FRAND." No. 6:18-CV-00243-JRG, 2019 WL 4734950, at *5 (E.D. Tex. May 22, 2019). The *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 120 F.4th 864, 869 (Fed. Cir. 2024) case is also distinguishable as it concerned the issue of whether the district court properly denied a foreign-antisuit-injunction request.

## II. Counterclaims 1 and 2 Improperly Seek Adjudication of Non-party Patents

HP's pleading contradicts its assertion that "[t]here are no 'non-party' patents" (Opp. at 5). *See* Dkt. 104 ¶ 27. While HP vaguely suggests that Wilus's alleged breach pertains to "*at least* the Asserted Patents" (Opp. at 5), HP does not limit Counterclaim 1 to patents owned by Wilus.[1] HP fails to explain how Wilus could be bound by FRAND obligations for patents it does not own. And the fact that Sisvel allegedly has "the right to grant licences to all Wi-Fi 6 standard essential patents *owned or controlled by the participating patent owners*" (Opp. at 5) does not save HP's claims. This allegation instead makes clear that Sisvel does *not* own or control the patents in the pool.

## III. Counterclaims 1 and 2 Improperly Include Unasserted Patents

HP admits that the alleged refusal to offer a license on FRAND terms is based on Wilus

---

[1] Unlike HP, after Wilus and Sisvel filed a similar motion to dismiss Samsung's counterclaims, Samsung amended its counterclaims to limit the "Alleged Wi-Fi SEPs to only "[t]he *Wilus* patents that formed the offers made by Sisvel." Dkt. 106 ¶ 17 (emphasis added). HP's decision not to do so is fatal to is request for adjudication of issues related to non-party patents.

2

"bringing this lawsuit." Opp. at 6; *see also* Dkt. 104 ¶ 45. HP's assertion that "Wilus's infringement allegations are broader than the asserted patents" (Opp. at 6) is nonsensical, as Wilus's patent infringement complaints are clearly limited to the eight asserted patents. *See* Dkt. 1. HP does not allege, nor can it, that Sisvel's notice letters, which *HP admits* expressly offered a license *on FRAND terms* (Dkt. 104 ¶¶ 43–45), constituted a breach of FRAND obligations.

## IV. Sisvel Is Not Bound by the Pool Members' IEEE Commitments Under Any Theory

Each of HP's theories for binding Sisvel to any IEEE commitments are without merit. First, HP asserts that Sisvel is bound "under patent law" because a "third-party beneficiary to a contract also has rights against a transferee." Opp. at 7. But the cases cited by HP concern transfers in patent *ownership.* It is undisputed that Sisvel does not own any of the Alleged Wi-Fi SEPs. Nor does the *Continental* case support binding an agent to a patent owner's FRAND promises, as the cited portion is merely *dicta* from an opinion addressing Article III standing (the court found no injury in fact and dismissed the claims). In any event, the opinion was later *withdrawn*, *Cont'l Auto. Sys., Inc. v. Avanci, L.L.C.*, 36 F.4th 1185 (5th Cir. 2022).

HP's assertion that Sisvel is bound "under agency law" because "an agent is bound by the duties of its principal" (Opp. at 8) also fails. Agency law provides that "an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 445 (3d Cir. 1999) (citing Restatement (Second) of Agency § 320). The *Veleron* case cited by HP simply states that an agent is bound by the *legal* duties of its principal under federal securities laws, such as the duty of confidentiality. *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 455 (S.D.N.Y. 2015). The court expressly noted that the duty at issue was imposed "as a matter of law, not contract." *Id.*

HP's assertion that Sisvel is bound under "a theory of contract law" (Opp. at 9) completely misses the mark. Restatement of Contracts § 311 concerns the power of a promisor and promisee

3

to modify duties to an intended beneficiary. Under the alleged facts regarding the LoA submitted by Wilus (*see id.*), this would only mean that Wilus (promisor) and the IEEE (promisee) no longer have the power to modify the terms of "*Wilus's* FRAND commitments" (*id.* (emphasis added)). It does *not* operate to bind non-signatory/non-promisor Sisvel to Wilus's promises to the IEEE.

HP's reliance on the IEEE Bylaws is equally misplaced. The quoted Rule 6.2 is labeled a *policy* rule and simply prohibits a submitter from assigning or otherwise transferring rights in essential patent claims "with the intent of circumventing or negating any of the representations and commitments made in the Accepted Letter of Assurance." It does not somehow operate to unilaterally bind a third-party non-signatory, such as Sisvel, to the patent owner's LoA. Moreover, HP's bald assertion that Wilus and the other pool members transferred rights in the essential patent claims (Opp. at 9) is unsupported. Granting an alleged "agent" the non-exclusive right or authority to enter into sub-licenses is not a transfer of rights within the meaning of the rule.

