# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00764-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG-RSP [Member Case] |

**COUNTERCLAIM PLAINTIFF'S SURREPLY TO COUNTERCLAIM DEFENDANT'S <u>MOTION TO DISMISS COUNTERCLAIMS 1-6 AND 15-16</u>**

# TABLE OF CONTENTS

I. Counterclaims 1 and 2 are properly pled. ........................................................................ 1

    A. Wilus and Sisvel's "foreign patents" argument is a red herring. ........................ 1

    B. "Non-party patents" do not preclude HP's counterclaims. ................................. 2

    C. "Unasserted patents" do not preclude HP's counterclaims. ............................... 3

II. Sisvel is bound by the pool members' FRAND commitments. ....................................... 3

III. HP has properly pled a "promise" to support a promissory estoppel claim. ............... 4

IV. HP's request for a declaratory judgment undoubtedly would serve a "useful purpose" towards a judicial resolution. ........................................................................... 5

V. Conclusion ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) ...............................2

*Haier v. Samsung*,
  2018 WL 4288617 (N.D.N.Y. Sept. 7, 2018) ...........................................................................4

*Haier v. Samsung*,
  No. 1:17-cv-00921-TJM-DEP, Dkt. 1 (N.D.N.Y. Aug. 21, 2017) ............................................4

*Hewitt v. Helms*,
  482 U.S. 755 (1987) ..................................................................................................................5

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018) ............................1, 2

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
  921 F. Supp. 2d 903 (N.D. Ill. 2013) ........................................................................................4

*InterDigital, Inc. et al v. The Walt Disney Company et al*,
  Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025) ........................2

*Minn. Min. & Mfg. Co. v. Norton Co.*,
  929 F.2d 670 (Fed. Cir. 1991)...................................................................................................5

*Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*,
  No. 2:12-CV-100-JRG-RSP, 2013 U.S. Dist. LEXIS 191218 (E.D. Tex. 2013) ......................5

*Optis Wireless Tech., LLC v. Apple Inc.*,
  No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020)....................................1

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*,
  2014 WL 12588293 (C.D. Cal. Sept. 30, 2014) .......................................................................5

*Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*,
  120 F.4th 864 (Fed. Cir. 2024) .................................................................................................2

Wilus and Sisvel's Reply rehashes arguments presented in its opening motion without responding to the deficiencies raised in HP's response. Wilus made FRAND commitments to the IEEE, and Sisvel relies on pool members' FRAND commitments as it promotes the pool. But here, Wilus and Sisvel argue that Sisvel is exempt from FRAND commitments, despite Sisvel's having the "right to grant licenses to all Wi-Fi 6 standard essential patents owned or controlled by the members of the patent pool," the "right to license the Licensed Patents . . . and to grant certain rights and releases thereunder to third parties," and the "right to grant a covenant not to sue . . . on behalf of Patent Owners and Patent Owners' Affiliates[,]" and the ability to set the rate for a pool license. Dkt. 120 ("Resp.") at 8. Thus, the Court should deny Sisvel and Wilus's motion to dismiss.

## I.     Counterclaims 1 and 2 are properly pled.

### A.     Wilus and Sisvel's "foreign patents" argument is a red herring.

Wilus and Sisvel do not contest that diversity jurisdiction under § 1332 applies to HP's counterclaims 1 and 2. They again point to *Optis*, an action for a declaratory judgment. The parties "devoted their briefing to issues of jurisdiction but lost sight of the fact that Plaintiffs want a declaratory judgment." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020). HP's counterclaims 1 and 2 are for breach of contract, claims that do not require the court to exercise discretion. "Comity" is not a reason for the Court to decline to exercise legitimate subject matter jurisdiction over claims involving diverse parties. Wilus and Sisvel also do not contest that the Court, sitting in a diversity matter, could determine parties' obligations with respect to foreign property, even if there were no patents in the case.

The Court may properly adjudicate disputes that involve a global patent portfolio. Dkt. 120 at 2-5. For example, in *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, Ericsson's counterclaims argued that HTC had breached its FRAND obligations generally, with regard to its SEPs—it did not limit its allegations to U.S.-only patents. *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No.

