# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |

**COUNTERCLAIM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SAMSUNG AMENDED COUNTERCLAIMS 1–2**

I.  **INTRODUCTION**

Samsung's arguments in opposition are without merit and only further confirm that it has failed to plausibly allege that Wilus breached its alleged FRAND obligations. And even if Wilus's initiation of these lawsuits after *over three years* of correspondence with Samsung regarding a license could plausibly be construed as a breach, Samsung's counterclaims improperly seek remedies well beyond the eight asserted patents as they encompass several hundred other patents not asserted against Samsung in litigation, including foreign patents outside this Court's jurisdiction. Counterclaims 1 and 2 should be dismissed.

II.  **ARGUMENT**

  A.  **Samsung Has Failed to Plausibly Allege that Wilus Breached Its FRAND Obligations**

Paragraph 15 of Samsung's counterclaims alleges that in April 2022, Sisvel sent a letter to Samsung "offering a license to the Wi-Fi 6 SEPs in its pool," and then in January 2023, Sisvel sent another letter "and ***again offered to provide Samsung with a license to the Wi-Fi 6 patent pool***, specifically referencing the '077, '281, '595, and '210 patents, ***'under fair, reasonable, and non-discriminatory ('FRAND') terms.'***" Dkt. 106 ¶ 15 (emphasis added). The next paragraph alleges that Samsung and Sisvel corresponded over three years, during which time "Samsung attempted to understand Sisvel's licensing model," and then "for unknown reasons and without warning, on September 11, 2024, Wilus, a member of Sisvel's Wi-Fi 6 patent pool, filed this suit against Samsung." *Id.* ¶ 16.[1]

Nowhere does Samsung allege that *Samsung* actually *sought* a license to Wilus's Wi-Fi 6

---

[1] During years of discussions, Sisvel presented multiple offers to Samsung for licenses that included the patents that Wilus has asserted in this action, including offers for Samsung to take a license to the entire Sisvel Wi-Fi 6 patent pool or for Samsung to license only the Wilus patents from the pool.

SEPs – whether a Wilus only license or through the pool, that Wilus (or Sisvel, on behalf of Wilus) refused to negotiate with Samsung, or even that they refused to provide further information about Sisvel's licensing model. Rather, the counterclaims make clear that Wilus/Sisvel continued to pursue negotiations with Samsung for *over three years*, and that Samsung was not interested in signing a license because it purportedly could not understand Sisvel's licensing model—not because it believed the offer was not FRAND or due to any other failure on Wilus's part. Indeed, Samsung does not assert that it ever even made any counteroffers or otherwise attempted to negotiate the terms offered by Wilus/Sisvel—just that it "attempted to understand" the licensing model." *Id.* ¶ 16.

Samsung's opposition could not point to *any conduct* that could plausibly support a breach of Wilus's FRAND obligations, and instead asserts that "Wilus's breach flows from its choice to make an indirect offer" of all the Wi-Fi 6 SEPs. Opp. at 1. This makes no sense. An offer is just that—an offer ("indirect" or otherwise). An offer is not a breach, especially where that offer expressly indicated Wilus's and Sisvel's intent to grant a license on FRAND terms. *Id.* ¶ 15. In other words, Wilus fulfilled its FRAND obligations. Wilus was not obligated to continue corresponding with Samsung indefinitely and simply let Samsung hold-out and continue to infringe its patents.

Samsung's claim that Wilus breached its FRAND commitments is contradicted by Samsung's own allegations and should be dismissed.

**B.     Counterclaims 1 and 2 Fail to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in These Cases**

Samsung's conclusory allegation that "Wilus breached its FRAND commitment by 'refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs on FRAND terms and conditions'" (Opp. at 7, citing Dkt. 106 ¶ 53) is not only unsupported by any specific facts, but is

2

directly contradicted by Samsung's own allegation that Sisvel's letters "offered to provide Samsung with a license to the Wi-Fi 6 patent pool … 'under … FRAND … terms.'" Dkt. 106 ¶ 15. Thus, even under the most generous interpretation of Samsung's breach of contract allegations, the alleged "breach" could only be based on Wilus bringing these lawsuits ("without warning," despite no obligation to provide any such warning, and despite Wilus/Sisvel corresponding with Samsung regarding a license for over three years). *Id.* ¶ 15. These consolidated lawsuits are limited to the eight patents asserted in Wilus's complaint. Dkt. 1. Accordingly, there has been no plausible breach with respect to patents not asserted in these actions, Samsung's breach of contract counterclaim necessarily fails as to those unasserted patents.

      **C.    This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents**

Samsung does not dispute that the "Alleged Wi-Fi 6 SEPs" include foreign patents. Instead, Samsung attempts to distinguish this Court's prior decisions holding it lacks subject matter jurisdiction over foreign patents on the ground that *Optis v. Apple* concerned a claim for declaratory judgment under foreign law, whereas "Samsung's counterclaims here are not for a declaratory judgment." Opp. at 6. But in both *Optis v. Apple* and *Optis v. Huawei*, this Court made clear that its reasoning would indeed "apply to a hypothetical breach of contract claim." *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). Furthermore, Samsung's breach claims would require this Court to determine whether Wilus satisfied its FRAND obligations with respect to all of Wilus's Wi-Fi SEPs in Sisvel's patent pool, including hundreds of foreign patents. Determining whether Wilus's license offers were FRAND would in turn require a determination of what a FRAND offer would be—which implicates foreign patents and foreign law.

While it may be true that the court in *Optis v. Apple* allowed the claims to proceed past the

3

pleading stage for the *U.S. patents only*, as explained in Wilus's motion, the court later declined jurisdiction over the *entire claim, including U.S. patents*, because "Optis never made an offer specifically for or limited to its U.S. Patents." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 WL 2349343, at *2 (E.D. Tex. Apr. 14, 2021). There is no need to proceed further here, as the only offer implicated by Samsung's counterclaims was an "indirect offer," through Sisvel, for a "global patent portfolio" to *Sisvel's entire Wi-Fi 6 patent pool*—which includes not only all of Wilus's U.S. and foreign Wi-Fi 6 SEPs, but several hundred other U.S. and foreign Wi-Fi 6 SEPs *owned by third parties* such as Huawei, MediaTek, Panasonic, and Philips. Opp. at 6; Dkt. 106 ¶ 15. Samsung does not allege that Wilus made an offer limited to its U.S. patents. *Optis*, 2021 WL 2349343, at *2.

None of Samsung's cited cases hold that it is proper for a U.S. district court to determine a party's FRAND obligations with respect to foreign patents. *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 120 F.4th 864, 869 (Fed. Cir. 2024) is distinguishable as it concerned the issue of whether the district court properly denied a foreign-antisuit-injunction request. *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794 (5th Cir. 2012) is not even a patent case. *HTC Corp. v. Telefonaktiebolaget LM Ericsson* is distinguishable because, unlike here, all relevant parties/patent owners (HTC and Ericsson) "sought declarations of whether Ericsson's offers were FRAND." No. 6:18-CV-00243-JRG, 2019 WL 4734950, at *5 (E.D. Tex. May 22, 2019). Neither party raised the issue of whether it would be proper for the court to adjudicate foreign patents. Similarly, in *Lenovo (U.S.)*, *supra*, both Ericsson and Lenovo sought global cross-license to SEPs and consented to the Court's FRAND determination. 120 F.4th at 868.

Finally, in a footnote, Samsung asserts that its claims are like those in *HTC Corp. v.*

4

*Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018) (a decision from the same district court case above). Mot. at 4 n.1. But like the other cases Samsung relies on, the parties did not raise, and the court did not address, the propriety of adjudicating rights as to foreign patents. As Samsung notes, the main issued decided in that case was whether Ericsson hand standing as a third-party beneficiary to sue for breach of contract. *Id.* And in *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017), the issue was whether there was an actual controversy to support declaratory judgment jurisdiction. These cases do *not* hold that a district court has jurisdiction over foreign patents. Samsung's counterclaims thus fail to the extent they encompass foreign patents.

### D. To the Extent that Samsung's Counterclaims Allege Two Independent Theories of Breach, They Should at the Very Least Be Dismissed as to the FRAND Theory

Samsung argues that its counterclaims 1 and 2 present two independent grounds for breach, one based upon an obligation to offer a license on FRAND terms and conditions (*see* dkt. 106, ¶¶ 52, 53; dkt. 107, ¶¶ 52, 53) and another based upon an obligation to disclose essential patent claims (*see* dkt. 106, ¶ 54, dkt. 107, ¶ 54). To the extent that the Court determines that Samsung has sufficiently pleaded claims for breach based upon disclosure obligations, it should still dismiss the portions of counterclaims 1 and 2 that are based on breach of a FRAND obligation. *See Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192, at *8–9 (E.D. Tex. July 11, 2018) (dismissing breach of FRAND claim "as to the non-U.S. patents").

### III. CONCLUSION

For the reasons set forth above and in Wilus's motion, Samsung's Counterclaims 1 and 2 should be dismissed.

5

Dated:  June 12, 2025                    Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, and counsel of record were served with a copy via CM/ECF.

*/s/ Reza Mirzaie*
