IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG <br> [Member Case] |

**COUNTERCLAIM PLAINTIFFS' SURREPLY TO COUNTERCLAIM DEFENDANT'S
<u>MOTION TO DISMISS COUNTERCLAIMS 1-2 (DKTS. 116, 131)</u>**

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................................ 1

    A. Samsung Has Sufficiently Pled That Wilus Breached Its FRAND Obligations ................................................................................................................. 1

    B. "Unasserted Patents" Do Not Preclude Samsung's Counterclaims ........................ 2

    C. Wilus and Sisvel's "Foreign Patents" Argument Is A Red Herring ........................ 3

    D. Wilus Concedes That the Relief Sought In Its Motion Is Not Warranted ............... 4

II. CONCLUSION ........................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Motorola Mobility, Inc.*,
   886 F. Supp. 2d 1061 (W.D. Wis. 2012) ...................................................................................3

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*,
   No. 2:21-cv-00430-JRG-RSP, 2023 WL 5284943 (E.D. Tex. July 28, 2023) ..........................3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501 (E.D. Tex. Sept. 30, 2015)...........................5

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) ...............................4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
   No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018) ............................3, 4

*InterDigital, Inc. et al v. The Walt Disney Company et al*,
   Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025) ........................4

*Optis Wireless Tech., LLC v. Apple Inc.*,
   No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020)....................................3

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
   *No*. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)........................3

*Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
   702 F.3d 794 (5th Cir. 2012) .....................................................................................................4

*Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*,
   120 F.4th 864 (Fed. Cir. 2024) ..................................................................................................4

Despite Wilus admitting the asserted patents are FRAND encumbered, Wilus's Reply never answers a fundamental question: If Wilus relies solely on the Sisvel portfolio offers to satisfy its FRAND obligations for the asserted patents, then how can the fact-finder determine breach without evaluating the portfolio offers? As Samsung explains below and in its opposition brief, "unasserted patents" and "foreign patents" do not preclude Samsung's counterclaims on breach of FRAND. On numerous occasions, this Court has adjudicated FRAND disputes involving unasserted patents and foreign patents as part of a portfolio offer. Wilus continues to rely on cases involving declaratory claims and implicating foreign law, but those cases are distinguishable because Samsung is asserting non-declaratory, breach of contract claims involving Wilus's FRAND obligations. At the end of the day, Samsung properly pleaded breach of contract as a matter of law, and Wilus's Motion should be denied.

## I. ARGUMENT

### A. Samsung Has Sufficiently Pled That Wilus Breached Its FRAND Obligations

Wilus improperly faults Samsung for not pointing to any conduct amounting to a breach of Wilus's FRAND obligations. At the outset, Samsung expressly pleads that "Wilus has breached its obligations to the IEEE, to Samsung, and to companies like Samsung by refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, failing to negotiate and act in good faith, and by using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 106 at 56 (¶ 53); *see also* Dkt. 123 at 6 (citing same). Instead of focusing on the relevant express language of the counterclaim, Wilus digresses to a discussion of irrelevant arguments. First, Wilus makes the bare allegation that "Samsung [never] actually sought a license" to Wilus's patents. Dkt. 131 at 1-2. Even if true (it's not, and such factual disagreements are not a basis to grant a motion to dismiss regardless), Wilus fails to explain how this would excuse its failures to abide by its obligations. Likewise, Wilus asserts that because its offer letter

"expressly indicated that Wilus's and Sisvel's intent [was] to grant a license on FRAND terms," its offer was FRAND. *Id.* at 2-3. But such self-serving proclamations by Wilus do not make its offer FRAND and are otherwise irrelevant to the determination of whether the offer was actually FRAND. In sum, none of Wilus's allegations are pertinent to the issue of sufficiency of Samsung's pleading of Wilus's breach of IEEE obligations.

### B. "Unasserted Patents" Do Not Preclude Samsung's Counterclaims

Wilus's argument that counterclaims 1 and 2 are precluded because of "unasserted patents" also fails. *See* Dkt. 131 at 3. Wilus continues to cite no authority whatsoever for the proposition that "unasserted patents" preclude a breach of contract claim especially when Wilus (via Sisvel) bundled such "unasserted patents" with the asserted patents to supposedly satisfy its FRAND obligations. *Id.* Wilus again complains that Samsung's allegation of Wilus's breach of its FRAND commitment is unsupported by specific facts, but, as noted above, that assertion ignores much of Samsung's counterclaim and the opposition arguments. *See supra* § I.A. (citing Dkt. 123 at 3, 6 and Dkt. 106 at 48 and 56 (¶¶15, 16, 52-53)). Lastly, Wilus continues to obfuscate the real issues by referencing the self-serving FRAND offer statement, which is unrelated to the topic of whether "unasserted patents" preclude a breach of contract claim. *See* Dkt. 106 at 15. Regardless, there is no contradiction for Samsung to reference that statement and also allege that Sisvel's offer was, in fact, not FRAND.

Moreover, while some patents under Wilus's control remain unasserted, Wilus has filed three different lawsuits to date—showing it is willing to file suit after suit until it has no patents left to assert. Wilus cites no authority for the proposition that Samsung must wait for Wilus to sue or threaten to sue on every patent it owns before Samsung sues Wilus for breach of its FRAND obligations, or that Samsung must limit its allegations only to the asserted patents.

2

### C. Wilus and Sisvel's "Foreign Patents" Argument Is A Red Herring

Wilus again points to *Optis v. Huawei* and *Optis v. Apple*, each an action for a declaratory judgment where the district court could decline to exercise jurisdiction. Even if *arguendo* the courts' rationale in those cases applies to Samsung's non-declaratory counterclaim, Wilus's argument still fails because the courts declined jurisdiction on the basis that they would be called on to decide issues of foreign law. *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *1 (E.D. Tex. Mar. 2, 2020) ("Plaintiff's further alleges . . . that these declarations formed a FRAND contract under French law."); *Optis Wireless Tech., LLC v. Huawei Techs. Co., No*. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) ("Huawei's claim would require the court to decide whether PanOptis breached a foreign FRAND obligation with respect to a foreign patent."). Here, other than boldly asserting that Samsung's counterclaims implicate foreign law, Dkt. 131 at 3, Wilus fails to identify any relevant foreign law. Nor can it, given that Samsung is asking the Court to adjudicate Wilus's FRAND obligations and compliance under U.S. law. The IEEE contract is governed by U.S. law, unlike the ETSI contract (at issue in *Optis*) that is governed by French law. *See, e.g., Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD*., No. 2:21-cv-00430-JRG-RSP, 2023 WL 5284943, at *2 (E.D. Tex. July 28, 2023) (assessing plaintiff's FRAND obligations and compliance under IEEE Bylaws and Letter of Assurance using U.S. contract interpretation principles); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1082 (W.D. Wis. 2012) (applying "Wisconsin law to Apple's claims concerning IEEE.").

The Court may properly adjudicate disputes that involve a global patent portfolio. Dkt. 123 at 2-6. For example, in *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, Ericsson's counterclaims alleged that HTC had breached its FRAND obligations generally, with regard to its portfolio of standard-essential patents, but it did not limit its counterclaims to U.S.-only patents therein. *HTC*

3

*Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795, at *6 (E.D. Tex. Dec. 17, 2018). Similarly, in the *G+* case, Samsung's breach of contract allegations related to FRAND conduct were not limited to the plaintiff's conduct with respect to only U.S. patents. *See G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2022 WL 4593080, at *2 (E.D. Tex. Sept. 29, 2022) (noting that Samsung's allegations included plaintiff "failing to negotiate in good faith by seeking and obtaining a preliminary injunction against Samsung in Brazil in the early stages of discussions"); *see also* Resp. at 3. Recently, the Central District of California rejected a similar motion to dismiss breach of contract counterclaims where foreign patents were involved. *InterDigital, Inc. et al v. The Walt Disney Company et al*, Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025).

Wilus's attempt to distinguish *HTC* and *Lenovo* fails, especially because Wilus put the global portfolio at issue here. While both parties sought FRAND declarations in the *HTC* case, the Court adjudicated the dispute, even when the dispute involved a global patent portfolio. *HTC*, 2018 WL 6617795, at *2. And in the *Lenovo* case, a U.S. court again resolved a dispute that involved foreign patents—notwithstanding that it involved a foreign antisuit-injunction request. *Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024). Wilus also improperly dismisses *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794 (5th Cir. 2012), as "not even [being] a patent case," but neither are Samsung's counterclaims. Indeed, like Samsung's counterclaim, *Servicios Azucareros* was a breach of contract case involving foreign assets. As such, just because the assets implicated by the contract involve, among others, foreign patents is not a ground to strip the court's jurisdiction.

D. **Wilus Concedes That the Relief Sought In Its Motion Is Not Warranted**

Rather than providing a reason as to why Samsung's counterclaims must be dismissed in their entirety (which is the relief Wilus sought in its motion to dismiss), Wilus's Reply instead asks

4

the Court to fragment the counterclaims and dismiss the portions thereof that are based on Wilus's failure to offer a FRAND-compliant license. By doing so, Wilus effectively concedes that it failed to address all grounds for breach of its FRAND obligations and that the relief it sought in its motion—dismissal of Samsung's counterclaims in their entirety—is not warranted. Wilus should not be permitted to change the relief sought in its Reply. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief.").

## II.   CONCLUSION

For all of these reasons, Samsung respectfully requests that the Court deny Wilus's motion.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070

Facsimile: 202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 20, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Ralph A. Phillips*
Ralph A. Phillips
