# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS SAMSUNG'S AMENDED COUNTERCLAIMS 1–2**

Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology Inc. ("Wilus") hereby provides this notice of supplemental authority in support of its motion to dismiss Samsung's amended counterclaims 1–2 (Dkt. 116).

On July 22, 2025, in *Roku, Inc. v. Access Advance LLC*, No. 1:24-cv-13217-RGS (D. Mass.), the court entered a series of orders granting defendants' motion to dismiss and dismissing the case in its entirety. *Id.* Dkt. Nos. 51–53. Like the present case, *Roku* involved patents that were part of a patent licensing pool. One of the grounds for the motion to dismiss was that the court lacks subject matter jurisdiction to declare a FRAND rate for global patent portfolios because it "would require this Court to determine royalties due on foreign patents and patents owned by dozens of parties not before the Court." *Id.* Dkt. 32 at 1–2, 12–13.

In the minute order at Dkt. 52, the court found: "The court lacks jurisdiction to determine the FRAND rate as requested in Count IX. The U.S. patents constitute only a fraction of the larger portfolio which includes hundreds of foreign patents[,] and the court's opinion on the appropriate royalty rate would merely be advisory."

Here, as in *Roku*, Samsung's counterclaims improperly seek determinations of FRAND terms on foreign patents. Although *Roku* involved declaratory judgment claims, the Court's reasoning that it "lacks jurisdiction" to make determinations with respect to foreign patents still applies to Samsung's breach of contract counterclaims, as those claims similarly require determining whether Wilus complied with its obligations regarding foreign patents in Sisvel's patent pool. Accordingly, the *Roku* decision further supports dismissal of Samsung's counterclaims.

Dated: July 23, 2025                                Respectfully submitted,

/s/ *Neil A. Rubin*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on July 23, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

                                                        /s/ *Neil A. Rubin*