# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

**COUNTERCLAIM DEFENDANT SISVEL INTERNATIONAL S.A.'S MOTION TO STAY ESI DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

I.  **INTRODUCTION**

Counterclaim Defendant Sisvel International S.A. ("Sisvel") hereby moves the Court to stay burdensome ESI discovery as to Sisvel pending resolution of the pending motion to dismiss HP's FRAND counterclaims, filed on April 30, 2025.

While HP's counterclaims are deficient as to both Wilus Institute of Standards and Technology Inc. ("Wilus") and Sisvel, they are especially deficient as to Sisvel, who indisputably does not own any of the Wi-Fi 6 patents, including the patents asserted in this case, and who is not a party to the alleged contract between Wilus and the IEEE. And despite documentation produced by Wilus that refutes any claim by HP that Sisvel is somehow liable to HP for *Wilus's* alleged breach of its FRAND obligations, HP has demanded that Sisvel push forward with discovery— not just on the select Wilus patents asserted in this case, but on the *thousands* of third-party patents in Sisvel's Wi-Fi 6 patent pool. Worse still, HP presses Sisvel for the burdensome collection, search, and review associated with voluminous ESI discovery. Sisvel should not be in this case at all, much less be forced to undertake the burden and expense of producing ESI on HP's legally deficient FRAND counterclaims.

Accordingly, Sisvel seeks a stay of only ESI discovery (Sisvel has already produced documents and responded to interrogatories) pending resolution of the motion to dismiss, which will likely be decided well before the fact discovery cutoff in December. Given the limited and brief nature of the requested stay, as well as the fact that HP has received substantial party discovery from Wilus and Sisvel already, HP will not suffer undue prejudice. On the other hand, in the event the counterclaims against Sisvel are ultimately dismissed, Sisvel will be substantially prejudiced if forced to collect, review, and produce ESI regarding*, inter alia,* the thousands of patents in the Wi-Fi 6 pool, documents and communications relating to the numerous third party

1

patent owners, and other documents identified in HP's letter listing 128 categories of purportedly relevant documents.

## II. BACKGROUND

Wilus filed patent infringement complaints against HP Inc. ("HP") and various other defendants in this Court in September 2024. *See* Dkt. 13. Wilus has asserted a total of eight patents against HP, which generally relate to wireless communications, and the accused products are HP Wi-Fi 6 (802.11ax) enabled devices.

On December 13, 2024, HP answered and filed counterclaims against Wilus and non-party Sisvel. Dkt. 33, 39. Counterclaim Defendants Wilus and Sisvel moved to dismiss Counterclaims 1–6 for breach of contract, breach of the duty of good faith, and declaratory judgment for a global RAND licensing rate. Dkt. 93. In response, HP filed amended counterclaims (Dkt. 104, 105) adding new counts for promissory estoppel (counterclaims 15–16). Dkt. 104 at 62–64.[1]

On April 30, 2025, Counterclaim Defendants moved to dismiss HP's amended counterclaims 1–6 and 15–16. Dkt. 113. As set forth in the motion, HP's FRAND counterclaims fail to state a cognizable claim because they improperly seek determinations as to all of the patents in Sisvel's Wi-Fi 6 patent pool, which includes thousands of foreign patents over which this Court lacks jurisdiction, patents owned by numerous third parties such as Huawei, MediaTek Mitsubishi Electric, Panasonic, Koninklijke Philips, and SK Telecom, and Wilus patents not asserted against HP in these cases. HP's declaratory judgment counterclaims seeking a determination of a global FRAND rate for the patents in Sisvel's Wi-Fi 6 patent pool also improperly seek an advisory opinion.

---

[1] HP's amended counterclaims are substantially identical in both the -752 and -764 cases.

As further set forth in the pending motion to dismiss, HP's FRAND counterclaims fail for another independent reason as against Sisvel: Sisvel does not own any of the Wi-Fi 6 patents—it is merely the pool administrator—and is not a party to, and therefore not bound by, the alleged contract between Wilus and the IEEE arising out of the letters of assurance submitted by Wilus. The briefing on that motion closed on June 6, 2025. Dkt. 129.[2]

On July 10, 2025, HP moved to supplement its opposition the motion to dismiss with, *inter alia*, argument based on the Wi-Fi 6 Patent Pool Agreement between Wilus, Sisvel, and the other patent owners, which Wilus produced in the course of discovery. Dkt. 133. Counterclaim Defendants opposed on the ground that HP's proposed supplement improperly seeks to introduce outside evidence on a Rule 12(b)(6) motion, that the Wi-Fi 6 Patent Pool Agreement does not support imposing liability on Sisvel in any event, and that it in fact only further confirms that (a) HP has no rights under the Wi-Fi 6 Patent Pool Agreement, and (b) HP is improperly seeking an advisory opinion, as Sisvel's rights to grant sublicenses to the Wi-Fi 6 patents in the pool are limited.

Meanwhile, on April 2, 2025, HP sent a discovery letter to Sisvel identifying ***128 categories*** of documents that HP believes to be relevant to this case. Ex. 1. Many of these categories concern documents that are in Wilus's possession, custody, or control and that have already been produced or will be produced *by Wilus*, to the extent they exist and are not privileged. Many other categories concern documents that bear no relevance to Wilus and its patent infringement claims, and seek burdensome production of documents that appear relevant only to HP's deficient counterclaims against Sisvel that are the subject of the pending motion to dismiss. For example, HP's letter identifies:

---

[2] Wilus filed a notice of supplemental authority on July 23, 2025. Dkt. 136.

3

- Category 6: All documents relating to any previous case or controversy involving one or more of the patents within the Sisvel Wi-Fi 6 Portfolio.

- Category 16: All documents in the possession, custody, or control of you, the named inventors, or any researcher regarding the patents within the Sisvel Wi-Fi 6 Portfolio or the alleged inventions disclosed or claimed therein.

- Category No. 17: All documents relating to (a) knowledge of prior art by any researcher or the named inventors, and (b) the date and circumstances pursuant to which each researcher or named inventor first learned of each prior art reference or item.

- Category No. 18: All documents relating to (a) your knowledge of prior art, and (b) the date and circumstances pursuant to which you first learned of each prior art reference.

- Category No. 45: All documents relating to any action or lawsuit, whether threatened, pending, or settled, whether before a civil court, the United States Patent and Trademark Office, or any foreign court or governing body, between Sisvel and any other person that concerns a patent infringement or similar claim regarding the subject matter shown, disclosed or claimed in any patent within the Sisvel Wi-Fi 6 Portfolio, any related patent or any foreign counterpart, including but not limited to pleadings, briefs, transcripts, correspondence, all written discovery, expert reports, settlement agreements, and orders.

- Category No. 126: All documents and communications relating to Sisvel's relationship with the Sisvel Wi-Fi 6 Portfolio members, including as their licensing agent.

- Category No. 127: All documents and communications relating to Sisvel's relationship with each Sisvel Wi-Fi 6 Portfolio member, including but not limited to all contractual, financial, operational arrangements in place with each individual member and with all members collectively, such as Your obligations regarding licensing, revenue sharing arrangements, enforcement and/or litigation, and any relevant negotiation.

Ex. 1.

Notwithstanding Sisvel's objections to these topics, given that HP is broadly seeking discovery regarding the *thousands* of patents in Sisvel's Wi-Fi 6 patent pool, Sisvel's confidential documents and communications relating to all of the third-party participating patent owners, as well as Sisvel's sensitive business information, and the very real possibility that Sisvel may soon

4

be dismissed from this case altogether, Sisvel proposed staying ESI discovery until resolution of the pending motion to dismiss. HP refused.

### III.     LEGAL STANDARD

It is well-established that if a complaint fails to plausibly state a claim for relief, the plaintiff is "not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). Good cause to stay discovery exists when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *Owens v. TransUnion, LLC*, No. 4:20-CV-665-SDJ-KPJ, 2022 WL 17732319, at *1 (E.D. Tex. May 17, 2022); *see also* Fed. R. Civ. P. 26(c)(1). In deciding whether to stay discovery pending resolution of a dispositive motion, courts can consider factors including: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay." *Owens*, 2022 WL 17732319, at *1.

### IV.     ARGUMENT

Good cause exists to stay ESI discovery as to Sisvel pending resolution of Counterclaim Defendants' motion to dismiss HP's FRAND counterclaims. Sisvel does not own any of the asserted patents and is therefore not a plaintiff in this patent infringement dispute. The only reason Sisvel is in this case at all is because of HP's improperly plead counterclaims. But as set forth in detail in the motion to dismiss, there is no cognizable legal theory for making Sisvel, the Wi-Fi 6 patent pool administrator and Wilus's alleged "licensing agent," liable for *Wilus's* alleged breach of its FRAND obligations. Indeed, Samsung did not even file counterclaims against Sisvel despite the fact that its FRAND counterclaims against Wilus contain substantially similar factual

5

allegations regarding Sisvel's alleged FRAND commitment and Sisvel's offers to license the patents in the pool. *See* Dkt. 106 ¶¶ 13–17, 28–45. The Wi-Fi 6 Patent Pool Agreement that HP improperly attempted to introduce on the Rule 12(b)(6) motion to dismiss also confirms that any alleged FRAND commitments owed by Sisvel are to the *patent owners*—not third-parties like HP. *See* Dkt. 134-2 § 15.1.

Accordingly, the motion to dismiss will likely dispose of all counterclaims against Sisvel, and Sisvel seeks a brief stay of ESI discovery until the motion is decided. As held by the Supreme Court, the mere filing of claims does not entitle a plaintiff to even limited discovery. If the claims are deficient, as is likely the case here, HP is not entitled to discovery at all. *See Iqbal*, 556 U.S. at 686; *Owens*, 2022 WL 17732319, at *2 (granting motion to stay discovery "[b]ecause resolving the pending motions to dismiss may reduce and/or preclude the need for discovery altogether"). While Sisvel acknowledges that under Local Rule 26(a), a pending motion to dismiss does not excuse a party "from responding to discovery," Sisvel is not broadly requesting to be excused from responding to discovery at all. Sisvel has already responded to HP's first set of individual interrogatories, and will soon respond to HP's second set of interrogatories to Sisvel. Sisvel has also produced over a thousand pages of documents relating to the asserted patents and Wilus's infringement counterclaims, with more to follow soon. Sisvel is merely seeking a brief stay of collecting, reviewing, and producing ESI given the issues.

A stay is particularly appropriate here given the breadth the discovery sought, which encompasses documents relating to all of the thousands of patents in the Wi-Fi 6 patent pool, and the fact that HP also seeks confidential documents and communications with numerous third parties. A stay would prevent Sisvel from incurring the unnecessary burden and expense related to the responding to, collecting, reviewing, and producing this expansive discovery, and the attendant

6

requirements to notify and secure confirmation from third parties whose confidential information is also implicated. It would also prevent the unnecessary disclosure of sensitive third party information.

The burden of responding to such discovery is likely substantial based on HP's practice of serving generic, overbroad terms resulting in a disproportionate number of hits. For instance, with respect to Wilus, HP served terms such, as "IEEE," "Patent," "Color," "Center," "Filing," and "Trigger*." HP's improper terms resulted in hundreds of thousands of hits.

HP will not be prejudiced by the requested stay. There are still over four months of fact discovery remaining and trial is not until June 2026. The stay will likely be brief, as the motion to dismiss has been pending nearly four months and will likely be resolved soon. In addition, Sisvel's proposed stay is extremely narrow and only pertains to the production of ESI and only as to Sisvel. Nearly all discovery relevant to Wilus's patent infringement claims, the asserted patents, and Wilus and Sisvel's relationship are in Wilus's possession, custody, or control and will be produced by Wilus. Wilus has already produced documents and has begun the ESI discovery process with HP. Further, Sisvel does not seek to stay other forms of discovery, such as interrogatories. As mentioned above, Sisvel has already produced documents and responded to HP's interrogatories. Any minimal prejudice to HP that might result from a brief delay in ESI discovery from Sisvel is far outweighed by the substantial prejudice that would result if Sisvel is forced to undertake the substantial burden and expense of producing ESI on claims that are ultimately dismissed.

## V.     CONCLUSION

For the foregoing reasons, Sisvel respectfully requests that the Court stay discovery of ESI as to Sisvel only pending resolution of Counterclaim Defendants' motion to dismiss.

Dated: August 14, 2025	Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Wilus has conferred with counsel for Counterclaim Plaintiff HP Inc. and the relief requested in this motion is opposed.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

I certify that on August 14, 2025, a true and correct copy of the foregoing docment was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie