# Exhibit 1



Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

404 892 5005 main
404 892 5002 fax

**VIA EMAIL**

April 2, 2025

**Lawrence R. Jarvis**
Principal
jarvis@fr.com
404 879 7238  direct

Reza Mizraie
Marc A. Fenster
Neil A. Rubin
Christian W. Conkle
Jonathan Ma
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
rak_wilus@raklaw.com

**RE:** *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00752-JRG-RSP and *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00764-JRG-RSP

Dear Counsel:

To facilitate your collection and production of documents in the above captioned case pursuant to Federal Rule of Civil Procedure 26, the Local Rules of the Eastern District of Texas, including Local Rule CV-26(d), and the terms of the Discovery Order agreed to by the Parties, HP provides the enclosed non-exclusive and non-exhaustive list of specific categories of documents it expects to receive from Sisvel.

As you know, formal document requests in patent cases in the Eastern District of Texas are unnecessary; rather, the parties are obligated, without request, under Fed. R. Civ. P. 26 and Local Rule CV-26 to disclose to each other all relevant documents. Below, we set forth a number of categories of documents that we consider to be relevant to this case.

Please confirm that these documents will be produced, and provide a date by when they will be produced.  Please note that this does not supersede your obligation, under the Court's Discovery Order and the applicable Patent Rules, to produce all documents, electronically stored information, and tangible things in your possession, custody, or control that are relevant to the pleaded claims or defenses involved in these actions.

I am available to answer any questions you may have about this letter.

Sincerely,

*/s/ Lawrence R. Jarvis*
Lawrence R. Jarvis

Enclosure: Exhibit A – Document Categories

fr.com

# EXHIBIT A – Document Categories

## Definitions

1. "Tangible thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

2. "Document(s)" or "Documentation" means the documents and things within the broadest scope of the Federal Rules of Civil Procedure, including electronically stored information, data, code, materials stored in any media, and any other information stored magnetically, optically or electronically.

3. "Relate(s)," "relates to," "related to," or "relating to" shall mean all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of, or is in connection with.

4. "You," "your," "Counterclaim Defendant" or "Sisvel" means Sisvel International S.A., and any of its predecessors in interest, including its past and present parents, subsidiaries, affiliates, unincorporated divisions, officers, attorneys or agents, representatives, employees, contractors, consultants, outsourcers, and third parties related to the production of any accused communications and all persons acting or purporting to act on its behalf.

5. "Counterclaim Plaintiff" or "HP" shall mean Counterclaim Plaintiff HP Inc.

6. "Wilus" means Wilus Institute of Standards and Technology Inc. its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Counterclaim Defendant, and all other persons acting or purporting to acting on behalf of Counterclaim Defendant.

7. "SK Telecom" means SK Telecom Co., Ltd. and SK Square Co., Ltd., its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Sisvel and/or Wilus, and all other persons acting or purporting to acting on behalf of Sisvel and/or Wilus.

8. "Person(s)" mean and include natural persons, corporations, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities, or any other entities.

9. "Asserted Patents" means U.S. Patent Nos. 10,313,077, 10,687,281, 11,470,595, and 11,159,210 together with any patents Wilus later asserts in *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00752-JRG-RSP, and U.S. Patent Nos. 11,129,163, 11,700,597, 11,116,035, and 11,516,879 together with any patents Wilus later

asserts in *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00764-JRG-RSP case. The term "the '077 Patent," shall mean U.S. Patent No. 10,313,077. The term "the '281 Patent," shall mean U.S. Patent No. 10,687,281. The term "the '595 Patent," shall mean U.S. Patent No. 11,470,595. The term "the '210 Patent," shall mean U.S. Patent No. 11,159,210. The term "the '163 Patent," shall mean U.S. Patent No. 11,129,163. The term "the '597 Patent," shall mean U.S. Patent No. 11,700,597. The term "the '035 Patent," shall mean U.S. Patent No. 11,116,035. The term "the '879 Patent," shall mean U.S. Patent No. 11,516,879.

10. "Related Patent(s)" means any one or more of all U.S. or international patents and patent applications which claim priority to, or to which priority is claimed by, any of the Asserted Patents or any of their parent patent application(s), including but not limited to continuations, continuations-in-part, divisionals, reissues, reexaminations, oppositions, revocations, interferences, Patent Cooperation Treaty (PCT) applications, and Foreign Counterparts ("Foreign Counterpart" means applications or issued patents in a country different from the country of filing or issuance of an application or issued patent referred to herein, which claim priority from or share common priority with the referenced patent or patent application and the inventions covered thereby).

11. "Accused Product(s)" means any of Defendants' methods or products whose use, manufacture, sale, offer for sale, or importation Sisvel and/or Wilus contend infringes any claim of the Asserted Patents.

12. "Wilus Product(s)" means any product made, used, or provided to another entity by Wilus at any time that embodies any claim of any of Wilus's Asserted Patents.

13. "Essential" means necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

14. "IEEE" means the Institute of Electrical and Electronics Engineers, headquartered in Piscataway, NJ.

15. "FRAND" in relation to licensing or license terms means "fair, reasonable, and non-discriminatory terms and conditions" as used by the IEEE.

16. "IPR Policy" means the IEEE's Intellectual Property Rights policy.

17. "Standard(s)" or "Wi-Fi" means IEEE 802.11 Local Area Network technical standards specifying medium access control (MAC) and physical layer (PHY) protocols for implementing Wireless Local Area Network (WLAN) computer communication standards, including IEEE 802.11ax, as these standards are defined and established by the IEEE.

18. "SSO" means standard-setting organizations (*e.g.*, IEEE).

19. "Wilus Alleged SEPs" means any SEPs Sisvel and/or Wilus contends is essential

to a Standard.

20. "Sisvel Wi-Fi 6 Portfolio" means the patent pool comprising patents Sisvel contends are essential to the Wi-Fi 6 standard, and in which Sisvel has the right to license, as provided in Sisvel's website:
- https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/#tab-patents;
- https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/#tab-patent-owners;
- https://www.sisvel.com/xlin7ipl485u/12yJcjbNOIEQ7HxSNIqPOc/7e4239f853727bf6440e6738c6beb173/Sisvel_Wi-Fi_6_Sublicense_Agreement_SKT_Wilus_template.pdf.

21. "Date(s)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

22. "Prior Art" means anything that constitutes prior art under a subsection of 35 U.S.C. § 102 or § 103, including without limitation all qualifying publications, patents, uses, sales, offers for sale, prior inventions, knowledge, and other activities, whether or not you contend or believe that prior art renders any claim of the Asserted Patent invalid.

23. "Marking" means all actions undertaken to comply with 35 U.S.C. § 287.

24. "Asserted Claim(s)" refers to claims 1-14 of the '077 Patent, claims 1-6 and 8-13 of the '281 Patent, claims 1-12 of the '595 Patent, and claims 1-9 of the '210 Patent, as identified in Wilus's Disclosure of Asserted Claims and Infringement Contentions in *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00752-JRG-RSP, and claims 1-16 of the '163 Patent, claims 1-16 of the '597 Patent, claims 1-5 and 8-10 of the '035 Patent, and claims 1-5, 8-10 of the '879 Patent, as identified in Wilus's Disclosure of Asserted Claims and Infringement Contentions in *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, USDC EDTX Case No. 2:24-cv-00764-JRG-RSP.

25. "Licensee" or "License" includes each and every license, licensee, sub-license or sublicensee to the Asserted Patents or Related Patent(s).

26. "Prosecution" means proceedings before any patent office, either in the United States or a foreign country, in connection with the filing, examination, issuance, re- issuance, reexamination, inter partes review, post-grant review and/or opposition of a particular patent or application.

27. "Named Inventor(s)" means the person(s) named as the inventor(s) on the '077 Patent, the '281 Patent, the '595 Patent, the '210 Patent, the '163 Patent, the '597 Patent, the '035 Patent, and the '879 Patent.

28. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

29. "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

30. "Communication(s)" means any oral or written transmission of information between persons, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, electronic messages, text messages, telecopies, telexes, conferences, or seminars.

31. "Relating to" is used in its broadest sense to include any connection, relation, or relevance.

32. The words "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

33. The terms "each," "any," and "every" shall mean each and every.

34. The terms "any" and "all" shall each mean any and all.

35. "Concerning" and "relating to" are used in their broadest sense to include any connection, relation, or relevance.

36. When reference is made in these Requests to any term defined herein, the singular shall include the plural, and the plural shall include the singular.

37. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

38. These requests are continuing in nature and should be promptly supplemented in accordance with the Federal Rules of Civil Procedure.

**Documents Requested**

**Category No. 1:** All documents relating to any contracts or other agreements between Wilus, Sisvel, SK Telecom, the inventors of the Asserted Patents, and/or any prior assignee of the Asserted Patents.

**Category No. 2:** All documents relating to any contracts or other agreements between Sisvel and/or Wilus and any past or present licensee of the Asserted Patents.

**Category No. 3:** All documents relating to any contracts or other agreements between Sisvel and/or members of the Sisvel Wi-Fi 6 Portfolio.

**Category No. 4:** All documents relating to the Asserted Patents, including but not limited to documents and communications concerning the preparation of the applications that led to the Asserted Patents and the prosecution of those applications, including all English translations thereof.

**Category No. 5:** All documents relating to any previous case or controversy involving one or more of the Asserted Patents, regardless of whether the case or controversy was the subject of a legal or arbitration proceeding.

**Category No. 6:** All documents relating to any previous case or controversy involving one or more of the patents within the Sisvel Wi-Fi 6 Portfolio, regardless of whether the case or controversy was the subject of a legal or arbitration proceeding.

**Category No. 7:** All documents relating to the ownership of the Asserted Patents or any rights associated therewith at all times.

**Category No. 9:** All documents relating to the proposal, development, alteration, adoption or promotion of the standards to which you allege any Asserted Patents to be necessary, including without limitation documents sufficient to identify each person involved in such proposal, development, alteration, adoption or promotion.

**Category No. 10:** All documents relating to any confidentiality agreement, protective order or similar restriction (whether explicit, implicit or implied) regarding the Asserted Patents or the subject matter shown, described, or claimed therein.

**Category No. 11:** All communications and documents relating to communications between you and any person, including but not limited to the named inventors or any researcher, regarding this lawsuit.

**Category No. 12:** All communications and documents relating to communications between you and Wilus regarding this lawsuit.

**Category No. 13:** All documents relating to any device or thing used to investigate, develop, or test the technology shown, described, or claimed in the Asserted Patents.

**Category No. 14:** All documents relating to efforts to obtain US or foreign patent protection on any invention regarding the subject matter shown, described, or claimed in the Asserted Patents, including but not limited to:
- any invention disclosures, including but not limited to any invention disclosure submitted to you by the named inventors or any researcher;
- any document attached to or regarding any invention disclosure;
- drafts of US or foreign patent applications;
- the prosecution history of each US or foreign application on which a named inventor is a named inventor, including all issued, pending or abandoned applications;
- the prosecution history of each US or foreign patent application assigned to Sisvel and/or Wilus or in which Sisvel and/or Wilus have or may have an interest, including all issued, pending, or abandoned applications;
- all communications and correspondence regarding the patent applications referred to in subparts (c) through (e) above; and
- all documents consulted or reviewed by the applicants, patentees, or prosecuting attorneys during the preparation and prosecution of any application referred to in subparts (c) through (e) above, including but not limited to prior art references or potential prior art references.

**Category No. 15:** All documents in the possession, custody, or control of you, the named inventors, or any researcher regarding the Asserted Patents or the alleged inventions disclosed or claimed therein.

**Category No. 16:** All documents in the possession, custody, or control of you, the named inventors, or any researcher regarding the patents within the Sisvel Wi-Fi 6 Portfolio or the alleged inventions disclosed or claimed therein.

**Category No. 17:** All documents relating to (a) knowledge of prior art by any researcher or the named inventors, and (b) the date and circumstances pursuant to which each researcher or named inventor first learned of each prior art reference or item.

**Category No. 18:** All documents relating to (a) your knowledge of prior art, and (b) the date and circumstances pursuant to which you first learned of each prior art reference.

**Category No. 19:** All documents known or considered by Sisvel, Wilus, SK Telecom, or any prior assignee of the Asserted Patents as prior art or potential prior art.

**Category No. 20:** All documents relating to differences (or similarities) between the prior art and the technology shown, described, or claimed in the Asserted Patents.

**Category No. 21:** All documents concerning any allegation by any person that any claim of the Asserted Patents is invalid or unenforceable, including but not limited to (a) any allegation made in a legal proceeding in the united states or other countries; (b) any allegation made outside the context of a litigation; and (c) all prior art or activities that formed the basis of each allegation identified in response to (a) or (b).

**Category No. 22:** All documents relating to any communications, correspondence, or meetings (including notes and memoranda) between you and any alleged infringer of the Asserted Patents, including without limitation communications regarding litigation, infringement, non-infringement, validity, invalidity, enforceability, unenforceability, claim construction, cease and desist efforts, negotiations, covenants, licensing agreements, and royalty agreements.

**Category No. 23:** All documents relating to the enforceability or unenforceability of any of the claims of the Asserted Patents, including but not limited to opinions of counsel.

**Category No. 24:** All documents relating to the validity or invalidity of any of the claims of the Asserted Patents, including but not limited to opinions of counsel.

**Category No. 25:** All documents concerning actual or potential non-infringing alternatives to the alleged inventions claimed in the Asserted Patents.

**Category No. 26:** All documents sent to or received from any patent agent, attorney, agent, or representative of you regarding the Asserted Patents, any related patent or any foreign counterparts.

**Category No. 27:** All sales, marketing, advertising, academic, or promotional materials, including without limitation all brochures, advertisements, photographs, literature, videos and publicity pieces of any kind or description regarding any use, public use, sale, offer for sale, demonstration, tutorial or presentation at a conference of the technology shown, described or claimed in the Asserted Patents.

**Category No. 28:** All documents relating to the relationships between or among Sisvel, Wilus and/or SK Telecom and the named inventors, including but not limited to employment contracts, patent assignment agreements, royalty distribution agreements, technology transfer agreements, funding arrangements or research agreements.

**Category No. 29:** All documents relating to commercialization or attempted commercialization of the Asserted Patents, including but not limited to any licensing agreements, covenants not to sue, or payments regarding the Asserted Patents.

**Category No. 30:** All documents relating to commercialization or attempted commercialization of the Sisvel Wi-Fi 6 Portfolio, including but not limited to any licensing agreements, covenants not to sue, or payments regarding the Sisvel Wi-Fi 6 Portfolio.

**Category No. 31:** All documents concerning Sisvel's patent enforcement and licensing policies, programs or practices.

**Category No. 32:** All documents relating to any discussions, plans or actions regarding the design, development, production, manufacture, or testing of any product that embodies, practices (alone or in combination with another thing), or incorporates any alleged invention claimed in the Asserted Patents.

**Category No. 33:** All documents relating to any inspection, testing, evaluation, or analysis of any product that allegedly infringes (alone or in combination with another thing), directly or indirectly, the Asserted Patents, or that Sisvel and/or Wilus concluded—after inspection, testing, evaluation or analysis— does not infringe the Asserted Patents.

**Category No. 34:** All documents relating to Wilus's and/or your allegations that HP infringes, directly or indirectly, the Asserted Patents, including each document or thing reviewed, investigated, or created in the course of forming such allegations, and documents sufficient to identify all persons who formed, or were consulted in forming, such allegations.

**Category No. 35:** All documents relating to each and every HP product or activity that Sisvel and/or Wilus allege infringes, directly or indirectly, the Asserted Patents.

**Category No. 36:** All documents and communications regarding Sisvel's and/or Wilus's first awareness of the HP activities or products that Sisvel and/or Wilus allege infringe, directly or indirectly, the Asserted Patents, including documents and communications sufficient to show the date of such first awareness.

**Category No. 37:** All Board of Directors or other meeting minutes regarding the Asserted Patents, efforts to enforce or to license the Asserted Patents, or this litigation.

**Category No. 38:** All Board of Directors or other meeting minutes regarding the patents in the Sisvel Wi-Fi 6 Portfolio, efforts to enforce or to license the Sisvel Wi-Fi 6 Portfolio, or this litigation.

**Category No. 39:** All documents concerning any entity that has a financial interest in Sisvel, including but not limited to any entity that has a financial interest in the outcome of this litigation.

**Category No. 40:** All documents and communications with any entity that has a financial interest in the outcome of this litigation.

**Category No. 41:** All documents relating to each and every product that Sisvel and/or Wilus allege practices (alone or in combination with any other thing) the Asserted Patents.

**Category No. 42:** All documents relating to any analysis or discussion of the scope, meaning, or application of any language, including claim language, contained in the Asserted Patents.

**Category No. 43:** Documents sufficient to show each document or other source from which all definitions, formulae, sequences, lists, and the like disclosed in the specifications of the Asserted Patents were copied, taken, or derived.

**Category No. 44:** All documents relating to any action or lawsuit, whether threatened, pending, or settled, whether before a civil court, the United States Patent and Trademark Office, or any foreign court or governing body, between Sisvel and any other person that concerns a patent infringement or similar claim regarding the subject matter shown, disclosed or claimed in the Asserted Patents, any related patent or any foreign counterpart, including but not limited to

pleadings, briefs, transcripts, correspondence, all written discovery, expert reports, settlement agreements, and orders.

**Category No. 45:** All documents relating to any action or lawsuit, whether threatened, pending, or settled, whether before a civil court, the United States Patent and Trademark Office, or any foreign court or governing body, between Sisvel and any other person that concerns a patent infringement or similar claim regarding the subject matter shown, disclosed or claimed in any patent within the Sisvel Wi-Fi 6 Portfolio, any related patent or any foreign counterpart, including but not limited to pleadings, briefs, transcripts, correspondence, all written discovery, expert reports, settlement agreements, and orders.

**Category No. 46:** All documents relating to any errors or potential errors in the Asserted Patents and any knowledge or awareness of such errors or potential errors.

**Category No. 47:** All documents relating to any attempts to amend or correct the Asserted Patents.

**Category No. 48:** All documents relating to any secondary considerations of non-obviousness of the Asserted Patents, including but not limited to commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing professional approval, copying, or laudatory statements by others regarding the alleged invention claimed in the Asserted Patents.

**Category No. 49:** All documents concerning the applicable level of skill or education of a person of ordinary skill in the art as it would pertain to the Asserted Patents.

**Category No. 50:** All documents relating to your policies and practices regarding retention of documents and communications regarding the Asserted Patents or the subject matter shown, described, or claimed therein.

**Category No. 51:** All documents relating to actual or potential money damages associated with infringement, direct or indirect, of the Asserted Patents or related patents.

**Category No. 52:** Documents sufficient to identify each investigation or study regarding actual or potential money damages that you have incurred as a result of alleged infringement, direct or indirect, of the Asserted Patents or related patents, and all persons with knowledge of each such investigation or study.

**Category No. 53:** All documents that form the basis for Sisvel's and/or Wilus's calculation of damages for alleged infringement, direct or indirect, by HP of the Asserted Patents.

**Category No. 54:** All documents that form the basis for Sisvel's calculation of the proposed royalty rates for the patents that are part of the Sisvel Wi-Fi 6 Portfolio.

**Category No. 55:** All documents relating to any notice provided to HP regarding the Asserted Patents or any related patents, or alleged infringement, direct or indirect, of the Asserted Patents or any related patents.

**Category No. 56:** All documents relating to Sisvel's sales revenues, licensing fees, royalties or other form of income or compensation from the Asserted Patents, including all monthly, quarterly, and yearly summaries of such sales, licensing fees royalties or other form of income or compensation, and any documents analyzing such sales revenues, licensing fees, royalties or other form of income or compensation.

**Category No. 57:** All documents relating to royalty rates that Sisvel contends should apply to any sales of products found to infringe, directly or indirectly, the Asserted Patents, including but not limited to any royalty rates in any covenant, license agreement, royalty report, negotiation, offer or proposal for license, licensing policies, or settlements regarding the Asserted Patents or any related patents, including an indication as to whether such royalty rates comply with the IEEE IPR Policy.

**Category No. 58:** All documents relating to any lost profits or lost sales that Sisvel contends have resulted, or which Sisvel believes will result, from HP's alleged infringement, direct or indirect, of the Asserted Patents.

**Category No. 59:** All documents relating to the first sale, first offer for sale, first public use, first disclosure, first promotional activity, or first manufacture of the subject matter shown, described, or claimed in the Asserted Patents or any product that embodies or incorporates any alleged invention claimed in the Asserted Patents.

**Category No. 60:** All documents identified, mentioned, referenced, reviewed, or relied on in the preparation of Sisvel's answers to HP's Interrogatories.

**Category No. 61:** Documents sufficient to show the ownership, corporate structure, and management of Sisvel and any of Sisvel's parents, subsidiaries, or affiliates, including but not limited to documents sufficient to identify any person that holds or has held an ownership stake in Sisvel, or in which Sisvel holds or has held an ownership stake, at any time.

**Category No. 62:** Organizational charts for Sisvel from inception to the present, including documents sufficient to identify every person involved in any decision whether or not to apply for, prosecute the application that led to, license, enforce, or defend the Asserted Patents on any occasion.

**Category No. 63:** All documents relating to plans, analyses, or strategies for negotiating or setting licensing terms for the Asserted Patents for Wi-Fi Standards, including royalty opening bids, royalty goals or targets, royalty reserve prices, and royalty simulations.

**Category No. 64:** All documents referring or relating to payments, payment structures, accruals, royalties, expected royalties, and any monetary or other consideration for licensing of Asserted Patents for Wi-Fi Standards.

**Category No. 65:** All documents referring or relating to agreements between Sisvel and any other party (including any subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company of such party) regarding any license, transfer, or assignment of rights concerning the Asserted Patents.

**Category No. 66:** All decisions or opinions by a court, domestic or foreign, regarding the validity, infringement, and/or essentiality of the Asserted Patents.

**Category No. 67:** Documents sufficient to show on what date Sisvel and/or Wilus first anticipated this litigation, including all documents relating to the date on which Sisvel and/or Wilus concluded that HP infringed, directly or indirectly, the Asserted Patents, and all documents relating to such conclusion.

**Category No. 68:** All documents relating to Sisvel's and/or Wilus's contention that certain Asserted Patents are essential to the practice of standards.

**Category No. 69:** All documents relating to Sisvel's, Wilus's, and/or SK Telecom's interactions with IEEE and any other SSOs related to the subject matter of the Asserted Patents.

**Category No. 70:** All documents relating to Sisvel's and/or Wilus's policies and practices with respect to filing and prosecuting patent applications on technology related to standards.

**Category No. 71:** All documents relating to Sisvel's, Wilus's, and/or SK Telecom's policies and practices with respect to submitting or choosing not to submit to standards-related organizations statements regarding patent applications or patents on technology.

**Category No. 72:** All documents relating to Sisvel's policies and practices with respect to licensing patents on technology related to standards.

**Category No. 73:** Documents sufficient to identify all devices that practice standards for which you allege Asserted Patents to be essential.

**Category No. 74:** All documents relating to Sisvel's, Wilus's, and/or SK Telecom's potential or actual obligation or agreement to be bound by any rules, bylaws, or policies of any SSO and/or SSO working group or committee (including the IEEE).

**Category No. 75:** All documents and communications regarding statements, submissions, or presentations by Sisvel and/or Sisvel regarding the IPR disclosure practices, policies, or procedures of any SSO and/or SSO working group or committee.

**Category No. 76:** All documents and communications regarding the IEEE IPR Policy.

**Category No. 77:** All documents and communications regarding the IEEE and Wi-Fi 6 (802.11ax) standards.

**Category No. 78:** All documents relating to Sisvel's, Wilus's, and/or SK Telecom's knowledge of or participation in any IEEE group or committee referring or relating to IEEE rules, policies, or guidelines regarding IEEE standards.

**Category No. 79:** All documents relating to any decision to disclose or not to disclose any of the Asserted Patents and/or applications for any of the Asserted Patents to any SSO and/or SSO working group or committee.

11

**Category No. 80:** Documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Sisvel, now or in the past, to inventors, including without limitation named inventors, employees or anyone acting on Sisvel's behalf, in consideration of filing patents or patent applications that may be or are declared essential to a relevant standard.

**Category No. 81:** All documents relating to whether the Asserted Patents are essential to any relevant standard, including but not limited to, any declarations, undertakings, or claims by Sisvel, Wilus, and/or SK Telecom to any SSO and/or SSO working group or committee.

**Category No. 82:** All documents relating to disclosure or potential disclosure to an SSO and/or SSO working group or committee, including but not limited to IEEE, of patents or patent applications essential or potentially essential to the IEEE standards.

**Category No. 83:** All documents relating to industry customs, practices, or policies with respect to the licensing of IPR claimed to be essential to any relevant standard.

**Category No. 84:** All documents relating to the value of the Asserted Patents, including but not limited to their value separately, in any combination, and/or as part of any portfolio.

**Category No. 85:** All documents relating to licensing of any Sisvel, Wilus, and/or SK Telecom IPR on FRAND terms.

**Category No. 86:** All licenses, releases, or covenants not to sue regarding the Asserted Patents.

**Category No. 87:** All licenses, releases, or covenants not to sue regarding the patents within the Sisvel Wi-Fi 6 Portfolio.

**Category No. 88:** Documents related to Sisvel's and/or Wilus's FRAND positions in any prior litigation, arbitration, or negotiation, including but not limited to all documents related to Sisvel's and/or Wilus's FRAND contentions in litigation, arbitration or negotiation in Sisvel's and/or Wilus's disputes with any other companies offering to license one or more purportedly standards-essential patents to Sisvel and/or Wilus, including but not limited to Sisvel's and/or Wilus's expert reports, pleadings, briefing, witness statements, deposition and trial transcripts, correspondence, and licensing presentations related to Sisvel's and/or Wilus's FRAND contentions for each such dispute.

**Category No. 89:** Documents sufficient to show for any license to the Asserted Patents, either separately, in any combination, and/or as part of any portfolio, the licensee(s), the date of the license, the terms of the license including the royalty rates and lump-sum payments, and the payments made over time under the license.

**Category No. 90:** Documents sufficient to identify all persons involved in licensing the Asserted Patents.

**Category No. 91:** Documents sufficient to identify all persons involved in licensing the Sisvel Wi-Fi 6 Portfolio.

**Category No. 92:** All documents relating to any potential or actual agreement, whether formal or informal, among or between you and any person to refrain from disclosing to any other person the terms of any license to any of the Asserted Patents or to any IPR claimed to be essential to any relevant standard.

**Category No. 93:** All documents and communications relating to licensing of the Asserted Patents, including but not limited to negotiations, discussions, and/or correspondence, regardless of whether or not a license was executed.

**Category No. 94:** All documents relating to FRAND terms or conditions or the meaning, effect, or application of the concept of FRAND terms or conditions to licensing IPR, including but not limited to any public statements, statements to SSOs and/or SSO working groups or committees, statements in legal and/or administrative proceedings, statements to actual or potential licensees, presentations, opinions, and/or analyses.

**Category No. 95:** All documents relating to any legal and/or administrative proceeding in which Sisvel has been a party where the issue of a party's obligation to grant a license to IPR under FRAND terms or conditions arose in the proceeding.

**Category No. 96:** All documents relating to any request Sisvel has made for an injunction or exclusionary order in any legal and/or administrative proceeding throughout the world regarding any IPR Sisvel has declared as essential or potentially essential to any relevant standard.

**Category No. 97:** All documents relating to any meeting, discussion, or communication with HP regarding any of the Asserted Patents.

**Category No. 98:** All documents relating to any attempt by Sisvel, Wilus, and/or SK Telecom to research, develop, design, manufacture or sell items that embody or practice any of the Asserted Patents.

**Category No. 99:** All documents that Sisvel has provided to, received from, or discussed (orally or in writing) with any consultant or expert in this action, whether testifying or not.

**Category No. 100:** All documents that Sisvel intends to rely on in this action.

**Category No. 101:** All documents relating to any lawsuit involving Sisvel in which essential or declared essential patents were asserted or in which FRAND licensing was in issue including, without limitation, any pleadings, declarations, transcripts of testimony, orders and decisions entered by the Court.

**Category No. 102:** All documents relating to any submissions by or on behalf of Sisvel to any Court, tribunal, regulatory body or agency concerning standard essential patents or FRAND licensing.

**Category No. 103:** All documents relating to any submissions by or on behalf of Sisvel and/or Wilus to any Court, tribunal, regulatory body or agency concerning the availability of injunctive relief for any patent or other IPR that is or has been declared to be essential to a standard.

**Category No. 104:** Documents sufficient to identify licensing rates for any patent, or portfolio of patents, owned, whether directly or indirectly, by Sisvel that Sisvel believes, has declared, or has been otherwise deemed or declared, essential to any IEEE standard.

**Category No. 105:** All documents relating to Sisvel's and/or Wilus's allegation that Sisvel and/or Wilus attempted to negotiate a FRAND license with HP in good faith.

**Category No. 106:** All documents relating to any alleged ongoing harm imposed on Sisvel and/or Wilus by HP's alleged breach of its commitment to enter into a cross license with Sisvel and/or Wilus on FRAND terms and conditions for essential or declared essential patents.

**Category No. 107:** All documents relating to any IEEE Information Statement and Licensing Declaration submitted to IEEE for any of the Asserted Patents or Related Patents.

**Category No. 108:** All documents relating to any decision by Sisvel, Wilus, and/or SK Telecom to submit, or not submit, IEEE an IPR Information Statement and Licensing Declaration for each of the Asserted Patents, or a patent in the same patent family as an Asserted Patent.

**Category No. 109:** All documents relating to any alleged imminent loss of customers or potential customers resulting from Sisvel and/or Wilus not having entered into a FRAND license with HP under any alleged Sisvel and/or Wilus essential or declared essential patents.

**Category No. 110:** All documents relating to any alleged loss of goodwill and product image resulting from Sisvel and/or Wilus not having entered into a FRAND license with HP under any alleged Sisvel and/or Wilus essential or declared essential patents.

**Category No. 111:** All documents relating to any alleged uncertainty in business planning, and/or uncertainty among customers and potential customers, resulting from Sisvel and/or Wilus not having entered into a FRAND license with HP under any alleged Sisvel and/or Wilus essential or declared essential patents.

**Category No. 112:** All documents and communications to IEEE, IEEE working groups, or IEEE working group members relating to the Asserted Patents or the technology described in the Asserted Patents, including but not limited to all technical proposals, technical contributions, submissions, Change Requests, working documents, meeting agendas, approved meeting reports, and IEEE email reflector communications, related to the Asserted Patents and/or the technology claimed therein.

**Category No. 113:** All documents and communications relating to the subject matter of the '077 Patent involving the named inventors.

**Category No. 114:** All documents and communications relating to the subject matter of the '281 Patent involving the named inventors.

**Category No. 115:** All documents and communications relating to the subject matter of the '210 Patent involving the named inventors.

**Category No. 116:** All documents and communications relating to the subject matter of the '595 Patent involving the named inventors.

**Category No. 117:** All documents and communications relating to the subject matter of the '163 Patent involving the named inventors.

**Category No. 118:** All documents and communications relating to the subject matter of the '597 Patent involving the named inventors.

**Category No. 119:** All documents and communications relating to the subject matter of the '035 Patent involving the named inventors.

**Category No. 120:** All documents and communications relating to the subject matter of the '879 Patent involving the named inventors.

**Category No. 121:** All nonprivileged documents relating to Sisvel's business strategy and the role of lawsuits in said strategy.

**Category No. 122:** All English translations of foreign language documents and communications that are responsive to any request for production in this letter.

**Category No. 123:** All documents relating to where any element of any Asserted Claim of any of the Asserted Patents is supported by its written description.

**Category No. 124:** All documents and communications relating any methodology, criteria, formula, input, or other factors used to determine the amount or percentage of royalties allocated to each member of the Sisvel Wi-Fi 6 Portfolio.

**Category No. 125:** All documents and communications relating to how Sisvel and members of the Sisvel Wi-Fi 6 Portfolio determined a Compliant Rate of 50 cents per product for the pool license.

**Category No. 126:** All documents and communications relating to Sisvel's relationship with the Sisvel Wi-Fi 6 Portfolio members, including as their licensing agent.

**Category No. 127:** All documents and communications relating to Sisvel's relationship with each Sisvel Wi-Fi 6 Portfolio member, including but not limited to all contractual, financial, operational arrangements in place with each individual member and with all members collectively, such as Your obligations regarding licensing, revenue sharing arrangements, enforcement and/or litigation, and any relevant negotiation.

**Category No. 128:** All documents and communications relating to Sisvel Wi-Fi 6 Portfolio's formation, including any steps taken and factors considered to organize and structure the patent pool.