# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00764-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br>          Defendants. | Civil Case No. 2:24-cv-00765-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br>          Defendants. | Civil Case No. 2:24-cv-00766-JRG-RSP [Member Case] |

**HP INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING COUNTERCLAIM DEFENDANT SISVEL'S LICENSING NEGOTIATIONS AND <u>FRAND COMPLIANCE AND PARTICIPATION IN ESI DISCOVERY</u>**

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................. 1

    A. Wilus's Complaint and HP's Counterclaims .................................................................. 1

    B. HP's Discovery Requests and Sisvel's Refusal to Produce Relevant Documents or Otherwise Participate in ESI Discovery .................................................................. 2

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. Sisvel Plainly Refuses to Comply with the Law and Contravenes This Court's E-Discovery Order ......................................................................................................... 4

    B. Ongoing and Unconsummated Licenses and Negotiations are Relevant and Discoverable for FRAND-encumbered patents ............................................................ 5

V. CONCLUSION ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atlas Global Techs. LLC v. TP-Link Techs. Co. Ltd.*,
   No. 2:21-cv-00430-JRG-RSP (E.D. Tex. Mar. 31, 2023) (Dkt. 154) ................................ 3, 6, 7

*Dexon Comput., Inc. v. Cisco Sys., Inc.*,
   No. 5:22-cv-53-RWS-JBB, 2022 WL 22375187 (E.D. Tex. Sept. 7, 2022) ............................. 4

*Emerging Auto. LLC v. Kia Corp.*
   No. 2:23-CV-00434-JRG, 2025 WL 904383 (E.D. Tex. Mar. 25, 2025) .................................. 6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) .............................................................................................. 7

*Mondis Tech., Ltd. v. LG Elecs., Inc*
   No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011) .............................. 6

*MOSAID Techs. Inc. v. Micron Tech., Inc.*,
   No. 4:24-cv-739-SDJ, 2008 WL 11344763 (E.D. Tex. June 18, 2008) ................................... 7

*Owens v. TransUnion, LLC*
   No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011) .............................. 5

*Pace v. Cirrus Design Corp.*,
   No. 2:24-CV-00539-JRG, 2025 WL 510231 (E.D. Tex. Feb. 14, 2025)
   (Gilstrap, J.) ............................................................................................................................ 5

*Providence Title Co. v. Truly Title, Inc.*,
   No. 4:21-CV-147-SDJ, 2022 WL 19976454 (E.D. Tex. May 13, 2022) ................................. 4

*Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.*,
   No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020)
   (Payne, J.) ........................................................................................................................... 4, 5

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17-cv-456-JRG, 2018 WL 4620634 (E.D. Tex. Apr. 27, 2018) .................................... 3

ii

I. **INTRODUCTION**

Counterclaim Plaintiff HP respectfully seeks an order compelling Counterclaim Defendant Sisvel to (1) participate in ESI discovery and (2) produce documents and communications concerning licensing negotiations regarding the FRAND-encumbered patents in Sisvel's Wi-Fi 6 Patent Portfolio. Such discovery is undoubtedly relevant because it concerns issues that are central to the case, including whether Sisvel's negotiation conduct is FRAND-compliant and if Sisvel's proposed rates are FRAND. Sisvel, however, is declining to provide this discovery on the premise that this Court should first decide Sisvel's pending motion to dismiss. The Local Rules demand the opposite. Additionally, Sisvel's argument that documents relating to its ongoing license negotiations are somehow immune from discovery is also incorrect because the Asserted Patents are FRAND-encumbered and any licensing discussions are relevant to this case. Tellingly, Sisvel has made productions of Sisvel pool licenses, attempting to show its agreements are FRAND. Yet, Sisvel is refusing to produce the letters and unconsummated licensing discussions showing the offered rates are not FRAND. Sisvel cannot have it both ways. Sisvel draws an arbitrary, self-serving boundary to siphon off a subset of highly relevant documents, thereby openly flouting its obligations under the Local Rules and this Court's E-Discovery Order. *See* Dkt. 92. Thus, HP requests the Court grant this motion and order Sisvel to meaningfully participate in this lawsuit.

II. **FACTUAL BACKGROUND**

    A. **Wilus's Complaint and HP's Counterclaims**

Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") filed a patent infringement suit against HP on September 13, 2024. *See* Dkt. 1. Wilus asserts in its Complaint that **Sisvel**, acting in its role as the licensing manager for Wi-Fi 6 Patent Pool, allegedly provided HP with notice of the Asserted Patents. *See id.* at ¶¶ 2-4.

1

Sisvel contends that the Wi-Fi 6 Patent Pool, which includes the Asserted Patents, are essential to IEEE's 802.11ax, or Wi-Fi 6 standard. *See, e.g.,* Dkt. 104 at ¶¶ 26-45; Dkt. 105 at ¶¶ 26-45. Sisvel is the patent pool administrator for the Wi-Fi 6 Patent Pool and HP asserts that Sisvel has failed to uphold its FRAND obligations and the FRAND obligations of its pool members. *See* Dkt. 104 at ¶¶ 56-67, 77-85, 150-57; Dkt. 105 at ¶¶ 56-67, 77-85, 150-57. Sisvel has repeatedly stated its commitment to license the Wi-Fi 6 patents on FRAND terms. For example, in its letters to HP, Sisvel explicitly stated that it would license the Wi-Fi 6 Patents on "fair, reasonable, and non-discriminatory terms." *See, e.g.*, Dkt. 104 at ¶ 43. As another example, Sisvel claims on its website that it is committed to licensing the Wi-Fi 6 Patent Pool on FRAND terms. *See id.* at ¶ 39. As a further example, Sisvel's website is replete with representations that Sisvel Wi-Fi 6 Portfolio patents are FRAND-encumbered and assurances that it intends to license them on FRAND terms. *See, e.g.*, SISVEL INTERNATIONAL S.A., https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/ (last visited Aug. 15, 2025) (Sisvel will "mak[e] the valuable portfolios included in the pool accessible on fair, reasonable, and non-discriminatory terms and conditions[.]").

On December 13, 2024, HP filed its Answer and counterclaims and joined Sisvel.[1] HP's counterclaims include, but are not limited to, (1) breach of contract regarding IEEE Policy against Sisvel, (2) breach of duty of good faith against Sisvel, (3) promissory estoppel against Sisvel and (4) declaratory judgment for a global rate setting. *See* Dkt. 104 at ¶¶ 56-67, 77-85, 150-57; Dkt. 105 at ¶¶ 56-67, 77-85, 150-57. Wilus and Sisvel filed their operative motion to dismiss HP's counterclaims on April 30, 2025 (Dkt. 112) and the motion remains pending before this Court.

      **B.    HP's Discovery Requests and Sisvel's Refusal to Produce Relevant Documents or Otherwise Participate in ESI Discovery**

---

[1] Since the filing of its initial Answer, HP has amended its Answer and Counterclaims and cites to the Amended Answer filed on April 8, 2025, throughout this brief. (Dkt. 104; Dkt. 105).

Fact discovery in this case opened in December 2024. HP sent a letter to Sisvel on April 2, 2025, including a non-exhaustive list of documents that HP expected to receive from Sisvel, including all documents related to the licensing of the Asserted Patents. *See* Ex. 1 Excerpts of Ltr. to Sisvel Regarding Document Production at Category Nos. 85, 88, 93, 94. In tandem, HP sought ESI discovery from both Wilus and Sisvel, but Sisvel refused to participate in the ESI discovery process. During the parties' initial meet-and-confer on July 11, 2025, HP pointed to Eastern District of Texas Local Rule CV-26 which explicitly states that parties are not excused from responding to discovery requests because of a pending motions to dismiss. Sisvel maintained that "Sisvel does not agree to reviewing/producing ESI documents at this time, including pending the Court's ruling on Sisvel's pending Motion to Dismiss." Ex. 2 at 1. The parties met and conferred again on July 30, and Sisvel raised that HP's discovery request for "ongoing/unconsummated settlement negotiations" was "not discoverable" and stated that it will not produce such evidence. Ex. 3 at 2. HP pointed Sisvel to relevant case law, including *Atlas Global* and Sisvel declined again following another meet and confer on August 6. *See id.* at 1. On August 13, the parties conducted a lead and local meet and confer and reached an impasse. This motion follows.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery "need not be admissible in evidence to be discoverable." *Id.* "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive and thus should not be permitted." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018).

3

Relevance has an "'extremely low' bar . . . at the discovery stage—lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022); *see also* Dkt. 49 ¶ 3(b) (requiring production of documents "that are relevant to the pleaded claims or defenses").

## IV. ARGUMENT

### A. Sisvel Plainly Refuses to Comply with the Law and Contravenes This Court's E-Discovery Order

The Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules ***plainly require*** Sisvel to comply with its discovery obligations despite its pending motion to dismiss. *See* L. R. CV-26(a); *Dexon Comput., Inc. v. Cisco Sys., Inc.*, No. 5:22-cv-53-RWS-JBB, 2022 WL 22375187, at *1 (E.D. Tex. Sept. 7, 2022) ("There is no basis in the Federal or Local Rules for a court to stay discovery pending a ruling on a motion to dismiss or to transfer venue."). Thus, this Court should issue an order compelling Sisvel to participate in ESI discovery.

Sisvel's sole basis for obstructing ESI discovery is its pending motion to dismiss HP's counterclaims. *See* Dkt. 116 (Counterclaim Defendant's motion to dismiss HP's Amended Counterclaims). This is precisely what L.R. CV-26(a) prohibits. The Eastern District of Texas's Local Rule CV-26 unambiguously requires litigants to proceed with discovery absent a court-ordered stay. *See* L. R. CV-26(a) ("No Excuses. Except in cases involving qualified immunity or a court order to the contrary, ***a party is not excused from responding to discovery because there are pending motions to dismiss*** . . .") (emphasis added). Indeed, this Court has found that "[i]n the Fifth Circuit, staying discovery while a motion to discuss is pending is the ***exception rather than the rule***" and "the presumption is that discovery ***shall proceed notwithstanding the filing of a motion to dismiss.***" *Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *8 (E.D. Tex. Mar. 24, 2020) (Payne, J.) (emphasis added); *see also*

4

*Pace v. Cirrus Design Corp.*, No. 2:24-CV-00539-JRG, 2025 WL 510231, at *1 (E.D. Tex. Feb. 14, 2025) (Gilstrap, J.) ("To hold otherwise would invite motions whose primary purpose is to achieve the tactical advantages of a stay."). Sisvel has no plausible basis to refuse participation in ESI discovery. *See* Dkt. 49 (Discovery Order) at ¶ 10 ("Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss").

Sisvel filed a motion to stay ESI discovery (Dkt. 147) where it relies on *Owens v. TransUnion, LLC*, which is distinguishable. No. 4:20-cv-665-SDJ-KPJ, 2022 WL 17732319 (E.D. Tex. May 17, 2022). *Owens* is an "exception rather than the rule." *Uniloc 2017*, 2020 WL 1433960, at *8. The Court should therefore compel Sisvel's compliance with ESI discovery.

### B. Ongoing and Unconsummated Licenses and Negotiations are Relevant and Discoverable for FRAND-encumbered patents[2]

Sisvel's past and ongoing negotiation conduct with licensees and potential licensees is highly relevant to HP's counterclaims, including Counterclaim 2: Breach of Contract re IEEE Policy against Sisvel, Counterclaim 4: Breach of Duty of Good Faith against Sisvel, and Counterclaim 6: Declaratory Judgment for Global RAND Licensing Rate. *See* Dkt. 104 at ¶¶ 56-67, 77-85, 102-14. HP asserts, among other things, that Sisvel has made—and failed to uphold— its commitments to comply with its FRAND obligations and the FRAND obligations of its pool members, such as Wilus. Sisvel's communications with potential licensees of the Wi-Fi 6 Patent Pool, including those who refuse to license or state that the proposed rates are above FRAND, are undoubtedly relevant because they represent benchmarks from which HP and this Court can evaluate whether Sisvel violated its FRAND commitment. Further, they are relevant to Wilus's

---

[2] Notably, Sisvel's motion to stay ESI discovery does not request any stay of document production, including ongoing and unconsummated licensing discussions and letters. *See, e.g.*, Dkt. 147 at 1 ("Sisvel seeks a stay of only ESI discovery").

5

claims because Wilus alleges its patents are essential, claims its proposed rate is FRAND, and Sisvel is Wilus's licensing agent offering such rate. Sisvel, however, refuses to produce any documents and communications relating to unconsummated or ongoing licensing negotiations based on a categorical assumption that such materials are not discoverable. Sisvel is wrong. Furthermore, Sisvel's reliance on *Mondis Tech., Ltd. v. LG Elecs., Inc* and *Emerging Auto. LLC v. Kia Corp.* are inapposite. No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011); No. 2:23-CV-00434-JRG, 2025 WL 904383, at *1 (E.D. Tex. Mar. 25, 2025). Neither of these cases involved alleged SEPs or questions of FRAND obligations.

Notably, this Court found that licensing and settlement documents and communications are discoverable particularly where the underlying patents are FRAND-encumbered. *Atlas Global* is instructive. *See Atlas Global Techs. LLC v. TP-Link Techs. Co. Ltd.*, No. 2:21-cv-00430-JRG-RSP (E.D. Tex. Mar. 31, 2023) (Dkt. 154). Like Sisvel, Atlas Global Technologies is a patent licensing entity "that owns and licenses ***IEEE 802.11ax [Wi-Fi 6] standard essential patents (SEP's)***." ATLAS GLOBAL TECHNOLOGIES., https://atlasglobaltechnologies.com/ (last visited Aug. 15, 2025) (emphasis added). In *Atlas Global*, the defendants sought relief against Atlas Global Technologies because it failed to provide information responsive to the following interrogatory seeking all offers to licensees and potential licensees of patents it considers standard essential:

> Interrogatory No. 18: Identify with particularity, including by Bates number where applicable, ***all offers to licensees, potential licensees, parties accused of infringement or others to license patents Atlas considers to be standard essential (including but not limited to the Patents-in-Suit) on fair, reasonable, and non-discriminatory ("FRAND") terms***, including all inputs, factors, or other criteria used to formulate, calculate, or otherwise generate the ***offer that was given to each such entity*** … .

*Atlas Global*, Dkt. 154 at 1 (emphasis added). Acknowledging the FRAND-sensitive posture, Judge Payne ordered: "***In view of the FRAND obligations at issue in this case***, Atlas Global shall

6

(1) supplement its interrogatory response . . . to ***identify and produce relevant documents concerning licenses offered for the asserted patents, whether consummated or not, between Atlas Global and third parties if those offers contained monetary terms***, (2) produce the same to Defendants to the extent they have not already been produced." *Atlas Global*, Dkt. 157 at 2-3 (emphasis added).  Here, Sisvel's FRAND obligations are a primary issue in this case, including to Wilus's claims and HP's counterclaims.  Sisvel should likewise be compelled to produce documents concerning licenses offered for the Wi-Fi 6 Patent Pool, whether consummated or not.

Courts in this district have also recognized that "[w]ith regard to ***specific settlement negotiations with the other Defendants*** . . . whether or not ultimately admissible, the past settlements and settlement negotiations would be ***highly relevant to whether or not [licensor] MOSAID was abiding by its RAND obligations in its licensing offers*** to [potential licensee] Micron. ***Disclosure of past settlements and negotiations are thus highly relevant to whether MOSAID seeks licenses that abide by its RAND obligations***." *MOSAID Techs. Inc. v. Micron Tech., Inc.*, No. 4:24-cv-739-SDJ, 2008 WL 11344763, at *6 (E.D. Tex. June 18, 2008) (citation omitted); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) (holding that a patentholder's RAND obligation compliance is relevant to damages).

Sisvel has produced and intends to rely on licenses in this case and should not be allowed to use discovery as a shield in refusing to produce unfavorable documents.  Regardless of whether any license ultimately materialized, Sisvel's documents concerning licensing discussions of FRAND-encumbered patents are discoverable and should be produced.  Sisvel has not—and cannot—show that there is a categorical bar against discovery of these licensing discussions.

## V. CONCLUSION

For these reasons, this Court should compel Sisvel to provide such relevant documents.

Date: August 15, 2025

Respectfully submitted,

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
**Fish & Richardson P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
**Fish & Richardson P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
**Gillam & Smith, LLP**
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Counterclaim Plaintiff HP Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 15, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin C. Elacqua*
　　　　　　　　　　　　　　　　　　　　Benjamin C. Elacqua

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h), a Lead and Local meet and confer was held on August 13, 2025. The parties were unable to reach an agreement and the relief requested in this motion is opposed.

　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin C. Elacqua*
　　　　　　　　　　　　　　　　　　　　Benjamin C. Elacqua