# EXHIBIT 3

**Lawrence Jarvis**

---

| | |
|---|---|
| **From:** | Lawrence Jarvis |
| **Sent:** | Thursday, August 7, 2025 7:19 AM |
| **To:** | jma@raklaw.com |
| **Cc:** | rak_wilus@raklaw.com; Andrea Fair; Service – FR HP/Wilus; melissa@gillamsmithlaw.com |
| **Subject:** | RE: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery |

Hi Jon,

Thank you for the meet and confer yesterday afternoon.  As discussed, it appears we are at an impasse with Sisvel on the following discovery items:

1. Production of unconsummated licensing letters/discussions
2. Sisvel's participation in ESI discovery

Can you provide Sisvel's availability for a lead and local meet and confer?  We are available this week and next.

Thanks,
Lawrence

## Lawrence Jarvis

Principal ■ Fish & Richardson P.C.

**T:** 404 879 7238 | jarvis@fr.com | Bio

---

**From:** Lawrence Jarvis <jarvis@fr.com>
**Sent:** Tuesday, August 5, 2025 2:29 PM
**To:** jma@raklaw.com
**Cc:** rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>; Service – FR HP/Wilus <ServiceFRHPWilus@fr.com>; melissa@gillamsmithlaw.com
**Subject:** RE: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery

Hi Jon,

Thanks for sending over the case law.  We have reviewed and believe each of the cases that you identified are distinguishable for multiple reasons.  Most notably, the asserted patents in *Mondis* and *Emerging Auto.* were not FRAND encumbered like the patents in this case.  Details concerning licenses offered for FRAND encumbered patents are discoverable.  *See, e.g.*, *Atlas Global Techs LLC v. TP-Link Techs. Co. Ltd.*, No. 2:21-cv-00430-JRG-RSP (E.D. Tex. Mar. 27, 2023) (Dkt. 157) at 2-3.

Similarly *Owens*, which was not decided by Judge Gilstrap, is distinguishable on several grounds.  For example, *Owens* involved cumulative motions to dismiss including whether the amended complaint raised issues beyond the grant of leave to amend the complaint.  Judge Gilstrap and EDTX Courts routinely deny motions to stay discovery pending resolution of a motion to dismiss.  *See, e.g.*, *Pace v. Cirrus Design Corp.*, No. 2:24-CV-00539-JRG, 2025 WL 510231, at *1 (E.D. Tex. Feb. 14, 2025) ("There is no basis in the Federal Rules of Civil Procedure or Local Rules for a court to stay discovery pending resolution of a motion to dismiss.  Local Rule CV-26(a), titled 'No excuses,' provides that '[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss . . . .'" ).  We refer you to the attached exemplary cases.

1

We can discuss further tomorrow.

Best,
Lawrence

## Lawrence Jarvis

Principal ■ Fish & Richardson P.C.

**T:** 404 879 7238 | jarvis@fr.com | Bio

---

**From:** Jon Ma <jma@raklaw.com>
**Sent:** Thursday, July 31, 2025 6:30 PM
**To:** Lawrence Jarvis <jarvis@fr.com>
**Cc:** rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>; Service – FR HP/Wilus <ServiceFRHPWilus@fr.com>; melissa@gillamsmithlaw.com
**Subject:** Re: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery

Hi Lawrence,

On 1, ongoing/unconsummated settlement/licensing negotiations are not discoverable. *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) ("This Court holds that Mondis's ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable."); *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00434-JRG, 2025 WL 904383, at *1 (E.D. Tex. Mar. 25, 2025) ("The Court denied Toyota's request, holding that "Ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable."").

With respect to non-email consummated Wifi 6 patent pool licensee correspondence, we generally object on burden/relevance grounds. However, if you can identify a limited set of licensees, I can take that back to my client Sisvel. On our call, you named Lenovo and Acer. Besides from Lenovo and Acer, are there others from footnote 1 of your 7/14 letter?

On 2, we refer you to the attached exemplary case.

Best,
Jon