# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG-RSP [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00764-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG-RSP <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG-RSP <br> [Member Case] |

**HP INC.'S OPPOSITION TO SISVEL'S MOTION TO STAY ESI DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 2

IV. ARGUMENT..................................................................................................................... 3

V. CONCLUSION.................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*,
    No. 6:15-cv-00134-JRG-KNM, Dkt. No. 61 (E.D. Tex. Sep. 3, 2015) ....................................5

*Ashford Inc. v. Unite Here*,
    No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792 (N.D. Tex. 2015) ...............................5

*Butowsky v. Folkenflik*,
    No. 4:18cv442-ALM-CMC, 2019 U.S. Dist. LEXIS 215339 (E.D. Tex. 2019) ...................2, 4

*Dexon Comput., Inc. v. Cisco Sys., Inc.*,
    No. 5:22cv53-RWS-JBB, 2022 U.S. Dist. LEXIS 249524 (E.D. Tex. 2022) ..........................4

*Griffin v. Am. Zurich Ins. Co.*,
    No. 3:14-CV-2470-P, 2015 U.S. Dist. LEXIS 178956 (N.D. Tex. 2015) .........................2, 3, 4

*Health Choice Grp., LLC on Behalf of United States v. Bayer Corp.*,
    2018 WL 5728520 (E.D. Tex. Aug. 8, 2018) ........................................................................3

*Owens v. Transunion, LLC*,
    No. 4:20-cv-665-SDJ-KPJ, 2022 U.S. Dist. LEXIS 227965 (E.D. Tex. 2022) .......................5

*Pace v. Cirrus Design Corp.*,
    No. 2:24-CV-00539-JRG, 2025 U.S. Dist. LEXIS 27112 (E.D. Tex. 2025) ........................3, 4

*Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.*,
    No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020)
    (Payne, J.) .............................................................................................................................5

*X Corp. v. Media Matters for Am.*,
    Civil Action No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110 (N.D. Tex.
    2024) .............................................................................................................................3, 4, 5

**Other Authorities**

LR CV-26 ..................................................................................................................................1, 2, 3

## I. INTRODUCTION

Counterclaim Plaintiff HP respectfully requests that the Court deny Counterclaim Defendant Sisvel International S.A.'s ("Sisvel") motion to stay ESI discovery. As this Court's local rule CV-26 states: Sisvel has **no excuse** but to participate in the ESI discovery process even if Sisvel has a pending motion to dismiss. Sisvel has not—and cannot—establish that there is good cause for the Court to follow the "exception" to the rule. Especially in view of Sisvel having already responded to HP's discovery requests and produced documents, Sisvel has not shown that there any unique hardships or inequities that it will endure if ESI discovery proceeds. Courts throughout Texas and this District have refrained from staying discovery in similar circumstances and Sisvel has not provided any reason for this Court to depart from such precedent. Sisvel does not identify any precedent from this Court in which discovery was stayed in view of a pending motion dismiss. Thus, Sisvel's motion to stay ESI discovery should be denied.

## II. BACKGROUND

Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") filed a patent infringement suit against HP on September 13, 2024. *See* Dkt. 1. Wilus asserts in its Complaint that Sisvel, acting in its role as the licensing manager for Wi-Fi 6 Patent Pool, allegedly provided HP with notice of the Asserted Patents. *See id*. at ¶¶ 2-4. Sisvel contends that the Wi-Fi 6 Patent Pool, which includes the Asserted Patents, are essential to IEEE's 802.11ax, or Wi-Fi 6 standard. *See, e.g.*, Dkt. 104 at ¶¶ 26-45; Dkt. 105 at ¶¶ 26-45. On December 13, 2024, HP filed its Answer and counterclaims and joined Sisvel.[1] HP's counterclaims include, but are not limited to, (1) breach of contract regarding IEEE Policy against Sisvel, (2) breach of duty of good faith against

---

[1] Since the filing of its initial Answer, HP has amended its Answer and Counterclaims and cites to the Amended Answer filed on April 8, 2025, throughout this brief. (Dkt. 104; Dkt. 105).

Sisvel, (3) promissory estoppel against Sisvel and (4) declaratory judgment for a global rate setting. *See* Dkt. 104 at ¶¶ 56-67, 77-85, 150-57; Dkt. 105 at ¶¶ 56-67, 77-85, 150-57.

Fact discovery in this case opened in December 2024. In tandem, HP sent its First Set of Interrogatories to Sisvel and a letter including a non-exhaustive list of documents that HP expected to receive from Sisvel on April 2, 2025. HP sent Sisvel a Second Set of Interrogatories on July 16, 2025. To date, Sisvel has provided responses to HP's interrogatories and produced documents responsive to some of HP's requests. In April 2025, HP sought ESI discovery from both Wilus and Sisvel, but Sisvel refused to participate in the ESI discovery process.[2] During the parties' initial meet-and-confer on July 11, 2025, HP pointed to Eastern District of Texas Local Rule CV-26 which explicitly states that parties are not excused from responding to discovery requests because of a pending motions to dismiss. Sisvel maintained that "Sisvel does not agree to reviewing/producing ESI documents at this time, including pending the Court's ruling on Sisvel's pending Motion to Dismiss." Dkt. 148-2 at 1. On August 13, 2025, the parties conducted a lead and local meet and confer and reached an impasse.

### III.     LEGAL STANDARD

The Eastern District of Texas's Local Rule CV-26 states: "No Excuses. Except in cases involving qualified immunity or a court order to the contrary, ***a party is not excused from responding to discovery because there are pending motions to dismiss*** . . ." (emphasis added). In the Fifth Circuit, staying discovery while a motion to dismiss is pending is the "exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 U.S. Dist. LEXIS 178956, at *8 (N.D. Tex. 2015); *Butowsky v. Folkenflik*, No. 4:18cv442-ALM-CMC, 2019 U.S. Dist. LEXIS

---

[2] Sisvel has also refused to provide other requested discovery relating to unconsummated licensing discussions and offers, which is addressed in HP's pending motion to compel (Dkt. 148). Sisvel did not seek protection or stay of producing this other requested discovery.

2

215339, at *6 (E.D. Tex. 2019) ("the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss."). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Griffin*, 2015 U.S. Dist. LEXIS 178956 at *8. A party seeking a stay of discovery must show good cause which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *X Corp. v. Media Matters for Am.*, Civil Action No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110, at *3 (N.D. Tex. 2024).

## IV.    ARGUMENT

Sisvel's motion to stay ESI discovery should be denied because it has failed to show good cause warranting a stay. *See Health Choice Grp., LLC on Behalf of United States v. Bayer Corp.*, 2018 WL 5728520, at *2 (E.D. Tex. Aug. 8, 2018) (denying motion to stay for failure to demonstrate good cause). Sisvel acknowledges that the Eastern District of Texas Local Rule CV-26 states that "a party is **not excused** from responding to discovery because there are pending motions to dismiss." Mot. at 6. Indeed, Sisvel admits that it **must** participate in the discovery process and respond to HP's discovery requests, including ESI discovery, to comply with the rules of this Court. *Id*. Based on this alone, Sisvel's motion should be denied. Sisvel, however, attempts to show that there is good cause to stay ESI discovery because (1) Sisvel believes it will prevail on its motion to dismiss and (2) Sisvel can avoid incurring the unnecessary burden and expense related to responding to ESI discovery. Both arguments fail.

First, as this Court has repeatedly found, Sisvel's belief that it will prevail on its motion to dismiss does not warrant a stay in discovery, much less ESI discovery. *Pace v. Cirrus Design Corp.,* No. 2:24-CV-00539-JRG, 2025 U.S. Dist. LEXIS 27112, at *4 (E.D. Tex. 2025) ("It is obvious that the fact that Cirrus believes it will prevail on its motion to dismiss does not warrant a

3

stay."); *Butowsky v. Folkenflik*, No. 4:18cv442-ALM-CMC, 2019 U.S. Dist. LEXIS 215339, at *6 (E.D. Tex. 2019) ("Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss."*)*; *Dexon Comput., Inc. v. Cisco Sys., Inc.*, No. 5:22cv53-RWS-JBB, 2022 U.S. Dist. LEXIS 249524, at *3  (E.D. Tex. 2022) ("There is no basis in the Federal or Local Rules for a court to stay discovery pending a ruling on a motion to dismiss").  A stay of ESI discovery would be an exception that would swallow the rule.  *See Pace*, 2025 U.S. Dist. LEXIS 27112, at *3 ("To hold otherwise would invite motions whose primary purpose is to achieve the tactical advantages of a stay."); *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 U.S. Dist. LEXIS 178956, at*8 (N.D. Tex. 2015)( "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.").  Sisvel cites no authority from this Court suggesting that filing a motion to stay warrants a stay in discovery nor cannot it rebut that "the mere filing of a motion to dismiss does not justify a stay."  *Pace*, 2025 U.S. Dist. LEXIS 27112, at *3.  Until this Court has ruled on Sisvel's motion to dismiss, this Court ***plainly requires*** that Sisvel must meaningfully participate in the discovery process, which includes ESI discovery, regardless of a pending motion to dismiss.

Second, Sisvel has failed to make any "particular and specific" demonstration that ESI discovery is so "extremely burdensome and costly" to warrant a stay.  *X Corp.*, 2024 U.S. Dist. LEXIS 79110 at *3, *12.  Sisvel asserts that ESI discovery is burdensome because it encompasses "thousands of patents," "numerous third parties," and "is ***likely*** substantial based on HP's practice of serving generic overbroad [search] terms."  Mot. at 7.  Yet, Sisvel does not mention any exchange of search terms with HP nor has Sisvel even conducted a single search for ESI information.  Sisvel and HP have not exchanged search terms, therefor, Sisvel cannot show any burden on it.  The entirety of Sisvel's motion is based on the ***mere assumption*** that ESI discovery

4

would be burdensome and costly. Such generic, conclusory assertions are not "unique hardship(s)" or "inequit(ies)" that Sisvel would suffer if ESI discovery were to proceed in this case. *Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792, at *6 (N.D. Tex. 2015); *see also Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*, No. 6:15-cv-00134-JRG-KNM, Dkt. No. 61 at 1 n.1 (E.D. Tex. Sep. 3, 2015) ("A stay is not justified merely because a party desires to save money."). Rather, Sisvel's complaints amount "to the usual inconveniences and costs that are associated with discovery practice." *X Corp. v. Media Matters for Am.*, Civil Action No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110, at *12 (N.D. Tex. 2024); *Ashford*, 2015 U.S. Dist. LEXIS 179792, at *6 ("the Court [will not] take the extraordinary step of staying discovery on the basis of boilerplate discovery objections."). Indeed, Sisvel's willingness to respond and produce documents responsive to some of HP's discovery requests further belies its request to stay ESI discovery. Mot. at 6-7; *Ashford*, 2015 U.S. Dist. LEXIS 179792, at *6.

Finally, Sisvel's reliance on *Owens v. Transunion, LLC*—its **only** cited authority—is misplaced and distinguishable. No. 4:20-cv-665-SDJ-KPJ, 2022 U.S. Dist. LEXIS 227965 (E.D. Tex. 2022). In *Owens*, the Court found good cause to stay discovery because *Owens* concerned multiple motions to dismiss from multiple defendants that were pending before that Court, including whether there were potential violations of a court order to amend the complaint. The Court in *Owens* determined "it would be premature to allow discovery to commence." Here, discovery has commenced and there is a single motion to dismiss before the Court with no outstanding violations of a Court order that would justify a stay. *Owens* is the "exception rather than the rule." *Uniloc 2017 LLC v. Samsung Elecs. Am. Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *8 (E.D. Tex. Mar. 24, 2020) (Payne, J.). Thus, Sisvel's motion to stay ESI discovery should be denied.

5

## V.    CONCLUSION

For these reasons, the Court should deny Sisvel's motion to stay ESI discovery pending resolution of motion to dismiss.

Date: August 29, 2025

Respectfully submitted,

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
**Fish & Richardson P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
**Fish & Richardson P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
**Gillam & Smith, LLP**
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Counterclaim Plaintiff HP Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 29, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua

7