# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HP INC.,<br><br>    Defendant. | Case No. 2:24-cv-00752-JRG<br>Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HP INC.,<br><br>    Defendant. | Case No. 2:24-cv-00764-JRG |

**COUNTERCLAIM DEFENDANT SISVEL INTERNATIONAL S.A.'S OPPOSITION TO HP INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1
II.  BACKGROUND ............................................................................................................ 1
III. ARGUMENT .................................................................................................................. 3
     A.   Good Cause Exists to Stay ESI Discovery as to Sisvel ................................................. 3
     B.   The Requested Discovery Relating to Unconsummated Licenses for Sisvel's Entire Pool Is Irrelevant, Overly Broad, Unduly Burdensome, and Oppressive ..................... 4
IV.  CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Atlas Global Techs. LLC v. TP-Link Techs. Co. Ltd.*,
  No. 2:21-cv-00430-JRG-RSP, Dkt. 157 (E.D. Tex. Mar. 31, 2023) ......................................... 6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ................................................................................................ 5

*Kajeet, Inc. v. Qustodio, LLC*,
  No. SA CV 18-1519-JAK (PLAx), 2019 WL 8060078 (C.D. Cal. Oct. 22, 2019) ................... 5

*Microsoft Corp. v. Motorola, Inc.*,
  864 F. Supp. 2d 1023 (W.D. Wash. 2012) ................................................................................ 6

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
  No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011) ............................... 6

*MOSAID Techs. Inc. v. Micron Tech., Inc.*,
  No. 2:06-CV-302 (DF), 2008 WL 11344763 (E.D. Tex. June 18, 2008) .................................. 7

*Owens v. TransUnion, LLC*,
  No. 4:20-CV-665-SDJ-KPJ, 2022 WL 17732319 (E.D. Tex. May 17, 2022) ..................... 3, 8

*Pace v. Cirrus Design Corp.*,
  No. 2:24-CV-00539-JRG, 2025 WL 510231 (E.D. Tex. Feb. 14, 2025) ................................... 4

*Realtime Data LLC v. EchoStar Corp.*,
  No. 6:17-CV-00084-JDL, 2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) ................................ 5

*Roku, Inc. v. Access Advance LLC*,
  No. 1:24-cv-13217-RGS, Dkt. 52 (D. Mass. July 22, 2025) ..................................................... 5

*STA Grp. LLC v. Motorola Sols., Inc.*,
  No. 2:22-CV-0381-JRG-RSP, 2024 WL 233224 (E.D. Tex. Jan. 19, 2024) ............................. 6

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
  No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ......................... 4

**I.     INTRODUCTION**

HP Inc.'s ("HP") motion to compel discovery is without merit and should be denied. HP broadly seeks production of documents and ESI regarding the thousands of patents in Counterclaim Defendant Sisvel International S.A.'s ("Sisvel") Wi-Fi 6 patent pool—only eight of which are actually asserted in these cases—including documents and communications relating to "ongoing and unconsummated licenses and negotiations." This is a gross overreach, and borders on harassment. Documents pertaining to unrelated, unasserted patents are clearly irrelevant to the claims in this case. And as repeatedly held by this Court, unconsummated settlement and licensing negotiations regarding the patents-in-suit are *not discoverable*.

Sisvel has complied with its discovery obligations by producing all consummated licenses in its possession, custody, or control for the patents-in-suit. And as a show of good faith, Sisvel has attempted to meet and confer with HP to narrow the scope of its broad discovery requests. For instance, Sisvel proposed that HP provide a list of licensees for which it would like Sisvel to produce related licensing communications, and Sisvel has already produced communications relating to the two licenses identified by HP. HP has not identified other licensees, and has otherwise refused to limit its requests. Sisvel should not be forced to entertain HP's fishing expedition and undertake the substantial burden and expense of producing documents that this Court has deemed legally irrelevant. HP's motion should be denied.

**II.     BACKGROUND**

Wilus has asserted eight patents against HP, which generally relate to wireless communications, and the accused products are HP Wi-Fi 6 (802.11ax) enabled devices. Dkt. 13. HP answered and filed counterclaims joining Sisvel and alleging that both Wilus, the owner of the asserted patents, and Sisvel, Wilus's alleged licensing agent, breached their FRAND obligations in bringing this lawsuit. Dkt. 104, 105 (HP's Amended Counterclaims). Wilus and Sisvel moved to dismiss HP's FRAND counterclaims because they improperly encompass *all* of the patents in Sisvel's Wi-Fi 6 patent pool, which includes (1) thousands of foreign patents over which this Court lacks jurisdiction; (2) patents owned by numerous third parties; and (3) Wilus patents not asserted

against HP in these cases. Dkt. 113. HP's counterclaims seeking a judgment of a global FRAND rate for the patents in Sisvel's Wi-Fi 6 patent pool also improperly seek an advisory opinion. *Id.*

As further set forth in the briefing on the motion to dismiss, HP's FRAND counterclaims also fail as against Sisvel because Sisvel does not own any of the Wi-Fi 6 patents—it is merely the pool administrator—and is therefore not bound by the alleged contract between Wilus and the IEEE. HP has set forth a number of tenuous "legal theories" for attempting to make Sisvel liable for Wilus's alleged breach of its FRAND obligations (theories that seem to change with each subsequent filing), but none are plausible. Indeed, Samsung did not even file counterclaims against Sisvel despite that its FRAND counterclaims against Wilus contain substantially similar factual allegations regarding Sisvel's alleged FRAND commitments and Sisvel's offers to license the patents in the Wi-Fi 6 pool. *See* Dkt. 106 ¶¶ 13–17, 28–45. Dkt. 136.[1] Further, in its pending motion to supplement (Dkt. 133), HP seeks to introduce the Wi-Fi 6 Patent Pool Agreement between Wilus, Sisvel, and the other patent owners, which only further confirms that (a) HP has no rights under the Wi-Fi 6 Patent Pool Agreement, and (b) HP is improperly seeking an advisory opinion, as Sisvel's rights to grant sublicenses to the Wi-Fi 6 patents in the pool are limited.

Meanwhile, on April 2, 2025, HP sent a discovery letter to Sisvel identifying **128 categories** of documents that HP purportedly believes are relevant to this case. Dkt. 147-1. Many of these categories concern documents that are in Wilus's possession, custody, or control and that have already been produced or will be produced *by Wilus*, to the extent they exist and are not privileged. Sisvel has also produced a number of documents, including documents related to licenses for the asserted patents. Many other categories in HP's letter concern documents that bear no relevance to Wilus and its patent infringement claims, and seek burdensome production of documents that appear relevant only to HP's deficient and overbroad counterclaims against Sisvel.

Notwithstanding Sisvel's objections, given that HP is broadly seeking discovery regarding the *thousands* of patents in Sisvel's patent pool, including, *inter alia*, confidential documents and

---

[1] Wilus also has pending motions to dismiss Samsung's counterclaims on similar grounds.

communications relating to all of the third-party participating patent owners, and the very real possibility that Sisvel may soon be dismissed from this case altogether, Sisvel proposed staying ESI discovery until resolution of the pending motion to dismiss. HP refused. Sisvel therefore filed a motion to stay ESI discovery only, and only as to Sisvel; that motion is still pending. Dkt. 147. Sisvel has timely responded to HP's other discovery requests, including interrogatories.

### III.   ARGUMENT

#### A.   Good Cause Exists to Stay ESI Discovery as to Sisvel

Sisvel refers to and incorporates the arguments in its motion to stay ESI discovery pending resolution of the motion to dismiss. Dkt. 147. To summarize, there is good cause for the requested stay, as there is no plausible basis for making Sisvel, the Wi-Fi 6 patent pool administrator and alleged "licensing agent," liable for *Wilus's* alleged breach of its FRAND obligations. The motion to dismiss will likely dispose of all counterclaims against Sisvel, and a brief, limited stay of ESI discovery will prevent Sisvel from incurring the unnecessary burden and expense of responding to, collecting, reviewing, and producing the expansive discovery sought by HP. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (claimant "not entitled to discovery" where pleading requirements are not met); *Owens v. TransUnion, LLC*, No. 4:20-CV-665-SDJ-KPJ, 2022 WL 17732319 (E.D. Tex. May 17, 2022) (staying discovery pending motion to dismiss). While HP asserts that *Owens* is distinguishable, it fails to explain how. Mot. at 5.

Sisvel expressly acknowledges that under Local Rule 26(a), a pending motion to dismiss does not broadly excuse a party "from responding to discovery." And it has accordingly done so, at great effort and expense. Sisvel is only seeking a brief stay of collecting, reviewing, and producing ESI given the breadth of discovery sought, and HP's practice of serving generic, overbroad search terms resulting in a disproportionate number of hits. For instance, some of the terms HP served on Wilus included "IEEE," "Patent," "Color," "Center," "Filing," and "Trigger*," which resulted in *hundreds of thousands* of hits. If Sisvel were to perform a search based on similarly generic terms, the number of hits would likely be astronomical.

Importantly, HP did not identify any prejudice that would result from the stay. Nor could

3

it, as the requested stay is limited and will likely be brief, and there is still four months of fact discovery. In addition, nearly all discovery relevant to the claims has been or will soon be produced by Wilus. Sisvel has also responded to interrogatories and produced relevant licensing documents regarding the asserted patents. Applying a narrow "exception" to the general rule against discovery stays is appropriate given the circumstances.

The *Uniloc* case cited by HP is distinguishable. In that case, Samsung sought to stay the *entire case* pending resolution of multiple events, including an appeal, IPRs, and a motion to dismiss. *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *1 (E.D. Tex. Mar. 24, 2020). Here, Sisvel is not seeking to stay the entire case, or even all of discovery. Indeed, it has made substantial efforts to engage in discovery despite not originally being a party to the case. In addition, the Samsung entities seeking the stay in *Uniloc* were the sole named defendants and accused infringers. But Sisvel is not a patent owner or accused infringer, and is at best tangentially relevant as Wilus's alleged licensing agent. Granting a stay would not hinder progression of the case, as the ESI discovery at issue pertains only to a small subset of the issues in this case (if it is relevant at all).

Certainly, Sisvel understands and appreciates the policy of discouraging motions "whose primary purpose is to achieve the tactical advantages of a stay." *Pace v. Cirrus Design Corp.*, No. 2:24-CV-00539-JRG, 2025 WL 510231 (E.D. Tex. Feb. 14, 2025) (denying discovery stay requested by defendant airplane manufacturer in personal injury case). Sisvel respectfully submits that this concern is not present here, as Sisvel is not in the shoes of a typical defendant who stands to benefit from delay. Sisvel's interests are more aligned with the plaintiff and patent owner, Wilus, which has a strong interest in the timely resolution of this patent infringement dispute.

> **B.     The Requested Discovery Relating to Unconsummated Licenses for Sisvel's Entire Pool Is Irrelevant, Overly Broad, Unduly Burdensome, and Oppressive**

HP's request for an order compelling production of "documents and communications concerning licensing negotiations regarding the FRAND-encumbered patents in Sisvel's Wi-Fi 6 Patent Portfolio" (Mot. at 1) improperly seeks discovery that is irrelevant, overly broad, unduly

4

burdensome, and oppressive. Sisvel has cooperated with producing documents relating to concluded licenses implicating the eight asserted patents, including pool licenses. But HP's demand that Sisvel produce all documents related to licensing, including negotiations that never resulted in a final agreement, *for all of the thousands of patents in Sisvel's Wi-Fi 6 patent pool*—even if the asserted patents were not implicated—is an improper fishing expedition.

Contrary to HP's assertions, the mere fact that Wilus's asserted patents happen to be part of a patent pool (along with patents owned by Huawei, Panasonic, Koninklijke Philips, and others) does not automatically make licenses unrelated to the asserted patents relevant. The pool comprises over 2,000 patents spanning hundreds of distinct patent families. "[W]hile FRAND encumbered patents lead to unique licensing circumstances, royalty rates and the negotiations thereof for FRAND patents are still analyzed under the same *Georgia-Pacific* framework." *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266300, at *3 (E.D. Tex. Nov. 15, 2018) (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014)). Accordingly, patent licenses are relevant to determining a FRAND rate only if they concern comparable technology. *Id.* at *3–4. HP does not even attempt to explain why licenses that do not involve the asserted patents are relevant here. Additionally, its request for "documents and communications concerning licensing negotiations" for the entire pool is not proportional to the needs of this case. *See Kajeet, Inc. v. Qustodio, LLC*, No. SA CV 18-1519-JAK (PLAx), 2019 WL 8060078, at *2 (C.D. Cal. Oct. 22, 2019) (denying motion to compel as to unasserted related patents, as such "wide-sweeping requests encompassing all 'Related Patents' could result in the production of a significant amount of irrelevant documents, while the task of collecting and reviewing this volume of documents could consume an inordinate amount of time on the part of plaintiff"). To the extent HP argues that discovery on all patents in the pool is relevant to its request for global FRAND rate, this fails for the reasons laid out in Sisvel's motion to dismiss. *See, e.g.*, *Roku, Inc. v. Access Advance LLC*, No. 1:24-cv-13217-RGS, Dkt. 52 (D. Mass. July 22, 2025) (the court "lacks jurisdiction" to determine the FRAND rate for the larger portfolio "which includes hundreds of foreign patents").

5

HP's request for documents related to "ongoing and unconsummated licenses and negotiations" also improperly seeks information that this Court has repeatedly held to be irrelevant and "not discoverable." *See, e.g.*, *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011); *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00434-JRG, 2025 WL 904383, at *1 (E.D. Tex. Mar. 25, 2025). HP fails to explain why the analysis should be any different for FRAND-encumbered patents.

At best, HP vaguely asserts that the negotiations are relevant "because they represent benchmarks from which HP and this Court can evaluate whether Sisvel violated its FRAND commitment," and suggests that a potential licensee's refusal to take a license is evidence that Sisvel's offers were not FRAND. Mot. at 5. HP is wrong. As explained by this Court, "an offer, until accepted, can only be understood to be one party's position"—it is "merely the opinion of a single party and does not represent the business reality that makes licenses and other agreements useful to the ultimate fact finder." *STA Grp. LLC v. Motorola Sols., Inc.*, No. 2:22-CV-0381-JRG-RSP, 2024 WL 233224, at *1 (E.D. Tex. Jan. 19, 2024) (quashing discovery regarding potential acquisitions, as "[p]ending and proposed acquisitions are not sufficiently relevant to outweigh the potential prejudice from their exposure"). The same reasoning applies to any counteroffers and positions taken by potential licensees. A refusal to license, for whatever reason, including a supposed belief that the proposed rates are "above FRAND," is merely the subjective opinion of a single party and not evidence of whether the offered rates are in fact FRAND. Moreover, an *offer* need not be FRAND so long as a FRAND *license* eventually issues after negotiations. *See Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1038 (W.D. Wash. 2012).

HP's reliance on *Atlas Global* is misplaced. In that case, the Court's order was confined to *offered licenses* for the *asserted patents only*, and only if they contained monetary terms. *Atlas Global Techs. LLC v. TP-Link Techs. Co. Ltd.*, No. 2:21-cv-00430-JRG-RSP, Dkt. 157 at 2–3 (E.D. Tex. Mar. 31, 2023). The Court did not order a blanket production of all related documents and communications for an entire pool of patents not asserted in the case. *Atlas* also did not provide any reasoning, much less hold that documents relating to unconsummated licenses are always

6

discoverable in FRAND cases. HP's attempt to stretch *Atlas* to justify production of every negotiation fundamentally misreads the order. Furthermore, *Atlas* stands as an outlier in this District. This Court has consistently held that unconsummated licensing negotiations—whether in the FRAND context or not—lack probative value and are not discoverable because preliminary bargaining positions are unreliable, untested in the marketplace, and inherently one-sided.

*MOSAID* is also distinguishable. In that case, the court ordered production of past *settlements* (i.e., consummated agreements) and related negotiations *for the patents-in-suit*. *MOSAID Techs. Inc. v. Micron Tech., Inc.*, No. 2:06-CV-302 (DF), 2008 WL 11344763, at *6 (E.D. Tex. June 18, 2008). But as noted above, Sisvel does not object to the production of consummated licenses for the patents-in-suit (including pool licenses) and has already produced these documents. Sisvel is also willing to meet and confer regarding the production of negotiations related to consummated licenses, and has already produced some such documents identified by HP. But HP is *not* entitled to unbridled discovery relating to unconsummated licenses, especially for patents not asserted in this action. As this Court explained in "refus[ing] to allow discovery to go that far": "[U]nconsummated settlement negotiation communications are not as reliable because without knowing the ultimate decision (i.e., the agreement or license), the communications have less context and therefore less probative value. Additionally, the concern of a chilling effect on settlement negotiations is potentially even greater when the settlement negotiations are still in progress." *Mondis*, 2011 WL 1714304, at *5. This reasoning applies equally here.

Contrary to a use as a "shield," Sisvel has provided substantial discovery related to consummated licenses involving the asserted patents. Sisvel objected to production of documents relating to unconsummated licenses because they are not relevant, and because producing these documents for the thousands of patents in the pool would be unduly burdensome and not proportional to the needs of the case—not because they are "unfavorable." There is no legitimate basis for forcing Sisvel to bear the cost of HP's attempted fishing expedition.

### IV.    CONCLUSION

For the foregoing reasons, HP's motion to compel should be denied.

| | |
|---|---|
| Dated:  August 29, 2025 | Respectfully submitted,<br><br>/s/ *Reza Mirzaie*<br>Marc Fenster<br>CA State Bar No. 181067<br>Email: mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Email: rmirzaie@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>Email: dchang@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Email: nrubin@raklaw.com<br>Jacob Buczko<br>CA State Bar No. 269408<br>Email: jbuczko@raklaw.com<br>Jonathan Ma<br>CA State Bar No. 312773<br>Email: jma@raklaw.com<br>Mackenzie Paladino/<br>NY State Bar No. 6039366<br>Email: mpaladino@raklaw.com<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Phone: (310) 826-7474<br><br>Andrea L. Fair<br>Email: andrea@millerfairhenry.com<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Phone: (903) 757-6400<br><br>*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.* |

8

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ <em>Reza Mirzaie</em><br>
Reza Mirzaie