# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

**COUNTERCLAIM DEFENDANT SISVEL INTERNATIONAL S.A.'S REPLY IN SUPPORT OF MOTION TO STAY ESI DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

To minimize duplication and reduce the volume of briefing before the Court, Sisvel International S.A. ("Sisvel") refers to and incorporates pages 3–4 of its opposition to HP Inc.'s Motion to Compel (Dkt. 152), which also involves Sisvel's production of ESI discovery.

At bottom, these cross motions boil down to the issue of whether Sisvel—which does not own any of the asserted patents—should be prematurely forced to engage in burdensome and costly ESI discovery merely because HP has joined Sisvel in this case via facially deficient counterclaims. This Court's "no excuses" rule states that "a party is not excused from responding to discovery because there are pending motions to dismiss." But Sisvel has not taken the position that it is excused from responding to discovery merely because a motion to dismiss is pending. Rather, Sisvel has substantially engaged in non-ESI discovery, providing much of the information HP seeks in other forms. Sisvel simply asks this Court to consider the particular facts and circumstances of this case—including that Sisvel is merely an alleged "licensing agent," that HP is seeking overbroad discovery on *thousands* of patents not asserted in this case, and that the pending motion to dismiss will likely dispose of HP's entire case against Sisvel—to grant Sisvel a limited, narrow order protecting it from unnecessarily incurring undue burden and expense of ESI discovery.[1] Local Rule CV-26 does not preclude a party's right to seek a protective order under Rule 26(c). Nor does the fact that Sisvel has responded to other written discovery requests

---

[1] *See Garcia v. Experian Info. Sols., Inc.*, No. 23-CV-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024) (explaining that a protective order staying discovery pending a dispositive motion is appropriate where the motion is "potentially dispositive of the entire case" and "can be decided absent additional discovery").

constitute a waiver of its right to seek a protective order. To the contrary, Sisvel's good faith participation in discovery to date *supports* the limited protective order it seeks.

Staying ESI discovery pending resolution of the motion to dismiss will not only be more efficient for the parties, but it will also be more efficient for the Court. The Court's ruling on the motion to dismiss will determine (and likely significantly narrow) the proper scope of discovery in this case. Deferring ESI discovery until after such ruling will avoid further discovery motion practice on this and related issues in the interim. Indeed, while HP notes in its reply that it has not yet provided Sisvel with search terms, HP does not deny that it intends to serve broad and generic terms similar to those it served on Wilus. When and if HP ultimately serves proposed search terms on Sisvel, that will likely instigate additional discovery disputes that could ultimately result in more motion practice. And to be clear, this will result in highly costly privilege review of likely duplicative materials. From an efficiency standpoint, it makes far more sense to wait and see if Sisvel and the thousands of U.S. and foreign patents in its Wi-Fi 6 patent pool will even remain in this case. Critically, HP still has not articulated any reason why it needs this discovery *now* or otherwise explained why it will be prejudiced by a brief ESI discovery stay.

Contrary to HP's assertions, forcing a joined "licensing agent" to collect, review, and produce hundreds of thousands and quite possibly *millions* of pages of documents relating to thousands of patents that are not the subject of any patent infringement claim in this case is not the "usual inconveniences and costs that are associated with discovery practice." Opp. at 5. No court would ever force a third party to engage in such burdensome and oppressive discovery. That HP joined Sisvel via facially deficient counterclaims that are inconsistent with this Court's approach to global FRAND rate setting should not give HP a free pass to engage in a fishing expedition at Sisvel's substantial expense. This would open the door for accused infringers to engage in similar

2

harassment of patent pool administrators in other cases involving patents that are part of a larger licensing pool.

Accordingly, for the reasons set forth above and in Sisvel's opening brief, as well as the relevant portions of Sisvel's briefing in opposition to HP's motion to compel, Sisvel respectfully requests a protective order briefly staying discovery of ESI as to Sisvel pending resolution of Counterclaim Defendants' motion to dismiss.

Dated:  September 5, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC

3

1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

## CERTIFICATE OF SERVICE

I certify that on September 5, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie
