IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br> Defendant. | Civil Case No. 2:24-cv-00764-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

## **DEFENDANTS' MOTION TO COMPEL DEPOSITION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS ................................................................................................................. iii

TABLE OF ABBREVIATIONS .................................................................................................... iii

I.     INTRODUCTION ............................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................................ 1

III.   LEGAL STANDARD ....................................................................................................... 4

IV.    ARGUMENT .................................................................................................................... 4

V.     CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Frank's Casing Crew & Rental Tools, Inc. v. Tesco Corp.*,
  No. 2:07-cv-015, Dkt. No. 149, 2009 WL 10673627 (E.D. Tex. Jan. 21, 2009) ......................5

*Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*,
  No. 19-4007-DDC, 2023 WL 2269780 (D. Kan. Feb. 28, 2023) .............................................4

*Stambler v. Amazon.com, Inc.*,
  No. 2:09-CV-310, 2011 WL 13196474 (E.D. Tex. Sept. 14, 2011).........................................5

*Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*,
  No. A-07-CV-435 RP, 2009 WL 8541000 (W.D. Tex. Sept. 30, 2009) ..................................5

**Other Authorities**

Fed. R. Civ. P. 30(b)(6).................................................................................................................4, 5

Fed. R. Civ. P. 37(a) .........................................................................................................................4

Fed. R. Civ. P. 37(a)(3)(B)(ii)..........................................................................................................4

Rule 30(a)(2)(A)(ii) ..........................................................................................................................5

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Excerpts from Defendants' First 30(b)(6) Notice of Deposition of Plaintiff Wilus Institute of Standards and Technology Inc. |
| 2 | August 11, 2025 Email from Ralph Phillips to Mackenzie Paladino |
| 3 | August 11, 2025 – August 28, 2025 Email Thread Between Ralph Phillips and Jonathan Ma |
| 4 | August 10, 2025 Email from Mackenzie Paladino to Ralph Phillips |
| 5 | Excerpts from Plaintiff Wilus Institute of Standards and Technology Inc.'s Responses and Objections to Defendants' First 30(b)(6) Notice of Deposition |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| -752 Case | *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, Case No. 2:24-cv-00752-JRG |
| -746 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00746-JRG |
| -753 Case | *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.*, Case No. 2:24-cv-00753-JRG |
| -764 Case | *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, Case No. 2:24-cv-00764-JRG |
| -765 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00765-JRG |
| -766 Case | *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.*, Case No. 2:24-cv-00766- JRG |

## I.  INTRODUCTION

Defendants' investigation has revealed a serious issue of whether there is proper standing in this case and, more specifically, whether another entity listed on the front cover of the patents as assignee – SK Telecom – retains substantial rights in the patents. As such, Defendants noticed a narrow 30(b)(6) deposition related to patent ownership, a threshold issue in this case. But despite the long-standing practice in this court allowing for such depositions, Wilus has refused to designate a witness and provide a date that the witness will be made available for deposition. Defendants seek to investigate ownership of the asserted patents now and, if appropriate, bring related challenges so that the Court and the parties can avoid expending the time and resources needed to bring these six litigations, covering 14 patents, to trial. Because Wilus has refused to designate a witness and provide a date that the witness will be made available for deposition, Defendants respectfully request an order compelling the deposition of a 30(b)(6) witness on the noticed topics concerning ownership issues.

## II.  FACTUAL BACKGROUND

After having reviewed responses to written discovery and production on the issue of ownership, Defendants still have many questions regarding ownership rights in the asserted patents. All of the asserted patents at issue in this case state on their face they are assigned to both Wilus and a third party—SK Telecom Co., Ltd. -752 Case Dkt. 1-1 - 1-4, -746 Case Dkt. 1-1 - 1-4, -753 Case Dkt. 1-1 - 1-3, -764 Case Dkt. 1-1 - 1-4, -765 Case Dkt. 1-1 - 1-4, -766 Case Dkt. 1-1 - 1-4. Moreover, the patents are now part of a licensing pool administrated by Sisvel International S.A., an entity that remains a third party in many of the actions captioned above. https://www.sisvel.com/xlin7ipl485u/6Gf84nYJqpjKRT35yMiuE/1868b09159361565eff0126fd945d5a7/Wilus-Sk_Wi-Fi_6_bilateral_Patent_brochure.pdf; *see also, e.g.*, -746 Case Dkt. 1 ¶4-5, -765 Case Dkt. 1 ¶4-5.

1

Defendants served written discovery on Wilus regarding this issue, but after reviewing Wilus's responses and document production many questions remain. In an attempt to get to the bottom of those ownership questions, on August 1, 2025, Defendants HP, Samsung, and Askey served Wilus with Defendants' First 30(b)(6) Notice of Deposition, which listed the noticed deposition date as August 15, 2025. Ex. 1. The notice lists 12 topics for examination, all of which relate to ownership issues. *Id.*

During an August 8, 2025 meet and confer on discovery issues, Wilus's counsel stated that it is improper to issue multiple deposition notices. *See* Ex. 2. As such, Wilus's counsel claimed that Defendants must serve all of their 30(b)(6) topics before Wilus will designate a witness and setting a date for deposition. *See id.* Wilus's counsel argued that leave would be required to take a second 30(b)(6) deposition if a complete list of 30(b)(6) topics was not provided. Ex. 3, August 11, 2025 Email from Jonathan Ma to Ralph Phillips.

After the meet and confer, Wilus's counsel requested an extension until August 29, 2025, to provide objections to the notice of deposition. Ex. 4. Defendants agreed to provide Wilus with an extension, provided Wilus agreed that it would commit to scheduling the deposition to occur on or before then. Ex. 3, August 12, 2025 Email from Ralph Phillips to Jonathan Ma. Defendants also provided legal authority refuting the notion that there is anything improper about holding a deposition on Defendants' First 30(b)(6) Notice of Deposition in advance of depositions on other, different topics identified in later served 30(b)(6) deposition notices. *See id.* Defendants stated that it is settled law in the EDTX that leave is not required to do so. Moreover, to facilitate logistics, Defendants shared that they were agreeable to a remote deposition. *Id.*

2

On August 14, 2025, in addition to maintaining its request for a complete list of 30(b)(6) topics, Wilus's counsel stated they would also object to Defendants' attempts to take a subsequent 30(b)(1) deposition of the designated witness, as Wilus will only be offering that still- unidentified witness once.  Ex. 3, August 14, 2025 Email from Jonathan Ma to Ralph Phillips.  Wilus's counsel also relied on the Discovery Order to support their position that Defendants are entitled to only one deposition of each designee offered by Wilus and one 30(b)(6) deposition of Wilus absent leave of court.  *Id.*

On August 28, 2025, Defendants responded with legal authority refuting Wilus's request for a complete list 30(b)(6) topics and its notion that leave is required to take multiple 30(b)(6) depositions, as well as Wilus's objection to a subsequent 30(b)(1) deposition.  Ex. 3, August 28, 2025 Email from Ralph Phillips to Jonathan Ma.  Nevertheless, to move things forward, Defendants confirmed that they will not issue a 30(b)(1) notice with respect to this ownership deposition.  *Id.*  Defendants also noted that the Discovery Order does not support Wilus's position as it does not include language limiting Defendants to one deposition of each corporate designee.  *Id.*  Rather, the Discovery Order only states time limits for depositions, and Defendants conveyed their understanding that any time taken by this deposition will count against Defendants' total allotment of hours for depositions.  *Id.*

On August 29, Wilus served its responses and objections to the notice of deposition.  Ex. 5.  In response to each of the 12 topics for examination, Wilus did not substantively respond and instead simply stated that it "is willing to meet and confer regarding this Topic"—including on topics seeking testimony on straightforward issues like Wilus's agreements and relationship with SKT and Sisvel.  *Id.*

Defendants subsequently reached out to Wilus requesting dates of availability for the deposition or, to the extent Wilus would not provide dates, availability for a lead and local meet and confer on the issue. Lead and local counsel met and conferred on September 9, 2025.[1] Wilus reaffirmed its positions, and the parties reached an impasse.

## III.  LEGAL STANDARD

Rule 30(b)(6) allows a party to serve a notice directed to an organization. Fed. R. Civ. P. 30(b)(6). The named organization must designate one or more persons to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.* The person(s) designated must testify about information known or reasonably available to the organization. *Id.*

A party may move for an order compelling a designation if an entity fails to make a designation under Rule 30(b)(6). Fed. R. Civ. P. 37(a)(3)(B)(ii). As such, district courts may, where appropriate, order a person or party to participate in necessary depositions. Fed. R. Civ. P. 37(a).

## IV.  ARGUMENT

Wilus has improperly refused to designate a witness and provide a date that the witness will be made available for deposition. Defendants are under no obligation to provide Wilus with a complete list of 30(b)(6) topics and 30(b)(1) notices for Wilus to do so. Wilus's position is unsupported by the Federal Rules of Civil Procedure and relevant case law, as well as the Discovery Order entered in this case.

---

[1] On the September 9, 2025 lead/local meet and confer, counsel for Wilus stated that they also object to the notice because of its scope. This is merely an attempt at further delay. That Wilus served objections to the notice is unremarkable—parties routinely object to the scope of deposition topics. It is not an excuse to refuse to offer a witness. *See e.g.*, *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 19-4007-DDC, 2023 WL 2269780, at *2 (D. Kan. Feb. 28, 2023) ("A party noticed under Fed. R. Civ. P. 30(b)(6) cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it.").

4

*First*, there is no requirement that Defendants must provide their complete list of 30(b)(6) topics to Wilus before the scheduling of the 30(b)(6) deposition regarding ownership issues. Indeed, Defendants do not even need to seek leave of court to take a second 30(b)(6) deposition if the topics in the second deposition are different from the first. *See Frank's Casing Crew & Rental Tools, Inc. v. Tesco Corp.*, No. 2:07-cv-015, Dkt. No. 149, 2009 WL 10673627, at *1 (E.D. Tex. Jan. 21, 2009) ("There is no Rule or law from this Circuit requiring a party to seek leave of court in order to take a second 30(b)(6) deposition of a corporate entity, when the topics in the second deposition notice are different from the first."); *see also Stambler v. Amazon.com, Inc.*, No. 2:09-CV-310, 2011 WL 13196474, at *1 (E.D. Tex. Sept. 14, 2011) ("Rule 30(a)(2)(A)(ii) states, in part, '[a] party must obtain leave of court ... if the parties have not stipulated to the deposition and: ... the deponent has already been deposed in the case ...' This rule does not require a party to seek leave of court to take a second or third 30(b)(6) deposition of a corporate entity when the topics in the disputed deposition notice are different from the topics in prior notices.").

*Second*, with respect to 30(b)(1) notices, there is no prohibition on deposing a witness designated to provide corporate testimony and then deposing the same witness later in the case in his or her individual capacity. *See Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (observing "there is no prohibition on deposing a witness as a corporate representative and then in an individual capacity."). The Federal Rules of Civil Procedure address this very issue. Fed. R. Civ. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."). As mentioned above, nevertheless, Defendants confirmed that they will not issue a 30(b)(1) notice with respect to this ownership deposition. Ex. 4.

***Third***, Wilus's position is also unsupported by the Discovery Order entered in this case. *See* Dkt. 49. There is no language in the Discovery Order limiting Defendants to "only one deposition of each designee offered by Wilus and one 30(b)(6) deposition of Wilus absent leave of Court." Ex. 3, August 14, 2025 Email from Jonathan Ma to Ralph Phillips. Rather, it states only time limits for depositions. *See* Dkt. 49 at ¶5(c). Defendants understand that any time taken by this deposition will count against Defendants' time allotment.

During the September 9, 2025 lead/local meet and confer, counsel for Wilus announced for the first time that Wilus might designate only one witness for all of its corporate topics, apparently to limit Defendants to a total of five joint hours of corporate deposition time plus two hours per Defendant Group. *See id.* Defendants disagree that designating one witness for all of its topics would be fair, or permit Defendants adequate time to address their issues. Nonetheless, regardless of how the accounting is done for hours, that will impact later depositions, and Wilus cannot point to this as a legitimate basis for refusing to designate and offer a witness now on properly noticed topics.

In sum, Wilus has provided no legitimate basis for its refusal to offer a deponent on ownership issues. Defendants have made every effort to resolve this issue without resorting to motion practice. In addition to providing Wilus with the authority above that is directly adverse to their position, Defendants have also addressed Wilus's concerns regarding the witness being overseas in Korea by offering to take the deposition remotely. While Defendants noticed the deposition 14 days after service, Defendants agreed to provide Wilus with an extension. Still, Wilus has stated that its position "is reasonable, given the significant burden and logistics involved, for all 30(b)(6) topics and 30(b)(1) witnesses now to be identified and addressed and in one deposition." Ex. 3, August 14, 2025 Email from Jonathan Ma to Ralph Phillips. However,

Wilus fails to explain how it is reasonable to require Defendants to identify all 30(b)(1) and 30(b)(6) topics when the close of fact discovery is still three months away. *See* Dkt. 146. At this stage of the case, Defendants simply seek to investigate ownership issues outlined in Defendants' First 30(b)(6) Notice of Deposition prior to the Court and the parties expending the time and resources that will be needed to bring these litigations to trial.

## V.   CONCLUSION

For the reasons stated above, Defendants respectfully seek an order compelling the deposition of a 30(b)(6) designee on ownership issues responsive to Defendants' First 30(b)(6) Notice of Deposition of Plaintiff Wilus Institute of Standards and Technology Inc.

Dated: September 18, 2025                           Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi

7

███████████████████████████████████

TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

*/s/ Lawrence R. Jarvis*
Benjamin C. Elacqua (Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com

8

FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
Peter Hong
GA Bar No. 365188
hong@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendant HP Inc.*

*/s/ Jeffrey D. Smyth*
Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

Trey Yarbrough
Bar No. 22133500
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702

9

▌

Telephone: (903) 595-3111
Facsimile:  (903) 595-0191
Email: trey@yw-lawfirm.com

*Attorneys for Defendants*
*Askey Computer Corp. and*
*Askey International Corp.*

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 18, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on September 9, 2025. Jonathan Ma, Reza Mirzaie, and Garrett Parish attended for Plaintiff. Benjamin C. Elacqua, Lawrence R. Jarvis, Melissa, R. Smith, Michael J. McKeon, Ralph Phillips, Jeffrey D. Smyth, and Trey Yarbrough attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

11