# Exhibit 3

| | |
|---|---|
| **From:** | Ralph A. Phillips |
| **Sent:** | Thursday, August 28, 2025 5:58 PM |
| **To:** | jma@raklaw.com |
| **Cc:** | rak_wilus@raklaw.com; Andrea Fair; Mackenzie Paladino; FISH SERVICE Samsung/Wilus; Service – FR HP/Wilus; melissa@gillamsmithlaw.com; ASKEY-Wilus |
| **Subject:** | Wilus v. Samsung (2:24-cv-00752) — Defendants' First Notice of Deposition to Wilus |

Jon,

We disagree that Wilus must have Defendants' "complete Rule 30(b)(6) list of topics before we can agree on a witness and a date." Indeed, such a requirement would run afoul of clear precedent in the EDTX recognizing that there "is no Rule or law from this Circuit requiring a party to seek leave of court in order to take a second 30(b)(6) deposition of a corporate entity, when the topics in the second deposition notice are different from the first." *Frank's Casing Crew & Rental Tools, Inc. v. Tesco Corp.*, No. 2:07-cv-015, Dkt. No. 149, 2009 WL 10673627, at *1 (E.D. Tex. Jan. 21, 2009).

Moreover, there is no language in the Discovery Order limiting Defendants to "only one deposition" of each corporate designee. Rather, it states only time limits for depositions. *See* Discovery Order at ¶5(c). Any time taken by this deposition will, of course, count against Defendants' total allotment of hours for deposition going forward.

With regard to your concerns regarding a subsequent 30(b)(1) deposition, I can confirm we do not intend to serve a 30(b)(1) notice with respect to this deposition—the subject matter will be limited to the topics enumerated in the corporate notice. As such, there should be no issues presented by providing this same individual witness later in the case in his or her individual capacity. *See Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (observing "there is no prohibition on deposing a witness as a corporate representative and then in an individual capacity.")

Finally, the concerns you raise about overseas travel are obviated by our offer to hold the deposition via remote means.

Accordingly, please provide dates of availability for a deposition of Wilus pursuant to Defendants' First Deposition Notice, or please provide your availability for a lead/local meet and confer on the issue.

Regards,

Ralph

**Ralph A. Phillips ::** Fish & Richardson P.C. **::** +1-202-626-6382

---

**From:** Jon Ma <jma@raklaw.com>
**Sent:** Thursday, August 14, 2025 12:08 AM
**To:** Ralph A. Phillips <RPhillips@fr.com>
**Cc:** Mackenzie Paladino <mpaladino@raklaw.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>
**Subject:** Re: Wilus v. Samsung (2:24-cv-00746 & 00765 Cases) — Meet & Confer re Discovery Issues

Ralph,

Thank you for agreeing to extend our date for objections to August 29, 2025. We note that your 30(b)(6) notice offered "or via videoconferencing at a time and place to be mutually agreed upon by the parties," which renders your notice unclear to us as to the manner of compliance. In any event, before we can confirm a deposition date, it appears from our call last Friday that Defendants intend to serve an unknown number of subsequent 30(b)(6) notices and/or 30(b)(1) notices. We need Defendants' complete Rule 30(b)(6) list of topics before we can agree on a witness and a date.

Under the Court's Discovery Order, Defendants are entitled to only one deposition of each designee offered by Wilus and one 30(b)(6) deposition of Wilus absent leave of Court. For instance, the Discovery Order states, "for each 30(b)(6) deponent offered by Plaintiff, each Defendant Group may jointly take five (5) hours of deposition testimony of each deponent, with an additional two (2) hours per deponent per Defendant Group." If Defendants proceed now with a partial set of topics for this witness—who is overseas and for whom travel may be involved—Wilus will not be made available for a second deposition on later-served topics without leave of Court to the extent we intend to designate the same witness on those topics. We would also object to Defendants' attempts to take a subsequent 30(b)(1) deposition of that witness, as we will only be offering that witness once pursuant to the Discovery Order (stating, e.g., "For witnesses solely deposed under 30(b)(1), it will be 7 hours maximum"). Furthermore, Wilus's position is reasonable, given the significant burden and logistics involved, for all 30(b)(1) and 30(b)(6) topics to be identified and addressed in one deposition.

Furthermore, FRCP 30(a)(2)(A)(ii) is clear and states: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) : …if the parties have not stipulated to the deposition and… the deponent has already been deposed in the case."

If Defendants insist on proceeding now without providing their full list of topics and 30(b)(1) notices, we should schedule a meet and confer.

With respect to the current notice, we also note that Defendants have noticed a deposition in Texas on just 14 days' notice for a witness located in Korea, which is unreasonable given the circumstances. We will consider your offer for a remote deposition.

We remain willing to work cooperatively to schedule depositions that addresses all topics and avoids unnecessary duplication or burden.

Best,

Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Aug 12, 2025, at 6:30 PM, Ralph A. Phillips <RPhillips@fr.com> wrote:

Jon,

1

---

We are agreeable to extending the date for objection to August 29, 2025, provided Wilus agrees that it will commit to scheduling the deposition to occur on or before that date. To facilitate logistics, we are agreeable to proceeding with the deposition by remote means.

We disagree that there is anything improper about holding a deposition on Defendants 1st Notice in advance of depositions on other topics identified in later served deposition notices. It is settled law in the EDTX that leave is not even required to do so. *See Stambler v. Amazon.com, Inc.*, No. 2:09-CV-310, 2011 WL 13196474, at *1 (E.D. Tex. Sept. 14, 2011); *Frank's Casing Crew & Rental Tools, Inc. v. Tesco Corp.*, No. 2:07-cv-015, Dkt. No. 149, 2009 WL 10673627, at *1 (E.D. Tex. Jan. 21, 2009).

Let us know if you wish to convene a call to discuss further.

Best,

Ralph

**Ralph A. Phillips ::** Fish & Richardson P.C. **::** +1-202-626-6382

---

**From:** Jon Ma <jma@raklaw.com>
**Sent:** Monday, August 11, 2025 8:42 PM
**To:** Ralph A. Phillips <RPhillips@fr.com>
**Cc:** Mackenzie Paladino <mpaladino@raklaw.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; rak_wilus@raklaw.com
**Subject:** Re: Wilus v. Samsung (2:24-cv-00746 & 00765 Cases) — Meet & Confer re Discovery Issues

Ralph,

On the last point you raised, regarding multiple depositions, please see, *e.g., UWorld LLC v. USMLE Galaxy LLC*, 349 F.R.D. 258, 269 (N.D. Tex. 2025) ("[L]eave is required under Rule 30(a)(2)(A)(ii) to take a Rule 30(b)(6) deposition of an entity through its corporate representative or representatives a second time"). Please confirm if you intend to withdraw the notice or if you will be proceeding. If the latter, please advise on our extension request for our objections as soon as possible. To be clear, we object to and are not available at the date, time, and location noticed and are available to further meet and confer.

Best,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

3

2