# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  LEGAL BACKGROUND .................................................................................................. 3

III. ARGUMENT ...................................................................................................................... 3

    A.   Defendants' Motion Ignores the Clear Text of the Discovery Order ........................... 3

    B.   Preparing a Foreign Designee Further Warrants Deposition Limits ........................... 4

    C.   Defendants' "Ownership" Theory Lacks Specificity and Is a Fishing Expedition ...... 5

    D.   Defendants' Failure to Meet and Confer Regarding Wilus's Specific Objections ....... 6

IV. CONCLUSION ................................................................................................................... 7

i

I.  **INTRODUCTION**

Defendants seek to circumvent this Court's Discovery Order through gamesmanship, pressing for a burdensome 30(b)(6) deposition on "ownership" (a topic of interest emphasized for the first time in their Motion) while refusing to identify other 30(b)(6) topics or 30(b)(1) notices they plainly foresee serving. Wilus anticipates that the same designee who would testify on ownership topics would also possess relevant knowledge regarding certain technical and/or financial subjects related to Wilus.[1] Given that Wilus is a small research company, Defendants' refusal is not accidental—it is a calculated effort to preserve serial opportunities to re-depose the very same witness, contrary to both the letter and spirit of the Discovery Order. On that basis alone, their motion should be denied. It rests on a contrived theory of relevance that Defendants themselves did not advance until these lawsuits had already been pending for nearly a year.

Wilus has never refused to provide a Rule 30(b)(6) witness. To the contrary, Wilus has confirmed it is willing to designate a witness on ownership issues, provided that Defendants honor the Discovery Order by committing not to re-depose the same individual through subsequent 30(b)(6) or 30(b)(1) notices. Alternatively, Wilus is prepared to coordinate comprehensive depositions such that witnesses may address both corporate and individual topics, thereby minimizing duplicative depositions. The burden of Defendants' request is great. Preparing a 30(b)(6) witness is an onerous institutional task. For Wilus, a small company with employees located overseas, particularly where English is often not a primary language, the burden is compounded by translation, cross-border coordination, and substantial attorney preparation. Allowing Defendants to splinter topics into multiple depositions would force Wilus to repeatedly marshal these resources for the very same witness, in direct conflict with the text and purpose of the Discovery Order.

Consistent with the Discovery Order's requirement that parties "shall endeavor to depose any party fact witnesses within one day," Defendants should be expected to at least ***attempt*** to

---

[1] To the extent the Court were to permit Defendants' proposed approach, Wilus expressly reserves its right to revisit its designations based on witness availability and to mitigate undue burden.

disclose all relevant deposition topics now, so that the parties can at least ***attempt*** to meet the Discovery Order's goal of a single day of deposition. Dribbling the topics out in small batches, makes it highly likely that two or more depositions will be required of a witness, when that scenario could readily have been avoided had Defendants been willing to take seriously the requirements of the Discovery Order and attempt to meet its goals.

Nor have Defendants shown any genuine need for a special deposition on ownership topics. If ownership issues were truly as important as Defendants suggest, they could have noticed such topics earlier. Instead, they waited until near the close of fact discovery, while inexplicably withholding their other deposition demands. Additionally, they already served interrogatories and document requests directed to ownership, received responses, and have not identified a deficiency. They never conferred with Wilus and never explained what ownership issue supposedly remains unresolved. Moreover, Defendants have been in contact with Sisvel—on Wilus's behalf—before this litigation was filed, and could have raised this issue earlier. Their newfound concern is not only untimely, it is contrived. They attempt to transform ordinary assignments, documented in public USPTO records, into an "ownership" issue, without articulating any factual basis. That is a fishing expedition, not discovery. And if Defendants insist on pursuing it, they should do so at the same time with the topics actually at issue in this case.

Finally, Defendants failed to meaningfully meet and confer pursuant to Local Rule CV-7(h). Although Wilus requested a lead and local conference to discuss its objections to Defendants' overbroad, vague, and duplicative topics, Defendants failed to allocate time on the conference to discuss Wilus objections. Thus, the scope of topics are not ripe for this Court's resolution.[2]

---

[2] Defendants also flout the Discovery Orders' exhibit limit by compressing multiple document pages onto single printed pages (Mot. at Ex. 3 (3-in-1), Ex. 5 (6-in-1). Dkt. No. 49 at 10 ("Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages."). That maneuver evades the limit. Wilus requests the Court grant any relief it deems appropriate.

## II. LEGAL BACKGROUND

The Court's Discovery Order sets strict boundaries. It provides:

> Plaintiff shall be subject to a maximum of 70 hours of deposition. ***For each 30(b)(6) deponent offered by Plaintiff, each Defendant Group may jointly take five (5) hours of deposition testimony of each deponent, with an additional two (2) hours per deponent per Defendant Group.*** No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. ***For witnesses solely deposed under 30(b)(1), it will be 7 hours maximum.*** For the purposes of calculating deposition hour limits only, a 30(b)(1) deposition of a current employee of a party constitutes a deposition of that party.

Dkt. No. 49 at 5 (emphases added). It further provides:

> Party fact witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1). ***The Parties shall endeavor to depose any party fact witnesses within one day.***

Dkt. No. 49 at 5-6 (emphasis added).

## III. ARGUMENT

### A. Defendants' Motion Ignores the Clear Text of the Discovery Order

Defendants simply ignore this Court's Discovery Order, which is unambiguous. For "each Rule 30(b)(6) deponent," Defendants are only allotted five hours to be taken jointly, with an additional two hours allotted per group. *See* Dkt. No. 49 at 5. There are no exceptions even if multiple notices are served. *See id.* The Order further provides that for witnesses solely deposed under 30(b)(1), it will be 7 hours maximum. *See id.* And it directs the parties to endeavor to complete depositions of party fact witnesses within a ***single day***. *See id.* at 5-6. These provisions were carefully crafted to minimize redundancy and burden. And they were negotiated at a time when Defendants' supposed need to bifurcate deposition testimony on the issue of ownership was, or should have been, apparent to them. Notably, Defendants' Motion conveniently disregards this express language. *See generally* Mot.

Defendants' position defies these requirements. By refusing to disclose foreseeable topics or 30(b)(1) notices that they indicate they will serve later or commit to not re-deposing the same

3

witness, Defendants seek to preserve multiple opportunities to re-depose the same witness through piecemeal 30(b)(6) notices or a subsequent 30(b)(1) notice—each time claiming entitlement to additional hours. They seek to effectively nullify the hours cap the Order imposes "[f]or each Rule 30(b)(6) deponent" and the Order's direction (negotiated by the parties to this case) to aim to complete depositions within a single day. The Discovery Order plainly contemplates that the Parties identify foreseeable 30(b)(6) topics and 30(b)(1) notices up front, such that time limits may be allocated and preparation can be streamlined. Defendants' refusal to commit to this orderly process, and refusal to otherwise commit they will not re-depose Wilus's designee is nothing less than an attempt to rewrite the Order after the fact. And these are not unsophisticated litigants: Samsung has already subpoenaed Sisvel on over one hundred deposition topics, and HP and Samsung have both noticed Sisvel with an equally sweeping set of RFPs. The notion that such Defendants cannot identify the topics on which they intend to examine Wilus strains credulity. Their further refusal to identify foreseeable topics confirms this is not oversight or ignorance, but deliberate gamesmanship. The cases Defendants cite are inapposite as they do not pertain to the specific language of the carefully negotiated Discovery Order entered into here.

      This Court's task is not to rewrite the Discovery Order to accommodate Defendants' strategic preferences. Allowing Defendants to splinter their topics into multiple notices and reserve additional rounds of questioning would be unfair to Wilus. Serial depositions are inherently cumulative and impose undue burden, and Defendants have failed to make a concrete showing of need justifying their request to depart from the Discovery Order.

      **B.**    **Preparing a Foreign Designee Further Warrants Deposition Limits**

      Even apart from the Discovery Order's requirements, expecting Defendants to disclose their foreseeable deposition topics and notices in advance and to streamline depositions is reasonable given the foreign location of Wilus's knowledgeable witnesses. Preparing a Rule 30(b)(6) witness is onerous. A corporation must gather information across its organization, educate its designee, and ensure the witness can provide accurate institutional testimony. For

Wilus, this already demanding process is magnified by geography. Its employees are in Korea, and Defendants know that. Preparation requires translation of materials, cross-border coordination, and substantial attorney involvement. Even if the deposition occurs remotely, Wilus's counsel will travel to its witnesses, meaning the burden of preparation remains real and significant. Indeed, Defendants' willingness to proceed remotely underscores how little importance they truly place on this issue, potentially reserving in-person examinations for subsequent rounds with Wilus's personnel.

Courts should limit discovery when the burden outweighs the likely benefit. Defendants' refusal to streamline depositions forces Wilus to prepare its anticipated designee for serial depositions at extraordinary cost. Wilus's employees have demanding schedules, and preparing them for multiple rounds of questioning is burdensome and inefficient. The same is true for Wilus's counsel, who would need to repeat time-consuming preparation. That is precisely the type of undue burden the Discovery Order was designed to prevent.

Wilus has played by the rules it negotiated with Defendants months ago. In reliance on the Discovery Order, Wilus has not at this stage issued serial 30(b)(6) notices against Defendants. Defendants should be held to the same standard. Defendants' approach would unfairly saddle Wilus—a small overseas research entity—with extraordinary costs and burdens, while Defendants, who are multinational corporations with far greater resources, bear none of the same strain.

C.  **Defendants' "Ownership" Theory Lacks Specificity and Is a Fishing Expedition**

Defendants attempt to manufacture an "ownership dispute" from a routine assignment history. Defendants have never contended there has been any deficiency with Wilus's standing evidence. They have not sent a deficiency letter, requested supplementation, or pointed to any missing agreement. Nor have they moved on the sufficiency of Wilus's right to assert its patents, discussed the issue during the years of negotiations that preceded this suit, or sought discovery

5

from SK Telecom Co., Ltd. ("SKT")—the very entity they now speculate retains an interest in the patents-in-suit.

Instead, they raise speculative concerns (with no concrete basis) regarding 'ownership' for the first time in this Motion. They raise nothing inherently improper with patents being initially assigned to SKT. Mot. at 1. The inventors are Wilus employees or professors unaffiliated with SKT. Changes in ownership from inventors to assignees are commonplace. Furthermore, USPTO assignment records confirm that SKT transferred its rights to Wilus. Whatever rights SKT once held were properly conveyed to Wilus. Wilus's interrogatory responses confirm the chain of title. Additionally, they raise nothing inherently improper with patents being a part of a licensing pool. Mot. at 1. This is not a targeted inquiry but an opportunistic fishing expedition.

### D. Defendants' Failure to Meet and Confer Regarding Wilus's Specific Objections

Defendants also failed to satisfy their obligation to meet and confer in good faith regarding the scope of their 30(b)(6) topics. Wilus raised specific objections regarding the breadth and ambiguity of certain topics, and requested that those objections be discussed at the lead and local meet-and-confer. Defendants correctly note Parties routinely object to scope of deposition topics, however, they fail to note that parties also routinely discuss those objections. Here, Defendants flatly refused to engage. This failure violates Local Rule CV-7(h), which requires participants to "give each other the opportunity to express his or her views" and to engage in a "sincere effort" to resolve disputes. Defendants did neither.

Wilus has legitimate concerns, which Defendants refuse to discuss. Topic 1's reference to "attempted" transfers is irrelevant and undefined. Topics 3 and 6 broadly demand "Your agreements and relationship with SKT" and "Your agreements and relationship with Sisvel," with no clarity about scope or limits. Topics 4 and 5 appear to overlap with Topic 3 rendering their scope unclear. This is similarly the case with Topics 7 and 8 overlapping with Topic 6,. Topic 9 is vague and undefined. Additionally, Topics 10, 11, and 12 extend beyond ownership

entirely. Wilus does not have Defendants' position on any of these specific issues. By refusing to confer on these objections, Defendants deprived Wilus of the opportunity to discuss and narrow disputes regarding the scope of Defendants' topics. The Motion is therefore premature. This Court should deny it on this basis alone and require Defendants to meaningfully meet and confer.

## IV.  CONCLUSION

For all of these reasons, the motion is improper and premature. In the alternative, if the Court is nevertheless inclined to order a deposition, Wilus respectfully requests that the Court make clear that Defendants are limited to a single examination of that witness under the Discovery Order, and that they must serve all reasonably foreseeable 30(b)(6) and 30(b)(1) notices in advance or risk waiver as to that witness. Additionally, Defendants should be required to meaningfully meet and confer regarding the scope of any topics before burdening the Court further.

Dated: October 2, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

8

## CERTIFICATE OF SERVICE

I certify that on, a true and correct copy of the foregoing document was electronically filed on October 2, 2025 with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie
