**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY, INC.<br><br>    v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP |

**[PROPOSED]**
**SUPPLEMENTAL INTEL PROTECTIVE ORDER**

WHEREAS, the Court entered a Protective Order to protect Party and Nonparty confidential business information in the above referenced actions on January 2, 2025 ("Protective Order"); and

WHEREAS, Intel Corporation ("Intel"), a non-party, may produce Source Code in this action; and

WHEREAS the Parties and Intel have agreed to provisions in addition to those in the Protective Order to protect Intel confidential information;

IT IS HEREBY ORDERED that Source Code produced by Intel in connection with the above-captioned matter shall be subject to the following restrictions:

**A.    Definitions**

    1.    "<u>Party</u>": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

    2.    "<u>Producing Party</u>" or "<u>Designating Party</u>": Intel.

    3.    "<u>Receiving Party</u>": a Party that receives Designated Material from Intel.

4. "Source Code": RTL, HDL, schematics, layout files, microcode, process flows or recipes, and similarly sensitive design information.

5. "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material": Source Code and copies, abstracts, compilations, summaries, and extracts of Source Code.

6. "Designated Material": Material that is designated "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" and all copies, abstracts, compilations, summaries, and extracts of such Material.

7. "Export Controlled Information" means all Source Code subject to federal export control regulations, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq.

8. "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) licensed partners and associates of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Counsel of Record" does not include (i) a person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party or (ii) a person employed by the attorneys who gives technical, scientific or financial advice relating to the substantive issues in this action unless that person is a licensed attorney or patent agent.

9. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who is retained by a Party or retained or employed by its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or

3

anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

**B.    Scope**

10.   <u>Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal</u>. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

**C.    Access to Designated Material**

11.   <u>Access to OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material</u>. Only the following persons are permitted to have access to OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material:

(a)   Counsel of Record;

(b)   Outside Consultants, subject to the procedures set forth in Section D;

(c)   the Court and its personnel; and

(d)   court reporters.

Absent consent from Intel (which will not be unreasonably withheld), no more than 12 Counsel of Record and three Outside Consultants for a Receiving Party are permitted to have access to OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material.

12.   <u>Acknowledgements to be Bound</u>. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound by Protective Order" and/or the "Certification of Consultant" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving Party must retain each original executed document and, on written

request, must provide copies to Counsel of Record for the Producing Party after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

### D.      Disclosure to Outside Consultants

13.     <u>Notice</u>. Before disclosing another party's Designated Material to an Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant has testified (at trial or deposition) within the last five years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant within the last five years; and (f) a signed copy of the "Acknowledgement and Agreement to Be Bound by Protective Order" attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B.

14.     <u>Objections</u>. The Designating Party will have ten calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that ten-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.

### E.      Inspection and Production of Source Code

15.     <u>The Secure Room</u>. Source Code will be made available for inspection in a secure room in computer searchable format on a secured computer during regular business hours on

reasonable notice, at a location in the United States selected by the Producing Party (the "Secure Room"). To facilitate review of the Source Code at the secure room, the Receiving Party may use appropriate tool software on the source code computer, which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Winmerge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party. Before being admitted into the Secure Room, an individual must provide a photo identification card sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship.

16. <u>Review of Source Code</u>. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. Written notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks. The Source Code may not be copied into the notes. Notwithstanding this provision, file name and location (i.e., directory path), may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review to ensure compliance with these restrictions.

17. <u>Printing Portions of the Source Code</u>. A Receiving Party is allowed to request print paper copies of necessary, specific portions of the Source Code at the time of inspection. The Producing Party shall print the Source Code requested by the Receiving Party. Paper copies are

restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. A Receiving Party is not entitled to print passages to facilitate review of the Source Code away from the Secure Room; the Source Code is to be reviewed and analyzed using the stand-alone computer.

18. <u>Delivery of Printouts</u>. The Producing Party will prepare any printed pages of the Source Code, and Bates number, copy, and label them "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE." Within seven calendar days, the Producing Party must either (a) deliver three copy sets of such pages to one or more offices of the Receiving Party's Counsel of Record or Outside Consultants; or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. A reasonable request will be presumed to extend for no more than a total of 300 total pages and for no more than 30 contiguous pages. These limits may be increased by agreement or on a showing of need.

19. <u>Producing Party Log</u>. The Producing Party may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Producing Party may also retain copies of any printed pages of the Source Code.

20. <u>Maintenance of Printouts</u>. Copy sets of the Source Code must be kept at all times in the offices of Counsel of Record or Outside Consultants (excluding an Outside Consultant's home office unless the Producing Party receives advance written notice that the Outside Consultant's home office is the individual's only office) to which the Producing Party has delivered them. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Except as explicitly

permitted below, the Receiving Party is prohibited from making additional copies or scanning the printouts.

21. <u>Transportation of Copy Sets</u>. Transportation is permitted only by hand by a person authorized to have access under Paragraph 11. If an authorized person is taking copy sets on a flight, they must be carried on the plane and may not be checked. Copy sets may not be shipped by courier, such as Federal Express. Producing Party will hand deliver any copy sets to locations where they are permitted to be kept under Paragraph 20.

22. <u>Receiving Party Log</u>. The Receiving Party must maintain a log identifying each person who reviews the printouts and the date of first access to the printouts. The Receiving Party must provide the Producing Party with a copy of the log on two business days' notice, but no more than once per month absent a showing of good cause.

23. <u>Use at Depositions and Hearings</u>. A Receiving Party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Producing Party's prior written consent. Absent such consent, the Receiving Party must provide the Producing Party with two business days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts.

24. <u>Use in Filings</u>. A Receiving Party that wants to file or otherwise submit pages of Source Code in connection with a filing may, no earlier than 24 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party.

25. <u>Use in Expert Reports and Discovery Documents</u>. To the extent it is necessary to reference Source Code in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but no excerpt may exceed 10 consecutive lines of code absent permission (which may not be unreasonably withheld) from the Producing Party. Documents containing excerpts must be designated "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE."

F.   **Prosecution and Development Bar**

26. <u>Prosecution Bar.</u> Individuals associated with a Receiving Party (i.e., Counsel of Record and Outside Consultants) who personally review any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material are prohibited from participating in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the confidential information disclosed in such OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in any reexamination, *inter partes* review, or other post-grant review proceedings, except that the individual is prohibited from participating in the drafting of any claim or amendment to any claim related to the confidential information disclosed in any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material reviewed by the individual. Each of these provisions will be personal to any Counsel of Record who accesses the OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material and shall in no event be imputed to any other persons at Counsel of Record's law firm.

27. <u>Development Bar</u>. A Receiving Party's Outside Consultants who personally review any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material must execute the

"Certification of Consultant" attached as Exhibit B in which they agree not to perform hardware, software or product development work for commercial purposes that is related to the confidential information disclosed in any "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" Material until one year following the final termination of this action (including any appeals).

**G.      Use of Designated Material**

28.     <u>Use of Designated Material by a Receiving Party</u>. A Receiving Party, including its Counsel of Record and Outside Consultants, is permitted to use Designated Material only for purposes of this action and is prohibited from disclosing Designated Material except in accordance with this Order.

29.     <u>Use of Designated Material by a Producing Party</u>. Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

30.     <u>Use of Designated Material at Depositions</u>. A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) present directors, officers, employees, and designated Rule 30(6)(b) witnesses of a Designating Party about any Designated Material of that Designating Party. Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

31.     <u>Filing Designated Material</u>. Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

32.     <u>Transmittal of Designated Material</u>. A Receiving Party will not transmit or transport Designated Material outside of the United States. To the extent that a Receiving Party is authorized to transport or transmit electronic copies of Designated Material, only the following

methods may be used: (1) encrypted email using an encryption tool that has a passphrase of at least 20 characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (ii) a secure FTP site that implements 256 bit AES encryption over SSL and utilizes access controls, and the files containing the information are encrypted using a key length of at least 20 characters and 256 bit AES encryption and are removed from the Secure FTP site within 3 days; and (iii) hand-delivery, where the data is stored on an encrypted hard-drive using at least AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

33. <u>Export Controlled Information</u>. Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.62), including Counsel of Record and Outside Consultants, and (b) from being transported or transmitted outside of the United States or to any recipient who is located outside of the United States. Counsel of Record must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a Receiving Party anticipates disclosing Export Controlled Information to the Court, including at any hearing or at trial, it will confer on the proper safeguards to avoid an export violation with the Designating Party and, if necessary, the Court.

34. <u>Unauthorized Use or Disclosure</u>. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached as Exhibit A.

**H.     Procedure for Designating Materials**

35.     <u>Designating Documents</u>. For Material in documentary form (other than transcripts), the Designating Party must affix the legend "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" on each page that contains Designated Material.

36.     <u>Designating Other Material</u>. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE."

37.     <u>Testimony and Transcripts</u>. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript by informing the reporter and the Parties in writing of the applicable designations within thirty calendar days of completion of the certified transcript. The entire transcript of a deposition at which OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material was disclosed will be treated as OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material until the thirty-day period has expired. Transcript pages identified by a Designating Party must be separately bound by the court reporter, who must affix to the top of each such page the legend "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case.

38.     <u>Challenges to Designations</u>. A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; it is not obligated to do so at

the time the designation is made. Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court.

**I.    Inadvertent Production**

39.    <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material. On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

40.    <u>No Waiver of Privilege</u>. Inspection or production of Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after becoming aware of an inadvertent or unintentional disclosure, the Producing Party designates the Material as privileged or immune from discovery. On request by the Producing Party, the Receiving Party will immediately retrieve and return (or destroy) any copies of the inadvertently produced Material, including copies distributed to others (e.g., Outside Consultants). The Receiving Party will remain entitled to challenge the privilege or immunity or immunity designation.

**J.    Miscellaneous**

41.    <u>Enforcement and Jurisdiction</u>. This Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who

13

reviews Designated Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

42. <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

43. <u>Final Disposition</u>. Within sixty days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party). However, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers and supporting materials), transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order.

44. <u>Duration</u>. The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

45. <u>Further Protections</u>. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

46. <u>Subpoenas in Other Litigation</u>. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the

Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

SO ORDERED this _____ day of _____, 20__.

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1.  I reside at _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have read the Agreed Protective Order Regarding Production of Source Code by Non-Party Intel Corporation ("Order") dated _____, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5.  I agree to be subject to the authority of the United States District Court for the Eastern District of Texas in the event of any dispute related to this agreement.

6.  I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20\_\_.              _____
                                                          Signature

**Exhibit B**

**CERTIFICATION OF OUTSIDE CONSULTANT
REGARDING PROTECTIVE ORDER**

I, _____, state:

1.  I have read the Agreed Protective Order Regarding Production of Source Code by Non-Party Intel Corporation ("Order") dated _____, and understand and will abide by its terms.

2.  I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party's competitor.

3.  If at any time after I execute this Certification of Consultant and during the litigation have access to Materials marked as "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Materials marked as "OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

4.  I will not use any Designated Material for any purpose other than this litigation.

5.  I agree that, if I personally review any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material, I will not participate in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or drafting or revising a patent claim, related to the confidential information disclosed in such OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals). I may participate in any reexamination, *inter*

*partes* review, or other post-grant review proceedings, except that I may not participate in the drafting of any claim or amendment to any claim related to the confidential information disclosed in any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material that I reviewed.

6. I agree not to perform commercial hardware, software or product development work intended for commercial purposes that is relating to the confidential material disclosed in any OUTSIDE COUNSEL RESTRICTED – INTEL SOURCE CODE Material until one year following the final termination of this litigation (including any appeals).

7. I agree to be subject to the authority of the United States District Court for the Eastern District of Texas in the event of any dispute related to this certification.

8. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20\_\_.    _____
                                                                                                         Signature