IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>            Plaintiff,<br><br>v.<br><br>HP INC.<br><br>            Defendant. | Civil Case No. 2:24-cv-00752-JRG<br>[Lead Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>            Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>            Defendants. | Civil Case No. 2:24-cv-00746-JRG<br>[Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>            Plaintiff,<br><br>v.<br><br>HP INC.<br>            Defendant. | Civil Case No. 2:24-cv-00764-JRG<br>[Member Case] |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>          Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>          Defendants. | Civil Case No. 2:24-cv-00765-JRG<br>[Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>          Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>          Defendants. | Civil Case No. 2:24-cv-00766-JRG<br>[Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>          Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>          Defendants. | Civil Case No. 2:24-cv-00753-JRG<br>[Member Case] |

**SAMSUNG DEFENDANTS' OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEWS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................... iv

TABLE OF ABBREVIATIONS ........................................................................................ iv

I.    INTRODUCTION .................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 2

III.  LEGAL STANDARD .............................................................................................. 5

IV.   ARGUMENT ........................................................................................................... 6

      A.    A Stay Will Likely Significantly Simplify or Eliminate Issues
            Before the Court.......................................................................................... 6

      B.    Wilus Will Not Suffer Undue Prejudice from a Stay ............................. 7

      C.    The Stage of the Case Weighs in Favor of a Stay.................................... 9

V.    CONCLUSION....................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-0333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021) ............................................2

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ..........................................................................................6

*Customedia Techs. LLC v. DISH Network Corp.*,
No. 2:16-CV-0129, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ...........................................5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
No. 2:15-CV-0011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .........................................5

*Intell. Ventures II LLC v. Bitco Gen. Ins. Corp.*,
No. 6:15-CV-0059-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016) .................................6

*NFC Tech. LLC v. HTC Am. Inc.*,
No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..........................6, 8

*Norman IP Holdings, LLC v. TP-Link Techs.*,
Co., No. 6:13-CV-0384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ...................................9

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:16-CV-0642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) .................................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) .......................................................................................7, 8

*XI Mobile (R & D) Ltd., v. Samsung Elecs. Co. Ltd.*,
No. 15-CV-3752-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) ..................................9

**Statutes**

35 U.S.C. § 314(b) ............................................................................................................4

**Other Authorities**

*Changes To Implement Inter Partes Review Proceedings, Post-Grant Review
Proceedings, and Transitional Program for Covered Business Method
Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42) ......................8

*Daniel Moriarty, IPR Discretionary Denial Rates at the PTAB: The New Normal,
MBHB (Aug. 12, 2025),* https://www.mbhb.com/intelligence/snippets/ipr-
discretionary-denial-rates-at-the-ptab-the-new-normal/ ......................................................2,3

*JDSupra, IPR Discretionary Denial Rates at the PTAB: The New Normal (Aug. 12, 2025)*, https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-at-the-5772745 ...................................................................................................2, 4

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | PTAB, Office Patent Trial Practice Guide, available at https://www.uspto.gov/sites/default/files/documents/tpgnov.pdf?MURL=TrialPracticeGuideConsolidated |
| 2 | Petition for Inter Partes Review of the '595 patent (IPR2025-00933) |
| 3 | Petition for Inter Partes Review of the '210 patent (IPR2025-00934) |
| 4 | Petition for Inter Partes Review of the '163 patent (IPR2025-00935) |
| 5 | Petition for Inter Partes Review of the '597 patent (IPR2025-00936) |
| 6 | Petition for Inter Partes Review of the '281 patent (IPR2025-00988) |
| 7 | Petition for Inter Partes Review of the '035 patent (IPR2025-01043) |
| 8 | Petition for Inter Partes Review of the '879 patent (IPR2025-01044) |
| 9 | Petition for Inter Partes Review of the '077 patent (IPR2025-01069) |
| 10 | September 26, 2025 Decision Referring the Petitions to the Board for cases: IPR2025-00935 (Patent 11,129,163 B2) IPR2025-00936 (Patent 11,700,597 B2) |
| 11 | October 10, 2025 Decision Referring the Petitions to the Board for cases: IPR2025-00933 (Patent 11,470,595 B2) IPR2025-00934 (Patent 11,159,210 B2) IPR2025-00988 (Patent 10,687,281 B2) IPR2025-01043 (Patent 11,116,035 B2) IPR2025-01044 (Patent 11,516,879 B2) IPR2025-01069 (Patent 10,313,077 B2) IPR2025-01110 (Patent 11,716,171 B2) IPR2025-01111 (Patent 10,911,186 B2) |
| 12 | Order Granting Request for Ex Parte Reexamination dated October 15, 2025, Control No. 90/015,538 |
| 13 | Order Granting Request for Ex Parte Reexamination dated October 7, 2025, Control No. 90/015,487 |
| 14 | Order Granting Request for Ex Parte Reexamination dated October 14, 2025, Control No. 90/015,488 |
| 15 | Petition for Inter Partes Review of U.S. Patent No. 11,664,926 |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '035 patent | U.S. Patent No. 11,116,035 |

| Abbreviation | Description |
|---|---|
| '879 patent | U.S. Patent No. 11,516,879 |
| '077 patent | U.S. Patent No. 10,313,077 |
| Asserted Patents | Patents asserted against Samsung: '595 patent, '210 patent, '163 patent, '597 patent, '281 patent, '035 patent, '879 patent, and '077 patent |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Askey | Askey Computer Corp. and Askey International Corp. |
| HP | HP Inc. |
| IPR | *Inter Partes* Review |
| PTAB | Patent Trial and Appeal Board |

## I.    INTRODUCTION

To avoid significant duplication of effort, additional expense for the parties, and the risk of inconsistent decisions, Samsung respectfully requests that the Court stay Wilus's two member cases against Samsung pending the PTAB's resolution of the IPR petitions filed over the patents that Wilus asserted against Samsung.

In May and June of 2025, co-defendant Samsung Electronics Co. Ltd. petitioned the PTAB to institute IPRs of all asserted claims of the patents that Wilus presently asserts against Samsung ("Asserted Patents") in the above captioned actions involving Samsung, namely the -746 and -765 actions.  Over the last few weeks, even after acknowledging that "it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, *resulting in significant duplication of effort, additional expense for the parties, and a risk of inconsistent decisions*," the Director[1] of the U.S. Patent and Trademark Office ("Director") denied *all* of Wilus's discretionary denial requests in view of "persuasive evidence that the Office *erred in a manner material to the patentability*."  Ex. 10 at 2 (emphasis added); *see also* Ex. 11 at 3 ("Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims.").  As a result, Samsung's IPR petitions are now among the relatively few petitions that the Director of the U.S. Patent and Trademark Office has referred to the PTAB.

A stay of the member cases against Samsung will likely result in simplifying the Court's proceedings in at least the -746 and -765 actions, or even eliminating all the issues before the Court in those cases.  The IPRs cover all Asserted Patents and thus will likely significantly narrow the scope or even dispose of the cases.  The IPRs also raise claim construction issues that impact

---

[1] The Acting Director Stewart recused herself for these proceedings and the Acting Chief Administrative Patent Judge rendered the decision.

Wilus's infringement contentions before the Court and which may be resolved by the PTAB.  At the same time, Wilus faces no prejudice from a stay—it is free to proceed here with its claim for damages if any of the Asserted Patents survive the IPRs.  The factors the Court considers in evaluating a stay—simplification of the issues, state of the proceedings, and risk of undue prejudice to the plaintiff—weigh in favor of granting a stay.

Although Samsung recognizes that the Court's typical practice is to deny pre-institution motions to stay pending IPR, a stay is sensible at this stage, and this Court has credited defendants for having promptly moved to stay when ruling on a post-institution motion.[2]  Further, according to the recent trend, the patent office denies the majority of IPR petitions on discretionary grounds, especially ones with a parallel litigation in this District.[3]  Having overcome this significant hurdle to an IPR challenge, Samsung has promptly filed the present motion.

## II.    FACTUAL BACKGROUND

Wilus filed its two complaints against HP on September 13, 2024 and September 20, 2024.  *See* No. 2:24-cv-00752, Dkt. No. 1; No. 2:24-cv-00764, Dkt. No. 1.  Wilus filed its two complaints against Samsung on September 11, 2024 and September 20, 2024.  *See* No. 2:24-cv-00746, Dkt. No. 1; No. 2:24-cv-00765, Dkt. No. 1.  Wilus filed its two complaints against Askey on September 13, 2024 and September 20, 2024.  *See* No. 2:24-cv-00753, Dkt. No. 1; No. 2:24-cv-00766, Dkt. No. 1.  On October 22, 2024, the Court consolidated these six cases for all pretrial issues.  *See* Dkt.

---

[2] *See, e.g., Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-0333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021) ("[T]he Court considers the diligence shown by Samsung in pursuing the IPR process . . . . Furthermore, Defendant did not delay in notifying the Court of its desire to seek a stay of the litigation while the IPR proceeds.").

[3] *See, e.g.*, Daniel Moriarty, *IPR Discretionary Denial Rates at the PTAB: The New Normal*, MBHB (Aug. 12, 2025), https://www.mbhb.com/intelligence/snippets/ipr-discretionary-denial-rates-at-the-ptab-the-new-normal; JDSupra, *IPR Discretionary Denial Rates at the PTAB: The New Normal* (Aug. 12, 2025), https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-at-the-5772745.

2

14; *see also* No. 2:24-cv-00753, Dkt. 15.  HP answered and counterclaimed on December 13, 2024.

Dkt. 33, 39.   Samsung answered and counterclaimed on January 16, 2025, which were amended

on April 15, 2025.  *See* Dkt. 61, Dkt. 62, Dkt. 106, Dkt. 107.  Askey answered January 16, 2025.

*See* Dkt. 59; Dkt. 60.  The Court entered the initial Docket Control Order ("DCO") on December

23, 2023, which was amended seven times: on February 18, 2025, February 20, 2025, March 3,

2025, March 10, 2025, August 14, 2025, and September 24, 2025.  *See* Dkt. 47; Dkt.81; Dkt.83;

Dkt. 87; Dkt. 90; Dkt. 130; Dkt.146; Dkt.165.  After a notice of settlement, the cases against HP

were stayed on October 15, 2025.  *See* Dkt. 172.

The consolidated case is in the early stage of fact discovery.  Under the DCO currently in

effect, the *Markman* hearing is set for December 16, 2025; fact discovery closes on December 22,

2025; expert discovery ends on February 17, 2026; dispositive motions are due February 23, 2026;

and trial is set to begin on June 1, 2026.  *See* Dkt. 165.  Claim construction briefing has not begun.

Samsung filed IPRs on all asserted claims for the Asserted Patents as summarized below:

| IPR | Patent | Filing Date | Referred to the Board | Anticipated Institution Date |
|---|---|---|---|---|
| IPR2025-00933 | 11,470,595 | May 13, 2025 | October 10, 2025 | December 16, 2025 |
| IPR2025-00934 | 11,159,210 | May 1, 2025 | October 10, 2025 | December 10, 2025 |
| IPR2025-00935 | 11,129,163 | April 30, 2025 | September 26, 2025 | December 2, 2025 |
| IPR2025-00936 | 11,700,597 | April 30, 2025 | September 26, 2025 | December 2, 2025 |
| IPR2025-00988 | 10,687,281 | May 20, 2025 | October 10, 2025 | December 16, 2025 |
| IPR2025-01043 | 11,116,035 | May 29, 2025 | October 10, 2025 | December 16, 2025 |
| IPR2025-01044 | 11,516,879 | May 29, 2025 | October 10, 2025 | December 17, 2025 |
| IPR2025-01069 | 10,313,077 | June 5, 2025 | October 10, 2025 | December 24, 2025 |

*See* Ex. 2–9 (IPR petitions).

In each IPR, Wilus filed a request for discretionary denial of institution.   Exs. 10–11.

Recent trends show that more than half of IPR petitions are denied on discretionary grounds.  *See,*

*e.g.,* Daniel Moriarty, *IPR Discretionary Denial Rates at the PTAB: The New Normal*, MBHB

(Aug.  12,  2025),  https://www.mbhb.com/intelligence/snippets/ipr-discretionary-denial-rates-at-

the-ptab-the-new-normal/.  The discretionary denial rate is even higher when the challenged patent is subject to a litigation in this District.  *See* JDSupra, *IPR Discretionary Denial Rates at the PTAB: The New Normal (Aug. 12, 2025)*, https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-at-the-5772745/ (noting "parallel PTAB proceedings face a higher risk of discretionary denial" in this District).

Extraordinarily, the patent office denied ***all*** of Wilus's requests and referred ***all*** petitions to the Board.  Exs. 10–11.  Even after noting that "it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, resulting in significant duplication of effort, additional expense for the parties, and a risk of inconsistent decisions," the patent office explained that "[u]nder these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it."  Ex. 10 at 2–3 (emphasis added); *see also* Ex. 11 at 3.  In particular, the patent office explained that "discretionary denial of institution is not appropriate in these proceedings" because, in part, Samsung "provide[d] persuasive evidence that the Office ***erred in a manner material to the patentability*** of the challenged claims in at least some of the challenged patents."  Ex. 10 at 3 (emphasis added); *see also* Ex. 11 at 3 ("Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims.").

As noted in the above table, institution decisions for the IPRs are expected in December 2025.  *See* Ex. 1 at 5–7 (providing timeline for IPR proceedings); *see also* 35 U.S.C. § 314(b) ("The Director shall determine whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 within 3 months after—(1)receiving a preliminary response to the petition under section 313; or (2) if no such preliminary response is filed, the last date on which such response may be filed.").

Furthermore, many of the patents Wilus asserted against Askey in the consolidated case (but not against Samsung)—namely, U.S. Patent Nos. 11,664,926, 10,305,638, 10,820,233, 10,931,396—are subject to pending IPR petitions, *see* Ex. 15, or *ex parte* reexamination proceedings that the patent office ordered after finding a "substantial new question of patentability (SNQ)," Ex. 12-14.  Only U.S. Patent Nos. 10,651,992 and 11,128,421, which Wilus asserted only against Askey, are not subject to any pending patent office proceeding.

## III.    LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-0011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016).  In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Customedia Techs. LLC v. DISH Network Corp.*, No. 2:16-CV-0129, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

The Court has inherent authority to stay an action where issues at stake can be resolved in a pending IPR proceeding.  Such a stay is especially justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues.  *Customedia*, 2017 WL 3836123, at *1 (citing *NFC Tech. LLC v. HTC Am. Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)).  When deciding whether to stay a case pending IPR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2.

## IV.    ARGUMENT

### A.    A Stay Will Likely Significantly Simplify or Eliminate Issues Before the Court

A stay will likely significantly simplify or even eliminate issues before the Court in Wilus's cases against Samsung.  "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court."  *NFC Tech.*, 2015 WL 1069111, at *4; *see also Intell. Ventures II LLC v. Bitco Gen. Ins. Corp.*, No. 6:15-CV-0059-JRG, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016).  "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *NFC Tech.*, 2015 WL 1069111, at *1 (internal quotations omitted).  "[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome will streamline the scope."  *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-0642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017).

The pending IPR petitions address every patent claim that Wilus asserted against Samsung.  Thus, resolution of the IPR petitions is not only likely to significantly simplify the issues in the litigation but may dispose of the entire case against Samsung.  Even if only some of the claims or patents are rendered unpatentable, the IPR proceedings will inform this Court on issues of claim construction that may in turn impact questions of infringement and invalidity.  *See NFC Tech.*, 2015 WL 1069111, at *7 (determining that, even where all claims were not reviewed during IPR proceedings, "any disposition by the PTAB is likely to simplify the proceedings before this Court"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer.").  Indeed,

6

the patent office's explanation in its decisions to refer **all** of Samsung's IPR petitions to the Board underscores the likelihood that at least some of the challenged claims may be invalidated.  As noted above, the patent office's decision relied on the "***persuasive*** evidence that the Office ***erred*** in a manner ***material to the patentability of the challenged claims***."  Ex. 11 at 3 (emphasis added); *see also* Ex. 10 at 2 (same).

Samsung is requesting a stay as to the two member cases that Wilus filed against Samsung and which have been consolidated into the instant lead case, Case No. 2:24-cv-00752-JRG. Staying those member cases would not significantly impact Wilus's remaining member cases against Askey; indeed, there is only one patent, U.S. Patent No. 10,313,077, that is asserted by Wilus against both Askey and Samsung across the consolidated member cases.[4]

### B.    Wilus Will Not Suffer Undue Prejudice from a Stay

Wilus will not suffer undue prejudice if the Court stays the member cases against Samsung. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim."  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).  Here, Wilus did not file a motion for a preliminary injunction, and monetary relief would sufficiently compensate Wilus for any purported damages if it eventually prevails on the merits.  A "stay will not diminish the monetary damages to which [Wilus] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ."  *VirtualAgility*, 759 F.3d at 1318; *see also id.* at 1319 ("Although this is not dispositive [of the plaintiff's arguments regarding prejudice from delay], we note that

---

[4] The Court may also consider staying the entire consolidated case as many of the patents Wilus asserted against Askey in (but not against Samsung)—namely U.S. Patent Nos. 11,664,926, 10,305,638, 10,820,233, 10,931,396—are each subject to a pending IPR petition, Ex. 15, or an *ex parte* reexamination that the patent office ordered after finding a "substantial new question of patentability (SNQ) affecting," Ex. 12-14.  The remaining U.S. Patent Nos. 10,651,992 and 11,128,421 asserted only against Askey are not subject to any pending patent office proceeding.

[Plaintiff] did not move for a preliminary injunction against Defendants.").  As this Court has stated, a mere delay of the vindication of patent rights alone cannot defeat a motion to stay.  *See, e.g.*, *NFC Techs.*, 2015 WL 1069111, at *2.

In contrast, without a stay Samsung will suffer severe prejudice by incurring the burden of continuing to defend against infringement allegations over eight patents that are marred by "material" examination error, and which the PTAB may ultimately find unpatentable.  *See* Ex. 10 at 3 ("[I]t is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, ***resulting in significant duplication of effort, additional expense for the parties, and a risk of inconsistent decisions*** . . . [But,] Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims. . . . Under these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it." (emphasis added)).  Absent a stay, the member cases against Samsung will advance toward trial, and the parties and the Court will continue to invest significant time and resources.

Rather than cause undue prejudice, a stay would benefit both parties by allowing them to take advantage of the IPR system set up to aid courts as an essential part of an "efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."  *Changes To Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42).  Because Samsung filed its IPR petitions within five to six months of answering the complaint, while the consolidated case is still in its infancy, a stay would be particularly effective in limiting litigation costs and conserving the Court's resources.

### C.    The Stage of the Case Weighs in Favor of a Stay

Samsung has pursued IPRs during the early stages of this case, before any claim construction briefing.  "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-0384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (internal citations omitted).  Further, a stay may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *Id*. at *2 (internal citations omitted).

The institution decisions for the Asserted Patents are expected in December 2025, coinciding with the close of fact discovery on December 22, 2025. *See* Dkt. 165.  The trial before the Court is set to begin several months later, on June 1, 2026. *Id*.  The member cases against Samsung are thus at an ideal stage for a stay. *See, e.g., XI Mobile (R & D) Ltd., v. Samsung Elecs. Co. Ltd.*, No. 15-CV-3752-HSG, 2015 WL 7015415, at *2–3 (N.D. Cal. Nov. 12, 2015) (granting motion to stay pending IPR institution decision).  As noted above, a stay would not only avoid the risk of relitigating claim construction and engaging in unnecessary discovery, thus significantly simplifying the Court proceeding; the PTAB's final decisions may in fact dispose of the entire case if the PTAB renders the asserted patents unpatentable.  It is particularly warranted here, where the patent office has already found "persuasive evidence that [it had previously] ***erred*** in a manner ***material*** to the patentability of the challenged claims." *See* Exs. 10-11 (emphasis added).  If Samsung's motion is denied, however, the Court may expend resources on claim construction issues that may be mooted (e.g., if the PTAB finds certain claims invalid or Wilus takes positions in the IPRs that impact claim scope, such as amending the claims).

Although Samsung recognizes that it is this Court's typical practice to deny pre-institution motions to stay, Samsung respectfully submits that the best course of action is to stay the member cases against Samsung pending IPR.

## V.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court stay the member cases involving Samsung in their entirety pending resolution of the IPR petitions filed over the patents that Wilus asserted against Samsung.

Dated:  October 28, 2025                     Respectfully submitted,

_/s/ Ralph A. Phillips_
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992

reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 28, 2025.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

<i>/s/ Ralph A. Phillips</i>_____<br>Ralph A. Phillips

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on October 28, 2025.  Neil A. Rubin attended for Plaintiff.  Ralph A. Phillips, James Young, and Payal Patel attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

<i>/s/ Ralph A. Phillips</i>_____<br>Ralph A. Phillips