# EXHIBIT 10

Director_Discretionary_Decision@uspto.gov     Paper 12
571-272-7822     Date: September 26, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY INC.,
Patent Owner.

IPR2025-00935 (Patent 11,129,163 B2)
IPR2025-00936 (Patent 11,700,597 B2)

Before KALYAN K. DESHPANDE,[1] *Acting Chief Administrative Patent Judge*.

DECISION
Referring the Petitions to the Board

---

[1] Coke Morgan Stewart, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, is recused and took no part in this decision. The Director has delegated his discretionary authority for this decision. *See* https://www.uspto.gov/sites/default/files/documents/dsco-delegation.pdf.

IPR2025-00935 (Patent 11,129,163 B2)
IPR2025-00936 (Patent 11,700,597 B2)

Wilus Institute of Standards and Technology Inc. ("Patent Owner") filed a request for discretionary denial of institution (Paper 9, "DD Req.") in the above-captioned cases, and Samsung Electronics Co., Ltd. ("Petitioner") filed an opposition (Paper 11, "DD Opp.").[2]

After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is not appropriate in these proceedings. This determination is based on the totality of the evidence and arguments the parties have presented.

Some considerations favor discretionary denial. For example, the projected final written decision due date in the Board proceeding is in December 2026. DD Req. 12. The district court's scheduled trial date is in June 2026, and time-to-trial statistics suggest trial could begin between September and November 2026. DD Req. 12; DD Opp. 28–29. Therefore, it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, resulting in significant duplication of effort, additional expense for the parties, and a risk of inconsistent decisions.

Other considerations, however, weigh against discretionary denial. In particular, the challenged patents have not been in force for a significant period of time (issued in 2021 and 2023), and, accordingly, Patent Owner has not developed strong settled expectations that favor discretionary denial as to these patents. Additionally, Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims by overlooking the teachings of Choudhury.[3] *See* DD

---

[2] Citations are to papers in IPR2025-00935. The parties filed similar papers in IPR2025-00936.
[3] US 2015/0264617 A1, published Sept. 17, 2025.

2

IPR2025-00935 (Patent 11,129,163 B2)
IPR2025-00936 (Patent 11,700,597 B2)

Opp. 16–20.  Choudhury was cited on an IDS during prosecution and the patent examiner appears to have specifically searched for Choudhury as well.  *Id*. at 17–18; Ex. 1002, 211, 567–569.  However, Petitioner persuasively argues that the patent examiner overlooked certain teachings in Choudhury that appear to disclose features of the challenged claims (DD Opp. 17–19), thus demonstrating that the Office erred in a manner material to the patentability of the claims.  Under these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it.

Although certain arguments are highlighted above, the determination not to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented.  Accordingly, the Petitions are referred to the Board to handle the cases in the normal course, including by issuing a decision on institution addressing the merits and other non-discretionary considerations, as appropriate.

In consideration of the foregoing, it is:

ORDERED that Patent Owner's request for discretionary denial is *denied*;

FURTHER ORDERED that the Petitions are referred to the Board; and

FURTHER ORDERED that neither party shall file a request for rehearing or Director Review of this decision until the Board issues a decision on institution.

3

IPR2025-00935 (Patent 11,129,163 B2)
IPR2025-00936 (Patent 11,700,597 B2)

FOR PETITIONER:

W. Karl Renner
Jeremy Monaldo
FISH & RICHARDSON PC
axf-ptab@fr.com
jjm@fr.com

FOR PATENT OWNER:

Reza Mirzaie
Neil Rubin
Philip Wang
RUSS AUGUST & KABAT
rmirzaie@raklaw.com
nrubin@raklaw.com
pwang@raklaw.com

4