# EXHIBIT 11

Director_Discretionary_Decision@uspto.gov                                    Paper 11
571-272-7822                                                         Date: October 10, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY INC.,
Patent Owner.

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

Before KALYAN K. DESHPANDE,[1] *Acting Chief Administrative Patent Judge*.

DECISION
Referring the Petitions to the Board

---

[1] Coke Morgan Stewart, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, is recused and took no part in this decision. *See* https://www.uspto.gov/sites/default/files/documents/dsco-delegation.pdf.

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

Wilus Institute of Standards and Technology Inc. ("Patent Owner") filed a request for discretionary denial of institution (Paper 8, "DD Req.") in the above-captioned cases, and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Petitioner") filed an opposition (Paper 9, "DD Opp.").[2]

After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is not appropriate in these proceedings. This determination is based on the totality of the evidence and arguments the parties have presented.

Some considerations favor discretionary denial. For example, the projected final written decision due dates in the Board proceedings are in December 2026. DD Req. 12. The district court's scheduled trial date is in June 2026, and time-to-trial statistics suggest trial could begin between September and November 2026. DD Req. 12; DD Opp. 35–36. Therefore, it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, and there is insufficient evidence the district court is likely to stay its proceeding even if the Board were to institute trial. DD Req. 12.

---

[2] Citations are to papers in IPR2025-00933. The parties filed similar papers in IPR2025-00934, IPR2025-00988, IPR2025-01043, IPR2025-01044, IPR2025-01069, IPR2025-01110, and IPR2025-01111.

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

Other considerations, however, weigh against discretionary denial. In particular, the challenged patents have not been in force for a significant period of time (most challenged patents issued between 2020 and 2023), and, accordingly, Patent Owner has not developed strong settled expectations that favor discretionary denial as to these patents.

Additionally, Petitioner explains that the parallel district court proceeding asserts a total of twelve different patents spanning eight families with a diverse range of subject matter (e.g., enhanced distributed channel access, device coexistence, interference management, multi-user uplink transmission synchronization, discontinuous channel bandwidth allocation in fragmented spectra, aggregated MAC protocol data units, and legacy and modern device coexistence, etc.). DD Opp. 7–8. The large number and wide scope of the patents asserted in the district court litigation weighs against discretionary denial, as the Board is better suited to review a large number of patents involving diverse subject matter. *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00217, Paper 9 at 2 (Director June 13, 2025). Further, Petitioner has filed a broad stipulation that reduces the concern of inconsistent outcomes or significant duplication of efforts. DD Opp. 39–42; Ex. 1023; *see Tesla*, Paper 9 at 2–3.

Finally, Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims in at least some of the challenged patents. For example, in IPR2025-00933, Petitioner

3

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

provides persuasive evidence that the Office erred in overlooking the teachings of Noh.[3]  The patent examiner applied Noh to reject dependent claims; however, Petitioner persuasively argues that the patent examiner overlooked certain teachings in Noh that appear to disclose features of the challenged claims (DD Opp. 17–20), thus demonstrating that the Office may have erred in a manner material to the patentability of the claims.  Further, in IPR2025-00934, Petitioner provides persuasive evidence that the Office erred in overlooking the disclosure of the 802.11ax_D0.5 draft standard.[4]  IPR2025-00934, Paper 10 at 17–32 (September 9, 2025).  The patent examiner applied the 802.11ax_D0.5 draft standard to reject both independent and dependent claims; however, Petitioner persuasively argues that the patent examiner overlooked certain teachings in the 802.11ax_D0.5 draft standard that appear to disclose features of the challenged claims (*Id.* at 17–27), thus demonstrating that the Office may have erred in a manner material to the patentability of the claims.  Under these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it.

---

[3] US 2017/0041929 A1, published Feb. 9, 2017 (Ex. 1127).
[4] IEEE P802.11ax/D0.5, "Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications," Sept. 2016 (IPR2025-00934, Ex. 1005).

4

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

Although certain arguments are highlighted above, the determination not to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented. Accordingly, the Petitions are referred to the Board to handle the cases in the normal course, including by issuing a decision on institution addressing the merits and other non-discretionary considerations, as appropriate.

In consideration of the foregoing, it is:

ORDERED that Patent Owner's request for discretionary denial is *denied*;

FURTHER ORDERED that the Petitions are referred to the Board; and

FURTHER ORDERED that neither party shall file a request for rehearing or Director Review of this decision until the Board issues a decision on institution.

IPR2025-00933 (Patent 11,470,595 B2)
IPR2025-00934 (Patent 11,159,210 B2)
IPR2025-00988 (Patent 10,687,281 B2)
IPR2025-01043 (Patent 11,116,035 B2)
IPR2025-01044 (Patent 11,516,879 B2)
IPR2025-01069 (Patent 10,313,077 B2)
IPR2025-01110 (Patent 11,716,171 B2)
IPR2025-01111 (Patent 10,911,186 B2)

FOR PETITIONER:

W. Karl Renner
Jeremy Monaldo
Jennifer Huang
FISH & RICHARDSON P.C.
axf-ptab@fr.com
jjm@fr.com
jjh@fr.com

FOR PATENT OWNER:

Reza Mirzaie
Neil Rubin
Philip Wang
RUSS AUGUST & KABAT
rmirzaie@raklaw.com
nrubin@raklaw.com
pwang@raklaw.com