# **EXHIBIT 12**

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,538 | 09/23/2025 | 10305638 | 141509-0002 | 2433 |

26158         7590          10/15/2025
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| NASSER, ROBERT L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/15/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BOCKIUS LLP
1400 PAGE MILL ROAD
PALO ALTO, CA 94304-1124

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,538* .

PATENT UNDER REEXAMINATION *10305638* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/015,538 | Patent Under Reexamination 10305638 |
|---|---|---|
| | Examiner ROBERT L NASSER | Art Unit 3992 / AIA (FITF) Status Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 09/23/2025 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,    b)☒  PTO/SB/08,    c)☐  Other: ____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)         Office Action in *Ex Parte* Reexamination         Part of Paper No. 20250929

Application/Control Number: 90/015,538          Page 2
Art Unit: 3992

## Decision on Request

A substantial new question of patentability (SNQ) affecting claims 1-12 of US Patent 10.305,638 (the '638 patent) to Ahn et al is deemed to be raised by the Request For Ex Parte Reexamination (the request), which was filed September 23, 2025.

## Prior Art Cited in the Request

US PG PUB 2014/0328235 to Merlin et al, filed April 29, 2014 and published November 6, 2014 (Merlin).

US Patent 9,794,932 to Choi et al, filed October 29, 2013 and issued October 17, 2017 (Choi).

US PG PUB 2016/0028452 to Chu et al, filed July 24, 2015 and published January 28, 2016 (Chu).

## Issues Raised By the Request

**Issue 1**: The request alleges that the technological teachings of the Merlin and Choi, alone or in combination with Chu raise a substantial new question (SNQ) of patentability regarding claims 1-12 of the '638 patent as follows:

     a. The request alleges that the technological teachings of Merlin and Choi raise a SNQ with respect to claims 1-5 and 7-11 of the '638 patent.

     b. The request alleges that the technological teachings of Merlin, Choi and Chu raise a SNQ with respect to claims 6 and 12 of the '638 patent.

Merlin published in November 2014, which predates earliest possible filing date of the '638 patent. Choi was filed October 29, 2013, which predates the earliest possible filing date of the '638 patent. Chu claims priority to provisional application 62/115371 which was filed February 2, 2015, and predates the earliest possible filing date of the '638 patent. As such,

Merlin qualifies as prior art under 35 USC 102(a)(1) and Choi and Chu qualify as prior art under 35 USC 102(a)(2).

**Background**

Claims 1-12 are the current claims in the Ahn et al patent (10,305,638) that issued May 28, 2016, from application 15/555,075 (the '075 application") filed March 4, 2016.

US Patent 10,305,638 is generally drawn to a wireless communication terminal and method for a simultaneous multi-user transmission.

**Prosecution History**

1. The '075 application was filed with claims 1-12. A preliminary amendment filed January 2, 2018 cancelled claims 1-12 and added claims 13-26.

2. In the first action, dated July 2, 2018, claims 13-26 were rejected under prior art.

3. In the response of 10/2/2018, Applicant rewrote claim 14 into claim 13 and claim 21 into claim 20, cancelling claims 14 and 21. The subject matter added to the independent claims stated :"wherein a predetermined association ID (AID) field information is inserted to the trigger frame to indicate predetermined padding."

4. In addition, Applicant provided the following arguments:

> Noh and Hong do not disclose, teach or suggest each and every element recited in claim 13. For example, there is no disclosure, teaching or suggestion in Noh or Hong that "a predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame' as recited in claim 13 (emphasis added).

The Office Action acknowledges that "Noh does not disclose[] ... wherein a predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame" (Office Action: item 6 at page 3).

However, the Office Action states that "Hong discloses wherein a predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame (Hong, Figure 20, padding before PCS)" (Office Action: item 6, page 3). However, the FCS field 3180 shown in FIG. 20 of Hong is included in the burst ACK frame 3100 (See Hong: FIG. 20 and paragraph [0132]). The Applicant notes that the FCS field 3180 of the burst ACK frame 3100 shown in FIG. 20 of Hong is not a disclosure, teaching or suggestion of "a frame check sequence (FCS) field of the trigger frame" of claim 13 (emphasis added). Accordingly, Hong does not disclose, teach or suggest that "a predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame" as recited in claim 13 (emphasis added). Thus, Hong does not cure Noh's failure of teaching or suggesting that "a predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame" as recited in claim 13 (emphasis added).

Although the Applicant respectfully disagrees with the Examiner, solely to expedite prosecution of the present application and allowance of the claims, claim 13 is amended to add "wherein a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding". Neither Noh nor Hong discloses, teaches or suggests that "a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding" as recited in claim 13 (emphasis added).

The Office Action indicates that "Noh discloses wherein a predetermined association ID (AID) field information is inserted to indicate the predetermined padding (Noh, [0092]-[0094], AID field information in the frame)" (Office Action: item 8 at page 4).

However, nowhere does Noh disclose, teach or suggest that "a predetermined association ID (AID) field information is inserted to the trigger frame" as recited in claim 13 (emphasis added). Otherwise, the Applicant respectfully asks the Examiner to quote exact language of Noh teaching or suggesting that "a predetermined association ID (AID) field information is inserted to the trigger frame" so that the Applicant can properly understand the ground of the rejection and formulate a response (emphasis added).

Further, paragraph [0093] of Noh states that "[t]he AID is an identifier indicating an STA [station] corresponding to the BA bitmap and/or the BA start sequence control" (emphasis added). However, the AID of Noh which "is an identifier indicating an STA [station]' is not a disclosure, teaching or suggestion that "a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding" as recited in claim 13 (emphasis added).

Therefore, Noh fails to disclose, teach or suggest that "a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding" as recited in claim 13 (emphasis added).

Additionally, there is no disclosure, teaching or suggestion in Hong that "a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding" as recited in claim 13.

Application/Control Number: 90/015,538 Page 5
Art Unit: 3992

> For at least the foregoing reasons, the Applicant submits that claim 13 is not obvious over Noh in view of Hong, and requests reconsideration and withdrawal of the 103 rejection of claim 13.

7. As such, it seems that the key features missing from the prior art at the time of allowance of claims 13 and 20 (patent claims 1 and 7) were 1) a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding and 2) wherein the predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame.

## Scope of Reexamination

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office.

> For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. In the present instance, an SNQ appears to exist based on the existence of newly uncovered prior art that was not before the Examiner at the time of examination.

### 35 USC 325(d)

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings, Inter Partes Reviews, Post Grant Review, or Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

### *Analysis*

The Geier declaration has been considered in its entirety.

**Issue 1:**  None of Merlin, Choi and Chu Ludwig were not of record during prosecution of the '638 patent and are therefore all three references constitute new art.

It is agreed that the technological teachings of Merlin and Choi raise a SNQ with respect to claims 1-12 of the '638 patent. Merlin is directed to a method and system for multiplexed communication that sends a trigger frame (reference signals CTX 601-604) from an access point to trigger uplink data communications from multiple user stations STAs 506 A-E (see paragraph [0102]). The CTX signals 601-604 are shown in figure 6A. An Example of a possible reference signal is shown in figure 7C, which includes padding 768 before the frame sequency check field 740 of the signal. In addition, the signal includes a STA info field 766. The field 766 can include AID information (see paragraphs [0122], [0133] and [0135]), which ends when the padding begins, and therefore passively indicated the padding. Choi further teaches using an AID to indicate the start of the padding (see column 24, lines 21-26). As such, it appears that

the teachings of Merlin and Choi teach the key feature missing at the time of allowance of the '638 patent, i.e. that a predetermined association ID (AID) field information is inserted to the trigger frame to indicate the predetermined padding and wherein the predetermined padding is performed before a frame check sequence (FCS) field of the trigger frame. Since the teachings of Merlin and Choi directly related to the subject matter considered as the basis for allowability of patent claims 1-12 of the '638 patent, a reasonable examiner would consider the evaluation Merlin and Choi to be important in determining the patentability of claims 1-2. As such, the teachings of Merlin and Choi are deemed to raise an SNQ on claims 1-12 of the '638 patent.

The Examiner notes that Chu was used to read on dependent claims. Since Merlin and Choi raised a SNQ with respect to the independent claims, it also raises an SNQ with respect to the dependent claims. Therefore, Chu raises an SNQ through dependency.

### Service of Papers

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

### Waiver of Right to File Patent Owner Statement

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in

Application/Control Number: 90/015,538 Page 8
Art Unit: 3992

the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f). The Patent Owner may consider using the following statement in a document waiving the right to file a Patent Owner Statement:

## *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

## *Amendment in Reexamination Proceedings*

Patent Owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings.

## *Submissions*

In order to ensure full consideration of any amendments, affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action,

Application/Control Number: 90/015,538 Page 9
Art Unit: 3992

will be governed by the requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33 after appeal, which will be strictly enforced.

### *Notification of Concurrent Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 10,305,638 throughout the course of this reexamination proceeding. Likewise, if present, the third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

**All** correspondence relating to this ex parte reexamination proceeding should be directed:

Electronically: Registered users may submit via Patent Center at https://patentcenter.uspto.gov/.

| | |
|---|---|
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Knox Building<br>501 Dulany Street<br>Alexandria, VA 22314 |

| | |
|---|---:|
| Application/Control Number: 90/015,538 | Page 10 |
| Art Unit: 3992 | |

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the USPTO patent electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication or earlier communications from Examiner, or as to the status of this proceeding, should be directed to the Examiner at (571) 272-4731 or his supervisor, Alexander Kosowski at (571) 272-4731.  General Inquiries should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/ROBERT L NASSER/
CRU Primary Examiner
AU 3992
(571) 272-4731

Conferees:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992