# **EXHIBIT 13**

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,487 | 09/03/2025 | 10820233 | 4910-0115(WIL233) | 7645 |

26158         7590         10/07/2025
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| CRAVER, CHARLES R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/07/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

ROTHWELL, FIGG, ERNST & MANBECK, PC
901 NEW YORK AVENUE, NW
SUITE 900 EAST
WASHINGTON, DC 20001

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/015,487_ .

PATENT UNDER REEXAMINATION _10820233_ .

ART UNIT _3992_ .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/015,487 | Patent Under Reexamination 10820233 | |
|---|---|---|---|
| | Examiner CHARLES R CRAVER | Art Unit 3992 | AIA (FITF) Status Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 09/03/2025 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐ PTO-892,   b)☑ PTO/SB/08,   c)☑ Other: ORDER

1. ☐   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

/CHARLES R CRAVER/
Reexamination Specialist, Art Unit 3992

cc:Requester ( if third party requester )

Application/Control Number: 90/015,487　　　　　　　　　　　　　　　　　Page 2
Art Unit: 3992

<b>DECISION ORDERING EX PARTE REEXAMINATION</b>

# I. Summary

A substantial new question of patentability ("SNQ") affecting claims 1-10 of U.S. Pat. 10,820,233 B2 to Son *et al.* ("the '233 Patent") is raised by the request for reexamination filed August 29, 2025 ("Request") by the third party requester ("Requester") for the reasons set forth below.

The '233 Patent to Son *et al.* issued October 27, 2020 from U.S. Pat. Application Ser. No. 15/512,038, with an international filing date of September 17, 2015 based on PCT/KR/2015/009766. The '233 Patent is still enforceable.

# II. Related Proceedings and Matters

The Examiner has determined there are no previous reissues or reexaminations of the '233 Patent. The Examiner has determined there are no pending Inter Partes Review proceedings or similar AIA trial proceedings at the Patent Trial and Appeal Board.

The '233 Patent under this determination is currently under litigation. See, inter alia, *Wilus Institute of Standards and Technology, Inc. v. Askey Computer Corp., et al.*, Case No. 2:24cv766 (E.D. Tex.).

The Patent Owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

Application/Control Number: 90/015,487 Page 3
Art Unit: 3992

proceeding, involving the instant '233 Patent throughout the course of this reexamination proceeding.

Because the instant '233 Patent is deemed to not contain claims having an effective date prior to March 16, 2013, the America Invents Act First Inventor to File ("AIA-FITF") provisions apply, rather the pre-AIA provisions. See 35 U.S.C. § 100 (note) and 35 U.S.C. § 100 (pre-AIA). In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 is incorrect, any correction of any statutory basis for a rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

As the '233 Patent has yet to expire, claims in this proceeding are given the broadest reasonable interpretation consistent with the specification and limitations in the specification are not read into the claims (*In re Yamamoto*, 740 F.2d 1569, 222 USPQ 934 (Fed. Cir. 1984)).

# III. <u>**Request**</u>

In the Request, Requester asserts that an SNQ is raised over claims of the '233 Patent by the following references:

U.S. Patent 7,904,777 to Singh *et al.* ("Singh-A"), filed November 13, 2006 and issued March 8, 2011;

U.S. Patent PGPUB 2008/0212612A1 to Singh *et al.* ("Singh-B"), filed March 1, 2007 and published September 4, 2008;

U.S. Patent 9,608,789 to Wang *et al.* ("Wang"), filed May 9, 2013 and issued March 28, 2017;

In the Request, Requester asserts that an SNQ is raised over issued claims 1-10 of the '233 Patent by the above references as follows:

**SNQ 1)** Requester asserts that Singh-A in combination with Singh-B and Wang raises a substantial new question of patentability as to claims 1-10 of the '233 Patent.

Application/Control Number: 90/015,487 Page 5
Art Unit: 3992

# IV. Patent Background, Proceedings, and References

Issued independent claims 1 and 6 are as follows:

1. A wireless communication terminal comprising:

    a transceiver; and
    a processor, wherein the processor is configured to:
    receive an aggregate MAC protocol data unit (A-MPDU) including one or more MAC service data units (MSDUs) or aggregate MSDUs (A-MSDUs) from each of a first plurality of users, and
    transmit a block ACK for acknowledgment (ACK) transmission to a second plurality of users included in the first plurality of users in response to one or more MSDUs or A-MSDUs,
    wherein the block ACK includes one or more bitmap sets, and each of the one or more bitmap sets includes a starting sequence control field and a block ACK bitmap field according to a type of the block ACK indicated by a single block ACK control field,
    wherein the block ACK includes the single block ACK control field while including the starting sequence control field,
    wherein the block ACK bitmap field included in the each of the one or more bitmap sets indicates success or failure of reception of each of the one or more MPDUs or A-MPDU,
    wherein a length of the block ACK bitmap field is variable according to the type of the block ACK,
    wherein the block ACK control field indicates the type of the block ACK and a set of lengths of each of the block ACK bitmap field included in the one or more bitmap sets according to the type of the block ACK,
    wherein the length of the block ACK bitmap field is determined as one of the lengths included in the set of the block ACK control field, and
    wherein a number of MSDUs or A-MSDUs capable of transmitting an ACK is determined according to the length of the block ACK bitmap field.

6. A wireless communication method of a terminal comprising:

receiving an aggregate MAC protocol data unit (A-MPDU) including one or more MAC service data units (MSDUs) or aggregate MSDUs (A-MSDUs) from each of a first plurality of users; and

transmitting a block ACK for acknowledgment (ACK) transmission to a second plurality of users included in the first plurality of users in response to the one or more MSDUs or A-MSDUs,

wherein the block ACK includes one or more bitmap sets, and each of the one or more bitmap sets includes a starting sequence control field and a block ACK bitmap field according to a type of the block ACK indicated by a single block ACK control field,

wherein the block ACK includes the single block ACK control field while including the starting sequence control field,

wherein the block ACK bitmap field included in the each of the one or more bitmap sets indicates success or failure of reception of each of the one or more MPDUs or A-MPDU,

wherein a length of the block ACK bitmap field is variable according to the type of the block ACK,

wherein the block ACK control field indicates the type of the block ACK and a set of lengths of each of the block ACK bitmap field included in the one or more bitmap sets according to the type of the block ACK,

wherein the length of the block ACK bitmap field is determined as one of the lengths included in the set of the block ACK control field, and

wherein a number of MSDUs or A-MSDUs capable of transmitting an ACK is determined according to the length of the block ACK bitmap field.

In the application which issued as the instant '233 Patent, claims 25-38 were filed, claims 25 and 32 being independent. Following a non-final rejection mailed July 13, 2018 and a subsequent final rejection mailed November 19, 2018, rejecting all claims over U.S. Pat. PGPUB 2013/0223345A1 to Asterjadhi, Patent Owner amended

Application/Control Number: 90/015,487                                                                Page 7
Art Unit: 3992

the claims May 17, 2019, canceling claims 29 and 36, adding features to the independent claims as to one or more bitmap sets each including a starting sequence and a block ACK field including a single block ACK control field and one or more starting sequence control fields.

Another non-final action was mailed September 16, 2019, as was a final rejection of January 78, 2020, rejecting all live claims under Asterjadhi in view of U.S. Pat. PGPUB 2012/0314697A1 to Noh. A subsequent RCE was filed April 7, 2020, adding additional detail to the claims, and a Notice of Allowability was mailed June 22, 2020 including an Examiner's Amendment and noting as reasons for patentability:

> Regarding claim 25, of the closest prior arts **Asterjadhi** (US 20130223045 A1) discloses in paragraphs 57-59 and 86 transmitting a block ACK in response to an A-MPDU, wherein the block ACK contains bitmap fields and control fields as in the instant claim. However, **Asterjadhi** does not disclose that the bitmap fields may have variable lengths from a set of lengths indicated in the control field according to the type of block ACK, nor that the number of MSDUs or A-MSDUs capable of transmitting an ACK is determined according to this length. **Noh** (US 20120314697 A1) discloses in paragraph 71 that the bitmap field may have variable lengths according to the length of the block ACK. However, **Noh** also does not disclose that the bitmap field is determined as one in the set of lengths in the control field based on the type of the block ACK nor that the number of MSDUs or A-MSDUs capable of transmitting an ACK is determined according to this length. The cited references fail to anticipate or render the above limitations in combination with all the recited limitations of claim 25 obvious, over any of the prior art of record, alone or in combination. Claim 32 is similar to claims 25 and deemed allowable for similar reasons. Claims 26-27, 30-31, 33-34, and 37-38 depend on claims 25 and 32 and are allowable based on their dependence to claims 25 and 32

June 22, 2020 Notice of Allowability at 5.

Thus any prior art references that teach more than the references of record, specifically as to the added matter noted above which attained allowance, will be considered new and non-cumulative and capable of raising a substantial new question of patentability.

## *Singh-A*

Singh-A discloses a similar endeavor to the '233 Patent, namely a system and method for provisioning a block acknowledgement regarding the reception of an aggregated MSDU, the block acknowledgement including an ACK for each individual MSDU. Singh-A at Abstract and 11:44-12:34. Notably, Singh-A discloses an MPDU that may include multiple MSDUs for this purpose, and that the block acknowledgement may include a bitmap of variable length, including a control field. *Id.* at 2:48-3:23, 5:41-47, and 6:27-29. Singh-A discloses as prior art the use of a BA control field and block ACK sequence control field with the bitmap. *Id.* at FIG 8. The BA control field may help provision the size of the bitmap.

Singh-A was not of record in the '233 Patent prosecution history.

Singh-A, having an issue date of March 8, 2011, is considered prior art under AIA 35 U.S.C. § 102(a)(1).

## *Singh-B*

Singh-B discloses a similar endeavor to the '233 Patent, namely a system and method for provisioning a block acknowledgement regarding the reception of an aggregated MSDU, the block acknowledgement including an ACK for each individual MSDU system and method for provisioning a block acknowledgement regarding the reception of an aggregated MSDU, the block acknowledgement including an ACK for each individual MSDU similar to Singh-A above. Notably, Singh-B specifies multiple

Application/Control Number: 90/015,487 Page 9
Art Unit: 3992

block ACK bitmaps, each with their own sequence control field, and xx. Singh-B at FIG 18 and ¶¶78, 86, and 87.

Singh-B was not of record in the '233 Patent prosecution history.

Singh-B, having a publication date of September 4, 2008, is considered prior art under AIA 35 U.S.C. § 102(a)(1).

### *Wang*

Wang discloses a similar endeavor to the '233 Patent, namely a system and method for provisioning a block acknowledgement regarding the reception of an aggregated MPDU. Wang discloses aggregating responses from multiple users as well as providing a block ACK. Wang at 13:22-14:37 and FIG 11.

Wang was of record in the '233 Patent prosecution history but was not applied to the claims.

Wang, having a filing date of May 9, 2013, is considered prior art under AIA 35 U.S.C. § 102(a)(2).

### *Declarations*

Requester provides a declaration of James Geier (Ex. 1003). This declaration provides further arguments the Requester relies upon to assert a substantial new question of patentability and as such is addressed inasmuch as the Request relies upon them.

# V.  Substantial New Question Determination

### Substantial New Question of Patentability

For "a substantial new question of patentability'" (SNQ) to be present, it is only necessary that:

A. The prior art patents and or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; it is not necessary that the prior art establish a prima facie case of unpatentability; and

B. The same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

### SNQs Established by the Request

**SNQ 1)** Requester asserts that Singh-A in combination with Singh-B and Wang raises a substantial new question of patentability as to claims 1-10 of the '233 Patent..

As noted above, Singh-A, Singh-B, and Wang teach a system and method for provisioning a block acknowledgement regarding the reception of an aggregated MSDU, the block acknowledgement including an ACK for each individual MSDU system and method for provisioning a block acknowledgement regarding the reception of an

aggregated MSDU, the block acknowledgement including an ACK for each individual MSDU, including details as to the frame structure similar to the '233 Patent claims. As further noted by Requester in pp. 20-34 of the Request discussing the references and pp. 37-76 (App. I) showing a detailed application of the references to the claims, Singh-A, Singh-B, and Wang would thus have been considered by a reasonable Examiner to be germane to patentability of the claims. Singh-A, Singh-B, and Wang thus raise a substantial new question of patentability over claims 1-10 of the '233 Patent, which question has not been decided in a previous examination of the Patent, nor considered in holding of invalidity by Federal Court.

A substantial new question of patentability is thus raised over issued claims 1-10 of the '233 Patent.

**Claims 1-10** will be reexamined in response to this Request.

# VI. 325(d)

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or Inter Partes Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

# VII. Conclusion

Extensions of time under 37 C.F.R. § 1.136(a) will not be permitted in these proceedings because the provisions of 37 C.F.R. § 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. § 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 C.F.R. § 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 C.F.R. § 1.550(c).

The Patent Owner is again reminded of the continuing responsibility under 37 C.F.R. § 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the instant '233 Patent throughout the course of this reexamination proceeding.

**All** correspondence relating to this ex parte reexamination proceeding may be submitted via:

    Electronically:    Registered users may submit via Patent Center https://patentcenter.uspto.gov/.

    By Mail to:    Mail Stop Ex Parte Reexam
                      Central Reexamination Unit
                      Commissioner for Patents
                      United States Patent & Trademark Office
                      P.O. Box 1450
                      Alexandria, VA 22313-1450

    By FAX to:    (571) 273-9900
                      Central Reexamination Unit

Application/Control Number: 90/015,487 Page 13
Art Unit: 3992

    By hand:        Customer Service Window
                        Knox Building
                        501 Dulany Street
                        Alexandria, VA 22314

    For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

    Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at (866) 217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call (800) 786-9199 (IN USA OR CANADA) or (571) 272-1000.

    After the filing of the request for *ex parte* reexamination, any letters sent to the U.S. Patent and Trademark Office relating to the resulting *ex parte* reexamination proceeding should identify the proceeding by the number of the patent undergoing reexamination, the reexamination request control number assigned, the art unit, and the name of the examiner.

    Any inquiry concerning this communication should be directed to Patent Reexamination Specialist Charles Craver at (571) 272-7849. If the Examiner cannot be reached, please contact Supervisory Patent Reexamination Specialist Andrew J.

Application/Control Number: 90/015,487 Page 14
Art Unit: 3992

Fischer at (571) 272-6779. For general inquiries, please contact the Central

Reexamination Unit at telephone number (571) 272-7705.


Signed,

/CHARLES R CRAVER/
Reexamination Specialist, Art Unit 3992

Conferee:

/ANDREW J. FISCHER/
Supervisory Patent Examiner, Art Unit 3992