UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**EIGHTH AMENDED DOCKET CONTROL ORDER**

Having considered the Unopposed Motion to Amend the Docket Control Order, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is hereby

1

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Currente Deadline | Amended Date | Event |
|---|---|---|
| June 1, 2026 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses. 1 |
| 10 days before Jury Selection | | *Plaintiff to disclose final election of Asserted Claims.2 |
| May 4, 2026 | | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.3 |
| April 29, 2026 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 20, 2026 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |

---

1 The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

2 Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

3 The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| Currente Deadline | Amended Date | Event |
|---|---|---|
| April 20, 2026 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions in Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| April 13, 2026 | | *File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| April 6, 2026 | | File Motions *in Limine* The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 6, 2026 | | Serve Objections to Rebuttal Pretrial Disclosures |
| March 30, 2026 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| March 16, 2026 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |

| Currente Deadline | Amended Date | Event |
|---|---|---|
| March 9, 2026 | | *Response to Dispositive Motions (including Daubert Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.4 Motions for Summary Judgment shall comply with Local Rule CV-56. |
| February 23, 2026 | | *File Motions to Strike Expert Testimony (including Daubert Motions)<br>No motion to strike expert testimony (including a Daubert motion) may be filed after this date without leave of the Court. |
| February 23, 2026 | | *File Dispositive Motions<br>No dispositive motion may be filed after this date without leave of the Court.<br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties. |
| February 17, 2026 | | Deadline to Complete Expert Discovery |
| February 2, 2026 | | Serve Disclosures for Rebuttal Expert Witnesses |

---

4 The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| Currente Deadline | Amended Date | Event |
|---|---|---|
| January 12, 2026 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| December 22, 2025 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| January 6, 2026 | | Secondary Election of Prior Art Defendants shall serve a Secondary Election of Prior Art, identifying no more than 6 prior art references against each asserted patent |
| December 9, 2025 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| December 16, 2025 | | *Claim Construction Hearing – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| December 5, 2025 | | Secondary Election of Asserted Claims Plaintiff shall serve a Secondary Election of Asserted Claims, identifying no more than 5 claims per asserted patent, per Defendant Group. |
| December 2, 2025 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| November 25, 2025 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| November 18, 2025 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| November 4, 2025 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |

5

| Currente Deadline | Amended Date | Event |
|---|---|---|
| November 4, 2025 | For the exchange of privilege logs only: November 14, 2025 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| October 21, 2025 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| October 14, 2025 | | File Response to Amended Pleadings |
| September 30, 2025 | | *File Amended Pleadings<br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| September 23, 2025 | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| September 2, 2025 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| August 15, 2025 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |

**(*) indicates a deadline that cannot be changed without an acceptable showing of good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed. All documents shall be single-sided and must include the CM/ECF header. These copies shall be delivered to the Court within three (3) business days after briefing has completed. For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court. Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has been largely developed.

**Motions for Continuance:** The following will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)   The fact that there are motions for summary judgment or motions to dismiss pending;

(b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:** The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. Other than as set forth in the above deadlines, the contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause. The Parties in a case which has been consolidated for pre-trial purposes and which is moving towards a separate trial on the merits (subsequent to pre-trial) shall file, as an exhibit to the parties' Joint Pretrial Order, a list identifying all docket entries from the lead case that relate to the applicable member case.

**Trial:**  All parties must appear in person at trial. All non-individual (including but not limited to corporate) parties must appear at trial through the presence in person of a designated representative. Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.