# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00752-JRG |
| HP INC., | § § | (LEAD CASE) |
| *Defendant*. | § § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00746-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | (MEMBER CASE) |
| *Defendants*. | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-cv-00753-JRG |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., | § § § § § | (MEMBER CASE) |
| *Defendants*. | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>*Plaintiff,* <br><br>v. <br><br>HP INC., <br><br>*Defendant.* | § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00764-JRG <br> (MEMBER CASE) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>*Plaintiff,* <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>*Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00765-JRG <br> (MEMBER CASE) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>*Plaintiff,* <br><br>v. <br><br>ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br>*Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00766-JRG <br> (MEMBER CASE) |

## ORDER

Before the Court is Counterclaim-Defendant Wilus Institute of Standards and Technology Inc.'s ("Wilus") Motion to Dismiss Samsung Amended Counterclaims 1-2. (Dkt. No. 116). In the Motion, Wilus argues that: (1) the Court lacks subject matter jurisdiction over counterclaims 1 and 2 because they involve foreign patents; (2) the breach of contract counterclaim fails to state a claim with respect to patents not asserted against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") in this case; and (3) the breach of duty of good faith counterclaim fails as a matter of law and should be dismissed. Having considered the Motion and the related briefing, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

In September 2024, Wilus filed its initial complaints against Samsung. (Case No. 2:24-cv-00746-JRG, Dkt. No. 1; Case No. 2:24-cv-00765-JRG, Dkt. No. 1). Samsung filed its initial counterclaims on January 16, 2025 (Dkt. Nos. 61 and 62) and its amended counterclaims on April 8, 2025 (Dkt. Nos. 106 and 107).

Samsung's counterclaim 1 alleges that Wilus breached its contractual obligations to license Wi-Fi 6 standard essential patents on FRAND terms either directly or via its licensing agent, Sisvel International N.A. ("Sisvel"). (Case No. 2:24-cv-00746-JRG, Dkt. No. 106 at 56; Case No. 2:24-cv-00765-JRG, Dkt. No. 107 at 53). The Wi-Fi 6 standard essential patents referenced in Samsung's counterclaim 1 include both domestic and foreign patents, while Wilus's complaints only assert eight domestic patents. (Dkt. No. 116 at 4).

Samsung's counterclaim 2 alleges that Wilus breached its contractual duty to negotiate in good faith, with the duty arising from the above-mentioned contractual obligations. (Case No. 2:24-cv-00746-JRG, Dkt. No. 106 at 59; Case No. 2:24-cv-00765-JRG, Dkt. No. 107 at 56).

Samsung alleges that Wilus breached this obligation with respect to all Wi-Fi 6 standard essential patents, including the eight patents Wilus asserted against Samsung. *Id.*; (Dkt. No. 116 at 4).

On May 6, 2025, Wilus moved to dismiss counterclaims 1 and 2. (Dkt. No. 116).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

## III. ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over counterclaims 1 and 2 asserted by Samsung. Samsung alleges that Wilus breached its FRAND obligations. Wilus's FRAND obligations arise from its commitments with IEEE, a New York entity. *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1082 (W.D. Wis. 2012). Samsung sufficiently alleges that U.S. law governs the FRAND obligations implicated by counterclaims 1 and 2. (Dkt. No. 132 at 3). This is true even as to foreign patents subject to contractual obligations with a U.S. entity—in this case, IEEE.

Wilus argues that the Court lacks subject matter jurisdiction over the counterclaims because they involve foreign patents. If the Court were to adopt Wilus's position, however, any plaintiff

4

could deprive a U.S. Court of subject matter jurisdiction by including a foreign patent in its patent portfolio and refusing to only license the domestic patents. When domestic law governs the FRAND obligations, the Court has jurisdiction over the enforcement of those obligations if the patent portfolio includes domestic patents that are not separately offered for licensing by the patent owner. *Cf. Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 WL 2349343, at *1 (E.D. Tex. Apr. 14, 2021), *vacated on other grounds*, *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363 (Fed. Cir. 2025) (discussing FRAND obligations arising under French law). U.S. Courts have frequently asserted jurisdiction over claims implicating foreign assets.[1] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794 (5th Cir. 2012).

### B. Breach of Contract

Samsung properly pled breach of contract with respect to the patents that Wilus did not assert against Samsung. Counterclaims 1 and 2 allege a breach of the contractual FRAND obligations for Wi-Fi 6 standard essential patents owned by Wilus and offered for licensing to Samsung through Sisvel. (Dkt. No. 123 at 7; Dkt. No. 106 at 52-53; Dkt. No. 107 at 52-53). Wilus's argument that it "inten[ded] to grant a license on FRAND terms" does not undermine Samsung's allegations; such an intent does not determine whether Wilus has actually complied with its FRAND obligations. (Dkt. No. 131 at 2).[2]

---

[1] Notably, Wilus does not argue that the Court lacks supplemental jurisdiction over Samsung's counterclaims. *See* 28 U.S.C. §1367. Even if Wilus had, it seems likely that Samsung's counterclaims implicating the foreign patents "form part of the same case or controversy under Article III of the United States Constitution" because they arise from the same licensing negotiations as Wilus's claims against Samsung. *Id.* To the extent Wilus is suggesting that Samsung lacks standing to assert claims involving foreign patents in this Court, the Court finds that Samsung has sufficiently alleged standing because the patent pool included both domestic and foreign patents.

[2] In its reply brief, Wilus raises—for the first time—dismissal of only parts of counterclaims 1 and 2. (Dkt. No. 131 at 5). The Court does not consider arguments raised for the first time in a reply brief. Even if the Court did, the Court finds that Samsung has sufficiently pled breach based upon both the disclosure obligations and FRAND obligations.

### C. Breach of Duty of Good Faith

Wilus asserts that the dismissal of the breach of duty of good faith counterclaim rises and falls with the dismissal breach of contract counterclaim. (Dkt. No. 116 at 6). Consistent with the preceding analysis, Samsung has properly pled a breach of the duty of good faith.

## IV. CONCLUSION

Having considered the Motion and the related briefing, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 12th day of November, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE