# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00766-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION .......................................................................................................... 1

II. BACKGROUND ........................................................................................................... 1

III. LEGAL STANDARD.................................................................................................... 3

IV. ARGUMENT ................................................................................................................. 4

    A. There Can Be No Meaningful Simplification of the Issues Since at Least Two of Samsung's Petitions Were Denied Institution ............................................................. 4

    B. Wilus Would Be Substantially Prejudiced by a Stay...................................................... 9

    C. The Stage of the Case Also Weighs Against a Stay, as the Parties Invested Substantial Resources into This Case and Thus the ........................................................ 11

V. CONCLUSION................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Am. Honda Motor Co. v. Coast Distribution Sys., Inc.*,
   No. C 06-04752JSW, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ......................................... 10

*Chrimar Sys., Inc. v. Adtran, Inc.*,
   No. 6:15-CV-00618-JRG, 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016) .............................. 9

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
    No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ....................................... 3

*EON Corp.IP Holdings, LLC v. Sensus USA Inc.*,
   No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) ........................................... 11

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
   No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240 (E.D. Tex. Dec. 11, 2024) ........................ 9

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
   No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ...................................... 11

*Netlist, Inc. v. Samsung Elecs. Co.*,
   No. 2:22-CV-00293-JRG, 2023 WL 12098382 (E.D. Tex. Oct. 17, 2023) ............................... 4

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
   No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ........................................... 3

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*,
   No. 2:22-CV-00469-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024) ................................ 8

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259(E.D. Tex. June 14, 2016) ........................ 3, 4

*Resonant Sys. Inc. v. Sony Grp. Corp.*,
   No. 2:22-CV-00424-JRG, Dkt. 84 (E.D. Tex. July 9, 2024) ...................................................... 9

*Revvo Techs., Inc. v. Cerebrum Sensor Techs., Inc.*,
   IPR2025-00632, Paper 20 (P.T.A.B. Nov. 3, 2025) .................................................................. 7

*Scorpcast, LLC v. Boutique Media*,
   No. 2:20-CV-00128-JRG-RSP, 2021 WL 3514751(E.D. Tex. June 8, 2021) ........................... 4

*Soverain Software LLC v. Amazon.Com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................. 3, 4

*Tesla, Inc. v. Intellectual Ventures II LLC*,
   IPR2025-00340, Paper18 (P.T.A.B Nov. 5, 2025) ................................................................... 6

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
   No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ............................... 10

**Rules**

37 C.F.R. § 42.108(d) ........................................................................................................... 8

ii

**I.     INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") have failed to meet their burden to show that a stay pending *inter partes* review (IPR) is warranted. Since the filing of Samsung's motion, the Board has *denied* two of Samsung's IPR petitions. One petition remains pending. This case will thus be proceeding to trial on at least two of the asserted patents—and possibly more, as plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") intends to seek Director review of the instituted petitions in light of recent decisions vacating institution where, like Samsung, the petitioner took inconsistent claim construction positions in the district court. In any event, there can be no simplification of the issues for at least two asserted patents, and the motion to stay should be denied on this basis alone.

The other factors also weigh against a stay, as Wilus will be prejudiced by litigating this case in piecemeal fashion and delaying full resolution potentially for years. Even for the instituted IPRs (which institutions may ultimately be vacated), the Board will not issue final written decisions until well after the trial date. Further, discovery is nearing completion, and claim construction is under way, with the *Markman* hearing only a month away. The parties' and the Court's substantial investment in this case at the time when Samsung finally moved to stay is largely a result of Samsung's lack of diligence in filing the petitions, and weighs heavily against a stay.

Samsung's motion should be denied.

**II.    BACKGROUND**

Wilus filed the above-captioned cases over a year ago in September 2024. Case No. 24-cv-746 involves U.S. Patent Nos. 10,313,077 ("'077 patent"), 10,687,281 ("'281 patent"), 11,470,595 ("'595 patent"), and 11,159,210 ("'210 patent"), and Case No. 24-cv-765 involves U.S. Patent

1

Nos. 11,129,163 ("'163 patent"), 11,700,597 ("'597 patent"), 11,116,035 ("'035 patent"), and 11,516,879 ("'879 patent"). Wilus's eight asserted patents generally relate to wireless communications, and the accused products are Samsung's Wi-Fi 6 (802.11ax) enabled devices.

On January 16, 2025, Samsung answered and filed counterclaims against Wilus. Dkt. 61, 62. Samsung's counterclaims include claims regarding Wilus's alleged breach of FRAND obligations. Wilus moved to dismiss the FRAND counterclaims (Dkt. 95), and Samsung filed amended counterclaims in response. Dkt. 106, 107. Wilus moved to dismiss the amended counterclaims. Dkt. 116. The motion to dismiss is fully briefed (and includes a notice of supplemental authority) and remains pending.

The Court has entered a docket control order (amended eight times), multiple protective orders, including supplemental protective orders for third parties Intel and Qualcomm, a discovery order, and an e-discovery order.

The parties have exchanged initial disclosures and contentions. Discovery is nearing completion—the deadline to substantially complete document production has passed, the parties have served and responded to numerous interrogatories, requests for production, and requests for admission, and have engaged in third-party discovery. Fact discovery closes on December 22, 2025.

Claim construction is also underway. Wilus recently filed its opening claim construction brief (Dkt. 179), and the claim construction hearing is set for December 16, 2025. The jury trial is set for June 1, 2026.

Since the filing of Samsung's motion to stay, the Board has *denied institution* for two of Samsung's petitions; five petitions have been instituted (but, as discussed further below, at least

some of these institutions may be vacated in light of recent Director decisions); and one petition remains pending. The current status of Samsung's IPRs is summarized below.

| IPR Number | Patent | Institution Status |
|---|---|---|
| IPR2025-00933 | 11,470,595 | **DENIED** |
| IPR2025-00934 | 11,159,210 | Instituted 11/3/25 |
| IPR2025-00935 | 11,129,163 | Instituted 11/6/25 |
| IPR2025-00936 | 11,700,597 | Instituted 11/6/25 |
| IPR2025-00988 | 10,687,281 | **DENIED** |
| IPR2025-01043 | 11,116,035 | Instituted 11/7/25 |
| IPR2025-01044 | 11,516,879 | Instituted 11/7/25 |
| IPR2025-01069 | 10,313,077 | *Pending* |

### III.   LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). A stay is appropriate only where "the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *4 (E.D. Tex. Mar. 13, 2020).

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2)

3

whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

IV. ARGUMENT

  A. **There Can Be No Meaningful Simplification of the Issues Since at Least Two of Samsung's Petitions Were Denied Institution**

Simplification of the issues is the "most important factor bearing on whether to grant a stay." *Scorpcast, LLC v. Boutique Media*, No. 2:20-CV-00128-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 8, 2021). And for this most important factor to support a stay, "Defendants must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Id.* Samsung cannot meet this burden, as the Board recently *denied institution* for two of its petitions (for the '595 and '281 patents). In addition, one of its petitions remains pending (the '077 patent) and is still in the pre-institution stage. Thus, there will be no simplification of the issues at all with respect to *at least* two of the asserted patents in this case. Samsung's motion should be denied for this reason alone.

For example, in *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00293-JRG, 2023 WL 12098382 (E.D. Tex. Oct. 17, 2023), the Court denied Samsung's motion to stay under facts more favorable to Samsung than here. In that case, IPRs were instituted on three of the four asserted patents, but one petition on the remaining patent was still pending. *Id.* at *2. The Court denied the motion to stay as "premature" given the possibility that institution could be denied as to just one of the four asserted patents. Here, two of Samsung's petitions have already been denied. There is even more reason to deny Samsung's motion to stay in this case than *Netlist*.

As to the one pending IPR petition, Samsung's arguments relying on the Director's decision not to grant Wilus's request for discretionary denial falls flat. Declining discretionary

4

denial does not make institution more likely—as evidenced by the fact that the Board subsequently denied two of the referred petitions for which discretionary denial had previously been declined. The Director's decision specifically states that "the Petitions are referred to the Board to handle the cases *in the normal course*, including by issuing a decision on institution addressing the merits and other nondiscretionary considerations, as appropriate." Dkt. 176-11 at 5 (emphasis added). In other words, Samsung's pending petition should be treated the same as any other pre-institution IPR petition.

The Director's vague, generic statement that Petitioner provided "persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims *in at least some of the challenged patents*" (Dkt. 176-11 at 3 (emphasis added)) also does not guarantee institution or make it more likely. "Persuasive" is not a burden of proof. In addition, the Director noted that multiple other considerations weighed against discretionary denial, including that "the challenged patents have not been in force for a significant period of time (most challenged patents issued between 2020 and 2023), and, accordingly, Patent Owner has not developed strong settled expectations that favor discretionary denial as to these patents Independently review." *Id.* The Director also noted that these parallel district court proceedings assert "a total of twelve different patents spanning eight families with a diverse range of subject matter," and found that the "large number and wide scope of the patents asserted in the district court litigation weighs against discretionary denial, as the Board is better suited to review a large number of patents involving diverse subject matter." *Id.* The Director further relied on Petitioner's "broad stipulation that reduces the concern of inconsistent outcomes or significant duplication of efforts." *Id.* Samsung's heavy reliance on the Director's statement regarding "persuasive evidence" of unpatentability— which only applies to "at least some" of the asserted patents—is thus misplaced. This was but one

of several factors weighing in the decision regarding discretionary denial, most of which have nothing to do with the purported strength of the petitions.

Regardless, even *if* the pending petition on the '077 patent is ultimately instituted, the fact remains that two of petitions have already been denied. This case will thus move forward on at least the '595 and '281 patents, regardless of the outcome of Samsung's petition on the '077 patent. In addition, the accused products are the same for all eight patents, so the case will proceed as to *all accused products* regardless of the outcome of the pending and instituted IPRs. And because the '281 patent (for which institution was denied) issued before the other instituted patents, the damages window will not be affected by the instituted IPRs either. It would be simpler and more efficient to maintain the current schedule and proceed on all eight asserted patents, rather than litigate this case in piecemeal fashion.

It also bears noting that even for the five instituted petitions, simplification is speculative. The Director recently issued two decisions *vacating* the Board's decisions granting institution and *denying* institution on the ground that petitioners advanced inconsistent positions in the district court litigation and IPR proceedings. In *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00340, the petitioner argued in district court that claims were indefinite. But in the IPR, the petitioner asserted that "no claim term requires express construction" and argued that the claims were obvious under their plain and ordinary meaning. IPR2025-00340, Paper 18 at 2–3 (P.T.A.B. Nov. 5, 2025) (attached as Ex. 1). The Director explained that a petitioner should not be permitted to raise inconsistent invalidity challenges in the two forums, and that allowing "inconsistent indefiniteness arguments in district court fails to further, but instead detracts from, the Office's goal of 'providing greater predictability and certainty in the patent system.'" *Id.* at 3–4. The Director thus vacated institution and concluded that "denial of institution is appropriate." *Id.* at 4;

6

*see also Revvo Techs., Inc. v. Cerebrum Sensor Techs., Inc.*, IPR2025-00632, Paper 20 (P.T.A.B. Nov. 3, 2025) (attached as Ex. 2) (vacating institution where petitioner asserted inconsistent claim construction positions in district court and explaining that "the rules discourage petitioners from seeking broader constructions at the Board to support a patentability challenge while seeking narrower constructions in litigation to avoid infringement liability").

Like the petitioners in *Tesla* and *Revvo*, Samsung is advancing claim construction positions in the IPRs that are inconsistent with the claim construction positions taken in this case. Whereas in this case Samsung asserts that at least one claim of all eight asserted patents is indefinite, Samsung did not mention indefiniteness in a single one of its IPR petitions. *See* Dkt. 167 (Joint Claim Construction and Prehearing Statement); Dkt. 176-2–176-9 (Samsung's IPR petitions). Rather, as in *Tesla*, Samsung asserts that "no formal claim constructions are necessary" in each of IPR petitions. *See, e.g.*, Dkt. 176-2 at 3. Accordingly, Wilus intends to seek Director review of Samsung's instituted petitions, and supplemental briefing on the pending petition. The likelihood that the Director will vacate and deny all of Samsung's IPR petitions consistent with *Tesla* and *Revvo* counsels against a stay.

Samsung's speculation that "the IPR proceedings will inform this Court on issues of claim construction that may in turn impact questions of infringement and invalidity" (Mot. at 6) also fails. Again, there will be no simplification regarding the two denied petitions. And for the instituted IPRs (even ignoring the strong possibility of vacatur), Samsung has failed to specifically identify a single term or claim construction issue that could be impacted by the IPRs. Indeed, in all eight of Samsung's petitions, Samsung asserts that "no formal claim constructions are necessary." *See, e.g.*, Dkt. 176-2 at 3. As explained by this Court, it is "far too speculative to assume that any sort of disclaimer or estoppel-worthy conduct will occur during the IPR

7

proceedings, particularly where the parties have proposed no terms for construction in the IPR." *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223, at *6 (E.D. Tex. Mar. 15, 2024).

Samsung's failure to show simplification of the issues for any IPRs that are (and remain) instituted is further confirmed by the limited *Sotera* stipulation that Samsung has offered. Specifically, Samsung's stipulation would permit it to pursue prior art invalidity theories in district court that not only involve unpublished system art, but that involve combinations of patents and printed publications with unpublished system art, so long as the patents and printed publications it utilizes are not the specific prior art references raise in its IPR petitions. *See* Ex. 3. Samsung's invalidity contentions purport to preserve hundreds of different combinations of patents and printed publications with system art, which its *Sotera* stipulations would not prevent it from pursuing in district court. *See* Ex. 4. In other words, if the stay is granted and Samsung loses the IPRs, there will be little practical simplification of the validity issues to be presented to the jury.

Recognizing that narrow *Sotera*-style stipulations frustrate the goal of simplifying district court litigation, the Patent Office recently began rulemaking to require a stipulation that no anticipation or obviousness grounds of invalidity will be raised in district court as a condition to instituting an IPR. *See* 90 FR 48335[1] (discussing proposed changes to 37 C.F.R. § 42.108(d)). While this rule has not yet been adopted, the Patent Office's concerns that *Sotera*-style stipulations fail to ensure adequate simplification of the issues in district court are well taken, and Samsung's failure to stipulate that it will not present prior art-based invalidity challenges in district court against the patents where its IPRs are instituted further weighs against an IPR stay.

---

[1] https://www.federalregister.gov/documents/2025/10/17/2025-19580/revision-to-rules-of-practice-before-the-patent-trial-and-appeal-board.

Finally, Samsung's assertion that a stay "would not significantly impact Wilus's remaining member cases against Askey" (Mot. at 7) is wrong. The cases have been consolidated for pre-trial purposes, and staying this case while the Askey case proceeds to trial would eliminate the efficiency benefits of consolidation.[2] For example, staying this case would necessitate separate claim construction hearings. Even a brief stay until the final institution decision is issued and Wilus's requests for Director review are resolved will disrupt the schedule and force the consolidated cases on separate tracks. It would be far more efficient to proceed to trial as scheduled rather than litigate the cases piecemeal.

This factor weighs strongly against a stay.

### B.     Wilus Would Be Substantially Prejudiced by a Stay

Samsung's assertion that Wilus will not be prejudiced by a stay is wrong. This Court has repeatedly held that "a plaintiff has a right to the timely enforcement of its patent rights, regardless of whether it seeks monetary damages or an injunction," and that delaying the litigation "would prejudice Plaintiff [Resonant]'s ability to vindicate its patent rights." *Resonant Sys. Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, Dkt. 84 at 5 (E.D. Tex. July 9, 2024); *see also Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024) ("All parties have an interest in the timely vindication of their patent rights, regardless of their practicing status."); *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-00618-JRG, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) ("Defendants' argument suggests that

---

[2] Samsung's assertion that the Court "may also consider staying the entire consolidated case" (Mot. at 7 n.4) should be rejected. Askey has not filed a motion to stay. And there is no precedent supporting a *sua sponte* stay of the claims against Askey, who is not a petitioner and has not agreed to be bound by estoppel with respect to Samsung's pending petitions—which petitions do not even cover all the patents asserted against Askey.

9

only those parties who seek injunctions could ever experience undue prejudice from the delay of the final resolution of their case. This cannot be the case.").

This case is no different. Wilus will be substantially prejudiced by delaying resolution of this patent infringement dispute potentially for years. For the instituted IPRs, final written decisions are not expected until November 2026—*five months after the jury trial in this case*. This strongly weighs against a stay, especially in light of Samsung's lack of diligence in filing the IPRs, discussed below.

Samsung's assertion that it will "suffer severe prejudice by incurring the burden of continuing to defend against infringement allegations" over patents the Board "may ultimately find unpatentable" (Mot. at 8) should be rejected. This argument is inapplicable to at least the '595 and '281 patents, for which institution was denied. Further, merely having to defend a lawsuit is not prejudice. Samsung cites no authority to support this assertion. Indeed, this Court rejected this exact argument in denying another motion to stay brought by Samsung. The Court explained that "Samsung's argument is inapposite, as the present factor in the stay analysis looks to 'whether a stay will unduly prejudice or present a clear tactical disadvantage *to the nonmoving party*.'" *Cal. Tech. v. Samsung*, slip op. at 4 (quoting *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)); *see also Resonant v. Samsung*, slip op. at 2–3 (implicitly rejecting the same argument by declining to address it in the Court's order denying Samsung's motion to stay); *Am. Honda Motor Co. v. Coast Distribution Sys., Inc.*, No. C 06-04752JSW, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007) ("the hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether to grant a stay"). In other words, the only relevant consideration under this factor is the prejudice to *Wilus*.

This factor weighs against a stay.

      **C.**      **The Stage of the Case Also Weighs Against a Stay, as the Parties Invested Substantial Resources into This Case and Thus the**

The parties and Court have invested substantial resources into this case since its filing over a year ago in September 2024. Discovery is well under way and nearing completion. The fact discovery deadline is December 22, and thus most if not all discovery, including depositions, will likely be completed by the time the Board issues the final institution decision, which is not due until December 24. The parties have engaged in motion practice, including Wilus's motion to dismiss Samsung's FRAND counterclaims, which is fully briefed and pending. And now the parties are in the midst of claim construction—technical tutorials have been submitted, Wilus has filed its opening claim construction brief, and a technical advisor has been appointed. And even for the instituted IPRs, final written decisions would not issue until more than several months after the trial, set for June 1, 2026.

Thus, contrary to Samsung's assertions, this case is not in the "early stages." And regardless, the purported "early stage" of the case in insufficient to support a stay where, as here, IPRs have been denied for two asserted patents and one remains pending. This factor weighs against a stay. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay."); *Cal. Tech.*, slip op. at 5 (finding this factor weighed against a stay where the parties had engaged in discovery, exchanged contentions, and, as of the date of the order, had begun the claim construction process); *EON Corp.IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *4 (E.D. Tex. Dec. 18, 2009) ("Although this case is in its early stages, it is not early as to weigh in favor of a stay" where the complaint was filed six months ago,

11

the "parties in this case have begun the discovery process," and plaintiff "has completed its P.R. 3–1 and 3–2 disclosures").

Samsung's lack of diligence in filing IPRs on the asserted patents further weighs against a stay. "The Court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination." *Realtime*, 2016 WL 3277259, at *3. And here, Samsung's delay spans years. Samsung had knowledge of Wilus's patents years before the litigation, including through pre-suit licensing discussions dating back to 2022 (*see* Case No. 2:24-cv-00746, Dkt. 1 ¶¶ 2–5; Case No. 2:24-cv-00765, Dkt. 1 ¶¶ 2–5). Samsung did not file any invalidity challenges during this entire period, and, of course, did not take a license. And even after this litigation was filed, Samsung waited *seven to eight months* to file IPRs on the asserted patents. *See* Mot. at 3. Samsung does not even attempt to explain this delay. *See Realtime*, 2016 WL 3277259, at *3 (finding delays starting at seven months to file IPR petitions "demonstrates a lack of diligence on the part of Defendants," and weighing factor against stay where, as here, the case had proceeded through significant discovery and *Markman* briefing was underway).

Samsung's arguments regarding simplification are irrelevant under this factor, and are without merit for the reasons discussed above. Furthermore, this case will be in the advanced stages by the time the Board has issued all institution decisions and Wilus's forthcoming requests for Director review are resolved. Thus, even if some of the institutions are ultimately upheld, a stay would still be inappropriate.

This factor weighs against a stay.

V.   **CONCLUSION**

For the foregoing reasons, Samsung's motion should be denied.

Dated:  November 12, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie