# Exhibit 1

Director_PTABDecision_Review@uspto.gov  
571-272-7822

Paper 18  
Date: November 5, 2025

UNITED STATES PATENT AND TRADEMAR K OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

TESLA, INC.,  
Petitioner,

v.

INTELLECTUAL VENTURES II LLC,  
Patent Owner.

IPR2025-00340  
Patent 6,894,639 B1

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*.

ORDER  
Granting Director Review, Vacating the Decision Granting Institution, and Denying Institution of *Inter Partes* Review

IPR2025-00340
Patent 6,894,639 B1

Intellectual Ventures II LLC ("Patent Owner") filed a request for Director Review of the Decision granting institution ("Decision," Paper 13) in the above-captioned case, and Tesla, Inc. ("Petitioner") filed an authorized response. *See* Paper 15 ("DR Request"); Paper 16.

Patent Owner argues that the Decision should be reversed because Petitioner failed to explain sufficiently why it advanced inconsistent claim construction positions before the Board and in the parties' district court litigation. DR Request 1, 8, 14 (citing *Cambridge Mobile Telematics, Inc. v. Sfara, Inc.*, IPR2024-00952, Paper 12 at 8 (PTAB Dec. 13, 2024) (informative)). Patent Owner points out that, in the parties' district court litigation, Petitioner argued that the claim limitation "generating said target feature information from said data statistics" (the "generating limitation") recited in independent claim 1 is indefinite because a person of ordinary skill in the art would not be able to determine the meaning and scope of that limitation with reasonable certainty. *Id.* at 2 (citing Ex. 2004, 227–28). In contrast, Petitioner argued in its Petition that the challenged claims should be given their plain and ordinary meaning. *Id.* (citing Paper 2 ("Pet.") at 10). Patent Owner argues that the mere fact that a petitioner cannot raise indefiniteness in an *inter partes* review is not a sufficient explanation for the different positions. *Id.* at 8, 14.

Petitioner responds that it complied with *Cambridge Mobile* and 37 C.F.R. § 42.104(b)(3)[1] by providing a construction for the generating limitation, and by explaining that the different claim construction positions at the Board and in district court are warranted because Petitioner is

---

[1] Rule 104(b)(3) requires a petition to identify "[h]ow the challenged claim is to be construed."

2

IPR2025-00340
Patent 6,894,639 B1

statutorily prohibited from raising indefiniteness challenges in an *inter partes* review.  Paper 16, 8–9.

In district court, Petitioner opposed Patent Owner's plain and ordinary meaning construction and argued that the generating limitation is indefinite. Ex. 1070, 8–11 (Petitioner's opening claim construction brief); Ex. 2004, 227–28 (Petitioner's invalidity contentions).  Here, by contrast, Petitioner argued that "no claim term requires express construction," Pet. 10, and asked the Board to "interpret[] claim terms according to their plain and ordinary meaning."  Paper 11, 6.

Although the Board's rules "do not necessarily prohibit petitioners from taking inconsistent claim construction positions before the Board and a district court," *Cambridge Mobile*, IPR2024-00942, Paper 12 at 8–9, when a petitioner advances different positions before the Board and a district court, that petitioner is *required* to explain why those different positions are warranted.  *Revvo Techs., Inc. v. Cerebrum Sensor Techs., Inc.*, IPR2025-00632, Paper 20 at 3–5 (Director Nov. 3, 2025) (precedential) (explaining the Office's approach to addressing a petitioner's different claim construction positions in two forums).  Here, Petitioner's statement that it cannot raise indefiniteness challenges in an *inter partes* review is not a sufficient explanation.  Indeed, the statement amounts to an assertion that a petitioner should be permitted to raise inconsistent invalidity challenges in the two forums.

Petitioner's explanation may have risen to a sufficient level, for example, if Petitioner had shown that, notwithstanding the alleged indefiniteness of the claim term, an ordinarily skilled artisan would understand that the asserted art satisfies the claim limitation (such as if the

3

IPR2025-00340
Patent 6,894,639 B1

limitation prescribed a range and only the outer bounds of the range were unclear). Instead, Petitioner argued indefiniteness in the district court and then adopted Patent Owner's plain and ordinary meaning construction from the district court litigation in its Petition. Allowing a petitioner to advance a claim construction before the Board when that petitioner has made inconsistent indefiniteness arguments in district court fails to further, but instead detracts from, the Office's goal of "providing greater predictability and certainty in the patent system." *Revvo Techs.*, IPR2025-00632, Paper 20 at 4–5 (quoting 83 Fed. Reg. at 51,342–43). Thus, denial of institution is appropriate in this case.

  Accordingly, it is:

  ORDERED that Director Review is granted;

  FURTHER ORDERED that the Decision granting institution of *inter partes* review (Paper 13) is vacated; and

  FURTHER ORDERED that the Petition is denied, and no trial is instituted.

IPR2025-00340
Patent 6,894,639 B1

FOR PETITIONER:

Jonathan Bowser
Greg Webb
Scott Jarratt
Matthew Beck
HAYNES AND BOONE, LLP
jon.bowser.ipr@haynesboone.com
greg.webb.ipr@haynesboone.com
scott.jarratt.ipr@haynesboone.com
matthew.beck.ipr@haynesboone.com

Paul Margulies
pmargulies@tesla.com

FOR PATENT OWNER:

Brandon Theiss
Daniel Golub
Ryan O'Donnell
Robert Leonard
VOLPE KOENIG
btheiss@vklaw.com
dgolub@vklaw.com
rodonnell@vklaw.com
rleonard@vklaw.com

Russell Rigby
INTELLECTUAL VENTURES II LC
rrigby@intven.com

5