# Exhibit 2

Director_PTABDecision_Review@uspto.gov     Paper 20
571.272.7822     Date: November 3, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

---

REVVO TECHNOLOGIES, INC.,
Petitioner,

v.

CEREBRUM SENSOR TECHNOLOGIES, INC.,
Patent Owner.

---

IPR2025-00632
Patent 11,835,421 B2

---

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.*

ORDER
Vacating the Decision Granting Institution, and
Remanding to the Board for Further Proceedings
after *Sua Sponte* Director Review

IPR2025-00632
Patent 11,835,421 B2

On September 15, 2025, the Board issued a Decision granting institution of *inter partes* review in the above-referenced proceeding. Paper 13 ("Decision"). On October 20, 2025, *sua sponte* Director Review of the Board's Decision granting institution was initiated to address the claim construction issues implicated in this case. Paper 19. For the reasons provided below, the Decision granting institution is vacated, and the case is remanded for further proceedings consistent with this decision.

In this case, Revvo Technologies, Inc. ("Petitioner") did not propose its own constructions for claim terms in the Petition, but instead accepted Cerebrum Sensor Technologies, Inc.'s ("Patent Owner") proposed constructions from the parties' district court litigation. Paper 1 ("Pet.") at 9–10 (citing Ex. 1017, Exhibit A at 5–7, 10, Exhibit B at 10–15). Although Petitioner proposed different constructions for the claim terms in the district court litigation, Petitioner did not explain why it was taking a different position here. *Id.* Petitioner did argue, however, that the Petition complied with 37 C.F.R. § 42.104(b)(3)[1] because Petitioner had adopted Patent Owner's proposed constructions from the district court litigation. *See* Paper 10 at 17, n.5 (citing, *e.g.*, *Western Digital Corp. v. Spex Techs., Inc.*, IPR2018-00084, Paper 14 at 11 (PTAB Apr. 25, 2018) (determining that a petition complies with Rule 104(b)(3) by identifying the claim constructions it proposes as the basis for requesting an *inter partes* review)).

Patent Owner argued that the Board should deny the Petition because Petitioner's different positions before the Board and the district court amounted to gamesmanship and the Petition, therefore, failed to comply

---

[1] Section 104(b)(3) requires a petition to identify "[h]ow the challenged claim is to be construed."

2

with Rule 42.104(b)(3).  Paper 9 ("Prelim. Resp.") at 14–15 (citing *10X Genomics, Inc. v. President & Fellows of Harvard College*, IPR2023-01299, Paper 15 at 13 (PTAB Mar. 7, 2024); *Orthopediatrics Corp. v. K2M, Inc.*, IPR2018-01546, Paper 10 at 11 (PTAB Feb, 14, 2019) (both denying institution for failing to comply with Rule 42.104(b)(3) where a petitioner, without adequate explanation, proposed different claim constructions before the Board and in district court).

  The Board acknowledged Patent Owner's gamesmanship accusation but was not persuaded that any gamesmanship occurred because Patent Owner did not dispute any of the claim constructions provided in the Petition.  Decision 6.  The Board determined that Petitioner complied with Rule 42.104(b)(3) because the Petition identified "how the claim language is to be construed," which is all the rule requires.  *Id.* at 7.  The Board explained that Patent Owner's cited cases—*10X Genomics* and *Orthopediatrics*—were limited to a petitioner's alleged inconsistent arguments about whether a claim term is subject to interpretation as a means-plus-function element under 35 U.S.C. § 112(f), which this case did not implicate.  *Id.* at 7–8 & n.7.  Finding no dispute as to Petitioner's proposed constructions, the Board proceeded to apply them in deciding whether to institute trial.  *Id.* at 8.

  The Board erred by limiting its consideration of a petitioner's differing claim construction positions to instances that implicate means-plus-function interpretation under Section 112(f).  Although the Board's trial rules "do not necessarily prohibit petitioners from taking inconsistent claim construction positions before the Board and a district court," when a petitioner takes alternative positions before the Board and a district court,

3

IPR2025-00632
Patent 11,835,421 B2

that petitioner should, at a minimum, explain why alternative positions are warranted. *Cambridge Mobile Telematics, Inc. v. Sfara, Inc.*, IPR2024-00952, Paper 12 at 8–9 (PTAB Dec. 13, 2024) (informative); *accord Sun Pharm. Indus. Inc. v. Nivagen Pharm., Inc.*, IPR2025-00893, Paper 18 at 3 (Director Sept. 19, 2025) ("Although a party is not necessarily precluded from arguing different claim construction positions before a district court and the Board, a party should explain why different positions are warranted.").

The Board's claim construction rules are designed to ensure that the Board correctly construes claim terms and to minimize inconsistency in claim construction between forums. *See* Changes to the Claim Construction Standard for Interpreting Claims in Trial Proceedings Before the Patent Trial and Appeal Board, 83 Fed. Reg. 51,340, 51,349 (Oct. 11, 2018). To that end, the rules discourage petitioners from seeking broader constructions at the Board to support a patentability challenge while seeking narrower constructions in litigation to avoid infringement liability. *See id.* at 51,350. As the Office explained when it changed the claim construction standard used in *inter partes* reviews and post-grant reviews to match the standard used in litigation, "[petitioners] will have less flexibility to advance inconsistent arguments about claim scope, and will instead be required to choose a single claim construction that best captures the true meaning of the patent claim." *Id.* That is not the case here, however, as petitioners continue to propose different claim constructions in the two forums.

Allowing petitioners to continue this practice does not further the Office's goal of "providing greater predictability and certainty in the patent system." 83 Fed. Reg. at 51,342–43. This is true even where, as here, the

4

IPR2025-00632
Patent 11,835,421 B2

claim terms do not implicate Section 112(f). Thus, although a petitioner is not necessarily precluded from arguing different claim construction positions before a district court and the Board, the petitioner should explain sufficiently why the different positions are warranted, even in instances that do not implicate Section 112(f). *See Sun Pharm.*, IPR2025-00893, Paper 18 at 3. "For example, if a party advances a narrow construction in the district court and the district court declines to adopt the narrow construction, the party would have sufficient reason for advancing the broader, court-adopted construction in a proceeding before the Board." *Id.* Simply noting that the petitioner is adopting a patent owner's claim construction proposals from district court, however, is not a sufficient reason for advancing different positions in the two forums.

Here, Petitioner's statement that it "accepts Patent Owner's proposed constructions" from the district court litigation, Pet. 9, does not explain sufficiently why the different positions were warranted, and the Board erred when it determined that Petitioner complied with Rule 42.104(b)(3) by proposing Patent Owner's district court constructions. The Board also erred when it found that a petitioner is only required to explain its different positions when Section 112(f) is implicated. Ordinarily, that would mean a denial of institution. Because this decision clarifies how a petitioner should approach different claim construction positions and how the Office will assess those positions, the appropriate course of action is to vacate the Board's decision and remand the case to the Board. The Board may authorize additional briefing, as necessary, to determine whether Petitioner has provided a sufficient reason why different claim construction positions are warranted.

5

IPR2025-00632
Patent 11,835,421 B2

Absent good cause, the Board shall issue a decision on remand within 30 days of this decision, or within 30 days of receiving additional briefing if ordered.

Accordingly, based on the foregoing, it is

ORDERED that the Board's Decision granting institution (Paper 13) is vacated; and

FURTHER ORDERED that the case is remanded to the Board for further proceedings consistent with this decision.

IPR2025-00632
Patent 11,835,421 B2

FOR PETITIONER:

Orion Armon
Dustin M. Knight
Jennifer Volk-Fortier
COOLEY LLP
oarmon@cooley.com
dknight@cooley.com
jvolkfortier@cooley.com

FOR PATENT OWNER:

Christopher D. Bright
Andrew S. Flior
Christopher M. Franich
Lauren C. Tittle
SNELL & WILMER LLP
cbright@swlaw.com
aflior@swlaw.com
cfranich@swlaw.com
ltittle@swlaw.com