IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00764-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br>          Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br>          Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br>          Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG DEFENDANTS' REPLY TO WILUS'S OPPOSITION TO MOTION TO STAY PENDING *INTER PARTES* REVIEWS (DKT. 185)**

Wilus's opposition (Dkt. 185) highlights that the three factors that courts consider when deciding whether to stay a case all weigh in favor of a stay here. First, Wilus cannot dispute that the instituted IPRs could significantly simplify the issues for the Court. Second, Wilus faces no prejudice because it would be able to proceed with its claim for damages if any patents survive IPR. Third, Wilus cannot dispute that this case is still in its early stages because substantial work remains before the case is ready for trial in June 2026. Because all three factors weigh in favor of granting a stay, Samsung respectfully requests that the Court stay this case pending a final decision in the IPRs regarding the Asserted Patents.

## I.     STATUS OF RELEVANT IPRS

As Wilus recognized, "Director Squires's memorandum of October 17 and the accompanying open letter make clear that the current leadership of the Patent Office intends to see IPR petitions held to *a high standard for institution on their merits*." Ex. 1 (Oct. 25, 2025 Email from Wilus Counsel). Despite the heightened standard for institution, the Patent Office has granted institution in *five* of eight IPRs, shortly after Samsung filed the present motion.

While two IPRs were denied solely based on the indefiniteness position Samsung took in the early claim construction disclosures, Samsung has since withdrawn all indefiniteness assertions in this case and is in the process of seeking director review of the denied IPRs. Ex. 2 (Institution Decision of '281 Patent) at 6; *see also* Ex. 3 (Institution Decision of '595 Patent) at 7; Dkt. 188 (Samsung's Claim Construction Response Brief) at 1–3. The institution decision in the IPR of the '077 Patent remains pending; the decision is expected by Dec. 24, 2025.

1

## II.     ARGUMENTS

### A.     A Stay Will Significantly Simplify Issues

"'[T]he cancellation of *some or all* of the claims could result in simplification of issues in this case' because it would decrease the number of claims to be tried by the jury." *Resonant Sys., Inc. v. Nintendo Co., Ltd.*, No. 2:25-CV-90-JRG, 2025 WL 2097883, at *2 (E.D. Tex. July 25, 2025) (quoting Resonance I, 2024 WL 1021023, at *3). Here, the Patent Office has already instituted five of the eight IPRs, each IPR challenging all asserted claims of an asserted patent. Thus, these instituted IPRs have the potential to simplify the issues in the case by entirely eliminating five asserted patents from the case.

Although Samsung recognizes that this Court's typical practice is to deny motions to stay if not all asserted claims of every asserted patent are subject to an instituted IPR, Samsung respectfully submits that the best course of action is to stay this case pending IPRs. As the Patent Office recognized, the asserted patents in this case "span[ multiple] families with a diverse range of subject matter," and "the Board is better suited to review" "the large number and wide scope of the patents asserted in the district court litigation." Dkt. 185 at 5 (quoting Dkt. 176-11 at 3).

Furthermore, Samsung is planning to seek director review of two IPR institution denials because the *sole* basis for denying Samsung's two IPRs has been mooted. The Board denied two of the IPRs because Samsung advanced indefiniteness positions in its early claim construction disclosures in this case. *See* Ex. 2 (Institution Decision for IPR of '281 Patent) at 6; *see also* Ex. 3 (Institution Decision for IPR of '595 Patent) at 7. Since then, Samsung withdrew *all* allegations of indefiniteness in this case, rendering moot the Patent Office's sole rationale for denying institution. Dkt. 188 (Samsung's Claim Construction Response Brief) at 1–3. Samsung is in the process of seeking director review of these institution denials, and the Director may proceed to assess these two petitions on the merits given that the sole rationale for denying the petitions were

2

mooted.[1] For the same reason, Wilus is unlikely to succeed in seeking director review of the instituted IPRs.

To that end, the Patent Office has yet to deny any of Samsung's IPR petitions on the merits. Consistent with its initial finding of material examination error in its denials of Wilus's request for discretionary denial, *see* Dkt. 176-11 at 3, the Patent Office has instituted five of the IPRs. Many of the instituted IPRs include multiple grounds of invalidity for each asserted claim. *See, e.g.,* Exs. 4-6 (Institution Decisions for IPRs of '597, '210, '163 Patents) (instituting IPR on two grounds for each asserted independent claim).

Moreover, Samsung has filed a stipulation in all IPRs that is significantly more stringent than the *Sotera* stipulation. *See* Dkt. 185-4 ("Samsung will not pursue in District Court litigation the specific grounds asserted in *inter partes* review in this proceeding, or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications). . . . Samsung will not pursue in District Court litigation combinations of the prior art asserted in this proceeding with unpublished system prior art."). Samsung's decision not to adopt the stipulation language that the Patent Office only proposed for rulemaking *after* Samsung filed the IPRs should not weigh against Samsung. *See* Dkt. 185 at 8-9.

### B.   Wilus Will Not Suffer Undue Prejudice From a Stay

The delay caused by a stay pending Samsung's IPRs would not cause undue prejudice to Wilus. Wilus cannot identify any prejudice beyond the mere delay in seeking relief, Dkt. 185 at

---

[1] Even if this motion is premature in view of the pending institution decision in one IPR and Samsung's upcoming requests for director review, this Court has credited defendants for "not delay[ing] in notifying the Court of its desire to seek a stay of the litigation while the IPR proceeds." *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-0333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021).

9–10; however, this issue is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion," *NFC Tech. v. HTC America, Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2. "Where, as here, a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, delay in collecting those damages does not, standing alone, constitute undue prejudice." *Harbor Island Dynamic, LLC v. Samsung Elecs. Co.*, No. 2:24-CV-00140-JRG-RSP, Dkt. 81 (E.D. Tex. May 19, 2025). Wilus has not—and cannot—provide any case-specific prejudice beyond these generic concerns. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely enforcement of patent rights are generally too generic, standing alone, to defeat a stay motion."). Waiting until resolution of Samsung's IPRs to proceed with Wilus's claims would not cause Wilus undue prejudice, and the public has a strong interest in conserving judicial resources.

        **C.**      **The Stage of the Case Weighs in Favor of a Stay**

This case remains in the early stages—trial is not until June 1, 2026. Despite Wilus's attempts to inflate the parties' progress by listing required exchanges under the local patent rules and attaching emails regarding deposition scheduling, "the most burdensome parts of the case . . . all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). Wilus's opposition largely ignores that a substantial portion of the work in this case has not yet been completed, such as fact and expert depositions, expert reports, summary judgment and *Daubert* briefing, pre-trial preparation, and the trial itself. *See Harbor Island Dynamic*, No. 2:24-CV-00140-JRG-RSP, Dkt. 81 (finding this "factor weighs in favor of a stay," even though "case is approximately eight months away from trial, with many documents produced, source code reviewed, motions resolved, hearings had, and the like"). Furthermore, fact discovery does not close until December 22, 2025, under the current

4

schedule, expert discovery does not close until February 17, 2026, and trial is not set to begin until June 1, 2026. Although some initial work on the case has taken place, it cannot be disputed that the most substantive, costly portions of this case have not yet occurred, favoring a stay. Accordingly, the stage of the case weighs in favor of staying this case pending resolution of Samsung's IPRs.

### III.  CONCLUSION

Samsung respectfully request that the Court grant their motion to stay this case until Samsung's IPRs are fully resolved with respect to each of the Asserted Patents.

Dated: November 20, 2025

Respectfully submitted,

/s/ Ralph A. Phillips

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                          */s/ Ralph A. Phillips*
                                          Ralph A. Phillips