# EXHIBIT 3

Trials@uspto.gov   Paper: 12
571-272-7822   Date: November 7, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner.

IPR2025–00933
Patent 11,470,595 B2

Before KRISTEN L. DROESCH, TERRENCE W. McMILLIN, and JON M. JURGOVAN, *Administrative Patent Judges*.

McMILLIN, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2025-00933
Patent 11,470,595 B2

## I. INTRODUCTION

### A. Background and Summary

Samsung Electronics Co., Ltd., ("Petitioner")[1] filed a Petition for *inter partes* review of claims 1–12 of U.S. Patent No. 11,470,595 B2 (Ex. 1001, "the '595 patent"). Paper 2 ("Pet."), 1. Wilus Institute of Standards and Technology Inc. ("Patent Owner")[2] filed a Preliminary Response. Paper 10 ("Prelim. Resp.").

For the reason stated herein, we do not institute an *inter partes* review as to claims 1–12 of the '595 patent.[3]

### B. Related Proceedings

The parties identify the following district court matters related to the '595 patent: *Wilus Institute of Standards and Technology Inc. v. HP Inc.*, No. 2-24-cv-00752 (E.D. Tex.); and *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd.*, No. 2-24-cv-00746 (E.D. Tex.). Pet. 85–86; Paper 7, 1–2.

### C. The '595 Patent (Ex. 1001)

The '595 patent is titled "Wireless Communication Method and Wireless Communication Terminal, Which Use Discontinuous Channel." Ex. 1001, code (54). The '595 patent seeks to "provide high-

---

[1] Petitioner identifies itself, Samsung Electronics Co., Ltd., as well as Samsung Electronics America, Inc., as the real parties-in-interest to this proceeding. Pet. 85.

[2] Patent Owner identifies itself, Wilus Institute of Standards and Technology Inc., as the real party-in-interest to this proceeding. Paper 7, 1.

[3] Patent Owner filed a request for discretionary denial of institution. Paper 8. Petitioner filed an opposition. Paper 9. Patent Owner's request for discretionary denial was denied and the Petition was referred to the Board to issue a decision on institution addressing the merits. Paper 11, 5.

efficiency/high-performance wireless LAN communication in a high-density environment" through the efficient signaling of non-contiguous channel allocation. *Id.* at 2:65–67, 5:7–9. In particular, "non-contiguous channel allocation refers to channel allocation in which a band occupied by the transmitted packet (i.e., PPDU [PLCP Protocol Data Unit]) includes at least one non-contiguous channel (or non-contiguous resource unit)." *Id.* at 33:41–46.

In operation, a transmitter may "transmit a packet through at least one channel which is idle based on the result of performing the CCA [clear channel assessment] of multiple channels." Ex. 1001, 33:66–34:1. "[T]he transmitter signals non-contiguous channel allocation information via a non-legacy preamble of the packet," such that a "receiver decodes the received packet based on the obtained non-contiguous channel allocation information." *Id.* at 34:3–11. The "packet may be an HE MU [high-efficiency multi-user] PPDU," in which a non-legacy preamble of the PPDU includes "a high efficiency signal A field (HE-SIG-A)" and "a high efficiency signal B field [HE-SIG-B]." *Id.* 34:11–13, 13:44–46, 13:53–59, Fig. 10(b). "[T]he non-contiguous channel allocation information may be signaled via a combination of subfield(s) of the HE-SIG-A and subfield(s) of the HE-SIG-B," where "[t]he subfield(s) of the HE-SIG-A may signal at least a portion of the non-contiguous channel allocation information, and the subfield(s) of the HE-SIG-B may signal the remaining information." *Id.* at 39:26–32.

3

IPR2025-00933
Patent 11,470,595 B2

### D.     Challenged Claims

Petitioner challenges claims 1–12 (all) of the '595 patent.  Pet. 1. Independent claim 7[4] recites:

> A wireless communication method of a wireless communication terminal, the method comprising:
>
> receiving a wireless packet including an [sic] high efficiency (HE)-signal (SIG)-A and HE-SIG-B;
>
> obtaining bandwidth information indicated via a bandwidth field included in the HE-SIG-A;
>
> obtaining information of an unassigned resource unit via at least one subfield included in the HE-SIG-B,
>
> wherein the bandwidth field is related to bandwidth over which the received wireless packet is transmitted, and
>
> wherein the bandwidth field of HE-SIG-A is used to obtain the information of the unassigned resource unit; and
>
> decoding a data of the received wireless packet based on the total bandwidth information and the information of the unassigned resource unit,
>
> wherein the unassigned resource unit is explicitly indicated with the information of the unassigned resource unit based on the bandwidth field and the at least one subfield, and
>
> wherein the information of the unassigned resource unit includes information of a C26 field indicating whether a user is allocated to a center 26-tone resource unit of 80 MHz upon the bandwidth related to a transmission of the received wireless packet indicated by the bandwidth field being 80 MH or more, not 20 MHz or 40 MHz.

Ex. 1001, 53:53–54:19.

---

[4] Petitioner treats independent claim 7 as exemplary.  *See* Pet. 4, 11–29 (Ground 1A), 52–73 (Ground 2).  Patent Owner focuses its discussion of the claims in the Preliminary Response on claim 7.  *See* Prelim Resp. 5–6, 10–11.  We also treat claim 7 as exemplary.

4

IPR2025-00933
Patent 11,470,595 B2

*E.  The Asserted Grounds*

Petitioner challenges claims 1–12 of the '595 patent based on the grounds set forth in the table below.  Pet. 1.

| Claims Challenged | 35 U.S.C. § | Reference(s)/Basis |
|---|---|---|
| 1–12 | 103[5] | Josiam[6] |
| 1–6 | 103 | Josiam, Seok[7] |
| 1–12 | 103 | Chen[8], Wu[9] |

## II.  REASON FOR DENYING INSTITUTION

On November 3, 2025, the Director of the Office issued a precedential decision in *Revvo Technologies, Inc. v. Cerebrum Sensor Technologies, Inc.*,

---

[5] The Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) ("AIA"), amended 35 U.S.C. § 103, and was effective on March 16, 2013.  The application for the '595 patent is U.S. Application No. 16/868,525, filed on May 6, 2020, which claims priority, through another U.S. patent application and a PCT application, to a number of Korean applications, the earliest of which was filed on December 24, 2015. Ex. 1001, codes (21), (22), (30), (63), 1:9–30.  Because the application for the '595 patent claims an earliest priority date after the effective date of the applicable AIA amendment, the post-AIA version of § 103 applies.

[6] US 2016/0330300 A1, published Nov. 10, 2016, filed Apr. 4, 2016 (Ex. 1005).  Josiam claims priority to four U.S. provisional patent applications that were filed on May 5, 2015; July 7, 2015; August 11, 2015; and September 10, 2015 (*id*. at code (60), ¶ 1).

[7] US 2016/0174200 A1, published Jun. 16, 2016, filed Dec. 10, 2015 (Ex. 1007).  Seok claims priority to two U.S. provisional applications filed on December 12, 2014, December 17, 2014 (*id*. at code (60), ¶ 1).

[8] US 2016/0330058 A1, published Nov. 10, 2016, filed Sep. 25, 2015 (Ex. 1008).  Chen claims priority to two U.S. provisional applications both of which were filed on May 5, 2015 (*id*. at code (60), ¶ 1).

[9] US 2017/0070998 A1, published Mar. 9, 2017, filed Sep. 7, 2016 (Ex. 1009).  Wu claims priority to a U.S. provisional application filed on September 7, 2015 (*id*. at code (60), ¶ 1).

5

IPR2025-00933
Patent 11,470,595 B2

IPR2025-00632, Paper 20 (Nov. 3, 2025 ("*Revvo*")).[10]  *Revvo* provides that "when a petitioner takes alternative positions [on claim construction] before the Board and a district court, that petitioner should, at a minimum, explain why alternative positions are warranted."  *Revvo* at 3–4.

On November 5, 2025, the Director of the Office issued an informative decision in *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00340, Paper 18 (Nov. 5, 2025) ("*Tesla*")).  *Tesla* provides that: "Allowing a petitioner to advance a claim construction before the Board when that petitioner has made inconsistent indefiniteness arguments in district court fails to further, but instead detracts from, the Office's goal of 'providing greater predictability and certainty in the patent system.'"  *Id*. at 4 (citing *Revvo* at 4–5).  *Tesla* further provides that when a petitioner raises inconsistent invalidity challenges in two forums, "that petitioner is *required* to explain why those different positions are warranted."  *Id*. at 3 (citing *Revvo* at 3–5).

In this proceeding, Petitioner takes alternative positions on claim construction before the Board and a district court, but fails to explain why alternative positions are warranted.  Therefore, in accordance with *Revvo* and *Tesla*, we deny institution.

In the Petition, "Petitioner submits that no formal claim constructions are necessary."  Pet. 3.  Petitioner does not discuss its position on claim

---

[10]  The *Revvo* and *Tesla* decisions are available on the PTAB's Precedential and informative decisions page on the USPTO's website.  A link to this page is available here:
https://www.uspto.gov/patents/ptab/precedential-informative-decisions?utm_campaign=subscriptioncenter&utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=

6

IPR2025-00933
Patent 11,470,595 B2

construction in district court nor why alternative positions before the Board and the district court are warranted. *See id.*

In its Preliminary Response, Patent Owner argues that institution should be denied because of "Petitioner's adoption of inconsistent claim construction arguments between its district court position and its Petition." Prelim. Resp. 9–10. The Preliminary Response provides:

> "Petitioner submits that no formal claim constructions are necessary…." Petition at 3. Despite this, Petitioner identified terms for construction in the district court. Recently, in district court, however, Petitioner has identified several terms in the '595 Patent for construction, including the terms "explicitly indicated" and "the total bandwidth information"—which appear in both independent Claims 1 and 7. Petitioner contends that these terms are indefinite under 35 U.S.C. § 112. *See* Ex. 2015 at 1 (correspondence from Petitioner's trial counsel identifying indefiniteness position for the '595 Patent).

*Id*. at 8–9. Patent Owner further states that "Petitioner has offered no explanation, in this *inter partes* review or in the district court litigation, why it has adopted inconsistent claim construction positions between the two proceedings." *Id*. at 9.

## III.   CONCLUSION

For the foregoing reason, we determine that trial should not be instituted on claims 1–12 of the '595 patent.

## IV.   ORDER

Upon consideration of the record before us, it is

ORDERED that an *inter partes* review is not instituted.

7

IPR2025-00933
Patent 11,470,595 B2

FOR PETITIONER:

W. Karl Renner
Jeremy Monaldo
Jennifer Huang
FISH & RICHARDSON P.C.
axf-ptab@fr.com
jjm@fr.com
jjh@fr.com

FOR PATENT OWNER:

Reza Mirzaie
Neil Rubin
Philip Wang
RUSS AUGUST & KABAT
rmirzaie@raklaw.com
nrubin@raklaw.com
pwang@raklaw.com

8