**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br>        *Plaintiff,* <br><br>   v. <br><br> HP INC., <br>   *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP <br> [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br>        *Plaintiff,* <br><br>   v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC. <br><br>   *Defendants.* | Case No. 2:24-cv-00746-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00764-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00765-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br>        *Plaintiff,* <br><br>   v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br>   *Defendants.* | Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] |

**WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S**
**CLAIM CONSTRUCTION REPLY BRIEF**

During claim construction proceedings, Defendants identified dozens of terms for construction, asserting that most of them are indefinite. *See* Op. Br. Ex. 14 (Defendants' 4-2 Disclosure); JCCS. Plaintiff Wilus asked Defendants to narrow terms, but Defendants declined. As a result, Wilus submitted an opening claim construction brief addressing 29 disputed terms across 13 patents. After receiving Wilus's opening brief, Defendants reversed course completely. They agreed with Wilus's proposals for all but two disputed terms. *See* Resp. Br. at 1-3. The only remaining terms are: (1) "setting a . . . timer" in the '035 and '879 patents (disputed between Wilus and Samsung); and (2) "wireless communications terminal" (disputed between Wilus and Askey). Defendants' remaining disputes far no better. The Court should decline Defendants' attempt to rewrite the claims and adopt Wilus's proposals.

## I.    REMAINING DISPUTED TERM BETWEEN WILUS AND SAMUSNG

### A.    "setting a . . . timer" ('035 patent, claims 1, 4, 5, 8; '879 patent, claims 1, 4, 5, 8)

| Wilus's Proposed Construction | Samsung's Proposed Construction |
|---|---|
| Plain and ordinary meaning; no further construction necessary | "assign[ing] a duration to a/the timer" |

Although Samsung expends significant ink on this term, its proposed construction fails for three overarching reasons. *First*, as the Court can see for itself, the phrase "setting a . . . timer" is a simple English phrase that would be readily understandable to a jury. Samsung provides no evidence that it is special technical term in the field of wireless communications. For example, Samsung's doesn't cite a single technical dictionary (such as the IEEE dictionary) that defines "setting a timer" as "assigning a duration to a timer." The only dictionaries Samsung cites are general purpose dictionaries. And as Wilus noted, those dictionaries encompass a myriad of meanings that includes starting or initiating. *See, e.g.* Merriam-Webster Dictionary (set: 6 b : to cause the start of : *set a fire*) (available at https://www.merriam-webster.com/dictionary/set).

Samsung does not and cannot dispute this.[1]

Accordingly, the term "setting a timer" carries the full scope of its plain meaning in ordinary English. And that scope (without lexicography or disclaimer, which Samsung concedes is absent here) is not limited to a particular meaning. It can potentially encompass many definitions and should not be redefined as "assigning a duration to a timer."

*Second*, Samsung's construction and arguments are inconsistent with its approach in two IPRs. Samsung submitted IPRs on the '035 and '879 patents extensively discussing the term "setting a . . . timer" and allegedly mapping it to the prior art. *See* Op. Br. Ex. 23 ('035 IPR Pet.) & Ex. 24 ('879 IPR Pet.). In those IPR, Samsung didn't propose any constructions and agreed that all terms carry their plain and ordinary meaning. Nor did Samsung's substantive analysis for any limitation discuss or rely on the construction it now advances. Nor did the Board mention any such construction in the institution decisions on the '035 and '879 patents.

Samsung should not be allowed to take inconsistent positions and advance a narrower construction in district court. Samsung's approach in IPRs also shows that further construction is unnecessary. Like a jury, Samsung and its IPR expert did not need to construe "setting a . . .timer" to perform an invalidity analysis. The parties may dispute whether a claim term maps to a particular accused device or prior art reference. But that is not a legal dispute to be resolved by construction. Rather, it is a factual dispute regarding infringement or validity. Such disputes should be addressed through competing expert testimony and resolved by the factfinder.

*Third*, Samsung's construction doesn't appear in the intrinsic evidence, and it concedes

---

[1] Given that "setting a . . . timer" is an ordinary English phrase, resorting to extrinsic expert opinions is unnecessary and disfavored. For this reason, Mr. Lanning's assertions (which generally lack support in technical documents) are entitled to little or no weight. Mr. Lanning's opinions are also unreliable because he was aware of Samsung's IPRs on the '035 and '879 patents but declined to even look at Samsung's IPR petitions or IPR expert opinions. Further still, the only dictionaries Mr. Lanning cites are general purpose English dictionaries. The Court doesn't need a technical expert to understand the claim term or interpret general purpose dictionaries.

there is no lexigraphy/disclaimer. This alone is strong reason to decline the construction. Samsung instead relies on weak and unclear "presumptions" under claim differentiation. This is insufficient. And any presumption is far outweighed by the intrinsic evidence cited in Wilus's opening brief. For example, as Wilus showed, the claims and specifically plausibly use "set" to include—or at least imply—starting a timer. *See* Op. Br. at 28-29 (citing '035 patent at cl. 1, 3:28-34, 19:52-56). Samsung doesn't substantively address these disclosures because it cannot. In the absence of compelling intrinsic evidence and only a weak alleged presumption under claim differentiation, the Court should decline to adopt Samsung's construction.

## II.     REMAINING DISPUTED TERM BETWEEN WILUS AND ASKEY

### A.     "[a] wireless communication terminal" ('077 patent, claims 1, 8; '992 patent, claims 1, 7; '421 patent, claims 1, 5; '233 patent, claim 1; '396 patent, claims 1, 9; '926 patent, claims 1, 8); "[a] wireless communication method of a terminal" ('233 patent, claim 6)

| Wilus's Proposed Construction | Askey's Proposed Construction |
|---|---|
| Plain and ordinary meaning, wherein "terminal" includes a non-access point station, an access point, or both. | Plain and ordinary meaning, wherein "wireless communication terminal" means "user equipment for wireless communication." |

The term "wireless communication terminal" appears in the preamble of several asserted patents/claim and the preambles are substantively identical. *E.g.* '077 patent at cl. 1 ("A wireless communication terminal that communicates wirelessly, the terminal comprising . . ."); '992 patent at cl. 1 (same); '421 at cl. 1 (same); '233 patent at cl. 1 ("A wireless communication terminal comprising . . ."); '926 patent at cl. 1 (same). For the '077 patent, Samsung abandoned Askey's proposal after Wilus's opening brief. Resp. Br. at 4. Samsung now agrees that "wireless communication terminal" in the '077 patent carries its plain meaning and is not limited to "user equipment." Askey is the only party asserting this construction; Wilus and Samsung disagree.

Askey's construction amounts to redefinition because it states that "wireless

communication terminal" *means* "user equipment for wireless communication." But nothing remotely resembling lexicography/disclaimer has been shown. Just the opposite, the specifications of *all six* patents contradict Askey's proposal. Each says that "terminal" a refers to a wireless communication device that includes a non-access point station, an access point, or both ("such as a non-AP STA, or an AP or both terms") Op. Br. at 29-30.

Askey's arguments for its construction are without merit. *First*, it points to a statement in the '396 specification that "a terminal may be used as a term which includes user equipment (UE)." Resp. Br. at 11 (citing '396 patent at 7:6-8). But the statement doesn't even appear in four of the six patents at issue: the '077, '992, '421, and '233 patents. Those patents don't mention the words "user equipment" at all. Thus, for those patents, Askey's proposal is proposing a construction that is entirely missing from the specification and claims. It cannot be correct.

Further, the statement that a terminal "may include' user equipment (in the '396 and '926 patents only) wouldn't support Askey's construction in any event. The statement appears in the same paragraph of the specification stating that the term "terminal" refers to a "non-AP STA, or an AP, or both terms." '396 patent at 6:57-63; '926 patent at 7:3-9. Both statements are consistent a broad interpretation of "terminal." The whole point is that the inventors were giving examples and using inclusive language. The inventors contemplated that a terminal could be a station or an access point, could include user equipment, or could *not*. This is the opposite of lexicography or disclaimer. Askey is attempting to pluck out one phrase from a descriptive paragraph and impose it as a limiting definition. This is wrong as a matter of claim construction and should be rejected.

*Second*, Askey relies on Figs. 3 and 4 of the patents as allegedly supporting its construction. Resp. Br. at 12. Fig. 3 and 4 depict exemplary embodiments of a station and access point, respectively. But nowhere do the patents limit the claimed invention to either a station (in Fig. 3) or access point (in Fig. 4), much less the exemplary components therein. To the contrary, Figs. 3

4

and 4 are substantially similar; each contain a transceiver, processor, and memory. Indeed, the patents state that in Fig. 4, the components of the access point (AP 200) "are the same as or correspond of the station 100 . . ." *E.g.* '077 patent at 9:62-65.

This suggests that the devices in Figs. 3 and 4 are interchangeable purposes of the claimed invention. Although Fig. 3 shows additional optional components of a UI and display, it never purports to define either a station or access point based on those components. Nor does Askey attempt to tie the features of Fig. 3 to the claim language. This is because it cannot. The claims don't recite limitations of a "user interface unit" or "display unit." Instead, the claims recite a transceiver, processor, and memory, which are common components of both an access point and station. These claim limitations support Wilus's construction and undermines Askey's.

*Third*, Askey draws an alleged distinction between "base terminals" and other "terminals." Resp. at 13. This is unsupported and unpersuasive. The specifications don't support such a distinction, much less one that rises to lexicography (as would be required to narrowly redefine "terminal" as a matter of claim construction). The patents mention "base" in isolated fashion, less than a few times, and in the background section. These mentions are fully consistent with using "wireless communication terminal" to include access points, as each patent says. Askey's primary support for its argument is a citation to the '077, '992, and '421 patents. But as discussed above, those patents don't even use the words "user equipment." This is fatal to Askey's construction.

## III.    CONCLUSION

For the foregoing reasons, the Court reject Defendants' proposals for the two remaining claim terms and adopt Wilus's proposals.


Dated: November 25, 2025              */s/ Reza Mirzaie*
                                      Reza Mirzaie
                                      CA State Bar No. 246953
                                      Marc A. Fenster
                                      CA State Bar No. 181067

Dale Chang
CA State Bar No. 248657
Neil A. Rubin
CA State Bar No. 250761
Adam Hoffman
CA State Bar No. 218740
Jacob Buczko
CA State Bar No. 269408
Jonathan Ma
CA State Bar No. 312773
Mackenzie R. Paladino
NY State Bar No. 6039366
RUSS AUGUST & KABAT
12424 Wilshire Boulevard,
12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: dchang@raklaw.com
Email: nrubin@raklaw.com
Email: ahoffman@raklaw.com
Email: jbuczko@raklaw.com
Email: jma@raklaw.com
Email: mpaladino@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Email: andrea@millerfairhenry.com

*Counsel for Plaintiff Wilus Institute of
Standards and Technology Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

<u>*/s/ Reza Mirzaie*</u>
Reza Mirzaie
*Counsel for Plaintiff Wilus Institute*
*of Standards and Technology Inc.*