# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant*. | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP., <br><br> *Defendants* | Civil Action No. 2:24-cv-0753-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants*. | Civil Action No. 2:24-cv-00746-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant*. | Case No. 2:24-cv-00764-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, | Case No. 2:24-cv-00765-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |

|  |  |
|---|---|
| v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*<br><br>WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.,<br><br>*Defendants.* | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case)<br><br>**JURY DEMANDED** |

## PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S ANSWER TO SAMSUNG'S AMENDED COUNTERCLAIMS (DKT. NO. 106)

Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus" or "Plaintiff") hereby answers the Counterclaims of Defendant Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., ("Samsung" or "Defendants") (Dkt. No. 106) as follows:

### THE PARTIES

1.      Admit that Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea with a principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

2.      Admit that Samsung Electronics America, Inc. ("SEA") is a New York corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3.      Admit that Wilus is a corporation organized under the laws of South Korea, with a principal place of business at 5F 216 Hwangsaeul-ro, Bundang-gu, Seongnam-si, Gyeonggi-do, 13595, Republic of Korea.

### JURISDICTION AND VENUE

4.      Wilus incorporates by reference the responses to the paragraphs above.

5.     To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Wilus admits that it brought a claim for infringement of the Asserted Patents against Samsung and that Samsung denies those allegations. Wilus admits that the Counterclaims purport to bring an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. Wilus admits that this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, under Title 28, United States Code §§ 1331 and 1338(a).

6.     To the extent the allegations in this paragraph set forth legal conclusions, no response is required. Wilus admits that it filed its action for patent infringement in this District and that this Court has personal jurisdiction over Wilus. Wilus denies any other allegation in this paragraph.

7.     To the extent the allegations in this paragraph set forth legal conclusions, no response is required. To the extent a response is required, Wilus does not contest that it is subject to venue in this District for purposes of this litigation only. Wilus denies any other allegations in this paragraph.

## **BACKGROUND**

8.     Admit.

9.     Wilus admits that the IEEE allows individuals and organizations to submit a Letter of Assurance that includes a submitter's position regarding licensing of essential patent claims. Wilus admits that on a Letter of Assurance, a submitter can select a box indicating the following licensing position: "The Submitter will make available a license for Essential Patent Claims under Reasonable Rates to an unrestricted number of Applicants on a worldwide basis with other

reasonable terms and conditions that are demonstrably free of unfair discrimination to make, have made, use, sell, offer to sell, or import any Compliant Implementation that practices the Essential Patent Claims for use in conforming with the IEEE Standard identified in part C." Wilus denies all other allegations in this paragraph.

10.     Wilus admits that this paragraph contains purported quotations from the IEEE-SA Patent Policy. Wilus denies any other allegations in this paragraph.

11.     Wilus admits that this lawsuit involves one or more patent claims that it believes are essential to the IEEE 802.11ax ("Wi-Fi 6") standard. Wilus denies all other allegations in this paragraph.

12.     Wilus admits that its Complaint alleges that Samsung has infringed and continues to infringe certain claims contained in the Asserted Patents. Wilus admits that it asserts that certain patent claims of the Asserted Patents are essential to the Wi-Fi 6 standard.  Wilus denies all other allegations in this paragraph.

13.     Wilus admits that it owns the Asserted Patents. Wilus admits that it has granted Sisvel certain licensing rights related to the Asserted Patents. Wilus denies any other allegations in this paragraph.

14.     To the extent that Wilus has knowledge of the allegations in this paragraph, Wilus admits that Sisvel operates and holds itself out as a licensing manager for a "Wi-Fi 6 Patent Pool." Wilus admits, to the best of its knowledge, that Sisvel represents that the patents in the Wi-Fi 6 patent pool have one or more claims that are essential to the Wi-Fi 6 Standard. Wilus admits, to the best of its knowledge, that Sisvel asserts that it has the right to grant licenses to the patent claims in the Wi-Fi 6 patent pool. Wilus denies any other allegation in this paragraph.

15.     Wilus admits, to the best of its knowledge, that Sisvel sent letters to Samsung about licensing patent claims in the Wi-Fi 6 patent pool. Wilus lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

16.     Upon information and belief, Wilus admits that Samsung and Sisvel corresponded over 3 years and 4 months. Wilus admits that it is a member of Sisvel's Wi-Fi 6 patent pool and that it never independently corresponded with Samsung. Wilus admits that it filed this suit against Samsung on September 11, 2024 and that this suit alleges infringement of several patent claims that Wilus understands Sisvel previously offered to license to Samsung. Wilus lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

17.     Wilus admits that certain claims contained in the Asserted Patents are covered by declarations made by Wilus to the IEEE, including Wilus' declaration to license certain Essential Patent Claims on reasonable terms and conditions. Wilus denies that any FRAND obligations related to the Asserted Patents have been breached. Wilus lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

**Wilus's Duty to Disclose Potentially Essential Patent Claims**

18.     Wilus incorporates by reference the responses to the paragraphs above.

19.     Admit.

20.     Wilus admits that this paragraph purportedly quotes the IEEE-SA Patent Policy. Wilus denies the remaining allegations in this paragraph.

21.     Admit.

**Wilus's FRAND Commitment**

22.     Wilus incorporates by reference the responses to the paragraphs above.

23.     Admit.

24.    Admit.

25.    Wilus admits that Wilus' letters have been posted to the IEEE SA website. Wilus lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

26.    Wilus admits that it has participated in the IEEE standard-setting process through its membership in certain organizations.

27.    Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

**Sisvel's FRAND Commitment**

28.    Wilus admits, to the best of its knowledge, that Sisvel is the administrator of a "patent pool" containing patent claims that are believed to be essential to the Wi-Fi 6 Standard. Wilus admits that Sisvel's website states that its "Wi-Fi 6 Patent Pool offers a one-stop shop solution to license all standard essential patents owned or controlled by the participating patent owners." Wilus admits that Sisvel possesses certain obligations with respect to licensing for Wilus when it comes to the patent claims that are included in the Sisvel Wi-Fi 6 patent pool. Wilus lacks sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

29.    Wilus admits that it is a member of Sisvel's Wi-Fi 6 patent pool. Upon information and belief, Wilus admits the other allegations contained in this paragraph.

30.    Wilus admits that this infringement suit alleges that Samsung infringes patents that a part of the Sisvel Wi-Fi 6 patent pool. Wilus lacks sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

31.    Wilus admits that a draft of a sublicense agreement is available on Sisvel's website. Wilus admits that Sisvel's website states that a link with the sublicense agreement

contains "[t]he complete terms and conditions of the license offering under the Sisvel's Wi-Fi 6 patent pool[.]"

32.     Wilus admits that the sublicense agreement available on Sisvel's website contains the statements quoted in this paragraph.

33.     Wilus admits that the sublicense agreement available on Sisvel's website states that "'Licensed Patents' means any Wi-Fi 6 Essential Patent which is or has been Held by a Patent Owner, including but not limited to those identified by an independent evaluator to be Wi-Fi 6 Essential Patents, at any time between its respective Joinder Date and the earlier of the following dates: the end of the Term or the end of the term of the agreement between Licensor and the Patent Owner(s) regarding the Sisvel Wi-Fi 6 Patent Pool (for clarity, in case one of the Patent Owners terminates its participation to the Sisvel Wi-Fi 6 Patent Pool, the date on which such termination becomes effective shall be considered instead, limited to the Wi-Fi 6 Essential Patents Held by such Patent Owner).  The Licensed Patents include but are not limited to those Wi-Fi 6 Essential Patents identified in Exhibit E." Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

34.     Wilus admits that the sublicense agreement available on Sisvel's website states that "'Sisvel Wi-Fi 6 Patent Pool' means the patent pool established through an agreement among Licensor and the Patent Owners, granting Licensor the right to monetize the Licensed Patents."

35.     Wilus admits that the sublicense agreement available on Sisvel's website states that "'Wi-Fi 6 Essential Patents' means any Patent that, under applicable law, includes at least a claim that is either necessarily used in practicing any portion of the WiFi 6 Standard or the

practice of which, as a practical matter, cannot be avoided in remaining compliant with the Wi-Fi 6 Standard."

36.    Wilus admits that the sublicense agreement available on Sisvel's website states that "Licensor represents and warrants that it has the authority, power, and right to enter into this Agreement and to grant Licensee and Licensee Affiliates the rights, privileges, and releases set forth herein."

37.    Wilus admits that the sublicense agreement available on Sisvel's website states the following: "Subject to Licensee's full compliance with the obligations set forth in this Agreement, Licensor covenants, on behalf of Patent Owners, that during the Term Patent Owners will not sue, or otherwise enforce any Legacy CNS Patent against, Licensee or Licensee Affiliates for patent infringement of any Legacy CNS Patent within the CNS Field by any Licensed Product, provided that Licensee and Licensee Affiliates do not commit a material breach of their obligations under this Agreement and only for the period in which there is no such material breach." Wilus lacks sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

38.    Wilus admits that this paragraph quotes portions of the IEEE-SA Standards Board Bylaws. Wilus denies the remaining allegations in this paragraph.

39.    Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

40.    Wilus admis that Sisvel's July 19, 2022 Press Release states the following: "Sisvel is making the valuable portfolios included in the pool accessible on fair, reasonable, and non-discriminatory terms and conditions, by offering a royalty-bearing, non-transferable, non-assignable, non-exclusive license, with no right to grant sublicenses, under the participating

patent owners' patent portfolios essential to the 802.11ax specification." Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

41.    Wilus admits that the Sisvel "Licensing programmes" page states that "All participating patent owners have submitted a negative LoA with respect to the IEEE 2015 updated IPR Policy and/or are committed to license on FRAND terms, in adherence with the IEEE IPR Policy in effect prior to March 15, 2015." Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

42.    No response is required to Samsung's legal conclusion that Sisvel is a "licensing agent." Wilus admits that Sisvel is the licensing manager with respect to the Asserted Patents. Wilus admits that it has consented to Sisvel acting on its behalf pursuant to the terms of the patent pool agreement. Wilus lacks sufficient knowledge to admit or deny the remainder of the allegations in this paragraph.

43.    Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

44.    Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

45.    Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

## FIRST COUNT
### (Breach of Contract re IEEE Policy against Wilus)

46.    Plaintiff incorporates by reference the responses to the paragraphs above.

47.    Wilus admits only what is stated in paragraph 4 of its Complaint. Wilus denies the remainder of the allegations in this paragraph.

48.     Wilus admits that it submitted Letters of Assurance to the IEEE. Wilus denies the remainder of the allegations in this paragraph.

49.     Wilus admits that it submitted Letters of Assurance to the IEEE. Wilus denies the remainder of the allegations in this paragraph.

50.     To the extent a response is required, admit.

51.     Wilus lacks sufficient knowledge to admit or deny the allegations in this paragraph.

52.     Denied.

53.     Denied.

54.     Wilus admits that it participated in the 802.11 standard development process. Wilus denies the remainder of the allegations in this paragraph.

55.     Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in this paragraph. Wilus further admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies the remainder of the allegations in this paragraph.

56.     Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in this paragraph. Wilus admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies the remainder of the allegations in this paragraph.

57.     Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in this paragraph. Wilus admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies the remainder of the allegations in this paragraph.

58.     Denied.

59.     Denied.

## SECOND COUNT
### (Breach of Duty of Good Faith against Wilus)

60.     Plaintiff incorporates by reference the responses to the paragraphs above.

61.     Wilus admits only what is stated in paragraph 4 of its Complaint. Wilus denies the remainder of the allegations in this paragraph.

62.     Wilus admits that its representatives have participated in the IEEE. Wilus admits that it submitted Letters of Assurance to the IEEE. Wilus denies the remainder of the allegations in this paragraph.

63.     Wilus admits that it submitted Letters of Assurance to the IEEE. Wilus denies the remainder of the allegations in this paragraph.

64.     To the extent a response is required, denied.

65.     To the extent a response is required, denied.

66.     Denied.

67.     Wilus admits that its representatives participated in the 802.11 standards development process. Wilus denies the remainder of the allegations in this paragraph.

68.     Denied.

69.     Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in this paragraph. Wilus admits that each patent application identified in this paragraph was filed on the date stated. Wilus denies the remainder of the allegations in this paragraph.

70.     Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in

this paragraph. Wilus admits that each patent application identified in this paragraph was filed on the date stated. Wilus denies the remainder of the allegations in this paragraph.

71.    Wilus admits that it filed a letter of assurance in January 2021. Wilus admits that some of its IEEE representatives are listed as inventors on the patent applications identified in this paragraph. Wilus denies the remainder of the allegations in this paragraph.

72.    Denied.

73.    Denied.

## THIRD COUNT
### (Declaratory Judgment of Non-Infringement of the '077 Patent)

74.    Plaintiff incorporates by reference the responses to the paragraphs above.

75.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '077 Patent and that there is a case or controversy between the parties concerning the infringement of the '077 Patent. Wilus denies any other allegation in this paragraph.

76.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '077 Patent and that Samsung denies the allegations in the Complaint. Wilus denies all other allegations in this paragraph.

77.    Admit that an actual, continuing and justiciable controversy exists between Samsung and Wilus as to Samsung's non-infringement of all claims of the '077 patent as evidenced by Wilus's Complaint. Wilus denies all other allegations in this paragraph.

78.    Wilus admits that Samsung requests declaratory judgment of non-infringement of the '077 Patent. Wilus denies all other allegations in this paragraph.

## FOURTH COUNT
### (Declaratory Judgment of Non-Infringement of the '281 Patent)

79.    Plaintiff incorporates by reference the responses to the paragraphs above.

80.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '281 Patent and that there is a case or controversy between the parties concerning the infringement of the '281 Patent. Wilus denies any other allegation in this paragraph.

81.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '281 Patent and that Samsung denies those claims. Wilus denies all other allegations in this paragraph.

82.    Admit that an actual, continuing and justiciable controversy exists between Samsung and Wilus as to Samsung's non-infringement of all claims of the '281 patent as evidenced by Wilus's Complaint. Wilus denies all other allegations in this paragraph.

83.    Wilus admits that Samsung requests declaratory judgment of non-infringement of the '281 Patent. Wilus denies all other allegations in this paragraph.

## FIFTH COUNT

### (Declaratory Judgment of Non-Infringement of the '595 Patent)

84.    Plaintiff incorporates by reference the responses to the paragraphs above.

85.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '595 Patent and that there is a case or controversy between the parties concerning the infringement of the '595 Patent. Wilus denies any other allegations in this paragraph.

86.    Admit that in its Complaint, Wilus alleges that Samsung infringes the '595 Patent and that Samsung denies those claims. Wilus denies all other allegations in this paragraph.

87.    Admit that an actual, continuing and justiciable controversy exists between Samsung and Wilus as to Samsung's non-infringement of all claims of the '595 patent as evidenced by Wilus's Complaint. Wilus denies all other allegations in this paragraph.

88.    Wilus admits that Samsung requests declaratory judgment of non-infringement of the '595 Patent. Wilus denies all other allegations in this paragraph.

## SIXTH COUNT
### (Declaratory Judgment of Non-Infringement of the '210 Patent)

89.    Plaintiff incorporates by reference the responses to the paragraphs above.

90.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '210 Patent and that there is a case or controversy between the parties concerning the infringement of the '210 Patent. Wilus denies any other allegations in this paragraph.

91.    Admit that in its Complaint, Wilus alleges that Samsung infringes the '210 Patent and that Samsung denies those claims. Wilus denies all other allegations in this paragraph.

92.    Admit that an actual, continuing and justiciable controversy exists between Samsung and Wilus as to Samsung's non-infringement of all claims of the '210 patent as evidenced by Wilus's Complaint. Wilus denies all other allegations in this paragraph.

93.    Wilus admits that Samsung requests declaratory judgment of non-infringement of the '210 Patent. Wilus denies all other allegations in this paragraph.

**<u>SEVENTH COUNT</u>**

**(Declaratory Judgment of Invalidity of the '077 Patent)**

94.    Plaintiff incorporates by reference the responses to the paragraphs above.

95.    Admit that based on Wilus's filing of this action and at least Samsung's Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '077 Patent. Wilus denies all other allegations in this paragraph.

96.    Denied.

97.    Denied

98.    Wilus admits that this paragraph purportedly quotes portions of claims 1 and 8 of the '077 Patent. Wilus denies all other allegations in this paragraph.

99.    Denied.

100.    Denied.

**<u>EIGHTH COUNT</u>**
**(Declaratory Judgment of Invalidity of the '281 Patent)**

101.    Plaintiff incorporates by reference the responses to the paragraphs above.

102.    Admit that based on Wilus's filing of this action and at least Samsung's Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '281 Patent. Wilus denies all other allegations in this paragraph.

103.    Denied.

104.    Denied.

105.    Denied.

## NINTH COUNT
### (Declaratory Judgment of Invalidity of the '595 Patent)

106.    Plaintiff incorporates by reference the responses to the paragraphs above.

107.    Admit that based on Wilus's filing of this action and at least Samsung's Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '595 Patent. Wilus denies all other allegations in this paragraph.

108.    Denied.

109.    Denied.

110.    Denied.

## TENTH COUNT
### (Declaratory Judgment of Invalidity of the '210 Patent)

111.    Plaintiff incorporates by reference the responses to the paragraphs above.

112.    Admit that in its Complaint, Wilus accuses Samsung of infringing the '210 Patent and that there is a case or controversy between the parties concerning the infringement of the '210 Patent. Wilus denies all other allegations in this paragraph.

113.    Denied.

114.    Denied.

115.    Wilus admits that this paragraph purportedly contains quotations from claims 1 and 6 of the '210 Patent. Wilus denies all other allegations contained in this paragraph.

116.    Denied.

117.    Denied.

**ELEVENTH COUNT**
**(Declaratory Judgment of Estoppel and/or Waiver)**

118.    Plaintiff incorporates by reference the responses to the paragraphs above.

119.    Wilus admits that its complaint alleges that Samsung infringes the Asserted Patents and that an actual case or controversy exists between the parties as to whether Wilus's infringement claims are barred by estoppel and/or waiver. Wilus denies all other allegations in this paragraph.

120.    Denied.

121.    Wilus admits that certain IEEE representatives are listed as inventors of the '595 Patent. Wilus admits that it submitted a document titled "HE-SIG-B Signaling" at a working group meeting in 2016. Wilus admits that it filed Letter of Assurances with the IEEE. Wilus admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies all other allegations in this paragraph.

122.    Wilus admits that certain IEEE representatives are listed as inventors on the '077 patent priority applications. Wilus admits that certain representatives were present at an IEEE working group meeting in July 2015. Wilus admits that it filed a Letter of Assurance with the IEEE. Wilus admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies all other allegations in this paragraph.

123.    Wilus admits that its IEEE representatives are listed as inventors on the '210 patent priority applications. Wilus admits that certain representatives were present at an IEEE working group meeting in January 2017. Wilus admits that it filed a Letter of Assurance with the IEEE. Wilus

admits that the patent applications identified in this paragraph were filed on the dates stated. Wilus denies all other allegations in this paragraph.

124.    Denied.

125.    Denied.

## **RESPONSE TO SAMSUNG'S PRAYER FOR RELIEF**

126.    Wilus denies that Samsung is entitled to any relief in this action, as requested or otherwise.

## **DEFENSES**

The claims of the Asserted Patents are valid, enforceable, and infringed by Samsung. Wilus asserts the following defenses in response to the allegations in Samsung's counterclaims. In addition to the defenses listed below, Wilus reserves all rights to allege additional defenses identified through the course of discovery or further investigation.

## **FIRST DEFENSE**
## **(Failure to State a Claim)**

127.    Samsung fails to state a claim upon which relief can be granted because they have not alleged facts sufficient to prove one or more of the necessary elements of its causes of action.

## **SECOND DEFENSE**
## **(Laches, Estoppel, Waiver, and Unclean Hands)**

128.    Samsung's counterclaims are barred, in whole or in part, by laches, estoppel, waiver, acquiescence, and/or unclean hands. Samsung has not established that the Asserted Patents are essential or that Wilus is subject to any FRAND encumbrances, in particular because Samsung has refused to acknowledge that it requires a license to any of the Asserted Patents.

129.    Samsung has further failed to establish that Wilus has breached any obligation that may be imposed by any FRAND encumbrances on the Asserted Patents.

130.    Samsung has failed to establish that the IEEE requires any specific disclosure of patent information at a certain time, or that Wilus breached any obligation imposed under any IEEE bylaw.

131.    Samsung's counterclaims are also inconsistent with Samsung's previous conduct in disclosing its patents to the IEEE. Samsung themselves have engaged in the same conduct it accuses and therefore Samsung has unclean hands and should be barred any remedy or recovery.

## THIRD DEFENSE
### (Failure to Negotiate in Good Faith, Breach of Duty of Good Faith, Breach of Contract)

132.    Samsung's counterclaims are barred because Samsung failed to negotiate in good faith towards a license to any essential claims contained in Wilus' patents. Samsung's bad faith actions during pre-suit licensing and negotiations were improper, unreasonable, and inconsistent with contractual obligations.

133.    Samsung's Counterclaims are barred, in whole or in part, by Wilus' performance of its alleged duty of tendering a FRAND license offer, and Samsung's rejection of Wilus' performance in bad faith.

134.    Samsung's Counterclaims are barred, in whole or in part, by Samsung's unwillingness to license and/or engagement in hold out during negotiations.

135.    Samsung's Counterclaims are barred, in whole or in party, because Samsung breached its contractual obligations and/or duty of good faith, frustrated or prevented Wilus' performance, and/or otherwise failed to perform or satisfy a condition precedent.

## FOUTH DEFENSE
### (Lack of Subject Matter Jurisdiction)

136.    This Court lacks subject matter jurisdiction over at least the counterclaims involving foreign patents.

## FIFTH DEFENSE
### (Failure to Mitigate)

137.    Samsung's Counterclaims are barred, in whole or in part, by Samsung's failure to mitigate the alleged damages, including by its refusal to accept FRAND license terms.

### SIXTH DEFENSE
### (Lack of Privity)

138.    Samsung's Counterclaims are barred, in whole or in part, by the lack of privity between the parties.

### JURY DEMAND

Wilus demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

Wherefore, Wilus respectfully requests that Samsung take nothing by its claims and that the Court:

A.    Deny all relief and/or remedies requested by Samsung;

B.    Grant the relief requested in Wilus' Complaint;

C.    Enter judgment in favor of Wilus and against Samsung; and

D.    Award Wilus such other and further relief as the Court may deem just and proper.


Dated: November 26, 2025

*/s/ Reza Mirzaie*
Reza Mirzaie
rmirzaie@raklaw.com
CA State Bar No. 246953
Neil A. Rubin
nrubin@raklaw.com
CA State Bar No. 250761
Jonathan Ma
jma@raklaw.com
CA State Bar No. 312773
Mackenzie Paladino
mpaladino@raklaw.com
NY Bar No. 6039366
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
310-826-7474

**ATTORNEYS FOR PLAINTIFF,
WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2025, a copy of the foregoing was filed with the

Court using the CM/ECF system.

<u>*/s/ Reza Mirzaie*</u>
Reza Mirzaie