# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00766-JRG |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## I. INTRODUCTION

Samsung's reply confirms that a stay is not warranted. The IPR posture is uncertain, a stay would prejudice Wilus by delaying and splintering resolution of this consolidated action, and the case is far from "early" under this Court's precedent.

Since Wilus filed its opposition, Wilus has requested Director Review of the institution decisions in each of the five instituted IPRs, raising Samsung's inconsistent indefiniteness and claim-construction positions, factual errors in the Director's discretionary-denial decisions, and substantive defects in Samsung's petitions. The Director has authorized Samsung to respond. At the same time, Samsung has not filed any Director-review requests for the two denied petitions, and the petition on the '077 patent remains pre-institution. It remains uncertain how many, if any, of Samsung's petitions will ultimately proceed to a full IPR, or when that will even be known.

On this record, Samsung has not shown a material likelihood of simplifying this case sufficient to justify a stay.

## II. SAMSUNG STILL HAS NOT SHOWN A MATERIAL LIKELIHOOD OF SIMPLIFICATION

As noted in the chart in Wilus's opposition (Dkt. 185 at 3), two of Samsung's eight petitions (for the '595 and '281 patents) were denied, five were instituted, and one (for the '077 patent) remains pending. Samsung now says it "is in the process" of seeking Director Review of the denials, but no such requests have been filed. As of today, there is no PTAB proceeding at all on the '595 and '281 patents.

For the five instituted IPRs, Wilus has already sought Director Review of the institution decisions, and the Director has invited Samsung to respond. Those institutions are under active

1

review. The '077 petition remains in the pre-institution stage, with no guarantee that it will ever be instituted.

Given this posture, there is no way to know which—if any—of Samsung's IPRs will proceed to trial at the PTAB or when any final written decisions will issue. What is highly likely is that this case will proceed to trial on at least the '595 and '281 patents. That is the opposite of the "PTAB is likely to invalidate every asserted claim" coverage that has led this Court to find a material likelihood of simplification in other cases. *E.g.*, *Scorpcast, LLC v. Boutique Media*, No. 2:20-CV-00128-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 8, 2021).

Samsung's reply also emphasizes its "*Sotera*-plus" stipulations. Those stipulations do not cure the lack of simplification. First, they do nothing for the '595 and '281 patents, which have no instituted IPR; the jury will have to decide infringement, validity, and damages for those patents regardless, and the accused Wi-Fi 6 products are common across the portfolio. Second, even as to the instituted IPRs, Samsung's stipulations still leave a wide swath of obviousness arguments available in this Court. The stipulations do not bar Samsung from asserting combinations of patents and printed publications with on-sale prior art, and Samsung's invalidity contentions preserve hundreds of such combinations. Even if Samsung ultimately loses at the PTAB, it will still be able to present numerous prior-art combinations to the jury, limiting any real-world simplification.

### III. SAMSUNG'S REPLY CONFIRMS THAT A STAY WOULD PREJUDICE WILUS

Samsung continues to treat prejudice as if only a delay to injunctive relief could be prejudicial. This Court has repeatedly held that patentees, including those who seek only damages, have a right to timely enforcement of their patent rights.

Here, the prejudice is not "generic" delay. The Court has already set a firm trial date of June 1, 2026. Final written decisions in the currently instituted IPRs will not issue until months

after that date—in November 2026—and there are no IPRs on the '595 or '281 patents and may never be one on the '077 patent. A stay may postpone adjudication of all eight patents for years while Director Review, any new institution decisions, and PTAB trials and appeals run their course.

A stay would also fracture the consolidated action. These cases are consolidated for all pretrial purposes. Staying only the Samsung member cases while the Askey cases proceed would require duplicative Markman hearings along with overlapping fact and expert discovery on the same Wi-Fi 6 technology, including on the shared '077 patent. That is antithetical to the efficiencies the Court created by consolidating these actions and is itself a form of prejudice to Wilus.

Samsung's claimed "prejudice" to itself—having to defend patents that it says may be invalid—is legally irrelevant. As this Court has already explained in *Tessera v. Samsung*, the stay analysis looks to prejudice to the non-moving party, not to the burden of litigating a case the movant chose to bring to the Court. *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)

## IV. THE STAGE OF THE CASE AND SAMSUNG'S LACK OF DILIGENCE STILL WEIGH AGAINST A STAY

Samsung is also wrong that this case is in its "early stages." These actions have been pending for more than a year. The Court has entered and amended the Docket Control Order, issued multiple protective and discovery orders, and set a firm trial date. The parties have exchanged initial disclosures and detailed infringement and invalidity contentions, substantially completed document production, and engaged in significant written and third-party discovery. Subpoenas have been issued to the multiple third-party suppliers of chips used in Samsung's

3

products, and extensive review of source code produced by Samsung and these third-party suppliers is ongoing. Claim construction is underway: *Markman* briefing is complete, and the *Markman* hearing is set for December 16, 2025; fact discovery closes on December 22, 2025.

By the time any additional PTAB developments occur, this case will be even further advanced. Under this Court's decisions, the existence of remaining work does not make a case "early" once the Court and parties have invested this heavily and trial has been set.

Samsung's lack of diligence also weighs against a stay. Samsung had years of pre-suit notice of Wilus's patents through licensing discussions but waited until mid-2025 to file IPRs, seven to eight months after Wilus filed its complaints.

## V.   CONCLUSION

For these reasons, and those set out in Wilus's opposition, the *NFC Tech* factors continue to weigh against a stay. Wilus respectfully requests that the Court deny Samsung's motion.

Dated: November 28, 2025              Respectfully submitted,

/s/ *Neil A. Rubin*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773

4

Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Neil A. Rubin*
Neil A. Rubin