# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

## SUPPLEMENTAL PROTECTIVE ORDER

WHEREAS the Court entered a "Protective Order" on January 2, 2025, to govern discovery in the above-captioned matter (*see* D.I. 54);

WHEREAS Paragraphs 20 and 21 of that Order allow non-parties to avail themselves of the provisions and protections of that Order;

WHEREAS the Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") and Defendant Samsung Electronics Co., Ltd., Samsung Electronics America Inc., (individually, "Party," and collectively, "Parties") have agreed to the amendments and supplemental provisions described and explained herein to provide additional protections for a Third Party which has or intends to produce documents, things, or information including source code in connection with discovery in this action (the "Third Party");

THEREFORE, the Parties hereby stipulate and agree, subject to the Court's approval, that the following provisions shall amend and/or be considered supplements to the "Protective Order" such that the provisions of this "Supplemental Protective Order" and the provisions of the "Protective Order" apply to discovery provided by Third Party. The definitions in the "Protective Order" apply to this "Supplemental Protective Order." To the extent that there is any conflict between the definitions, terms, provisions, and/or restrictions of the "Protective Order" and the definitions, terms, provisions, and/or restrictions of this "Supplemental Protective Order," then the definitions, terms, provisions, and/or restrictions of this "Supplemental Protective Order" shall govern.

For clarity, the provisions of this "Supplemental Protective Order" apply only to documents, things, and information designated as "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," or "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" and documents, things, and information produced by Third

Party. The provisions of this "Supplemental Protective Order" will not apply to other non-parties that, prior to or after the date of this filing, have produced or will produce documents, things, or information without these additional protections, or pursuant to other supplemental protective orders the parties have filed. In particular, the provisions of this Supplemental Protective Order shall not apply to productions made by Broadcom, Intel, or Qualcomm, which will instead be governed by the Supplemental Protective Orders that have previously been entered and that are specific to each of those third parties. (D.I. 141, 170, 196)

  A. Paragraph 1 of the "Protective Order" is hereby amended by adding the following sentence to the end of the paragraph:  Third Party may designate Protected Material as "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," or " THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" and may further designate Protected Material as "THIRD PARTY RESTRICTED – EXPORT CONTROL" in the manner described in Paragraph 2.  Collectively, this information shall be referred to as "THIRD PARTY DESIGNATED MATERIAL."  Each of these designations shall result in the documents, things, or information so designated being provided with the same protections and subject to the same conditions of use and access as specified in the "Protective Order" for Protected Material that has been designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," and "RESTRICTED – EXPORT CONTROL," respectively.

  B. For the sake of clarity, with regard to all subparagraphs of Paragraph 10 and all amendments and supplements herein, a "Producing Party" can be a non-party who produces documents, things, or information as part of discovery in this action.

  C. Paragraph 10(a) of the "Protective Order" is hereby amended to add the following at the end of the paragraph: The foregoing terms and provisions apply to Third

3

Party Source Code Material with the exception that (i) Third Party is only required to provide one stand-alone laptop source code computer; (ii) the stand alone source code computer will have at least a 16" monitor, (iii) Third Party is not required to provide an additional monitor, but will make reasonable efforts to do so; and (iv) Third Party can, but is not required to, disable the ability to have external storage devices attached to the Source Code Computer, but no external storage devices may be attached to the Source Code Computer other than by Third Party. When Third Party makes its Source Code Material available for inspection by representatives of one Party, said Source Code Material also shall be made available for inspection by the other Party's representatives with the latter inspection not to be held concurrently with the former.

D. For the sake of clarity, with regard to Paragraph 10(i), the terms and provisions of that paragraph apply equally to Third Party's Source Code Material which must be stamped and treated as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

E. For the sake of clarity, with regard to Paragraph 10(j), the terms and provisions of that paragraph apply equally to Third Party's Source Code Material which must be labeled as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

F. Paragraph 10(h) of the "Protective Order" does not apply to Third Party, but rather the following paragraph applies to Source Code Material produced for inspection by Third Party: A Receiving Party is allowed to designate specific portions of the Source Code Material at the time of inspection by creating pdf files (saved in a folder on the desktop of the Source Code Computer) of the portions of code the Receiving Party wishes to be printed and produced. Designations for printing are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing, *i.e.*, only the portions of the Source Code Material that address the specific functionality relevant to the claims and defenses in this action.  A Receiving Party is not entitled to designate passages to facilitate review of the Source Code Material away from the

room in which the Source Code Computer is located.  A Receiving Party is not permitted to take photographs, screenshots, or the like of any Source Code Material or the folder structure of any Source Code Material.  Third Party will print the designated portions of the Source Code Material, Bates number the printouts, and label the printouts with the legend "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."  Within five (5) business days of being provided with all of the designated portions of the Source Code Material, Third Party must either (a) deliver an electronic copy of the designated portions of the Source Code Material to the Parties' respective Outside Counsel or one (1) paper copy of the designated portions of the Source Code Material to the Parties' respective Outside Counsel and (b) provide notice to the Receiving Party's Outside Counsel of any designated portions that are excessive or were not requested for a permitted purpose.  A reasonable request will be presumed for no more than a total of five hundred (500) pages and in any instance when a request is for less than or equal to fifty (50) contiguous pages.  Third Party shall not unreasonably deny requests for additional necessary printouts. These limits may be increased by agreement between Third Party and a Receiving Party or on a showing of substantial need by the Receiving Party.

      G.      For the sake of clarity, with regard to Paragraph 10(k), the terms and provisions of that paragraph apply equally to Third Party's Source Code Material which must be handled in the same way as "Source Code Material" under the Protective Order."

      H.      Paragraph of 10(l) shall not apply to Third Party.  Receiving party source code reviewer(s) shall be prohibited from bringing any electronic devices which have any camera or other recording devices into the source code review room.  Further, no reviewer shall at any time copy portions or sections of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE into any notes.

      I.      Paragraph 10(m) of the "Protective Order" does not apply Third Party or to Third Party's Source Code Material printouts with the exception of the following sentence which does

5

apply: "In the event air travel is needed for a deposition, the Source Code Printouts [*sic*, printouts] shall be carried on and not placed in checked luggage by the traveling attorney or witness."

    J.  Paragraph 15 of the "Protective Order" is hereby amended to add the following at the end of the paragraph: A Party that wants to use any printouts of Third Party Source Code Material at a deposition or at a hearing may use existing copies and may not make additional copies.  If a Party reasonably believes that it needs additional printouts of Third Party Source Code Material for the purposes of the deposition or hearing, it must provide Third Party with five (5) business days advance notice of its need for additional printed copies and identify the required pages by production number.  At the conclusion of the deposition or hearing, all of the additional copies must be returned to Third Party.  Copies of printouts of Third Party Source Code Material may not be attached to any deposition transcripts.  Any copies prepared for use at a hearing that are not admitted into evidence shall be returned to Third Party.  The entire transcript of any deposition at which Third Party Source Code Material is disclosed must be treated as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" for thirty (30) days.  During that period, Third Party or any Party may designate any portion of the deposition transcript as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" by giving written notice to the reporter, all Parties, and Third Party if a Party is making the designation.  Any portions that Third Party or a Party does not designate during that 30-day period will then be treated as "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," unless the transcript is otherwise designated by Third Party or a Party.  The court reporter shall separately bind and label transcript pages designated as "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY" or as otherwise designated by Third Party or a Party, and separately bind and label transcript pages that Third Party or a Party designates as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

K.    Paragraph 16 of the "Protective Order" is hereby amended to add the following at the end of the paragraph: If Third Party Source Code Material is quoted or set forth in a pleading, infringement contention, or expert report, the Party quoting or including Third Party Source Code Material will limit the amount of such Third Party Source Code Material to what is reasonably necessary for the party to make its point. Absent Third Party's consent (which will not be unreasonably withheld), an excerpt of programming language text may not exceed fifteen (15) continuous lines of code, excluding blank lines.

L.    Paragraph 19 of the "Protective Order" is hereby amended to add the following at the end of the paragraph: At least two (2) business days prior to providing access by an outside consultant or expert to the THIRD PARTY DESIGNATED MATERIAL, Outside Counsel for a Party who intends to permit such access must provide a copy of an acknowledgement form signed by each such outside consultant or expert and a copy of an "Acknowledgement and Agreement to be Bound by the Supplemental Protective Order" attached hereto as Exhibit A and,, if applicable, a copy of a "Certification of Consultant Regarding the Supplemental Protective Order" attached hereto as Exhibit B, signed by each such outside consultant or expert.

M.    The "Protective Order" is amended to include the following new Paragraph 28: A Receiving Party may host THIRD PARTY DESIGNATED MATERIAL only on either (1) any system inside the firewall of a law firm representing the Receiving Party, or (2) inside the system of a professional ESI vendor retained by counsel of record of the Receiving Party. THIRD PARTY DESIGNATED MATERIAL may not be sent or transmitted to any person, location, or vendor outside of the United States. To the extent that any THIRD PARTY DESIGNATED MATERIAL is transmitted from or to authorized recipients, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., FedEx), or by encrypted electronic means.

N.    The "Protective Order" is amended to include the following new Paragraph 29:

Nothing in this Order shall limit Third Party's use of its own documents, things, and information nor shall it prevent Third Party from disclosing its own confidential documents, things, or information to any person.

O.   The "Protective Order" is amended to include the following new Paragraph 30: If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any THIRD PARTY DESIGNATED MATERIAL, the Receiving Party must so notify Third Party, in writing (by email) promptly, and in no event no more than five (5) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this "Supplemental Protective Order."  In addition, the Receiving Party must deliver a copy of this "Supplemental Protective Order" promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to promptly alert the interested parties to the existence of this "Supplemental Protective Order" and to afford Third Party an opportunity to try to protect its confidentiality interest in the court from which the subpoena or order issued. Third Party shall bear the burdens and the expenses of seeking protection in that court of its DESIGNATED MATERIAL. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

P.   The "Protective Order" is amended to include the following new Paragraph 31. The installation or use on any Third Party source code computer of any compiler, linker, or build management utilities (including but not limited to gcc, g++, javac, make, clang, or cmake) is strictly prohibited.

**So ORDERED and SIGNED this 15th day of December, 2025.**

                                                   RODNEY GILSTRAP
                                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE "SUPPLEMENTAL PROTECTIVE ORDER"

I, _____, [print or type full name] state: My business address is \_\_;

1. My present employer is \_\_\_\_\_;

2. My present occupation or job description is \_;

3. I have been informed of and have reviewed the Supplemental Protective Order entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *Wilus Institute of Standards and Technology, Inc. v. HP Inc.*, Case No. 2:24-cv-00752-JRG-RSP, in the United States District Court, For the Eastern District of Texas, Marshall Division (Lead Case), in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

4. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On _____

[Signature]

[Printed Name]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NONPARTY BROADCOM IN THIS CASE**

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me and will not use any information, documents, or things that are subject to the Supplemental Protective Order in *Wilus Institute of Standards and Technology, Inc. v. HP Inc., Case No.* 2:25-cv-00069-JRG-RSP in the United States District Court, for the Eastern District of Texas, Marshall Division (Lead Case), for any purpose other than this litigation. I agree not to perform hardware or software development work or product development work intended for commercial purposes related to the information disclosed in the THIRD PARTY DESIGNATED MATERIAL, from the time of receipt of such material through and including the date that I cease to have access to any material designated "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY" or "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On _____ _____
[Printed Name]