# EXHIBIT C

Trials@uspto.gov  Paper: 14
571-272-7822  Date: January 5, 2026

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner.

_____

IPR2025–00988
Patent 10,687,281 B2

_____

Before KRISTEN L. DROESCH, TERRENCE W. McMILLIN, and JON M. JURGOVAN, *Administrative Patent Judges*.

McMILLIN, *Administrative Patent Judge*.

DECISION
Granting Request for Rehearing
*37 C.F.R. § 42.71(d)*

IPR2025-00988
Patent 10,687,281 B2

## I.     INTRODUCTION

On November 7, 2025, the Board issued a Decision denying institution of *inter partes* review of claims 1–14 of U.S. Patent No. 10,687,281 B2 (Ex. 1001, "the '281 patent").  Paper 12 ("Decision").  On December 8, 2025, Petitioner timely filed a Request for Rehearing of the Decision.  Paper 13 ("Request").

For the reasons provided below, we *grant* Petitioner's Request and vacate the Decision denying institution.[1]

## II.     STANDARD FOR REHEARING

A request for rehearing "must specifically identify all matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed in a motion, an opposition, a reply, or a sur-reply."  37 C.F.R. § 42.71(d).  "The burden of showing a decision should be modified lies with the party challenging the decision."  *Id*.

## III.     BACKGROUND

In the Petition filed May 20, 2025, "Petitioner submits that no formal claim constructions are necessary."  Paper 2, 3.  Petitioner did not discuss its position on claim construction in district court.  *See id*.

In its Preliminary Response filed September 16, 2025, Patent Owner argues that institution should be denied because of "Petitioner's adoption of inconsistent claim construction arguments between its district court position and its Petition."  Paper 10, 11.  The Preliminary Response provides:

---

[1] Our Decision discusses the relevant technology, the challenged claims, the asserted grounds, and provides background regarding the dispute between the parties.  We therefore only provide details with particular relevance to the Request.

2

> "Petitioner submits that no formal claim constructions are necessary…." Petition at 3. Despite this, Petitioner identified terms for construction in the district court. Recently, in district court, however, Petitioner has identified several terms in the '281 Patent for construction, including the terms "obtain[\ing] information of an unassigned resource unit via at least one of the bandwidth field of the HE-SIG-A and a subfield of HE-SIG-B of the received packet,"—which appear in both independent Claims 1 and 8. Petitioner contends that these terms are indefinite under 35 U.S.C. § 112. *See* Ex. 2015 at 1 (correspondence from Petitioner's trial counsel identifying indefiniteness position for the '281 Patent).

*Id*. at 10. Claims 1 and 8 of the '281 patent are the only two independent claims of the '281 patent. Patent Owner further states that "Petitioner has offered no explanation, in this *inter partes* review or in the district court litigation, why it has adopted inconsistent claim construction positions between the two proceedings." *Id*. at 11.

As indicated in the above quote from the Preliminary Response, Exhibit 2015 is an email from Petitioner's trial counsel relating to the district court litigation between the parties in which Petitioner is a defendant. Exhibit 2015 provides:

> [W]e identify the terms identified in Defendants PR 4-1 disclosure that Defendants contend should be found indefinite.
> . . . .
> 10,687,281
> "obtain[\ing] information of an unassigned resource unit via at least one of the bandwidth field of the HE-SIG-A and a subfield of HE-SIG-B of the received packet" (claims 1, 8)
> "predetermined index" (claims 2, 9)

Ex. 2015, 1.

On November 3, 2025, the Director of the Office issued a precedential decision in *Revvo Technologies, Inc. v. Cerebrum Sensor Technologies, Inc.*,

3

IPR2025-00988
Patent 10,687,281 B2

IPR2025-00632, Paper 20 (Nov. 3, 2025 ("*Revvo*")).[2]  *Revvo* provides that "when a petitioner takes alternative positions [on claim construction] before the Board and a district court, that petitioner should, at a minimum, explain why alternative positions are warranted." *Revvo* at 3–4.

On November 5, 2025, the Director of the Office issued an informative decision in *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00340, Paper 18 (Nov. 5, 2025) ("*Tesla*")).  *Tesla* provides that: "Allowing a petitioner to advance a claim construction before the Board when that petitioner has made inconsistent indefiniteness arguments in district court fails to further, but instead detracts from, the Office's goal of 'providing greater predictability and certainty in the patent system.'" *Id*. at 4 (citing *Revvo* at 4–5).  *Tesla* further provides that when a petitioner raises inconsistent invalidity challenges in two forums, "that petitioner is *required* to explain why those different positions are warranted." *Id*. at 3 (citing *Revvo* at 3–5).

Our Decision was based on our understanding that "Petitioner takes alternative positions on claim construction before the Board and a district court, but fails to explain why alternative positions are warranted." Decision 6.  "Therefore, in accordance with *Revvo* and *Tesla*, we den[ied] institution." *Id*.

---

[2] The *Revvo* and *Tesla* decisions are available on the PTAB's Precedential and informative decisions page on the USPTO's website.  A link to this page is available here:
https://www.uspto.gov/patents/ptab/precedential-informative-decisions?utm_campaign=subscriptioncenter&utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=

IPR2025-00988
Patent 10,687,281 B2

## IV. ANALYSIS

Petitioner requests rehearing of our Decision denying institution based on Petitioner taking inconsistent claim construction positions in this proceeding and in district court. Specifically, Petitioner argues:

> [T]he Board misapprehended Petitioner's district court claim construction positions. In district court, Petitioner has unequivocally and irrevocably contended that no terms of U.S. Patent No. 10,687,281 ("the '281 Patent") are indefinite or require construction. With this position, Petitioner's PTAB and district court claim constructions are perfectly aligned and, in fact, identical. Because Petitioner's PTAB and district court claim constructions are consistent, the Board's institution decision rested on misapprehension of an inconsistency that does not exist.
>
> The Board also overlooked or misapprehended the preliminary nature of the evidence it relied upon in finding inconsistency. In reaching its decision, the Board did not review any claim construction filing made in district court. Instead, the Board based its decision exclusively on an email exchange between counsel related to "Defendants' P.R. 4-1 Exchange of Proposed Terms." Ex. 2015. The P.R. 4-1 deadline is merely a deadline to "Exchange Proposed Claim *Terms*" and comes before even the P.R. 4-2 deadline to "Exchange *Preliminary* Claim Constructions." Ex. 2001, 5. Without doubt, the evidence relied on in the institution decision was not Petitioner's final position on claim construction; it came before preliminary claim constructions were even exchanged and did not have any explanation of why any claim term should be construed in any particular way. By denying institution based on preliminary—and ultimately, premature—evidence, the Board failed to consider Petitioner's position on claim construction, overlooking or misapprehending the preliminary nature of the evidence on which it relied.
>
> . . . .
>
> In the co-pending district court litigation, Petitioner filed its opening claim construction brief on November 18, 2025. In that brief, Petitioner, unequivocally and irrevocably, took the

5

IPR2025-00988
Patent 10,687,281 B2

> position that no constructions were necessary for the '281
> Patent. Petitioner did not argue indefiniteness for any term.
> Nor did Petitioner argue that any term required construction.
> For these reasons, Petitioner's claim construction position in
> district court is identical to its claim construction position here.
> Paper 2 (Petition), 3. To avoid any doubt, Petitioner stipulates
> that it will not argue indefiniteness for any term of the '281
> Patent and will not pursue any formal constructions for the '281
> Patent in co-pending litigation. Thus, Petitioner's claim
> construction positions before the district court and the PTAB
> are identical.

Request 1–2, 4–5 (footnote omitted). It appears that we did misapprehend Petitioner's claim construction position in district court. In reliance upon Petitioner's representation that it has not, and will not, argue for inconsistent claim construction in district court, we determine that it is appropriate for us to grant the Request and vacate our Decision denying institution.

We will consider the merits of the Petition and the counter arguments of the Patent Owner in the Preliminary Response and issue a decision on whether to grant institution on the merits in due course.

## V.   ORDER

For the foregoing reasons, it is

ORDERED that the Petitioner's Request for Rehearing (Paper 13) is granted;

FURTHER ORDERED that the Decision Denying Institution of *Inter Partes* Review (Paper 12) is vacated; and

FURTHER ORDERED that a decision on whether to institute *inter partes* review will be entered in due course.

6

IPR2025-00988
Patent 10,687,281 B2

FOR PETITIONER:

W. Karl Renner
Jeremy Monaldo
Jennifer Huang
FISH & RICHARDSON P.C.
axf-ptab@fr.com
jjm@fr.com
jjh@fr.com

FOR PATENT OWNER:

Reza Mirzaie
Neil Rubin
Philip Wang
RUSS AUGUST & KABAT
rmirzaie@raklaw.com
nrubin@raklaw.com
pwang@raklaw.com