**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>         Plaintiff,<br><br>v.<br><br>HP INC.<br><br>         Defendant. | Civil Case No. 2:24-cv-00752-JRG<br>[Lead Case]<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>         Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>         Defendants. | Civil Case No. 2:24-cv-00746-JRG<br>[Member Case]<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>         Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>         Defendants. | Civil Case No. 2:24-cv-00765-JRG<br>[Member Case]<br><br>**JURY TRIAL DEMANDED** |

**PUBLIC VERSION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>       Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br>       Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>       Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br>       Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO DISMISS**
**FOR LACK OF STATUTORY STANDING UNDER 35 U.S.C. § 281**

**PUBLIC VERSION**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................... iii

I.    FACTUAL BACKGROUND ......................................................................................... 1

    A.    The Asserted Patents Were Initially Assigned to Wilus and SKT........................ 1

    B.    October 2, 2014: Patent Sharing Agreement ....................................................... 1

    C.    August 31, 2020: First Amendment to the Patent Sharing
        Agreement............................................................................................................. 2

    D.    November 1, 2022: Second Amendment to the Patent Sharing
        Agreement............................................................................................................. 2

    E.    June 20, 2024: Assignment of Patents ................................................................. 3

    F.    September 2024: Wilus Accuses Samsung of Patent Infringement....................... 3

    G.    November 7, 2025: Third Amendment to the Patent Sharing
        Agreement............................................................................................................. 3

    H.    December 10, 2025: Dr. Kwak Testified that (1) Wilus Provided
        No Consideration for SKT's Assignment, (2) Wilus Owes SKT
        Royalties Generated by the Asserted Patents, and (3) the Patent
        Sharing Agreement and Amendments Thereto Remain in Effect ......................... 4

    I.    December 22, 2025: Wilus Recognizes Its Statutory Standing
       Problem................................................................................................................. 4

    J.    January 9, 2026: Rescission of Third Amended Patent Sharing
        Agreement and Fourth Amended Patent Sharing Agreement................................ 5

II.   LEGAL STANDARD ..................................................................................................... 5

    A.    35 U.S.C. § 281.................................................................................................... 5

    B.    Joinder.................................................................................................................. 6

III.  ARGUMENT .................................................................................................................. 7

    A.    The Assignment is Invalid and SKT Retained Rights to the
        Asserted Patents When Wilus Filed Suit .............................................................. 7

        1.    The Assignment Is Invalid ....................................................................... 7

        2.    Under the Second Amendment, SKT Retained Substantial
            Rights in the Asserted Patents................................................................. 10

**PUBLIC VERSION**

a.      Wilus Does Not Own All Substantial Rights in the SKT Exclusive License Patents ......................................... 10

b.      Wilus Does Not Own All Substantial Rights in the Wilus Exclusive License Patents ...................................... 13

3.      Wilus Cannot Cure Its Statutory Standing Defect With a *Nunc Pro Tunc* Assignment ........................................................ 14

B.      The Court Must Dismiss The Samsung Member Cases ........................................ 14

IV.      CONCLUSION ................................................................................................... 15

PUBLIC VERSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
 626 F.3d 1213 (Fed. Cir. 2010) .............................................................................................. 15

*Abbott Labs v. Diamedix Corp.*,
 47 F.3d 1128 (Fed. Cir. 1995) ............................................................................................. 6, 13

*Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*,
 604 F.3d 1354 (Fed. Cir. 2010) ............................................................................................... 5

*Alps S., LLC v. Ohio Willow Wood Co.*,
 787 F.3d 1379 (Fed. Cir. 2015) ............................................................................................. 14

*Audubon Indem. Co. v. Custom Site-Prep, Inc.*,
 358 S.W.3d 309 (Tex. App. 2011) ........................................................................................... 9

*Azure Networks, LLC v. CSR PLC*,
 771 F.3d 1336 (Fed. Cir. 2014) ............................................................................................... 6

*Copeland v. Alsobrook*,
 3 S.W.3d 598 (Tex. App. 1999) ............................................................................................... 9

*Credit Sage LLC v. Credit Wellness LLC*,
 No. 1:23-CV-110-SWS, 2024 WL 99474 (D. Wyo. Jan. 9, 2024) ......................................... 15

*Gensetix, Inc. v. Baylor College of Medicine*,
 354 F. Supp. 3d 759 (S.D. Tex. 2018) ................................................................................... 14

*Intellectual Tech LLC v. Zebra Techs. Corp.*,
 101 F.4th 807 (Fed. Cir. 2024) ............................................................................................... 6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
 925 F.3d 1225 (Fed. Cir. 2019) ...................................................................................... *passim*

*Master Woodcraft Cabinetry, LLC v. Hernandez Consulting, Inc.*,
 No. 2:22-cv-00098-JRG, 2023 WL 416277 (E.D. Tex. Jan. 25, 2023) ..................................... 8

*Mobile Equity Corp. v. Walmart Inc.*,
 No. 2:21-cv-00126-JRG-RSP, 2022 WL 4112237 (E.D. Tex. Aug. 23, 2022) ......................... 9

*Propat Intern. Corp. v. Rpost, Inc.*,
 473 F.3d 1187 (Fed. Cir. 2007) ............................................................................................. 13

**PUBLIC VERSION**

*Ridge Corp. v. Kirk National Lease Co.*,
   No. 2024-1138, 2024 WL 3617130 (Fed. Cir. Aug. 1, 2024) ................................................14

*US Foam, Inc. v. On Site Gas Sys., Inc.*,
   No. 2:07-cv-466-TJW, 2010 WL 150170 (E.D. Tex. Jan. 13, 2010) ......................................14

**Statutes**

35 U.S.C. § 100(d) ......................................................................................................................5

35 U.S.C. § 281 ...............................................................................................................1, 5, 14

**Other Authorities**

FED. R. CIV. PRO. 19 ...........................................................................................................6, 7, 15

**PUBLIC VERSION**

████████

### TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | U.S. Patent No. 10,313,077 Assignment (Application No. 15/854,662) |
| 2 | U.S. Patent No. 10,687,281 Assignment (Application No. 16/016,520) |
| 3 | U.S. Patent No. 11,470,595 Assignment (Application No. 16/868,525) |
| 4 | U.S. Patent No. 11,159,210 Assignment (Application No. 16/731,031) |
| 5 | U.S. Patent No. 11,129,163 Assignment (Application No. 16/121,546) |
| 6 | U.S. Patent No. 11,700,597 Assignment (Application No. 17/227,289) |
| 7 | U.S. Patent No. 11,116,035 Assignment (Application No. 16/294,883) |
| 8 | U.S. Patent No. 11,516,879 Assignment (Application No. 17/383,479) |
| 9 | Patent Sharing Agreement between SK Telecom Co. and Wilus Inc. dated October 2, 2014 (SAMSUNG_WILUS_00192647-656 (Translation of WILUS_0021821-827)) |
| 10 | Amendment to Patent Sharing Agreement between SK Telecom Co., Ltd. and Wilus Inc. dated August 31, 2020 (SAMSUNG_WILUS_00192657-662 (Translation of WILUS_0025087-090)) |
| 11 | Second Amendment to Patent Sharing Agreement between SK Telecom Co., Ltd. and Wilus Inc. dated November 1, 2022 (SAMSUNG_WILUS_00192663-669 (Translation of WILUS_0025233-237)) |
| 12 | Assignment of Patents between SK Telecom Co., Ltd. and Wilus Institute of Standards and Technology, Inc. dated May 27, 2024 (WILUS_0025432-436) |
| 13 | Third Amended Agreement of the Patent Sharing Agreement between SK Telecom Co., Ltd. and Wilus Inc. dated November 7, 2025 (SAMSUNG_WILUS_00193809-816 (Translation of WILUS_014796-974)) |
| 14 | Deposition of Jin Sam Kwak, Ph.D. taken December 10, 2025 [Excerpted] |
| 15 | Defendants' First 30(b)(6) Notice of Deposition of Plaintiff Wilus Institute of Standards and Technology, Inc. dated August 1, 2025 [Excerpted] |
| 16 | Plaintiff Wilus Institute of Standards and Technology, Inc.'s Fourth Supplemental Objections and Responses to Defendants' First Set of Common Interrogatories (No. 1-13) dated December 22, 2025 [Excerpted] |
| 17 | Recission of Third Amended Patent Sharing Agreement and Fourth Amended Patent Sharing Agreement between SK Telecom Co. Ltd. and Wilus Inc. dated January 6, 2026 (WILUS_0149623-627) |
| 18 | Samsung Notice of Subpoena to SK Telecom Americas dated August 26, 2025 [Excerpted] |
| 19 | Proof of service of Subpoena to SK Telecom Americas dated August 28, 2025 |
| 20 | SK Telecom Americas, Inc. Response to Subpoena, dated September 9, 2025 |

**PUBLIC VERSION**

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '077 patent | U.S. Patent No. 10,313,077 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| Asserted Patents | '077, '281, '595, '210, '163, '597, '035, and '879 patents |
| Assignment | Assignment of Patents (WILUS_0025432) |
| First Amendment | Amendment to Patent Sharing Agreement (SAMSUNG_WILUS_00192657) |
| Fourth Amendment | Rescission of Third Amended Patent Sharing Agreement and Fourth Amended Patent Sharing Agreement (WILUS_0149623) |
| Patent Sharing Agreement | Patent Sharing Agreement (SAMSUNG_WILUS_00192647) |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Samsung Member Cases | Member Case Nos. 2:24-cv-00746-JRG and 2:24-cv-00765-JRG |
| Second Amendment | Amendment (2nd) to Patent Sharing Agreement (SAMSUNG_WILUS_00192663) |
| SKT | SK Telecom Co. |
| Third Amendment | Third Amended Agreement of the Patent Sharing Agreement (SAMSUNG_WILUS_00193809) |
| Wilus | Wilus Institute of Standards and Technology Inc. |

\* All emphasis in this brief is added, unless otherwise indicated.

**PUBLIC VERSION**

Wilus did not own all substantial rights in the Asserted Patents when it filed suit against Samsung.  Rather, Wilus and SKT co-owned the Asserted Patents and divided their rights in accordance with a Patent Sharing Agreement and several amendments thereto.  While Wilus and SKT executed a patent assignment agreement purporting to transfer SKT's interests in the Asserted Patents to Wilus shortly before Wilus filed the Samsung Member Cases, the Assignment is invalid because Wilus did not give ***any*** consideration and Wilus and SKT acted for years as though the Assignment did not exist.  Accordingly, the existing Patent Sharing Agreement and the First and Second Amendments thereto controlled when Wilus filed suit, and Wilus was not a "patentee" under 35 U.S.C. § 281.  Moreover, SKT, a foreign company with no U.S. presence, is not subject to service of process and therefore cannot be joined under Rule 19(a).  Because joinder is not feasible, the Court must dismiss the Samsung Member Cases.[1]

## I.    FACTUAL BACKGROUND

### A.    The Asserted Patents Were Initially Assigned to Wilus and SKT

The Asserted Patents all name two co-assignees: Wilus and SKT.  Wilus and SKT recorded assignments naming them co-owners for each Asserted Patent with the USPTO.  Exs. 1-8.

### B.    October 2, 2014: Patent Sharing Agreement

Before filing any application that led to an Asserted Patent, Wilus and SKT executed a Patent Sharing Agreement. Ex. 9.  This Patent Sharing Agreement " ███████████████████ ████████████████████████████████████████████████ certain enumerated patents.  *Id*. § 1.   Accordingly, the Patent Sharing Agreement ████████ ████████████████████████████████████████████ ███████████   *See, e.g.*, *id.* §§ 3–7, 12.

---

[1] The Samsung Member Cases should be dismissed.  However, if the Court determines that joinder is feasible, then SKT must be joined as a co-plaintiff—involuntarily if necessary.

1

███████████████████████████████████████████

### C.    August 31, 2020: First Amendment to the Patent Sharing Agreement

Several years later, Wilus and SKT executed the First Amendment, which replaced █████

███████████████████████████████████████████████████████████

████████████████████████████████████" the First Amendment.  Ex. 10 §

1(1).  Notably, the First Amendment redefined ████████████████████████████████

███████████████████████████████████████████████████████████

█████████.  *Id.* § 3(1).

### D.    November 1, 2022: Second Amendment to the Patent Sharing Agreement

Approximately two years later, Wilus and SKT agreed upon a Second Amendment.  Ex.

11.  Like the First Amendment, the Second Amendment provides that it "████████████████

████████████████████████████" *Id.* § 1(1).  ████████████

███████████████████████████████████████████████████████████

████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████

*Id.* § 3(1).  ████████████████████████████████████

| | |
|---|---|
| ████████████ | ███████████████████ |



PUBLIC VERSION

*Id.* Attachments 1, 2.[2]  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* § 3(5).

**E.    June 20, 2024: Assignment of Patents**

Within two years of executing the Second Amendment, Wilus and SKT agreed that SKT
would assign certain patents, including the Asserted Patents, to Wilus. Ex. 12. Specifically, Wilus
agreed to give "good and valuable consideration" for all of SKT's "right, title, interest to and under
the [patents included in Schedule A, which includes the Asserted Patents], . . . and all rights of
action, powers, and benefits arising from ownership of the PATENTS, . . . for [Wilus's] own use
and enjoyment . . . as fully and entirely as the same would have been held and enjoyed by [SKT]
if this ASSIGNMENT had not been made." *Id.* at 1.

**F.    September 2024: Wilus Accuses Samsung of Patent Infringement**

Approximately three months later, Wilus accused Samsung of infringing the Asserted
Patents in the Samsung Member Cases. Wilus accused Samsung of infringing the Asserted Patents
across the Samsung Member Cases as follows:

| Case No. 2:24-cv-00746-JRG | Case No. 2:24-cv-00765-JRG |
|---|---|
| '077, '281, '595, and '210 patents | '163, '597, '035, and '879 patents |

**G.    November 7, 2025: Third Amendment to the Patent Sharing Agreement**

While the Samsung Member Cases were pending, Wilus and SKT executed the Third
Amendment. As with the First Amendment and the Second Amendment, the Third Amendment

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[2] SKT Exclusive License Patents are color-coded red and Wilus Exclusive License Patents are
color-coded blue throughout this brief.

██████████████████████████████████████████

██████████████████████████████████████████.” Ex. 13 § 1(1).  Contrary

to the Assignment that purported to convey "████████████████████████████" to Wilus,

the Third Amendment ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████ *Compare id.* § 3(1) *with* Ex. 11 § 3(1).  Additionally, the Third

Amendment granted SKT ██████████████████████████████████████

███████████████████. Ex. 13 § 3(3)–(4).

### H.    December 10, 2025: Dr. Kwak Testified that (1) ████████████████
██████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████

Samsung deposed Wilus's CEO, Dr. Jin Sam Kwak, on December 10, 2025.  Ex. 14 at

9:11–12.  Wilus designated Dr. Kwak under Rule 30(b)(6) on topics related to ownership of the

Asserted Patents.  Ex. 15; Ex. 14 at 9:22–10:10.  ████████████████████████████

█████████. ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ ██████████████████████████████

██████████████████████████ *Id.* at 44:4–8.

### I.    December 22, 2025: Wilus Recognizes Its Statutory Standing Problem

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ █████████████ ████████████

4

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████    *Id.*

**J.    January 9, 2026: Rescission of Third Amended Patent Sharing Agreement
and Fourth Amended Patent Sharing Agreement**

After fact discovery closed, Wilus produced the Fourth Amendment, which provides "███

████████████████████████████████████████████████

████████████████████████████████████    Ex. 17 § 1.1.

## II.    LEGAL STANDARD

### A.    35 U.S.C. § 281

Only a "patentee" may bring a civil action for patent infringement.  35 U.S.C. § 281.  Title

35 defines a "patentee" as the party to whom the patent was issued and the successors in title to

the patentee, but it does not include mere licensees.  35 U.S.C. § 100(d).  "A patent owner may

transfer all substantial rights in the patents-in-suit, in which case the transfer is tantamount to an

assignment of those patents to the exclusive licensee," who may then maintain an infringement

suit in its own name.  *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354,

1358–59 (Fed. Cir. 2010).

The Court must consider a non-exhaustive list of rights when determining whether a

plaintiff has "all substantial rights" in a patent, including:

> (1) the nature and scope of the right to bring suit; (2) the exclusive right to make, use,
> and sell products or services under the patent; (3) the scope of the licensee's right to
> sublicense; (4) the reversionary rights to the licensor following termination or
> expiration of the license; (5) the right of the licensor to receive a portion of the
> proceeds from litigating or licensing the patent; (6) the duration of the license rights;
> (7) the ability of the licensor to supervise and control the licensee's activities; (8) the
> obligation of the licensor to continue paying maintenance fees; and (9) any limits on
> the licensee's right to assign its interests in the patent.

**PUBLIC VERSION**

*Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1343 (Fed. Cir. 2014).  The Federal Circuit "often focus[es] on two salient rights: enforcement and alienation."  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1231 (Fed. Cir. 2019).

However, if a plaintiff lacks all substantial rights, the issue "is curable by joinder." *Intellectual Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 814 (Fed. Cir. 2024).  Indeed, the Federal Circuit has held that a court must "join patentees along with licensees who otherwise have standing" under Rule 19, if possible.  *Id.* at 1237.

### B.    Joinder

Under Rule 19, a party

> who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.

FED. R. CIV. PRO. 19(a)(1)(B)(i).  "A necessary party who is subject to service of process and whose joinder will not otherwise destroy a court's subject-matter jurisdiction 'must be joined.'" *Lone Star*, 925 F.3d at 1236.  Where a non-party retains substantial rights in asserted patents, the non-party is "a necessary party to an infringement action."  *Abbott Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132 (Fed. Cir. 1995).

However, if joinder is not feasible, a court must determine whether the case should be dismissed.  FED. R. CIV. PRO. 19(b).  In doing so, the Court must consider the following factors:

> (1)  the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2)  the extent to which any prejudice could be lessened or avoided by:
>
>> (A)  protective provisions in the judgment;
>>
>> (B)  shaping the relief; or

(C)   other measures;

(3)  whether a judgment rendered in the person's absence would be adequate; and

(4)  whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

## III.    ARGUMENT

Wilus cannot maintain suit in its name alone because SKT retained substantial rights in the Asserted Patents when Wilus filed suit.  As explained herein, the Assignment is invalid and the operative agreement when Wilus filed suit was therefore the Second Amendment.  Under the Second Amendment, SKT retained co-ownership and substantial rights in all Asserted Patents.  Accordingly, Wilus lacked *all* substantial rights in the Asserted Patents.  Further, because SKT is not subject to service of process and cannot be joined under Rule 19(a), the Court must dismiss the Samsung Member Cases under Rule 19(b).

### A.    The Assignment is Invalid and SKT Retained Rights to the Asserted Patents When Wilus Filed Suit

"The relevant question here is whether [SKT's] rights, however retained or reacquired, include *any* substantial rights."  *Lone Star*, 925 F.3d at 1231.  As explained herein, SKT retained substantial rights to the Asserted Patents.  The Assignment is invalid for lack of consideration.  Therefore, when Wilus filed suit, (1) Wilus and SKT co-owned the Asserted Patents, and (2) the Second Amendment divided their rights.  Under the Second Amendment, SKT retained substantial rights, thereby depriving Wilus of *all* substantial rights in the Asserted Patents.

#### 1.      The Assignment Is Invalid

As a threshold issue, the Assignment is invalid because there was no consideration and Wilus's and SKT's course of conduct indicates the Assignment was a sham.  The Assignment expressly states that Wilus and SKT reached an agreement based upon "consideration of the good and valuable consideration received by" SKT from Wilus.  Ex. 12 at 1.  While the Assignment

**PUBLIC VERSION**



states that "the receipt and sufficiency [of the consideration] is hereby acknowledged," *id.*, ████

█████████████████████████████████████████████████. Ex. 14 at 165:16–22.

████████████████████████████████████████████████████████

██████████████████ *Id.* at 165:24–166:1.  Moreover, after Wilus filed suit, Wilus and SKT

entered the Third Amendment, which essentially granted SKT the same substantial rights in the

Asserted Patents that it purportedly gave away in the Assignment.  Ex. 13. ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 14 at

42:7–12, 40:4–8.[3]

     When a contract, such as the Assignment, fails to include a forum selection clause, this

"Court conducts a choice of law analysis pursuant to Section 188 of the Restatement (Second)."

*Master Woodcraft Cabinetry, LLC v. Hernandez Consulting, Inc.*, No. 2:22-cv-00098-JRG, 2023

WL 416277, at *8 (E.D. Tex. Jan. 25, 2023).  Under the Restatement (Second), either Texas or

Korean law should be used to interpret that Assignment.  Texas law may apply because the

Assignment was written in English, it was recorded with the USPTO, it concerns uniquely

American intellectual property rights, and those rights are being adjudicated by this Court in Texas.

On the other hand, Korean law may apply because the Assignment is between two Korean entities

with Korean places of business, Dr. Kwak signed the Assignment on Wilus's behalf and resides in

---

[3] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████ █████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████.

Korea, and the Assignment may have been negotiated in Korea. However, no matter which law applies, the result is the same: The Assignment is invalid.

First, the Assignment is invalid under Texas law. "[C]onsideration is a fundamental element of any valid contract." *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App. 1999). Texas law provides that "the existence of a written contract presumes consideration for its execution. Therefore, the party alleging lack of consideration has the burden of proof to rebut this presumption." *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 WL 4112237, at *3 (E.D. Tex. Aug. 23, 2022) (quoting *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App. 2010)). The Court "may consider parol evidence . . . to show want or failure of consideration, and to establish the real consideration given for an instrument." *Audubon Indem. Co. v. Custom Site-Prep, Inc.*, 358 S.W.3d 309, 316 (Tex. App. 2011) (citations and quotations omitted). ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 14 at 165:16-22. Even ignoring Wilus's and SKT's inconsistent course of conduct through executing the Second Amendment, Assignment, Third Amendment, and Fourth Amendment, the Assignment is invalid for lack of consideration alone.

Alternatively, if the Court determines that the Assignment is governed by Korean law, it is still invalid. As Samsung's Korean legal expert, the Honorable Sung-Joon Choi, explains, the Assignment is invalid because it is a "fictitious declaration of intention made in collusion." Choi Decl. ¶¶ 19–39. Wilus's and SKT's course of conduct indicates that SKT never intended to truly assign its rights to Wilus, as shown through the Third Amendment. And while Wilus and SKT attempted to rescind the Third Amendment with the Fourth Amendment, it only did so after recognizing its statutory standing issues in these cases. *Id*. Judge Choi further explains that,

**PUBLIC VERSION**

████████████████████████████████████████████

alternatively, the Assignment violates the Korean Trust Act and is therefore void. *Id.* ¶¶ 40–45. Under Korean law, the Assignment is invalid.

No matter which law applies, the Assignment is invalid. And because the Assignment is invalid, Wilus and SKT co-owned the Asserted Patents and the Second Amendment controlled Wilus's and SKT's division of rights to the Asserted Patents when Wilus filed suit.

>    **2.    Under the Second Amendment, SKT Retained Substantial Rights in the Asserted Patents**

Under the Second Amendment, Wilus does not own all substantial rights in all Asserted Patents. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████.

>    **a.    Wilus Does Not Own All Substantial Rights in the SKT Exclusive License Patents**

Considering the relevant factors—particularly enforcement; sublicensing; right to make, use, and sell; alienation; right to damages and royalties; maintenance fees; and patent portfolio decision-making—Wilus lacks all substantial rights in the SKT Exclusive License Patents.

*Enforcement*. ████████████████████████████████████████

████████████████████. Ex. 11. ████████████████████████

████████████████████████████████████████████

████████████████████████ *Id.* § 3(1). ████████████████████

████████████████████████████ (*Id.* at § 3(2)), this narrow grant does not give Wilus all substantial rights. Indeed, the subject transfer agreement in *Lone Star* provided that plaintiff "agreed to only assert the covered patents against 'Unlicensed Third Party Entit[ies]' specifically listed in the agreement." 925 F.3d 1225, 1227–28 (Fed. Cir. 2019). There, the Federal Circuit rejected plaintiff's argument "that restrictions on suing unlisted targets are irrelevant," and

**PUBLIC VERSION**

████████████████████████████████████████████████████████

the court held that "[t]he fact that [the third-party] may have transferred some rights, with respect to certain unlisted entities, does not mean it transferred all substantial rights in the full scope of the patent." *Id.* at 1232. The same reasoning applies here: ████████████████████████████

████████████████████████████████████████████████████████.

This strongly favors Wilus's lack of all substantial rights

**Sublicensing**. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████." Ex. 11 at § 3(1). Accordingly, there is no restriction

on SKT's right to sublicense, subject to § 3(2) of the Second Amendment. ████████████████

████████████████████████████████████████████████████████

████████████████████████████    ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████    *Id.* at 93:24–94:4, 97:12–19. Therefore, this factor also favors

finding that Wilus lacks all substantial rights, particularly because SKT is likely involved with

negotiations with Samsung through Sisvel with respect to the Asserted Patents *in these cases*.

**Right to Make, Use, and Sell.**  The Patent Sharing Agreement and all Amendments thereto

do not expressly state whether SKT has the exclusive right to make, use, and sell products that

practice the SKT Exclusive License Patents. However, SKT's enforcement and sublicensing rights

indicate that SKT retains the exclusive right to make, use, and sell products that practice the SKT

Exclusive License Patents, subject to the narrow exceptions discussed above, and a non-exclusive

license to Wilus.[4] Therefore, this factor favors finding that Wilus lacks all substantial rights.

---

[4] Notably, Wilus is a non-practicing entity.

**████████████████████████████████████████**

***Alienation***. **████████████████████████████████████████████████████**

**██████████████████████████████████████████████████████** Ex. 9 §

7(1).[5] As in *Lone Star*, SKT can "withhold its required consent and halt the sale" of any Asserted

Patent. *Lone Star*, 925 F.3d at 1232. This provision "ensures that [SKT] will always control how

the patents are asserted" and is "fundamentally inconsistent with a transfer of all substantial

rights." *Id*. at 1233. This factor also heavily favors a lack of all substantial rights.

***Right to Damages and Licensing Royalties***. **████████████████████████**

**████████████████████████████████████████████████████████████**

**████████████████████** " Ex. 9 § 4; *see also* Ex. 11 § 3(3)–(4) (**███████████████**

**████████████████████████████████████████████████████████████**

**████████████████████████████████████████████████████████████**

**████████████████**. **████████████████**, **████████████████████████████**

**████████████████████████████████████████████████████████████**

**████████████████████████████████████████████████████████████**

**████████████████████████████████████████████████████████████**

**████████** Ex. 11 § 3(5). **████████████████████████████████████████**

**████████████████████████████████████** . Ex. 14 at 42:7–12. SKT

therefore "retains a substantial share of the proceeds," which "is consistent with [SKT's] retaining

ownership rights in the patent, while allocating to [Wilus] the duty to provide [certain] licensing

---

[5] While the First Amendment and Second Amendment purport to "replace" Section 7 of the
Patent Sharing Agreement, the First Amendment and Second Amendment are silent as to
alienation. Accordingly, the Patent Sharing Agreement's provisions on alienation control. Exs.
10 § 1(2), 11 § 1(2).



and enforcement services." *Propat Intern. Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir.

2007).  This factor also favors a lack of all substantial rights.

> ***Maintenance Fees***.

." Ex. 9 §

6(7).  This factor thus favors SKT maintaining all substantial rights.

> ***Patent Portfolio Decision-Making Authority***.

." *Id*. § 6(3).  This

further indicates that SKT retained substantial rights in the SKT Exclusive License Patents.

Considering these factors, Wilus did not own all substantial rights in the SKT Exclusive

License Patents—which includes the **'595** and **'281** patents—when it filed suit.  Therefore, SKT

is a necessary party with respect to these patents in Case No. 2:24-cv-00746-JRG.

> **b.     Wilus Does Not Own All Substantial Rights in the Wilus
> Exclusive License Patents**

While not as egregious as the SKT Exclusive License Patents, Wilus also does not own all

substantial rights in the Wilus Exclusive License Patents.  SKT was still a co-owner of the Wilus

Exclusive License Patents and retained important and substantial rights.  Specifically, as explained

above in § III.A.2.a., SKT had (1) a non-exclusive license to the Wilus Exclusive License Patents,

(2) alienation rights, (3) rights to damages and licensing royalties, (4) to pay maintenance fees,

and (5) final decision-making authority with respect to the patent portfolio management of the

Wilus Exclusive License Patents.  *See Abbott Labs*, 47 F.3d at 1132.  Because SKT retained these

rights, Wilus did not own ***all*** substantial rights in the Wilus Exclusive License Patents—which

includes the '035, '879, '597, '163, '077, and '210 patents—when it filed suit.  Therefore, SKT is

a necessary party with respect to these patents in the Samsung Member Cases.

### 3.    Wilus Cannot Cure Its Statutory Standing Defect With a *Nunc Pro Tunc* Assignment

Wilus knows it has a problem.  Recognizing it does not own all substantial rights in the

Asserted Patents, Wilus and SKT entered the Fourth Amendment to "rescind" the Third

Amendment.  Ex. 17 § 1.1.  However, it is black letter law that a plaintiff cannot "cure a [statutory]

standing defect by executing a *nunc pro tunc* license agreement after filing a case."  *Alps S., LLC

v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1385 (Fed. Cir. 2015); *see also Ridge Corp. v. Kirk

National Lease Co.*, No. 2024-1138, 2024 WL 3617130, at *6 n.3 (Fed. Cir. Aug. 1, 2024) ("a

*nunc pro tunc* agreement cannot establish Ridge's status as a § 281 patentee.") (citations omitted).

It cannot enter an agreement post-suit to fix a defect that existed at the time of filing.  And in any

event, changes to the Third and Fourth Amendments fail to recognize Wilus's true problem: the

invalidity of the Assignment.

### B.    The Court Must Dismiss The Samsung Member Cases

Because Wilus does not own all substantial rights in the Asserted Patents and is not a

patentee under 35 U.S.C. § 281, SKT is a necessary party to the Samsung Member Cases.  *See

Gensetix, Inc. v. Baylor College of Medicine*, 354 F. Supp. 3d 759, 772 (S.D. Tex. 2018) ("Patent

owners who grant exclusive licenses and retain substantial rights in the patent are necessary parties

to infringement actions brought by their licensees.") *affirmed-in-part and reversed-in-part on

different grounds*, 966 F.3d 1316 (Fed. Cir. 2020).  However, SKT is a South Korean company

beyond the reach of process and may not be subject to personal jurisdiction in this District.  *See,

e.g.*, *US Foam, Inc. v. On Site Gas Sys., Inc.*, No. 2:07-cv-466-TJW, 2010 WL 150170, at *2 (E.D.

Tex. Jan. 13, 2010) (agreeing with the parties that a Japanese patent owner is "beyond the reach of

process"); *Credit Sage LLC v. Credit Wellness LLC*, No. 1:23-CV-110-SWS, 2024 WL 99474 at *16 (D. Wyo. Jan. 9, 2024) (requiring personal jurisdiction in Rule 19 analysis). Therefore, joinder is not feasible under Rule 19(a) and the Court must determine whether the Samsung Member Cases should be dismissed under Rule 19(b).[6]

Rule 19(b)'s factors lead to the conclusion that the Samsung Member Cases should be dismissed. If Samsung succeeds on its invalidity defenses, SKT's rights in the Asserted Patents would be extinguished without the opportunity to defend those rights. Therefore, a judgment of invalidity would be highly prejudicial to SKT and this prejudice could not be "lessened or avoided." *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1221 (Fed. Cir. 2010) (finding prejudice where "interests in the patents, although overlapping, are not identical"). Moreover, Wilus would have an adequate remedy if the action were dismissed without prejudice for nonjoinder because it could (1) refile with SKT as a co-plaintiff, or (2) obtain all substantial rights from SKT and refile. The Samsung Member Cases should be dismissed.

## IV.    CONCLUSION

The Court should find that SKT retained substantial rights in the Asserted Patents when Wilus filed suit and dismiss the Samsung cases.[7]

---

[6] If the Court finds that SKT is subject to service of process, it must be joined under Rule 19(a) because (1) SKT is a necessary party, and (2) joining SKT would not destroy subject matter jurisdiction. Even if SKT or Wilus resist joinder, SKT "must be joined—involuntarily if need be." *Lone Star*, 925 F.3d 1225 at 1238.

[7] If the Court joins SKT, Samsung intends to move to amend the Docket Control Order to provide additional time to seek discovery from SKT. Samsung subpoenaed SKT's U.S. subsidiary, SK Telecom Americas, Inc., in August and requested documents and testimony relevant to the Asserted Patents. Exs. 18-20. SK Telecom Americas, Inc., refused to (1) produce any documents, and (2) offer a witness on any deposition topic, purportedly because such documents and information were within the possession, custody, or control of SKT or a related entity. Ex. 20. Such discovery is critical to Samsung's defense in this case.

**PUBLIC VERSION**

Date:  January 30, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

16

**PUBLIC VERSION**

Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Email: melissa@gillamsmithlaw.com

Jon B. Hyland
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

**PUBLIC VERSION**

E-mail: jhyland@hilgerslaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 30, 2026.  As of this date, all counsel of record are being served with a copy of this document by electronic mail.

*/s/ Ralph A. Phillips*
Ralph A. Phillips