# EXHIBIT 20

Craig L. Sheldon, Esq.
364 Patteson Dr # 114
Morgantown, WV 26505
917-921-0843
craig@sklegal.com


September 9, 2025

Via Email – rphillips@fr.com
Ralph A. Phillips, Esq.
Fish & Richardson P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024

Re: Subpoenas to SK Telecom Americas, Inc. – Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al., Case No. 2:24-cv-00752-JRG-RSP (E.D. Tex.) and Related Actions

Dear Counsel:

On behalf of my client, SK Telecom Americas, Inc. ("**SKTA**"), I submit this written response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "***Document Subpoena***") and the Subpoena to Testify at a Deposition in a Civil Action (the "**Deposition Subpoena**") served on SKTA in the above-referenced matters. This response is provided in accordance with Federal Rule of Civil Procedure 45 and any applicable local rules.

General Objections

SKTA objects to each of the subpoenas to the extent they seek documents or information not within the possession, custody, or control of SKTA. Both subpoenas improperly seek to require SKTA to gather documents and testify regarding information that is within the possession, custody, or control of legally separate and distinct entities, specifically including: (1) SK Telecom Co., Ltd.; (2) SK Square Co., Ltd.; (3) any direct or indirect parent companies of SKTA; (4) any subsidiaries of SK Telecom Co., Ltd. or SK Square Co., Ltd.; (5) any affiliates of SKTA, SK Telecom Co., Ltd., or SK Square Co., Ltd.; (6) any divisions, predecessors, or successors of the foregoing entities; (7) any officers, directors, agents, representatives, employees, consultants, or attorneys of the foregoing entities; (8) any entities acting in joint venture or partnership relationships with the foregoing entities; and (9) all persons purporting to act on behalf of any of the foregoing entities. Information or documents that may be possessed by, or are in the custody or control of, any of the foregoing entities are not within SKTA's possession, custody, or control and thus cannot be produced by SKTA.

September 9, 2025
Page 2 of 4

SKTA further objects to the subpoenas to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. SKTA also objects to any requests that are vague, ambiguous, overly broad, unduly burdensome, or not proportional to the needs of the case, including but not limited to requests that are not reasonably described or that seek information not relevant to any party's claim or defense.

SKTA objects to the subpoenas as imposing an undue burden and expense given the extraordinarily broad scope of the requests, the expansive definitions that sweep in numerous unrelated entities, and the lack of reasonable time limitations. The definitions of "You," "Your," or "SKTA" improperly attempt to expand SKTA's obligations to include separate corporate entities over which SKTA has no control, creating an impossible compliance burden.

SKTA also objects to any implied or express instruction or direction in the subpoena requests that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

**Specific Responses to Requests for Production**

**REQUEST FOR PRODUCTION NO. 1**: SKTA objects to this request as overly broad, vague, and not proportional to the needs of the case. The request seeks "all documents" regarding patents without any temporal limitation and uses undefined terms such as "alleged inventions." Subject to and without waiving these objections, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**: SKTA objects to this request as seeking information not within SKTA's possession, custody, or control, as patent ownership records would typically be maintained by patent prosecution counsel or the patent owners themselves. Subject to and without waiving this objection, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**: SKTA objects to this request as overly broad, lacking temporal limitations, and seeking information not within SKTA's possession, custody, or control regarding third-party inventors. Subject to and without waiving these objections, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**: SKTA objects to this request to the extent it seeks documents regarding agreements between SK Telecom (a separate entity) and Wilus, as such documents would not be within SKTA's possession, custody, or control. Subject to and without waiving this objection, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

September 9, 2025
Page 3 of 4

**REQUEST FOR PRODUCTION NO. 5**: SKTA objects to this request to the extent it seeks documents regarding agreements between SK Telecom (a separate entity) and Sisvel, as such documents would not be within SKTA's possession, custody, or control. Subject to and without waiving this objection, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

**REQUESTS FOR PRODUCTION NOS. 6-8**: SKTA objects to these requests to the extent they seek attorney-client privileged communications and attorney work product. SKTA further objects to the extent these requests seek communications between separate that would not be within SKTA's possession, custody, or control. Subject to and without waiving these objections, following a reasonable search, SKTA states it has no responsive, non-privileged documents in its possession, custody, or control.

**REQUESTS FOR PRODUCTION NOS. 9-11**: SKTA objects to these requests as seeking information and documents not within SKTA's possession, custody, or control, as they relate to litigation decisions and technical standards development that would be within the knowledge and control of other entities. Request No. 11 is further objected to as overly broad and lacking reasonable temporal limitations. Subject to and without waiving these objections, following a reasonable search, SKTA states it has no responsive documents in its possession, custody, or control.

**Specific Responses to Deposition Topics**

**TOPICS NOS. 1-3**: SKTA objects to these topics as seeking testimony regarding matters not within SKTA's knowledge, as patent prosecution, ownership, and inventor information would be within the knowledge of other entities and their counsel.

**TOPICS NOS. 4-5**: SKTA objects to these topics to the extent they seek testimony regarding agreements between SK Telecom (a separate entity) and third parties, which would not be within SKTA's knowledge.

**TOPICS NOS. 6-8**: SKTA objects to these topics to the extent they seek testimony regarding attorney-client privileged communications and matters not within SKTA's knowledge concerning communications between separate entities and third parties.

**TOPICS NOS. 9-11**: SKTA objects to these topics as seeking testimony regarding litigation strategy, infringement allegations, and technical standards development that are not within SKTA's knowledge. Topic No. 12 regarding document authenticity is premature as no documents have been produced.

September 9, 2025
Page 4 of 4

Subject to and without waiving the foregoing objections, SKTA states that it does not possess knowledge sufficient to designate a corporate representative to testify as to any of the categories identified in the Deposition Subpoena.

**Reservation of Rights**

SKTA expressly reserves all rights to supplement, amend, or otherwise modify its responses and objections to the subpoenas at any time, and this response shall not be deemed a waiver of SKTA's right to seek cost reimbursement or other protections available under Federal Rule of Civil Procedure 45(d). Nothing in this response shall be deemed a waiver of any rights, objections, privileges, or defenses, all of which are expressly preserved.

Should you have any questions, please contact me at your convenience.

Very truly yours,

Craig Sheldon

Craig L. Sheldon