**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

## MOTION FOR EXPEDITED ENTRY OF A PARTIAL FINAL JUDGMENT AS TO INFRINGEMENT AND VALIDITY

Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus") respectfully moves the Court for expedited entry of a partial final judgment as to infringement and validity of United States Patent Nos. 10,313,077; 10,651,992; 11,128,421; 10,305,638; 10,820,233; 10,931,396; and 11,664,926 (collectively, "the Asserted Patents").

Defendants Askey Computer Corp. and Askey International Corp. (collectively, "Askey") have stipulated to infringement and validity of the Asserted Patents. Thus, no issues remain for trial that relate to either infringement or validity, and the only remaining issues left to be resolved are damages and remedies. Since infringement and validity are both fully resolved and there is no just reason for delay, the Court should proceed with entry of a partial final judgment.

## I.    BACKGROUND

In September 2024, Wilus filed suits against Askey for infringement of the Asserted Patents. In its Answers to the Complaints, Askey asserted several defenses, including invalidity. On December 12, 2025, Wilus and Askey ("the Parties") filed a stipulation stating the following:

    a)  Askey is no longer pursuing its non-infringement defense or its invalidity defense;

    b)  Wilus is no longer seeking any finding of willfulness against Askey;

    c)  Neither party will be proffering expert reports on infringement or validity; and,

    d)  Wilus will have no burden to present an infringement case at trial.

Dkt. 202. As a result of the Parties' stipulation, all issues relating to infringement and validity of the Asserted Patents have now been conclusively resolved. *See id.*

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that when an action involves multiple claims for relief, a court may direct entry of a final judgment as to one or more, but fewer than all, claims if it determines that there is no just reason for delay. Where, as here, liability has been

conclusively established and only damages and remedies remain to be decided, entry of a partial judgment is appropriate to promote judicial efficiency, clarify the posture of the case, and avoid unnecessary relitigating of resolved issues. *See, e.g., W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

## III. ARGUMENT

Entry of a partial final judgment as to liability is warranted. First, there are no disputed issues of material fact regarding either infringement or validity of the Asserted Patents. *See* Dkt. 202. As explained above, Askey has stipulated that it is not pursuing its non-infringement or invalidity defenses. *Id.* And the Parties have expressly stipulated that "Wilus will have no burden to present—and will not be presenting—an infringement case at trial." *Id.* Askey has also acknowledged that the requested judgment is consistent with the terms of the Parties' stipulation. Ex. A at 5 ("We do not think submitting a proposed judgment is necessary or appropriate, as the parties are bound by the terms of the confidential stipulation they submitted to the Court.").

Delaying entry of the partial judgment will serve no practical purpose. In fact, entry of the requested judgment will clarify the scope of the case going forward and will promote efficient resolution of the remaining issues. In addition, entry of the partial judgment will conserve judicial resources by narrowing the issues before the Court to only damages and remedies. Good cause exists for expedited entry of the requested judgment since the Parties have fully resolved liability, and the only remaining issues left to be adjudicated are separable.

## IV. CONCLUSION

Wilus respectfully requests that the Court enter a partial final judgment under Rule 54(b) that Askey infringes the Asserted Patents and that the Asserted Patents are not invalid. Wilus also requests that the Court direct expedited entry of the partial judgment pursuant to Rule 58.

Dated:  February 11, 2026

Respectfully submitted,

*/s/ Marc A. Fenster*

Marc A. Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email:  mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:
Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc.**

████████████████

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on this 11tht day of February 2026.

*/s/ Neil A. Rubin*

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Wilus has conferred with counsel for Defendants and the relief requested in this motion is opposed.

*/s/ Neil A. Rubin*

████████████████

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Neil A. Rubin*