# Exhibit Jong - 3

# Supreme Court Decision 2020Da250585 Dated May 9, 2024

## [Action for Injunction Against Copyright Infringement, etc.]

**Holdings**

The meaning of "the country in which protection is claimed" as defined in Article 5(2) of the Berne Convention for the Protection of Literary and Artistic Works, to which the Republic of Korea is a party / In cases involving foreign elements concerning copyright protection, whether the provision above takes precedence, thereby making the law of the country of protection (the law of the place of infringement) the applicable law (affirmative), and whether the applicable law determined according to the international private law of the forum applies to matters not excluded from application or directly regulated by the Convention regarding the applicable law (affirmative)

## Supreme Court

## Division 1

## Decision

| | |
|---|---|
| Case | 2020Da250585 Action for Injunction Against Copyright Infringement, etc. |
| Plaintiff, Appellant | Actoz Soft Co., Ltd. |
| | Legal Representative: Law Firm Bae, Kim & Lee LLC |
| | Attorneys handling the case: Han Seong Cha and seven others |
| Defendant, Appellee | Wemade Co., Ltd. (Formerly: Wemade Entertainment Co., Ltd.) |
| | Legal Representative: Law Firm SEJONG LLC |
| | Attorneys handling the case: Gyo Seon Park and seven others |
| Original Appellate Court Decision | Seoul High Court Decision 2019Na2013931 dated June 25, 2020 |
| Decision Announced | May 9, 2024 |

# Order

The portion of the original appellate court judgment finding that the Plaintiff has lost the case and is liable for KRW 5,929,329,806 and interest thereon at an annual rate of 5% from June 2, 2017 to June 25, 2020, and 15% per annum from the day following June 25, 2020, until full payment is made, as well as the portion related to the claims for cessation of infringement and indirect compulsory execution, are hereby reversed and these portions are remanded to the Seoul High Court.

# Reasoning

The grounds of appeal (with supplementary grounds for appeal to the Supreme Court submitted after expiration of the submission period for the appeal brief considered only to the extent that they supplement the grounds) shall be judged hereunder.

1. Case history and original appellate court decision

The reasons for the original appellate court decision and its records reveal the facts below.

Facts. On December 26, 2003, the Plaintiff filed a computer program injunction against the Defendant on the grounds that the Defendant's act of licensing the game work ("Game Work 1," omitted) to another company without the consent of the Plaintiff as co-author infringed the Plaintiff's copyright, and on April 29, 2004, a pretrial settlement was reached between the Plaintiff and the Defendant in the above case. The main provisions of the settlement are that Defendant will not seek to assign Plaintiff's interest in the Game Works ("Game Work 2," omitted) and ("Game Work 1," omitted) (collectively, the "Subject Respective Works") to Plaintiff, that Plaintiff and Defendant will substantially conduct their own business and prospect for customers with respect to the Subject Respective Works, and that Plaintiff and Defendant will share in the revenue generated by the Subject Respective Works in the proportions set forth in the subject trial settlement.

I. From around May 2016 to around March 2017, Defendant entered into license agreements with third parties, namely Korean companies and entities in the People's Republic of China ("Chinese Companies"), to allow Defendant to use the Subject Respective Works to produce animated films, cartoons, novels, or to develop mobile or web games. The license agreements entered into by Defendant with the Korean Companies were not specifically geographically limited, and the license agreements with the Chinese Companies were geographically limited to China or a part of China. While entering into the above-mentioned license agreements, the Defendant sent the agreements to the Plaintiff before and after the time of entering into the agreements, informed the Plaintiff of the circumstances and contents of the agreements, and contacted the Plaintiff with the purported intention of distributing

the license fee revenue. However, the Plaintiff did not agree to the Defendant's license agreement on the grounds, among others, that the Defendant did not inform the contracting party to whom the license would be granted, or that the Defendant's notice was merely an after-the-fact notice.

Meanwhile, the Defendant decided to split the Subject Respective Works business part and establish a nonparty company, drew up a plan of division that included the copyright of the Subject Respective Works in the "IP List to be Transferred," had it pass the resolution of the shareholders' meeting, and completed the registration of the division and the establishment of the nonparty company on May 23, 2017.

C. The Plaintiff alleged against the Defendant that, as a primary claim, the Defendant infringed the Plaintiff's right to consent under Article 48(1) of the *Copyright Act* by permitting a third party to use the Subject Respective Works in mobile game development, etc., without the Plaintiff's consent as a co-author of the Subject Respective Works. The Plaintiff further alleged that the Defendant participated in the infringement of the Plaintiff's copyright property rights, (the right to create derivative works), etc., by a third party in the form of aiding and abetting, and sought a cease-and-desist order against the infringement, indirect compulsory execution, and damages (KRW 35.6 billion as a partial claim), and as a preliminary claim, the Plaintiff sought distribution of the royalty income derived from the Defendant's licensing of the Subject Respective Works to third parties, specifically the amount corresponding to the Plaintiff's 50% share (KRW 35.6 billion as a partial claim).

D. The original appellate court dismissed the Plaintiff's primary claim and partially upheld the preliminary claim for the reasons below.

1) The governing law is the law of the Republic of Korea, as the primary claim is brought by the Plaintiff, a domestic corporation, against the Defendant, a domestic corporation, in relation to the attribution of copyright and the license of a joint work without the consent of the co-authors. Since the Plaintiff has prevented the establishment of an agreement in good faith with respect to the Defendant's exercise of its intellectual property rights, the Defendant's conduct cannot be considered as an act of copyright infringement against the Plaintiff under the latter part of Article 48(1) of the Copyright Act.

2) With respect to the preliminary claim, the Defendant is obliged to distribute to the Plaintiff a portion of the royalties received from third parties before the establishment of the spin-off of the nonparty company, the proportion of which is 20% as set by the trial settlement in this case.

2. Regarding the primary claim

A. Grounds for appeal regarding the governing law of joint infringement of intellectual property rights

1) The Plaintiff filed a claim against the Defendant for the suspension of the license to use the Subject Respective Works to third parties.

2) The part related to the Defendant's license of the Subject Respective Works to the Chinese Companies is: "The Defendant has jointly infringed the Plaintiff's intellectual property rights in China by allowing the Chinese Companies to use the Subject Respective Works in China. As this constitutes a legal relationship with foreign elements,

Source: lbox.kr/case/SupremeCourt/2021Da259258

the governing law to be applied to the legal relationship must be determined.

International treaties to which the Republic of Korea is a party generally take precedence over the civil or commercial code or private international law, and the governing law determined in accordance with the private international law of the forum shall apply to matters that the international treaty excludes or does not directly stipulate (see, e.g., Supreme Court Decision 2021Da269388 January 13, 2022). Article 5(2) of the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), an international treaty to which the Republic of Korea is a party, adopts the law of the country of protection by stipulating that "the scope of protection and the remedies for copyright shall be determined solely by the law of the country where protection is claimed," in which "the country where protection is claimed" means the country of infringement as the country where protection is claimed for infringing acts within its territory. Accordingly, in cases involving foreign elements of copyright protection, Article 5(2) of the Berne Convention shall apply first, and the law of the protected country (the law of the place of infringement) shall be the governing law, and the governing law determined in accordance with the private international law of the forum shall apply to matters where the Berne Convention excludes the application of the governing law or does not directly provide for the application of the governing law.

In light of the above legal principles and the records, both Republic of Korea and China are parties to the Berne Convention, and since the Plaintiff is claiming protection in China on the grounds that the Defendant aided and abetted "Chinese Companies' infringement of the Plaintiff's intellectual property rights in China," the governing law is the law of China, which is the law of the protected country (the law of the place of infringement) under Article 5(2) of the Berne Convention.

3) The part of the Plaintiff's primary claim related to the Defendant's license of the Subject Respective Works to domestic [Korean] companies is that 'the Defendant has jointly infringed the Plaintiff's intellectual property rights with domestic companies by allowing domestic companies to use the Subject Respective Works, and the area of use under the license is the entire world, including Korea, which may constitute a legal relationship with foreign elements, so the governing law should be determined according to which country the Plaintiff claims that infringement of its intellectual property rights has occurred due to the use of domestic companies and is seeking protection.

4) Nevertheless, the original appellate court determined the governing law for the protection of the Plaintiff's intellectual property rights to be the law of the Republic of Korea, without examining the country in which the infringement of the Plaintiff's intellectual property rights occurred and in which the Plaintiff was claiming protection,

and determined whether the obligations of cease-and-desist of infringement, indirect compulsory execution, and compensation for damages caused by the infringement of intellectual property rights were established accordingly. The original appellate court decision described above erred by misunderstanding the legal principles with respect to the applicable law of joint infringement of intellectual property rights and failing to fully conduct the required hearing, which affected the judgment. The Appellant's arguments on its reason for appeal have cause.

On another note, the records show that in this case, where the determination of the governing law is at issue, the Plaintiff seeks to suspend the Defendant's license to use the Subject Respective Works to third parties without limiting the geographical scope. Since there is a foreign element to copyright protection, and the protection state legal principles applies, it is necessary for a Plaintiff seeking copyright protection to clearly specify the place of infringement, such as by limiting the geographical scope of the licensing activity seeking cease-and-desist to the country of infringement in the purport of claim, and to conduct a hearing after determining the governing law based on this. Therefore, the original appellate court should consider this point after remand.

I. Remaining Grounds of Appeal

As we accept the Appellant's grounds of appeal that the original appellate court erred in misunderstanding the legal principles with respect to the applicable law in finding that the Defendant's acts did not constitute acts of joint infringement of intellectual property rights, we omit to contemplate the remaining grounds of appeal concerning the propriety or impropriety of the appellate court decision based on the premise of application of Korean law to this part of its decision.

3. Regarding the preliminary claim

As the appeal on the primary claim is accepted, the appeal on the preliminary claim is not necessary to be examined further, and the judgment thereof is omitted.

4. Conclusion

Although there are grounds for dismissal of the part of the original appellate court decision in favor of the Plaintiff, the Plaintiff has filed an appeal specifying only the part of the order as the cause of appeal, so the scope of dismissal is limited to the purported cause of appeal in this case.

Therefore, we vacate the order part of the original appellate court decision in favor of the Plaintiff and remand this part of the case to the original appellate court for a new trial hearing and decision, and by a unanimous opinion of the Supreme Court justices involved, we hereby rule as set out in the Order above.

**Justices Tae Ak Noh (Presiding Justice); Kyung Hwan Suh (Handling Justice); Seon Soo Kim; Kyung Mi Oh**

출처: lbox.kr/case/대법원/2020다250585

**대법원 2024. 5. 9. 선고 2020다250585 판결 [저작권침해정지등청구의소]**

**판시사항**

대한민국이 가입한 '문학적·예술적 저작물의 보호를 위한 베른협약'(Berne Convention for the Protection of Literary and Artistic Works) 제5조 제2항에서 정한 '보호가 주장되는 국가'의 의미 / 저작권 보호에 관한 외국적 요소가 있는 사건에서 위 조항이 우선 적용되어 그에 따라 보호국법(침해지법)이 준거법이 되는지 여부(적극) 및 위 협약이 준거법에 관하여 적용을 배제하거나 직접적으로 규정하고 있지 않은 사항에 대하여는 법정지의 국제사법에 따라 결정된 준거법이 적용되는지 여부(적극)

# 대 법 원

## 제 1 부

### 판 결

| | |
|---|---|
| 사건 | 2020다250585 저작권침해정지 등 청구의 소 |
| 원고,상고인 | 주식회사 액토즈소프트<br>소송대리인 법무법인(유한) 태평양<br>담당변호사 차한성 외 7인 |
| 피고,피상고인 | 주식회사 위메이드(변경전 상호: 주식회사 위메이드엔터테인먼트) 소송대리인 법무법인(유한) 세종<br>담당변호사 박교선 외 7인 |
| 원심판결 | 서울고등법원 2020. 6. 25. 선고 2019나2013931 판결 |
| 판결선고 | 2024. 5. 9. |

- 1 -

# 주        문

원심판결의 원고 패소부분 중 5,929,329,806원 및 이에 대한 2017. 6. 2.부터 2020. 6. 25.까지 연 5%의, 그 다음 날부터 다 갚는 날까지 연 15%의 각 비율로 계산한 돈의 지급 청구 부분, 침해정지 및 간접강제 청구 부분을 파기하고, 이 부분 사건을 서울고등법원에 환송한다.

# 이        유

상고이유(상고이유서 제출기간이 지난 후에 제출된 상고이유보충서의 기재는 상고이유를 보충하는 범위에서)를 판단한다.

1. 사건 경위와 원심 판단

원심판결 이유와 기록에 따르면 다음 사실을 알 수 있다.

가. 원고는 2003. 12. 26. 피고를 상대로 피고가 공동저작자인 원고의 동의 없이 다른 회사에 게임 저작물인 '(게임 저작물 1 생략)'에 대한 라이선스를 부여한 행위가 원고의 저작권을 침해한다는 등의 이유로 컴퓨터프로그램사용금지가처분을 신청하였고, 원고와 피고 사이에 위 사건에서 2004. 4. 29. 이 사건 재판상 화해가 성립하였다. 이 사건 재판상 화해의 주요 내용은, 피고가 원고에게 게임 저작물인 '(게임 저작물 2 생략)', '(게임 저작물 1 생략)'(이하 통틀어 '이 사건 각 저작물'이라 한다)에 관한 원고 공유지분의 양도를 구하지 않기로 하고, 이 사건 각 저작물과 관련하여 실질적으로 각자 영업을 하고 거래처를 발굴하며, 이 사건 각 저작물로 발생하는 매출에 관하여 이 사건 재판상 화해에서 정한 비율대로 원고와 피고의 수익을 분배하는 것 등이다.

나. 피고는 2016. 5.경부터 2017. 3.경까지 제3자인 국내 업체들 및 중화인민공화국의 법인들(이하 '중국 회사'라 한다)과 사이에, 피고가 이들로 하여금 이 사건 각 저작물을 이용하여 애니메이션 영화나 만화, 소설을 제작하거나 모바일 게임 또는 웹 게임 개발 등을 할 수 있도록 허락하는 내용의 이용허락계약을 체결하였다. 피고가 국내 업체들과 체결한 이용허락계약은 특별한 장소적 범위의 한정이 없이 이용 지역을 대한민국을 포함한 전 세계로 하였고, 중국 회사와 체결한 이용허락계약은 장소적 범위를 중국 또는 중국을 포함한 일부 지역으로 한정하였다. 피고는 위와 같이 이용허락계약을 체결하면서 그 체결 시기를 전후하여 원고에게 해당 계약서를 보내고 계약의 경위와 내용

을 알렸으며 사용료 수익을 배분하겠다는 취지의 연락을 하였다. 그러나 원고는 피고가 이용허락을 할 계약 상대방을 알려주지 않았다거나 피고의 통지가 사후통지에 불과하다는 등의 이유로 피고의 이용허락계약에 동의하지 않았다.

한편 피고는 이 사건 각 저작물 사업 부분을 분할하여 소외 회사를 설립하기로 하고, 이 사건 각 저작물에 관한 저작권을 '이전대상 IP 목록'에 포함한 분할계획서를 작성하여 주주총회 결의를 거친 후 2017. 5. 23. 분할등기와 소외 회사의 설립등기를 마쳤다.

다. 원고는 피고를 상대로, 주위적으로 피고가 이 사건 각 저작물의 공동저작자인 원고와의 합의 없이 제3자로 하여금 모바일 게임 개발 등에 이 사건 각 저작물을 이용할 수 있도록 허락함으로써 저작권법 제48조 제1항에 따른 원고의 합의권을 침해하였고, 원고의 저작재산권(2차적 저작물작성권) 등에 대한 제3자의 침해행위에 교사 또는 방조의 형태로 가담하였다고 주장하며 침해정지와 간접강제, 손해배상(일부청구로서 356억 원)을 청구하였고, 예비적으로 피고가 제3자에게 이 사건 각 저작물을 이용허락함에 따라 얻은 수익인 사용료 중 원고의 지분 비율 50%에 해당하는 금액(일부청구로서 356억 원)의 분배를 청구하였다.

라. 원심은 다음과 같은 이유로, 원고의 주위적 청구를 기각하고 예비적 청구를 일부 인용하였다.

1) 주위적 청구는 원고와 피고의 저작권 귀속과 공동저작자 사이의 동의 없는 공동저작물의 이용허락과 관련하여 국내 법인인 원고가 국내 법인인 피고를 상대로 하는 것이므로 준거법은 대한민국의 법이다. 원고는 피고의 저작재산권 행사와 관련하여 신의에 반하여 합의의 성립을 방해하였으므로 저작권법 제48조 제1항 후문에 따라 피고의 행위를 원고에 대한 저작권 침해행위로 볼 수 없다.

2) 예비적 청구와 관련하여 피고는 소외 회사의 분할 설립 전에 제3자로부터 지급받은 사용료 중 일부를 원고에게 분배할 의무가 있고, 그 분배 비율은 이 사건 재판상 화해에서 정한 20%이다.

2. 주위적 청구에 관하여

가. 저작재산권 공동침해행위의 준거법에 관한 상고이유

1) 원고는 피고를 상대로 제3자에 대한 이 사건 각 저작물 이용허락 행위의 정지 등을 주위적으로 청구하였다.

2) 그중 피고의 중국 회사에 대한 이 사건 각 저작물의 이용허락과 관련된 부분은 '피고가 중국 회사로 하여금 중국에서 이 사건 각 저작물을 이용하도록 함으로써 중국 회사와 공동으로 원고의 중

- 3 -

출처: lbox.kr/case/대법원/2020다250585

국 내 저작재산권을 침해하는 행위를 하였다.'는 것이다. 이는 외국적 요소가 있는 법률관계에 해당하므로 그 법률관계에 적용될 준거법을 정하여야 한다.

대한민국이 가입한 국제조약은 일반적으로 민법이나 상법 또는 국제사법보다 우선적으로 적용되고, 국제조약이 적용을 배제하거나 직접적으로 규정하고 있지 않은 사항에 대하여는 법정지의 국제사법에 따라 결정된 준거법이 적용된다(대법원 2022. 1. 13. 선고 2021다269388 판결 등 참조). 대한민국이 가입한 국제조약인「문학적 예술적 저작물의 보호를 위한 베른협약」(Berne Convention for the Protection of Literary and Artistic Works, 이하 '베른협약'이라 한다) 제5조 제2항은 "저작권에 대한 보호의 범위와 구제의 방법은 오로지 보호가 주장되는 국가의 법률에 의한다."라고 규정하여 보호국법주의를 채택하였고, 여기서 말하는 '보호가 주장되는 국가'란 그 영토 내에서의 침해행위에 대하여 보호가 주장되는 국가로서 침해지 국가를 의미한다. 따라서 저작권 보호에 관한 외국적 요소가 있는 사건에서는 베른협약 제5조 제2항이 우선 적용되어 그에 따라 보호국법(침해지법)이 준거법이 되고, 베른협약이 준거법에 관하여 적용을 배제하거나 직접적으로 규정하고 있지 않은 사항에 대하여는 법정지의 국제사법에 따라 결정된 준거법이 적용된다.

위 법리와 기록에 비추어 살펴보면, 대한민국과 중국은 모두 베른협약의 가입국인데, 원고는 '중국 회사가 원고의 중국 내 저작재산권을 침해하는 행위'에 피고가 교사 또는 방조하여 그 저작재산권을 공동으로 침해하였다는 이유로 중국에서의 보호를 주장하고 있는 것이므로 준거법은 베른협약 제5조 제2항에 따라 보호국법(침해지법)인 중국의 법률이 된다.

3) 원고의 주위적 청구 중 피고의 국내 업체들에 대한 이 사건 각 저작물의 이용허락과 관련된 부분은 '피고가 국내 업체들로 하여금 이 사건 각 저작물을 이용하도록 함으로써 국내 업체들과 공동으로 원고의 저작재산권을 침해하는 행위를 하였다.'는 것이고, 그 이용허락에 따른 이용지역은 대한민국을 포함한 전 세계로서 외국적 요소가 있는 법률관계에 해당할 여지가 있으므로 원고가 국내 업체들의 이용행위로 어느 국가에서 자신의 저작재산권 침해가 발생하였다고 주장하며 그에 대한 보호를 구하고 있는 것인지에 따라 준거법을 정하여야 한다.

4) 그런데도 원심은 원고가 어느 국가에서 자신의 저작재산권 침해가 발생하여 그에 대한 보호를 주장하고 있는지에 관하여는 살피지 않은 채 피고의 이용허락 행위만을 대상으로 삼아 원고의 저작재

- 4 -

산권 보호에 관한 준거법을 모두 대한민국의 법으로 결정하고 그에 따라 저작재산권 침해를 원인으로 하는 침해정지, 간접강제, 손해배상의무의 성립 여부를 판단하였다. 위와 같은 원심의 판단에는 저작재산권 공동침해행위의 준거법에 관한 법리를 오해하여 필요한 심리를 다하지 아니함으로써 판결에 영향을 미친 잘못이 있다. 이를 지적하는 상고이유 주장은 이유 있다.

한편 기록에 비추어 보면, 준거법의 결정이 문제되는 이 사건에서 원고는 피고를 상대로 장소적 범위를 한정하지 않고 제3자에 대한 이 사건 각 저작물 이용허락 행위의 정지를 구하고 있는데, 저작권 보호에 관한 외국적 요소가 있어 보호국법주의가 적용되는 이상 저작권 보호를 구하는 원고로서는 청구취지 등에서 정지를 구하는 이용허락행위의 장소적 범위를 침해지 국가로 한정하는 등으로 침해지를 명확히 특정하고 이를 토대로 준거법이 결정된 후 심리가 이루어져야 할 필요가 있으므로, 파기환송 후 원심으로서는 이러한 점을 감안하여 심리하여야 할 것임을 덧붙여둔다.

나. 나머지 상고이유

피고의 행위가 저작재산권 공동침해행위에 해당하지 않는다는 원심 판단에 준거법에 관한 법리를 오해한 잘못이 있다는 상고이유를 받아들이므로, 대한민국 법의 적용을 전제로 한 이 부분 원심판결의 당부에 관한 나머지 상고이유에 대하여는 그 판단을 생략한다.

3. 예비적 청구에 관하여

주위적 청구에 관한 상고를 받아들이는 이상 예비적 청구에 관한 상고에 대하여는 나아가 살펴볼 필요가 없으므로 그 판단을 생략한다.

4. 결론

원심판결의 원고 패소부분에는 앞서 보았듯이 파기사유가 있지만, 원고는 그중 주문 기재 부분만을 상고취지로 명시하여 상고를 제기하였으므로, 파기범위는 이 사건 상고취지에 한정된다.

그러므로 원심판결의 원고 패소부분 중 주문 기재 부분을 파기하고, 이 부분 사건을 다시 심리 판단하도록 원심법원에 환송하기로 하여, 관여 대법관의 일치된 의견으로 주문과 같이 판결한다.

대법관 노태악(재판장) 서경환(주심) 김선수 오경미