# Exhibit Jong - 4

# Supreme Court Decision 2022Da243550 dated October 25, 2024 [Subrogation]

## Supreme Court

## Division 1

## Decision

| | |
|---|---|
| Case | 2022Da243550 Subrogation |
| Plaintiff, Appellant | Incorporated Association "A" <br> Legal Representative: Attorneys Seong Won Park, Hye Young Kim |
| Defendant, Appellee | Company "B" <br> Legal Representative: Law Firm Sejong LLC; <br> Attorneys handling the case: Dae Yong Baek, Han Gyeong Yoo |
| Original Trial Court Decision | Seoul Central District Court Decision 2020Na26422 dated May 11, 2022 |
| Decision Announced | October 25, 2024 |

## Order

The original trial court decision is overturned, and the case is remanded to the Seoul Central District Court.

## Reason

The grounds of appeal (with supplementary grounds for appeal to the Supreme Court submitted after expiration of the submission period for the appeal brief considered only to the extent that they supplement the grounds) are adjudicated.

1. Overview of the Matter

The reasons for the original trial court decision and the record reveal the following facts.

A. On July 17, 2015, the Defendant entered into an international commercial transportation services contract with the Defense Acquisition Program Administration (DAPA) of the Republic of Korea for the period from August 1, 2015 to July 31, 2018, and undertook the multimodal transportation of blank ammunition "D" 425ea. ("Subject Blank Ammunition"), an ordnance imported by the Republic of Korea from Company C ("Company C") in the United States.

B. On July 24, 2015, Plaintiff entered into an Open Cargo Policy contract ("Subject Insurance Contract") with the Republic of Korea for the carriage of the Subject Blank Ammunition, naming the Republic of Korea as the insured and the London Institute Cargo Clauses ICC (A) / ICC (Air), etc., as the security collateral terms. Article 19 of the London Institute Cargo Clauses (A) provides that "This insurance is subject to English law and practice."

C. From November 21, 2016 to May 10, 2017, Defendant, through Company E, a U.S. carrier, acquired the Subject Blank Ammunition from Party C, loaded it into containers, and transported it to a container yard at the Port of New York, the port of shipment, on three separate occasions, followed by sea transportation to the Port of Busan and domestic land transportation to Company F's Boeun factory in Boeun County of Chungbuk Province, as designated by the Republic of Korea.

D. In late January 2017, the Republic of Korea discovered that during the inspection process for the filling of the first and second batches of Subject Blank Ammunition, water had accumulated inside the plastic packaging of some blank ammunition and the first-layer coating (Red Primer) had discolored or peeled off (the "Subject Damage Incident").

On April 10, 2017, the Republic of Korea conducted an inspection to determine the cause of the Subject Damage Incident with the plaintiff and the defendant, and agreed that the responsible company would indemnify the defects according to the inspection results. On May 10, 2017 and May 18, 2017, the inspectors conducted the first inspection and confirmed that 114 of the first and second batches of the Subject Blank Ammunition had discoloration and peeling of the paint due to water immersion, and on September 20, 2017, the inspectors conducted a second inspection of 172 blank ammunition, excluding these 114 and four that had already been acquired, and further confirmed that 170 of them had discoloration and peeling of the paint due to water immersion.

E. The Republic of Korea selected a repair company to repaint the first and second batches of Subject Blank Ammunition from September 20, 2017 to February 26, 2018, at a cost of KRW 169,083,090 for 114 batches of the first batch and KRW 252,141,450 for 170 batches of the second batch, for a total of KRW 421,224,540.

The plaintiff recognized the Subject Damage Incident as an insured event under the Subject Insurance Contract and, at the request of the Republic of Korea, paid the repairer a total of KRW 421,224,540 in three payments from October 16, 2017 to April 12, 2018.

F. The Republic of Korea served the plaintiff with an April 12, 2018 Letter of Subrogation ("First Letter of Subrogation") and an April 30, 2021 Letter of Subrogation and Claim Assignment Documents ("Second Letter of Subrogation").

2. Determination on the Grounds for Appeal regarding British Marine Insurance Act insurer subrogation

In an insurance contract containing foreign elements, the legal relationship surrounding whether the insurer pays the insured under the insurance contract and acquires the insured's rights against third parties is governed by the governing law of the insurance contract, which is the legal relationship between the insured and the insurer [see Article 35, Paragraph 1 of the former *Act on International Private Law* (before it was amended in its entirety by Act No. 18670 of January 4, 2022; same hereunder].

According to the legal principles of the British Marine Insurance Act of 1906, in order for the insurer to subrogate the rights of the insured, such as the insured's right to claim damages against a third party, the insurer must, in principle, be authorized to sue in the name of the insured, and cannot exercise its rights in its own name without the right of action assigned to the insurer by the insured (Supreme Court Decision 2019Da256501 dated July 25, 2024).

The original trial court determined that, for the reasons stated in the judgment, under English law—the governing law of the Subject Insurance Contract applicable to the subrogation relationship between the insurer (Plaintiff) and the third party (Defendant)—the insurer cannot conduct litigation in its own name unless it has acquired by assignment the insured's right to sue.

Examining the reasons for original trial court decision in light of the foregoing legal principles and the records, the original trial court's conclusion is justified in finding that the plaintiff was not in a position to exercise the rights of the Republic of Korea against the defendant and thereby dismissing this part of the plaintiff's claim; in addition, contrary to the allegations in the Grounds for Appeal to the Supreme Court, there was no adding extraneous parties to litigation, nor missing opportunities for offensive and defensive measures, and the principle of lex fori (law of the forum) under the *Act on International Private* Law and the principles of adjustment or adaptation, the principle of good faith, and other legal doctrines were not misinterpreted, nor was the necessary examination neglected, such that there was no error affecting the decision.

3. Determination on Grounds for Appeal to the Supreme Court regarding claim assignment

A. Relevant legal principles

1) If the legal relationship governing the assignment of claims (obligations) between the assignor and the assignee of a debt has foreign elements, the law of the assignment agreement between the parties shall determine its formation and validity (see Articles 29(1), 34(1) of the former *Act on International Private Law*). If the legal relationship by which the Insurer assigns its rights to a third party from the insured has a foreign element, the formation and validity of the agreement shall be determined in accordance with the applicable law of the claim assignment agreement between the insurer and the insured. The legal relationship of claim assignment between the insurer and the insured is of a different legal nature from the legal relationship under which the insurer, having paid the claim, acquires the rights of the policyholder or the insured against the third party where the damage is caused by the act of the third party, and therefore the governing law of the two legal relationships does not necessarily coincide.

2) If there is a significant contradiction or ambiguity in the parties' arguments from a legal point of view, the court should actively exercise the right of elucidation and give the parties an opportunity to express their views, and if the court neglects to do so, it may be judged as having failed to fulfill its duty of allowing them to elucidate and state their opinions. This is especially true in cases involving material matters of law where the burden of proof of the required facts depends on the legal basis of the purport of the petition and the cause of action (see, e.g., Supreme Court Decision 2009D42765 dated November 12, 2009).

B. Whether a claim is assigned by way of a First Letter of Subrogation

For the same reasons as set out in its decision, the original trial court determined that the Republic of Korea did not assign its claims against the Respondent by issuing the First Letter of Subrogation to the plaintiff on April 12, 2018. When the reasons for the Original Trial Court's decision are examined in light of the relevant legal principles and the record, the Original Trial Court's conclusion is justified, and it did not err by misunderstanding the legal principles of assignment of credit rights, governing law and interpretation of expressions of intent, as alleged in the Grounds for Appeal to the Supreme Court, and by omitting to make any determinations that affected its decision.

C. Regarding the assignment of claims under the Second Letter of Subrogation

1) Facts recognized

According to the records, the following facts are recognized.

The Second Letter of Subrogation issued by the Republic of Korea to the plaintiff confirms that 'all assignments of indebtedness and rights of action, if any, required under applicable law have been made by the First Letter of Subrogation, and that if any further indication or supplement is required, such indication or supplement will be made by a Second Letter of Subrogation, and that the plaintiff is authorized to act on behalf of the Republic of Korea to the extent necessary to do so.

In its legal brief filed with the Second Letter of Subrogation as an exhibit in the original trial court on July 5, 2021, the plaintiff argued that 'the Republic of Korea has confirmed that all rights were transferred to the plaintiff by the April 30, 2021 Insurer Subrogation and that, if an assignment of rights was necessary, it was made by the First Letter of Subrogation' and that 'even under English law, a claim assignment has been made', and verbally stated that in its legal brief at the second hearing of the original trial court. In the legal brief submitted to the original trial court on September 23, 2021, the plaintiff argued that 'even if the First Letter of Subrogation is not a claim assignment, it is supplemented by the Second Letter of Subrogation to have the effect of a claim assignment, and since the plaintiff has the right to petition for the acquisition of subrogation in the complaint, notice of the claim assignment was given to the defendant by the complaint, and the right to give notice of the claim assignment was granted to the plaintiff by the Second Letter of Subrogation, the defendant cannot deny the plaintiff's status as a claim assignee.' and orally stated the same legal brief in the original trial court on the fourth day of pleadings.

2) Determination

Looking at these facts in light of the foregoing legal principles, it is unclear whether the plaintiff is asserting only the assignment of claims under the First Letter of Subrogation as a cause of action (petition), or whether it is asserting the assignment of claims under the Second Letter of Subrogation as a separate cause of action, and furthermore, whether it is asserting the existence and validity of the claim assignment agreement under any governing law. This is a material matter of law, as the requirements for the existence and effect of a claim assignment depend on the cause of action and its legal basis, and the original trial court should have actively exercised its right of elucidation, given the parties an opportunity to be heard, and clarified the ambiguity regarding the cause of action and its legal basis before making its decision.

Nevertheless, the original trial court only made a determination on the assignment of the claim regarding the First Letter of Subrogation in a situation where the cause of action was unclear. Because the original trial court decision is flawed by misunderstanding legal principles regarding the specification of the cause of action, [court's] failure to exercise the right of elucidation, and insufficient grounds [of decision], we dismiss this part of Plaintiff's Grounds for Appeal to the Supreme Court ex officio without further determination.

4.

We overturn the original trial court decision and remand the case to the original trial court for rehearing and determination, and thus by a unanimous opinion of the Supreme Court justices involved, we hereby rule as set out in the Order above.

**Justices Kyung Hwan Suh (Presiding Justice); Kyung Pil Noh (Handling Justice); Tae Ak Noh; Sook Hee Shin**

**대법원 2024. 10. 25. 선고 2022다243550 판결 [구상금]**

---

# 대 법 원

## 제 1 부

## 판 결

| | |
|---|---|
| 사건 | 2022다243550 구상금 |
| 원고,상고인 | 사단법인 A |
| | 소송대리인 변호사 박성원, 김혜영 |
| 피고,피상고인 | B 주식회사 |
| | 소송대리인 법무법인(유한) 세종 |
| | 담당변호사 백대용, 유한경 |
| 원심판결 | 서울중앙지방법원 2022. 5. 11. 선고 2020나26422 판결 |
| 판결선고 | 2024. 10. 25. |

## 주 문

원심판결을 파기하고, 사건을 서울중앙지방법원에 환송한다.

## 이 유

상고이유(상고이유서 제출기간이 지난 다음 제출된 상고이유보충서 등의 기재는 상고이유를 보충하는 범위에서)를 판단한다.

1. 사안의 개요

출처: lbox.kr/case/대법원/2022다243550

원심판결 이유와 기록에 따르면 다음과 같은 사실을 알 수 있다.

가. 피고는 2015. 7. 17. 대한민국 산하 방위사업청과 계약기간을 2015. 8. 1.부터 2018. 7. 31.까지로 하는 국제상업운송 용역계약을 체결하고, 대한민국이 미국 C사(이하 'C'라 한다)로부터 수입하는 군수물자인 D 공탄체 425개(이하 '이 사건 공탄체'라 한다)의 복합운송을 인수하였다.

나. 원고는 2015. 7. 24. 대한민국과 이 사건 공탄체 운송에 관하여 피보험자를 대한민국, 담보조건을 런던 보험자협회 신약관 ICC(A) / ICC(AIR) 등으로 하는 포괄적하보험계약(이하 '이 사건 보험계약'이라 한다)을 체결하였다. 런던 보험자협회 신약관 [Institute Cargo Clauses (A)] 제19조는 "이 보험은 영국의 법과 관습에 의한다(This insurance is subject to English law and practice)."라고 정하고 있다.

다. 피고는 2016. 11. 21.부터 2017. 5. 10.까지 미국 운송업체인 E회사를 통해 C로부터 이 사건 공탄체를 인수하여 컨테이너 적입작업을 마친 다음 3차례에 걸쳐 선적항인 뉴욕(New York)항의 컨테이너 야적장으로 운송하고 이후 부산항까지의 해상운송과 국내 육상운송을 거쳐 대한민국이 지정한 충북 보은의 주식회사 F 보은공장으로 운송하였다.

라. 대한민국은 2017. 1. 말경 이 사건 공탄체 1, 2차분 충진 작업을 위한 확인 과정에서 일부 공탄체의 비닐 포장 내부에 물이 고여 있고 1차 도장(Red Primer)이 변색되거나 박리되어 있는 현상을 발견하였다(이하 '이 사건 손상사고'라 한다).

대한민국은 2017. 4. 10. 원고와 피고 등 관련자들과 이 사건 손상사고의 발생원인 규명을 위한 검정을 실시하고, 검정결과에 따라 귀책업체는 하자 구상을 하기로 합의하였다. 검정인들은 2017. 5. 10. 및 같은 달 18일 제1차 검정을 실시하여 이 사건 공탄체 1, 2차분 중 114개에서 수침으로 인한 도장의 변색 및 박리 손상이 발생하였음을 확인하였고, 2017. 9. 20. 이 114개와 이미 인수가 완료된 4개를 제외한 172개의 공탄체에 대하여 제2차 검정을 실시하여 그중 170개에서 수침으로 인한 도장의 변색 및 박리 손상이 발생하였음을 추가로 확인하였다.

마. 대한민국은 수리업체를 선정하여 2017. 9. 20.부터 2018. 2. 26.까지 이 사건 공탄체 1, 2차분에 대한 재도장작업을 진행하였는데, 제1차 검정 결과분 114개에 대한 비용 169,083,090원, 제2차 검정 결과분 170개에 대한 비용 252,141,450원 합계 421,224,540원이 수리비용으로 발생하였다.

원고는 이 사건 손상사고를 이 사건 보험계약에 따른 보험사고로 인정하여, 대한민국의 요청에 따라 수리업체에 2017. 10. 16.부터 2018. 4. 12.까지 3차례에 걸쳐 합계 421,224,540원을 보험금으로 지급하였다.

바. 대한민국은 원고에게 2018. 4. 12. 대위증서(Letter of Subrogation)(이하 '제1차 대위증서'라 한다)를, 2021. 4. 30. 대위증서 및 채권양도서(이하 '제2차 대위증서'라 한다)를 각 교부하였다.

2. 영국 해상보험법상 보험자대위에 관한 상고이유에 대한 판단

외국적 요소가 있는 보험계약에서 보험자가 보험계약에 따라 피보험자에게 보험금을 지급하고 피보험자의 제3자에 대한 권리를 취득하는지 여부를 둘러싼 법률관계는 피보험자와 보험자 사이의 법률관계인 보험계약의 준거법에 따른다[구 국제사법(2022. 1. 4. 법률 제18670호로 전부개정되기 전의 것, 이하 같다) 제35조 제1항 참조].

영국 해상보험법(Marine Insurance Act 1906)의 법리에 따르면, 보험자가 소로써 피보험자의 제3자에 대한 손해배상청구권 등의 권리를 대위하기 위해서는 원칙적으로 피보험자의 이름으로 소를 제기할 권한을 부여받아 피보험자의 이름으로 소를 제기하여야 하고, 피보험자로부터 그의 권리를 양수하지 않은 채 자신의 이름으로 권리를 행사할 수 없다(대법원 2024. 7. 25. 선고 2019다256501 판결 참조).

원심은 판시와 같은 이유로, 보험자인 원고의 제3자인 피고에 대한 보험자대위 법률관계에 적용되는 이 사건 보험계약의 준거법인 영국법에 따르면 보험자는 피보험자의 소권을 양도받지 않는 한 보험자의 이름으로 소송을 수행할 수 없다고 판단하였다.

원심판결 이유를 앞서 본 법리와 기록에 비추어 살펴보면, 원고가 피고를 상대로 대한민국의 권리를 행사할 수 없다고 보아 원고의 이 부분 청구를 기각한 원심의 결론은 정당하고, 거기에 상고이유 주장과 같이 소송당사자 추가, 실기한 공격방어방법, 국제사법상 법정지법 원칙과 조정 내지 적응 원리, 신의성실 원칙 등에 관한 법리를 오해하고 필요한 심리를 다하지 않는 등으로 판결에 영향을 미친 잘못이 없다.

3. 채권양도에 관한 상고이유에 대한 판단

가. 관련 법리

출처: lbox.kr/case/대법원/2022다243550

1) 채권의 양도인과 양수인 사이의 채권양도에 관한 법률관계에 외국적 요소가 있는 경우에는 당사자 사이의 채권양도계약의 준거법에 따라 그 계약의 성립과 유효성을 판단한다(구 국제사법 제29조 제1항, 제34조 제1항 참조). 보험자가 피보험자로부터 그의 제3자에 대한 권리를 양수하는 법률관계에 외국적 요소가 있는 경우에는 보험자와 피보험자 사이의 채권양도계약의 준거법에 따라 그 계약의 성립과 유효성을 판단한다. 보험자와 피보험자 사이의 채권양도에 관한 법률관계는, 손해가 제3자의 행위로 인하여 발생한 경우에 보험금을 지급한 보험자가 제3자에 대한 보험계약자 또는 피보험자의 권리를 취득하는 법률관계와는 그 법적 성질을 달리하므로, 두 법률관계의 준거법이 반드시 일치하여야 하는 것은 아니다.

2) 당사자 주장이 법률적 관점에서 보아 현저한 모순이나 불명료한 부분이 있는 경우 법원은 적극적으로 석명권을 행사하여 당사자의 의견 진술의 기회를 주어야 하고, 이를 게을리한 경우에는 석명 또는 지적의무를 다하지 않은 것으로서 위법하다는 평가를 받을 수 있다. 청구취지나 청구원인의 법적 근거에 따라 요건사실에 대한 증명책임이 달라지는 중대한 법률적 사항에 해당되는 경우라면 더욱 그러하다(대법원 2009. 11. 12. 선고 2009다42765 판결 등 참조).

나. 제1차 대위증서에 의한 채권양도 여부에 관하여

원심은 판시와 같은 이유로, 대한민국이 2018. 4. 12. 원고에게 제1차 대위증서를 교부함으로써 대한민국이 피고에 대하여 가지는 손해배상청구권을 양도하였다고 보기 어렵다고 판단하였다. 원심판결 이유를 관련 법리와 기록에 비추어 살펴보면, 원심 결론은 정당하고, 거기에 상고이유 주장과 같이 채권적 권리 양도, 준거법과 의사표시 해석 등에 관한 법리를 오해하고 판단을 누락함으로써 판결에 영향을 미친 잘못이 없다.

다. 제2차 대위증서에 의한 채권양도 여부에 관하여

1) 인정된 사실관계

기록에 따르면 다음과 같은 사실을 알 수 있다.

대한민국이 원고에게 교부한 제2차 대위증서에는 '만일 관련법에 따라 필요한 채권 및 소권 양도가 있다면 이는 제1차 대위증서에 의해 모두 이루어진 것이며, 만일 추가적인 의사의 표시나 보완이 필요하다면 제2차 대위증서에 의해 그 표시나 보완이 이루어진다는 점과 이를 위해 필요한 범위에서 원고가 대한민국을 대리할 권한이 있다는 점을 확인합니다.'라는 취지로 기재되어 있다.

원고는 2021. 7. 5. 원심에 제2차 대위증서를 서증으로 제출하면서 함께 제출한 준비서면에서 '대한민국은 2021. 4. 30. 보험자대위에 의하여 모든 권리가 원고에게 이전되었고 권리의 양도가 필요하다면 그 양도가 제1차 대위증서에 의하여 이루어졌음을 확인하였다.', '영국법에 의하더라도 채권양도가 이루어졌다고 볼 수 있다.'는 취지로 주장하였고, 원심 제2회 변론기일에서 그 준비서면을 진술하였다. 원고는 2021. 9. 23. 원심에 제출한 준비서면에서 '제1차 대위증서가 채권양도가 아니라 하더라도 제2차 대위증서에 의해 채권양도의 효력을 가지는 것으로 보완되고 있을 뿐 아니라, 원고가 소장에서 (대위)취득을 청구권원으로 삼고 있으므로 소장에 의해 채권양도(취득)의 통지가 피고에게 이루어진 것이고, 제2차 대위증서에 의해 채권양도 통지권한이 원고에게 수여된 것이므로 피고는 원고의 채권양수인으로서의 지위를 부정할 수 없다.'는 취지로 주장하였고, 원심 제4회 변론기일에서 그 준비서면을 진술하였다.

2) 판단

이러한 사실관계를 앞서 본 법리에 비추어 살펴보면, 원고가 제1차 대위증서에 관한 채권양도만을 청구원인으로 주장하는 것인지, 그와 더불어 제2차 대위증서에 관한 채권양도를 별개의 청구원인으로 주장하는 것인지, 나아가 어떠한 준거법을 전제로 채권양도계약의 성립과 유효성을 주장하는 것인지 불분명하다. 이는 청구원인과 그 법적 근거에 따라 채권양도로서의 성립과 효력에 관한 요건이 달라지는 중대한 법률적 사항에 해당하므로, 원심으로서는 적극적으로 석명권을 행사하여 당사자에게 의견 진술 기회를 줌으로써 청구원인과 그 법적 근거에 관한 불분명을 바로 잡은 후 이를 기초로 판단하였어야 한다.

그럼에도 원심은 청구원인이 불분명한 상황에서 제1차 대위증서에 관한 채권양도에 대하여만 판단하였다. 이러한 원심판결에는 청구원인 특정에 관한 법리오해, 석명권불행사, 이유불비 등 잘못이 있으므로, 원고의 이 부분 상고이유 주장에 대하여 나아가 판단하지 않고 직권으로 이를 파기한다.

4. 결론

원심판결을 파기하고, 사건을 다시 심리·판단하도록 원심법원에 환송하기로 하여, 관여 대법관의 일치된 의견으로 주문과 같이 판결한다.

대법관 서경환(재판장) 노경필(주심) 노태악 신숙희