# Exhibit Jong - 5

Source: lbox.kr/case/SupremeCourt/2023Seu643

# Supreme Court Decision 2023Seu643 dated October 31, 2023 [Child Support]

## Holdings

[1] In the case of a matter with a foreign element, whether the court has an obligation to examine and investigate the international convention or governing law under the *Act on Private International Law* applicable to the legal relationship, even if there is no argument regarding governing law (affirmative)

[2] Where only one of the parents comes to raise a biological child, whether the custodian may claim reimbursement of past child support that it is reasonable to recognize the other party should share (affirmative) / Standard for determining the scope of sharing / Whether reimbursement of costs may be claimed for past child support incurred before confirmation of a parentage judgment, to the extent it is reasonable for the other party to bear (affirmative)

## Summary of Decision

[1] Foreign law as governing law applicable to legal relationships with foreign elements is law, not fact, and the court must investigate its specifics ex officio. Therefore, if a matter has foreign elements, even if there is no argument regarding governing law, the court has an obligation to actively exercise the right of elucidation to give parties an opportunity to state their opinions or submit necessary materials, and to examine and investigate the international convention or governing law under the *Act on Private International Law* applicable to the legal relationship.

[2] Parents have a joint responsibility to raise their children, and costs required for child-raising must in principle be jointly borne by the parents. This is an obligation arising from the inherent nature of the parent-child relationship, regardless of which parent exercises parental authority and which parent has custody rights and is actually raising the child. Where only one of the parents comes to raise a child due to certain circumstances, except in cases where there are special circumstances such as that the unilateral child-raising by one party originated from unilateral and selfish purposes or motives of the custodian, does not help the interests of the child, or it would be contrary to equity to impose the child support costs on the other party, the custodian may of course claim that the other party share an appropriate amount of current and future child support. Since parents' child support obligations arise simultaneously with the child's birth unless there are special circumstances, where it is recognized reasonable that the other party should share past child support costs, reimbursement of the costs may be claimed.

Source: lbox.kr/case/SupremeCourt/2023Seu643

However, if all past child support costs before one custodian claims child support are imposed on the other party, the other party would bear unexpectedly incurred child support costs all at once, which would be excessive and harsh and may be contrary to the principle of good faith or the principle of equity. In such cases, there is no need to necessarily determine it by the same standard as child support after a claim for performance. The scope of sharing recognized as appropriate may be determined considering various circumstances such as the circumstances under which one of the parents came to raise the child and the amount of costs required therefor, whether the other party was aware of support obligations and the timing thereof, whether it is ordinary living expenses required for child-raising or exceptionally and unavoidably incurred large special costs (treatment costs, etc.), and the parties' property circumstances, economic capacity, and equity of burden.

Article 860 of the *Civil Code* provides that "Affiliation shall be retrospectively effective from the time of birth of the child." Therefore, although legal support obligations are actualized by confirmation of a parentage judgment, since parents' legal support obligations take effect retroactively to the time of birth of the child when the judgment of parentage is confirmed, it should be deemed that the custodian may claim reimbursement of the costs for past child support incurred prior to the confirmation of parentage judgment, to the extent it is reasonable for the other party to bear.

## Supreme Court

## Decision

| | |
|---|---|
| Case | 2023Seu643 Child Support |
| Petitioner, Re-appellant | Petitioner (Legal Representative: Law Firm Jeongseong; Attorneys handling the case: Jong Yoon Yang and one other) |
| Respondent | Respondent |
| Subject of the Case | Subject of the case (minor child affected by this proceeding) |
| Original Trial Court Decision | Changwon District Court Decision 2022Beu10014 dated April 27, 2023 |

Source: lbox.kr/case/SupremeCourt/2023Seu643

# Order

The original trial court decision is reversed, and the case is remanded to the Changwon District Court.

# Reasoning

1. Ex officio decision

Before examining the grounds for appeal, we examine ex officio the governing law regarding support obligations.

A. Foreign law as governing law applicable to legal relationships with foreign elements is law, not fact, and the court must investigate its content ex officio (see Supreme Court Decision 89DaKa20252 dated April 10, 1990, Supreme Court Decision 2016Da222712 dated December 24, 2019, etc.). Therefore, if a matter has foreign elements, even if there is no argument regarding governing law, the court has an obligation to actively exercise the right of elucidation to give parties an opportunity to state their opinions or submit necessary materials, and to examine and investigate the international convention or governing law under the Act on Private International Law applicable to the legal relationship.

B. Article 73, Paragraph 1 of the *Act on Private International Law* provides that "Support obligations shall be governed by the law of the habitual residence of the person entitled to the support; provided, where the person entitled to the support cannot receive support from a person with support obligations under that law, the national law common to the parties shall govern." Also, Paragraph 4 of the Article provides that "Where both the person with support obligations and the person entitled to the support are nationals of the Republic of Korea, and where the habitual residence of the former is in the Republic of Korea, the law of the Republic of Korea shall govern." Article 3 of the Addenda to the *Act on Private International Law* provides that "The previous provisions shall apply to the law applicable to matters that occurred before this Act enters into force; provided, this Act shall apply only to the legal relationship that exists after this Act enters into force, with regard to the legal relationship that continues before and after this Act enters into force." Article 46 of the former *Act on Private International Law* (before being wholly amended by Act No. 18670 dated January 4, 2022, hereinafter "the former Act on Private International Law") provided identically to current Article 73 of the *Act on Private International Law* regarding governing law for support obligations examined above. Meanwhile, according to Article 3, Paragraphs 1 and 2 of the *Nationality Act*, a foreigner who is acknowledged by his or her father or mother who is a national of the Republic of Korea acquires the nationality of the Republic of Korea when notifying the Minister of Justice thereof.

C. According to the records, the petitioner, a national of the Philippines, is claiming past and future child support from the respondent, a national of the Republic of Korea, for the subject of the case born out of wedlock between them.

Source: lbox.kr/case/SupremeCourt/2023Seu643

The original trial court cited the claim for child support after confirmation of the parentage judgment, and dismissed the claim for child support prior to the time of confirmation. The two parties' arguments and the original trial court's decision are based on the premise that the *Civil Code* of the Republic of Korea applies.

However, according to the provisions of the *Act on Private International Law* examined above, support obligations are governed by the law of the habitual residence of the subject of the case who is the person entitled to support, and if support cannot be received thereunder, they are governed by the common national law (Article 73, Paragraph 1 of the *Act on Private International Law*, Article 46, Paragraph 1 of the former *Act on Private International Law*). Korean law applies only when both the respondent who is the person entitled to receive support and the subject of the case who is the person obligated to provide support are nationals of the Republic of Korea and the habitual residence of the respondent who is the support obligor is in the Republic of Korea. That is, Korean law applies only when the habitual residence of the subject of the case who is the person entitled to support is in the Republic of Korea, or when the subject of the case acquired the nationality of the Republic of Korea under the *Nationality Act*.

D. Nevertheless, the original trial court only determined the respondent's support obligations on the premise that Korean *Civil Code* naturally applies, without examining the governing law applicable to this case beforehand or investigating ex officio, and no materials indicating such can be found in the record. The original trial court's decision contains errors that violated the *Act on Private International Law* regarding governing law, which is a matter for ex officio investigation, and affected the decision.

2. Additional determination (determination on grounds of appeal)

Below, we examine the grounds for appeal on the premise that Korean law applies as governing law.

A. The following facts are recognized according to the records.

1) The petitioner became pregnant with the subject of the case (the minor child affected by this proceeding) while in a relationship with the respondent, gave birth in June 2017, and thereafter went to the Philippines and has been raising the subject of the case alone until now.

2) On July 23, 2018, the subject of the case filed a lawsuit for recognition against the respondent in Tongyeong Branch of Changwon District Court 2018DeuDan800. The court recognized the respondent as the biological parent of the subject of the case on February 14, 2020, and designated the petitioner as the person with parental authority and custodian of the subject of the case. The decision was confirmed on March 5, 2020 ("Subject Judgment of Parentage").

3) The petitioner is claiming past and future child support for the subject of the case from the respondent.

4) The respondent was aware of the fact that the petitioner gave birth to the subject of the case while living together with the petitioner in Korea.

B. For the reasons stated in its decision, the original trial court determined that even if the respondent is the father of the subject of the case, before confirmation of the Subject Judgment of Parentage, there can be no legal support obligations, and therefore the portion claiming past child support incurred prior to the Confirmed Judgment cannot be accepted

Source: lbox.kr/case/SupremeCourt/2023Seu643

C. Legal principles regarding Article 860 of the *Civil Code* and claims for past child support following recognition

1) Parents have a joint responsibility to raise their biological children, and costs required for child-raising must in principle be jointly borne by the parents. This is an obligation arising from the inherent nature of the parent-child relationship, regardless of which parent exercises parental authority and which parent has custody rights and is actually raising the child. Where only one of the parents comes to raise a child due to certain circumstances, except in cases where there are special circumstances such as that the unilateral child-raising by one party originated from unilateral and selfish purposes or motives of the custodian, does not help the interests of the child, or it would be contrary to equity to impose the child support costs on the other party, the custodian may of course claim that the other party share an appropriate amount of current and future child support. Since parents' child support obligations arise simultaneously with the child's birth unless there are special circumstances where it is recognized reasonable that the other party should share past child support costs, reimbursement of the costs may be claimed.

However, if all past child support costs before one custodian claims child support are imposed on the other party, the other party would bear unexpectedly incurred child support costs all at once, which would be excessive and harsh and may be contrary to the principle of good faith or the principle of equity. In such cases, there is no need to necessarily determine it by the same standard as child support after a claim for performance. The scope of sharing recognized as appropriate may be determined considering various circumstances such as the circumstances under which one of the parents came to raise the child and the amount of costs required therefor, whether the other party was aware of support obligations and the timing thereof, whether it is ordinary living expenses required for child-raising or exceptionally and unavoidably incurred large special costs (treatment costs, etc.), and the parties' property circumstances, economic capacity, and equity of burden (see Supreme Court en banc Decision 92Seu21 dated May 13, 1994, Supreme Court Decision 2015Seu471 dated December 28, 2018, etc.).

2) Article 860 of the *Civil Code* provides that "Affiliation shall be retrospectively effective from the time of birth of the child." Therefore, although legal support obligations are actualized by confirmation of a parentage judgment, since parents' legal support obligations take effect retroactively to the time of birth of the child when a parentage judgment is confirmed, it should be deemed that the custodian may claim reimbursement of the costs for past child support incurred before confirmation of the parentage judgment, to the extent it is reasonable for the other party to bear.

Source: lbox.kr/case/SupremeCourt/2023Seu643

D. Examining the facts recognized above in light of the provisions of the *Civil Code* and the above legal principles, it is reasonable to deem that the petitioner may also claim from the respondent child support before confirmation of the Subject Judgment of Parentage.

Nevertheless, the original trial court did not accept the portion claiming past child support incurred from the time of birth of the subject of the case to the time of confirmation of the Subject Judgment of Parentage for only the reasons stated in its decision. We additionally point out that the original trial court decision also contains errors that violated legal provisions regarding the retroactive effect of recognition and affected the decision.

3. Conclusion

The original trial court decision is vacated, and the case is remanded to the original trial court for re-examination and adjudication, and by a unanimous opinion of the Supreme Court justices involved, we hereby rule as set out in the Order above.

Supreme Court Justices Tae Ak Noh (Presiding Justice); Seon Soo Kim;
Kyung Mi Oh; Kyung Hwan Seo (Handling Justice)

출처: lbox.kr/case/대법원/2023스643

## 대법원 2023. 10. 31. 선고 2023스643 판결 [양육비]

**판시사항**

[1] 외국적 요소가 있는 사건의 경우, 준거법과 관련한 주장이 없더라도 법원이 법률관계에 적용될 국제협약 또는 국제사법에 따른 준거법에 관하여 심리, 조사할 의무가 있는지 여부(적극)

[2] 부모 중 어느 한쪽만이 자녀를 양육하게 된 경우, 양육자는 상대방이 분담함이 상당하다고 인정되는 과거 양육비의 상환을 청구할 수 있는지 여부(적극) / 이때 분담의 범위를 정하는 기준 / 인지판결의 확정 전에 발생한 과거의 양육비에 대하여도 상대방이 부담함이 상당한 범위 내에서 그 비용의 상환을 청구할 수 있는지 여부(적극)

**판결요지**

[1] 외국적 요소가 있는 법률관계에 관하여 적용되는 준거법으로서의 외국법은 사실이 아니라 법으로서 법원은 직권으로 그 내용을 조사하여야 한다. 따라서 외국적 요소가 있는 사건이라면 준거법과 관련한 주장이 없더라도 법원으로서는 적극적으로 석명권을 행사하여 당사자에게 의견을 진술할 수 있는 기회를 부여하거나 필요한 자료를 제출하게 하는 등 그 법률관계에 적용될 국제협약 또는 국제사법에 따른 준거법에 관하여 심리, 조사할 의무가 있다.

[2] 부모는 그 소생의 자녀를 공동으로 양육할 책임이 있고, 양육에 소요되는 비용도 원칙적으로 부모가 공동으로 부담하여야 하는 것이며, 이는 부모 중 누가 친권을 행사하는 자인지 또 누가 양육권자이고 현실로 양육하고 있는 자인지를 물을 것 없이 친자관계의 본질로부터 발생하는 의무이다. 어떠한 사정으로 인하여 부모 중 어느 한쪽만이 자녀를 양육하게 된 경우에, 그와 같은 일방에 의한 양육이 그 양육자의 일방적이고 이기적인 목적이나 동기에서 비롯한 것이라거나 자녀의 이익을 위하여 도움이 되지 아니하거나 그 양육비를 상대방에게 부담시키는 것이 오히려 형평에 어긋나게 되는 등 특별한 사정이 있는 경우를 제외하고는, 양육하는 일방은 상대방에 대하여 현재 및 장래에 있어서의 양육비 중 적정 금액의 분담을 청구할 수 있음은 물론이고, 부모의 자녀양육의무는 특별한 사정이 없는 한 자녀의 출생과 동시에 발생하는 것이므로 과거의 양육비에 대하여도 상대방이 분담

- 1 -

함이 상당하다고 인정되는 경우에는 그 비용의 상환을 청구할 수 있다.

다만 한쪽의 양육자가 양육비를 청구하기 이전의 과거의 양육비 모두를 상대방에게 부담시키게 되면 상대방은 예상하지 못하였던 양육비를 일시에 부담하게 되어 지나치고 가혹하며 신의성실의 원칙이나 형평의 원칙에 어긋날 수도 있으므로, 이와 같은 경우에는 반드시 이행청구 이후의 양육비와 동일한 기준에서 정할 필요는 없고, 부모 중 한쪽이 자녀를 양육하게 된 경위와 그에 소요된 비용의 액수, 그 상대방이 부양의무를 인식한 것인지 여부와 그 시기, 그것이 양육에 소요된 통상의 생활비인지 아니면 이례적이고 불가피하게 소요된 다액의 특별한 비용(치료비 등)인지 여부와 당사자들의 재산 상황이나 경제적 능력과 부담의 형평성 등 여러 사정을 고려하여 적절하다고 인정되는 분담의 범위를 정할 수 있다.

민법 제860조는 "인지는 그 자의 출생 시에 소급하여 효력이 생긴다."라고 규정하고 있다. 따라서 인지판결 확정으로 법률상 부양의무가 현실화되는 것이기는 하지만 부모의 법률상 부양의무는 인지판결이 확정되면 그 자의 출생 시로 소급하여 효력이 생기는 것이므로, 양육자는 인지판결의 확정 전에 발생한 과거의 양육비에 대하여도 상대방이 부담함이 상당한 범위 내에서 그 비용의 상환을 청구할 수 있다고 보아야 한다.


대 법 원

판 결


| | |
|---|---|
| 사 건 | 2023스643 양육비 |
| 청구인,재항고인 | 청구인 (소송대리인 법무법인 정성 담당변호사 양종윤 외 1인) |
| 상대방 | 상대방 |
| 사건본인 | 사건본인 |
| 원심결정 | 창원지법 2023. 4. 27. 자 2022브10014 결정 |

주        문

원심결정을 파기하고, 사건을 창원지방법원에 환송한다.

이        유

1. 직권판단

상고이유 판단에 앞서 부양의무에 관한 준거법에 대하여 직권으로 살펴본다.

가. 외국적 요소가 있는 법률관계에 관하여 적용되는 준거법으로서의 외국법은 사실이 아니라 법으로서 법원은 직권으로 그 내용을 조사하여야 한다(대법원 1990. 4. 10. 선고 89다카20252 판결, 대법원 2019. 12. 24. 선고 2016다222712 판결 등 참조). 따라서 외국적 요소가 있는 사건이라면 준거법과 관련한 주장이 없더라도 법원으로서는 적극적으로 석명권을 행사하여 당사자에게 의견을 진술할 수 있는 기회를 부여하거나 필요한 자료를 제출하게 하는 등 그 법률관계에 적용될 국제협약 또는 국제사법에 따른 준거법에 관하여 심리, 조사할 의무가 있다.

나. 국제사법 제73조 제1항은 "부양의 의무는 부양권리자의 일상거소지법에 따른다. 다만 그 법에 따르면 부양권리자가 부양의무자로부터 부양을 받을 수 없을 때에는 당사자의 공통 본국법에 따른다."라고 규정한다. 또한 같은 조 제4항은 "부양권리자와 부양의무자가 모두 대한민국 국민이고, 부양의무자가 대한민국에 일상거소가 있는 경우에는 대한민국 법에 따른다."라고 규정한다. 국제사법 부칙 제3조는 "이 법 시행 전에 생긴 사항에 적용되는 준거법에 대해서는 종전의 규정에 따른다. 다만 이 법 시행 전후에 계속되는 법률관계에 대해서는 이 법 시행 이후의 법률관계에 대해서만 이 법의 규정을 적용한다."라고 규정하고 있는데, 구 국제사법(2022. 1. 4. 법률 제18670호로 전부개정되기 전의 것, 이하 '구 국제사법'이라 한다) 제46조는 위에서 살펴본 부양의무의 준거법에 관하여 현행 국제사법 제73조와 동일하게 규정하고 있었다. 한편 국적법 제3조 제1항, 제2항에 따르면 외국인으로서 대한민국 국민인 부 또는 모에 의하여 인지된 자는 법무부장관에게 신고한 때에 대한민국 국적을 취득한다.

다. 기록에 의하면, 필리핀 국적의 청구인은 대한민국 국적의 상대방에 대하여 그들 사이에 혼인 외의 자로 출생한 사건본인의 인지에 따른 과거 및 장래 양육비를 구하고 있는데, 원심은 그중 인지판

- 3 -

출처: lbox.kr/case/대법원/2023스643

결 확정 이후의 양육비 청구를 인용하고, 그 이전의 양육비 청구를 기각하였다. 이와 같은 당사자의 주장과 원심의 판단은 모두 대한민국 민법이 적용되는 것을 전제로 하고 있다.

그런데 위에서 살펴본 국제사법 규정에 따르면 부양의무는 부양권리자인 사건본인의 일상거소지법에 따르고, 만약 그에 의하면 부양을 받을 수 없는 경우에 공통 본국법에 따르도록 되어 있으며(국제사법 제73조 제1항, 구 국제사법 제46조 제1항), 부양권리자인 상대방과 부양의무자인 사건본인이 모두 대한민국 국민이면서 부양의무자인 상대방의 일상거소가 대한민국일 경우에만 대한민국 법이 적용된다. 즉 부양권리자인 사건본인의 일상거소지가 대한민국이거나, 사건본인이 국적법에 따라 대한민국 국적을 취득하였을 경우 등에만 대한민국 법이 적용되는 것이다.

라. 그런데도 원심은 당연히 대한민국 민법이 적용되는 것을 전제로 상대방의 부양의무에 관해서 판단하였을 뿐, 그에 앞서 이 사건에 적용되는 준거법에 관하여 심리하거나 직권으로 조사하였다고 볼 만한 자료를 기록상 찾아볼 수 없다. 위와 같은 원심의 판단에는 직권조사사항인 준거법에 관한 국제사법 법률을 위반하여 재판에 영향을 미친 잘못이 있다.

2. 부가적 판단(상고이유에 관한 판단)

이하에서는 준거법으로 대한민국 법이 적용됨을 전제로 상고이유에 관하여 살펴본다.

가. 기록에 의하면 다음 사실이 인정된다.

1) 청구인은 상대방과 교제 중 사건본인을 임신하여 2017. 6. 출산하였고, 그 후 필리핀으로 가서 현재까지 홀로 사건본인을 양육하고 있다.

2) 사건본인은 2018. 7. 23. 상대방을 상대로 창원지방법원 통영지원 2018드단800호로 인지청구의 소를 제기하였다. 위 법원은 2020. 2. 14. 상대방을 사건본인의 친생자로 인지하고, 사건본인의 친권자 및 양육자로 청구인을 지정하였으며, 위 판결은 2020. 3. 5. 확정되었다(이하 '이 사건 인지판결'이라 한다).

3) 청구인은 상대방에 대하여 사건본인의 과거 및 장래 양육비를 청구하고 있다.

4) 상대방은 청구인과 한국에서 동거하던 중 청구인이 사건본인을 출산한 사실을 알고 있었다.

나. 원심은 판시와 같은 이유로, 비록 상대방이 사건본인의 아버지라고 할지라도 이 사건 인지판결의 확정 전에는 법률상 부양의무가 있다고 할 수 없으므로, 확정판결 이전에 발생한 과거 양육비 청구 부분은 받아들일 수 없다고 판단하였다.

출처: lbox.kr/case/대법원/2023스643

다. 민법 제860조 및 인지에 따른 과거 양육비 청구에 관한 법리

1) 부모는 그 소생의 자녀를 공동으로 양육할 책임이 있고, 양육에 소요되는 비용도 원칙적으로 부모가 공동으로 부담하여야 하는 것이며, 이는 부모 중 누가 친권을 행사하는 자인지 또 누가 양육권자이고 현실로 양육하고 있는 자인지를 물을 것 없이 친자관계의 본질로부터 발생하는 의무이다. 어떠한 사정으로 인하여 부모 중 어느 한쪽만이 자녀를 양육하게 된 경우에, 그와 같은 일방에 의한 양육이 그 양육자의 일방적이고 이기적인 목적이나 동기에서 비롯한 것이라거나 자녀의 이익을 위하여 도움이 되지 아니하거나 그 양육비를 상대방에게 부담시키는 것이 오히려 형평에 어긋나게 되는 등 특별한 사정이 있는 경우를 제외하고는, 양육하는 일방은 상대방에 대하여 현재 및 장래에 있어서의 양육비 중 적정 금액의 분담을 청구할 수 있음은 물론이고, 부모의 자녀양육의무는 특별한 사정이 없는 한 자녀의 출생과 동시에 발생하는 것이므로 과거의 양육비에 대하여도 상대방이 분담함이 상당하다고 인정되는 경우에는 그 비용의 상환을 청구할 수 있다.

다만 한쪽의 양육자가 양육비를 청구하기 이전의 과거의 양육비 모두를 상대방에게 부담시키게 되면 상대방은 예상하지 못하였던 양육비를 일시에 부담하게 되어 지나치고 가혹하며 신의성실의 원칙이나 형평의 원칙에 어긋날 수도 있으므로, 이와 같은 경우에는 반드시 이행청구 이후의 양육비와 동일한 기준에서 정할 필요는 없고, 부모 중 한쪽이 자녀를 양육하게 된 경위와 그에 소요된 비용의 액수, 그 상대방이 부양의무를 인식한 것인지 여부와 그 시기, 그것이 양육에 소요된 통상의 생활비인지 아니면 이례적이고 불가피하게 소요된 다액의 특별한 비용(치료비 등)인지 여부와 당사자들의 재산 상황이나 경제적 능력과 부담의 형평성 등 여러 사정을 고려하여 적절하다고 인정되는 분담의 범위를 정할 수 있다(대법원 1994. 5. 13. 자 92스21 전원합의체 결정, 대법원 2018. 12. 28. 자 2015스471 결정 등 참조).

2) 민법 제860조는 "인지는 그 자의 출생 시에 소급하여 효력이 생긴다."라고 규정하고 있다. 따라서 인지판결 확정으로 법률상 부양의무가 현실화되는 것이기는 하지만 부모의 법률상 부양의무는 인지판결이 확정되면 그 자의 출생 시로 소급하여 효력이 생기는 것이므로, 양육자는 인지판결의 확정 전에 발생한 과거의 양육비에 대하여도 상대방이 부담함이 상당한 범위 내에서 그 비용의 상환을 청구할 수 있다고 보아야 한다.

라. 위에서 살펴본 사실관계를 민법 규정 및 위 법리에 비추어 살펴보면, 청구인은 상대방에 대하여

출처: lbox.kr/case/대법원/2023스643

이 사건 인지판결의 확정 전 양육비 역시 청구할 수 있다고 봄이 타당하다.

그런데도 원심은 판시와 같은 이유만으로 사건본인의 출생 시부터 이 사건 인지판결의 확정 시까지 발생한 과거 양육비 청구 부분을 받아들이지 않았다. 이러한 원심결정에는 인지의 소급효에 관한 법률규정을 위반하여 재판에 영향을 미친 잘못도 있음을 부가적으로 지적하여 둔다.

3. 결론

원심결정을 파기하고, 사건을 다시 심리·판단하도록 원심법원에 환송하기로 하여, 관여 대법관의 일치된 의견으로 주문과 같이 결정한다.

대법관 노태악(재판장) 김선수 오경미 서경환(주심)