Exhibit Jong - 8

Source: lbox.kr/case/Seoul High Court/2007Na80093

**Holding**

[1] Whether the law of the country of protection can be applied as the governing law regarding overall legal relationships concerning intellectual property rights, such as determination of copyright holder, establishment and transfer of rights, etc., in interpreting Article 24 of the *Act on Private International Law* (affirmative)

[2] Whether copyright assignment registration is a requirement for assertion against third parties of a copyright assignment contract (affirmative), and in a case where the copyright holder of a work created in a foreign country doubly assigns the copyright and the junior assignee first completes copyright assignment registration in Korea, whether the junior assignee can assert against the senior assignee (affirmative)

[3] Whether a copyright infringer falls under the 'third party' under Article 54 of the *Copyright Act* (negative)

[4] A case holding that where a copyright holder entered into a conditional copyright assignment contract and the condition was fulfilled but copyright assignment registration in the name of the assignee has not yet been completed, the copyright holder who already lost the copyright due to fulfillment of the condition as of the date of closing of arguments cannot exercise the right to injunctive relief against the copyright infringer

**Summary of Decision**

[1] If the issue of determination of copyright holder, etc., is governed by the national law, not only is it not easy to determine the national law itself in the first place, but even within the same territory, the conclusion of the determination of copyright infringement or determination of copyright holder varies depending on where the country of origin of the work is, making it difficult for work users or courts, etc., to determine and apply it. On the other hand, the issue of determination of copyright holder is closely connected with the existence and content of copyright, so each country of protection needs to interpret and apply it uniformly, and doing so also makes it easy for each member country to grant protection by national treatment by conveniently applying the law of the country of protection, which usually coincides with the law of the forum within its territory. In light of these points, unless international conventions explicitly provide to govern by the national law, it is reasonable to decide all issues regarding intellectual property rights, such as determination of copyright holder or establishment, extinction, and assignability of rights, according to the law of the country of protection. Even if Article 24 of the *Act on Private International Law* of Korea adopts a method of stipulating only the case of infringement of intellectual property rights instead of specifying the principle of the law of the country of protection for all areas concerning intellectual property rights, it is appropriate to interpret this broadly as adopting the principle of the law of the country of protection regarding the establishment, transfer, etc., of intellectual property rights in general.

[2] The adoption of the requirement for assertion against third parties in connection with copyright registration in Article 54, Subparagraph 1 of the *Copyright Act* is a legal principle that when a copyright

Source: lbox.kr/case/Seoul High Court/2007Na80093

holder enters into a copyright assignment contract with a contractual counterparty, the legal effect of copyright transfer is immediately generated by the agreement of declarations of intention without a separate copyright assignment registration, and copyright assignment registration merely corresponds to a requirement for assertion against third parties regarding which of the contractual counterparty and the third party should be regarded as the rights holder in relation to a third party in a position incompatible with the contractual counterparty. However, if it is premised that the copyright holder of a work created in a foreign country entered into a copyright assignment contract in that country and received all the assignment price, thereby becoming a person without rights according to the principle of requirement for assertion against third parties or principle of intention, and then it is viewed that the copyright assignment contract concluded by the junior assignee is invalid as it falls under a case of acquiring copyright from a person without rights, ultimately the junior assignee will always be unable to assert against the senior assignee regardless of whether copyright assignment registration was completed first, and such result clearly contradicts the purport of our Copyright Act, which protects the person who completed copyright registration first as the rights holder among double assignees, and thus is not permitted.

[3] When a copyright holder enters into a copyright assignment contract with a contractual counterparty, the legal effect of copyright transfer is immediately generated by the agreement of declarations of intention without a separate copyright assignment registration, and only when the contractual counterparty does not complete copyright assignment registration pursuant to the assignment contract, pursuant to the provision of Article 54, Subparagraph 1 of the *Copyright Act*, the counterparty cannot assert to the effect that he is a legitimate rights holder against a third party such as a double assignee, etc., in a position incompatible with himself. However, "third party" here is limited to a third party who has a legitimate interest in asserting the defect in registration regarding the assignment of copyright, such as when acquiring a legal status incompatible with the contractual counterparty, and a person who infringed copyright does not fall under the third party referred to here.

[4] A case holding that in a case where a copyright holder entered into a conditional copyright assignment contract and the condition under the assignment contract was fulfilled but copyright assignment registration in the name of the counterparty has not yet been completed, the copyright holder who already lost the copyright due to fulfillment of the condition under the assignment contract as of the date of closing of arguments cannot exercise the right to injunctive relief against the copyright infringer.

# Seoul High Court
## Decision

Case                                       2007Na80093  Injunction against Copyright Infringement

Source: lbox.kr/case/Seoul High Court/2007Na80093

| | |
|---|---|
| Plaintiff, Appellee | Plaintiff (Legal Representative Attorney Chang Guk Oh) |
| Intervenor in Assistance of Plaintiff | Intervenor |
| Defendants, Appellants | Defendant 1 and 1 other (Legal Representative Attorney Oh Gap Kwon) |
| First Instance Decision | Seoul Western District Court Decision 2005GaHap9531 dated July 11, 2007 |
| Closing Argument | May 13, 2008 |

## Order

1. The first instance decision is reversed, and all of the plaintiff's claims against the defendants are dismissed.

2. The entire costs of lawsuit between the plaintiff and the defendants shall be borne by the plaintiff, and the costs of lawsuit incurred by intervention in assistance shall be borne by the intervenor in assistance of the plaintiff.

## Purport of Claim and Purport of Appeal

1. Purport of Claim

The defendants shall not produce, use, sell, distribute or exhibit for sale products displaying each work listed in attached lists 1 and 2. The defendants shall dispose of finished products, semi-finished products, packaging, wrapping paper, and promotional advertisements of the products kept in their stores, offices, factories, and warehouses.

2. Purport of Appeal

Same as paragraph 1 of the Order.

## Reasoning

1. Facts Recognized

The following facts are not in dispute between the parties or can be recognized by comprehensively considering the descriptions and images of Plaintiff's Exhibits 1 through 8 and 24, Defendants' Exhibits 1, 2, 7, and 14 through 26 (including branch numbers) and the whole purport of arguments.

Source: lbox.kr/case/Seoul High Court/2007Na80093

A.  Generation of copyright and inheritance

The deceased Nonparty 1, a U.S. citizen, died on September 19, 1992 as the author of each work listed in attached lists 1 and 2 (hereinafter 'Subject Works 1 and 2') named "Flying Eyeball," and his daughters Nonparty 2 and Nonparty 3 (hereinafter 'the Nonparty Heirs') inherited the copyright to each Subject Work from the deceased {The defendants assert that since copyright registration for a pictorial work named "Flying Eyeball" is completed in the name of Nonparty 4 at the U.S. Copyright Office, the Nonparty Heirs are not the copyright holders of each Subject Work, but since there is no evidence to recognize that the aforementioned work held in the name of Nonparty 4 is identical to each Subject Work, the defendants' assertion above is without merit}.

B. Double assignment of copyright by the Nonparty Heirs

(1) The Nonparty Heirs entered into a contract on March 31, 2000 through the mediation of Nonparty 5 to assign all intellectual property rights including the copyright to each Subject Work to Nonparty 6 Corporation of Japan for USD 500,000 (hereinafter 'Subject Assignment Contract No. 1-1'), and Nonparty 6 Corporation entered into a contract on May 15, 2002 to assign again all intellectual property rights including the copyright to each Subject Work to Nonparty 7 Corporation of the United States for USD 500,000 (hereinafter 'Subject Assignment Contract No. 1-2').

(2) The Nonparty Heirs entered into a contract on June 8, 2005 through the mediation of Nonparty 5 to assign all intellectual property rights including the copyright to each Subject Work to the plaintiff with 2.5% of sales as the price (Plaintiff's Exhibit Nos. 2 and 25, the defendants assert that the notarization regarding the assignment contract is false and they merely entered into a license contract, but since there is no evidence to recognize that the notarization regarding the assignment contract is false, the defendants' assertion above is without merit. Hereinafter 'Subject Assignment Contract No. 2').

C. Plaintiff's copyright registration

(1) Nonparty 6 Corporation and Nonparty 7 Corporation merchandised each Subject Work as is as a mark in Japan, the United States, etc., (hereinafter 'Subject Trademarks Nos. 1 and 2'), completed trademark registration regarding this, and have been producing and selling products bearing each Subject Trademark and using them from around that time to the present, but have not completed any copyright registration regarding each Subject Work domestically or internationally.

(2) The plaintiff completed copyright assignment registration regarding Subject Work No. 1 on June 18, 2005 in Korea under registration number C-2005-00221 with the former Copyright Deliberation and Mediation Committee (current Copyright Commission).

Source: lbox.kr/case/Seoul High Court/2007Na80093

D. Defendants' use of each Subject Trademark

The defendants filed an application for Subject Trademark No. 2 on February 19, 2000 in Korea, completed trademark registration regarding this on May 25, 2001, and are affixing and using each Subject Trademark on products such as clothing produced and sold by the defendants.

2. Parties' assertions

A. Plaintiff's assertion

The plaintiff asserts that the defendants' act of using each Subject Trademark, which infringes this, without obtaining consent from the plaintiff, who is the domestic registered copyright holder of Subject Work No. 1, is not permitted pursuant to Article 53 of the *Trademark Act*, and seeks a judgment as stated in the purport of claim against the defendants based on the right to a copyright injunctive relief provided in Article 123 of the *Copyright Act* as the copyright holder.

B. Defendants' assertion

The defendants dispute that they cannot comply with the plaintiff's claim, raising each of the following reasons.

(1) The governing law that will serve as the standard for whether the plaintiff legitimately acquired the copyright to each Subject Work is U.S. law, which is the country where the work was first created, and the Nonparty Heirs already lost the copyright to each Subject Work in the United States at the time of entering into Subject Assignment Contract No. 2.

(2) Since the plaintiff actively participated in the breach of trust acts of the Nonparty Heirs and Nonparty 5 and entered into the Subject Assignment Contract No. 2, this is invalid as it falls under an act contrary to the predetermined social order under Article 103 of the *Civil Code*.

(3) The plaintiff was assigned the copyright to each Subject Work from the Nonparty Heirs through the mediation of Nonparty 5, and seeking copyright injunctive relief based on Article 53 of the *Trademark Act* and Article 123 of the *Copyright Act* against the defendants who entered into a use contract regarding each Subject Trademark with Nonparty 5 is not permitted as it violates the principle of good faith.

(4) Since the plaintiff assigned the copyright to each Subject Work to Nonparty 8 around September and October 2006, the plaintiff has no right to seek injunctive relief against the defendants.

3. Determination

A. Determination of governing law

First, the governing law that will serve as the standard for determining whether the plaintiff legitimately acquired the copyright to each Subject Work is examined.

Both the United States, the country of origin (national country) where each Subject Work was first created,

Source: lbox.kr/case/Seoul High Court/2007Na80093

and Korea, the country (country of protection) where the plaintiff seeks protection of the copyright to each Subject Work, are member countries of the Berne Convention for the Protection of Literary and Artistic Works (hereinafter 'Berne Convention'), and each Subject Work falls under literary and artistic works subject to the Berne Convention as a type of painting, sketch, or other applied art work under Article 2, Paragraph 1 of the Berne Convention. Regarding which law, the national law or the law of the country of protection, should be applied when a copyright holder seeks to receive protection of copyright through filing a lawsuit, Article 5, Paragraph 1 of the Berne Convention provides that "Authors shall enjoy, in respect of works for which they are protected under this Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specially granted by this Convention," thereby declaring the so-called principle of national treatment, and Article 5, Paragraph 2 adopts the principle of the law of the country of protection by providing that "The enjoyment and the exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of origin of the work. Consequently, apart from the provisions of this Convention, the extent of protection, as well as the means of redress afforded to the author to protect his rights, shall be governed exclusively by the laws of the country where protection is claimed."

Korea has codified the principle of the law of the country of protection adopted in the Berne Convention into domestic law and provided in Article 24 of the *Act on Private International Law* that "The protection of intellectual property rights shall be governed by the law of the place where the infringement occurred." The question here is whether the scope to which the law of the country of protection applies in connection with the protection of intellectual property rights is limited to the "extent of protection of rights" and "means of redress for rights" under the provision of Article 5, Paragraph 2 of the Berne Convention as the defendants claim, or whether the law of the country of protection should also be applied to the determination of copyright holder or assignability of copyright, etc.

If the issue of determination of copyright holder, etc., is governed by the national law, not only is it not easy to determine the national law itself in the first place, but even within the same territory, the conclusion of the determination of copyright infringement or determination of copyright holder varies depending on where the country of origin of the work is, making it difficult for work users or courts, etc., to determine and apply it. On the other hand, the issue of determination of copyright holder is closely connected with the existence and content of copyright, so each country of protection needs to interpret and apply it uniformly, and doing so also makes it easy for each member country to grant protection by national treatment by conveniently applying the law of the country of protection, which usually coincides with the law of the forum within its territory. In light of these points, unless international conventions explicitly provide to govern by national law, it is reasonable to decide all issues regarding intellectual property rights, such as determination of copyright holder or establishment, extinction, and assignability of rights, according to the law of the country of protection. Even if Article 24 of the *Act on Private International Law* of Korea adopts a method of stipulating only the case of infringement of intellectual property rights instead of specifying the

Source: lbox.kr/case/Seoul High Court/2007Na80093

principle of the law of the country of protection for all areas concerning intellectual property rights, it is appropriate to interpret this broadly as adopting the principle of the law of the country of protection regarding the establishment, transfer, etc., of intellectual property rights in general.

Therefore, the governing law regarding one of the issues of this case, such as whether copyright assignment registration corresponds to a requirement for establishment or a requirement for assertion against third parties of copyright assignment, and if it corresponds to a requirement for assertion against third parties, what the specific standard for determining the fulfillment of the requirement for assertion against third parties is, etc., becomes the *Copyright Act* of Korea, which is the law of the country of protection {There is no difference between the two laws in that both Korean law, which is the law of the country of protection, and U.S. law, which is the national law, adopt the principle of requirement for assertion against third parties. However, they show differences regarding the specific standard for determining the fulfillment of the requirement for assertion against third parties. According to the *Copyright Act* of Korea and case law, among the contractual counterparties of double assignment of copyright, the person who completed copyright registration first is in principle protected as the legitimate rights holder, and protection of such right is denied only when the junior assignee who registered first actively participated in the breach of trust act of the copyright holder (see Article 54, Subparagraph 1 of the *Copyright Act*, Seoul Central District Court Decision 2003GaHap66177 dated October 10, 2006, etc.), whereas according to U.S. copyright law and case law, in order for the junior assignee who registered first to be protected as the legitimate rights holder, in addition to the above requirements under our law, additional requirements such as (1) the junior assignee was unaware of the existence of the senior assignment contract, and (2) the junior assignee paid reasonable consideration are necessary (see Melville B. Nimmer, "Nimmer on Copyright", vol.3, Chapter 10.07[A][a], 10-56.15)}.

B. Whether the plaintiff acquired copyright from a person without rights

The defendants assert that at the time the plaintiff entered into Subject Assignment Contract No. 2, the assignors, the Nonparty Heirs, had already lost the copyright to each Subject Work by entering into Subject Assignment Contract No. 1-1 with Nonparty 6 Corporation and receiving all the assignment price.

Korea adopts the principle of requirement for assertion against third parties in connection with copyright registration by providing in Article 54, Subparagraph 1 of the *Copyright Act* that "Matters concerning the assignment of economic rights in a copyright or restrictions on disposal thereof shall not be effective against a third party unless they are registered." This is a legal principle that when a copyright holder enters into a copyright assignment contract with a contractual counterparty, the legal effect of copyright transfer is immediately generated by the agreement of declarations of intention as above without a separate copyright assignment registration, and copyright assignment registration merely corresponds to a requirement for assertion against third parties regarding which of the contractual counterparty and the third party should be regarded as the rights holder in relation to a third party in a position incompatible with the contractual counterparty.

Source: lbox.kr/case/Seoul High Court/2007Na80093

However, as the defendants claim, if it is premised that the Nonparty Heirs, who were the original copyright holders, became persons without rights according to the principle of requirement for assertion against third parties or principle of intention when they entered into Subject Assignment Contract No. 1-1 and received all the assignment price from Nonparty 6 Corporation, the senior assignee, and then it is viewed that Subject Assignment Contract No. 2 concluded by the plaintiff, the junior assignee, is invalid as it falls under a case of acquiring copyright from a person without rights, ultimately the junior assignee will always be unable to assert against the senior assignee regardless of whether copyright assignment registration was completed first. Such results clearly contradict the purport of our Copyright Act, which protects the person who completed copyright registration first as the rights holder among double assignees, and thus cannot be said to be permitted. It should not be viewed differently just because the conclusion and performance of Subject Assignment Contract No. 1-1 were made in the United States, the country where the work was created, several years before the conclusion and performance of Subject Assignment Contract No. 2, so the defendants' assertion above is without merit.

C. Whether the plaintiff actively participated in the breach of trust act of the Nonparty Heirs

The defendants assert that although the Nonparty Heirs should not have doubly assigned all intellectual property rights including the copyright to each Subject Work by entering into Subject Assignment Contract No. 1-1 with Nonparty 6 Corporation and receiving all the assignment price, they committed a breach of trust act by conspiring with Nonparty 5 to enter into Subject Assignment Contract No. 2 with the plaintiff, and since the plaintiff actively participated in the breach of trust act while knowing that the Nonparty Heirs and Nonparty 5 were committing a breach of trust act, Subject Assignment Contract No. 2 is invalid as it falls under an act contrary to social order under Article 103 of the Civil Code.

Upon examination, according to the descriptions of Plaintiff's Exhibit 2 and Defendants' Exhibits 14-1 and 14-2 and the whole purport of arguments, it can be recognized that as Nonparty 7 Corporation, the U.S. trademark holder of each Subject Trademark, filed an application for injunction against trademark infringement against Nonparty 5, etc., the United States District Court Central District of California Los Angeles Division issued a Permanent Injunction on February 7, 2005 granting the application by Nonparty 7 Corporation, and that Nonparty 5 had the Nonparty Heirs enter into Subject Assignment Contract No. 2 with the plaintiff on June 8, 2005 in violation of the permanent injunction. However, the above recognized facts alone are insufficient to recognize that Subject Assignment Contract No. 2 concluded by the Nonparty Heirs falls under a breach of trust act or that the plaintiff actively participated in the breach of trust act of the Nonparty Heirs, and there is no other evidence to recognize this. Rather, by comprehensively considering the descriptions of Plaintiff's Exhibit 26 and Defendants' Exhibit 18 and the whole purports of

arguments, it can be recognized that although Nonparty 6 Corporation paid USD 400,000 out of the assignment price of USD 500,000 to the Nonparty Heirs based on Subject Assignment Contract No. 1-1, regarding the remaining USD 100,000, by paying it only to Nonparty 7 Corporation, the assignee of the claim, while excluding Nonparty 5, the intermediary, there had been a dispute regarding the validity of the payment for about 3-4 years, and that the plaintiff, after entering into Subject Assignment Contract No. 2, took measures such as giving notice of rescission regarding Subject Assignment Contract No. 1-1 to Nonparty 6 Corporation on July 7, 2005, claiming to the effect that the payment was invalid by subrogating the Nonparty Heirs.

Therefore, the defendants' assertion above is also without merit.

D. Whether the plaintiff's exercise of rights violates the principle of good faith

The defendants assert that since the defendants entered into a use contract regarding each Subject Trademark with Nonparty 5 and are filing, registering, and using Subject Trademark No. 2 and using each Subject Trademark in Korea, the plaintiff's seeking copyright injunctive relief based on Article 53 of the *Trademark Act* and Article 123 of the Copyright Act against the defendants after being assigned the copyright to each Subject Work from the Nonparty Heirs through the mediation of Nonparty 5 and completing assignment registration regarding the copyright to Subject Work No. 1 in Korea is not permitted as it violates the principle of good faith.

Upon examination, there is no evidence to recognize that the defendants validly entered into a use contract regarding each Subject Trademark with Nonparty 5 prior to the plaintiff's entering into Subject Assignment Contract No. 2. Rather, by comprehensively considering the description of Plaintiff's Exhibit 11 and the whole purport of arguments, it can be recognized that when the defendants filed an application for Subject Trademark No. 2 in Korea, they submitted a trademark application contract in the name of Nonparty 5 to the Korean Intellectual Property Office, but it is difficult to view that the contract attached to the U.S. driver's license of Nonparty 5 attached to the contract was prepared according to the genuine intention of Nonparty 5, such as the fact that the issue date of the U.S. driver's license of Nonparty 5 attached to the contract was 9 months after the trademark application date {see Patent Court Decision 2004Heo7883 dated September 2, 2005 (appeal dismissed), page 7, lines 15 to page 8, line 5}, and that the defendants consulted with Nonparty 5 regarding the issue of using each Subject Trademark in Korea, but the consultation fell apart in the course of such contract negotiations.

Therefore, the defendants' assertion above is also without merit.

E. Whether the plaintiff lost rights by assigning the copyright to each Subject Work

Source: lbox.kr/case/Seoul High Court/2007Na80093

The defendants assert that since the plaintiff assigned the copyright to each Subject Work to Nonparty 8 in or about September and October 2006 and is not currently the rights holder, the plaintiff cannot seek injunctive relief against the defendants.

In order to exercise the right to claim injunctive relief based on copyright, unlike a claim for damages for past infringement acts, it is necessary to be a legitimate rights holder at present, that is, at the time of closing of arguments in the fact-finding court. By comprehensively considering the description of Defendants' Exhibit 26 and the whole purport of arguments, it can be recognized that on September 29, 2006, the plaintiff entered into a contract with Nonparty 8 (hereinafter 'Assignment Contract No. 3 of this case'), agreeing to release the provisional attachment of real estate that Nonparty 8 was subject to execution for being the plaintiff's joint and several guarantor by October 18 of the same year, and if the plaintiff fails to perform the obligation, to assign all Vonn Dutch-related copyrights including the copyright to each Subject Work to Nonparty 8, that the condition under Assignment Contract No. 3 of this case was fulfilled as the plaintiff failed to release the provisional attachment of real estate, that Nonparty 8 filed a lawsuit for performance of assignment registration procedure regarding this against the plaintiff, who is the registered copyright holder of Subject Work No. 1, and received a judgment accepting the claim as Seoul Northern District Court Decision 2007GaHap2026 dated July 27, 2007, and that a judgment dismissing the appeal was rendered as Seoul High Court Decision 2007Na80680 dated June 18, 2008 in the appellate trial, but that copyright assignment registration in the name of Nonparty 8 has not yet been completed regarding the copyright to Subject Work No. 1.

Meanwhile, when a copyright holder enters into a copyright assignment contract with a contractual counterparty, the legal effect of copyright transfer is immediately generated by the agreement of declarations of intention as above without a separate copyright assignment registration, and only when the contractual counterparty does not complete copyright assignment registration pursuant to the assignment contract, pursuant to the provision of Article 54, Subparagraph 1 of the *Copyright Act* that "Matters concerning the assignment of economic rights in a copyright or restrictions on disposal thereof shall not be effective against a third party unless they are registered," the counterparty cannot assert to the effect that he is a legitimate rights holder against a third party such as a double assignee, etc., in a position incompatible with himself. However, "third party" here is limited to a third party who has a legitimate interest in asserting the defect in registration regarding the assignment of copyright, such as when acquiring a legal status incompatible with the contractual counterparty, and a person who infringed copyright does not fall under the third party referred to here (see Supreme Court Decision 2004Da10756 dated July 13, 2006, etc.).

In light of the above recognized facts in accordance with the above legal principles, the plaintiff lost the copyright to each Subject Work on October 18, 2006, which was before the closing of arguments in this case, by the conclusion of Assignment Contract No. 3 of this case and fulfillment of the condition under that contract, and is no longer in a position to exercise the right to injunctive relief against the defendants,

Source: lbox.kr/case/Seoul High Court/2007Na80093

who are copyright infringers, so the defendants' assertion above pointing out this point has merit.

4. Conclusion

Therefore, the plaintiff's claims against the defendants are without merit and should all be dismissed, since the first instance decision reached a different conclusion from this and is unjust, it is reversed, and all of the plaintiff's claims against the defendants are dismissed, and the decision is hereby rendered as set out in the Order.

Judges Seong Ho Lee (Presiding Judge); Dong Jin Kim; Sook Yeon Lee

출처: lbox.kr/case/서울고등법원/2007나80093

**판시사항**

[1] 국제사법 제24조의 해석상 저작권자의 결정이나 권리의 성립, 이전 등 지적재산권에 관한 전반적인 법률관계에 관하여 보호국법을 준거법으로 적용할 수 있는지 여부(적극)

[2] 저작권양도등록이 저작권양도계약의 대항요건인지 여부(적극) 및 외국에서 발생한 저작물의 저작권자가 저작권을 이중으로 양도하고 후순위 양수인이 국내에서 저작권양도등록을 먼저 경료한 경우, 후순위 양수인이 선순위 양수인에게 대항할 수 있는지 여부(적극)

[3] 저작권침해자가 저작권법 제54조의 '제3자'에 해당하는지 여부(소극)

[4] 저작권자가 조건부 저작권양도계약을 체결하고 그 조건이 성취되었으나 아직 양수인 명의로 저작권양도등록을 마치지 아니한 사안에서, 변론종결일 당시에 이미 조건 성취로 인하여 저작권을 상실한 저작권자는 저작권침해자에 대하여 침해정지청구권을 행사할 수 없다고 본 사례

**판결요지**

[1] 저작권자의 결정 등의 문제를 본국법에 의할 경우에는 우선 본국법을 정하는 것 자체가 쉽지 않을 뿐만 아니라, 같은 영토 내에서도 저작물의 본국이 어디냐에 따라 저작권 침해 여부 판단이나 저작권자 결정의 결론이 달라져 저작물 이용자나 법원 등이 이를 판단, 적용하기가 쉽지 아니하다. 반면, 저작권자의 결정 문제는 저작권의 존부 및 내용과 밀접하게 결부되어 있어 각 보호국이 이를 통일적으로 해석 적용할 필요가 있고, 그렇게 하는 것이 각 동맹국이 자국의 영토 내에서 통상 법정지와 일치하기 마련인 보호국법을 간편하게 적용함으로써 내국민대우에 의한 보호를 부여하기에도 용이하다. 이러한 점에 비추어 보면, 국제협약에서 명시적으로 본국법에 의하도록 규정하지 아니한 이상 저작권자의 결정이나 권리의 성립, 소멸, 양도성 등 지적재산권에 관한 일체의 문제를 보호국법에 따라 결정함이 타당하다. 우리나라 국제사법 제24조가 지적재산권에 관한 모든 분야에 관하여 보호국법주의를 명시하는 대신 지적재산권 침해의 경우만을 규정하는 방식을 취하고 있다 하더라도, 이를 넓게 해석하여 지적재산권의 성립, 이전 등 전반에 관하여 보호국법주의 원칙을 채택한 것으로 해석함이 상당하다.

[2] 저작권법 제54조 제1호에서 저작권등록과 관련하여 대항요건주의를 채택하고 있는 것은, 저작권자가 계약상대방과 저작권양도계약을 체결하는 경우에는 별도의 저작권양도등록 없이도 그 의사

출처: lbox.kr/case/서울고등법원/2007나80093

표시의 합치에 의하여 저작권 이전이라고 하는 법률효과를 곧바로 발생시키고, 다만 저작권양도등록은 계약상대방과 양립할 수 없는 지위에 있는 제3자에 대한 관계에 있어서 계약상대방과 제3자 중 누구를 권리자로 볼 것인지에 관한 대항요건에 해당한다는 법리이다. 그런데 외국에서 발생한 저작물의 저작권자가 그 나라에서 저작권의 양도계약을 체결하고 그 양도대금을 모두 지급받은 것을 가리켜 대항요건주의 내지 의사주의 원칙에 따라 그 저작권자가 무권리자가 되었다고 전제한 다음, 후순위 양수인이 체결한 저작권 양도계약은 무권리자로부터 저작권을 양수받은 경우에 해당하여 무효라고 보는 경우에는, 결국 후순위 양수인은 저작권양도등록을 먼저 경료하였는지 여부에 관계없이 언제나 선순위 양수인에게 대항할 수 없는 결과를 초래하게 되고, 이러한 결과는 이중 양수인들 사이에는 저작권등록을 먼저 경료한 사람을 권리자로서 보호하는 우리 저작권법의 취지에 명백히 반하는 것으로서 허용되지 아니한다.

[3] 저작권자가 계약상대방과 저작권양도계약을 체결하는 경우에는, 별도의 저작권양도등록 없이도 의사표시의 합치에 의하여 저작권 이전이라고 하는 법률효과가 곧바로 발생하게 되고, 다만 계약상대방이 위 양도계약에 따른 저작권양도등록을 경료하지 아니한 경우에는 저작권법 제54조 제1호의 규정에 따라, 자신과 양립할 수 없는 지위에 있는 이중양수인 등과 같은 제3자에 대하여 적법한 권리자라는 취지로 대항할 수 없다. 하지만, 여기서 "제3자"라고 함은 계약상대방과 양립할 수 없는 법률상 지위를 취득한 경우 등 저작권의 양도에 관한 등록의 흠결을 주장함에 정당한 이익을 가지는 제3자에 한하고, 저작권을 침해한 사람은 여기서 말하는 제3자에 해당하지 아니한다.

[4] 저작권자가 조건부 저작권양도계약을 체결하고 그 양도계약상의 조건이 성취되었으나 아직 상대방 명의의 저작권양도등록이 마쳐지지 아니한 사안에서, 변론종결일 당시에 이미 양도계약상 조건 성취로 인하여 저작권을 상실한 저작권자는 저작권침해자에 대하여 침해정지청구권을 행사할 수 없다고 본 사례.

# 서울고등법원

## 판    결

사건                    2007나80093 저작권침해금지

출처: lbox.kr/case/서울고등법원/2007나80093

| | |
|---|---|
| 원고,피항소인 | 원고 (소송대리인 변호사 오창국) |
| 원고보조참가인 | 참가인 |
| 피고,항소인 | 피고 1외 1인 (소송대리인 변호사 권오갑) |
| 제1심판결 | 서울서부지법 2007. 7. 11. 선고 2005가합9531 판결 |
| 변론종결 | 2008. 5. 13. |

## 주        문

1. 제1심판결을 취소하고, 원고의 피고들에 대한 청구를 모두 기각한다.

2. 원고와 피고들 사이의 소송총비용은 원고가, 보조참가로 인한 소송비용은 원고보조참가인이 각 부담한다.

## 청 구 취 지 및 항 소 취 지

1. 청구취지

피고들은 별지 제1, 2 목록 기재 각 저작물을 표시한 제품을 생산, 사용, 판매, 배포하거나 판매를 위한 전시를 하여서는 아니된다. 피고들은 자신의 매장, 사무소, 공장 및 창고 등에 보관중인 위 각 제품의 완제품, 반제품, 포장지, 포장용지 및 선전광고물을 폐기하라.

2. 항소취지

주문 제1항과 같다.

## 이        유

1. 인정 사실

다음 사실은 당사자 사이에 다툼이 없거나 갑 1 내지 8, 24호증, 을 1, 2, 7, 14 내지 26호증(가지번호 포함)의 각 기재 및 영상에 변론 전체의 취지를 종합하여 인정할 수 있다.

출처: lbox.kr/case/서울고등법원/2007나80093

가. 저작권의 발생 및 상속

미국인 망 소외 1은 "플라잉 아이볼(Flying Eyeball)"이란 명칭의 별지 제1, 2 목록 기재 각 저작물(이하 '이 사건 제1, 2 저작물'이라 한다)의 저작자로서 1992. 9. 19. 사망하였고, 그 딸인 소외 2와 소외 3, (이하 '소외 상속인들'이라 한다)은 위 망인의 이 사건 각 저작권을 상속하였다{피고들은 미국 저작권청에 소외 4 명의로 "플라잉 아이볼(Flying Eyeball)"이란 명칭의 회화저작물에 관한 저작권등록이 마쳐져 있으므로, 소외 상속인들은 이 사건 각 저작물의 저작권자가 아니라고 주장하나, 소외 4 명의의 위 저작물이 이 사건 각 저작물과 동일한 것이라고 인정할 만한 아무런 증거가 없으므로, 피고들의 위 주장은 이유 없다}.

나. 소외 상속인들의 저작권 이중양도

(1) 소외 상속인들은 2000. 3. 31. 소외 5의 중개를 통하여 일본의 소외 6 주식회사에게 이 사건 각 저작권을 포함한 일체의 지적재산권을 미화 50만 달러에 양도하는 계약(이하 '이 사건 제1-1 양도계약'이라 한다)을 체결하였고, 소외 6 주식회사는 2002. 5. 15. 미국의 소외 7 주식회사에게 이 사건 각 저작권을 포함한 일체의 지적재산권을 미화 50만 달러에 재차 양도하는 계약(이하 '이 사건 제1-2 양도계약'이라 한다)을 체결하였다.

(2) 소외 상속인들은 2005. 6. 8. 소외 5의 중개를 통하여 원고에게 이 사건 각 저작권을 포함한 일체의 지적재산권을 매출액의 2.5%를 대금으로 정하여 양도하는 계약(갑 2, 25호증, 피고들은 위 양도계약에 관한 공증은 허위이고, 단지 라이센스계약을 체결하였을 뿐이라고 주장하나, 위 양도계약에 관한 공증이 허위라고 인정할 만한 아무런 증거가 없으므로, 피고들의 위 주장은 이유 없다. 이하 '이 사건 제2 양도계약'이라 한다)을 체결하였다.

다. 원고의 저작권등록

(1) 소외 6 주식회사와 소외 7 주식회사는 일본, 미국 등에서 이 사건 각 저작물을 그대로 표장으로 상표화(merchandising, 이하 '이 사건 제1, 2 상표'라 한다)하여 이에 관한 상표권등록을 마쳤고, 그 무렵부터 현재까지 이 사건 각 상표를 부착한 상품을 생산, 판매하는 등 이를 사용하여 왔으나, 국내외에서 이 사건 각 저작물에 관하여는 아무런 저작권등록도 마치지 않았다.

(2) 원고는 2005. 6. 18. 국내에서 구 저작권심의조정위원회(현 저작권위원회) 등록번호 제C-2005-00221호로 이 사건 제1 저작물에 관한 저작권양도등록을 마쳤다.

출처: lbox.kr/case/서울고등법원/2007나80093

라. 피고들의 이 사건 각 상표의 사용

피고들은 2000. 2. 19. 국내에서 이 사건 제2 상표를 출원하여 2001. 5. 25. 이에 관한 상표권등록을 마쳤고, 피고들이 생산, 판매하는 의류 등의 상품에 이 사건 각 상표를 부착, 사용하고 있다.

2. 당사자들의 주장

가. 원고의 주장

원고는, 피고들이 이 사건 제1 저작물의 국내 등록저작권자인 원고의 동의를 얻지 아니한 채 이에 저촉되는 이 사건 각 상표를 사용하는 행위는 상표법 제53조에 따라 허용되지 않는다고 주장하면서, 원고는 저작권자로서 저작권법 제123조에 정한 저작권침해정지청구권에 기하여 피고들을 상대로 청구취지와 같은 판결을 구한다.

나. 피고들의 주장

피고들은 아래의 각 이유를 내세우면서 원고의 청구에 응할 수 없다고 다툰다.

(1) 원고가 이 사건 각 저작권을 적법하게 취득하였는지 여부의 기준이 될 준거법은 저작물의 최초 발생국인 미국법인데, 소외 상속인들은 이 사건 제2 양도계약을 체결할 당시 미국에서 이미 이 사건 각 저작권을 상실하였다.

(2) 원고는 소외 상속인들 및 소외 5의 배임행위에 적극 가담하여 이 사건 제2 양도계약을 체결하였으므로, 이는 민법 제103조 소정의 사회질서에 반하는 행위에 해당하여 무효이다.

(3) 원고는 소외 5의 중개를 통하여 소외 상속인들로부터 이 사건 각 저작권을 양도받았는데, 소외 5와 사이에 이 사건 각 상표에 관한 사용계약을 체결한 피고들을 상대로 상표법 제53조, 저작권법 제123조에 기한 저작권침해정지를 구하는 것은 신의성실의 원칙에 위배되어 허용되지 않는다.

(4) 원고는 2006년 9, 10월경 소외 8에게 이 사건 각 저작권을 양도하였으므로 피고들을 상대로 침해정지를 구할 권리가 없다.

3. 판 단

가. 준거법의 결정

먼저 원고가 이 사건 각 저작권을 적법하게 취득하였는지 여부의 판단 기준이 될 준거법에 관하여 본다.

이 사건 각 저작물의 최초 발생국(본국)인 미국과 원고가 이 사건 각 저작권의 보호를 구하는 국가

출처: lbox.kr/case/서울고등법원/2007나80093

(보호국)인 우리나라는 모두 문학적·예술적 저작물의 보호를 위한 베른협약(Berne Convention for the Protection of Literary and Artistic Works, 이하 '베른협약'이라 한다)의 가입국이고, 이 사건 각 저작물은 베른협약 제2조 제1항의 회화, 스케치 기타 응용미술저작물의 일종으로서 베른협약의 적용대상인 문학적·예술적 저작물에 해당하는데, 저작권자가 소송의 제기를 통하여 저작권의 보호를 받고자 하는 경우에 있어서 본국법과 보호국법 중 어느 법을 적용해야 할 것인지에 관하여, 베른협약 제5조 제1항은 "저작자는 이 협약에 따라 보호되는 저작물에 관하여 본국 이외의 동맹국에서 각 법률이 현재 또는 장래에 자국민에게 부여하는 권리 및 이 협약이 특별히 부여하는 권리를 향유한다."라고 규정하여 이른바 내국민대우의 원칙을 천명하고, 제5조 제2항은 "위 권리의 향유와 행사는 어떠한 방식에 따를 것을 조건으로 하지 않는다. 그러한 향유와 행사는 저작물의 본국에서 보호가 존재하는지 여부와 관계가 없다. 따라서 이 협약의 규정과는 별도로 보호의 범위와 저작자의 권리를 보호하기 위하여 주어지는 구제의 방법은 오로지 보호가 주장되는 국가의 법률에 의한다."라고 규정함으로써 보호국법주의를 채택하고 있다.

우리나라는 베른협약에서 채택한 보호국법주의를 국내법으로 명문화하여 국제사법 제24조에 "지적재산권의 보호는 그 침해지법에 의한다."라고 규정하였는데, 여기서 지적재산권의 보호와 관련하여 보호국법이 적용되는 범위가, 피고들이 주장하는 것처럼 베른협약 제5조 제2항 규정상의 "권리 보호의 범위", "권리구제의 방법"으로 한정되는 것인지, 아니면 저작권자의 결정이나 저작권의 양도성 등에 대하여도 보호국법을 적용할 것인지가 문제된다.

저작권자의 결정 등의 문제를 본국법에 의할 경우에는 우선 본국법을 정하는 것 자체가 쉽지 않을 뿐만 아니라, 같은 영토 내에서도 저작물의 본국이 어디냐에 따라 저작권 침해 여부 판단이나 저작권자 결정의 결론이 달라져 저작물 이용자나 법원 등이 이를 판단, 적용하기가 쉽지 아니한 반면, 저작권자의 결정 문제는 저작권의 존부 및 내용과 밀접하게 결부되어 있어 각 보호국이 이를 통일적으로 해석 적용할 필요가 있고, 그렇게 하는 것이 각 동맹국이 자국의 영토 내에서 통상 법정지와 일치하기 마련인 보호국법을 간편하게 적용함으로써 내국민대우에 의한 보호를 부여하기에도 용이한 점에 비추어 보면, 국제협약에서 명시적으로 본국법에 의하도록 규정하지 아니한 이상 저작권자의 결정이나 권리의 성립, 소멸, 양도성 등 지적재산권에 관한 일체의 문제를 보호국법에 따라 결정함이 타당하며, 우리나라 국제사법 제24조가 지적재산권에 관한 모든 분야에 관하여 보호국법주의

를 명시하는 대신 지적재산권 침해의 경우만을 규정하는 방식을 취하고 있다 하더라도, 이를 넓게 해석하여 지적재산권의 성립, 이전 등 전반에 관하여 보호국법주의 원칙을 채택한 것으로 해석함이 상당하다.

따라서 이 사건 쟁점 중 하나인 저작권양도등록이 저작권양도의 성립요건과 대항요건 중 어느 것에 해당하는지, 대항요건에 해당한다면 대항요건의 구비에 필요한 구체적인 판단 기준은 무엇인지 등에 관한 준거법은 보호국법인 우리나라 저작권법이 된다{보호국법인 한국법과 본국법인 미국법이 모두 대항요건주의를 취한다는 점에서 양 법은 차이가 없다. 다만, 대항요건의 구비에 필요한 구체적인 판단 기준에 관하여는 차이를 보이는데, 한국 저작권법 및 판례에 의하면, 저작권 이중 양도의 계약상대방들 중 먼저 저작권등록을 경료한 사람이 원칙적으로 적법한 권리자로 보호받고, 다만 선등록한 후순위 양수인이 저작권자의 배임행위에 적극적으로 가담한 경우에 한하여 그 권리의 보호가 부정되는데 비하여( 저작권법 제54조 제1호, 서울중앙지방법원 2006. 10. 10. 선고 2003가합66177 판결 등 참조), 미국 저작권법 및 판례에 의하면, 선등록한 후순위 양수인이 적법한 권리자로 보호받기 위해서는 우리 법상의 위와 같은 요건 외에도, ① 후순위 양수인이 선순위 양도계약의 존재를 몰랐을 것, ② 후순위 양수인이 상당한 대가를 지급하였을 것 등의 추가적인 요건을 필요로 한다(Melville B. Nimmer, "Nimmer on Copyright", vol.3, Chapter 10.07[A][1][a], 10-56.15 참조)}.

나. 원고가 무권리자로부터 저작권을 양수하였는지 여부

피고들은, 원고가 이 사건 제2 양도계약을 체결할 당시 양도인인 소외 상속인들은 소외 6 주식회사와 사이에 이 사건 제1-1 양도계약을 체결하고 그 양도대금을 모두 지급받음으로써 이 사건 각 저작권을 이미 상실한 상태였다고 주장한다.

우리나라는 저작권법 제54조 제1호에 "저작재산권의 양도 또는 처분제한에 관한 사항은 이를 등록하지 아니하면 제3자에게 대항할 수 없다."라고 규정함으로써 저작권등록과 관련하여 대항요건주의를 채택하고 있는바, 이는 저작권자가 계약상대방과 저작권양도계약을 체결하는 경우에는 별도의 저작권양도등록 없이도 위와 같은 의사표시의 합치에 의하여 저작권 이전이라고 하는 법률효과를 곧바로 발생시키고, 다만 저작권양도등록은 계약상대방과 양립할 수 없는 지위에 있는 제3자에 대한 관계에 있어서 계약상대방과 제3자 중 누구를 권리자로 볼 것인지에 관한 대항요건에 해당한

출처: lbox.kr/case/서울고등법원/2007나80093

다는 법리이다.

그런데 피고들이 주장하는 바와 같이, 원래 저작권자였던 소외 상속인들이 이 사건 제1-1 양도계약을 체결하고 선순위 양수인인 소외 6 주식회사로부터 양도대금을 모두 지급받은 경우를 가리켜 대항요건주의 내지 의사주의 원칙에 따라 소외 상속인들이 무권리자가 되었다고 전제한 다음, 후순위 양수인인 원고가 체결한 이 사건 제2 양도계약은 무권리자로부터 저작권을 양수받은 경우에 해당하여 무효라고 보는 경우에는, 결국 후순위 양수인은 저작권양도등록을 먼저 경료하였는지 여부에 관계없이 언제나 선순위 양수인에게 대항할 수 없는 결과를 초래하게 되는데, 이러한 결과는 이중양수인들 사이에는 저작권등록을 먼저 경료한 사람을 권리자로서 보호하는 우리 저작권법의 취지에 명백히 반하는 것으로서 허용된다고 할 수 없고, 이 사건 제1-1 양도계약의 체결 및 이행이 이 사건 제2 양도계약의 체결 및 이행보다 수년 전에 저작물 발생국인 미국에서 이루어진 것이라고 하여 달리 볼 것은 아니므로, 피고들의 위 주장은 이유 없다.

다. 원고가 소외 상속인들의 배임행위에 적극적으로 가담하였는지 여부

피고들은, 소외 상속인들은 소외 6 주식회사와 사이에 이 사건 제1-1 양도계약을 체결하고 그 양도대금을 모두 지급받음으로써 이 사건 각 저작권을 포함한 일체의 지적재산권을 이중으로 양도해서는 아니됨에도 불구하고, 소외 5와 공모하여 원고와 사이에 이 사건 제2 양도계약을 체결하는 배임행위를 저질렀고, 원고는 소외 상속인들 및 소외 5가 배임행위를 한다는 사정을 알면서도 그 배임행위에 적극적으로 가담하였으므로, 이 사건 제2 양도계약은 민법 제103조 소정의 사회질서에 반하는 행위에 해당하여 무효라고 주장한다.

살피건대, 갑 2호증, 을 14호증의 1, 2의 각 기재와 변론 전체의 취지에 의하면, 이 사건 각 상표의 미국 상표권자인 소외 7 주식회사가 소외 5 등을 상대로 상표권침해금지신청을 제기함에 따라, 미국 연방지방법원 캘리포니아 중앙지구 로스앤젤레스 지부(United States District Court Central District of California Los Angeles Division)가 2005. 2. 7. 소외 7 주식회사의 위 신청을 인용하는 영구금지명령(Permanent Injunction)을 발령한 사실, 소외 5는 위 영구금지명령에 위반하여 2005. 6. 8. 소외 상속인들로 하여금 원고와 사이에 이 사건 제2 양도계약을 체결하게 한 사실을 각 인정할 수 있으나, 위 인정 사실만으로는 소외 상속인들이 체결한 이 사건 제2 양도계약이 배임행위에 해당한다거나, 원고가 소외 상속인들의 배임행위에 적극적으로 가담

출처: lbox.kr/case/서울고등법원/2007나80093

하였다고 인정하기에 부족하고, 달리 이를 인정할 만한 증거가 없으며, 오히려 갑 26호증, 을 18호증의 각 기재에 변론 전체의 취지를 종합하면, 소외 6 주식회사는 이 사건 제1-1 양도계약에 기하여 소외 상속인들에게 양도대금 미화 50만 달러 중 40만 달러를 지급하기는 하였으나, 나머지 10만 달러에 관하여는 중개인인 소외 5를 배제한 채 채권양수인인 소외 7 주식회사에게만 이를 지급함으로써 약 3-4년 동안 변제의 유효성 여부에 관하여 분쟁이 있어 왔던 사실, 원고는 이 사건 제2 양도계약을 체결한 후인 2005. 7. 7. 소외 상속인들을 대위하여 소외 6 주식회사에게 위 변제가 무효라는 취지로 주장하면서 이 사건 제1-1 양도계약에 관한 해제통지를 하는 등의 조치를 취한 사실을 각 인정할 수 있을 뿐이다.

따라서 피고들의 위 주장도 이유 없다.

라. 원고의 권리행사가 신의성실의 원칙에 위배되는지 여부

피고들은, 피고들이 소외 5와 사이에 이 사건 각 상표에 관한 사용계약을 체결하고 국내에서 이 사건 제2 상표의 출원·등록 및 이 사건 각 상표의 사용을 하고 있는 것인데, 원고가 소외 5의 중개를 통하여 소외 상속인들로부터 이 사건 각 저작권을 양도받아 국내에서 이 사건 제1 저작권에 관한 양도등록을 마친 후, 피고들을 상대로 상표법 제53조, 저작권법 제123조에 기한 저작권침해정지를 구하는 것은 신의성실의 원칙에 위배되어 허용되지 않는다고 주장한다.

살피건대, 원고가 이 사건 제2 양도계약을 체결하기에 앞서서, 피고들이 소외 5와 사이에 이 사건 각 상표에 관한 사용계약을 유효하게 체결하였다고 인정할 만한 아무런 증거가 없고, 오히려 갑 11호증의 기재에 변론 전체의 취지를 종합하면, 피고들은 국내에서 이 사건 제2 상표를 출원할 당시 특허청에 소외 5 명의의 상표출원계약서를 제출하였는데, 그 계약서에 첨부된 소외 5의 미국 운전면허증 발급일이 상표출원일보다 9개월 후인 점 등 위 계약서가 소외 5의 진정한 의사에 따라 작성된 것이라고 보기 어려운 사실{ 특허법원 2005. 9. 2. 선고 2004허7883 판결(상고기각) 제7면 15행 내지 제8면 5행 참조}, 피고들은 소외 5와 사이에 이 사건 각 상표를 한국에서 사용하는 문제에 관하여 협의를 하였는데, 위와 같은 계약교섭 과정에서 협의가 결렬되었던 사실을 각 인정할 수 있을 뿐이다.

따라서 피고들의 위 주장도 이유 없다.

마. 원고가 이 사건 각 저작권을 양도하여 권리를 상실하였는지 여부

출처: lbox.kr/case/서울고등법원/2007나80093

피고들은, 원고가 2006년 9, 10월경 소외 8에게 이 사건 각 저작권을 양도하여 현재 그 권리자가 아니므로 피고들을 상대로 침해정지를 구할 수 없다고 주장한다.

저작권에 기한 침해정지청구권을 행사하기 위해서는 과거의 침해행위에 대한 손해배상청구와 달리 현재, 즉 사실심 변론종결 당시에 적법한 권리자일 것을 요한다 할 것인데, 을 26호증의 기재에 변론 전체의 취지를 종합하면, 원고는 2006. 9. 29. 소외 8과 사이에, 소외 8이 원고의 연대보증인이 된 이유로 집행을 받게 된 부동산가압류를 같은 해 10. 18.까지 해제하여 주기로 약정하면서, 만약 원고가 위 의무를 이행하지 못하는 경우에는, 소외 8에게 이 사건 각 저작권을 포함한 본 더치 관련 저작권 일체를 양도하기로 하는 계약(이하 '이 사건 제3 양도계약'이라 한다)을 체결한 사실, 그런데 원고가 위 부동산가압류를 해제하지 못함에 따라 이 사건 제3 양도계약상의 조건이 성취된 사실, 소외 8은 이 사건 제1 저작권의 등록명의인인 원고를 상대로 이에 관한 양도등록절차이행의 소를 제기하여 2007. 7. 27. 서울북부지방법원 2007가합2026호로 청구인용 판결을 선고받았고, 그 항소심에서 2008. 6. 18. 서울고등법원 2007나80680호로 항소기각 판결이 선고된 사실, 그런데 이 사건 제1 저작권에 관하여 소외 8 명의의 저작권양도등록은 아직 마쳐지지 아니한 사실을 각 인정할 수 있다.

한편, 저작권자가 계약상대방과 저작권양도계약을 체결하는 경우에는, 별도의 저작권양도등록 없이도 위와 같은 의사표시의 합치에 의하여 저작권 이전이라고 하는 법률효과가 곧바로 발생하게 되고, 다만 계약상대방이 위 양도계약에 따른 저작권양도등록을 경료하지 아니한 경우에는, "저작재산권의 양도 또는 처분제한에 관한 사항은 이를 등록하지 아니하면 제3자에게 대항할 수 없다."라고 하는 저작권법 제54조 제1호의 규정에 따라, 자신과 양립할 수 없는 지위에 있는 이중 양수인 등과 같은 제3자에 대하여 적법한 권리자라는 취지로 대항할 수 없게 되지만, 여기서의 "제3자"라고 함은 위와 같이 계약상대방과 양립할 수 없는 법률상 지위를 취득한 경우 등 저작권의 양도에 관한 등록의 흠결을 주장함에 정당한 이익을 가지는 제3자에 한하고, 저작권을 침해한 사람은 여기서 말하는 제3자에 해당하지 아니한다( 대법원 2006. 7. 13. 선고 2004다10756 판결 등 참조).

위 인정 사실을 위 법리에 비추어 보면, 원고는 이 사건 제3 양도계약의 체결 및 그 계약상의 조건 성취에 의하여 이 사건 변론종결 이전인 2006. 10. 18. 이 사건 각 저작권을 상실하였고, 저작권침해자인 피고들에 대하여 더 이상 침해정지청구권을 행사할 수 있는 지위에 있지 아니하므로, 이 점

출처: lbox.kr/case/서울고등법원/2007나80093

을 지적하는 피고들의 위 주장은 이유 있다.

4. 결 론

그렇다면 원고의 피고들에 대한 청구는 이유 없어 이를 모두 기각해야 할 것인데, 제1심판결은 이와 결론을 달리하여 부당하므로 이를 취소하고, 원고의 피고들에 대한 청구를 모두 기각하기로 하여 주문과 같이 판결한다.


판사 이성호(재판장) 김동진 이숙연