# Exhibit Jong - 9

B. Discrepancy Between Intent and Expression

There must not exist the declarant's intent (internal effective intent) that corresponds to the intent inferred from the party's declaration of intention (effective intent in the expression).

Therefore, for example, a declaration of intention that generates a legal effect not corresponding to the transfer (e.g., assignment of claim) in order to achieve a certain economic purpose (e.g., collection of claim, i.e., receivables), such as assignment of claim for collection purposes, is not a fictitious declaration of intention made in collusion. This is because in this case, the party has a genuine intent to generate the legal effect as expressed in the outward appearance (e.g., assignment of claim) for a certain specific economic purpose. Therefore, even the part that exceeds the parties' economic purpose cannot be considered a fictitious declaration of intention made in collusion. For example, fiduciary acts in civil law interpretation, such as assignment for collateral security or assignment of claim for collection purposes, are not fictitious declarations of intention made in collusion.[12]

In addition, just because there was an expression that does not match reality does not immediately make it a fictitious declaration of intention made in collusion, and when genuine intent exists, it can be recognized as a valid act despite the discrepancy of certain matters in the expression. Thus, when a party records some factual matters differently from the facts in a document prepared regarding a legal act, it does not constitute a fictitious declaration of intention made in collusion as long as the act itself is genuinely intended. For example, in cases where the type of contract is incorrectly recorded, such as when a lease is recorded as a [gratuitous] loan for use in the contract, the intent…[cut off]…

---

[10] Young-June Lee, *General Provisions of the Civil Code*, Pakyoungsa Publishing (2007), 380.

[11] *Commentary on the Civil Code II*, *General Provisions* (2), Pakyoungsa Publishing (1992), 348 (Deok Su Song); Yong Han Kim, "Problems in False Expression," *Beopjo* Vol. 19 No. 2 (1970), 25.

[12] Yun Jik Kwak/Jae Hyung Kim, *General Provisions of the Civil* Code (9th ed.), Pakyoungsa Publishing (2013), merely because the plaintiff received this promissory note notarial deed again despite having received..., the plaintiff and the nonparty [*incomplete*] 314; Sang Yong Kim, *General Provisions of the Civil Code*, Hwasan Media Publishing (2014), 465; Sang Ryong Ko, *General Provisions of the Civil Code*, Beopmunsa Publishing (2003), 400; Tae Seung Baek, *General Provisions of the Civil Code*, Jiphyeonjae Publishing (2016), 393.

### 나. 의사(眞意)와 표시의 불일치

당사자의 의사표시로부터 추단되는 의사(표시상의 효과의사)에 대응하는 표의자의 의사(내심적 효과의사)가 존재하지 않아야 한다.

따라서 예컨대, 추심을 위한 채권양도와 같이 일정한 경제적 목적(예컨대, 채권추심)을 달성하기 위하여 이것에 상응하지 않는 법률효과(예컨대, 채권양도)를 발생시키는 의사표시는 통정허위표시가 아니다. 왜냐하면 이 경우에 당사자는 어떠한 특정한 경제적 목적을 위하여 표시된 외관대로의 법률효과(예컨대, 채권양도)를 발생케 하려는 진의를 가지고 있기 때문이다. 그러므로 당사자의 경제적 목적을 넘는 부분에 대해서도 통정허위표시라고 할 수 없다. 예컨대 양도담보나 추심을 위한 채권양도와 같은 민법해석학상의 신탁행위는 통정허위표시가 아니다.[12]

그리고 실제와 일치하지 않는 표시가 있었다고 하여 바로 통정허위표시로 되지는 않으며, 진의가 존재하는 경우에는 표시에서의 일정한 사항의 불일치에도 불구하고 유효한 행위로 인정될 수 있다. 그리하여 당사자가 법률행위에 관하여 작성된 증서에 약간의 사실적인 사항을 사실과 다르게 기재한 경우에는 그 행위 자체가 진정으로 의욕된 이상 통정허위표시로 되지 않는다. 예컨대 계약서에 임대차를 사용대차로 기재한 경우와 같이 계약의 유형을 틀리게 기재한 경우 의사

---

10 이영준, 민법총칙, 박영사(2007), 380.
11 민법주해 II, 총칙(2), 박영사(1992), 348(송덕수); 김용한, "허위표시에 있어서의 문제점", 법조19권 2호(1970), 25.
12 곽윤직/김재형, 민법총칙(제9판), 박영사(2013),서를 받았음에도 다시 이 사건 약속어음공정증서를 받았다는 사실만으로 원고와 소외 회 314; 김상용, 민법총칙, 화산미디어(2014), 465; 고상룡, 민법총칙, 법문사(2003), 400; 백태승, 민법총칙, 집현재(2016), 393.