# Exhibit Jong-10

Source: lbox.kr/case/Supreme Court/92Da42651

# Supreme Court Decision 92Da42651 dated August 13, 1993

## [Registration of Transfer of Land Ownership]

**Holdings**

A. Effect of title trust agreement for contract name based on the purpose prescribed in Article 7, Paragraph 1 of the *Act on Special Measures for the Registration of Real Estate*

B. Effect of transaction contract in violation of the duty to declare under the *National Land Utilization and Management Act*

**Summary of Decision**

A. Even based on the provisions of Article 7, Paragraph 1 and Article 8 of the *Act on Special Measures for the Registration of Real Estate* themselves, it cannot be interpreted that the title trust agreement for contract name based on the purpose prescribed in Article 7, Paragraph 1 of the same Act, which is the cause of the registration application, itself is prohibited, so such title trust agreement does not have its effect as a private law juristic act denied.

B. The provisions concerning land transaction declaration zones prescribed in the *National Land Utilization and Management Act* are merely regulatory provisions, so the private law effect of a transaction contract in violation thereof is not denied.

## Supreme Court

## Decision

| | |
|---|---|
| Case | 92Da42651 Registration of Transfer of Land Ownership |
| Plaintiff, Appellee | Daeju Construction Co., Ltd. Legal Representative Attorney Nam Ryong Park |
| Defendant, Appellant | Defendant Legal Representative Attorney Yong Gyun Jeong |
| Original Trial Decision | Gwangju High Court Decision 91Na2112 dated August 26, 1992 |

## Order

The appeal is dismissed.

Source: lbox.kr/case/Supreme Court/92Da42651

The costs of appeal shall be borne by the defendant.

## Reasoning

The grounds of appeal (as for the supplemental grounds of appeal filed after the expiration of the period, to the extent they supplement the grounds of appeal) are examined.

1. Regarding Point 1

Even upon examining the evidence cited by the original trial court against the record, the original trial court's finding of fact to the effect that the plaintiff entrusted a nonparty to purchase the subject real estate from the defendant in his name and agreed to receive transfer of ownership of the real estate from him, thereby entrusting the name of the purchaser under that contract to the nonparty, is acceptable, and there is no illegality of violation of the rules of evidence as alleged.

And Article 7, Paragraph 1 of the *Act on Special Measures for the Registration of Real Estate* provides that one shall not apply for registration of transfer of ownership by borrowing another person's name for the purpose of evading tax imposition, obtaining gains from price fluctuations between different time points, or avoiding restrictions of statutes and regulations that regulate changes in rights such as ownership, and when this is violated, it is provided to be punished pursuant to Article 8 of the same Act, but even based on the provisions themselves, it cannot be interpreted that the title trust agreement for contract name based on the purpose prescribed in Article 7, Paragraph 1 of the same Act, which is the cause of the registration application, itself is prohibited, so the title trust agreement pointed out does not have its effect as a private law juristic act denied. Furthermore, the provisions concerning land transaction declaration zones prescribed in the *National Land Utilization and Management Act* are merely regulatory provisions, so the private law effect of a transaction contract in violation thereof is not denied (see Supreme Court Decision 92Da3311 dated December 24, 1992), and the trust of the name of the purchaser under the subject contract between the plaintiff and the nonparty cannot be said to be invalid as merely a simulated act by collusion.

Consequently, the original trial court's determination to the same effect is justified, and all arguments criticizing it are without merit.

2. Regarding Points 2 and 3

Even upon examining the evidence cited by the original trial court against the record, the measure taken by the original trial court to reject the defendant's assertion that it cancels the declaration of intention based on each written statement on the grounds that Plaintiff's Exhibit 4 (written memorandum) and Defendant's Exhibit 1 (land transaction contract declaration form) were not prepared and delivered by the defendant through the nonparty's fraud is acceptable, and the evidence alleged does not appear to support such fraud facts. The original trial decision has no illegality of violation of the rules of evidence as alleged or misunderstanding of legal principles regarding the effect of the written memorandum, etc., so this part of the argument is also without merit.

Source: lbox.kr/case/Supreme Court/92Da42651

3. Regarding Points 4 and 5

According to the reasoning of the original trial decision, the original trial court, with regard to the defendant's defense that although the defendant demanded the nonparty on August 30, 1990 to pay the balance stipulated in the subject sales contract by September 5 of the same year, and notified that if performance is not made by that date, the contract shall be deemed rescinded, the nonparty failed to perform this, thereby rescinding the subject sales contract on September 6 of the same year, according to the statements in the aforementioned Plaintiff's Exhibit 4 written memorandum prepared and delivered by the defendant to the nonparty on July 12 of the same year, the defendant postponed the balance payment date to the nonparty from the originally agreed date of August 22 of the same year to a later date, and agreed to perform the registration procedure for transfer of ownership in exchange for payment of the balance when the land transaction declaration certificate is issued by the competent authority, thereby granting the nonparty the authority to finalize the balance payment date within a reasonable period from the original balance payment date under the contract, and since the nonparty declared to the competent authority on September 5 of the same year, which was about two weeks later than the original date, and received the declaration certificate on September 11 of the same year, this cannot be viewed as exceeding a reasonable period contrary to the aforementioned agreement to postpone the balance payment date, so the balance payment date was fixed as September 11 of the same year, and thus rejected it as the defendant's defense being without merit. However, it is difficult to accept the original trial court's finding that after the balance payment date was postponed by the special agreement in the written memorandum, the date was fixed on September 11 of the same year when the declaration certificate was received, even upon closely examining the evidence cited by the original trial court, so without examining the defendant's point regarding the fact of forgery of the declaration certificate, the original trial court can be said to have illegally misidentified the balance payment date, which is a requirement for contract rescission, in violation of the rules of evidence.

However, on the other hand, in the subject, after the original balance payment date of August 22 of the same year elapsed, both parties' obligations were not performed, so it became a case without an agreed time limit and came to be in a simultaneous performance relationship, and even upon closely examining Defendant's Exhibit 2, which the defendant cites as evidence for the contract rescission claim, it is difficult to view that in addition to demanding payment of the balance to the nonparty, it also expressed the meaning that the contract would be automatically rescinded if the performance date set in that document, Septeber 5 of the same year, elapsed, and such intention of rescission appears to have been expressed for the first time by the contract rescission notice (Defendant's Exhibit 7) sent by the defendant on September 10 of the same year, and meanwhile, according to the statements in Defendant's Exhibit 12-10 adopted by the original trial court and Plaintiff's Exhibit 5 not rejected by the original trial court, it can be recognized that

Source: lbox.kr/case/Supreme Court/92Da42651

after the nonparty was refused receipt of the balance by the defendant on September 7 of the same year, on the grounds of this, the nonparty already lawfully deposited that amount as payment on September 10 of the same year, and based on this, it is reasonable to view that the nonparty extinguished the right of rescission by such deposit before the defendant's declaration of intention of contract rescission arrived, so it is clear that the defendant's defense of contract rescission will be rejected, so the above illegality does not affect the original trial court's conclusion rejecting the defendant's defense of contract rescission. The argument is also without merit.

4. Therefore, the appeal is dismissed, the costs of appeal are to be borne by the losing party, and the decision is hereby rendered as set out in the Order with the unanimous opinion of the participating justices.

Supreme Court Justice Man Ho Park (Presiding Justice); Woo Dong Park; Sang Won Kim (Handling Justice)

출처: lbox.kr/case/대법원/92다42651

## 대법원 1993. 8. 13. 선고 92다42651 판결 [토지소유권이전등기]

**판시사항**

가. 부동산등기특별조치법 제7조 제1항 소정 목적에 의한 계약명의 신탁약정의 효력

나. 국토이용관리법상의 신고의무에 위반한 거래계약의 효력

**판결요지**

가. 부동산등기특별조치법 제7조 제1항, 제8조의 규정 자체에 의하더라도 등기신청의 원인행위인 같은 법 제7조 제1항 소정의 목적에 의한 계약명의의 신탁약정 자체가 금지된다고는 해석할 수 없으므로 그와 같은 명의신탁약정이 그 사법적 법률행위의 효력까지 부인되는 것은 아니다.

나. 국토이용관리법 소정의 토지거래신고구역에 관한 규정은 단속법규에 불과한 것이어서 이에 위반한 거래계약의 사법적 효력까지 부인되는 것은 아니다.

**대　법　원**

**판　　결**

| | |
|---|---|
| 사건 | 92다42651 토지소유권이전등기 |
| 원고,피상고인 | 대주건설 주식회사 소송대리인 변호사 박남룡 |
| 피고,상고인 | 피고 소송대리인 변호사 정용균 |
| 원심판결 | 광주고등법원 1992.8.26. 선고 91나2112 판결 |

**주　　　　문**

상고를 기각한다.

상고비용은 피고의 부담으로 한다.

# 이        유

상고이유(기간경과 후의 보충상고이유는 이를 보충하는 범위 내에서)를 본다.

1. 제1점에 관하여

원심거시의 증거들을 기록에 대조하여 살펴보아도, 원고가 소외인에 대하여 그의 명의로 이 사건 부동산을 피고로부터 매수하도록 의뢰하고 그로부터 위 부동산의 소유권을 이전받기로 약정함으로써 그 계약상의 매수인 명의를 위 소외인에게 신탁하였다는 취지의 원심의 사실인정은 수긍되고, 거기에 소론과 같은 채증법칙위반의 위법은 없다.

그리고, 부동산등기특별조치법 제7조 제1항은, 조세부과를 면하려 하거나 다른 시점간의 가격변동에 따른 이득을 얻으려 하거나, 소유권 등 권리변동을 규제하는 법령의 제한을 회피할 목적으로 타인의 명의를 빌려 소유권이전등기를 신청하여서는 아니된다고 규정하고, 이에 위반한 경우에는 같은 법 제8조에 의하여 처벌하도록 규정되어 있으나, 위 규정 자체에 의하더라도 그 등기신청의 원인행위인 같은법 제7조 제1항 소정의 목적에 의한 계약명의 신탁약정 자체가 금지된다고는 해석할 수 없으므로 지적하는 명의신탁약정이 그 사법적 법률행위의 효력까지 부인되는 것은 아니라 할 것이다. 또한 국토이용관리법 소정의 토지거래신고구역에 관한 규정은 단속법규에 불과한 것이어서 이에 위반한 거래계약의 사법적 효력까지 부인되는 것은 아니라 할 것이며( 당원 1992.12.24. 선고 92다3311 판결 참조), 원고와 위 소외인 간의 이 사건 계약상 매수인 명의의 신탁이 단순한 통정허위표시에 불과하여 무효라고도 할 수 없다.

결국 같은 취지의 원심판단은 정당하고 이를 탓하는 논지는 모두 이유 없다.

2. 제2, 3점에 관하여

원심거시의 증거들을 기록에 대조하여 살펴보아도, 원심이 갑 제4호증(각서)과 을 제1호증(토지등거래계약신고서)이 위 소외인의 기망에 의하여 피고가 작성, 교부한 것이 아니라는 취지에서 그 각서에 의한 의사표시를 취소한다는 피고의 주장을 배척한 조치는 옳다고 수긍되고, 소론 주장의 증거들은 위와 같은 기망사실을 뒷받침하는 것이라고 보이지도 않는다. 원심판결에는 소론 주장과 같은 채증법칙위반이나, 그 각서 등의 효력에 관한 법리오해의 위법이 없으므로, 이 부분 논지도 이유

없다.

3. 제4, 5점에 관하여

원심판결 이유에 의하면, 원심은 피고가 1990.8.30. 소외인에 대하여 같은 해 9.5.까지 이 사건 매매계약에서 정한 잔금을 지급할 것을 최고하고, 그 기일까지 이행하지 아니할 경우에는 계약은 해제된 것으로 한다는 통고를 하였으나, 이를 이행하지 아니함으로 인하여 같은 해 9.6. 이사건 매매계약이 해제되었다는 피고의 항변에 대하여 피고가 같은 해 7.12. 소외인에게 작성 교부한 위 갑 제4호증 각서의 기재에 의하면, 피고가 소외인에게 잔금지급기일을 원래의 약정기일인 같은 해 8.22. 이후로 연기하여 주되, 그 토지거래신고필증이 관할관청으로부터 교부되는 때에 잔금의 지급과 상환으로 소유권이전등기절차를 이행하기로 약정한 것으로서 소외인으로 하여금 그 잔금지급기일을 당초 계약상의 잔금지급기일로부터 상당한 기간 내에 확정할 수 있는 권한을 부여한 것이고, 소외인은 그 원래의 기일보다 약 2주일 정도 늦은 같은 해 9.5. 관할관청에 신고하여 같은 해 9.11. 그 신고필증을 교부받은 것이므로 이는 위 잔금기일연기의 약정에 반하는 상당한 기간을 초과한 것이라고 볼 수 없어 잔금기일은 같은 해 9.11.로 확정되었으니, 피고의 항변은 이유 없다 하여 이를 배척하였다. 그러나 원심이 위 각서의 특약에 의하여 잔금기일이 연기된 후 위 신고필증을 교부받은 같은 해 9.11. 그 기일이 확정되었다고 인정한 점은 원심거시의 증거를 면밀히 검토하여도 이를 수긍하기 어려우므로 위 신고필증의 변조사실에 관한 피고의 지적을 살필 것도 없이 이 점에서 원심은 채증법칙에 위반하여 계약해제의 요건이 되는 잔금지급기일을 잘못 인정한 위법이 있다 할 것이다.

그러나, 한편 이 사건에서 원래의 잔금기일인 같은 해 8.22.이 도과한 후 쌍방의 채무가 이행되지 아니함으로써 기한의 약정이 없는 것이 되어 동시이행관계에 있게 되었다 할 것인 바, 피고가 계약해제 주장의 증거로 들고 있는 을 제2호증을 정사하여 보아도 그것이 바로 소외인에 대한 잔금지급의 최고 외에 그 서면에서 정한 이행기인 같은 해 9.5.을 도과하면 계약이 자동해제된다는 뜻을 아울러 표시한 것이라고는 보기 어렵고, 이러한 해제의 의사는 피고가 같은 해 9.10. 발송한 계약해제통지서(을 제7호증)에 의하여 비로소 표시된 것으로 보이며, 한편 원심이 채용한 을 제12호증의 10, 원심이 배척하지 아니한 갑 제5호증의 각 기재에 의하면, 소외인은 같은 해 9.7. 피고로부터 잔금수령을 거절당하고서 이를 이유로 하여 이미 같은 해 9.10. 그 금액을 적법하게 변제공탁한 사

출처: lbox.kr/case/대법원/92다42651

실을 알 수 있는바, 이에 의하면, 소외인은 피고의 계약해제의 의사표시가 도달되기 이전에 위와 같은 공탁으로써 그 해제권을 소멸시킨 것이라고 봄이 상당하여 피고의 계약해제 항변은 배척될 것이 명백하므로, 위와 같은 위법이 피고의 계약해제 항변을 배척한 원심결론에는 영향이 없다. 논지도 이유 없다.

4. 그러므로 상고를 기각하고, 상고비용은 패소자의 부담으로 하여 관여 법관의 일치된 의견으로 주문과 같이 판결한다.

대법관 박만호(재판장) 박우동 김상원(주심)