# Exhibit Jong-11

## C. Case Law

Initially, Supreme Court Decision 81Hu43 dated June 22, 1982, Supreme Court Decision 87Hu111 dated December 8, 1987, Supreme Court Decision 97Da41295 dated March 26, 1999, etc., adopted the position of joint ownership based on the provisions of the *Patent Act*. However, the Supreme Court subsequently changed its position in its December 9, 2004 ruling (2002 Hu 567), beginning to view the essence as co-ownership. This same position was reaffirmed in the recent Supreme Court Decision 2013Da41578 dated August 20, 2014.

## D. Recap

Since co-ownership of patent rights does not involve co-owners forming a partnership association based on a common purpose or business ;partnership, it is reasonable to view its essence as co-ownership rather than joint ownership, as per recent Supreme Court precedents. One cannot but say that seeking its essence from the perspective of joint ownership or a compromise theory based on the *Patent Act*'s restrictions on disposition is putting the cart before the horse—an illogical case of tail wagging the dog.[6] This is because the restrictions in the *Patent Act* exist due to the essence of the joint ownership relationship of patent rights, not the other way around. If the essence were to be found in the provisions of the *Patent Act*, it would be difficult to provide appropriate supplementary interpretations for matters not covered by the Act. Furthermore, it would hinder logical and systematic interpretation or legislation across civil law as a whole.

## 다. 판례

당초 대법원 1982. 6. 22. 선고 81후43 판결, 대법원 1987. 12. 8. 선고 87후111 판결, 대법원 1999. 3. 26. 선고 97다41295 판결 등은 특허법의 규정을 근거로 합유설의 입장을 취하였다. 이후 대법원 2004. 12. 9. 선고 2002후567 판결은 입장을 변경하여 그 본질을 공유로 보기 시작하였고, 최근 대법원 2014. 8. 20. 선고 2013다41578 판결을 통하여 같은 입장을 확인하였다.

## 라. 정리

특허권의 공유는 공유자들이 공동의 목적이나 동업관계를 기초로 조합체를 형성하는 형태가 아니므로, 최근 대법원 판례와 같이 그 본질은 합유가 아니라 공유라고 봄이 타당하다.

특허법의 처분 제한규정을 근거로 합유설 내지 절충설의 입장에서 그 본질을 찾는 것은 본말이 전도된 논리라고 하지 않을 수 없다.[6] 왜냐하면, 특허권의 공동소유관계의 본질 때문에 특허법의 제한규정이 생긴 것이지, 특허법의 제한규정 때문에 그 본질이 결정되는 것은 아니기 때문이다. 특허법의 규정에서 그 본질을 찾는다면 특허법에 규정되지 않은 사항들에 대하여 적절한 보충 해석이 어렵고, 나아가 민사법 전반에 걸친 논리적이고 체계적인 해석 내지 입법이 곤란하다.

**A. Scope of Management - Acts such as claims for damages, claims for injunctive relief, etc.**

[1] In cases of patent infringement, a co-owner may exercise the right to claim damages solely in proportion to their share.[19] The same applies to the right to claim return of unjust enrichment.[20] Where there is a significant disparity in the scale of exploitation between co-owners, compensation proportional to the share may lead to an unreasonable result as compensation for actual damages. Japanese case law includes rulings stating that the presumption of damages should be proportional to the proceeds each co-owner obtains.

[2] Regarding the point that a co-owner may exercise the right to seek an injunction solely, case law and legal theory agree. However, opinions diverge on the basis for such agreed point: (1) the view that it is possible as a preservation act under the Civil Code, which is a right of the co-owner, and (2) the view that it can be exercised naturally by virtue of the share rights held by each co-owner. The latter view argues that if the injunction claim is a preservation act, then if the lawsuit is lost, the judgment's effect would extend to the other co-owners as well. This would result in an effect akin to having performed a dispositive act, making it an unreasonable view. However, even if it is argued that the action can be naturally exercised based on the co-owner's shareholding rights, the effect of the judgment applies only to the co-owner who filed the lawsuit and not to the other co-owners. Therefore, the latter view does not seem to present an appropriate justification.

## 가. 관리의 범위 - 손해배상청구, 금지청구 등 행위

[1] 특허권이 침해되는 경우, 공유자는 자기의 지분에 상응하여 단독으로 손해배상청구권을 행사할 수 있고,[19] 부당이득반환청구권에 관해서도 마찬가지다.[20] 공유자 사이에 실시 규모가 현저히 차이나는 경우 지분에 상응한 배상은 실제 손해의 전보로서 불합리한 결과가 될 수 있는데, 일본 판례 중에는 손해배상액의 추정규정은 각 공유자가 얻는 수익에 비례한다는 취지의 판결도 있다.[21]

[2] 공유자가 단독으로 금지청구권을 행사할 수 있다는 점에 관하여는 판례와 학설이 일치하나, 그 근거에 대하여 ① 민법상 공유자의 권리인 보존행위로서 가능하다는 견해와, ② 각 공유자가 가진 지분권에 의하여 당연히 행사할 수 있다는 견해로 나뉜다. 후자는 금지청구가 보존행위라면 패소한 경우에는 다른 공유자에게도 판결의 효력이 미치고, 일종의 처분행위를 행한 것과 같은 결과가 되어 부당하다고 주장하나, 공유자의 지분권에 기초한 것이라고 하더라도 판결의 효력이 제소한 공유자에게만 미치고 다른 공유자에게는 미치지 않으므로 적절한 근거를 제시한 것은 아닌 것 같다.

19