# Exhibit Jong-13

# Supreme Court Decision 83DaKa1815 dated February 14, 1984

## [Registration of Transfer of Ownership, etc.]

**Holdings**

Propriety (Y/N) of voluntary litigation trust to an association member executing business

**Summary of Decision**

Voluntary litigation trust may be recognized as having a reasonable need in extremely limited cases as long as it is not by an illegal method, and in an association under the Civil Code, an association member executing business who has been granted authority by the association agreement or association resolution to manage association property in his own name and execute external business shall be permitted to receive a voluntary litigation trust from the association members regarding litigation concerning association property and conduct litigation in his own name.

## Supreme Court

## Decision

| | |
|---|---|
| Case | 83DaKa1815  Registration of Transfer of Ownership, etc. |
| Plaintiff, Appellant | Kuksung Industrial Co., Ltd. Legal Representative Attorney Yong Jin Kim |
| Defendants, Appellees | Business executor of the rotating credit association ◇◇◇◇ [anonymized] and 1 other |
| Original Decision | Seoul High Court Decision 83Na694 dated July 26, 1983 |

## Order

The original appellate court decision is reversed, and the case shall be remanded to the Seoul High Court.

## Reasoning

The grounds of appeal are examined.

1. According to the reasoning of the original appellate court decision, the original trial court recognized the facts that 64 persons listed in the attached list of rotating credit association ("gye" in Korean) members organized the rotating credit association called ◇◇◇◇ [anonymized] on August 20, 1957 for the purpose of reclaiming and developing public waters in the area of △△-ri and □□-ri, ○○-myeon, Pyeongtaek-gun, Gyeonggi-do, [Korea] to create agricultural land, received a license for reclamation of public waters from the authorities on December 19 of the same year, reclaimed a total of 586 acre, and received completion approval from the Minister of Construction on October 11, 1971, and that the regulations at the time of establishment of the ◇◇◇◇ rotating credit association provided that withdrawal of rotating credit association members and new admission must obtain approval of the general meeting upon recommendation of the board of directors, that the qualification of rotating credit association members is inheritable, that the method of distribution and acquisition of agricultural land to rotating credit association members shall be by installment payment of the land price over 5 to 10 years, that until the completion of such payment it shall be the property of the rotating credit association, and that the right to registration of transfer of ownership arises after completion of payment, and then determined that since the rotating credit association is structured such that the individuality of each rotating credit association member is clearly reflected in the operation of the rotating credit association, it would be appropriate to view the substance of the rotating credit association as an association, and that an association entity does not have party capacity under the *Civil Procedure Act*, so each association member has no choice but to come forward as a party, and that this case lawsuit concerning property in co-ownership is a necessary co-litigation in which all of the association members must be made defendants, and that even if the representative of the association has the authority to execute business and the right of representation, it cannot be said that the law grants party qualification to allow the representative to conduct litigation regarding the rights and obligations of the association in his personal name, and that even according to Plaintiff's Exhibits Nos. 4 and 5 submitted by the plaintiff, it can be recognized that the association members did not grant the defendants the right to conduct litigation to perform litigation acts in their names, but it is merely regarding the execution of business and the right of representation of the association, and thus the plaintiff's lawsuit in this case is improper as it makes persons without party qualification defendants, and upheld the first instance decision that dismissed the plaintiff's lawsuit on the same grounds.

2. Regarding civil litigation concerning claims for property rights, as a matter of principle, party qualification exists in the rights holder who has the authority to manage and dispose of the right or legal relationship that is the subject matter of the lawsuit, but it should be interpreted that even if a third party, party qualification may be granted to a certain right or legal relationship in accordance with the provisions of law, and that cases where party qualification is recognized by receiving the right to conduct litigation according to the intention of the original rights holder are also permitted. Of course, such voluntary litigation trust can only be said to be permitted in extremely limited cases under our country's legal system, but since there may be cases where it is not by an illegal method (such as avoiding limiting litigation representation to attorneys and prohibiting litigation trust) and it is recognized that there is a reasonable need to permit it, accordingly, in an association under the Civil Code, an association member executing business who has been granted authority by the association agreement or association resolution to manage association property in his own name and execute

Source: lbox.kr/case/Supreme Court/83DaKa1815

external business shall be permitted to receive a voluntary litigation trust from the association members regarding litigation concerning association property and conduct litigation in his own name (the statement by this Court in its decision rendered on February 27, 1968, Case No. 67Da2104, 2105, that "if the counterclaim of the counter-plaintiffs as mentioned above was an exercise of the association's claim against the plaintiff, it should clarify and examine and determine whether there are provisions regarding the business executor in the association contract of the association, whether the counter-plaintiffs were elected as business executors of the association if there are no such provisions, and whether exercising the association's claim against the plaintiff in this case truly falls under the ordinary business of the association" should be understood as premised on the permissibility of such voluntary litigation trust in an association under the Civil Code).

3. Looking back, it is recognized by Plaintiff's Exhibit No. 5 that the extraordinary general meeting of ◇◇◇◇ Rotating credit association members held on August 13, 1979 elected Defendant 1 as the head of the rotating credit association and specially authorized executor of rotating credit association business, and Defendant 2 as standing director and specially authorized executor of rotating credit association business, respectively, for efficient operation of the rotating credit association, including conducting lawsuits in about 20 cases, so not only does the original trial court's evidentiary determination itself, which recognized that the association members did not grant the defendants the right to conduct litigation to perform litigation acts in their names but it is merely regarding the execution of business and the right of representation of the association, contradict the express language of the documentary evidence, but the original trial court should have examined the purport of the resolution and, if the resolution includes a voluntary litigation trust, should have recognized the defendants' party qualification in this case, yet the original appellate court decision that upheld the first instance decision that dismissed this case lawsuit as improper for the reasons stated above erred in interpreting the *Civil Procedure Act*, and the grounds of appeal regarding this point have merit. Therefore, since the original appellate court decision cannot avoid reversal, the opinions of the participating justices are unanimous to remand the case to the Seoul High Court for re-examination and determination, and the decision is hereby rendered as set out in the Order.

Supreme Court Justice Il Kyu Lee (Presiding Justice); Seong Ryeol Lee; Sang Seok Jeon; Hoi Chang Lee

출처: lbox.kr/case/대법원/83다카1815

# 대법원 1984. 2. 14.자 83다카1815 결정 [소유권이전등기등]

**결정사항**

업무집행 조합원에 대한 임의적 소송신탁의 적부

**결정요지**

임의적 소송신탁은 탈법적인 방법에 의한 것이 아닌 한 극히 제한적인 경우에 합리적인 필요가 있다고 인정될 수 있는 것인 바, 민법상의 조합에 있어서 조합규약이나 조합결의에 의하여 자기 이름으로 조합재산을 관리하고 대외적 업무를 집행할 권한을 수여받은 업무집행 조합원은 조합재산에 관한 소송에 관하여 조합원으로부터 임의적 소송신탁을 받아 자기 이름으로 소송을 수행하는 것이 허용된다고 할 것이다.

## 대 법 원

## 결 정

| | |
|---|---|
| 사건 | 83다카1815 소유권이전등기등 |
| 원고, 상고인 | 국성실업주식회사 소송대리인 변호사 김용진 |
| 피고, 피상고인 | ◇◇◇◇계의 업무집행자 외 1인 |
| 원심판결 | 서울고등법원 1983.7.26. 선고 83나694 판결 |

**주 문**

원심판결을 파기하여, 사건을 서울고등법원에 환송한다.

출처: lbox.kr/case/대법원/83다카1815

# 이  유

상고이유를 본다.

1. 원심판결 이유기재에 의하면 원심은 그 별지 계원명단 기재 64명이 1957.8.20. 경기도 평택군 ○○면 △△리와 □□리 일대 지선의 공유수면을 매립 개간하여 농경지를 조성할 목적으로 ◇◇◇◇계를 조직하고 같은해 12.19 당국으로부터 공유수면 매립면허를 받아 총 717,376평을 매립하고 1971.10.11 건설부장관으로부터 준공인가를 받았는데 위 ◇◇◇◇계의 설립당시의 규약에는 계원의 탈퇴와 신규가입은 이사회의 제청으로 총회의 승인을 얻어야 하고 계원의 자격은 상속할 수 있으며 계원에 대한 농지분배 취득의 방법은 토지대금을 5년 내지 10년의 연부상환으로 하되 그 상환완료시까지는 이를 그 계의 재산으로 하고 상환완료 후에 소유권이전등기의 권리가 발생한다고 규정되어 있는 사실 등을 인정한 다음 그렇다면 위 계는 각 계원의 개성이 뚜렷하게 계의 운영에 반영되도록 되어 있는 만큼 위 계의 실체를 조합으로 보는 것이 상당하다 할 것이고 조합체는 민사소송법상의 당사자 능력이 없다고 할 것이므로 각 조합원이 당사자로 나설 수 밖에 없다 할 것이며 합유재산에 관한 이 사건 소는 위 조합원 전원을 피고로 하여야 하는 필요적 공동소송이라 할 것이고 조합의 대표자가 그 업무집행권 대표권이 있다고 하여 그 대표자의 개인적인 이름으로 조합의 권리의무에 관한 소송을 하도록 법률이 당사자 적격을 부여한 것이라고 할 수 없으며 또한 원고 의용의 갑 제4,5호증에 의하여도 조합원이 피고들에게 그 이름으로 소송행위를 하도록 소송수행권을 부여한 것이 아니라 조합의 업무집행 및 대표권에 관한 것일 뿐임을 인정할 수 있어 원고의 이 사건 소는 당사자적격이 없는 자를 피고로 한 부적법한 것이라 하여 같은 취지로 원고의 소를 각하한 제1심판결을 유지하였다.

2. 민사소송중 재산권상의 청구에 관하여는 소송물인 권리 또는 법률관계에 관하여 관리처분권을 갖는 권리주체에게 당사자적격이 있다고 함이 원칙이나 비록 제3자라고 하더라도 법률이 정하는 바에 따라 일정한 권리나 법률관계에 관하여 당사자적격이 부여되는 경우와 본래의 권리주체로부터 그의 의사에 따라 소송수행권을 수여 받음으로써 당사자적격을 인정하는 경우도 허용된다고 풀이할 것이다. 물론 이와 같은 임의적 소송신탁은 우리나라 법제하에서는 그 허용되는 경우라는 것은 극히 제한적이라고 밖에 할 수 없을 것이나 탈법적 방법에 의한 것이 아니고(소송대리를 변호사에 한하게 하고 소송신탁을 금지하는 것을 피하는 따위)이를 인정하는 합리적 필요가 있다고 인정되는

출처: lbox.kr/case/대법원/83다카1815

경우가 있을 것이므로 따라서 민법상의 조합에 있어서 조합규약이나 조합결의에 의하여 자기의 이름으로 조합재산을 관리하고 대외적 업무를 집행할 권한을 수여받은 업무집행조합원은 조합재산에 관한 소송에 관하여 조합원으로부터 임의적 소송신탁을 받아 자기의 이름으로 소송을 수행하는 것은 허용된다고 할 것이다(일찌기 당원이 1968.2.27. 선고 67다2104, 2105 판결에서 밝힌 " 만일 위와 같은 반소원고들의 반소청구가 위 조합의 원고에 대한 채권을 행사한 것이라면 위의 조합에 있어서의 조합계약에 그 업무집행자에 관한 규정이 있는가의 여부와 그와 같은 규정이 없다면 반소원고들은 위 조합의 업무집행자로 선출되었는가의 여부 및 과연 본건과 같은 원고에 대한 조합의 채권을 행사하는 것이 위 조합의 상무에 속하는 것인가의 여부의 점들을 석명하고 심리판단을 하여야 한다" 는 판시는 민법상의 조합에 있어서의 이와 같은 임의적 소송신탁이 허용될 것임을 전제로 하는 것으로 새겨진다).

3. 돌이켜 보면 1979.8.13에 열린 ◇◇◇◇계원 임시총회는 20여건에 이르는 소송수행 등 계의 효율적 운영을 위하여 이 사건 피고 1을 계장 겸 계업무 특별수권집행자 피고 2를 상임이사 겸 계업무 특별수권집행자로 각 선출하였음이 갑 제5호증에 의하여 인정되는 바이므로 원심이 이를 조합원이 피고들에게 그 이름으로 소송행위를 하도록 소송수행권을 부여한 것이 아니라 조합의 업무집행 및 대표권에 관한 것일 뿐임을 인정할 수 있다는 증거판단 자체도 위 서증의 명문에 반할 뿐더러 원심으로서는 위 결의의 취지를 심리하여 그 의결이 임의적 소송신탁을 포함하는 것이라면 피고에게 이 사건의 당사자적격을 인정하였음이 마땅하다 할 것임에도 불구하고 앞에 쓴 바와 같은 이유로 이 사건 소를 부적법하다고 이를 각하한 제1심판결을 유지한 원심판결은 민사소송법의 해석을 그르친 것으로 이 점에 관한 상고논지는 그 이유가 있다.

따라서 원심판결은 파기를 면하지 못할 것이므로 원심으로 하여금 다시 심리판단케 하기 위하여 사건을 서울고등법원에 환송하기로 관여 법관의 의견이 일치하여 주문과 같이 판결한다.

대법관 이일규(재판장) 이성렬 전상석 이회창