# Exhibit Jong-15

**Holdings**

In a matter where Party A, a photographer originally from UK, assigned domestic Korean copyright, etc., in a photographic work of Solseom Island [located in Korea] to Party B, and when Company C, an incorporated entity, used a photograph with Solseom Island as its background in an advertisement, Party B sought damages from Company C on the grounds of infringement of the copyright in the aforementioned Solseom Island photograph, a case holding that even if Party A's photograph and Company C's photograph are similar in overall concept, etc., such similarity alone is hardly to be regarded as falling within the subject matter of copyright protection, and that the two photographs cannot be said to be substantially similar.

**Summary of Decision**

In a matter where Party A, a photographer originally from UK, assigned domestic Korean copyright, etc., in a photographic work of Solseom Island [located in Korea] to Party B, and when Company C, an incorporated entity, used a photograph with Solseom Island as its background in an advertisement, Party B sought damages from Company C on the grounds of infringement of the copyright in the aforementioned Solseom Island photograph, it was held that, in light of the fact that natural scenery is creative material commonly shared by all and that it is in fact impossible for a photographer to make any modification to the subject matter, it is difficult to regard that there exists a wide range of possibilities of expression, and therefore, even if Party A's photograph and Company C's photograph both depict the landscape from the same shooting point and are similar in overall concept, etc., such similarity alone is hardly to be regarded as falling within the subject matter of copyright protection, and in light of the fact that the two photographs appear to have been taken in different seasons and at different times of day, etc., they cannot be said to be substantially similar.

## Seoul Central District Court

### Decision

| | |
|---|---|
| Case | 2013GaHap527718 Damages (Miscellaneous) |
| Plaintiff | Plaintiff (Legal Representative: Law Firm JeongYul LLC; Attorney handling the case: Sang Gyu Cho) |
| Defendant | Korean Air Co., Ltd. (Legal Representative: Law Firm Lee & Ko; Attorneys handling the case Eun Woo Lee and two others) |
| Closing Argument | February 25, 2014 |

Source: lbox.kr/case/SeoulCentralDistrictCourt/2013GaHap527718

# Orders

1. The plaintiff's claim is dismissed

2. Litigation costs shall be borne by the plaintiff.

# Purport of Claim

The defendant shall pay to the plaintiff KRW 300 million and money calculated at the rate of 6% per annum on that amount from August 11, 2011 until the date of service of a duplicate copy of the subject complaint, and at the rate of 20% per annum from the next day thereof until full payment is made.

# Reasoning

1. Basic facts

A. Nonparty 1's Solseom Island photograph

Nonparty 1, a photographer originally from UK, after photographing Solseom Island located in Hosan-ri, Wondeok-eup, Samcheok-si in 2007, published it, and thereafter Solseom Island began to gain fame as a shooting location. The photograph in Exhibit 1 ("Subject Photographic Work") is one of the photographs published at that time.

B. Contract between the plaintiff and Nonparty 1

The plaintiff is a sole proprietor operating the plaintiff gallery, and on October 28, 2010, entered into an agency contract with Nonparty 1 ("Subject Agency Contract") to the effect that the plaintiff holds domestic sales and exhibition agency rights for Nonparty 1's works including the Subject Photographic Work, and on November 4, 2010, received from Nonparty 1 a confirmation statement ("Subject Confirmation") stating that "the Korean copyright, right of disposition, and ownership right of Nonparty 1's Solseom Island photographic series works are transferred to the plaintiff until further notice."

C. Nonparty 2's Solseom Island photograph

Nonparty 2, an amateur photographer, submitted photographs with Solseom Island as background to the 17th Korean Air Travel Photo Contest hosted by the defendant around 2010, and on October 5, 2010, one of them, the photograph in Exhibit 2 ("Subject Contest Photograph"), was selected as a winning entry.

D. Defendant's advertisement

Source: lbox.kr/case/SeoulCentralDistrictCourt/2013GaHap527718

Thereafter, the defendant, around 2011, produced an advertising video using the Subject Contest Photograph, and from August 11, 2011, broadcast it through television and the Internet.

[Grounds recognized] Undisputed facts, descriptions in Plaintiff's Exhibits 1 through 6, 13, 15, 17, 18 and 21, witness testimony of Nonparty 1, and the whole purport of arguments

2. Parties' arguments

A. Plaintiff

The defendant used the Subject Contest Photograph, which imitates the Subject Photographic Work, in its advertisement without permission from the plaintiff, the copyright holder. Therefore, the defendant is obligated to pay to the plaintiff KRW 300 million as damages for copyright infringement and delay damages thereon.

B. Defendant

1) The plaintiff was granted only exhibition and sales agency rights for Nonparty 1's works from Nonparty 1, and not assignment of copyright in the Subject Photographic Work, and even if the plaintiff was assigned copyright, such assignment was made for the purpose of this lawsuit and is therefore invalid as it violates Article 6 of the *Trust Act*.

2) The Subject Contest Photograph is an entirely different work in which no substantial similarity in form of expression can be recognized with the Subject Photographic Work.

3) It cannot be regarded that the Subject Contest Photograph was taken on the basis of the Subject Photographic Work, so no derivation can be recognized.

3. Whether there is liability for damages

A. Whether the plaintiff is the holder of copyright

Whether the plaintiff was assigned the copyright in the Subject Photographic Work from Nonparty 1 is examined; in light of the following circumstances that can be recognized by comprehensively considering the facts recognized above, the witness testimony of Nonparty 1, and the whole purport of arguments, namely, (1) the fact that the Subject Confirmation directly prepared by Nonparty 1 on November 4, 2010 explicitly states that the copyright in Korea is assigned to the plaintiff, and that Nonparty 1 also testified before this court that "all licenses sold in Korea, the ○ [anonymized] Gallery (the plaintiff) holds the copyright," (2) the fact that although the content of the Subject Confirmation differs from that of the Subject Agency Contract entered into on October 28, 2010, it can be recognized as an agreement that supplements or modifies the contract and is valid, (3) the fact that it is possible to assign intellectual property rights with

Source: lbox.kr/case/SeoulCentralDistrictCourt/2013GaHap527718

temporal and territorial limitations, and thus it is difficult to interpret the statement that copyright "within Korea" is assigned "until further notice" as a trust or grant of agency authority, and (4) the fact that rather it appears to be a copyright assignment contract under which Nonparty 1 reserved the right to demand re-assignment or rescission in the event of other circumstances after being paid consideration from the plaintiff depending on future disposition of the work, it is reasonable to view that the plaintiff was assigned copyright in the Subject Photographic Work from Nonparty 1 on November 4, 2010.

Next, whether the copyright assignment is invalid as it violates Article 6 of the *Trust Act* is examined. Where an assignment of a claim, etc. is made with the principal purpose of causing litigation acts, even if the assignment does not fall under a trust under the *Trust Act*, Article 6 of the *Trust Act* shall apply mutatis mutandis and render such assignment null and void, and whether the principal purpose is to cause litigation acts shall be determined in light of all circumstances such as the background and method of the claim assignment contract, the time interval from the conclusion of the assignment contract to the filing of a lawsuit, and the personal relationship between the assignor and the assignee (see Supreme Court Decision 2000Da4210 dated December 6, 2002, etc.). However, in light of the following circumstances that can be recognized by adding the whole purport of arguments to the evidence seen earlier, namely, (1) the fact that this lawsuit was filed on June 24, 2013, two years and seven months after November 4, 2010, when the assignment of copyright in the Subject Photographic Work was made, (2) the fact that the plaintiff was assigned the entirety of copyright and right of disposition, and not merely a claim for damages for copyright infringement in the Subject Photographic Work from Nonparty 1, (3) the fact that the assignment of copyright was made to facilitate the management or negotiation of Nonparty 1's works in Korea, and (4) the fact that the purport of Article 6 of the *Trust Act* is to prevent evasion of the principle of attorney representation and to prevent acquisition of unjust profits through litigation trust, the circumstances cited by the defendant alone are insufficient to recognize that Nonparty 1 assigned copyright to the plaintiff for the primary purpose of causing the plaintiff to engage in litigation acts, and there is no other evidence to recognize this. Therefore, the defendant's defense in this regard is without merit.

B. Whether there is copyright infringement

(1) Standard for determining copyright infringement

The subject matter of copyright protection is creative forms of expression concretely expressed externally through words, letters, sounds, colors, etc. of thoughts or emotions obtained through human mental effort in the fields of scholarship and art, and the content expressed, namely ideas, theories, etc. of thoughts and emotions themselves, even if they are original or novel, are in principle not subject to copyright protection. Therefore, in determining whether there is substantial similarity between two works for the purpose of determining copyright infringement, only those elements corresponding to creative forms of expression

Source: lbox.kr/case/SeoulCentralDistrictCourt/2013GaHap527718

should be compared (see Supreme Court Decision 98Do112 dated October 22, 1999; Supreme Court Decision 2009Da16742 dated November 11, 2010, etc.). In the case of photographic works, only when the photographer's individuality and creativity are recognized in the process of selecting the subject matter, determining the composition, controlling the direction and amount of light, setting the camera angle, choosing the shutter speed, capturing the shutter chance, and the methods of shooting, development, and printing, can such work be regarded as a photographic work (see Supreme Court Decision 2008Da44542 dated December 23, 2010, etc.).

To recognize copyright infringement, there must objectively be substantial similarity between the infringing work and the infringed work, and subjectively, it is required that the infringer used the work on the basis of the work.

(2) Whether there is substantial similarity

The plaintiff argues that "the angle in which water, sky, and trees are harmonized through Solseom Island being reflected on the water" is the core of the Subject Photographic Work, and that the Subject Contest Photograph is similar to the Subject Photographic Work in all elements of composition, namely, the selection of the subject matter, determination of composition, control of the direction and amount of light, setting of the camera angle, shutter speed, capturing the shutter chance, and methods of shooting, development, and printing, and therefore whether the Subject Contest Photograph falls under a work with substantial similarity that reproduces or uses concretely expressed creative forms of expression protected by copyright, beyond the idea domain of the expression in the Subject Photographic Work is examined.

In light of the following circumstances that can be recognized by adding the descriptions in Plaintiff's Exhibit 35, Defendant's Exhibit 8, and the whole purport of arguments to the evidence cited earlier, namely, (1) in the case of photographing the same subject, the choice of photographing an already existing natural object or scenery in which season, at what time, at which location, and from which angle is a sort of idea and as such, it cannot be the subject matter of copyright protection, (2) even if the Subject Photographic Work and the Subject Contest Photograph both depict 'the appearance in which water, sky, and trees are harmonized through Solseom Island being reflected on the water' from the same shooting point and therefore have a similar overall concept or feeling, such similarity alone is hardly to be regarded as falling within the subject matter of copyright protection (since natural scenery is creative material commonly shared by all people and it is in fact impossible for a photographer to make any modification to the subject matter, it is difficult to regard that there exists a wide range of possibilities of expression, and recognizing creativity as a work based on overall concept or feeling would severely deprive other authors or artists of opportunities and freedom of creation), (3) the Subject Photographic Work is a square photograph in which Solseom Island is positioned at a point somewhat shifted to the left from the central part of the photograph, whereas the

Source: lbox.kr/case/SeoulCentralDistrictCourt/2013GaHap527718

Subject Contest Photograph is a rectangular photograph in which Solseom Island is positioned at a point somewhat shifted to the right from the central part of the photograph, so it is difficult to regard that the compositions of the two photographs are identical, (4) the direction of light varies depending on the season and time of day when the natural object Solseom Island is photographed, which is a matter of choice and, again, cannot be the subject matter of copyright protection by itself, and the Subject Photographic Work and the Subject Contest Photograph appear to have been taken in different seasons and at different times of day (the Subject Photographic Work appears to have been taken in the early evening of late winter, and the Subject Contest Photograph appears to have been taken at dawn in midsummer), (5) furthermore, while in the Subject Photographic Work the area near the left horizon of Solseom Island is the brightest, in the Subject Contest Photograph bright light is cast near the right horizon of Solseom Island, so the directions of light differ, and there is no material to regard that the direction or amount of light in the two works is similar, (6) although both photographs used a long-exposure technique, whereas the Subject Photographic Work calmly expresses the static appearance of Solseom Island like an ink-and-wash painting, the Subject Contest Photograph dynamically expresses the various lights and clouds just before sunrise at dawn and the appearance of Solseom Island scenery in harmony with them, so what is intended to be expressed through such shooting methods differs, and (7) there is no material to recognize similarities in shutter speed, other shooting methods, development, and printing, and in light of these and other things, it is difficult to regard that the Subject Photographic Work and the Subject Contest Photograph are substantially similar based solely on the evidence presented by the plaintiff, and there is no other evidence to recognize this.

(3) Sub-conclusion

Therefore, without the need for further examining whether the Subject Contest Photograph was created on the basis of the Subject Photographic Work, the plaintiff's claim of copyright infringement, which presupposes that substantial similarity is recognized between the Subject Photographic Work and the Subject Contest Photograph, is without merit.

4. Conclusion

Accordingly, the plaintiff's claim is without merit, it is dismissed, and the decision is hereby rendered as set out in the Order. [[Exhibit 1] omitted] [[Exhibit 2] omitted]

Judge Woo Yong Sim (Presiding Judge); Woo Yong Lee; Jeong Eon Hwang

출처: lbox.kr/case/서울중앙지방법원/2013가합527718

**판시사항**

영국 출신 사진작가 갑이 을에게 '솔섬' 사진 작품에 관한 국내 저작권 등을 양도하였는데, 병 주식회사가 '솔섬'을 배경으로 한 사진을 광고에 사용하자 을이 병 회사를 상대로 '솔섬' 사진의 저작권 침해를 이유로 손해배상을 구한 사안에서, 갑의 사진과 병 회사의 사진이 전체적인 콘셉트(Concept) 등이 유사하다고 하더라도 그 자체만으로는 저작권의 보호대상이 된다고 보기 어렵고, 양 사진이 실질적으로 유사하다고 할 수 없다고 한 사례

**판결요지**

영국 출신 사진작가 갑이 을에게 '솔섬' 사진 작품에 관한 국내 저작권 등을 양도하였는데, 병 주식회사가 '솔섬'을 배경으로 한 사진을 광고에 사용하자 을이 병 회사를 상대로 '솔섬' 사진의 저작권 침해를 이유로 손해배상을 구한 사안에서, 자연 경관은 만인에게 공유되는 창작의 소재로서 촬영자가 피사체에 어떠한 변경을 가하는 것이 사실상 불가능하다는 점을 고려할 때 다양한 표현 가능성이 있다고 보기 어려우므로, 갑의 사진과 병 회사의 사진이 모두 같은 촬영지점에서 풍경을 표현하고 있어 전체적인 콘셉트(Concept) 등이 유사하다고 하더라도 그 자체만으로는 저작권의 보호대상이 된다고 보기 어렵고, 양 사진이 각기 다른 계절과 시각에 촬영된 것으로 보이는 점 등에 비추어 이를 실질적으로 유사하다고 할 수 없다고 한 사례.

## 서울중앙지방법원

## 판        결

| | |
|---|---|
| 사건 | 2013가합527718 손해배상(기) |
| 원고 | 원고 (소송대리인 법무법인(유한) 정률 담당변호사 조상규) |
| 피고 | 주식회사 대한항공 (소송대리인 법무법인 광장 담당변호사 이은우 외 2인) |
| 변론종결 | 2014. 2. 25. |

출처: lbox.kr/case/서울중앙지방법원/2013가합527718

## 주 문

1. 원고의 청구를 기각한다.

2. 소송비용은 원고가 부담한다.

## 청 구 취 지

피고는 원고에게 3억 원 및 이에 대한 2011. 8. 11.부터 이 사건 소장 부본 송달일까지는 연 6%의, 그 다음날부터 다 갚는 날까지는 연 20%의 각 비율에 의한 금원을 지급하라.

## 이 유

1. 기초 사실

가. 소외 1의 '솔섬' 사진

영국 출신 사진작가 소외 1은 2007년 삼척시 원덕읍 호산리에 있는 솔섬을 촬영한 후 이를 발표하였으며, 그 후 솔섬은 출사지로서 유명세를 타기 시작하였다. 별지 1 사진(이하 '이 사건 사진저작물'이라 한다)은 당시 발표한 사진 중의 하나이다.

나. 원고와 소외 1 사이의 계약

원고는 원고 갤러리를 운영하는 개인사업자로서, 2010. 10. 28. 소외 1과 사이에 원고가 이 사건 사진저작물을 포함한 소외 1의 작품의 국내 판매 및 전시 대리권을 가진다는 내용의 에이전시 계약(이하 '이 사건 에이전시 계약'이라 한다)을 체결하고, 2010. 11. 4. 소외 1로부터 "소외 1의 솔섬 사진 시리즈 작품들의 한국 저작권과 처분권, 소유권을 추후 통지가 있을 때까지 원고에게 이전한다"는 내용의 확인서(이하 '이 사건 확인서'라 한다)를 받았다.

다. 소외 2의 '솔섬' 사진

아마추어 사진작가인 소외 2는 2010년경 피고가 주최한 제17회 대한항공 여행사진 공모전에 솔섬을 배경으로 한 사진들을 출품하였고, 2010. 10. 5. 그중 별지 2 사진(이하 '이 사건 공모전 사진'이라 한다)이 입선으로 당선되었다.

라. 피고의 광고

그 후 피고는 2011년경 이 사건 공모전 사진을 이용하여 광고 영상을 제작하였고 2011. 8. 11.부터 이를 TV 및 인터넷을 통해 방송하였다.

[인정 근거] 다툼 없는 사실, 갑 제1 내지 6, 13, 15, 17, 18, 21호증의 각 기재, 증인 소외 1의 증언, 변론 전체의 취지

2. 당사자들의 주장

가. 원고

피고는 저작권자인 원고의 허락 없이 이 사건 사진저작물을 모방한 이 사건 공모전 사진을 사용하여 광고하였다. 따라서 피고는 원고에게 저작권 침해로 인한 손해배상으로 3억 원 및 이에 대한 지연손해금을 지급할 의무가 있다.

나. 피고

1) 원고는 소외 1로부터 이 사건 사진저작물에 관한 저작권을 양도받은 것이 아니라 소외 1의 작품에 대한 전시 및 판매대리권만을 부여받았으며, 설령 원고가 저작권을 양도받았다고 하더라도 이는 이 사건 소송을 목적으로 이루어진 것이므로 신탁법 제6조에 위반되어 무효이다.

2) 이 사건 공모전 사진은 이 사건 사진저작물과 표현형식에 있어서 실질적 유사성이 인정되지 않는 전혀 다른 작품이다.

3) 이 사건 공모전 사진은 이 사건 사진저작물을 토대로 하여 촬영된 것이라고 볼 수 없어 의거성이 인정되지 않는다.

3. 손해배상책임의 성부

가. 원고가 저작권의 귀속주체인지 여부

원고가 소외 1로부터 이 사건 사진저작물의 저작권을 양도받았는지에 관하여 살피건대, 앞서 인정한 사실관계에 증인 소외 1의 증언 및 변론 전체의 취지를 종합하여 인정할 수 있는 다음과 같은 사정들, 즉 ① 소외 1이 2010. 11. 4. 직접 작성한 이 사건 확인서에 한국 내 저작권을 원고에게 양도한다는 내용이 명시적으로 기재되어 있을 뿐만 아니라, 소외 1도 이 법정에서 "한국에서 판매되는 모든 라이센스는 ○갤러리(원고)가 저작권을 갖는다"고 진술하고 있는 점, ② 이 사건 확인서의 내용이 2010. 10. 28. 체결된 이 사건 에이전시 계약과 다른 내용이긴 하나 이를 보충 내지 수정하는 계약으로 그 유효성을 인정할 수 있는 점, ③ 저작재산권에 대하여 시간적·장소적 제한을 가하여

출처: lbox.kr/case/서울중앙지방법원/2013가합527718

양도하는 것이 가능하므로 '한국 내'에서의 저작권을 '추후 통지가 있을 때까지' 양도했다고 해서 이를 신탁 또는 대리권의 수여로 해석하기는 어려운 점, ④ 오히려 소외 1이 향후 저작물의 처분에 따라 원고로부터 그 대가를 지급받고 다른 사정이 발생하면 재양도 또는 해제를 요구할 수 있는 권리를 유보한 저작권 양도계약으로 보이는 점 등을 보태어 보면 원고는 2010. 11. 4. 소외 1로부터 이 사건 사진저작물의 저작권을 양도받았다고 봄이 상당하다.

다음으로 위 저작권의 양도가 신탁법 제6조에 위반되어 무효인지에 관하여 살펴본다. 소송행위를 하게 하는 것을 주된 목적으로 채권양도 등이 이루어진 경우 그 채권양도가 신탁법상의 신탁에 해당하지 않는다고 하여도 신탁법 제6조가 유추 적용되어 무효라 할 것이고, 소송행위를 하게 하는 것이 주된 목적인지는 채권양도계약이 체결된 경위와 방식, 양도계약이 이루어진 후 제소에 이르기까지의 시간적 간격, 양도인과 양수인 간의 신분관계 등 제반 상황에 비추어 판단하여야 할 것이다(대법원 2002. 12. 6. 선고 2000다4210 판결 등 참조). 그러나 앞서 본 증거들에 변론 전체의 취지를 보태어 인정할 수 있는 다음과 같은 사정들, ① 이 사건 사진저작물의 저작권의 양도가 이루어진 2010. 11. 4.로부터 2년 7개월이 지난 2013. 6. 24. 이 사건 소가 제기된 점, ② 원고는 소외 1로부터 이 사건 사진저작물에 대한 저작권 침해로 인한 손해배상청구권만을 양도받은 것이 아니라 저작권 및 처분권 일체를 양도받은 점, ③ 위 저작권의 양도는 국내에서 소외 1의 작품에 대한 관리 또는 협상을 용이하게 하기 위해 이루어진 점, ④ 변호사대리 원칙의 잠탈 방지나 소송신탁을 통한 부당한 이득의 취득을 방지하고자 하는 것이 신탁법 제6조의 취지인 점 등에 비추어 보면 피고가 들고 있는 사정만으로는 소외 1이 원고에게 소송행위를 하게 하는 것을 주목적으로 저작권을 양도하였다고 인정하기에 부족하고, 달리 이를 인정할 증거가 없다. 따라서 피고의 위 항변은 이유 없다.

나. 저작권 침해 여부

(1) 저작권 침해의 판단 기준

저작권의 보호 대상은 학문과 예술에 관하여 사람의 정신적 노력에 의하여 얻어진 사상 또는 감정을 말, 문자, 음, 색 등에 의하여 구체적으로 외부에 표현한 창작적인 표현형식이고, 표현되어 있는 내용, 즉 아이디어나 이론 등의 사상 및 감정 그 자체는 설사 그것이 독창성, 신규성이 있다고 하더라도 원칙적으로 저작권의 보호 대상이 되지 않는 것이므로, 저작권의 침해 여부를 가리기 위하여 두 저작물 사이에 실질적인 유사성이 있는가의 여부를 판단함에 있어서도 창작적인 표현형식에 해

출처: lbox.kr/case/서울중앙지방법원/2013가합527718

당하는 것만을 가지고 대비하여야 하는바(대법원 1999. 10. 22. 선고 98도112 판결, 대법원 2010. 11. 11. 선고 2009다16742 판결 등 참조), 사진저작물의 경우 피사체의 선정, 구도의 설정, 빛의 방향과 양의 조절, 카메라 각도의 설정, 셔터의 속도, 셔터찬스의 포착, 기타 촬영방법, 현상과 인화 등의 과정에서 촬영자의 개성과 창조성이 인정되어야만 그러한 저작물에 해당된다고 볼 수 있다(대법원 2010. 12. 23. 선고 2008다44542 판결 등 참조).

저작권 침해를 인정하기 위해서는 객관적으로 침해저작물과 피침해저작물 간에 실질적 유사성이 인정되어야 하고, 주관적으로 침해자가 저작물에 의거하여 그것을 이용하였을 것이 요구된다.

(2) 실질적 유사성 여부

원고는 '물에 비친 솔섬을 통하여 물과 하늘과 나무가 조화를 이루고 있는 앵글'이 이 사건 사진저작물의 핵심이고, 이 사건 공모전 사진은 사진저작물의 모든 구성요소 즉 피사체의 선정, 구도의 설정, 빛의 방향과 양의 조절, 카메라 각도의 설정, 셔터의 속도, 셔터찬스의 포착, 기타 촬영 방법, 현상 및 인화 등의 과정에서 이 사건 사진저작물과 유사하다고 주장하는바, 이 사건 공모전 사진이 이 사건 사진저작물의 표현 중 아이디어의 영역을 넘어서 저작권으로 보호가 되는 구체적으로 표현된 창작적인 표현형식 등을 복제하거나 이용하여 실질적인 유사성이 있는 저작물에 해당하는가에 대하여 살펴본다.

앞서 든 증거들에 갑 제35호증, 을 제8호증의 각 기재 및 변론 전체의 취지를 보태어 인정할 수 있는 다음과 같은 사정들, 즉 ① 동일한 피사체를 촬영하는 경우 이미 존재하고 있는 자연물이나 풍경을 어느 계절의 어느 시간에 어느 장소에서 어떠한 앵글로 촬영하느냐의 선택은 일종의 아이디어로서 저작권의 보호대상이 될 수 없는 점, ② 비록 이 사건 사진저작물과 이 사건 공모전 사진이 모두 같은 촬영지점에서 '물에 비친 솔섬을 통하여 물과 하늘과 나무가 조화를 이루고 있는 모습'을 표현하고 있어 전체적인 콘셉트(Concept)나 느낌이 유사하다 하더라도 그 자체만으로는 저작권의 보호대상이 된다고 보기 어려운 점(자연 경관은 만인에게 공유되는 창작의 소재로서 촬영자가 피사체에 어떠한 변경을 가하는 것이 사실상 불가능하다는 점을 고려할 때 다양한 표현 가능성이 있다고 보기 어려우므로, 전체적인 콘셉트나 느낌에 의하여 저작물로서의 창작성을 인정하는 것은 다른 저작자나 예술가의 창작의 기회 및 자유를 심하게 박탈하는 결과를 초래할 것이다), ③ 이 사건 사진저작물은 솔섬을 사진의 중앙 부분보다 다소 좌측으로 치우친 지점에 위치시킨 정방형의 사진인 데

반하여, 이 사건 공모전 사진은 솔섬을 사진의 중앙 부분보다 다수 우측으로 치우친 지점에 위치시킨 장방형의 사진으로, 두 사진의 구도 설정이 동일하다고 보기도 어려운 점, ④ 빛의 방향은 자연물인 솔섬을 찍은 계절과 시각에 따라 달라지는데 이는 선택의 문제로서 역시 그 자체만으로는 저작권의 보호대상이 되기 어려울 뿐만 아니라, 이 사건 사진저작물과 이 사건 공모전 사진은 각기 다른 계절과 시각에 촬영된 것으로 보이는 점(이 사건 사진저작물은 늦겨울 저녁 무렵에, 이 사건 공모전 사진은 한여름 새벽에 촬영된 것으로 보인다), ⑤ 나아가 이 사건 사진저작물의 경우 솔섬의 좌측 수평선 부근이 가장 밝은 데 반하여, 이 사건 공모전 사진은 솔섬의 우측 수평선 부근에 밝은 빛이 비치고 있어 빛의 방향이 다르고, 달리 두 저작물에 있어 빛의 방향이나 양의 조절이 유사하다고 볼 만한 자료가 없는 점, ⑥ 비록 두 사진 모두 장노출 기법을 사용하기는 하였으나, 이 사건 사진저작물의 경우 솔섬의 정적인 모습을 마치 수묵화와 같이 담담하게 표현한 데 반하여, 이 사건 공모전 사진의 경우 새벽녘 일출 직전의 다양한 빛과 구름의 모습, 그리고 이와 조화를 이루는 솔섬의 모습을 역동적으로 표현하고 있어 위와 같은 촬영방법을 통해 표현하고자 하는 바가 상이한 점, ⑦ 그 밖에 카메라 셔터의 속도, 기타 촬영 방법, 현상 및 인화 등의 과정에 유사점을 인정할 만한 자료가 없는 점 등에 비추어 보면, 원고가 들고 있는 증거만으로는 이 사건 사진저작물과 이 사건 공모전 사진이 실질적으로 유사하다고 보기 어렵고, 달리 이를 인정할 만한 증거가 없다.

(3) 소결

따라서 이 사건 공모전 사진이 이 사건 사진저작물에 의거하여 창작되었는지에 관하여 나아가 살필 필요 없이 이 사건 사진저작물과 이 사건 공모전 사진 사이에 실질적 유사성이 인정됨을 전제로 한 원고의 저작권 침해 주장은 이유 없다.

4. 결론

그렇다면 원고의 청구는 이유 없어 이를 기각하기로 하여 주문과 같이 판결한다.

[[별 지 1] 생략]

[[별 지 2] 생략]

판사 심우용(재판장) 이우용 황정언

- 6 -