PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HP INC.<br><br>　　　　Defendant. | Civil Case No. 2:24-cv-00752-JRG<br>[Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>　　　　Defendants. | Civil Case No. 2:24-cv-00746-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>　　　　Defendants. | Civil Case No. 2:24-cv-00765-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

PUBLIC VERSION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Civil Case No. 2:24-cv-00766-JRG [Member Case] |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | |
| Defendants. | |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | |
| Defendants. | |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO AMEND THEIR ANSWER AND COUNTERCLAIMS IN THE -746 CASE**

PUBLIC VERSION

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................... iv

I.     BACKGROUND ......................................................................................................... 1

     A.    Procedural Posture of the Instant Case ................................................... 1

     B.    Wilus's December Production and Deposition Testimony Provide
the Basis for Samsung's Inequitable Conduct Defense .......................................... 3

          1.    Zhang 810's Key Disclosures Copied By the '077 Patent .......................... 3

          2.    During the '077 Patent Prosecution, Inventors Knew the
'077 Patent Cannot Claim Priority of the '525 Application,
and About Zhang 810, but Failed to Disclose Those Facts
to the Patent Office ...................................................................... 4

II.    LEGAL STANDARD ................................................................................................. 7

     A.    Rule 16 and Good Cause ................................................................................ 7

     B.    Rule 15 and Futility ....................................................................................... 8

III.   ARGUMENT .............................................................................................................. 8

     A.    Each Good-Cause Factor Favors Granting Samsung Leave To
Amend .............................................................................................................. 9

          1.    Explanation: Samsung Diligently Sought Leave to Amend
after Learning New Information During Discovery ................................... 9

          2.    Importance: The Additional Defenses Could Render the
'077 Patent Unenforceable ........................................................... 11

          3.    Prejudice and Continuance ..................................................................... 13

     B.    The Rule 15(a) Factors Also Favor Granting Leave ............................................. 14

IV.   CONCLUSION ......................................................................................................... 15

PUBLIC VERSION

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
    No. 2:15-cv-1455-WCB, 2017 WL 119633 (E.D. Tex. Jan. 12, 2017) ....................................8

*Bruno Independent Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*,
    394 F.3d 1348 (Fed. Cir. 2005)....................................................................................14, 15

*Cellular Commc'ns Equipment LLC v. AT&T Inc.*,
    No. 2:15-cv-00576, 2017 WL 2267296 (E.D. Tex. May 24, 2017) .........................................8

*Ciena Corp. v. Nortel Networks Inc.*
    233 F.R.D. 493 (E.D. Tex. 2006)....................................................................................9, 10, 11

*Comput. Acceleration Corp. v. Microsoft Corp*
    481 F. Supp. 2d 620 (E.D. Tex. 2007) ...............................................................................10

*Dussouy v. Gulf Coast Inv. Corp.*,
    660 F.2d 594 (5th Cir. 1981) ...............................................................................................8

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
    No. 6:10-CV-379-LED-JDL, 2011 WL 13134896 (E.D. Tex. Dec. 13, 2011) .....................12

*Fin. Acquisition Partners LP v. Blackwell*,
    440 F.3d 278 (5th Cir. 2006) ...............................................................................................8

*Jebaco, Inc. v. Harrah's Operating Co., Inc.*
    587 F.3d 314 (5th Cir. 2009) ...............................................................................................8

*Mirror Worlds, LLC v. Apple, Inc.*,
    No. 6:08 CV 88, 2009 WL 10685192 (E.D. Tex. June 2, 2009) ...........................................14

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*,
    No. 2:23-CV-00495-JRG-RSP, 2025 WL 2970536 (E.D. Tex. Oct. 20, 2025) ....................13

*Praxair, Inc. v. ATMI, Inc.*,
    543 F.3d 1306 (Fed. Cir. 2008)...........................................................................................12

*S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*,
    315 F.3d 533 (5th Cir. 2003) ...........................................................................................7, 8

*Script Sec. Sols., L.L.C. v. Amazon.com, Inc.*,
    No. 2:15-cv-01030-WCB, 2016 WL 5916627 (E.D. Tex. Oct. 11, 2016) .................11, 13, 14

PUBLIC VERSION

*SimpleAir, Inc. v. AWS Convergence Tech.*,
    No. Case No. 2:09-cv-289, 2012 WL 12978325 (E.D. Tex. Jan. 31, 2012)...........................11

*Sycamore IP Holdings LLC v. AT&T Corp*.,
    2:16-CV-588-WCB, 2017 WL 3394480 (E.D. Tex. Aug. 8, 2017) .........................................7

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) (*en banc*) ..............................................................................11

PUBLIC VERSION

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF EXHIBITS

| Exhibit # | Description |
|---|---|
| Exhibit 1 | U.S. Patent 10,313,077 ("the '077 patent") |
| Exhibit 2 | 2024-12-30 Samsung Initial and Additional Disclosures |
| Exhibit 3 | Zhang *et al.*, "HE PHY Padding and Packet Extension," July 2015, IEEE 802.11-15/0810 ("Zhang 810") (PRIOR_ART_00000460) |
| Exhibit 4 | Excerpt of the English translation of WILUS_0069072 (SAMSUNG_WILUS_00197086) |
| Exhibit 5 | English translation of WILUS_0140903 (SAMSUNG_WILUS_00197087) |
| Exhibit 6 | 2025-12-10 Deposition Transcript of Dr. Jin Sam Kwak |
| Exhibit 7 | 2025-12-16 Deposition Transcript of Mr. Greg Geonjung Ko |
| Exhibit 8 | 2025-12-17 Deposition Transcript of Dr. John JuHyung Son |
| Exhibit 9 | English translation of WILUS_0026795 (SAMSUNG_WILUS_00192999) |
| Exhibit 10 | 2025-12-22 Samsung's Supplemental Response to Wilus's Interrogatory No. 7 |
| Exhibit 11 | 2026-2-17 Email Thread |
| Exhibit 12 | Proposed Second Amended Answer, Defenses, and Counterclaims (-746) (Redline) |

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") seek leave to amend their Answer and Counterclaims in Case No. 2:24-cv-00746-JRG to assert an affirmative defense of inequitable conduct, as well as a counterclaim of declaratory judgment of inequitable conduct, in response to Wilus Institute of Standards and Technology Inc.'s ("Wilus") Complaint. While the deadline to amend pleadings without leave passed on September 30, 2025, the subsequent deposition testimony of several Wilus inventors of the asserted patents and Wilus's late document production in December of 2025, on the eve of the deadline to complete fact discovery, provide the basis for Samsung to allege that one of the Asserted Patents, U.S. Patent 10,313,077 (Ex. 1) ("the '077 patent") is unenforceable due to the doctrine of inequitable conduct.

Each of the four good-cause factors weighs in favor of granting Samsung leave to add this defense and counterclaim: (1) Samsung expeditiously moved for leave to amend, (2) the defense is important because it could render the '077 patent unenforceable; (3) Samsung's Amended Answer and Counterclaims do not prejudice Wilus; and (4) a continuance is unnecessary.

There is no reason under Federal Rule of Civil Procedure 15(a) to deny leave. Samsung promptly moved to add its inequitable conduct defense and counterclaim, so it has not acted with undue delay, bad faith, or dilatory motive. Further, the proposed defense and counterclaim are not futile. Samsung thus respectfully requests that the Court grant its motion for leave to amend.

I.    **BACKGROUND**

    A.    **Procedural Posture of the Instant Case**

Wilus accused Samsung of infringing, amongst other patents, the '077 Patent on September 11, 2024. On December 30, 2024—before it even filed an Answer—Samsung served its Initial Disclosures. *See* Ex. 2. In its Initial Disclosures, Samsung notified Wilus of Samsung's intent to raise equitable defenses including inequitable conduct. *Id*. at 8. Almost two weeks later, on

███████████████████████████████████████████

January 16, 2025, Samsung filed its original Answer in Case No. 2:24-cv-00746, which it subsequently amended on April 15, 2025.  *See* Dkt. 61; Dkt. 106.

Approximately eight months later, between December 2 and 4, 2025—which was two months after the deadline to amend pleadings, a little over two weeks before the close of fact discovery, and on the eve of its inventor depositions—Wilus produced over 1,650 documents (many in Korean). Samsung diligently reviewed those documents. ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████.[1]

Between December 10 and 17, 2025 Samsung deposed witnesses under Rules 30(b)(1) and 30(b)(6), namely '077 patent inventors: Dr. Jin Sam Kwak, Mr. Greg Geonjung Ko, and Dr. John JuHyung Son.  On December 10, 2025, Samsung deposed Dr. Kwak, Wilus's CEO.  *See* Ex. 6

---

[1] The '077 patent claims priority to Korean Patent Application Nos. 10-2015-0092525 (the "'525 application"), filed on June 29, 2015, and 10-2015-0117434 (the "'434 application"), filed on August 20, 2015. Ex. 1 at cover.  The '077 patent is not entitled to the June 29, 2015 priority date because the '525 application does not disclose every limitation of the '077 patent's claims, including the independent claims' equation for $N_{SYM}$ ("$N_{SYM}$ equation"). Also, as described herein, the '077 patent inventors did not identify and purportedly address the problem of the '077 patent until filing the '434 application, which happened after the publication of Zhang 810 (Ex. 3). As such, a critical piece of prior art, Zhang 810, which published on July 13, 2015 and discloses an $N_{SYM}$ equation, qualifies as prior art to the '077 patent.

PUBLIC VERSION

(2025-12-10 Kwak Tr.). Subsequently, Samsung deposed Mr. Ko and Dr. Son on December 16

and 17, respectively.  *See* Ex. 7 (2025-12-16 Ko Tr.); Ex. 8 (2025-12-17 Son Tr.).

On December 22, 2025, Samsung supplemented its response to Wilus's Interrogatory No.

7 (factual and legal bases for defenses) in which it identified among other things deposition

testimony and a document Wilus produced in December, WILUS_0069072, as supporting an

inequitable conduct defense with respect to the '077 patent.  Ex. 10 at 117, 121-127.

On January 23, 2026, Dr. Harry Bims submitted an opening expert report that provides

analysis pertaining to the inequitable conduct defense with respect to the '077 patent. Three weeks

later, Wilus's expert, Mr. de la Iglesia provided a rebuttal report addressing inequitable conduct.

On February 11, 2026, Samsung emailed Wilus about Samsung's intent to file a motion for

leave to file an Amended Answer raising an additional defense of inequitable conduct and shared

a draft of the proposed Amended Answer.  Ex. 11.  Wilus indicated six days later, on February 17,

2026, that it would oppose the motion.  *Id*.  Samsung filed this motion the following day.

### B. Wilus's December Production and Deposition Testimony Provide the Basis for Samsung's Inequitable Conduct Defense

The documents and deposition testimony of the '077 patent inventors, provided by Wilus

after the September deadline to amend, demonstrate that they knew, but intentionally failed to

notify the U.S. Patent and Trademark Office ("Patent Office") during the patent's prosecution, (1)

that the '077 patent cannot properly claim priority to the '525 application (filed on June 29, 2015);

and (2) about critical prior art to the '077 patent published by the IEEE, Zhang 810 (Ex. 3), that is

material to patentability.

### 1. Zhang 810's Key Disclosures Copied By the '077 Patent

Zhang 810 discloses an equation for $N_{SYM}$ which represents the number of data symbols in

a non-legacy frame. The identical equation appears in one of the embodiments of the '077 patent

PUBLIC VERSION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

specification, as well as independent claims 1 and 8 with only a trivial arithmetic revision that

changes the "-" sign in front of the variable "m" to the "+" sign, as shown below.

| Documents | Disclosures (emphasis added) |
|---|---|
| Ex. 3 (Zhang 810) at 24 | $N_{SYM} = \left\lfloor \left( \frac{L\_LENGTH - m + 3}{3} \times 4 - T_{HE\_PREAMBLE} \right) / T_{SYM} \right\rfloor - b_{PE\_Disambiguity}$ |
| Ex. 1 ('077 patent) at Fig. 29 | $N_{SYM} = \left\lfloor \left( \frac{L\_LENGTH - m + 3}{3} \times 4 - T_{HE\_PREAMBLE} \right) / T_{SYM} \right\rfloor - b_{PE\_Disambiguity}$ |
| Ex. 1 ('077 patent) at Claims 1, 8; *see also* *id.* at Fig. 31 | $N_{SYM} = \left\lfloor \left( \frac{L\_LENGTH + m + 3}{3} \times 4 - T_{HE\_PREAMBLE} \right) / T_{SYM} \right\rfloor - b_{PE\_Disambiguity}$ |

Likewise, the '077 patent discloses two formulas for calculating the value of L_LENGTH: one

that is identical to Zhang 810, and another one with a trivial revision which changes the "+" sign

in front of the variable "m" to the "-" sign. *Cf.* Ex. 1 ('077 patent) at Figs. 28-29 with Ex. 3 (Zhang

810) at 23-24.

> **2.    During the '077 Patent Prosecution, Inventors Knew the '077 Patent Cannot Claim Priority of the '525 Application, and About Zhang 810, but Failed to Disclose Those Facts to the Patent Office**



FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*See also, e.g.,* Ex. 6 (Kwak Tr.) at 73:17-76:5 including 74:1-3

Ex. 7 (Ko Tr.) at 129:25-132:4.

████████████████████████████████████████████

Ex. 5 at WILUS_0140930 (annotated).[2]  Wilus admits that this document shows that the '077

patent is not entitled to claim priority of the '525 application (June 2015) because the filing of the

'525 application predates when Wilus appears to have identified the problem the '077 patent

purports to address.

      Lastly, inventor deposition testimony provides key details regarding documents Wilus

produced and establishes that Wilus knew of Zhang 810 and its materiality to the '077 patent.

Wilus, for example, produced a version of Zhang 810 annotated with Korean comments—all

undated, unattributed.  *See* Ex. 9 (English translation of WILUS_0026795).  ████████████

████████████████████████████████████████████

████████████████████████. *See* Ex. 7 (Ko Tr.) at 151:20-153:13, 152:10-15 ("█

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████).

      Mr. Ko also admitted to Zhang 810's materiality.  *See*, *e.g.*, Ex. 7 (Ko Tr.) at 140:16-154:4

including 151:9-12 ("███████████████████████████████████████

████████████████████████████████████████████

████████████████").  Mr. Ko also admitted that Wilus was neither a contributor nor author

to Zhang 810, and that Wilus made no standard submissions regarding the '077 patent.  *See*, *e.g.*,

*id*. at 149:9-11 ("█████████████████████████████

██████████████████████████"), 148:6-8 ("█████████████████

████████████████████████████████████████████");

---

[2] The relevant description pertains to the '077 patent, as it references the '525 and '434 priority
applications, as well as the PCT and U.S. utility applications of the '077 patent.

██████████████████████████████

154:22-155:25 ("███████████████████████████████████████

██████████████████████████████████████.").

     The '077 patent's inventors further confirmed they attended TGax meetings and internally reviewed the results of TGax meetings, including discussions of other companies' contributions, further evidencing their knowledge of Zhang 810. *See*, *e.g.*, Ex. 7 (Ko Tr.) at 45:3-5, 133:15-23; Ex. 8 (Son Tr.) at 36:16-37:3, 111:13-20; Ex. 6 (Kwak Tr.) at 50:18-23, 63:17-25.

     As shown above, the '077 patent inventors knew that the '077 patent does not deserve priority of the '525 application, but nonetheless claimed such priority before the Patent Office. Ex. 1 at (30).  Furthermore, the '077 patent inventors knew about Zhang 810 and that it was material to patentability, but they did not notify the Patent Office about Zhang 810.  *Id.* at (56). This evidence thus indicates an intent by the '077 patent inventors to deceive the Patent Office.

## II.    LEGAL STANDARD

### A.    Rule 16 and Good Cause

     "Rule l6(b) governs amendment of pleadings after a scheduling order deadline has expired."  *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 536 (5th Cir. 2003); *Sycamore IP Holdings LLC v. AT&T Corp*., 2:16-CV-588-WCB, 2017 WL 3394480, at *4 (E.D. Tex. Aug. 8, 2017).  Under Rule 16(b)(4), a motion to modify the scheduling order (by permitting the filing of an amended pleading after the scheduling order's deadline) may be granted "for good cause."  *S&W*, 315 F.3d at 535.

     The Fifth Circuit has established four factors that the Court should consider when evaluating good cause: "(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Sycamore*, 2017 WL 3394480, at *2 (quoting *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd*., 816 F.3d

315, 328 (5th Cir. 2016)).  The "most important" of these factors is the first one ("explanation"), namely "whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims, but despite its diligence could not reasonably have met the scheduling deadline." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017).

### B.    Rule 15 and Futility

Once a movant shows good cause, the Court then determines whether leave to amend should be granted under "the more liberal standard of Rule 15(a)."  *S&W*, 315 F.3d at 536.  Fed. R. Civ. P. 15(a)(2) states that the Court "should freely give leave when justice so requires."  Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

To that end, the Fifth Circuit "has stated that leave to amend is to be granted liberally ***unless*** the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."  *Jebaco, Inc. v. Harrah's Operating Co., Inc.* 587 F.3d 314, 322 (5th Cir. 2009) (emphasis added); *see also Cellular Commc'ns Equipment LLC v. AT&T Inc.*, No. 2:15-cv-00576, 2017 WL 2267296, at *3 (E.D. Tex. May 24, 2017) (granting leave to amend where the movant showed "no bad faith or dilatory motive … delay [ ] was not egregious when considered in the scope of this litigation," the motion was the movant's "first request for leave to amend," and "there is no undue prejudice to [the nonmovant] because the underlying facts were already at issue in [the] case.").

### III.    ARGUMENT

Each good-cause factor under Rule 16(b)(4) favors granting Samsung leave to amend its

Answer to add an inequitable conduct defense. For the same reasons, Samsung should be granted leave to amend under Rule 15(a), and because the inequitable conduct defense is not futile.

### A. Each Good-Cause Factor Favors Granting Samsung Leave To Amend

#### 1. Explanation: Samsung Diligently Sought Leave to Amend after Learning New Information During Discovery

This factor favors granting Samsung leave to amend, as Samsung acted diligently in seeking leave once it learned new facts central to its inequitable conduct defense near the end of fact discovery, which was on December 22, 2025. Samsung first became aware of WILUS_0069072 and WILUS_0140903 respectively on December 2 and 4, 2025. Exs. 4 and 5. Buried among the 1,650 documents (many in Korean) produced by Wilus on December 2-4, 2025, these documents show Wilus had knowledge of Zhang 810 which predated the filing of the '434 application and that the '077 patent does not deserve priority of the '525 application, directed to a completely different, separate invention. Samsung diligently reviewed these productions made at the tail end of discovery and on the eve of depositions. Shortly thereafter, Samsung obtained deposition testimony from Dr. Kwak, Mr. Ko, and Dr. Son on December 10, December 16, and December 17, respectively, which confirmed that Wilus through its inventors knew of Zhang 810 before and during the prosecution of the '077 patent, and knew that Zhang 810 was material to the patent's claims. *See* Ex. 6 (Kwak Tr.); Ex. 7 (Ko Tr.); Ex. 8 (Son Tr.). Samsung promptly and diligently refined its inequitable conduct defense.

This Court has granted motions to amend pleadings when defendants demonstrate genuine discovery of material facts late in litigation and act promptly. In *Ciena Corp. v. Nortel Networks Inc.*, the defendant "uncovered significant additional evidence through the documents … [and] deposition." 233 F.R.D. 493, 495 (E.D. Tex. 2006). The Court noted that the late-produced documents and deposition testimony "provide[d] much stronger support for [the defendant's]

inequitable conduct claims than the minimal evidence [the defendant] possessed and presented in its first Motion to Amend" and added that the defendant "was diligent in continuing to investigate its inequitable conduct claims and in informing [the plaintiff] of its intent to amend its pleadings to add the claims." *Id.* The *Ciena* court found this explanation sufficiently reasonable to support granting leave to amend. Similarly, the court in *Comput. Acceleration Corp. v. Microsoft Corp.* granted the defendant's motion to amend its Answer to add inequitable conduct allegations, noting the defendant's promptly pled motion and lack of unfair prejudice to the plaintiff. 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007).

Samsung was "diligent in continuing to investigate its inequitable conduct claims and in informing [the plaintiff] of its intent to amend its pleadings" thereafter. *Ciena*, 233 F.R.D. at 495. Samsung discovered critical information from Wilus's late document production and subsequently obtained relevant deposition testimony between December 10 and 17, 2025 and official translations of key documents including WILUS_0069072 and WILUS_0140903. For example, it was not until the deposition of Mr. Ko, that Samsung learned that he knew of Zhang 810 through his admission that the unattributed Korean comments on Wilus's version of Zhang 810 (Ex. 9) were his. Ex. 7 (Ko Tr.) at 151:20-153:13. In Samsung's December 22, 2025 Supplemental Response to Wilus's Interrogatory No. 7 (just days after learning critical facts from the inventor depositions), Samsung outlined its inequitable conduct defense which included detailed arguments and citations to Wilus's late document production and inventor testimony. *See* Ex. 10 at 117, 121-127. On January 23, 2026, Dr. Harry Bims submitted an expert report that provided analysis pertaining to this defense. On February 11, 2026, Samsung informed Wilus of its intent to amend the Answer. Ex. 11.

### 2. Importance: The Additional Defenses Could Render the '077 Patent Unenforceable

The importance of the proposed defense also favors granting Samsung leave to amend. Inequitable conduct of the '077 patent would render it unenforceable, which is potentially dispositive of Wilus's infringement claim, and thus critically important. *See, e.g., Script Sec. Sols., L.L.C. v. Amazon.com, Inc.*, No. 2:15-cv-01030-WCB, 2016 WL 5916627, at *3 (E.D. Tex. Oct. 11, 2016) (finding that this factor favored amendment where the proposed defense was "an important one that bear[ed] directly on the merits of the dispute between the parties and the scope of relief that may be available"); *SimpleAir, Inc. v. AWS Convergence Tech.,* No. Case No. 2:09-cv-289, 2012 WL 12978325, at *3 (E.D. Tex. Jan. 31, 2012) (finding the proposed "amendment important and necessary for the proper resolution of this case" where that amendment could result in "reduced liability"). "[T]he remedy for inequitable conduct is the 'atomic bomb' of patent law. Unlike validity defenses, which are claim specific, inequitable conduct regarding any single claim renders the entire patent unenforceable." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011) (*en banc*). In *Ciena Corp. v. Nortel Networks*, this Court concluded that "[t]he ***importance of the inequitable conduct claims is undisputed***" because if the defendant "is able to prove its alleged claims, the [asserted] patents would be rendered unenforceable." 233 F.R.D. at 495 (emphasis added).

Wilus's deliberate omissions, including the inventors' failure to disclose known art such as Zhang 810, were material to patentability, made with the intent to deceive the patent examiner, and were justifiably relied upon by the examiner in ultimately issuing the '077 patent. Further, the documents and testimony gathered in December indicate that Wilus knew that the '077 patent's claims were not entitled to the '525 application's priority. Nonetheless, the inventors signed the inventor declaration having knowledge of: 1) Zhang 810 and its materiality, 2) the claims (that

11

PUBLIC VERSION

████████████████████████████████████████

would subsequently issue as-is), and 3) the inclusion of the misleading priority claim to the '525 application.

Additionally, critical equations of Zhang 810 were included in Figs. 28-29 of the '077 patent, but were not identified as prior art in contravention of USPTO rules and procedures. *See* MPEP 608.02(g) ("Figures showing the prior art are usually unnecessary and should be canceled. … However, where needed to understand applicant's invention, they may be retained if designated by a legend such as 'Prior Art.'").  In addition to the misleading priority claim, this too would have hindered the examiner's ability to recognize what exactly was prior art.  Moreover, this inclusion was no accident.  Mr. Ko admitted that the equations in Figs. 28-29 matched what was in Zhang 810.  *See*, *e.g.*, Ex. 7 (Ko Tr.) at 140:16-154:4 including 151:9-12 ("████████████████

████████████████████████████████████████

████████████████████████████████ ").

Based on the totality of evidence, including Wilus's late document production and inventor testimony, the single most reasonable inference able to be drawn is that Mr. Ko, Dr. Kwak, and Dr. Son acted with the specific intent to deceive the Patent Office. Their failure to disclose material prior art, such as Zhang 810, during prosecution while including a misleading priority claim to a different, separate invention to predate Zhang 810 was an intentional fraud on the Patent Office. *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.,* Case No. 6:10-CV-379-LED-JDL, 2011 WL 13134896, at *3 (E.D. Tex. Dec. 13, 2011) ("[T]he specific intent to deceive must be 'the single most reasonable inference able to be drawn.'" (quoting *Therasense*, 649 F.3d at 1290)). Additionally, the Court should give no weight to any conclusory assertions that Mr. Ko, Dr. Kwak, and Dr. Son never intended to withhold such material prior art.  *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1317 (Fed. Cir. 2008) (finding conclusory statements that prosecuting attorney

PUBLIC VERSION

never "intentionally misled the United States Patent Office" and "did not knowingly withhold any information from the Patent and Trademark Office" to be "entitled to no weight").

### 3.    Prejudice and Continuance

Wilus will not be prejudiced if the Court grants Samsung leave to amend. Samsung is not introducing an affirmative defense for the first time at the eleventh hour. Wilus had advance notice of Samsung's intent to reserve an inequitable conduct defense at a later stage through Samsung's Initial Disclosures, served December 30, 2024. *See* Ex. 2 at 8. "[T]he central purpose of the requirement for the timely pleading of affirmative defenses 'is the prevention of unfair surprise.'" *Script Sec. Sols.*, 2016 WL 5916627, at *4 (citing *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)). Wilus cannot claim Samsung's timely disclosed inequitable conduct defense caused them any unfair surprise. *See Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:23-CV-00495-JRG-RSP, 2025 WL 2970536, at *5-6 (E.D. Tex. Oct. 20, 2025) (finding that "[t]he Court is satisfied that Plaintiffs were sufficiently apprised of Defendants' inequitable conduct defense" given disclosures of the defense in Defendants' Answer, corrected invalidity contentions, opening expert reports, and supplemental responses to Plaintiffs' interrogatories). As discussed *supra*, Samsung quickly supplemented its interrogatory responses based on the newly discovered documents and inventor testimony in support of its inequitable conduct defense. *See* Ex. 10 at 117, 121-127. In fact, Defendants' expert Dr. Bims served a report (dated January 23, 2026) providing his opinions pertaining to this defense, and Wilus's expert Mr. de la Iglesia served a report (dated February 13, 2026) providing his rebuttal opinions pertaining to this defense. Wilus would not be prejudiced.

To the extent that Wilus argues that it needs additional discovery, the Court may allow additional discovery limited to inequitable conduct to cure any prejudice. *Script Sec. Sols.*, 2016 WL 5916627, at *4 (any "claimed prejudice can be cured by allowing [plaintiff] limited additional

13

PUBLIC VERSION

discovery"); *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08 CV 88, 2009 WL 10685192, at *2 (E.D. Tex. June 2, 2009) (stating that even if the discovery and docket control orders needed to be modified and additional discovery may be needed, "these are not such onerous burdens as to weigh against allowing the amendment").

Moreover, a continuance is unnecessary. There is sufficient time between now and the June 1, 2026 trial date to ensure that any curative discovery sought can be completed and used, to the extent needed, in trial preparation. *See* Dkt. 230; *Script Sec. Sols.*, 2016 WL 5916627, at *5 ("the Court notes that there is sufficient time between now [(October 11, 2016)] and the trial date [(December 2016)] to ensure that the curative discovery sought by [plaintiff] can be completed and used, to the extent needed, in trial preparation."). Wilus's counsel was present at each of the inventor depositions, and was free to redirect. As such, any curative discovery should be limited.

### B.    The Rule 15(a) Factors Also Favor Granting Leave

The Rule 15(a) factors similarly favor granting Samsung's motion. As discussed with the good-cause factors, Samsung diligently sought to amend its Answer to add its inequitable conduct defense. Thus, Samsung has not acted with undue delay, bad faith, or dilatory motive in asserting its inequitable conduct defense.

The remaining Rule 15(a) factor—the proposed amendment's futility—favors granting leave because the legal requirements for the inequitable conduct defense are or will be met here. "Patent applicants owe a 'duty of candor and good faith' to the PTO … a breach of this duty may constitute inequitable conduct, which can arise from a failure to disclose information material to patentability, coupled with an intent to mislead the PTO." *Bruno Independent Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005) (citations omitted). "Materiality and intent must be established by clear and convincing evidence … and then weighed 'to determine whether the equities warrant a conclusion that inequitable conduct occurred.'" *Id.* (citations

14

omitted).  "'Intent need not, and rarely can, be proven by direct evidence …. [and] in the absence

of a credible explanation, intent to deceive is generally inferred from the facts and circumstances

surrounding a knowing failure to disclose material information." *Id.* at 1354. (citations omitted).

As discussed *supra*, the single most reasonable inference able to be drawn is that Mr. Ko,

Dr. Kwak, and Dr. Son acted with the specific intent to deceive the Patent Office and that their

failure to disclose known material prior art—Zhang 810—during prosecution while including a

misleading priority claim to a different, separate invention to predate Zhang 810 was an intentional

fraud on the USPTO.  In sum, the legal requirements for the inequitable conduct defense are met.

## IV.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung

leave to file its proposed Amended Answer (Ex. 12, redlined) to add an inequitable conduct

defense and counterclaim.

Dated:  February 18, 2026                              Respectfully submitted,

                                                      */s/ Ralph A. Phillips*

                                                      Ruffin B. Cordell
                                                      TX Bar No. 04820550
                                                      cordell@fr.com
                                                      Michael J. McKeon
                                                      DC Bar No. 459780
                                                      mckeon@fr.com
                                                      Ralph A. Phillips
                                                      DC Bar No. 475571
                                                      rphillips@fr.com
                                                      Matthew P. Mosteller
                                                      DC Bar No. 1697343
                                                      mosteller@fr.com
                                                      Bryan J. Cannon
                                                      DC Bar No. 1723657
                                                      cannon@fr.com
                                                      Brendan F. McLaughlin
                                                      DC Bar No: 1671658
                                                      BMcLaughlin@fr.com

Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300

16

Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

███████████████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on February 18, 2026.  All counsel of record

are being served with a copy of this document via electronic mail.

*/s/ Ralph A. Phillips*
Ralph A. Phillips


## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred

telephonically on February 17, 2026.  Alexandra Easley and James Tsuei attended for Plaintiff.

Aleksandr Gelberg, John-Paul Fryckman, and Brendan F. McLaughlin attended for Defendants.

The parties discussed their positions on this motion.  The discussions conclusively ended in an

impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they

oppose this motion.

*/s/ Brendan F. McLaughlin*
Brendan F. McLaughlin


███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

████████████████████  _____
████████████████