# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG <br><br> (MEMBER CASE) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. ET AL., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG <br><br> (MEMBER CASE) |

**SAMSUNG DEFENDANTS' INITIAL AND ADDITIONAL DISCLOSURES**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung" in the '746 case and '765 case) hereby make their initial and additional disclosures under Federal Rule of Civil Procedure 26(a), the Local Court Rules of the United States District Court for the Eastern District of Texas, and the Docket Control Order and Discovery Order. These disclosures are based upon current information reasonably available to Samsung. Samsung reserves the right to amend, clarify, and/or supplement its disclosures based

1


on further investigation and discovery to the extent further disclosures are not mooted by discovery responses.

By providing these disclosures, Samsung does not represent that it is identifying every witness, document, or tangible thing that may be relevant to the issues in this lawsuit, or on which Samsung may rely in support of its defenses. Nor does Samsung represent that the listed sources of information actually contain or possess relevant information. Samsung reserves the right to object to the disclosure of any person, document, or thing on the basis of applicable privilege, the work product doctrine, relevance, competency, materiality, undue burden, hearsay, or any other valid objection in response to any discovery request or proceeding.

Subject to the foregoing, Samsung provides the following information and disclosures based on the Complaints by Plaintiff Wilus Institute of Standards and Technology Inc. ("Plaintiff" or "Wilus") which allege infringement of United States Patent Nos. 10,313,077 (the "'077 Patent"), 10,687,281 (the "'281 Patent"), 11,470,595 (the "'595 Patent"), and 11,159,210 (the "'210 Patent") (*See Wilus Inst. of Standards and Tech. Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00746-JRG, Dkt. No. 1 (E.D. Tex. Sept. 11, 2024)) and 11,116,035 (the "'035 Patent"), 11,129,163 (the "'163 Patent"), 11,516,879 (the "'879 Patent"), and 11,700,597 (the "'597 Patent") (*See Wilus Inst. of Standards and Tech. Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00765-JRG, Dkt. No. 1 (E.D. Tex. Sept. 20, 2024)) (collectively, "Asserted Patents" or "Patents-in-Suit").

# INITIAL DISCLOSURES

**(a) The correct names of the parties to the lawsuit;**

The correct names of Defendants are Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. Upon information and belief, the correct name of Plaintiff is Wilus Institute of Standards and Technology Inc.

**(b) The name, address, and telephone number of any potential parties;**

Samsung is not presently aware of other potential parties relating to the Samsung's claims and defenses. Samsung further reserves the right to supplement this Disclosure as discovery progresses, as Samsung becomes aware of additional information, or as the posture of this action changes for any reason.

**(c) The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial).**

Samsung sets forth the following legal theories, and, in general, the factual bases of its claims and defenses. Discovery is still ongoing, and Samsung reserves the right to supplement this disclosure as discovery progresses. Samsung provides these Disclosures in view of the allegations as currently set forth in Wilus's Complaints as well as its P. R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions (collectively, "Infringement Contentions") and accompanying production. Samsung reserves its right to amend or supplement these Disclosures in view of further disclosure by Wilus, further fact and expert discovery, further production of documents, further investigation, or further allegations by Wilus. Samsung hereby incorporates by reference in these Disclosures all additional defenses and counterclaims, theories, facts and evidence identified in its Disclosures, discovery responses, invalidity contentions, expert disclosures or reports, pleadings, and briefs and supporting documents that Wilus serves or files in the course of this action.

### 1. Failure to State a Claim

Wilus's Complaints fail to state a claim upon which relief can be granted.

### 2. Non-Infringement of the Asserted Patents

Samsung does not and has never infringed any asserted valid and enforceable claims of any of the Asserted Patents, under any theory of infringement and as defined in Wilus's Complaints or Infringement Contentions, whether literally, jointly with any other person or entity, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and as such, is without any liability to Wilus. Wilus bears the burden of proving infringement by a preponderance of the evidence. The asserted claims of the Asserted Patents all include elements that are lacking from Samsung's products and/or services, either literally or by equivalents, to the extent that Wilus is entitled to claim any range of equivalents. Samsung will address and further respond regarding its noninfringement defenses and contentions in greater detail in accordance with the schedules set forth in the Docket Control Order, the Discovery Order, and the Local Patent Rules of this Court. Samsung's noninfringment positions may also be set forth in its rebuttal expert report on noninfringment.

### 3. Invalidity of the Asserted Patents

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto. The legal theories and general factual bases for invalidity will be disclosed at the appropriate time, including pursuant to P.R. 3-3 and 3-4, and in accordance with the schedules set forth in the Docket Control Order, the Discovery Order, and the Local Patent Rules of this Court.

### 4. No Injunctive Relief

Wilus's claim for injunctive relief is barred because there exists an adequate remedy at law, and Wilus's claims otherwise fail to meet the requirements for such relief.

### 5. Asserted Patents Are Not Standard Essential

To the extent that Wilus contends the Asserted Patents are essential to the Wi-Fi 6 standard, Samsung contends that the Asserted Patents are not standard essential and are invalid.

### 6. Breach of FRAND Contract

To the extent the Asserted Patents are found valid and standard essential, Samsung contends that Wilus breached its FRAND obligations. Samsung contends Wilus failed to offer a FRAND rate and to negotiate in good faith with Samsung in accordance with Wilus's FRAND obligations.

### 7. Laches, Estoppel, Waiver, and Unclean Hands

Wilus's attempted enforcement of the Asserted Patents against Samsung is barred, in whole or in part, by laches, estoppel, waiver, acquiescence, and/or unclean hands. For example, Wilus's current claims against Samsung are barred because of statements, representations, and/or admissions made during prosecution of the patent applications resulting in the Asserted Patents.

For example, to the extent the Asserted Patents are essential to the Wi-Fi 6 standard, Wilus is estopped from enforcing the Asserted Patents against Samsung because of its failure to comply with its FRAND obligations. As another example, to the extent the Asserted Patents are essential to the Wi-Fi 6 standard, Wilus is estopped from seeking an injunction or lost profits by its FRAND obligations.

### 8. Prosecution History Estoppel and Disclaimer

Samsung contends that Wilus's claims for relief concerning the Asserted Patents are barred, in whole or in part, based on prosecution history estoppel and/or disclaimer. The Asserted

5

Patents are limited based on the amendment, cancellation, and/or the abandonment of claim(s) and/or admissions or representations made by or on behalf of the applicant to: (i) the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications which resulted in the Asserted Patents or any post-grant proceeding; (ii) this or another Court, tribunal, or administrative agency; (iii) Samsung; and/or (iv) others.

Samsung has not infringed, and is not infringing, the asserted claims of the Asserted Patents at least due in part to statements, representations, admissions, elections, positions, concessions, and filings made to the USPTO during prosecution of the applications that matured into the Asserted Patents, that, in part or collectively, constitute prosecution history estoppel and/or prosecution disclaimer barring Wilus from asserting the Asserted Patents' claims in this case. In addition, during prosecution of the Asserted Patents, the applicant narrowed the scope of the claims for reasons related to patentability, thereby surrendering subject matter it now seeks to recover to the extent it accuses Samsung of infringement under the doctrine of equivalents.

### 9. Lack of Standing

Wilus lacks standing to bring this suit. Wilus also lacks standing to the extent that Wilus and/or its predecessors-in-interest lack sufficient chain of title to the Asserted Patents. Wilus also lacks standing to the extent it does not possess all substantial rights to the Asserted Patents.

### 10. Marking

Any claim for damages by Wilus is limited by its failure to mark, including without limitation, to the extent Wilus contends there are products covered by the Asserted Patents, Wilus's failure to mark its own products with the numbers of the Asserted Patents and/or its failure to require and/or police the marking of Wilus's customers and licensees.

### 11. Notice, Damages, and Costs

The Samsung Defendants deny that Wilus is entitled to any relief whatsoever. Samsung contends that Wilus is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by Samsung of the claims of the Asserted Patents to the extent that Wilus, and/or any predecessor, owners or licensees of the Asserted Patents have not complied with the notice and/or marking requirements of 35 U.S.C. § 287. To the extent Wilus is entitled to any damages, the Samsung Defendants assert Wilus's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Wilus is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Wilus's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Wilus is not entitled to a double recovery. For example, to the extent the Asserted Patents are essential to the W-Fi 6 standard, Wilus is barred from seeking lost profits by its FRAND obligations.

Samsung contends any recovery of damages by Wilus is limited in whole or in part by 35 U.S.C. § 286, and the limitations period further bars past damages claims. For example, Wilus cannot recover damages more than six years before the actual filing date of the initial complaint in this action.

Wilus is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Wilus is not irreparable and because, had Wilus been injured, they would have an adequate remedy at law. As a matter of law, Wilus cannot satisfy the requirements applicable to its request for injunctive relief in any form.

### 12. License Express or Implied and/or Patent Exhaustion

Wilus's claims are barred in whole or in part by express or implied license and/or patent exhaustion.

Samsung contends that Wilus's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Samsung or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion. Upon information and belief, Samsung contends that the Asserted Patents are unenforceable because of inequitable conduct committed during the prosecution of the patent before the USPTO.

### 13. Not an Exceptional Case

Samsung denies that Wilus is entitled to any relief whatsoever. If Wilus is entitled to any remedy, Wilus is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### 14. Territoriality

To the extent Wilus's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq.*, including but not limited to § 271(a).

### 15. Equitable Defenses

Wilus's claims for relief are barred by reason of estoppel, unclean hands, acquiescence, patent misuse, waiver, inequitable conduct, and/or other equitable doctrines.

### 16. Claim Preclusion and/or Claim-Splitting

Wilus's claims and remedies for alleged infringement of the Asserted Patents, if any, are barred by claim preclusion, issue preclusion, merger and bar, the doctrine of claim splitting, the Kessler doctrine, and/or any other preclusion doctrines.

### 17. No Willful Infringement

Samsung denies that Wilus is entitled to any relief whatsoever. Wilus's claims for enhanced damages, if any, and an award of fees and costs against the Samsung Defendants have no basis in fact or law.

### 18. Prosecution Laches

Wilus's claims are barred by the doctrine of prosecution laches due to an unreasonable and inexcusable delay in the prosecution of applications from which the Asserted Patents issued and to which it claims priority.

### 19. Reservation of Additional Defenses

Samsung reserves the right to assert additional defenses that may surface through discovery in these actions.

**(d) The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with these cases, and a brief, fair summary of the substance of the information known by any such person;**

Based on information currently available to Samsung after reasonable investigation, the following entities and individuals may have discoverable information that Samsung may use to support its claims or defenses in these actions. Samsung provides the following list without any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, and without waiver of attorney-client privilege or work-product immunity, or any other privilege or immunity. Samsung reserves the right to amend or supplement this list of persons based on facts that may be disclosed during discovery.

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Sean Diaz<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. financial data relating to certain accused devices. |
| Danielle Moten<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. marketing related to mobile phones. |
| Bongjune Kang<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's counsel | Samsung's negotiation with Sisvel; Samsung's licensing practices and third party licenses. |
| SungBin Min<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's outside counsel | Design and operation of accused features and functionalities. |
| Hyunkee Min<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's outside counsel | Design and operation of accused features and functionalities. |
| Qualcomm | 5775 Morehouse Drive<br>San Diego, CA 92121<br>USA | Knowledge about the chipsets in certain of Samsung's products. |
| MediaTek | No.1, Dusing 1st Rd., Hsinchu Science Park, Hsinchu, 30078, Taiwan | Knowledge about the chipsets in certain of Samsung's products. |
| One or more representatives of Wilus | Plaintiff Representative | Knowledge about Wilus, including the acquisition of rights to the Asserted Patents, Wilus's formation and organization, and Wilus's patent assertion and licensing practices; knowledge about the Asserted Patents and admitted prior art; prosecution of the Asserted Patents, prior art, assignments of the Asserted |

| | | |
|---|---|---|
| | | Patents, and/or the applications from which they issued. |
| One or more representatives of SK Telecom Co., Ltd. ("SKT") | Unknown | Knowledge about SKT, including its acquisition of rights to the Asserted Patents, SKT's formation and organization, and SKT's patent assertion and licensing practices, including circumstances surrounding SKT's license to Sisvel; SKT's relationship with Sisvel; knowledge about the Asserted Patents and admitted prior art; prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they issued. |
| Nick Webb<br>Head of Licensing<br>Sisvel Spain S.L. | Torre Glories, 29th Floor, Avenida Diagonal 211, 08018 Barcelona, Spain | Knowledge regarding Sisvel's license agreements with third parties; Sisvel's role as a licensing manager for the Asserted Patents; Sisvel's negotiation relating to a license under the Asserted Patents with Samsung and/or other third parties; Sisvel's attempts to enforce terms of a license agreement against a third party, including any attempt to require licensees to mark their products; Sisvel's relationship with Plaintiff; Sisvel's attempt to comply with FRAND obligations; Sisvel's determination of royalty rates offered to Samsung and third parties. |
| Mattia Fogliacco<br>President<br>Sisvel Group<br>Sisvel International S.A. | 6, Avenue Marie Thérèse 2132 Luxembourg Grand Duchy of Luxembourg | Knowledge regarding Sisvel's license agreements with third parties; Sisvel's role as a licensing manager for the |

11

| | | |
|---|---|---|
| | | Asserted Patents; Sisvel's negotiation relating to a license under the Asserted Patents with Samsung and/or other third parties; Sisvel's attempts to enforce terms of a license agreement against a third party, including any attempt to require licensees to mark their products; Sisvel's relationship with Plaintiff; Sisvel's attempt to comply with FRAND obligations; Sisvel's determination of royalty rates offered to Samsung and third parties. |
| Andrea Rombolà<br>Wi-Fi Program Manager<br>Sisvel Spain S.L. | Torre Glories, 29th floor,<br>Av. Diagonal 211<br>08018 Barcelona, Spain | Knowledge regarding Sisvel's license agreements with third parties; Sisvel's role as a licensing manager for the Asserted Patents; Sisvel's negotiation relating to a license under the Asserted Patents with Samsung and/or other third parties; Sisvel's attempts to enforce terms of a license agreement against a third party, including any attempt to require licensees to mark their products; Sisvel's relationship with Plaintiff; Sisvel's attempt to comply with FRAND obligations; Sisvel's determination of royalty rates offered to Samsung and third parties. |
| Nick Dudziak<br>Head of Strategy<br>Sisvel Group<br>Sisvel International S.A. | 6, Avenue Marie Thérèse<br>2132 Luxembourg<br>Grand Duchy of<br>Luxembourg | Knowledge regarding Sisvel's license agreements with third parties; Sisvel's role as a licensing manager for the Asserted Patents; Sisvel's negotiation relating to a license under the Asserted Patents with Samsung and/or other third parties; Sisvel's attempts to enforce terms of a license |

| | | |
|---|---|---|
| | | agreement against a third party, including any attempt to require licensees to mark their products; Sisvel's relationship with Plaintiff; Sisvel's attempt to comply with FRAND obligations; Sisvel's determination of royalty rates offered to Samsung and third parties. |
| Radu Parasiuc<br>Licensing Negotiations Coordinator<br>Sisvel Group<br>Sisvel International S.A. | 6, Avenue Marie Thérèse<br>2132 Luxembourg<br>Grand Duchy of Luxembourg | Knowledge regarding Sisvel's license agreements with third parties; Sisvel's role as a licensing manager for the Asserted Patents; Sisvel's negotiation relating to a license under the Asserted Patents with Samsung and/or other third parties; Sisvel's attempts to enforce terms of a license agreement against a third party, including any attempt to require licensees to mark their products; Sisvel's relationship with Plaintiff; Sisvel's attempt to comply with FRAND obligations; Sisvel's determination of royalty rates offered to Samsung and third parties. |
| Jinsam Kwak | On information and belief, located in Gyeonggi-do, Korea | Named inventor on Asserted Patents and Chief Executive Officer of Wilus and is believed to have knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| Geonjung Ko | On information and belief, located in Gyeonggi-do, Korea | Named inventor on Asserted Patents employee of Wilus and is believed to have knowledge |

| | | |
|---|---|---|
| | | about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| Juhyung Son | On information and belief, located in Gyeonggi-do, Korea. | Named inventor on Asserted Patents and Vice President/co-founder of Wilus and is believed to have knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| Woojin Ahn | On information and belief, located in Seoul, Korea | Named inventor on Asserted Patents and employee of Wilus and is believed to have knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| Feben Haile | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| Ricky Q Ngo | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |

| | | |
|---|---|---|
| Stephen N Steiner | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| Helene E Tayong | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| Kiet Tang | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| Mandish K Randhawa | On information and belief, located in Alexandria, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| Azatuhi Chinaryan | On information and belief, located in Los Angeles, California | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Young Seok Koo | On information and belief, located in Los Angeles, California | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Attorneys and Agents at Ladas & Parry, LLP | On information and belief, 4525 Wilshire Blvd., Suite 240, Los Angeles, CA 90010 | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Chanho Yun | On information and belief, located in Seoul, Korea | Knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |

| Kyung-rae Cho | On information and belief, located in Gyeonggi-do, Korea | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
|---|---|---|
| Individuals identified in Wilus's Initial Disclosures in this case | Unknown | At least the topics for which the individuals have been identified. |
| Russ August & Kabat law firm | 12424 Wilshire Blvd, Los Angeles, California 90025 and other offices | Its financial interest in the outcome of this litigation. |

Witnesses associated with Samsung can be contacted through Samsung's counsel Gillam & Smith LLP, 303 South Washington Avenue, Marshall, Texas 75670, telephone: (903) 934-8450; e-mail: melissa@gillamsmithlaw.com.

In addition to the entities and individuals identified above, Samsung incorporates by reference the witnesses and their possible subjects of testimony disclosed by Plaintiff in its Initial Disclosures and any amended or supplemental Initial Disclosures, as well as those entities and individuals identified by Plaintiff through discovery, declaration, or other means, those entities and individuals whose names appear on produced documents as if set forth in full herein, and those entities and individuals deposed or to be deposed in these cases. Samsung has not yet identified all expert witnesses upon whose opinions and testimony it may rely in this matter. Samsung's investigation, research and analysis of the issues in these cases are ongoing. If Samsung identifies additional entities and individuals likely to have discoverable information that it may use to support its claims or defenses, it will supplement this disclosure pursuant to Fed. R. Civ. P. 26(e).

   (e) **Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in these actions or to indemnify or reimburse for payments made to satisfy the judgments;**

Samsung continues to investigate the existence of any indemnification agreements under which any person or entity may indemnify or reimburse for payments made to satisfy the judgment and will supplement as required.

Samsung is not aware of any insurance agreement under which any person carrying on insurance business may be liable to satisfy part or all of a judgment which may be entered in these actions or to indemnify or reimburse for payments made to satisfy the judgments. Samsung expressly reserves the right to supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues.

**(f) Any settlement agreements relevant to the subject matter of these actions;**

Samsung is currently unaware of any applicable settlement agreement relevant to the subject matter of these actions. Samsung reserves the right to supplement these Disclosures after further determination of whether later discovered settlement agreements are relevant to the subject matter of this action.

**(g) Any statement of any party to the litigation;**

Samsung is currently unaware of any statements by any party to these actions that were not included in the parties' pleadings, documents filed with the Court, disclosures, and other documents served on the parties' counsel.

## ADDITIONAL DISCLOSURES

**(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:**

   **i.** **If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.**

17

      **ii.** **If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.**

Samsung will produce the required information according to the Local Patent Rules and the Docket Control Order.

**(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and**

Subject to applicable objections, Samsung will make available or produce its relevant documents to Plaintiff.

**(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

Samsung denies that Plaintiff is entitled to any relief in these actions. Plaintiff has not yet provided any specific claim of damages or damages theory. Samsung reserves the ability to respond to and/or rebut Plaintiff's damages claims and theories at the appropriate time, which may occur during expert discovery. Further, Samsung reserves the ability to specify an assessment of attorneys' fees it may seek pursuant to 35 U.S.C. § 285.

Dated: December 30, 2024

Respectfully submitted,

/s/ Melissa R. Smith

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorney for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all attorneys of record in accordance with the Federal Rules of Civil Procedure *via* electronic mail on December 30, 2024.

/s/ Melissa R. Smith

Melissa R. Smith