# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:24-cv-00764-JRG-RSP<br>) **Member Case**<br>) |
| v. | )<br>)<br>) |
| HP INC., | )<br>)<br>) |
| Defendant. | )<br>) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:24-cv-00765-JRG-RSP<br>) **Member Case**<br>) |
| v. | )<br>)<br>) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | )<br>)<br>) |
| Defendants. | )<br>) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:24-cv-00766-JRG-RSP<br>) **Member Case**<br>) |
| v. | )<br>)<br>) |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., | )<br>)<br>) |
| Defendants. | )<br>) |

**ASKEY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>EXPEDITED ENTRY OF A PARTIAL FINAL JUDGMENT</u>**

The parties stipulated on December 12, 2025 to resolve the parties' disputes concerning infringement by the accused products, the invalidity of the asserted claims, and the lack of willfulness by Askey. ECF No. 202. The parties agreed to the terms of the stipulation to streamline the proceedings in this case and minimize the burden on the Court and the parties, who are bound by its terms. With the stipulation, the parties narrowed and limited the remaining disputes to damages/remedies (if any). *See* ECF No. 227, 1.

The stipulation is clear and remains binding, but Wilus, seemingly seeking additional affirmation before the remaining issues are tried, argues that an entry of partial judgment will "clarify the scope of the case going forward and will promote efficient resolution of the remaining issues" and also "conserve judicial resources by narrowing the issues before the Court to only damages and remedies." ECF No. 227, 2. However, the parties' joint and uncontested stipulation already achieves these goals. Although not articulated in its motion, the impetus behind Wilus's dash to secure a partial judgment before trial on the remaining issues is to lend weight to its separate motion for entry of a permanent injunction before resolving all remaining issues in the case. Wilus is not entitled to a permanent injunction, and the Court should deny that motion, for reasons that Askey will submit in a separate opposition (to be filed Wednesday, March 4 (*see* ECF Nos. 231, 240)), and so there is no need for early entry of judgment.

In addition, despite having agreed to a joint stipulation resolving three issues, Wilus asks the Court only to enter judgment on infringement and validity while omitting Wilus's concession of no willfulness by Askey. ECF No. 202. Askey has reached out to Wilus, both before and after Wilus's motion, to request a proposed judgment and to propose one to avoid this motion. *See* ECF No. 227-2. If the Court is to enter any partial final judgment, it should encompass the full scope of the issues that have been resolved by the parties' joint stipulation as proposed in the attached

Exhibit 1, which Askey provided to Wilus on February 25, 2026. If Wilus continues to omit its willfulness stipulation from the judgment, the Court should deny Wilus's motion.

Dated: February 26, 2026                                Respectfully submitted,

                                                        /s/ Jeffrey D. Smyth

                                                        Trey Yarbrough
                                                        Bar No. 2213350
                                                        **YARBROUGH WILCOX, PLLC**
                                                        100 E. Ferguson Street, Suite 1015
                                                        Tyler, TX 75702
                                                        Tel: (903) 595-3111
                                                        Fax: (903) 595-0191
                                                        Email: trey@yw-lawfirm.com

                                                        Ming-Tao Yang (*pro hac vice*)
                                                        Jeffrey D. Smyth (*pro hac vice*)
                                                        **FINNEGAN, HENDERSON, FARABOW
                                                         GARRETT & DUNNER, LLP**
                                                        3300 Hillview Avenue, 2nd Floor
                                                        Palo Alto, CA 94304
                                                        Tel: (650) 849-6600
                                                        Fax: (650) 849-6666
                                                        Email: ming.yang@finnegan.com
                                                        Email: jeffrey.smyth@finnegan.com

                                                        *Attorneys for Defendants Askey Computer Corp.
                                                        and Askey International Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of February, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  */s/ Jeffrey D. Smyth*
                                                  Jeffrey D. Smyth