UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>HP INC.<br><br>Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ASKEY'S THIRD AFFIRMATIVE DEFENSE OF "EQUITABLE DOCTRINES**

The Court should grant Plaintiff Wilus Institute of Standards and Technology Inc.'s ("Wilus") motion for partial summary judgment on Defendant Askey Computer Corp.'s and Askey International Corp.'s ("Askey") third affirmative defense of "Equitable Doctrines." Askey does not—and cannot—meet its burden to prove that Wilus's claims are barred by any of the equitable defenses listed in Askey's answer. As evidenced by Askey's answer, rog responses, and 30(b)(6) testimony, it never articulated or pursued any equitable defense in this case. Indeed, before filing this motion, Wilus's counsel asked Askey's counsel to "provide the full legal and factual basis" for any equitable defense it was maintaining. Askey's counsel made a nonsensical response and could not point to any pleading or evidence of record (much less anything that could create a genuine dispute of material fact). This confirms that summary judgment should be granted.

## I. STATEMENT OF ISSUE

Whether Askey can meet its burden to prove that Wilus's claims are barred by the affirmative defense of "Equitable Doctrines," where Askey never articulated or provided discovery on any such equitable defense, and Askey's counsel admitted as much.

## II. STATEMENT OF FACTS

On January 16, 2025, Askey filed its answers in these cases asserting "Third Defense – Equitable Doctrines." Dkt. 59 at 14; Dkt. 60 at 15. The sole allegation for this defense is "Plaintiff is barred from receiving some or all of the relief sought in the Complaint for reasons of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license." *Id.*

During discovery, Wilus propounded rogs seeking "all factual and legal bases for the affirmative defenses set forth in your Answer" and a 30(b)(6) notice seeking "The complete factual basis for each Affirmative Defenses and Counterclaim that You have raised or intend to raise in the course of this action[.]" Ex. A (Wilus Common Rog 7) at 12; Ex. B (Wilus 30(b)(6) Topic 43) at 18. Askey's rog responses identified no basis for its equitable defenses. Ex. C at 13-15. Nor did

1

Askey's 30(b)(6) designee on affirmative defenses, Mr. Chen, provide any factual basis for any equitable defense. Ex. D (Chen Dep. Tr.) at 74-76 (testifying that Askey's equitable defenses are "Just as described" in the answer, failing to provide "any factual basis or information for any defense," and not knowing whether Askey is continuing to assert any equitable defense).

On February 27, 2026, in advance of this motion, Wilus's counsel asked Askey's counsel to withdraw Askey's third affirmative defense of equitable defenses. Ex. E at 1. Wilus's counsel also asked: "For any defense Askey intends to maintain (e.g., any of the defenses of waiver, estoppel, acquiescence, unclean hands, or implied license; or any defense under 35 U.S.C. § 287) please specify and provide the full legal and factual basis for maintaining it." *Id.*

On March 1, 2026, Askey's counsel responded and declined to withdraw Askey's third affirmative defense. Ex. F at 1. On equitable defenses, Askey's counsel stated (*Id.*):

> "Askey is not pursuing some of the equitable defenses (for example implied license, waiver, or acquiescence). However, other defenses, like unclean hands and estoppel are potentially relevant to Wilus's requests for relief. These issues are still evolving and developing, as evidenced by Wilus's recently filed injunction motion, and Askey's defenses may similarly evolve depending on Wilus's theories for its claims and relief sought."

Beyond this statement, Askey declined to withdraw the third defense, necessitating this motion.

## III.   ARGUMENT

Wilus is entitled to summary judgment on Askey's third affirmative defense of "Equitable Defenses," and Askey has no good faith basis to oppose. As shown by the facts above and exhibits attached to this motion, Askey failed to pursue or adduce evidence for any equitable defense ("waiver, estoppel, acquiescence, unclean hands, and/or implied license") during discovery or in this case. Askey's answer includes a boilerplate sentence naming certain defenses. But no specific theory—under *any* defense—has ever been articulated (much less the legal and factual bases for such unknown and undisclosed theory).

Askey's e-mail response on this motion is telling. Askey's only justification for maintaining equitable defenses was its assertion that "other defenses, like unclean hands and estoppel are potentially relevant to Wilus's requests for relief" and "These issues are still evolving and developing[.]" Ex. F at 1. This is nonsensical and has nothing to do with Wilus's entitlement to summary judgment. Whether Askey's counsel *believes* that certain defenses are "potentially relevant" cannot excuse Askey's failure articulate and provide discovery on equitable defenses throughout this case. To this day, Askey has never articulated *any* equitable defense. Nor can it point to any sufficient disclosure in its discovery responses or 30(b)(6) testimony because no such disclosure exists. Likewise, Askey's reference to Wilus's injunction motion and "evolving" issues is nonsensical and mere obfuscation. Wilus identified injunctive relief in its complaint and Askey could and should have preserved any equitable defenses, as required by the Court's rules.

### IV.   CONCLUSION

For the foregoing reasons, the Court should grant Wilus's motion for partial summary judgment on Askey's third affirmative defense of "Equitable Doctrines."

Dated: March 2, 2026                                  Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko

3

ic.

CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 2, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Reza Mirzaie*
Reza Mirzaie