# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant.* | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP., <br><br> *Defendants* | Civil Action No. 2:24-cv-0753-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Civil Action No. 2:24-cv-00746-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant.* | Case No. 2:24-cv-00764-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, | Case No. 2:24-cv-00765-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |

1

|  |  |
|---|---|
| v.<br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*<br><br>WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.,<br><br>*Defendants*. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case)<br><br>**JURY DEMANDED** |

**PLAINTIFF WILUS' FIRST SET OF COMMON INTERROGATORIES TO ALL DEFENDANT GROUPS**

Plaintiff to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus" or "Plaintiff"), serves this First Set of Common Interrogatories on all Defendant Groups, including each of its parties, individually, and collectively, as follows:

**INSTRUCTIONS**

1. If you claim that any information requested is privileged, please provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for purposes of a motion to compel a response all information with respect to which you claim a privilege, and state the basis on which the privilege is claimed.

2. Your responses to the following Interrogatories are to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

2

contractors, licensors, and licensees, in designing, developing, testing, producing, manufacturing, copying, marketing, selling, distributing, importing into the United States, selling for importing into the United States, and/or selling after importing into the United States.

**INTERROGATORY NO. 5:**

Describe in detail your awareness of each Asserted Patent, including when you first became aware of each Asserted Patent, how you first became aware of each Asserted Patent, the actions you have taken as a result of your awareness of each Asserted Patent, and any discussions you have had with any third party with respect to each Asserted Patent.

**INTERROGATORY NO. 6:**

Describe and identify the date you first became aware of Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, including when you first became aware of Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, the interactions you had with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, and actions you have taken as a result of your interactions with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, including identifying by Bates number all documents that refer or relate to your awareness of, interactions with, and actions you have taken as a result of your interactions with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit.

**INTERROGATORY NO. 7:**

Explain in detail all factual and legal bases for the affirmative defenses set forth in your Answer, including by identifying all documents supporting your contentions and identifying all persons with knowledge of any facts relied on by you in making such contentions.

**INTERROGATORY NO. 8:**

Set forth, on a monthly basis (or quarterly if monthly is not available), Your sales of each

Accused Product or any product identified in response to Interrogatory No. 1 in the United States, from six years prior to the filing of the Complaint in this action to the present, including the number of units sold, the price, costs and profits of each unit, the gross revenue, the net profit realized on such sales, and identification of all categories of expenses deducted to calculate net profits.

**INTERROGATORY NO. 9:**

Set forth and describe Your profit & loss and costs relevant to the Accused Products or any product identified in response to Interrogatory No. 1, on a monthly (or quarterly basis if monthly is not available), including itemized costs relating to each Accused Product, including with respect to Your profit & loss statements or costs relevant to the product line(s), product families, product categories, product hierarchy level(s), business unit(s), or segments relevant to the Accused Products, and including manufacturing and/or development costs, marketing and advertising costs, costs of sales, research and development costs, and other costs, for the time period from six years prior to the filing of the Complaint in this action to the present.

**INTERROGATORY NO. 10:**

Describe in detail all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by you, prepared on your behalf, or known by you identifying customer or industry preferences concerning the Accused Products and Relevant Components. Your answer should include the Bates numbers of all such documents, and all persons that possess related knowledge about these documents, studies, surveys or other reports or analyses.

**INTERROGATORY NO. 11:**

Describe Your patent license agreements, and proposed license agreements, whether or not ultimately executed, related to the Accused Products, Relevant Components, and/or any product

13

noninfringement contentions, any aspect of Your invalidity contentions, and indemnification, whether oral, written, or recorded.

**INTERROGATORY NO. 15:**

If You contend that any Accused Product or Relevant Component does not comply with, support or practice any aspect of and of the IEEE 802.11 standard sections quoted or cited in either Plaintiff's operative complaint or Plaintiff's P.R. 3-1 Infringement Contentions, including any supplements or amendments thereto, including without limitation with respect to development testing and compliance testing; in your response, identify and describe any contentions that any Accused Product or Relevant Component comply/do not comply with, support or practice any aspect of the standard, including the bases for such contentions; identify persons with knowledge regarding the foregoing.

Dated: January 21, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
rmirzaie@raklaw.com
CA State Bar No. 246953
Marc A. Fenster
mfenster@raklaw.com
CA State Bar No. 181067
Neil A. Rubin
nrubin@raklaw.com
CA State Bar No. 250761
Christian W. Conkle
cconkle@raklaw.com
CA State Bar No. 306374
Jonathan Ma
jma@raklaw.com
CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
310-826-7474

15

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of January, with a copy of this document via email.

/s/ Reza Mirzaie
Reza Mirzaie

Case 2:24-cv-00752-JRG   Document 251-1   Filed 03/02/26   Page 7 of 7 PageID #: 8344