# Exhibit E

**From:** Philip Wang pwang@raklaw.com
**Subject:** Wilus v. Askey - MSJs, Askey's Affirmative Defenses
**Date:** February 27, 2026 at 2:18 PM
**To:** Smyth, Jeffrey Jeffrey.Smyth@finnegan.com, Yang, Ming Ming.Yang@finnegan.com, ASKEY-Wilus ASKEY-Wilus@finnegan.com
**Cc:** Rak Wilus rak_wilus@raklaw.com, Alexandra Easley aeasley@raklaw.com, [ext] Ben Weed ben@bewlawyer.com

Jeff and Ming,

I write regarding Askey's affirmative defenses in its answers (Dkt. 59; Dkt. 60). This is for purposes of MSJs. We'd appreciate a prompt response to avoid unnecessary disputes and motion practice.

Will Askey will withdraw the following affirmative defenses?

- **Third Defense - Equitable Doctrines**
    - "Plaintiff is barred from receiving some or all of the relief sought in the Complaint for reasons of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license." (Dkt. 59 at 14; Dkt. 60 at 15)
    - Askey should withdraw the third defense in its entirety.

- **Fifth Defense - Limitation on Damages and Recovery**
    - "On information and belief, Plaintiff's claims for damages, if any, against Askey are statutory limited by, including but not limited to, 35 U.S.C. §§ 271, 286, and 287." (Dkt. 59 at 14; Dkt. 60 at 16)
    - Askey should withdraw this defense, at least as to § 287.

Askey failed to pursue or adduce evidence for any of the above defenses during discovery or in this case. This is confirmed by Askey's discovery responses and 30(b)(6) deposition testimony.

Please let us know whether Askey will withdraw these defenses as soon as possible and no later than Monday 3/2 at 10am Eastern.

For any defense Askey intends to maintain (e.g., any of the defenses of waiver, estoppel, acquiescence, unclean hands, or implied license; or any defense under 35 U.S.C. § 287) please specify and provide the full legal and factual basis for maintaining it.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com