# Exhibit F

**From:** **Smyth, Jeffrey** Jeffrey.Smyth@finnegan.com
**Subject:** RE: Wilus v. Askey -- Motions to Strike
**Date:** March 1, 2026 at 11:17 PM
**To:** Philip Wang  pwang@raklaw.com
**Cc:** andrea@millerfairhenry.com, Dale Chang  dchang@raklaw.com, Jonathan Ma  jma@raklaw.com, Mackenzie Paladino  mpaladino@raklaw.com, Neil Rubin  nrubin@raklaw.com, Reza Mirzaie  rmirzaie@raklaw.com, Marc Fenster  mfenster@raklaw.com, Rak Wilus  rak_wilus@raklaw.com, Jacob Buczko  jbuczko@raklaw.com, Adam Hoffman  ahoffman@raklaw.com, ASKEY-Wilus  ASKEY-Wilus@finnegan.com

Phillip,

Askey will be moving to strike the Brismark and Dell opinions/reports in their entirety.

Mr. Brismark's opinion is irrelevant, and he is not qualified to provide a legal opinion. Wilus has stipulated to no willfulness by Askey, and neither party has alleged breaches of any FRAND obligation. Therefore, the only issue remaining for the jury is damages, based on a hypothetical negotiation between a willing licensor and willing licensee. Thus, Mr. Brismark's opinions are not relevant to the sole remaining issue and will not assist the jury in resolving the dispute. If anything, they will only create confusion. Moreover, Mr. Brismark includes improper opinions concerning the state of mind of Askey and Sisvel and legal conclusions/opinions on legal obligations that are inappropriate expert testimony.

Mr. Dell's opinion relies on a "benchmark" analysis using the *Ericsson v. D-Link* case that Wilus failed to disclose in discovery. Wilus's failure was not substantially justified as Mr. Dell has been working with Wilus since 2024. Nor was Wilus's failure to disclose harmless, because it has prevented Askey from seeking relevant discovery related to that opinion from Wilus and third parties. In addition, Mr. Dell's analysis is unreliable in elevating the *Ericsson v. D-Link* result over the numerous licenses that include the patents-in-suit, at least because the *Ericsson v. D-Link* result was vacated by the Federal Circuit and is not technically or economically comparable to the hypothetical negotiation. The vacated jury award did not involve the same parties, same products, same patents, or same version of the standard. Mr. Dell's opinion also fails to conduct a proper apportionment, as is required by the Federal Circuit.

Regarding the issues raised in your email, I spoke with Alexandra about the equitable defenses on February 3. As I told her then, Askey is not pursuing some of the equitable defenses (for example implied license, waiver, or acquiescence). However, other defenses, like unclean hands and estoppel are potentially relevant to Wilus's requests for relief. These issues are still evolving and developing, as evidenced by Wilus's recently filed injunction motion, and Askey's defenses may similarly evolve depending on Wilus's theories for its claims and relief sought. Askey is not withdrawing anything related to §287, as it is Wilus's burden to plead and prove compliance with §287 to establish entitlement to any pre-notice damages, which it has failed to do.

As previously requested, please provide your availability to meet and confer on Monday. We are available at noon PT.

Best,
Jeff

**Jeffrey D. Smyth**

Partner
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6618 | fax 650.849.6666 | jeffrey.smyth@finnegan.com | www.finnegan.com

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Sunday, March 1, 2026 6:50 PM
**To:** Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>
**Cc:** andrea@millerfairhenry.com; Dale Chang <dchang@raklaw.com>; Jonathan Ma <jma@raklaw.com>; Mackenzie Paladino <mpaladino@raklaw.com>; Neil Rubin <nrubin@raklaw.com>; Reza Mirzaie <rmirzaie@raklaw.com>; Marc Fenster <mfenster@raklaw.com>; Rak Wilus <rak_wilus@raklaw.com>; Jacob Buczko <jbuczko@raklaw.com>; Adam Hoffman <ahoffman@raklaw.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Subject:** Re: Wilus v. Askey -- Motions to Strike

Jeff,

Please identify what specific opinions and paragraphs of the Dell and Brismark reports Askey intends to move on and the bases of the motions to strike.

Please also respond to my email about Askey's affirmative defenses, attached for your convenience.

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

> On Feb 27, 2026, at 3:28 PM, Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com> wrote:
>
> Counsel,
>
> Askey intends to submit motions to strike the opinions of Wilus's proffered experts Stephen Dell and Gustav Brismark. Please provide your availability to meet and confer on Monday to discuss.
>
> Best,
> Jeff
>
> **Jeffrey D. Smyth**
> Partner
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 3300 Hillview Avenue, Palo Alto, CA 94304-1203
> 650.849.6618 | fax 650.849.6666 | jeffrey.smyth@finnegan.com | www.finnegan.com