# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HP INC.<br><br>　　　　Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>　　　　Defendant. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>　　　　Defendant. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS ASKEY COMPUTER CORP.'S AND ASKEY INTERNATIONAL CORP.'S FAILURE TO MARK DEFENSE**

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

II.  UNDISPUTED MATERIAL FACTS ............................................................................ 1

III. LEGAL STANDARD .................................................................................................... 2

IV.  ARGUMENT ................................................................................................................. 2

    A.    There Is No Genuine Dispute of Material Fact that Askey Has Failed to Meet its *Arctic Cat* Burden of Production to Identify Specific Unmarked Products. ..................................................................... 2

    B.    Any Belated Attempt By Askeyto Indentify "Specific Unmarked Products" In its Opposition this Motion Must Fail. ............................................... 3

V.   CONCLUSION .............................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, Inc.,
  477 U.S. 242 (1986) ............................................................................................................ 2

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................................ 1

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
  No. 222CV00126JRGRSP, 2022 WL 18046695 (E.D. Tex. Sept. 20, 2022) ........................... 4

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ............................................................................................................ 2

*Freeny v. Fossil Grp., Inc.*,
  No. 2:18-CV-00049-JRG, 2019 WL 8688587 (E.D. Tex. July 24, 2019) ................................. 4

Ragas v. Tenn. Gas Pipeline Co.,
  136 F.3d 455 (5th Cir. 1998) ............................................................................................... 2

*Salazar v. AT&T Mobility LLC
  et al*, 2:20-cv-0004-JRG (E.D. Tex, May 25, 2021) ................................................................ 3

*Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG, 2018 WL 2041732 (E.D. Tex. May 1, 2018) .... 2

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
  No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022) ....................... 3, 4

**Statutes**

35 U.S.C. § 286 .......................................................................................................................... 1

35 U.S.C. § 287 .......................................................................................................................... 1

35 U.S.C. §§ 271 ........................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................................. 2

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56 and the law established by *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017), Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus") moves for summary judgment against Defendant Askey Comupter Corp.'s and Askey International Corp.'s ("Askey") "Failure to Mark" defense. Askey has failed to meet its requisite initial "burden of production" to "put [Wilus] on notice that [Wilus] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat*, 876 F.3d at 1368. Accordingly, Askey cannot proceed with its defense and the Court should grant summary judgment in favor of Wilus against Askey's 35 U.S.C. § 287 "Failure to Mark" defense.

II.  **UNDISPUTED MATERIAL FACTS**

On January 16, 2025, Askey filed its Answers in these cases, asserting *inter alia* as its Fifth Defense, "On information and belief, Plaintiff's claims for damages, if any, against Askey are statutory limited by, including but not limited to, 35 U.S.C. §§ 271, 286, and 287." Dkts. 59-60 at 14.

Askey's Initial and Additional Disclosures, served December 20, 2024, vaguely disclose a § 287 defense, but with no detail:

> "To the extent Wilus is entitled to any damages under the Asserted Patents, 35 U.S.C. §§ 286 and 287 limit its recovery and limit any enhanced damages."

Ex. A at 6.

On January 1, 2025, Wilus propounded Common Interrogatory No. 7, seeking "…all factual and legal bases for the affirmative defenses set forth in your Answer…" Ex. B (Wilus' First Set of Common Interrogatories to All Defendant Groups) at 12. Askey's response identified no basis for its marking defense. Ex. C at 13-15.

1

### III. LEGAL STANDARD

A motion for summary judgment shall be granted when the record demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Federal Circuit requires that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287." *Arctic Cat*, 876 F.3d at 1368. This entails, *inter alia*, putting "the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id*. In other words, "an alleged infringer must put the patentee on notice about specific unmarked products which the alleged infringer believes practice the patent and were sold by the patentee or his authorized licensees." *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG, 2018 WL 2041732, at *2 (E.D. Tex. May 1, 2018) (citing *Arctic Cat*, 876 F.3d at 1368). The Federal Circuit cautions that, as Askey is attempting to do here, "permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship." *Arctic Cat*, 876 F.3d at 1368.

### IV. ARGUMENT

#### A. There Is No Genuine Dispute of Material Fact that Askey Has Failed to Meet its *Arctic Cat* Burden of Production to Identify Specific Unmarked Products.

There is no dispute that Askey has failed to meet its initial burden of production to identify specific unmarked products it believes practice the patents-in-suit. None of its disclosures or discovery responses in this case provides any of the requisite information. Askey failed to employ

any means to identify any "specific unmarked products." Askey refused to provide any identification in its interrogatory response. Ex. C. Askey did not identify any products in its Initial Disclosures. Ex. A. Askey did not identify any products in its pleadings. Dkts. 59-60.

Having failed to meet its *Arctic Cat* initial burden of production, the Court should award summary judgment against Askey, and in favor of Wilus, on Askey's Section 287 failure to mark defense. *See, e.g., Salazar v. AT&T Mobility LLC et al*, 2:20-cv-0004-JRG (E.D. Tex, May 25, 2021) (Ex. D at 5) (granting summary judgment for plaintiff on Section 287 marking because defendant failed to identify "specific unmarked products which the alleged infringer believes practice the patent"); *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022) (alleged infringer "failed to satisfy its *Arctic Cat* burden of production" and defendant was therefore "precluded from raising a marking defense at trial")

### B. Any Belated Attempt By Askey to Indentify "Specific Unmarked Products" In its Opposition this Motion Must Fail.

In opposition to this Motion, Askey may attempt to belatedly identify "specific unmarked products" it believes practice the patents-in-suit and were not marked. This would fail.

*Arctic Cat* requires that the "alleged infringer" must make its *Arctic Cat* identification to put the patentee "on notice" of what "specific unmarked products" are subject to the alleged infringer's defense. *Arctic Cat*, 876 F.3d at 1368. The Federal Circuit's stated purpose of this burden of production, borne by the "alleged infringer," is to limit the "universe of products" that the patentee must address in its case. *Id*.

Allowing Askey to belatedly meet its burden of production in response to this Motion would destroy the purpose of *Arctic Cat*, which is to limit issues by putting the patentee on notice of "specific unmarked products" subject to the defense. Indeed, other Courts have recognized that

identification of products at or after the tail end of discovery is too late under *Arctic Cat*. *See Solas Oled Ltd.*, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022) (Alleged infringer "failed to satisfy its *Arctic Cat* burden of production" where it identified licensee products at the close of fact discovery); *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 222CV00126JRGRSP, 2022 WL 18046695, at *4 (E.D. Tex. Sept. 20, 2022) (attempted *Arctic Cat* identification of products after operative close of discovery is too late to meet burden of production); *Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019) (Defendant's identification of products in rebuttal expert report failed under *Arctic Cat* because it prevented patent from "developing the factual evidence and expert opinion needed to carry its burden of proof at trial" on marking). Naming specific products at this point would expand the scope of products in this case, requiring new discovery, including expert discovery and possibly third party discovery, to determine technical information about any identified product, if the products were actually sold at the relevant time, if they infringe the patents asserted in this case, if they were marked, if were reasonable efforts to mark them. Then there may be additional motion practice. It would prejudice Wilus and, with trial set in early June, there is no availability for a continuance to address any new products. In accord with the precedent of this Court, Askey should be held to its failure to meet its burden at this point in the case and this Motion should be granted.

## V.     CONCLUSION

Summary judgment should be entered in favor of Wilus on Askey's Section 287 failure to mark defense because Askey failed to meet its *Arctic Cat* burden of production to identify "specific unmarked products" it believes practices one or more asserted patents in this case, and any attempt to do so now is too late.

4

Dated: March 2, 2026                      Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

5

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 2, 2026, with a copy of this document via the Court's CM/ECF.

                                               */s/ Reza Mirzaie*
                                               Reza Mirzaie