# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. AND ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Civil Action No. 2:24-cv-00766-JRG-RSP <br><br> **MEMBER CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. AND ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Civil Action No. 2:24-cv-00753-JRG-RSP <br><br> **MEMBER CASE** |

**DEFENDANTS ASKEY COMPUTER CORP.'S AND
ASKEY INTERNATIONAL CORP.'S INITIAL AND ADDITIONAL DISCLOSURES**

1

Defendants Askey Computer Corp. and Askey International Corp. (collectively, "Askey" or "Defendants") hereby make the following Initial and Additional Disclosures to Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus" or "Plaintiff").

Askey makes these disclosures in compliance with the Court's order based on the information reasonably available to it at this time. By making these disclosures before its response to Wilus's complaint is due, Askey does not waive any arguments or motion on the basis of jurisdiction, venue, sufficiency of pleadings, and/or other contentions regarding Wilus's claims in the case. Askey does not represent that it is identifying in these disclosures every document, tangible thing, or witness possibly relevant to all issues that may eventually be raised in this lawsuit. Askey is continuing to investigate the facts, issues, and law relevant to this action, and Askey reserves the right to supplement, amend, or modify these disclosures as additional information, documents, data compilations, or tangible things become available, including through discovery, and as details of Plaintiff's positions become known to Askey. Askey further reserves the right to object to the use of the disclosures herein, in whole or in part, at any time, including at the trial of this or any other action on the grounds of relevancy, competency, materiality, admissibility, hearsay, or for any other reason. Further, pursuant to Rule 26(a)(1) and other applicable Federal Rules of Civil Procedure, Askey is not disclosing documents or information protected by the attorney-client privilege, work-product immunity doctrine, or any other applicable privilege. Askey's disclosures do represent, however, a good-faith effort by Askey to identify information presently available to it that falls within the scope of Fed. R. Civ. P. 26(a)(1).

Askey's disclosures are made without in any way waiving: (1) the right to object on the ground of competency, privilege, relevancy and materiality, hearsay, or any other proper ground; (2) the right to object to the use of any such information for any purpose in any subsequent

proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery involving or relating to the subject matter of these disclosures. Askey further reserves the right to rely upon additional information as it becomes available through discovery, or otherwise. Askey also reserves the right to call any witness or present any document or tangible thing at trial that is identified through further investigation or discovery.

All disclosures herein are made subject to the above qualifications.

**I.      INITIAL DISCLOSURES**

    **A.      Correct Names of the Parties to the Lawsuit**

Defendants' correct names are "Askey Computer Corp." and "Askey International Corp."; Plaintiff's pleadings identify itself as "Wilus Institute of Standards and Technology Inc."

    **B.      Potential Parties**

Askey is unaware of any potential parties not presently named.

    **C.      Legal Theories and Factual Bases for Claims and Defenses**

Askey is currently aware of the legal theories and factual bases of its claims and defenses listed below. Askey further incorporates by reference its legal theories, responses and defenses that Askey will submit in its Answer, Affirmative Defenses, and/or Counterclaims, or other response to Wilus's complaint. Askey reserves the right to assert additional defenses and counterclaims. Askey provides the following disclosure of defenses only on information and belief and based on its investigation so far before answering otherwise responding to Wilus's complaint and reserves its right to amend the defenses identified below at the appropriate time if and when it answers and/or otherwise responds in this case.

        **1.      Askey's Non-Infringement Defenses**

Plaintiff alleges that Askey's product(s) infringe U.S. Patent Nos. 10,305,638, 10,820,233, 10,931,396, 11,664,926, 10,313,077, 10,651,992, and 11,128,421 (collectively, the "Asserted Patents").

Askey denies infringement. The factual bases for this contention include, without limitation and subject to the receipt, review, and/or preparation of the same:

- documents and things that show the structure and operation of the accused products;
- witness testimony regarding the structure and operation of the accused products;
- Plaintiff's responses to Askey's written discovery requests;
- Plaintiff's responses to written discovery requests served in any related litigation and/or administrative proceedings;
- documents and things produced by Plaintiff and third parties;
- documents and things produced by Plaintiff and third parties in any related litigation and/or administrative proceedings;
- Askey's responses to Plaintiff's written discovery requests;
- documents and things produced by Askey in this action;
- Plaintiff's Disclosure of Asserted Claims and Infringement Contentions against Askey and any defendant in this or related actions or administrative proceedings and any supplements thereto;
- documents produced in response to third-party subpoenas;
- documents and things, as well as witness testimony, that show the Asserted Patents are unenforceable, including concerning the prosecution leading to the Asserted Patents before the U.S. Patent and Trademark Office and knowledge of references;

- documents and things, as well as witness testimony, that show others commercially used the subject matter of the Asserted Patents, such as, for example, internal or external commercial uses, arm's-length sale, or other commercial transfer, before Plaintiff applied for one or more of the Asserted Patents; and
- such other and further information as may be discovered in the course of this litigation, related litigations, or related administrative proceedings.

### 2. Askey's Invalidity Defenses

The Asserted Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112. Askey incorporates by reference its Invalidity Contentions and related disclosures that Askey will serve at a later date. The factual bases for this contention also include, without limitation and subject to the receipt, review, and/or preparation of the same:

- prior art to the Asserted Patents (some of which may not be in the custody, possession, or control of Askey, but within the custody of third parties);
- the prosecution history of the Asserted Patents;
- the specifications of the Asserted Patents;
- prior use or sale of the subject matter of the Asserted Patents;
- the prosecution history of any patent application related to the Asserted Patents;
- documents relating to the level of ordinary skill in the field of art of the Asserted Patents;
- witness testimony regarding the prosecution of the Asserted Patents, the disclosure of the Asserted Patents' specifications, prior art to the Asserted Patents, prior use or sale of the subject matter of the Asserted Patents, and the understanding of one of ordinary skill in the art;

- Plaintiff's responses to Askey's written discovery requests and/or the written discovery requests served by any defendant named in this action;

- Plaintiff's responses to written discovery requests served in any related administrative proceedings;

- documents produced by Plaintiff in this action;

- documents produced by Plaintiff in any related litigation and/or administrative proceedings;

- documents produced in response to third-party subpoenas;

- Askey's Invalidity Contentions and the Invalidity Contentions served by any defendant in this or related actions or administrative proceedings and any supplements thereto; and

- such other and further information as may be discovered in the course of this litigation, related litigations, or related administrative proceedings.

### 3. Limitations on Relief Sought by Wilus

To the extent Wilus is entitled to any damages under the Asserted Patents, 35 U.S.C. §§ 286 and 287 limit its recovery and limit any enhanced damages. Further, all other licenses of Wilus, including those of, involving, or through Wilus's licensing agent Sisvel International S.A., with its place of business at Immeuble Cubus C2, 2, rue Peternelchen, L-2370 Howald, Grand Duchy of Luxembourg, further restrict any damages Wilus may be entitled to. Wilus has not shown that this is an exceptional case justifying an award of attorney fees under 35 U.S.C. § 285. 35 U.S.C. § 288 further precludes the award of costs due to invalidity of some or all asserted claims. The principles of equity do not warrant any injunctive relief against Askey.

### D. List of Knowledgeable Individuals

| Name | Address and Telephone Number | Subject Matter |
|---|---|---|
| Tommy Lin | Askey Computer Corp. (Contact through counsel) | Research and development of the accused Askey products |
| Alvin Lin | Askey Computer Corp. (Contact through counsel) | Sales of the accused Askey products |
| Each of the named inventors of Wilus's Asserted Patents | Wilus Institute of Standards and Technology Inc. or last known contact information from Wilus | The alleged inventions as disclosed or claimed in the Asserted Patents; prior art and prior art references; the developments of related standard(s); and Wilus's alleged infringement. |

### E. Indemnity and Insuring Agreements

Askey is unaware of any pertinent indemnity or insurance agreement that is applicable to the claims in this case.

### F. Relevant Settlement Agreements

Askey believes Wilus's settlement agreements, license agreements, and other agreements and resolutions, including those relating to Wilus's asserted patents in the case, its wireless patent portfolio(s), or portfolios Sisvel identifies on its website, may be relevant to the claims in this case. Additionally, the settlement agreements, license agreements, and other agreements procured by Sisvel, whether directed to Wilus's portfolio(s) or not, may be relevant to the claims in this case.

### G. Statements of Parties to the Litigation

Askey is unaware of any pertinent statement of any party to the litigation other than the statements made by the parties in the pleadings for this case.

## II. ADDITIONAL DISCLOSURES

### A. Disclosures Under Local Patent Rules 3-1 and 3-3

Askey will serve the disclosures pursuant to the Docket Control Order and Discovery Order that the Court will issue.

### B. Documents Relevant to the Pleaded Claims or Defenses Involved in this Action

Pursuant to paragraph 3(b) of the Discovery Order, Askey identifies the following categories of documents that may be obtained, received, or produced during discovery and may be used in support of its claims and defenses in this action:

- the Asserted Patents and their prosecution histories;

- invention disclosures, standard-organization submissions or proposals, standard-setting discussions and negotiations, and disclosures by others during standard-setting discussions, meetings, and/or exchanges;

- prior art to the Asserted Patents;

- documents related to non-infringement;

- documents related to the invalidity and/or unenforceability of the Asserted Patents;

- documents supporting a defense that Plaintiff is not entitled to damages and/or that any damages should be limited;

- documents related to an appropriate reasonable royalty if any and comparable licenses exist;

- documents sufficient to show the function, specification, implementation, and operation of the relevant aspects of the accused products; and

- documents sufficient to show the sales of the accused products.

This information is based on Askey's investigation to date. Askey expressly reserves the right to identify additional categories as discovery proceeds. Askey may rely upon publicly

8

available documents or documents and/or things in the possession, custody, or control of Plaintiff and/or third parties.

To the extent that any of the foregoing documents, electronically stored information, and tangible things are in Askey's possession or control, they will be produced or made available for inspection by the undersigned counsel. Askey reserves the right to object to production of individual documents or sets of documents for any reasons including, without limitation, proportionality, burden, privacy, relevance, and privilege.

The foregoing list is based on Askey's preliminary review of the documents relating to the claims and defenses in this action and is not exhaustive. Askey reserves the right to supplement and/or amend these disclosures as discovery proceeds and in conformity with the Local Rules and Orders of this Court, and the Federal Rules of Civil Procedure.

**C.     Computation of Any Category of Damages Claimed by Any Party to the Action**

Pursuant to paragraph 3(c) of the Discovery Order, Askey responds that it may seek, upon prevailing in this suit, an award of attorney fees pursuant to 35 U.S.C. § 285, the costs of this suit, and such other and further relief as the Court deems just and proper. The numerical amount of that relief will be identified when appropriate, because they are being incurred as this and related proceedings continue.

Askey reserves the right to challenge any damages calculations offered by Plaintiff.

Dated: December 20, 2024

Respectfully submitted,

/s/ Trey Yarbrough
Trey Yarbrough
Texas Bar No. 22133500
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

**Attorneys for Defendants Askey Computer Corp. and Askey International Corp.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2024, a complete copy of the foregoing document was served via electronic mail to all counsel of record.

/s/ Trey Yarbrough
Trey Yarbrough