# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant.* | Civil Action No. 2:24-cv-0752-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP., <br><br> *Defendants* | Civil Action No. 2:24-cv-0753-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Civil Action No. 2:24-cv-00746-JRG-RSP <br><br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC. <br><br> *Defendant.* | Case No. 2:24-cv-00764-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, | Case No. 2:24-cv-00765-JRG-RSP <br> (Member Case) <br><br> **JURY DEMANDED** |

1

|  |  |
|---|---|
| v.<br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*<br>WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.,<br><br>*Defendants*. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case)<br><br>**JURY DEMANDED** |

# PLAINTIFF WILUS' FIRST SET OF COMMON INTERROGATORIES TO ALL DEFENDANT GROUPS

Plaintiff to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus" or "Plaintiff"), serves this First Set of Common Interrogatories on all Defendant Groups, including each of its parties, individually, and collectively, as follows:

## INSTRUCTIONS

1. If you claim that any information requested is privileged, please provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for purposes of a motion to compel a response all information with respect to which you claim a privilege, and state the basis on which the privilege is claimed.

2. Your responses to the following Interrogatories are to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

2

3. All requests contained in the following Interrogatories to identify a document or thing are to be answered by providing a complete and accurate description sufficient for a request for production of documents and things and for a motion to compel the production of documents and things, based only upon the description provided, including giving the following information concerning the same:

- a. The title or brief description of the document or thing;
- b. A brief description of the subject matter, if a document;
- c. The date on which the document or thing was first prepared or received;
- d. Identification of the person who prepared the document or thing;
- e. Identification of the person or persons who received the document or thing;
- f. Identification of the person or persons who presently have custody of the document or thing;
- g. In case of correspondence, the individuals who are the addresser and the addressee; and
- h. If a publication, the title, date of publication, author, specific page numbers and the publisher.

4. All requests contained in the following Interrogatories to identify a person, whether a natural person or organization, are to be answered by providing sufficient information to enable the undersigned to contact the person by telephone and by mail and to serve legal documents on such person, including that person's full name, title (if any), address and telephone number.

5. Whenever you are asked to describe an event or a chain of events, please: (a) state the date or dates of each occurrence relevant to the event; (b) identify all individuals having knowledge of any occurrence or aspect of the event, including but not limited to those involved in

witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event; (c) describe the role and contribution of each person identified; (d) describe all related events and all previous or subsequent related attempts whether or not completed and whether or not successful; and (e) describe the motivation and causation for the event.

6. With respect to any Interrogatory that calls for the identification of a document to which you claim a privilege or other protection attaches, provide a statement, signed by one of your attorneys, setting forth as to each such document:

    a. The name(s) of the sender(s) of the document;

    b. The name(s) of the author(s) of the document;

    c. The name(s) of the person(s) to whom the original or copies were sent;

    d. The date of the document;

    e. The date on which the document was received by those having possession of the document;

    f. The statute, rule or decision that is claimed to give rise to the privilege or other protections; and

    g. A summary of the contents of the document without disclosing the matter that you claim is privileged or otherwise protected.

7. For each objection, state:

    a. The basis for the objection;

    b. Facts supporting the assertion of the objection; and

    c. The statute, rule or decision that is claimed to give rise to the objection.

8. These Interrogatories shall be deemed continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

1. The term "document" includes "originals" and "duplicates" and has the same meaning as the term "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground, and specifically including, but not limited to, correspondence, agreements, and communications; dealer-customer, inter-company and intra-company communications; emails; webpages; text messages; voicemails; studies, surveys, reports, analyses or projections; announcements, declarations, notices, releases and publicity; notes and memoranda; summaries; minutes and records of telephone conversations, meetings and conferences including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; financial records including bills, receipts, ledgers, invoices, bank statements and canceled checks; books, manuals, and publications; calendars or diaries; charts, plans, sketches and drawings; photographs, reports, and/or summaries of investigations and/or surveys; opinions, notes and reports of consultants; opinions of counsel; reports and summaries of negotiations; any other reports or summaries; agreements, contracts, memoranda of understanding, letters of intent, licenses and assignments; brochures, pamphlets, catalogs, catalog sheets, advertisements (including promotional materials), fliers, announcements, posters, signs, story boards, and scripts, audio and video recordings of radio and television commercials; circulars and trade letters; information contained in any medium now known or hereafter devised including without limitation information contained on computer tape, card, disc or program or information taking the form of or implemented as computer code or source code; and any other paper, writing or physical thing which contains the requested information. Any document that contains any comment, notation,

5

addition, deletion, insertion or marking of any kind, which is not part of another document, is a separate document.

2. The terms "original" and "duplicate" are defined in Rules 1001(3) and (4) of the Federal Rules of Evidence, as follows: "Original" means the writing itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original." A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photographs, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques, that accurately reproduces the original.

3. The term "correspondence" refers to and includes each and every communication, letter, copy of a letter, telegram, e-mail, text message, record or notation, or any conversation, inter-office memorandum or any other similar writing.

4. The terms "relate," "relates to," "related to," or "relating to" shall mean all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of or is in connection with.

5. The term "evidence" means testimony, writings, material objects, or other things presented to the senses that could be offered to prove the existence or nonexistence of a fact.

6. The term "Samsung" means Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., individually, and collectively, including (i) all of their current and past

officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of them, and (ii) all of their predecessors, subsidiaries, parents, affiliates, and successors.

7. The term "HP" means HP, Inc., including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

8. The term "Askey" means Askey Computer Corp. and Askey International Corp., individually, and collectively, including (i) all of their current and past officers, directors, agents, employees, consultants, attorneys, and other acting or purporting to act on behalf of them, and (ii) all of their predecessors, subsidiaries, parents, affiliates, and successors.

9. The term "Sisvel" means Sisvel International, SA, including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and other acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

10. The term "Defendant Group," "You," or "Your," means the group of commonly accused Defendants identified in a single complaint, *i.e.*, the Samsung Defendant Group is Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc., including each of its members individually and collectively.

11. The terms "Plaintiff" and "Wilus" mean Wilus Institute of Standards and Technology, Inc., and its officers, executives, employees, agents, attorneys, representatives, shareholders, predecessors-in-interest, independent contractors, or other persons acting or purporting to act on their behalf.

12. The terms "person" or "persons" mean and include natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, associations,

organizations, joint ventures, groups, government bodies or agencies, legal entities or any other cognizable entities.

13. The term "communication" means any oral or written transmission of information between persons, including but not limited to, meetings, discussion, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences or seminars.

14. The term "Asserted Patent" or "patent-in-suit" means U.S. Patent Nos. 10,305,638, 10,820,233, 10,931,396, 11,664,926, 11,129,163, 11,700,597, 11,116,035, 11,516,879, 10,313,077, 10,651,992, 11,128,421, 10,687,281, 11,470,595, and 11,159,210.

15. The term "Accused Products" refers to all products identified by Plaintiff in its operative infringement contentions (inclusive of any subsequent amendments or supplements thereto) served in this case as those alleged to infringe any Asserted Patent, including all of your Wi-Fi 6 (802.11ax) enabled devices, that you currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, from six years prior to the filing of the Complaint in this action to the present.

16. The term "Relevant Component" refers to all systems, sub-systems, components, devices, features, software, applications, services, versions, releases, apparatuses, methods, processes, and similar that comprise and/or are used by any product that relate to the patent-in-suit, including but not limited to the Wi-Fi 6 (802.11ax) functionality identified in Plaintiff's operative infringement contentions (inclusive of any subsequent amendments or supplements thereto).

17. The term "Asserted Claims" refers to the claims the Accused Products are accused of infringing in the operative infringement contentions (inclusive of any subsequent amendments or supplements thereto). Asserted Claim refers individually to one of the Asserted Claims.

18. When referring to a person, "identify" means give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once you identify a person in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

19. When referring to documents, "to identify" means to provide, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) location(s) where documents is stored; and (v) author(s), addressee(s) and recipient(s).

20. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

21. The terms "all" and "each" when used individually shall be construed as both all and each.

22. The term "including" means "including but not limited to."

23. The term "affiliate" means any corporation or entity related through corporate ownership of stock such as a parent, subsidiary or sister company, or through common directors, officers, and employees, either at the present time or at any time in the past.

24. The term "prior art" shall have the same meaning as the phrase is generally understood in proceeding before the United States Patent and Trademark Office and used in the Manual of Patent Examining Procedure. The term "prior art" includes at least the subject matter described in 35 U.S.C. §§ 102 and 103 and includes publications, patents, physical devices,

products, prototypes, uses, sales, offers for sale, and any documents evidencing the foregoing.

25. The terms "foreign patent" and "foreign patent application" include foreign patents and patent applications filed in countries outside the United States, and include, but are not limited to, divisions, continuations, continuations-in-part, appeals, reissues, patents-of-improvement, inventor's certificates, and foreign utility models.

26. The term "related application" means any application, filed anywhere in the world, that: (a) is a parent, child, or other ancestral application related in any way to a given patent; (b) is a continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, provisional application, or abandoned application of such patent or the application that led to such patent; (c) claims priority in whole or in part from such patent or the application that led to such patent; (d) is the basis for a claim of priority in whole or in part (including claims of benefits under 35 U.S.C. §§ 119(e) or 120) for a given patent; or (e) shares subject matter with a given patent.

27. The term "related patent" means any patent that issued from any related application.

28. The term "products" refers to, without limitation, all products, components, methods, functionalities, processes, and/or services that are or were under development or planned to be developed.

## COMMON INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe each of Your Wi-Fi 6 (802.11ax)-compliant station and access point production, including but not limited including at least each product's name, manufacturer(s) (including manufacturer(s) who manufacture only portions of such product), internal and external model(s), part(s), and version number(s), development names, project names, marketing and brand

10

names, and any other designation or nomenclature used by You to identify the product, and including planned variations, that You currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, from six years prior to the filing of the Complaint in this action to the present.

**INTERROGATORY NO. 2:**

For each product You identify in response to Interrogatory No. 1, and for each Accused Product, identify each Relevant Component, including at least each Relevant Component's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code), and including planned variations.

**INTERROGATORY NO. 3:**

For each of the Accused Products and on a claim-by-claim basis, describe in detail the bases for any contention by You that the Accused Product does not infringe any Asserted Claim. Your response should include the detailed reasons for your contention, all documents that support your contention, and all persons that possess knowledge supporting your contention.

**INTERROGATORY NO. 4:**

For each Accused Product and Relevant Component, describe in detail Your contracts and relationships with related entities, other parties, and/or third parties, including suppliers,

11

contractors, licensors, and licensees, in designing, developing, testing, producing, manufacturing, copying, marketing, selling, distributing, importing into the United States, selling for importing into the United States, and/or selling after importing into the United States.

**INTERROGATORY NO. 5:**

Describe in detail your awareness of each Asserted Patent, including when you first became aware of each Asserted Patent, how you first became aware of each Asserted Patent, the actions you have taken as a result of your awareness of each Asserted Patent, and any discussions you have had with any third party with respect to each Asserted Patent.

**INTERROGATORY NO. 6:**

Describe and identify the date you first became aware of Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, including when you first became aware of Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, the interactions you had with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, and actions you have taken as a result of your interactions with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit, including identifying by Bates number all documents that refer or relate to your awareness of, interactions with, and actions you have taken as a result of your interactions with Wilus, Sisvel, and/or any inventor of any of the Patents-in-Suit.

**INTERROGATORY NO. 7:**

Explain in detail all factual and legal bases for the affirmative defenses set forth in your Answer, including by identifying all documents supporting your contentions and identifying all persons with knowledge of any facts relied on by you in making such contentions.

**INTERROGATORY NO. 8:**

Set forth, on a monthly basis (or quarterly if monthly is not available), Your sales of each

Accused Product or any product identified in response to Interrogatory No. 1 in the United States, from six years prior to the filing of the Complaint in this action to the present, including the number of units sold, the price, costs and profits of each unit, the gross revenue, the net profit realized on such sales, and identification of all categories of expenses deducted to calculate net profits.

**INTERROGATORY NO. 9:**

Set forth and describe Your profit & loss and costs relevant to the Accused Products or any product identified in response to Interrogatory No. 1, on a monthly (or quarterly basis if monthly is not available), including itemized costs relating to each Accused Product, including with respect to Your profit & loss statements or costs relevant to the product line(s), product families, product categories, product hierarchy level(s), business unit(s), or segments relevant to the Accused Products, and including manufacturing and/or development costs, marketing and advertising costs, costs of sales, research and development costs, and other costs, for the time period from six years prior to the filing of the Complaint in this action to the present.

**INTERROGATORY NO. 10:**

Describe in detail all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by you, prepared on your behalf, or known by you identifying customer or industry preferences concerning the Accused Products and Relevant Components. Your answer should include the Bates numbers of all such documents, and all persons that possess related knowledge about these documents, studies, surveys or other reports or analyses.

**INTERROGATORY NO. 11:**

Describe Your patent license agreements, and proposed license agreements, whether or not ultimately executed, related to the Accused Products, Relevant Components, and/or any product

identified in response to Interrogatory No. 1, including but not limited to license agreements, covenants, releases, and settlements related to Wi-Fi 6 (802.11ax) station and/or access point products.

**INTERROGATORY NO. 12:**

If you contend any portion of the financial information that you produce in this matter should be excluded from any calculation of allegedly infringing units or revenues in this case (including, for example, as part of a royalty base for damages purposes) for any reason other than your contentions of non-infringement with regard to Plaintiff's allegations of infringement, state the basis for your contention(s) and identify the specific units and corresponding revenues, if any, that you contend should be excluded.

**INTERROGATORY NO. 13:**

Describe in detail any planned, potential, alleged, or implemented design-around or non-infringing alternative (including whether You believe it to be commercially acceptable or commercially unacceptable) of any Asserted Claim, including any analysis of commercial and consumer acceptability (or lack thereof), availability, cost of implementation, time for implementation, implementation business impacts, and design of any such purported non-infringing alternative or design-around. Your response should include a detailed description of the design-around or non-infringing alternative and related analyses, all documents related to the design-around or non-infringing alternative and related analyses, and all persons that possess knowledge relating to your design-around or non-infringing alternative and related analyses.

**INTERROGATORY NO. 14:**

Describe all communications sent to or received from any third party concerning or relating to any aspect of this case, including without limitation the Asserted Patent, any aspect of Your

noninfringement contentions, any aspect of Your invalidity contentions, and indemnification, whether oral, written, or recorded.

**INTERROGATORY NO. 15:**

If You contend that any Accused Product or Relevant Component does not comply with, support or practice any aspect of and of the IEEE 802.11 standard sections quoted or cited in either Plaintiff's operative complaint or Plaintiff's P.R. 3-1 Infringement Contentions, including any supplements or amendments thereto, including without limitation with respect to development testing and compliance testing; in your response, identify and describe any contentions that any Accused Product or Relevant Component comply/do not comply with, support or practice any aspect of the standard, including the bases for such contentions; identify persons with knowledge regarding the foregoing.

Dated: January 21, 2025                     Respectfully submitted,

                                            /s/ Reza Mirzaie
                                            Reza Mirzaie
                                            rmirzaie@raklaw.com
                                            CA State Bar No. 246953
                                            Marc A. Fenster
                                            mfenster@raklaw.com
                                            CA State Bar No. 181067
                                            Neil A. Rubin
                                            nrubin@raklaw.com
                                            CA State Bar No. 250761
                                            Christian W. Conkle
                                            cconkle@raklaw.com
                                            CA State Bar No. 306374
                                            Jonathan Ma
                                            jma@raklaw.com
                                            CA State Bar No. 312773
                                            **RUSS AUGUST & KABAT**
                                            12424 Wilshire Boulevard, 12th Floor
                                            Los Angeles, CA  90025
                                            310-826-7474

15

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of January, with a copy of this document via email.

                                            */s/ Reza Mirzaie*
                                            Reza Mirzaie