# Exhibit C

**RESTRICTED – ATTORNEYS' EYES ONLY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

1

**RESTRICTED – ATTORNEYS' EYES ONLY**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>          Plaintiff, <br><br>     v. <br><br> HP INC., <br><br>          Defendant. | Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>          Plaintiff, <br><br>     v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>          Defendants. | Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>          Plaintiff, <br><br>     v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br>          Defendants. | Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |

**DEFENDANT ASKEY COMPUTER CORP.'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO PLAINTIFF WILUS'
<u>FIRST SET OF COMMON INTERROGATORY NOS. 1, 2, 4, 7, 8, 10</u>**

2

**RESTRICTED – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 7:**

Explain in detail all factual and legal bases for the affirmative defenses set forth in your Answer, including by identifying all documents supporting your contentions and identifying all persons with knowledge of any facts relied on by you in making such contentions.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, which are incorporated as though fully set forth in response to this interrogatory, Askey objects to this interrogatory to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable law, privilege or immunity. Askey objects to this interrogatory as premature in seeking information earlier than required by the applicable deadlines to be set by the Court, including the deadline for submitting expert reports. Askey further objects to this interrogatory as premature in seeking Askey's contentions and defenses before they are due and before Plaintiff sufficiently details its infringement contentions. Askey also objects to this interrogatory as overly broad, unduly burdensome, and to the extent it requests information not relevant to any claim or defense and that is disproportionate to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Askey responds as follows:

Askey's products do not infringe the Asserted Claims, the Asserted Claims are invalid, or both.

Askey's factual investigation is ongoing, and Askey expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

13

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving the foregoing general and specific objections, Askey responds as follows:

For noninfringement, Askey incorporates by reference Askey's Responses to Interrogatory No. 3.

For invalidity, Askey incorporates by reference Askey's Invalidity Contentions and all other challenges to the validity of the Asserted Claims including, but not limited to, invalidity contentions or assertions by other defendants in the Lead Case and in Case No. 25-cv-00069 (Wilus v. HP) and Case No. 25-cv-00070 (Wilus v. Samsung), invalidity proceedings or assertions by others, Askey's Answers and Initial Disclosures, the prosecution histories and cited references of the Asserted Patents, and all reexamination and IPR (inter partes review) proceedings (including all papers such as requests for reexaminations, determinations granting reexamination, and office actions) of the Asserted Patents. Askey incorporates by reference all invalidity contentions, invalidity proceedings or assertions, reexamination and IPR proceedings served and asserted separately by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and HP, Inc. (collectively, "Samsung and HP") in the Lead Case and in Case No. 25-cv-00069 (Wilus v. HP) and Case No. 25-cv-00070 (Wilus v. Samsung).

Askey further incorporate by reference all admissions regarding the Asserted Patents including, but not limited to, admissions in the Asserted Patents' specifications, the prosecution histories and cited references, any statements during this or related court or patent office proceedings involving any of the Asserted Patents.

Askey's factual investigation is ongoing, and Askey expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Subject to and without waiving the foregoing general and specific objections, Askey responds as follows:

For supporting noninfringement, Askey identifies ASKEY_WILUS_00004460 - ASKEY_WILUS_00008838, which includes IEEE 802.11-2020 Standards, and ASKEY_WILUS_00008839 - ASKEY_WILUS_00009605, which includes IEEE 802.11ax-2021 Standards.

Further, because Plaintiff will not be able to establish that the asserted patents are valid and infringed (as outlined above), Plaintiff cannot meet its burden to prove willful infringement, including its burden to prove that Askey has intentionally or knowingly infringed the asserted patents.

Askey's factual investigation is ongoing, and Askey expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

## INTERROGATORY NO. 8:

Set forth, on a monthly basis (or quarterly if monthly is not available), Your sales of each Accused Product or any product identified in response to Interrogatory No. 1 in the United States, from six years prior to the filing of the Complaint in this action to the present, including the number

**RESTRICTED – ATTORNEYS' EYES ONLY**

Dated: September 24, 2025

Respectfully submitted,

/s/  Jeffrey D. Smyth

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp. and Askey International Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 24, 2025, a complete copy of the foregoing document was served via electronic mail to all counsel of record for Wilus Institute of Standards and Technology, Inc.

/s/  Jeffrey D. Smyth
Jeffrey D. Smyth