# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Case No. 2:24-cv-00752-JRG-RSP [Lead Case] |
| *Plaintiff,* | |
| v. | Case No. 2:24-cv-00764-JRG [Member Case] |
| HP INC., | |
| *Defendant.* | |
| | |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Case No. 2:24-cv-00746-JRG [Member Case] |
| *Plaintiff,* | |
| v. | Case No. 2:24-cv-00764-JRG [Member Case] |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG [Member Case] |
| *Defendants.* | |
| | |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Case No. 2:24-cv-00766-JRG [Member Case] |
| *Plaintiff,* | |
| v. | Case No. 2:24-cv-00753-JRG-RSP [Member Case] |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | |
| *Defendants.* | |

## WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY UNDER OBVIOUSNESS THEORIES

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................... 2

IV.    LEGAL STANDARDS ....................................................................................... 5

V.    ARGUMENT ....................................................................................................... 6

    A.    Samsung Failed to Show that the Source Code of the Wi-Fi Chip in the Galaxy Tab S Device was Publicly Accessible or Prior Art ............................ 6

    B.    Samsung Failed to Show that Draft D0.5 Was Publicly Accessible or Prior Art ..................................................................................................... 10

    C.    Summary Judgement of No Invalidity Should Be Granted As To Obviousness Theories Excluded by the Court ....................................................... 11

VI.    CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*,
477 U.S. 242 (1986)..................................................................................... 6

*Cordis Corp. v. Boston Scientific Corp.*,
561 F.3d 1319 (Fed. Cir. 2009) .................................................................... 8

*Daedalus Blue, LLC v. MicroStrategy Inc.*,
No. 2:20CV551 (RCY), 2023 WL 5941736 (E.D. Va. Sept. 12, 2023) .................... 8

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
800 F.3d 1375 (Fed. Cir. 2015) ................................................................ 6, 9

*EpicRealm Licensing, LP v. Franklin Covey Co.*,
644 F.Supp.2d 806 (E.D. Tex. 2008) ............................................................ 6

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164718 (E.D. Tex. Apr. 5, 2025).......................... 8

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008) .................................................................... 6

*Mojo Mobility, Inc. v. Samsung Elecs. Co.*,
No. 2:22-CV-00398-JRG-RSP, 2024 WL 3844961 (E.D. Tex. June 30, 2024)...................... 6

*N. Telecom, Inc. v. Datapoint Corp.*,
908 F.2d 931 (Fed. Cir. 1990) ..................................................................... 7

*Navico Inc. v. Garmin Int'l, Inc.*,
No. 216CV00190JRGRSP, 2017 WL 3750252 (E.D. Tex. July 28, 2017)............................ 10

*Norian Corp. v. Stryker Corp.*,
363 F.3d 1321 (Fed. Cir. 2004) .................................................................. 10

*Open Text S.A. v. Box, Inc.*,
No. 13-CV-04910-JD, 2015 WL 4940798 (N.D. Cal. Aug. 19, 2015) .................... 11

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) ................................................................ 7, 8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009) .................................................................... 5

*Voter Verified, Inc. v. Premier Election Sols., Inc.*,
698 F.3d 1374 (Fed. Cir. 2012) .................................................................... 6

**Statutes**

35 U.S.C. § 102 .................................................................................................................... 3

35 U.S.C. § 102 (a)(1) .................................................................................................. 3, 8, 9

35 U.S.C. § 102 (b) (pre-AIA) ............................................................................................. 8

35 U.S.C. § 102 (g) ............................................................................................................... 8

35 U.S.C. § 103 .............................................................................................................. 3, 8

**Rules**

Fed. R. Civ. P. 26(a) ........................................................................................................... 3

Fed. R. Civ. P. 56(a) ........................................................................................................... 5

## <u>TABLE OF EXHIBITS</u>

| Ex.* | Description | Abbreviation |
|------|-------------|--------------|
| 1 | January 28, 2026 Corrected Opening Expert Report of Dr. Harry Bims | "Bims Op. Rpt." |
| 2 | January 23, 2026 Opening Expert Report of Dr. Stephen Wicker | "Wicker Op. Rpt." |
| 3 | Declaration of Dr. Harry Bims dated December 22, 2025 | "Bims Decl." |
| 4 | Transcript of February 24, 2026 Deposition of Dr. Harry Bims | "Bims Tr." |
| 5 | Transcript of February 24, 2026 Deposition of Dr. Stephen Wicker | "Wicker Tr." |
| 6 | Excerpts of February 13, 2026 Rebuttal Expert Report of Dr. Todor Cooklev | "Cooklev Rpt." |
| 7 | Excerpts of February 19, 2026 Corrected Rebuttal Expert Report of Erik de la Iglesia | "DLI Reb. Rpt." |
| 8 | February 13, 2026 Rebuttal Expert Report of Paul Nikolich | "Nikolich Rpt." |
| 9 | March 2, 2026 Email from Samsung counsel to Wilus regarding withdrawal of invalidity grounds | |
| 10 | Samsung's Secondary Election of Prior Art (Jan. 6, 2026) | |

\* All exhibits attached to the concurrently filed declaration of James S. Tsuei

## I.    INTRODUCTION

Wilus respectfully moves for partial summary judgment of no invalidity as to the Asserted Patents under any theories of obviousness, as set forth below.

First, as explained below, all of Samsung's prior art invalidity positions against the Asserted Patents are obviousness theories which require that a POSITA start with a "system" prior art reference—the Samsung Galaxy Tab S device (released in 2014). Samsung then requires that a POSITA specifically modify the "*source code*" of the Broadcom wi-fi chipset integrated into the device. Samsung overlooked a critical flaw in its argument: the source code of this Broadcom wi-fi chipset was and remains, to this day, a highly confidential trade secret owned and unpublished by Broadcom. Confidential, trade secret information is not "prior art," because, at the very minimum, it is not publicly accessible to a POSITA.

None of Samsung's experts submitted written opinions addressing whether the confidential Broadcom source code at issue is properly prior art or publicly accessible. In contrast, both of Wilus's technical experts, Mr. de la Iglesia and Dr. Todor Cooklev, offered detailed and unrebutted opinions that a POSITA did not have access to the confidential, unpublished Broadcom source code at any of the relevant priority dates. And their depositions, both of Samsung's experts conceded that the only people who would have access to the confidential source code were (1) Broadcom employees or (2) others given special, privileged access to that confidential code by Broadcom. These admissions are fatal to Samsung's obviousness case. If the relevant source code—which Samsung says a POSITA would specifically modify—is not something to which a POSITA would have access in the first place, then its obviousness theories fail as a matter of law because the confidential source code is neither prior art nor within the knowledge of POSITA.

Second, Samsung's obviousness case against Wilus's asserted U.S. Patent No. 11,159,210 ("'210 patent") relies on IEEE P802.11ax/D0.5, "High Efficiency (HE) PHY specification" ("Draft D0.5"), as a secondary reference. Draft D0.5 is a draft of what eventually was published

in 2021 as the IEEE 802.11ax WLAN technical specification. Here, too, Samsung offered no evidence or expert opinion that Draft D0.5 was publicly accessible to a POSITA at the relevant priority dates. In contrast, Wilus's expert, Mr. Paul Nikolich—who served as Chairman of IEEE 802 LAN/MAN Standards Committee from 2001 to 2024, a stretch of time that includes all relevant priority dates—offered unrebutted opinions explaining that Draft D0.5 was not, and could not be, freely distributed to anyone outside of the IEEE 802.11 organization at any of the relevant dates—meaning that the only people who had access to Draft D0.5 were the select people who wrote it. With no evidence (or even a superficial expert opinion) on this issue, Samsung is left with no evidence at all that Draft D0.5 is prior art or was publicly accessible to a POSITA at the relevant times. Thus, its obviousness theories based on Draft D0.5 fail as a matter of law.

## II.    STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided by the Court on this Motion are as follows:

- Whether Samsung can demonstrate, with sufficient factual specificity, evidence in the record showing a genuine dispute of material fact concerning whether the confidential Broadcom source code of the wi-fi chip in the Galaxy Tab S device was publicly accessible to or within the knowledge of a POSITA.

- Whether Samsung can demonstrate, with sufficient factual specificity, evidence in the record showing a genuine dispute of material fact concerning whether Draft D0.5, a publication, was publicly accessible to a POSITA.

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

Wilus provides its Statement of Undisputed Material Facts ("SUMF") set forth below.

1.    Samsung's two technical experts, who have provided opinions regarding invalidity of the Asserted Patents, are Dr. Harry Bims and Dr. Stephen Wicker. *See* Exs. 1 & 2.

2.      Samsung's technical experts opine that all claims of the Asserted Patents are obvious under 35 U.S.C. § 103. *See generally* Exs. 1 & 2.

3.      Samsung's technical experts offered no opinion that claims of the Asserted Patents are invalid as anticipated under 35 U.S.C. § 102. *See generally* Exs. 1 & 2. *See also* Wicker Tr. at 25:2-6 (confirming no opinions based on anticipation theories).

4.      Samsung's technical experts offered no opinion that any claims of the Asserted Patents are invalid through "public use" under 35 U.S.C. § 102 (a)(1). *See generally* Exs. 1 & 2. *See also* Wicker Tr. at 25:2-6 (confirming no opinions based on anticipation theories).

5.      Samsung's technical experts are limited by the scope of the opinions expressed in their reports served in this case. Fed. R. Civ. P. 26(a)(2); Court MIL Nos. 4 & 23[1].

6.      For purposes of trial, Samsung has elected no theories of invalidity under 35 U.S.C. § 102. Exs. 1 & 2; *see also* Ex. 10 (Samsung's January 2026 election of prior art theories, showing election of only obviousness combinations for trial).

7.      On March 2, 2026, Samsung informed Wilus that it was withdrawing all invalidity arguments under 35 U.S.C. § 103 which did not rely on modification of the Galaxy Tab S device. Ex. 9 (email from Samsung informing Wilus that it would withdraw all obviousness combinations involving only prior art publications).

8.      All obviousness theories currently maintained by Samsung under 35 U.S.C. § 103, as of the date of this Motion, require a POSITA to (1) start with the Galaxy Tab S device and (2) modify the source code of the device's wi-fi chip in view of other prior art references. Bims Tr. 106:10-107:11 (confirming all obviousness theories involve "modifying the source code for the Wi-fi chip to implement additional functionality"); Wicker Tr. 25:7-28:23, 159:10-22 ("[Q] For all of your obviousness opinions, if I understand correctly, you start with the Galaxy Tab S and

---

[1] Second Amended Patent Standing Order on Motions in Limine (Dec. 23, 2025), *available at* https://coop.txed.uscourts.gov/?q=judge/district-judge-rodney-gilstrap ("Standing Orders").

then you propose -- you opine that one -- that a POSITA would have been motivated to modify the
product according to additional functionality for your secondary references; correct? A. That's
correct. Q. And the way to modify the product would be to modify it in the source code; correct?
A. That's correct -- I am sorry."), 160:3-8; Ex. 1 ¶¶ 367 ("This update to the Galaxy Tab S would
have involved simply ***modifying the source code for the Wi-Fi chip***[.]" (emphasis added)), 371,
540, 597, 764, 828, 879, 1027, 1031, 1079 (substantially similar language); Ex. 2 ¶¶ 191, 240, 242,
243, 246, 248 , 249, 252, 254, 258, 266, 267, 272, 279, 281, 825 (showing all obviousness opinions
require modifying source code of wi-fi chip in Galaxy Tab S device).

9.    The wi-fi chipset in the Galaxy Tab S device is a Broadcom wi-fi chipset, model
BCM44354. Ex. 6 ¶¶ 40, 55, 57-58; Bims Tr. at 105:1-7 & 108:6-10 (confirming no opinion on
what wi-fi chipset is in the Galaxy Tab S); Exs. 1 & 2 (no opinions about what wi-fi chip was in
the Galaxy Tab S device).

10.    The Galaxy Tab S device does not contain or disclose to a POSITA the source code
of the Broadcom BCM4354 chipset. Ex. 6 ¶¶ 54-55, 69, 87; Ex. 7 ¶ 56 (explaining that a POSITA
examining a Galaxy Tab S would have, "at most, … the object code binaries formed through the
compilation of the source code, which cannot be simply decompiled into the source code"); Bims
Tr. at 112:5-23 (confirming Galaxy Tab S does not contain or "bundle" the relevant source code),
113:5-9 ("Q. BY MR. RUBIN: And you haven't offered any opinions in this case that the source
code files were shipped on the Samsung Galaxy Tab S device? A. I have no opinions on that in
this case; correct.").

11.    The source code for the Broadcom BCM4354 chipset is confidential. Wicker Tr. at
162:21-162:11 (confirming, that for the BCM4354 source code: "that code is confidential, at least
it is at the present. And I would not expect anyone who was not covered under a protective order,
or a Broadcom employee, of being able to access that code."); Bims Tr. at 113:22-114:5 (agreeing

that: only "employees of Broadcom who were working on that source code as a part of their job" or others with access under "contractual agreements that Broadcom had" would have access to Broadcom BCM4354 source code). *See also* Ex. 6 ¶¶ 60-84 (Wilus expert's opinions explaining Broadcom BCM4354 source code would not be accessible to a POSITA).

12.    Samsung's technical experts do not have access to, and did not review, any source code for the Galaxy Tab S device or Broadcom BCM4354 chipset. Bims Tr. at 104:19-25; Wicker Tr. at 25:7-28:23 ("I did not have access to the source code."), 160:9-12.

13.    Samsung's technical experts provided no written opinions as to the confidentiality or public accessibility of the source code for the Broadcom BCM4354. *See generally* Exs. 1 & 2.

14.    Samsung's technical expert, Dr. Bims, agrees that a POSITA must have ***access*** to the Broadcom BCM4354 source code in order to modify it. Bims Tr. at 113:10-21 (Samsung expert testifying: "It's my understanding that if a person of ordinary skill did not have access to Broadcom source code, they would not be able to modify that source code[.]"). *See also* Ex. 6 ¶¶ 60-84.

15.    Samsung's technical experts provided no written opinions as to the confidentiality or public accessibility of Draft D0.5. *See* Exs. 1 & 2; *see also* Bims Decl. ¶¶ 101-123 (offering opinions regarding public accessibility of various IEEE 802.11 drafts such as draft D1.0 of the 802.11ax specification, but not Draft D0.5). *See also* Ex. 8 ¶¶ 72-104 (Wilus's expert opinions rebutting Samsung's various "public accessibility" opinions, and specifically noting, at ¶¶ 103-104, that Samsung failed to address public accessibility of Draft 0.5).

## IV.    LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if its resolution will affect the outcome of the case." *Vita-Mix Corp. v. Basic Holding, Inc*., 581 F.3d 1317, 1323 (Fed. Cir. 2009) (citing *Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 248 (1986)).  "To defeat summary judgment, the evidence as properly construed must be sufficient for a reasonable jury to find for the nonmoving party; a mere scintilla of evidence will not suffice."  *Id.*  A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Further, in response to a summary judgment motion, "[t]he non-movant must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case." *EpicRealm Licensing, LP v. Franklin Covey Co*., 644 F.Supp.2d 806, 811 (E.D. Tex. 2008). The ultimate burden of proof regarding whether a cited reference is actually prior art to a patent always rests on the party alleging invalidity. *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc*., 800 F.3d 1375, 1378 (Fed. Cir. 2015).

The party asserting invalidity based on prior art must establish that the reference was "publicly accessible." *See Mojo Mobility, Inc. v. Samsung Elecs. Co*., No. 2:22-CV-00398-JRG-RSP, 2024 WL 3844961, at *3 (E.D. Tex. June 30, 2024). "[T]he key inquiry is whether the reference was made 'sufficiently accessible to the public interested in the art' before the critical date." *Id.* (quoting *Voter Verified, Inc. v. Premier Election Sols., Inc*., 698 F.3d 1374, 1380 (Fed. Cir. 2012)). "A reference will be considered publicly accessible if it was 'disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it.'" *Id.* (quoting *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008)).

## V.    ARGUMENT

### A.    Samsung Failed to Show that the Source Code of the Wi-Fi Chip in the Galaxy Tab S Device was Publicly Accessible or Prior Art

The issue here is straightforward. Samsung alleges obviousness of all asserted claims of the Asserted Patents. All of Samsung's obviousness theories require that a POSITA access and then modify the ***source code*** of the wi-fi chip in the Samsung Galaxy Tab S device. The evidence,

however, uniformly shows that the source code for that wi-fi chip, the Broadcom BCM4354, is (and continues to be) confidential Broadcom trade secret information. Notably, all technical experts in this case—from both sides—agree that (1) the BCM4354 source code is confidential; and (2) a POSITA would need access to the Broadcom BCM4354 source code before they can modify it. *See* SUMF 8-14.

Further, all technical experts—from both sides—also agree that the ***source code*** for the Broadcom BCM4354 is not disclosed to the public or to a POSITA through the device itself; meaning, in other words, a POSITA who is holding Galaxy Tab S cannot extract the Broadcom BCM4354 source code from device, and so must have some other channel to obtain or access that source code. *See id.*, SUMF 10.[2] This means that the commercial availability of the Galaxy Tab S device itself starting in 2014 (which Wilus does not dispute) cannot save Samsung's case—the Galaxy Tab S device is neither interchangeable nor the same thing as the Broadcom BCM4354 source code. Access to the Galaxy Tab S device is not access to the BCM4354 source code.

In sum, no one disputes that the Broadcom BCM4354 source code was confidential. Confidential information, if it is not otherwise "publicly accessible," cannot be prior art or assumed to be within the knowledge a POSITA. Samsung's obviousness theories thus all fail as a matter of law. The case law in support of Wilus's argument here is both robust and informative. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 866 (Fed. Cir. 2010) (software product manual marked "an unpublished work and is considered a trade secret belonging to the copyright holder" was not "publicly accessible" to qualify as prior art, where no evidence was presented that the manual "was ever published or disseminated to the public"); *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936 (Fed. Cir. 1990) (document distributed to "fifty persons or organizations" involved in United States government project, reading "Reproduction or further dissemination is

---

[2] Incidentally, Samsung cannot assert any "publication-only" obviousness combinations due to its parallel stipulations arising out of its co-pending IPR proceedings against the Asserted Patents.

not authorized … not for public release": not prior art); *Cordis Corp. v. Boston Scientific Corp*., 561 F.3d 1319, 1333–35, (Fed. Cir. 2009) (scientific papers distributed by hospital doctor to colleagues where "academic norms" meant that distribution was made with "expectations of confidentiality"; so, papers were not prior art). Using the language of the case law—Samsung has presented no evidence that the Broadcom BCM4354 source code was "was ever published or disseminated to the public." *ResQNet.com, Inc.*, 594 F.3d at 866.

During the meet-and-confer leading to this Motion on February 27, 2026, counsel for Samsung stated they believed they did not need to establish the public accessibility of the Broadcom BCM4354 source code, but did not explain why they held this belief. In any event, Wilus anticipates Samsung may respond by pointing out that where system or "device" prior art is concerned, experts have been permitted to rely on confidential source code to support their opinions. This argument will not save its obviousness case, as explained below.

Confidential source code may, of course, serve as evidence corroborating opinions about *how* a prior art device worked—*e.g.*, to support an opinion that a patent claim is anticipated under 35 U.S.C. § 102 (a)(1) ("public use"), or pre-AIA §§ 102(b) ("public use") and 102 (g)(2) ("made in this country by another"). The case law permitting this type of reliance on confidential source code is likewise robust and informative. *See Headwater Rsch. LLC v. Samsung Elecs. Co*., No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164718, at *2 (E.D. Tex. Apr. 5, 2025) (confidential Google code can serve as evidence showing pre-AIA anticipation under § 102(b) or § 102(g)(2)); *Daedalus Blue, LLC v. MicroStrategy Inc*., No. 2:20CV551 (RCY), 2023 WL 5941736, at *9-10 (E.D. Va. Sept. 12, 2023) (expert properly relied on confidential source code to support "use" anticipation theories, stating: "Reliance on such confidential information is permissible because the question in such circumstances is merely whether the expert's testimony is sufficiently corroborated, not whether the underlying confidential information was publicly available.").

8

In this case, however, Samsung has asserted only *obviousness* theories under 35 U.S.C. § 103. Samsung preserved no invalidity theories where reliance on confidential BCM4354 source code could potentially be proper —*i.e.*, under § 102 (a)(1)'s "public use" / "on sale" language. Thus, Samsung needed to show (but did not), as a part of its *prima facie* obviousness case, that a POSITA would have had *access* to the confidential source code they purportedly would modify, which its own expert freely concedes. SUMF 14; *cf. Dynamic Drinkware*, 800 F.3d at 1378.

More importantly, to defeat this Motion, Samsung must identify a material factual dispute which from which a reasonable jury could conclude that the Broadcom BCM4354 source code was "publicly accessible" and, thus, prior art within the knowledge of a POSITA. This, Samsung cannot do. To summarize:

- None of Samsung's technical experts accessed or reviewed the Broadcom BCM4354 source code in this case. SUMF 12.

- Samsung's experts agreed that a POSITA could not obtain or access the Broadcom BCM4354 source code from the Galaxy Tab S device. SUMF 10.

- Samsung's experts provided no written opinions about the accessibility or prior art status of the Broadcom BCM4354 source code. SUMF 13.

- When asked in their depositions, Samsung's experts conceded that the Broadcom BCM4354 source code was confidential at all relevant times. SUMF 11. As Dr. Wicker testified: "I would not expect anyone who was not covered under a protective order, or a Broadcom employee, of being able to access that code." *Id.*

- Samsung's expert, Dr. Bims, testified that *access* to that confidential source code is a necessary predicate to support Samsung's obviousness theories. Bims Tr. at 113:10-21 ("It's my understanding that if a person of ordinary skill did not have access to Broadcom source code, they would not be able to modify that source code[.]").

Given this constellation of unambiguous admissions and evidence, it is clear no meaningful disputes exist about the public accessibility of the Broadcom BCM4354 source code: it was not publicly accessible and cannot be prior art. Summary judgment should be granted as to Samsung's obviousness theories based on the source code of the Galaxy Tab S's wi-fi chipset.

### B.    Samsung Failed to Show that Draft D0.5 Was Publicly Accessible or Prior Art

Like with the confidential Broadcom BCM4354 source code addressed above, Samsung also failed to submit evidence (such as in the form of an expert opinion or deposition testimony of a knowledgeable fact witness) showing that the Draft D0.5 publication was publicly accessible at any of the relevant priority dates. This failure is notable, because Samsung's experts provided detailed public accessibility opinions as to *other* draft IEEE documents, such as the draft 802.11ax D1.0 document that followed Draft D0.5—but they failed to do so for Draft D0.5 itself. SUMF 15; *see also* Bims Decl. ¶¶ 101-123; Ex. 8 ¶¶ 72-104 (rebutting Dr. Bims's public accessibility opinions).

Perhaps Samsung will respond and contend that Dr. Bims's opinions about the D1.0 draft or other draft IEEE documents should be judicially expanded to cover Draft D0.5—even though Draft D0.5 is a different publication altogether. This argument would be precluded by *Norian Corp. v. Stryker Corp*., 363 F.3d 1321, 1330 (Fed. Cir. 2004), which held that generalized evidence about the public distribution of documents similar to the asserted prior art reference failed to rise to the level of "substantial evidence of actual availability of the Abstract [prior art reference]." *Id.* In other words, evidence of public accessibility of another document, even a similar one, does not show the public accessibility of Draft D0.5 as a matter of law.

Perhaps, then, Samsung will argue that the copyright and publication date (September 2016) written on the face of Draft 0.5 is itself evidence of public accessibility. *See* Ex. 1 ¶ 308. This, too, fails as a matter of law. Copyright and publication dates on the face of a publication are not evidence showing public accessibility. *See Navico Inc. v. Garmin Int'l, Inc.*, No.

216CV00190JRGRSP, 2017 WL 3750252, at *3 (E.D. Tex. July 28, 2017) ("Here, Garmin relies only on the Manual's copyright and revision dates, and presents no evidence about the extent of its distribution. Moreover, Garmin fails to show how any interested member of the public could have obtained a copy. … Thus, the Court concludes Garmin does not have enough evidence of public accessibility of the 2007 Operator Manual to carry its burden at trial."); *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2015 WL 4940798, at *7 (N.D. Cal. Aug. 19, 2015) ("Copyright and printing dates may indicate when the document was created, but they do not prove the necessary predicate to establishing 'public accessibility[.]'").

In sum, without evidence or expert opinion that Draft D0.5 was publicly accessible to a POSITA at any relevant priority date, Samsung has no avenue to dispute Wilus's contrary showing, supported by expert opinion, that Draft D0.5 was not publicly accessible. *See* SUMF 15. Summary judgment should be granted as to Samsung's obviousness theories based on Draft D0.5.

### C.    Summary Judgement of No Invalidity Should Be Granted As To Obviousness Theories Excluded by the Court

Finally, as set forth in Wilus's concurrently-filed Motion to Strike Opinions of Samsung Expert Dr. Harry Bims and Motion to Strike Opinions of Samsung Expert Stephen B. Wicker, Ph.D., the Court should strike all obviousness opinions presented by Dr. Bims or Dr. Wicker which were not properly preserved and disclosed earlier through Samsung's P.R. 3-4 Invalidity Contentions, or which violate Samsung's stipulations to forgo presenting invalidity arguments in this District Court proceeding that it could have presented in its IPRs before the PTAB. Summary judgment of no invalidity should be granted as to those obviousness grounds supported by the opinions deemed stricken by the Court.

### VI.    CONCLUSION

For the forgoing reasons, summary judgment of no invalidity based on Samsung's obviousness theories should be granted.

Dated:  March 2, 2026                    Respectfully submitted,

                                         /s/ James S. Tsuei
                                         Marc A. Fenster
                                         CA State Bar No. 181067
                                         Email: mfenster@raklaw.com
                                         Reza Mirzaie
                                         CA State Bar No. 246953
                                         Email: rmirzaie@raklaw.com
                                         Dale Chang
                                         CA State Bar No. 248657
                                         Email: dchang@raklaw.com
                                         Neil A. Rubin
                                         CA State Bar No. 250761
                                         Email: nrubin@raklaw.com
                                         Jacob Buczko
                                         CA State Bar No. 269408
                                         Email: jbuczko@raklaw.com
                                         James S. Tsuei
                                         CA State Bar No. 285530
                                         Email: jtsuei@raklaw.com
                                         Jonathan Ma
                                         CA State Bar No. 312773
                                         Email: jma@raklaw.com
                                         Mackenzie Paladino
                                         NY State Bar No. 6039366
                                         Email:  mpaladino@raklaw.com
                                         RUSS AUGUST & KABAT
                                         12424 Wilshire Blvd. 12th Floor
                                         Los Angeles, CA 90025
                                         Telephone: 310-826-7474

                                         Andrea L. Fair
                                         State Bar No. 24078488
                                         MILLER FAIR HENRY, PLLC
                                         1507 Bill Owens Parkway
                                         Longview, TX 75604
                                         (903) 757-6400 (telephone)
                                         (903) 757-2323 (facsimile)
                                         E-mail: andrea@millerfairhenry.com

                                         **ATTORNEYS FOR PLAINTIFF,**
                                         **Wilus Institute of Standards and**
                                         **Technology Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 2, 2026.

<u>*/s/ James S. Tsuei*</u>
James S. Tsuei

*Counsel for Plaintiff Wilus Institute of Standards and Technology Inc.*