# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> HP INC. | Case No. 2:24-cv-00752-JRG-RSP <br> (Lead Case) <br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP <br> (Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP <br> (Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S MOTION TO STRIKE OPINIONS OF SAMSUNG EXPERT STEPHEN B. WICKER, PH.D.**

# <u>TABLE OF CONTENTS</u>

I.    Introduction ................................................................................................................ 1

II.   Factual Background ..................................................................................................... 1

    A.   Samsung Invalidity Contentions ................................................................... 1

    B.   Samsung IPR Stipulations and Commitments .............................................. 2

III.  Argument .................................................................................................................... 3

IV.  Conclusion .................................................................................................................. 6

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
Case No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *8 (E.D. Tex. 2017) ................... 4

*Ingenico Inc. v. IOENGINE, LLC*,
136 F.4th 1354 (Fed. Cir. 2025) ................................................................................. 4

*Motorola Sol'ns, Inc. v. Stellar, LLC*,
Case No. IPR2024-01205, Paper 19 (P.T.A.B. Mar. 28, 2025)................................................. 2

**Statutes**

35 U.S.C. § 315(e)(2)..................................................................................................... 2

**TABLE OF EXHIBITS**

| Ex. | Description |
|---|---|
| A | Opening Report of Stephen B. Wicker, Ph.D. dated Jan. 23, 2026 (excerpts) |
| B | Defendants' P.R. 3-3 and 3-4 Invalidity Contentions and Subject Matter Eligibility Contentions dated February 13, 2025 (excerpts) |
| C | Samsung Invalidity Contentions, Exhibit E-17, Invalidity of '035 patent in view of IEEE 802.11-2012 and 802.11ac (excerpts) |
| D | Samsung Invalidity Contentions, Exhibit F-17, Invalidity of '879 patent in view of IEEE 802.11-2012 and 802.11ac (excerpts) |
| E | Samsung Invalidity Contentions, Exhibit G-23, Invalidity of '163 patent in view of IEEE 802.11ac (excerpts) |
| F | Samsung Invalidity Contentions, Exhibit H-23, Invalidity of '597 patent in view of IEEE 802.11ac (excerpts) |
| G | Samsung Stipulation in IPR2025-00935, Exhibit 1022 |
| H | Samsung Stipulation in IPR2025-00936, Exhibit 1022 |
| I | Samsung Stipulation in IPR2025-01043, Exhibit 1021 |
| J | Samsung Stipulation in IPR2025-01044, Exhibit 1021 |
| K | Samsung Opposition to Request for Discretionary Denial in IPR2025-00935, Paper 11 (excerpts) |
| L | Samsung Opposition to Request for Discretionary Denial in IPR2025-00936, Paper 11 (excerpts) |
| M | Samsung Opposition to Request for Discretionary Denial in IPR2025-01043, Paper 9 (excerpts) |
| N | Samsung Opposition to Request for Discretionary Denial in IPR2025-01044, Paper 9 (excerpts) |
| O | Samsung Stipulation in IPR2025-00934, Exhibit 1037 |
| P | Samsung Opposition to Request for Discretionary Denial in IPR2025-00934, Paper 10 (excerpts) |
| Q | Samsung Petition in IPR2025-00934, Paper 2 (excerpts) |
| R | Samsung Exhibit Ex. 1004 in IPR2025-00934 (excerpts) |
| S | Decision Referring the Petitions to the Board, IPR2025-00933, Paper 11 |
| T | Opening Report of Stephen B. Wicker, Ph.D. dated Jan. 23, 2026 (excerpts) |

| U | Rebuttal Report of Stephen B. Wicker, Ph.D. dated February 13, 2025 (excerpts) **(CONFIDENTIAL)** |
|---|---|

## I.     INTRODUCTION

Wilus moves to strike certain opinions in the opening report of Samsung's expert Dr. Stephen B. Wicker concerning validity, because they are barred by Samsung's *Sotera* stipulations filed in co-pending IPR proceedings. Wilus also moves to exclude Dr. Wicker's improper opinions on claim construction proceedings beyond the positions adopted by the Court.

## II.     FACTUAL BACKGROUND

Dr. Wicker offers opinions concerning 4 patents at issue in the member -00765 case: the '163, '597, '879, and '035 patents. (Ex. A at 3.) For each patent, he offers opinions that the patent is obvious based upon combinations of the "Galaxy Tab S" with one or more patent applications and/or purported printed publications. (Ex. A at TOC sections VII.E–F and VIII.E–F.)

### A.     Samsung Invalidity Contentions

Samsung served its P.R. 3-3 invalidity contentions on February 13, 2025. In these contentions, Samsung alleged that an IEEE standard document titled "IEEE 802.11ac" was a prior-art printed publication, and Samsung charted that document against each of the asserted patents. (Ex. B at 43–44, 50–51, 62–63, 68.) In addition, Samsung provided a list of purported "Prior Art Systems" for each patent, including the "Samsung Galaxy Tab S." (*Id.* at 44–45, 51–52, 63, 69.) But Samsung did not provide separate charts for any of these "Prior Art Systems," as required by P.R. 3-3(c). Rather, Samsung stated: "The attached invalidity chart over IEEE 802.11ac . . . demonstrates how the systems implementing IEEE 802.11ac, listed in [the table of Prior Art Systems], disclose each element of each asserted claim." (*Id.* at 44 n.23, 52 n.27, 63 n.30, 69 n.33.)

In the actual P.R. 3-3(c) claim charts provided by Samsung, the Tab S product is mentioned only once, on the cover page, with no information or allegations specific to that product other than the date it was purportedly released. (Exs. C–F.) The charts themselves cite solely to the text of

the IEEE 802.11ac printed publication.

**B.    Samsung IPR Stipulations and Commitments**

For each of these patents, Samsung filed an IPR petition, and that petition has been instituted by the PTAB. (*See* Dkt. 224 at 2.) For each IPR, Samsung filed a *Sotera*-plus stipulation with the PTAB, agreeing not to pursue certain prior art grounds in the district court litigation. (Exs. G–J.) The stipulations are substantively identical, and each includes the commitment that:

> Samsung will not pursue in District Court litigation the specific grounds asserted in inter partes review in this proceeding, or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications).

(*Id.*) This borrows the language of the IPR estoppel provisions in 35 U.S.C. § 315(e)(2). But, in its briefing at the PTAB arguing against discretionary denial of institution, Samsung made clear that these stipulations were *not* meant to be coextensive with the statutory IPR estoppel standard and made additional commitments to the USPTO Director. For example, Samsung argued in each IPR that its stipulation "is far broader than even the IPR estoppel provisions." (Ex. K at 26, Ex. L at 26, Ex. M at 29, Ex. N at 31.) Samsung further argued that the IPR would be "a true alternative to the district court proceeding" and committed that "if instituted, none of the prior art asserted in the Petition will be used in the District Court." (Ex. K at 33, Ex. L at 33, Ex. M at 36, Ex. N at 37.) In making this commitment, Samsung was specifically seeking to address the Director Review decision in *Motorola Sol'ns, Inc. v. Stellar, LLC*, Case No. IPR2024-01205, Paper 19 (P.T.A.B. Mar. 28, 2025). There, the Director vacated institution of IPRs in spite of petitioner's *Sotera* stipulations that matched the scope of statutory IPR estoppel, finding that they were not sufficient to "outweigh the substantial investment in the district court proceeding." *Id.* at 3–4. In other words, Samsung felt it needed to argue that its stipulations were broader in scope than the statutory IPR estoppel, in order to avoid discretionary denial of its IPR petitions by the Director.

In IPR2025-00934, challenging the '210 patent that is also asserted in the member -00746 case, Samsung also filed the same stipulation (Ex. O) and made the same arguments opposing discretionary denial (Ex. P at 35, 41). In that IPR, Grounds 1A and 1B rely upon the 802.11ax D1.0 reference (Ex. Q at i–iii, Ex. R at 1), the same November 2016 draft document as Dr. Wicker bases his obviousness opinions in sections VII.E.7, VII.E.8, VII.F.7, VII.F. 8, VIII.E.1-VIII.E.3 and VIII.F.1-VIII.F.3. (Ex. A at TOC, 76.)

The Patent Office credited and relied upon Samsung's representations, citing Samsung's commitments in its opposition to discretionary denial and stating that "Petitioner has filed a broad stipulation that reduces the concern of inconsistent outcomes or significant duplication of efforts." (Ex. S at 3.)

## III.    ARGUMENT

### A.    Dr. Wicker's Opinions Barred by *Sotera* Stipulations

To the extent that Dr. Wicker asserts obviousness theories based on the Samsung Galaxy Tab S that are distinct in substance from Samsung's obviousness theories based upon the IEEE 802.11ac printed publication, Samsung has failed to preserve those theories by complying with P.R. 3-3(c). As noted above, Samsung's only claim charts that even mention the Tab S product are its charts for the IEEE 802.11ac publication (alone or in combination with the prior 802.11-2012 standard), and Samsung failed to chart any feature of the Tab S apart from its purported compliance with 802.11ac. Samsung never sought to amend its claim charts for the Tab S. Nor has Samsung explained why it could not have provided a chart for its own product by the Court's deadline for serving charts under P.R. 3-3(c). In other words, the only Tab S obviousness theories that Dr. Wicker could permissibly present in this case are IEEE 802.11ac printed publication theories dressed up as system prior art theories.

In a case where the scope of § 315(e) estoppel was at issue, this Court held that "[if] purported system prior art relies on or is based on patents or printed publications that [defendant] would otherwise be estopped from pursuing at trial, . . . then [defendant] should be estopped from presenting those patents and printed publications at trial." *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *8 (E.D. Tex. 2017). The Federal Circuit subsequently interpreted the statutory IPR estoppel more narrowly, holding that "IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR." *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1366 (Fed. Cir. 2025).

The *Ingenico* decision does not control the scope of Samsung's IPR stipulations in this case. First, here Samsung has not merely relied upon the 802.11ac standard as evidence in support of a theory that "could not be raised during the IPR." Rather, the only charted Tab S obviousness theories are coextensive with and based upon precisely the same mappings to teachings in 802.11ac as the 802.11ac printed publication theories that Samsung could have raised in the IPRs. There is nothing in the Tab S obviousness combinations that both (1) was preserved by providing a chart in compliance with P.R. 3-3(c), but (2) could not have been presented in an IPR petition.

Second, Samsung's IPR stipulations are expressly not coextensive with the § 315(e) estoppel interpreted by *Ingenico*. Rather, Samsung represented to the USPTO that its stipulations are "far broader" and ensure that the IPR is a "true alternative" to district court. Accordingly, the Court should interpret the stipulations and other commitments to the USPTO on their own terms, in view of what Samsung was trying to achieve to avoid discretionary denial by offering them. The Court should apply its own common sense logic of fairness from *Biscotti* and prevent Samsung from circumventing its stipulation commitments by slapping a sticker saying "System Prior Art"

4

over a charted prior art theory that in substance is entirely based on a printed publication.

Samsung's representations in opposing discretionary denial of IPR2025-00934 provide an independent basis for excluding Dr. Wicker's prior art theories that include the "D1.0" reference. As explained above, this reference is the same are the D1.0 reference relied upon in Grounds 1A and 1B of that IPR. Samsung represented to the USPTO that "if instituted, none of the prior art asserted in the Petition will be used in the District Court." (Ex. P at 41.)

**B.    Dr. Wicker's Opinions about Claim Construction Proceedings**

Dr. Wicker also makes improper opinions on claim construction proceedings beyond the positions adopted by the Court. In this case, the Court construed only one term, Dkt. 212 (CC Order) at 13. Samsung withdrew its claim construction arguments and positions for all other terms. *Id.* at 3. For all terms, Samsung stipulated to Wilus's proposals, such as "Plain and ordinary meaning; not indefinite" and "Plain and ordinary meaning; no further construction necessary." *See id.*; Dkt 195 (JCCS) at 2-5 (agreed constructions).

Even for the one construed term—which was resolved against Samsung—the Court's *Markman* order precludes reference to claim construction proceedings. Dkt. 212 at 13-14 ("The Court **ORDERS** each party not to refer, directly or indirectly, to its own or any other party's claim-construction positions in the presence of the jury. . . Any reference to claim construction proceedings is limited to informing the jury of the positions adopted by the Court."); *see also* Court's Standing MIL #17 (precluding testimony relating to the Court's CC Order other than the Court's actual adopted constructions, including the Court's reasoning or the party's agreement).

Despite the Court's rules, Dr. Wicker offers various opinions and statements attempting to characterize claim construction proceedings in both his opening and rebuttal reports. The offending statements are in ¶¶ 81-82 of Dr. Wicker's opening report and ¶¶ 48, 308, 352, 353 of

Dr. Wicker's rebuttal report, as highlighted in Exs. T & U attached to this motion.

Specifically, in the claim construction section of his opening report at ¶¶ 81-82, Dr. Wicker recites adopted constructions then adds two paragraphs about his "understanding" about alleged agreements on claim interpretation / scope that are outside the *Markman* order or JCCS. Likewise, in ¶ 48 of his rebuttal report, Dr. Wicker purports to "incorporate from my opening report my understanding of the claim construction relevant ot his case," quoting the same ¶¶ 81-82.

Further, in ¶ 308 of the rebuttal report, Dr. Wicker quotes from "Wilus's CC Brief at 28" and quotes (out-of-context) a portion of the Court's reasoning from "CC Order at 11." And in ¶¶ 352 and 353, Dr. Wicker makes substantive arguments about his "understanding" of claim construction proceedings, allegedly relying on and quoting Wilus's claim construction arguments. He then asserts that because of this understanding, Wilus's expert "applied the wrong legal construction of the term 'when.'" Dr. Wicker further asserts, relying on his claim construction understanding that Wilus's expert arguments "lack merit." As shown in highlighted Exs. T & U, Dr. Wicker's assertions are improper, unfounded, and prejudicial and should be excluded.

## IV.    CONCLUSION

For the foregoing reasons, Wilus respectfully requests that the Court grant this Motion and enforce its Patent Rules and Samsung's stipulations to preclude Samsung from offering the prior art invalidity theories set forth in Sections VII.E, VII.F, VIII.E, and VIII.F of Dr. Wicker's report on invalidity. Wilus also requests exclusion of Dr. Wicker's improper opinions on claim construction proceedings, as set forth above and in the proposed order.

Dated: March 2, 2026                          Respectfully submitted,


                                              */s/ Reza Mirzaie*
                                              Marc Fenster
                                              CA State Bar No. 181067

Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 2, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Reza Mirzaie*
Reza Mirzaie

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Plaintiff has conferred with counsel for Defendants and the relief requested in this motion is unopposed.

/s/ Reza Mirzaie
Reza Mirzaie