# Exhibit K

UNITED STATES PATENT AND TRADEMARK OFFICE

―――――――――

BEFORE THE PATENT TRIAL AND APPEAL BOARD

―――――――――

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner

―――――――――

Case IPR2025-00935
U.S. Patent No. 11,129,163

―――――――――

**PETITIONER'S OPPOSITION TO
PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL**

Proceeding No. IPR2025-00935
Attorney Docket No: 39843-0196IP1

denied motions for a stay." (emphasis added))). However, the critical inquiry under this factor is whether "evidence exists" that a stay will be "granted *if a proceeding is instituted*." *Finiv I*, at 6.

Wilus cites no case that precludes the possibility of a stay being granted in the Eastern District of Texas *after institution*. On the contrary, Wilus acknowledges, as it must, that EDTX does not automatically deny stays *after institution*, Paper 9 at 10-11, although Wilus still paints a misleading picture that the outcome of any stay requested after institution here would almost certainly be denied. In actuality, among decisions made in EDTX last year on motions to stay that were brought *after institution*, 28 percent of these motions were granted (i.e., 7 of 25 cases). SAMSUNG-1108. To date in 2025, EDTX has granted 39 percent of post-institution motions to stay (i.e., 7 of 18 cases). *Id*. Wilus also omits the fact that Judge Gilstrap and Magistrate Judge Payne have granted post-institution motions for stay where the defendant/petitioner has made a strong stipulation to be bound by IPR estoppel—exactly as Samsung has done here with a stipulation (SAMSUNG-1022) that is far broader than even the IPR estoppel provisions. *See*, *e.g.*, SAMSUNG-1106; SAMSUNG-1107.

Despite its denials, Wilus's brief ultimately wades into impermissible speculation on how "likely" it is for the District Court to grant a stay of the co-pending

26

Proceeding No. IPR2025-00935
Attorney Docket No: 39843-0196IP1

or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications). *See Sotera Wireless, Inc. v. Masimo Corporation*, IPR2020-01019, Paper 12 (PTAB Dec. 1, 2020)"; and

- "combinations of the prior art asserted in this proceeding with unpublished system prior art (or any other type of prior art). *See Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024- 01205, IPR2024-01206, IPR2024-01207 & IPR2024-01208, Paper 19 (PTAB Mar. 28, 2025)."

Wilus attempts to dismiss Samsung's stipulation as being "of limited value" and failing to provide "a true alternative to the district court proceeding," but, in doing so, misrepresents the scope of Samsung's stipulation. Paper 9 at 18 (citations omitted). To be clear, Samsung's stipulation here is more robust than the *Sotera* stipulation addressed in *Motorola*. Samsung's stipulation guarantees that, if instituted, none of the prior art asserted in the Petition will be used in the District Court proceeding—even in combination with unpublished system art.

Wilus contends that a recent Federal Circuit decision holding that IPR estoppel does not preclude a petitioner from relying on prior art asserted in a petition as evidence that the claimed invention was known or used by others, on sale, or in public use "at the very least suggests the possibility that Samsung could present in

33

Proceeding No. IPR2025-00935
Attorney Docket No: 39843-0196IP1

## III. CONCLUSION

For the foregoing reasons, a holistic evaluation of the complex and diverse litigation between the parties, the *Fintiv* factors and the additional considerations laid out in the Stewart Memorandum strongly weigh against discretionary denial. Petitioner therefore respectfully requests that this case proceed to an institution determination on the merits.

Respectfully submitted,

Dated  September 2, 2025            /Jeremy J. Monaldo/
                                    W. Karl Renner, Reg. No. 41,265
                                    Jeremy J. Monaldo, Reg. No. 58,680
                                    Fish & Richardson P.C.
                                    60 South Sixth Street, Suite 3200
                                    Minneapolis, MN 55402
                                    T: 202-783-5070
                                    F: 877-769-7945
                                    IPR39843-0196IP1@fr.com

                                    *Attorneys for Petitioner*