# Exhibit M

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner

Case IPR2025-01043
U.S. Patent No. 11,116,035

**PETITIONER'S OPPOSITION TO
PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL**

Proceeding No. IPR2025-01043
Attorney Docket No: 39843-0198IP1

10-12, although Wilus still paints a misleading picture that the outcome of any stay requested after institution here would almost certainly be denied. In actuality, among decisions made in EDTX last year on motions to stay that were brought ***after institution***, 28 percent of these motions were granted (i.e., 7 of 25 cases). SAMSUNG-1108. To date in 2025, EDTX has granted 39 percent of post-institution motions to stay (i.e., 7 of 18 cases). *Id*. Wilus also omits the fact that Judge Gilstrap and Magistrate Judge Payne have granted post-institution motions for stay where the defendant/petitioner has made a strong stipulation to be bound by IPR estoppel—exactly as Samsung has done here with a stipulation (SAMSUNG-1022) that is far broader than even the IPR estoppel provisions. *See*, *e.g.*, SAMSUNG-1106; SAMSUNG-1107.

Despite its denials, Wilus's brief ultimately wades into baseless speculation on how "likely" it is for the District Court to grant a stay of the co-pending litigation. Paper 8 at 10-12. But motions to stay invoke fact- and case-specific considerations, and it would be highly prejudicial to Samsung for adverse inferences to be drawn from rulings on stay motions being denied in different and unrelated cases. Indeed, for these reasons, the Board has repeatedly refused to "attempt to predict" how a District Court will rule on such stay motions. *See*, *e.g.*, *Hulu, LLC v. SITO Mobile R&D IP, LLC*, IPR2021-00298, Paper 11 at 10-11 (May 19, 2021) (because "neither party has produced evidence that a stay has been requested[,]" "[w]e decline to infer,

29

Proceeding No. IPR2025-01043
Attorney Docket No: 39843-0198IP1

Wilus attempts to dismiss Samsung's stipulation as being "of limited value" and failing to provide "a true alternative to the district court proceeding," but, in doing so, misrepresents the scope of Samsung's stipulation. Paper 8 at 19 (citations omitted). To be clear, Samsung's stipulation here is more robust than the *Sotera* stipulation addressed in *Motorola*. Samsung's stipulation guarantees that, if instituted, none of the prior art asserted in the Petition will be used in the District Court proceeding—even in combination with unpublished system art.

Wilus contends that a recent Federal Circuit decision holding that IPR estoppel does not preclude a petitioner from relying on prior art asserted in a petition as evidence that the claimed invention was known or used by others, on sale, or in public use "at the very least suggests the possibility that Samsung could present in the district court precisely the same combinations of prior art references." Paper 8 at 19-20 (citing *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1366 (Fed. Cir. 2025)). But the *Ingenico* decision in no way affects the scope of Samsung's stipulation. Indeed, Samsung's broad stipulation covers not only unpublished system art (*see Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024-01205, Paper 19 (PTAB Mar. 28, 2025)), but also precludes Samsung from combining "the prior art asserted in this proceeding" with "*any other type of prior art*." SAMSUNG-1022 (emphasis added). In short, Wilus's speculative arguments are not grounded in the reality of Samsung's broad stipulation.

36

Proceeding No. IPR2025-01043
Attorney Docket No: 39843-0198IP1

Such considerations weigh heavily against discretionary denial and Samsung respectfully requests an opportunity for the strong grounds presented in its petition seeking review of the '035 patent to be considered by the Board.

### III. CONCLUSION

For the foregoing reasons, a holistic evaluation of the complex and diverse litigation between the parties, the *Fintiv* factors and the additional considerations laid out in the Stewart Memorandum strongly weigh against discretionary denial. Petitioner therefore respectfully requests that this case proceed to an institution determination on the merits.

Respectfully submitted,

Dated September 16, 2025        /Jeremy J. Monaldo/
W. Karl Renner, Reg. No. 41,265
Jeremy J. Monaldo, Reg. No. 58,680
John C. Phillips, Reg. No. 35,322
Usman A. Kahn, Reg. No. 70,439
Jonathan C. Driesslein, Reg. No. 82,202
Fish & Richardson P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
T: 202-783-5070
F: 877-769-7945

*Attorneys for Petitioner*