# Exhibit N

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner

———————————

Case IPR2025-01044
U.S. Patent No. 11,516,879

———————————

**PETITIONER'S OPPOSITION TO
PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL**

Proceeding No. IPR2025-01044
Attorney Docket No: 39843-0199IP1

as Samsung has done here with a stipulation (SAMSUNG-1022) that is far broader than even the IPR estoppel provisions. *See*, *e.g.*, SAMSUNG-1106; SAMSUNG-1107.

Despite its denials, Wilus's brief ultimately wades into baseless speculation on how "likely" it is for the District Court to grant a stay of the co-pending litigation. Paper 8 at 10-12. But motions to stay invoke fact- and case-specific considerations, and it would be highly prejudicial to Samsung for adverse inferences to be drawn from rulings on stay motions being denied in different and unrelated cases. Indeed, for these reasons, the Board has repeatedly refused to "attempt to predict" how a District Court will rule on such stay motions. *See*, *e.g.*, *Hulu, LLC v. SITO Mobile R&D IP, LLC*, IPR2021-00298, Paper 11 at 10-11 (May 19, 2021) (because "neither party has produced evidence that a stay has been requested[,]" "[w]e decline to infer, based on actions taken in a different case with different facts, how the District Court would rule should a stay be requested by the parties in the parallel case here.") (quoting *Fintiv I*); *Sand Revolution II, LLC v. Continental Intermodal Group-Trucking LLC*, IPR2019-01393, Paper 24 at 7 (June 16, 2020) (informative).

    2.    *Factor 2:  The Court's Trial Date is Speculative and the Evidence Strongly Suggests a Trial Date Within a Month of the Board's Expected Final Written Decision Date*

*Fintiv* Factor 2 looks to "proximity of the court's trial date to the Board's

31

overlap between this proceeding and Wilus's district court action. *See* SAMSUNG-1022. Specifically, Samsung filed a stipulation (SAMSUNG-1022) providing that, if the PTAB institutes review, Samsung will not pursue in District Court litigation:

- "the specific grounds asserted in *inter partes* review in this proceeding, or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications). *See Sotera Wireless, Inc. v. Masimo Corporation*, IPR2020-01019, Paper 12 (PTAB Dec. 1, 2020)"; and

- "combinations of the prior art asserted in this proceeding with unpublished system prior art (or any other type of prior art). *See Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024- 01205, IPR2024-01206, IPR2024-01207 & IPR2024-01208, Paper 19 (PTAB Mar. 28, 2025)."

Wilus attempts to dismiss Samsung's stipulation as being "of limited value" and failing to provide "a true alternative to the district court proceeding," but, in doing so, misrepresents the scope of Samsung's stipulation. Paper 8 at 19 (citations omitted). To be clear, Samsung's stipulation here is more robust than the *Sotera* stipulation addressed in *Motorola*. Samsung's stipulation guarantees that, if instituted, none of the prior art asserted in the Petition will be used in the District Court proceeding—even in combination with unpublished system art.

Proceeding No. IPR2025-01044
Attorney Docket No: 39843-0199IP1

Petitioner therefore respectfully requests that this case proceed to an institution determination on the merits.

Respectfully submitted,

Dated  September 17, 2025                    /Jeremy J. Monaldo/
                                             W. Karl Renner, Reg. No. 41,265
                                             Jeremy J. Monaldo, Reg. No. 58,680
                                             John C. Phillips, Reg. No. 35,322
                                             Usman A. Kahn, Reg. No. 70,439
                                             Jonathan C. Driesslein, Reg. No. 82,202
                                             Fish & Richardson P.C.
                                             60 South Sixth Street, Suite 3200
                                             Minneapolis, MN 55402
                                             T: 202-783-5070
                                             F: 877-769-7945

                                             *Attorneys for Petitioner*