# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S MOTION TO STRIKE OPINIONS OF SAMSUNG EXPERT DR. HARRY BIMS**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1
II. Factual Background ........................................................................................................... 1
    A. Samsung Invalidity Contentions ............................................................................. 1
    B. Samsung IPR Stipulations and Commitments ........................................................ 2
III. Argument ............................................................................................................................ 3
IV. Conclusion .......................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Cases**

*Biscotti Inc. v. Microsoft Corp.*, Case No.
  2:13-CV-01015-JRG-RSP, 2017 WL 2526231 (E.D. Tex. 2017) ............................................. 3

*Ingenico Inc. v. IOENGINE, LLC*,
  136 F.4th 1354 (Fed. Cir. 2025) ........................................................................................... 4

*Motorola Sol'ns, Inc. v. Stellar, LLC*,
  Case No. IPR2024-01205, Paper 19 (P.T.A.B. Mar. 28, 2025) ................................................ 2

**Statutes**

35 U.S.C. § 315(e)(2) ................................................................................................................ 2, 3, 4

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| A | Opening Report of Dr. Harry Bims (Corrected) dated Jan. 28, 2026 (excerpts) |
| B | Defendants' P.R. 3-3 and 3-4 Invalidity Contentions and Subject Matter Eligibility Contentions dated February 13, 2025 (excerpts) |
| C | Samsung Invalidity Contentions, Exhibit A-05, Invalidity of '077 patent in view of IEEE 802.11ac (excerpts) |
| D | Samsung Invalidity Contentions, Exhibit B-05, Invalidity of '210 patent in view of IEEE 802.11ac (excerpts) |
| E | Samsung Invalidity Contentions, Exhibit C9, Invalidity of '281 patent in view of IEEE 802.11ac (excerpts) |
| F | Samsung Invalidity Contentions, Exhibit D11, Invalidity of '595 patent in view of IEEE 802.11ac (excerpts) |
| G | Samsung Stipulation in IPR2025-00933, Exhibit 1023 |
| H | Samsung Stipulation in IPR2025-00934, Exhibit 1037 |
| I | Samsung Stipulation in IPR2025-00988, Exhibit 1051 |
| J | Samsung Stipulation in IPR2025-01069, Exhibit 1025 |
| K | Samsung Opposition to Request for Discretionary Denial in IPR2025-00933, Paper 9 (excerpts) |
| L | Samsung Opposition to Request for Discretionary Denial in IPR2025-00934, Paper 10 (excerpts) |
| M | Samsung Opposition to Request for Discretionary Denial in IPR2025-00988, Paper 9 (excerpts) |
| N | Samsung Opposition to Request for Discretionary Denial in IPR2025-01069, Paper 9 (excerpts) |
| O | Decision Referring the Petitions to the Board, IPR2025-00933, Paper 11 |

## I. INTRODUCTION

Wilus moves to strike certain opinions in the opening report of Samsung's expert Dr. Harry Bims concerning validity, because they are barred by Samsung's *Sotera* stipulations filed in co-pending IPR proceedings.

## II. FACTUAL BACKGROUND

Dr. Bims offers opinions concerning four patents at issue in the member -00746 case: the '077, '281, '595, and '210 patents. (Ex. A at 3.) For each patent, Dr. Bims offers opinions that the patent is obvious based upon combinations of the "Samsung Galaxy Tab S" with one or more patent applications and/or purported printed publications. (Ex. A at 8–10.)[1]

### A. Samsung Invalidity Contentions

Samsung served its P.R. 3-3 invalidity contentions on February 13, 2025. In these contentions, Samsung alleged that an IEEE standard document titled "IEEE 802.11ac" was a prior-art printed publication, and Samsung charted that document against each of the asserted patents. (Ex. B at 20–21, 26, 31–32, 37.) In addition, Samsung provided a list of purported "Prior Art Systems" for each patent, including the "Samsung Galaxy Tab S." (*Id.* at 21–22, 27, 32, 38.) But Samsung did not provide separate charts for any of these "Prior Art Systems," as required by P.R. 3-3(c). Rather, Samsung stated: "The attached invalidity chart over IEEE 802.11ac . . . demonstrates how the systems implementing IEEE 802.11ac, listed in [the table of Prior Art Systems], disclose each element of each asserted claim." (*Id.* at 21 n.9, 27 n.12, 32 n.16, 38 n.19.)

In the actual P.R. 3-3(c) claim charts provided by Samsung, the Tab S product is mentioned

---

[1] In the meet and confer discussions prior to filing of this motion, Samsung agreed not to pursue grounds 1 and 3 of §§ 102/103 invalidity based on prior art for the '281 patent ("Samsung Galaxy Tab S in Combination with Josiam" and "Bharadwaj 129 alone or in combination with Chen") or ground 4 of §§ 102/103 invalidity based on prior art for the '595 patent ("Josiam"), on the basis of Samsung's IPR stipulations. Accordingly, this motion applies to all §§ 102/103 invalidity grounds that remain at issue from Dr. Bims's report.

1

only once, on the cover page, with no information or allegations specific to that product other than the date it was purportedly released. (Exs. C–F.) The charts themselves cite solely to the text of the IEEE 802.11ac printed publication.

### B. Samsung IPR Stipulations and Commitments

For each of these patents, Samsung filed an IPR petition, and that petition has been instituted by the PTAB. (*See* Dkt. 224 at 2.) For each IPR, Samsung filed a *Sotera*-plus stipulation with the PTAB, agreeing not to pursue certain prior art grounds in the district court litigation. (Exs. G–J.) The stipulations are substantively identical, and each includes the commitment that:

> Samsung will not pursue in District Court litigation the specific grounds asserted in inter partes review in this proceeding, or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications).

(*Id.*) This borrows the language of the IPR estoppel provisions in 35 U.S.C. § 315(e)(2). But, in its briefing at the PTAB arguing against discretionary denial of institution, Samsung made clear that these stipulations were *not* meant to be coextensive with the statutory IPR estoppel standard and made additional commitments to the USPTO Director. For example, Samsung argued in each IPR that its stipulation "is far broader than even the IPR estoppel provisions." (Ex. K at 33, Ex. L at 35, Ex. M at 28, Ex. N at 27.) Samsung further argued that the IPR would be "a true alternative to the district court proceeding" and committed that "if instituted, none of the prior art asserted in the Petition will be used in the District Court." (Ex. K at 40, Ex. L at 41, Ex. M at 35, Ex. N at 34.) In making this commitment, Samsung was specifically seeking to address the Director Review decision in *Motorola Sol'ns, Inc. v. Stellar, LLC*, Case No. IPR2024-01205, Paper 19 (P.T.A.B. Mar. 28, 2025). There, the Director vacated institution of IPRs in spite of petitioner's *Sotera* stipulations that matched the scope of statutory IPR estoppel, finding that they were not sufficient to "outweigh the substantial investment in the district court proceeding." *Id.* at 3–4. In other words,

Samsung felt it needed to argue that its stipulations were broader in scope than the statutory IPR estoppel, in order to avoid discretionary denial of its IPR petitions by the Director.

The Patent Office credited and relied upon these representations, citing Samsung's commitments in its opposition to discretionary denial and stating that "Petitioner has filed a broad stipulation that reduces the concern of inconsistent outcomes or significant duplication of efforts." (Ex. O at 3.)

### III. ARGUMENT

To the extent that Dr. Bims asserts obviousness theories based on the Samsung Galaxy Tab S that are distinct in substance from Samsung's obviousness theories based upon the IEEE 802.11ac printed publication, Samsung has failed to preserve those theories by complying with P.R. 3-3(c). As noted above, Samsung's only claim charts that even mention the Tab S product are its charts for the IEEE 802.11ac publication, and Samsung failed to chart any feature of the Tab S apart from its purported compliance with 802.11ac. Samsung never sought to amend its claim charts for the Tab S. Nor has Samsung explained why it could not have provided a chart for its own product by the Court's deadline for serving charts under P.R. 3-3(c). In other words, the only Tab S obviousness theories that Dr. Bims could permissibly present in this case are IEEE 802.11ac printed publication theories dressed up as system prior art theories.

In a case where the scope of § 315(e) estoppel was at issue, this Court held that "[if] purported system prior art relies on or is based on patents or printed publications that [defendant] would otherwise be estopped from pursuing at trial, . . . then [defendant] should be estopped from presenting those patents and printed publications at trial." *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *8 (E.D. Tex. 2017). The Federal Circuit subsequently interpreted the statutory IPR estoppel more narrowly, holding that "IPR estoppel

3

does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR." *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1366 (Fed. Cir. 2025).

The *Ingenico* decision does not control the scope of Samsung's IPR stipulations in this case. First, here Samsung has not merely relied upon the 802.11ac standard as evidence in support of a theory that "could not be raised during the IPR." Rather, the only charted Tab S obviousness theories are coextensive with and based upon precisely the same mappings to teachings in 802.11ac as the 802.11ac printed publication theories that Samsung could have raised in the IPRs. There is nothing in the Tab S obviousness combinations that both (1) was preserved by providing a chart in compliance with P.R. 3-3(c), but (2) could not have been presented in an IPR petition.

Second, Samsung's IPR stipulations are expressly not coextensive with the § 315(e) estoppel interpreted by *Ingenico*. Rather, Samsung represented to the USPTO that its stipulations are "far broader" and ensure that the IPR is a "true alternative" to district court. Accordingly, the Court should interpret the stipulations and other commitments to the USPTO on their own terms, in view of what Samsung was trying to achieve to avoid discretionary denial by offering them. The Court should apply its own common sense logic of fairness from *Biscotti* and prevent Samsung from circumventing its stipulation commitments by slapping a sticker saying "System Prior Art" over a charted prior art theory that in substance is entirely based on a printed publication.

## IV.  CONCLUSION

For the foregoing reasons, Wilus respectfully requests that the Court grant this Motion and enforce its Patent Rules and Samsung's stipulations to preclude Samsung from offering the prior art invalidity theories set forth in Sections XI.A, XII.A, XIII.A, and XIV.A of Dr. Bims's report on invalidity.

Dated: March 2, 2026                                  Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

5

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 2, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Plaintiff has conferred with counsel for Defendants and the relief requested in this motion is opposed.

*/s/ Reza Mirzaie*
Reza Mirzaie
