# Exhibit L

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner

Case IPR2025-00934
U.S. Patent No. 11,159,210

**PETITIONER'S OPPOSITION TO
PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL**

Proceeding No. IPR2025-00934
Attorney Docket No: 39843-0195IP1

as Samsung has done here with a stipulation (SAMSUNG-1022) that is far broader than even the IPR estoppel provisions. *See*, *e.g.*, SAMSUNG-1106; SAMSUNG-1107.

Despite its denials, Wilus's brief ultimately wades into impermissible speculation on how "likely" it is for the District Court to grant a stay of the co-pending litigation. Paper 8 at 12-13. But motions to stay invoke fact- and case-specific considerations, and it would be highly prejudicial to Samsung for adverse inferences to be drawn from rulings on stay motions being denied in different and unrelated cases. Indeed, for these reasons, the Board has repeatedly refused to "attempt to predict" how a District Court will rule on such stay motions. *See*, *e.g.*, *Hulu, LLC v. SITO Mobile R&D IP, LLC*, IPR2021-00298, Paper 11 at 10-11 (May 19, 2021) (because "neither party has produced evidence that a stay has been requested[,]" "[w]e decline to infer, based on actions taken in a different case with different facts, how the District Court would rule should a stay be requested by the parties in the parallel case here.") (partially quoting *Fintiv I*); *Sand Revolution II, LLC v. Continental Intermodal Group-Trucking LLC*, IPR2019-01393, Paper 24 at 7 (June 16, 2020) (informative).

    4.    *Factor 2: The Court's Trial Date is Speculative and the Evidence Strongly Suggests a Trial Date Within a Month of the Board's Expected Final Written Decision Date*

*Fintiv* Factor 2 looks to "proximity of the court's trial date to the Board's

35

Proceeding No. IPR2025-00934
Attorney Docket No: 39843-0195IP1

institutes review, Samsung will not pursue in District Court litigation:

- "the specific grounds asserted in *inter partes* review in this proceeding, or any other ground that could have been reasonably raised in this proceeding (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications). *See Sotera Wireless, Inc. v. Masimo Corporation*, IPR2020-01019, Paper 12 (PTAB Dec. 1, 2020)"; and

- "combinations of the prior art asserted in this proceeding with unpublished system prior art (or any other type of prior art). *See Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024- 01205, IPR2024-01206, IPR2024-01207 & IPR2024-01208, Paper 19 (PTAB Mar. 28, 2025)."

Wilus attempts to dismiss Samsung's stipulation as being "of limited value" and failing to provide "a true alternative to the district court proceeding," but, in doing so, misrepresents the scope of Samsung's stipulation. Paper 8 at 22-25. To be clear, Samsung's stipulation here is more robust than the *Sotera* stipulation addressed in *Motorola*. Samsung's stipulation guarantees that, if instituted, none of the prior art asserted in the Petition will be used in the District Court proceeding—even in combination with unpublished system art.

Wilus contends that a recent Federal Circuit decision holding that IPR estoppel does not preclude a petitioner from relying on prior art asserted in a petition as

41

Proceeding No. IPR2025-00934
Attorney Docket No: 39843-0195IP1

respectfully requests an opportunity for the strong grounds presented in its Petition seeking review of the '210 patent to be considered by the Board.

## III. CONCLUSION

For the foregoing reasons, a holistic evaluation of the complex and diverse litigation between the parties, the *Fintiv* factors and the additional considerations laid out in the Stewart Memorandum strongly weigh against discretionary denial. Petitioner therefore respectfully requests that this case proceed to an institution determination on the merits.

Respectfully submitted,

Dated September 10, 2025            /Jeremy J. Monaldo/
                                    W. Karl Renner, Reg. No. 41,265
                                    Jeremy J. Monaldo, Reg. No. 58,680
                                    Nicholas Stephens, Reg. No. 74,320
                                    Rishi Gupta, Reg. No. 64,768
                                    Fish & Richardson P.C.
                                    60 South Sixth Street, Suite 3200
                                    Minneapolis, MN 55402
                                    T: 202-783-5070
                                    F: 877-769-7945

                                    *Attorneys for Petitioner*