UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S FIRST AND ELEVENTH AFFIRMATIVE DEFENSES**

The Court should grant Plaintiff Wilus Institute of Standards and Technology Inc.'s ("Wilus") motion for partial summary judgment on Defendants Samsung Electronics Co., Ltd. Samsung Electronics America, Inc.'s ("Samsung") First Affirmative Defense of "Failure to State a Claim" and Eleventh Affirmative Defense of "License Express or Implied and/or Patent Exhaustion." Samsung failed to pursue these defenses throughout the case, appears to be no longer asserting them, and has no basis to maintain them. Leading up to this motion, Samsung's counsel suggested and these defenses might be dropped but could not provide final confirmation. Accordingly, Wilus files this short motion and is entitled to summary judgment.

## I.    STATEMENT OF ISSUE

Whether Samsung can prove its First Affirmative Defense of "Failure to State a Claim" and Eleventh Affirmative Defense of "License Express or Implied and/or Patent Exhaustion," where Samsung failed to pursue or preserve these defenses in discovery or throughout this case.

## II.    STATEMENT OF FACTS

Samsung's operative and proposed answers (Dkts. 106, 107, 236) plead the following affirmative defenses:

- FIRST ADDITIONAL DEFENSE – "Failure to State a Claim" (Dkt. 106 at 39; Dkt. 107 at 37; Dkt. 236 at 37); and

- ELEVENTH ADDITIONAL DEFENSE – "License Express or Implied and/or Patent Exhaustion" (Dkt. 106 at 44; Dkt. 107 at 42; Dkt. 236 at 138)

Samsung failed to articulate these defenses in its answers or any amendments (Dkts. 106, 107, 236). Samsung also failed to adduce evidence or provide discovery on these defenses throughout this case. Further, these defenses are not asserted as counterclaims by Samsung.

Leading up to this motion, Wilus's counsel asked Samsung's counsel to withdraw

1

Samsung's first and eleventh affirmative defenses. Ex. A at 1-2. Wilus noted that these are defenses "which it appears Samsung is no longer pursuing" and that "Samsung failed to pursue or adduce evidence for these defenses during discovery or in this case." *Id.* Wilus also requested that "If Samsung intends to maintain [these] defenses," to please "provide the full legal and factual basis for maintaining the defense." *Id.* at 2.

Samsung's counsel responded and said Wilus's request was under consideration but that "we will, need to confer with our client before committing to dropping any of our additional defenses." *Id.* The correspondence did not identify any factual or legal bases for maintaining either Samsung's first affirmative defense of "Failure to State a Claim" or eleventh additional defense of "License Express or Implied and/or Patent Exhaustion."

By the time of filing, Samsung's counsel was unable to provide the requested confirmation. Accordingly, Wilus files this short motion.

### III.   ARGUMENT AND CONCLUSION

Wilus is entitled to summary judgment on Samsung's first and eleventh affirmative defenses. The allegations for each defense in Samsung's answers (Dkt. 106 at 39; Dkt. 107 at 37; Dkt. 236 at 37) is boilerplate and fails to articulate any defense. Nor has Samsung articulated any theories (e.g., for failure to state a claim or express or implied license or patent exhaustion) in any amendments or discovery responses. Nor has Samsung provided the legal and factual bases for such unknown and undisclosed theories. Samsung's email response on this motion is telling. Samsung's counsel suggested that Samsung is not pursing these defenses and did not attempt to identify them (much less provide the requested legal and factual basis).

Accordingly, the Court should grant Wilus's motion for partial summary judgment Samsung's first and eleventh affirmative defenses.

Dated: March 2, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF, Wilus Institute of Standards and Technology Inc**

3

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 2, 2026, with a copy of this document via the Court's CM/ECF.

/s/ Reza Mirzaie
Reza Mirzaie