# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> HP INC., <br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> *Defendants.* | Case No. 2:24-cv-00746-JRG [Member Case] <br><br> Case No. 2:24-cv-00765-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br> *Defendants.* | Case No. 2:24-cv-00766-JRG [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP [Member Case] |

**WILUS' EXPEDITED MOTION TO STRIKE SAMSUNG'S *DAUBERT* AND SUMMARY JUDGMENT MOTIONS FOR VIOLATING LOCAL RULES**

# TABLE OF CONTENTS

I. Introduction and Summary of the Issues ................................................................................1

II. The Court Should Strike Samsung's *Daubert* Motions............................................................3

III. The Court Should Order Samsung to Bring its Summary Judgment Motions in Compliance With the Page Limits........................................................................................7

IV. The Court Should Grant Fee-Shifting in Connection with this Motion ................................10

V. Conclusion............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

Al-Ahmed v. Twitter,
   553 F. Supp. 3d 118 (S.D.N.Y. 2021) ............................................................................... 9

*CafeX Communications, Inc. v. Amazon Web Servs.*,
   No. 17-cv-1649, 2017 WL 11809704 (S.D.N.Y. Mar. 30, 2017) ......................................... 8, 9

*Colon v. Twitter, Inc.*,
   2019 WL 13060895 (M.D. Fl. Dec. 2, 2019) ....................................................................... 8, 9

*Doubleday Acquisitions LLC v. Envirotainer AB*,
   No. 1:21-CV-03749-SCJ, 2022 WL 18777366 (N.D. Ga. July 1, 2022) ................................. 9

*Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*,
   No. 319CV00515KDBDSC, 2022 WL 1081850 (W.D.N.C. Apr. 11, 2022) ....................... 8, 9

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
   634 F.3d 787 (5th Cir. 2011) ............................................................................................. 12

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 4:14-cv-371-ALM ...................................................................................................... 10

*Ironshore Europe DAC v. Schiff Hardin, LLP*,
   No. 2:17-cv-00431-JRG, 2018 WL 4183245 (E.D. Tex. Jan. 30, 2018) ............................. 13

*Lone Star WiFi LLC v. Legacy Stonebriar Hotel, Ltd. et al.*,
   No. 6:12-cv-00957 (E.D. Tex.) ........................................................................................... 7

*Maponga v. City of Frisco*,
   No. 4:24-cv-587-SDJ-BD, Dkt. No. 14 (E.D. Tex. Jan. 6, 2025) ...................................... 10

*McKool Smith, P.C. v. Curtis Int'l Ltd.*,
   Case No. 3:15-cv-1685-M (N.D. Tex. July 14, 2015) ........................................................ 13

*Network-1 Security Solutions, Inc. v. Cisco Systems, Inc.*,
   No. 6:08-cv-00030-LED (E.D. Tex. May 21, 2010) ............................................................ 7

*Optis Wireless Tech., LLC v. Apple Inc.*,
   No. 2:19-CV-00066-JRG, 2021 WL 9476987 (E.D. Tex. Mar. 31, 2021) .......................... 13

*SEVEN Networks, LLC v. Google LLC*,
   No. 2:17-cv-00442-JRG, 2018 WL 3472639 (E.D. Tex. July 19, 2018) ............................ 14

*VirnetX Inc. v. Microsoft Corp.*,
   No. 6:07-cv-00080 (E.D. Tex. Apr. 29, 2010) ................................................................ 7, 10

Zuckerman v. GW Acquisition LLC,
  2021 WL 4267815 (S.D.N.Y. Sept. 20, 2021) ............................................................................ 9

**Statutes**

28 U.S.C. § 1927 ................................................................................................................................. 14

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................................ 14

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................... 12

Fed. R. Civ. P. 12(d) ........................................................................................................................... 12

Fed. R. Civ. P. 16(f)(2) ....................................................................................................................... 14

Fed. R. Civ. P. 37(b) ........................................................................................................................... 14

Local Rule CV-10 ........................................................................................................................... 6, 10

Local Rule CV-10(a)(5) ............................................................................................................. 5, 7, 10

Local Rule CV-7(a)(3) ................................................................................................................ passim

I.      **Introduction and Summary of the Issues**

On March 2, 2026, the parties filed summary judgment and *Daubert* motions consistent with the case schedule. *See* Dkt. 230. Upon reviewing Samsung's motions, Wilus immediately observed that each of Samsung's *Daubert* motions utilized a 1.74 line spacing instead of the "double spaced" spacing required under L.R. CV-10(a)(5). The briefs also utilized a non-standard "Garamond" font. As far as Wilus can tell, all—or almost all—previous motions filed in this case by Samsung were double spaced and written in Times New Roman. Samsung apparently did this to fit its six *Daubert* motions within the 24-page total limit set by the Court's January 30, 2026 Standing Order Regarding Total Page Limits for *Daubert* Motions and Motions to Strike[1] ("Standing Order"). Had Samsung used the standard double-spacing required by CV-10(a)(5) for its six *Daubert* motions (while still maintaining use of the Garamond font), Wilus believes those motions would have amounted to approximately 31 pages, with Times New Roman font, the pages would have been 34. This would have substantially exceeded the 24-page limit by 30% or more.

Wilus immediately emailed Samsung identifying this issue (among others) that it had observed with Samsung's motions. *See* Ex. A, at 3-4 (3/3/26 email from Tsuei to Phillips). Counsel for the parties conferred the next day, and Samsung confirmed that it had intentionally used "24 point" line spacing (roughly equivalent to 1.74 line spacing), and asserted this was totally acceptable under CV-10. *See id.* Ex. A, at 1-5 (email correspondence before and after telephonic meet and confer setting out the party's positions).

Wilus filed its briefs in compliance with the Local Rules' "double space" requirement and with standard Times New Roman font. Needless to say, Samsung's violation of the spacing

---

[1] *Available at* https://coop.txed.uscourts.gov/?q=judge/district-judge-rodney-gilstrap

requirement has given it a large advantage in motion briefing, and it apparently intends to do the same for its responses to Wilus' motions.

Concurrently, and equally importantly, in the lead up to this Motion, Wilus also notified Samsung of another violation: Samsung's total page count for summary judgment motions, when including the Motion to Dismiss for Lack of Statutory Standing (Dkt. 220), was 70 pages, exceeding the 60-page limit set by CV-7(a)(3). *See, e.g.*, Ex. A, at 2 (3/4/26 email from Wang to Philips). On March 4, Wilus offered Samsung to withdraw all motions that violated CV-10 and refile them in a compliant format. Samsung refused. *See* Ex. A, at 1 (3/5/26 email from Phillips to Tsuei).

Thus, Wilus moves the Court for the following relief[2]:

1) strike all of Samsung's *Daubert* motions (Dkts. 250, 254, 260, 261, 262, 264) for violating CV-10 and the Standing Order;

2) order Samsung bring its summary judgment motions (Dkts. 220, 265, 266, 269, 270, 273) into compliance with CV-7(a)(3) and the 60-page limit, and

3) extending briefing deadlines for Wilus' responsive briefs to the extent warranted (e.g., 2 weeks from any the service of any re-filed brief).

Wilus does not make these requests lightly. In prior cases observed by counsel, a party's surreptitious line-spacing and similar tweaks in brief drafting yielded, at most, marginal benefits—a line save here, two lines saved there. That is not the case here. Samsung's *Daubert* motions, if formatted correctly, would have totaled at least 31 pages. Its summary judgment motions total 70 pages. Samsung plainly violated the rules, and in doing so obtained a manifestly improper advantage over Wilus at this crucial stage of the litigation. This Motion should be granted.

---

[2] The parties have agreed to expedited briefing of this issue (Samsung's opposition by Friday March 6, with no right to reply by Wilus) and Wilus respectfully seeks expedited consideration.

## II. The Court Should Strike Samsung's *Daubert* Motions

Rule CV-10(a)(5) requires all briefs filed with the Court "be double spaced and in a font no smaller than 12-point type." In this District, "double spaced" means the "double space" line spacing option available in modern word processing software, which is not, e.g., the different "24-point" option used in Samsung's briefs. This has been raised and resolved in this District before. *See, e.g.*, Dkt. 424, *VirnetX Inc. v. Microsoft Corp.*, No. 6:07-cv-00080 ("*VirnetX*") (E.D. Tex. Apr. 29, 2010) (Davis, J.) (striking multiple motions filed by Microsoft for "not being fully double spaced")[3]; Dkt. 335, *Network-1 Security Solutions, Inc. v. Cisco Systems, Inc.*, No. 6:08-cv-00030-LED (E.D. Tex. May 21, 2010) (striking patentee's entire set of *Daubert* and summary judgment motions; all motions "failed to comply with the Local Rules for the Eastern District of Texas by not being ***fully*** double spaced") (emphasis added)[4]; Dkt. 76, *Lone Star WiFi LLC v. Legacy Stonebriar Hotel, Ltd. et al.*, No. 6:12-cv-00957 (E.D. Tex.) (Schneider, J.) (striking motion to compel: "Plaintiff's motion does not comply with the local rules, which require all documents be filed in double spaced, 12-point font"). These orders show: in this District, "double spaced" does not mean 24-point line spacing. "Double spaced" means using the "double space" line spacing option in Microsoft Word—just like in the Court's own orders.

Faced with the same issue, numerous other district courts (with substantially identical language in their own local rules) have come to the same conclusion.[5] *See, e.g.*, *CafeX Communications, Inc. v. Amazon Web Servs.*, No. 17-cv-1649, 2017 WL 11809704 (S.D.N.Y.

---

[3] Though Microsoft's filings in *VirnetX* stricken by Judge Davis are sealed, numerous of Microsoft's other, previously-filed, and publicly-available motions on the docket show its prior usage of 24-point spacing. *See, e.g.*, Dkts. 201, 249, No. 6:07-cv-00080.
[4] A review of publicly-available versions of the patentee's motions struck by the Court in *Network-1* confirms: they were formatted to use 24-point spacing.
[5] Samsung's counsel is perhaps aware of other orders. Some were newsworthy and widely reported in legal news publications. *See* https://www.abajournal.com/news/article/susman_godfrey_is_sanctioned_for_wrong_line_spacing_in_brief.

Mar. 30, 2017) (sanctioning attorney for submitting a brief that was 24-point spaced instead of double spaced recognizing that this conduct is "deliberate"); *Colon v. Twitter, Inc.*, 2019 WL 13060895, at *2 (M.D. Fl. Dec. 2, 2019) (citing cases holding that 24 point type is not double spaced, noting that a court sees "thousands, if not tens of thousands, of filings each year, and only a very small handful do not employ the standard Microsoft double-spacing preset.").

Samsung surely knew its submissions violated the Local Rule and practice of this Court. ***Every other brief*** Samsung filed in this matter before March 2, 2026 was properly double spaced.[6] Even with its *other* motions filed on March 2—its summary judgment motions—Samsung used the correct double-spacing, as (it appears) they did not believe they were running into page limit constraints. The purpose of Samsung's new approach in its *Daubert* motions is clear: to evade the 24-page limit by using word processor tricks.

A substantially similar fact pattern was addressed in *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 1081850, at *2 (W.D.N.C. Apr. 11, 2022). The plaintiff had, up until filing the offending briefs, duly used the correct double-spacing required by the local rules. *Id.* When faced with a briefing page limit for its summary judgment motion, the plaintiff did what Samsung did here: deliberately change the line spacing for its brief from "double spaced" to 24-point spacing. *Id.* This, the court found, violated its case management order requiring briefs be "double spaced." Wilus presents the relevant portion from *Duke* for reference:

> **A. 24 Point Spacing**
>
> The first issue before the Court is whether Duke's use of "24 Point" spacing complies with the Court's requirement that briefs be "double spaced." The Court finds that it does not. Word processing programs, including the WORD program

---

[6] Incidentally, all previous briefs from Samsung have also been written in Times New Roman font. Its use of the Garamond font in its March 2 motions, though not technically prohibited, allowed Samsung to further compress its arguments into the allotted pages by a substantial amount.

> used in nearly all submissions to the Court, contain a standard setting for "double" spacing. Indeed, the Court, Duke and Defendants have routinely used that setting in the various orders and submissions filed throughout this case. …
>
> Plaintiff's attempt to excuse its use of "24 Point" spacing based on a technical explanation that "24" is double the required 12 point font size is unpersuasive. While the Court does not quarrel with Plaintiff's math, the simple fact is that Plaintiff had to deliberately change the typical "double" spaced setting in WORD to a special different setting, and the only reason to do so was for Duke to fit more lines on each of its allotted pages after the Court refused its request to file a sixty page brief.[4] *See Al-Ahmed v. Twitter*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021) (holding argument that counsel "had interpreted the Court's double spacing requirement to allow 24 point spacing" to be "hard to credit ..., especially as [ ] counsel have properly double spaced their filings in many of their other cases"); *Zuckerman v. GW Acquisition LLC*, 2021 WL 4267815, at *3 n.2 (S.D.N.Y. Sept. 20, 2021) (same). Accordingly, this Court must reject Plaintiff's efforts to skirt, if not evade, the page limitations through the use of "24 Point" spacing. *See, e.g., Colon v. Twitter, Inc.*, 2019 WL 13060895, at *2 (M.D. Fl. Dec. 2, 2019) (citing cases holding that 24 point type is not double spaced); *CafeX Communications, Inc. v. Amazon Web Servs.*, No. 17-cv-1649 (S.D.N.Y. Mar. 30, 2017) (finding party that filed brief with 24 point spacing rather than double spacing was "deliberate[ly]" "flouting ... this Court's Individual Rules ... to gain some slight advantage in this litigation").

*Duke*, 2022 WL 1081850, at *2; *see also Doubleday Acquisitions LLC v. Envirotainer AB*, No. 1:21-CV-03749-SCJ, 2022 WL 18777366, at *3 (N.D. Ga. July 1, 2022) (same outcome on same issue).

If Samsung's response includes an assertion that it thought it was "allowed" to use 24-point spacing, that assertion should be rejected. It is contradicted by the entire weight of the record and, specifically, Samsung's past practice in this case. *See Al-Ahmed v. Twitter*, 553 F. Supp. 3d at 123 n.3 (Twitter's lawyers argued "they had interpreted the Court's double spacing requirement to allow 24 point spacing"—"The Court finds it hard to credit that explanation, especially as Defense counsel have properly double-spaced their filings in many of their other cases"); *Zuckerman v. GW Acquisition LLC*, 2021 WL 4267815, at *3 n.2 (S.D.N.Y. Sept. 20, 2021) (same).

During the meet-and-confer process prior to Wilus filing this motion, Samsung cited to briefing and an order in a case before Judge Mazzant, *Imperium IP Holdings (Cayman), Ltd. v.*

5

*Samsung Elecs. Co., Ltd.*, No. 4:14-cv-371-ALM, as purportedly justifying its use of 24-point line spacing in this case. *See* Ex. A. The opposite is true. In that case, it was **Samsung** that was objecting to the use of 24-point spacing. *Id.*, Dkt. No. 324 at 3 (E.D. Tex. Apr. 25, 2016) (explaining that the subject brief "use[s] 24-point spacing"). Samsung argued:

> Samsung notes that according to Local Rules CV-7(a) and CV-10(a)(5), **all documents shall be double spaced**. Imperium's Response and Sur-Reply, however, unlike many other documents filed by Imperium, are approximately 1.75-spaced -- as is Imperium's "corrected" Sur-Reply. This is not trivial, because it gave Imperium at least 2 additional pages beyond the 19 permitted in its Response, and more than 1 additional page beyond the 9 permitted in its Sur-Reply. . . . Indeed, Samsung notes that Courts in this District **have gone so far as to strike briefs that are not fully double spaced**. *See* Dkt. No. 424, *VirnetX, Inc. v. Microsoft Corp.*, No. 6:07–CV-80 (E.D. Tex. April 29, 2010)."

*Id.*, Dkt. No. 313 at 3 (E.D. Tex. Apr. 7, 2016). Samsung wrote in meet-and-confer correspondence on March 3 that the Judge Mazzant "ignored" Samsung's line spacing argument and argued that this indicated that briefs with 24-point line spacing should not be stricken. Ex. A; Dkt. No. 329 at 4 (E.D. Tex. Aug. 24, 2016). But Samsung had not asked Judge Mazzant to strike Imperium's filing, and also raised the line spacing issue in just a single paragraph at the end of a motion for leave to file an additional responsive brief. *Id.*, Dkt. No. 313 at 3 (E.D. Tex. Apr. 7, 2016). Though Judge Mazzant did not address the line spacing issue in his ultimate opinion, he gave Samsung the only relief that it sought, as he recited the responsive brief as part of the briefing he considered on the issue. *Id.*, Dkt. No. 329 at 4 (E.D. Tex. Aug. 24, 2016).[7]

More importantly, the *Imperium IP* matter makes perfectly clear how **Samsung** has previously interpreted the rules: all briefs must be double-spaced, not 24-point spaced, and striking

---

[7] Samsung also pointed to opinions issued in this District that have used less than double-spacing between lines, citing as an example with 27 lines per page an opinion in *Maponga v. City of Frisco*, No. 4:24-cv-587-SDJ-BD, Dkt. No. 14 at 2 (E.D. Tex. Jan. 6, 2025). But by its own plain terms, L.R. CV-10 applies to filings by parties, not by the Court. A key purpose of CV-10(a)(5) is to ensure fair and consistent application of the Court's page limits, which do not apply to the Court's own opinions.

an offending brief is the appropriate sanction.

In sum, Samsung needed extra space and pages to brief its *Daubert* issues. It could have reached out to Wilus to ask for consent to extra pages. It could have sought leave of the Court, perhaps by filing a motion for leave to exceed the page limits when it filed its *Daubert* motions. Samsung instead chose self-help and formatting tricks that violate the Local Rules. Samsung's self-serving, *ex post facto* explanations cannot be credited. Because Samsung persists in refusing to refile its *Daubert* in a compliant format (and, indeed, refuses to acknowledge that it did anything wrong), the Court should strike all of Samsung's *Daubert* motions (Dkts. 250, 254, 260, 261, 262, 264) for violating CV-10 and the Standing Order.

### III. The Court Should Order Samsung to Bring its Summary Judgment Motions in Compliance With the Page Limits

Completely separately, Samsung also violated CV-7(a)(3)'s 60-page limit on summary judgment motions. So far, Samsung refuses to fix that problem (or acknowledge that there is one), and so Wilus respectfully asks the Court to direct Samsung to show cause for its violation of the page limit.

To begin, Samsung filed five summary judgment motions on March 2, 2026. These five motions are as follows.

| Samsung Summary Judgment Motion | Page Count |
|---|---|
| Dkt. 265: Motion for Summary Judgement Under 35 U.S.C. § 101 | 14 |
| Dkt. 266: Motion for Summary Judgement of No Pre-Suit Damages | 14 |
| Dkt. 269: Motion for Summary Judgement of Noninfringement Under DOE | 3 |
| Dkt. 270: Motion for Partial Summary Judgment Regarding Inventorship | 11 |
| Dkt. 273: Motion for Summary Judgement of No Willful Infringement | 13 |
|  | **Total**: 55 |

Samsung's summary judgment motions, however, are **not limited to the five** that it filed on March 2. On January 30, 2026, Samsung filed a Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281. Dkt. 220 ("Standing Motion"). This Standing Motion, as one

7

challenging Wilus's statutory standing, is governed by Fed. R. Civ. P. 12(b)(6). *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6).").

A moving paper under Rule 12(b)(6) which relies on material outside of the pleadings (which is not also incorporated into the pleadings) ***must*** be converted to one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Samsung's Standing Motion relies exclusively on evidence produced during discovery, including the testimony of Wilus's witnesses and documents produced by Wilus, to support its arguments. *See generally* Dkt. 220, at 1-5 (describing Wilus-produced documents and testimony of Dr. Kwak, Wilus's CEO), 7-15 (arguing that Dr. Kwak's testimony about contractual documents produced by Wilus show defect in ownership of the Asserted Patents). This plainly being the case, the Standing Motion "must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d).

Samsung's Standing Motion is 15 pages. Dkt. 220. Samsung's March 2-filed summary judgment motions total 55 pages. Thus, Samsung's total page count for its summary judgment briefing is 70 pages, exceeding the maximum allotment under CV-7(a)(3).

In the meet-and-confer process leading to this Motion, Samsung accused Wilus of blindsiding Samsung with this issue. Counsel for Samsung asserted: "[W]e are now prejudiced by Wilus's belatedly raising this issue as a basis for restricting Samsung's page count." Ex. A, at 1 (3/4/26 email from Phillips to Tsuei). Wilus points this out to underscore the frivolousness of

8

Samsung's position: it said Wilus was somehow at fault for "belatedly" telling Samsung that Samsung had violated the CV-7's page limits on summary judgment motions. But this makes no sense, because Wilus could not know Samsung violated the page limits for summary judgment briefing until after Samsung filed all of its MSJs on March 2 (and served them on March 3), and Wilus advised Samsung of this violation on March 4. *See generally* Ex. A.

In any event, to cure this problem, Samsung offered to give Wilus more pages in its responses to Samsung's summary judgment motions. *See* Ex. A. This is insufficient and improper. Wilus cannot agree privately with Samsung to further violate the Court's rules. It would not cure the prejudice to Wilus caused by Samsung's violation—that is, Samsung taking 70 pages for opening briefs on summary judgment, in contrast to Wilus's 60. And it could not retroactively establish Samsung's good cause for violating the page limit in the first place.

At bottom, striking offending individual motions, even weighty ones, for exceeding Court-ordered limits is an appropriate sanction. *See, e.g.*, *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 WL 9476987, at *1 (E.D. Tex. Mar. 31, 2021) (Gilstrap, J.) (striking post-trial briefing in its entirety for violating the page limit); *Ironshore Europe DAC v. Schiff Hardin, LLP*, No. 2:17-cv-00431-JRG, 2018 WL 4183245, at *1 (E.D. Tex. Jan. 30, 2018) (Gilstrap, J.) (striking reply brief for violating 10-page limit); Dkt. 23, *McKool Smith, P.C. v. Curtis Int'l Ltd.*, Case No. 3:15-cv-1685-M (N.D. Tex. July 14, 2015) (striking brief for violating 25-page limit). Wilus takes no position as to whether any particular summary judgment filed by Samsung should be struck, but at least some sanction is required and appropriate. To that end, Wilus respectfully asks the Court to direct Samsung to bring its MSJs (Dkts. 220, 265, 266, 269, 270, 273) in compliance with the 60 page limit set forth in CV-7(a)(3). Wilus also seeks extension of its response deadlines to address any re-filed briefs (e.g., two weeks from any re-filed motion).

## IV. The Court Should Grant Fee-Shifting in Connection with this Motion

"Unlike promises and pie crust, the Rules and Procedures of this Court are not meant to be broken, nor is their breaking to be ignored." *SEVEN Networks, LLC v. Google LLC,* No. 2:17-cv-00442-JRG, 2018 WL 3472639, *1 (E.D. Tex. July 19, 2018). Samsung—potentially with the intent to reap unfair advantage—violated the rules by exceeding the Court's page limits on *Daubert* and summary judgment briefing. Wilus, in contrast, relied and adhered to the Court's rules, and had no reason to expect Samsung would not. Wilus abided by the rules, and Samsung did not. Samsung refused to cure its errors—and indeed refuses to acknowledge it violated any rules at all. This is unjustified, and so the Court should award Wilus attorney's fees caused by Samsung's violations. *See* Fed. R. Civ. P. 11, 37(b) & 16(f)(2); 28 U.S.C. § 1927.

## V. Conclusion

For the reasons above, the Court should award fee-shifting and grant the following requests:

1) strike all of Samsung's *Daubert* motions (Dkts. 250, 254, 260, 261, 262, 264) for violating CV-10 and the Standing Order;

2) order Samsung bring its summary judgment motions (Dkts. 220, 265, 266, 269, 270, 273) into compliance with CV-7(a)(3) and its 60-page limit, and

3) extending briefing deadlines for Wilus' responsive briefs to the extent warranted (e.g., 2 weeks from any re-filed brief).

Dated: March 5, 2026

Respectfully submitted,

*/s/ James S. Tsuei*

Marc A. Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc.**

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 5, 2026.

/s/ *James S. Tsuei*
James S. Tsuei

## CERTIFICATE OF CONFERENCE

Counsel for Wilus conferred with counsel for Samsung on March 4, 2026 on this Motion. Samsung opposes this Motion.

/s/ *James S. Tsuei*
James S. Tsuei