# Exhibit A

| | |
|---|---|
| **Subject:** | RE: Wilus v. Samsung, 2:24-cv-00752-JRG - Samsung's manipulation of brief formatting to violate Court rules; meet and confer request |
| **Date:** | Wednesday, March 4, 2026 at 8:22:16 PM Pacific Standard Time |
| **From:** | Ralph A. Phillips |
| **To:** | James Tsuei |
| **CC:** | melissa@gillamsmithlaw.com, Rak Wilus, Benjamin Weed, andrea@millerfairhenry.com, Neil Rubin, Reza Mirzaie, mckeon@fr.com, Philip Wang, FISH SERVICE Samsung/Wilus |
| **Attachments:** | image001.png, GO-09-06.pdf |

James,

First, you are incorrect that Samsung has not disputed Wilus's interpretation of the Local Rules.  The case upon which you premise your argument, *VirnetX Inc. v. Microsoft Corp.*, Case 6:07-cv-00080 (E.D. Tex., order filed Apr. 29, 2010)—which you shared one minute before the meet and confer—does not apply.  First, the order itself says nothing of the double-spacing versus "exactly" spacing issue.  Second, all briefing subject to the Court's order was filed under seal so neither Samsung nor Wilus is in a position to speculate as to the nature of the spacing issue.  Third, the operative Local Rules at that time did not require using "Times New Roman font" under CV-10(a) (operative rule at that time attached for reference)—Times New Roman appears to simply be Judge Davis's preference.  Judge Gilstrap has not expressed a preference, and parties regularly file briefs using Garamond font in this Court.

Moreover, in at least one case in this District, a party raised the same argument that Wilus makes here regarding spacing, and the Court simply ignored the argument.  *See Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-cv-371-ALM, Dkt. No. 313 at 3 (E.D. Tex. Apr. 7, 2016) (movant complaining regarding spacing); *id.* Dkt. No. 324 (E.D. Tex. Apr. 25, 2016) (explaining that the subject brief "use[s] 24-point spacing"); *id.* Dkt. No. 329 at 4 (E.D. Tex. Aug. 24, 2016) (the Court ignoring movant's "double spacing" argument).  It's also worth noting that, while not bound by CV-10(a), at least one judge in this District similarly seems to apply "exactly" 24-point spacing.  *See, e.g., Maponga v. City of Frisco*, No. 4:24-cv-587-SDJ-BD, Dkt. No. 14 at 2 (E.D. Tex. Jan. 6, 2025) (27 lines on one page) (J. Davis).

Regarding the native Microsoft Word documents, Samsung has sufficiently indulged Wilus's requests.  Samsung is under no obligation to provide native copies of its briefing to Wilus, and the exemplary native brief that we have already provided—that concerned the specific issue you previously raised—should satisfy Wilus.  Wilus has failed to provide a reasonable basis for further requests, and our investigation regarding the motion to strike Mr. de La Iglesia's report has not indicated anything unusual.

Put simply, Samsung has complied with the Local Rules.  For this reason, Samsung respectfully rejects Wilus's proposal.  However, Samsung is willing to consider not opposing a motion for leave from Wilus to exceed the page limits of its responses to Samsung's motions to strike, within reason, to avoid further burdening the Court with motion practice over this issue.

Regarding the motion to expedite, Samsung agrees to Wilus's proposed schedule whereby (1) Wilus will file its motion to strike by 12 p.m. CT on March 5; (2) Samsung will file its response to that motion by the end of the day on March 6 (i.e., by 11:59 p.m. CT); and (3) Wilus will forgo a reply.

Regarding Wilus's issue with Samsung's motion to dismiss, Wilus raised this for the first time via email 15 minutes before the scheduled meet and confer.  Significantly, Wilus made no arguments in this regard in its response to the motion to dismiss.  Had Samsung known Wilus was going to take this tack previously, we could have planned accordingly.  Instead, we are now prejudiced by Wilus's belatedly raising this issue as a basis for restricting Samsung's page count.  To the extent Wilus makes this argument in its motion to strike, Samsung will, at a minimum, request leave for additional pages.

Regards,

Ralph


**Ralph A. Phillips** ∷ Fish & Richardson P.C. ∷ +1-202-626-6382

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Wednesday, March 04, 2026 4:43 PM
**To:** Ralph A. Phillips <RPhillips@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>
**Cc:** melissa@gillamsmithlaw.com; Rak Wilus <rak_wilus@bewlawyer.com>; Benjamin Weed <ben@bewlawyer.com>; andrea@millerfairhenry.com; nrubin@raklaw.com; rmirzaie@raklaw.com; Michael McKeon <McKeon@fr.com>; pwang@raklaw.com
**Subject:** Re: Wilus v. Samsung, 2:24-cv-00752-JRG - Samsung's manipulation of brief formatting to violate Court rules; meet and confer request

Ralph and Samsung team,

Thank you for the meet and confer earlier today at 2 p.m. Eastern.

Wilus maintains all objections/arguments, as set forth recent correspondence (and for which Samsung hasn't disputed on our or offered legal authority).

To briefly memorialize several points discussed in our meet and confer: (1) Samsung contends that it did not violate the local rules it did not double space its *Daubert* motions and motions to strike or when it filed dispositive motions in excess of 60 pages; (2) Samsung will consider and promptly respond to Wilus's proposal to address these issues, below; and (3) Samsung generally does not oppose Wilus's anticipated request to expedite consideration of Wilus's forthcoming motion to strike. Further, Samsung declines to provide native Word versions of all its March 2, 2026 filings which would allow Wilus to further investigate the issues it identified to Samsung or to provide them to the Court in its motion to strike.

Given that we conferred, and the urgency and prejudice to Wilus of these issues, we ask that Samsung agree to the following immediately (and this proposal should be considered withdrawn at midnight CT tonight):

- Samsung withdraw its *Daubert* motions and motions to strike and re-file each in full compliance with the Local Rules, including double-spacing

- For each re-filed motion, no material/sentences should be added or changed; only material/sentences can be deleted.
- Samsung will provide Wilus with Word-copy redlines between the original versions and re-filed version
- Wilus's response deadlines will be based on the date of re-filing, i.e., two weeks from that date.
- The same applies to Samsung's dispositive motions that exceed the 60-page limit in view of the motion to dismiss. Samsung will withdraw

some or all its dispositive motions, and re-file as necessary in full compliance with the Local Rules.

Absent Samsung's immediate agreement to these terms, and for all the reasons discussed, Wilus will have no choice to seek relief the Court.

We would ask for expedited briefing as follows, and as discussed in the call: (1) Wilus will file its motion to strike by 12 p.m. Central time on March 5; (2) Samsung will file its response to that motion by the end of the day on March 6; (3) only if Samsung agrees to this schedule for motion and response; Wilus will forgo a reply. Please let us know whether Samsung agrees to this expedited schedule.

Thanks,
--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com
. . . . . . . . . . . . . . . . . . . . . . . . .
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

**From:** Philip Wang <pwang@raklaw.com>
**Date:** Wednesday, March 4, 2026 at 10:44 AM
**To:** rphillips@fr.com <rphillips@fr.com>, FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>
**Cc:** melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>, Rak Wilus <rak_wilus@raklaw.com>, Benjamin Weed <ben@bewlawyer.com>, andrea@millerfairhenry.com <andrea@millerfairhenry.com>, Neil Rubin <nrubin@raklaw.com>, Reza Mirzaie <rmirzaie@raklaw.com>, mckeon@fr.com <mckeon@fr.com>
**Subject:** Re: Wilus v. Samsung, 2:24-cv-00752-JRG - Samsung's manipulation of brief formatting to violate Court rules; meet and confer request

Ralph,

We have a related issue to confer about at 2 pm Eastern today.

Samsung's motion to dismiss filed on Jan. 30 relies on matters outside the pleadings and counts toward the MSJ page limit. Thus, Samsung used an additional 15 pages and further violated the page limit.

Samsung should immediately withdraw its offending motion(s) to be within the MSJ page limit, and Wilus intends to seek relief from the Court.

We look forward to discussing in our scheduled meet and confer.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com


On Mar 3, 2026, at 7:36 PM, James Tsuei <jtsuei@raklaw.com> wrote:

Ralph, we can confer tomorrow at 11 a.m. Pacific / 2 p.m. Eastern. I'll include the dial-in at the end of this email.

A couple of notes in advance of our discussion: first, please provide the native Word documents as I requested in my earlier email, or explain why Samsung will not do so. Second, I trust we can agree, between our many years of experience in Federal Court, that it is certainly not the case that the lack of a rejection from the clerk for procedural reasons means the filing satisfies the Court's requirements. Third, briefs filed with 24-point font are stricken in this District as violating the double-spacing rule, just as they are in many other districts.

**Connection**
Join Zoom Meeting
https://zoom.us/j/91091346302?pwd=YhD5PlxDvYEhMbc1vSRpR16m2gWbQE.1

Meeting ID: 910 9134 6302
Passcode: 211838

---

One tap mobile
+16694449171,,91091346302#,,,,*211838# US
+16699006833,,91091346302#,,,,*211838# US (San Jose)

Join instructions
https://zoom.us/meetings/91091346302/invitations?signature=1v-W3V_FZTUxYIni9htZGv8dqZFdIFTG5BjBGsjZghE

--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com
· · · · · · · · · · · · · · · · · · · · · · ·
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
· · · · · · · · · · · · · · · · · · · · · · ·
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

---

**From:** Ralph A. Phillips <RPhillips@fr.com>
**Date:** Tuesday, March 3, 2026 at 6:27 PM
**To:** James Tsuei <jtsuei@raklaw.com>, FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>, melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>
**Cc:** Rak Wilus <rak_wilus@raklaw.com>, Benjamin Weed <ben@bewlawyer.com>, andrea@millerfairhenry.com <andrea@millerfairhenry.com>, Neil Rubin <nrubin@raklaw.com>, Reza Mirzaie <rmirzaie@raklaw.com>, mckeon@fr.com <mckeon@fr.com>
**Subject:** RE: Wilus v. Samsung, 2:24-cv-00752-JRG - Samsung's manipulation of brief formatting to violate Court rules; meet and confer request

James,

Samsung has not "manipulated" its "line spacing, character spacing, font size, and/or font selection" in violation of any Local Rule.

CV-10(a)(5) provides that pleadings shall "be double spaced and in a font no smaller than 12-point type."  If a party files a document deficient "as to format and form," such as outlined in CV-10(a)(5), "the clerk shall enter a notice on the docket that identifies the perceived deficiency." CV-10(d).

Here, the clerk did not issue a notice of deficiency as to any of Samsung's filings last night.  *But see, e.g.*, March 3, 2026 Clerk Docket Entry regarding Dkt. No. 258 (noting that Wilus's filing did not comply with the Local Rules).  And the clerk did not issue a notice of deficiency to Samsung with good reason: Samsung's briefs comply with the Local Rules.  Samsung used double spacing -- specifically 12-point type set to "exactly" 24-point spacing.  And while you state that Samsung "manipulated . . . font selection," the Local Rules do not require using a particular font.

Accordingly, Samsung's submissions comply with this Court's rules.  However, if Wilus insists on burdening the Court with litigating fonts and spacing, we are available to meet and confer tomorrow at 2pm ET.

Regards,

Ralph


**Ralph A. Phillips ::** Fish & Richardson P.C. :: +1-202-626-6382

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Tuesday, March 03, 2026 4:59 PM
**To:** Ralph A. Phillips <RPhillips@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; melissa@gillamsmithlaw.com; Michael McKeon <McKeon@fr.com>
**Cc:** Rak Wilus <rak_wilus@raklaw.com>; Benjamin Weed <ben@bewlawyer.com>; andrea@millerfairhenry.com; nrubin@raklaw.com; rmirzaie@raklaw.com
**Subject:** Wilus v. Samsung, 2:24-cv-00752-JRG - Samsung's manipulation of brief formatting to violate Court rules; meet and confer request

[This email originated outside of F&R.]

Ralph and Samsung counsel,

At least seven of the motions which Samsung filed last night (March 2, 2026) show evidence of manipulation of **li**ne spacing, character spacing, font size, and/or font selection, in violation of the Court's rules (e.g., CV-10) and apparently as a part of an effort to bring Samsung's motions into compliance with the Court's page limit restrictions on *Daubert* motions and summary judgment motions. Based on our investigation, such manipulation by Samsung's team was performed on the briefs at Dkts. 250, 254, 260, 261, 262, 264, and 266. Samsung's other briefs filed last night, such as those at Dkts. 270 and 273, likewise show signs of line spacing and other forms of manipulation.

This manipulation by Samsung of the formatting of its briefs (again, apparently to satisfy the page limits and other restrictions set by the Court) allowed Samsung obtain manifestly unfair advantage over Wilus at this crucial stage of the litigation.

For example, our investigation shows Samsung manipulated line spacing across all of its *Daubert* and motions to strike to be approximately 1.74, as illustrated below.



By ensuring that all of its *Daubert* and motions to strike used a 1.74 line spacing (smaller than and below the "double spac[ing]" mandated by CV-10(a)), Samsung was able to fit its arguments within the overall 24-page limit set by Judge Gilstrap's Standing Order Regarding Total Page Limits for *Daubert* Motions and Motions to Strike. Based on our investigation, had Samsung formatted its briefs to have the minimum double line spacing, its briefs would have totaled a cumulative number of pages between 35 and 40. This was achieved by allowing Samsung to fit material onto a maximum of 27 or 28 lines per page. Suffice it to say, we believe this to be a violation of Court's rules. As another example, Samsung's *Daubert* motion against Mr. de la Iglesia's opinions (Dkt. 266) was filed with a length of 11 pages while being improperly spaced. With the correct double spacing, our investigation shows the motion would have substantially exceeded the 12-page limit set by the Court for such motions.

Our investigation of Samsung's conduct here is ongoing. **We request that Samsung immediately provide, by the close of business today, native, Word files corresponding to each of the motions it filed last night.** At this juncture, Samsung's intentional violation of the rules unfairly prejudices Wilus, to put it mildly. It is impracticable for Wilus to adequately respond to Samsung's motions within the page limits set by the Court, because Samsung's motions far exceed what it was permitted to file in the first place.

We intend to move to strike all motions filed by Samsung which were prepared in a manner violating the Court's rules. We likewise intend to move for sanctions regarding Samsung's willful attempt to evade the Court's mandatory page limits by likewise violating the Court's brief formatting rules.

Please provide your availability to meet and confer either today or tomorrow on all issues discussed in this email.

--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

...........................

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.

----------------------------

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

***********************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
***********************************************************************************************************

***********************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
***********************************************************************************************************