IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' EXPEDITED MOTION TO STRIKE SAMSUNG'S *DAUBERT* AND SUMMARY JUDGMENT MOTIONS <u>FOR VIOLATING LOCAL RULES(DKT. 280)</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

TABLE OF EXHIBITS ............................................................................................................. iv

TABLE OF ABBREVIATIONS ................................................................................................ iv

I.   Samsung's *Daubert*/Strike Motions Comply with the Local Rules ........................................ 1

  A.   Legal Typographers Agree that to Achieve Accurate Double Spacing, Line Spacing Should Be Always Set to "Exactly" Double Spacing ............................ 2

  B.   Other District Courts Define "Double Space" to Include "Exactly" Double Spacing ................................................................................................................ 3

  C.   Courts in This District Have Not Expressly Adopted a Definition of "Double Spaced" ................................................................................................... 5

  D.   Parties Have Repeatedly Used Garamond in This Court .......................................... 6

  E.   Wilus's Criticisms Based Upon Past Practice Are Irrelevant .................................... 6

  F.   Wilus's Draconian Request to Strike All Briefing Should Be Rejected ...................... 7

II.  Samsung's Motions for Summary Judgment Comply with the Local Rules ........................... 7

  A.   Wilus Failed to Satisfy this District's Meet and Confer Requirement ....................... 8

  B.   The Motion to Dismiss Has Not Been Converted to a Motion for Summary Judgment by the Court and Wilus Waived Any Conversion Argument ................................................................................................................ 9

  C.   If the Court Determines on This Record that Samsung's Motion to Dismiss Should Be Converted to a Motion for Summary Judgment, Samsung Requests Leave to Exceed the Page Limits, Consistent with the Briefs It Has Filed ....................................................................................... 10

III. Fee-Shifting Is Not Justified ................................................................................................ 10

IV.  Conclusion ............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Colon v. Twitter, Inc.*,
  No. 6:18-cv-515-Orl-41GJK, 2019 WL 13060895 (M.D. Fla. Dec. 2, 2019) ................................ 4

*Davis v. Howard*,
  561 F.2d 565 (5th Cir. 1977) ........................................................................................................ 9

*Doubleday Acquisitions LLC v. Envirotainer AB*,
  No. 1:21-cv-03749-SCJ, 2022 WL 18777366 (N.D. Ga. July 1, 2022) .................................... 4

*Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*,
  No. 3:19-CV-00515-KDB-DSC, 2022 WL 1081850 (W.D.N.C. Apr. 11, 2022) ................. 4

*G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:22-cv-78-JRG, Dkt. No. 227 (E.D. Tex. Aug. 16, 2023) ............................................... 7

*Genband US LLC v. Metaswitch Networks Ltd*,
  No. 2:14-cv-33, Dkt. No. 490 (E.D. Tex. Feb. 4, 2016) ........................................................... 7

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Electronics Co., Ltd.*,
  No. 4:14-cv-371-ALM, Dkt. Nos. 313, 324, 329 (E.D. Tex.) ................................................. 5

*Indorama Ventures Oxides LLC v. M/V Natchez Express*,
  No. 1:20-cv-54, 2021 WL 2935299 (E.D. Tex. Mar. 2, 2021) .................................................. 9

*Jones v. Varsity Brands, LLC*,
  No. 2:20-cv-02892-SHL-tmp, 2023 WL 11804062 (W.D. Tenn. Nov. 14, 2023) ............... 3

*Konami Digital Entertainment Co., Ltd. v. Harmonix Music Sys., Inc.*,
  No. 6:08-cv-286, 2009 WL 3448148 (E.D. Tex. Oct. 22, 2009) .............................................. 9

*Psara Energy, Ltd. v. Space Shipping, Ltd.*,
  427 F. Supp. 3d 858 (E.D. Tex. 2019) ..................................................................................... 10

*Sameer v. Khera*,
  No. 1:17-cv-01748-DAD-EPG, 2018 WL 3472557 (E.D. Cal. July 18, 2018) ..................... 4

*Selva & Sons, Inc. v. Nina Footwear, Inc.*,
  705 F.2d 1316 (Fed. Cir. 1983) ................................................................................................... 9

*Sportscastr Inc. (d/b/a Panda Interactive) v. Sportradar Grp., AG*,
  No. 2:23-cv-472-JRG, Dkt. No. 460 (E.D. Tex. Nov. 12, 2025) ............................................ 7

*Swenson v. Amtrak*,
  No. 2:14–cv–02629–KJM–CMK, 2015 WL 6447493 (E.D. Cal. Oct. 23, 2015) .............................. 4

*The California Institute of Tech. v. Samsung Elecs. Co., Ltd.*,
  No. 2:21-cv-446-JRG, Dkt. No. 173 (E.D. Tex. May 22, 2023) ........................................................ 7

*VirnetX Inc. v. Microsoft Corp.*,
  No. 6:07-cv-80 (E.D. Tex.) .................................................................................................................... 6

**Statutes**

28 U.S.C. § 1927 ........................................................................................................................... 10, 11

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Email from Phillips to Tsuei, et al., dated March 4, 2026 |
| 2 | Line Spacing: Typography for Lawyers (https://typographyforlawyers.com/line-spacing.html) |
| 3 | Declaration of Matthew Butterick, *Jones v. Varsity Brands, LLC*, No. 2:20-cv-02892-SHL-tmp, Dkt. No. 524-8 (W.D. Tenn. Nov. 2, 2023) |
| 4 | Line Spacing: Butterick's Practical Typography (https://practicaltypography.com/line-spacing.html?utm) |
| 5 | Typography for Lawyers: One Space Double Spacing (https://www.bencarterlaw.com/blog/2012/5/19/typography-for-lawyers-one-space-double-spacing-and-other-go.html) |
| 6 | Line Spacing, Explained (https://medium.com/@mattsamberg/line-spacing-explained-9aecda41f48d) |
| 7 | Excerpt from United States District Court for the Western District of Tennessee Local Rules |
| 8 | Excerpt from United States District Court for the Eastern District of California |
| 9 | Excerpt from United States District Court for the Northern District of California |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| Motion | Wilus' Expedited Motion to Strike Samsung's *Daubert* and Summary Judgment Motions for Violating Local Rules (Dkt. 280) |
| Motion to Dismiss | Samsung's Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281 (Dkt. 220) |
| Opposition | Wilus' Opposition to Samsung's Motion to Dismiss for Lack of Standing (Dkt. 238) |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Wilus | Wilus Institute of Standards and Technology Inc. |

*All emphasis added unless otherwise noted

Wilus's Motion is a waste of judicial and party resources. Wilus quibbles over fonts and spacing and, while Samsung disagrees with Wilus's position for the reasons provided herein, Samsung made a good faith offer to try to avoid burdening the Court with litigation over document formatting. Wilus declined to even respond. Dkt. 280-2 at 1 (Samsung offering to agree on a motion for Wilus to exceed page limits in its opposition briefs "to avoid further burdening the Court with motion practice over this issue"). And Wilus's complaint regarding Samsung's motions for summary judgment should be denied for (a) failure to satisfy the meet and confer requirement and (b) waiver. The Motion should be denied in its entirety.

**I.      Samsung's *Daubert*/Strike Motions Comply with the Local Rules**

There are two possible ways to "double space" a document: (1) "exactly" double space lines in accordance with font size (e.g., 24-point spacing if using a 12-point font), and (2) use a word processor's "double space" feature (which is not true "double spacing" and varies depending on the font type, as well as the word processor software being used). In this District, the Local Rules provide that filed documents shall "be double spaced and in a font no smaller than 12-point type." CV-10(a)(5). This Local Rule does not provide **any** further context regarding the definition of "double spaced" or the particular font that the parties are required to use.

These are not complicated issues. Regarding line spacing, either one of the two ways to double space are viable options—one is just more accurate and consistent than the other. Samsung explained to Wilus that Samsung used 12-point "Garamond" font in its motions. "Double spacing" between 12-point font logically means that there should be exactly 24-point line spacing—*i.e.*, double. Wilus does not dispute that this is what Samsung has done,[1] as Samsung provided an exemplary brief for Wilus's inspection when it first accused Samsung of "manipulation." Dkt. 280-2 at 3-4, Ex. 1. Samsung simply followed the precise definition of double spacing in these submissions. And with

---

[1] While Wilus opens its brief accusing Samsung of using "1.74 line spacing," it later concedes that Samsung in fact used 24-point line spacing that amounts to double-spacing when using a 12-pont font, which is the case here. Dkt. 280 at 1.

respect to font, Wilus cites no support for its argument that "Garamond" (the font used in this brief) is inappropriate—indeed, litigants often use it in this Court.

> A. **Legal Typographers Agree that to Achieve Accurate Double Spacing, Line Spacing Should Be Always Set to "Exactly" Double Spacing**

Samsung's understanding that "double spaced" encompasses "exactly" 24-point line spacing, in addition to a word processor's "double" spacing feature, has been embraced—and even advocated for—by many in the legal community. Mr. Matthew Butterick, a legal typography author, has explained: "Curiously, **the so-called 'double' line-spacing option** in your word processor **doesn't produce true double line spacing**. Microsoft Word's 'double' spacing, for instance, is about 15% looser, and it varies depending on the font. **To get accurate spacing, you should always set it yourself, exactly**." Ex. 2. According to Mr. Butterick, "double line spacing . . . should be interpreted arithmetically, **not** as word-processor lingo." Ex. 3 ¶ 9 (Mr. Butterick declaration submitted in another matter signed under penalty of perjury) (internal quotes omitted). And Mr. Butterick explains that this is for two main reasons:

> First, **what Microsoft Word calls "double" line spacing isn't consistent among all versions of Word**. For instance, Microsoft enlarged "double" spacing when it released Word 2007. Microsoft makes no promises that it won't change the meaning again in a future version.
>
> Second, **what Microsoft Word calls "double" line spacing isn't even consistent from font to font**, because it's partially derived from extra metadata within each font. Thus, in Microsoft Word, **two fonts at the same point size, both set to "double" line spacing, might still end up with different line spacing on the page**.

*Id.* ¶¶ 20–21 (emphasis added).[2] Mr. Butterick therefore concludes that "relying on Microsoft Word—or any other commercial word-processing software—as the line-spacing standard is **fatally flawed**. Word's notion of 'double' line spacing partially depends on the font, is arbitrarily defined by Microsoft, and could be changed by Microsoft at any time. It is therefore no standard at all." *Id.* ¶ 22. On the

---

[2] Moreover, the "double spacing" feature **is not even consistent across different word processors**. Ex. 4 (explaining that "[w]ord processors," including Microsoft Word, Apple Pages, and CSS, "have a bewildering number of ways to set line spacing," and stating that using Word's "Exactly" feature "is best"); *see also* Ex. 2 (further including the word processor "Wordperfect").

other hand, "the traditional arithmetic meaning of line spacing derived from the typewriter is **fixed, consistent, and permanent**." *Id.* ¶ 23.

Mr. Butterick is not alone. Others in the legal community have advocated for true double spacing by using the "exactly" feature, as Word's proprietary implementation of the so-called "double-spacing" feature and font rendering is inconsistent with the traditional understanding of what true double spacing is. *See, e.g.*, Ex. 5 at 2 ("The court's requirement to double space your briefs does not mean, however, that you just go into Microsoft Word and pound the 'double space' button. True double spacing for a 12-point font means setting your line spacing at 'Exactly' 24 points."); Ex. 6 at 2 ("In Word, Times New Roman actually has about 2 points of extra white space built in [compared to the traditional usage and sizing of that font]. So, single spacing for a 12-point font is actually 14 points per line, and double spacing is 28 points per line.").

### B. Other District Courts Define "Double Space" to Include "Exactly" Double Spacing

In view of the reasons why "exactly" spaced documents are preferred, courts across the country have agreed with this understanding. For example, the Local Rules of the United States District Court for the Western District of Tennessee require that "[l]ines must be double-spaced, except that quotations may be indented and single-spaced and headings and footnotes may be single-spaced." Ex. 7 (LR 7.1(b)). In *Jones v. Varsity Brands, LLC*, a party moved "to Require Adherence with Formatting Requirements of Local Rule 7.1" because the subject brief implemented "exactly" 24-point spacing rather than a word processing program's default "double-space" setting, which uses 28-point spacing. No. 2:20-cv-02892-SHL-tmp, 2023 WL 11804062, at *1 (W.D. Tenn. Nov. 14, 2023). The court denied the motion, holding that the "Local Rules themselves do not take a position on the definition of 'double spaced.' Therefore, the Court finds that Plaintiffs' use of twenty-four-point spacing does not violate Local Rule 7.1 and **DENIES** the Motion." *Id.* at *1–2 (discussing Mr. Butterick's explanation of "exactly" double spacing). Importantly, Judge Lipman indicated that she did not have an interest in this dispute—instead, she "encouraged [the parties] **to spend their**

***valuable time focusing on the merits of this case***, and certainly ***not figuring out how many sometimes-useless words will fit on a page***." *Id.* Samsung certainly agrees.

Similarly, the Local Rules of Practice for the United States District Court, Eastern District of California, requires that "[d]ocuments shall be double-spaced." Ex. 8 (L.R. 130(c)). In *Sameer v. Khera*, the court stated that this means "that *line spacing* of such documents (with the exceptions of those portions listed in Local Rule 130) must be double-spaced meaning, at minimum, 24-point *line spacing*." No. 1:17-cv-01748-DAD-EPG, 2018 WL 3472557, at *1 (E.D. Cal. July 18, 2018) (emphasis in original); *see also Swenson v. Amtrak*, No. 2:14–cv–02629–KJM–CMK, 2015 WL 6447493, at *6 (E.D. Cal. Oct. 23, 2015) (requiring a brief to be filed "with a spacing twenty-four points or greater, *i.e.*, double spacing").

And the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California are consistent. That district's Local Rules define "double-spaced" as having "no more than 28 lines per page," which is consistent with "exactly" 24-point spacing. Ex. 9 (Civil L.R. 3-4(c)(2)).

Accordingly, multiple courts across the country have recently agreed that using the "exactly" spacing feature to achieve true "double spacing" is not just acceptable, but by some, preferred. While Wilus identifies some courts that have required using a word processor's "double space" feature, few of those courts consider the benefits explained by Mr. Butterick and others, nor the ambiguity that exists between a word processor's arbitrary "double spacing" and "exactly" (*i.e.*, true) double spacing.[3] And as one of those courts recognized, there is a split on this issue. *Doubleday Acquisitions LLC v. Envirotainer AB*, No. 1:21-cv-03749-SCJ, 2022 WL 18777366, at *4 (N.D. Ga. July 1, 2022) (finding

---

[3] Additionally, cases cited by Wilus concern findings of bad acts, not just disagreements on line spacing. For example, in *Colon v. Twitter, Inc.*, the Court found that plaintiff's counsel (1) violated Local Rules on margins, (2) incorrectly believed he received leave to exceed page limits, and (3) lacked candor with the Court. No. 6:18-cv-515-Orl-41GJK, 2019 WL 13060895, at *2–3 (M.D. Fla. Dec. 2, 2019). And in *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, the Court found that (1) plaintiff "dump[ed] into the record [] a huge number of exhibits untethered to" plaintiff's brief "to distract, delay or confuse" defendants' preparation of a response, and (2) plaintiff improperly raised this dispute with the Court. No. 3:19-CV-00515-KDB-DSC, 2022 WL 1081850, at *3–4 (W.D.N.C. Apr. 11, 2022).

that "Defendants have cited authority supporting their position" that "exactly" 24-point spacing is "double spacing").

### C. Courts in This District Have Not Expressly Adopted a Definition of "Double Spaced"

Against this backdrop, Samsung is not aware of any orders from a court in this District that expressly state that "exactly" 24-point spacing is prohibited. Indeed, Samsung has raised a "spacing" issue with a court in this District and never received a definitive answer. In *Imperium IP Holdings (Cayman), Ltd. v. Samsung Electronics Co., Ltd.*, Samsung requested additional briefing because "Imperium's Response and Sur-Reply . . . unlike many other documents filed by Imperium, are approximately 1.75-spaced – as is Imperium's 'corrected' Sur-Reply." No. 4:14-cv-371-ALM, Dkt. No. 313 at 3 (E.D. Tex.). Imperium opposed Samsung's request, stating that its briefs were proper because they "**use[d] 24-point spacing** (twice the line height of a 12-point font, **or true 'double spacing' in Microsoft Word**)." Dkt. 324 at 3. In the Order referring to Samsung's motion, the court simply ignored the parties' dispute over the definition of "double spacing"—it took no position on what was or was not correct when it was confronted with this question. Dkt. 329 at 4.

Wilus's discussion of *Imperium* is misleading. Dkt. 280 at 5–6. **First**, Wilus states that Judge Mazzant "**gave Samsung the only relief that it sought**, as he recited the responsive brief as part of the briefing he considered on the issue." *Id.* at 6 (emphasis added). This is incorrect. Judge Mazzant did not grant **any** specific relief to Samsung regarding its motion filed at Dkt. No. 313 on "double spacing." *Imperium*, Dkt. No. 329 at 1, 4, 13–14. In fact, Judge Mazzant did not substantively discuss the motion filed at Dkt. No. 313 **at all**—as opposed to other briefing before him. *Compare id.* at 3 (citing Dkt. No. 302) *with id.* at 6–7 (substantively discussing arguments made at Dkt. No. 302). **Second**, even if Wilus's interpretation of Judge Mazzant's order were correct, that means that he **granted additional pages of briefing** to cure any alleged prejudice—which is precisely what Samsung offered to Wilus here to try to avoid bringing this dispute to the Court. Dkt. No. 280-2 at 1 (Samsung stating it would be unopposed to a request for additional pages, to which Wilus never responded).

5

Wilus has not identified **any** orders from courts in this District expressly prohibiting using "exactly" 24-point spacing. Each order Wilus cites simply discusses the Local Rules' requirement that documents be "double spaced"—but none of them **define** "double spaced" and whether that means using a word processor's "double spacing" setting or "exactly" 24-point double spacing. Dkt. 280 at 3.[4] Therefore, this District has not clearly defined "double spacing." Given multiple definitions, there is no prohibition on Samsung implementing the more-precise "exactly" 24-point spacing, and Samsung's use of such spacing is reasonable. The Court should not strike any of Samsung's briefs for Wilus's complaints regarding "spacing."

### D. Parties Have Repeatedly Used Garamond in This Court

Wilus also complains that Samsung's motions "utilized a non-standard 'Garamond' font." Mot. at 1. To support its contention that "Garamond" is "non-standard," Wilus fails to cite a source—because none exist. There is no rule that a particular type of font must be used in this Court beyond the plain language of the Local Rules: documents shall "be double spaced and in a font no smaller than 12-point type." And Wilus even admits, "Garamond" font is "not technically prohibited." Dkt. 280 at 4 n.6. Indeed, parties regularly use the "Garamond" font in this Court. As such, Wilus's contention is devoid of any support whatsoever and should be rejected.

### E. Wilus's Criticisms Based Upon Past Practice Are Irrelevant

Throughout its Motion, Wilus complains that Samsung had spaced its documents differently or used a different font than in previous filings in this case. *See, e.g.*, Mot. at 4 n.6. But Wilus fails to identify a Local Rule that says "once you format a document a certain way, you must keep doing it that same way." Because no such Local Rule or Standing Order exists. Parties regularly change or update formatting of documents and filings throughout cases—and there is nothing wrong with doing so if they comply with the Court's rules. As Samsung explains at length above, Samsung's motions are all compliant, and Wilus's criticism is unfounded.

---

[4] Wilus even acknowledges that Judge Davis **had not** stricken filings that allegedly use "24-point spacing" in *VirnetX Inc. v. Microsoft Corp.*, No. 6:07-cv-80 (E.D. Tex.) and that the filings that he **did** strike were filed under seal and unavailable for Samsung or Wilus to review. Dkt. 280 at 3 n.3.

### F. Wilus's Draconian Request to Strike All Briefing Should Be Rejected

If the Court adopts Wilus's interpretation of the Local Rules regarding line spacing, Samsung agrees that reformatting its briefs using Microsoft Word's "double spacing" feature would result in motions exceeding the Court's limits. However, the Court should deny Wilus's drastic request to "strike all of Samsung's Daubert motions (Dkts. 250, 254, 260, 261, 262, 264) for violating CV-10 and the Standing Order." Dkt. 288 at 10. Wilus does not state that Samsung should be allowed leave to refile compliant with a Court order within a specified amount of time, and instead simply asks the Court to strike Samsung's motions.

There is no support for Wilus's request to strike without leave to refile. In fact, even the authorities Wilus cites from this District that purportedly support its position have rejected such an approach. And this is consistent with this Court's practice when it has found that a submission violates the Local Rules or the Court's Standing Orders. *See, e.g., Sportscastr Inc. (d/b/a Panda Interactive) v. Sportradar Grp., AG*, No. 2:23-cv-472-JRG, Dkt. No. 460 (E.D. Tex. Nov. 12, 2025) (striking opposition to summary judgment motion exceeding the Local Rules' page limit and granting leave to refile within three days); *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-78-JRG, Dkt. No. 227 (E.D. Tex. Aug. 16, 2023) (granting leave to refile summary judgment motions that "violate the Court's Local Rules on page limits"); *The California Institute of Tech. v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-446-JRG, Dkt. No. 173 at 3 (E.D. Tex. May 22, 2023) (striking without prejudice motions that violated Local Rules with leave to refile within three days); *Genband US LLC v. Metaswitch Networks Ltd*, No. 2:14-cv-33, Dkt. No. 490 at 1 (E.D. Tex. Feb. 4, 2016) (striking motion that failed to comply with Local Rules and granting leave to refile within three days). If the Court finds that Samsung's motions should be struck, Samsung respectfully requests that the Court grant it leave to refile its motions, consistent with the guidance provided in the Court's order, within three days.

### II. Samsung's Motions for Summary Judgment Comply with the Local Rules

Wilus's late-breaking attempt to challenge Samsung's motions for summary judgment should also be denied. First, Wilus failed to properly meet and confer on this issue. The Motion can be denied on this basis alone. Second, even if Wilus adequately met and conferred, the Court has not

7

converted the Motion to Dismiss to a motion for summary judgment. Finally, even if the Court excuses Wilus's failure to meet and confer, and even if the Court looks past the formal conversion to a motion for summary judgment, Samsung respectfully requests leave to exceed the summary judgment page limit because Wilus failed to raise this dispute prior to the deadline to file motions for summary judgment.

### A. Wilus Failed to Satisfy this District's Meet and Confer Requirement

This District's Local Rules require that, prior to filing most motions, the parties must satisfy the "meet and confer" requirement. CV-7(h). The meet and confer process requires each side "compar[ing] views and hav[ing] a discussion in an attempt to resolve their differing views before coming to court." *Id.* This "requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." *Id.* Moreover, the parties must meet and confer "in good faith," requiring the parties to "discuss meaningfully the dispute."

Wilus failed to satisfy the meet and confer requirement on this issue. While Wilus claims that it "notified" Samsung of its argument regarding summary judgment page limits "in the lead up to this Motion," Dkt. 280 at 2, this is wrong. Wilus contacted Samsung on Tuesday, March 3, 2026 and requested a meet and confer regarding its complaints over fonts and spacing. *Id.* at 3–4. Samsung provided its availability to meet and confer regarding that issue on Wednesday, March 4, 2026 at 2pm ET/11am PT. *Id.* at 3. **Sixteen minutes** before the scheduled meet and confer, Wilus emailed Samsung and wrote that it wanted to also discuss Samsung allegedly exceeding the motion for summary judgment page limit. *Id.* Counsel for Samsung, of course, with sixteen minutes notice, did not have the opportunity to seriously consider Wilus's position (much less discuss with its client), nor "meaningfully assess the relative strengths" of either side's position during the telephonic meet and confer. Rather than allowing for that opportunity, Wilus filed this Motion the following day.

Ambushing the opposing party with a new topic for a meet and confer with such little notice is not "good faith." How did Wilus expect Samsung to "discuss meaningfully the dispute" during the meet and confer with sixteen minutes notice? Similar attempts to circumvent the meet and confer

8

requirement through purely email communication have been rejected. *See, e.g.*, *Indorama Ventures Oxides LLC v. M/V Natchez Express*, No. 1:20-cv-54, 2021 WL 2935299, at *2 (E.D. Tex. Mar. 2, 2021). Wilus's premature motion should be denied.[5]

### B. The Motion to Dismiss Has Not Been Converted to a Motion for Summary Judgment by the Court and Wilus Waived Any Conversion Argument

Wilus's argument that Samsung's motions for summary judgment exceed the page limit suffers from a fatal flaw: the Motion to Dismiss has not been converted to a motion for summary judgment.[6] The Fifth Circuit has held that for a motion to dismiss to be converted to a motion for summary judgment, "the record must adequately demonstrate that all counsel were aware **of the intentions of the district judge to treat the motion as converted**." *Davis v. Howard*, 561 F.2d 565, 571 (5th Cir. 1977); *see also Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 1114 (Fed. Cir. 1983) (vacating a judgment of the Trademark Trial and Appeal Board because it failed to give appellant notice of and a chance to respond to its decision to convert Nina's motion to dismiss into one for summary judgment). Here, the Court has not indicated any intent to convert the Motion to Dismiss into a motion for summary judgment. Therefore, the Motion to Dismiss should be treated as exactly that: a motion to dismiss.

Additionally, Wilus waived any argument that the Motion to Dismiss should be converted to a Motion for Summary Judgment. In its Opposition filed on February 24, 2026, Wilus did not assert that the Motion to Dismiss should be converted. *See generally*, Dkt. 238. Wilus belatedly raised this argument for the first time on March 4, 2026, sixteen minutes before a meet and confer, as discussed

---

[5] Wilus's Certificate of Conference further fails to satisfy the Local Rules' "procedural" meet and confer requirement. Specifically, it does not state (1) "that counsel has complied with the meet and confer requirement in Local Rule CV-7(h)," (2) the "manner of such conference(s) or attempts," (3) "the names of the participants in the conference(s)," (4) "an explanation of why no agreement could be reached," or (5) "that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." CV-7(i). This failure is reason enough to deny the Motion in its entirety. *See Konami Digital Entertainment Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 3448148, at *3 (E.D. Tex. Oct. 22, 2009) (denying a motion where the movant failed to comply "with Local Rule CV-7(h) and (i)").

[6] Wilus concedes that all summary judgment motions filed by Samsung on March 2, 2026 are within the Local Rules' limits. Dkt. No. 280 at 7. It only argues that Samsung exceeds the limits if the Motion to Dismiss is converted to a motion for summary judgment.

above. Because Wilus failed to timely raise this issue, it should be deemed waived. *See, e.g., Psara Energy, Ltd. v. Space Shipping, Ltd.*, 427 F. Supp. 3d 858, 859 (E.D. Tex. 2019) ("Psara waived this argument because it was not briefed in their response").[7]

### C. If the Court Determines on This Record that Samsung's Motion to Dismiss Should Be Converted to a Motion for Summary Judgment, Samsung Requests Leave to Exceed the Page Limits, Consistent with the Briefs It Has Filed

If the Court disagrees with Samsung and converts the Motion to Dismiss into a motion for summary judgment, Samsung respectfully requests that the Court grant Samsung leave to exceed the Local Rules' sixty page limit. As explained above, Wilus did not argue in its Opposition, filed on February 24, 2026, that Samsung's Motion to Dismiss should be converted to a Motion for Summary Judgment. Accordingly, Samsung understood in advance of the March 2, 2026 deadline to file motions for summary judgment that the parties were in agreement: the Motion to Dismiss is a motion to dismiss. Samsung therefore filed its motions for summary judgment consistent with that understanding. Wilus allowed Samsung to file its motions for summary judgment and belatedly raised this issue. Such gamesmanship should be discouraged, and Samsung respectfully requests leave to exceed the Local Rules' summary judgment page limits, to the extent necessary.[8]

## III. Fee-Shifting Is Not Justified

Wilus's Motion culminates in an outlandish request: attorney's fees. Dkt. 280 at 10. Wilus identifies no precedent from this Court or another to support this request. It even fails to identify a specific basis or authority for fees; rather, it cites a hodgepodge of Rules 11, 37(b), 16(f)(2), and 28 U.S.C. § 1927. None of these apply. **First**, Wilus can only request Rule 11 sanctions "separately from any other motion." Fed. R. Civ. Pro. 11(c)(2). Obviously, that was not done here. **Second**, Wilus

---

[7] Of course, Samsung does not dispute that the Court may, on its own, convert the Motion to Dismiss to a motion for summary judgment, if it deems doing so necessary.

[8] Wilus incorrectly states that "Samsung offered to give Wilus more pages in its responses to Samsung's summary judgment motions." Dkt. 280 at 9 (citing Dkt. 280-2). Samsung did no such thing. To the contrary, Samsung stated that "**Samsung** will . . . request leave for additional pages." Dkt. 280-2 at 1. Samsung only offered to not oppose a motion to exceed the page limits for Wilus's oppositions to *Daubert*/strike motions. *Id.* ("Samsung is willing to consider not opposing a motion for leave from Wilus to exceed the page limits of its responses to Samsung's motions to strike, within reason, to avoid further burdening the Court with motion practice over this issue.").

10

fails to explain how this dispute over Local Rule CV-10 could possibly implicate Rule 16(f), which concerns case management.  **Third**, Rule 37 concerns **discovery** sanctions—which is irrelevant to this dispute.  **Finally**, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously," which does not apply to Samsung or its attorneys, who understand their filings comply with the Local Rules, and even made a reasonable offer to resolve this dispute without Court intervention—which Wilus rejected.  Dkt. 280-2 at 1.

Wilus's request for fee-shifting is frivolous.

## IV.     Conclusion

For the foregoing reasons, Wilus's Motion should be denied.

11

<div style="display: flex; justify-content: space-between;">
<div>Date: March 6, 2026</div>
<div>

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

</div>
</div>

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

13

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 6, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Ralph A. Phillips*

14