# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>　　　　Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>　　　　Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

## DECLARATION OF MATTHEW BUTTERICK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1

Case No. 2:20-cv-02892-SHL-tmp

**DECLARATION OF MATTHEW BUTTERICK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1**

I, Matthew Butterick, declare as follows:

1. I'm a typographer and attorney in Los Angeles. In 1992, I graduated *magna cum laude* from Harvard University with a degree in Visual & Environmental Studies, focusing on typography and design. In 2007, I got my J.D. from the UCLA School of Law. Since then I've been a member of the California State Bar. I currently practice civil litigation.

2. I've been working professionally in typography since 1991. I started my career as a designer of digital fonts. I remain active in this area. This declaration is set in Equity, a font I designed for legal documents. It is used by lawyers and courts worldwide, including the United States Court of Appeals for the Fifth Circuit. A portfolio of my recent font-design work is available at *mbtype.com*.

3. I'm also the author of the book *Typography for Lawyers*, first published in 2010. My book received the Legal Writing Institute's 2012 Golden Pen Award. The full text of the book is available at *typographyforlawyers.com*. I released the second edition in 2015.

4. The relevant pages of *Typography for Lawyers* are attached as **Exhibit A** to the Declaration of David Seidel.

5. I understand that Defendants have filed a motion accusing Plaintiffs of failing to abide by this Court's local rule requiring that lines in briefs be double-spaced. ECF No. 509. In their motion, Defendants ask the Court to "issue an order requiring the default spacing of Microsoft Word, Google Docs, and Apple Pages . . . for filings subject to Local Rule 7.1." ECF No. 509 at 2.

6. I have reviewed the local rules of the Western District of Tennessee. Local Rule 7.1(b) states that in papers presented for filing with the Court, "[l]ines must be double-spaced," and that the font size "shall be no smaller than 12 point."

7. I have also reviewed Plaintiffs' Opposition to Defendants' Joint Motion for Summary Judgment (ECF No. 485) to determine whether the Plaintiffs' brief complies with the local rules.

**DECLARATION OF MATTHEW BUTTERICK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1**

8. The lines in the Plaintiffs' brief are definitely double-spaced.

9. In my book, I have a section on this very topic. In that section, I explain what "double" line spacing means, and that formatting rules about line spacing "should be interpreted arithmetically, not as word-processor lingo." *Typography for Lawyers*, 2nd ed., at 221 (hereinafter "*TFL*").

10. Thus, "[i]f a rule calls for double-spaced lines, set your line spacing to exactly twice the point size of the body text." *TFL* at 221–22. In particular, "if you're required to use a 12-point font, double line spacing means 24 points." *TFL* at 137.

11. Attached to the declaration of David Seidel as **Exhibit B** is a photograph of page 1 of Plaintiffs' Opposition to Defendants' Joint Motion for Summary Judgment, with a pica-scale ruler next to the text. A pica is a typographic measure equal to 12 points; two picas equal 24 points.

12. Exhibit B plainly shows that each line of text in the Plaintiffs' motion is two picas —24 points—below the previous. Therefore, the lines of the Plaintiffs' motion are indisputably and correctly double-spaced.

13. According to the Declaration of David Seidel, Plaintiffs utilize Microsoft Word to type briefs and other papers. Plaintiffs achieved this spacing within Microsoft Word by "selecting 'exactly'" in the line-spacing options and then "setting the line spacing to 24 points." (Declaration of D. Seidel at ¶ 10.)

14. This is the technique that I recommend in *TFL* for setting accurate line spacing in Microsoft Word. *TFL* at 138 (discussing how to set the line spacing to exactly 24-points in both Microsoft Word and WordPerfect)

15. On "8-1/2 by 11 inch" paper with "one-inch margins on all sides" (as required by LR 7.1(a)), a properly double-spaced document will fit 27 lines per page. Deducting a one-inch margin from the top and bottom leaves 9 vertical inches for the text. Since there are 72 points to an inch, that's 9 inches × 72 points per inch = 648 points. Since each line occupies 24 points of

vertical space before the next line of text begins, that means the page can fit 648 points ÷ 24 points per line = 27 lines.

16. Line spacing is often a source of confusion for lawyers. As a typographer and lawyer, this doesn't surprise me, because word processors—including Microsoft Word—typically don't implement "double" line spacing in a manner consistent with its plain arithmetic meaning. This is why, in the section of *Typography for Lawyers* about interpreting formatting rules, I warn lawyers: "Don't rely on the 'Double' line-spacing option in your word processor, which may not be equivalent [to true double spacing]. For instance, in [Microsoft] Word, 'Double' line spacing is about 15% larger than true double spacing." *TFL* at 222.

17. To understand why the arithmetic meaning of double line spacing is the only reliable interpretation—and why Microsoft Word's interpretation is wrong—we have to go back to the source of these line-spacing terms: the typewriter.

18. On a typewriter, every line is 12 points high. When the typist returns the carriage to the beginning of the line, the platen rotates upward by a certain number of lines. If the line spacing is set to single, the platen rotates upward by one line (= 12 points). If the line spacing is set to double, then the platen rotates upward by two lines (= 24 points).

19. Microsoft Word's interpretation of double line spacing cannot be treated as a line-spacing standard because a standard of measurement has to be objective and consistent. Microsoft Word's interpretation of "double" line spacing is neither.

20. First, what Microsoft Word calls "double" line spacing isn't consistent among all versions of Word. For instance, Microsoft enlarged "double" spacing when it released Word 2007. Microsoft makes no promises that it won't change the meaning again in a future version.

21. Second, what Microsoft Word calls "double" line spacing isn't even consistent from font to font, because it's partially derived from extra metadata within each font. Thus, in

Microsoft Word, two fonts at the same point size, both set to "double" line spacing, might still end up with different line spacing on the page.

22. Thus, relying on Microsoft Word—or any other commercial word-processing software—as the line-spacing standard is fatally flawed. Word's notion of "double" line spacing partially depends on the font, is arbitrarily defined by Microsoft, and could be changed by Microsoft at any time. It is therefore no standard at all.

23. By contrast, the traditional arithmetic meaning of line spacing derived from the typewriter is fixed, consistent, and permanent.

24. Here, what the formatting rule says is unambiguous—"double-spaced"—and so is the traditional arithmetic meaning of that term. The issue cannot and should not be resolved by resort to how Microsoft Word or other commercial word-processing programs define their own "double" line-spacing setting.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2023 at Los Angeles, California.

                                                    */s/ Matthew Butterick*
                                                    Matthew Butterick

## SIGNATURE ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 2, 2023 in San Francisco, California.

By: /s/ Joseph R. Saveri
Joseph R. Saveri