# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED ENTRY OF A PARTIAL FINAL JUDGMENT**

Plaintiff Wilus's reply brief proposes a partial judgment that only serves to illustrate why the Court should not grant Wilus's premature motion. The parties should have attempted to reach agreement before motion practice (as Askey requested). *See* ECF No. 227-2. Instead, Wilus rushed to file a motion—one that did not propose any judgment. And now, having not identified any problem with the proposed judgment submitted by Askey, Wilus belatedly proposes a judgment that goes beyond the parties' joint stipulation and which is incorrect in several respects.

First, Wilus's proposed judgment is not limited to the accused products. Instead, Wilus's proposed judgment includes "any products that are not more than colorably different . . . ," which is vague and not Wilus's infringement case. ECF No. 286-1. In contrast, Askey's proposed judgment includes the chart of accused products from Wilus's infringement contentions.

Second, Wilus asks the Court to confirm that the asserted patent claims "are valid." But "courts do not declare patents to be valid, and only declare that they have not been proved to be invalid." *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 994 (Fed. Cir. 2009). Askey stipulated that it would no longer pursue its defense of invalidity (ECF No. 202), and so the Court may determine that the identified patent claims are not invalid for purposes of this case, as proposed by Askey. The Court should not, however, affirmatively declare the asserted patents "are valid." Indeed, the Patent Trial and Appeal Board has granted *inter partes* review of U.S. Patent No. 10,313,077 finding it reasonably likely that at least one claim will be determined unpatentable in view of prior art identified by Samsung. *See* ECF No. 214-1; ECF No. 224.

Third, contrary to infringement—where Wilus requests formal entry of judgment—for willfulness Wilus proposes only that the judgment state "[t]here has been no finding of willful infringement by Askey" and that "the Parties shall take no further action" regarding "Wilus' previously asserted allegation of willful infringement." ECF No. 286-1. In other words, Wilus asks

the Court to enter judgment affirmatively on patent infringement and validity, but *not* find affirmatively on the lack of any willful infringement by Askey. This falls short of Wilus's stipulation. In the Complaint, Wilus requested "[a] judgement that Defendants' infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284." ECF No. 1 at 39. In its Answer, Askey asserted its "Fourth Defense – No Willful Infringement" and alleged that "Plaintiff has alleged no facts, and Defendants have not engaged in any conduct, that entitled Plaintiff to enhanced damages based on alleged willful infringement." ECF No. 59, ¶ 101; ECF No. 60, ¶ 113. Wilus stipulated that it "will no longer seek any finding of willfulness," so these issues have been resolved in Askey's favor. Accordingly, the Court should issue judgment that "[t]here is no willful infringement and no finding of willfulness by Askey." ECF No. 244-1.

Finally, Wilus includes a paragraph indicating that "[t]his Partial Judgment is not a Final Judgment within the meaning of Federal Rule of Civil Procedure 54(b)." Wilus's inclusion of and understanding of this statement is unexplained and has not been discussed by the parties.

Wilus does not deny that the parties' stipulation already achieves the goal of clarifying the scope of the case going forward, and that "the impetus behind Wilus's dash to secure a partial judgment before trial on the remaining issues is to lend weight to its separate motion for entry of a permanent injunction before resolving all remaining issues in the case." *See* ECF No. 244, at 1; ECF No. 286. Wilus is not entitled to a permanent injunction (ECF No. 278), and there is no need for early entry of judgment, especially one that Wilus failed to submit until its Reply (ECF No. 286) and one that is contrary to the joint stipulation already on file (ECF No. 202).

The Court should deny Wilus's motion, reject the proposed judgment submitted by Wilus, and find the joint stipulation sufficient. If the Court is inclined to enter partial judgment, it should enter the judgment proposed by Askey. ECF No. 244-1.

Dated: March 9, 2026                                    Respectfully submitted,

                                                            */s/ Jeffrey D. Smyth*

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

3

4

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of March, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                           */s/ Jeffrey D. Smyth*
                                           Jeffrey D. Smyth