IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND
STRIKE CERTAIN EXPERT TESTIMONY OF STEPHEN E. DELL, CVA**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................................... iii

I.    Mr. Dell's Apportionment Is Insufficiently Reliable to Be Presented to the
      Jury ................................................................................................................................ 1

II.   Mr. Dell's Reliance on Dr. Reed-Arthurs's Irrelevant Survey Is Also
      Unreliable ...................................................................................................................... 2

III.  Mr. Dell's Analysis of *Georgia-Pacific* Factors 8-10 Fails to Account for
      Essentiality .................................................................................................................... 2

IV.   Mr. Dell's Legal Opinions About Wilus's FRAND Obligation Should Be
      Excluded ....................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Commil USA, LLC v. Cisco Sys., Inc.*,
　720 F.3d 1361 (Fed. Cir. 2013) ............................................................................................... 2

*Commonwealth Sci. & Indus. Org. v. Cisco Sys., Inc.*,
　809 F.3d 1295 (Fed. Cir. 2015) ............................................................................................... 2

*EcoFactor, Inc. v. Google LLC*,
　137 F.4th 1333 (Fed. Cir. 2025) .............................................................................................. 1

*Ericsson, Inc. v. D-Link Sys., Inc.*,
　773 F.3d 1201 (Fed. Cir. 2014) ........................................................................................... 2, 3

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*,
　No. 2:18-cv-00014, 2019 WL 2210751 (E.D. Tex. May 20, 2019) ........................................ 3

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated January 23, 2026 ("Rpt.") (excerpts) |
| 2 | Rebuttal Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated February 13, 2026 ("Reb. Rpt.") (excerpts) |
| 3 | Rough Transcript of the Deposition of Mr. Stephen E. Dell on February 28, 2026 (excerpts) |
| 4 | Key, Stephen, "In Today's Market, Do Patents Even Matter?", Dec. 10, 2021 |
| 5 | Key, Stephen, "What to Do When You Discovery a Product Idea Similar to Yours", May 29, 2015 |
| 6 |  |

Wilus's damages expert, Mr. Stephen Dell, offers a reasonable royalty conclusion that is based on (1) an unreliable apportionment analysis and (2) unreliable survey data from Dr. Reed-Arthurs. Separately, he offers a flawed analysis of several *Georgia-Pacific* Factors by failing to account for the alleged essentiality of the Asserted Patents, and offers improper legal opinions relating to the operation of the IEEE bylaws. Samsung respectfully asks the Court to strike each of these opinions.

### I.     Mr. Dell's Apportionment Is Insufficiently Reliable to Be Presented to the Jury

In his Opening Report, Mr. Dell applies a "top-down" approach in which he claims to apportion the alleged ▓▓▓ determined by Dr. Reed-Arthurs based on the number of patents he determined are ▓▓▓ Rpt. ¶¶ 355-367. After additional adjustments, this analysis resulted in a royalty rate of ▓▓▓ *Id.* ¶¶ 368-377, 400-417.[1] Mr. Dell's approach, however, is demonstrably unreliable as it results in a royalty rate that is ▓▓▓. This result is not unsurprising given that Mr. Dell's apportionment (1) conflates economic value with standard essentiality and (2) mistakenly applies a 50% validity discount, resulting in inflated royalty rates.

First, Mr. Dell's apportionment ▓▓▓ *Id.* ¶ 361. But none of the supporting evidence Mr. Dell cites relates to Wi-Fi. Several of the references he relies on to estimate the percentage of patents that are *essential* speak only to the percentage of patents that are *profitable*. *Id.* ¶¶ 360-361; Ex. 4 at 1 ("Around 97% of all patents never recoup the cost of filing them."); Ex. 5 at 2 (same).[2] And the remainder of Mr. Dell's citations are to essentiality studies for the 5G cellular standard, not 802.11ax or any other Wi-Fi standard. Rpt. ¶ 361. Without "this fundamental premise," Mr. Dell's apportionment is inherently flawed. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1346 (Fed. Cir. 2025). Mr. Dell's subsequent

---

[1] Samsung intends to address faults in this additional analysis through cross-examination and testimony of its own experts, including its damages expert, Dr. Ray Perryman.

[2] Mr. Dell's citation to "https://www.nber.org/system/files/working_papers/w3780/w3780.pdf" directs to a 1991 article by Mark Schankerman, not the 1998 article relied on by the *Innovatio* court.



50% reduction compounds his error. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 6 at 2; Rpt. ¶ 364. That is not what Mr. Dell does. Instead, he assumes 50% of all patents *except Wilus's* are invalid to determine a *new per-patent* rate. Rpt. ¶¶ 365-367.[3]

These errors are fatal to Mr. Dell's analysis. For example, Sisvel's purported ▓▓▓▓ ▓▓▓▓▓▓▓ for Wi-Fi 6 would mean Sisvel ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓, a clear impossibility. *Id.* ¶ 367; Ex. 3 at 224:13-20. Wilus also offers its portfolio of ▓▓▓▓▓▓▓▓▓▓▓ a per-unit "rack rate" of $0.15-$0.20,[4] and claims to have licensed it for rates ▓ ▓▓▓▓▓▓▓▓▓▓▓ Rpt. ¶¶ 57, 78. Such rates equate to per-family rates that are ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ determined by Mr. Dell. Samsung therefore requests the Court strike Mr. Dell's opinions based on his flawed "top-down" apportionment analysis, including at least his opinions at paragraphs 23, 359-367, 392, 398-417, 425, and Attachment 3 (including all subsections) of his Opening Report, and paragraph 64 of his Rebuttal Report.

**II.  Mr. Dell's Reliance on Dr. Reed-Arthurs's Irrelevant Survey Is Also Unreliable**

Mr. Dell's reasonable royalty conclusions are built on the results of Dr. Reed-Arthurs's conjoint survey. Should the Court grant Samsung's concurrently-filed motion to strike those survey opinions, Mr. Dell's opinions relying thereon likewise should be excluded, including at least those reflected in paragraphs 23, 355-358, 365-367, 392-393, 400, 403, 413-417, 419, 425 and Attachment 3 (including all subsections) of his Opening Report, and paragraphs 62-63 of his Rebuttal Report.

**III.  Mr. Dell's Analysis of *Georgia-Pacific* Factors 8-10 Fails to Account for Essentiality**

The Federal Circuit describes *Georgia-Pacific* "factors 8, 9, and 10 as all being irrelevant or misleading in cases involving SEPs." *Commonwealth Sci. & Indus. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1305 (Fed. Cir. 2015); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1230 (Fed. Cir. 2014). However, Mr. Dell makes no adjustments to his analysis of *Georgia-Pacific* Factors 8-10 to account for the

---

[3] This step is also duplicative of the prior step, which already accounts for invalidity by identifying patents that are "actually essential" or have "value." *Cf. Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013) ("It is axiomatic that one cannot infringe an invalid patent.").

[4] Mr. Dell testified he believes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 3 at 155:18-25.

Asserted Patents being allegedly essential or FRAND-encumbered.[5] Indeed, the evidence Mr. Dell cites merely describes █████████████████████████████████████████████████ the Asserted Patents. Rpt. ¶¶ 286, 318-338. The Court should thus exclude any testimony reflected in at least paragraphs 283-348 of Mr. Dell's Opening Report.

## IV. Mr. Dell's Legal Opinions About Wilus's FRAND Obligation Should Be Excluded

Mr. Dell opines at various points that Wilus's FRAND obligations are ████████████ ███████████████████████████████████████████████████████████████████████ ███████████ Rpt. ¶¶ 274–275; Reb. Rpt. ¶¶ 52, 55. Those opinions should be excluded for two reasons. First, his legal opinions that Wilus ███████████████████████████████████ ████████████████████████████████████, are improper expert testimony. *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-cv-00014, 2019 WL 2210751, at * 4 (E.D. Tex. May 20, 2019) (excluding expert testimony on "contractual interpretation issues, since these issues are questions of law that should be resolved by the Court"). Such opinions should, therefore, be excluded for the same reasons as Mr. Brismark's legal conclusions.[6] Second, Mr. Dell is not qualified to offer such opinions. He is not a lawyer and has never worked in the IEEE, and thus relies on Wilus's IEEE and FRAND licensing experts for his interpretation of the IEEE bylaws and how they are applied. Rpt. ¶ 17; Reb. Rpt. ¶ 5, Att. 1; Ex. 3 at 24:10-14, 68:20-70:8. If the Court excludes any opinions of Mr. Brismark or Mr. Nikolich, it should also exclude Mr. Dell's opinions to the extent they rely on them. Accordingly, Samsung requests that the Court strike Mr. Dell's legal and unqualified opinions, including at least those in paragraphs 93-113, 179, 263, 271, 274-275, 392, 417-418, and 426 of his Opening Report, and paragraphs 48, 52, 55, 58-59, and 62-63 of his Rebuttal Report.

---

[5] Mr. Dell groups Factor 11 with Factor 8, and similarly fails to account for the alleged ████████ ████████████████████ being due to their claimed essentiality. Rpt. ¶ 283. This also runs afoul of *Ericsson*. 773 F.3d at 1231 ("[o]ther factors may also need to be adapted on a case-by-case basis").

[6] To the extent Mr. Dell opines on the parties' states of mind, such opinions should also be excluded for the reasons set forth in Samsung's motion directed to Mr. Brismark. *See, e.g.*, Rpt. ¶ 179; Ex. 3 at 116:4-11, 254:22-255:19 ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.

3

Dated: March 2, 2026                                Respectfully submitted,

/s/ Ralph A. Phillips

| | |
|---|---|
| Melissa R. Smith (State Bar No. 24001351) | Ruffin B. Cordell |
| GILLAM & SMITH, LLP | TX Bar No. 04820550 |
| 303 South Washington Avenue | cordell@fr.com |
| Marshall, Texas 75670 | Michael J. McKeon |
| Telephone: (903) 934-8450 | DC Bar No. 459780 |
| Facsimile: (903) 934-9257 | mckeon@fr.com |
| Email: melissa@gillamsmithlaw.com | Ralph A. Phillips |
| | DC Bar No. 475571 |
| Andrew Thompson ("Tom") Gorham | rphillips@fr.com |
| State Bar No. 24012715 | Matthew P. Mosteller |
| GILLAM & SMITH, L.L.P. | DC Bar No. 1697343 |
| 102 N. College, Suite 800 | mosteller@fr.com |
| Tyler, Texas 75702 | Bryan J. Cannon |
| Telephone: (903) 934-8450 | DC Bar No. 1723657 |
| Facsimile: (903) 934-9257 | cannon@fr.com |
| Email: tom@gillamsmithlaw.com | Brendan F. McLaughlin |
| | DC Bar No: 1671658 |
| Jon B. Hyland | BMcLaughlin@fr.com |
| jhyland@hilgerslaw.com | Payal Patel |
| HILGERS PLLC | DC Bar No. 90019320 |
| 7859 Walnut Hill Lane, Suite 335 | ppatel@fr.com |
| Dallas, Texas 75230 | Damien Thomas |
| Telephone: 972-645-3097 | DC Bar No. 90018451 |
| | dthomas@fr.com |
| | James Young |
| | DC Bar No. 90005769 |
| | jyoung@fr.com |
| | FISH & RICHARDSON, P.C. |
| | 1000 Maine Ave., S.W., Ste. 1000 |
| | Washington, DC 20024 |
| | Telephone: 202-783-5070 |
| | Facsimile: 202-783-2331 |
| | |
| | Thomas H. Reger II |
| | Texas Bar No. 24032992 |
| | reger@fr.com |
| | Rodeen Talebi |
| | TX Bar No. 24103958 |
| | talebi@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1717 Main Street, Suite 5000 |
| | Dallas, TX 78766 |

4

Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Ralph A. Phillips*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 27, 2026.  Neil Rubin, Philip Wang, James Tsuei, Reza Mirzaie, Jacob Buczko, and Andrea Fair attended for Plaintiff.  Ralph Phillips, Matthew Mosteller, Brendan McLaughlin, Payal Patel, Damien Thomas, and Melissa Smith attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Ralph A. Phillips*