IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

████████████████████████████

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>      Defendants. | Civil Case No. 2:24-cv-00766-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>      Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

## **TABLE OF CONTENTS**

TABLE OF EXHIBITS ................................................................................................................ iii

TABLE OF ABBREVIATIONS ................................................................................................... iii

I.     INTRODUCTION ........................................................................................................... 1

II.    STATEMENT OF ISSUE .............................................................................................. 2

III.   STATEMENT OF UNDISPUTED MATERIAL FACTS............................................... 2

IV.   GOVERNING LAW ....................................................................................................... 8

V.    ARGUMENT .................................................................................................................. 9

       A.    Wilus Has Not Provided Actual Pre-Suit Notice of the Asserted Patents .............................................................................................................. 9

       B.    With Respect to Constructive Notice, Wilus Cannot Show That Wilus or Any Licensee Marked Its Products with the Asserted Patents ........................................................................................................... 13

       C.    Wilus's Failure to Comply with Section 287 Bars Pre-Suit Damages ......................... 13

VI.   CONCLUSION ............................................................................................................. 14

████████████████████████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994)......................................................................................8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................8

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)........................................................................8, 9, 13

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................8

*Civix-DDI, LLC. v. Cellco P'ship*,
    387 F. Supp. 2d 869 (N.D. Ill. 2005) ..............................................................11, 12

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)..................................................................................9

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017)................................................................................9

*Team Worldwide Corp. v. Acad., Ltd*,
    No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021)................10

███████████████████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | SAMSUNG_WILUS_00206490 |
| 2 | Expert Report of Eric de la Iglesia Regarding Infringement (excerpts) |
| 3 | SAMSUNG_WILUS_00067985 (excerpts) |
| 4 | 12-22-2025 Samsung's Responses to Wilus's First Set of Common Interrogatories Nos. 1-15 |
| 5 | SAMSUNG_WILUS_00067566 |
| 6 | ████████████████████████████████<br>SAMSUNG_WILUS_00067554-67557 |
| 7 | SAMSUNG_WILUS_00099647 |
| 8 | SAMSUNG_WILUS_00099620 |
| 9 | SAMSUNG_WILUS_00099679 |
| 10 | SAMSUNG_WILUS_00096991 |
| 11 | SAMSUNG_WILUS_00100591 |
| 12 | SAMSUNG_WILUS_00100602 |
| 13 | SAMSUNG_WILUS_00067610 |
| 14 | SAMSUNG_WILUS_00185783 |
| 15 | SAMSUNG_WILUS_00100682 |
| 16 | SAMSUNG_WILUS_00100727 |
| 17 | SAMSUNG_WILUS_00100735 |
| 18 | SAMSUNG_WILUS_00100758 |
| 19 | SAMSUNG_WILUS_00100768 |
| 20 | 12-22-2025 Wilus's Responses to Defendants First Set of Common Interrogatories Nos. 1-13 |
| 21 | SISVEL-SAMSUNG-0000001 |
| 22 | Samsung's Responses to Wilus's First Set of Requests for Admission Nos. 9-17 |
| 23 | 02-21-2025 Samsung's Responses to Wilus's First Set of Common Interrogatories No. 7 |
| 24 | SAMSUNG_WILUS_00067191 |
| 25 | SAMSUNG_WILUS_00067193 |
| 26 | SISVEL_0000727 |
| 27 | Expert Report of Stephen Dell dated January 23, 2026, Attachment 3 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '035 patent | U.S. Patent No. 11,116,035 |

███████████████████████████

| '879 patent | U.S. Patent No. 11,516,879 |
|---|---|
| '077 patent | U.S. Patent No. 10,313,077 |
| Asserted Patents | Patents asserted against Samsung: '595 patent, '210 patent, '163 patent, '597 patent, '281 patent, '035 patent, '879 patent, and '077 patent |
| IPR | *Inter Partes* Review |
| PTAB | Patent Trial and Appeal Board |
| SUMF | Statement of Undisputed Material Facts |

*All emphasis herein is added or altered, unless otherwise noted.

███████████████████████████████████

## I.    INTRODUCTION

Wilus is not entitled to pre-suit damages because it cannot show that it provided actual or constructive pre-suit notice of alleged infringement to Samsung before Wilus filed its two complaints in this case.  No damages may accrue for the patents prior to their actual assertion:

| Asserted Patents | 1st Allegation by Wilus |
|---|---|
| U.S. Patent No. 11,159,210 ("'210 patent") | September 11, 2024 |
| U.S. Patent No. 10,313,077 ("'077 patent") | September 11, 2024 |
| U.S. Patent No. 10,687,281 ("'281 patent") | September 11, 2024 |
| U.S. Patent No. 11,470,595 ("'595 patent") | September 11, 2024 |
| U.S. Patent No. 11,129,163 ("'163 patent") | September 20, 2024 |
| U.S. Patent No. 11,700,597 ("'597 patent") | September 20, 2024 |
| U.S. Patent No. 11,116,035 ("'035 patent") | September 20, 2024 |
| U.S. Patent No. 11,516,879 ("'879 patent") | September 20, 2024 |

There is no evidence that Wilus provided actual pre-suit notice for any asserted patents.

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████

Wilus also failed to present evidence that it provided constructive notice for any asserted patent.  There can be no genuine dispute that Wilus failed to satisfy the marking requirements of 35 U.S.C. § 287(a).  Samsung satisfied its initial burden of identifying unmarked products to Wilus, but Wilus failed to carry its burden to prove that the marking requirements were satisfied.  Because Wilus failed to provide any evidence that Wilus or its licensees marked licensed products, no reasonable factfinder could find in Wilus's favor on this issue.

This Court should enter summary judgment that Wilus cannot recover pre-suit damages for any of the asserted patents.

██████████████████████████████████████████

## II.        STATEMENT OF ISSUE

Whether Wilus's failure to comply with 35 U.S.C. § 287 prevents it from recovering pre-suit damages for the asserted patents?

## III.       STATEMENT OF UNDISPUTED MATERIAL FACTS

1.        The 802.11ax standard, created by IEEE, contains both mandatory and optional features. Ex. 1; *see also* Ex. 2 at ¶¶ 49, 56.

2.        "Wi-Fi" is a trademark owned by the Wi-Fi Alliance, which is an organization that tests and certifies products.  *See* Ex. 2 at ¶ 50.  Wi-Fi Alliance tests are based on IEEE 802.11 standard specifications.  *See* Ex. 2 at ¶ 50.

3.        The "Wi-Fi 6" and "Wi-Fi CERTIFIED 6" are labels created by the Wi-Fi Alliance. *See* Ex. 2 at ¶¶ 51, 54.  In order to carry those labels, products need to pass Wi-Fi Alliance's test and practice at least certain features of the IEEE 802.11ax standard.  *See* Ex. 3; Ex. 2 at ¶¶ 55-56.

4.        ██████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████

5.        Under the IEEE policy, "Essential Patent Claim" shall mean "any Patent Claim the use of which was necessary to create a compliant implementation of either mandatory or optional portions of the normative clauses of the [Proposed] IEEE Standard when, at the time of the [Proposed] IEEE Standard's approval, there was no commercially and technically feasible non-infringing alternative.  Ex. 1.

6.        ██████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

17.    ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

18.    On September 11, 2024 and September 20, 2024, Wilus filed complaints against Samsung in the Eastern District of Texas, Case Nos. 2:24-cv-00746 and 2:24-cv-00765, alleging that Samsung's "Wi-Fi 6 (802.11ax) enabled devices" infringe the asserted patents.  *See* Case No. 2:24-cv-00746, Dkt. 1 (concerning the '210, '077, '281, and '595 patents); Case No. 2:24-cv-00765, Dkt. 1 (concerning the '163, '597, '035, '879 patents).

19.    In response to a Samsung interrogatory requesting Wilus to "[d]escribe in complete detail all effort to comply with the marking requirements of 35 U.S.C. § 287 as to any product, component, apparatus, prototype, or other item that you contend practice any claim of any Asserted Patent," Wilus stated that ████████████████████████████████████████ ██████████████ ██████████████████████████████████████ ██████  *See* Ex. 20 at 41; Ex. 21.  The response further referenced Samsung's discovery responses about Samsung receiving ███████████████████████████████████.  *See* Ex. 4, Samsung's Responses to Common Interrogatories Nos. 5 and 6; Ex. 22.  The response failed to provide any evidence of constructive notice with respect to any claim of the Asserted Patents.

20.    As part of a discovery response, Samsung provided notice to Wilus of products Samsung believes should be marked with one or more of the asserted patents, but are not so marked by one or more licensees of those patents.  *See* Ex. 23, Samsung's Response to Common Interrogatory No. 7 (Sixth Additional Defense: Marking) and Ex. 4, Samsung's Response to Common Interrogatory No. 7 (Sixth Additional Defense: Marking).  For example, Acer is a licensee to Wilus's Wi-Fi 6 portfolio, and sells products into the United States that are not marked with the Asserted Patents, including at least the Acer Aspire Go 15 Laptop (AG15-31P-C1KN) which implements IEEE 802.11ax.  *See* Ex. 24 and Ex. 25.

## IV.    GOVERNING LAW

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Rather, in order to avoid summary judgment, Wilus must present enough evidence for the factfinder to reasonably find in its favor. *See Anderson*, 477 U.S. at 252.

To obtain pre-suit damages, Wilus bears the burden to demonstrate that it either provided actual notice of infringement or, alternatively, provided constructive notice via compliance with the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*").  "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

A patentee may benefit from constructive notice by complying with the marking statute. Although the patentee bears the ultimate burden to prove it complied with Section 287(a), the Federal Circuit has held that the alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. This burden is a "low bar." *Id.* The alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from relying on the constructive notice provision of Section 287(a) and, therefore, prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017).

## V.    ARGUMENT

Wilus's pre-suit damages theories for the asserted patents suffer from the same fundamental flaw: Wilus has not and cannot establish that Samsung had any notice—actual or constructive—of alleged infringement of the asserted patents prior to filing suit.

### A.    Wilus Has Not Provided Actual Pre-Suit Notice of the Asserted Patents

Wilus failed to provide any evidence of actual notice of infringement, despite having the burden to do so. *See Arctic Cat I*, 876 F.3d at 1366.



Wilus's contention that Samsung had notice ████████████████████████████████ is flawed. *See* SUMF ¶¶ 7-8, 19. Indeed, "[f]or purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative communication of a *specific charge of infringement* by a *specific accused product* or device." *Team Worldwide Corp. v. Acad., Ltd*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting *Amsted*, 24 F.3d at 187).[1]

. While the "Wi-Fi 6" certification program is designed to test certain features from the IEEE 802.11ax standard, the two are not the same. *See id.*

fail to provide the requisite specificity for the purposes of notice.

Further, with respect to the *'879 and '597 patents,* failed to provide to Samsung *any* specificity with respect to alleged infringement. *See* SUMF ¶¶ 6-17.

---

[1] All emphasis is added unless noted otherwise.



To the extent Wilus attempts to claim notice based on disclosures made to Samsung related to patents within the same families as the '879 and '597 patents, such argument is misplaced. *See, e.g., Civix-DDI, LLC. v. Cellco P'ship,* 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005) (holding that "notifying an alleged infringer of related patents is not sufficient as a matter of law to provide actual notice").[2]

With respect to the *'595 patent,* █████████████████████████████

*See* SUMF ¶¶ 7-8, 12.

is likewise insufficient to establish notice. *See Civix-DDI,* 387 F. Supp. 2d at 900. ███ failed to provide any other specific information with respect to alleged infringement to Samsung about the '595 patent prior to commencing the lawsuits.

With respect to the *'210 patent,* █████████████████████████████

*See* SUMF ¶¶ 7-8. This is insufficient to establish notice. *See Civix-DDI,* 387 F. Supp. 2d at 900. ███ did not provide any other specific information with respect to alleged

---

[2] Indeed, the Court in *Civix-DDI* expressly noted "the asserted patents in this suit had not even issued at the time" of the alleged, but flawed notice. *Civix-DDI,* 387 F. Supp. 2d at 900. Similarly, the '879 and '597 patents (issued on November 29, 2022 and July 11, 2023, respectively) were not yet granted the USPTO by the time of Wilus's alleged notice of April 8, 2022.



infringement by specific Samsung products about the '210 patent prior to commencing the lawsuits. *See* SUMF ¶¶ 9-17.

With respect to the *'281 and '035 patents,* ███████████████████████████

███████████████████████████████████ *See* SUMF ¶¶

6-7. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████ *See id.* ██████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████ *See id.* at ¶¶ 1-5. Otherwise, prior to filing the complaints, ████████████

███████████████████████████████████████ which is not enough to establish the requisite notice.

*See Civix-DDI,* 387 F. Supp. 2d at 900; SUMF ¶¶ 9, 16.

With respect to the *'077 and '163 patents,* ███████████████████████

███████████████████████████████████

███████████████████████████████████. *See*

SUMF ¶¶ 7-9. This information was likewise deficient with respect to specifically putting Samsung

on notice, ███████████████████████████████████

███████████████████████████████████████

███████ *See id.* at ¶¶ 1-5.

████████████████████████████████████████████████████

Lastly, ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████   *See* SUMF ¶ 8.

**B.     With Respect to Constructive Notice, Wilus Cannot Show That Wilus or Any Licensee Marked Its Products with the Asserted Patents**

Wilus also has not carried its burden to show that Samsung had any constructive notice of the asserted patents.  Under the *Arctic Cat I* framework, once Samsung discharged its burden to identify unmarked products, Wilus had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement.  *Arctic Cat I,* 876 F.3d at 1366.

Here, Samsung responded to Wilus's interrogatory on February 21, 2025, and identified Wilus licensee Acer's products that were not marked with the asserted patents.  SUMF ¶ 20; Ex. 26; Ex. 24; Ex. 25.  There is no genuine dispute that Wilus licensed the asserted patents to Acer.  *Id.* Wilus never responded to Samsung's *Arctic Cat* notice, or identified any details about its efforts to mark any products, whether those made by Wilus or covered by Wilus's license to the asserted patents, in Wilus's response to Samsung's interrogatory on marking.  *See* Ex. 20, Wilus's Response to Common Interrogatory No. 10.

**C.     Wilus's Failure to Comply with Section 287 Bars Pre-Suit Damages**

The impact of Wilus's failure to satisfy its burden with respect to notice and marking is substantial.  Wilus's alleged earliest notice dates and earliest dates its expert used for the purposes of damages calculations are as follows.

| Asserted Patents | ████ | | | | 1ˢᵗ Actual Allegation by Wilus |
|---|---|---|---|---|---|
| '210 patent | | | | | September 11, 2024 |
| '077 patent | | | | | September 11, 2024 |
| '281 patent | | | | | September 11, 2024 |
| '595 patent | | | | | September 11, 2024 |
| '163 patent | | | | | September 20, 2024 |
| '597 patent | | | | | September 20, 2024 |

| Asserted Patents | Wilus's Earliest Alleged Notice Dates | Wilus's Earliest Alleged Damages Dates | 1st Actual Allegation by Wilus |
|---|---|---|---|
| '035 patent | ███████ | ███████ | September 20, 2024 |
| '879 patent | ███████ | ███████ | September 20, 2024 |

*See* Ex. 20, Wilus's Response to Common Interrogatory No. 10 (claiming that "Samsung had notice of the Asserted Patents and its infringement at least by ████████"); Ex. 27 at Attachment 3.1. Because Wilus failed to comply with requirements of 35 U.S.C. § 287, it may not recover damages for these pre-suit periods ("Wilus's Earliest Alleged Notice Dates" and "Wilus's Earliest Alleged Damages Dates" in the table above).

## VI.    CONCLUSION

Samsung requests that the Court grant summary judgment that Wilus cannot recover pre-suit damages before (1) September 11, 2024 for the '210, '077, '281, and '595 patents, and (2) before September 20, 2024 for the '163, '597, '035, and '879 patents for failure to comply with 35 U.S.C. § 287.

███████████████████████████████

Dated: March 2, 2026

Respectfully submitted,

*/s/  Aleksandr Gelberg*

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone:  (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

15

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

██████████████████████████████████

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document via electronic mail.

*/s/ Aleksandr Gelberg*

██████████████████████████████████

████████████████████████████████████████

████████████████████████

████████████████