IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.<br><br>Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF REBBECCA REED-ARTHURS, PH.D.**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

TABLE OF EXHIBITS ........................................................................................................ iii

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015) ................................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .................................................................................................................2

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ................................................................................................2

*Parallel Networks Licensing, LLC v. Microsoft Corp.*,
   777 F. App'x 489 (Fed. Cir. 2019) ...........................................................................................2

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 2:23-cv-00495, 2025 WL 2976822 (E.D. Tex. Oct. 21, 2025) ..........................................2

*Wing Enters., Inc. v. Tricam Indus., Inc.*,
   829 F. App'x 508 (Fed. Cir. 2020) ...........................................................................................2

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Expert Report of Dr. Rebbecca Reed-Arthurs, dated January 22, 2026 ("Rpt.") |
| 2 | Transcript of the Deposition of Dr. Rebbecca Reed-Arthurs on February 19, 2026 |
| 3 | Expert Report of Erik de la Iglesia Regarding Infringement, dated January 23, 2026 |
| 4 | Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated January 23, 2026 |

Dr. Rebbecca Reed-Arthurs—Plaintiff's survey and economics expert—conducted a survey and related economic analysis purporting to show the incremental profit that Samsung enjoys by incorporating Wi-Fi 6 in its smartphones over Wi-Fi 5. But neither Dr. Reed-Arthurs nor any other Wilus expert attempts to quantify the Asserted Patents' contribution to the purported benefits of Wi-Fi 6. Without sufficient nexus between those purported benefits and the Asserted Patents, Dr. Reed-Arthurs's conclusions are irrelevant and unable to assist the trier of fact.

Dr. Reed-Arthurs admits she is "not a lawyer, nor a legal or technical expert, and do[es] not express any opinion on legal or technical issues." Rpt. ¶ 8. She therefore relies on Mr. de la Iglesia[1] for her understanding of the alleged performance improvements of Wi-Fi 6 over Wi-Fi 5, and describes those benefits in her survey prompt to participants. *See Id.* ¶¶ 13, 16-34, 45, 51; Ex. 3 ¶¶ 168-193.[2] Based on survey data collected using this prompt, Dr. Reed-Arthurs concludes that Samsung makes an additional profit ▓▓▓▓▓▓▓▓▓ by offering Wi-Fi 6 instead of Wi-Fi 5 in its smartphones. Rpt. ¶ 170, page 215; *see generally id.* ¶¶ 35-170.[3]

Dr. Reed-Arthurs's analysis contains numerous flaws,[4] but most concerning is that her survey is designed only to show Samsung's incremental profit for including Wi-Fi 6 over Wi-Fi 5. *Id.* ¶ 7. That conclusion lacks a sufficient connection to the Asserted Patents, as none of Wilus's other experts endeavor to show how much of the purported technical benefits of Wi-Fi 6 are attributable to the Asserted Patents. While Mr. de la Iglesia broadly claims that the Asserted Patents provide ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ he never attempts to quantify which or how much of the alleged performance improvements of Wi-Fi 6 described in Dr.

---

[1] Samsung concurrently moves to exclude Mr. de la Iglesia's related opinions.

[2] If the purported performance improvements of Wi-Fi 6 are based on Dr. Reed-Arthurs's "own review" of evidence, such opinions are outside of the scope of Dr. Reed-Arthurs's expertise and should also be excluded on that basis. Rpt. ¶¶ 13, 34; Ex. 2 at 68:9-69:4, 139:12-140:12.

[3] Samsung concurrently moves to exclude the opinions of Mr. Dell that rely on Dr. Reed-Arthurs's ▓▓▓▓▓▓▓ opinions. *See* Ex. 4 ¶¶ 400, 416-425. If Mr. Dell's related opinions are excluded, the Court should also exclude Dr. Reed-Arthurs's opinions as irrelevant.

[4] Samsung intends to address other faults in Dr. Reed-Arthurs's analysis through cross-examination and the testimony of its own survey expert, Ms. Sarah Butler.

1

Reed-Arthurs's survey are attributable to the Asserted Patents compared to other non-patented and non-accused features. Ex. 3 ¶ 196; *see generally id.* ¶¶ 194-220. *Parallel Networks Licensing, LLC v. Microsoft Corp.*, 777 F. App'x 489, 492 (Fed. Cir. 2019) (affirming exclusion of consumer-survey evidence where "the survey questions contained broad language that did not distinguish between infringing and non-infringing uses" and therefore were "not adequately tied to the asserted claims"); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1232 (Fed. Cir. 2014) ("[T]he patented feature must be apportioned from all of the unpatented features reflected in the standard."). Indeed, Dr. Reed-Arthurs claims only that the alleged benefits of Wi-Fi 6—including 20-40% faster connections and up to 3x faster network speeds in crowded areas—are "at least in part" due to the Asserted Patents. Rpt. ¶ 39; Ex. 2 at 169:16-172:3; *see also* Rpt. ¶¶ 44-51.[5]

Wi-Fi 6 is not on trial; the Asserted Patents are. Without a sufficient link to the Asserted Patents, Dr. Reed-Arthurs's analysis does not "fit" the issue for which it is offered and, ergo, is non-helpful. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00495, 2025 WL 2976822, at *1 (E.D. Tex. Oct. 21, 2025). Her survey opinions can only confuse and mislead the jury into believing the purported advantages of Wi-Fi 6 are solely attributable to the Asserted Patents. *See Wing Enters., Inc. v. Tricam Indus., Inc.*, 829 F. App'x 508, 516 (Fed. Cir. 2020) (district court did not abuse its discretion in excluding testimony about a survey due to jury confusion).

Accordingly, the Court should exclude Dr. Reed-Arthurs's opinions regarding the purported advantages of Wi-Fi 6 over Wi-Fi 5 and her survey based thereon, as irrelevant, unreliable, misleading, and lacking probative value sufficient to overcome their prejudicial effect. This includes at least her opinions at paragraphs 13, 16-34, 44-51, 63-76, 90, 97, 114, 117-146, 152-153, 158, and 166-170.

---

[5] Dr. Reed-Arthurs's characterizations of Wi-Fi 6 as being "more likely to stay connected" and providing "less lag" are also too vague to provide reliable results. Rpt. ¶ 51; *see Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("[Q]ualitative testimony that an invention is valuable – without being anchored to a quantitative market valuation – is insufficiently reliable.").

2

Dated: March 2, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

| | |
|---|---|
| Melissa R. Smith (State Bar No. 24001351)<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>Andrew Thompson ("Tom") Gorham<br>State Bar No. 24012715<br>GILLAM & SMITH, L.L.P.<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: tom@gillamsmithlaw.com<br><br>Jon B. Hyland<br>jhyland@hilgerslaw.com<br>HILGERS PLLC<br>7859 Walnut Hill Lane, Suite 335<br>Dallas, Texas 75230<br>Telephone: 972-645-3097 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>DC Bar No. 459780<br>mckeon@fr.com<br>Ralph A. Phillips<br>DC Bar No. 475571<br>rphillips@fr.com<br>Matthew P. Mosteller<br>DC Bar No. 1697343<br>mosteller@fr.com<br>Bryan J. Cannon<br>DC Bar No. 1723657<br>cannon@fr.com<br>Brendan F. McLaughlin<br>DC Bar No: 1671658<br>BMcLaughlin@fr.com<br>Payal Patel<br>DC Bar No. 90019320<br>ppatel@fr.com<br>Damien Thomas<br>DC Bar No. 90018451<br>dthomas@fr.com<br>James Young<br>DC Bar No. 90005769<br>jyoung@fr.com<br>FISH & RICHARDSON, P.C.<br>1000 Maine Ave., S.W., Ste. 1000<br>Washington, DC 20024<br>Telephone: 202-783-5070<br>Facsimile: 202-783-2331<br><br>Thomas H. Reger II<br>Texas Bar No. 24032992<br>reger@fr.com<br>Rodeen Talebi<br>TX Bar No. 24103958<br>talebi@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 78766<br>Telephone: 214-747-5070 |

3

Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/Ralph A. Phillips*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 27, 2026. Neil Rubin, Philip Wang, James Tsuei, Reza Mirzaie, Jacob Buczko, and Andrea Fair attended for Plaintiff. Ralph Phillips, Matthew Mosteller, Brendan McLaughlin, Payal Patel, Damien Thomas, and Melissa Smith attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

*/s/Ralph A. Phillips*