IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF GUSTAV BRISMARK**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ........................................................................................................................ iii

I.       The Court Should Strike Mr. Brismark's State-of-Mind Opinions ......................................... 1

II.      The Court Should Strike Mr. Brismark's Legal Opinions and Conclusions ........................... 2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.*,
    No. 2:22-cv-00078, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ............................................3

*GREE, Inc. v. Supercell Oy*,
    No. 2:19-cv-00070, 2020 WL 4288350 (E.D. Tex. July 27, 2020) ..........................................1

*Kona Tech. Corp. v. S. Pac. Transp. Co.*,
    225 F.3d 595 (5th Cir. 2000) ....................................................................................................2

*Meganathan v. Signal Int'l L.L.C.*,
    No. 1:13-cv-00497, 2015 WL 11109846 (E.D. Tex. June 26, 2015) .......................................2

*Metaswitch Networks Ltd. v. Genband US LLC*,
    No. 2:14-cv-00744, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) .............................................3

*Netlist Inc. v. Samsung Elecs. Co.*,
    No. 2:21-cv-00463, Dkt. 432 (E.D. Tex. Apr. 5, 2023) ............................................................1

*Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*,
    No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024) ....................................................3

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
    No. 4:15-cv-00307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ............................................1

*Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*,
    No. 5:05-cv-00157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) .......................................1

*Thomas v. PFG Transco, Inc.*,
    501 F. Supp. 3d 437 (E.D. Tex. 2020) .....................................................................................1

*Toccoa Ltd. v. N. Am. Roofing Servs., LLC*,
    No. 1:21-cv-00313, 2023 WL 4401545 (E.D. Tex. June 8, 2023) ...........................................2

**Other Authorities**

Fed. R. Civ. P. 37(c)(1) ....................................................................................................................2

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Expert Declaration of Gustav Brismark, dated January 22, 2026 ("Op. Rpt") |
| 2 | Rebuttal Expert Declaration of Gustav Brismark, dated February 13, 2026 ("Reb. Rpt.") |
| 3 | Final Transcript of the Deposition of Mr. Gustav Brismark on February 17, 2026 |
| 4 | Plaintiff Wilus Institute of Standards and Technology Inc.'s Fourth Supplemental Objections and Responses to Defendants' First Set of Common Interrogatories (Nos. 1-13), dated December 22, 2025 |

Mr. Gustav Brismark—Plaintiff's FRAND licensing expert—offers numerous unsupported and unqualified opinions that are inadmissible and should be excluded. Specifically, Samsung asks the Court to strike the following opinions: (1) unqualified, unreliable opinions regarding Sisvel/Wilus's and Samsung's alleged states of mind, and (2) unqualified legal opinions and conclusions relating to the IEEE bylaws.

## I. The Court Should Strike Mr. Brismark's State-of-Mind Opinions

Mr. Brismark's allegations regarding Sisvel/Wilus's and Samsung's motives and intent when participating in negotiations constitute inadmissible opinions on a party's state of mind. "An expert witness's credentials put him in no better position to opine as to Defendant's state of mind than the jury." *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 444 (E.D. Tex. 2020); *see also Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, No. 5:05-cv-00157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010).

Throughout his reports, Mr. Brismark opines on the subjective states of mind of Sisvel/Wilus and Samsung to conclude that Sisvel/Wilus acted in good faith during negotiations, while Samsung acted in bad faith and unduly delayed negotiations. For example, Mr. Brismark opines that Samsung's ▬▬▬▬ and that Samsung did not have ▬▬▬▬ Op. Rpt. ¶ 132; *see also* ¶¶ 136, 139-140, 150, 154, 178. Mr. Brismark also opines on the one hand that ▬▬▬▬ while opining on the other hand that Samsung ▬▬▬▬ Op. Rpt. ¶¶ 8-9. He characterizes Samsung's alleged delay and hold-out as ▬▬▬▬ Op. Rpt. ¶¶ 131, 154, 197, 198.

These unqualified and speculative opinions regarding Sisvel/Wilus's and Samsung's alleged states of mind should be excluded. *See Netlist Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463, Dkt. 432, at 6 (E.D. Tex. Apr. 5, 2023) (excluding Netlist's expert from opining on Samsung's state of mind); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020) ("[I]t is undisputed that it is improper for an expert to opine as to the subjective belief or intent of a corporate entity."); *see also Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-cv-00307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018); *Retractable Techs. Inc. v. Abbott Lab'ys*, Inc., No. 5:05-cv-00157,

1

2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010).  Mr. Brismark is Wilus's FRAND licensing expert, not a mind reader or psychologist and cannot testify as to any party's motive or intent when participating in negotiations.

Moreover, Mr. Brismark's basis for these opinions is unreliable.  He has no knowledge of the subjective intent of the parties or what they were thinking at a given point in time during the negotiations.  The same is true of Sisvel/Wilus's interested fact witnesses, including Mr. David Muus, whom Mr. Brismark endorses to argue Samsung was ▓▓▓▓▓▓▓ Op. Rpt. ¶ 153 n.78; *Meganathan v. Signal Int'l L.L.C.*, No. 1:13-cv-00497, 2015 WL 11109846, at *13 (E.D. Tex. June 26, 2015) (excluding defendant's expert's opinions that "largely parrot [defendant's] theory of the case" (quotations omitted)).

Accordingly, Samsung respectfully requests that the Court strike Mr. Brismark's opinions regarding Sisvel/Wilus's and Samsung's alleged state of mind regarding their participation in negotiations, including at least those set forth in Mr. Brismark's Opening Report at paragraphs 8-10, 124, 132, 136, 138, 140, 146 n.69, 150, 153 n.78, 154, 156, 161, 178-180, 182, 192, 197-198 and his Rebuttal Report at paragraphs 3, 42, 49, 74, 76, 78, 81, 86-88, 92, 95, 124, 129-130.

## II. The Court Should Strike Mr. Brismark's Legal Opinions and Conclusions

Mr. Brismark admits he is not a lawyer or legal expert.  Ex. 3 at 216:9-12; 28:24-29:3.  Yet he offers legal opinions and conclusions related to the IEEE bylaws.[1]  In particular, Mr. Brismark opines that ▓▓▓▓▓▓▓ while ▓▓▓▓▓▓▓ Op. Rpt. ¶¶ 7, 9.  Mr. Brismark's testimony amounts to contract interpretation that is within the province of the court, not Wilus's experts.  *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604, 609-10 (5th Cir. 2000) ("interpretation of a contract is a question of law"); *Toccoa Ltd. v. N. Am. Roofing Servs., LLC*, No. 1:21-cv-00313, 2023 WL 4401545, at *13 (E.D. Tex. June 8, 2023) (collecting cases) ("expert testimony on

---

[1] Such opinions were never disclosed during discovery and should be excluded on this additional basis.  Fed. R. Civ. P. 37(c)(1); Ex. 4 at 29-33, 37-38.

2

contract interpretation is generally inadmissible"). Moreover, Mr. Brismark's unqualified legal opinions and conclusions regarding IEEE bylaws are unreliable as he is neither a lawyer nor a legal expert and cannot testify as to legal issues.

Mr. Brismark also improperly concludes that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Op. Rpt. ¶ 10. First, whether Wilus's FRAND obligations under the IEEE bylaws have been suspended is an improper legal conclusion from an expert. Reb. Rpt. ¶ 19 (Mr. Brismark opining that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-00744, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016) ("he should not offer legal conclusions about whether Genband is actually bound by a contractual FRAND obligation"). Second, Mr. Brismark's conclusion appears to misapply this Court's holding in *G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.* No. 2:22-cv-00078, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024). *G+ Commc'ns*, a case regarding ETSI IPR Policy and not IEEE Patent Policy,[2] states that the ETSI FRAND "obligation is irrevocable." *Id.*, at *11. Indeed, while the obligation to continue negotiations may be suspended if either the patent holder or the implementer of the adopted standard fails to act in good faith, "this does not remove the burden of the FRAND obligation from the patent." *Id.* It would be "a stretch of the Court's ruling" to interpret *G+ Commc'ns* to mean that "FRAND obligations 'no longer act as a cap' while [the counterparty] was acting in bad faith." Order on Motions in Limine at 9-10, *Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024).

Accordingly, Samsung respectfully requests that the Court strike Mr. Brismark's unqualified legal opinions and conclusions related to IEEE bylaws, including at least those set forth in Mr. Brismark's Opening Report at paragraphs 7-10, 173, 175-176, 178, 182, 188-189, 191, 194-198 and his Rebuttal Report at paragraphs 1-4, 42, 44, 49, 55, 57, 66, 75, 95, 98, 118, 124, 129-130.

---

[2] Mr. Brismark himself distinguishes prior case law that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Reb. Rpt. ¶ 65.

3

Dated: March 2, 2026

Respectfully submitted,

/s/ Ralph A. Phillips

| | |
|---|---|
| Melissa R. Smith (State Bar No. 24001351)<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>Andrew Thompson ("Tom") Gorham<br>State Bar No. 24012715<br>GILLAM & SMITH, L.L.P.<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: tom@gillamsmithlaw.com<br><br>Jon B. Hyland<br>jhyland@hilgerslaw.com<br>HILGERS PLLC<br>7859 Walnut Hill Lane, Suite 335<br>Dallas, Texas 75230<br>Telephone: 972-645-3097 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>DC Bar No. 459780<br>mckeon@fr.com<br>Ralph A. Phillips<br>DC Bar No. 475571<br>rphillips@fr.com<br>Matthew P. Mosteller<br>DC Bar No. 1697343<br>mosteller@fr.com<br>Bryan J. Cannon<br>DC Bar No. 1723657<br>cannon@fr.com<br>Brendan F. McLaughlin<br>DC Bar No: 1671658<br>BMcLaughlin@fr.com<br>Payal Patel<br>DC Bar No. 90019320<br>ppatel@fr.com<br>Damien Thomas<br>DC Bar No. 90018451<br>dthomas@fr.com<br>James Young<br>DC Bar No. 90005769<br>jyoung@fr.com<br>FISH & RICHARDSON, P.C.<br>1000 Maine Ave., S.W., Ste. 1000<br>Washington, DC 20024<br>Telephone: 202-783-5070<br>Facsimile: 202-783-2331<br><br>Thomas H. Reger II<br>Texas Bar No. 24032992<br>reger@fr.com<br>Rodeen Talebi<br>TX Bar No. 24103958<br>talebi@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 78766<br>Telephone: 214-747-5070<br>Facsimile: 214-747-2091 |

4

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ Ralph A. Phillips

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 27, 2026.  Neil Rubin, Philip Wang, James Tsuei, Reza Mirzaie, Jacob Buczko, and Andrea Fair attended for Plaintiff.  Ralph Phillips, Matthew Mosteller, Brendan McLaughlin, Payal Patel, Damien Thomas, and Melissa Smith attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

/s/ Ralph A. Phillips