IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF PAUL NIKOLICH**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ....................................................................................................................... iii

TABLE OF ABBREVIATIONS ......................................................................................................... iii

I.     ARGUMENT ............................................................................................................................ 1

II.    CONCLUSION ........................................................................................................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hollomon v. O. Mustad & Sons (USA), Inc.*,
    No. CIV.A. 1:00CV-298, 2001 WL 36097427 (E.D. Tex. Nov. 13, 2001)..........................1

**Other Authorities**

Fed. R. Evid. 401–403................................................................................................................2

Fed. R. Evid. 702 ........................................................................................................................1

## **TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Paul Nikolich deposition taken on December 19, 2025 |
| 2 | Rebuttal Report of Paul Nikolich dated February 13, 2026 |

Mr. Paul Nikolich—Wilus's expert on IEEE policies, bylaws, and procedures—offers unsupported, unqualified, and/or prejudicial opinions that are inadmissible and thus should be excluded. Specifically, Samsung asks the Court to strike the following opinions: (1) opinions regarding licensing negotiations involving Standard Essential Patents (SEP), and (2) opinions regarding Samsung's alleged collusive and anti-competitive behaviors.

### I. The Court Should Strike Opinions Regarding SEP Licensing Negotiations

Samsung moves to strike all opinions offered by Mr. Nikolich concerning licensing negotiations between Samsung and Sisvel/Wilus because he expressly testified that he is not an expert in licensing negotiations involving Standard Essential Patents (SEP). *See* Nikolich Dep. Tr. (Ex. 1) at 86:10-13 ("Q. Do you consider yourself an expert in licensing negotiations for Standard Essential Patents? A. No."). Therefore, based on his own admission, Mr. Nikolich is not qualified by "knowledge, skill, experience, training, or education" to offer opinions on the SEP licensing negotiations. *See* Fed. R. Evid. 702. Mr. Nikolich, however, provides various opinions in his rebuttal report regarding SEP licensing negotiations. *See* Nikolich Rebuttal Report (Ex. 2), ¶¶ 65, 66, 106. The Court should strike these opinions because they fall outside of Mr. Nicolich's qualifications and would not assist the trier of fact. *See, e.g., Hollomon v. O. Mustad & Sons (USA), Inc.*, No. CIV.A. 1:00CV-298, 2001 WL 36097427, at *1 (E.D. Tex. Nov. 13, 2001) (granting motion to exclude expert's opinion on a topic on which he was not qualified).

### II. The Court Should Strike Opinions Regarding Samsung's Alleged Collusive and Anti-Competitive Behaviors

Samsung also moves to strike Mr. Nikolich's opinions containing inflammatory allegations about Samsung conduct ███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████ *Id.* Such accusations are not tied to any technical analysis, do not inform any FRAND or licensing-policy opinion, and serve only to unfairly prejudice the jury by injecting character

1

attacks and antitrust-style narratives into a patent-infringement dispute.[1] Moreover, Mr. Nikolich compounds this prejudice by speculating—without any methodology—███████████ ██████████████████████████████████████████████████████████████████████████ ████████████████████████████████████. Because these opinions have no probative value and pose a substantial risk of confusing the issues, misleading the jury, and unfairly maligning Samsung, the Court should strike them under Fed. R. Evid. 401–403.

### III.     CONCLUSION

For the reasons stated above, the Court should strike Paragraphs 60, 61, 65, 66, and 106 of Mr. Nicolich's Rebuttal Report.

---

[1] Further, Wilus's reliance on Mr. Nikolich's testimony regarding the IEEE investigation at issue would violate this Court's standing MILs. *See* Court MIL No. 13 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.").

| | |
|---|---|
| Dated: March 2, 2026 | Respectfully submitted,<br><br>/s/ *Ralph A. Phillips* |
| Melissa R. Smith (State Bar No. 24001351)<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>Andrew Thompson ("Tom") Gorham<br>State Bar No. 24012715<br>GILLAM & SMITH, L.L.P.<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: tom@gillamsmithlaw.com<br><br>Jon B. Hyland<br>jhyland@hilgerslaw.com<br>HILGERS PLLC<br>7859 Walnut Hill Lane, Suite 335<br>Dallas, Texas 75230<br>Telephone: 972-645-3097 | Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>DC Bar No. 459780<br>mckeon@fr.com<br>Ralph A. Phillips<br>DC Bar No. 475571<br>rphillips@fr.com<br>Matthew P. Mosteller<br>DC Bar No. 1697343<br>mosteller@fr.com<br>Bryan J. Cannon<br>DC Bar No. 1723657<br>cannon@fr.com<br>Brendan F. McLaughlin<br>DC Bar No: 1671658<br>BMcLaughlin@fr.com<br>Payal Patel<br>DC Bar No. 90019320<br>ppatel@fr.com<br>Damien Thomas<br>DC Bar No. 90018451<br>dthomas@fr.com<br>James Young<br>DC Bar No. 90005769<br>jyoung@fr.com<br>FISH & RICHARDSON, P.C.<br>1000 Maine Ave., S.W., Ste. 1000<br>Washington, DC 20024<br>Telephone: 202-783-5070<br>Facsimile: 202-783-2331<br><br>Thomas H. Reger II<br>Texas Bar No. 24032992<br>reger@fr.com<br>Rodeen Talebi<br>TX Bar No. 24103958<br>talebi@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 78766<br>Telephone: 214-747-5070<br>Facsimile: 214-747-2091 |

3

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Ralph A. Phillips_


Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 27, 2026.  Neil Rubin, Philip Wang, James Tsuei, Reza Mirzaie, Jacob Buczko, and Andrea Fair attended for Plaintiff.  Ralph Phillips, Matthew Mosteller, Brendan McLaughlin, Payal Patel, Damien Thomas, and Melissa Smith attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Ralph A. Phillips_