███████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>HP INC.<br><br>        Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF TODOR COOKLEV, PH.D.**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

TABLE OF EXHIBITS ................................................................................................... iii

I.    Opinions Regarding Prior Art Status of Source Code of Galaxy Tab S ............................ 1

II.   Opinions Regarding Incorporation of References Into Galaxy Tab S .............................. 2

III.  Conclusion ................................................................................................... 3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*,
   825 F.3d 1373 (Fed. Cir. 2016)..........................................................................................2, 3

*Celanese Int'l Corp. v. Int'l Trade Comm'n*,
   111 F.4th 1338 (Fed. Cir. 2024) .........................................................................................1, 2

*In re Epstein*,
   32 F.3d 1559 (Fed. Cir. 1994)...............................................................................................2

*J.A. LaPorte v. Norfolk Dredging Com.*,
   787 F.2d 1577 (Fed. Cir. 1986)..............................................................................................1

*Lockwood v. Am. Airlines, Inc.*,
   107 F.3d 1565 (Fed. Cir. 1997).........................................................................................1, 2

**Statutes**

35 U.S.C. § 102(a)(1).................................................................................................................2

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Rebuttal Expert Report of Todor Cooklev dated February 13, 2026 |
| 2 | Corrected Invalidity Report of Harry Bims dated January 28, 2026 |
| 3 | Opening Expert Report of Stephen Wicker dated January 23, 2026 |
| 4 | Corrected Rebuttal Expert Report of Erik de la Iglesia dated February 19, 2026 |
| 5 | U.S. Patent No. 11,516,879 |
| 6 | U.S. Patent No. 10,687,281 |
| 7 | U.S. Patent No. 10,313,077 |
| 8 | U.S. Patent No. 11,159,210 |

The Court should strike the irrelevant and/or unreliable opinions of Wilus's technical expert, Dr. Cooklev, as described below, from his report. *See generally*, Ex. 1.

## I.    Opinions Regarding Prior Art Status of Source Code of Galaxy Tab S

Mr. Cooklev opines that "Dr. Wicker and Dr. Bims do not address the issue of whether a POSITA had access to the Broadcom firmware and hardware source code and consequently fail to prove this at all, much less by clear and convincing evidence" and that "Broadcom firmware and hardware code was not available to a POSITA." Ex. 1 (Cooklev Rpt.) ¶64. Dr. Cooklev also opines that "because neither Dr. Bims nor Dr. Wicker have actually undertaken the exercise of reviewing or analyzing the source code in the first place, they have not opined based on sufficient evidence or with reasonably certainty that the wi-fi chipset 'code' could be altered by a POSITA at all." *Id.* ¶70.

However, both Dr. Bims and Dr. Wicker make clear that they are relying on the Galaxy Tab S device as the prior art. *See* Ex. 3 (Wicker Op. Rpt) ¶¶190-201, 237-680, 778, 813-1191; *see also id.* at ¶190 (noting "Invalidating Prior Art" is "Samsung Galaxy Tab S System Art" i.e., "Galaxy Tab S is a Samsung tablet"); Ex. 2 (Bims Corrected Op. Rpt.) ¶¶ 292-298, 364-1157; *see also id.* at 295 ("The Samsung Galaxy Tab S qualifies as prior art to each of the Asserted Patents because it was offered for sale and/or sold in the United States as early as July 2014."). And whether the source code of system art was publicly accessible as of the priority date is legally irrelevant. "The 'on sale' category . . . has **never required that a qualifying commercial sale reveal to the public the details of the claimed invention**." *Celanese Int'l Corp. v. Int'l Trade Comm'n*, 111 F.4th 1338, 1346 (Fed. Cir. 2024). Furthermore, "the question is not whether the sale, even a third party sale, '***discloses***' the invention at the time of the sale, but whether the sale relates to a device that **embodies** the invention." *J.A. LaPorte v. Norfolk Dredging Com.*, 787 F.2d 1577, 1583 (Fed. Cir. 1986).

The Federal Circuit has already weighed in on this issue. *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) involved the argument that Wilus's experts make, where the record showed "***the essential algorithms of the [system prior art's] software were proprietary and confidential*** and that those aspects of the system that were readily apparent to the public would not have been sufficient to enable one skilled in the art to duplicate the system." Based on this evidence, the patentee

argued "that one skilled in the art would not be able to build and practice the claimed invention without access to the secret aspects of [prior art system]." *Id.* The Court rejected this argument, agreeing with the patent challenger's argument that "the public need not have access to the 'inner workings' of a device for it to be considered 'in public use' or 'used by other' within the meaning of the statute." *Id.* Instead, the Court held that "public use of the **high-level aspects of the [prior art]** system was enough to place the **claimed** features of the [asserted] patent in the public's possession." *Id.* (citing *In re Epstein*, 32 F.3d 1559, 1567–68 (Fed. Cir. 1994)).[1] Here, the commercial sale of Galaxy Tab S put its processor and transceiver—and **all the features embodied therein including its firmware**—in the public's possession.

Accordingly, Dr. Cooklev's opinions that rely on the lack of public access to the source code (i.e., Ex. 1 ¶¶60-90) should be struck as they are based on the wrong legal standard and would likely mislead the jury. To hold otherwise would effectively preclude the use of any device containing proprietary chips and/or software as system prior art because, as Dr. Cooklev opined, "the overall firmware source code and RTL code used for a given wi-fi chipset is, to a rule, treated in the industry as highly confidential and trade secret." *Id.* ¶ 71.

## II.    Opinions Regarding Incorporation of References Into Galaxy Tab S

Further, Dr. Cooklev opines on various alleged practical difficulties in incorporating the features of the prior art references into the specific chip, BCM4354, in the Samsung Galaxy Tab S. But "[t]he test for obviousness is **not whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference**, but rather whether a skilled artisan would have been motivated to combine the **teachings of the prior art references** to achieve the claimed invention." *Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*, 825 F.3d 1373, 1381 (Fed. Cir.

---

[1] While this case was related to the "public use" bar, the case the Court relied on applied to both public use and sale bar. *See In re Epstein*, 32 F.3d at 1567-68 ("Beyond this 'in public use or on sale' finding, there is no requirement for an enablement-type inquiry."). Furthermore, the Federal Circuit "h[e]ld that the enactment of the AIA did not constitute a foundational change in the theory of the statutory on-sale bar provision, 35 U.S.C. § 102(a)(1)." *Celanese Int'l Corp.*, 111 F.4th at 1348.

2016) (internal citations and quotation marks omitted). In fact, "it is **not necessary that [the references] be physically combinable** to render obvious the patent." *Id.*

Moreover, Mr. Cooklev opines that a POSITA must know the following information to change the firmware on a Galaxy Tab S: "(1) the confidential and proprietary firmware source code, **and** (2) the trade-secret signing certificate Broadcom maintains for the BCM4354 chipset." Ex. 1 ¶89. However, the asserted patents themselves do not provide such disclosures for the disclosed "processor." *See, e.g.,* Ex. 5 ('879 patent) (3:16-4:19; 7:21-9:63) (merely disclosing that "processor" is configured to perform an action without disclosing firmware code or certificate); Ex. 6 ('281 patent (3:8-5:3; 7:6-9:57) (same)); Ex. 7 ('077 patent (3:1-4:15; 9:22-46) (same)) Ex. 8 ('210 patent (2:59-3:3:4, 7:25-49) (same)). Yet, Wilus's position is that a POSITA would have been able to make or use the claimed invention from the disclosures in the patent coupled with information known in the art without undue experimentation, including configuring the disclosed processor to perform the claimed features. *See, e.g.,* Ex. 4 (de la Iglesia Rebuttal Rpt.) ¶ 564 ("I agree with Dr. Wicker that at least all other have written description and are enabled.").

Accordingly, Mr. Cooklev's opinion pertaining to the bodily incorporation of the secondary references into the specific chip of Galaxy Tab S (i.e., Ex. 1 ¶¶71-90) should be struck as irrelevant. These opinions are based on the wrong legal standard and would likely mislead the jury.

## III.  Conclusion

Should the Court strike Dr. Cooklev's ¶¶60-90, the entirety of Dr. Cooklev's report should be struck. The remaining paragraphs merely provide his (1) background, ¶¶ 1-19, (2) understanding of legal standards, ¶¶ 20-34, (3) experience relative to the POSITA, ¶¶35-37, (4) technical background on the type of source code used in a chip, ¶¶ 38-50, and (5) summary of his opinions, ¶¶ 51-55. Further, in the absence of Dr. Cooklev's opinion at ¶¶60-90, his opinions at ¶¶ 38-50 are irrelevant and has the potential to mislead the jury.

Dated: March 2, 2026                    Respectfully submitted,

                                        */s/ Ralph A. Phillips*

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989

gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Ralph A. Phillips*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 27, 2026. Neil Rubin, Philip Wang, James Tsuei, Reza Mirzaie, Jacob Buczko, and Andrea Fair attended for Plaintiff. Ralph Phillips, Matthew Mosteller, Brendan McLaughlin, Payal Patel, Damien Thomas, and Melissa Smith attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Ralph A. Phillips*