# Exhibit 4

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> HP INC., <br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> *Defendants.* | Case No. 2:24-cv-00746-JRG [Member Case] <br><br> Case No. 2:24-cv-00765-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br> *Defendants.* | Case No. 2:24-cv-00766-JRG [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP [Member Case] |

## CORRECTED EXPERT REPORT OF ERIK DE LA IGLESIA REGARDING VALIDITY

By: */s/ Erik De La Iglesia*

Erik De La Iglesia

Executed on February 19, 2026 under penalty of perjury in: Mountain View, CA

implementation details that are not recited in the italicized language, as discussed above. Dr. Wicker provides no basis in law or fact for why additional features not recited in the claim need to be described in the specification to have adequate written description. The claimed invention is recited in the claim, and a POSITA would understand from the specification that the inventors were in possession of the invention they claimed.

563. *Third*, Dr. Wicker does not dispute written description or enablement for any other limitations, such as the non-italicized claim language above, or subsequent limitations. For example, Dr. Wicker apparently concedes that the inventors were in full possession and adequately enabled: "A wireless communication terminal that wirelessly communicates with a base wireless communication terminal, the wireless communication terminal comprising: a transceiver; and a processor, wherein the processor is configured to: receive, from the base wireless communication terminal, a trigger frame using the transceiver . . . transmit, to the base wireless communication terminal, a trigger-based physical layer protocol data unit (PPDU) in response to the trigger frame using the transceiver[.]"

564. I agree with Dr. Wicker that at least all other have written description and are enabled. And they show that the inventors were in possession of the full claim. But this also supports my opinion (contrary to Dr. Wicker) that the italicized term likewise has sufficient written description and is enabled. Dr. Wicker has not shown that for the italicized language, more disclosures are required beyond what is already in the specification. It makes little sense that the inventors were in possession of the entire claim except the italicized clause (as Dr. Wicker argues) given the clause is related to other limitations and given that OFDMA is discussed in the specification. Nor do the subsequent claim limitations rest or depend on specific implementation details of OFDMA triggers, as evidenced by Dr. Wicker's failure to identify subsequent limitations in his written description and enablement arguments.

565. *Third*, Dr. Wicker's written description and enablement arguments are inconsistent with his patent-eligibility and his prior art 102/103 arguments. Dr. Wicker has repeatedly argued that triggering, including in the context of OFDMA, was known and within the background of a