IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HP INC.<br><br>　　　　Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>　　　　Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br>　　　　Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case]<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF**
**<u>NONINFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ...................................................................................................................... iii

TABLE OF ABBREVIATIONS ........................................................................................................ iii

I.     STATEMENT OF ISSUES TO BE DECIDED ................................................................ 1

II.    LEGAL STANDARDS ........................................................................................................ 1

III.   STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

IV.   ARGUMENT ........................................................................................................................ 2

V.    CONCLUSION .................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aquatex Industries, Inc. v. Techniche Solutions*,
    479 F.3d 1320 (Fed. Cir. 2007)......................................................................................1, 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................................................1

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
    No. 6:15-CV-01038-RWS, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ................................2

*Intell. Ventures I LLC v. T Mobile USA, Inc.*,
    2018 WL 5809267 (E.D. Tex. Nov. 6, 2018) ......................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 3-1(d)..................................................................................................................3

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Complaint for Patent Infringement, Case No. 2:24-cv-00746 |
| 2 | Complaint for Patent Infringement, Case No. 2:24-cv-00765 |
| 3 | 2024-11-21 Preliminary Disclosure of Asserted Claims and Infringement Contentions for 2:24-cv-00746-JRG |
| 3A | 2024-11-21 Wilus's '077 Patent Infringement Contentions |
| 3B | 2024-11-21 Wilus's '281 Patent Infringement Contentions |
| 3C | 2024-11-21 Wilus's '595 Patent Infringement Contentions |
| 3D | 2024-11-21 Wilus's '210 Patent Infringement Contentions |
| 4 | 2024-11-21 Preliminary Disclosure of Asserted Claims and Infringement Contentions for 2:24-cv-00765-JRG |
| 4A | 2024-11-21 Wilus's '163 Patent Infringement Contentions |
| 4B | 2024-11-21 Wilus's '597 Patent Infringement Contentions |
| 4C | 2024-11-21 Wilus's '035 Patent Infringement Contentions |
| 4D | 2024-11-21 Wilus's '879 Patent Infringement Contentions |
| 5 | 2026-01-22 Opening Expert Report of Erik de la Iglesia |
| 6 | 2026-02-26 Deposition Transcript of Erik de la Iglesia (rough) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| DOE | Doctrine of Equivalents |
| SUMF | Statement of Undisputed Material Facts |
| -746 | Civil Case No. 2:24-cv-00746-JRG-RSP |
| -765 | Civil Case No. 2:24-cv-00765-JRG-RSP |

Plaintiff Wilus cannot meet its burden of proving infringement under DOE because it never submitted any contentions providing legally sufficient DOE analysis for any of the Asserted Patents in its complaints (-746 & -765). Wilus's technical expert Mr. Erik de la Iglesia did not provide any DOE related opinions. Left with nothing regarding assertion of infringement under DOE, the Court must therefore grant summary judgment of no infringement as to all Asserted Patents under that doctrine.

## I.   STATEMENT OF ISSUES TO BE DECIDED

Whether Wilus can meets its burden of proving infringement under DOE where its contentions had boilerplate DOE language and its expert offered no DOE analysis.

## II.   LEGAL STANDARDS

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To prevail on summary judgment of noninfringement, the moving party "must … show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Intell. Ventures I LLC v. T Mobile USA, Inc.*, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018)(citation omitted). To survive summary judgment, a patentee claiming infringement under DOE must provide "*particularized testimony and linking argument* as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under [DOE]." *Aquatex Industries, Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007)  (*quoting Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567–68 (Fed.Cir.1996)).

### III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Wilus's complaints (-746 & -765) state that "Defendants have directly infringed (literally and equivalently)" for all of the Asserted Patents. *See* Ex. 1, ¶¶ 34, 57, 79, 102; Ex. 2, ¶¶ 34, 55, 76, 99.

2. On the issue of DOE, Wilus's Disclosure of Asserted Claims and Infringement Contentions (-746 & -765) contains only the following statement: "Wilus also contends that each Asserted Claim is infringed or has been infringed under the doctrine of equivalents in Defendant's Accused Instrumentalities." Ex. 3, p. 6. *See also* Ex. 4, p. 7. Each of Wilus's infringement contention charts are silent on the issue of DOE. Exs. 3A-3D, Exs. 4A-4D.

3. In his opening expert report, Wilus's expert Mr. Erik de la Iglesia does not specifically identify any of his infringement theories as being under the DOE. Ex. 5, ¶¶ 155-159, 266. Moreover, Mr. de la Iglesia did not provide any infringement analysis regarding the DOE. For example, he performs no function-way-result test or otherwise discuss insubstantial differences. The only mention of DOE is in the "Legal Background" section of his opening report. *Id.*, ¶ 18.

4. During his deposition, Mr. de la Iglesia confirmed that he did not provide DOE opinions. Ex. 6, 59:13-61:2 specifically 60:3-7.

### IV.   ARGUMENT

The Court should enter summary judgment of noninfringement under DOE because Samsung has shown "the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Intell. Ventures*, 2018 WL 5809267 at *1.

Aside from some boilerplate language, Wilus's infringement contentions do not identify any DOE based infringement theories. SUMF ¶ 2. This Court has made clear that a boilerplate reservation of the right to rely upon DOE is ***not*** sufficient. *See, e.g.*, *Eolas Techs. Inc. v.*

*Amazon.com, Inc.*, No. 6:15-CV- 01038-RWS, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016) (striking DOE contentions and holding that "Plaintiff's blanket statement that elements not literally infringed are 'infringed under [DOE] …' does not meet the requirement of the rule."); Local Patent Rule 3-1(d).

As confirmed by his deposition testimony, Mr. de la Iglesia did not opine on any DOE-specific matters. SUMF ¶¶ 3-4. Federal Circuit precedent makes clear that such a omission is fatal to a claim of infringement under the DOE. *See Aquatex Industries, Inc. v. Techniche Solutions*, 479 F.3d at 1328-29. Thus, the Court should find Wilus cannot meets its burden of proving infringement under the doctrine of equivalents without expert testimony.

## V.  CONCLUSION

For at least the foregoing reasons, Samsung respectfully requests the grant of summary judgment of noninfringement for the Accused Products under DOE as to all Asserted Patents.

3

Dated: March 2, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

<div style="display: flex;">

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

</div>

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766

4

Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 2, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

      /s/Ralph A. Phillips