IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., <br> ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE NONJOINDER OF A JOINT INVENTOR FOR THE '035 AND '879 PATENTS**


## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

TABLE OF EXHIBITS ............................................................................................................... iii

TABLE OF ABBREVIATIONS .................................................................................................. iv

I.     STATEMENT OF ISSUES TO BE DECIDED ............................................................... 1

II.    LEGAL STANDARDS ..................................................................................................... 1

III.   STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

       A.     '035 / '879 Patents and Currently Listed Inventors .................................................. 2

       B.     IEEE and Task Group AX ........................................................................................ 3

       C.     Laurent Cariou's Contribution ................................................................................. 3

       D.     Wilus's Contribution ................................................................................................ 5

IV.    ARGUMENT ..................................................................................................................... 7

       A.     Mr. Cariou Contributed to the Claimed Subject Matter ........................................... 7

       B.     Mr. Cariou's Contribution Was Not Insignificant .................................................... 8

       C.     Dr. Ahn and Mr. Cariou Engaged in Collaboration, Concerted
              Effort, and Joint Behavior To Perfect the Claimed Invention .................................. 9

V.     CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eli Lilly & Co. v. Aradigm Corp.*,
   376 F.3d 1352 (Fed. Cir. 2004)............................................................................1,2

*Plastipak Packaging, Inc. v. Premium Waters, Inc.*
   55 F.4th 1332 (Fed. Cir. 2022)............................................................................1

*Kimberly-Clark Corp. v. Procter & Gamble Distributing Co., Inc.*
   973 F.2d 911 (Fed. Cir 1992)..............................................................................1

*Dana-Farber Cancer Institute, Inc. v. Ono Pharmaceutical Co.*
   964 F.3d 1365 (Fed. Cir. 2020).......................................................................2, 3

*Ethicon, Inc. v. U.S. Surgical Corp.*
   135 F.3d 1456 (Fed. Cir. 1998)..........................................................................2

*SmithKline Diagnostics, Inc. v. Helena Laboratories Corp..*,
   859 F.2d 878 (Fed. Cir. 1988)............................................................................3

*Egenera, Inc. v. Cisco Systems, Inc.*
   972 F.3d 1367 (Fed. Cir. 2020)..........................................................................2

*Pannu v. Iolab Corp.*
   155 F.3d 1344 (Fed. Cir. 1998)..........................................................................2

**Other Authorities**

35 U.S.C. § 116..........................................................................................................2

35 U.S.C. § 256..........................................................................................................11


## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | U.S. Patent No. 11,116,035 |
| 2 | U.S. Patent No. 11,516,879 |
| 3 | Jin Sam Kwak Deposition Taken December 10, 2025 |
| 4 | John JuHyung Son Deposition Taken December 17, 2025 |
| 5 | Woojin Ahn Deposition Taken January 15, 2025 |
| 6 | Declaration of Harry Bims Dated December 22, 2025 |
| 7 | PRIOR_ART_00001384 (IEEE 802.11-16/0998r0) Dated July 2016 |
| 8 | PRIOR_ART_00001405 (IEEE 802.11-16/0998r1) Dated July 2016 |
| 9 | PRIOR_ART_00001438 (IEEE 802.11-16/0998r2) Dated September 9, 2016 |
| 10 | NOT USED |
| 11 | PRIOR_ART_00057637 at 696-699 (IEEE Task Group AX Web Page Printout) |
| 12 | PRIOR_ART_00001470 (IEEE 802.11-16/1180r0) Dated September 1, 2016 |
| 13 | PRIOR_ART_00001477 (IEEE 802.11-16/1180r1) Dated September 1, 2016 |
| 14 | SAMSUNG_WILUS_0009991 (IEEE 802.11-16/1077r6) Dated August 5, 2016 |
| 15 | SAMSUNG_WILUS_0019328 (Certified Translation of WILUS_0027119 Dated February 24, 2017) |
| 16 | SAMSUNG_WILUS_00208327 (Certified Translation of WILUS_0067319 Dated July 20, 2017) |
| 17 | SAMSUNG_WILUS_00203968 (Certified Translation of KR-10 2016 0114822 Appl.) Filed September 7, 2016) |
| 18 | PRIOR_ART_00020754 (IEEE 802.11-16/1425) Dated November 9, 2016 |
| 19 | WILUS_0022127 (IEEE 802.11-16/1310r5) Dated September 30, 2016 |
| 20 | Plaintiff Wilus Institute Of Standards And Technology Inc.'S Fourth Supplemental Objections And Responses To Defendants' First Set Of Common Interrogatories (No. 1-13) (12/22/25) |
| 21 | NOT USED |
| 22 | NOT USED |
| 23 | 2026-02-19 Corrected Rebuttal Expert Report of Erik de la Iglesia |
| 24 | 2026-01-23 Opening Expert Report of Erik de la Iglesia, Appendix C |

| | | |
|---|---|---|
| 25 | BCM0032459 | █████ |
| 26 | WILUS_0066711 | █████ |
| 27 | 2026-01-23 Opening Expert Report of Erik de la Iglesia, | |
| 28 | SAMSUNG_WILUS_00193145 (Certified Translation of WILUS0026985 Dated Nov. 2016) | |
| 29 | Ex. 3 from Woojin Ahn Deposition Taken January 15, 2025 | |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| IEEE | Institute of Electrical and Electronics Engineers |
| IEEE-SA | IEEE Standards Association |
| TGax | Task Group AX |
| MU | Multi User |
| EDCA | Enhanced Distributed Channel Access |

**I.      STATEMENT OF ISSUES TO BE DECIDED**

Whether the '035 and '879 patents are invalid for non-joinder of Laurent Cariou[1] as a joint inventor.

**II.     LEGAL STANDARDS**

"Inventorship is a mixed question of law and fact: The overall inventorship determination is a question of law, but it is premised on underlying questions of fact." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1362 (Fed. Cir. 2004). "To be a joint inventor, one must: '(1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.'" *Plastipak Packaging, Inc. v. Premium Waters, Inc.*, 55 F.4th 1332, 1340 (Fed. Cir. 2022). "Where these requisites are satisfied but a patent fails to name the joint inventor, that patent may be invalid for non-joinder." *Id.*

"Joint inventorship under section 116 can only arise when **collaboration or concerted effort occurs—that is, when the inventors have some open line of communication during or in temporal proximity to their inventive efforts**." *Eli Lilly & Co.*, 376 F.3d at 1359; *see also Kimberly-Clark Corp. v. Procter & Gamble Distributing Co., Inc.*, 973 F.2d 911, 917 (Fed. Cir. 1992) ("What is clear is that the statutory word 'jointly' is not mere surplusage. For persons to be joint inventors . . . , there must be some element of **joint behavior, such as collaboration or working under a common direction, one inventor seeking a relevant report and building upon it or hearing another's suggestions at a meeting**. … [J]oint inventorship . . . requires at least some quantum of collaboration or connection."). But two or more persons may be joint inventors "even though (1) they did not

---

[1] Samsung maintains its contention for trial that other Task Group ax members, including Simone Merlin and Minseok Noh, are also joint inventors.  Samsung also maintain other contentions of Mr. Cariou's joint inventorship.

1

physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent." 35 U.S.C. § 116. Furthermore, "collaborative enterprise is not negated by a joint inventor disclosing ideas less than the total invention to others." *Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1372 (Fed. Cir. 2020). "[E]ach of the joint inventors need not 'make the same type or amount of contribution' to the invention." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (quoting 35 U.S.C. § 116). "Rather, each needs to perform only a part of the task which produces the invention." *Id.* "A contribution to one claim is enough." *Id.* (citing *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 888 (Fed.Cir.1988)).

The patentee may be able to avoid invalidity due to non-joinder by correcting the inventorship. *Egenera, Inc. v. Cisco Systems, Inc.*, 972 F.3d 1367, 1376 (Fed. Cir. 2020); *see also Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) ("[U]pon such a finding of incorrect inventorship, a patentee may invoke section 256 to save the patent from invalidity."). Party alleging misjoinder or non-joinder of inventors on a patent must prove its case by clear and convincing evidence. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d at 1358.

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.   '035 / '879 Patents and Currently Listed Inventors

1. The '035 and '879 patents list as inventors: Woojin Ahn, Juhyung Son, Geonjung Ko, and Jinsam Kwak. Ex. 1 ('035 Patent); Ex. 2 ('879 Patent). The '035 and '879 patents claim priority to at least KR '822 Application. Exs. 1-2, Code (30); Ex. 17.

2

████████████████████████████████████

### B.     IEEE and Task Group AX

2.     The IEEE Standards Association ("IEEE-SA") is an operating unit within the IEEE that develops global standards across a wide range of industries and technologies. Ex. 6 (Dr. Bim's Declaration) at ¶¶18–19. IEEE's Task Group ax ("Task Group AX") was formed in May 2014 to develop the IEEE 802.11ax standard amendment. *Id.* at ¶25. The task group met six times per year from May 2014 to November 2020. *Id.* at ¶ 27. Wilus—in particular, Drs. Son and Ahn—attended most of these Task Group AX meetings. Ex. 4 at 111:13–20; Ex. 5 at 79:20–80:20; *see also* Ex. 3 at 47:25–48:19; 50:17-23.

3.     ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

### C.     Laurent Cariou's Contribution

4.     At relevant times around the second half of 2016 and early 2017, Laurent Cariou was an employee of Intel Corporation, and he was a contributing member of Task Group AX. *See, e.g.,* Ex. 7 (IEEE 802.11-16/0998r0) at 1 ("Cariou 998").

5.     Laurent Cariou is the first-named author and the submitter of IEEE submission No. 802.11-16/0998r0, titled "2 sets of [Enhanced Distributed *Channel Access*] EDCA parameters" and dated July 25, 2016. *Id.* The submission "*propos[ed] to define 2 sets of EDCA parameters*: One . . . call[ed] legacy EDCA parameters that are used by legacy STA and HE STA in [single user] mode[,

3

███████████████████████████████████████████

and *a]nother one . . . call[ed] MU EDCA parameters* that are used by HE STA in [multiuser] mode and are defined to be more restrictive than legacy EDCA parameters to favor MU transmission." *Id.* at 14. The submission further proposed "*switch[ing] from legacy EDCA parameters to MU EDCA parameters*," and "*switch[ing] back* to the legacy EDCA parameters if the STA has not been scheduled after a pre-defined TimeOut." *Id.* at 16-17. The submission underwent several revisions, *see* Exs. 8-9, and the final version was presented at the September 2016 Task Group ax meeting, *see* Ex. 11.

6. Laurent Cariou is also the first-named author on and the submitter of IEEE submission No. 802.11-16/1180, titled "Proposed spec text for MU EDCA parameters" and dated in September 1, 2016, which proposes specific text for the IEEE 802.11ax draft specification. Ex. 12 at 1 ("Cariou 1180"). This submission proposed the specification's text embodying the concept disclosed in Cariou 998. Exs. 7-9; *see also* Ex. 5 at 118:16–119:25. The submission underwent a revision and was presented at the same task group meeting as Cariou 998. *See* Ex. 13; Ex. 11. This proposed specification was accepted by the task group through "MAC Motion #91" during the task group meeting. Ex. 14 at 67.

7. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████ ████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

4

███████████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████

8. ███████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████

9. On September 12, 2016, within a couple months after Cariou 998 was published, Wilus filed its first priority application to the '879 and '035 patents, *see* Ex. 1 ('879 patent) at Code (30); Ex. 2 at Code (30), disclosing the concept of "a separate MU EDCA parameter set" and switching between legacy and MU EDCA parameters, Ex. 17 at ¶34.

**D.     Wilus's Contribution**

10. ███████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

11. Around one month after Cariou 998 was presented at a Task Group meeting, on November 9, 2016, Dr. Ahn submitted IEEE submission No. 802.11-16/1425, titled "Clarification on applying MU EDCA parameter set." *See* Ex. 18 at 1 ("Ahn 1425"). This submission "propos[ed]

5

[REDACTED]

to *clarify the condition for applying MU EDCA parameter set . . . [i]n case of QoS Data frames with Ack Policy subfield set to No Ack*." Ex. 18 at 2. *First*, Wilus's submission referenced and discussed "MAC Motion #91," which was the motion through which the specification text of Cariou 1180 and the concept disclosed in Cariou 998 were voted on by the task group. Ex. 18 at 3. *Then*, Wilus's submission described a "proposed fix" to the concept disclosed in IEEE 802.11-16/1180 and 0998. Ex. 18 at 5. This submission was presented to the IEEE Task Group ax during the November 2016 meeting. Ex. 19 at 18. Then, IEEE passed a motion "to update the 11ax specification D0.5 according to the instructions of in slide 6 of document 16/1425r2." Ex. 19 at 63.

12. [REDACTED]

13. [REDACTED]

6

14.

IV. **ARGUMENT**

The '035 and '879 patents are invalid for non-joinder of at least Laurent Cariou.[2]

A. **Mr. Cariou Contributed to the Claimed Subject Matter**

Laurent Cariou conceived of the claimed subject matter involving the use of two parameter sets in the context of Multi-user Uplink (MU) and switching between them—i.e., "*switch a parameter set*, which is a set of parameters used for the channel access, *from a first parameter set to a second parameter set* based . . . *multi-user uplink* transmission participation" ("switching" element) and "when the second parameter set timer expires, *terminate an application of the second parameter set*." The record includes Mr. Cariou's IEEE submissions, Cariou 998 and Cariou 1180, disclosing such subject matter shortly before Wilus filed its first priority Korean application. *See* SUMF ¶¶5-6.

---

[2] Samsung maintains its contention for trial that other Task Group ax members, including Simone Merlin and Minseok Noh, are also joint inventors. Samsung also maintain other contentions of Mr. Cariou's joint inventorship.

7

Thus, Cariou 998 pertains to the "switching" element ███████████████████████████

### B. Mr. Cariou's Contribution Was Not Insignificant

Mr. Cariou's contribution to the claimed invention was *not insignificant* when measured against the dimension of the full invention of the '035 and '879 patents. ███████████████

---

[3] ███████████████████████████████████████████████████████████████████████

8

██████████████████████████████████████████████████

Moreover, ████████████████████████████████████████████████

██████████████████████████████████████████████ Mr. Cariou was the one that conceived the use of two such parameters. ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ But "the use of MU EDCA parameters" is Mr. Cariou's contribution to the claimed invention. Accordingly, Mr. Cariou's contribution is *not an insignificant* part of the claimed invention.

### C. Dr. Ahn and Mr. Cariou Engaged in Collaboration, Concerted Effort, and Joint Behavior To Perfect the Claimed Invention

The collaboration between Dr. Ahn and Mr. Cariou is what *perfected* the claimed invention.



████████████ Mr. Cariou's technique as disclosed in Cariou 998 and Cariou 1180 (i.e., "switching" element) and ████████████████████████████████████ ████████████████████████ are embodied in the claims.

Dr. Ahn and Mr. Cariou worked under a common direction—they were both part of IEEE's Task Group AX. As such, they worked towards the common goal of developing the next generation wireless standard, 802.11ax, and more specifically, perfecting the use two sets of EDCA parameters. SUMF ¶¶2-3, 7-8, 10-14. There is no material difference between two Task Group AX members, Dr. Ahn and Mr. Cariou, working together under the direction of IEEE Task Group AX's leadership to develop 802.11ax standard and two employees of a company working together under the company's leadership to develop the next product.

9

██████████████████████████████████████████████████

Dr. Ahn and Mr. Cariou also engaged in "joint behavior." ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ *see also Kimberly-Clark Corp.*, 973 F.2d at 918 (providing as examples of "joint behavior . . . *one inventor seeing a relevant report and building upon it or hearing another's suggestions at a meeting*"). Mr. Cariou and Dr. Ahn also had an open line of communication through these IEEE Task Group AX meetings and via email. SUMF ¶¶2-3, 7-8, 10-11, 14. ; *See* Ex. 5 at 31:17-22; Exs. 15, 16; *Eli Lilly & Co.*, 376 F.3d at 1359 (noting "collaboration or concerted effort occurs [is] when the inventors have some open line of communication during or in temporal proximity to their inventive efforts"). ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ The website through which IEEE submissions (e.g.., Cariou 1180, Cariou 998, and Ahn 1425) are uploaded are also an "open line of communication." SUMF ¶7.

## V.   CONCLUSION

Accordingly, Mr. Cariou conceived of the claimed subject matter relating to the switching of parameter set, and the contributed subject matter is not insignificant compared to the full dimension of the claimed invention. Further, Mr. Cariou and Dr. Ahn collaborated and engaged in a concerted effort and joint behavior to develop the claimed invention, including having an open line of

communication between them. Thus, Mr. Cariou is a joint inventor, and the Court should find that the '035 and '879 patents are invalid for non-joinder of a joint inventor.[4]

---

[4] Alternatively, the Court should order Wilus to correct the inventorship under 35 U.S.C. § 256 and dismiss Wilus's infringement claims based on the '035 and '879 patents for lack of standing under 35 U.S.C. § 281.

Dated: March 3, 2026

Respectfully submitted,

/s/ *Ralph A. Phillips*

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

12

        Aleksandr Gelberg
        CA Bar No. 279989
        gelberg@fr.com
        John-Paul Fryckman
        CA Bar No. 317591
        fryckman@fr.com
        FISH & RICHARDSON, P.C.
        12860 El Camino Real, Ste. 400
        San Diego, CA 92130
        Telephone: 858-678-5070
        Facsimile: 858-678-5099

        Bailey K. Benedict
        TX Bar No. 24083139
        benedict@fr.com
        FISH & RICHARDSON, P.C.
        909 Fannin Street, Ste. 2100
        Houston, TX 77010
        Telephone: 713-654-5300
        Facsimile: 713-652-0109

        Lawrence R. Jarvis
        GA Bar No. 102116
        jarvis@fr.com
        FISH & RICHARDSON P.C.
        1180 Peachtree St. NE, Fl. 21
        Atlanta, GA 30309
        Telephone: 404-892-5005
        Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 3, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

/s/ *Ralph A. Phillips*

14