# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' MOTION TO EXCLUDE WILUS'S EXPERT OPINIONS OF MR. GUSTAV BRISMARK**


**TABLE OF CONTENTS**

I.    BACKGROUND ...........................................................................................................1

    A.    Wilus Conceded That Askey Has Not Infringed Willfully, and Wilus is Not Pursuing a Willfulness Finding. ..........................................................................1

    B.    Wilus Calculated Reasonable Royalty Damages under the *Georgia-Pacific* Framework, Which Assumes a Willing Licensor and Licensee. .................2

    C.    Wilus Disclosed Expert Opinions and Legal Conclusions of Mr. Gustav Brismark Based on Negotiations Between Sisvel and Askey. .....................2

II.    ARGUMENTS ............................................................................................................4

    A.    Legal Standard ........................................................................................................4

    B.    Mr. Brismark's Opinions Should Be Excluded, Because Neither Willfulness nor Bad Faith is at Issue. ....................................................................5

    C.    Mr. Brismark's Expert Opinions Should Be Excluded as Irrelevant to the Only Remaining Issue of Damages. ..................................................................6

    D.    Mr. Brismark Offers Improper Legal Conclusions Regarding Contractual FRAND Obligations. ............................................................................7

    E.    Mr. Brismark Improperly Opines on Askey's Subjective Intent. ............................9

III.    CONCLUSION .........................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*DataTreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-CV-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ........................................ 5

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) .................................................................................................................. 5

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ................................................................................................. 6

*G+ Communications, LLC v. Samsung Electronics Co. Ltd., et al.*,
  Case No. 2:22-cv-78-JRG (E.D. Tex. Jan 22, 2024) ............................................................. 8, 9

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-CV-70-JRG, 2020 WL 4288350 (E.D. Tex. July 27, 2020) ....................................... 9

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
  No. 4:14-CV-371, 2016 WL 3902447 (E.D. Tex. Feb. 1, 2016) ............................................... 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................. 6

*Metaswitch Networks Ltd. v. Genband*
  US LLC, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) ................ 8

*Owen v. Kerr-McGee Corp.*,
  698 F.2d 236 (5th Cir. 1983) ..................................................................................................... 8

*Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*,
  No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024) ..................................................... 9

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
  No. 4:15-CV-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ................................................ 9

*Realtime Data LLC v. EchoStar Corp.*,
  No. 6:17-cv-84, 2018 WL 10466786 (E.D. Tex. Dec. 17, 2018) .............................................. 5

*Salas v. Carpenter*,
  980 F.2d 299 (5th Cir. 1992) ..................................................................................................... 8

*Toccoa Ltd. v. N. Am. Roofing Servs., LLC*,
  No. 1:21-CV-00313-MJT, 2023 WL 4401545 (E.D. Tex. June 8, 2023) .................................. 8

*Uniloc USA, Inc. v. Microsoft*,
    632 F.3d 1292 (Fed. Cir. 2011) .................................................................................................6

*United States v. Oti*,
    872 F.3d 678 (5th Cir. 2017) ....................................................................................................8

**Other Authorities**

Fed. R. Evid. 401–402 ................................................................................................................5, 7

Fed. R. Evid. 702 .........................................................................................................................4, 5

Fed. R. Evid. 702(a) ...............................................................................................................5, 6, 7

Defendants Askey Computer Corp. and Askey International Corp. (collectively, "Askey") respectfully move to exclude the testimony of Plaintiff's expert, Mr. Gustav Brismark.

By introducing the opinions of Mr. Brismark, Plaintiff Wilus seeks to undo the parties' stipulation that Askey has not willfully infringed the asserted patents. Contrary to the stipulation, Mr. Brismark alleges Askey has acted in "bad faith." Ex. 1. Mr. Brismark's opinions are improper, irrelevant, and unlikely to assist the jury, whose sole remaining task is to determine the amount of damages in a *Georgia-Pacific* hypothetical negotiation construct. Experts are not permitted to testify about a party's state of mind or subjective intent.

Additionally, Mr. Brismark, an engineer, provides legal conclusions, including that Askey's alleged conduct somehow "suspended" Wilus's contractual FRAND obligations and permit Wilus to seek "supra-FRAND rates." Ex. 1, ¶ 151. Mr. Brismark's opinions are legally incorrect and misstate the case he relies on. It is not the province of an expert to "tell the jury what result to reach" or to offer legal conclusions about whether a party is bound by a contractual FRAND obligation.

The Court must exercise its gatekeeping function to preclude the introduction of improper and irrelevant expert testimony from Mr. Brismark.

## I. BACKGROUND

### A. Wilus Conceded That Askey Has Not Infringed Willfully, and Wilus is Not Pursuing a Willfulness Finding.

On December 12, 2025, to streamline the triable issues, Askey stipulated that it would no longer pursue noninfringement and invalidity defenses and Wilus stipulated that it will not seek any finding of willfulness against Askey. ECF No. 202. As a result, the only issue that remains to be resolved by the jury is damages. *See* ECF No. 227 ("Thus, no issues remain for trial that relate to either infringement or validity, and the only remaining issues left to be resolved are damages

and remedies."). Askey has not alleged any breach of FRAND commitments by Wilus, and Wilus has not alleged any breach of any obligation by Askey. ECF Nos. 1, 59, 60.

  **B.** **Wilus Calculated Reasonable Royalty Damages under the *Georgia-Pacific* Framework, Which Assumes a Willing Licensor and Licensee.**

Wilus disclosed an expert opinion of Mr. Stephen Dell regarding the estimation of damages allegedly owed by Askey. Mr. Dell calculated a reasonable royalty using the *Georgia-Pacific* factors. Referencing *Georgia-Pacific* Factor 15 regarding such hypothetical negotiation, Mr. Dell considered:

> **Factor 15:** The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention – would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

Ex. 2 at 79. Accordingly, in his analysis, Mr. Dell confirmed "the parties are considered to be willing negotiators and knowledgeable of all facts, and, importantly, assume that the Infringed Claims of the Patents at Issue are valid, enforceable, and infringed." *Id.*, ¶ 273; *see also* Ex. 3, 99:11-15 ("Q. In the hypothetical negotiation, you assume that Askey and Wilus are both willing licensees, right, licensor-licensee? A. Yes, that is part of the construct of the negotiation, right."). The hypothetical negotiation occurs between Wilus and Askey on the eve of infringement, in this case approximately two years before Sisvel approached Askey to discuss the terms of a license for the Wi-Fi 6 patent pool.

  **C.** **Wilus Disclosed Expert Opinions and Legal Conclusions of Mr. Gustav Brismark Based on Negotiations Between Sisvel and Askey.**

Mr. Brismark's report indicates that he was retained by Wilus to "analyze certain issues related to FRAND licensing and negotiations related to the Asserted Patents." Ex. 1, ¶ 2. Mr.

2

Brismark's "expert" opinions purport to cover a wide range of issues. Despite the parties' stipulation of no willfulness, i.e., no misconduct on Askey's part, Mr. Brismark discusses good faith negotiations and what he refers to as "hold-out" strategies. Clearly drawing from his perspective as a previous licensor at Ericsson, he offers opinions like "[h]old-out thereby harms society as a whole," (*id.*, ¶ 72) and "[a]warding full damages for past sales in litigation is . . . crucial to restore balanced incentives so that negotiation is preferred" (*id.*, ¶ 75, n.6). He provides broad and generalized discussion concerning the evolution of SEP licensing, as well as some of his specific complaints in sections titled "The Problem With Hold-Out to the Industry At Large" and "Typical Behavior Aimed at Delaying Negotiations." *Id.*, §§ VI.A, VI.B. These sections are not tied to the issues in this case, which does not involve allegations that either Wilus or Askey breached any obligation owed to the other. ECF Nos. 1, 59, 60.

Mr. Brismark also offers opinions regarding Askey and Wilus and their subjective intent. With regard to Askey, he opines as to: (1) Askey's subjective intent of Askey during negotiations from 2022-2024 and whether Askey negotiated in good faith, (2) Askey's actions during the litigation, and (3) whether Askey has made a FRAND counteroffer. *Id.*, ¶ 7. Mr. Brismark accuses Askey of acting in "bad faith" and "against public interest … slow[ing] down innovation in standards development, … and harming the whole ecosystem around standardization as well as society at large." *Id.*, ¶ 163. He even offers legal conclusions, for example "it is my opinion that Askey's bad faith, unreasonable delay, and hold-out has suspended Wilus's FRAND duties with regard to Askey" (*id.*, ¶ 163) and that "the effect of Askey's undue delay and bad faith conduct during FRAND negotiations would be that Wilus could seek supra-FRAND rates at that point" (*id.*, ¶ 151).

Because all that remains to be decided at trial are damages using a *Georgia-Pacific* hypothetical negotiation framework, it is unsurprising that when Wilus's damages expert, Mr. Dell, was asked if his opinions would change if Mr. Brismark's opinions were excluded or if Mr. Brismark were not to testify at trial, he simply responded "No." Ex. 3 at 54:16-19. He also confirmed that:

> my opinion is FRAND, irrespective of whether it's determined that Askey has, in fact, negotiated in bad faith such that it has suspended the FRAND obligations. So as you asked earlier, **my opinion would not change**, determinative of that finding of **whether Askey negotiated in bad faith or not**.

*Id.*, at 106:15-20 (emphasis added).

## II.  ARGUMENTS

Mr. Brismark's opinions are irrelevant to any issue remaining in the case, and his legal conclusions and attempts to speculate on Askey's subjective intent are not the product of sound methodology. Mr. Brismark's opinions should be excluded in their entirety.

Wilus expressly disclaimed any allegation of willfulness on behalf of Askey. ECF No. 202. Accordingly, Mr. Brismark's opinions assigning moral fault (e.g., "bad faith," "hold-out") have no place in the case and improperly attempt to revive Wilus's conceded claims concerning willfulness. Only damages issues remain to be decided by the jury, which testimony involves the *Georgia-Pacific* hypothetical negotiation between a willing licensor and willing licensee.

### A.  Legal Standard

Federal Rule of Evidence 702 outlines the standard for establishing reliability, and permits expert testimony only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The party seeking to rely on the expert testimony in question bears the burden of establishing that each of these requirements has been met. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993).

### B. Mr. Brismark's Opinions Should Be Excluded, Because Neither Willfulness nor Bad Faith is at Issue.

Following the parties' stipulation confirming that Askey's conduct is not indicative of willfulness or willful infringement, Mr. Brismark's opinions are not relevant and will not assist the jury with any remaining issue.

Expert testimony must "help the trier of fact determine a fact in issue." Fed. R. Evid. 702(a). Where a claim or defense has been withdrawn, stipulated away, or resolved by the Court, evidence bearing solely on that resolved issue is categorically irrelevant. Fed. R. Evid. 401–402. Courts in this District routinely exclude such evidence because it risks injecting abandoned theories back into the case. *See, e.g., Realtime Data LLC v. EchoStar Corp.*, No. 6:17-cv-84, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (precluding "reference to no-longer asserted patents, dropped patent claims, dropped or non-asserted infringement theories, dropped prior art references, or dropped claims and defenses"); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 3902447, at *1-2 (E.D. Tex. Feb. 1, 2016) (granting plaintiff's motion to exclude evidence regarding claims and products dropped from the litigation, and granting defendant's motion to exclude "any reference to disputed issues resolved before trial" including "dropped defenses"); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11538713, at *3 (E.D. Tex. Feb. 26, 2010) (holding "that permitting 'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion, and waste of time."). Wilus's willfulness allegations have already been resolved by the parties

5

(ECF No. 202), and allowing Mr. Brismark to testify to his interpretation of Askey's conduct will only create a sideshow and confusion of the actual issues for the jury to decide.

Most of Mr. Brismark's opinion is devoted to macro commentary on the state of SEP licensing—e.g., "[h]old-out is… an industry-wide problem," and discussion of "typical behaviors aimed at delaying negotiations" (Ex. 1, ¶¶ 96, 101–106)—but those opinions are irrelevant in a damages-only trial, where Wilus has stipulated on willfulness. While such opinions could potentially be relevant where breach of FRAND obligations have been asserted, that is not the case here. Askey has not alleged any breach of FRAND. ECF Nos. 59, 60. Wilus has not alleged any breach of any obligation by Askey. ECF No. 1. Thus, Wilus's attempt to reintroduce bad faith or willfulness through Mr. Brismark is improper.

> C.   **Mr. Brismark's Expert Opinions Should Be Excluded as Irrelevant to the Only Remaining Issue of Damages.**

The only issue that remains for the jury is damages. Furthermore, because the parties' conduct is irrelevant to the hypothetical negotiations of a willing licensor and licensee, Mr. Brismark's testimony should be excluded as irrelevant under FRE 702(a).

When determining damages for patent infringement, there are generally two options: lost profits or the "reasonable royalty [the patentee] would have received through arms-length bargaining." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Opinions that rest on legally incorrect premises or invite the jury to apply the wrong legal standard are inadmissible. *Uniloc USA, Inc. v. Microsoft*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (excluding the "25 percent rule of thumb" for reasonable royalty damages). Furthermore, damages in RAND/FRAND settings must focus on economic value and apportionment. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1230 (Fed. Cir. 2014).

Mr. Brismark's opinions conflate two issues: (1) whether there was a breach of FRAND obligations based on prior negotiations; and (2) the reasonable royalty damages calculation in the present litigation. Reasonable royalty damages—the only type asserted by Wilus—are calculated through the "willing licensor-willing licensee" model, which asks what two willing parties would agree to right *before* the first infringement. Accordingly, Mr. Brismark's testimony should be excluded, because his opinions are irrelevant to the calculation of damages—the only remaining issue in the case. Mr. Brismark provides policy narratives, opines that "hold-out harms innovation," labels Askey's conduct as "bad faith," and offers legal views on FRAND compliance under IEEE bylaws. Ex. 1, §§ VI–VIII; ¶¶131–33, 151, 157, 160–63. None of these is relevant to the determination of reasonable royalty damages.

Mr. Brismark's opinions about alleged Askey "bad faith" are framed to assign blame, not to measure value of the asserted patents in a hypothetical, arms-length bargain. Ex. 1, ¶¶131–33, 162–63. His opinions regarding alleged acts of "good faith" by Wilus or that Wilus "has complied with its obligations set forth by the IEEE," are not relevant to a reasonable royalty calculation either. Mr. Dell agrees. Ex. 3 at 54:16-19 ("Q. So if Mr. Brismark's opinions were excluded or if he were not to testify at trial, would your opinions change? A. No."); 106:15-20 ("my opinion would not change, determinative of that finding of whether Askey negotiated in bad faith or not.").

Ultimately, because damages remain the only question for the trier of fact, and Mr. Brismark's opinions are not relevant to the hypothetical negotiation, Mr. Brismark's testimony should be excluded under FRE 702(a) and FRE 402.

### D. Mr. Brismark Offers Improper Legal Conclusions Regarding Contractual FRAND Obligations.

Mr. Brismark's report includes improper legal conclusions regarding whether Wilus is legally bound by its FRAND obligations.

"An expert witness is not permitted to offer conclusions of law." *United States v. Oti*, 872 F.3d 678, 691 (5th Cir. 2017). An expert cannot "tell the jury what result to reach." *Id.* (quoting *Salas v. Carpenter*, 980 F.2d 299, 305 n.4 (5th Cir. 1992)); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (holding that "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant"). In the FRAND context specifically, expert witnesses may not offer legal conclusions such as whether parties are bound by a FRAND obligation. *See Metaswitch Networks Ltd. v. Genband* US LLC, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016) (expert "should not offer legal conclusions about whether Genband is actually bound by a contractual FRAND obligation"); *see also Toccoa Ltd. v. N. Am. Roofing Servs., LLC*, No. 1:21-CV-00313-MJT, 2023 WL 4401545, at *13 (E.D. Tex. June 8, 2023) ("expert testimony on contract interpretation is generally inadmissible."). Because Mr. Brismark impermissibly asserts opinions regarding legal conclusions (e.g., no FRAND obligation for Wilus), his opinions should be excluded.

For example, Mr. Brismark opines that "the effect of Askey's undue delay and bad faith conduct during FRAND negotiations would be that Wilus could seek supra-FRAND rates at that point." Ex. 1, ¶ 151. He offers the legal conclusion that because "[o]ne party's failure to fulfill its obligation to negotiation in good faith suspends the other's," and that "Askey's bad faith, unreasonable delay, and hold-out has suspended Wilus's FRAND duties with regard to Askey. . . ." *Id.*, ¶¶ 151, 163. Whether a party has a legal and contractual obligation (of abiding by FRAND) is an impermissible legal conclusion and is impermissible for expert testimony.

Moreover, Mr. Brismark, a non-lawyer, relies on *G+ Communications, LLC v. Samsung Electronics Co. Ltd., et al.*, Case No. 2:22-cv-78-JRG at Dkt. 575 at 10 (E.D. Tex. Jan. 22, 2024),

8

but that decision from this Court does not support his opinion. While *G+ Communications* determined that *under French law,* FRAND obligations to continue negotiations may be suspended, "[t]his does not remove the burden of the FRAND obligation from the patent." *G+ Commc'ns, LLC v. Samsung Electronics Co. Ltd., et al.*, Case No. 2:22-cv-78-JRG at Dkt. 575 at 10 (E.D. Tex. Jan. 22, 2024). Indeed, *G+ Communications*, a case regarding ETSI IPR Policy and not IEEE Patent Policy, states that the ETSI FRAND "obligation is irrevocable." *Id.*, at *11. Thus, Mr. Brismark has advanced not just a legal conclusion, but a legally *incorrect* conclusion. Indeed, this Court has confirmed that it would be "a stretch of the Court's ruling" to interpret *G+ Communications* to mean that "FRAND obligations 'no longer act as a cap' while [the counterparty] was acting in bad faith." Order on Motions in Limine at 9-10, *Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024).

Thus, Mr. Brismark's assertions regarding Wilus's contractual, FRAND obligations and "supra-FRAND rates" are legally incorrect and impermissible. Allowing such testimony would usurp the Court's role in stating the law and improperly instruct the jury on legal obligations and remedies.

### E. Mr. Brismark Improperly Opines on Askey's Subjective Intent.

Mr. Brismark alleges that Askey has negotiated in "bad faith" and that Wilus and Sisvel have negotiated in "good faith," but neither side's state of mind is an appropriate subject for expert testimony or anyone's speculation. For example, Mr. Brismark accuses Askey of "intentional undue delay" and "deliberate inattention despite capacity" amounting to "deliberate and strategic delay" rather than "a genuine FRAND engagement." Ex. 1, ¶ 131. An expert, a psychiatrist or not, cannot opine or speculate on the subjective belief or intent of a corporate entity. *See GREE, Inc. v. Supercell Oy*, No. 2:19-CV-70-JRG, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020) (finding testimony about subjective intent "improper and unhelpful to the jury"); *see also Quintel Tech.*

9

*Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) ("opinions as they relate to Defendants' state of mind or intent are inadmissible."). Mr. Brismark's unreliable speculation and unfounded opinions concerning Askey's state of mind during its negotiations with Sisvel are improper expert testimony, and the Court should exclude it.

### III.     CONCLUSION

Because Wilus's expert opinions of Mr. Brismark include irrelevant and unhelpful opinions, improper legal conclusions, and inappropriate state of mind speculation, the Court should strike Mr. Brismark's opinions.

Dated: March 2, 2026                              Respectfully submitted,

                                         /s/ Jeffrey D. Smyth

                                         Trey Yarbrough
                                         Bar No. 2213350
                                         **YARBROUGH WILCOX, PLLC**
                                         100 E. Ferguson Street, Suite 1015
                                         Tyler, TX 75702
                                         Tel: (903) 595-3111
                                         Fax: (903) 595-0191
                                         Email: trey@yw-lawfirm.com

                                         Ming-Tao Yang (*pro hac vice*)
                                         Jeffrey D. Smyth (*pro hac vice*)
                                         **FINNEGAN, HENDERSON, FARABOW**
                                          **GARRETT & DUNNER, LLP**
                                         3300 Hillview Avenue, 2nd Floor
                                         Palo Alto, CA 94304
                                         Tel: (650) 849-6600
                                         Fax: (650) 849-6666
                                         Email: ming.yang@finnegan.com
                                         Email: jeffrey.smyth@finnegan.com

                                         *Attorneys for Defendants Askey Computer Corp.*
                                         *and Askey International Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Askey has conferred with counsel for Plaintiff and the relief requested in this motion is opposed.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth