# Exhibit 10

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/868,525 | 05/06/2020 | Juhyung SON | B-9493CON1 632642-0 | 6523 |

| | | | EXAMINER |
|---|---|---|---|
| 158747 | 7590 | 07/22/2022 | STEINER, STEPHEN NICHOLAS |

LADAS & PARRY
E-MAIL
4525 WILSHIRE BOULEVARD
SUITE 240
LOS ANGELES, CA 90010

| ART UNIT | PAPER NUMBER |
|---|---|
| 2464 | |

DATE MAILED: 07/22/2022

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 16/868,525 | Applicant(s) SON et al. | |
|---|---|---|---|
| | Examiner STEPHEN STEINER | Art Unit 2464 | AIA (FITF) Status Yes |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>communications filed 06/12/2022</u>.
    - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>19-30</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**
    a) ☑ All      b) ☐ Some*      c) ☐ None of the:
    1. ☑ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
    - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
    
    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____.
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____.
5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

| /STEPHEN N STEINER/ Examiner, Art Unit 2464 | /RICKY Q NGO/ Supervisory Patent Examiner, Art Unit 2464 |
|---|---|

U.S. Patent and Trademark Office
PTOL-37 (Rev. 08-13)         **Notice of Allowability**         Part of Paper No./Mail Date 20220715

Application/Control Number: 16/868,525 Page 2
Art Unit: 2464

# DETAILED ACTION

## *Notice of Pre-AIA or AIA Status*

**1.** The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

## *Priority*

2. The present application is a continuation of application 16016520 filed 06/22/2018.

3. Receipt is acknowledged of certified copies of papers submitted under 35 U.S.C. 119(a) - (d), which papers have been placed of record in the file.

    a. Certified copy of application KR10-2015-018671 was received in parent application 16016520 on 08/01/2018.

    b. Certified copy of application KR10-2016-0004471 was received in parent application 16016520 on 08/31/2018.

    c. Certified copy of application KR10-2016-0005835 was received in parent application 16016520 on 08/01/2018.

    d. Certified copy of application KR10-2016-0026683 was received in parent application 16016520 on 08/01/2018.

    e. Certified copy of application KR10-2016-0030006 was received in parent application 16016520 on 08/01/2018.

    f. Certified copy of application KR10-2016-0059182 was received in parent application 16016520 on 08/01/2018.

    g. Certified copy of application KR10-2016-0062422 was received in parent application 16016520 on 08/01/2018.

    h. Certified copy of application KR10-2016-0083756 was received on was received in parent application 16016520 on 08/01/2018.

### *Continued Examination Under 37 CFR 1.114*

4.     A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 06/13/2022 has been entered.

### *Response to Arguments/Amendments*

5.     **Regarding the prior art rejection**, the Applicant's arguments relating to the newly amended claims have been fully considered, and are persuasive. See section 7 below for details.

### REASONS FOR ALLOWANCE

6.     **Claims 19 - 30 are allowed.**

### Reasons For Allowance Over Prior Art

7.  The following is an examiner's statement of reasons for allowance:

The independent claims are directed towards the idea of obtaining information about unassigned resource units, information which indicates whether the center 2Mhz chunk (a 26 tone RU) in an 80Mhz or greater block is allocated to a user, using a particular configuration of information in HE-SIG-A and HE-SIG-B fields of HEW communication. HEW communication is known in the art, and the general idea of indicating unassigned RUs using HE-SIG-A and HE-SIG-B fields is also known (see e.g. Chen (US 20160330058 A1) at paragraph [0093] and Fig. 14). It is also known in the art that some for blocks (20Mhz, 80Mhz, and 80+80Mhz), the center 2Mhz chunk may need to be allocated separately (see Hedayat (US 10219271 B1) Col. 18 Lines 40 – 50), while for example the 40Mhz block does not have the center RU. The independent claims have been specifically amended to require that the claimed process of indication and allocation only be performed on 80Mhz or greater PPDUs, and not the 20Mhz PPDU indicated by Hedayat. The Examiner does not believe one of ordinary skill in the art would have found it obvious to modify Hedayat to exclude performing the claimed process on 20Mhz PPDUs, as Hedayat teaches directly away from this, and would result in an inferior system. The Examiner believes that the cited prior art, Chen (US 20160330058 A1) in view of Hedayat (US 10219271 B1), is the best available, and believes that one of ordinary skill in the art would not have found it obvious to combine with another reference(s) such that the independent claims would be taught. Therefore **claims 19 - 30 are allowed**.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to STEPHEN STEINER whose telephone number is (571)272-9825. The examiner can normally be reached M - R 08:00 - 16:00; F 08:00 - 12:00.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ricky Ngo can be reached on 5712723139. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic

Application/Control Number: 16/868,525 Page 6
Art Unit: 2464

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO

Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/S.S./
Examiner, Art Unit 2464

/RICKY Q NGO/
Supervisory Patent Examiner, Art Unit 2464