█████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

TABLE OF EXHIBITS ............................................................................................................... iii

TABLE OF ABBREVIATIONS ................................................................................................... iii

I.  STATEMENT OF ISSUES ............................................................................................... 1

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................... 1

III.  GOVERNING LAW ......................................................................................................... 8

IV.  ARGUMENT ................................................................................................................... 9

    A.  Wilus Cannot Establish Pre-Suit Willfulness Because Samsung Did
       Not Have Actual Pre-Suit Notice of the Asserted Patents ........................................ 9

    B.  Wilus Cannot Establish Willfulness Because It Cannot Demonstrate
       "Deliberate or Intentional" Infringement by Samsung ........................................... 12

V.  CONCLUSION ............................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*

No. 9-13-CV-102, 2015 WL 11110643 (E.D. Tex. May 11, 2015……...................................17

*Arigna Technology Ltd. v. Nissan Motor Co.*

No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022)…………… .18

*Amsted Industries Inc. v. Buckeye Steel Castings Co.*

24 F.3d 178 (Fed. Cir. 1994)…………………….…………..……………………………19

*Bayer Healthcare LLC v. Baxalta Inc.*

989 F.3d 964 (Fed. Cir. 2021)…………………………… ………………...…………...17

*Celotex Corp. v. Catrett*

*477 U.S. 317 (1986)*…………………………………………………...………..17

*Gustafson, Inc. v. Intersystems Industrial Products, Inc.*

897 F.2d 508 (Fed. Cir. 1990)……………………………………………... ……..…17

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P..*

No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019), adopted, 2019 WL 1979866 (E.D. Tex. May 2, 2019)..............................................................................20,21

*SRI International, Inc. v. Cisco Systems, Inc.*

14 F.4th 1323 (Fed. Cir. 2021), cert. denied, 142 S. Ct. 2732 (2022)………… ……………18

*Team Worldwide Corp. v. Academy, Ltd..*

No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021)…………….....…..…19

**Other Authorities**

35 U.S.C. § 287……………………………………………………...…………………19

35 U.S.C. § 314………………………………………………………………………...…23

████████████████████████████

## TABLE OF EXHIBITS

| # | Description (OLD) |
|---|---|
| 1 | SAMSUNG_WILUS_00206490 |
| 2 | Expert Report of Eric de la Iglesia Regarding Infringement (excerpts) |
| 3 | SAMSUNG_WILUS_00067985 (excerpts) |
| 4 | 12-22-2025 Samsung's Responses to Wilus's First Set of Common Interrogatories Nos. 1-15 |
| 5 | SAMSUNG_WILUS_00067566 |
| 6 | ████████████████████ SAMSUNG_WILUS_00067554-67557 |
| 7 | SAMSUNG_WILUS_00099647 |
| 8 | SAMSUNG_WILUS_00099620 |
| 9 | SAMSUNG_WILUS_00099679 |
| 10 | SAMSUNG_WILUS_00096991 |
| 11 | SAMSUNG_WILUS_00100591 |
| 12 | SAMSUNG_WILUS_00100602 |
| 13 | SAMSUNG_WILUS_00067610 |
| 14 | SAMSUNG_WILUS_00185783 |
| 15 | SAMSUNG_WILUS_00100682 |
| 16 | SAMSUNG_WILUS_00100727 |
| 17 | SAMSUNG_WILUS_00100735 |
| 18 | SAMSUNG_WILUS_00100758 |
| 19 | SAMSUNG_WILUS_00100768 |
| 20 | SAMSUNG_WILUS_00100239 |
| 21 | SAMSUNG_WILUS_00100257 (excerpts) |
| 22 | Final Transcript of the Deposition of SungBin Min on December 17, 2025 (excerpts) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| '077 patent | U.S. Patent No. 10,313,077 |
| Asserted Patents | Patents asserted against Samsung: '595 patent, '210 patent, '163 patent, '597 patent, '281 patent, '035 patent, '879 patent, and '077 patent |
| IPR | *Inter Partes* Review |
| PTAB | Patent Trial and Appeal Board |

| SUMF | Statement of Undisputed Material Facts |
|------|----------------------------------------|

*All emphasis herein is added or altered, unless otherwise noted.

Wilus's evidence to support its willful infringement allegations is insufficient as a matter of law, and Samsung is entitled to summary judgment on Wilus's willfulness claim. As discussed in Samsung's concurrently filed motion for summary judgment regarding pre-suit damages, Wilus cannot demonstrate pre-suit notice. Without notice, there can be no pre-suit willfulness. Also, Wilus, for the first time on the eve of the close of fact discovery, presented infringement contentions based on confidential internal documents and source code produced by third-party Wi-Fi chipset vendors. Samsung does not have access to these materials, and without such access, cannot be said to have engaged in deliberate or intentional infringement. Lastly, Samsung has maintained throughout the duration of this dispute that the asserted patents are invalid—and Samsung's justification for this belief has been recently confirmed by the PTAB's institution of IPRs challenging the validity of *all* asserted patents. Invalid patents cannot be infringed. Given Samsung's legitimate belief in its invalidity defenses, Samsung cannot be deemed to have committed acts of deliberate or intentional infringement.

## I.    STATEMENT OF ISSUES

1.    Whether the Court should grant summary judgment of no pre-suit willful infringement where Wilus has failed to show Samsung had pre-suit notice the eight asserted patents.

2.    Whether the Court should grant summary judgment of no pre-suit and no post-suit willful infringement because the record contains no evidence of "deliberate or intentional infringement" by Samsung.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    The 802.11ax standard, created by IEEE, contains both mandatory and optional features. Ex. 1; *see also* Ex. 2 at ¶¶ 49, 56.

██████████████████████████████████████

2.    "Wi-Fi" is a trademark owned by the Wi-Fi Alliance, which is an organization that tests and certifies products. *See* Ex. 2 at ¶ 50. Wi-Fi Alliance tests are based on IEEE 802.11 standard specifications. *See* Ex. 2 at ¶ 50.

3.    The "Wi-Fi 6" and "Wi-Fi CERTIFIED 6" are labels created by the Wi-Fi Alliance. *See* Ex. 2 at ¶¶ 51, 54. In order to carry those labels, products need to pass Wi-Fi Alliance's test and practice at least certain features of the IEEE 802.11ax standard. *See* Ex. 3; Ex. 2 at ¶¶ 55-56.

4.    █████████████████████████████████ ██████████████████████████████    ███████████████████ ████████████████████████████████████ ████████████████████████. *See* Ex. 4 at Samsung's Response to Common Interrogatory No. 1, Appendix A.

5.    Under the IEEE policy, "Essential Patent Claim" shall mean "any Patent Claim the use of which was necessary to create a compliant implementation of either mandatory or optional portions of the normative clauses of the [Proposed] IEEE Standard when, at the time of the [Proposed] IEEE Standard's approval, there was no commercially and technically feasible non-infringing alternative. Ex. 1.

6.    ████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████████

2

███████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████

7.  ███████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████

8.  ███████████████████████████████████████

██████████████████████████████████████████

█████████████████████████

9.  ███████████████████████████████████████

████████████████████████████████████

3

██████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

    10.    ████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

    11.    ████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████



12.

13.

14.

████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

15.    ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

16.    ██████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████

17.    ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████

███████████████████████████████████████

██████

18.    On September 11, 2024 and September 20, 2024, Wilus filed complaints against Samsung in the Eastern District of Texas, Case Nos. 2:24-cv-00746 and 2:24-cv-00765, alleging that Samsung's "Wi-Fi 6 (802.11ax) enabled devices" infringe the asserted patents. *See* Case No. 2:24-cv-00746, Dkt. 1 (concerning the '210, '077, '281, and '595 patents); Case No. 2:24-cv-00765, Dkt. 1 (concerning the '163, '597, '035, '879 patents).

19.    On November 21, 2024, Wilus served P.R. 3-1 infringement contentions on Samsung in the -752 case based solely on publicly available product datasheets and excerpts from the 802.11ax standard.  Dkt. 261, Exs. 13-22.

20.    █████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████    In a later filed IPR petition over the '077 patent (instituted and currently pending before the PTAB), Samsung relied on prior art from the same patent families. *See, e.g.,* Ex. 21 at 100266-100282 ('077 patent); Dkt. 214-1 (Institution Decision for '077 Patent IPR) at 4 n.2 (listing US 2016/0345202 A1 (Bharadwaj) that incorporates provisional application 62/170,059, incorporated into WO 2016/191281 (Bharadwaj)).

21.    Samsung answered and counterclaimed on January 16, 2025, including additional defenses and counterclaims of invalidity as to all asserted patents. *See* Dkt. 61, Dkt. 62

██████████████████████████████████████████

22.    Samsung subsequently filed eight IPR petitions seeking to invalidate all asserted claims of the patents.  Dkt. 176 at 3.  All eight were ultimately instituted.  Dkts. 214, 224.  The table below summarizes the relevant dates of filing and institution.  Dkts. 176, 214, 224.

| IPR | Patent | Filing Date | Institution Date |
|---|---|---|---|
| IPR2025-00935 | 11,129,163 | April 30, 2025 | November 6, 2025 |
| IPR2025-00936 | 11,700,597 | April 30, 2025 | November 6, 2025 |
| IPR2025-00934 | 11,159,210 | May 1, 2025 | November 3, 2025 |
| IPR2025-00933 | 11,470,595 | May 13, 2025 | February 9, 2026 |
| IPR2025-00988 | 10,687,281 | May 20, 2025 | February 6, 2026 |
| IPR2025-01043 | 11,116,035 | May 29, 2025 | November 7, 2025 |
| IPR2025-01044 | 11,516,879 | May 29, 2025 | November 7, 2025 |
| IPR2025-01069 | 10,313,077 | June 5, 2025 | December 10, 2025 |

23.    On January 23, 2026, Wilus served the opening report of its technical expert Erik de la Iglesia providing, for the first time in the case and without seeking amendment of its contentions, infringement allegations incorporating confidential information, including source code, produced by third party Wi-Fi chip vendors ████████████████████████.  Dkt. 261, pp. 1-2.

24.    ███████████████████████████████████████████ ███████████████████████████  Ex. 22 at 23:14-24:4.  Relatedly, by Mr. de la Iglesia's own admission, [a]s ██████████████████████████████████ ██████████████████████████████████  Dkt. 261-9 at ¶ 54.

## III.    GOVERNING LAW

Wilus bears the burden of proving willful infringement.  *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110643, at *1 (E.D. Tex. May 11, 2015).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at

███████████████████████████████████

the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021).  The patentee must first show that the accused infringer had knowledge of the asserted patents at the relevant time.  *Id.*; *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).  The patentee must also show that any infringement was "deliberate or intentional."  *See e.g.*, *Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913, at *1 (E.D. Tex. Oct. 5, 2022) (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 2732 (2022)).

## IV.    ARGUMENT

### A.    Wilus Cannot Establish Pre-Suit Willfulness Because Samsung Did Not Have Actual Pre-Suit Notice of the Asserted Patents

As noted in Samsung's concurrently filed motion for summary judgment regarding pre-suit damages, prior to service of the complaints in these cases, Wilus did not provide any actual pre-suit notice of infringement of the asserted patents.  ████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████

████████████████████████████████████

████████████████████████████████████████  This contention is flawed. *See* SUMF ¶¶ 7-8.  Indeed, "[f]or purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative communication of a **specific charge of infringement** by a **specific accused product** or device."  *Team Worldwide Corp. v. Acad., Ltd*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting Amsted, 24 F.3d at 187).[1]  There is no evidence Sisvel's communication

---

[1] All emphasis is added unless noted otherwise.

█████████████████████████████████████████████

to Samsung that Sisvel (and Wilus) provided **a specific charge of infringement by a specific accused product or device**.

With respect to the **'879 and '597 patents**, ████████████████████████



SUMF ¶¶ 6-17. ██████

SUMF ¶¶ 13-15.  To the extent Wilus attempts to claim notice based on disclosures made to Samsung related to patents within the same families as the '879 and '597 patents, such argument is misplaced.  *See, e.g., Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. April 12, 2019), *adopted by* 2019 WL 1979866 (E.D. Tex. May 2, 2019) ("[S]imply pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient"). [2]

With respect to the **'595 patent**, ██████████████████



SUMF ¶¶ 7-8, 12.

*See Intellectual Ventures,* 2019 WL 1987172, at *2.  Sisvel failed to provide any other specific information with respect to alleged infringement to Samsung about the '595 patent prior to commencing the lawsuits.

---

[2] Indeed, the '879 and '597 patents (issued on November 29, 2022 and July 11, 2023, respectively) were not yet granted the USPTO by the time of Wilus's alleged notice of April 8, 2022.

███████████████████████████████████████████

With respect to the **'210 patent,** ████████████████████████████

████████████████████████████████████████████

███████████████████ ██ ████████████████████████████

██████    *See SUMF* ¶¶ 7-8. This is insufficient to establish notice.  *See Intellectual Ventures,* 2019 WL 1987172, at *2.  Sisvel failed to provide any other specific information with respect to alleged infringement to Samsung about the '210 patent prior to commencing the lawsuits.  *See SUMF* ¶¶ 9-17.

With respect to the **'281 and '035 patents,** ████████████████████████████ ████████████████████████████████████████    *See SUMF* ¶¶ 6-7. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████    *See id.* at ¶¶ 1-5. ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████.

*See Intellectual Ventures,* 2019 WL 1987172, at *2; SUMF ¶¶ 9, 16.

Finally, with respect to the **'077 and '163 patents,** ████████████████████████

████████████████████████████████████████

████████████████████████████████████    *See*

11



SUMF ¶¶ 7-9.  This information was likewise deficient with respect to specifically putting Samsung

on notice,

### B. Wilus Cannot Establish Willfulness Because It Cannot Demonstrate "Deliberate or Intentional" Infringement by Samsung

Wilus recently (roughly one month ago) forwarded—for the first-time in the opening report

of its technical expert[3]—infringement theories based on confidential documents and source code,

including code produced by third-party chipset vendors.  SUMF ¶¶ 19, 22.  The record in the present

case is clear that Samsung has no access to this information.  SUMF ¶¶ 23-24.  Given Samsung's

inability to consider this information, the details of which Wilus now rely on as evidencing

infringement, Samsung cannot be found to have engaged in "deliberate or intentional" acts of

infringement.  Accordingly, the Court should grant summary judgment of no willfulness (pre or post

suit) as to accused products containing Wi-Fi chipsets from third-party vendors.

Further,

*See, e.g.*, SUMF ¶ 20.  Tellingly, Samsung filed

IPR petitions on all claims of all eight asserted patents, and all were instituted by PTAB.  SUMF ¶¶

21-22.  Significantly, some prior art submitted to PTAB as part of the IPRs relates to the prior art

.  *See* SUMF ¶ 20.  In

granting each of these IPRs, PTAB confirmed "there is a reasonable likelihood that [Samsung]

would prevail" with respect to at least one of the challenged claims.  35 U.S.C. § 314(a).  If the

---

[3] Samsung is concurrently moving to exclude source code evidence, and opinions based there on. Dkt. 261.

Patent and Trademark Office itself has substantial questions regarding the validity of the patents at issue in this case, Wilus cannot credibly challenge whether Samsung's belief regarding the invalidity of the asserted patents in this case was justified.  Because Samsung has reasonable defenses, held in good faith, no reasonable jury could find deliberate or intentional infringement.

## V.    CONCLUSION

For at least the reasons herein, Samsung respectfully requests that the Court to enter summary judgment of no pre-suit and post-suit willfulness.

Dated: March 3, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone:  (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

*Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

██████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 3, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Ralph A. Phillips*

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

.████████████████