# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>HP INC.,<br><br>   Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP<br><br>**LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ASKEY COMPUTER CORP. AND ASKEY INTERNATIONAL CORP.,<br><br>   Defendants. | Civil Action No. 2:24-cv-00766-JRG-RSP<br><br>**MEMBER CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ASKEY COMPUTER CORP. AND ASKEY INTERNATIONAL CORP.,<br><br>   Defendants. | Civil Action No. 2:24-cv-00753-JRG-RSP<br><br>**MEMBER CASE** |

**DEFENDANTS ASKEY COMPUTER CORP.'S AND
ASKEY INTERNATIONAL CORP.'S INITIAL AND ADDITIONAL DISCLOSURES**

1

- documents and things, as well as witness testimony, that show others commercially used the subject matter of the Asserted Patents, such as, for example, internal or external commercial uses, arm's-length sale, or other commercial transfer, before Plaintiff applied for one or more of the Asserted Patents; and
- such other and further information as may be discovered in the course of this litigation, related litigations, or related administrative proceedings.

### 2. Askey's Invalidity Defenses

The Asserted Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112. Askey incorporates by reference its Invalidity Contentions and related disclosures that Askey will serve at a later date. The factual bases for this contention also include, without limitation and subject to the receipt, review, and/or preparation of the same:

- prior art to the Asserted Patents (some of which may not be in the custody, possession, or control of Askey, but within the custody of third parties);
- the prosecution history of the Asserted Patents;
- the specifications of the Asserted Patents;
- prior use or sale of the subject matter of the Asserted Patents;
- the prosecution history of any patent application related to the Asserted Patents;
- documents relating to the level of ordinary skill in the field of art of the Asserted Patents;
- witness testimony regarding the prosecution of the Asserted Patents, the disclosure of the Asserted Patents' specifications, prior art to the Asserted Patents, prior use or sale of the subject matter of the Asserted Patents, and the understanding of one of ordinary skill in the art;

5

- Plaintiff's responses to Askey's written discovery requests and/or the written discovery requests served by any defendant named in this action;

- Plaintiff's responses to written discovery requests served in any related administrative proceedings;

- documents produced by Plaintiff in this action;

- documents produced by Plaintiff in any related litigation and/or administrative proceedings;

- documents produced in response to third-party subpoenas;

- Askey's Invalidity Contentions and the Invalidity Contentions served by any defendant in this or related actions or administrative proceedings and any supplements thereto; and

- such other and further information as may be discovered in the course of this litigation, related litigations, or related administrative proceedings.

### 3. Limitations on Relief Sought by Wilus

To the extent Wilus is entitled to any damages under the Asserted Patents, 35 U.S.C. §§ 286 and 287 limit its recovery and limit any enhanced damages. Further, all other licenses of Wilus, including those of, involving, or through Wilus's licensing agent Sisvel International S.A., with its place of business at Immeuble Cubus C2, 2, rue Peternelchen, L-2370 Howald, Grand Duchy of Luxembourg, further restrict any damages Wilus may be entitled to. Wilus has not shown that this is an exceptional case justifying an award of attorney fees under 35 U.S.C. § 285. 35 U.S.C. § 288 further precludes the award of costs due to invalidity of some or all asserted claims. The principles of equity do not warrant any injunctive relief against Askey.

D.  **List of Knowledgeable Individuals**

| Name | Address and Telephone Number | Subject Matter |
|---|---|---|
| Tommy Lin | Askey Computer Corp. (Contact through counsel) | Research and development of the accused Askey products |
| Alvin Lin | Askey Computer Corp. (Contact through counsel) | Sales of the accused Askey products |
| Each of the named inventors of Wilus's Asserted Patents | Wilus Institute of Standards and Technology Inc. or last known contact information from Wilus | The alleged inventions as disclosed or claimed in the Asserted Patents; prior art and prior art references; the developments of related standard(s); and Wilus's alleged infringement. |

E.  **Indemnity and Insuring Agreements**

Askey is unaware of any pertinent indemnity or insurance agreement that is applicable to the claims in this case.

F.  **Relevant Settlement Agreements**

Askey believes Wilus's settlement agreements, license agreements, and other agreements and resolutions, including those relating to Wilus's asserted patents in the case, its wireless patent portfolio(s), or portfolios Sisvel identifies on its website, may be relevant to the claims in this case. Additionally, the settlement agreements, license agreements, and other agreements procured by Sisvel, whether directed to Wilus's portfolio(s) or not, may be relevant to the claims in this case.

G.  **Statements of Parties to the Litigation**

Askey is unaware of any pertinent statement of any party to the litigation other than the statements made by the parties in the pleadings for this case.

II.  **ADDITIONAL DISCLOSURES**