# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Case No. 2:24-cv-00746-JRG [Member Case] <br><br> Case No. 2:24-cv-00765-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> *Defendants.* | Case No. 2:24-cv-00766-JRG [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP [Member Case] |

**WILUS' RESPONSE TO SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF TODOR COOKLEV, PH.D**

## **TABLE OF CONTENTS**

I.     Dr. Cooklev's Response to Samsung's Galaxy Tab S "Source Code" Opinions is Based on
       Sufficient Evidence and Supported by the Law ...................................................................................1

II.    Dr. Cooklev's Opinions Do Not Require "Bodily Incorporation" ...................................................3

i

# TABLE OF AUTHORITIES

**Cases**

*Celanese Int'l Corp. v. Int'l Trade Comm'n,*
 111 F.4th 1338 (Fed. Cir. 2024) ................................................................................. 3

*Dey L.P. v. Sunovion Pharm., Inc.,*
 715 F.3d 1351(Fed.Cir.2013) ..................................................................................... 2

*Headwater Rsch. LLC v. Samsung Elecs. Co.,*
 No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164718 (E.D. Tex. Apr. 5, 2025)................................ 3

*Intel Corp. v. PACT XPP Schweiz AG,*
 No. 2022-1038, 2023 WL 2198649 Fed. Cir. Feb. 24, 2023) ........................................................ 4

*J.A. LaPorte v. Norfolk Dredging Com.,*
 787 F.2d 1577 (Fed. Cir. 1986) ................................................................................. 3

*Lockwood v. Am. Airlines, Inc.,*
 107 F.3d 1565 (Fed. Cir. 1997) .............................................................................. 1, 2

*Orthopedic Equip. Co. v. United States,*
 702 F.2d 1005 Fed. Cir. 1983) ................................................................................. 4

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.,*
 120 F. Supp. 3d 600 (E.D. Tex. 2015) ............................................................... 1, 2, 3

*TQP Dev., LLC v. Intuit Inc.,*
 No. 2:12-CV-180-WCB, 2014 WL 2809841 (E.D. Tex. June 20, 2014)........................................ 2

**TABLE OF EXHIBITS**

| Ex.* | Description | Abbreviation |
|---|---|---|
| 1 | February 13, 2026 Rebuttal Expert Report of Dr. Todor Cooklev | "Cooklev Rpt." or "Cooklev Report" |
| 2 | January 28, 2026 Corrected Opening Expert Report of Dr. Harry Bims | "Bims Op. Rpt." |
| 3 | January 23, 2026 Opening Expert Report of Dr. Stephen Wicker | "Wicker Op. Decl." |
| 4 | Transcript of February 20, 2026 Deposition of Dr. Harry Bims | "Bims Tr." |
| 5 | Transcript of February 24, 2026 Deposition of Dr. Stephen Wicker | "Wicker Tr." |

\* All exhibits attached to the concurrently filed declaration of James S. Tsuei

**I.     Dr. Cooklev's Response to Samsung's Galaxy Tab S "Source Code" Opinions is Based on Sufficient Evidence and Supported by the Law**

Samsung first argues that all of Dr. Cooklev's opinions about whether a POSITA would have had access to "Broadcom firmware and hardware source code" should be stricken. *See* Mot. at 1-2 (seeking to strike ¶¶ 60-90 of the Cooklev Report). *See* Cooklev Rpt. ¶¶ 60-90. According to Samsung, Dr. Cooklev's opinions here "are based on the wrong legal standard and would likely mislead the jury." Mot. at 2. If Dr. Cooklev's opinions are allowed by the Court, Samsung complains, it would "effectively preclude the use of any device containing proprietary chips and/or software as system prior art." *Id.* These arguments are meritless, and Samsung is wrong on the law.[1]

To begin, all obviousness theories maintained by Samsung (1) start with the Galaxy Tab S device and then (2) modifying the "***source code***" of the device's wi-fi chip (a Broadcom BCM4354 wi-fi chipset). *See* Dkt. 267, at 3-4. In response, Dr. Cooklev offered opinions about the failure of Samsung's experts to establish the public accessibility of the "Broadcom firmware and hardware source code"—which Samsung itself has placed at issue. While it is true that system prior art with confidential aspects can serve as prior art for an accused infringer, that reliance is proper only so far as it is limited to publicly-disclosed features of that system. That is the relevant holding from *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565 (Fed. Cir. 1997): that "public use of the high-level aspects of the SABRE system was enough to place the claimed features [] in the public's possession." *Id.* at 1570. The Federal Circuit emphasized: "other, unclaimed aspects of the SABRE system" (that is, aspects not actually relied on for proving invalidity) need not be "publicly available." *Id.*

The Court addressed a similar situation in *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 614 (E.D. Tex. 2015). The defendant in *TQP*, like Samsung here, argued that the public use of Lotus Notes, when used with a proprietary, closed-source RC4 encryption functionality, placed aspects of an asserted patent into the "public's possession" to support a 35 U.S.C. § 102 "public use" and "on sale" theory. *See id.* at 614-617. When the patentee in *TQP* challenged the prior art status of Lotus Notes because the defendant had relied on ***secret, non-public*** RC4 aspects of Lotus Notes for

---

[1] Wilus has briefed this issue via its Motion for Partial Summary Judgment of No Invalidity Under Obviousness Theories (Dkt. 267).

its invalidity case, the defendant, like Samsung here, cited *Lockwood* to argue it did not need to establish public accessibility of closed-source parts of Lotus Notes. *Id.* at 615 ("Defendant's response to these concerns is that the prior inventor need not divulge the 'innards' of the invention to the public to be public use."). The Court rejected that argument as an improper application of *Lockwood*, which clarified that it is the "***public use***" of a system reference that needs to be assessed for what it discloses; such use could disclose one thing but not another, depending on what the public can see. *Id.*

Thus, this Court found: "demonstrating a product that is missing key elements… is not a public disclosure all the elements." *Id.* The "high-level disclosure" through the public use of Lotus Notes could not help the defendant establish invalidity when its theory relied on closed-source RC4 functionality, because that specific functionality was not publicly disclosed through that public use or prior sale. *Id.* at 616. *See also TQP Dev., LLC v. Intuit Inc.*, 2014 WL 2809841, at *6 (E.D. Tex. June 20, 2014) (Bryson, J.) (reaching a similar conclusion); *Dey L.P. v. Sunovion Pharm., Inc.*, 715 F.3d 1351, 1359 (Fed. Cir. 2013) ("if members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features").

In resolving this Motion, the Court should decide: (1) whether Samsung's experts relied on non-public material to establish obviousness; and (2) whether Dr. Cooklev properly responded to Samsung's experts. The record plainly confirms this to be the case. Both of Samsung's invalidity experts, Harry Bims, and Stephen Wicker, ***expressly opine*** that their obviousness theories first require a POSITA have ***access*** to confidential Broadcom source code and then to ***modify*** it. *See, e.g.*, Bims Tr. 106:10-107:11 (confirming all theories involve "modifying the source code for the Wi-fi chip to implement additional functionality"); Wicker Tr. 25:7-28:23, 159:10-22 (confirming theories require modification of source code), 160:3-8; Bims Op. Rpt. ¶¶ 367 ("This update to the Galaxy Tab S would have involved simply ***modifying the source code for the Wi-Fi chip***[.]"), 371, 540, 597, 764, 828, 879, 1027, 1031, 1079 (similar); Wicker Op. Rpt. ¶¶ 191, 240, 242, 243, 246, 248 , 249, 252, 254, 258, 266, 267, 272, 279, 281, 825 (similar).

Wilus repeats the point for emphasis. Samsung's experts literally said, over and over, that their

2

obviousness theories **require** a POSITA to have access to confidential Broadcom **source code** and then to modify it. *See* Bims Tr. at 113:10-21 ("It's my understanding that if a person of ordinary skill did not have access to Broadcom source code, they would not be able to modify that source code[.]"). Samsung's experts certainly did not say, like in *Lockwood*, that a POSITA would simply take the "high-level aspects" of a prior art system and then arrive at the challenged claims.

Faced with unambiguous opinions from Samsung's experts asserting that a POSITA would **access** the Broadcom source code to **modify** it, Dr. Cooklev correctly focused on the basic predicate issue: whether a POSITA would, in fact, be able to **access** that source code. *See* Cooklev Rpt. ¶¶ 51-84. This is precisely what the patentee did in *TQP* when faced with a materially identical argument: it pointed out, correctly, that the invalidity theories were unsustainable given that the invalidity experts had relied on the confidential, closed-source RC4 encryption functionality. *See TQP*, 120 F. Supp. 3d at 614-16. As this Court's previous decisions show, Dr. Cooklev's opinions are plainly not "based on the wrong legal standard"—to the contrary, they are completely consistent with *Lockwood*.

Finally, Samsung argues that "all features embodied" in a commercially sold device are "in the public's possession"—ergo, the Broadcom source code is also in the "public's possession." Mot. at 1-2. This is incorrect. The two cases Samsung cites, *Celanese Int'l Corp. v. Int'l Trade Comm'n*, 111 F.4th 1338 (Fed. Cir. 2024) and *J.A. LaPorte v. Norfolk Dredging Com.*, 787 F.2d 1577 (Fed. Cir. 1986), are inapplicable. These cases are about the "on-sale" and "public use" bars—where prior **use** or **sale** of a claimed invention can be anticipatory under even if that prior use or sale involves confidential source code. *See Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164718, at *2 (E.D. Tex. Apr. 5, 2025). Here, Samsung's case does not involve on-sale or public use bars.

## II.     Dr. Cooklev's Opinions Do Not Require "Bodily Incorporation"

Samsung attacks Dr. Cooklev's opinions as improperly requiring bodily incorporation of multiple references. Mot. at 2-3 (moving to strike ¶¶ 71-90). This request should be denied. First, ¶¶ 71-84 of the Cooklev Report are about the public accessibility, not whether one reference can be incorporated into another. The Motion cites and argues about nothing from the ¶¶ 71-84 range for this "bodily incorporation" argument, and it is unclear how these paragraphs relate to Samsung's

3

argument. The Motion here cites only ¶ 89 of the Cooklev Report, which falls within the ¶¶ 85-90 range corresponding to a section titled "Dr. Bims and Dr. Wicker Fail to Establish Reasonable Expectation of Success For Their Obviousness Theories." Even so, as the challenged opinions plainly illustrate, Dr. Cooklev offered no opinions that Samsung's asserted references were not "physically combinable"—that is just an unsupported characterization by Samsung. *See* Cooklev Rpt. ¶¶ 85-90.

In reality, Dr. Cooklev's opinions are about whether Samsung's experts proved a **reasonable expectation of success** to support their obviousness theories—where "practical difficulties" faced by a POSITA in performing the asserted modifications **are** properly considered. "[E]vidence that the teachings and concepts of the prior art were (either actually or apparently) incompatible such that a skilled artisan would not have reasonably expected to succeed in combining those teachings is relevant to the obviousness analysis." *Intel Corp. v. PACT XPP Schweiz AG*, No. 2022-1038, 2023 WL 2198649, at *3 (Fed. Cir. Feb. 24, 2023). The "fact that features of one reference cannot be substituted into the structure of a second reference may indicate that the claims were nonobvious in view of the combined teachings of the two references." *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983). Dr. Cooklev's opinions on the "practical difficulties" are just a straightforward application of the relevant law, not "irrelevant" as the Motion says.

Dated:  March 16, 2026

Respectfully submitted,

*/s/ James S. Tsuei*

Marc A. Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email:  mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**Wilus Institute of Standards and**
**Technology Inc.**

5

**CERTIFICATE OF SERVICE**

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 16, 2026.

/s/ James S. Tsuei
James S. Tsuei