█████████████████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Civil Case No. 2:24-cv-00766-JRG [Member Case] |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | |
| Defendants. | |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | |
| Defendants. | |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIMS IN THE -746 CASE (DKT. 235)**

████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

TABLE OF EXHIBITS ..................................................................................................................... iii

TABLE OF ABBREVIATIONS ........................................................................................................ iii

I.      Samsung Established Good Cause to Amend ...................................................................... 1

II.     Samsung's Amendment Is Important and Not Futile ......................................................... 4

III.    Samsung's Request Does Not Prejudice Wilus and Warrants No
        Continuance ....................................................................................................................... 5

████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
No. 2:15-CV-1455-WCB, 2017 WL 119633 (E.D. Tex. Jan. 12, 2017) ...................................4

*Banks v. Spence*,
114 F.4th 369 (5th Cir. 2024) ......................................................................................................4

*C.R. Bard, Inc. v. Med. Components, Inc.*,
No. 2:12-cv-00032-RJS-DAO, 2021 WL 1842539 (D. Utah May 7, 2021) .............................2

*DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*,
629 F. Supp. 3d 548 (S.D. Tex. 2022) ........................................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009)...................................................................................................1

*Laborfest, L.L.C. v. City of San Antonio*,
No. 22-50038, 2023 WL 1434272 (5th Cir. Feb. 1, 2023) ........................................................4

*Nilssen v. Osram Sylvania, Inc.*,
504 F.3d 1223 (Fed. Cir. 2007)...................................................................................................4

*Probert v. The Clorox Co.*,
258 F.R.D. 491 (D. Utah 2009) ..................................................................................................2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
649 F.3d 1276 (Fed. Cir. 2011)...............................................................................................1, 5

*Uniloc 2017 LLC v. Google LLC*,
No. 2:18-cv-00503-JRG-RSP, 2020 WL 709557 (E.D. Tex. Feb. 10, 2020)............................4

**Statutes**

35 U.S.C. 119(a) .............................................................................................................................4

35 U.S.C. §103.................................................................................................................................5

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1-12 | See Opening Motion |
| 13 | Opening Report of Dr. Harry Bims (Corrected) |
| 14 | 2025-07-28 Email from R. Phillips |
| 15 | 2025-08-14 Email from J. Ma |
| 16 | 2025-11 Email Exchange re ESI Discovery |
| 17 | Prosecution History of the '077 Patent (WILUS_0000701) (Excerpts) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| IC | Inequitable conduct |
| ESI | Electronically Stored Information |
| PTO | Patent and Trademark Office |
| '434 | Korean Patent Application No. 10-2015-0117434, filed on August 20, 2015 |
| '525 | Korean Patent Application No. 10-2015-0092525, filed on June 29, 2015 |
| Mot. | Dkt. 235, Defendants' Opposed Motion for Leave to Amend their Answer and Counterclaims in the -746 Case |
| Opp. | Dkt. 283, Plaintiff Wilus's Opposition to Defendants' Motion for Leave to Amend Answer and Counterclaims in the -746 Case |

Wilus baselessly attacks this motion on the grounds of delay and futility. It parades a list of dates, including when Samsung filed its first Answer, for when Samsung could have added its IC defense. It also points to the fact that the annotated version of Zhang 810 (Dkt. 235-09, Ex. 9) was produced earlier in the case, albeit without any information about who made those annotations, when, and why. Wilus appears to ignore that inequitable conduct is not a matter to be taken lightly. Its core component is fraud, and pleading it is subject to a heightened pleading standard. In addition to that, *Therasense* significantly raised the bar in terms of proving it. Therefore, simply showing that there is an issue with patent priority, or with an applicant failing to disclose a reference is not enough. Likewise, referencing a prior art document with annotations, but without any context, would not pass muster to support the proper inequitable conduct pleading.

The record in this case is clear—Samsung did not learn about the facts necessary to plead inequitable conduct until it deposed Wilus's inventors in the end of December 2025 and reviewed Wilus's belated December production. Samsung then diligently prepared and filed this motion.

## I.      Samsung Established Good Cause to Amend

Wilus ignores that inequitable conduct is subject to a heightened pleading standard. FRCP 9(b). "[T]he pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). Further, *Therasense* significantly raised the bar in terms of proving inequitable conduct. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (holding that "the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO" which is "the single most reasonable inference able to be drawn from the evidence"). As such, it is "not unreasonable for patent challengers to postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger [to] confirm its suspicions and gather the evidence necessary to sustain its claims."

1

*C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-00032-RJS-DAO, 2021 WL 1842539, at *3 (D. Utah May 7, 2021) (citation modified). It is further appropriate to wait until after taking depositions to gain evidence about produced documents to file a motion for leave. *See Probert v. The Clorox Co.*, 258 F.R.D. 491, 494 (D. Utah 2009) (finding no undue delay).

Samsung complied with those stringent requirements and was diligent with its proposed amendment. Samsung learned about the critical and necessary evidence for properly pleading inequitable conduct only at the end of December, shortly after it received Wilus's belated production containing suspicious materials and following the depositions of Wilus's inventors. Mot. at 2. Indeed, Samsung elicited evidence related to the intent-to-deceive, specifically that (1) inventor Geonjung Ko, knew about material prior art, Zhang 810, and then derived the invention of the '077 patent directly from Zhang 810, and (2) Wilus knew that it had a flawed and deficient priority claim, yet maintained it during the prosecution. Mot. at 3-7, 11-12, 15.

Wilus's response is flawed, as it incorrectly treats Samsung as seeking to claim not one, but two distinct "theories" of inequitable conduct—(1) claiming priority to the '525 application; (2) withholding Zhang 810 from the PTO—and Wilus then severs each "theory" from the other to suit its argument. Opp. at 7-8. But both of those "theories" pertain to the same conduct born of the inventors' use of Zhang 810 in conceiving a purported invention of the '077 patent, later claiming an earlier priority date, as well as hiding this critical art from the PTO. Mot. at 11-12.

Wilus claims that Samsung had "elements" of inequitable conduct since it filed the initial Answer and invalidity contentions which identified Zhang 810 and the priority issue, by early 2025. Opp. at 4, 7-8. But that the '077 patent is obvious over Zhang 810 or that the '077 patent is not entitled to a priority claim is far from what is required to plead inequitable conduct.

Wilus then contends, without support, that Samsung "had basis" to assert inequitable

2

conduct when it received Wilus's marked up version of Zhang 810 in July 2025. *See* Opp. at 8. This annotated version of Zhang 810 had no metadata, no custodian, no timestamp, and no attribution whatsoever of the document's Korean comments.[1] As such, Samsung worked diligently to obtain additional evidence that would answer questions about this document. In particular, Samsung sought ESI discovery from Wilus for the listed inventors of the '077 patent. Ex. 14. Instead of producing responsive documents, Wilus engaged in months-long dilatory tactics, insisting on narrowing search terms. Exs. 15-16. Wilus finally commenced its ESI related production starting on December 2, 2025, shortly before the depositions.

Wilus attempts to blame Samsung for delaying depositions to "the last 3 weeks of fact discovery." Opp. at 10. But this schedule was the result of Wilus's delay strategy with making ESI production. Samsung needed to have Wilus's ESI production before proceeding with the inventor depositions, and Wilus only made that production available in December 2025.

Wilus improperly casts two of its late-produced documents, WILUS_0069072 and WILUS_0140903, as having no "meaningful connection" to inequitable conduct. However, Wilus concedes that WILUS_0069072 shows that the '525 and '434 applications cover different inventions. Opp. at 8. The document also shows that Wilus knew it had an improper priority claim involving the '525 application. Mot. at 4-6. Wilus's claim that WILUS_0140903 is public, Opp. at 9, contradicts Wilus's own decision to mark this document as confidential and redact references thereto in the instant motion. *See* Dkt. 242 (redactions to Mot. at 2, 4).

Caselaw confirms that Samsung was diligent. Courts have found that delays of less than three months are "reasonable because inequitable conduct is subject to the heightened pleading

---

[1] Contrary to Wilus's claim (Opp. at 3), the annotated version does not show that Wilus knew that the "m" term in Zhang 810's equations should be changed. Dkt. 235-9, Ex. 9, 23-24; Ex. 13, ¶ 1224.

standard of Rule 9(b)." *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 597 (S.D. Tex. 2022) (finding that seven weeks is reasonable).[2] Samsung took the last '077 inventor deposition on December 17, 2025 and continued analyzing Wilus's voluminous December production of more than 1,650 documents, many of which Samsung had to translate. Nonetheless, December 17, 2025 is about two months before Samsung filed its present motion. Regardless, Wilus already had notice about this defense via Samsung's interrogatory response, expert report, and email about filing this motion (respectively 12/22/25, 1/23/26, and 2/11/26). Mot. at 2-3.

## II.    Samsung's Amendment Is Important and Not Futile

Wilus persists with its imaginary claim of two unconnected Samsung inequitable conduct theories, and baselessly asserts that Samsung's allegations in the amendment are conclusory. Opp. at 11-14. Wilus ignores that the priority claims have to be for the "same invention." 35 U.S.C. 119(a). Here, the record is clear that the inventions in the '525 and '434 applications that the '077 patent claims priority to are different. Opp. at 8. Further, "[a] claim for priority is inherently material to patentability." *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1233 (Fed. Cir. 2007). Wilus's documents show claiming priority to the '525 application, which was improper, was not some benign mistake, but rather was done with an intent to deceive. Mot. at 4-6, 11-12. Evidence further shows that the inventors derived their purported invention from Zhang 810 which had

---

[2] Wilus's cited *Allergan* case, where the Court deemed that the movant had enough evidence to amend its answer before the deadline, is not relevant here. Opp. at 6-7; *Allergan, Inc. v. Teva Pharms. USA, Inc.,* No. 2:15-CV-1455-WCB, 2017 WL 119633, at *5-6 (E.D. Tex. Jan. 12, 2017). The cited *Banks* case—adding a Fourteenth Amendment claim not subject to Rule 9(b)—is not pertinent to inequitable conduct. Opp. at 5, 10; *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024). In *Laborfest*, the Court rejected movant's attempt to add a non-inequitable conduct defense after summary judgement motions had been filed. Opp. at 10; *Laborfest, L.L.C. v. City of San Antonio*, No. 22-50038, 2023 WL 1434272, at *3 (5th Cir. Feb. 1, 2023). In *Uniloc*, the Court rejected an attempt to add new prior art unrelated to inequitable conduct. Opp. at 10; *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00503-JRG-RSP, 2020 WL 709557, at *2 (E.D. Tex. Feb. 10, 2020).

nothing to do with the subject of the '525 application. *Id*. Tellingly, Wilus's manufactured priority claim to the '525 application predates Zhang 810. The single most reasonable inference here is that the inventors acted with the specific intent to deceive the PTO.

Wilus further argues that the inventors "believed" that Zhang 810 is different from their purported invention, as it "does not disclose all elements of the claims" and thus tries to excuse the inventors' failure to disclose Zhang 810 to the PTO.[3] Opp. at 13. But the law on inequitable conduct does not require an anticipatory test for materiality of withheld prior art, *Therasense,* 649 F.3d at 1291, as examiners may reject claims under obviousness. 35 U.S.C. §103. As the report of Samsung's expert Dr. Harry Bims shows, the '077 patent's claims are obvious in view of Zhang 810. Ex. 13, ¶¶ 365-435, 1211-1233.

## III.    Samsung's Request Does Not Prejudice Wilus and Warrants No Continuance

Wilus's claims of "unfair prejudice" is a last-ditch, belated effort to avert facing the inequitable conduct allegation supported by the evidentiary record. In fact, Wilus failed to raise any issues with "prejudice" when the parties met and conferred about the instant motion on February 17, 2026. Had Wilus done so Samsung would have accommodated any reasonable requests to obtain discovery out of time. In any case, while Samsung maintains Wilus has presented no legitimate prejudice, the Court could still allow limited discovery to address Wilus's late raised concerns. Mot. at 13-14. Continuance is unnecessary for the reasons noted in the motion.[4] *Id.*

---

[3] Contrary to Wilus's contention, Zhang 810 is not cumulative to prior art of record because the examiner allowed the claims based on that art failing to teach or suggest the claimed features—specifically referencing the claimed equations. Ex. 17 at 096-097. Indeed, the prior art of record (7 references, total) does not have any equations resembling the claimed equations or Zhang 810's equation. Dkt. 235-1, Ex. 1 ('077 patent), cover.

[4] While a continuance is not required to address the issues here, Samsung previously requested a stay in light of the pending IPRs (Dkt. 176), and maintains that a stay is proper.

Dated:  March 13, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

6

███████████████████████

Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

7

███████████████████████████████

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

███████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 13, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ralph A. Phillips*
Ralph A. Phillips