# Exhibit 16

| | |
|---|---|
| **From:** | Ralph A. Phillips |
| **Sent:** | Wednesday, November 26, 2025 9:11 PM |
| **To:** | Mackenzie Paladino |
| **Cc:** | pwang@raklaw.com; Smyth, Jeffrey; FISH SERVICE Samsung/Wilus; ASKEY-Wilus; jma@raklaw.com; rak_wilus@raklaw.com; Andrea Fair; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com |
| **Subject:** | RE: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery |

Mackenzie,

Thank you for the clarification on the scope of your ESI review—it answered my question.

As for the timing of the completion of production, we understood both from our videoconference last Friday (11/21) and from Philip's follow up correspondence that Wilus committed to completing production of email by Friday, 12/5.

Given that the deposition of Wilus is due to start 12/10, we doubt that we will have sufficient time to process any substantial volume of email (particularly if Korean language) produced after 12/5 for use in the deposition.

As such, while we will make a good faith effort to review and include any documents so produced, we reserve the right to recall witnesses as needed to address ESI materials produced after 12/5.

Let us know if you'd like to convene a call to discuss.

Regards,

Ralph


**Ralph A. Phillips ::** Fish & Richardson P.C. **::** +1-202-626-6382


**From:** Mackenzie Paladino <mpaladino@raklaw.com>
**Sent:** Wednesday, November 26, 2025 11:25 AM
**To:** Ralph A. Phillips <RPhillips@fr.com>
**Cc:** pwang@raklaw.com; Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>; jma@raklaw.com; rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** Re: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery

Hi Ralph,

I am not sure I understand your question. We are reviewing the 5,835 documents with hits and related "attachment groups" within those hits. The actual number of documents reviewed ends up being slightly higher than the 5,835 documents because of the "attachment groups." For example, Ko search term 3 has 754 hits w/o fam and deduped, but when including the documents within the attachment groups, the number of documents actually reviewed ends up

being slightly higher at 854. I am not sure if the "attachment groups" are what you are considering "related groups", but I hope this clarifies.

As an update on timing, we intend to begin production on 12/1, on a rolling basis and are making a good faith effort to complete our production on 12/8. We hope that Samsung will make the same good faith effort to complete its production in a timely manner before the depositions, but understand both parties are constrained on timing given the volume of documents and the holidays.

**Mackenzie Paladino**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | mpaladino@raklaw.com | www.raklaw.com ---------------------------------
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Nov 26, 2025, at 11:00 AM, Ralph A. Phillips <RPhillips@fr.com> wrote:

Philip,

A point for clarification to ensure there is parity in our productions—is Wilus limiting its ESI production to just the (5,835) documents with hits, or will it also be providing documents within the related groups?

Also, with regard to timing, as discussed on our call, it is Samsung's position that the timing of completion should be relative to the start of depositions. We understood you to suggest Wilus could begin a rolling production at the beginning of the week and concluding by 12/5. This would result in completion of ESI production three business days prior to Wilus's deposition (on 12/10).

Samsung plans to begin production of ESI documents next week, but given the volume of email we are reviewing, finalization of the production may flow into the following week. In any event we will complete our production three business days prior to the beginning of Samsung depositions—commensurate with what you have proposed for Wilus.

We are agreeable to proceeding under this timeline, please let us know if you wish to discuss further.

Thanks,

Ralph

**Ralph A. Phillips ::** Fish & Richardson P.C. **::** +1-202-626-6382

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Monday, November 24, 2025 9:36 PM
**To:** Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>; Ralph A. Phillips <RPhillips@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Cc:** Mackenzie Paladino <mpaladino@raklaw.com>; jma@raklaw.com; rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** Re: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery


[This email originated outside of F&R.]


Ralph and Jeff,

Thanks for the productive call on Friday 11/21. I write to memorialize our discussion and the agreements among Wilus, Samsung, and Askey.

**Scope of ESI for Review and Production**
- Samsung will review 8,453 ESI hit counts (the hits/terms corresponding to Ralph's 11/21 email and Mackenzie's 11/18 email);
- Askey will review 6,362 hit counts (the hits/terms corresponding to Jeff's 11/21 email, Mackenzie's 11/18 email, and previously);
- Wilus will review the 5,835 hit counts (the hits/terms corresponding to Jeff's 11/12 email)

**Timing for Production**
The parties agreed to set a mutual deadline for completing review and production of ESI. On the date, I noted that 12/1 would be impractical given the holiday and suggested 12/5. Since our call, I've checked with our team and vendor and believe we can do 12/5. Please confirm that 12/5 works for Samsung and Wilus.

The parties also agreed to do rolling productions  of ESI and not wait until near the deadline to produce substantially all ESI.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com



On Nov 21, 2025, at 12:23 PM, Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com> wrote:

Phillip,

Askey will review and produce ESI based on the hit counts from your November 18th email. We will be able to provide a time estimate once we have had a chance to coordinate with the vendor regarding logistics. Askey has not been dragging this out; we provided our hit count information over two months ago and have been waiting ever since for you to engage in this process.

Best,
Jeff

**Jeffrey D. Smyth**
Partner
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6618 | fax 650.849.6666 | jeffrey.smyth@finnegan.com | www.finnegan.com

---

**From:** Ralph A. Phillips <RPhillips@fr.com>
**Sent:** Friday, November 21, 2025 12:20 PM
**To:** pwang@raklaw.com; Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Cc:** Mackenzie Paladino <mpaladino@raklaw.com>; jma@raklaw.com; rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** RE: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery

Philip,

We are confused by your email and disagree with the statements made.

You ask for confirmation regarding whether Defendants agree to review and produce the 10,258 hit count for Samsung. However, as outlined in my November 20 email, the updated hit count for Samsung after Wilus's narrowing that your colleague Mackenzie requested in her email of November 18 is 8,453. To the extent the reference to 10,258 hits was in error, please confirm so and further confirm that Wilus is agreeable to moving forward with the narrowed Samsung custodians and search terms proposed November 18 resulting in a hit count of 8,453. Otherwise, please explain how this is not an example of a "highly improper and untimely" attempt to "to go back on your word" and "expand the hits (by thousands of terms) at the eleventh hour."

Your accusation that Defendants have somehow been "dragging out the process by months" is baseless. At the outset of ESI discovery, Wilus previously proposed that "each party be limited to reviewing 5000 deduplicated hits across custodians (family-included)." Over the past two months, Defendants have proposed multiple, narrowing amendments to their search terms in an attempt to narrow the hit counts down to around that number. Mackenzie's November 18 email proposing narrowed terms, while welcomed, was the first such email from Wilus since search terms and custodians were exchanged on August 15—that, despite the fact that Wilus's search terms returned over 690,000

4

hits.  Defendants cannot credibly be characterized as the parties to the negotiation that have been dragging feet.

The notion you now, for the first time, raise that the relative sizes of the parties should somehow dictate appropriate hit count is similarly unsupported.  There is no such requirement in the E-Discovery Order, and it is contrary to Wilus's own proposal regarding a 5,000 hit count goal for all parties.

Lastly, with respect to your statements regarding generic vs. narrowly tailored search terms, you ignore that Wilus continues to propose broad search terms, some of which have returned thousands of hits (e.g., (letter* w/2 assurance) OR LOA, Sisvel OR "Sisvel.com" OR 시스벨 OR 씨스벨, and Wilus OR "wilusgroup.com" OR 윌러스 OR 윌러스표준기술연구소).

That said, in an effort to bring ESI negotiations to a close, Samsung is agreeable to reviewing and producing non-privileged documents within the 8,453 hit count resulting from Wilus's latest proposal provided Wilus is willing to do the same with respect to the terms and custodians proposed by Samsung that resulted in a 5,835 hit count, with the further understanding that ESI productions are to be made one week prior to depositions.

Please confirm Wilus's agreement.  We look forward to speaking with you this afternoon.

Regards,

Ralph


**Ralph A. Phillips ::** Fish & Richardson P.C. **::** +1-202-626-6382

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Thursday, November 20, 2025 10:14 PM
**To:** Ralph A. Phillips <RPhillips@fr.com>; Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Cc:** Mackenzie Paladino <mpaladino@raklaw.com>; jma@raklaw.com; rak_wilus@raklaw.com; Andrea Fair <andrea@millerfairhenry.com>;melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** Re: Wilus Institute of Standards and Technology Inc., v. HP Inc., 2:24-cv-0752 (lead case): ESI Discovery

Ralph and Jeff,

Two important points at the outset. First, please confirm that Askey agrees to review and produce the ESI hit counts set forth in our Nov. 18th email. Or is Askey refusing to participate in ESI discovery? Askey's position is obviously relevant to this discussion and to whether Defendants are entitled to ESI discovery from Wilus.

Second, Ralph's Nov. 18th email narrowed Defendant's requested search terms to 5,800+ hits. It is highly improper and untimely to go back on your word and attempt to

5

expand the hits (by thousands of terms) at the eleventh hour. Wilus does not and will not agree. This is exactly what I meant by time running out to negotiate terms and hit counts. After dragging out the process by months, Defendants cannot narrow terms and then purport to "update" by adding thousands back.

As we've repeatedly explained, Wilus's search terms are narrowly tailored and given the size of Samsung and Askey (100x larger than Wilus) are reasonable and proportional. In contrast, Defendants have proposed various generic terms (such as "Sisvel" and "patent") that suggest a fishing expedition. They are unduly burdensome, not reasonably calculated to lead to admissible discovery, and disproportional to the needs of the case.

Given the late timing, we need to know your position and reach final resolution on this issue. Let's confer at 1 pm Pacific on Friday at the dial-in below. In our call (or before), please confirm whether Defendants agree to review and produce the hit counts in our Nov. 18th email: (10,258 for Samsung and 6,362 for Askey). If so, we can discuss a workable schedule.

Thx, Philip


Time: Nov 21, 2025 01:00 PM Pacific Time (US and Canada)
Join Zoom Meeting
https://zoom.us/j/93826214606?pwd=Y9jRiA8z9XBcU35TI2mx8rNRvuKbE6.1

Meeting ID: 938 2621 4606
Passcode: 741606

---

One tap mobile
+16694449171,,93826214606#,,,,*741606# US
+16699006833,,93826214606#,,,,*741606# US (San Jose)

Join instructions
https://zoom.us/meetings/93826214606/invitations?signature=eqi16WL8RrdYmEZHFrfzzzwFOdVqrZ-P8jqpXHNi2eg

*********************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
*********************************************************************
****************************************************

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have

received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


```
************************************************************************
*************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
************************************************************************
*************************************
```