IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTTTUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTTTUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF STANDING (DKT. 220)**

███████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 21 | Email Thread (February 23, 2026–March 11, 2026) |
| 22 | USPTO Assignment Cover Sheet for Assignment of Patents between SK Telecom Co., Ltd. and Wilus Institute of Standards and Technology, Inc. dated May 27, 2024 |
| 23 | Deposition of Jin Sam Kwak, Ph.D. taken December 10, 2025 [Excerpted] |
| 24 | Wilus – About Us (https://www.wilusgroup.com/about) [Excerpted] |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '077 patent | U.S. Patent No. 10,313,077 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| Asserted Patents | '077, '281, '595, '210, '163, '597, '035, and '879 patents |
| Assignment | Assignment of Patents (WILUS_0025432) |
| First Amendment | Amendment to Patent Sharing Agreement (SAMSUNG_WILUS_00192657) |
| Fourth Amendment | Rescission of Third Amended Patent Sharing Agreement and Fourth Amended Patent Sharing Agreement (WILUS_0149623) |
| Motion to Dismiss | Samsung's Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281 (Dkt. 220) |
| Opposition | Wilus' Opposition to Samsung's Motion to Dismiss for Lack of Standing (Dkt. 238) |
| Patent Sharing Agreement | Patent Sharing Agreement (SAMSUNG_WILUS_00192647) |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Samsung Member Cases | Member Case Nos. 2:24-cv-00746-JRG and 2:24-cv-00765-JRG |
| Second Amendment | Amendment (2nd) to Patent Sharing Agreement (SAMSUNG_WILUS_00192663) |
| SKT | SK Telecom Co. |
| Third Amendment | Third Amended Agreement of the Patent Sharing Agreement (SAMSUNG_WILUS_00193809) |
| Wilus | Wilus Institute of Standards and Technology Inc. |

\* All emphasis in this brief is added, unless otherwise indicated.

The nature of the issues raised in Samsung's Motion to Dismiss have fundamentally shifted. Samsung's Motion was premised on Wilus's repeated representations that the Assignment of Patents (Dkt. 220-12) is **the agreement** between Wilus and SKT that purportedly granted Wilus rights in the Asserted Patents.  However, on February 23, 2026—**two months after the close of fact discovery and the day before Wilus's deadline to file its Opposition to Samsung's motion**—Wilus produced a document that it claims is **the actual agreement** between Wilus and SKT.  Ex. 21 at 11–12.  According to Wilus, the document it had led Samsung to believe was **the agreement** (the Assignment of Patents, Dkt. 220-12) is simply the assignment registered with the USPTO.  Dkt. 238 at 3–4.

Samsung, if necessary, intends to file a Motion for Sanctions Under Rule 37[1] fully explaining that the Court cannot allow Wilus to blatantly violate the Discovery Order.  As Samsung will explain, it **repeatedly** requested Wilus to produce ownership documents—including agreements between Wilus and SKT.  *See, e.g.*, Ex. 21 at 1 ("[W]e requested [**all** ownership] documents at least on February 21, 2025; April 11, 2025; May 23, 2025; July 11, 2025; July 15, 2025; July 18, 2025; July 22, 2025; and July 23, 2025.").  Wilus represented throughout this case that all such documents were produced—until the day before the deadline to oppose Samsung's Motion to Dismiss, that is.  To use Wilus's own words, it failed to produce half of "an agreement that had **two parts**: the Patent Assignment Agreement [Dkt. 238-3] . . . and the Assignment of Patents [Dkt. 220-12]."  Dkt. 238 at 3.

Now, unsurprisingly, Samsung's Motion to Dismiss and Wilus's Opposition talk past one another.  Samsung's Motion to Dismiss is based (in part) on the premise that the Assignment of Patents is the operative **agreement** that purportedly transferred rights from SKT to Wilus.  Dkt. 220 at 7–10 (explaining that the Assignment of Patents is an invalid agreement).  Samsung argues it is

---

[1] As of March 11, 2026, the parties continue to meet and confer to try to avoid burdening the Court with another dispute.  *See generally*, Ex. 21.

████████████████████████████████████████

invalid and therefore other pre-lawsuit agreements between Wilus and SKT controlled the distribution of their rights in the Asserted Patents. *Id.* at 10–14. Wilus's Opposition, on the other hand, treats the Assignment of Patents not as an agreement but rather the document recorded with the USPTO. Dkt. 238 at 5–15.

In response to this belated production of a document that purports to be an agreement between Wilus and SKT, Samsung posed several questions to Wilus regarding (1) the process by which Wilus finally "discovered" this document, and (2) its authenticity. Ex. 21 at 1, 10–11. Wilus failed to substantively address any of these issues—merely restating that Wilus's counsel "determined that an additional part of the assignment agreement was non-duplicative and had not been produced. We never intended to withhold the agreement or any part during discovery." *Id.* at 7–8.

As Samsung will explain (if necessary) in its Motion for Sanctions, Wilus's excuses are not acceptable. Samsung remains concerned regarding whether (1) Wilus conducted a "reasonable search" for the Patent Assignment Agreement, as it claims, (2) Wilus withheld the Patent Assignment Agreement, and (3) the Patent Assignment Agreement's authenticity. To address these concerns, Samsung needs answers to questions, such as the following:

- Where did Wilus maintain the Patent Assignment Agreement after execution on May 27, 2024?

- Who at Wilus was responsible for maintaining agreements concerning patent ownership?

- When did Wilus begin preparing to file these lawsuits against Samsung?

- Did Wilus enter the Patent Assignment Agreement in anticipation of suing Samsung?

- Why didn't Wilus produce the Patent Assignment Agreement when it initiated these lawsuits?

- Did Wilus's counsel try to identify the Patent Assignment Agreement before this lawsuit?

- Did Wilus's counsel coordinate with Wilus during discovery to search for documents relevant to the Assignment of Patents—including its other "part," the Patent Assignment Agreement—after Samsung's repeated requests for agreements related to the Assignment of Patents (Ex. 21 at 1)?

2

- Why didn't Wilus collect the Patent Assignment Agreement when it collected the Assignment of Patents, which it had produced to Samsung on June 10, 2025?

- After Samsung's repeated follow-ups, did Wilus ever contact Young Seok Koo, Wilus's patent attorney responsible for registering the Assignment of Patents with the USPTO?  Ex. 22 at 2.

- Why wasn't this document located when Samsung filed its Motion to Compel Deposition (Dkt. 160) concerning a deposition on Asserted Patent ownership-related topics?

- Why doesn't the Third Amendment refer to the Patent Assignment Agreement?  Dkt. 220-13.

- Why wasn't this document located when Wilus finally offered Dr. Kwak for deposition?

- Why wasn't this document located when Wilus prepared Dr. Kwak for his deposition?

- Why did Wilus's CEO, Dr. Kwak, testify under oath on December 10, 2025 that Wilus had provided "[a]ll documents" to its counsel, Ex. 23 at 38:7–12, when Wilus's counsel later stated that it discovered the Patent Assignment Agreement after "another round of targeted additional review involving agreements with SKT" (Ex. 21 at 12)?

- How could Wilus have possibly overlooked collecting and producing a purportedly critical ownership document when its entire business model is licensing patents?  Ex. 24 (claiming that Wilus is "a leading independent R&D lab" that has "secured hundreds of licensees all over the world").

Samsung deserves discovery into the authenticity of, and the process by which Wilus allegedly rediscovered, the Patent Assignment Agreement.  Granting such discovery will ensure Samsung can adequately probe whether Wilus has met the statutory standing threshold in this lawsuit.

If, after Wilus addresses the questions posed above and any others that arise during discovery, the Court determines that the Patent Assignment Agreement is unreliable and that the Assignment of Patents is the agreement allegedly transferring ownership from SKT to Wilus, Wilus's arguments in its Opposition fail.  ***First***, the Court should disregard Wilus's argument that U.S. common law controls

3

███████████████████████████████████████████████

the validity of the Assignment of Patents (Dkt. 238 at 5–8) because that argument only applies to **assignments**, not contractual agreements. *Compare Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) ("Usually, federal law is used to determine the validity and terms of an **assignment**") *with Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020) ("The assignment of a patent's legal title is interpreted in accordance with contract statutes and common law **in the state where the assignment took place**, . . . here Minnesota.").

**Second**, Wilus argues that "there was clearly consideration for the Assignment" and it is therefore valid under Texas law. Dkt. 238 at 8. This is wrong. ████████████████████████ ████████████████████████████████████. Dkt. 220-14 at 165:16–22; *see also id.* at 43:6–11. If the Patent Assignment Agreement is unreliable, then the Court should disregard Wilus's arguments relying upon its terms. Dkt. 238 at 9 (███████████████████████████████████ ████████████████████████████████ ████████████). Moreover, Wilus's attempt to rely upon the Patent Sharing Agreement and amendments thereto (Dkt. 238 at 10–11) must be rejected because none of these bear on consideration with respect to **the Assignment of Patents**. Wilus provides no support for its argument that Dr. Kwak's "very presence" at a deposition is consideration in association with the Assignment of Patents. *Id.* at 11. Further, Wilus's reliance upon *Procter & Gamble v. Kimberly-Clark Corp.* (*id.*) is misguided because there, the agreement-at-issue expressly stated that payments from a previous agreement "represent consideration for the assignment," 684 F. Supp. 1403, 1404 (N.D. Tex. Apr. 13, 1987)—as opposed to the Assignment of Patents, which includes no such reservation. *See generally*, Dkt. 220-12. And Wilus's final arguments hinge on its assertion that the Assignment of Patents is not the contractual **agreement** that purportedly transferred SKT's rights to Wilus—which would be incorrect, if the Court finds the Patent Assignment Agreement unreliable.

4

Dkt. 238 at 12 (citing cases concerning assignments, rather than contractual agreements).[2]

**Third**, Wilus's attempt to undermine the credibility of the Honorable Sung-Joon Choi (Dkt. 238 at 12–13) should be rejected because the Opposition fails to challenge or even allege that the Korean law and/or legal principles Judge Choi relies upon are incorrect. *See Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 131 (W.D. Tex. 2020) (rejecting evidentiary objections to foreign legal declaration where "Defendants have made no objection to the accuracy of the translations of Danish law put forth by Plaintiff's witness"). Wilus's arguments also fail substantively. Wilus does not address Judge Choi's explanation that the Fourth Amendment further demonstrated that the Assignment of Patents is a fictitious declaration because SKT still "retain[ed] a continuing interest in the 'Assigned Patent.'" Dkt. 220-21 ¶ 38. And Wilus's argument that the Assignment is not an invalid litigation trust fails at least because, as Wilus acknowledges, it gained litigation rights in the SKT Exclusive License Patents that it did not previously have. *Compare* Dkt. 220-11 § 3(2) *with* Dkt. 220-12. Moreover, Wilus fails to explain how the Assignment of Patents is "reasonably necessary" for Wilus and SKT to "manag[e] intellectual property rights"—under the terms of the Second Amendment, Wilus and SKT could have jointly filed a lawsuit. They simply chose not to, instead executing the Assignment of Patents four months before filing suit, "suggest[ing] that Wilus and SKT executed the Patent Assignment Agreement primarily to enable Wilus to pursue litigation, such as damages claims for patent infringement, without any genuine intent to assign the underlying patent rights (more precisely, SKT's co-ownership shares in the patents)." Dkt. 220-21 § 44.

The Court should grant the Motion.

---

[2] Wilus also incorrectly relies upon *Brooks v. Land Drilling Co.* for the proposition that a non-party to a contract does not have "standing to contest the adequacy of consideration," Dkt. 238 at 12, but Texas law allows a non-party to an agreement to "question the validity of [the] Agreement to defend against" a lawsuit filed by a party to the contract. *Estate of Lee*, 551 S.W. 3d 802, 811 (2018). And as Samsung explained in the Motion, "consideration is a fundamental element of any valid contract." Dkt. 220 at 9 (quoting *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App. 1999)).

███████████████████████████████████████████

Date: March 11, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591

6

████████████████████████████████████

fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

7

██████████████████████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 11, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document by electronic mail.

*/s/ Ralph A. Phillips*

██████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████

███████████ ——————————————————

8