IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>     Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>     Defendants. | Civil Case No. 2:24-cv-00766-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>     Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>     Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. M. RAY PERRYMAN (DKT. 257)**

██████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS ................................................................................................................ iv

I.     DR. PERRYMAN'S ANALYSIS OF THE ██████████ AGREEMENT IS RELEVANT AND RELIABLE ............................................................ 1

II.    DR. PERRYMAN'S RELIANCE ON THE UNIFIED CONSULTING REPORT IS RELIABLE AND NON-PREJUDICIAL ....................................................... 4

III.   DR. PERRYMAN DID NOT PROVIDE NEW OPINIONS ON REDIRECT ...................................................................................................................... 6

IV.    CONCLUSION ................................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
No. 2:07-cv-00468, 2009 WL 4723733 (E.D. Tex. Sept. 8, 2009)..............................................5

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*,
809 F.3d 1295 (Fed. Cir. 2015)...................................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 ..............................................................................................................................6

*Empire Tech. Dev. LLC v. Samsung Elecs. Co., Ltd.*
No. 2:23-cv-00427, 2025 WL 1679720 (E.D. Tex. June 13, 2025) ..........................................6

*Equal Emp. Opportunity Comm'n v. Modern Grp., Ltd.*,
725 F. Supp. 3d 644 (E.D. Tex. 2024).......................................................................................6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)..................................................................................................4

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. Cir. 2010)..................................................................................................2

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
407 F. Supp. 3d 631 (E.D. Tex. 2019), *aff'd*, 12 F.4th 476 (5th Cir. 2021) .........................1, 3

*Music Choice v. Stingray Digital Grp. Inc.*,
No. 2:16-cv-00586, 2019 WL 5721821 (E.D. Tex. Nov. 5, 2019)..............................................9

*Optis Cellular Tech., LLC v. Apple Inc.*,
139 F.4th 1363 (Fed. Cir. 2025) ................................................................................................4

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
No. 2:06-cv-00367, 2009 WL 10677720 (E.D. Tex. Feb. 11, 2009)..........................................9

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
No. 2:15-cv-01366, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021)..............................................4

*Phenix Longhorn LLC v. AU Optronics Corp.*,
No. 2:23-cv-00477, 2026 WL 99639 (E.D. Tex. Jan. 13, 2026) ...............................................3

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
382 F.3d 546 (5th Cir. 2004) .....................................................................................................5

ii

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*,
   338 F.3d 394 (5th Cir. 2003) ...............................................................................................9

*Vasu Holdings, LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:24-cv-00034, 2026 WL 313365 (E.D. Tex. Feb. 5, 2026)................................................3

*Willis Elec. Co., Ltd. v. Polygroup Ltd. (Macao Com. Offshore)*,
   No. 2024-2118, 2026 WL 438657 (Fed. Cir. Feb. 17, 2026) ................................................3, 4

**Statutes**

35 U.S.C. § 284...............................................................................................................................8

**Other Authorities**

Fed. R. Evid. 37(c)(1) .....................................................................................................................9

Fed. R. Evid. 703 ............................................................................................................................5

███████████████████████████████████

## **TABLE OF EXHIBITS**

| # | Description |
|---|-------------|
| 1 | Expert Report of M. Ray Perryman, Ph.D., dated January 22, 2026 ("Rpt.") (excerpts) |
| 2 | Rebuttal Expert Report of M. Ray Perryman, Ph.D., dated February 13, 2026 ("Reb. Rpt.") (excerpts) |
| 3 | Website for ███████████████ |
| 4 | PatSnap Report for ████████████████ |
| 5 | █████████████████████████████████████████████ ███ |
| 6 | Corrected Opening Report of Dr. Harry Bims, dated January 28, 2026 (excerpts) |
| 7 | ████████████████████████████████████████ ██████████████████████████ |
| 8 | Rebuttal Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated February 13, 2026 (excerpts) |
| 9 | Transcript of Deposition of Stephen E. Dell, DVA, on February 28, 2026 (excerpts) |
| 10 | Transcript of Deposition of M. Ray Perryman, Ph.D., on February 20, 2026 (excerpts) |
| 11 | Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated January 23, 2026 (excerpts) |
| 12 | Expert Report of Erik de la Iglesia Regarding Infringement, dated January 23, 2026 (excerpts) |

iv

Wilus cannot justify its many requests to strike the opinions of Samsung's damages expert, Dr. M. Ray Perryman.  Each challenged opinion is relevant, reliable, and not unduly prejudicial.

## I.    DR. PERRYMAN'S ANALYSIS OF THE ▮▮▮▮▮ AGREEMENT IS RELEVANT AND RELIABLE

Wilus seeks to pave the way for its own unreliable damages theory—which is not endorsed by any Federal Circuit decision—by asking the Court to prevent the jury from hearing evidence of what Samsung has actually paid for technology like the Asserted Patents.  Wilus's request is discredited by substantial precedent endorsing the use of comparable licenses in cases involving alleged standard-essential patents ("SEPs") like those at issue in this case.  *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 638-639 (E.D. Tex. 2019), *aff'd*, 12 F.4th 476 (5th Cir. 2021) ("the rates contained in licenses [are] highly probative, given the sophistication of the market and the amount of resources and time that the industry devotes to negotiations").

Wilus's motion also ignores the extensive analysis performed by Dr. Perryman in evaluating the comparability and applicability of the ▮▮▮▮ agreement.  *See* Dkt. 257 ("Mot.") 2-5.  In analyzing the litigation between Samsung and ▮▮▮▮ and the resulting agreement, Dr. Perryman explains that "both Wilus and ▮▮▮▮ accused many of the same types of products of infringing their patents *that are purportedly standard essential*."  Reb. Rpt. ¶ 39 (emphasis added).[1]  He further explains that "▮▮▮▮ is a company focused on licensing patents *declared essential to the 802.11ax standard*" and cites multiple sources used to verify his estimate that "▮▮▮▮ holds at least 171 patents across 75 patent families that have been declared essential to the IEEE 802.11ax standard."  *Id.* ¶¶ 40-41.  Those sources include

---

[1] Wilus mistakenly mixes portions of Dr. Perryman's opening and rebuttal expert reports in the exhibits to its motion.  Dkt. 257-2; Dkt. 257-3.  To avoid confusion, Samsung submits and refers to its own exhibits from Dr. Perryman's reports.

negotiation correspondence between Samsung and Sisvel that rely on third-party essentiality studies of ███████████ patents, ████████████ company website, and independent research obtained using the PatSnap patent database. *Id.*; Dkt. 257-7 at 5-6; Ex. 3 at 2; Ex. 4; Ex. 5 at 14 (Sisvel stating ████████████████████████████████████). Dr. Perryman also relies on the technical analysis of Dr. Harry Bims, an expert on the 802.11ax standard, who through a multi-page analysis determined that the patents licensed to Samsung by ████████████ relate to many of the same required features of the 802.11ax standard Wilus accuses of infringement. Ex. 6 at ¶ 1272; *see generally id.* at ¶¶ 1269-1275. From there, Dr. Perryman conservatively applied "***Sisvel's estimate*** of ████████████████████████████████████████████████████████████████████████" to the lump sum paid to ████████████ to determine an effective royalty rate. Reb. Rpt. ¶ 36. As Dr. Perryman notes, this rate is likely "conversative (*i.e.*, favoring Wilus)" as it (1) used "Sisvel's estimated unit sales" through 2029, despite the ████████████ agreement covering sales beyond 2029, and (2) assumed "████████████ has 75 declared SEP families" despite indications that it has "over 230 issued or allowed US patents, 171 of which are Wi-Fi 6 Standard Essential." *Id.* ¶ 37; *see generally id.* ¶¶ 33-43. Dr. Perryman then considers whether any adjustments are necessary to account for the differences in circumstances. *Id.* ¶¶ 43, 47; *see generally id.* ¶¶ 22, 27, 32, 43-47 (considering adjustments to the ████████████████████████████████████████ agreements).

In short, Dr. Perryman, does exactly what the courts have endorsed: he "begins with rates from comparable licenses and then 'account[s] for differences in the technologies and economic circumstances of the contracting parties.'" *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1303 (Fed. Cir. 2015) (citing *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010)). Even after *EcoFactor*, this Court and the Federal Circuit have

continued to recognize the reliability of comparable license analyses such as Dr. Perryman's. *See Willis Elec. Co., Ltd. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 2024-2118, 2026 WL 438657, at *14-15 (Fed. Cir. Feb. 17, 2026) ("A market approach does not require perfect identity between licensed and asserted patents to be reliable; it requires a reasoned explanation of why the licensed technology is sufficiently similar to inform value."); *Vasu Holdings, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-cv-00034, 2026 WL 313365, at *2 (E.D. Tex. Feb. 5, 2026); *Phenix Longhorn LLC v. AU Optronics Corp.*, No. 2:23-cv-00477, 2026 WL 99639, at *3 (E.D. Tex. Jan. 13, 2026).

Wilus's motion makes heavy use of *EcoFactor* to argue by analogy that Dr. Perryman's ▮▮▮▮▮▮ analysis is unreliable because he fails to determine which of the 75 patent families then in ▮▮▮▮▮▮ portfolio were actually "valid, infringed, and essential to 802.11 WiFi standards." Mot. 2, 4. But that analysis is not required by *EcoFactor* or any of Wilus's other cited cases. First, this would be impossible as it would require claim construction, infringement analysis, and validity analysis of hundreds of patents. Trial would take months. Second, it is not consistent with established practice. Courts and practitioners uniformly rely on patents ***declared and asserted*** to be SEPs for this purpose. *See*, *e.g.*, *HTC*, 407 F. Supp. 3d at 634 (relying on "declared" SEPs). The same is true of real-world agreements. Indeed, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Ex. 7 at 1 (emphasis added). Wilus invites the Court to impose a new test for comparability that requires unknown third parties to evaluate the validity and infringement of entire patent portfolios. But that approach (and the subsequent depositions and discovery of those third parties that would ensue) lacks any basis in law or practice.

"This case is materially different from *EcoFactor*, where [the Federal Circuit] held expert testimony unreliable because it was predicated on an inaccurate characterization of the licenses

3

(i.e., that the licensees in that case had agreed upon the rate)." *Willis*, 2026 WL 438657, at \*14. Wilus's criticisms of the ▇▇▇▇▇ agreement boil down to "disagreements over license comparability" that do not "rise to a methodological flaw warranting exclusion" under *EcoFactor*. *Id.* In other words, "the fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility." *Id.* at \*15 (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014)). Wilus's other cited cases do not warrant a different result. In *Optis Cellular*, plaintiff's damages expert admitted that the settlement agreement they relied on was "not sufficiently comparable" but only "informative," a situation not presented here. *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1384 (Fed. Cir. 2025). And *Personalized Media* involved a defendant's expert who, without justification, sought to re-apportion the alleged incremental profit resulting from the accused technology by adding defendant's ***own*** patents to the apportionment analysis. *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366, 2021 WL 662237, at \*6-7 (E.D. Tex. Feb. 20, 2021).[2]

That Wilus does not criticize Dr. Perryman's analysis of the ▇▇▇▇▇ ▇▇▇▇▇ agreements is also telling, as Dr. Perryman applies a similar methodology to those agreements as he does the ▇▇▇▇▇ agreement. Thus, Dr. Perryman properly concludes that "the appropriate measure of damages for the patents-in-suit would be a reasonable royalty ▇▇▇ ▇▇▇▇▇ based on comparable licenses." Reb. Rpt. ¶ 8.

## II.    DR. PERRYMAN'S RELIANCE ON THE UNIFIED CONSULTING REPORT IS RELIABLE AND NON-PREJUDICIAL

The industry report from Unified Consulting describing the landscape of 802.11ax SEPs is demonstrably reliable and the type of evidence routinely relied on by experts in the field, and any

---

[2] The approach criticized by this Court in *Personal Media* bears resemblance to Mr. Dell's "top-down" methodology that likewise assumes "each patent has equal value" to Wi-Fi 6, regardless of what features the Asserted Patents are allegedly directed toward. *See* Dkt. 254.

4

███████████████████████

concerns about its "bias" are squarely in the purview of the jury.  *See* Mot. 6-8.

As an initial matter, Wilus does not argue that the Unified Consulting report cited by Dr. Perryman is not the type of evidence "experts in the particular field would reasonably rely on." Fed. R. Evid. 703.  To the contrary, Wilus acknowledges that both Dr. Perryman and its own damages expert, Mr. Stephen Dell, rely on numerous patent landscape reports in forming their opinions.  *Id.* 6, 7-8 n.3; *see* Reb. Rpt. ¶¶ 21-22; Ex. 11 at ¶¶ 363, 366.

Wilus's concerns thus appear tied only to the reliability and bias of the Unified Consulting report.  But "questions about the bases and sources of an expert's opinion generally affects the *weight* to be assigned to that opinion rather than its *admissibility* and should be left for the jury's consideration."  *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-cv-00468, 2009 WL 4723733, at *3 (E.D. Tex. Sept. 8, 2009); citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).  In any event, Wilus's concerns are without merit.

Indeed, Wilus's damages expert states that "the Unified Patents Wi-Fi 6 Opal Landscape" data presented in the Unified Consulting report ███████████████████████ ███████████████████████ Ex. 8 at ¶ 23 n.23 (emphasis added); Dkt. 257-4 at 3, 5  When asked in deposition about the Scintillation study underlying the Unified Consulting report, Mr. Dell confirmed ███████████████████.  Ex. 9 at 235:5-19.[3]  The Unified Consulting report also includes a link explaining its methodology—the same methodology Mr. Dell found sufficiently reliable to form the basis of his "top-down" analysis. Dkt. 257-4 at 10 ("Methodology"  link  to  https://support.unifiedpatents.com/hc/en-us/articles/7250711661847-Methodology-for-Unified-Patents-Wi-Fi-6-OPAL-Landscape); Ex. 8 at ¶ 23 n.23 (citing the same

---

[3] To the extent the Court excludes Dr. Perryman's reliance on the Scintillation report because of its incorporation in the Unified Consulting report, it should likewise exclude Mr. Dell's reliance on the same information.

link).  Indeed, Dr. Perryman cites the Unified Consulting report precisely to challenge Mr. Dell's top-down analysis that relies in part on the same data.  Reb. Rpt. ¶ 156; Ex. 10 at 218:12-20.[4]  To the extent Mr. Dell is permitted to present evidence of his top-down analysis based on the Scintillation data, Dr. Perryman should be permitted to rebut that analysis.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (cross-examination and the presentation of contrary evidence are the "traditional and appropriate means of attacking shaky but admissible evidence.").[5]

Wilus's claims that the Unified Consulting report is biased "go to the weight rather than the admissibility of the evidence," and it is simply untrue that "[c]ross examination is not an option" to reveal that alleged bias.  *Equal Emp. Opportunity Comm'n v. Modern Grp., Ltd.*, 725 F. Supp. 3d 644, 670 (E.D. Tex. 2024); Mot. 8.  Wilus cites information about Unified *Patents*— a distinct (albeit related) entity from Unified *Consulting*—to make its point, but none of that information appears in the Unified Consulting report.  Indeed, neither the Unified Consulting report nor Dr. Perryman ever refer to non-practicing entities[6] as "trolls" or refer to Unified Patents' challenges to Wilus patents.  Dkt. 257-4; Reb. Rpt. ¶¶ 156, 164, 172.  That pejorative or prejudicial facts or statements may exist elsewhere on the internet should not preclude the introduction of reliable, relevant evidence to rebut the opinions of Plaintiff's damages expert, and neither Samsung nor Dr. Perryman intend to violate any Court MILs.

## III.    DR. PERRYMAN DID NOT PROVIDE NEW OPINIONS ON REDIRECT

Each of the opinions provided by Dr. Perryman on redirect were properly within the scope

---

[4] Defendants have moved to exclude certain aspects of Mr. Dell's "top-down" analysis unrelated to his reliance on the Scintillation report.  *See* Dkt. 254.

[5] Wilus's citation to *Empire Tech. Dev. LLC v. Samsung Elecs. Co., Ltd.* is inapposite.  No. 2:23-cv-00427, 2025 WL 1679720, at *2 (E.D. Tex. June 13, 2025).  That case involved an expert's reliance on "a single anonymous blog post," not an industry report from a well-known technology research firm.  Ex. 9 at 235:5-15; Ex. 10 at 218:8-11.

[6] Court MIL No. 11 expressly permits use of the term "non-practicing entity."

███████████████████████████████████████

of his reports.  First, it is not the case that "Dr. Perryman has no opinion on damages should F/RAND not apply."  Mot. 9.  To the contrary, Dr. Perryman's testimony at deposition confirms what is in his report: ████████████████████████████

████████████████████████  Ex. 10 at 55:2-17.  This is a point on which Wilus and Samsung's experts agree.  Both Mr. Dell and Dr. Perryman confirmed in deposition that their opinions assumed the Asserted Patents are standard-essential.  Ex. 9 at 204:18-21 ████████

██████████████████████████████████████████

███████████████  ████  ██  █████████████████████  While Mr. Dell and Dr. Perryman reach different conclusions as to the appropriate amount of damages in this case, both Mr. Dell's damages report and Dr. Perryman's report responding to Mr. Dell reach the same conclusion that their reasonable royalty opinions would not change if the patents are not encumbered by FRAND.  Ex. 11 ¶¶ 418 ████████████████████████████

██████████████████████████████████████████

████████████████████████████  426; Ex. 9 204:18-205:4 ████████████

██████████████████████████████████████████

████████  Ex. 10 at 48:17-49:6 ████████████████████████

██████████████████████████████████████████

████████████████████  55:2-56:3.

In his rebuttal analysis, Dr. Perryman acknowledges that the Asserted Patents may or may not be encumbered by RAND and therefore performs a comparable licenses framework that would apply under either scenario.  As Dr. Perryman explains, because "several '*Georgia-Pacific* factors would at least need to be adjusted for RAND-encumbered patents' … I have ***instead*** utilized an analysis of comparable licenses in a hypothetical negotiation framework."  Reb. Rpt. ¶ 13

██████████████████████████

(emphasis added).  Based on that analysis, Dr. Perryman concludes "that the appropriate measure of damages for the patents-in-suit would be a ***reasonable royalty*** ████████████ ████████ based on comparable licenses."  *Id.* ¶ *8*; 35 U.S.C. § 284 (prescribing damages "in no event less than a ***reasonable royalty***").  Dr. Perryman also presents a *Georgia-Pacific* analysis in response to Mr. Dell.  Reb. Rpt. ¶ 13 ("To the extent that the *Georgia-Pacific* factors have a bearing on the hypothetical negotiation, my opinions on each of these factors are included in my response to Mr. Dell."); Ex. 10 at 55:2-17.  To the extent Wilus takes issue with Dr. Perryman's testimony on redirect because his report did not expressly refer to "Essential Patent Claims" as defined in the "IEEE policy," such redirect testimony was intended solely to clarify his earlier responses that relied on those terms.  Ex. 10 at 50:3-56:13, 232:5-234:17.[7]

Dr. Perryman's statements on redirect relating to the ████████████████ and "effects of the release of Wi-Fi 7" are likewise within the scope of his reports in this case.  *See* Mot. 10.  As to the ████████ agreement, Dr. Perryman's reports explain that ████████████████ ████████████████████████████ and noted that number may ████████████ ████████████████████████████ because ████████████ ██████████████████████████████████ ████████████ Rpt. ¶ 139 n.299; Reb. Rpt. ¶ 21.  Indeed, Dr. Perryman specifically referenced this portion of his report in explaining the "meaning and effect" of the "independently evaluated" term.  Ex. 10 at 237:3-240:11.  Dr. Perryman's testimony regarding Wi-Fi 7 was likewise contained in his reports.  *See* Rpt. ¶¶ 114 (analyzing ████████ agreement in view of competing "Wi-Fi adoption rates"), 122-123 (discussing Wilus offers with and without Wi-Fi 7 products), 154

---

[7] Notably, Wilus does not move to exclude the testimony provided by Dr. Perryman in response to Wilus's questioning.  *See* Mot. 8-10; Ex. 10 at 50:3-56:13.

(analyzing the ▮▮▮▮▮▮▮ agreement based "unit sales of Samsung's Wi-Fi 6 and backwards-compatible Wi-Fi 7 products"); Reb. Rpt. ¶¶ 36, 122, 145, 149, Exhibit 1; *see generally* Rpt. ¶¶ 137-165; Reb. Rpt. ¶¶ 19-47.

At most, Dr. Perryman's testimony on redirect constitutes permissible "elaboration on opinions already expressed" his reports. *PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-00367, 2009 WL 10677720, at *2 (E.D. Tex. Feb. 11, 2009); *see also Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-cv-00586, 2019 WL 5721821, at *2 (E.D. Tex. Nov. 5, 2019). Even assuming that any of Dr. Perryman's redirect opinions exceeded the scope of his reports (which they did not), Wilus cannot—and does not—argue that those alleged new opinions were prejudicial and not harmless. Fed. R. Evid. 37(c)(1). As explained above, both Mr. Dell and Dr. Perryman agree that whether FRAND applies does not impact their respective reasonable royalty analyses, and the licenses relied on by Dr. Perryman already contemplate the release of Wi-Fi 7. Accordingly, Wilus cannot show harm or prejudice where the challenged redirect testimony has no impact on Dr. Perryman's reasonable royalty conclusion, and so does not require a continuance to address. *See Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (listing factors). By contrast, Dr. Perryman's analysis is critically important to rebutting Mr. Dell's reasonable royalty analysis "should F/RAND not apply." *Id.*; Mot. 9. To the extent the Court finds any opinions untimely, Dr. Perryman's redirect testimony is substantially justified because Wilus's damages and technical experts both premised their opinions on the assumption that the patents are standard-essential and thus subject to RAND under the IEEE Bylaws. *See* Ex. 12 at ¶¶ 61, 224 ("the patents are essential to Wi-Fi 6/802.11ax"); Ex. 9 at 204:18-205:4.

## IV. CONCLUSION

For the foregoing reasons, Wilus's motion should be denied in its entirety.

███████████████████████████████████

Dated: March 16, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

10

Facsimile:  214-747-2091
Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

*Attorneys for Defendants
Samsung Electronics Co., Ltd., and
Samsung Electronics America, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 16, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

/s/ Matthew P. Mosteller
Matthew P. Mosteller

12