# Exhibit 4



**Ralph Phillips**
Principal
RPhillips@fr.com
T: 202 626 6382

Fish & Richardson P.C.
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024

T: 202 783 5070
F: 202 783 2331

**<u>VIA EMAIL</u>**

February 21, 2025

Mackenzie Paladino
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Fl.
Los Angeles, CA 90025

Dear Mackenzie:

To facilitate the prompt production of documents pursuant to Federal Rule of Civil Procedure 26, the Local Rules of the Eastern District of Texas, including Local Rule CV-26(d), and the terms of the Discovery Order agreed to by the Parties, Samsung identifies below the categories of documents it expects to receive from Wilus.

As you know, formal document requests in patent cases in the Eastern District of Texas are unnecessary; rather, the parties are obligated, without request, under Fed R. Civ. P. 26 and Local Rule CV-26 to disclose to each other all relevant documents. Below, we set forth a number of categories of documents that we consider to be relevant to this case. The following list is not meant to be exhaustive of Wilus's disclosure obligations. Regardless of the categories of documents identified in this list, Wilus should include all documents and things in its initial disclosures required by the Court's Discovery Order, Docket Control Order, and applicable Patent Rules.

Within this letter, the terms and definitions from Samsung's First Set of Interrogatories to Wilus apply.

**Category No. 1:** All documents relating to Wilus's acquisition of the Asserted Patents.

**Category No. 2:** All documents relating to any contracts or other agreements between Wilus, SK Telecom, the inventors of the Asserted Patents, and/or any prior assignee of the Asserted Patents.

**Category No. 3:** All documents relating to any contracts or other agreements between Wilus and any past or present licensee of the Asserted Patents.

**Category No. 4:** All documents relating to the Asserted Patents, including but not limited to documents and communications concerning the preparation of the applications that led to the Asserted Patents and the prosecution of those applications, including all English translations thereof.

fr.com

**FISH.**

Mackenzie Paladino
Page 2

**Cate_or_ No. 5:** All documents relatin_ to an_ _revious case or controvers_ involvin_ one or more of the Asserted Patents, regardless whether the case or controversy was the subject of a legal or arbitration proceeding.

**Category No. 6:** All documents relating to the conception, reduction to practice, research, design, development, or testing of the technology disclosed or claimed in the Asserted Patents, including the first written description or disclosure (including drawings) and the first prototype of such technology.

**Category No. 7:** All documents relating to the contribution of each person involved in the conception, reduction to practice, research, design, development, or testing of the technology disclosed or claimed in the Asserted Patents.

**Category No. 8:** All documents relating to the ownership of the Asserted Patents or any rights associated therewith at all times.

**Category No. 9:** All documents relating to the development of the technology disclosed or claimed in the Asserted Patents, including without limitation documents sufficient to identify each person involved in such development.

**Category No. 10:** All documents relating to the proposal, development, alteration, adoption or promotion of the standards to which you allege any Asserted Patents to be necessary, including without limitation documents sufficient to identify each person involved in such proposal, development, alteration, adoption or promotion.

**Category No. 11:** Documents sufficient to show each course, class, symposium, presentation, discussion, or seminar offered regarding the technology disclosed or claimed in the Asserted Patents that took place before issuance of one or more of the Asserted Patents.

**Category No. 12:** All documents relating to any confidentiality agreement, protective order or similar restriction (whether explicit, implicit or implied) regarding the Asserted Patents or the subject matter shown, described, or claimed therein.

**Category No. 13:** All communications and documents relating to communications between you and any person, including but not limited to the named inventors or any researcher, regarding this lawsuit.

**Category No. 14:** All documents relating to any device or thing used to investigate, develop, or test the technology shown, described, or claimed in the Asserted Patents.

**Category No. 15:** All documents relating to efforts to obtain US or foreign patent protection on any invention regarding the subject matter shown, described, or claimed in the Asserted Patents, including but not limited to:

**FISH.**

Mackenzie Paladino
Page 8

prosecute the application that led to, license, enforce, or defend the Asserted Patents on any occasion.

**Category No. 64:** All documents relating to plans, analyses, or strategies for negotiating or setting licensing terms for the Asserted Patents for Wi-Fi Standards, including royalty opening bids, royalty goals or targets, royalty reserve prices, and royalty simulations.

**Category No. 65:** All documents referring or relating to payments, payment structures, accruals, royalties, expected royalties, and any monetary or other consideration for licensing of Asserted Patents for Wi-Fi Standards.

**Category No. 66:** All documents referring or relating to agreements between You and any other party, including any subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company of such party, regarding any license, transfer, or assignment of rights concerning Asserted Patents for Wi-Fi Standards.

**Category No. 67:** All decisions or opinions by a court, domestic or foreign, regarding the validity, infringement, and/or essentiality of the Asserted Patents.

**Category No. 68:** Documents sufficient to show on what date Wilus first anticipated this litigation, including all documents relating to the date on which Wilus concluded that Samsung infringed, directly or indirectly, the Asserted Patents, and all documents relating to such conclusion.

**Category No. 69:** All documents relating to Wilus's contention that certain Asserted Patents are essential to the practice of standards.

**Category No. 70:** All documents relating to Wilus's interactions with IEEE and any other standards-related organizations related to the subject matter of the Asserted Patents.

**Category No. 71:** All documents relating to Wilus's policies and practices with respect to filing and prosecuting patent applications on technology related to standards.

**Category No. 72:** All documents relating to Wilus's policies and practices with respect to submitting or choosing not to submit to standards-related organizations statements regarding patent applications or patents on technology.

**Category No. 73:** All documents relating to Wilus's or Sisvel's policies and practices with respect to licensing patents on technology related to standards.

**Category No. 74:** Documents sufficient to identify all devices that practice standards for which you allege Asserted Patents to be essential.

**FISH.**

Mackenzie Paladino
Page 13

**Category No. 121:** All nonprivileged documents relating to Wilus's business strategy and the role of lawsuits in said strategy.

**Category No. 122:** All English translations of foreign language documents and communications that are responsive to any request for production in this letter.

*   *   *

This list is not intended to be exhaustive of Plaintiff's discovery obligations. Your client is in the best position to identify relevant information contained in its records. If Plaintiff has additional documents or information in its possession, custody or control that are relevant to the claims or defenses asserted in this case, but not specifically identified above, they should be part of Plaintiff's disclosures as well.

For each of these categories, please confirm that Plaintiff will supplement their document production to produce the documents requested or confirm that Plaintiff does not have any additional such documents.

Sincerely,

*/s/Ralph Phillips*

Ralph Phillips