# Exhibit 7



**Ralph Phillips**
Principal
RPhillips@fr.com
T: 202 626 6382

Fish & Richardson P.C.
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024

T: 202 783 5070
F: 202 783 2331

**VIA EMAIL**

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**

April 11, 2025

Mackenzie Paladino
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Fl.
Los Angeles, CA 90025

Re: *Wilus Institute of Standards and Technology v. Samsung Electronics America, et al.*,
Case Nos. 2:24-cv-00746-JRG; 2:24-cv-00765-JRG

Dear Mackenzie:

We write regarding deficiencies in Wilus's interrogatory responses and document production. Please confirm by April 18, 2025 that Wilus will promptly supplement its responses and document production to remedy the deficiencies noted below, or provide a time when you are available to meet and confer regarding these issues.

**Deficient Responses to Common Interrogatories:**

**Interrogatory No. 1:** Your response to Interrogatory No. 1 fails to describe, for each Asserted Claim of the Asserted Patents that you contend is infringed by Defendants, the circumstances surrounding the conception, diligence, and reduction to practice of the alleged invention of that claim, including without limitation review of the then-existing and available commercial products, review of then-issued Standards and Standard submissions, negotiations, and discussions. Please confirm you will supplement your response by April 25, 2025.

**Interrogatory No. 2:** Your response to Interrogatory No. 2 fails to describe the factual and legal basis and supporting evidence for any secondary indicia of non-obviousness (e.g., alleged copying of the invention, failure of others, long felt need, unexpected results, commercial success, skepticism of experts, industry acclaim or acquiescence of competitors) Plaintiff contends exists relating to any claim of any Asserted Patents. Please provide a time when you are available to meet and confer regarding this Interrogatory.

fr.com

**FISH.**

Mackenzie Paladino
April 11, 2025
Page 2

**Interrogatory No. 3:** Your response to Interrogatory No. 3 fails to describe attempts to commercialize, market, license, assign, sell, assert, and/or otherwise monetize the Asserted Patents, Wilus Alleged SEPs, and/or Related Patents by you, Sisvel, prior assignees of those patents, or anyone else, including 1) identifying each actual settlement, license, sublicense, or sale (by Bates number); and 2) for each potential or proposed settlement, license, sublicense, or sale, identifying the potential licensee, sublicensee, or buyer; each communication with each potential licensee, sublicensee, or buyer; the terms of each potential or proposed settlement, license, sublicense, or sale; and the person(s) with knowledge of such factual bases and all documents (by Bates number) relating to any of the foregoing. Samsung is entitled to any such responsive information in your possession, custody, or control concerning licensing of the Asserted Patents, Wilus Alleged SEPs, and/or Related Patents. Please confirm you will supplement your response to provide the requested information by April 25, 2025, or provide a time when you are available to meet and confer regarding this Interrogatory.

**Interrogator No. 4:** Your response to Interrogator No. 4 fails to describe ownership and other financial interests in any Asserted Patents, Wilus Alleged SEPs, or this action. Your response states that "Additional information responsive to this interrogatory may be ascertained [from] Wilus's Response to Common Interrogatory No. 8," however, your response to Interrogatory No. 8 does not contain additional information responsive to this Interrogatory. Please confirm you will supplement your response by April 25, 2025.

**Interrogatory No. 6:** Your response to Interrogatory No. 6 fails to describe, for each Wilus Alleged SEP, any valuations (including, but not limited to, technical importance or monetary valuations) of the patent performed for any purpose, including the identity of the person or entity performing the valuation; the identity of the person or entity requesting or requiring performance of the valuation; the date or dates on which the valuation was performed; the date as of which the valuation was performed; the purpose for which the valuation was performed; the methodology used to perform the valuation, and the results, conclusions, findings, or other information produced by the valuation exercise. Samsung is entitled to any such responsive information in your possession, custody, or control concerning valuations of the Asserted Patents, regardless of whether the valuation addresses the Asserted Patents "alone" or as part of a larger portfolio. Please confirm you will supplement your response by April 25, 2025.

**Interrogatory No. 7:** Your response to Interrogatory No. 7 fails to describe transfers of title or other ownership rights or interest in each Asserted Patent, whether attempted or completed, including the date of each such transfer or attempted transfer, any consideration suggested, offered, or given for each transfer and any documents concerning such transfer or attempted transfer. For example, you have failed to describe and/or produce the assignments of the Asserted Patents from SK Telecom Co., Ltd. to Wilus. Further, Wilus's response improperly states that responsive information "may be ascertained from documents Wilus has or will produce" without providing any specific identification of such documentation. Accordingly, please confirm you will

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**

**FISH.**

Mackenzie Paladino
April 11, 2025
Page 3

supplement your response, including the production and identification by production number of any documentation referred to therein, by April 25, 2025.

**Interrogatory No. 8:** Your response to Interrogatory No. 8 fails to describe, for each Asserted Claim of each of the Asserted Patents that you contend is essential to a Standard(s), all factual and legal bases supporting your contention, including the identification of any commitments made by any person or entity to any Standard-setting organization ("SSO") regarding one or more of the asserted patents, related patents, and/or related applications, how each asserted claim is practiced or addressed in the Standard and which particular portion of each Standard is covered by one or more of the Asserted Patents, when the existence of each of the Asserted Patents was first disclosed to any SSOs and the rationale for the timing of said disclosure, and whether the patent is or is not subject to any limitation on the terms by which it may be licensed including any requirement that it be licensed on reasonable and/or non-discriminatory terms (e.g., FRAND terms) including but not limited to your, the named inventors', and your predecessor's involvement in the Standard(s) making and/or declaring process(es).  Please provide a time when you are available to meet and confer regarding this Interrogatory.

**Interrogatory No. 10:** Your response to Interrogatory No. 10 fails to describe, for each of Plaintiff, any prior owner of the Asserted Patents, and any licensees of the Asserted Patents, all efforts to comply with the marking requirements of 35 U.S.C. § 287 as to any product, component, apparatus, prototype, or other item that you contend practice any claim of any Asserted Patent, including, for each of the Asserted Patents, identifying any manner of marking, the date when such marking first began, any periods when such marking ceased, the use of any websites or other products in those marking efforts, and any efforts by you or any prior patent owners to enforce marking by any licensees.  Please provide a time when you are available to meet and confer regarding this Interrogatory.

**Interrogatory No. 11:** Your response to Interrogatory No. 11 fails to identify and describe all Communications between Plaintiff and any other person, including but not limited to Sisvel and SK Telecom, concerning the subject matter of this Litigation, including without limitation, the Asserted Patents, products that practice the Asserted Patents, the alleged inventors of the Asserted Patents, the alleged inventions disclosed in the Asserted Patents, licensing or license offers of or relating to the Asserted Patents, this Litigation, any patent pools containing the Asserted Patents, Defendants' alleged infringement of the Asserted Patents, and/or alleged damages attributable to Defendants' alleged infringement of the Asserted Patents.  Please provide a time when you are available to meet and confer regarding this Interrogatory.

**Interrogatory No. 12:** Your response to Interrogatory No. 12 fails to describe, for each of the asserted claims, all legal and factual bases, and support, for your contention that the Asserted Claims are not invalid under 35 U.S.C. §§ 101, 102, 103, or 112, including without limitation your contentions that the asserted claims are not anticipated or rendered obvious by the references cited in Defendants' invalidity contentions (including an identification of each claim element you

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**

**FISH.**

Mackenzie Paladino
April 11, 2025
Page 4

contend is not disclosed by each such reference), and are not invalid for indefiniteness, lack of enablement, or lack of written description.  Please provide a time when you are available to meet and confer regarding this Interrogatory.

**Interrogatory No. 13:** Your response to Interrogatory No. 13 fails to describe, for each Asserted Claim of each of the Asserted Patents that you contend is essential to a Standard(s), Wilus's participants, participation, activities, and employees or contractors participating in any Standard-setting meetings, discussions, negotiations, and submissions; identify all documents submitted to the Standard-setting organization (SSO) and all communications and documents between Wilus, its participants, its employees or contractors and other Standard-setting participants; and identify all documents, proposals, submissions that the SSO discussed and relied on to agree and adopt technical feature(s) related to each asserted claim, including any part of Standard that Plaintiff alleges to be practiced by any of the Accused Products.  Please provide a time when you are available to meet and confer regarding this Interrogatory.

**Deficient Responses to Samsung's Interrogatories:**

**Interrogatory No. 2:** Your response to Interrogatory No. 2 fails to identify and describe how you first came to believe that each of the Accused Products infringes, either directly or indirectly, any of the asserted patents, including but not limited to the date(s) on which each first came to that belief and the person(s) who first came to that belief.  Samsung is entitled to any non-privileged, responsive information including without limitation the date on which Wilus first came to the understanding there was infringement.  Please confirm you will supplement your response by April 25, 2025.

**Deficient Document Production:**

Our review of Wilus's document production indicates that it is incomplete.  As you know, parties are expected to produce documents that "are relevant to the pleaded claims or defenses involved in this action" without the need for any requests for production.  Discovery Order at Paragraph 3(b).  Dkt. No. 49.  However, Wilus has not produced several categories of documents that are clearly relevant to the claims and defenses in this action.  To date, Wilus has produced only 29 documents.  Those documents consist of one license agreement and 28 documents that relate to the asserted patents in the HP -752 Consolidated Cases and their prosecution history.  As such, in addition to failing to produce whole categories of relevant information, Wilus's existing production is clearly incomplete and deficient as to licensing.

For example, my February 21, 2025 letter to you identified, among others, the following categories of documents as relevant to the claims or defenses in this litigation:

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**

**FISH.**

Mackenzie Paladino
April 11, 2025
Page 5

### Categor Nos. 1-3, 8, 31, 62, 66 – Ac uisition, Contracts/A reements, Ownership

- **Cate or No. 1:** All documents relating to Wilus's acquisition of the Asserted Patents.
- **Cate_or No. 2:** All documents relatin to an contracts or other a reements between Wilus, SK Telecom, the inventors of the Asserted Patents, and/or any prior assignee of the Asserted Patents.
- **Cate_or No. 3:** All documents relatin to an contracts or other agreements between Wilus and an ast or resent licensee of the Asserted Patents.
- **Cate_or No. 8:** All documents relating to the ownership of the Asserted Patents or any rights associated therewith at all times.
- **Category No. 31:** All documents relating to the relationships between or among Wilus or SK Telecom and the named inventors, including but not limited to employment contracts, patent assignment agreements, royalty distribution agreements, technology transfer agreements, funding arrangements or research agreements.
- **Category No. 62:** Documents sufficient to show the ownership, corporate structure, and management of Wilus and any of Wilus's parents, subsidiaries, or affiliates, including but not limited to documents sufficient to identify any person that holds or has held an ownership stake in Wilus, or in which Wilus holds or has held an ownership stake, at any time.
- **Cate_or No. 66:** All documents referrin or relatin to a reements between You and an other art (includin an subsidiar de artment division subdivision branch, affiliate redecessor successor-in-interest or other related com an of such art re ardin an license, transfer, or assignment of rights concerning Asserted Patents for Wi-Fi Standards.

### Category Nos. 9, 10 – Development of the Technology Disclosed/Standards

- **Category No. 9:** All documents relating to the development of the technology disclosed or claimed in the Asserted Patents, including without limitation documents sufficient to identify each person involved in such development.
- **Category No. 10:** All documents relating to the proposal, development, alteration, adoption or promotion of the standards to which you allege any Asserted Patents to be necessary, including without limitation documents sufficient to identify each person involved in such proposal, development, alteration, adoption or promotion.

### Category No. 23 – Communications

- **Category No. 23:** All documents relating to any communications, correspondence, or meetings (including notes and memoranda) between you or anyone acting on your behalf, including Sisvel, and any alleged infringer of the Asserted Patents and/or any participants in patent pools containing the Asserted Patents, including without limitation communications regarding litigation, infringement, non-infringement, validity, invalidity, enforceability, unenforceability, claim construction, cease and desist efforts, negotiations, covenants, licensing agreements, and royalty agreements.

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**

**FISH.**

Mackenzie Paladino
April 11, 2025
Page 9

- **Category No. 96:** All documents relating to any request Wilus has made for an injunction or exclusionary order in any legal and/or administrative proceeding throughout the world regarding any IPR Wilus has declared as essential or potentially essential to any relevant standard.

As stated above, Wilus's production is clearly deficient as to these categories of information. Please confirm Wilus will promptly produce documents relevant to the pleaded claims and defenses in this litigation, including but not limited to the documents listed above.

Sincerely,

*/s/ Ralph Phillips*

Ralph Phillips

**MAY CONTAIN WILUS CONFIDENTIAL INFORMATION**