# Exhibit 9

**RUSS AUGUST & KABAT**
LAWYERS

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.979.8268
www.raklaw.com

Mackenzie Paladino
mpaladino@raklaw.com

**RESTRICTED – ATTORNEYS' EYES ONLY**

June 6, 2025

Ralph A. Phillips
rphillips@fr.com
Fish & Richardson

Re:    *Wilus Institute of Standards and Technology v. Samsung Electronics America, et al.*, Case Nos. 2:24-cv-00746-JRG; 2:24-cv-00765-JRG

Dear Ralph,

We write to follow-up regarding our March 7, 2025 letter. Wilus further write in response to Samsung's April 11, 2025 and May 23, 2025 letters.

**Wilus's Issues:**

Samsung has failed to supplement its responses to address deficiencies outlined in Wilus' March 7 letter. These deficiencies are reiterated again below. **Please confirm that you will supplement your responses by June 20, 2025.**

**Common Interrogatory No. 1:** Your response to Interrogatory No. 1 fails to identify the Build ID for the Relevant Components as well as the full SKU and Model Number for each Accused Product.

**Common Interrogatory No. 4:** Your response remains deficient. Specifically, Samsung's supplemental response only includes test plans and results related to the Accused Products, lacking any information regarding which manufacturers these test plans and results related to. Further, Samsung's response still fails to describe and/or identify any contracts with manufacturers or suppliers.

**Common Interrogatory No. 5:** Wilus' Interrogatory No. 5 requests that Samsung detail its awareness of each Asserted Patent, including the actions You have taken as a result of Your awareness. Samsung provides a deficient response, only identifying the date when Samsung first became aware of the Asserted Patents. Please supplement Your response to identify any *actions* taken in response to Your awareness of the Asserted Patents.

**Common Interrogatory No. 6**: Samsung's response to Common Interrogatory 6 remains deficient. Wilus' Common Interrogatory No. 6 requests that Samsung identify and describe the date Samsung first became aware of the Wilus, Sisvel, or any inventors of the Asserted Patents and describe any actions that You took as a



result of such awareness. Samsung supplemented its response by identifying communications between Samsung and Sisvel, but failed to provide a narrative response regarding any actions Samsung took as a result of its awareness of Sisvel. Further, Samsung still has not provided any information regarding its awareness of Wilus or the inventors of the Asserted Patents.

**Common Interrogatory No. 7:** Wilus' Interrogatory No. 7 requests Samsung identify all documents and witnesses supporting each affirmative defense. Samsung fails to do so at least for its tenth, twelfth, and thirteenth affirmative defense. Samsung provided a supplemental response that incorporated Samsung's response to Interrogatory No. 6, but this does not resolve the deficiencies outlined in Wilus' letter. Samsung must articulate why you believe "Wilus failed to comply with its FRAND obligations" and that "Wilus has failed to negotiate with Samsung in good faith" in connection with your twelfth and thirteenth affirmative defenses, no injunctive relief and failure to negotiate in good faith. Samsung must also identify all documents, witnesses, or evidence supporting these defenses and statements.

**Common Interrogatory No. 8**: Wilus' Interrogatory No. 8 requests Samsung identify its sales of each Accused Product in the United States, from six years prior to the filing of the Complaint to present, including the number of units sold, the price, costs and profits for each unit, the gross revenue, net profit, and identification of all categories of expenses deducted to calculate net profits. In response, Samsung refers to Rule 33(d), identifying documents with Bates Nos. SAMSUNG_WILUS_00067187-SAMSUNG_WILUS_00067190.    However, several of the documents identified are missing information. For example, SAMSUNG_WILUS_00067187, identifies the date of first sale for the Galaxy Tab S7 FE as 07/2021, but the sales in the column for 07/2021 is blank and the net sales is a negative number. This is similarly the situation for numerous other products in each excel. Samsung must supplement its response to provide an explanation or supplement its production to identify the sales made for each product on a monthly basis. Further, the documents identified do not specify the categories of expenses deducted to calculate the net profits. For example, each excel has a category titled "Operating Expenses" but does not identify what expenses are included in this category.

**Common Interrogatory No. 9**: Interrogatory No. 9 requests the identification of profit and loss costs relevant to the Accused Products, including itemized costs relating to each Accused Product *including* those relevant to the product line(s), business unit(s), product hierarchy level(s), or segments relevant to the Accused Products, including manufacturing and development costs, marketing and advertising costs, costs of sales, research and development, and other costs. In response Samsung refers to its response to Interrogatory No. 8. This response is effectively non-responsive. The documents cited in response to Interrogatory No. 8 only identify "Operating Expenses" and do not include itemized profit and loss statements for each Accused Product, nor any of the categories of profits & losses requested. Please supplement your response to identify, on an itemized basis, profit

**RESTRICTED – ATTORNEYS' EYES ONLY**



and loss statements for each Accused Product, *including* those relevant to the product line(s), business unit(s), product hierarchy level(s), or segments relevant to the Accused Products, such as manufacturing and development costs, marketing and advertising costs, costs of sales, research and development, and other costs.

**Common Interrogatory No. 10**: Interrogatory No. 10 requests that Samsung describe in detail all product requirement documents, market studies, consumer surveys, or other reports or analyses prepared by You, on Your behalf, or known by You related to the Accused Products and Relevant Components. In response, Samsung states: "Samsung's investigation and discovery are ongoing, and Samsung reserves the right to amend, correct, or supplement this response to the extent additional information is identified." This Response is clearly unresponsive, as it fails to answer the question or identify any documents containing relevant information. Specifically, a reservation of the right to supplement, amend, or correct is not a proper response to an interrogatory under the Federal Rules of Civil Procedure. Samsung must supplement its response to identify any documents related to the Accused Products Wi-Fi 6 compliance, market studies, consumer surveys, or industry preferences.

**Common Interrogatory No. 11**: In response to Interrogatory No. 11, Samsung improperly invokes Rule 33(d) without identifying specific documents or refers to future productions, failing to meet discovery obligations for several interrogatories. Interrogatory No. 11 requests that Samsung identify any patent licenses or proposed license agreements, including any settlement agreements or releases. Samsung still has not identified or produced any responsive documents.

**Common Interrogatory No. 15:** Samsung's response is non-responsive. For instance, it fails to provide any information regarding whether Samsung contends the Accused Products practice any aspect of the standard. Instead, it simply refers back to Samsung's Interrogatory Response 4, which is not responsive. Please confirm that Samsung will supplement its response by June 20, 2025.

Please provide Samsung's supplemental interrogatory responses and confirm Samsung's intent to supplement its document production **by June 20, 2025**, or provide your availability to meet and confer.

**Samsung's Issues:**

As a general matter, we generally disagree with your characterizations in your letters, including that our responses or production are deficient. Our investigation is ongoing, and we reserve the right to amend or supplement our responses/production to the extent additional information is identified.

*Transfers of Title and Ownership Documents:* Wilus is in the process of supplementing Common Interrogatory Nos. 4 and 7 and document production related to transfers of title and other ownership rights in each Asserted Patent.

3

**RESTRICTED – ATTORNEYS' EYES ONLY**



*Licenses for Asserted Patents:* Wilus has searched for and produced licenses related to the Asserted Patents within its possession, custody, and control. Wilus is continuing its search and will produce any additional licenses for the Asserted Patents, if any, within its possession, custody, and control.

*Common Interrogatory Nos. 5, 8, 13:* Wilus is investigating Samsung's request related to interrogatory responses related to essentiality of the Asserted Patents. However, Wilus notes that Samsung has not supplemented its response to Wilus' Common Interrogatory No. 15, which requests that Samsung also confirm whether it contends the Accused Products/Relevant Components do or do not comply, support, or practice any aspect of IEEE 802.11. Additionally, Samsung's Response to Interrogatory No. 7, states for instance "to the extent the Asserted Patents are essential," in various locations, without clearly contending if Samsung believes the Asserted Patents are essential or if the Accused Products comply with any essentiality standard.

*Common Interrogatory No. 6:* Samsung requests additional responsive information related to any valuations of the Asserted Patents. Wilus responded that based on its investigation to date, it is unaware of any valuation of the Asserted Patents. Wilus' investigation is ongoing, and it will supplement its response if any responsive information surfaces as its investigation continues.

*Common Interrogatory No. 10*: This request relates to marking. As indicated in our response, we are available to meet and confer.

*Common Interrogatory No. 11*: Samsung requests that Wilus identify and describe all communications between Sisvel and SK Telecom related to the Asserted Patents or this Litigation. We are available to meet and confer regarding this Interrogatory.

*Acer Litigation Documents*: Wilus will search for and produce responsive non-privileged responsive documents related to its assertion against Acer of EP3512289.

*Development of the Technology and Standards*: Wilus is searching for documents related to the development of the technology disclosed or claimed in the Asserted Patents and will supplement to provide responsive, non-privilege information as the case proceeds.

*Communications*: E-Discovery has not begun in this case yet. We are available to discuss further.

*Sales/Marketing Documents*: Wilus has produced documents related to its sales and marketing efforts. Wilus' investigation is ongoing, and Wilus will supplement its production as the case proceeds with responsive, non-privileged information.

**RESTRICTED – ATTORNEYS' EYES ONLY**



/s/ Mackenzie Paladino
Mackenzie Paladino

**RESTRICTED – ATTORNEYS' EYES ONLY**