# Exhibit 10



**Ralph Phillips**
Principal
RPhillips@fr.com
T: 202 626 6382

Fish & Richardson P.C.
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024

T: 202 783 5070
F: 202 783 2331

**VIA EMAIL**

## RESTRICTED – ATTORNEYS' EYES ONLY

July 11, 2025

Mackenzie Paladino
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Fl.
Los Angeles, CA 90025

Re: *Wilus Institute of Standards and Technology v. Samsung Electronics America, et al.*,
Case Nos. 2:24-cv-00746-JRG; 2:24-cv-00765-JRG

Dear Mackenzie:

We are in receipt of your letters dated June 6, 2025 and June 26, 2025. Samsung maintains that its interrogatory responses and document production are not deficient in any way. Samsung's investigation and discovery are ongoing, and Samsung reserves the right to amend, correct, or supplement its responses to the extent additional information is identified.

**Wilus's Issues:**

**Common Interrogatory No. 1:** Samsung reiterates that it has already produced spreadsheets from which Wilus may ascertain the requested information. *See* SAMSUNG_WILUS_00067187-SAMSUNG_WILUS_00067190. For example, in SAMSUNG_WILUS_00067189 and SAMSUNG_WILUS_00067190, the full SKUs and model numbers for the Accused Products are listed in columns A and B, respectively. Samsung has also provided the Wi-Fi 6 Component Provider and Wi-Fi 6 Component Model Number for the Accused Products. *See* Appendix A to Samsung's Objections and Responses to Wilus's First Set of Interrogatories (Nos. 1-15). Indeed, Wilus has disclosed this information to the relevant chip vendors identified therein. Please provide the specific Accused Products that Wilus believes the SKUs and Model Numbers are not listed for. With respect to Build IDs, Samsung is investigating and will supplement its response with this information.

fr.com

**FISH.**

Mackenzie Paladino
June 11, 2025
Page 4

**Samsung Interrogatory No. 3:** Samsung is investigating Wilus's request with respect to Interrogatory No. 3, and to the extent that Samsung has responsive information, Samsung will supplement its response to identify this information.

**Samsung Interrogatory No. 4:** Samsung's response to this interrogatory is proper. Samsung must respond to Wilus's interrogatories based on information in its possession, custody, and control. *See, e.g., Universal Connectivity Techs.*, 2024 WL 5462165, at *2. Discovery is ongoing, and Samsung reserves the right to supplement its response to Interrogatory No. 2 in the future based on further investigation and to the extent responsive information exists. Samsung's response to Interrogatory No. 4 identified public sources where information relevant to this interrogatory may be found. This public information is accessible by Wilus and is not in Samsung's possession, custody, and control. As such, Samsung is under no duty to analyze or summarize the information that may be found there. Moreover, Samsung makes no representations about the accuracy of the information contained in these public sources.

<u>**Samsung's Issues:**</u>

Many deficiencies remain with Wilus' discovery responses and production, as set forth in the following.

**Transfers of Title and Ownership Documents:** Wilus interrogatory responses related to transfers of title and ownership remain deficient. *See* Wilus' Responses to Common Interrogatory Nos. 4, 7. In particular, Wilus must identify the relevant document by bates number, *see* Rule 33(d)(1) ("[R]esponding party may answer by: specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"), and confirm that the identified documents represent the *entirety* of the agreement between SK and Wilus pertaining to the title or other ownership rights or interest in each Asserted Patent.

We acknowledge that Wilus produced "Patent Sharing Agreement" dated October 1, 2014, WILUS_0021821, and two amendments to it dated August 31, 2020, WILUS_0025087, and Nov. 1, 2022, WILUS_0025233, respectively. Based on these documents alone, however, we cannot ascertain whether they have been superseded by a subsequent, unproduced agreement. Further, Wilus produced an assignment dated May 27, 2024, WILUS_0025432. Based on this document alone, we cannot ascertain this assignment was pursuant to the above-identified agreements, or some other agreement that Wilus has not yet produced. Further, the May 27th assignment refers to "good and valuable consideration" exchanged between the parties to the a_reement without s_ecif_in_ what if an_thin_ actuall_ chan_ed hands. To the extent this pur_orted consideration is defined in another agreement, any such agreement is clearly relevant and must be produced.

