# Exhibit 12

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

RESTRICTED – ATTORNEYS EYES ONLY

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF COMMON INTERROGATORIES (NO. 1-13)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus") supplements its responses to Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), HP Inc. ("HP"), and Askey Computer Corp. and Askey International First Set of Interrogatories (Nos. 1-13) as follows:

Wilus' responses are based on information known and available to it at the time of these responses. Wilus' investigation in this matter is continuing. Further, because all information and documents that are possibly within the scope of the Interrogatories may not have yet been located and/or identified, the development of Wilus' contentions with respect to its claims and defenses is ongoing, and Wilus reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Wilus' responses to these Interrogatories are not to be construed as admissions that any of the requested information exists or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

By making any responses, Wilus does not concede that the information given is properly discoverable or admissible, and Wilus reserves its right to object to the introduction of these responses into evidence for any purpose.

Wilus is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained herein.

## GENERAL OBJECTIONS

These General Objections are incorporated into the specific responses below.

1.    Wilus objects to these Interrogatories to the extent that they attempt to impose an obligation on Wilus different from or greater than that required by the Federal Rules of Civil

**RESTRICTED – ATTORNEYS EYES ONLY**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (07/17/25):**

Subject to and without waiving the foregoing, Wilus supplements its response as follows:

Information responsive to this interrogatory may be derived from the following documents with Bates Nos.: WILUS_0025966- WILUS_0025976; WILUS_0029978-WILUS_0030021.

Discovery is ongoing, and Wilus reserves the right to supplement or amend its response as the case proceeds.

**INTERROGATORY NO. 7**

Describe in detail any and all transfers of title or other ownership rights or interest in each Asserted Patent, whether attempted or completed, including the date of each such transfer or attempted transfer, any consideration suggested, offered, or given for each transfer, and any documents concerning such transfer or attempted transfer.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the foregoing General Objections, Wilus objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Wilus further objects that this Interrogatory as overbroad, not proportional to the needs of the case, unduly burdensome, vague, ambiguous, undefined, and not calculated to lead to the discovery of admissible evidence. Wilus further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Wilus further objects to this Interrogatory to the extent that it seeks information that is outside of Wilus' possession, custody, and control. Wilus further objects to this Interrogatory as premature to the extent that it seeks to require Wilus to marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Wilus responds as follows:

Information responsive to this interrogatory may be ascertained from documents Wilus has or will produce.

Discovery is ongoing and Wilus reserves the right to amend or supplement its response as

22

RESTRICTED – ATTORNEYS EYES ONLY

discovery in this case proceeds.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (07/17/25):**

Subject to and without waiving the foregoing objections, Wilus supplements its response as follows:

Information responsive to this interrogatory can be derived from the Asserted Patents file history, which was produced with Bates Nos. WILUS_0000001-WILUS_0018337; WILUS_0018351-WILUS_0021820; WILUS_0025437-WILUS_WILUS_0025730. Additional responsive information can be derived from documents with the following Bates Nos. WILUS_0025432-WILUS_0025730.

Discovery is ongoing and Wilus reserves the right to supplement or amend its response as the case proceeds.

**INTERROGATORY NO. 8**

For each Asserted Claim of each of the Asserted Patents that you contend is essential to a Standard(s), describe in complete detail all factual and legal bases supporting your contention, including the identification of any commitments made by any person or entity to any Standard-setting organization ("SSO") regarding one or more of the asserted patents, related patents, and/or related applications, how each asserted claim is practiced or addressed in the Standard and which particular portion of each Standard is covered by one or more of the Asserted Patents, when the existence of each of the Asserted Patents was first disclosed to any SSOs and the rationale for the timing of said disclosure, and whether the patent is or is not subject to any limitation on the terms by which it may be licensed including any requirement that it be licensed on reasonable and/or non-discriminatory terms (*e.g.*, FRAND terms) including but not limited to your, the named inventors', and your predecessor's involvement in the Standard(s) making and/or declaring process(es).

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the foregoing General Objections, Wilus objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Wilus further objects that this Interrogatory as overbroad, not proportional to the needs of the case, unduly burdensome, vague, ambiguous, undefined, and not calculated to lead to the discovery of admissible evidence. Wilus further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or

**RESTRICTED – ATTORNEYS EYES ONLY**

WILUS_0026587; WILUS_0026627- WILUS_0026634; WILUS_0026638- WILUS_0026665; WILUS_0026669- WILUS_0026679; WILUS_0026682- WILUS_0026692; WILUS_0026693- WILUS_0026706; WILUS_0026708- WILUS_0026720; WILUS_0026721- WILUS_0026734; WILUS_0026735- WILUS_0026794; WILUS_0026833- WILUS_0026906; WILUS_0026908- WILUS_0026913; WILUS_0026914- WILUS_0026919; WILUS_0026920- WILUS_0026925; WILUS_0026926- WILUS_0026931; WILUS_0026932- WILUS_0026938; WILUS_0026940- WILUS_0026945; WILUS_0026947- WILUS_0026953; WILUS_0027129- WILUS_0027195; WILUS_0027196- WILUS_0027263; WILUS_0027332- WILUS_0027333; WILUS_0030059- WILUS_0030062; WILUS_0030063- WILUS_0030066.

Discovery is ongoing, and Wilus reserves the right to amend or supplement its response as the case proceeds.

Dated:  July 17, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Wilus Institute of Standards and Technology Inc.*

31

**RESTRICTED – ATTORNEYS EYES ONLY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record.

Dated:  July 17, 2025

/s/ *Reza Mirzaie*

Reza Mirzaie