IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' MOTION TO EXCLUDE EXPERT OPINIONS OF DAVID DJAVAHERIAN (DKT. 253)**

████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................................... iii

TABLE OF ABBREVIATIONS ........................................................................................................ iii

I.     MR. DJAVAHERIAN'S OPINIONS FRAMING WILUS'S CONDUCT IN THE CONTEXT OF INDUSTRY PRACTICE ARE RELEVANT AND RELIABLE ......................................................................................................... 1

II.    MR. DJAVAHERIAN'S CITATIONS TO CASES REGARDING DISCOUNTS ARE RELEVANT TO SHOW COMPETING OPINIONS ........................ 4

III.   MR. DJAVAHERIAN'S OPINIONS ARE RELEVANT TO  ISSUES BEYOND ESTOPPEL AND WAIVER ........................................................................ 5

IV.    CONCLUSION ....................................................................................................... 5

███████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014)..................................................................................3

*Boral v. Odyssey Pictures Corp.*,
   No. 4:14-cv-00044, 2015 WL 993241 (E.D. Tex. Mar. 4, 2015) ...............................1

*Ericsson Inc. v. Apple Inc.*,
   No. 2:21-cv-00376, Dkt. 291 at 2-3 (E.D. Tex. Nov. 29, 2022)............................1, 4

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00078, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ...........................1

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
   12 F.4th 476 (5th Cir. 2021) ......................................................................................3

*United States ex rel. Mitchell v. CIT Bank, N.A.*,
   No. 4:14-CV-00833, 2022 WL 1233651 (E.D. Tex. Apr. 26, 2022).......................1, 2

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
   No. 6:11-cv-00492, 2017 WL 4173467, (E.D. Tex. Sept. 21, 2017)......................2, 3

*SB IP Holdings LLC v. Vivint, Inc.*,
   No. 4:20-CV-00886, Dkt. 375 (E.D. Tex. June 15, 2023).........................................2

**Other Authorities**

Fed. R. Evid. 703 ...........................................................................................................3

██████████████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Expert Declaration of Gustav Brismark |
| 2 | Rebuttal Expert Declaration of Gustav Brismark |
| 3 | Rebuttal Report of Paul Nikolich |
| 4 | Final Transcript of the Deposition of Mr. Gustav Brismark on February 17, 2026 |
| 5 | Expert Report of M. Ray Perryman, PhD |
| 6 | ██████████████████████████, ██████████████, SAMSUNG_WILUS_00192372-78 |
| 7 | ██████████████████████████████ ██████████████, SAMSUNG_WILUS_00192503-19 |
| 8 | Email Titled "██████████████████████████ ██████████████████", SAMSUNG_WILUS_00181505-07 |
| 9 | Email Titled "██████████████████████████ ██████████████████", SAMSUNG_WILUS_00184070-78 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| SEP | Standard-essential patent |
| -746 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00746-JRG-RSP |
|  |  |
|  |  |
|  |  |
|  |  |

Wilus's motion aims to exclude opinions from Mr. Djavaherian that are relevant, reliable, and not unduly prejudicial. Tellingly, Wilus's own experts—including Mr. Brismark and Mr. Nikolich—address many of the same issues that Wilus now argues Samsung's expert should be barred from addressing. At most, Wilus's critiques go to weight, not admissibility, and are appropriately addressed through cross-examination rather than exclusion. The Court should, therefore, deny Wilus's motion.

## I.     MR. DJAVAHERIAN'S OPINIONS FRAMING WILUS'S CONDUCT IN THE CONTEXT OF INDUSTRY PRACTICE ARE RELEVANT AND RELIABLE

Mr. Djavaherian provides relevant information for the jury as to how SEP licensing negotiations are typically conducted, and applies those principles in the context of the Sisvel and Samsung negotiations. His opinions on the customs and practices of the industry are permissible and necessary for Mr. Djavaherian to explain the facts that form the basis of his opinions. *See United States ex rel. Mitchell v. CIT Bank, N.A.*, No. 4:14-CV-00833, 2022 WL 1233651, at *7 (E.D. Tex. Apr. 26, 2022) ("it is entirely permissible for an expert to "explain[] that these were the facts that form the basis of his expert opinion"); *Boral v. Odyssey Pictures Corp.*, No. 4:14-cv-00044, 2015 WL 993241, at *3 n.1 (E.D. Tex. Mar. 4, 2015) ("expert testimony regarding the customs and practices of an industry is well-established as acceptable"). Further, such information and analysis is relevant as part of the totality of the circumstances considered when evaluating FRAND conduct. *See G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078, 2024 WL 233222, at *2 (E.D. Tex. Jan. 22, 2024) (discussing factors within the totality of the circumstances to determine whether Plaintiff breached its FRAND obligation or failed to act in good faith and fair dealing); *Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376, Dkt. 291 at 2-3 (E.D. Tex. Nov. 29, 2022) (referencing the totality of circumstances relevant to the parties' FRAND obligations).

