**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>     Plaintiff, <br><br>     v. <br><br> HP INC., <br><br>     Defendant. | Case No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** <br><br><br> Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>     Plaintiff, <br><br>     v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br>     Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** <br><br><br> Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br>     Plaintiff, <br><br>     v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>     Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** <br><br> Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' OPPOSITION TO PLAINTIFF WILUS'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS' FAILURE TO MARK DEFENSE**

███████████████████████████████

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................1

II.    STATEMENT OF FACTS ............................................................................2

III.   ARGUMENT.................................................................................................3

     A.    Wilus Did Not Plead Compliance with Section 287(a) for Pre-Notice Damages, and Its Boilerplate Allegations are Insufficient .....................................4

     B.    Section 287 is Not an Affirmative Defense and Defendant's "Burden" of Production, When Applicable, Does Not Shift the Ultimate Burden of Proof .....................................................................................6

     C.    The § 287 Obligation Extends to Licensees and Wilus Did Not Allege Compliance by Those Entities .................................................................7

IV.   CONCLUSION.............................................................................................8

i

████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)............................................................................................................3

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)........................................................................................4, 6

*Arctic Cat v. BRP*,
950 F.3d 860 (Fed. Cir. 2020)...........................................................................................7, 8

*BelAir Elecs., Inc. v. Twelve S., LLC*,
No. 2:22-CV-04443-BHH, 2023 WL 6388810 (D.S.C. Sept. 29, 2023)...................................5

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
No. 21CV11018 (DLC), 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022)...................................5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................................................4

*Deckers Outdoor Corporation v. Next Step Group, Inc.*,
2024 WL 3459609 (S.D. N.Y. 2024)....................................................................................5

*Dunlap v. Schofield*,
152 U.S. 244 (1894)............................................................................................................4

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 216CV00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017)...........................5

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996)..............................................................................................8

*Motorola, Inc. v. United States*,
729 F.2d 765 (Fed. Cir. 1984).............................................................................................6

*Nike, Inc. v. Wal Mart Stores, Inc.*,
138 F.3d 1437 (Fed. Cir. 1998)........................................................................................4, 6

*Salazar v. AT&T*
(ECF No. 256-5 (Wilus Exhibit D)) ......................................................................................6

*Sentry Protection Prods. v. Eagle Mfg.*,
400 F.3d 910 (Fed. Cir. 2005)..............................................................................................6

*Von Holdt v. A-1 Tool Corp.*,
   714 F. Supp. 2d 863 (N.D. Ill. 2010) .................................................................................4

*Wonderland Switzerland AG v. Evenflo Co., Inc.*,
   564 F. Supp. 3d 320 (D. Del. 2021)..................................................................................7

**Statutes**

35 U.S.C. §......................................................................................................................1, 5, 8

35 U.S.C. § 287................................................................................................................ *passim*

35 U.S.C. § 287(a) ........................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a) ...............................................................................................................3

## I.    INTRODUCTION

Rather than carry its burden of pleading and proving patent marking to enable recovery of pre-notice patent damages, Plaintiff Wilus attempts to shift the pleading and evidentiary burdens to Askey with its motion for partial summary judgment. However, compliance with the patent marking statute, i.e., 35 U.S.C. § 287(a), is never at issue because Wilus did not allege facts to support a claim for pre-notice damages. Wilus's Complaint makes it clear that its damages claim rests solely on actual notice of infringement, not constructive notice, not patent marking. In fact, Wilus's Complaint fails to include any allegation that Wilus (or its licensees) marked any products with the asserted patents, or that Wilus had no obligation to mark related to the asserted patents. By relying solely on its allegation of actual notice, Wilus cannot now claim entitlement to *pre-notice* damages. Accordingly, any such claim for damages is not at issue, and any burden on Askey to identify products—which Wilus's motion incorrectly assumes exists—has never been triggered.

Wilus mistakenly characterizes "failure to mark" as an affirmative defense for which Askey bears the burden of proof, such as invalidity. While Askey referred to § 287 in its fifth affirmative defense, unlike patent invalidity, there is no presumption of marking. The burden to first plead and then prove compliance with § 287 remains on Wilus at all times.

