IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY UNDER OBVIOUSNESS THEORIES (DKT. 267)**

████████████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

TABLE OF EXHIBITS ....................................................................................................... iv

TABLE OF ABBREVIATIONS ........................................................................................... iv

I.      COUNTER-STATEMENT OF THE ISSUES TO BE DECIDED ................................... 1

II.     RESPONSE TO WILUS'S STATEMENT OF UNDISPUTED
        MATERIAL FACTS ............................................................................................. 2

III.    LEGAL STANDARDS ......................................................................................... 4

IV.     WILUS'S MOTION FOR SUMMARY JUDGMENT SHOULD BE
        DENIED.............................................................................................................. 5

        A.      Samsung's Obviousness Arguments Based on "On Sale" System
                Prior Art Galaxy Tab S Are Proper........................................................ 5

        B.      Genuine Factual Dispute Exists because Samsung Did Proffer
                Evidence Showing that Draft D0.5 Was Publicly Accessible Prior
                Art Thereby Precluding Summary Judgement......................................... 9

        C.      Samsung Opposes Entering of Summary Judgment of No
                Invalidity As to Obviousness Theories Wilus Attempts to Exclude.................... 11

████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*,
  825 F.3d 1373 (Fed. Cir. 2016)..................................................................................................9

*CA, Inc. v. Simple.com, Inc.*,
  780 F. Supp. 2d 196 (E.D.N.Y. 2009) .......................................................................................6

*Celanese Int'l Corp. v. Int'l Trade Comm'n*,
  111 F.4th 1338 (Fed. Cir. 2024) ............................................................................................4, 7

*Cordis Corp. v. Boston Scientific Corp.*,
  561 F.3d 1319 (Fed. Cir. 2009)..................................................................................................7

*In re Epstein*,
  32 F.3d 1559 (Fed. Cir. 1994).....................................................................................................6

*In re Etter*,
  756 F.2d 852 (Fed. Cir. 1985) (en banc)....................................................................................9

*J.A. LaPorte v. Norfolk Dredging Com.*,
  787 F.2d 1577 (Fed. Cir. 1986)..............................................................................................5, 7

*Lockwood v. Am. Airlines, Inc.*,
  107 F.3d 1565 (Fed. Cir. 1997)..............................................................................................5, 6

*In re Mouttet*,
  686 F.3d 1322 (Fed. Cir. 2012)..................................................................................................9

*N. Telecom, Inc. v. Datapoint Corp.*,
  908 F.2d 931 (Fed. Cir. 1990).....................................................................................................7

*Navico Inc. v. Garmin Int'l, Inc.*,
  No. 2:16-CV-00190-JRG-RSP, 2017 WL 3750252 (E.D. Tex. July 28, 2017) ......................10

*Norian Corp. v. Stryker Corp.*,
  363 F.3d 1321 (Fed. Cir. 2004)................................................................................................10

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010).....................................................................................................6

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
  511 F.3d 1186 (Fed. Cir. 2008).....................................................................................................8

██████████████████████

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
87 F. Supp. 2d 258 (S.D.N.Y. 2000)..................................................................................6

*Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*,
620 F. App'x 916 (Fed. Cir. 2015) ....................................................................................8

**Statutes**

35 U.S.C. § 102(a)(1)..........................................................................................................4

35 U.S.C. § 102(b) .......................................................................................................6, 7, 8

**Other Authorities**

Fed. R. Civ. P. 56(a) ..........................................................................................................4

███████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Excerpts from the deposition transcript of Harry Bims taken on February 20, 2026 |
| 2 | Excerpts from the deposition transcript of Stephen Wicker taken on February 24, 2026 |
| 3 | Excerpts from the Opening Report of Harry Bims (Corrected), dated January 28, 2026 |
| 4 | Excerpts from the Declaration of Harry Bims, dated December 22, 2026 |
| 5 | Excerpts from Samsung Defendants' Amended Initial and Additional Disclosures, dated December 22, 2025 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| RWSUMF | Response to Wilus's Statement of Undisputed Material Fact |
| Mot. | Dkt. 267, Wilus's Motion for Partial Summary Judgment of No Invalidity under Obvious Theories |

Wilus improperly contends that all of Samsung's obviousness theories relying on the Galaxy Tab S—a system prior art reference whose status derives from its commercial sale before the patents' effective filing dates—must fail because the device's source code was not publicly accessible. *See* Mot. at 1. ***First***, the Federal Circuit has held that public access to a system prior art's source code is irrelevant to its use in an obviousness analysis. ***Second***, even without source code, Samsung can demonstrate that a POSITA would have had a reasonable expectation of success in combining the Galaxy Tab S with other prior art. ***Third***, contrary to Wilus's position, the law with respect to obviousness does not require the bodily incorporation of one prior art reference into another.

