# Exhibit 2

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION
-------------------------------------------X
WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY,
INC,

                                    PLAINTIFF,

        -against-            Case No.:
                        2:24-cv-00752-JRG-RSP


HP INC.,

                                    DEFENDANT.
-------------------------------------------X
WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY,
INC.,
                                    PLAINTIFF,
        -against-            Index No.:
                             Index


SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.,
                                    DEFENDANT.
-------------------------------------------X
                        DATE: February 24, 2026
                        TIME: 9:05 A.M.


████████████████████████████████████████

███████


                Magna Legal Services
                   866-624-6221
                  www.MagnaLS.com



Page 2

DATE: February 24, 2026

TIME: 9:05 A.M.

█████████████████████████████████

██████

VIDEOTAPED DEPOSITION of DR. STEPHEN WICKER, held via videoconference, before Rivka Trop, a Notary Public of the State of New York.

Magna Legal Services

866-624-6221

www.MagnaLS.com



Page 24

A.    That's correct.

And this might be a good time for me to point out, I am not a lawyer.  But I have a layman's understanding of those terms.  Counsel has explained them to me many times in the past.  And I applied that understanding.

Q.    Right.  And by the way, you reviewed your reports in preparation for today's deposition; correct?

A.    That's correct.

Q.    And in reviewing them, again, is -- was there anything that you noticed that you wanted to fix on the record today, or anything like that?

A.    No.  One always encounters typographical or grammatical errors.  But beyond that, no.

Q.    Okay.  Obviously if -- if you notice any when we discuss certain paragraphs today, obviously just let me know on the record and we will make a record of it?

A.    Thank you.



Page 159

████████████████████████████

A. Yes, I do.

Q. And you confirm that you don't have any anticipation opinions, rather all of your opinions are obviousness; correct?

A. That is correct.

Q. And so for all of your opinions concerning prior art invalidity -- strike that.

For all of your obviousness opinions, if I understand correctly, you start with the Galaxy Tab S and then you propose -- you opine that one -- that a POSITA would have been motivated to modify the product according to additional functionality for your secondary references; correct?

A. That's correct.

Q. And the way to modify the product would be to modify it in the source code; correct?

A. That's correct -- I am sorry.

Q. No, you go ahead and then I will ask a follow up?

A. Yes, for example, to me it seems


MAGNA
LEGAL SERVICES

Page 162

█████████████████████████████████

would have access to Broadcom Wi-Fi closed

source code; correct?

   MR. GELBERG:  Objection to the

 form.

 A. Generally speaking that code is

confidential, at least it is at the present.

And I would not expect anyone who was not

covered under a protective order, or a

Broadcom employee, of being able to access

that code.

BY MR. MIRZAIE:

 Q. So, now moving on to, revisiting

in the same report inventorship opinions.

   So we can start with page 242?

 A. Okay, okay, I am there.

 Q. So if I understand your opinions

here correctly, your opinions are

that -- strike that.

   For the 163 and 597 patents, your

inventorship opinions begin in paragraph 721

of your opening report, do you see that?

 A. Yes, I do.

 Q. And in your opinion, ███████████

██ ████████████████████████████ on the

