# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Civil Case No. 2:24-cv-00746-JRG <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Civil Case No. 2:24-cv-00765-JRG <br><br> JURY TRIAL DEMANDED |

**SAMSUNG DEFENDANTS' AMENDED**
**<u>INITIAL AND ADDITIONAL DISCLOSURES</u>**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung" in the '746 case and '765 case) hereby make their amended initial and additional disclosures under Federal Rule of Civil Procedure 26(a), the Local Court Rules of the United States District Court for the Eastern District of Texas, and the Docket Control Order and Discovery Order. These disclosures are based upon current information reasonably available to Samsung. Samsung reserves the right to amend, clarify, and/or supplement

1

its disclosures based on further investigation and discovery to the extent further disclosures are not mooted by discovery responses.

By providing these disclosures, Samsung does not represent that it is identifying every witness, document, or tangible thing that may be relevant to the issues in this lawsuit, or on which Samsung may rely in support of its defenses.  Nor does Samsung represent that the listed sources of information actually contain or possess relevant information.  Samsung reserves the right to object to the disclosure of any person, document, or thing on the basis of applicable privilege, the work product doctrine, relevance, competency, materiality, undue burden, hearsay, or any other valid objection in response to any discovery request or proceeding.

Subject to the foregoing, Samsung provides the following information and disclosures based on the Complaints by Plaintiff Wilus Institute of Standards and Technology Inc. ("Plaintiff" or "Wilus") which allege infringement of United States Patent Nos. 10,313,077 (the "'077 Patent"), 10,687,281 (the "'281 Patent"), 11,470,595 (the "'595 Patent"), and 11,159,210 (the "'210 Patent") (*See Wilus Inst. of Standards and Tech. Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00746-JRG, Dkt. No. 1 (E.D. Tex. Sept. 11, 2024)) and 11,116,035 (the "'035 Patent"), 11,129,163 (the "'163 Patent"), 11,516,879 (the "'879 Patent"), and 11,700,597 (the "'597 Patent") (*See Wilus Inst. of Standards and Tech. Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00765-JRG, Dkt. No. 1 (E.D. Tex. Sept. 20, 2024)) (collectively, "Asserted Patents" or "Patents-in-Suit").

Samsung denies that Wilus is entitled to any relief whatsoever. Wilus's claims for enhanced damages, if any, and an award of fees and costs against the Samsung Defendants have no basis in fact or law.

### 18.    Prosecution Laches

Wilus's claims are barred by the doctrine of prosecution laches due to an unreasonable and inexcusable delay in the prosecution of applications from which the Asserted Patents issued and to which it claims priority.

### 19.    Reservation of Additional Defenses

Samsung reserves the right to assert additional defenses that may surface through discovery in these actions.

**(d)    The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with these cases, and a brief, fair summary of the substance of the information known by any such person;**

Based on information currently available to Samsung after reasonable investigation, the following entities and individuals may have discoverable information that Samsung may use to support its claims or defenses in these actions. Samsung provides the following list without any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, and without waiver of attorney-client privilege or work-product immunity, or any other privilege or immunity. Samsung reserves the right to amend or supplement this list of persons based on facts that may be disclosed during discovery.

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Sean Diaz<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. financial data relating to certain accused devices. |
| Danielle Moten<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. marketing related to Samsung products, including accused products and prior art systems. |
| Bongjune Kang<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's counsel | Samsung's negotiation with Sisvel; Samsung's licensing practices and third party licenses. |
| SungBin Min<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's outside counsel | Design and operation of accused features and functionalities. |
| Hyunkee Min<br>Samsung Electronics Co., Ltd. | To be contacted through Samsung's outside counsel | Design and operation of accused features and functionalities. |
| Sanghyun Chang | To be contacted through Samsung's counsel | Samsung's participation in Task Group AX, including submissions to Task Group AX. |
| Junyoung Lee | To be contacted through Samsung's counsel | Samsung's policies regarding patent disclosures to the IEEE; Samsung's patent disclosures to the IEEE; Samsung's participation in the IEEE from 2019 to present; patents Samsung has alleged are essential to IEEE 802.11ax. |
| Eunsung Jeon | To be contacted through Samsung's counsel | Design and operation of accused features and functionalities. |

| Eunha Kim | To be contacted through Samsung's counsel | Samsung's negotiation with Sisvel; Samsung's licensing practices and third party licenses. |
|---|---|---|
| Harry Bims | To be contacted through Samsung's counsel | Public accessibility of prior art; development of relevant IEEE 802.11ax features. |
| Qualcomm | 5775 Morehouse Drive San Diego, CA 92121 USA | Knowledge about the chipsets in certain of Samsung's products. |
| MediaTek | No.1, Dusing 1st Rd., Hsinchu Science Park, Hsinchu, 30078, Taiwan | Knowledge about the chipsets in certain of Samsung's products. |
| One or more representatives of Wilus | Plaintiff Representative | Knowledge about Wilus, including the acquisition of rights to the Asserted Patents, Wilus's formation and organization, and Wilus's patent assertion and licensing practices; knowledge about the Asserted Patents and admitted prior art; prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they issued. |
| One or more representatives of SK Telecom Co., Ltd. ("SKT") | Unknown | Knowledge about SKT, including its acquisition of rights to the Asserted Patents, SKT's formation and organization, and SKT's patent assertion and licensing practices, including circumstances surrounding SKT's license to Sisvel; SKT's relationship with Sisvel; knowledge about the Asserted Patents and admitted prior art; prosecution of the Asserted |

11