███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | ) <br> ) <br> ) Case No. 2:24-cv-0752-JRG-RSP <br> ) **LEAD CASE** <br> ) <br> ) <br> ) Case No. 2:24-cv-00764-JRG-RSP <br> ) **Member Case** <br> ) <br> ) <br> ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | ) <br> ) <br> ) Case No. 2:24-cv-00753-JRG-RSP <br> ) **Member Case** <br> ) <br> ) <br> ) Case No. 2:24-cv-00766-JRG-RSP <br> ) **Member Case** <br> ) <br> ) <br> ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | ) <br> ) <br> ) Case No. 2:24-cv-00746-JRG-RSP <br> ) **Member Case** <br> ) <br> ) Case No. 2:24-cv-00765-JRG-RSP <br> ) **Member Case** <br> ) <br> ) <br> ) <br> ) |

**ASKEY DEFENDANTS' OPPOSITION TO PLAINTIFF WILUS'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON ASKEY'S THIRD
AFFIRMATIVE DEFENSE OF "EQUITABLE DOCTRINES"**

Plaintiff Wilus seeks partial summary judgment on Askey's equitable affirmative defenses, but Wilus completely ignores the impact of its recent conduct that supports Askey's defenses of unclean hands and estoppel. "He who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Wilus does not have clean hands. Indeed, fully aware that Askey has insignificant sales and that no claim for substantial damages exists, Wilus has resorted to pressuring Askey with litigation costs and injunction threats in its pursuit of "supra-FRAND rates." Further, in view of its expert disclosures, which include improper "expert" testimony alleging bad faith by Askey, Wilus is attempting to back out of its agreement that "Wilus will no longer seek any finding of willfulness." ECF No. 202.

Wilus's motion cites no legal authority at all, let alone any authority granting summary judgment in similar circumstances. The Court should deny Wilus's motion.

## I.    RESPONSE TO STATEMENT OF ISSUE

Wilus's "Statement of Issue" mischaracterizes the record, discovery, and discussions with counsel. The issue presented by Wilus's motion is whether the Court should grant summary judgment on defenses of unclean hands and estoppel before Wilus presents its case at trial, before the record is closed, and in the face of Wilus's conduct supporting these defenses. At minimum, Wilus's conduct, particularly its actions occurring, after the close of fact discovery raises genuine disputes of material fact as to Askey's equitable defenses.

## II.    RESPONSE TO STATEMENT OF FACTS

Counsel for Askey and Wilus conferred on February 3, 2026, in part to discuss which equitable defenses Askey has withdrawn and which remain in the case. Declaration of Jeffrey D. Smyth ("Smyth Decl."), ¶ 5. Askey's counsel informed Wilus that Askey was not pursuing certain defenses, including implied license, waiver, or acquiescence, but that it had *not* withdrawn other defenses, including for example, unclean hands. *Id.* Further, Askey's counsel informed Wilus that

1

unclean hands could apply in the event that Wilus requested equitable relief. *Id.* Wilus subsequently filed a motion seeking entry of a permanent injunction.

Shortly before the dispositive motion deadline, Wilus again asked whether Askey was withdrawing its equitable defenses, and Askey again confirmed that defenses such as unclean hands and estoppel remain relevant. *See* ECF No. 251-6. Counsel for Askey reiterated, during the meet and confer on March 2, 2026, that Askey was not withdrawing these defenses, and that Wilus's actions—including its request for injunctive relief—provide a factual basis for Askey to maintain those defenses. Smyth Decl., ¶ 6.

> In its opposition to Wilus's request for a permanent injunction, Askey explained:

> Wilus and Sisvel have unreasonably refused Askey's offers to license the patents and instead have insisted on maintaining a litigation where damages are likely to be insubstantial, attempting to rely on the costs of litigation (and now the threat of injunctive relief) to coerce Askey to pay what it Wilus calls "supra-FRAND" rates. "He who comes into Equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).

> Wilus and Sisvel have long known that Askey has insignificant sales and that no claim for substantial damages exists. Rather than accepting Askey's offers, Wilus and Sisvel have decided to pressure Askey with litigation costs and injunction threats instead. . . . Through this motion, Wilus seeks to exert pressure on Askey, but it offered no concrete evidence of any irreparable harm and resorted to conclusory witness testimony that is demonstrably false.

