███████████████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' MOTION TO STRIKE OPINIONS OF
SAMSUNG EXPERT DR. HARRY BIMS (DKT. 274)**

███████████████████████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

TABLE OF EXHIBITS ............................................................................................................... iii

I.      Samsung Properly Preserved Dr. Bims' Prior Art Invalidity Theories .............................. 1

II.     Samsung's IPR Stipulations and Commitments Do Not Preclude Samsung From Asserting System Prior Art in Litigation..................................................................... 2

III.    Dr. Bims Relies on Identified Prior Art for Additional Invalidity Grounds Beyond Obviousness...................................................................................................... 4

IV.     Conclusion ...................................................................................................................... 4

i

████████████████████████████████

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ingenico Inc. v. IOENGINE, LLC,*
    136 F.4th 1354 (Fed. Cir. 2025) ...............................................................................3

## TABLE OF EXHIBITS

| # | Description |
|---|-------------|
| 1 | Samsung Defendants' Secondary Election of Prior Art, dated January 6, 2026 |
| 2 | Samsung introduces Galaxy Tab S, a Super AMOLED tablet (PRIOR_ART_00001931-PRIOR_ART_00001942) |
| 3 | Excerpts of the Opening Report of Dr. Harry Bims (Corrected), dated January 28, 2026 |

Wilus's attempts to strike Dr. Bims' invalidity opinions are misplaced.  Samsung properly preserved its system prior art invalidity theories, and is not precluded from asserting them in view of IPR stipulations or other commitments before the PTAB. Wilus's motion to strike should be denied.

## I.        Samsung Properly Preserved Dr. Bims' Prior Art Invalidity Theories

Wilus asserts that Samsung did not preserve its system prior art invalidity theories for failure to comply with P.R. 3-3, specifically by not providing "separate charts" for the prior art systems, such as Samsung Galaxy Tab S that Samsung disclosed in its Invalidity Contentions. *See* Dkt. 274 at 1-2.  This argument is flawed as it misinterprets the local rule and ignores the factual record.

Contrary to Wilus's argument, P.R. 3-3 (c) does not require "separate charts" for each piece of prior art.  Instead, the rule only requires "*[a] chart* identifying where specifically in each alleged item of prior art each element of each asserted claim is found. . ." P-R 3-3 (c) (emphasis added). Samsung's Invalidity Contentions fully comply with this requirement of P-R 3-3 (c). The contentions expressly identified the Galaxy Tab S along with other prior art systems.  *See* Dkt. 274-2, Ex. B at 21-22 ('077 patent), 27 ('210 patent), 32 ('281 patent), 38 ('595 patent). Samsung's contentions further included claim charts analyzing the IEEE 802.11ac standard over the asserted patents and stated that this chart "demonstrates how the [identified prior art] systems implementing IEEE 802.11ac . . . disclose each element of each asserted claim." Dkt. 274-2, Ex. B at 21 n.9 ('077 patent), 27 n.12 ('210 patent), 32 n.16 ('281 patent), 38 n.19 ('595 patent). To avoid any doubt, Samsung expressly referenced the asserted prior art systems, including Samsung Tab S, in each of 802.11ac charts. *See* Dkt. 274-3, Ex. C (A5 chart for the'077 patent) at 1; Dkt. 274-4, Ex. D (B5 chart for the '210 patent) at 1;  Dkt. 274-5, Ex. E (C9 chart for the'281 patent) at 1; Dkt. 274-6, Ex. F (D11 chart for the '595 patent) at 1. These disclosures

1

provide clear notice of the asserted prior art and the basis for the invalidity theories and, in doing so, satisfy the requirements of the Local Rules. *See* P.R. 3-3(c).

Wilus's arguments that Samsung never attempted to amend its "claim chart for the Tab S" or "explain[] why it could not have provided a chart" lack any merit.  At no point following Samsung's submission of Invalidity Contentions, and until proceeding with the instant motion, did Wilus raise any issue with Samsung's disclosures of system prior art, or sufficiency thereof. Indeed, Wilus even failed to object when Samsung provided Wilus its election of prior art on January 6, 2026, in which Samsung identified its top six invalidity grounds that expressly featured Samsung Galaxy Tab S as one of the references.  Ex. 1. Otherwise, Samsung discharged its prior system art disclosure obligations under the local rules, as discussed above.

## II.    Samsung's IPR Stipulations and Commitments Do Not Preclude Samsung From Asserting System Prior Art in Litigation

Wilus asserts that there is nothing in the Galaxy Tab S obviousness combinations submitted by Samsung pursuant to P.R. 3-3(c) that could not have been presented in an IPR petition. *See* Dkt. 274 at 3-4.  This argument is flawed as it goes against the governing statute and  related legal precedent.

Samsung filed IPR petitions against each of the '077, '210, '281, and '595 patents. For each of these IPRs, Samsung entered the following stipulation with the PTAB:

> Samsung hereby stipulates that, if the PTAB institutes review in this proceeding, Samsung will not pursue in District Court litigation the specific grounds asserted in *inter partes* review in this proceeding, or ***any other ground that could have been reasonably raised in this proceeding*** (i.e., any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications).

Dkts. 247-7-10, Exs. G-J (emphasis added). Samsung's IPR stipulations track the statutory language and apply to "any ground that the petitioner raised ***or reasonably could have raised during that inter partes review***." § 315(e)(2) (emphasis added).

2

Wilus's argument rests on improperly recasting the Galaxy Tab S as just a printed publication.[1] System prior art and printed publications are legally distinct categories, and the law is clear that estoppel does not extend to system art grounds and that parties remain free to rely on publications as evidence for grounds unavailable in IPR. *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1366 (Fed. Cir. 2025) (holding that "IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR."). There is no reason Samsung could not rely on the same 802.11ac charts for both system art and paper art, and Wilus does not provide any authority to the contrary.

Wilus's reliance on *Biscotti Inc. v. Microsoft Corp.* is misplaced. The *Biscotti* fairness rationale does not apply because Samsung is not repackaging estopped printed-publication grounds—the challenged theories rely on system prior art that stands on its own, consistent with post-*Biscotti* Federal Circuit guidance in *Ingenico*. Wilus's argument simply assumes that any reliance on overlapping evidence turns system art into a barred printed-publication theory, an assumption the law does not support.

Further, Wilus's reliance on Samsung's statements before the PTAB, where Samsung described its stipulations as "far broader than even the IPR estoppel provisions," is misplaced. (Dkt. 274 at 2, 4.)  Those statements did not ***expand*** the scope of Samsung's stipulation. Rather, the statements merely point out what is already stated in the stipulation—that, in addition to the typical *Sotera*-style stipulation (mirroring the language of § 315(e)(2)), "if the PTAB institutes review in this proceeding, Samsung [stipulated to] not pursu[ing] in District Court litigation

---

[1] Wilus does not dispute that the Galaxy Tab S was a prior art smartphone product, that was on sale prior to the priority dates of the asserted patents. *See, e.g.*, press release for Galaxy Tab S (Ex. 2).

combinations of the prior art ***asserted in this proceeding*** with unpublished system prior art (or any other type of prior art)." (Dkts. 247-7-10, Exs. G-J). Samsung did not waive grounds involving a combination of a system prior art and printed publications that are ***not asserted*** in the IPRs.  Nothing suggests the PTAB understood Samsung's stipulation differently.

**III.    Dr. Bims Relies on Identified Prior Art for Additional Invalidity Grounds Beyond Obviousness**

To the extent the Court were to agree with Wilus that Dr. Bims' opinions regarding system art based obviousness combinations should be excluded, the Court should still nonetheless not strike the portions of Dr. Bims' opening report identified by Wilus in its briefing. This is because Dr. Bims relies on many of these same sections for other invalidity grounds or other analysis, including demonstrating that the elements of claims were well understood, routine, and conventional, as part of invalidity analysis under § 101, improper inventorship and derivation, inequitable conduct, and noninfringing alternatives.  *See, e.g.*, Opening Report of Dr. Harry Bims (Corrected) dated Jan. 28, 2026 (Ex. 3), ¶¶ 156, 169, 179, 515, 518-536, 746-760, 1009-1023, 1142, 1145-1157, 1182, 1214-1233, 1243, and 1263-1265.  As such, any order granting relief on this motion should be narrowly limited to Dr. Bims' invalidity opinions regarding obviousness, and should not preclude him from discussing the prior art more generally for other purposes that are not the subject of Wilus's present motion to exclude.

**IV.    Conclusion**

For the reasons stated above, Samsung respectfully asks the Court to deny Wilus's motion. However, if the Court agrees with Wilus, it should not strike the challenged opinions to the extent they serve purposes beyond prior-art invalidity. Instead, the appropriate remedy would be to preclude Dr. Bims from presenting the specific prior art invalidity theories that are the sole subject of Wilus's motion.

█████████████████████████████████████

Dated: March 16, 2026

Respectfully submitted,

*/s/ Aleksandr Gelberg*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989

5

████████████████████████

gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 16, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Aleksandr Gelberg*

7