# Exhibit I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> TARGET CORPORATION, <br><br> *Defendant.* | § § § § § § § § § § | Case No. 2:20-cv-00123-JRG-RSP (LEAD CASE) |
| PLAINSCAPITAL BANK, <br><br> *Defendant.* | § § § § § | Case No. 2:20-cv-00122-JRG-RSP (MEMBER CASE) |
| BOKF, NATIONAL ASSOCIATION, <br><br> *Defendant.* | § § § § § | Case No. 2:20-cv-00126-JRG-RSP (MEMBER CASE) |
| BBVA USA, <br><br> *Defendant.* | § § § § § | Case No. 2:20-cv-00127-JRG-RSP (MEMBER CASE) |
| WELLS FARGO & COMPANY and WELLS FARGO BANK N.A., <br><br> *Defendants*. | § § § § | Case No. 2:20-cv-00128-JRG-RSP (MEMBER CASE) |

## MEMORANDUM ORDER

Before the Court are two motions:

- Motion for Leave to Amend Their Invalidity Contentions ("Motion to Amend Invalidity Contentions"), filed by Defendants Target Corporation, PlainsCapital Bank, BOKF, National Association, BBVA USA, Wells Fargo & Company, and Wells Fargo Bank, N.A. (collectively, the "Defendants"). Dkt. No. 137. Defendants move the Court to grant leave

1

to supplement its invalidity contentions. *Id*. at 2[1]. The Motion to Amend Invalidity Contentions is **GRANTED-IN-PART** and **DENIED-IN-PART**.

- Motion for Leave to Amend Their Answers to the Complaints ("Motion to Amend Answers"), filed by Defendants. Dkt. No. 142. Defendants move the Court to grant leave to amend its answers to Plaintiff Estech Systems, LLC's ("Estech") complaint. *Id*. at 2. In particular, the Defendants seek to add two additional defenses. *Id*. The Motion for Leave to Amend their Answers to the Complaints is **DENIED**.

## I.    BACKGROUND

In April 2020, Estech filed the present lawsuit asserting that Defendants infringe U.S. Pat. Nos. 6,067,349; 7,068,684; 7,123,699; and 8,391,298 ("patents-in-suit"). *See generally* Dkt. No. 20. Estech alleges the voice over internet protocol ("VoIP") systems used by the Defendants infringe Estech's patents. *Id*.

In late January 2021, the Defendants deposed Mr. Eric Suder, Estech's founder. Dkt. No. 137 at 6. Defendants allege that during this deposition they learned that Estech was offering for sale, advertising, or selling products that may practice the asserted claims. *Id*. at 6–7. On February 4, 2021, the Defendants deposed Estech's vice president of business development, Mr. Bill Hall. *Id*. at 6. At this deposition the Defendants specifically learned that Estech's IVX product had been introduced to the public at a trade show during the prior art window. *Id*.

On February 5, 2021, one day after Mr. Hall's deposition, Defendants served Estech amended invalidity contentions (which incorporated the IVX references) and gave notice Estech that they intended to seek leave to file amended contentions. *Id*. at 6–7. On February 10, 2021, Estech responded that it opposed the Motion to Amend Invalidity Contentions. *Id*. at 7. On

---

[1] Citations are to document numbers and page numbers assigned through ECF.

February 15, 2021, Defendants filed their Motion for Leave to Amend their Invalidity Contentions.[2] Dkt. No. 137. On March 3, 2021, Defendants filed their Motion for Leave to Amend their Answers to the Complaints.[3] Dkt. No. 142.

During the briefing of these motions, the court held a claim construction hearing, issued its claim construction order, closed fact discovery, and Estech served its expert witness disclosures. Dkt. No. 148 at 3; Dkt. No. 179 at 3.

## II. LEGAL STANDARDS

### A. Leave to Amend Invalidity Contentions

The Local Patent Rules for the Eastern District of Texas deem a party's "Invalidity Contentions" as that party's final contentions with few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

---

[2] On March 1, 2021, Estech filed its Response to the Motion to Amend Invalidity Contentions. Dkt. No. 141. On March 9, 2021, the Defendants filed their Reply. Dkt. No. 147. Estech did not file a sur-reply.
[3] On March 17, 2021, Estech filed its Response to the Motion to Amend Answers. Dkt. No. 157. On March 25, 2021, the Defendants filed its Reply. Dkt. No. 160. On April 1, 2021, Estech filed its Sur-Reply. Dkt. No. 167.

### B. Leave to Amend Answers

After a Docket Control Order has been entered, Fed. R. Civ. P. 16(b) governs the decision whether to permit a post-deadline amendment. *Script Sec. Solutions, LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 U.S. Dist. LEXIS 140272, *9 (E.D. Tex. Oct. 11, 2016). Fed. R. Civ. P. 16 gives trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Courts should consider "(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters.*, 315 F.3d at 536 (alterations in original)).

The Court's discretion, however, is limited by Rule 15(a), it states that leave to amend must be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). "In the context of motions to amend pleadings, discretion may be misleading, because Fed R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Stripling*, 234 F.3d at 872 (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)) (internal quotations and citations omitted); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

"In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

4

opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993.

### III.    ANALYSIS

#### A. Motion to Amend Invalidity Contentions (Dkt. No. 137)

Defendants seek to supplement their invalidity contentions based on information they allegedly "recently obtained during the depositions of representatives and employees of Estech . . . that resulted in the uncovering of additional prior art, which includes a product owned and sold in the prior art timeframe by Estech." Dkt. No. 137 at 2 (parenthetical omitted).

#### 1.    Diligence

Defendants argue they "have been diligent in both discovering the basis for the amendment and in seeking leave to amend." *Id*. at 8. Defendants contend that only after the "Rule 30(b)(1) and 30(b)(6) depositions of Mr. Suder and Mr. Hall that took place in late January and early February that Defendants [realized] . . . Estech failed to disclose relevant prior art products that were actually on sale . . . during examination of the Patents-in-Suit." *Id*. Defendants state they took "depositions of former Estech employees in November, including the deposition of one of the named inventors of the Patents-in-Suit, [] [the] witnesses disclaimed knowledge of these past events. It was not until the depositions Estech deferred until January, 2021, that Defendants finally learned of the extent of Estech's sales . . ." *Id*. at 9. During these January depositions, Defendants contend "Mr. Suder testified that the IVX system was introduced to the marketplace in 1996 and that it embodied the claims asserted in this lawsuit. Mr. Hall corroborated this testimony . . . ." *Id*. at 8.

Estech responds that Defendants possessed these "new" invalidity references for several months before moving to amend their invalidity contentions. Dkt. No. 141 at 3–4. Estech separates the new contentions into four categories: (1) *Regions* charts, (2) Mitel reference, (3) Computer Telephony article, and (4) IVX references. As to the *Regions* charts, Estech argues the Defendants'

5

"'new' charts . . . were served in invalidity contentions on September 25, 2020, in *Estech v. Regions Financial Corp.* in the Western District of Texas;" and thus the Defendants were not diligent in seeking to add the *Regions* charts. *Id.* at 4 (footnote omitted). As to the Mitel reference, Estech states that Defendants "do not discuss any supposed diligence in discovering this reference or in disclosing it." *Id.* at 5. As to the Computer Telephony article, Estech contends "Defendants have not provided any information about their search to discover the article. They have not provided any information about when they first obtained the article. They have provided no information about any diligence in finding the article." *Id.* at 6. As to the IVX references, Estech alleges "Defendants [] cannot show the requisite diligence to meet the good cause standard." *Id.*

The Court finds that the Defendants failed to show they were diligent in discovering and amending their contentions for the *Regions* charts and Mitel reference. Defendants agree that the *Regions* charts were disclosed in September 2020. Dkt. No. 147 at 4 n.2. Additionally, Defendants admit that the Mitel references were disclosed in another case but do not otherwise try to justify their untimely disclosure of Mitel. *Id.* Defendants' only justification for their inclusion is that since "Estech has been aware of these invalidity theories for months, its cries regarding surprise ring hollow." *Id.* However, the burden is on the Defendants to show they were diligent. Here, it cannot be said that Defendants were diligent in timely amending their contentions with respect to the *Regions* charts and Mitel references.

As for the Computer Telephony article and IVX references, the Court finds that the Defendants were marginally diligent in discovering and investigating these references. Although the Defendants admit they knew of these references, they did not or could not have appreciated the importance of either the Computer Telephony article and IVX references until they had the opportunity to depose Mr. Suder and Mr. Hall. *Id.* at 3. Defendants' earlier deposition of another

6

named inventor did not provide the Defendants with knowledge of these early tradeshow exhibitions. Dkt. No. 137 at 9. Mr. Suder and Mr. Hall might be the only individuals who are knowledgeable about Estech's presence at tradeshows 25 years ago, including whether the IVX products were being offered for sale. Dkt. No. 147-2 at 3–4; *See Kroy IP Holdings, LLC v. AutoZone, Inc.*, No. 2:13-cv-888-WCB 2014 U.S. Dist. LEXIS 178013, *5-6, 2014 WL 7463099 (E.D. Tex. Dec, 30, 2014) ("[A]ge and difficulty in unearthing prior art is a factor to be considered in determining whether good cause has been shown to supplement invalidity contentions . . . ."). Defendants appear to have performed a diligent search but were unable to unearth documentation of Estech's presence at tradeshows 25 years ago. It is not surprising that unearthing documents of this kind would be difficult. Furthermore, Defendants appear to have been somewhat diligent in scheduling and taking depositions, though conducting such significant discovery so close to the fact discovery deadline is questionable. It was during these later scheduled depositions that the relevance of the IVX references and Computer Telephony article emerged. Dkt. No. 147-2 at 3–4. At the point that Defendants understood the relevance of these references, they diligently created invalidity charts and notified Estech of their intention to supplement their invalidity contentions. Dkt. No. 137 at 9.

The Court is satisfied that the Defendants were sufficiently diligent as to the Computer Telephony article and IVX references. This factor weighs in favor of granting the Motion to Amend Invalidity Contentions as to the Computer Telephony article and IVX references.

### 2. Importance

Defendants assert "[t]he proposed supplementation relates to Estech's own product and other prior art references which embody the same features protected by the Patents-in-Suit. . . . [if

true] these events render the Patents-in-Suit unenforceable, the result will be judgment in favor of the Defendants." Dkt. No. 137 at 10 (emphasis omitted).

Estech argues that "Defendants have wholly failed to show any importance in their proffered art." Dkt. No. 141 at 9. Estech states the "Defendants' motion does not discuss the existence of, let alone establish any importance, in the Regions Financial and Mitel references. For the *Computer Telephony* article, Defendants make only conclusory statements." *Id*. In reference to the IVX references, Estech further states that "Defendants wholly failed to provide any explanation of the supposed importance of the IVX references. . . ." *Id*. at 10.

These references are important to the Defendants since these references may be dispositive of Estech's claims. If the Defendants' theory is accepted, then the patents-in-suit may be invalid. Estech's chief criticism is not that these references are unimportant but that the form of the invalidity contentions is not compliant with the Local Rules.[4] *See generally id*. at 9–12. This factor weighs in favor of granting the Motion to Amend Invalidity Contentions.

### 3. Prejudice

Defendants argue Estech will not be prejudiced if the Motion to Amend Invalidity Contentions is granted because Estech has a reasonable time to supplement any expert discovery necessary. Dkt. No. 137 at 11. Defendants contend that since this case is far from trial there is little to prejudice to Estech, but that any minimal prejudice can be cured by supplementation. *Id*. at 12.

Estech counters that it will be severely prejudiced by allowing Defendants to modify their invalidity contentions. Dkt. No. 141 at 13. Estech argues that "the Court will likely not hear this motion until after the March 4 claim construction hearing. . . [and after] the close of fact discovery

---

[4] Although the Court need not discuss the merits of this assertion, the Defendants are advised to follow all Local Rules. Furthermore, the Court expects that at this late stage of the litigation the Defendants have solidified its invalidity contentions to Estech's satisfaction.

on March 12." *Id*. Estech argues that granting this motion will severely disadvantage it because "if Defendants are seeking to assert a new on-sale bar invalidity defense, Estech may want to conduct discovery into that defense." *Id*. Estech also states that granting this motion "would require supplemental expert reports, imposing additional expense on Estech through no fault of its own." *Id*.

Estech would be prejudiced by granting Defendants' Motion to Amend Invalidity Contentions. Defendants move to amend their invalidity contentions at quite a late stage in this litigation, even though they did so somewhat diligently. Fact discovery is closed, expert discovery is closed, and the Court's claim construction order has been issued. Estech is correct that it would be prejudiced by this late amendment. On the other hand, Estech has been aware of these references since at least February 2021, before fact discovery was closed and before expert reports were exchanged. Furthermore, Estech is familiar with its own products and should be in possession of most (if not all) documents that relate to the IVX references, so any additional fact discovery needed would be minimal. Additionally, the Defendants have been in possession of these references and have had adequate time to study them, so there is not a significant need (if any) for additional fact discovery or expert discovery. Due to the late stage of this litigation, however, this factor weighs against granting Defendants' Motion to Amend Invalidity Contentions.

### 4. Availability of a Continuance

Neither party urges a need for a continuance. *See* Dkt. No. 137 at 12; *see also* Dkt. No. 141 at 13. This factor is neutral.

### Conclusion

Two factors weigh in favor of granting this motion while one factor weighs against, with respect to the IVX and Computer Telephony references. Accordingly, the Court finds that the

diligence and importance of the Defendants' amended contentions outweighs the prejudice to Estech. Furthermore, Defendants did not show diligence for the *Regions* charts and Mitel references.

The Motion to Amend Invalidity Contentions is **GRANTED** as to the IVX and Computer Telephony references. Otherwise, the Motion to Amend Contentions is **DENIED**.

### B. Motion to Amend Answers (Dkt. No. 142)

The deadline for Defendants to amend their answer has long since passed, Fed. R. Civ. P. 16(b) governs whether the Court will permit the Defendants amend their answer. Dkt. No. 66 at 4. The Court incorporates into this motion its finding from the Motion to Amend Invalidity Contentions with respect to the continuance factor. Similar to the Motion to Amend Invalidity Contentions, the Defendants also need to show good cause for the Court to grant leave to file an amended answer. The Court will re-consider the importance, diligence, and prejudice factors.

### 1. Importance

Defendants argue that the new defenses of inventorship and inequitable conduct are important since they "may very well may result in a complete defense for Defendants . . . ." Dkt. No. 142 at 9.

Estech argues that these amended defenses are of little importance because the Defendants have not adequately pleaded these defenses in their amended answer. Dkt. No. 157 at 8–9.

For the purposes of resolving this motion, the Court does not need to reach whether the Defendants' amended answers are well-pleaded.[5] The Court will simply weigh whether these defenses would be important to Defendants' defense. The Court finds that adding these defenses

---

[5] Since there is insufficient good cause to permit the Defendants to amend their answers, the Court need not reach the issue of whether the Defendants amended defenses are futile. However, it appears doubtful that the Defendants would have been able to show their amended defenses were well-pleaded and not futile, especially with respect to inequitable conduct.

would be important to their defense to the infringement claims. If true, these defenses render Estech's patents invalid, or in the alternative unenforceable. This factor weighs in favor of granting the motion.

### 2. Prejudice

The Court's previous findings in the Motion to Amend Invalidity Contentions are incorporated into the Court's weighing of the prejudice factor, however, there is significant additional prejudice that would result from granting the Motion to Amend Answers. As discussed above, fact discovery is closed, expert discovery is closed, and the Court's claim construction order was issued while this motion was being briefed. Estech, like all patent owners, has an interest in the timely enforcement of its patent rights; granting leave would necessitate re-opening both fact discovery and expert discovery for a significant period, which would seriously prejudice Estech. *Voltstar Techs., Inc. v. Superior Commc'ns*, Inc., No. 2:12-CV-00082-JRG, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013).

Unlike the Defendants' Motion to Amend Invalidity Contentions, to properly support their amended defenses the Defendants would need to take several additional depositions and seek information the Defendants do not already have. In turn, Estech would need to search, collect, and process any evidence it might have regarding these new defenses. Similarly, the Defendants would need time to review the produced documents.[6] This would likely require both parties to expend significant time and resources. The trial date is fast approaching and due to the scope and breadth of the Defendants' new defenses Estech would be significantly prejudiced.

---

[6] Estech and the Defendants have had a turbulent discovery history. There have been six motions to compel discovery in this case. The Court expects that allowing fact discovery to re-open would invite further disputes that would invariably inflate the time and resources necessary for discovery. *See* Dkt. Nos. 96, 97, 118, 119, 152, 156.

In view of the significant added prejudice to Estech, this factor weighs very heavily against granting the Motion to Amend Answers.

### 3.   Diligence

The Court finds that Defendants have not shown diligence in moving to amend their answers to assert these new defenses.  This weighs against allowing the amendment.

## Conclusion

One factor weighs in favor of granting the motion while two factors weigh heavily against granting the motion. After carefully weighing the three factors, the Court finds that the prejudice faced by Estech and the lack of diligence of Defendants outweigh any importance of the new defenses. Accordingly, the Motion to Amend Answers is **DENIED**.

**SIGNED this 28th day of May, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE