# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>HP INC.<br><br>Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS ASKEY COMPUTER CORP.'S AND ASKEY INTERNATIONAL CORP.'S FAILURE TO MARK DEFENSE**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   REPLY ARGUMENT ......................................................................................................... 1

    A.    Askey Does Not Dispute it Has Failed to Meet its *Arctic Cat* Burden of Production. ................................................................................................ 1

    B.    Though Time to Challenge the Pleadings Has Long Since Passed, Wilus Pled Compliance with Section 287(a) and this Court Has Repeatedly Ruled Such a Pleading Confirms Defendant's *Arctic Cat* Burden. ....................................................................................................................... 3

III.  CONCLUSION.................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*,
No. 2:21-CV-00438-JRG, 2024 WL 38279 (E.D. Tex. Jan. 3, 2024) ........................................ 4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350, 1368 (Fed. Cir. 2017).............................................................................. *passim*

*BelAir Elecs., Inc. v. Twelve S.*, LLC,
No. 2:22-CV-04443-BHH, 2023 WL 6388810 (D.S.C. Sept. 29, 2023).................................... 4

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
No. 21CV11018 (DLC), 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022).................................... 4

*Deckers Outdoor Corporation v. Next Step Group, Inc.*,
2024 WL 3459609 (S.D.N.Y. 2024)....................................................................................... 4

*Estech Sys. IP, LLC v. Grandstream Networks Inc.*,
No. 2:24-CV-01018-RWS-RSP, 2025 WL 2946084 (E.D. Tex. Aug. 14, 2025)................... 1, 3

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-CV-00123-JRG-RSP, 2020 WL 6496425 (E.D. Tex. Aug. 10, 2020) ........................ 3

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 216CV00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017)............................. 2

*Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*,
No. 2:24-CV-00685-JRG, 2025 WL 3706950 (E.D. Tex. Dec. 22, 2025) ................................ 3

*Salazar v. AT&T Mobility LLC*,
*et al*, 2:20-cv-0004-JRG (E.D. Tex, May 25, 2021) ............................................................... 2

*Sentry Prot. Prods. v. Eagle Mfg. Co.*,
400 F.3d 910 (Fed. Cir. 2005).......................................................................................... 1, 5

*TQ Delta, LLC v. CommScope Holding Co., Inc.*,
No. 2:21-CV-00309-JRG, 2022 WL 2328746 (E.D. Tex. June 28, 2022) ............................... 5

*VirtaMove, Corp. v. Hewlett Packard Enter. Co.*,
No. 2:24-CV-00064-JRG, 2024 WL 4519761 (E.D. Tex. Oct. 17, 2024)................................. 3

*Wonderland Switzerland AG v. Evenflo Co., Inc.*,
564 F. Supp. 3d 320 (D. Del. 2021)....................................................................................... 4

**Statutes**

35 U.S.C. § 287(a) .............................................................................................................. 3

## I.    INTRODUCTION

Askey does not dispute that it failed to meet its requisite initial "burden of production" to "put [Wilus] on notice that [Wilus] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Askey instead argues it has no initial burden of production, citing a **pre-Arctic Cat** case from this Court. Askey also argues that Wilus' pleading, which alleged both compliance with § 287(a) and willful infringement, is somehow insufficient to trigger Askey's *Arctic Cat* burden to limit damages. This is directly contrary to this Court's and the Federal Circuit's established precedent. *Estech Sys. IP, LLC v. Grandstream Networks Inc.*, No. 2:24-CV-01018-RWS-RSP, 2025 WL 2946084, at *2 (E.D. Tex. Aug. 14, 2025); *Sentry Prot. Prods. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). Moreover, Askey's cited cases were at the Rule 12(b)(6) motion to dismiss pleading stage and its "pleading" arguments have long since been waived. Askey fails to cite any case holding that, despite its failure to meet its burden of production, damages must nonetheless be limited in some way because Wilus alleged "actual notice" in its pleading. Askey's confusing "affirmative defense" argument also fails to change the admitted fact that it failed to meet its burden of production. Under *Arctic Cat*, as a matter of law, damages are not limited through § 287(a).

## II.    REPLY ARGUMENT

### A.    Askey Does Not Dispute it Has Failed to Meet its *Arctic Cat* Burden of Production.

Askey's Opposition confirms what Wilus established in its Motion - there is no dispute that Askey has failed to meet its initial burden of production to identify specific unmarked products it believes practice the Asserted Patents. Askey instead tries to overrule *Arctic Cat,* turn it around 180 degrees, and argue that **Wilus** has the intial burden of production. For example, Askey argues

1

that "Wilus has no[t] produced any evidence establishing that any licensee marked patented articles or that Wilus imposed a contractual marking obligation." Dkt. 323 ("Opp.") at 8. But the law is crystal clear that it is <u>Askey's</u> intial burden to identify any purported licensee product that it believes practices the Asserted Patents and were not marked, before Wilus bears any burden.  It is undisputed that Askey did not meet its burden. Wilus' motion should be granted.

*Salazar*, *Solas Oled*, *Arigna, Freeny* and many other cases from this Court are directly on point. If a defendant fails to meet its burden of production, § 287(a) is not at issue at trial. Askey attempts to distinguish only the *Salazar* case, by pointing out that, in response to defendant's argument that Salazar already knew about unmarked products, Salazar alleged during discovery that there were no products to mark. *Salazar v. AT&T Mobility LLC et al*, 2:20-cv-0004-JRG (E.D. Tex, May 25, 2021) (Dkt. 256, Ex. D at 3-5). Defendant's argument was rejected by the Court, which focused on the fact that the defendant, as here, failed to identify any unmarked products it believed practiced the patent. Wilus' other cases, not addressed by Askey, confirm it is established law in this District and under *Arctic Cat* that if a defendant, like Askey, fails to meet its *Arctic Cat* burden, there is no § 287(a) limitation of damages.

Askey cites a pre-*Arctic Cat* case from this District, that in any event does not support its arguments. *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 216CV00052-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017) was decided months <u>before</u> *Arctic Cat* enacted the initial "burden of production" requirement. It is also inapposite in that it dealt with the issue of how marking relates to asserted method claims, which is not at issue here.

Askey cannot simply dodge its *Arctic Cat* initial burden by citing older cases or alleging, generally, that, <u>if it had met its initial burden</u>, then there would be issues of fact. That is insufficient under the established law to avoid summary judgment.

**B.     Though Time to Challenge the Pleadings Has Long Since Passed, Wilus Pled Compliance with Section 287(a) and this Court Has Repeatedly Ruled Such a Pleading Confirms Defendant's *Arctic Cat* Burden.**

Wilus pled compliance with 35 U.S.C. § 287(a) for each Asserted Patent. Askey has not moved to dismiss the pleadings and, in any event, such a motion would be baseless and waived. Wilus' complaints pled, *inter alia*:

> "Wilus and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the [Asserted Patents], and Wilus is entitled to damages for Defendants' past infringement. For example, Sisvel's letters conveying Wilus's and Sisvel's belief that Askey products practiced Wilus's [Asserted Patents] and offering to license Wilus's patents to Askey provided Askey with actual notice of infringement."

-753 case, Dkt. 1 at ¶¶ 27, 50, 73; -766 case, Dkt. 1 at ¶¶ 28, 49, 68, 87.

In rejecting a motion to dismiss (that Askey in any event has not filed), this Court has ruled that a similar pleading was sufficient for plaintiff and licensee marking. *Estech Sys. IP, LLC*, 2025 WL 2946084, at *2:

> "Plaintiff states in its complaint that it has 'satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 Patent.' … At this stage, ***that is sufficient***…
>
> With respect to Defendant's argument regarding Plaintiff's licensees … ***Plaintiff's statement that "Estech ... ha[s] satisfied all statutory obligations ..." is sufficient***..." (emphasis added)

*See also, Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020) (same as above); *VirtaMove, Corp. v. Hewlett Packard Enter. Co.*, No. 2:24-CV-00064-JRG, 2024 WL 4519761, at *3 (E.D. Tex. Oct. 17, 2024); *Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*, No. 2:24-CV-00685-JRG, 2025 WL 3706950, at *6 (E.D. Tex. Dec. 22, 2025).

Facing the established law of this District that defeats its arguments, Askey cites non-binding, out-of-district orders, that are also easily distinguishable. In *Wonderland Switzerland AG*

3

*v. Evenflo Co., Inc*., 564 F. Supp. 3d 320, 342 (D. Del. 2021), the plaintiff, unlike Wilus, sold its own products and the court based its holding on the fact that the "Plaintiff does not dispute that it did not plead that it marked its products." Unlike here, the plaintiff did not plead ***any*** compliance with § 287.[1] *See WONDERLAND SWITZERLAND AG*, Plaintiff, v. *EVENFLO COMPANY, INC*., **[why caps?]** Defendant., 2019 WL 13214325 (D.Del.) (Second Amended Complaint).

If anything, *Blackbird Tech LLC v. Argento SC By Sicura, Inc*., No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022), confirms Wilus' motion should be granted. There the court ruled on a motion to dismiss (which Askey failed to file) and distinguished the summary judgment stage, finding the burden of production "imposes an evidentiary standard applicable on an alleged infringer's motion for summary judgment." *Id*. Moreover, the pleading in that case recognized that compliance with § 287 could be pled by reference to actual notice, and did not hold, as Askey urges here, that doing so "entirely drop[s] pre-notice damages from the case at the outset." Opp. at 8. *BelAir Elecs., Inc. v. Twelve S*., LLC, No. 2:22-CV-04443-BHH, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) and *Deckers Outdoor Corporation v. Next Step Group, Inc*., 2024 WL 3459609, *6–*7 (S.D.N.Y. 2024) similarly are nonbinding orders on Rule 12(b)(6) motions, which at this stage of this case are irrelevant and waived. And similar to *Blackbird*, these dealt with situations where there was no pleading of facts whatsoever. The Court should heed its established jurisprudence, and not credit Askey's inapposite, nonbinding cases that pertain to, at best, waived Rule 12(b)(6) arguments. *Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd*., No. 2:21-CV-00438-JRG, 2024 WL 38279, at *6 (E.D. Tex. Jan. 3, 2024)(where a litigant ignored *Estech*

---

[1] Askey cites *Wonderland* in a section titled "Section 287 is not an Affirmative Defense…" Nowhere in Wilus' Motion did it allege § 287 is an "affirmative defense." *Arctic Cat* explicitly recognized § 287 is not an affirmative defense but still enacted a mandatory burden of production for damages to be limited under the statute. <u>Arctic Cat</u>, 876 F.3d at 1366.

case, "choosing to ignore this Court's clear jurisprudence on an issue is not only likely to waste time and resources, but such will, in almost all instances, fail to carry the day")

Askey also misses that Wilus also pled Askey's infringement has been willful. -753 case, Dkt. 1 at ¶¶ 41, 64, 87; -766 case, Dkt. 1 at ¶¶ 40, 59, 78. The Federal Circuit has held that pleading willful infringement also preserves the right to presuit damages. *TQ Delta, LLC v. CommScope Holding Co., Inc.*, No. 2:21-CV-00309-JRG, 2022 WL 2328746, at *2 (E.D. Tex. June 28, 2022) ("The Federal Circuit has held that pleading, "the 'infringements have been willful and with full knowledge of the [Asserted Patents],' "was sufficient to plead compliance with the marking statute." citing *Sentry Prot. Prods.*, 400 F.3d 910, 918 (Fed. Cir. 2005).

Askey's argument that Wilus' <u>exemplar</u> pleading of compliance with § 287 via "actual notice" somehow forfeits damages prior to actual notice similarly fails. Wilus did plead, as an example of its compliance with § 287, that it tendered actual notice (as well as Askey's willful infringement). That does not "drop[] pre-notice damages from the case at the outset" as Askey urges. *See* Opp, p. 8. Askey cites no legal support and this Court has recently rejected such an argument. *VirtaMove, Corp*, 2024 WL 4519761, at *3 ("The fact that VirtaMove does not specifically allege that its product was marked for the full damages period is not a pleading requirement at the Rule 12(b)(6) stage").

## III.   <u>CONCLUSION</u>

Askey failed to make any motion to dismiss pre-suit or pre-notice damages. Even if it did, it would be baseless and contrary to this Court's and the Federal Circuit's precedent, as set forth above. Askey's argument that Wilus' inclusion of additional exemplar detail about actual notice in its complaint somehow "entirely dropped pre-notice damages from the case at the outset" fails. It remains undisputed that Askey failed to meet its *Arctic Cat* burden of production and summary judgment should be entered in favor of Wilus on Askey's § 287 failure to mark defense.

5

Dated: March 24, 2026                    Respectfully submitted,


                                         */s/ Reza Mirzaie*
                                         Marc Fenster
                                         CA State Bar No. 181067
                                         Email: mfenster@raklaw.com
                                         Reza Mirzaie
                                         CA State Bar No. 246953
                                         Email: rmirzaie@raklaw.com
                                         Dale Chang
                                         CA State Bar No. 248657
                                         Email: dchang@raklaw.com
                                         Neil A. Rubin
                                         CA State Bar No. 250761
                                         Email: nrubin@raklaw.com
                                         Jacob Buczko
                                         CA State Bar No. 269408
                                         Email: jbuczko@raklaw.com
                                         Jonathan Ma
                                         CA State Bar No. 312773
                                         Email: jma@raklaw.com
                                         RUSS AUGUST & KABAT
                                         12424 Wilshire Blvd. 12th Floor
                                         Los Angeles, CA 90025
                                         Telephone: 310-826-7474


                                         Of Counsel:

                                         Andrea L. Fair
                                         State Bar No. 24078488
                                         MILLER FAIR HENRY, PLLC
                                         1507 Bill Owens Parkway
                                         Longview, TX 75604
                                         (903) 757-6400 (telephone)
                                         (903) 757-2323 (facsimile)
                                         E-mail: andrea@millerfairhenry.com

                                         **ATTORNEYS FOR PLAINTIFF,**
                                         **Wilus Institute of Standards and**
                                         **Technology Inc.**


                                         6

# CERTIFICATE OF SERVICE

I certify that on March 24, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie

1