**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP <br> [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Case No. 2:24-cv-00746-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00764-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00765-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> *Defendants.* | Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] |

**WILUS'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO INVALIDITY UNDER OBVIOUSNESS THEORIES**

## TABLE OF CONTENTS

I.    Samsung's "On Sale Bar" Arguments Fail to Address the Relevant Issues ....................... 1

II.   Samsung's "Processor Capability" Arguments Fail ............................................................. 4

III.  Samsung's "Bodily Incorporation" Arguments Fail ............................................................ 5

IV.   Samsung Offers No Evidence of Public Accessibility of Draft D0.5 ................................. 5

# TABLE OF AUTHORITIES

**Cases**

*CA, Inc. v. Simple.com, Inc.,*
  780 F. Supp. 2d 196 (E.D.N.Y. 2009) ................................................................................. 3

*Celanese Int'l Corp. v. Int'l Trade Comm'n,*
  111 F.4th 1338 (Fed. Cir. 2024) ..................................................................................... 2, 3

*Dey L.P. v. Sunovion Pharm., Inc.,*
  715 F.3d 1351(Fed.Cir.2013) ........................................................................................... 4

*Intel Corp. v. PACT XPP Schweiz AG,*
  No. 2022-1038, 2023 WL 2198649 Fed. Cir. Feb. 24, 2023)........................................... 5

*J.A. LaPorte, Inc. v. Norfolk Dredging Co.,*
  787 F.2d 1577 (Fed. Cir. 1986) ...................................................................................... 2, 3

*Lockwood v. Am. Airlines, Inc.,*
  107 F.3d 1565 (Fed. Cir. 1997) ...................................................................................... 1, 3

*New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.,*
  298 F.3d 1290 (Fed. Cir. 2002) .......................................................................................... 1

*Orthopedic Equip. Co. v. United States,*
  702 F.2d 1005 Fed. Cir. 1983).......................................................................................... 5

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.,*
  87 F. Supp. 2d 258 (S.D.N.Y. 2000) ................................................................................. 2

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.,*
  120 F. Supp. 3d 600 (E.D. Tex. 2015) ............................................................................... 4

*TQP Dev., LLC v. Intuit Inc.,*
  No. 2:12-CV-180-WCB, 2014 WL 2809841 (E.D. Tex. June 20, 2014) ................................. 4

**Statutes**

35 U.S.C. § 102.............................................................................................................. 1, 2, 4

35 U.S.C. § 102(a) (pre-AIA).................................................................................................. 1

35 U.S.C. § 102(a)(1).............................................................................................................. 1

35 U.S.C. § 102(b) (pre-AIA).............................................................................................. 1, 3

35 U.S.C. § 102(b)(1) .............................................................................................................. 3

35 U.S.C. § 103.................................................................................................................... 3, 4

**TABLE** OF EXHIBITS

| Ex.* | Description | Abbreviation |
|------|-------------|--------------|
| 1 | January 28, 2026 Corrected Opening Expert Report of Dr. Harry Bims | "Bims Op. Rpt." |
| 2 | January 23, 2026 Opening Expert Report of Dr. Stephen Wicker | "Wicker Op. Rpt." |
| 3 | Declaration of Dr. Harry Bims dated December 22, 2025 | "Bims Decl." |
| 4 | Transcript of February 24, 2026 Deposition of Dr. Harry Bims | "Bims Tr." |
| 5 | Transcript of February 24, 2026 Deposition of Dr. Stephen Wicker | "Wicker Tr." |
| 6 | Excerpts of February 13, 2026 Rebuttal Expert Report of Dr. Todor Cooklev | "Cooklev Rpt." |
| 7 | Excerpts of February 19, 2026 Corrected Rebuttal Expert Report of Erik de la Iglesia | "DLI Reb. Rpt." |
| 8 | February 13, 2026 Rebuttal Expert Report of Paul Nikolich | "Nikolich Rpt." |
| 9 | March 2, 2026 Email from Samsung counsel to Wilus regarding withdrawal of invalidity grounds | |
| 10 | Samsung's Secondary Election of Prior Art (Jan. 6, 2026) | |

\* All exhibits attached to the earlier-filed declaration of James S. Tsuei

Samsung tries to avoid summary judgment by advancing (1) clearly incorrect statements of the law and (2) misstatements of what the parties and their experts actually said in this case. The questions for the Court are actually quite simple: (1) have Samsung's invalidity experts offered *any* obviousness theory that *does not* require concluding that a POSITA could access and modify Broadcom's confidential source code? If the answer is "no", (2) does the case law, (including *Lockwood*, its progeny, and Samsung's "on sale" bar cases) allow Samsung to maintain those theories, which require a POSITA to have and modify that confidential source code? The answer to this second question is also "no," as this Court resolved in its *TQP* opinions. Summary judgment should be granted.

## I.     Samsung's "On Sale Bar" Arguments Fail to Address the Relevant Issues

First, Samsung contends that its experts have relied on the Samsung Galaxy Tab S device as an "on sale" system reference, and so Samsung need not show that confidential source code relied upon Dr. Bims and Dr. Wicker was, in fact, accessible by a POSITA. Opp. at 5. Citing *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565 (Fed. Cir. 1997), Samsung asserts "the Federal Circuit has already addressed this issue and concluded that the public accessibility of the source code for system prior art is *irrelevant*." *Id.* In reality, Samsung has completely misread *Lockwood*.

As Wilus has already stated in several briefs (*e.g.,* Dkts. 267, 335, & 316), it is of course the case that there is a well-established body of case law finding that, where the challenger asserts *anticipation* based on "use" and "on sale" bars under 35 U.S.C. § 102, the confidentiality of source code used in that system need not be publicly accessible. This is a well-known aspect of the Patent Law concerning the on-sale/public bars—i.e., proving that "*claimed invention* was … in public use" or "on sale," which can *anticipate* the challenged claims. *See* 35 U.S.C. § 102(a)(1) and pre-AIA § 102(a)-(b).[1] The confidentiality of aspects of the asserted use or sale does not defeat the challenge, because "there is no requirement that the activities which constitute the 'on sale' or

---

[1] *See New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co*., 298 F.3d 1290, 1297 (Fed. Cir. 2002) ("The statutory phrase "public use" does not necessarily mean open and visible in the ordinary sense; it includes any use of the claimed invention by a person other than the inventor who is under no limitation, restriction, or obligation of secrecy to the inventor.").

'public use' bars be enabling, in the sense of disclosing the invention in such detail as to put the public in possession of the invention itself." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 87 F. Supp. 2d 258, 269 (S.D.N.Y. 2000). Put another way, the law provides that the **_use_** or **_sale_** of a thing can be the basis for invalidity—**<u>not</u>**, as Samsung suggests, that the thing is in the public's possession in every respect, including any confidential trade secret information used by or in that thing.

To be clear, Samsung has no "public use" or "on sale" theories in this case. Samsung's experts do not opine that the Galaxy Tab S device is evidence that the "claimed invention"—i.e., Wilus's Asserted Claims—were publicly used or sold. Instead, Samsung has only **_obviousness_** theories in the case—where, according to both of Samsung's technical experts, a POSITA would start with a Galaxy Tab S device and then **_modify the source code_** used by the wi-fi chipset in the device. *See, e.g.*, SUMFs 4, 6, 7, 8, 13, & 14. The Court should review the cited evidence and Samsung's responses, which confirm that there is no meaningful dispute about these basic facts.[2] That Samsung's invalidity case is limited to **_obviousness_** is a critical distinction for this Motion. It is the reason why all of Samsung's authorities do not and cannot support Samsung's arguments.

To begin, *Celanese* and *LaPorte* both are about anticipation through on-sale bar. They are silent as to whether a publicly used or sold device's confidential aspects are deemed to be in the knowledge of a POSITA for obviousness, and the invalidity theories asserted by the accused infringers were limited to anticipation through the patentee's own prior sales and use. *See, e.g.*, *Celanese Int'l Corp. v. Int'l Trade Comm'n*, 111 F.4th 1338, 1341 (Fed. Cir. 2024) (relevant discussion concerned whether "Celanese's prior sales triggered the on-sale bar"); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1583 (Fed. Cir. 1986) (similar). Likewise, *System Management* concerns only anticipation under (pre-AIA) § 102(b)'s public use and on-sale bars—

---

[2] Although Samsung nominally disputes several SUMFs, those disputes do not show a genuine dispute of material fact. For example, Wilus's SUMF 14 states Dr. Bims testified that a POSITA "must have access to the "Broadcom BCM4354 source code in order to modify it." Samsung "disputes" this by saying that "Dr. Bims did not testify as to the specific source code for BCM4354." Opp. at 3. This is willfully obtuse. Dr. Bims testified about the "source code for the Wi-Fi chip in the Galaxy Tab S," which Samsung **_does not dispute_** is the Broadcom BCM4354 (*see* SUMF 9), and so there is no real dispute about SUMF 14. Ex. 4, 113:10-21.

not whether trade secrets could be assumed to be in the knowledge of a POSITA. The logic is straightforward: the on-sale/use bars ask whether the patentee *sold/used* its invention before the 1-year safe harbor of § 102(b)—it is the public *sale* or *use* of the invention, even if protected by confidentiality agreements, which "bars" patentability. Challengers advancing such theories need not show that the thing sold or used "disclosed" the invention to the public, because the operative event giving rise to invalidity is the *sale* or *use*. Here, Samsung asserts only obviousness combinations based on the Galaxy Tab S—and so *Celanese*, *LaPorte*, nor *System Management* do not suggest the outcome of this Motion.

As for *CA, Inc. v. Simple.com, Inc.,* 780 F. Supp. 2d 196, 304 (E.D.N.Y. 2009), it does not help Samsung. There, the patent challenger *did not rely on the non-public portions* of that software for proving obviousness, which is made clear in the next paragraph following the material quoted by Samsung. *See id.* ("no basis exists for removing the publicly available portions of the Eureka software package from the realm of admissible prior art").

Finally, Wilus turns to the key Federal Circuit authority: *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565 (Fed. Cir. 1997). Samsung uses *Lockwood* to argue that any publicly sold or used system predating the challenged patent, by virtue of being publicly used or sold, places the entirety of that system (including any confidential, back-end source code hidden from the public) into the public's possession for § 103 obviousness purposes. *See* Opp. at 5-6. But *Lockwood*'s holding hardly goes that far—it found that "*public use* of the high-level aspects of the SABRE system was enough to place the claimed features [] in the public's possession." *Id.* at 1570. The Federal Circuit emphasized: "other, unclaimed aspects of the SABRE system" (that is, aspects not actually relied on for proving invalidity) need not be "publicly available." *Id*.

This Court addressed a similar situation in *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 614 (E.D. Tex. 2015). The defendant in *TQP* argued that the public use of Lotus Notes, when used with a proprietary, closed-source RC4 encryption functionality, placed aspects of an asserted patent into the "public's possession" to support 35 U.S.C. § 102 "public use"/"on sale" theories and, specifically, a § 103 obviousness theory comprising "Lotus Notes with RC4."

3

*See id.* at 603-604, 614-619. When the patentee in *TQP* challenged the prior art status of the asserted software because the defendant relied on **secret, non-public** aspects of RC4 when used with Lotus Notes, the defendant, like Samsung here, cited *Lockwood* to argue it did not need to establish public accessibility of closed-source parts RC4 and Lotus Notes. *Id.* at 615. The Court rejected that argument as an improper application of *Lockwood*, which clarified that it is the "**public use**" of a system reference that needs to be assessed for what it discloses; such use could disclose one thing but not another, depending on what the public can see. *Id.*

Thus, this Court found: "demonstrating a product that is missing key elements… is not a public disclosure all the elements." *Id.* The "high-level disclosure" through the public use of Lotus Notes could not help the defendant establish obviousness when its theory relied on closed-source RC4 functionality, because that specific functionality was not publicly disclosed through that public use or prior sale. *Id.* at 616. *See also TQP Dev., LLC v. Intuit Inc.*, 2014 WL 2809841, at *6 (E.D. Tex. June 20, 2014) (Bryson, J.) (reaching a similar conclusion).[3]

## II.    Samsung's "Processor Capability" Arguments Fail

Samsung next contends, "even without the source code, Samsung can show that a POSITA would have had a reasonable expectation of success in combining the Galaxy Tab S with other prior art references." Opp. at 7. Samsung says that "the asserted patents merely describe the processor's capability in functional terms," and so "a POSITA does not need the source code to make the claimed processor and configure it with the claimed features." *Id.* at 8. This, respectfully, is nonsense. Samsung's experts have offered no opinions that any claim is obvious where "a POSITA does not need the source code" of the BCM4354. **Every** obviousness theory in the case requires finding that a POSITA have **access** the confidential Broadcom source code. Both Dr. Bims and Dr. Wicker said so in their reports and depositions, **over and over**. *See* SUMF 8.

Finally, Samsung suggests the Court should simply apply a "lower enablement standard" for "prior art references" (Opp. at 8). This novel argument goes unsupported by any law or

---

[3] *See Dey L.P. v. Sunovion Pharm., Inc.*, 715 F.3d 1351, 1359 (Fed. Cir. 2013) ("if members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features").

reasoning, and it serves to obfuscate the fact that motivation to combine is ***Samsung's*** burden, and that they failed to present a ***dispute of fact*** that a "processor" of the Galaxy Tab S could configured by a POSITA to meet Wilus's Asserted Claims without access to the source code of that processor.

## III.    Samsung's "Bodily Incorporation" Arguments Fail

Next, Samsung argues that Wilus requires "showing that one piece of prior art could be bodily incorporated art into another." Opp. at 8. This is a *non sequitur*. If Samsung's experts had established that the "source code" they say a POSITA would have modified were publicly available, Wilus would not have filed this Motion. Wilus did not move for summary judgment based on some improper "bodily incorporation" argument—it moved on the issue based on the ***explicit opinions of Samsung's experts*** which "require that a POSITA access and then modify the source code of the wi-fi chip in the Samsung Galaxy Tab S device." In any event, the technical and logistical hurdles faced by a POSITA in doing the steps suggested by Samsung's theories also establish non-obviousness[4], because there is no material dispute on one overarching hurdle: that a POSITA would not have had access to the source code in the first place to modify—ergo, it Samsung cannot establish any reasonable expectation of success.

## IV.    Samsung Offers No Evidence of Public Accessibility of Draft D0.5

Samsung says factual disputes remain about the public accessibility of Draft D0.5. *See* Opp. at 9-10. As addressed by Wilus in its Motion, it is insufficient as a matter of law for Samsung to point to evidence about other, similar documents. Mot. at 10-11. Samsung also cannot invent a new expert opinion to avoid summary judgment, which it tries to do here by using the phrase "such as." What matters is if Dr. Bims can say, when limited by his written opinions, a sentence like this: "Draft D0.5 specifically was publicly available as of its publication date." His written opinions show he cannot—and none of Samsung's citations can fix that problem.

---

[4] *Intel Corp. v. PACT XPP Schweiz AG*, 2023 WL 2198649, at *3 (Fed. Cir. 2023) ("[E]vidence that the teachings and concepts of the prior art were (either actually or apparently) incompatible such that a skilled artisan would not have reasonably expected to succeed in combining those teachings is relevant to the obviousness analysis."); *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983) ("that features of one reference cannot be substituted into the structure of a second reference may indicate that the claims were nonobvious in view of the combined teachings of the two references.").

Dated:  March 24, 2026

Respectfully submitted,

*/s/ James S. Tsuei*
Marc A. Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email:  mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**Wilus Institute of Standards and**
**Technology Inc.**

6

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 24, 2026.

*/s/ James S. Tsuei*
James S. Tsuei

*Counsel for Plaintiff Wilus Institute of Standards and Technology Inc.*

7