# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OPINIONS OF SAMSUNG EXPERT DR. HARRY BIMS**

Samsung does not dispute the central fact underlying this motion: its Tab S claim charts map every element of every asserted claim exclusively to the text of the IEEE 802.11ac publication. (Exs. C–F.) Samsung charted no feature unique to the Tab S—no testing, no source code, no device-specific evidence of any kind. Samsung's response is that it is free to relabel this printed-publication theory as "system prior art" and thereby escape its IPR stipulations. The Court should reject that invitation.

### A.    Samsung's Tab S Theories Are Grounds Raised on the Basis of a Printed Publication, Barred by Samsung's Stipulation

Samsung stipulated not to pursue "any ground that could have been raised under §§ 102 or 103 on the basis of prior art patents or printed publications." (Exs. G–J.) Samsung's response focuses on whether the Tab S is categorically different from a printed publication. (Dkt. 315 Resp. at 3.) But the stipulation does not ask how the prior art is *classified*—it asks whether the invalidity ground could have been raised on the *basis of* printed publications. It could have been. Samsung's claim charts cite solely to 802.11ac. (Exs. C–F.) A ground whose every element is mapped to a printed publication is a ground "on the basis of" that publication, and Samsung could have raised it in the IPRs. Samsung's choice not to include 802.11ac in its petitions does not alter whether the ground *could have been* raised.

This Court has squarely addressed such relabeling, including in *Biscotti*. And building on *Biscotti*, Judge Schroeder warned in *General Access* that system-art labels cannot serve as a "Trojan horse for printed subject matter," because "[w]hen a party asserts a prior art system and relies exclusively on printed subject matter that it could have raised in IPR, it is not asserting a system at all." *Gen. Access Sols., Ltd. v. Sprint Spectrum L.P.,* 2020 WL 12572917, at *4 (E.D. Tex. 2020). That is precisely Samsung's position here. Samsung's charted and preserved theory offered nothing beyond the printed text of IEEE 802.11ac, and the "system prior art" label does not change the substance of the ground.

### B.    *Ingenico* Does Not Control the Scope of Samsung's Voluntary Stipulation

Samsung leans heavily on *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354 (Fed. Cir. 2025), but that case addressed the scope of *statutory* estoppel under 35 U.S.C. § 315(e)(2). Samsung's stipulations are voluntary commitments that Samsung itself described to the PTAB as "far broader than even the IPR estoppel provisions." (Ex. K at 33; Ex. L at 35; Ex. M at 28; Ex. N at 27.) A decision interpreting the statutory floor does not limit the ceiling of a voluntary commitment that exceeds it.

## C.      Samsung's "Far Broader" Representation Must Be Given Meaning

Samsung told the PTAB—four separate times—that its stipulation is "far broader" than statutory estoppel and "more robust" than a standard *Sotera* stipulation, and the PTAB credited that representation in granting institution. (Ex. O at 3.) If the stipulation freely permits virtually any theory labeled "system art," it offers nothing beyond the statutory baseline interpreted in *Ingenico*—and Samsung's representation was hollow. Samsung argues that its statements to the PTAB "did not *expand* the scope" of the stipulation. (Dkt. 315 Resp. at 3.) But the stipulation must be read to be consistent with these representations made to another adjudicatory body. The stipulation cannot be "far broader" than statutory IPR estoppel if the only thing that it adds is exclusion of the precise prior art references asserted in the IPR. This Court should interpret Samsung's stipulation consistently with Samsung's own characterization of its breadth.

## D.      Samsung Failed to Chart Any Device-Specific Tab S Theory

Samsung's response argues that P.R. 3-3(c) does not require "separate charts." (Dkt. 315 Resp. at 1.) That is beside the point. P.R. 3-3(c) requires a chart identifying where in each item of prior art each claim element is found. Samsung's charts identify where elements are found in the 802.11ac standard—not in the Tab S. Samsung's response devotes a full page of prose to explaining how it purportedly charted "where specifically in each alleged item of prior art each element of each asserted claim is found," as required by P.R. 3-3(c). (Dkt. 315 Resp. at 1–2.) This stands in stark contrast to the actual substance of these contentions as they relate to the Tab S, substance that can fit in a single line of text: the Samsung Galaxy Tab S Tablet was [purportedly] released in July 2014 and [purportedly] implemented 802.11ac.

Samsung should not be permitted to have it both ways, arguing on the one hand that the Tab S theory is distinct from a theory based on the IEEE 802.11ac printed publication—and thus not barred by its stipulation—but also arguing that a chart that says nothing at all that is specific to the Tab S (but rather cites solely to the single third-party IEEE 802.11ac printed publication) satisfies the P.R. 3-3(c) requirement of identifying "where specifically in each alleged item of prior art" each element is found. Both this Court's Patent Rules and Samsung's IPR stipulations should be given meaning.

Dated: March 24, 2026

*/s/ Neil A. Rubin*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Dale Chang
CA State Bar No. 248657
Neil A. Rubin
CA State Bar No. 250761
Adam Hoffman
CA State Bar No. 218740
Jacob Buczko
CA State Bar No. 269408
Jonathan Ma
CA State Bar No. 312773
Mackenzie R. Paladino
NY State Bar No. 6039366
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: dchang@raklaw.com
Email: nrubin@raklaw.com
Email: ahoffman@raklaw.com
Email: jbuczko@raklaw.com
Email: jma@raklaw.com
Email: mpaladino@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas  75604
Telephone: 903-757-6400
Email: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
WILUS INSTITUTE OF STANDARDS
AND TECHNOLOGY INC.**

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.


/s/ Neil A. Rubin
Neil A. Rubin

1