## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>HP INC.<br><br>Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>Defendant. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS'S REPLY TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ASKEY'S THIRD AFFIRMATIVE DEFENSE OF "EQUITABLE DOCTRINES**

Wilus is entitled to summary judgment on Askey's third affirmative defense of "Equitable Defenses." Askey's opposition (Dkt. 326) is devoid of facts and evidence that could sustain such an equitable defense, and it confirms that summary judgment should be granted. As Wilus set forth in its Statement of Facts (Dkt. 251 at 1-2):

> Askey filed its answers in these cases asserting "Third Defense Equitable Doctrines." The sole allegation for this defense is "Plaintiff is barred from receiving some or all of the relief sought in the Complaint for reasons of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license."

> During discovery, Wilus propounded rogs seeking "all factual and legal bases for the affirmative defenses set forth in your Answer" and a 30(b)(6) notice seeking "The complete factual basis for each Affirmative Defenses and Counterclaim that You have raised or intend to raise in the course of this action[.]" ***Askey's rog responses identified no basis for its equitable defenses***. ***Nor did Askey's 30(b)(6) designee on affirmative defenses, Mr. Chen, provide any factual basis for any equitable defense***.

Askey does not dispute these facts. Indeed, it could not because these facts are demonstrated by the exhibits attached to the motion. *See* Ex. A at 12; Ex. B at 18; Ex. C at 13-15; Ex. D at 74-76.

Accordingly, these facts are ***undisputed***. It is undisputed that Askey sought to preserve the equitable defenses of "unclean hands" and "estoppel" though a one-word boilerplate recitation in the answers. And it is undisputed that Askey never articulated on provided discovery on any such equitable defense. Even as of today (which is far too late anyway), Askey's opposition fails to articulate a viable theory that could sustain a defense of unclean hands or estoppel. These undisputed facts are fatal to Askey and alone warrant summary judgment in Wilus's favor.

Askey ironically faults Wilus for not citing "any authority granting summary judgment in similar circumstances." Opp'n at 1. But no legal authority is needed where *Askey failed to pursue or provide discovery on its equitable defenses at all*. As a matter of fundamental practice and civil procedure, a party cannot list "unclean hands" and "estoppel" as defenses in its answer, fail to supplement and block discovery on those defenses throughout a case, and then expect to maintain

1

those defenses after summary judgment. Askey's suggestion that this is permissible is frivolous. No authority supports Askey's position because it would eviscerate the requirements of pleading supplementing defenses and providing discovery, rendering the Federal Rules meaningless.

Askey essentially concedes that no facts or evidence existed before the close of discovery that would support its equitable defenses (perhaps to justify its utter failure to disclose *any* facts). Askey then asserts that "Wilus's conduct . . . after the close of fact discovery raises genuine disputes of material fact as to Askey's equitable defenses." Opp'n at 1. Apart from being meritless, this fails for a simple reason. If the factual and legal basis for Askey's equitable defenses arose after the close of discovery, it could and should have filed a motion for leave to amend its answers to assert such purported defenses. But Askey has not. Wilus believes this is because any such amendment would be futile, untimely, and frivolous.

Further, Askey's alleged post-discovery "facts" are not facts at all and amount to little more than attorney arguments/characterizations lodged for the first time in recent briefing. The alleged "facts" boil down to: (1) Wilus filed a motion for permanent injunction; (2) Wilus has not accepted Askey's low settlement offers; and (3) Wilus presents opinions that Askey believes are "mooted" by a stipulation regarding willful infringement. *See* Opp'n at 2-3. None plausibly support an equitable defense here. Thus, even if Askey's counsel believes they "remain relevant" they are not genuine disputes of material fact that preclude summary judgment.

As to (1), the request for a permanent injunction, Wilus's original complaints identified injunctive relief, and the motion is meritorious for the reasons therein. But the filing of a motion, consistent with the complaints, cannot create new affirmative defenses where none existed (or were properly disclosed) before. If Askey wants to oppose Wilus's motion based on unsupported attorney arguments, it can do that—and has already done so. But that does not suddenly transform

2

Askey's affirmative defenses in the litigation. Nor does it retroactively excuse Askey's utter failure to plead/supplement its answers or provide discovery throughout the case.

As to (2), Askey admits it infringes Wilus's patents and those patents are valid. Yet Askey has not offered fair compensation and persists in prolonging this litigation with weak defenses (of which its "unclean hands" and "estoppel" defenses at issue in this motion are telling examples). Askey's attorney characterizations are entitled to zero weight. Wilus can easily say that Askey is attempting to rely on the costs of litigation and delay to coerce Wilus to accept a low and unfair settlement (and that would be far more supported by the facts and record).

As to (3), Askey relies on Wilus's presentation of opinions that are allegedly mooted. This is not relied on for "unclean hands" and instead appears to be Askey's only basis for "estoppel." Opp'n at 2-3. But on its face, this argument not an affirmative defense to Wilus's patent infringement claims. To be clear, Wilus has fully complied with its stipulations filed with the Court and Askey's disagreements amount to unsupported attorney argument. But if Askey's counsel want to argue that, they can file a motion to enforce and/or file motions to strike and MILs. Regardless, this does not and cannot transform Askey's affirmative defenses in its answers. Nor does it excuse failures to plead, amend, and disclose throughout this entire case.

Finally, Askey's recent pre-trial disclosures confirm that it lacks facts/evidence for any affirmative defenses. On March 16, 2025, the deadline under the DCO, Askey served zero exhibits and depo designations. Ex. G. Wilus pointed out this failure on March 17 and 23, further noting that Askey bears the burden of proof on its equitable defenses. *Id.* Askey has not yet responded.

* * *

For the foregoing reasons, the Court should grant Wilus's motion for partial summary judgment on Askey's third affirmative defense of "Equitable Doctrines."

3

Dated: March 24, 2026

Respectfully submitted,

*/s/ Philip X. Wang*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

4

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 24, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Philip X. Wang*
Philip X. Wang