**From:** James Tsuei jtsuei@raklaw.com
**Subject:** Re: Wilus v. Askey - pretrial disclosures
**Date:** March 23, 2026 at 10:54 AM
**To:** jeffrey.smyth@finnegan.com, ASKEY-Wilus ASKEY-Wilus@finnegan.com
**Cc:** Rak Wilus rak_wilus@raklaw.com, [ext] Ben Weed ben@bewlawyer.com, andrea@millerfairhenry.com

Jeff, first, we'll discuss the issue you raise with Wilus's witness list and get back to you.

Second, you are aware that we've filed a motion for summary judgment on Askey's third affirmative defense on "equitable doctrines." Askey filed its opposition to that motion on 3/16 at Dkt. 321, arguing (among other things) that Wilus's claims were barred under the doctrine of unclean hands and estoppel. Dkt. 321, at 4 (arguing there are "genuine disputes of material fact concerning Askey's equitable defenses of unclean hands and estoppel"). Both estoppel and unclean hands defenses are equitable affirmative defenses on which Askey bears the burden of proof at trial. *See, e.g.*, In re Omeprazole Pat. Litig., 483 F.3d 1364, 1374 (Fed. Cir. 2007) (party asserting "unclean hands" defense "bears the burden of proving [it] by clear and convincing evidence"). If Askey intends to maintain these defenses as it suggests in its brief at Dkt. 321, then it was required to serve mandatory pretrial disclosures last week. I am sure you understand our confusion, then, as Askey did not serve any mandatory pretrial disclosures and also filed its opposition to Wilus's summary judgment motion at Dkt. 321. Please kindly clarify Askey's position—is it no longer maintaining its third affirmative "equitable doctrines" defense, as suggested by your email on Friday 3/20 and Askey's decision to not serve any mandatory pretrial disclosures on issues for which it bears the burden of proof?

Thanks,
--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

**From:** Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>
**Date:** Friday, March 20, 2026 at 8:51 AM
**To:** James Tsuei <jtsuei@raklaw.com>, ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Cc:** Rak Wilus <rak_wilus@raklaw.com>, [ext] Ben Weed <ben@bewlawyer.com>, andrea@millerfairhenry.com <andrea@millerfairhenry.com>
**Subject:** RE: Wilus v. Askey - pretrial disclosures

James,

The only issue remaining for the jury concerns damages and Wilus bears the burden of proof, including the burden on marking.  We will serve our responsive rebuttal

pretrial disclosures in accordance with the schedule.

We did note an issue with the witness list you provided on Monday: Wilus included witnesses on its trial witness list who Askey did not depose based on your representation that those witnesses would not be relied on by experts or called at trial. Specifically, Woojin Ahn, Greg Ko, and John Son. Please confirm Wilus will not call these witnesses and provide an updated witness list.

Best,
Jeff

**Jeffrey D. Smyth**
Partner
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6618 | fax 650.849.6666 | jeffrey.smyth@finnegan.com | www.finnegan.com

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Wednesday, March 18, 2026 12:51 PM
**To:** Smyth, Jeffrey <Jeffrey.Smyth@finnegan.com>; ASKEY-Wilus <ASKEY-Wilus@finnegan.com>
**Cc:** Rak Wilus <rak_wilus@raklaw.com>; [ext] Ben Weed <ben@bewlawyer.com>; andrea@millerfairhenry.com
**Subject:** Wilus v. Askey - pretrial disclosures


Askey team, the deadline for serving pretrial disclosures passed on Monday 3/16. I'm writing to see if Askey served any pretrial disclosures for its own burden issues (such as its various affirmative defenses); we may have missed them. If Askey didn't serve any pretrial disclosures, please let us know why or confirm that Askey won't be pursuing its defenses at trial.

Thanks,
--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com


* * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential