███████████████████████████

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00752-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-00764-JRG |

## COUNTERCLAIM DEFENDANTS' SUR-REPLY TO HP'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

█████████████

HP's arguments on reply are without merit.

As an initial matter, HP has no response to the fact that the grant of mere *permission* to appeal in *Tesla* is inconsequential, does not change the merits of that decision, and does not support HP's opposition to dismissal.

Instead, HP focuses solely on its request to supplement its opposition with arguments based on the Wi-Fi 6 Patent Pool Agreement. HP first argues that its attempt to introduce outside evidence for consideration on a Rule 12(b)(6) motion is "procedurally proper" because Wilus "delayed production" of the agreement until after the close of briefing. Reply at 1. This fails. Wilus's production of the agreement was timely in the context of the case schedule, and is not in any way relevant to a Rule 12(b)(6) motion. HP's suggestion that Wilus was obligated to produce all documents relevant to HP's counterclaims before the close of briefing on Wilus's motion to dismiss those counterclaims is contrary to well-established law. A Rule 12 motion determines the sufficiency of the allegations and whether the plaintiff is even entitled to take discovery in the first place. As held by the Supreme Court, if a complaint fails to plausibly state a claim for relief, the plaintiff is "***not entitled to discovery***" at all. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (emphasis added). In other words, HP must *first* plead a sufficient claim. Only then can it take discovery on those claims. HP's attempt to turn Rule 8 on its head and use discovery to supplement deficient counterclaims is improper.

HP next argues that the Court is not limited to the four corners of the pleading, but may also consider "any documents *attached to the motion to dismiss* that are central to the claim *and referenced by the complaint*." Reply at 2 (quoting *Little v. Inmode, Ltd.*, No. 4:23-CV-332, 2024 U.S. Dist. LEXIS 99014, at *2 (E.D. Tex. Mar. 6, 2024)) (emphasis added). While it is true that certain limited exceptions to the four corners rule exist, HP fails to explain how the referenced

1

exception applies here. The Wi-Fi 6 Patent Pool Agreement was not attached to (or even mentioned in) Counterclaim Defendants' motion to dismiss. Nor was it referenced in HP's counterclaims. HP does not contend otherwise. Accordingly, the requirements for this exception are not met.

To the extent HP is arguing that the Wi-Fi 6 Patent Pool Agreement is central to its claims, this also fails. HP's breach claims are based on the alleged contract between Wilus and the IEEE, which arise from Wilus's Letters of Assurance submitted to the IEEE, and HP's alleged status as a third-party beneficiary of that contract. *See* Dkt. 104 ¶¶ 48–52, 58–63. HP's counterclaims and its opposition to Wilus's motion to dismiss indicate that HP is attempting put Sisvel on the hook for Wilus's alleged breach via some sort of transferee or agency theory. Dkt. 104 ¶ 60; Dkt. 120 at 7–9. Accordingly, HP's breach claims are not really about the Wi-Fi 6 Patent Pool Agreement at all. As correctly noted in HP's reply, the Pool Agreement ███████████████████

███████████████████████████████████████ Reply at 1 (emphasis added). HP does not and cannot assert that *HP* has any rights under the Pool Agreement. Any argument by HP that the Pool Agreement is "central to its claims" necessarily fails. And regardless, as stated above, the other requirements for the exception to apply (the document must be attached to the motion to dismiss and referenced in the pleading at issue) are not met.

HP's assertion that "the Wi-Fi 6 Patent Pool Agreement directly supports the merits of its counterclaims" (Reply at 2) also fails. HP quotes section ███████████████████

███████████████████████████████████████

██████████████████ Reply at 2.[1] But as explained in Counterclaim Defendants' opposition to HP's motion to supplement, any contractual obligations arising ███████████████████

---

[1] The full provision states: " ████████████████████████████
████████████████████████████████

2

█████████████████████████████████████████

███████████████████████████████████████████████████████.

HP still fails to explain how this provision makes Sisvel liable to *HP* for an alleged breach of the Patent Owners' FRAND obligations—because it clearly does not.[2]

HP's attempt to characterize Sisvel's limited discretion under ████████████████████████████████████████████████████████████████s, rather than evidence that HP is seeking an unenforceable advisory opinion (Reply at 2–3), misses the mark.[3] According to HP, the fact that ███████████████████████████████████████████████████████████████████████████████████████████" Reply at 3. This makes no sense. The provision ███████████████████████████████████████████████████████████████████████████ HP fails to explain how this provision ████████████████████████████████. Nor does this provision ███████████████████████. All it does is ███████████████████████████████████████████. But even if ███████████████████████████████████████ this still would not make Sisvel liable to HP.

Finally, HP's assertion that "should this Court order a global FRAND rate, ████████████████████████████████████████████████████" (Reply at 3) once again misunderstands the parties' rights and obligations. As discussed at length in the briefing on Counterclaim Defendants' motion to dismiss, it is undisputed that the alleged IEEE contract is

[2] HP has apparently abandoned its reliance on ███████████ of the Pool Agreement, as its Reply does not address the arguments in Counterclaim Defendants' opposition explaining why this provision is irrelevant to FRAND.
[3] Notably, HP does not dispute that it will be seeking a global FRAND rate ████████████ ███████████

between Wilus and the IEEE. That contract obligates *Wilus* to "grant a license under reasonable rates … with reasonable terms and conditions." Dkt. 104 ¶ 14. Nothing in the LoA obligates *Sisvel* to do anything, much less "bind all Wi-Fi 6 Patent Pool members" to an undefined sublicense (bind them to whom? under what terms?). Any judgment establishing a FRAND rate entered by this Court would be enforceable only as against Wilus—the only Wi-Fi 6 SEP owner that is a party to this case. The Pool Agreement has no bearing on this discussion.

HP seems to be operating under the assumption that it is entitled to license all of the Wi-Fi 6 patents in Sisvel's patent pool, including those owned by non-party patent owners, ███████ ████████████████. This is simply not true. While HP has the right to license the Wi-Fi 6 SEPs from their respective patent owners under FRAND terms, nothing in the LoA nor the Wi-Fi 6 Patent Pool Agreement grants HP the right, as a contractual matter, to a pool license.

More troublingly, HP dismisses the limitations in the Pool Agreement on ██████████ ███████████████"████████████████████████"███████████████████████ ████████████████████████████████████████████████████. Reply at 3–4. This appears to confirm that HP plans to ask the Court to order a rate ████████████████████ ██████████████████████████████. Sisvel is not the owner of the patents covered by the Pool Agreement. ████████████████████████████████████████████████████ ████████████████████████████████. For the Court to order Sisvel to grant a license on terms outside of its power to agree to would be without legal effect, just as there would be no legal effect to an order that required a leasehold tenant to sell a fee simple interest in property it was merely renting. Thus, rather than supporting HP's counterclaims, the Pool Agreement confirms that, as discussed in the briefing on the motion to dismiss, HP is seeking an unenforceable advisory opinion.

4

HP's motion to supplement should be denied.


Dated:  July 31, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc. and for Counterclaim Defendant Sisvel International S.A.*

5

███████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████.

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on July 31, 2025.

/s/ *Reza Mirzaie*
Reza Mirzaie

6