**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** <br><br> Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** <br><br> Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** <br><br> Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' OPPOSITION TO PLAINTIFF WILUS'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE SUSPENSION OF RAND OBLIGATION**

███████████████████████████

## TABLE OF CONTENTS

I.      INTRODUCTION ..........................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND...........................................................2

        A.    Neither Wilus Nor Askey Has Alleged Breach of Contract ...................................2

        B.    Wilus Conceded That Askey Has Not Infringed Willfully, and Wilus is
              Not Pursuing a Willfulness Finding...................................................................3

        C.    Wilus's RAND Obligations and Current Allegations of "Bad Faith"
              Do Not Impact Any Expert's Damages Analysis ....................................................4

III.    RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS....................5

IV.     ARGUMENT...............................................................................................................8

        A.    Wilus's Motion Seeks Summary Judgment on Grounds that are Not
              Part of, and Indeed Irrelevant to, the Pleadings and Issues Remained in
              This Case................................................................................................................8

              1.    The Court should not grant summary judgment on a breach of
                    contract claim or theory that Wilus has not alleged....................................8

              2.    The relief Wilus seeks in summary judgment is irrelevant to
                    damages or any other issue remaining to be decided..................................9

        B.    Askey Does Not Have a Contractual Obligation to Wilus and Wilus's
              Cited Authority Does Not Support its Summary Judgment Request....................10

        C.    There is No Basis for the Court to Ignore Continuing Negotiations
              After Initiation of the Lawsuit. ............................................................................12

V.      CONCLUSION...........................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
  300 U.S. 227 (1937)..............................................................................................................10

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014)............................................................................................12

*Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*,
  429 F.3d 108 (5th Cir. 2005) ..................................................................................................8

*Fleming v. Lind–Waldock & Co.*,
  922 F.2d 20 (1st Cir. 1990).....................................................................................................8

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ...........2, 10, 11, 12, 13

*Hodgson v. H. Morgan Daniel Seafoods, Inc.*,
  433 F.2d 918 (5th Cir. 1970) ................................................................................................10

*Matrix Partners VIII, LLP v. Natural Resource Recovery, Inc.*,
  No. 1:08-cv-00547, 2009 WL 10677790 (E.D. Tex. May 22, 2009) .......................................9

*Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*,
  No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024) .................................................11

*Stephenson v. Caterpillar Inc.*,
  No. 2:16-cv-00071, 2019 WL 498337 (E.D. Tex. Feb. 8, 2019).............................................9

*U.S. Bank. Tr. Nat'l Ass'n ex rel Tiki Series IV Trust v. Walden*,
  124 F.4th 314 (5th Cir. 2024) ...............................................................................................10

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ..................................................................................................8

**Statutes**

35 U.S.C. § 284...........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..................................................................................................................8

Fed. R. Civ. P. 56(a) ....................................................................................................................8

## I.    INTRODUCTION

Having stipulated to no willful infringement by Askey, i.e., no bad faith or willful misconduct, Plaintiff Wilus now reverses course and seeks entry of summary judgment on the false premise of bad faith and on issues that are unrelated to any remaining disputes between Wilus and Askey. Specifically, Wilus seeks to abandon the parties' stipulation and argue instead that because Askey somehow failed to negotiate in good faith, Wilus should receive a summary determination revoking Wilus's RAND obligations. But Wilus's RAND obligation—which arises from Wilus's agreements with IEEE—is not at issue in this case, as confirmed by Wilus's own damages expert.

Wilus has alleged claims for patent infringement by Askey and no claim for breach of contract. The Complaint includes no allegation that Askey owed Wilus *any* duty, under the IEEE bylaws (or otherwise). Nor does the Complaint allege that Askey has in any way failed to meet any obligation owed to Wilus. Wilus did not allege that Askey's conduct was evidence of bad faith, or indeed anything at all about the parties' negotiation history. Wilus did not allege that its FRAND obligations were suspended or request any such related relief from the Court. Wilus initially asserted that Askey's infringement was willful, but it withdrew that allegation and stipulated to not pursuing any willfulness assertions. ECF No. 202.

Further, unlike in Wilus's two consolidated cases against Samsung, Askey has not asserted a counterclaim related to Wilus's FRAND obligations. And Askey has relied on no related expert testimony. In the *Wilus v. Askey* cases, the parties stipulated not to pursue noninfringement, invalidity, and willfulness, leaving damages as the sole remaining issue. Wilus and Askey both rely on damages experts, but neither relied on Wilus's FRAND obligations in calculating damages. That Wilus's motion concerns issues irrelevant to the Askey cases is confirmed by the fact that very few of the alleged undisputed facts relate to Askey at all. Because Wilus's motion does not relate to any claim or defense asserted by either party, the Court should deny the motion.

Moreover, even if Wilus had alleged a breach of an obligation by Askey—which it did not—Wilus's motion is legally flawed. There is no support for Wilus's argument that its FRAND obligations have been or can be suspended. The only evidence Wilus relies on in the Askey case is a legal conclusion from a non-lawyer (Mr. Brismark), who bases his opinion on an incorrect reading of *G+ Commc'ns, LLC v. Samsung Elecs. Co.,* No. 2:22-CV-00078-JRG, 2024 WL 233222, at *6-7 (E.D. Tex. Jan. 22, 2024), which in fact confirms that while negotiations may be suspended, "[t]his does not remove the burden of the FRAND obligation from the patent." *Id.* In later decisions, this Court confirmed that Mr. Brismark's opinion is incorrect.

Finally, Wilus asks the Court to determine—on summary judgment—that "post-suit conduct cannot abrogate pre-suit failure to negotiate in good faith," but Wilus has no legal or factual support for this request either. No legal authority is cited at all. And the record shows that Askey has made multiple offers to Wilus, including offers on par with the damages Wilus's own expert has calculated. *See*, *e.g.*, ECF No. 278, at 2-4. There is simply no evidence that Askey is refusing to negotiate, only evidence that Wilus is determined to press on with its litigation by rejecting Askey's reasonable offers.

The Court should deny Wilus's motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Neither Wilus Nor Askey Has Alleged Breach of Contract

Neither Wilus nor Askey has asserted any claim or defense related to either parties' contractual obligations or any duties allegedly owed under the FRAND framework. Wilus has asserted that the Patents-in-Suit are essential to the IEEE 802.11ax Standard and that it has committed to licensing its essential patents for "Reasonable Rates" "with reasonable terms and conditions that are demonstrably free of unfair discrimination." ECF No. 263, at 2. While Askey is a third-party beneficiary of the contractual commitment Wilus made to the IEEE, Askey has not

2

asserted any claim or defense in this case based on any third-party beneficiary rights. *See* ECF Nos. 59, 60.

Similarly, Wilus has not asserted any claim against Askey alleging a breach of any duty or contractual obligation owed (of which there are none). Instead, Wilus's claims are exclusively for patent infringement. *See* ECF No. 1. The Complaint does not recite or reference the negotiation history between Wilus and Askey at all. *Id.* Nor does it request a finding that Askey breached any obligation allegedly owed to Wilus or request any relief related to the breach of any obligation. *See* ECF No. 1, at 39 (seeking judgment that Askey has infringed the asserted patents, damages for patent infringement, and a permanent injunction prohibiting "further acts of infringement.") This is unsurprising because it is undisputed that there is no contract between Askey and Wilus.

### B.   Wilus Conceded That Askey Has Not Infringed Willfully, and Wilus is Not Pursuing a Willfulness Finding

This case no longer has any dispute concerning willfulness. In the Complaint, Wilus requested "[a] judgement that Defendants' infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284." ECF No. 1, at 39. In its Answer, Askey asserted its "Fourth Defense – No Willful Infringement" and alleged that "Plaintiff has alleged no facts, and Defendants have not engaged in any conduct, that entitled Plaintiff to enhanced damages based on alleged willful infringement." ECF No. 59, ¶ 101; ECF No. 60, ¶ 113. On December 12, 2025, Wilus stipulated that it "will no longer seek any finding of willfulness," (ECF No. 202) so these issues have been resolved in Askey's favor. As a result, damages are the only issue that remains. *See* ECF No. 227 ("Thus, no issues remain for trial that relate to either infringement or validity, and the only remaining issues left to be resolved are damages and remedies.").[1]

---

[1] Wilus notes that Askey's damages expert did not respond to the report of Mr. Gustav Brismark concerning whether Askey acted in bad faith or whether the RAND obligation is

(continued…)

3

███████████████████████████████████

### C.    Wilus's RAND Obligations and Current Allegations of "Bad Faith" Do Not Impact Any Expert's Damages Analysis

Wilus and Askey rely on experts to calculate reasonable royalty damages using a *Georgia-Pacific* analysis and neither relied on Wilus's RAND obligations in reaching their conclusions.

Wilus's expert, Mr. Dell, conducted a *Georgia-Pacific* analysis, in which he ignored the 40 licenses for the patent-in-suit and instead relied on a vacated litigation result involving different parties, different patents, and a different Wi-Fi standard. *See* ECF No. 252, at 6-12. Mr. Dell offered the opinion that the royalty rate for the seven asserted patents would be ████ per unit, which is more than double the published rate for a license to the entire Wilus portfolio of over 100 U.S. patents. But Mr. Dell confirmed that "my opinion is FRAND" and did not base this amount on suspension of Wilus's FRAND obligations. On the contrary, he testified that in his opinion, ████ per unit is a FRAND rate:

> my opinion is FRAND, irrespective of whether it's determined that Askey has, in fact, negotiated in bad faith such that it has suspended the FRAND obligations. So as you asked earlier, *my opinion would not change*, determinative of that finding of *whether Askey negotiated in bad faith or not*.

Ex. 1, at 106:15-20 (emphasis added). He also confirmed that his opinions would not change if Mr. Brismark's opinions concerning the status of Wilus's RAND obligations and allegation of bad faith by Askey were excluded. Ex. 1, at 54:16-19 ("Q. So if Mr. Brismark's opinions were excluded or if he were not to testify at trial, would your opinions change? A. No.").[2]

Askey's expert, Dr. Nisha Mody, based her reasonable royalty calculation by considering the relevant *Georgia-Pacific* factors. ECF No. 263, Ex. M, at 3. Dr. Mody confirmed that "the

---

suspended, but that is because she is an expert on the calculation of damages, and Mr. Brismark's opinions are improper expert opinions and irrelevant to any remaining issue. *See* ECF No. 255.

[2] Other evidence relied on by Wilus in its motion, for example the expert report of Paul Nikilich, was never disclosed to Askey and is not part of the Askey case and thus cannot be relied on to support Wilus's motion for summary judgment.

hypothetical negotiation is a legal construct that assumes a willing licensor and a willing licensee" and that "Mr. Brismark's opinions, and Mr. Dell's consideration of those, are not relevant to the outcome of a hypothetical negotiation." *Id.*, at 21. Further, Dr. Mody reiterated—in the same deposition response relied on by Wilus—that she has opined "about the outcome of a hypothetical negotiation, considering the *Georgia-Pacific* factors that are there" and that she "did not use . . . any sort of alternate *Georgia-Pacific* factors to adjust specifically for FRAND." Ex. 2, at 68:13-69:2. Thus, whether or not Wilus's FRAND obligations can even be suspended or revoked has no impact on the expert damages opinions provided by either side.

## III.    RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS

Askey responds to Wilus's inaccurate and incomplete statement as follows, using the numbering Wilus applied in its motion.

5.    Askey does not dispute that it is a third-party beneficiary of Wilus's RAND commitment, but Askey does dispute that such status is relevant to any claim or defense in this patent infringement action between Wilus and Askey. Askey takes no position with regard to the statements made concerning Samsung.

7.    Askey takes no position with regard to the statements made concerning Samsung.

8.    Askey takes no position with regard to the statements made concerning Samsung.

9.    Askey disputes Wilus's statement that damages and injunctive relief depend on whether the patents-in-suit are encumbered by RAND obligations. As outlined above, both parties' experts performed analyses under the *Georgia-Pacific* framework, and neither expert's analysis is impacted by Wilus's RAND obligations. *See* Section II.C.

10.    Askey takes no position on the obligations of IEEE standardization participants with regard to IEEE Bylaws, and disputes that any such obligations are relevant to any claim or defense in this patent infringement action between Wilus and Askey.

11.    Askey takes no position with regard to Wilus or Samsung and/or either party's participation in standardization activities, and disputes that they are relevant to any claim or defense in this patent infringement action between Wilus and Askey.

12.    Askey takes no position with regard to the statements made concerning Samsung.

13.    Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

14.    Askey disputes that the IEEE-SA Bylaw's Patent Policy is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

15.    Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

17.    Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

18.    Askey takes no position with regard to the statements made concerning Samsung.

19.    Askey takes no position with regard to the statements made concerning Samsung.

20.    Askey does not dispute that Sisvel sent correspondence to Askey on April 8, 2022. Askey takes no position with regard to the statements made concerning Samsung, and disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

21.    Askey takes no position with regard to the statements made concerning Samsung.

22.    Askey takes no position with regard to the statements made concerning Samsung.

23.    Askey takes no position with regard to the statements made concerning Samsung.

24.    Askey takes no position with regard to the statements made concerning Samsung.

25.     The opinions of Wilus's "expert," Mr. Brismark, are improper and should be excluded. *See* ECF No. 255. Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

26.     Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

27.     Askey disputes Wilus's legal conclusions and interpretation of the IEEE Patent Policy, and that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

28.     Askey disputes that Wilus's statement and interpretation of the IEEE Patent Policy, and that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey.

29.     Askey disputes Wilus's statement that Askey did not provide any counteroffer until "many months" after the complaint was filed. Wilus admits that a counteroffer was made four months after the case was filed. That counteroffer was shortly after the parties signed a non-disclosure agreement to facilitate the exchange of confidential information. *See* ECF No. 278-7, at 31890. Askey also disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey. Askey has no position regarding Samsung.

30.     Askey does not dispute that Wilus filed the present lawsuit approximately 2.5 years after Wilus's April 2022 correspondence, Askey disputes that Wilus's statement is relevant to any claim or defense in this patent infringement action between Wilus and Askey. Askey takes no position with regard to the statements made concerning Samsung.

31.     Askey does not dispute that it made a counteroffer to Wilus on January 5, 2025, but disputes that Wilus's statement is relevant to any claim or defense in this patent infringement

action between Wilus and Askey. Moreover, Askey's counteroffer exceeded the amount of damages Wilus's expert has calculated for Askey's post-notice sales. See ECF No. 278, at 2-5. Askey takes no position with regard to the statements made concerning Samsung.

32.    Askey takes no position with regard to the statements made concerning Samsung.

## IV.    ARGUMENT

### A.    Wilus's Motion Seeks Summary Judgment on Grounds that are Not Part of, and Indeed Irrelevant to, the Pleadings and Issues Remained in This Case

#### 1.    The Court should not grant summary judgment on a breach of contract claim or theory that Wilus has not alleged.

Wilus asks the Court to issue summary judgment on an issue that is simply not related to any claim or defense asserted by any party in this case. Notably, although Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought" (Fed. R. Civ. P. 56(a)), Wilus's motion identifies no claim or defense asserted against or by Askey for which summary judgment is sought. The Court cannot enter summary judgment on claims that are not asserted in the pleadings. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (finding a claim not raised in the complaint was not properly before the court); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (finding failure to allege fundamental elements of conspiracy claim and noting "summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quoting *Fleming v. Lind–Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)).

In its Complaint, Wilus did not allege breach of contract or any of the material facts on which it now relies in its motion for summary judgment. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Wilus's Complaint alleges patent infringement, not breach of contract. *See* ECF No. 1. The Complaint includes no allegations regarding Wilus's FRAND obligations. *Id.* The Complaint includes no allegations regarding the IEEE bylaws. *Id.* The Complaint does not allege that Askey owes Wilus *any* contractual obligation or that Askey breached any such obligation in the parties' discussions. *Id.* All relief requested by Wilus concern patent infringement, not breach of contract. *Id.*, 39. Wilus's Complaint alleged that Askey's infringement was willful and Wilus requested enhanced damages, but Wilus withdraw those allegations by stipulation. ECF No. 202. Moreover, unlike the litigation between Wilus and Samsung, in which claims for breach of contract have been alleged by Samsung, Askey has raised no such counterclaims. ECF No. 59, 60.

Similarly, Wilus never alleged that Askey's conduct amounted to "bad faith," that a failure "to negotiate a RAND license to the patents-in-suit in good faith" would result in Wilus's RAND obligation being "suspended," or that post-suit conduct cannot "abrogate pre-suit failure to negotiate in good faith." Nor were any such allegations included in Wilus's interrogatory response on damages. Ex. 3, at 27-33. This confirms that the relief Wilus seeks in this motion for summary judgment is not properly part of the case, and/or that Wilus has waived these arguments. *See Stephenson v. Caterpillar Inc.*, No. 2:16-cv-00071, 2019 WL 498337, at *2 (E.D. Tex. Feb. 8, 2019) (denying relief related to claim not alleged); *Matrix Partners VIII, LLP v. Natural Resource Recovery, Inc.*, No. 1:08-cv-00547, 2009 WL 10677790, at *2 (E.D. Tex. May 22, 2009) (denying petition for declaratory judgment as "procedurally defective" because plaintiff filed a motion for declaratory relief, rather than pleading it as an action in the complaint).

### 2. The relief Wilus seeks in summary judgment is irrelevant to damages or any other issue remaining to be decided.

Patent Infringement damages are the only issue left to be decided in the Wilus v. Askey case and the summary judgment order Wilus seeks is irrelevant to damages. Wilus has stipulated

that it "will no longer seek any finding of willfulness." ECF No. 202. Wilus's expert confirmed that he believes his damages calculations comply with Wilus's RAND obligations and that his opinions would not change whether or not there was evidence of or a finding that Wilus's RAND obligations were suspended. Ex. 1, at 54:16-19, 106:15-20. Askey's expert, Dr. Mody, relied on the 40 licenses for the patents-in-suit, and did not use an alternate formulation of the *Georgia-Pacific* factors to adjust specifically for FRAND. Ex. 2, at 68:13-69:2. The only question for the jury involves the outcome of a hypothetical negotiation between a willing licensor and willing licensee. Accordingly, the jury will not resolve the issues underlying Wilus's request for summary judgment—(1) whether FRAND obligations are suspended *if* the jury were to find Askey failed to negotiate in good faith, and (2) whether "post-suit conduct" can abrogate pre-suit failure to negotiate in good faith. Wilus's request is for an advisory opinion that the Court should not entertain or provide. *U.S. Bank. Tr. Nat'l Ass'n ex rel Tiki Series IV Trust v. Walden*, 124 F.4th 314, 323 (5th Cir. 2024) (quoting *Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970)); *see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (distinguishing actual dispute from "an opinion advising what the law *would be* upon a hypothetical state of facts") (emphasis added).

The Court should deny Wilus's request for summary judgment because the requested relief is not related to any claim or defense at issue in this case and is not properly before the Court.

### B.   Askey Does Not Have a Contractual Obligation to Wilus and Wilus's Cited Authority Does Not Support its Summary Judgment Request

Wilus asks the Court to decide on summary judgment that Askey's actions may relieve Wilus of its contractual commitments to IEEE, but there is no support for that request.

Wilus relies on the legal opinions of Mr. Brismark, a non-lawyer, who himself relies only on *G+ Communications*, a decision that does not support Wilus's argument. While *G+*

*Communications* determined that *under French law,* FRAND obligations to continue negotiations may be suspended, "[t]his does not remove the burden of the FRAND obligation from the patent." *G+ Commc'ns, LLC v. Samsung Elecs. Co.,* No. 2:22-CV-00078-JRG, 2024 WL 233222, at *6-7 (E.D. Tex. Jan. 22, 2024). Indeed, *G+ Communications*, a case regarding ETSI IPR Policy and not IEEE Patent Policy, states that the FRAND "obligation is irrevocable." *Id.*, at *11. Thus, Wilus (and Mr. Brismark), have advanced a legally *incorrect* theory that should be excluded. *See* ECF No. 255. This Court has confirmed that it would be "a stretch of the Court's ruling" to interpret *G+ Communications* to mean that "FRAND obligations 'no longer act as a cap' while [the counterparty] was acting in bad faith." Order on Motions in Limine at 9-10, *Pantech Corp. v. OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 5:22-cv-00069, ECF No. 211 (E.D. Tex. Mar. 1, 2024). These cases confirm that while a potential licensee's negotiation activity may impact the licensor's obligation to continue negotiating, negotiation conduct does not relieve the licensor of its obligation to offer FRAND terms or allow the licensor to seek "supra-FRAND rates" (as Mr. Brismark incorrectly concluded).

Further, the IEEE policy provides only that "[t]he Submitter and the Applicant *should* engage in good faith negotiations *(if sought by either party)* without unreasonable delay or may litigate. . . ." ECF No. 277-2, Ex. B at 17-18. The use of the permissive word "should" is not indicative of a binding, contractual obligation (let alone an obligation that is enforceable against a third party). For mandatory obligations, the IEEE policy uses "shall." *See*, *e.g.*, *id.*, at 17 ("An Accepted Letter of Assurance *shall* apply to the Submitter, including its Affiliates.") (emphasis added). Nevertheless, Askey has continued to negotiate with Wilus and has extended multiple offers, including offers exceeding the amount of damages Wilus can reasonably expect to recover in this lawsuit. *See* ECF No. 278, at 2-5.

11

Wilus also relies on *Apple Inc. v. Motorola, Inc.* in arguing that "an injunction may be justified where an infringer unilaterally refuses a FRAND royalty or unreasonably delays negotiations to the same effect," ignoring the next sentence that emphasizes "[t]o be clear, this *does not mean* that an alleged infringer's *refusal to accept any license offer necessarily justifies issuing an injunction.*" *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1332 (Fed. Cir. 2014) (emphasis added). Indeed, the *Apple* case undermines Wilus's argument; the Federal Circuit affirmed denial of a permanent injunction where "the record reflects that the negotiations have been ongoing, and there is no evidence that Apple has been, for example, unilaterally refusing to deal." *Id.* The same is true here. Askey has not refused to deal with Wilus, but instead continues to negotiate and extend offers. ECF No. 278, at 2-4.

**C.     There is No Basis for the Court to Ignore Continuing Negotiations After Initiation of the Lawsuit.**

Wilus asks the Court to rule that only pre-suit communications can be considered when assessing whether a party is acting in good faith or bad faith, but provides no support for that request. In fact, when Wilus's first and second requests are combined, Wilus is effectively requesting that the Court decide—on summary judgment—that Wilus's FRAND obligations are fully and completely revocable. There is no support for the extraordinary relief that Wilus requests.

Indeed, the authority Wilus relies on confirms that the Court should deny its motion. In *Apple* the Federal Circuit specifically recited post-suit communications in confirming denial of injunctive relief. *Apple*, 757 F.3d at 1332 ("the record reflects that the negotiations have been ongoing, and there is no evidence that Apple has been, for example, unilaterally refusing to deal."). Similarly, in *G+ Communications*, this Court confirmed that "when the counterparty ceases acting in bad faith, the barrier to consummation of the license on FRAND terms is removed and the negotiations can and must resume (in good faith)." *G+ Commn's*, 2024 WL 233222, at *6. A

party's FRAND obligations "are ***irrevocable*** in the sense that SEP holders cannot withdraw them or take them back." *Id.* (emphasis added). The Court should deny Wilus's request for a revocable FRAND obligation. Indeed, granting Wilus's motion would contradict the IEEE policy and incentive patent holders to more quickly cutoff negotiations in favor of litigation.

In the negotiations between Sisvel and Askey, despite its repeated requests for information concerning the terms or the licenses Sisvel had entered into, Sisvel refused to provide that information until after the present lawsuit was filed. *See* ECF No. 278-7. Only after Wilus filed suit did Sisvel provide the licenses and other requested information. Throughout the negotiation, both pre-litigation and post-complaint, Askey sought to reach agreement with Sisvel and Wilus on terms that reflect a FRAND rate for the actual number of Askey products. *See id.* Askey has made multiple offers with this in mind, and Sisvel and Wilus have rejected them. *Id.* In view of the factual disputes, the Court should not rule, on summary judgment, that post-suit negotiations are irrelevant or to be ignored. Wilus's request is not appropriate for summary judgment, and the Court should deny the motion.

## V.    CONCLUSION

The Court should deny Wilus's motion for summary judgment as reasoned above. Particularly, Wilus has never pled FRAND suspension in its pleadings or any breach by any party, has stipulated not to pursue any willfulness (i.e., no bad faith or misconduct at issue), and has admitted, by its own expert, any FRAND obligation (or lack thereof) does not change its purported damages—the only issue left in the disputes between Wilus and Askey.

13

█████████████████████████████████████████

Dated: March 16, 2026                    Respectfully submitted,


                                         _____/s/ Jeffrey D. Smyth_____

                                         Trey Yarbrough
                                         Bar No. 2213350
                                         **YARBROUGH WILCOX, PLLC**
                                         100 E. Ferguson Street, Suite 1015
                                         Tyler, TX 75702
                                         Tel:  (903) 595-3111
                                         Fax: (903) 595-0191
                                         Email: trey@yw-lawfirm.com

                                         Ming-Tao Yang (*pro hac vice*)
                                         Jeffrey D. Smyth (*pro hac vice*)
                                         **FINNEGAN, HENDERSON, FARABOW**
                                         **  GARRETT & DUNNER, LLP**
                                         3300 Hillview Avenue, 2nd Floor
                                         Palo Alto, CA 94304
                                         Tel:  (650) 849-6600
                                         Fax: (650) 849-6666
                                         Email: ming.yang@finnegan.com
                                         Email: jeffrey.smyth@finnegan.com

                                         *Attorneys for Defendants Askey Computer Corp.*
                                         *and Askey International Corp.*

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 16, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth