# Exhibit G

From: **Brendan McLaughlin** BMcLaughlin@fr.com
Subject: RE: Motion for Sanctions - Wilus v. Samsung
Date: March 28, 2026 at 2:08 PM
To: pwang@raklaw.com, Ruffin Cordell RBC@fr.com, FISH SERVICE Samsung/Wilus FISHSERVICESamsungWilus@fr.com, Ralph A. Phillips RPhillips@fr.com, Lawrence Jarvis jarvis@fr.com, melissa@gillamsmithlaw.com, tom@gillamsmithlaw.com
Cc: mpaladino@raklaw.com, Rak Wilus rak_wilus@raklaw.com, rmirzaie@raklaw.com

Philip,

Thanks.  However, Samsung cannot accept Wilus's offer.  As explained in the motion, Dr. Kwak's deposition is just one part of the additional discovery Samsung believes is necessary to learn more about (1) the authenticity of the Patent Assignment Agreement, and (2) ownership-related issues.  The other requested discovery should be produced prior to Dr. Kwak's deposition so that Samsung knows the full state of play.  Additionally, Samsung does not agree that Dr. Kwak's deposition should be limited to "the Patent Assignment Agreement" —the deposition must cover the full scope of patent ownership.

Regards,
Brendan

## Brendan F McLaughlin

Associate ∎ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com
1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Thursday, March 26, 2026 11:09 PM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>; Ruffin Cordell <RBC@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Cc:** mpaladino@raklaw.com; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com
**Subject:** Re: Motion for Sanctions - Wilus v. Samsung

Brendan,

Dr. Kwak can be available for a 3-hour video deposition regarding the Patent Assignment Agreement on April 8th at 4:30 pm PST.

Please let us know as soon as possible, and no later than this Sat. March 28th whether Samsung accepts.

As part of this scheduling, we're willing to extend Samsung's reply for the sanctions motion to April 10th with Headwater's opposition extended to April 3rd.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

On Mar 16, 2026, at 11:49 AM, Brendan McLaughlin <BMcLaughlin@fr.com> wrote:

Philip,

Thank you for your response and Wilus's attempt to compromise.  We appreciate you engaging on this issue and recognizing its gravity.  However, Wilus's offer does not cure the prejudice to Samsung, and the parties have reached an impasse.  Samsung welcomes the opportunity to continue to meet and confer with Wilus to reach a resolution without Court intervention, but Wilus's proposed compromise is unacceptable.

We would also like to address some points raised in your email:

*First*, we appreciate that you acknowledge that the failure to produce the Patent Assignment Agreement "was an unintentional error and a regrettable one." However, Samsung disagrees with Wilus's continued insistence that it conducted "a reasonable search" or never "withheld" the Patent Assignment Agreement. Assuming the authenticity of the document, Wilus either failed to conduct "a reasonable search" (whether or not the document was in Wilus's counsel's possession) and/or it withheld the document (either intentionally or not).  Either way, Samsung has been prejudiced and Wilus's conduct is sanctionable.

*Second*, Wilus did resist discovery on inventorship.  As previously explained, Samsung requested ownership-related documents no less than eight times in five months.  Such ownership documents should have been produced without request under the terms of the Discovery Order, yet Wilus failed to produce any for months—Samsung had to repeatedly follow up.  And with respect to a deposition on ownership-related topics, Wilus cannot seriously dispute that it resisted early discovery on such topics.  Samsung was forced to file the motion to compel and only "voluntarily withdrew the motion" after Wilus finally offered Dr. Kwak for deposition less than two weeks before the close of fact discovery.

*Third*, we appreciate your offer of additional discovery.  However, the offer is insufficient.  Samsung needs at least three hours to depose Dr. Kwak, as his deposition requires translation.  Moreover, the deposition should not be limited to the Patent Assignment Agreement—now that Samsung supposedly has all ownership-related documents in its possession, it needs to probe Wilus's entire ownership theory.  And while you provided an Excel document that purports to

contain the Patent Assignment Agreement's metadata, we need a forensic examination regarding its origins and all ESI related thereto.  Finally, we need all communications between Wilus and SKT regarding these agreements, including the Patent Assignment Agreement.

This discovery takes time, and Wilus's proposal to complete such discovery in ten days while the parties are undergoing pretrial briefing is unreasonable.  A stay of this case during discovery is necessary.

***Fourth***, Samsung respectfully disagrees that Wilus has "made every effort to understand and mitigate any prejudice Samsung [has] suffered."  Wilus originally offered to not oppose (1) a motion for extension to file a reply brief in support of the motion to dismiss, and (2) a motion to exceed the five-page reply brief page limit.  This is hardly "every effort to . . . mitigate" Samsung's prejudice.  And your "offer" to not oppose Samsung withdrawing and re-filing a motion to dismiss—neither of which Samsung needed Wilus's blessing to do—was not a legitimate attempt to cure prejudice to Samsung.  Wilus did not seem to take its discovery misconduct seriously until Samsung informed Wilus that it intended to move for sanctions.

***Fifth***, you are incorrect that Samsung "declined [Wilus's] proposal of fee-shifting to obviate further motion practice."  During the meet and confer, Wilus offered to reimburse a "portion" of Samsung's costs and fees incurred with these issues.  Samsung informed Wilus that a "portion" of costs and fees would be insufficient to cure the prejudice.  At no time did Samsung decline fees and costs outright.

***Sixth***, we disagree with your position that stipulating to a stay in view of the instituted *inter partes* review proceedings is not "fair or reasonable."  Samsung developed its defenses, and invested substantial time and resources in doing so, based upon Wilus's repeated representations that Samsung had all ownership-related documents.  Samsung cannot regain that time and effort spent during discovery.  If Samsung had the full universe of documents to which it is entitled, it could have made fully informed strategic decisions on how to best pursue its defense.  But Wilus's failure to timely produce the Patent Assignment Agreement deprived Samsung of that right.  As the Court has broad discretion in issuing sanctions, a stay in view of the instituted *inter partes* reviews would relieve much of the prejudice Samsung has suffered.

Simply put, this is not how discovery should be done.  Wilus's serious failure justifies an equally serious sanction.

***Seventh***, Samsung disagrees that it is "frivolous and reckless" to want to learn more about the authenticity of the Patent Assignment Agreement.  We recognize that Wilus has made representations regarding the authenticity of the Patent Assignment Agreement, but Samsung has already been misled in this case— Wilus's previous representations that it has produced all ownership-related documents proved to be incorrect.  And the fact that the Patent Assignment Agreement was produced only in response to Samsung's motion to dismiss raises the serious questions we have posed below and in the reply brief submitted last week (Dkt. 307).  There is nothing "frivolous" or "reckless" about questioning the Patent Assignment Agreement's authenticity.

***Finally***, Samsung of course disagrees with your conclusion that Samsung is seeking "extreme relief," and as noted above, rejects Wilus's offer

seeking "extreme relief," and as noted above, rejects Wilus's offer.

Regards,
Brendan

**Brendan F McLaughlin**
Associate ■ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com
1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Thursday, March 12, 2026 4:00 PM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>; Ruffin Cordell <RBC@fr.com>
**Cc:** FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com; mpaladino@raklaw.com; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com
**Subject:** Re: Motion for Sanctions - Wilus v. Samsung

Brendan and Ruffin,

Thanks for the meet and confer yesterday. As we discussed, we provide this response to further address your questions and concerns and to avoid burdening the Court with unnecessary motion practice.

The first paragraph of your email doesn't contain any questions and repeats arguments/characterizations we've repeatedly addressed in our correspondence of Feb. 23rd, Feb. 27th, and Mar. 11th. Again, the 14-page additional part of the assignment agreement was believed to be duplicative of the 5-page assignment that was produced. The 5-page assignment was the certified, official copy that was filed with the USPTO. Given that the certified copy was located and produced, the 14-page version was overlooked in our document production process. We never intended to withhold the document during discovery and didn't realize the error until responding to Samsung's motion to dismiss. We have never disputed that the additional part is relevant, responsive, and non-duplicative and should have been produced. *See* Ms. Paladino's 2/23 Email ("While there is substantial overlap between the Assignment of Patents that was produced and the Assignment Agreement that unintentionally was not produced, there are some differences."). That one document (overlapping with the USPTO certified copy) was missed by RAK was an unintentional error and a regrettable one.

The second paragraph of your email alleges "inconsistencies" in our explanations, but there are none. The legal team at RAK and the Wilus legal team are the same and refer to **RAK, Wilus's counsel in this case**. Regarding your questions in the paragraph, please see our responses in

bold:

- "Who rediscovered the agreement—was it the attorneys at RAK, or was it attorneys at Wilus?" **RAK**
- "And when we repeatedly requested the ownership documents, with express references to agreements between Wilus and SKT, how was this document not previously found to already be within RAK's possession?" **Please see above**.
- "Moreover, why did Wilus continually resist discovery on ownership since the beginning of the case—including refusing to produce an early witness on ownership topics—and only now suddenly produce the Patent Assignment Agreement a day before Wilus's opposition was due?" **This is incorrect. Wilus did not "resist discovery on inventorship." As you know, the dispute was about deposition scheduling/efficiency and the burden of having the same witness sit for multiple rounds of deposition in the same case. Samsung voluntarily withdrew the motion.**

During our meet and confer, you raised the need for additional discovery and only identified: (1) Wilus supplementing rog responses (2) another deposition of Dr. Kwak. We explained that we will accommodate targeted and necessary requests, and that in any event, a stay is unnecessary. There is no reason this cannot be done in parallel, given that we're discussing one document and have already provided pages of information.

Therefore, as a further compromise to obviate Samsung's unnecessary motion, we are willing to: (1) supplement rog responses on ownership within seven days and (2) make Dr. Kwak available for another deposition limited to the document within ten days. As to Dr. Kwak's deposition, we believe one hour is sufficient but are willing to confer. To the extent you seek material and non-privileged discovery from RAK, we will consider it. During the call we asked if you were seeking a deposition from RAK, but you didn't commit.

We have also made every effort to understand and mitigate any prejudice Samsung believes it suffered. You are incorrect that "Wilus now seems to recognize that its offer of relief for the reply brief is insufficient[.]" As you know, we offered for Samsung to withdraw the motion to dismiss and re-file it altogether. Samsung had every opportunity to do that but chose not to. This suggests that either Samsung was not prejudiced in filing the motion or any alleged prejudice is of its own making.

And without agreeing that Samsung's entitlement, and solely to avoid wasteful motion practice, we offered to consider reimbursing a portion of Samsung's fees/costs in connection with the motion to dismiss. For example, we invited you to identify any unnecessary work Samsung incurred on the opening brief before the document was produced and our offer of re-filing. You declined our proposal of fee-shifting to obviate further motion practice.

Finally, in both your email and our call yesterday, you requested that Wilus stipulate to a stay of all proceedings until FWDs of the IPRs. We don't think this is

fair or reasonable given that Samsung didn't previously (before Monday, 3/9) raise the need for a stay. And, as you know, this issue concerning one assignment document has nothing to do with either IPRs or Samsung's motion to stay pending IPRs. The facts have remained unchanged: SKT assigned its rights in the asserted patents to Wilus before filing the lawsuit and Wilus is the sole owner of these patents.

In view of the above and our offers of compromise, Samsung has no basis to file a sanctions motion seeking extreme relief untethered to any actual harm. Wilus reserves all rights in connection with Samsung's motion and conduct in pursuing it. As one example, Mr. McLaughlin repeatedly accused Wilus and/or RAK of *"fabricating"* the document when faced with the motion to dismiss. This is frivolous and reckless, and has no place in our practice and profession.

Thank you,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

On Mar 11, 2026, at 1:05 PM, Brendan McLaughlin <BMcLaughlin@fr.com> wrote:

Philip,

Thank you for your email.  However, Wilus has not addressed Samsung's concerns.

First, the volume of Wilus's document production is irrelevant.  This issue does not concern a random technical or financial document— the Patent Assignment Agreement purports to transfer Asserted Patent ownership from SKT to Wilus and directly bears on Wilus's standing to file suit in the first instance.  This should have been one of the very first documents that Wilus produced when fact discovery opened—instead, Wilus failed to produce it during discovery and produced it only in response to a motion to dismiss.  It is difficult to believe that this critical document was somehow overlooked, especially in view of Samsung's repeated requests for *all* ownership documents during fact discovery, including any agreements that may

documents during fact discovery, including any agreements that may relate to the Assignment of Patents (WILUS_0025432).  Indeed, we requested such documents at least on February 21, 2025; April 11, 2025; May 23, 2025; July 11, 2025; July 15, 2025; July 18, 2025; July 22, 2025; and July 23, 2025.  Wilus repeatedly represented that it had produced everything, but we now know that is not true: Wilus failed to produced half of "an agreement that [allegedly] had two parts" that purports to concern ownership of the Asserted Patents.  Dkt. 238 at 3.

Samsung still has questions regarding this document, and we note inconsistencies between Wilus's explanations.  For example, you say below that the "document was missed for production by the legal team at RAK," but Ms. Paladino's February 23 email states that the Patent Assignment Agreement was rediscovered when "the Wilus legal team performed another round of targeted additional review involving agreements with SKT."  Who rediscovered the agreement—was it the attorneys at RAK, or was it attorneys at Wilus?  And when we repeatedly requested the ownership documents, with express references to agreements between Wilus and SKT, how was this document not previously found to already be within RAK's possession?  Moreover, why did Wilus continually resist discovery on ownership since the beginning of the case—including refusing to produce an early witness on ownership topics—and only now suddenly produce the Patent Assignment Agreement a day before Wilus's opposition was due?  Samsung is entitled to additional discovery to learn the precise origins of the Patent Assignment Agreement and the process by which it was found by Wilus and produced in this case.  We need an actual explanation as to what happened, how the document was stored, who looked for it, and why it was overlooked despite our repeated requests.

To address these questions and allow for this discovery, Samsung is entitled to a stay of these proceedings under FRCP 37(b)(2)(A)(iv).  A stay will allow Samsung to receive additional discovery mentioned above, including the origins of the Patent Assignment Agreement, all communications between Wilus and SKT relating to the Patent Assignment Agreement, and all ESI relating to the Patent Assignment Agreement.  We spent many weeks pursuing this document when we could have been developing other issues in this case and sanctions to level the playing field are warranted because of the prejudice Samsung has suffered.  Wilus now seems to recognize that its offer of relief for the reply brief is insufficient to cure the prejudice.  Indeed, Samsung invested substantial resources pursuing ownership agreements—including numerous written communications and a motion to compel.  Samsung invested further resources preparing for and taking the deposition of Dr. Kwak on ownership issues based on the assumption that we had all ownership documents.  And Samsung invested still more resources into preparing and filing the motion to dismiss, including engaging a Korean legal expert.  Had Wilus produced the Patent Assignment Agreement when it was required to during fact discovery, Samsung would have had a more complete picture and could have determined the best way to allocate its resources in preparing its

defense.  But Wilus failed to abide by the Court's Discovery Order.

Samsung also does not agree to expedite briefing of Samsung's motion for sanctions.  Wilus has already burdened the Court with an expedited motion last week, and we do not wish to burden the Court further.  Additionally, Samsung does not agree to forego its right to file a reply brief.

However, Samsung does not wish to burden the Court at all with even more motion practice.  Samsung may consider foregoing its motion for sanctions if Wilus agrees to (1) withdraw its opposition to Samsung Defendants' Opposed Motion to Stay Pending *Inter Partes* Reviews (Dkt. 176), (2) indicate to the Court that it agrees to stay this case in accordance with Samsung Defendants' Opposed Motion to Stay Pending *Inter Partes* Reviews (Dkt. 176), and (3) pay Samsung's reasonable costs and fees associated with pursuing ownership-related issues.

We look forward to discussing further this evening.

Regards,
Brendan

## Brendan F McLaughlin

Associate ■ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com
1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Wednesday, March 11, 2026 3:34 AM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Cc:** mpaladino@raklaw.com; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com
**Subject:** Re: Motion for Sanctions - Wilus v. Samsung

Brendan,

In advance of our meet and confer, several characterizations in your March 9th email warrant correction.

As a threshold matter, Wilus remains willing to respond to your questions, as we've been doing, and to discuss potential compromises. Regrettably, Samsung appears more interested in casting aspersions and rushing to file an unfounded sanctions motion. Given that you delayed 10 days in

responding to my Feb. 27th email, it's unclear whether you have any more questions. But if you do, we ask that you please identify them so we can discuss them productively.

Regarding the "only three" possibilities alleged in your email, none are correct. First, Wilus conducted a reasonable search, as evidenced by the 2,500+ documents totaling ~150k pages produced in discovery. That one document was missed doesn't show otherwise—much less constitute a "flagrant" violation of the DCO. Second, we've repeatedly told you that we did not intend to withhold the document during discovery. *See* our emails of Feb. 23rd & 27th. Indeed, when we determined that the agreement was non-duplicative and had not been produced, we produced it promptly. Third, your accusation that "Wilus fabricated the Patent Assignment Agreement when faced with Samsung's Motion to Dismiss" is baseless and offensive.

As you acknowledge, we provided repeated explanations for why the additional part of the assignment agreement had not been produced in our emails of Feb. 23rd & 27th.
We responded to your questions and provided the metadata field you requested. Thus, we don't understand why you say our explanations "cannot be accurate" and what specific information/representations you're looking for?

The additional part was 14-pages and provided to RAK during discovery in this case, long before Samsung filed its motion to dismiss. The document was missed for production by the legal team at RAK and believed to be duplicative of the 5-page assignment agreement that was clearly produced. We did not realize this error until Samsung filed its motion dismiss and in the course of preparing our response. We acknowledge that the document is relevant and responsive and should have been produced. This was an unintentional error by Wilus's attorneys at RAK during the document production process and a regrettable one.

We this issue arose, we attempted to address any concerns with Samsung's motion to dismiss. As my colleague Mackenzie informed you on Feb. 23rd:

> "we would not oppose any request from Samsung to extend the time for it to file a reply or to request additional pages to address the newly produced document and also would not oppose any request to re-file or withdraw its motion altogether."

Samsung requested more time on the reply brief, which we agreed to. It hasn't sought to re-file or withdraw its opening brief. Again, if Samsung believes it was prejudiced by filing the motion before the document was produced, we will address that and accommodate all reasonable requests.

Regarding the four items of intended relief at the end of your email, we don't believe they're justified by facts or your email but are willing to discuss to understand your position. For example, we don't agree to stay of "all proceedings" and note that Samsung never mentioned such a stay in the past three weeks (including the 10 days without following up to my Feb. 27th email). But we're willing to discuss expediting briefing for a motion if Samsung waives its reply, to expedite resolution by the Court.

Also, what fees and costs are you referring to in connection with Samsung's motion to dismiss. As part of that request, is Samsung withdrawing the motion and/or seeking to re-file? If Samsung is withdrawing the motion and believes it incurred unnecessary work, we're willing to discuss that and fair compromises.

Thank you,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

On Mar 10, 2026, at 1:44 PM, Brendan McLaughlin <BMcLaughlin@fr.com> wrote:

Thanks, Philip.  That works for us.  I'll send a calendar invite in a moment.

invite in a moment.

## Brendan F McLaughlin
Associate ▪ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com
1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Tuesday, March 10, 2026 2:14 PM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>
**Cc:** mpaladino@raklaw.com; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** Re: Motion for Sanctions - Wilus v. Samsung

Brendan,

We've been checking lead/local availability, and we do tomorrow, Wednesday, in the window of 3-4 pm Pacific.

If that works on your end, please circulate a dial-in.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

> On Mar 10, 2026, at 6:57 AM, Brendan McLaughlin <BMcLaughlin@fr.com> wrote:

Counsel,

We have not received a response to the email below.  Assuming Wilus will oppose a motion for sanctions, please provide your availability to meet and confer today.

Regards,
Brendan

### Brendan F McLaughlin

Associate ■ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com

1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

---

**From:** Brendan McLaughlin
**Sent:** Monday, March 9, 2026 9:10 AM
**To:** Philip Wang <pwang@raklaw.com>
**Cc:** mpaladino@raklaw.com; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>; Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** RE: Patent Assignment Agreement - Wilus v. Samsung

Philip,

Over a week ago, you said that Wilus will re-produce the Patent Assignment Agreement with the correct metadata.  Wilus has not done so.  Additionally, Wilus's doubling-down on its original explanation for why the Patent Assignment Agreement was not produced cannot be accurate.  There are only three potential explanations for Wilus's failure to produce the Patent Assignment Agreement: (1) Wilus failed to conduct a "reasonable search" for the Patent

Assignment Agreement, despite its repeated representations that it did so during discovery, (2) Wilus withheld the Patent Assignment Agreement, or (3) Wilus fabricated the Patent Assignment Agreement when faced with Samsung's Motion to Dismiss.

Any one of these three possibilities is, at the least, a flagrant violation of the Discovery Order. Dkt. 49. Accordingly, Samsung intends to move for sanctions under Rule 37. Specifically, Samsung intends to request that the Court grant at least the following:

- Stay further proceedings so that Samsung and the Court may investigate the origins of the Patent Assignment Agreement and why it was not produced earlier.
- Instruct the jury regarding Wilus's failure to abide by the Court's Discovery Order.
- Fees and costs incurred by Samsung in connection with Samsung's Motion to Dismiss (Dkt. 220).
- Deduction of Wilus's trial time.

We assume Wilus will oppose a motion for sanctions. If that assumption is correct, please provide your availability to meet and confer today or, at latest, tomorrow.

Regards,
Brendan

**Brendan F McLaughlin**
Associate ■ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio | LinkedIn | fr.com
1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

---

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Friday, February 27, 2026 8:23 PM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>
**Cc:** mpaladino@raklaw.com; FISH SERVICE Samsung/Wilus

<FISHSERVICESamsungWilus@fr.com>;
Ralph A. Phillips <RPhillips@fr.com>;
Lawrence Jarvis <jarvis@fr.com>; Rak
Wilus
<rak_wilus@raklaw.com>; rmirzaie@raklaw.
com; melissa@gillamsmithlaw.com; tom@gil
lamsmithlaw.com
**Subject:** Re: Patent Assignment Agreement
- Wilus v. Samsung

Brendan,

Your questions are addressed by
Mackenzie's Feb. 23rd email but we're
happy to discuss further.

After Samsung's motion to dismiss was
filed on Jan. 30th and in the course of
preparing our response, we determined
that an additional part of the assignment
agreement was non-duplicative and had
not been produced. We never intended
to withhold the agreement or any part
during discovery.

Thereafter, we obtained an executed
copy from Wilus and produced it as
WILUS_0149628. This was done
promptly, within days, and after ensuring
that no additional documents should be
produced.

We believe the author metadata for
WILUS_0149628 says "Apeos C2060"
because the executed document was
scanned with an Apeos multifunction
printer. The document was executed in
June 2024. We're looking into the
"DateTimeCreated" metadata field issue
and re-producing the document with that
field.

Thanks,

Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor

Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

On Feb 27, 2026, at 3:00 PM,
Brendan McLaughlin
<BMcLaughlin@fr.com>
wrote:

Mackenzie,

Wilus still has not addressed
Samsung's concerns outlined
below.  The fact that Wilus
failed to produce this document
after repeated requests during
discovery only to produce it the
day before Wilus's opposition
was due undermines not just
the legitimacy of Wilus's efforts
to search for/collect this
document, but also its
authenticity.

Please immediately answer
these questions.  The prejudice
to Samsung increases every
day that Wilus fails to address
these critical issues.

Please also provide a version of
Wilus's opposition and all
exhibits thereto that we may
share with our client.

Regards,
Brendan

### Brendan F McLaughlin
Associate ■ Fish & Richardson
P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio |
 LinkedIn | fr.com
1000 Maine Avenue SW, Suite

1000, Washington, DC 20024

---

**From:** Mackenzie Paladino <mpaladino@raklaw.com>
**Sent:** Thursday, February 26, 2026 12:33 PM
**To:** Brendan McLaughlin <BMcLaughlin@fr.com>; FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>
**Cc:** Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Subject:** Re: Patent Assignment Agreement - Wilus v. Samsung

Hi Brendan,

Wilus does not oppose Samsung's request for a one-week extension of time to file a reply brief.

**Mackenzie Paladino**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 |
mpaladino@raklaw.com |
www.raklaw.com ----------------------------------

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

**From:** Brendan McLaughlin <BMcLaughlin@fr.com>

<DrozdagmailTmcom>

**Date:** Wednesday, February 25, 2026 at 9:23 PM
**To:** Mackenzie Paladino <mpaladino@raklaw.com>, FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>
**Cc:** rphillips@fr.com <rphillips@fr.com>, jarvis@fr.com <jarvis@fr.com>, Rak Wilus <rak_wilus@raklaw.com>, Reza Mirzaie <rmirzaie@raklaw.com>, melissa@gillamsmithlaw.com<melissa@gillamsmithlaw.com>, tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>
**Subject:** RE: Patent Assignment Agreement - Wilus v. Samsung

Mackenzie,

There is no excuse for Wilus's belated production of this document.  The Discovery Order entered in this case required Wilus to produce all documents relevant to Wilus's claims.  Dkt. No. 49.  For the past year, Samsung has requested all ownership documents, and on numerous occasions expressly referenced the Assignment of Patents (WILUS_0025432).  This document was discussed at length during Dr. Kwak's deposition, and he even confirmed that "[a]ll documents were provided."  Kwak Tr. at 38:7–12.  Indeed, Wilus consistently represented that it produced all ownership documents.

Please answer the following

questions by Friday at 2pm ET:

- Who discovered this new document?
- When was this new document first discovered?
- How was the new document discovered?
- Why is the "Author" metadata field "Apeos C2060," which appears to be a printer?
- Why is the "DateTimeCreated" field missing from the metadata?

Given Wilus's repeated representations that it searched for critical ownership documents, we need to know the precise circumstances surrounding how this document was suddenly discovered two months after the close of fact discovery and only in response to a motion to dismiss.

Samsung also intends to move for a one-week extension of time to file a reply brief. Please confirm that Wilus does not oppose. Finally, please provide a version of Wilus's opposition and all exhibits thereto that we may share with our client.

Regards,
Brendan

**Brendan F McLaughlin**
Associate ■ Fish & Richardson P.C.

**T:** 202 626 6438
BMcLaughlin@fr.com | Bio |
 LinkedIn | fr.com

1000 Maine Avenue SW, Suite 1000, Washington, DC 20024

**From:** Mackenzie Paladino <mpaladino@raklaw.com>
**Sent:** Monday, February 23, 2026 6:09 PM
**To:** FISH SERVICE Samsung/Wilus <FISHSERVICESamsungWilus@fr.com>
**Cc:** Ralph A. Phillips <RPhillips@fr.com>; Lawrence Jarvis <jarvis@fr.com>; Rak Wilus <rak_wilus@raklaw.com>; rmirzaie@raklaw.com
**Subject:** Patent Assignment Agreement - Wilus v. Samsung

[This email originated outside of F&R.]

Counsel,

Late last week, Wilus discovered that it had not produced part of the patent assignment agreement between SKT and Wilus. More specifically, although Wilus had produced the Assignment of Patents, it had not produced the attached Patent Assignment Agreement, which includes additional pages beyond the Assignment of Patents.

Despite reasonable and diligent search and collection efforts during discovery, Wilus did not produce this document during discovery. But Wilus never attempted to withhold the document from discovery. And it was only during preparation of Wilus's opposition to Samsung's motion to dismiss based on Samsung's new standing argument involving SKT that the Wilus legal team

SKT that the Wilus legal team performed another round of targeted additional review involving agreements with SKT, which led to its production today.

While there is substantial overlap between the Assignment of Patents that was produced and the Assignment Agreement that unintentionally was not produced, there are some differences. And those differences relate to Samsung's motion to dismiss and provide additional reasons why it fails. Therefore, we would not oppose any request from Samsung to extend the time for it to file a reply or to request additional pages to address the newly produced document and also would not oppose any request to re-file or withdraw its motion altogether.

Thanks,

**Mackenzie Paladino**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor |
Los Angeles, California 90025
Main +1 310 826 7474 |
mpaladino@raklaw.com |
www.raklaw.com ------------------------
-----------
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.