IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF SEALED MOTION PARTIAL SUMMARY JUDGMENT RE NONJOINDER OF A JOINT INVENTOR FOR THE '035 AND '879 PATENTS (DKT. 270)**

███████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................................ii

TABLE OF EXHIBITS...........................................................................................................................iii

TABLE OF ABBREVIATIONS...............................................................................................................iii

I.      WILUS'S FACTUAL ASSERTIONS .......................................................................................1

II.     ARGUMENT.............................................................................................................................2

        A.      No reasonable jury can find that Mr. Cariou did not contribute to the
                claimed invention in a significant manner............................................................................2

        B.      no reasonable jury could find that Mr. Cariou's contribution is
                insignificant to the full dimension of the invention ........................................................2

        C.      No reasonable jury could conclude Cariou's submissions 998 and
                1180 conveyed to Wilus merely "well-known concepts and/or the
                current state of the art."......................................................................................................3

        D.      Wilus's Conclusory Arguments Regarding Joint Behavior Is
                Unsupported By Any Fact or Law ......................................................................................3

████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*,
  299 F.3d 1336 (Fed. Cir. 2002)...........................................................................................5

*Clark v. America's Favorite Chicken Co.*,
  110 F.3d 295 (5th Cir.1997) ...............................................................................................4

*Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*,
  964 F.3d 1365 (Fed. Cir. 2020)........................................................................................3, 5

*Eli Lilly & Co. v. Aradigm Corp.*,
  376 F.3d 1352 (Fed. Cir. 2004).........................................................................................4, 5

*Ethicon, Inc. v. U.S. Surgical Corp.*,
  135 F.3d 1456 (Fed. Cir. 1998)...........................................................................................2

*Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*,
  973 F.2d 911 (Fed. Cir. 1992)...........................................................................................4, 5

*Pannu v. Iolab Corp.*,
  155 F.3d 1344 (Fed. Cir. 1998)...........................................................................................2

*University of Utah v. Max-Planck-Gesellschaft*,
  134 F. Supp. 3d 576 (D. Mass. 2015) ..................................................................................5

**Other Authorities**

Local Rule CV-5 ..........................................................................................................................9

Local Rule CV-5(a)(3)(A) ...........................................................................................................9

Standing Order on MIL, MIL Nos. 4 & 23 .................................................................................1

███████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
|  | Opening Exhibits 1-29 (Dkt. 270) |
| 30 | Plaintiff Wilus' Amended Initial and Additional Disclosures to Samsung, dated 11/12/2025 |
| 31 | Rebuttal Report of Paul Nikolich, dated 2/13/2026 |
| 32 | Declaration of Harry Bims, Ph. D., dated 12/22/2026 |
| 33 | Greg Jung Ko deposition, dated 12/16/2026 |
| 34 | John Son deposition, dated 12/17/2026 |
| 35 | Jin Sam Kwak deposition, dated 12/10/2025 |
| 36 | PRIOR_ART_00020754 |
| 37 | Opening Expert Report of Prof. Stephen B. Wicker, Ph. D., dated 1/23/2026 |
| 38 | Expert Report of Erik de la Iglesia regarding Invalidity, dated 2/13/2026 |
| 39 | Woojin Ahn deposition, dated 01/15/2026 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Mot. | Dkt. 270 |
| Opp. | Dkt 332. |
| SSUMF | Samsung's STATEMENT OF UNDISPUTED MATERIAL FACTS. Mot. at 2-7 |
| RSSUMF | Wilus's Response To Samsung's STATEMENT OF UNDISPUTED MATERIAL FACTS. Opp. at 5-8 |
| WSUMF | WILUS'S STATEMENT OF UNDISPUTED MATERIAL Facts. Opp. at 2-5.. |
| SOMIL | Standing Order On MIL |
| DLI | Mr. de la Iglesia |

## I.    RESPONSE TO WILUS'S STATEMENT OF FACTS

1. Disputed.[1] The engineers are also affiliated with the IEEE and 802.11, which includes Task Group AX. Ex. 32 ¶¶110-16; Ex. 33, Ko Dep. Tr. 45:15-46:3; Ex. 34, Son Dep. Tr. 36:16-18; Ex. 35, Kwak Dep. Tr. 49:4-8.

2-5. Disputed. The cited paragraphs in Dr. Nikolich's and Dr. Ahn's declarations are not based on personal knowledge, are conclusory, and lack evidentiary support. Mr. de la Iglesia ███████ ███████████████████████████████ He relies on an incorrect understanding of inventorship law, *see* Dkt. 261 at 10-11, and renders an improper ***legal*** conclusion regarding joint inventorship. He lacks a basis to render an opinion regarding the mental state (i.e., "expectations") of other task group members.

6-7. Disputed. Wilus mischaracterizes the cited testimony. Dr. Wicker opined that Wilus's contribution is not significant. Ex. 37 at ¶1254. The declaration testimony of Dr. Ahn cited herein is conclusory.

8-9. Disputed. Wilus's contribution includes contributions by Mr. Cariou. Ex. 36 at -56 (discussing MAC Motion #91), 59 (changing Mr. Cariou's proposal); Ex. 37 at ¶¶1249, 1254. Thus, only a portion of the technology reflected in the Wilus submissions was ██████████████ . *Id.*

10. Disputed. The cited testimony does not show Dr. Ahn testified that the information in Wilus's submission was "material information."

11. Disputed. Dr. Ahn testified that █████████████████████████████  ██████████████████████████ . Ex. 39 at 142:17-146:14. Dr. Ahn's testimony that ██ ██████████████████████████████████████ is conclusory and contradicts his deposition testimony ██████████████████████████████ , including Mr. Cariou. Ex. 39 at 28:3-33:17; Mot., SSUMF ¶¶3, 7-8, 10-14; Opp. RSSUMF (corresponding paragraphs).

---

[1] Samsung objects to Wilus's reliance on Mr. Nikolich's declaration throughout the response. He is an expert witness, Ex. 31, and the subject matter of his declaration is not included in his expert report. *See* Standing Order on MIL, MIL Nos. 4 & 23. Wilus also failed to identify Dr. Nikolich as a fact witness. Ex. 30.

███████████████████████████████

12. Disputed. No expert report mentions this application, let alone equates its technical subject matter with the disclosure in Mr. Cariou's submissions.

## II.    ARGUMENT

### A.    No Reasonable Jury Can Find That Mr. Cariou Did Not Contribute To The Conception of The Claimed Invention

Wilus argues that only Wilus was involved in the conception of "**the claimed MU-EDCA timer design**." Opp. 10-11. But the asserted claims recite more than such a design. A joint inventor need not contribute to every element of the claimed invention. *See, e.g., Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1463 (Fed. Cir. 1998).[2] It is undisputed that Mr. Cariou contributed to the **conception** of the "switch" and "terminate" claim elements of the independent claims. Mot. at 7-8.

### B.    No Reasonable Jury Could Find That Mr. Cariou's Contribution Is Insignificant When Measured Against The Full Dimension Of The Invention

Wilus provided no evidence as to the **insignificance** of Mr. Cariou's submissions against the full dimension of the invention. Nor can it, given that **no** witness offered such an opinion. *See* Ex. 38 (DLI's Rebuttal Rpt.) at ¶¶665-670 (entirety of Wilus's expert opinion on inventorship). That Dr. Ahn's contribution may be the "heart of the invention" is irrelevant, because it does not preclude Mr. Cariou's contribution from being **not insignificant**. They are not mutually exclusive. It is also undisputed that Wilus's own expert based ███████████████████████████ ████████████████████████ *See* Mot. at 8. ████████████████████ ████████████████████████████████████ ████████████████████ Dkt. 279-24 at ¶215. Further, Wilus repeatedly characterizes its own

---

[2] Wilus's assertion that "[t]he asserted patents **do not claim** the general MU-EDCA concept discussed in early TGax submissions," Opp. 11, is false and unsupported. The claims recite "**switch** a parameter set, which is a set of parameters used for the channel access, from a first parameter set to a second parameter set based . . . multi-user uplink transmission participation" and "**terminate** an application of the second parameter set," which can be attributed to Cariou 998 and 1180. *See* Mot. at 7-8; *see also* Ex. 37 (Dr. Wicker's Op. Rpt.) at ¶¶ 1244-1253 (Samsung's expert opining Cariou 998 and 1180 discloses concepts pertaining to the "switching" and "terminating" claimed elements).

2

████████████████████████████████████████

contribution as ██████████████████████████████████████ Opp. at 1-4, 6-8, 10-13. The IEEE submission "describing the approach developed by Dr. Ahn" is titled merely "**clarification** on applying MU EDCA parameter set." Mot. at ¶11 (citing Mot. Ex. 18). No reasonable jury can find that Mr. Cariou's contribution is insignificant when compared to the full dimension of the claimed invention, which consists of Mr. Cariou's contribution and Wilus's ████████████ ██████████████████████████████ and "clarification."

### C.     No Reasonable Jury Could Conclude Cariou's Submissions 998 And 1180 Conveyed To Wilus Merely "Well-Known Concepts And/Or The Current State Of The Art."

Wilus merely raises attorney argument that, in view of an earlier-published Qualcomm application, Mr. Cariou's 998 and 1180 submissions disclose subject matter that is "known and published EDCA principles." Mot. at 12. Wilus cites **no** evidence showing that the "Qualcomm application" discloses **the same technical concept** that Mr. Cariou disclosed in Cariou 998 and 1180. *See* Opp. at 5 (¶12), 12-13. Nor can it, because **no expert** testified as to the Qualcomm application. Here, ████████████████████████████████████

████████████████████████████ Ex. 39 at 120:9-22; 121:2-6; *see* SSUMF ¶7. ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ Furthermore, while "[e]arlier publication of an invention is obviously a potential hazard to patentability, . . . **publication of a portion of a complex invention does not necessarily defeat joint inventorship of that invention, and it does not here.**" *Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1373 (Fed. Cir. 2020). Additionally, Wilus's own expert testified that the

████████ ██ ████ ██ ████ ██ ████ ██ ████ ██ ████ ██ ████ ██ ██ ▱

████████ further contradicting Wilus's flawed argument.  Ex. 38 (DLI Rebuttal Rpt. ¶594).

### D.     Wilus's Arguments Regarding Joint Behavior Is Conclusory And Unsupported By Any Fact or Law

The crux of Wilus's hollow argument is that no joint behavior exists when "[e]ngineers review

3

one another's submissions, discuss feasibility issues, and sometimes suggest improvements as part of evaluating competing proposals." Opp. at 14. This is plainly contrary to the precedent, which provides as examples of joint behavior: (1) "one inventor seeing a relevant report and building upon it" and (2) "hearing another's suggestion at a meeting." *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 917 (Fed. Cir. 1992). Joint behavior also includes "working under common direction." *Id.* Here, ████████████████████████████████████████████████████████████████ ███████████████████████████████████—a "task group" of contributors which one and only goal is to collectively design and standardize the "ax" generation of the 802.11 technology. *Compare* Ex. 39 (Ahn Dep. 23:12-15) (██████████████████████████████████ ████████"), *with* RSSUMF ¶2 ("[Task Group AX] developed the IEEE 802.11ax standard."). No authority states that "common direction" requires individuals to be "**employed**" by the same organization or that such an organization **cannot be a standard-setting** one. *See* Opp. 13-14.

Wilus and Dr. Ahn's conclusory assertions that ████████████████████████ ████████████████████████████, Opp. 14-15, amount to "[u]nsupported allegations or . . . deposition testimony setting forth **ultimate or conclusory facts**," which "are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir.1997). Here, underlying, undisputed facts are that (1) Mr. Cariou conceived of certain claimed elements, (2) Dr. Ahn and Mr. Cariou ████████████████████████████████████ ████████████████████████████████████████████████, and (3) that exchange of ideas resulted in Dr. Ahn perfecting Mr. Cariou's concept. *See* SSUMF ¶¶3-14; RSSUMF ¶¶3-14. The exchange of ideas ████████████████████████████, SSUMF ¶¶5, 11; RSSUMF ¶¶5, 11, while "[t]he conception of the inventions of the '035 and '879 patents originated . . . in August to November 2016," Dkt. 270-19 at 13; *see also Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004) ("[C]ollaboration or concerted effort occurs . . . when the inventors have some open line of communication **during or in temporal proximity to their inventive efforts**"). ████████████████████████████████████ ████████████████████████ *See, e.g.,* Ex. 39, Ahn Dep. 142:17-146:14. Wilus's

4

██████████████████████████████████████████

internal documents also show ████████████████████████████████████

█████████████████████████████████, Ex. 39, Ahn 149:5-150-5.  Further,

Dr. Ahn █████████████████████████████████████████

████████████████████████.  *Compare* RSSUMF ¶14 (conceding ███████████

██████████████████████████████), *with* Ex. 39 (Ahn Dep. Tr. 106:19-107:4) ("█

████████████████████████████████████████████

██████████████████"); 98:11-16 (similar); 86:2-21 (similar).

Wilus's belated expert testimony regarding how IEEE Task Group ax works in general, cannot defeat the direct evidence that Mr. Cariou and Dr. Ahn **in fact** exchanged technical ideas to develop the invention as defined by the **entirety** of the asserted claims. *Cf. Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002) ("[T]here is no legally recognizable . . . 'heart' of the invention."). Wilus also cites *University of Utah v. Max-Planck-Gesellschaft*, 134 F. Supp. 3d 576, 585–89 (D. Mass. 2015) (denying joint inventorship because "once the minireview went to press, [the] research was assimilated into the storehouse of knowledge that comprises ordinary skill in the art"), but the district court's rationale contradicts the subsequent Federal Circuit holding in *Dana-Farber*, 964 F.3d at 1372–73 ("[T]here is no principled reason to discount genuine contributions made by collaborators because portions of that work were published prior to conception for the benefit of the public.").

"Section 116 requires **at least some quantum** of collaboration or connection." *Kimberly-Clark*, 973 F.2d at 917. Other than a contribution to the conception of a claim element, it "sets **no explicit lower limit on the quantum** or quality of inventive contribution required for a person to qualify as a joint inventor." *Eli Lilly & Co.*, 376 F.3d at 1358.  No reasonable jury can find that **that quantum** of collaboration or connection does not exist here.

Dated: March 24, 2026                                  Respectfully submitted,

                                                       */s/ Ralph A. Phillips*
                                                       Ruffin B. Cordell
                                                       TX Bar No. 04820550

███████████████████████████████████

cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591

6

███████████████████████████████████

fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

7

███████████████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*