IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING PRE-SUIT DAMAGES (DKT. 266)**

██████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

TABLE OF ABBREVIATIONS ................................................................................................. iii

I.     Wilus's "Additional Undisputed Material Facts" Are Incorrect............................................. 1

II.    Argument................................................................................................................................. 1

       A.    There Is No Genuine Dispute of Material Fact that Wilus Failed to
             Comply with the Marking Statute .............................................................................. 2

       B.    Wilus Failed to Notify Samsung Pre-Suit..................................................................... 3

III.   Conclusion .............................................................................................................................. 5

███████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Integrated Circuit Process LLC v. Taiwan Semiconductor Manufacturing Co. Ltd.*,
No. 2:25-cv-324-JRG, 2026 WL 686956 (E.D. Tex. Mar. 11, 2026)....................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)............................................................... 1, 2, 3

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*,
No. 2:21-cv-00034-JRG-RSP, 2021 WL 8441751 (E.D. Tex. Dec. 10, 2021) ...............................2

*Civix-DDI, LLC v. Cellco P'ship*,
387 F. Supp. 2d 869 (N.D. Ill. 2005)...................................................................5

*Fujitsu Ltd. v. Netgear, Inc.*,
No. 07–cv–710–bbc, 2009 WL 3047616 (W.D. Wis. Sept. 18, 2009)....................................5

*Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*,
616 F.3d 1357 (Fed. Cir. 2010)...................................................................4

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001)...................................................................4

*Netlist, Inc. v. Micron Tech., Inc.*,
No. 2:22-cv-203-JRG-RSP, 2024 WL 402182 (E.D. Tex. Jan. 11, 2024) ...............................5

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*,
127 F.3d 1462 (Fed. Cir. 1997)...................................................................4

*Team Worldwide Corp. v. Acad., Ltd*,
No. 2:19-cv-92-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021) ...............................4

*Toshiba Corp. v. Imation Corp.*,
990 F. Supp. 2d 882 (W.D. Wis. 2013) ...................................................... 2, 4, 5

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
No. 2:23-cv-60-JRG, 2024 WL 1117930 (E.D. Tex. Mar. 14, 2024)..................................5

**Statutes**

35 U.S.C. § 287 ............................................................................................3, 5

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| '077 patent | U.S. Patent No. 10,313,077 |
| Asserted Patents | Patents asserted against Samsung: '595 patent, '210 patent, '163 patent, '597 patent, '281 patent, '035 patent, '879 patent, and '077 patent |
| AUMF | Wilus's Alleged "Additional Undisputed Material Facts" |
| IPR | *Inter Partes* Review |
| Motion | Samsung's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. 266) |
| Opposition | Plaintiff Wilus Institute of Standards and Technology Inc.'s Opposition to Samsung's Motion for Summary Judgment of No Pre-Suit Damages (Dkt. 339) |
| PTAB | Patent Trial and Appeal Board |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Sisvel | Sisvel International S.A. |
| SUMF | Statement of Undisputed Material Facts |
| Wilus | Wilus Institute of Standards and Technology Inc. |

████████████████████████████████

The Opposition misconstrues Samsung's arguments and emphasizes legally irrelevant facts. The Motion should be granted.

## I.    Wilus's "Additional Undisputed Material Facts" Are Incorrect

*Samsung disputes AUMF 2–4.* ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████  █

*Samsung disputes AUMF 5.* █████████████████

███████████████████████████████████████

██████████████████████████████

*Samsung disputes AUMF 6.* Samsung identified "one or more of the Asserted Patents." SUMF 20.

*Samsung disputes AUMF 7.* Samsung disputes that its RFA responses are material to the determination of marking.

## II.    Argument

Wilus improperly recasts Samsung's *Arctic Cat* notice to avoid that case's plain holding, but comparing Samsung's interrogatory response to the notice at issue in *Arctic Cat* proves that Samsung discharged its burden of production. Wilus's notice arguments also fail because Wilus did not explain

---

[1] Wilus tacitly concedes the dichotomy between ███████████████████████ ████████████████████████████. Dkt. 339 at 9 (███████████████████████████████████ ████████████████████ ).

with sufficient specificity how Samsung's products allegedly infringe, thereby "unfairly shift[ing] the burden to [Samsung] to attempt to identify accurately any potentially infringing conduct." *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 901 (W.D. Wis. 2013). The Court should grant the Motion.

### A. There Is No Genuine Dispute of Material Fact that Wilus Failed to Comply with the Marking Statute

**Samsung Shifted its Arctic Cat Burden.** In the Motion, Samsung explains that it identified a Wilus licensee, Acer, that sells certain products that implement the 802.11ax standard. Dkt. 266 at 13. If Wilus is correct that the Asserted Patents are essential to the 802.11ax standard, Samsung stated that it believes the Acer products implementing that standard should have been marked. *Id.*

Wilus pretends that it "has **no idea** which of the 'one or more' patents Samsung was referring to." Dkt. 339 at 1, 8. Wilus's feigned ignorance must be rejected. Indeed, it contends that **all** Asserted Patents are essential to the 802.11ax standard.[2] If Wilus is correct and the Asserted Patents are essential to the 802.11ax standard, then Samsung believes that licensed Acer products that implement the 802.11ax standard should have been marked with the Asserted Patents.

Wilus claims that Samsung's *Arctic Cat* letter did not satisfy its burden, but Samsung's notice mirrors the notice provided in *Arctic Cat* itself. There, the Federal Circuit found that the defendant satisfied its burden of production because it "identified fourteen Honda PWCs from three versions of its Aquatrax series sold between 2002 and 2009. [Defendant's] expert testified that he 'review[ed] information regarding those models' and believed **if [defendants'] OTAS system practiced the patents, so did Honda's throttle reapplication system in the Aquatrax PWCs**." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Similarly, Samsung notified Wilus that if Samsung's products are found to practice the Asserted Patents because they implement the standard, then licensed products must also practice the Asserted Patents, and must be marked.[3]

---

[2] Samsung disagrees that the Asserted Patents are essential to the 802.11ax standard.

[3] *Barkan Wireless* is in accord. There, the Court found the *Arctic Cat* burden of production satisfied where the defendants "introduced the Samsung Licensing Agreement which covers the unmarked Samsung Products, and the Defendants sent letters to Barkan identifying the Samsung Products as unmarked products that they believed practice the asserted patents." *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-cv-00034-JRG-RSP, 2021 WL 8441751, at *2 (E.D. Tex. Dec. 10, 2021).

2

Accordingly, Samsung carried its *Arctic Cat* burden by articulating its belief that if the Asserted Patents are essential to the 802.11ax standard, the licensed Acer products should have been marked.

**There Is No Genuine Dispute of Material Fact that the Acer Products Should Have Been Marked If the Asserted Patents Are Essential to the 802.11ax Standard.** Samsung explained in the Motion that after it shifted the *Arctic Cat* burden to Wilus, Wilus "never responded . . . or identified any details about its efforts to mark any products." Dkt. 266 at 13. Wilus does not even dispute that it failed to respond to Samsung's *Arctic Cat* notice. Instead, it argues that it "will be presenting an infringement case that depends not ███████████████████████████████ ███████████████████████████████████." Dkt. 339 at 9 (citing Dkt. 339-3 (de la Iglesia report) ¶¶ 95–145). This new and belated ███████████ should be rejected. Samsung explains in its motion to strike Mr. de la Iglesia's report that Wilus's ████████████ were not disclosed during discovery and should be struck. Dkt. 261 at 1–2. If the Court strikes these opinions, Wilus can only offer an infringement theory based on ██ ████████████ If the jury finds infringement, it could **only** be based on ████████████ meaning that licensed products implementing that standard should have been marked—including the Acer products.  Therefore, there is no genuine dispute of material fact that Wilus failed to mark.[4]

### B.    Wilus Failed to Notify Samsung Pre-Suit

Because there is no genuine dispute of material fact that Wilus failed to mark, Wilus can only recover damages from the time Samsung "was notified of the infringement." 35 U.S.C. § 287. As explained in the Motion (Dkt. 266 at 9–13) and below, Wilus cannot show legally sufficient pre-suit notice—and even if it could, it did so at different dates for different Asserted Patents.

**Samsung Applies the Correct Legal Principles.** Wilus mischaracterizes the Motion by claiming that Samsung "uses the wrong standard for 'Actual Notice'" and allegedly ignoring "salient" Federal Circuit case law. Dkt. 339 at 1–2. Samsung applied the standard set forth by the Federal Circuit

---

[4] Alternatively, if the Court does not strike Mr. de la Iglesia's opinion and the jury is asked a specific question regarding whether the Asserted Patents are standard essential, that could also address whether Wilus had an obligation to mark.

3

in its seminal decision of *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, Dkt. 266 at 8–9, which laid the foundation upon which the Federal Circuit relied in *Funai*, *SRI*, and *Gart*—the cases that Wilus accuses Samsung of "fail[ing] to cite." But these cases simply apply *Amsted* to different, inapplicable fact patterns. In *Funai*, the alleged infringer "did not dispute that the letter [containing claim charts] provided actual notice of infringement as to the two product models mentioned in the letter." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010). *SRI* held that "[i]t is not controlling whether the patentee threatens suit, demands cessation of infringement, or offers a license under the patent," but that the patentee must provide "the identity of the patent and the activity that is believed to be an infringement." *SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997). In *Gart*, the Court considered different communications, and found under the totality of the circumstances that the notice requirement was satisfied. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345–47 (Fed. Cir. 2001). Here, Wilus's ▮▮▮▮▮▮▮ (1) do not identify "activity that is believed to be an infringement" (*SRI*); (2) provide "[in]sufficient specificity regarding its belief that the recipient may be an infringer" (*Gart*); and (3) fail to "sufficiently specific to support an objective understanding that the recipient may be an infringer" (*Funai*). Samsung applied the correct law.

***Wilus Creates a Strawman Regarding*** ▮▮▮▮▮▮▮ Samsung explained that Wilus's licensing agent's (Sisvel) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ "fail to provide the requisite specificity for the purposes of notice." Dkt. 266 at 10; *see also Team Worldwide Corp. v. Acad., Ltd*, No. 2:19-cv-92-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021). To the extent Sisvel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, this is insufficient. Sisvel failed to explain whether (1) ▮▮▮▮▮▮▮▮▮▮▮▮ are mandatory and, (2) Wi-Fi Alliance tests them ▮▮▮▮▮▮▮▮▮. *See* Dkt. 266 at 10–12. Given the dichotomy between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Samsung was not on notice.

The decision in *Toshiba Corp. v. Imation Corp.* is instructive. There, plaintiff sent letters identifying for defendant approximately 360 patents "as essential to recordable media." 990 F. Supp. 2d 882, 900 (W.D. Wis. 2013). The court found that "the letters lacked the specificity required by the notice statute." *Id.* Plaintiff's "position unfairly shifts the burden to defendants to attempt to identify

4

████████████████████████████

accurately any potentially infringing conduct so as *not* to be faced with an award of pre-suit damages in the event it was sued for infringement." *Id.* at 901; *see also id.* at 901 – 902 (discussing the 802.11 standard at issue in *Fujitsu Ltd. v. Netgear, Inc.*, No. 07–cv–710–bbc, 2009 WL 3047616 (W.D. Wis. Sept. 18, 2009)). Similarly here, Wilus/Sivel unfairly attempted to shift the onus to Samsung to determine "any potentially infringing conduct." That is not how 35 U.S.C. § 287 works.

**At Best, Sisvel Identified the Asserted Patents at Various Times.** Even if the Court determines that Sisvel's ████████ may provide sufficient notice, the Court must reject Wilus's contention that it provided notice of **all** Asserted Patents ████████. Dkt. 339 at 13. As set forth in the Motion, Sisvel ████████████████████████████████████████. Dkt. 266 at 10–12. As this Court has held, there must be a specific identification of a patent to confer knowledge on an alleged infringer, which is a prerequisite for notice. *See Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-cv-60-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024) (dismissing pre-suit willful infringement claim where asserted patents "were filed after" pre-suit meeting between parties); *Advanced Integrated Circuit Process LLC v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 2:25-cv-324-JRG, 2026 WL 686956, at *3 (E.D. Tex. Mar. 11, 2026) ("A Defendant's knowledge of a publication or application that does not correspond to a patent is insufficient to support an allegation that the defendant knew of that patent."); *see also Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 899 (N.D. Ill. 2005) (holding that the defendant could not have had pre-suit notice where a patent issued "years after [plaintiff] sent" the pre-suit communication).[5,6]

## III.    Conclusion

In view of the foregoing, summary judgment should be granted in Samsung's favor. Therefore, Wilus's request to the contrary should be denied.

---

[5] Wilus incorrectly relies upon *Netlist, Inc. v. Micron Tech., Inc.* because the letter at issue in that case "identifie[d] members of the patent family and provides notice regarding continuation patents." No. 2:22-cv-203-JRG-RSP, 2024 WL 402182, at *4 (E.D. Tex. Jan. 11, 2024). However, Sisvel's ████████████████████████████████.

[6] Contrary to Wilus's claim, *Civix-DDI* expressly cites to the controlling decision in *Amstead*. 387 F. Supp. 2d at 900. Wilus's other arguments are flawed, as Wilus/Sisvel ████████████████ ████████████████ with Samsung.

████████████████████████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Aleksandr Gelberg*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

6

█████████████████████████

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

7

███████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

███████████████████████████████████████

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026.  As of this date, all counsel of record are being served with a copy of this document by electronic mail.

*/s/ Aleksandr Gelberg*