IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF SEALED MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT (DKT. 273)**

████████████████████████████████

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

I.      Wilus's "Additional Undisputed Material Facts" Are Incorrect............................................ 1

II.     Argument................................................................................................................................... 1

        A.      It is Undisputed That Samsung Did Not Know of the Existence of
                the Asserted Patents Until ████████████████████ ......................... 1

        B.      Wilus Cannot Demonstrate Samsung's Knowledge of Infringement ........................ 3

        C.      The Evidence Wilus Raised Is Insufficient to Support A Willfulness
                Finding.................................................................................................................... 4

        D.      Samsung Could Not Willfully Infringe Due To Its Reasonable
                Noninfringement And Invalidity Defenses................................................................. 5

III.    The Court Should Deny Wilus's Request for Summary Judgment ........................................ 5

i

███████████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Integrated Circuit Process LLC v. Taiwan Semiconductor Mfg. Co.*,
No. 2:25-cv-324-JRG, 2026 WL 686956 (E.D. Tex. Mar. 11, 2026).................................................2

*Allure Energy, Inc. v. Nest Labs, Inc.*,
No. 9-13-CV-102, 2015 WL 11110643 (E.D. Tex. May 11, 2015) ........................................................5

*Broadcom Corp. v. Qualcomm Inc.*,
No. SACV 05-467-JVS(RNBx), 2007 WL 2326838 (C.D. Cal. Aug. 10, 2007),
**vacated**, *Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05–467–JVS(RNBx), 2007
WL 8030058 (C.D. Cal. Nov. 21, 2007)....................................................................................4

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-CV-00662, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ......................................................2

*Phenix Longhorn, LLC v. Au Optronics Corp.*,
No. 2:23-CV-477-RWS-RSP, 2026 WL 86830 (E.D. Tex. Jan. 12, 2026) ...........................................3

*Provisur Techs., Inc. v. Weber, Inc.*,
119 F.4th 948 (Fed. Cir. 2024) .................................................................................................3

*Signode Indus. Grp. LLC v. Samuel, Son & Co.*,
No. 2:24-cv-80-JRG, 2024 WL 3543408 (E.D. Tex. July 25, 2024) ....................................................2

██████████████████████████████████████████████████

## I.    Wilus's "Additional Undisputed Material Facts" Are Incorrect

*Samsung disputes AUMF 2-4:* ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

*Samsung disputes AUMF 5:* ████████████████████████

████████████████████████████████████████████████

████████████████████████████████

*Samsung disputes AUMF 6-8:* Samsung disputes that these facts are "material" because Samsung never received legal notice of the Asserted Patents from Wilus. SUMF 6-7, 13-14. Samsung disputes Wilus's assertion that its "discovery responses in this case do not describe any remedial actions that Samsung has taken . . ." Dkt. 331 at 5. ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

## II.    Argument

### A.    It is Undisputed That Samsung Did Not Know of the Existence of the Asserted Patents Until ████████████████████████

The table below summarizes, for each Asserted Patent, the patent's issue date and the date of the ████████████████████████████████████████ ████████[1]:

---

[1] SUMF 6-7, 12-14; AUMFs 2-4; '077 patent at Cover, '281 patent at Cover; '595 patent at Cover; '210 patent at Cover; '163 patent at Cover; '597 patent at Cover; '035 patent at Cover; '879 patent at Cover.

1

███████████████████████████████████

| Patent Number | Issuance Date | ████████ |
|---|---|---|
| 10,313,077 | June 4, 2019 | ████ |
| 10,687,281 | June 16, 2020 | ████ |
| 11,159,210 | October 26, 2021 | ████ |
| 11,129,163 | September 21, 2021 | ████ |
| 11,116,035 | September 7, 2021 | ████ |
| 11,470,595 | October 11, 2022 | █████ |
| 11,516,879 | November 29, 2022 | ██████ |
| 11,700,597 | July 11, 2023 | █████ |

There is no evidence that Samsung knew of the '077, '281, '210, '163, and '035 patents prior to ████████████████████████. Dkt. 331 at 2-5. Also, there is no evidence that Samsung knew of (1) the '595 patent prior to ██████████████████████; (2) the '879 patent prior to ████████████████████; or (3) the '597 patent prior to ████████████ ████████████████. *Id.* The Court should, at a minimum, grant summary judgment of no willfulness prior to these dates for the respective patents. *See Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662, 2019 WL 1987172, at *1 (E.D. Tex. Apr. 12, 2019) ("To have a finding of willful infringement, a patent must exist, and the infringing party must have knowledge of the patent." (citation modified)).

Wilus's claim that "[t]he law . . . allows for earlier notice to cover later-issued patents where, as here, the patentee offered patents as 'families'" disregards recent decisions from this Court. Dkt. 331 at 9. In *Touchstream Technologies, Inc. v. Altice USA, Inc.*, the plaintiff "provided a patent application number to [the defendant] at [a] meeting that led to" the asserted patents. No. 2:23-cv-60-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024). The Court disallowed pre-suit willful infringement because plaintiff's "allegations that it notified [defendant] of an earlier filed, pending application— even if that application is part of the same patent family as the Asserted Patents—cannot support knowledge of the Asserted Patents." *Id.*; *see also Signode Indus. Grp. LLC v. Samuel, Son & Co.*, No. 2:24-cv-80-JRG, 2024 WL 3543408, at *3 n.1 (E.D. Tex. July 25, 2024); *Advanced Integrated Circuit Process LLC v. Taiwan Semiconductor Mfg. Co.*, No. 2:25-cv-324-JRG, 2026 WL 686956, at *3 (E.D. Tex. Mar. 11, 2026) ("A Defendant's knowledge of a publication or application that does not correspond to a patent is insufficient to support an allegation that the defendant knew of that patent.").

2

████████████████████████████████████

### B.    Wilus Cannot Demonstrate Samsung's Knowledge of Infringement

No reasonable jury could conclude that Samsung had knowledge of infringement based on the record evidence. *See Phenix Longhorn, LLC v. Au Optronics Corp.*, No. 2:23-CV-477-RWS-RSP, 2026 WL 86830, at *1-3 (E.D. Tex. Jan. 12, 2026) ("For a patentee to maintain its claims for contributory, induced, and willful infringement, it must show that the accused infringer had knowledge of its infringement." (citing *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024))).

███████████████ ***Are Not Sufficient to Show Samsung's Knowledge of Infringement.***

████████████████████████████████████

███████████████ fail to provide the requisite specificity regarding Samsung's alleged infringement. *See* Dkt. 273 at 9-12; *see also Provisur Techs.*, 119 F.4th at 956 ("There is no dispute [defendant] knew of the asserted patents . . . The issue here is whether [defendant] knew of its alleged infringement and had a specific intent to infringe."). To the extent ███████████████████ ███████████████ these are not sufficient to show that Samsung had knowledge of infringement.

████████████████████████████████████

████████████████████████. Given the undisputed differences between (████████████████████████████, ███████████████ are not sufficient. Wilus underscored this dichotomy by admitting ██████████████

████████████████████████████████████

████████████████████████████████. Moreover, Samsung contests whether Wilus's Complaint itself can serve as evidence of Samsung's knowledge for willfulness. *See, e.g.*, *Cleveland Med Devices Inc. v. ResMed Inc.*, 696 F.Supp.3d 4, 14 (D. Del. 2023).

***Samsung Has No Access to*** ██████████████████████

██████████ Wilus's statement that ██████████████████████

████████████████████████ baseless and finds no support in evidence. Dkt. 331 at 3. ██████████████████████

██████████████████ *See* SUMFs 23-24; Dkt. 273 at 12. ██████████████

████████████████████████████████████

3

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

*See* SUMf 23-24; Dkt. 273 at 12. ███████████████████████

██████████████████████████████████████████████████████

██████████████████████████ Samsung cannot have had knowledge of infringement as required for willfulness.

### C.   The Evidence Wilus Raised Is Insufficient to Support A Willfulness Finding

Wilus cites so-called "affirmative evidence" of willfulness in its Opposition brief, but this "evidence" is insufficient to support a finding of willfulness. For instance, Wilus cites the ████ ██████████████████████ and notes that ████████████████████████ ████████████████████████ Dkt. 331 at 10-11. But ██████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████. *See* SUMFs 9, 17. Samsung could not have been expected to ████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████ *See* SUMFs 9-10, 12-14.[2] Wilus also cites Samsung's alleged failure to take "remedial steps" and its assertion of "unsupported defenses" as evidence of Samsung's willfulness. *See* Dkt. 331 at 11-12. But, again, Samsung ████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████ *See* SUMFs 9, 17. And the cases Wilus cites do not show that failure to take "remedial steps" or that raising and later dropping defenses during the course of litigation is sufficient to support a finding of willfulness. In *Broadcom Corp v. Qualcomm Inc.*, the "district court . . . set aside the willfulness verdict . . . ." 543 F.3d 683, 697 (Fed. Cir. 2008); *see also id.* at 700 (citing

---

[2] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████

4

████████████████████████████████████

*Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-467-JVS(RNBx), 2007 WL 2326838 (C.D. Cal. Aug. 10, 2007), **vacated**, *Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05–467–JVS(RNBx), 2007 WL 8030058, at *5 (C.D. Cal. Nov. 21, 2007)). In *Arigna Tech. Ltd. v. Nissan Motor Co.*, there was no dispute regarding the defendants' knowledge of infringement, as is the case here.  No. 2:22-cv-00126-JRG-RSP, 2022 WL 17978913, at *2 (E.D. Tex. Oct. 5, 2022). And the defendants in *Arigna* advanced defenses based on "prior art twice rejected by the United States Patent Office;" here, the PTAB has affirmed the reasonableness of Samsung's invalidity defenses. *Id.*

### D.    Samsung Could Not Willfully Infringe Due To Its Reasonable Noninfringement And Invalidity Defenses

Wilus does not challenge the reasonableness of Samsung's invalidity and infringement defenses, but merely argues that Samsung's defenses are "litigation-inspired" and that Samsung has not shown it was aware of these defenses at the relevant time. *See* Dkt. 331 at 13 (quoting *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016)). But Wilus overlooks that ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████.[3] *See* Dkt. 273 at 7; Dkt. 273-21. The reasonableness of Samsung's defenses is affirmed by the PTAB's institution of IPR on **all asserted patents**, including its institution of IPR of the '163 patent based on prior art ████████████████████ and its institution of IPR of the '077 patent based on prior art ████████████████████. *See* Dkt. 273 at 7-8; *see also* Dkt. 224 at 2–3. Because Samsung had reasonable, good faith defenses, the Court should grant summary judgment of no willfulness. *See, e.g.*, *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110643, at *2 (E.D. Tex. May 11, 2015) (granting summary judgment of no willfulness and noting defendant's belief of invalidity of the asserted patents is bolstered by instituted IPRs).

### III.    The Court Should Deny Wilus's Request for Summary Judgment

In view of the foregoing, summary judgment should be granted in Samsung's favor. Therefore, Wilus's request to the contrary should be denied.

---

[3] ████████████████████████████████████████

████████████████████████████████

███████████████████████████████

Dated: March 24, 2026

Respectfully submitted,

/s/ Ralph A. Phillips

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

6

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

7

███████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

/s/ Ralph A. Phillips
Ralph A. Phillips