## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Case No. 2:24-cv-00746-JRG [Member Case] <br><br> Case No. 2:24-cv-00765-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> *Defendants.* | Case No. 2:24-cv-00766-JRG [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP [Member Case] |

**WILUS' SUR-REPLY TO SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF TODOR COOKLEV, PH.D**

**TABLE OF EXHIBITS**

| Ex.* | Description | Abbreviation |
|---|---|---|
| 1 | February 13, 2026 Rebuttal Expert Report of Dr. Todor Cooklev | "Cooklev Rpt." or "Cooklev Report" |
| 2 | January 28, 2026 Corrected Opening Expert Report of Dr. Harry Bims | "Bims Op. Rpt." |
| 3 | January 23, 2026 Opening Expert Report of Dr. Stephen Wicker | "Wicker Op. Decl." |
| 4 | Transcript of February 20, 2026 Deposition of Dr. Harry Bims | "Bims Tr." |
| 5 | Transcript of February 24, 2026 Deposition of Dr. Stephen Wicker | "Wicker Tr." |

\* All exhibits attached to the earlier-filed declaration of James S. Tsuei

i

In its Reply, Samsung misstates the law, the *TQP* orders, and the opinions of its experts. First, Samsung says "there is no distinction between the system art that forms the basis of an anticipatory ground and the one relied upon in an obviousness ground." Reply, at 1. This assertion is unexplained and unsupported by its *Dippin' Dots* citation. A simple example shows its absurdity. Suppose a patent challenger relied on, as "system art," the widely publicized use/sale of Anthropic's "Claude" AI system; is Anthropic's top-secret confidential Claude source code in the public's possession, such that a patent challenger can say, "a POSITA would be motivated to take and modify Claude's source code to render the claims obvious"? Of course not; and this is the exact result determined in *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 603-604, & 614-619 (E.D. Tex. 2015).

Second, Samsung walks away from the opinions of its experts. It says Dr. Wicker did not "mention" the Galaxy Tab S's wi-fi chip source code, and Dr. Bims simply opined about "source code of a processor taught by the Galaxy Tab S, not the specific chip, BCM4354." Reply, at 1. This is false (as shown by the citations to those opinions in Wilus's summary judgment motion (Dkt. 267)) and irrelevant to this Motion, which is about whether Dr. Cooklev's opinions are reliable under *Daubert*.

Third, Samsung says, under *Lockwood*, a "commercially sold, claimed processor (as part of the Galaxy Tab S) is available as prior art," which "cannot be negated by a showing that unclaimed source code was not publicly available or sold." This completely misses the point—Dr. Cooklev is not saying that the Galaxy Tab S or its components were not "available as prior art" through their use or sale; he is saying that confidential source code used to create the Galaxy Tab S is not publicly available. He said this because Samsung's experts **literally wrote and verbally confirmed their opinion** that a POSITA would modify that source code. *See* Ex. 2 ¶ 367; Ex. 5, 159:10-22.

Finally, Samsung persists in claiming Dr. Cooklev's opinions require "bodily incorporation." The Court should read Dr. Cooklev's opinions, which show that he simply explained, in ordinary fashion, why a POSITA would have no reasonable expectation of success in modifying the Galaxy Tab S as Samsung's experts suggest; the reasons he gives are myriad and completely proper under the case law: the source code is not available, the level of skill of the POSITA is too low relative to the difficulty and complexity of the modifications Samsung proposes, and so on.

Dated:  March 31, 2026

Respectfully submitted,

*/s/ James S. Tsuei*

Marc A. Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino
NY State Bar No. 6039366
Email:  mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**Wilus Institute of Standards and**
**Technology Inc.**

2

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who are deemed to have consented to electronic service are

being served with a copy of this document via the Court's CM/ECF system on March 31, 2026.

*/s/ James S. Tsuei*
James S. Tsuei

3