IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS ARE DIRECTED TO UNPATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101, *ALICE* STEP ONE (DKT. 265)**

████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

TABLE OF EXHIBITS ......................................................................................................... iii

TABLE OF ABBREVIATIONS .............................................................................................. iii

I.      WILUS FAILS TO SUFFICIENTLY REBUT REPRESENTATIVENESS ...................... 1

II.     WILUS'S CASES ARE INAPPOSITE ............................................................... 1

III.    THE '077 PATENT CLAIMS ARE DIRECTED TO AN ABSTRACT
        IDEA ............................................................................................................. 2

IV.     THE ASSERTED CLAIMS OF THE '281 AND '595 PATENTS ARE
        DIRECTED TO AN ABSTRACT IDEA ........................................................... 2

V.      THE '210 PATENT CLAIMS ARE DIRECTED TO AN ABSTRACT
        IDEA ............................................................................................................. 3

VI.     THE ASSERTED CLAIMS OF THE '163 AND '597 PATENTS ARE
        DIRECTED TO AN ABSTRACT IDEA ........................................................... 4

VII.    THE ASSERTED CLAIMS OF THE '035 AND '879 PATENTS ARE
        DIRECTED TO AN ABSTRACT IDEA ........................................................... 4

VIII.   CONCLUSION ............................................................................................... 5

███████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012)......................................................................................3, 5

*Beteiro v. DraftKings*,
    104 F.4th 1350 (Fed. Cir. 2024) .........................................................................................4

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016).......................................................................................2, 5

*PPS Data, LLC v. Jack Henry Assocs., Inc.*,
    No. 2:18-cv-00007-JRG, 2019 WL 1317286 (E.D. Tex. Mar. 21, 2019)................................1

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018).......................................................................................3, 5

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) ..........................................................................................1

████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-12 | See Exhibits 1-12 of Motion (Dkt. 265) |
| 13 | Excerpts from the Opening Reports of Dr. Harry Bims (Corrected), dated January 28, 2026 |
| 14 | Excerpts from the Rebuttal Expert Report of Harry Bims, dated February 13, 2026 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Mot. | Dkt. 265 |
| Opp. | Dkt. 340 |

Samsung's motion applies the § 101 framework to the asserted claims and demonstrates that they are directed to abstract ideas under *Alice* step one. Contrary to Wilus's assertions, Samsung does not ignore the claim language or intrinsic record; it analyzes the claims' focus by distilling their requirements, consistent with Federal Circuit guidance. And although the motion does not separately address *Alice* step two, courts routinely resolve patent eligibility at Step One where, as here, the claims are directed to abstract ideas and do not meaningfully limit those ideas with inventive concepts beyond conventional computer functionality. As such, the Court should grant summary judgment that the asserted claims are directed to unpatentable abstract ideas.

## I.    WILUS FAILS TO SUFFICIENTLY REBUT REPRESENTATIVENESS

Wilus's argument about Samsung's arguments regarding representativeness is unavailing. Opp. at 5-6, 8, 10, 12, 15. Samsung has demonstrated that the representative claims are directed to the same abstract idea as the other asserted claims. Mot. at 2 ('077 patent), 4-5 ('281 and '595 patents), 7-8 ('210 patent), 9-10 ('163 and '596 patents), 12-13 ('879 and '035 patents). As such, the burden has shifted to Wilus to demonstrate a material difference between the claims. *See PPS Data, LLC v. Jack Henry Assocs., Inc.*, No. 2:18-cv-00007-JRG, 2019 WL 1317286, at *5 (E.D. Tex. Mar. 21, 2019) (articulating that after defendants meet the burden of demonstrating a claim is representative, the burden shifts to the plaintiff to identify a difference material to the § 101 analysis). Wilus's conclusory references to the non-representative claims do not meet its burden. Indeed, these claims do not constitute a difference material to the § 101 analysis. Nothing about these claims elevates them above the abstract ideas to which the representative claims are directed. *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362 (Fed. Cir. 2023).

## II.    WILUS'S CASES ARE INAPPOSITE

Wilus's cited cases are inapplicable as they involve patent claims directed to specific solutions that overcome problems arising in technological fields. In *Packet Intelligence LLC v. NetScout Sys.*, "[t]he claim solve[d] a technological problem by identifying and refining a conversational flow such that different connection flows can be associated with each other and ultimately with an underlying application or protocol." 965 F.3d 1299, 1309 (Fed. Cir. 2020). In *Koninklijke KPN N.V. v. Gemalto*

1

*M2M GmbH*, the claim "require[ed] that the permutation applied to original data be modified 'in time,' … [and] recite[d] a specific implementation of varying the way check data is generated…." 942 F.3d 1143, 1150 (Fed. Cir. 2019) ("*KPN*"). Similarly, in *Core Wireless Licensing S.A.R. L. v. LG Elecs., Inc.*, the claims were "directed to a particular manner of summarizing and presenting information in electronic devices." 880 F.3d 1356, 1362 (Fed. Cir. 2018). In contrast, the asserted claims are directed to abstract ideas and enacting those ideas using conventional components. They are thus directed to an abstract idea under *Alice* step one, as described on a patent-by-patent basis in the sections that follow.

## III.     THE '077 PATENT CLAIMS ARE DIRECTED TO AN ABSTRACT IDEA

Wilus contends that the asserted claims solve a problem where **legacy** devices have to wait longer to transmit. Opp. at 3. This is irrelevant. The purported problem stems from a length value in a frame set by a non-legacy device, e.g., access point (AP), using an L_LENGTH equation, which the device transmits.[1]  Ex. 1 ('077) at 19:47-53, 37:52-39:2, Figs. 1, 16, 30, 32.  However, the claims are directed to a **non-legacy** device (not legacy) that receives frames, the claimed device neither sets the length value nor transmits the frame. See Ex. 1, cls. 1, 8. In fact, no L_LENGTH equation is recited by the claims. The claims of Wilus's cited cases—*Packet  Intelligence* (network flow classification), *Core Wireless* (mobile user interface (UI)), and *KPN / Caltech* (error detection/codes) (Opp. at 4-5)—are not analogous to the '077 patent claims, which do not classify network flows, cover a UI, or detect / correct errors in transmissions.

## IV.     THE ASSERTED CLAIMS OF THE '281 AND '595 PATENTS ARE DIRECTED TO AN ABSTRACT IDEA

The asserted claims of the '281 and '595 patents are directed to the abstract idea of identifying unused resources and using that information during packet processing. Mot. at 5-7.

Wilus argues that the claims are saved by their reliance on Wi-Fi 6–specific signaling fields such as HE-SIG-A and HE-SIG-B. But limiting an abstract idea to a particular technological setting or expressing it using domain-specific labels does not make it patent-eligible. *See Elec. Power Grp., LLC*

---

[1] *See also* Ex. 13 (Bims Rpt.), ¶¶ 187-198, 1241-1243.  Additionally, this "wait" time is insignificant as it is only 4 µs (microseconds).  *Id.*, ¶ 1243.

*v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016). The claims do not disclose a new receiver architecture, a new encoding or decoding technique, or any change to how wireless devices operate; they merely specify where resource-availability information is conveyed and that the receiver should use it. To the extent the claims capture any purported improvements, those improvements pertain to practicing of the abstract idea, and not a technological improvement to technology. *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012).

Wilus's reliance on the prosecution history fares no better. Examiner's statements in the notices of allowance for the patents emphasize that unassigned resource units are indicated using a particular combination of existing signaling fields and, in the '595 patent, only for certain bandwidths. Such distinctions address novelty or non-obviousness, not eligibility. *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) (holding that "[g]roundbreaking, innovative, or even brilliant" claimed techniques are not enough to establish patent eligibility).

Wilus's attempt to distinguish *Two-Way Media Ltd. v. Comcast Cable Communications, LLC* is likewise unavailing. The Federal Circuit's concern there was that the claims recited functional results— sending, directing, monitoring, and accumulating information—without improving the underlying technology. 874 F.3d 1329, 1337 (Fed. Cir. 2017). The same is true here. The '281 and '595 claims rely on generic processing to identify unused resources and decode packets, without disclosing any specific mechanism that improves wireless performance at a technical level.

## V.    THE '210 PATENT CLAIMS ARE DIRECTED TO AN ABSTRACT IDEA

Regarding the '210 patent's asserted claims, Wilus contends that "inefficiencies" could somehow "lead to failures" and that the inventors' technique could "reliably decode the packet without error." Opp. at 9-10. There is no mention of "failure" or "error" in the patent's specification relating to the claimed invention. Ex. 4 ('210). At best, the claimed invention is merely about allowing the use of a known multi-user PPDU type (where the SIG-B compression field of the HE-SIG-A indicates full bandwidth) for a single-user transmission. Ex. 14 (Bims Rebuttal), ¶¶ 460-464. This is hardly a thing that would cause errors or failures.

## VI.   THE ASSERTED CLAIMS OF THE '163 AND '597 PATENTS ARE DIRECTED TO AN ABSTRACT IDEA

The asserted claims of the '163 and '597 patents are directed to the abstract idea of disallowing operation based on a group identifier.  Mot. at 10.

Wilus argues that "[t]he '163 and '597 patents address problems arising from BSS color signaling introduced in the new Wi-Fi 6 generation," including "color collisions (i.e., the same BSS color is used by more than one basic service set)".  Opp. at 11-12.  However, the representative independent claims do not mention or require BSS color collisions; nor do nearly all of the dependent claims.  *See* Ex. 5, '163 patent, cls. 1-3; '597 patent, cls. 1-2, 9.  The claims that do mention BSS color collisions merely require detecting and signaling BSS color collisions as a separate, additional requirement from the requirements of the independent claims.  *See* Id., '163 patent, cls. 4-5; '597 patent, cls. 5, 12.  Moreover, the '163 and '597 patents' claims do not prescribe a technological solution to BSS color collisions—they simply require not using BSS color in response to receiving "signaling information." *See* Id., '163 patent, cl. 1; '597 patent, cls. 1, 9.

Wilus argues that the *Beteiro* case is distinguishable from the present case because the patents in that case "concern *betting*," which "is a long-standing human practice and conceivably be performed mentally."  Opp. at 12.  But *Beteiro* was not decided on the basis that the patents at issue involved betting.  *See Beteiro v. DraftKings*, 104 F.4th 1350, 1355-57 (Fed. Cir. 2024). As relevant here, the *Beteiro* Court concluded that the asserted claims—which included apparatus claims—recited "generic steps of a kind we have frequently held are abstract: . . . determining (whether the bet is allowed based on location data), and processing information (allowing or disallowing the bet)." *Id.* at 1355.  Similarly, the '163 and '597 claims similarly recite generic steps to implement the abstract idea of disallowing operation based on a group identifier (*i.e.*, BSS color). *See* Mot. at 11-12. Moreover, Wilus overlooks Samsung's argument that the abstract idea of disallowing operation based on a group identifier is also a longstanding human practice that can be performed mentally. *See* Mot. at 11.

## VII.   THE ASSERTED CLAIMS OF THE '035 AND '879 PATENTS ARE DIRECTED TO AN ABSTRACT IDEA

The asserted claims of the '035 and '879 patents are directed to the abstract idea of sending a

message that temporarily changes the recipient's behavior, implemented using generic wireless communication components. The claims recite receiving a trigger message, sending a responsive message, temporarily adjusting parameters that affect how a device behaves (such as channel access priority), and then reverting to prior behavior after a timer expires. Mot. at 13-14.

Wilus's opposition does not identify any technological improvement that alters this conclusion. Instead, it emphasizes that the claims arise in the context of 802.11ax and include detailed "when" conditions relating to timers and access categories. But reciting context-specific trigger messages and conditional responses does not transform an abstract idea into a patent-eligible technological advance. *See Elec. Power Grp.,* 830 F.3d at 1354. The claims do not disclose a new scheduling algorithm or change to the underlying EDCA framework; they apply conventional signaling and parameter-setting techniques to effect a temporary change in device behavior. To the extent the claims capture any purported improvements, those improvements pertain to practicing of the abstract idea, and not a technological improvement to technology. *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012).

Wilus's reliance on prosecution history and non-obviousness over the prior art is misplaced. *See* Dk Opp. at 13-14. Examiner statements regarding novelty over prior art address §§ 102 and 103— not whether the claims are directed to an abstract idea. *See SAP Am.*, 898 F.3d at 1163. The purported advance lies in deciding *when* to change behavior and *when* to revert, not in any new technical means of performing wireless communication.[2]

## VIII.  CONCLUSION

The Court should find the claims are directed to unpatentable abstract ideas under *Alice* step one.

---

[2] Wilus relies on the "ordered combination of elements" (Opp. at 13), but that is an inquiry for *Alice* step two.

████████████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

6

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

7

████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*
Ralph. A. Phillips
