IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>Defendants. | Civil Case No. 2:24-cv-00766-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF ERIK DE LA IGLESIA (DKT. 261)**

███████████████████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF EXHIBITS ......................................................................................................... iii

TABLE OF ABBREVIATIONS .............................................................................................. iii

    A.    DLI's New Source Code Based Theories Should Be Stricken .............................. 1

    B.    DLI's Prior Art Status of Source Code of Galaxy Tab S Opinions Should Be Stricken ................................................................................................ 1

    C.    DLI's Incorporation of References Into Galaxy Tab Opinions Should Been Stricken ................................................................................................. 2

    D.    DLI's Incremental Benefits of Wi-Fi 6 Over Wi-Fi 5 Opinions Should Been Stricken ................................................................................................. 2

    E.    The Court Should Strike Select Opinions Regarding the '077 Patent ................................................................................................................. 2

    F.    The Court Should Strike Select Opinions Regarding the '035/'879 Patents ............................................................................................................... 3

    G.    The Court Should Strike Select Opinions on Motivation to Combine .............................................................................................................. 3

    H.    The Court Should Strike Select Opinions on Inventorship ................................... 3

██████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*,
  299 F.3d 1336 (Fed. Cir. 2002)............................................................................................3

*Dippin' Dots, Inc. v. Mosey*,
  476 F.3d 1337 (Fed. Cir. 2007)............................................................................................1

*In re Etter*,
  756 F.2d 852 (Fed. Cir. 1985) (en banc)..............................................................................2

*Intel Corp. v. PACT XPP Schweiz AG*,
  No. 2022-1038, 2023 WL 2198649 (Fed. Cir. Feb. 24, 2023) ..............................................2

*Lockwood v. Am. Airlines, Inc.*,
  107 F.3d 1565 (Fed. Cir. 1997)............................................................................................1

*Orthopedic Equip. Co. v. United States*,
  702 F.2d 1005 (Fed. Cir. 1983)............................................................................................2

*Rembrandt Techs., LP v. Comcast Corp.*,
  No. 2:05CV443, 2007 WL 9724993 (E.D. Tex. Jan. 18, 2007) ............................................1

*Rmail Ltd. v. Amazon.com, Inc.*,
  No. 2:10-CV-00258-JRG, 2019 WL 13215406 (E.D. Tex. June 21, 2019) ............................1

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.*,
  120 F. Supp. 3d 600 (E.D. Tex. 2015)..................................................................................2

**Other Authorities**

Local Rule CV-5 ....................................................................................................................7

Local Rule CV-5(a)(3)(A) ......................................................................................................7

████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-30 | See Exhibits 1-30 of Motion (Dkt. 261) |
| 31 | WILUS_0052458 |
| 32 | Excerpts from the Rebuttal Expert Report of Harry Bims, dated February 13, 2026 |
| 33 | Excerpts from the Opening Reports of Dr. Harry Bims (Corrected), dated January 28, 2026 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| DLI | Mr. de la Iglesia |
| DO | Dkt. 49 |
| Mot. | Dkt. 261 |
| Opp. | Dkt. 338 |

### A.    DLI's New Source Code Based Theories Should Be Stricken

Wilus claims that source code also supports its theories. Opp., 1-2 (source code "provide[s] evidence that the products infringe in the way alleged in those charts" relying on the standard; ¶ 3(a)(i) of the DO was not invoked); Ex. 2 at ¶45 ("The source code also supports that the Accused Products meet this element."). To the extent that the Court does not fully strike source code, this Court's order in *Rmail* should be followed—DLI "may not provide any opinions which are expressly based on undisclosed source code or that necessarily rely on undisclosed source code." *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-00258-JRG, 2019 WL 13215406, at *2 (E.D. Tex. June 21, 2019). By not invoking ¶ 3(a)(i), Wilus waived any opportunity to argue a source code theory that is independent of a theory in its contentions. *Id.*; *see also Rembrandt Techs., LP v. Comcast Corp.*, No. 2:05CV443, 2007 WL 9724993, at *2 (E.D. Tex. Jan. 18, 2007) (Samsung "is entitled to know promptly which limitations are satisfied through software and, [] which portions of the source code support those contentions."). Next, Samsung's interrogatory ***does ask*** about the factual/legal basis and evidence of alleged infringement. Ex. 23.[1] Further, unlike *Headwater Research LLC v. Verizon Communications Inc.*, there is no publicly available source code here. No. 2:23-cv-00352-JRG-RSP, 2025 WL 1688913, at *6 (E.D. Tex. 2025).

### B.    DLI's Prior Art Status of Source Code of Galaxy Tab S Opinions Should Be Stricken

***First***, no basis exists to distinguish the system art that forms the basis of an anticipatory ground from the system art that is part of an obviousness ground. *See Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1344 (Fed. Cir. 2007). ***Second***, Samsung did not put the source code of BCM4354 at issue. Dr. Wicker's report did not mention a processor's source code. Dr. Bims's report and deposition testimony related to the source code of a processor ***taught by*** the Galaxy Tab S, not the specific chip, BCM4354. ***Third***, Wilus's characterization of *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) is self-contradictory (e.g., reliance on "confidential aspects . . . is limited to publicly-disclosed features," Opp at 2) and incorrect. The case's correct holding is applicable here—Samsung's showing that the commercially sold, ***claimed*** processor (as part of the Galaxy Tab S) is available as

---

[1] While the motion cited Wilus's Responses to Samsung's First Set of Interrogatories as Ex. 23 (Mot. at iii), a different exhibit was submitted. The corrected Ex. 23 was filed on March 23, 2026. Dkt. 351.

prior art cannot be negated by a showing that **unclaimed** source code was not publicly available or sold. The issue disputed in *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 614 (E.D. Tex. 2015) was whether the **claimed** features were publicly used and thus prior art. Here, the claimed processor and transceiver were indisputably part of the commercially sold Galaxy Tab S.

## C.    DLI's Incorporation of References Into Galaxy Tab Opinions Should Been Stricken

The Asserted Patents provide no disclosure for addressing the "real-life challenges" that DLI identifies as lacking in Samsung's obviousness contentions. Mot. at 4. Wilus should not be permitted to present to jury a non-obviousness argument, which if accepted would render the asserted patents invalid as lacking enabling disclosure. DLI's flawed opinion focuses on a reasonable expectation of success **in bodily incorporating** features **into the Galaxy Tab S**, not the correct inquiry of combining "**teachings**"/"**concepts**." *Intel Corp. v. PACT XPP Schweiz AG*, No. 2022-1038, 2023 WL 2198649, at *3 (Fed. Cir. Feb. 24, 2023). Wilus cites dicta from *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983), which was abrogated by *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc) ("[T]hat [a prior art] cannot be incorporated in [another prior art] are **basically irrelevant**, the criterion being **not** whether the references could be physically combined.").

## D.    DLI's Incremental Benefits of Wi-Fi 6 Over Wi-Fi 5 Opinions Should Be Stricken

The flaw in DLI's report, which Wilus fails to address, is that ███████████████████ ██████████████████████████████████████████ Each asserted patent cannot be responsible for 100% of the benefit of Wi-Fi 6. ███████████████████████ ████████████████████████████████████████████ ██████████████ Wilus cannot cure the deficiencies in DLI's report by citing his deposition testimony.

## E.    The Court Should Strike Select Opinions Regarding the '077 Patent

**Modulus Opinions.** Wilus's contention that modulus is "literally synonymous with the claim language" because the modulus operator's result is the remainder of a division of numbers (Opp., 6) misses the point. It is unrebutted that the cited 802.11 sections in Wilus's infringement contentions do not disclose a modulus operation **or** a divide by 3 operation. Mot., 6; Opp., 6. Thus, "modulus" is

2

a new theory even if it's "synonymous" (which it's not). Further, DLI's modulus theory assumes that claim limitation [1f]/[8d] can be satisfied without showing any "dividing" which is also new.

**New "m" Term Theory.** Wilus's rebuttal here is telling. There is no discussion whatsoever of Wilus's infringement contentions. Opp., 6-7. Wilus's discussion of mathematical relationships is a red herring. Wilus's contention for limitation [1g]/[8e] cites to IEEE 802.11ax, 27.3.13, which does not define "m" or a "remaining value." Ex. 14, 5-7, 30-33. As such, identifying "(3 − m)" as "the remaining value" for the first time in DLI's report is a new theory. Further, Wilus's contention for the previous limitation ([1f]/[8d]-recites the same remaining value) is of no avail because it cites to IEEE 802.11ax, 27.3.11.5 which defines m simply as either a 1 or 2. Ex. 32 (Bims Rebuttal), ¶¶ 112-118.

**New Claim Construction and Irrelevant Validity Arguments.** Dr. Bims points to the L_LENGTH equation in Zhang 810 (but not for Lin 929) for the simple proposition that a frame contains length information. Ex. 33 (Bims Opening), ¶¶ 387-390, 451-452. DLI's opinions on the L_LENGTH equation (specifically whether it was the right/wrong sign) has nothing to do with the claim limitation ([1e]/[8c]), which does not require any L_LENGTH equation whatsoever.

## F.    The Court Should Strike Select Opinions Regarding the '035/'879 Patents

DLI's expert report speaks for itself—he improperly construed the claim term "when" to **mean** "after." *See* Mot., Ex. 1, ¶ 254 and Ex. 9, ¶ 636.

## G.    The Court Should Strike Select Opinions on Motivation to Combine

Express holdings from binding authorities Samsung cited to support its arguments are not abrogated based on questions asked by "sitting Federal Circuit judges" during oral argument.

## H.    The Court Should Strike Select Opinions on Inventorship

DLI opined ███████████████ **not** "collaborative enterprise" or "joint behavior." ██████

██████████████████████████████████████████████

████████████████████ which could have permitted the Court to determine whether his analysis is legally sound. Wilus relies on ████████████████████████████," Opp. 10, but there is "no legally recognizable . . . 'heart' of the invention." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002). The "invention is **defined** by the claims." *Id.*

3

███████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile: 214-747-2091

4

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230

5

████████████████████████

Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*