# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S SURREPLY TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

## TABLE OF CONTENTS

1.   Samsung's Attempt to Rewrite its Inadequate *Arctic Cat* Notice in its Reply Brief Should be Rejected. ........................................................................................................ 1

2.   Samsung Asserts a Separate Jury Determination May Be Needed to Gauge "Essentiality," Further Defeating its Motion. ............................................................... 3

3.   Samsung's Reply Continues to Ignore the Facts and the Law Demonstrating Wilus Cleared the Federal Circuit's Articulated Actual Notice Standard By a Wide Margin.4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001).......................................................................................... 1, 4

*Headwater Rsch. LLC v. Verizon Commc'ns Inc.*,
   No. 2:23-CV-00352-JRG-RSP, 2025 WL 1675397 (E.D. Tex. June 5, 2025).......................... 2

*KPN N.V. v. Ericsson*,
   No. 2:21-CV-00113-JRG, 2023 WL 4157139 (E.D. Tex. June 15, 2023) ................................. 2

*Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*,
   No. 2:23-CV-00515-JRG-RSP, 2025 WL 2251517 (E.D. Tex. July 16, 2025) ......................... 2

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
   No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022)............................. 3

*Toshiba Corp. v. Imation Corp.*,
   990 F. Supp. 2d 882 (W.D. Wis. 2013) .................................................................................. 5

*Wireless All., LLC v. AT&T Mobility LLC,*
   No. 2:23-CV-00095-RWS-RSP, 2024 WL 4999567 (E.D. Tex. Oct. 21, 2024)....................... 2

**Rules**

Fed. R. Civ. P. 56(f)(1),(3 ...................................................................................................... 3

Samsung's purported *Arctic Cat* notice identified a single nonparty product and vaguely alleged it should be marked with "one or more of the Asserted Patents." SUMF 20, Ex. 23. This is far from the requisite statement of "belief" that an identified product practices a particular patent. Samsung's Reply belatedly attempts to rewrite its *Arctic Cat* identification. But Samsung's new identification, based on its wrong assertion that Wilus has a burden to prove 802.11ax essentiality at trial, fails as well. Samsung's late rewriting of its *Arctic Cat* notice should be rejected and the Court should deny Samsung's MSJ and rule marking is not at issue at trial.

Regarding "actual notice," Samsung's Reply ignores undisputed facts and its own admissions during discovery that show Samsung received, prior to this lawsuit, identification of all Asserted Patents, notice that specific Accused Products infringed all Asserted Patents and, though not required, a mapping of the Asserted Patents to 802.11ax standard provisions to show how the identified products infringe. Samsung holds mightily to a repeatedly rejected argument that "communication of a specific charge of infringement" means that Wilus needed to set forth its entire trial infringement case with, it now incredibly suggests, source code evidence. This is far from the operative Federal Circuit standard set in *Gart*, *SRI* and *Funai*, and by this Court, which all reject anything close to such a high bar for "actual notice." With the correct legal standard put in front of the Court, if anything, should the Court reach "actual notice," summary judgment should be granted in favor of Wilus on the issue.

1. **Samsung's Attempt to Rewrite its Inadequate *Arctic Cat* Notice in its Reply Brief Should be Rejected.**

There is no dispute that Samsung identified during discovery a single nonparty product that Samsung only vaguely stated should be marked with "one or more of the Asserted Patents" via the fact that it complied with 802.11ax. SUMF 20, Ex. 23. There is also no dispute that Samsung later clarified that it believes no Asserted Patent is essential to 802.11ax. AUMF 7. Samsung's Reply fails to address, let alone distinguish, this Court's precedent requiring it to adhere to *Arctic Cat's* requirement that it state its actual "belief" regarding patent-practicing products. *Headwater Rsch. LLC v. Verizon Commc'ns Inc.*, No. 2:23-CV-00352-JRG-RSP, 2025 WL 1675397, at *3 (E.D.

1

Tex. June 5, 2025) ("Defendants never stated that they believed that the [] products practiced the claims of the patents at issue…Accordingly, Defendants failed to carry their burden from the outset."); *Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-CV-00515-JRG-RSP, 2025 WL 2251517, at *2 (E.D. Tex. July 16, 2025) ("…for an alleged infringer to successfully carry its *Arctic Cat* burden, it must identify products that 'it *believes* are unmarked patented Articles.'") (quote and emphasis from the *Headwater* order). Under that precedent as well as *Arctic Cat*, Samsung has failed to satisfy its burden of production. To the extent Samsung articulated any "belief" regarding any particular Asserted Patent, it was Samsung's stated belief that ***no patent*** was practiced by the 802.11ax Acer product.

Furthermore, simply suggesting a product should be marked with "one or more" patent fails to give notice of the marking issues for trial. If the jury finds, for example, some patents are infringed but others are not, neither Wilus nor the Court, nor any reviewing court, has any idea if the infringed patents are the "one or more" patents believed by Samsung to require marking.

To avoid this result, Samsung's Reply belatedly attempts to rewrite its deficient *Arctic Cat* notice- "If Wilus is correct and the Asserted Patents are essential to the 802.11ax standard, then Samsung believes that licensed Acer products that implement the 802.11ax standard should have been marked with the Asserted Patents." Reply at 2. This is different than what it said before. And this late, altered identification still fails. It is ***Samsung's***, not Wilus's burden at trial to prove the Asserted Patents are "essential" to 802.11ax to support Samsung's FRAND counterclaim. *Wireless All., LLC v. AT&T Mobility LLC,* No. 2:23-CV-00095-RWS-RSP, 2024 WL 4999567, at *1 (E.D. Tex. Oct. 21, 2024) ("The burden remains on Defendants to prove essentiality in order to argue that the patents are FRAND encumbered.") citing *KPN N.V. v. Ericsson*, No. 2:21-CV-00113-JRG, 2023 WL 4157139, at *5 (E.D. Tex. June 15, 2023). As Samsung concedes, Wilus will be showing, through the standard, technical documents and source code, that the Accused Products infringe each Asserted Patent. Samsung's new notice is too late and fails because it points to something on which Samsung bears the burden, and which Samsung may or may not prove, to

2

define the scope of its marking defense. And Samsung has admitted its belief is that Asserted Patents are *not* essential to 802.11ax.

Samsung similarly writes in its Reply "Samsung notified Wilus that if Samsung's products are found to practice the Asserted Patents because they implement the standard, then licensed products must also practice the Asserted Patents, and must be marked." Reply at 2. This is not what Samsung said in its notice. In any event, again, Samsung is the party that bears the burden to show that Wilus's infringement case renders the Asserted Patents "essential," not Wilus. And to the contrary, Samsung's own technical and damages experts have opined that, even if the accused features are found to infringe, the patents are *not* essential. Ex. E (Perryman Rebuttal Rpt.) at ¶ 154 ("I understand from Samsung's technical experts that the patents-in-suit, even assuming they are relevant to the accused features, could be removed from the accused products (and either replaced or in some cases simply removed) without rendering them incompatible with 802.11ax"). This is far from, and opposite, the testimony in *Arctic Cat* Samsung quotes in its Reply. Reply at 2 (quoting *Arctic Cat*, that defendant's expert opined infringement was linked to its marking identification.) This Reply argument is also not what Samsung actually disclosed during discovery.

Samsung's original purported *Arctic Cat* notice remains operative and deficient. It failed to articulate any requisite "belief" regarding any particular Asserted Patent. Samsung's attempt to re-write the notice in its Reply is much too late, and in any event, as deficient as its original notice. The Court should deny this MSJ and rule marking is not at issue for trial. Fed. R. Civ. P. 56(f)(1),(3); *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022) (MSJ movant "failed to satisfy its *Arctic Cat* burden of production" and was therefore "precluded from raising a marking defense at trial").

### 2. Samsung Asserts a Separate Jury Determination May Be Needed to Gauge "Essentiality," Further Defeating its Motion.

Wilus's Opposition set forth that Samsung's denial that the Asserted Patents are "essential" to 802.11ax together with anticipated testimony by the experts on infringement present fact issues

3

regarding whether the Acer 802.11ax product practices the Asserted Patents. Dkt. 339 at 9-10. Samsung responded in Reply that it moved to exclude Wilus's expert opinion on the source code produced during discovery (which is addressed in another motion) and suggested that "the jury is asked a specific question regarding whether the Asserted Patents are standard essential, that could also address whether Wilus had an obligation to mark." Reply at 3, fn 4. Samsung's admission that a jury determination separate from infringement is needed to "address whether Wilus had an obligation to mark" defeats its (new) argument that its *Arctic Cat* identification depended on an infringement case, addressed above. It also shows that the evidence adduced at trial will present fact issues about whether the Asserted Patents are "essential," regardless of infringement, which the jury could consider to find the 802.11ax Acer product did not practice an Asserted Patent.

### 3. Samsung's Reply Continues to Ignore the Facts and the Law Demonstrating Wilus Cleared the Federal Circuit's Articulated Actual Notice Standard By a Wide Margin.

The Federal Circuit and this Court have repeatedly rejected Samsung's argument that "communication of a specific charge of infringement" requires a showing of trial infringement evidence, replete with source code. The Federal Circuit has articulated "as long as the communication from the patentee provides sufficient specificity regarding its belief that the recipient may be an infringer, the statutory requirement of actual notice is met." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001); *see also Funai*, *SRI*, and *Image Processing*, discussed in Opp. at 10-12. It is undisputed that Wilus identified to Samsung that its Wi-Fi 6 functionality in specific Accused Products was an infringement of each Asserted Patent and even mapped the patents to 802.11ax provisions to further specify the infringing functionality. AUMFs 1-5; SUMFs 6-7, 9-14, 16-17. This is far beyond the "may be an infringer" standard.

Samsung's Reply argument accusing Sisvel/Wilus as attempting to create a "false equivalence" of "Wi-Fi certification to the 802.11ax standard" is sensational, irrelevant and false. Reply at 4. Samsung's own undisputed facts and exhibits show Sisvel/Wilus specifically identified the "Wi-Fi 6 Standard" as the "802.11ax standard, as defined by IEEE" and accused

4

"implementation of essential features of the Wi-Fi 6 standard." SUMFs 1-4; AUMFs 1-5; Ex. 5. Samsung's baseless, nonsensical accusation fails to support its MSJ.

Samsung argues "Wilus/Sivel unfairly attempted to shift the onus to Samsung to determine any potentially infringing conduct." Reply at 5. But the notice letters show that Sisvel/Wilus accused Samsung of infringement from its sale of specific Wi-Fi 6 products. Wilus described that Samsung's products infringe from use of Wi-Fi 6 (802.11ax) features, even pointing Samsung to particular standard provisions that resulted in infringement. SUMFs 6, 7, AUMFs 1-5.

Samsung fails to distinguish the binding cases cited by Wilus, and relies instead on an out-of-district order that does not support it. In *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 900 (W.D. Wis. 2013), the court held "the letters did not identify any particular recordable media product or device manufactured or sold by any of the defendants that allegedly infringed specific patent." Here, it is undisputed that Sisvel's/Wilus's letter named specific Accused Products.

Samsung argues that Wilus "failed to mention several Asserted Patents until subsequent communications." Reply at 5. Sisvel/Wilus' April 8, 2022 letter mapped the '077, '210, '281, '163, and '065 patents to particular IEEE 802.11ax standard provisions. SUMFs 6-7; AUMFs 1-2. The letter's mappings were to "Famil[ies]" and Samsung admits that Sisvel/Wilus notified it of the '595 patent, which issued October 11, 2022 and is related to the '281 patent, in a January 18, 2023 letter. SUMF 12, AUMF 3. Samsung admits that Sisvel/Wilus notified it of the '879 patent, which is related to the '035 patent and issued November 29, 2022, in a September 19, 2023 letter. SUMF 13, AUMF 4. Samsung admits that Sisvel/Wilus notified it of the '597 patent, which is related to the '163 patent and issued July 11, 2023, in an October 23, 2023 letter, which also reiterated the Accused Products (that are still accused in this case.). SUMF 14, AUMF 4. Samsung misses that these patents were all related to previous patents issued and all issued ***after the initial April 8, 2022 letter***. Samsung's argument that ignores the undisputed record should be rejected.

Dated: March 31, 2026                     Respectfully submitted,


                                          */s/ Reza Mirzaie*
                                          Marc Fenster
                                          CA State Bar No. 181067
                                          Email: mfenster@raklaw.com
                                          Reza Mirzaie
                                          CA State Bar No. 246953
                                          Email: rmirzaie@raklaw.com
                                          Dale Chang
                                          CA State Bar No. 248657
                                          Email: dchang@raklaw.com
                                          Neil A. Rubin
                                          CA State Bar No. 250761
                                          Email: nrubin@raklaw.com
                                          Jacob Buczko
                                          CA State Bar No. 269408
                                          Email: jbuczko@raklaw.com
                                          Jonathan Ma
                                          CA State Bar No. 312773
                                          Email: jma@raklaw.com
                                          RUSS AUGUST & KABAT
                                          12424 Wilshire Blvd. 12th Floor
                                          Los Angeles, CA 90025
                                          Telephone: 310-826-7474

                                          Of Counsel:
                                          Andrea L. Fair
                                          State Bar No. 24078488
                                          MILLER FAIR HENRY, PLLC
                                          1507 Bill Owens Parkway
                                          Longview, TX 75604
                                          (903) 757-6400 (telephone)
                                          (903) 757-2323 (facsimile)
                                          E-mail: andrea@millerfairhenry.com

                                          **ATTORNEYS FOR PLAINTIFF,
                                          Wilus Institute of Standards and
                                          Technology Inc.**

6

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 31, 2026, with a copy of this document via the Courts CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie

1