IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

████████████████████████

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF PAUL NIKOLICH (DKT. 262)**

████████████████████████████████████████

Wilus's Opposition confirms that the challenged portions of Mr. Nikolich's opinions exceed his qualifications and inject unfairly prejudicial accusations into the case.

Wilus cannot circumvent Rule 702 by recharacterizing SEP-negotiation opinions as related to IEEE Bylaws. (*See* D320 at 3.) Mr. Nikolich's opinions do not merely describe IEEE procedures; they assess negotiation conduct, FRAND obligations, and access to injunctive relief. (D262-2, ¶¶ 65-66, 106.) Those are legal and licensing conclusions, not technical IEEE process issues. Experience with IEEE committees does not qualify Mr. Nikolich to opine on SEP negotiations or remedies. Tellingly, Wilus does not dispute that Mr. Nikolich himself testified *he is not an expert in SEP-licensing negotiations*. That alone forecloses the challenged opinions. Rule 702 prohibits experts from opining outside their admitted expertise, regardless of how those opinions are styled. Wilus's reliance on *Atlas Global* is misplaced. That case allowed a qualified expert to discuss factual background bearing on state of mind. It does not permit an expert to offer substantive opinions on a topic for which he expressly disclaimed expertise. Citing another expert's negotiation analysis (i.e., Mr. Brismark) does not cure the defect; qualification must come from the testifying witness.

Mr. Nikolich's inflammatory opinions are improper under Rule 403. Wilus fails to justify Mr. Nikolich's opinions related to the DensiFi investigation, which accuse Samsung of "collusive and anti-competitive behaviors," recount an IEEE investigation, and reference "Special Measures." (*See* D262-2, ¶¶ 60-61.)  Wilus invokes *Dollar v. Long Manufacturing* to argue that Rule 403 excludes only "unfair" prejudice. That is precisely what is present here. Mr. Nikolich's DensiFi opinions invite character judgments about unrelated conduct and risks juror confusion. These allegations are untethered to any technical analysis, methodology, or claim element in this case. Any marginal probative value is substantially outweighed by those dangers. Labeling the opinions "rebuttal" or tying it to purported "unclean hands claims" does not render it admissible. (See D320 at 3.) Rebuttal evidence remains subject to Rules 401 and 403, and equitable issues are for the Court—not the jury. Injecting inflammatory allegations about unrelated investigations is improper and should be stricken.

The Court should strike Paragraphs 60, 61, 65, 66, and 106 of Mr. Nikolich's rebuttal report.

███████████████████████████████

Dated: March 24,2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
**FISH & RICHARDSON, P.C.**
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

2

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
**FISH & RICHARDSON, P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
**FISH & RICHARDSON, P.C.**
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450

Jon B. Hyland
jhyland@hilgerslaw.com
**HILGERS PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD., AND
SAMSUNG ELECTRONICS AMERICA, INC.**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24,2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*

4