IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO EXCLUDE UNDER**
***DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF**
<u>**TODOR COOKLEV, PH.D. (DKT. 264)**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF ABBREVIATIONS ........................................................................................................ iii

i

███████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dippin' Dots, Inc. v. Mosey,*
476 F.3d 1337 (Fed. Cir. 2007) .................................................................................................1

*In re Etter,*
756 F.2d 852 (Fed. Cir. 1985) (en banc) ...............................................................................1

*Intel Corp. v. PACT XPP Schweiz AG,*
No. 2022-1038, 2023 WL 2198649 (Fed. Cir. Feb. 24, 2023) ............................................1

*Lockwood v. Am. Airlines, Inc.,*
107 F.3d 1565 (Fed. Cir. 1997) .................................................................................................1

*Orthopedic Equip. Co. v. United States,*
702 F.2d 1005 (Fed. Cir. 1983) ................................................................................................1

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.,*
120 F. Supp. 3d 600 (E.D. Tex. 2015) .....................................................................................1

███████████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
| --- | --- |
| Mot. | Samsung's Motion to Exclude under *Daubert* and Strike Certain Expert Testimony of Todor Cooklev, Ph.D. (Dkt. 264) |
| Opp. | Wilus' Response to Samsung's Motion to Exclude under *Daubert* and Strike Certain Expert Testimony of Todor Cooklev, Ph.D., dated March 16, 2026 (Dkt. 335) |

Dr. Cooklev's opinions regarding the prior art status of the BCM4354 source code should be struck. **First**, there is no distinction between the system art that forms the basis of an anticipatory ground and the one relied upon in an obviousness ground. *See, e.g., Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1344 (Fed. Cir. 2007). **Second**, Samsung did not put the BCM4354 source code at issue. Dr. Wicker's report did not mention a processor's source code. Dr. Bims's report and deposition testimony concerned the source code of a processor **taught by** the Galaxy Tab S, not the specific chip, BCM4354. **Third**, Wilus's characterization of the holding in *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) is self-contradictory (e.g., reliance on "confidential aspects . . . is limited to publicly-disclosed features," (Opp. at 1) and incorrect. The case's correct holding is applicable here—Samsung's showing that the commercially sold, **claimed** processor (as part of the Galaxy Tab S) is available as prior art cannot be negated by a showing that unclaimed source code was not publicly available or sold. The issue disputed in *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 614 (E.D. Tex. 2015) was whether the **claimed** features were publicly used. Here, the claimed processor was indisputably part of the commercially sold Galaxy Tab S.

Mr. Cooklev's opinions regarding the bodily incorporation of references into the Galaxy Tab S should be struck. **First**, ¶¶ 71-90 relate to a POSITA's alleged inability to modify a specific chip, **BCM4354**, in the Galaxy Tab S, not the **teaching** of a processor. Dkt. 264-1. **Second**, it is undisputed that the asserted patents provide no disclosure for addressing the lack of source code/certificate for the claimed processor. Mot. at 4. **Third**, Dr. Cooklev's opinion is about whether there is a reasonable expectation of success **in bodily incorporating various features** of the prior art into the Galaxy Tab S. But the correct inquiry focuses on combining the "**teachings**" / "**concepts**" of different prior art. *Intel Corp. v. PACT XPP Schweiz AG*, No. 2022-1038, 2023 WL 2198649, at *3 (Fed. Cir. Feb. 24, 2023). Wilus also cites dicta from *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983), which was also abrogated by *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc) ("'[T]hat [a prior art] cannot be incorporated in [another prior art] are **basically irrelevant**, the criterion being **not** whether the references could be physically combined." (Emphasis added)).

1

███████████████████████████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

2

██████████████████████████████

Facsimile: 214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335

3

Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

███████████████████████████████████████████

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*

██████████████████████████████████████

███████████████████████████████████████████

████████████████████

██████████