IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF GUSTAV BRISMARK (DKT. 250)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................... iii

I.  MR. BRISMARK GOES BEYOND ANALYZING UNDERLYING FACTS TO OPINE ON THE PARTIES' SUBJECTIVE GOOD OR BAD FAITH INTENT .......................................................................................... 1

II. MR. BRISMARK RENDERS LEGAL OPINIONS AND CONCLUSIONS ................................................................................... 1

i

████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.,*
    684 F. Supp. 3d 570 (E.D. Tex. 2023) ....................................................................................1

*GREE, Inc. v. Supercell Oy,*
    No. 2:19-cv-00070, 2020 WL 4288350 (E.D. Tex. July 27, 2020) .......................................1

*Metaswitch Networks Ltd. v. Genband US LLC,*
    No. 2:14-cv-00744, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016).........................................2

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.,*
    No. 2:23-cv-00495, 2025 WL 2982352 (E.D. Tex. Oct. 22, 2025) .......................................1

*Toccoa Ltd. v. N. Am. Roofing Servs., LLC,*
    No. 1:21-cv-00313, 2023 WL 4401545 (E.D. Tex. June 8, 2023).........................................2

████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-4 | Opening Brief Exhibits |
| 5 | IEEE-SA Standards Board Bylaws, December 2014 (SAMSUNG_WILUS_00206490) (excerpts) |
| 6 | Deposition Transcript of Stephen E. Dell, Dated 2/28/2026 (excerpts) |

## I.   MR. BRISMARK GOES BEYOND ANALYZING UNDERLYING FACTS TO OPINE ON THE PARTIES' SUBJECTIVE GOOD OR BAD FAITH INTENT

While an expert is permitted to opine on the underlying facts that may show a party's state of mind, Mr. Brismark goes beyond those underlying facts to opine on the parties' subjective state of mind.  The law is clear.  Expert opinions regarding state of mind are inadmissible.  Dkt. 250 at 1-2.

In *Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*, a case cited by Plaintiff, the Court held that while an expert "may testify as to the underlying facts that … may show Defendants' state of mind," they "are precluded from testifying as to whether Defendants' possessed the requisite knowledge or intent for indirect infringement."  684 F. Supp. 3d 570, 577-78 (E.D. Tex. 2023); Dkt. 334 at 1.  Here, Mr. Brismark's testimony crosses that line.  He not only "discusses his understanding of the facts that then color his opinions," but goes one step further to opine on the "ultimate jury question" of the parties' good or bad faith intent.[1]  *Atlas Glob. Techs. LLC*, 684 F. Supp. 3d at 577-78; *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*, No. 2:23-cv-00495, 2025 WL 2982352, at *4 (E.D. Tex. Oct. 22, 2025).  Whether Samsung ███████████████████████████ and whether ██████ ███████████████████████ are issues for the jury.  Dkt. 250-1 at ¶¶ 8-9; *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020) ("intent, motives or states of mind of corporations … have no basis in any relevant body of knowledge or expertise … [t]his is improper and unhelpful to the jury").

To be sure, Samsung is not moving to strike Mr. Brismark's opinions in the identified paragraphs that, like Mr. Djavaherian's opinions, permissibly comment on the underlying facts relating to the parties' negotiations.  Rather, Samsung moves to strike only Mr. Brismark's state-of-mind opinions directed to the parties' intent and motives.  Dkt. 250 at 2.

## II.   MR. BRISMARK RENDERS LEGAL OPINIONS AND CONCLUSIONS

Mr. Brismark's opinion that Wilus's RAND obligation is suspended, and his opinion on the

---

[1] Samsung's expert, Mr. Djavaherian, does not "similarly offer[] opinions about Samsung's 'good faith.'"  Dkt. 334 at 1.  Rather, he addresses objective matters of industry practice and expectations during licensing negotiations and explains how the parties' conduct does or does not align with such practices and expectations.  Dkt. 334-3 at ¶¶ 71-72, 80.  Mr. Brismark, on the other hand, repeatedly goes further to opine on the parties' subjective intent.  *See, e.g.*, Dkt. 250-1 at ¶¶ 8, 9, 10, 178, 197, 198.

████████████████████████████████████

legal effect of Wilus and Samsung's ██████████████████████████" being ████████████ ██████████████████████████████ are legal conclusions for the Court to decide.  Dkt. 250-1 at ¶¶ 7-9.  Wilus's argument that Mr. Brismark's opinions are based on "the plain language of the IEEE bylaws" is a fiction, as the IEEE bylaws do not state that RAND obligations may be "suspend[ed]," nor do they include any other provisions that support his legal conclusions.  Dkt. 334 at 2-3; *see* Ex. 5 at 15-17 (IEEE Bylaws' Patent Policy); Ex. 6 at 72:20-74:7 (Wilus's expert testifying

█████████████████████████████████████████████████████████).

Thus, Mr. Brismark's proposition that "[o]ne party's failure to fulfill its obligation to negotiate in good faith suspends the other's" is a legal conclusion.  Dkt. 334 at 3.  Wilus admits as much in its Motion for Partial Summary on the Suspension of RAND Obligation.  Dkt. 263 at 1 ("What the parties do dispute is the legal consequence of an implementer's bad faith RAND negotiation conduct. **The answer is a matter of law.**") (emphasis added).  Mr. Brismark should not be permitted to extend the Court's ruling in *G+ Communications* under the guise of it being "his understanding" of the law, particularly where Wilus itself is seeking clarification of the same issue on which Mr. Brismark opines.  Mr. Brismark may not use the word "revo[ked]" to describe Wilus's RAND obligation, but that is the legal result he is advocating for on Wilus's behalf.  *See id.* at 1-2, 11-12; Dkt. 337 at 7-9.

Wilus's arguments related to *Toccoa* and *Metaswitch* are also inapposite.  Dkt. 334 at 2-3.  The fact that Mr. Brismark is not an attorney does not mean he is not offering legal opinions and conclusions.  *Id.*; *Toccoa Ltd. v. N. Am. Roofing Servs., LLC*, No. 1:21-cv-00313, 2023 WL 4401545, at *13 (E.D. Tex. June 8, 2023).  In addition, the Court in *Metaswitch* held that while an expert can "assume … that a FRAND obligation exists and to opine about what effect this obligation would have … he should not offer legal conclusions about whether Genband is actually bound by a contractual FRAND obligation."  *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-00744, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016).

As with Mr. Brismark's state of mind opinions, Samsung is only moving to strike the identified paragraphs as to the specific legal conclusions that are improper expert testimony.  Dkt. 250 at 3.

2

███████████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

3

███████████████████████

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

4

███████████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Matthew P. Mosteller*

5