IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF STEPHEN E. DELL, CVA (DKT. 254)**

████████████████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS ........................................................................................................ iii

I.     WILUS'S GENERIC "WEIGHT VS. ADMISSIBILITY" REFRAIN
       CANNOT SALVAGE MR. DELL'S APPORTIONMENT ............................................... 1

II.    MR. DELL'S FACTORS 8-10 ANALYSIS DOES NOT SEPARATE THE
       PATENTS FROM THE STANDARD ................................................................................ 2

III.   MR. DELL'S LEGAL CONCLUSIONS AND RELIANCE ON
       EXCLUDED OPINIONS SHOULD BE STRUCK............................................................. 2

████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Spike, LLC v. Huawei Techs. Co., Ltd.*,
   No. 6:13-cv-00679, 2016 WL 9286102 (E.D. Tex. Oct. 14, 2016) .......................................................1

*EcoFactor, Inc. v. Google LLC*,
   137 F.4th 1333 (Fed. Cir. 2025) .......................................................1

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
   No. 11 C 9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013).......................................................1, 2

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
   694 F.3d 51 (Fed. Cir. 2012).......................................................1

■■■■■■■■■■■■■■■■■■■■■■■■

## **TABLE OF EXHIBITS**

| # | Description |
|-----|-------------|
| 1-6 | Opening Brief Exhibits |
| 7 | Transcript of the Deposition of Mr. Stephen E. Dell on February 28, 2026 (excerpts) |

## I. WILUS'S GENERIC "WEIGHT VS. ADMISSIBILITY" REFRAIN CANNOT SALVAGE MR. DELL'S APPORTIONMENT

Both inputs to Mr. Dell's "top-down" apportionment—the amount of profit to apportion and the number of patents to apportion it by—are fundamentally flawed "critical fact[s]" that render his analysis unreliable. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1346 (Fed. Cir. 2025); Dkt. 312 at 1.

Mr. Dell has no basis for equating the percentage of "electronics patents" that "recoup the[ir] costs" or "provide value" with the percentage of declared 802.11ax SEPs that are actually essential. Dkt. 254-1 ¶¶ 360-361; Dkt. 254-4 at 1; Dkt. 312 at 1. His reliance on statistics for declared cellular SEPs is equally unreliable. The testimony cited by Mr. Dell explains that "**hundreds of thousands** of patents" are declared essential to the cellular standards, resulting in a low percentage of patents that are actually essential. Dkt. 254-1 ¶ 361 n.550. That there are **fewer than 8,000** relevant patents for 802.11ax shows this is a categorically unreliable apples-to-oranges comparison. *Id.* ¶ 363. Mr. Dell's apportionment has no better foundation than if it were "plucked out of thin air." *Blue Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-00679, 2016 WL 9286102, at *4 (E.D. Tex. Oct. 14, 2016) (quoting *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 69 (Fed. Cir. 2012)).

Wilus claims Mr. Dell's approach is nevertheless admissible because it was blessed by the Northern District of Illinois in *Innovatio*. Dkt. 254 at 1-2. But Mr. Dell's apportionment bears little resemblance to that in *Innovatio*. The *Innovatio* court found that the top 10% of 802.11 declared SEPs are responsible for 84% of the profit, and apportioned accordingly to determine a reasonable royalty for Innovatio's portfolio of $0.0956/unit, or $0.005/patent.[2] *In re Innovatio IP Ventures, LLC Pat. Litig.*, No. 11 C 9308, 2013 WL 5593609, at *43 (N.D. Ill. Oct. 3, 2013). Mr. Dell's analysis deviates in two critical ways. First, he apportions **100% of the profit** to the alleged 3-10% of essential patents. Dkt. 254-1 ¶ 367. Second, Mr. Dell cuts the number of patents for apportionment ▮▮▮▮▮▮▮▮▮[3]

---

[2] The *Innovatio* court started from a net profit of $1.80/unit, rather than the $40/unit net profit Mr. Dell borrows from Dr. Reed-Arthurs's flawed survey. It apportioned 84% of that profit ($1.51) to 10% of 3,000 declared patents, to arrive at the 19-patent portfolio rate ($1.51×(19/300)). Notably, Mr. Dell's ▮▮▮▮▮▮▮▮▮▮ than the *Innovatio* court's $0.0005/patent rate.

[3] In effect, Mr. Dell asserts that as few as 1.5% of 802.11ax patents are actually essential, a figure without support in the record and undermined by his own cited evidence finding at least 1,000 of the 7,319 relevant families to 802.11ax (>13.5%) actually essential. Dkt. 254-1 ¶¶ 363-367; Dkt. 254-6.

1



borrowing from a wholly unrelated ██████████. *Id..* ████████████████████ ██████████ Dkt. 254-6. It merely determines a ████████████ ████████████████████████████████████ ████████████████. *Id.* at 1. Even setting aside that Mr. Dell's 3-10% essentiality ratio is based on irrelevant data from different fields, these deviations result in damages that are nearly **2.5-times higher** than if Mr. Dell had actually followed the apportionment in *Innovatio*.

These flaws are compounded because Mr. Dell's analysis rests entirely on Dr. Reed-Arthurs's unsupported incremental profit figure. Although other Wilus experts discuss generalized "benefits of WiFi 6" divorced from the Asserted Patents, Dr. Reed-Arthurs is the sole provider of the ████ "starting point" for Mr. Dell's apportionment. Dkt. 254 at 2; Dkt. 312 at 2; Dkt. 316 at 2. If her survey is excluded, Mr. Dell's apportionment built on it must also be excluded. Wilus attempts to explain away the discrepancies as ████████████████████ but attributing rates that are **25-66 times higher** than any prior Wilus license to those factors strains credibility. Dkt. 312 at 2.

## II.   MR. DELL'S FACTORS 8-10 ANALYSIS DOES NOT SEPARATE THE PATENTS FROM THE STANDARD

Mr. Dell's conclusory statement that he accounted for the value of standardization separate from the Asserted Patents for certain *Georgia-Pacific* Factors does not vindicate his failure to do so for **other** Factors. Dkt. 254 at 2-3; Dkt. 312 at 2-3.

## III.   MR. DELL'S LEGAL CONCLUSIONS AND RELIANCE ON EXCLUDED OPINIONS SHOULD BE STRUCK

Wilus concedes that whether its FRAND obligation is "suspended" as to Samsung is "a matter of law" reserved for the Court. Dkt. 263 at 1; Dkt. 254 at 3. Thus, while Samsung may challenge Mr. Dell's opinions on the "licensing of RAND-encumbered patents" and "FRAND royalty rates" at trial, his legal opinions regarding the suspension of Wilus's RAND obligation are improper and should be excluded. Dkt. 254 at 3. Samsung also seeks exclusion of certain opinions from Mr. Nikolich and Mr. Brismark on which Mr. Dell relies. Ex. 7 at 66:15-67:13, 72:20-74:12, 138:2-5, 180:13-23. If those opinions are excluded, Mr. Dell's derivative opinions should likewise be excluded.

███████████████████████████████

Dated: March 24, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

3

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

4

████████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 24, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Matthew P. Mosteller*

6