# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., ) | |
| ) | Case No. 2:24-cv-0752-JRG-RSP |
| Plaintiff, ) | **LEAD CASE** |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-00764-JRG-RSP |
| HP INC., ) | **Member Case** |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., ) | |
| ) | Case No. 2:24-cv-00753-JRG-RSP |
| Plaintiff, ) | **Member Case** |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-00766-JRG-RSP |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., ) | **Member Case** |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., ) | |
| ) | Case No. 2:24-cv-00746-JRG-RSP |
| Plaintiff, ) | **Member Case** |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-00765-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., ) | **Member Case** |
| ) | |
| Defendants. ) | |

**ASKEY DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ASKEY'S THIRD AFFIRMATIVE DEFENSE OF "EQUITABLE DOCTRINES"**

## **TABLE OF CONTENTS**

I.    ARGUMENT ............................................................................................................2

      A.    The Record is Closed on Wilus's Permanent Injunction Motion, and the Court Should Adjudicate Unclean Hands in Connection with that Motion, not through Summary Judgment ...............................................................2

      B.    The Court Should Enforce the Parties' Stipulation and Bar Wilus from Pursuing Willfulness Through Previously Undisclosed and Irrelevant Expert Opinions ...........................................................................................4

II.   CONCLUSION .......................................................................................................4

The Court should deny Wilus's request for a blanket summary judgment order knocking out all of Askey's equitable defenses, because the record remains open, particularly concerning Wilus's ongoing, anti-FRAND conduct, which supports findings of unclean hands and estoppel. The parties have fully briefed Wilus's unclean hands in connection with its request for a permanent injunction, and the parties' genuine disputes of material fact regarding Wilus's unclean hands render summary judgment inappropriate.

Further, through expert discovery, recent briefing, and pretrial disclosures, Wilus appears to be retreating from its binding stipulation to "no longer seek any finding of willfulness." ECF No. 202. Rather than abiding by its own stipulation, Wilus apparently desires to introduce evidence that Askey has acted in bad faith, an issue that is irrelevant and moot by Wilus's own stipulation. Further, Wilus tries to explain its recent actions away and argues that these facts do not support an affirmative defense. But Wilus's attempt to subvert the stipulation has been fully addressed in the parties' briefs for other pending motions, and to the extent disputed facts support an affirmative defense, the Court should deny Wilus's motion.

Considering the well-established factual disputes, the Court should decline summary dismissal of disputed defenses and resolve them on the merits.

## I.      ARGUMENT

### A.      The Record is Closed on Wilus's Permanent Injunction Motion, and the Court Should Adjudicate Unclean Hands in Connection with that Motion, not through Summary Judgment

Rather than resolve the dispute regarding Askey's unclean hands defense in connection with the fully-briefed motion for permanent injunction, Wilus is attempting an end-around, asking the Court for summary judgment based on discovery so that the evidence of Wilus's unclean hands that occurred *after* discovery ended can be ignored. The Court should not decide this issue on summary judgment, but instead when deciding Wilus's permanent injunction motion.

Wilus focuses its argument on discovery, and does not dispute or deny that before the close of fact discovery: (1) "Askey had no reason to know that Wilus would continue to refuse Askey's reasonable offers to settle this case and instead attempt to rely on the costs of litigation (and the threat of injunctive relief) to coerce Askey to pay Wilus's "supra-FRAND" rates," and (2) "Askey could not know that the only evidentiary support Wilus would include is a conclusory declaration from its CEO with sworn statements that are demonstrably false." ECF No. 326, at 3.

Moreover, Wilus incorrectly characterizes the facts supporting Askey's unclean hands defense as boiling down to: (1) Wilus filed a motion for permanent injunction, and (2) Wilus has not accepted Askey's low settlement offers. ECF No. 383, at 2. This mischaracterization ignores the actual basis for Askey's defense, which does not rely on Wilus seeking a permanent injunction in the abstract or Wilus refusing Askey's offers. Askey's defense is based on the facts articulated in the permanent injunction briefing, including that (1) Wilus has no evidentiary basis for its injunction motion, (2) Wilus relied exclusively on a conclusory declaration from its CEO with demonstrably false statements, (3) Wilus has refused to accept anything less than its unsupported "supra-FRAND" rates, and (4) Wilus is using the costs of litigation and the threat of injunctive relief, rather than its FRAND case on its merits, to coerce Askey to pay more. Wilus presumably disputes these facts, confirming the inappropriateness of summary judgment.[1]

The Court should deny Wilus's motion for summary judgment and resolve the parties' unclean hands dispute on the merits in connection with Wilus's motion for permanent injunction.

---

[1] Wilus also argues that it "can just as easily say that Askey is attempting to rely on the costs of litigation and delay to coerce Wilus to accept a low and unfair settlement," (ECF No. 383, at 3), but this fails because the record shows that Askey's offers match or exceed any compensation Wilus can reasonably expect to recover, even using its expert's rates that are more than double Wilus's published rate for the entire Wilus patent portfolio. *See* ECF No. 278, at 2-5, 14-15.

**B.**     **The Court Should Enforce the Parties Stipulation and Bar Wilus from Pursuing Willfulness Through Previously Undisclosed and Irrelevant Expert Opinions**

Wilus acknowledges that the parties disagree as to whether Wilus has fully complied with the parties' stipulation and whether Wilus should be estopped from presenting irrelevant expert testimony, but argues these disputed facts do not support estoppel. Wilus argues instead that these disputes should be resolved through motions to strike or motions *in limine*. Askey has already filed such motions, which Wilus has opposed. *See, e.g.*, ECF No. 255.[2] Wilus clearly believes that its stipulation to "no longer seek any finding of willfulness" does not prevent it from attempting to convince the jury that Askey has acted in bad faith, even though such a finding is irrelevant to any issue that remains in the case, which relate solely to damages.

**II.     CONCLUSION**

The Court should deny Wilus's motion seeking summary judgment on all of Askey's equitable defenses. Wilus confirms the existence of genuine disputes of material fact concerning unclean hands and estoppel, which render summary judgment inappropriate.

---

[2] The pre-trial disclosures do not aid in resolving Wilus's motion. As Askey explained in the correspondence, the only issues that remain for the jury concern damages. Unclean hands is fully briefed and estoppel depends on whether Wilus attempts to undermine the parties' stipulation.

Dated: March 31, 2026

Respectfully submitted,

        */s/ Jeffrey D. Smyth*

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

        */s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

5