**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** <br><br><br> Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** <br><br><br> Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** <br><br><br> Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF WILUS'S
MOTION FOR SUMMARY JUDGMENT ON ASKEY's FAILURE TO MARK
DEFENSE**

# TABLE OF CONTENTS

I.    ARGUMENT ...................................................................................................................1

    A.    A Patentee Must Plead Marking Compliance in Its Complaint to Obtain Pre-Actual-Notice Damages ........................................................................1

        1.    Pleading actual notice is insufficient to support a claim based on constructive notice. ................................................................................3

        2.    Pleading willful infringement does not cure failure to plead constructive notice. ..............................................................................3

    B.    Wilus Attempts to Shift Burdens Governing Section 287(a) Must Fail ..................4

        1.    Wilus never pled constructive notice to trigger Askey's burden of production. ...............................................................................................4

        2.    Wilus misstates the burden in proving that summary judgment is warranted and appropriate. ....................................................................4

II.    CONCLUSION .............................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)...................................................................................4, 5

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
No. 21CV11018 (DCL), 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022)...................................3

*Estech Systems IP, LLC, v. Grandstream Networks Inc.*,
No. 2:24-CV-01018-RWS-RSP, 2025 WL 2946084 (E.D. Tex. Aug. 14, 2025)..................1, 2

*Longhorn Auto Group, LLC v. Mitsubishi Motors Corp.*,
No. 2:24-CV-00685-JRG, 2025 WL 3706950 (E.D. Tex. Dec. 22, 2025) ...............................2

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ....................................2

*Sentry Protection Prods. v. Eagle Mfg.*,
400 F.3d 910 (Fed. Cir. 2005)...................................................................................3

*TQ Delta, LLC v. CommScope Holding Co., Inc.*,
No. 2:21-CV-00309-JRG, 2022 WL 2328746 (E.D. Tex. June 28, 2022) ...............................3

*VirtaMove Corp. v. Hewlett Packard Enterprise Co.*,
No. 2:24-CV-00064-JRG, 2024 WL 4519761 (E.D. Tex. Oct. 17, 2024)...............................2

*Wonderland Switzerland AG v. Evenflo Co., Inc.*,
564 F. Supp. 3d 320 (D. Del. 2021).........................................................................3, 4

**Statutes**

35 U.S.C. § 287(a) ................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a) ...............................................................................................5

The Court should deny Wilus's request for summary judgment of pre-notice damages, because, in its Complaint, Wilus pled no facts supporting *constructive notice* (marking or no duty to mark) and instead only alleged *actual notice*. Wilus's interrogatory response concerning §287 reiterates the Complaint's singular focus on actual notice, reinforcing Wilus's reliance solely on demand letters and licensing communications for compliance with §287(a). *See* ECF No. 1 (Case No. 24-cv-00766-JRG-RSP), at ¶¶ 28, 49, 68, 87; ECF No. 1 (Case No. 24-cv-00753-JRG-RSP), at ¶¶ 27, 50, 73; Ex. 2, at 41. In fact, Wilus never alleged any patent marking or any exemption from its marking obligations. Accordingly, although Wilus has pursued pre-suit damages—those arising after the alleged actual notice but before filing of the Complaint—*pre-notice damages* are not and have never been at issue here. Because the patentee bears the burden of pleading and proving § 287(a) compliance, the Court should deny Wilus's motion for summary judgment.

## I.     ARGUMENT

### A.     A Patentee Must Plead Marking Compliance in Its Complaint to Obtain Pre-Actual-Notice Damages

Wilus carries the burden of pleading and proving marking compliance, and it has failed to meet its burden. By alleging that Wilus has "satisfied the requirements of 35 U.S.C. § 287(a)" based on actual notice rather than marking, any pre-litigation damages Wilus can recover are limited to damages after the date on which Wilus can prove actual notice.

The cases cited by Wilus are unrelated to adequate pleading of *constructive notice*, and instead focus on actual notice. For example, Wilus relies on *Estech Systems v. Grandstream Networks*, to assert their pleadings were similarly sufficient, but *Estech* critically hinged upon the assertion of method claims, for which marking does not apply. *Estech Systems IP, LLC, v. Grandstream Networks Inc.*, No. 2:24-CV-01018-RWS-RSP, 2025 WL 2946084, at *2 (E.D. Tex. Aug. 14, 2025). Because marking did not apply, there were no statutory obligations imposed at the

1

pleading stage, and as a result the plaintiff had "satisfied all statutory obligations." *Id*. Courts applying *Estech* have indicated that a patentee still must "plead compliance with the statute, via facts establishing it marked products or showing that no products needed to be marked, in order to state a viable claim for pre-suit damages." *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.,* No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023). Here, as Wilus admits, method claims "are not at issue," (ECF No. 374, at 5), and §287's pleading requirements apply.

Second, in *VirtaMove v. Hewlett Packard Enterprise*, the Court relied on plaintiff's allegation that their product was marked before filing of the lawsuit and that representatives of the parties had met and discussed the marked product in concluding the pleading was sufficient. *VirtaMove Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-CV-00064-JRG, 2024 WL 4519761, at *3 (E.D. Tex. Oct. 17, 2024). In contrast, here Wilus pled no facts regarding actual marking or no obligation to mark. Critically, *VirtaMove* did not hold that pleading actual notice permits a patentee to later seek constructive-notice damages. *Id*.

Finally, in *Longhorn v. Mitsubishi Motors*, the plaintiff affirmatively alleged compliance with marking under §287(a) and the Court declined at the Rule 12 stage to dismiss pre-suit damages. *Longhorn Auto Group, LLC v. Mitsubishi Motors Corp.,* No. 2:24-CV-00685-JRG, 2025 WL 3706950, at *6 (E.D. Tex. Dec. 22, 2025). The Court never addressed the situation here, where the Complaint and discovery responses wholly omitted marking from its pleadings or facts concerning constructive notice and later sought summary judgment based on an unpled constructive notice theory.

Wilus attempts to shift the burden to Askey, arguing that Askey never filed a motion to dismiss, but Askey was not obligated to move to dismiss a claim that Wilus never plead. The Court should deny Wilus's motion for summary judgment where it failed to meet its pleading burden.

2

### 1.    Pleading actual notice is insufficient to support a claim based on constructive notice.

Section 287(a) provides a clear delineation between constructive notice and actual notice. Constructive notice arises only through patent marking; actual notice arises through affirmative notice of alleged infringement. Pleading one does not plead the other. Contrary to Wilus's argument, *Blackbird* did not hold that pleading actual notice also pleads constructive notice. *Blackbird Tech LLC v. Argento SC By Sicura, Inc.,* No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022). *Blackbird* recognized that §287 compliance must be affirmatively pled. *Id.* (dismissing damages for failure to "specifically allege its compliance with §287's marking requirements"). Pleading actual notice does not satisfy pleading burdens or provide notice for asserting a separate damages theory.

### 2.    Pleading willful infringement does not cure failure to plead constructive notice.

Wilus alternatively argues its willfulness allegations preserved pre-notice damages, but that is not the case, because pleading willfulness relates to actual notice, not constructive notice. Cases such as *Sentry* and *TQ Delta* confirm that willfulness allegations may suffice to plead actual notice under §287(a), but they do not hold that alleging willfulness relates to constructive notice or cures a patentee's failure to plead it. *Sentry Protection Prods. v. Eagle Mfg.*, 400 F.3d 910, 918–19 (Fed. Cir. 2005); *TQ Delta, LLC v. CommScope Holding Co., Inc.*, No. 2:21-CV-00309-JRG, 2022 WL 2328746, at *2 (E.D. Tex. June 28, 2022). Indeed, *TQ Delta* was decided based on allegations of actual notice. *Id.* Furthermore, Wilus has attempted to distinguish *Wonderland* on the basis that the plaintiff "did not plead *any* compliance" with § 287, but in *Wonderland* the complaint did allege willfulness, which was not deemed sufficient. *Wonderland Switzerland AG v. Evenflo Co., Inc.*, 564 F. Supp. 3d 320, 342 (D. Del. 2021). Accordingly, Wilus cannot use willfulness allegations to rescue its failure to plead constructive notice.

3

**B.      Wilus Attempts to Shift Burdens Governing Section 287(a) Must Fail**

Wilus's motion for summary judgment also must fail because it fundamentally misstates the burdens. Wilus conflates (1) its own non-delegable burden to plead and prove compliance with the marking statute with the defendant's conditional burden of production, and (2) the movant's burden on summary judgment with a defendant's burden under Rule 12(b)(6).

**1.      Wilus never pled constructive notice to trigger Askey's burden of production.**

The patentee "bears the burden of ***pleading*** and proving he [and his licensees] complied with §287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (emphasis added). This is a fundamental threshold; if a party fails to plead compliance with the marking statute, they may not seek damages under the statute. *Wonderland*, 564 F. Supp. 3d at 342. When marking is not at issue due to the patentee's failure to plead, there is no burden on the defendant to produce. *Id.* Wilus attempts to dismiss §287(a) marking-pleading cases as procedurally distinct or nonbinding, but those decisions articulate principles that apply here regardless of the posture. Having failed to plead any constructive notice, Wilus cannot now invoke *Arctic Cat* to impose a burden of production on Askey because it was never triggered. Wilus's reliance on *Salazar*, *Solas Oled*, *Arigna,* and *Freeny* is similarly misplaced, because they address evidentiary burdens only ***after*** the plaintiff has pled compliance. Here, the Court never reaches this step. "The patentee carries the burden in the first instance to plead that it had marked its products." *Wonderland*, 564 F. Supp. 3d at 342. A defendant's burden to produce evidence begins only after the patentee pleads product marking.

**2.      Wilus misstates the burden in proving that summary judgment is warranted and appropriate.**

Wilus further incorrectly attempts to shift the burden of its own motion onto Askey. As the movant, Wilus must establish that (1) no genuine dispute of material fact exists and (2) it is entitled

4

to judgment as a matter of law. Fed. R. Civ. P. 56(a). Wilus has established neither. Wilus produced no evidence that it pled marking compliance, marked patented articles, imposed marking obligations on licensees, enforced such obligations, or is exempt from marking. Without such evidence, Wilus cannot establish entitlement to pre-actual-notice damages as a matter of law.

Wilus relies on *Arctic Cat* to bypass the evidentiary requirements for damages. *Arctic Cat* addressed traditional patented articles and marking obligations where licensees consistently mark the patented articles. However, that assumption should not apply here where Wilus alleges that its patents are essential to the Wi-Fi standard and where it cannot establish that its' licensees have marked the licensed products. Even if Wilus had pled pre-notice marking compliance, its' licensees nevertheless have failed to mark the patented articles, which precludes summary judgment.

Furthermore, Wilus acknowledges that §287 is not an affirmative defense and states that, "[n]owhere in Wilus' Motion did it allege §287 is an 'affirmative defense.'" But Wilus seeks summary judgment based on Askey's supposed failure to disprove a marking theory Wilus never asserted. Wilus's suggestion that Askey should have moved to dismiss or should have anticipated a constructive-notice theory fails as a matter of basic notice pleading. Askey had no obligation to move to dismiss a claim that Wilus never pled. A defendant has no duty to preemptively defeat unasserted theories.

Wilus cannot shift any burden—of production or proof—to Askey, and its summary-judgment motion fails as a matter of law.

## II.   CONCLUSION

Wilus never pled constructive notice or marking under §287(a), and it was never entitled to pre-actual-notice damages. Wilus cannot use summary judgment to resurrect an unpled damages theory. The Court should therefore deny Wilus's motion for summary judgment.

5

Dated:  March 31, 2026

Respectfully submitted,

_/s/ Jeffrey D. Smyth_

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (_pro hac vice_)
Jeffrey D. Smyth (_pro hac vice_)
**FINNEGAN, HENDERSON, FARABOW GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

_Attorneys for Defendants Askey Computer Corp. and Askey International Corp._

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

/s/ *Jeffrey D. Smyth*
Jeffrey D. Smyth