# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG |

## WILUS'S SUR-REPLY TO SAMSUNG'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE CERTAIN EXPERT TESTIMONY OF ERIK DE LA IGLESIA

**A.      DLI's Infringement Theories Are Not New and Should Not Be Stricken**

In *Rmail* and *Rembrandt*, the plaintiffs had each invoked an *optional rule* of this Court, variously referred to as 3-1(g), 3-1(h), or ¶ 3(a)(i). Because Wilus did not invoke the *optional* rule, holdings addressing it are not relevant. *Headwater Research LLC v. Verizon Communications Inc.*, No. 2:23-cv-00352-JRG-RSP, 2025 WL 1688913, at *6 (E.D. Tex. 2025) ("Plaintiff did not invoke the provision. Thus, it was not required to identify, on an element-by-element basis for each asserted claim, what source code . . . satisfies the software limitations . . . ."). As for the interrogatory belatedly identified in the reply, Samsung cites no authority supporting its position that Wilus was obligated to review source code from Samsung or its suppliers earlier than it did, or that it was required to provide source code citations prior to its expert's report. Wilus provided Samsung with detailed infringement charts as required by P.R. 3-1, and it is routine and proper for an expert to offer infringement opinions that are consistent with those charts but that point to additional evidence that was obtained during discovery. *Core Wireless Licensing, S.A.R.L. v. LG Electronics, Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302, at *4 (E.D. Tex. 2016) ("Core's infringement contentions were not required to cite all the evidence its experts would rely upon, nor was Core required to disclose the details of its experts' analyses.")

**B.      DLI's Galaxy Tab S Opinions Should Not Be Stricken**

While the Galaxy Tab S may equally be prior art for obviousness purposes as for anticipation, the requirements to prove obviousness and anticipation differ. To show *obviousness* based on a system that Samsung concedes did not meet all claimed elements, it is Samsung's burden to show that a POSITA would have been motivated to modify the Tab S to satisfy the claims and have had a reasonable expectation of success in this modification. *Cumberland Pharmaceuticals Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1221 (Fed. Cir. 2017). Nothing in *Dippin' Dots* relieves Samsung of this burden. As Samsung's own experts confirmed, this modification would have required access to the Tab S source code, code that a POSITA would not have had access to and that even Samsung does not contend is prior art. The attorney-created distinction drawn by Samsung's reply between the source code of the Tab S processor and that of a processor "***taught by*** the Galaxy Tab S" does not appear anywhere in the opinions of Samsung's experts. DLI should be permitted to showing that Samsung's

1

theories of motivation to combine and reasonable success fail on their own terms, due to lack of the necessary access to confidential source code. *See* Ex. E, ¶¶ 366–369; Ex. F, ¶¶ 239–244.

**C.    DLI's Opinions Neither Require nor Suggest a "Bodily Incorporation"**

Samsung's reply stacks red herring upon red herring. DLI is not arguing that the claims are not obvious because the references *could not be* bodily incorporated. And nothing about his opinions suggests that a POSITA would not have been able to make the claimed invention, once the POSITA was aware of it. Rather, DLI's challenged opinions go to whether a POSITA would have had a reasonable expectation of success in the specific modifications that Samsung's experts propose. As for *Etter*, this case did not "abrogate" anything in *Orthopedic Equip.* Rather, *Etter* cites as support for its holding the same page of *Orthopedic Equip.* as Wilus's opposition brief did. *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc); Dkt. 338 at 5 n.1.

**D.    DLI Should Be Permitted to Opine on the Incremental Benefits of Wi-Fi 6**

DLI's report identifies specific benefits that each asserted patent provides to Wi-Fi 6 and ties each to Wi-Fi 6 features that Samsung deems mandatory. He provides a causal connection between each patent and each benefit, in that he opines that the benefits cannot be realized without use of the corresponding patents. To the extent that the internal Wilus document Samsung cites in reply shows that other Wilus patents also provide benefits to Wi-Fi 6, that is not inconsistent with DLI's opinions, and even if it were, that is a matter for cross-examination rather than exclusion.

**E.    DLI's Opinions Concerning the '077 Patent Should Be Admitted**

***Modulus Opinions.*** By Samsung's reasoning, an expert who argued the claim language "sum of A and B" was satisfied by source code stating "A + B" would be stricken because the infringement contentions mentioned a "sum" but never explained that "+" means to take a sum. The Patent Rules do not require that the contentions recite the words of the infringement evidence *in haec verba*, and the party receiving those contentions should be assumed to have basic familiarity with arithmetic. As for the argument that DLI assumes the claims can be satisfied "without showing any 'dividing,'" the opinions of DLI cited by Samsung expressly say that *there is dividing*. Ex. 2, ¶ 48 (% 3 operation is "dividing the length information by 3"). If Samsung believes the evidence shows otherwise, that is a matter for

2

cross-examination, not exclusion.

***"m" Term.*** The infringement contentions (and the claim language) expressly state that "the data size transmittable by a symbol of the legacy physical layer frame is 3." Ex. 14 at 3–4. Thus, the limitation "m denotes a value obtained by subtracting the remaining value from the data size transmittable by a symbol of the legacy physical layer frame" literally means $m = 3 -$ [the remaining value]. So as a matter of logic, showing infringement means showing [the remaining value] $= 3 - m$. DLI is not presenting a "new" theory. He is applying logic and elementary mathematics to explain why what Wilus accused of infringement satisfies the claim limitations. This is the proper role of a technical expert.

***Opinions Regarding L_LENGTH.*** As Samsung's reply confirms, Samsung's expert pointed to the L_LENGTH parameter and the associated formulas in his opinions concerning limitation [1e] in his opening report. Ex. 33, ¶¶ 387–390, 451–452. But Samsung argues that DLI should not be permitted to rebut Dr. Bims's opinions because the limitation "does not require any L_LENGTH equation whatsoever." Reply at 3. To the extent Dr. Bims offers opinions concerning [1e], whether consistent with the claim language or not, DLI should be permitted to rebut them.

**F.      DLI's Opinions Regarding '035/'879 Patent Non-Infringing Alternatives Are Proper**

DLI properly applied the plain and ordinary meaning of "when" in offering these opinions.

**G.      DLI's Motivation-to-Combine Opinions Are Permissible Under *KSR***

The Court should permit testimony under the "expansive and flexible approach" demanded by *KSR*, rather than follow Samsung's more restrictive reading of an older Federal Circuit case.

**H.      DLI's Inventorship Opinions Correctly Apply the Federal Circuit Standards**

DLI's opinions are relevant under the proper legal standards and should not be excluded because they happen to use phrases that were used by courts in other contexts irrelevant to this case. If Dr. Wicker's opinion that the Wilus inventors made a "small" contribution is relevant, then so is DLI's rebuttal opinion that their contribution was large (i.e., the "heart"). Both opinions are relevant under the Federal Circuit test which asks whether a contribution was "significant." *Pannu*, 155 F.3d at 1351. The *Allen* case quoted by Samsung concerned whether infringement could be proved without showing all elements are met and had nothing to do with the test for inventorship. *Allen*, 299 F.3d at 1344–45.

3

Dated: March 31, 2026

*/s/ Reza Mirzaie*

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Dale Chang
CA State Bar No. 248657
Neil A. Rubin
CA State Bar No. 250761
Adam Hoffman
CA State Bar No. 218740
Jacob Buczko
CA State Bar No. 269408
Jonathan Ma
CA State Bar No. 312773
Mackenzie R. Paladino
NY State Bar No. 6039366
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: dchang@raklaw.com
Email: nrubin@raklaw.com
Email: ahoffman@raklaw.com
Email: jbuczko@raklaw.com
Email: jma@raklaw.com
Email: mpaladino@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas  75604
Telephone: 903-757-6400
Email: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF, WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.**

## CERTIFICATE OF SERVICE

I certify that on March 31 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Neil A. Rubin*
Neil A. Rubin

1