**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**WILUS'S SUR-REPLY TO SAMSUNG'S MOTION FOR SUMMARY
JUDGMENT THAT THE ASSERTED CLAIMS ARE DIRECTED TO
UNPATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101, *ALICE* STEP ONE**

**TABLE OF ABBREVIATIONS AND EXHIBITS**

| Abbreviation | Term |
|---|---|
| Wilus | Wilus Institute of Standards and Technology Inc. |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| '077 patent | U.S. Patent No. 10,313,077 (Mot. Ex. 1, Dkt. 265-1) |
| '281 patent | U.S. Patent No. 10,687,281 (Mot. Ex. 2, Dkt. 265-2) |
| '595 patent | U.S. Patent No. 11,470,595 (Mot. Ex. 3, Dkt. 265-3) |
| '210 patent | U.S. Patent No. 11,159,210 (Mot. Ex. 4, Dkt. 265-4) |
| '163 patent | U.S. Patent No. 11,129,163 (Mot. Ex. 5, Dkt. 265-5) |
| '597 patent | U.S. Patent No. 11,700,597 (Mot. Ex. 6, Dkt. 265-6) |
| '035 patent | U.S. Patent No. 11,116,035 (Mot. Ex. 7, Dkt. 265-7) |
| '879 patent | U.S. Patent No. 11,516,879 (Mot. Ex. 8, Dkt. 265-8) |
| Asserted Patents | '077 patent, '281 patent, '595 patent, '210 patent, '163 patent, '597 patent, '035 patent, and '879 patent |
| Asserted Claims | '077 patent: claims 1, 3-5, 8; '281 patent: claims 1-4, 6; '595 patent: claims 1-5; '210 patent: claims 1-5; '163 patent: claims 1-5; '597 patent: claims 1-2, 4-5, 9, 12.; '035 patent: claims 1-5; and '879 patent: claims 1-5 |
| '281 FH | Excerpts of Prosecution History of '281 Patent, Notice of Allowance (Mot. Ex. 9, Dkt. 265-9) |
| '595 FH | Excerpts of Prosecution History of '595 Patent, Notice of Allowance (Mot. Ex. 10, Dkt. 265-10) |
| '077 FH | Excerpts of Prosecution History of '077 Patent, Notice of Allowance (Opp'n Ex. A, Dkt. 340-1) |
| '210 FH | Excerpts of Prosecution History of '210 Patent, Notice of Allowance (Opp'n Ex. B, Dkt. 340-2) |
| '035 FH | Excerpts of Prosecution History of '035 Patent, Amendment and Notice of Allowance (Opp'n Ex. C, Dkt. 340-3) |

Samsung's reply continues to make drive-by assertions of ineligibility without addressing the arguments, claim language, and intrinsic evidence in Wilus's opposition. Accordingly, there is no basis to grant Samsung's motion as a matter of law or procedure. But since the § 101 attack has been made, the Court should resolve the issue and find that all Asserted Claims are patent-eligible as a matter of law. This will simplify issues for two upcoming trials.

## I.    SAMSUNG'S ARGUMENTS FAIL

Samsung's assertions of ineligibility fail for three overarching reasons. *First*, because the motion omits *Alice* Step Two entirely, no purported facts or evidence regarding "conventionality" of the Asserted Claims have been attempted. This is especially true for key aspects of the claims, such as those discussed in Wilus's opposition, and which (for purposes of this motion) must be treated *inventive and non-conventional*. This presumption applies to all patents and claims and directly undermines Samsung's arguments for *Alice* Step One.

Consider page 1 of the reply. Samsung asserts in purely conclusory fashion that "the claims are directed to abstract ideas *and do not meaningfully limit those ideas with inventive concepts beyond conventional computer functionality*." Reply at 1 (all emphasis added). This lacks foundation and must be disregarded. All Asserted Claims—based on the claim language and in view of the specifications and file histories—*do contain and are limited by* many "inventive concepts" that go well beyond "conventional computer functionality." Samsung just assumes this away because that's the only way it can strip out nearly all the claim language to (improperly) arrive at a purported abstract idea. This is fundamentally improper and erroneous.

*Second*, Wilus's cited cases of *Packet Intelligence*, *KPN*, *Core Wireless*, and *Caltech* are highly analogous and Samsung's attempt to distinguish them falls flat (Reply at 1-2). They confirm that claims addressing problems arising in computer networks or technology—here, new features in Wi-Fi 6 that solve problems all earlier Wi-Fi standards could not— are patent-eligible. Indeed, the Asserted Claims here are *more* technical and specific than the claims at issue in the foregoing cases. Samsung describes the cases, but no meaningful legal or technical distinction is made.

1

*Third*, Samsung's cited cases bear little resemblance to the Asserted Claims here and are readily distinguishable. In *Elec. Power Grp.*, the claims "purport to monopolize every potential solution to the problem" and raised enormous preemption concerns. 830 F.3d 1350, 1356 (Fed. Cir. 2016). In *Bancorp Servs.,* the claims were akin to business methods and pertained to managing a stable-value protected life insurance policy. 687 F.3d 1266, 1278 (Fed. Cir. 2012). In *Two-Way Media*, the claims recited purely functional results without describing how to achieve any purported improvement. 874 F.3d 1329, 1333 (Fed. Cir. 2017). None of these cases pertain to same field as the Asserted Patents, much less to new improvements specific to the Wi-Fi 6 standard.

## II.    ALL ASSERTED CLAIMS ARE PATENT-ELIGIBLE AS A MATTER OF LAW

All Asserted Claims of the Asserted Patents are directed to patentable subject matter under *Alice* Step One, so the Court should find that all claims are patent-eligible as a matter of law.

**'077 Patent:** Claim 1 is directed to improving co-existence between Wi-Fi 6 devices and legacy devices. This is a problem specifically arising with Wi-Fi 6, which introduced "m" to disambiguate a frame's format. Adding "m" with the corresponding L_LENGTH and $N_{sym}$ calculations caused compatibility issues between legacy devices and Wi-Fi 6 devices. '077 patent at 35:60-36:12 (legacy devices waiting longer for transmissions). Claim 1 recites a new and specific way to derive $N_{sym}$, to overcome this problem that first arose with Wi-Fi 6. Samsung's arguments (Reply at 2) are highly technical and only confirm the claim is ineligible. Further, the claims are read in view specification, and the recited solution with the new $N_{sym.}$

**'281 and '595 Patents:** Claim 1 is directed to enabling non-contiguous wireless channels, a feature new to Wi-Fi 6, and "a particular configuration of information in HE-SIG-A and HE-SIB G fields of HEW communication." '585 FH. The claims are highly detailed and specific and not remotely comparable to the non-technical and purely functional claims in Samsung's cited cases. Reply at 2-3. Further, characterizing the Wi-Fi 6-specific signaling fields of HE-SIG-A and HE-SIG-B as "a particular technological setting." The claimed advance addresses a problem that only arises with Wi-Fi 6 and its fields of HE-SIG-A and HE-SIG-B and the solution necessarily uses those Wi-Fi 6 specific fields to efficiently indicate what frequency resources are punctured and

what are assigned. ('281 patent at 1:32-37). The claim would not make any sense outside the Wi-Fi 6 context, as any review of the intrinsic evidence demonstrates.

Samsung's assertion that the claims don't disclose anything "new" (Reply at 3) is simply wrong. The claimed system/techniques are highly inventive and do change and improve how devices—as the prior art *teaches away* and "would result in an inferior system." '595 FH. This highlights a pervasive flaw in Samsung's approach for all Asserted Claims / Patents. Whenever it comes across claim language that reflects a Wi-Fi 6-specific solution to a Wi-Fi 6-specific problem (as exists in all Asserted Claims), Samsung's only response is to ignore it. But it provides no evidence, for any claim, that the limitations are conventional and can be disregarded. This is particularly inappropriate where *Alice* Step Two is outside the scope of this motion and zero facts regarding conventionality have been proposed.

**'210 Patent:** Claim 1 is directed to a specific configuration of the HE-SIG-A and HE-SIG-B packet signaling fields to allow access points to reliably send a MU-MIMO packet to a single user device and for that user device to reliably decode the packet without error. Samsung essentially concedes that claim 1 is directed to a specific invention and improvement that is deeply rooted in the field computer networking. Its only response is to dispute whether Wilus's descriptions of the technological benefits provided by the '210 patent's claims are in the patent's specification "relating to the claimed invention." Reply at 3. This fails because the specification background clearly supports this understanding and not every benefit needs to be claimed.

Further, this highlights a fundamental problem faced by Samsung for All Asserted Claims and Patents. As the demonstrated by the intrinsic evidence, and never disputed by Samsung, the claims are limited to communications through a specific wireless communications standard, 802.11ax, and comprise specific inventions to solve technical issues that arose while the IEEE 802 organization drafted 802.11ax. *See* '210 patent, 1:27-2:44, 2:50-57, 12:31-39. The '210 patent claims, and other claims, use myriad terms that have meaning only in the context of 802.11ax— meaning that the solution, whatever it may be, "is necessarily rooted in computer technology in

3

order to overcome a problem specifically arising in the realm of computer networks." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014).

**'163 and '597 Patents:** Claim 1 is directed to a specific problem and improvement in Wi-Fi 6 where a "color-based" operation cannot operate based on "BSS color." The claims don't use "color" in the layman sense of red, white, and blue. Rather, "BSS color" is a technical term of art in this field of high-speed, multi-user Wi-Fi communications. Samsung's quibbling about whether "BSS color collision" is a separate, additional requirement in certain claims (Reply at 4) only highlights the technical nature of the patents and that they are eligible.

Samsung is also wrong and its position (to the extent understandable) rests on the false assumption that the claims don't use BSS color operations. In fact, the claims state that an operation "*based on the BSS color*" is not allowed, suggesting that that a BSS color operation itself is still allowed. Regardless, the claims and specification are about BSS color, BSS color operations, and BSS color collisions, and they are clearly the technical problem at issue and the the focus of the claimed advance. Certain Wi-Fi 6 operations (such as setting NAVs) typically use BSS colors, but when the BSS color is no longer reliable, such as in a color collision, the claims describe performing these operations using other techniques.'163 patent claim 1-3.

Samsung's attempt to reduce "BSS color" / "BSS color collisions" to a simple group identifier fails, as does any purported analogy to betting. Reply at 4. The relevant inquiry is whether the claimed advance is on a solution to a problem specifically arising in the realm of computer networks. Here, BSS color / color collision does. BSS color was specifically introduced in Wi-Fi 6 to reduce traffic collisions and transmission delays in wireless communications, given increases in simultaneous users and networks. And the claims, including dependent claims 2-3, recite a specific improvement in network functionality. Samsung cannot show the claims merely recite a "result," particularly where the claims correspond to specific new features in Wi-Fi 6 that were proposed and adopted by the standards organizations, i.e., the 802.11 ax task group.

**'879 and '035 Patents:** Claim 1 is directed to improvements with using multiple enhanced distributed channel access (EDCA) parameters, trigger messages/frames, set timers, and access

categories specific to Wi-Fi 6 to prioritize high-efficiency wireless communication in high-density environments. The claim language is replete with these technical terms—new and specific to Wi-Fi 6—and they are all the focus of the claimed advance and specific solution. Like other Asserted Claims and Patents, these are not optional "environment"—rather, the claims would make no sense at all and not work outside Wi-Fi 6 and 6E applications / implementations. That demonstrates the claim is directed to problems specifically arising in Wi-Fi 6 and 6E (and not any earlier standards that lacked claimed triggers, set timers, access categories, etc.) and a specific solution.

Samsung's response continues to ignore all the claim language and make drive-by assertions unsupported by technical evidence (Reply at 4-5). All its assertions are wrong. The claims—including specifically the "when" limitations noted in prosecution—are highly inventive and *do* reflect changes/improvements to "the underlying EDCA framework" as well as combining context-specific triggers, timers, and access categories. The technical improvement is reflected in Wi-Fi 6 / 6E its new mandatory features that never existed in earlier Wi-Fi standards.

## III. NO SHOWING OF REPRESENTATIVE CLAIMS HAS BEEN MADE

If the Court finds that claim 1 of each of the Asserted Patents is eligible, it should find all Asserted Claims eligible for at least the same reasons. Samsung doesn't dispute this.

Otherwise, no proper showing representativeness has been made, and Samsung is entitled to no such finding. Here, Samsung never discharged its initial burden of persuasion since it barely mentions any claim language at all—and certainly not for any dependent claims. *See PPS Data*, No. 2:18-cv-00007-JRG, 2019 WL 1317286, at *5 (E.D. Tex. Mar. 21, 2019); *Tiare Tech*, No. 2:22-cv-0182-JRG-RSP, 2023 WL 2733348, at *2 (E.D. Tex., Mar. 15, 2024). Indeed, Samsung does *less* on representativeness than the defendant in *Tiare Tech*, where analysis was rejected and found "insufficient to overcome due process concerns." *Tiare Tech*, at *2. Here, Samsung's representativeness assertion is even more conclusory (or non-existent) and the due process concerns are greater because it purports to challenge eligibility of eight Asserted Patents and dozens of Asserted Claims in a single, page-limited MSJ.

Dated: March 31 2026

Respectfully submitted,

*/s/ Philip X. Wang*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Philip X. Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

*Attorneys for Plaintiff Wilus Institute of Standards and Technology Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.


*/s/ Philip X. Wang*
Philip X. Wang