HP has not plead facts to support binding Sisvel to Wilus's (and the other pool members') promises, and HP's breach of contract and promissory estoppel claims against Sisvel fail.

## V.      Promissory Estoppel Claims Cannot Be Based on an Alleged FRAND Breach

HP's attempt to distinguish *Haier v. Samsung* on the ground that it also involved an order from the FCC is without merit. The court in that case held that "*promises to ATSC* [a SSO comparable to the IEEE] and the FCC to provide licenses on FRAND terms" is not an actionable promise. 2018 WL 4288617, at *17 (N.D.N.Y. Sept. 7, 2018) (emphasis added).

## VI.     The Requested Declaratory Judgments for a Global Rate Serve No Useful Purpose

While Wilus does not dispute courts' general "authority to adjudicate claims arising from a SEP owner's FRAND commitments" (Opp. at 12), HP cites no case where a court has been willing to set a global FRAND rate outside the context of adjudicating a breach of contract dispute, particularly where the patent pool at issue involves foreign patents, patents owned by various non-

parties who have not consented to such a determination, and patents for which HP has never actually sought a license. HP asserts that it merely wants to "ensure that Sisvel and Wilus uphold their commitments to the IEEE" (Opp. at 13) in the event HP later decides to take a license. This seeks an improper advisory opinion—HP still has not agreed to actually sign a license to Wilus's patents, much less all of the patents in Sisvel's Wi-Fi 6 pool. HP merely wants a court-determined *rate* to serve as a starting point for potential future negotiations after all other options are exhausted (likely through litigation). HP's consent to be bound by such court-determined rate is inconsequential. Of course HP would be bound by the very declaratory judgment it is requesting this Court to provide.[2]

As noted above, in *HTC*, both parties sought FRAND determinations. The same was true in *Microsoft v. Motorola*, 795 F.3d 1024, 1038 (9th Cir. 2015) ("Motorola affirmatively consented to a bench-trial determination of the RAND royalty rate for each SEP portfolio."). *Lenovo v. Ericsson* is a UK case, but *U.S.* courts are of "limited jurisdiction." *Optis*, 2018 WL 3375192, at *8. HP's assertion that *Tesla* is different because *Sisvel* has "the *right* to grant licenses" to all Wi-Fi 6 SEPs (Opp. at 15) misses the point. HP still fails to identify any *contractual obligation* to license the Wi-Fi 6 SEPs *on a collective basis*, because none exists. HP can either seek bilateral FRAND licenses from individual SEP owners, *or* it can obtain a heavily discounted rate for the entire pool from Sisvel. But HP is *not* entitled to have this Court determine a discounted collective rate for the pool to assert against individual SEP owners who never agreed to such a determination in the first place. The *Tesla* court rejected this very argument (¶¶ 227–32), explaining that SEP owners cannot be subjected to the court's determination of the rate offered by the pool administrator. This Court should do the same, based on the same sound reasoning.

---

[2] It also bears noting that Sisvel's authority to negotiate and enter into licenses on behalf of the pool members is not unlimited. So even if the court-determined rate is binding on HP, it may not be enforceable as against Sisvel and the non-party pool members.

Dated: May 29, 2025                                    Respectfully submitted,

                                                       /s/ *Reza Mirzaie*
                                                       Marc Fenster
                                                       CA State Bar No. 181067
                                                       Email: mfenster@raklaw.com
                                                       Reza Mirzaie
                                                       CA State Bar No. 246953
                                                       Email: rmirzaie@raklaw.com
                                                       Dale Chang
                                                       CA State Bar No. 248657
                                                       Email: dchang@raklaw.com
                                                       Neil A. Rubin
                                                       CA State Bar No. 250761
                                                       Email: nrubin@raklaw.com
                                                       Jacob Buczko
                                                       CA State Bar No. 269408
                                                       Email: jbuczko@raklaw.com
                                                       Jonathan Ma
                                                       CA State Bar No. 312773
                                                       Email: jma@raklaw.com
                                                       Mackenzie Paladino/
                                                       NY State Bar No. 6039366
                                                       Email: mpaladino@raklaw.com
                                                       RUSS AUGUST & KABAT
                                                       12424 Wilshire Blvd. 12th Floor
                                                       Los Angeles, CA 90025
                                                       Phone: (310) 826-7474

                                                       Andrea L. Fair
                                                       Email: andrea@millerfairhenry.com
                                                       MILLER FAIR HENRY PLLC
                                                       1507 Bill Owens Parkway
                                                       Longview, TX 75604
                                                       Phone: (903) 757-6400

                                                       *Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

## CERTIFICATE OF SERVICE

I certify that on May 29, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