1

6:18-CV-00243-JRG, 2018 WL 6617795, at *6 (E.D. Tex. Dec. 17, 2018). Similarly, in the *G+* case, Samsung's breach of contract allegations related to FRAND conduct were not limited to the plaintiff's conduct with respect to only U.S. patents. *See G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2022 WL 4593080, at *2 (E.D. Tex. Sept. 29, 2022) (noting that Samsung's allegations included plaintiff "failing to negotiate in good faith by seeking and obtaining a preliminary injunction against Samsung in Brazil in the early stages of discussions"); *see also* Resp. at 3. Recently, a CDCA court rejected a similar motion to dismiss breach of contract counterclaims where foreign patents were involved. *InterDigital, Inc. et al v. The Walt Disney Company et al*, Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025).

Wilus and Sisvel's attempts to distinguish *HTC* and *Lenovo* fail. That both parties sought FRAND declarations is irrelevant—the Court adjudicated the dispute, though the dispute involved a global patent portfolio. *HTC*, 2018 WL 6617795, at *2. And in the *Lenovo* case, a U.S. court again resolved a dispute that involved foreign patents—notwithstanding that it involved a foreign antisuit-injunction request. *Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024). That a case "involves" foreign patents does not preclude jurisdiction.

### B. "Non-party patents" do not preclude HP's counterclaims.

Wilus and Sisvel's argument that counterclaims 1 and 2 are precluded because of "non-party patents" also fails. HP is not arguing in Counterclaim 1 that the Court should find that Wilus breached its FRAND obligations by failing to offer a license for patents that other pool members own or control. In Counterclaim 2, however, HP properly alleges that Sisvel has breached with regard to all pool patents—because Sisvel controls and is able to license all pool patents. Thus, there are no "non-party" patents because all patents are either controlled by Sisvel or controlled by Wilus. Wilus and Sisvel have each breached their respective FRAND obligations with respect to the patents they own and control—as HP pled.

### C. "Unasserted patents" do not preclude HP's counterclaims.

Likewise, Wilus and Sisvel's arguments related to "unasserted patents" fail for the same reason. HP alleged breach of contract with respect to both Wilus and Sisvel. Wilus and Sisvel cite no authority for the proposition that "unasserted patents" preclude a breach of contract claim. HP alleged that Wilus breached by refusing to offer HP a license on FRAND terms, failing to negotiate and act in good faith, and by using injunctive relief to obtain leverage in licensing negotiations. Dkt. 120 at 6. Indeed, Wilus did not contact HP at all before filing this lawsuit. Dkt. 104 (HP's Counterclaims) ¶ 45. Further, while some patents under Wilus's control remain unasserted, Wilus has filed three different lawsuits to date—showing it is willing to file suit after suit until it has no patents left to assert. Wilus cites no authority for the proposition that HP must wait for Wilus to sue or threaten to sue on every patent it owns before suing Wilus for breach of its FRAND obligations, or that HP must limit its allegations only to the asserted patents. Further, HP alleged that Sisvel breached by the same conduct as Wilus, and further, by acting with Wilus in bringing the lawsuits. *See, e.g.*, HP's Counterclaims ¶¶ 57–66. The fact that Sisvel asserted that its own offer was FRAND does not defeat HP's breach counterclaim—the offer was not FRAND.

### II. Sisvel is bound by the pool members' FRAND commitments.

Sisvel is bound because the pool members are bound. Dkt. 120 at 6-10. Sisvel advertises not only that its pool patent owners are bound by FRAND commitments, but that **Sisvel** "is making the valuable portfolios included in the pool accessible on fair, reasonable, and non-discriminatory terms and conditions . . . under the participating patent owners' patent portfolios essential to the 802.11ax specification." HP's Counterclaims ¶¶ 18, 39. Sisvel has expressly adopted the FRAND commitments of the patent owners. HP's Counterclaims ¶¶ 26–41.

Regarding the patent cases cited by HP, Wilus and Sisvel admit that those cases have held that FRAND commitments apply to transferees of a patent—what counterclaim defendants call

3

"transfers in patent ownership." *In re Innovatio IP Ventures, LLC Pat. Litig.*, 921 F. Supp. 2d 903, 923 (N.D. Ill. 2013) ("In other words, Innovatio's predecessors made a contractual promise to Cisco to offer licenses on RAND terms to all users of the relevant IEEE standards. If Innovatio fails to perform that obligation to any of those users, Cisco can sue Innovatio to recover all foreseeable damages it suffers because of that breach."). Wilus and Sisvel make no attempt to explain why a transferee of the patent would be bound by the FRAND commitments of the predecessor, but a transferee of the *right* to license the patent would not be. If Wilus and Sisvel are correct, FRAND obligations are eviscerated. The standards participants would not need to use a pool—they could simply transfer the *right* to license their patents to another entity, under their control, and demand supra-FRAND rates for their patents. The consequence of Wilus and Sisvel's argument is that an implementer like HP must sue all eight pool members to allege that they breached their FRAND commitment. Wilus and Sisvel's argument must be rejected.

### III. HP has properly pled a "promise" to support a promissory estoppel claim.

HP has pled sufficient facts to show an "actionable promise" for its promissory estoppel claim. *Haier v Samsung* remains distinguishable. 2018 WL 4288617, at *13-17 (N.D.N.Y. Sept. 7, 2018). In *Haier*, even assuming ATSC is a comparable SSO organization to IEEE, no specific agreements or representations between the defendants and ATSC were identified by the plaintiff in its complaint.[1] *Id.* Here, HP has identified *two* Letters of Assurance that Wilus publicly filed with the IEEE organization, which detail Wilus's promise to license its Wi-Fi 6 SEPs on FRAND terms. Thus, HP sufficiently pled promissory estoppel.

---

[1] *See Haier v. Samsung*, No. 1:17-cv-00921-TJM-DEP, Dkt. 1 at 45 (N.D.N.Y. Aug. 21, 2017) ("**Upon information and belief**, Defendants made representations and engaged in other conduct, including representations and/or omissions to the FCC and/or ATSC that obligated them to license any patents they may own that they allege are required to operate in accordance with the ATSC standard, on FRAND terms.") (emphasis added).

### IV. HP's request for a declaratory judgment undoubtedly would serve a "useful purpose" towards a judicial resolution.

HP's request for a declaratory judgement serves a "useful purpose" because it will help in "clarifying and settling" the parties' dispute regarding the appropriate FRAND rate for a license to Sisvel's Wi-Fi 6 patent pool. *Minn. Min. & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672-73 (Fed. Cir. 1991). Wilus and Sisvel miss the point. HP has agreed to be bound by the Court's rate setting. Further, having a Court-determined FRAND rate is not simply a "starting point", this judicial declaration is important to changing the rights and behaviors of the parties because it will serve to resolve one of the major disputes among the parties—HP, Wilus, and Sisvel—in finalizing an agreement to a license. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). As such, the Court's declaratory judgment amounts to more than just an advisory opinion.

Wilus and Sisvel have not shown that both parties are required to agree to the Court's FRAND determinations. Indeed, one party's agreement is sufficient. *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson,* 2014 WL 12588293, at *5 (C.D. Cal. Sept. 30, 2014). Furthermore, at this stage, HP has pled sufficient facts to show that Sisvel does have the right to grant a license to **all** patents in the Wi-Fi 6 patent pool on behalf of **Wilus and all** other pool members. HP's Counterclaims ¶ 40; Opp. at 15. Wilus' disagreement as to HP's interpretation of Sisvel's contractual obligation to Wilus and the other pool members is not a basis to dismiss HP's counterclaims. *Novelpoint Sec. LLC v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-100-JRG-RSP, 2013 U.S. Dist. LEXIS 191218, at *6 (E.D. Tex. 2013) ("A motion to dismiss is not the proper mechanism for the Court make an 'assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder'").

### V. Conclusion

For all of these reasons, HP respectfully requests that the Court deny Wilus' and Sisvel's motion.

Date: June 6, 2025

Respectfully submitted,

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
**Fish & Richardson P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
**Fish & Richardson P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
**Gillam & Smith, LLP**
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Counterclaim Plaintiff HP Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 6, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua