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FISH.**

Mackenzie Paladino
June 11, 2025
Page 5

Accordingly, Wilus's responses remain deficient, and it must supplement its responses. At minimum, Wilus must:

(1) Identify the above-referenced agreements by Bates number in related interrogatory responses (e.g., nos. 4, 7); and

(2) Produce any other agreements regarding or relating to the transfer of title or other ownership rights or interests in each Asserted Patent or confirm that the agreements produced to date represent the entirety of such agreements between SK and Wilus.

**Common Interrogatory Nos. 5, 8, 13:** While contention interrogatories typically do not need to be substantively responded to until later in a proceeding, Courts have recognized that a Plaintiff's position with regard to whether it contends its asserted patents are standard essential should be disclosed early in litigation. *See Universal Connectivity Techs., Inc. v. Lenovo Grp. Ltd.*, No. 2:23-CV-00449-JRG (E.D. Tex. Apr. 15, 2025), Dkt. No. 115 at 4-5; *see also, e.g., Wsou Invs. LLC v. Oneplus Tech. Shenzhen Co., Ltd.*, 2022 U.S. Dist. LEXIS 8302 at *6. This information is important as it is "part and parcel of an infringement theory." *Universal Connectivity Techs., Inc.*, No. 2:23-CV-00449-JRG, Dkt. No. 115 at 5. As such, Wilus' position on the question of essentiality is now long overdue. Please confirm you will supplement your responses to confirm whether it is Wilus's position that the Asserted Patents are essential to any relevant standard, and if so, on what basis by July 25, 2025. Alternatively, please provide your availability to meet and confer regarding these interrogatories.

**Common Interrogatory No. 10:** Please provide your availability to meet and confer regarding this interrogatory.

**Common Interrogatory No. 11:** Please provide your availability to meet and confer regarding this interrogatory.

**Foreign Litigation Documents:** From our review of Wilus' production, Wilus still has not produced documents related to its assertion against Acer of EP3879736. Please confirm Wilus will immediately supplement its production in this regard or, alternatively, identify by Bates number where such documentation has been production. In addition, please confirm whether Wilus has additional documents relating to foreign patent protection on any invention regarding the subject matter shown, described, or claimed in the Asserted Patents, as well as documents related to any action or lawsuit before a foreign court concerning a patent infringement or similar claim regarding the subject matter shown, disclosed, or claimed in the Asserted Patents, any related patent or any foreign counterpart. *See* Category Nos. 15 and 47 of Documents; *see also, e.g.,* Category Nos. 67 and 122 of Documents.

**Development of the Technology and Standards:** Wilus's response is non-responsive. Wilus still has not produced documents related to the development of the technology disclosed or claimed in

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FISH.**

Mackenzie Paladino
June 11, 2025
Page 6

the Asserted Patents, including but not limited to work on the IEEE standards Wilus identifies in its infringement contentions served in these cases.

**Sales/Marketing Documents:** Please identify what documents Wilus has produced related to its sales and marketing efforts.

**Korean Language Documents:** There is an issue with the meta data for the Korean documents produced by Wilus. File names with Korean characters are unreadable. For example, at WILUS_0025087 the file name is W20299 Wi-Fi 6_20200831_ßäÉßà│ßå¿ßäÆßàÑßäÇßà−ßå⌐ ßäïßà▓ßäÇßà¿ßäïßàúßå¿ßäëßàÑ_ßäëßà«ßäîßàÑßå⌐ ßäÆßàíßå¬ ßäïßà┤ ßäëßàÑ_ßäÄßà¼ßäîßà−ßå⌐ ßäëßàÑßäåßà°ßå⌐ ßäçßà−ßå½.pdf. Please provide us a production overlay with files names with readable Korean characters.

Please confirm Wilus will supplement its interrogatory responses and supplement its document production by July 25, 2025, or provide your availability to meet and confer.

Sincerely,

*/s/ Ralph Phillips*

Ralph Phillips

**RESTRICTED – ATTORNEYS' EYES ONLY**