1

Indeed, Wilus's own experts, including Mr. Brismark and Mr. Nikolich, opine on many of these same issues, except that their opinions actually go to the parties' state of mind based on the self-serving testimony of Wilus's CEO and Sisvel's Head of Licensing Programs.  *See*, *e.g.*, Ex. 1 at ¶¶ 38-108, 140-141, 146, 152-54, 156, 160-162, 186; Ex. 2 at ¶¶ 5-11, 39, 90-94, 101-103, Ex. 3 at ¶¶ 11-71; *see also* Dkt. 250; Dkt. 262.  The Court should therefore decline to strike or exclude each of Mr. Djavaherian's opinions addressed in Wilus's motion.  Dkt. 253 ("Mot.") 1-4.

First, Mr. Djavaherian cites Huawei's conduct at the IEEE as one of several reasons that "reasonable SEP negotiators" like Samsung are often skeptical of the rates offered by SEP licensors like Sisvel.  *Id.* 2; Dkt. 253-02 at ¶ 75(b).  Such concerns are relevant considerations that the jury may weigh in evaluating Sisvel/Wilus's and Samsung's behavior and offers during RAND negotiations.  *See CIT Bank*, 2022 WL 1233651, at *7; *SB IP Holdings LLC v. Vivint, Inc.*, No. 4:20-CV-00886, Dkt. 375 at 6 (E.D. Tex. June 15, 2023) (permitting background facts in an expert report to explain the basis of the expert's opinion).  His opinion is also directly responsive to Wilus's experts' contentions regarding the value of SEPs, including Mr. Brismark's opinion that only "the best available technologies are adopted" into the standard and Mr. Nikolich's similar opinion that Wilus's 802.11ax proposals "represent the best technical solutions for the standard." Ex. 2 at ¶ 6; Ex. 3 at ¶ 55; *see also* Ex. 4 at 221:11-222:2.  Mr. Djavaherian's discussion of "ballot stuffing" at the IEEE shows that Mr. Brismark's and Mr. Nikolich's assumptions are not always true.  That Huawei's conduct was not revealed until 2025 does not render it inadmissible, particularly where the parties are continuing to negotiate, and where it is offered as appropriate background to educate the jury.  *See CIT Bank*, 2022 WL 1233651, at *7; *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-00492, 2017 WL 4173467, at *2 (E.D. Tex. Sept. 21, 2017) ("Questions about what facts are most relevant or reliable … are for the jury.").  Moreover,

Huawei is not a party to this case, and so information about Huawei's conduct can neither prejudice Wilus nor will it require a substantial use of its trial time to "debunk." Mot. 3.

Second, there is nothing improper about Mr. Djavaherian citing to and relying on Dr. Perryman's analysis of other Wilus/Sisvel licenses to support his RAND analysis. *Id*.; *see Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field."). To the contrary, evidence of "Wilus and Sisvel's own licenses to the Wilus Wi-Fi 6 portfolio and Sisvel's broader Wi-Fi 6 pool" is highly relevant to the jury's determination of whether Wilus and Sisvel were acting consistent with RAND principles. Dkt. 253-02 at ¶ 75(f); *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 482, 488 (5th Cir. 2021) (discussing Ericsson's licenses with other companies to support its non-discrimination arguments). Dr. Perryman's analysis of those licenses and others, showing that Sisvel's offers to Samsung have exceeded the rates paid by other licensees to the Wilus Wi-Fi 6 portfolio, is precisely the type of information that experts in Mr. Djavaherian's field rely on in forming their opinions. Fed. R. Evid. 703; Dkt. 253-02 at ¶ 75(f); Ex. 5 at ¶ 149. Indeed, Sisvel and Samsung discussed other Wilus Wi-Fi 6 portfolio rates extensively during their negotiations, ███████████████████ cited by Mr. Djavaherian, and used those as benchmarks for a RAND rate. Mot. 3; *see,* e.g.*,* Ex. 6 at -73; Ex. 7 at -04, -07-08, -14; Ex. 8; Ex. 9. That Dr. Perryman conducted his own analysis is beside the point, and Wilus cites no basis to limit the information relied on by Mr. Djavaherian to only that available to Samsung in the course of the parties' negotiations. Mot.3.

The *Innovatio* and *Microsoft* cases similarly provide well-recognized and highly relevant benchmarks that Mr. Djavaherian properly relies on to form his opinions. *Id*. Mr. Djavaherian explains that licensing practitioners would have been aware of historical Wi-Fi licensing data like

that offered by *Innovatio* and *Microsoft*, and based on that historical data would have anticipated far lower aggregate rates than Wilus's offered rack rates. Dkt. 253-02 at ¶¶ 51, 75(d). Such historical data is therefore highly relevant to assessing whether Wilus's offers and the parties' conduct aligned with industry practice and customary, good-faith licensing behavior. This is distinguishable from Wilus's request to introduce its pending case against ASUSTEK in Germany, as doing so would violate the Court's MIL No. 13. *Id.*

Mr. Djavaherian's opinions on discounts, antitrust issues, and injunctions are also relevant and non-prejudicial. *See Ericsson*, No. 2:21-cv-00376, Dkt. 291 at 2-3 (denying Apple's "Motion to Exclude Theoretical Opinions Related to Holdout" because "the opinions … are relevant to the totality of the circumstances"). For example, his opinions addressing industry antitrust concerns and threats of injunction are directly relevant to his evaluation of the parties' conduct both before and after suit was filed. *Id.*[1] Discounts are also relevant, as they were discussed in ███████. *See, e.g.*, Ex. 8. Indeed, Mr. Brismark also discusses discounts, antitrust issues, and injunctions in his reports, to which Mr. Djavaherian responds. *See* Ex. 1 at ¶¶ 67, 70, 71-79 (subsection on "Discounts"), 83, 100, 184-186; Ex. 2 at ¶¶ 13 n.3, 16 n.4, 21 n.5, 36-39, 53, 112-114.

## II.    MR. DJAVAHERIAN'S CITATIONS TO OTHER CASES ADDRESSING DISCOUNTS ARE RELEVANT TO SHOW COMPETING OPINIONS

Mr. Djavaherian cites to *TCL* and *InterDigital* to show the competing opinions between experts relating to licensing discounts. Mot. 4. Mr. Brismark opines that certain discounts should not apply to Samsung, while Mr. Djavaherian disagrees and opines that this view has been rejected. Ex. 1 at ¶¶ 71-79, 182; Dkt. 253-03 at ¶¶ 45-46. As noted in Section I above, Sisvel/Wilus have

---

[1] Wilus's attempt to distinguish a "threat of injunction … prior to Wilus filing suit" fails for the reasons explained in Mr. Djavaherian's report regarding patent "hold up," and in any event Wilus expressly seeks injunctive relief in this case. Dkt. 253-02 at ¶¶ 27-36; Dkt. 1.

4

███████████████████████████████████

injected discounts as an issue in this case, rendering Mr. Djavaherian's opinions relevant. *See* Ex. 8. Specifically, Sisvel alleges that the ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ *Id.* While Samsung does not intend to violate Court MIL No. 15, to the extent Mr. Brismark testifies as to his opinions on discounts at trial, Wilus has opened the door and Samsung should be permitted to cross-examine Mr. Brismark on his opinions that have been previously rejected by other courts.

## III. MR. DJAVAHERIAN'S OPINIONS ARE RELEVANT TO ISSUES BEYOND ESTOPPEL AND WAIVER

Wilus concedes that Mr. Djavaherian's opinions on Wilus's lack of compliance with the IEEE disclosure policy are relevant to the issues of estoppel and waiver in this case. For the reasons set forth in Samsung's Response, Wilus's Partial Motion for Summary Judgment on Samsung's Estoppel and Waiver Defense should be denied. Nevertheless, Mr. Djavaherian's opinions on Wilus's lack of compliance with the IEEE disclosure policy are relevant to other issues for the jury in this case, including willfulness and whether the parties have negotiated in good faith. *See* Dkt. 263 at 2 ("the jury will decide whether Samsung [] acted in bad faith"); Dkt. 253-02 at ¶¶ 76-77 ("Wilus's failure to disclose its patents to the IEEE until 2021 would raise serious valuation issues"). Wilus's lack of compliance is also relevant to Samsung's inequitable conduct defense in the -746 case. *See* Dkt. 235.

## IV. CONCLUSION

For the foregoing reasons, Wilus's motion to exclude the opinions of Mr. Djavaherian should be denied.

███████████████████████████████████████

Dated: March 16, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

6

Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

*Attorneys for Defendants
Samsung Electronics Co., Ltd., and
Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 16, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Matthew P. Mosteller*
Matthew P. Mosteller

8