That Wilus has not alleged or provided any evidence that Wilus requires patent marking by any of its licensees is consistent with the evidence of record. Even if Wilus were to belatedly attempt to amend its pleadings to allege that it had no duty to mark or that it required its licensees to mark, doing so would require additional discovery, and whether Wilus could ultimately prove full compliance with § 287 is a question of fact inappropriate for summary judgment. Accordingly, the Court should deny Wilus's motion.

1

## II.   STATEMENT OF FACTS

Wilus filed a Complaint alleging infringement of seven patents that Wilus contends are essential to the 802.11ax standard. For each count (directed at each asserted patent individually), Wilus pled actual notice and nothing else under 35 U.S.C. § 287. ECF No. 1 (Case No. 24-cv-00766-JRG-RSP), at ¶¶ 28, 49, 68, 87; ECF No. 1 (Case No. 24-cv-00753-JRG-RSP), at ¶¶ 27, 50, 73. Each paragraph states:

> Wilus and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the [patent number], and *Wilus is entitled to damages for* Defendants' past infringement. For example, Sisvel's letters conveying Wilus's and Sisvel's belief that Askey products practiced Wilus's '638 patent and offering to license Wilus's patents to Askey provided Askey with *actual notice of infringement*.

*Id.* (emphasis added.) Wilus's allegations concern only actual notice. Wilus did not plead that it marked any products. Nor did it plead any exemption from marking obligations. Wilus did not allege that its licensees marked any products or had no obligation to mark. Wilus's Complaint exclusively focuses on the requirements of providing "Askey with actual notice of infringement." 35 U.S.C. § 287(a). And while Wilus sought recovery of "past and future damages" based on such notice, Wilus's Complaint did not alleged entitlement to damages *before* the date of actual notice to Askey.

In its Answers, Askey referenced § 287 as part of its Fifth Defense that Wilus's damages are limited by statute. *See* ECF Nos. 59, 60. Askey's initial disclosures served December 20, 2024 likewise indicated that any damages are limited by §§ 286 and 287, including restrictions as a result of Wilus's licenses. *See* Ex. 1, at 6. Wilus never amended its Complaint to allege otherwise.

Without any reliance on patent marking (or the lack of any obligation to mark), Wilus confirmed in discovery that its only § 287 arguments rest on the date of actual notice. For example, in response to an interrogatory requesting that Wilus "describe in complete detail all efforts to

comply with the marking requirements of 35 U.S.C. § 287 . . . and any efforts by you or any prior patent owners to enforce marking by any licensees," Wilus responded that:

> Askey had actual notice of the Asserted Patents and its infringement at least by April 12, 2022. *See e.g.*, SISVEL-ASKEY-0000001- SISVEL-ASKEY-0000006. Wilus incorporates Askey's Responses to Wilus' First Set of Common Interrogatories Nos. 5 and 6, and any supplements thereto as responsive to this interrogatory.

Ex. 2, at 41. Thus, Wilus confirmed that its compliance with 35 U.S.C. § 287 is limited to its attempt to provide actual notice of the asserted patent on April 12, 2022. Wilus provided no information concerning compliance with its marking or allegations of the absence of any such obligations.

In expert discovery, Wilus provided damages calculations by Mr. Stephen Dell who estimated damages for two different periods of time. Mr. Dell determined damages based (1) on the alleged date of actual notice, April 2022, and alternatively (2) damages for the entire period of the alleged infringement. Ex. 3, at 15:6-16:9. Mr. Dell offered no opinion concerning the start date of damages or Wilus's compliance with the patent marking requirements.

## III.    ARGUMENT

Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Notably, although Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought," Wilus did not claim pre-notice damages in its pleadings. Summary judgment should be denied if there is a genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Under 35 U.S.C. §287(a), "[i]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be

3

*recovered only for infringement occurring after such notice*." 35 U.S.C. §287(a) (emphasis added). The Federal Circuit has made clear that "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("Arctic Cat I"). Further, "compliance with §287(a) is a question of fact" and that the "burden of proving compliance with marking is and at all times remains on the patentee." *Id.*, at 1366-1367.

### A.    Wilus Did Not Plead Compliance with Section 287(a) for Pre-Notice Damages, and Its Boilerplate Allegations are Insufficient

Wilus, as a patent Plaintiff seeking past damages, has the duty to allege and prove compliance with the patent marking statute, and it failed to make any such allegations to support its claim for pre-notice damages in this case.

"By elementary principles of pleading…the duty of alleging and the burden of proving either [marking or actual notice] is upon the plaintiff." *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). The Federal Circuit has reaffirmed that §287 is a limitation on damages and that "the patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat I*, 876 F.3d 1350, 1366–68. That burden persists through trial: the patentee must establish compliance by a preponderance of evidence. *Nike, Inc. v. Wal Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). While the plaintiff bears the burden of establishing compliance with 35 U.S.C. § 287(a), "defendants have no burden to establish non-compliance with the marking statute because compliance with § 287(a) is an essential element of the plaintiff['s] case[.]" *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 868 (N.D. Ill. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Wilus's motion for summary judgment that it should receive pre-notice damages must be rejected because Wilus has never included any allegation to support a claim for such damages.

4

District courts routinely dismiss or strike claims to pre suit damages where the complaint alleges only a conclusory, boilerplate compliance. *See*, *e.g.*, *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 216CV00052-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017) (limiting damages to the time the complaint was filed because patentee failed to provide constructive or actual notice as required by § 287(a)); *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022) (dismissing the patentee's pre suit damages claim which merely claimed "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with."); *BelAir Elecs., Inc. v. Twelve S., LLC*, No. 2:22-CV-04443-BHH, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) (holding that a generic assertion that the patentee complied with "the provisions of § 287" was "conclusory (and unclear)" and insufficient to sustain a pre-litigation damages claim.); *Deckers Outdoor Corporation v. Next Step Group, Inc.*, 2024 WL 3459609, *6–*7 (S.D. N.Y. 2024) (dismissed pre suit damages because "[w]hen a complaint does not adequately allege compliance with the marking statute, a claim for pre-litigation damages may be dismissed").

Wilus included only the same type of conclusory and generic assertions consistently rejected by the courts as insufficient. By merely alleging that Wilus has "satisfied the requirements of 35 U.S.C. § 287(a)" and only alleging facts related to actual notice, the Complaint clearly limits itself to pre-litigation damages for any period that Wilus can prove actual notice, and not pre-notice damages. Just as the court in *BelAir Electronics* rejected a patentee's claim to pre suit damages where the complaint offered only a bare assertion of compliance with "the provisions of § 287," the same result follows here: Wilus's failure to plead any facts in its Complaint regarding patent marking forecloses any entitlement to pre-notice damages. Wilus is certainly not entitled to summary judgment of the reverse.

5

Moreover, unlike the patentee in *Salazar v. AT&T* (ECF No. 256-5 (Wilus Exhibit D)), Wilus has never alleged that no marking obligation exists. Not in its complaint and not in its discovery responses. *See* ECF No. 1; Ex. 2 at 41. In *Salazar*, the Court noted that "Salazar has maintained throughout this litigation that I3 never sold products that practiced the claims of the '467 Patent, and thus never failed to mark 'patented articles' under § 287." ECF No. 256-5, at 4. Here, however, Wilus has made no such assertion disputing a marking obligation. By failing to allege either no duty to mark, or that their duty to mark was satisfied by some specific act, the pre-suit damages under § 287(a) must be limited to those after any actual notice Wilus may prove.

Wilus's reliance on *Arctic Cat* to shift a supposed "notice" burden onto Askey is therefore untenable. A patentee cannot obtain summary judgment on an issue it failed to allege in the first instance. In relying solely on actual notice in its Complaint and discovery responses, Wilus defined the scope of damages at issue in this case. It cannot expand the scope of its complaint via summary judgment. Thus, the Court should deny the motion for summary judgement.

### B. Section 287 is Not an Affirmative Defense and Defendant's "Burden" of Production, When Applicable, Does Not Shift the Ultimate Burden of Proof

Wilus's motion for summary judgment is also flawed because it treats Wilus's § 287 obligation as a defense that Askey must prove. The Federal Circuit is clear: "Section 287 is a limitation on damages, and not an affirmative defense." *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984); *see also Arctic Cat I*, 876 F.3d at 1367 (finding legal error where the district court characterized § 287 as an affirmative defense to be proved by the Defendant). The primary burden is that of pleading constructive notice. *Arctic Cat I*, 876 F.3d at 1366–68; *see also Nike*, 138 F.3d at 1446 (patentee bears proof burden); *Sentry Protection Prods. v. Eagle Mfg.*, 400 F.3d 910, 918–19 (Fed. Cir. 2005) (discussing pleading/notice issues and reiterating *Dunlap*'s rule that the duty to allege and prove marking/notice rests on plaintiff).

Wilus argues that Askey has failed to meet its "burden of production," but that burden arises only *after* Wilus alleges either that it has complied with marking or had no obligation to mark. "Defendant's burden to produce would only have been triggered if it were challenging the patentee's compliance with the § 287 requirement; the patentee carries the burden in the first instance to plead that it had marked its products." *Wonderland Switzerland AG v. Evenflo Co., Inc.*, 564 F. Supp. 3d 320, 342 (D. Del. 2021) (limiting pre-suit damages to the date of actual notice). Wilus has done neither.

Because § 287(a) is not an affirmative defense, Askey had no actual obligation to raise it, but by doing so alerted Wilus of the marking issue. Wilus did not seek to amend its pleadings and it is too late to do so now, on the eve of trial. Having failed to plead compliance with § 287(a) and without any evidence that it—or any licensee—marked practicing products or lacked a marking obligation, Wilus cannot recover pre-notice damages. Its failure to meet the statutory prerequisite is fatal to its claim. The Court should deny summary judgment.

### C.    The § 287 Obligation Extends to Licensees and Wilus Did Not Allege Compliance by Those Entities

Although not necessary to decide this motion, which should be denied based on the allegations in Wilus's complaint alone, Wilus does not require its licensees to mark licensed products with the asserted patents (which is perhaps why Wilus did not include marking allegations in the Complaint).

Under § 287(a), a patentee's or their licensee's failure to mark limits all pre-suit damages until the defendant is provided actual notice, or compliance with the marking requirements begin. *Arctic Cat v. BRP* ("*Arctic Cat II*"), 950 F.3d 860, 864 (Fed. Cir. 2020) ("While § 287 describes the conduct of the patentee in the present tense, the consequence of a failure to mark is not so temporally limited."). The Federal Circuit has long held that a patentee must not only impose a

7

marking requirement on licensees, but must also take reasonable steps to ensure compliance. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("To satisfy the constructive notice requirement, the patentee must have made reasonable efforts to ensure that licensees mark their products."). As *Maxwell* further explains, "[t]he key question is whether the patentee made reasonable efforts to ensure that its licensees complied with the marking requirement." *Id.* at 1112. *Arctic Cat II* indicates that § 287(a) limits damages until either actual notice or compliance with marking has occurred. *Arctic Cat II*, 950 F.3d at 864–66.

Here, Wilus has no produced any evidence establishing that any licensee marked patented articles or that Wilus imposed a contractual marking obligation. No such evidence is identified in Wilus's interrogatory response. Even if Wilus had not entirely dropped pre-notice damages from the case at the outset, any failure by Wilus to prove that their licensees complied with marking would preclude Wilus from pre-notice damages. *Arctic Cat II*, 950 F.3d at 864–66; 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement . . . ."). The statute's limitation is unambiguous. Any failure to adhere to the statutory marking requirements of § 287(a) bar damages recovery until actual notice or compliance with marking is satisfied. Because Wilus has not alleged, let alone proved, it requires its licensees to mark under § 287(a), Wilus's motion for summary judgement should be denied.

## IV.    CONCLUSION

Wilus seeks summary judgment on a claim—for recovery of pre-notice damages—that Wilus never alleged and is not at issue in this case. Wilus failed to plead compliance with 35 U.S.C. § 287(a), failed to produce any evidence that it or its licensees marked patented articles, and relied exclusively on allegations of actual notice in all pleadings and discovery responses. Because the patentee bears the burden of pleading and proving compliance with § 287(a), Wilus's silence and its failure on patent marking compliance is dispositive. The Court should deny Wilus's motion.

████████████████████████████████████

Dated:  March 16, 2026

Respectfully submitted,

/s/ Jeffrey D. Smyth

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

10