Wilus's attempt to preclude Samsung from using IEEE P802.11ax/D0.5, "High Efficiency (HE) PHY specification" ("Draft D0.5") in obviousness combinations is likewise flawed. Samsung's expert Dr. Bims has provided testimony that Draft D0.5 was publicly accessible. Given Dr. Bims' personal knowledge of relevant IEEE standards meetings and procedures, and his identification in Samsung's Amended Initial and Additional Disclosures, Dr. Bims is expected to provide fact testimony during trial in addition to expert opinions on this topic. As such, there is a genuine factual dispute regarding whether Draft D0.5 was publicly accessible that precludes summary judgment.

## I.  COUNTER-STATEMENT OF THE ISSUES TO BE DECIDED

Wilus's statement of the issues does not present the salient legal questions for purposes of resolving their Motion. Mot. at 2.  Samsung respectfully offers that the issues to be decided on this Motion are as follows:

- Whether the lack of public access to the Galaxy Tab S's source code precludes Samsung from relying on the device as system prior art in its obviousness combinations.

• Whether a genuine dispute of material fact exists as to whether D0.5 was publicly accessible.

## II.    RESPONSE TO WILUS'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     Disputed. The identity of the experts proffered by Samsung is not a fact of the case.

2.     Disputed.  Samsung's experts provided opinions that are helpful to the obviousness inquiry, but they did not provide an opinion regarding the ultimate legal conclusion of obviousness.

3.     Undisputed.

4.     Undisputed.

5.     Disputed. Whether a rule or a standing order limits an expert's testimony is a legal question, not a fact.

6.     Disputed. Whether Samsung elected or did not elect certain theories of invalidity is not a fact of the case.

7.     Disputed. Whether Samsung withdrew or did not withdraw certain arguments is not a fact of the case.

8.     Disputed.  In the cited portions of the transcript, Dr. Bims and Dr. Wicker did not opine as to the "[a]ll obviousness theories currently maintained by Samsung." Mot. at 3.  Further, the cited portions of Dr. Bims testimony do not support Wilus's factual assertion.  In the cited portion of Dr. Bims testimony, Wilus's counsel asked "the way that a person skilled in the art would have combined the Galaxy Tab S with the other references, in your opinion, is modifying the source code to the Galaxy Tab S; correct? . . . Specifically to the Wi-Fi chip -- the source code to the Wi-Fi chip in the Galaxy Tab S." Ex. 1, Bims Tr. 106:23-107:6; *see also id.* 106:10-15.  But Dr. Bims did not agree.  *Id.* Bims Tr. 107:8-11 ("So what I'm saying is that a person of ordinary skill would know how to update the 10 Wi-Fi chip in the Samsung Galaxy Tab S to incorporate

2

the functionality of the Josiam prior art reference."), 106:17-22 ("Well, the Wi-Fi chip within the Samsung Galaxy Tab S is the only relevant component to receiving channel nulling (puncturing) information.  That would have to be updated.  Other components in the Samsung Galaxy Tab S would not be relevant for that feature.").   Likewise, Dr. Wicker merely agreed that "the way to modify [Galaxy Tab S] would be to modify it in the source code."  Ex. 2, Wicker Tr. 159:10-22.  But the ultimate question of obviousness is a question of law, and Dr. Wicker did not testify as to the legal question of obviousness.  *See id.*  Wicker 24:3-8 ("And this might be a good time for me to point out, I am not a lawyer. But I have a layman's understanding of those terms. Counsel has explained them to me many times in the past. And I applied that understanding.").

9.      Undisputed.

10.     Disputed.  The cited portions of Dr. Bims' testimony do not support Wilus's factual assertion.  Dr. Bims testified that "***typically***, source code is not bundled with the product 23 that is shipped commercially."  Ex. 1, Bims Tr. 112:21-23.  The testimony did not pertain to the source code of BCM4354 or the Galaxy Tab S, as Wilus asserts.

11.     Disputed. The cited portions of Dr. Wicker and Dr. Bims testimony do not support Wilus's factual assertion. Dr. Wicker and Dr. Bims did not testify as to the specific source code for BCM4354.  *See id.*  Bims Tr. 113:18-21; Ex. 2, Wicker Tr. 162:6-11.  Beyond these, Wilus cites no evidence for the proposition that "[t] he source code for the Broadcom BCM4354 chipset is confidential."  Mot. at 4.

12.     Undisputed.

13.     Undisputed.

14.     Disputed.  Wilus mischaracterizes Dr. Bims's testimony—Dr. Bims did not testify as to the specific source code for BCM4354.  *See* Ex. 1, Bims Tr. at 113:10-21.

15.    Disputed. Dr. Bims has opined on the confidentiality and public accessibility of Draft D0.5 in his declaration, which is incorporated into his opening report. *See*, *e.g.*, Ex. 3 (Bims Opening Report), ¶¶ 4, 308; Ex. 4 (Bims Decl.), ¶¶ 22 ("earlier drafts are often circulated among the task group for preliminary feedback on the progress of the standards work (e.g., draft D0.5)"), 30 ("TGax circulated other standard amendment drafts, including drafts … D0.5"), 102 ("interested members of the public already would have been aware of earlier 802.11ax standard amendment drafts, including D0.1 and D0.5"). Moreover, Dr. Bims' discussions regarding IEEE's rules and procedures and meetings apply to multiple draft standards including Draft D0.5. *See*, *e.g.*, Ex. 4 (Bims Decl.), ¶¶ 108 (discussing the sharing of draft standards), 118 ("IEEE imposed little if any restriction on the distribution of draft standard amendments"), 31 ("TGax meetings were open to the public."). Dr. Bims also provided testimony about Draft D0.5 during his deposition. Ex. 1, Bims Dep. Tr. at 31:24-25 ("the draft 0.5 of 802.11ax was published in September of 2016."), 35:9-15, 36:23-38:3 including 37:8-9 ("draft 0.5, was uploaded in September of 2016.") and 37:16-20 ("there were numerous discussions in … 802.11 Working Group meetings about the content of draft 0.5").

## III.    LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he AIA did not constitute a foundational change in the theory of the statutory on-sale bar provision, 35 U.S.C. § 102(a)(1)." *Celanese Int'l Corp. v. Int'l Trade Comm'n*, 111 F.4th 1338, 1348 (Fed. Cir. 2024).  "The 'on sale' category . . . has never required that a qualifying commercial sale reveal to the public the details of the claimed invention." *Id*. at 1346. "[T]he question is not whether the sale, even a third party sale, 'discloses' the invention at the time of the

sale, but whether the sale relates to a device that *embodies* the invention." *J.A. LaPorte v. Norfolk Dredging Com.,* 787 F.2d 1577, 1583 (Fed. Cir. 1986).[1]

## IV.   WILUS'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.   Samsung's Obviousness Arguments Based on "On Sale" System Prior Art Galaxy Tab S Are Proper

Wilus asserts that Samsung's obviousness arguments based on the Galaxy Tab S—system prior art sold before the effective filing dates—fail because its *source code was not publicly accessible*. *See* Mot at 1 ("If the relevant source code . . .  is not something to which a POSITA would have access in the first place, then its obviousness theories fail."). Wilus's argument fails for three reasons.

*First*, the Federal Circuit has already addressed this issue and concluded that the public accessibility of the source code for system prior art is *irrelevant*. In *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997), the record showed that "the essential algorithms of the [system prior art's] software were *proprietary and confidential* and that those aspects of the system that were readily apparent to the public would *not have been sufficient to enable one skilled in the art to duplicate the system*." Based on this evidence, the patentee in *Lockwood* put forth the same argument that Wilus makes in this case—"that one skilled in the art *would not be able to build and practice the claimed invention without access to the secret aspects of [the prior art system]*." *Id.*; *compare* Mot. at 7 (Wilus arguing "(1) the BCM4354 source code is confidential; and (2) a POSITA would need access to the Broadcom BCM4354 source code before they can modify it."). The Federal Circuit rejected the argument, explaining that "the public need not have access to the 'inner workings' of a device for it to be considered 'in public use' or 'used by others'

---

[1] All emphasis is added unless noted otherwise.

within the meaning of the statute." *Id.* Indeed, "public use of the ***high-level aspects of the [prior art]*** system was enough to place the ***claimed*** features of the [asserted] patent in the public's possession." *Id.* (citing *In re Epstein*, 32 F.3d 1559, 1567–68 (Fed. Cir. 1994)). Here, the commercial sale[2] of Galaxy Tab S put its processor and transceiver—and ***all the features embodied therein including its firmware***—in the public's possession. *See also, e.g., Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 87 F. Supp. 2d 258, 269–70 (S.D.N.Y. 2000) ("[T]hat the demonstrations or descriptions of [system art] did not disclose its underlying code or every last detail of its structure is of little importance given the nature of the Court's inquiry under Section 102(b)."); *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 304 (E.D.N.Y. 2009) ("[I]t is ***irrelevant*** that certain aspects of [a] software package may have been inaccessible to the public or ***that one skilled in the art may not have been able to reproduce every aspect of the Eureka Portal Product***.").

Wilus appears to argue, ***citing no authority***, that public accessibility of the source code is required because the system art is part of an obviousness ground rather than being anticipatory prior art. *See* Mot. at 8–9. Nor can it, given that *Lockwood* also involved system prior as part of an obviousness combination with another piece of prior art. 107 F.3d at 1570, ("The district court held that [system prior art], which made and confirmed reservations with multiple institutions . . . , ***combined*** with the terminal of the [] patent ***rendered the asserted claims of the [] patent obvious***.").

Wilus also relies on irrelevant case law, which pertains to "printed publications," ***not*** "on-sale" prior art such as the Galaxy Tab S. Mot. at 7; *see ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d

---

[2] While this case was related to the "public use" bar, the case the Court relied on applied to both the public use and sale bar. *See In re Epstein,* 32 F.3d at 1567-68 ("Beyond this 'in public use or on sale' finding, there is no requirement for an enablement-type inquiry.").

860, 865 (Fed. Cir. 2010) ("The issue at trial was whether either or both of these manuals is a 'printed publication' in terms of § 102(b), and thus available as evidence of anticipation or obviousness."); *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936 (Fed. Cir. 1990) ("Datapoint challenges the district court's finding that claims 40–42 and 44 were not anticipated by certain "AESOP–B" documents because these documents were not "printed publications" in terms of 35 U.S.C. § 102(b)."); *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1333, (Fed. Cir. 2009) (deciding on the "issue of whether the monographs are prior art printed publications"). Unlike "printed publications," "[t]he 'on sale' category . . . has ***never required that a qualifying commercial sale reveal to the public the details of the claimed invention***." *Celanese Int'l*, 111 F.4th at 1346. For the "on sale" category of prior art, "the question is not whether the sale . . . '***discloses***' the invention at the time of the sale, but whether the sale relates to a device that ***embodies*** the invention." *J.A. LaPorte*, 787 F.2d at 1583.

***Second***, Wilus's argument also fails because, even without the source code, Samsung can show that a POSITA would have had a reasonable expectation of success in combining the Galaxy Tab S with other prior art references. According to Wilus, a POSITA would have been able to make or use the claimed invention from the disclosures in the patent coupled with information known in the art without undue experimentation, including configuring the disclosed processor to perform the claimed features. *See, e.g.*, Dkt. 264-4, Ex. 4 (de la Iglesia Rebuttal Rpt.) ¶ 564 ("I agree with Dr. Wicker that at least all other have written description and are enabled."). Yet, the asserted patents in this case ***do not disclose the source code*** for the claimed processor, or how an existing processor can be reverse engineered to configure it with the claimed features. The asserted patents merely describe the processor's capability in functional terms. *See, e.g.,* Dkt. 264-5, (Cooklev MTS) Ex. 5 ('879 patent) (3:16-4:19; 7:21-9:63) (merely disclosing that "processor" is

configured to perform an action without disclosing source code), Dkt. 264-6, Ex. 6 ('281 patent (3:8-5:3; 7:6-9:57) (same)), Dkt. 264-7, Ex. 7 ('077 patent (3:1-4:15; 9:22-46) (same)), Dkt. 264-8, Ex. 8 ('210 patent (2:59-3:3:4, 7:25-49) (same)). Wilus's enablement position confirms that a POSITA does not need the source code to make the claimed processor and configure it with the claimed features.

For the purposes of obviousness, however, Wilus would like this Court to find that a POSITA *cannot* make a processor and configure it to perform the claimed features without the source code. But this Court should not apply a lower enablement standard for the asserted patents and a higher one for the prior art references. *See, e.g., Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*, 620 F. App'x 916, 929 (Fed. Cir. 2015) (rejecting argument that "a PHOSITA could not have reasonably expected to be successful in devising an appropriate chemical procedure" that an expert opined was "complex" because the patent-at-issue itself "does not provide additional guidance with respect to chemical procedures"); *see also SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008) ("With [prior art reference] providing similar, or even a partially identical, disclosure to the [asserted] patent['s] specification, the record meets the *lower enablement standard* for prior art under 35 U.S.C. § 102(b). Thus, the [prior art reference] with its similarities in technical scope and description to the specification of the [asserted] patent meets the enabling hurdle for a prior art reference.").

*Third*, Wilus's argument is premised on the incorrect legal understanding that a showing of obviousness requires a showing that one piece of prior art could be bodily incorporated art into another, specifically the features of prior art references into BCM444354 in the Galaxy Tab S. *See, e.g.,* Mot. at 6 ("All of Samsung's obviousness theories require that a POSITA access and then modify the source code of the wi-fi chip in the Samsung Galaxy Tab S device"). But, "[t]he test

for obviousness is *not* whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference, but rather whether a 'skilled artisan would have been motivated to combine the ***teachings of the prior art references*** to achieve the claimed invention'." *Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*, 825 F.3d 1373, 1381 (Fed. Cir. 2016) (citations modified). In fact, "it is ***not necessary that [the references] be physically combinable*** to render obvious the patent." *Id.* Unsurprisingly, the Federal Circuit has consistently rejected challenges to obviousness arguments that rely on the ***physical difficulties*** in combining the prior art references. *See, e.g., In re Mouttet*, 686 F.3d 1322, 1332 (Fed. Cir. 2012) ("It is well-established that a determination of obviousness based on teachings from multiple references ***does not require an actual, physical substitution of elements***."); *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc) (explaining that whether one reference can be incorporated in another is "basically irrelevant" since the test for obviousness is "not whether the references could be physically combined but whether the claimed inventions are rendered obvious by the teachings of the prior art as a whole"). Thus, Wilus cannot prevail on a summary judgment motion of no invalidity even if it is correct that a POSITA could not have bodily incorporated the features of prior art references into BCM444354 in Galaxy Tab S.

### B. Genuine Factual Dispute Exists because Samsung Did Proffer Evidence Showing that Draft D0.5 Was Publicly Accessible Prior Art Thereby Precluding Summary Judgment

The record evidence raises sufficient factual disputes as to whether Draft D0.5 was publicly accessible, thus precluding summary judgment. Wilus's statement that "Samsung ... failed to submit evidence … showing that the Draft D0.5 publication was publicly accessible at any of the relevant priority date" (Mot. at 10) is factually flawed.

9

Dr. Bims provided testimony regarding the public accessibility of Draft D0.5. *See* RWSUMF, ¶15. He discussed how interested members of the public could have obtained copies of draft versions of 802.11ax and the extent of their distribution under IEEE's rules and procedures. *Id*. Dr. Bims explained how drafts were shared and how "IEEE imposed little if any restriction on the distribution of draft standard amendments." Ex. 4 (Bims Decl.), ¶¶ 108, 118. He addressed the sharing, circulating, and awareness of Draft D0.5 among members of the interested public. *Id.*, ¶¶ 22, 30, 102. Dr. Bims further testified that Draft D0.5 was published in September of 2016, and how drafts such as Draft D0.5 were uploaded and discussed in teleconferences and public 802.11 working group meetings. Ex. 1 (Bims Dep.) at 31:24-25, 35:9-15, 36:23-38:3, 37:8-9, 37:16-20. Samsung expects to call Dr. Bims as a fact witness on the topics of "[p]ublic accessibility of prior art; development of relevant IEEE 802.11ax features." *See* Ex. 5 (Samsung's disclosures), 11.

The cases cited by Wilus are inapposite. Mot. at 10-11. In *Norian*, the Court affirmed the lower court's holding that testimony regarding the general practice of handing out abstracts during a presentation did not amount to substantial evidence about the actual availability of a specific abstract whose author could not recall whether it was handed out. *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1330 (Fed. Cir. 2004). In *Navico*, the Court found that Garmin did not have enough evidence of a reference's public accessibility to carry its burden at trial because Garmin failed to present evidence of a reference's distribution or how any interested member of the public could have obtained a copy. *Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 WL 3750252, at *3 (E.D. Tex. July 28, 2017). Unlike the facts of *Norian* and *Navico*, Dr. Bims—as explained above—testified how the interested public could have obtained copies of draft versions of 802.11ax (including specifically Draft D0.5 in September 2016) and the extent of their distribution under IEEE's rules and procedures.

10

**C.      Samsung Opposes Entering of Summary Judgment of No Invalidity As to Obviousness Theories Wilus Attempts to Exclude**

Wilus requests the Court to grant summary judgment of invalidity as to grounds supported by expert opinions that Wilus attempts to strike in separately filed motions. Dkt. 271, 274.  Samsung opposes these motions to strike.  Dkts. 314 and 315.  Further, and for the foregoing reasons, the Court should deny the instant motion.

Dated: March 16, 2026

Respectfully submitted,

/s/ Ralph A. Phillips
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

11

████████████████████████████

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham

12

█████████████████████████████████████████

Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 16, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

/s/ Ralph A. Phillips
Ralph A. Phillips