ECF No. 278, at 14-15. Wilus's only response was that "the record is clear that Askey's offers have been rejected because they do not comply with RAND and thus Askey's allegations about unclean hands fail." ECF No. 306, at 4. Wilus does not explain any reason for Wilus's position that Askey's offers do not comply with RAND.

In addition, Wilus's post-discovery conduct supports Askey's estoppel defense. For example, despite agreeing that Wilus "will no longer seek any finding of willfulness" (ECF No. 202), Wilus relied on its expert Mr. Brismark for improper opinions of alleged "bad faith" and unfair conduct (*see* ECF No. 255), issues which have been mooted by Wilus's stipulation.

Following his opinions of Askey's bad faith, Mr. Brismark reached an incorrect legal conclusion that Wilus's contractual FRAND obligations are "suspended," and opining that Wilus is permitted to seek "supra-FRAND rates." ECF No. 255-2, ¶ 151. Wilus is breaching its stipulation of no willfulness, an inequitable violation of the parties' agreement that alone gives rise to estoppel.

## III.    ARGUMENT

Wilus's request for partial summary judgment—not on any of its claims but on fact-intensive, evidence-based equitable defenses—ignores its own conduct that supports Askey's equitable defenses. Summary judgment should be denied if there is a genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). It is undisputed that there is evidence related to unclean hands and estoppel, and that the facts will continue to evolve through trial. Wilus may dispute the evidence, but that does not allow for entry of summary judgment.

For example, before the close of fact discovery, Askey had no reason to know that Wilus would continue to refuse Askey's reasonable offers to settle this case and instead attempt to rely on the costs of litigation (and the threat of injunctive relief) to coerce Askey to pay Wilus's "supra-FRAND" rates. And until it filed its motion seeking a permanent injunction, Askey could not know that the only evidentiary support Wilus would include is a conclusory declaration from its CEO with sworn statements that are demonstrably false.[1]

Moreover, until Wilus served its expert reports, Askey had no reason to believe that Wilus would violate the parties' stipulation resolving willfulness. ECF No. 202. Surprisingly, Wilus

---

[1] *Compare* ECF No. 228-4, ¶ 16 ("Askey's continued unauthorized infringement also forces Wilus to divert resources, including both time and money, to pursuing this litigation. . . .") *with* Ex. 1 at 352:18-20 ("███████████████████████████████████████████████████████████████"); *also compare* Ex. 228-4, ¶ 17 ("Askey's refusal to take a license also negatively impacts Wilus' licensing efforts because other potential licensees point to this pending litigation as a reason for delaying in taking a license to Wilus' Wi-Fi 6 patents.") with Ex. 2, at 2 ("Wi-Fi 6 was on fire this year. We ran the number of licensees up to 38. We brought big names such as Netgear, Cisco and HP into the pool, showing that the industry is really aligning around our terms.").

disclosed for the first time on January 23, 2026, that it would seek to offer legal conclusion and "expert" testimony from Mr. Brismark that Askey's alleged bad faith means Wilus's obligations are suspended and that it is entitled to seek "supra-FRAND" rates. ECF No. 255-2, ¶ 151. Mr. Brismark's opinions are improper and the Court should exclude them. *See* ECF No. 255. His opinions are also irrelevant, as Mr. Dell confirmed. Ex. 3, at 54:16-19 ("Q. So if Mr. Brismark's opinions were excluded or if he were not to testify at trial, would your opinions change? A. No."); 106:15-20 ("my opinion would not change, determinative of that finding of whether Askey negotiated in bad faith or not."). Wilus also filed a motion for summary judgment raising the same issues, which the Court should deny. To the extent that Wilus continues to attempt to subvert the parties' stipulation, now or at trial, its efforts to do so support Askey's equitable defenses.

Tellingly, Wilus does not cite a single statute, rule, or case supporting its request for summary judgment. At a minimum, there exist genuine disputes of material fact concerning Askey's equitable defenses of unclean hands and estoppel, which precludes entry of summary judgment.

## IV.    CONCLUSION

The existence of genuine disputes or material fact surrounding Wilus's own inequitable acts, attempts to avoid its FRAND commitments, and violations of the parties' stipulation preclude entry of summary judgment on Askey's equitable defenses. The Court should deny Wilus's motion.

4

Dated: March 16, 2026

Respectfully submitted,

/s/ Jeffrey D. Smyth

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth