███████████████████████████████

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>███████████████ |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE WILUS' EXPERT OPINIONS OF MR. GUSTAV BRISMARK**

████████████████████████

## **TABLE OF CONTENTS**

A.    Mr. Brismark Does Not Offer "State-of-Mind Opinions"................................................. 1

B.    Mr. Brismark Does Not Offer Legal Opinions or Conclusions ...................................... 2

i

███████████████████████

## TABLE OF AUTHORITIES

**Cases**

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.,*
No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343 (E.D. Tex. July 28, 2023) ....................................1

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.,*
No. 2:22-CV-00125-JRG, 2023 WL 8281905 (E.D. Tex. Nov. 29, 2023)...........................................2

*G+ Communications, LLC v. Samsung Electronics Co. Ltd., et al.,*
Case No. 2:22-cv-78-JRG, Dkt. 575 (E.D. Tex. Jan. 22, 2024) ........................................................3

*GREE, Inc. v. Supercell Oy,*
No. 2:19-cv-00070, 2020 WL 4288350 (E.D. Tex. July 27, 2020)......................................................1

*Metaswitch Networks Ltd. v. Genband US LLC,*
No. 2:14-CV-744-JRG-RSP, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) ..........................................3

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.,*
No. 2:23-CV-00495-JRG-RSP, 2025 WL 2982352 (E.D. Tex. Oct. 22, 2025) ..............................1, 2

*Toccoa Ltd. v. N. Am. Roofing Servs., LLC*
No. 1:21-CV-00313-MJT, 2023 WL 4401545 (E.D. Tex. June 8, 2023.)...........................................2

████████████████████████████████████

## TABLE OF EXHIBITS & NOTES

| Exhibit | Description |
|---------|-------------|
| A | Expert Report of Gustav Brismark dated Jan. 23, 2026 [Excerpted] |
| B | Corrected Expert Report of David Djavaherian dated Jan. 27, 2026 [Excerpted] |

\* Emphasis added unless otherwise noted.

Samsung urges this Court to exclude Mr. Brismark's opinions based on the incorrect contention that he offers "state-of mind opinions" and "legal opinions." As explained below, neither supports exclusion of any of Mr. Brismark's opinions.

### A.    Mr. Brismark Does Not Offer "State-of-Mind Opinions"

Samsung contends that Mr. Brismark's opinions that (unlike Wilus) Samsung's conduct with Wilus were inconsistent with good faith negotiations (without unreasonable delay) "constitute inadmissible opinions on a party's state of mind." ECF 250 at 1. Mr. Brismark does not opine on subjective state of mind. The concept of good faith negotiations and unreasonable delay is acknowledged by the IEEE as a standard during FRAND negotiations.[1] Mr. Brismark analyzed the objective evidence, including the negotiations, and offers his opinions regarding whether they meet that standard based on the record and in light of his expertise. *See, e.g.*, Ex. A at ¶¶ 107-163, e.g., ¶ 154:

> "In conclusion, from reviewing the course of conduct and negotiations between Sisvel and Samsung ████████████ to the present day, as well as related depositions, and in view of the IEEE directives, FRAND licensing practices, and my experience and expertise, it is my conclusion that Samsung's conduct is consistent with unreasonable delay and bad faith negotiations"

This is proper expert opinion. *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023) (Experts "may testify as to the underlying facts that in his opinion may show Defendants' state of mind.").

While Samsung asks the Court to exclude 36 paragraphs of Mr. Brismark's two reports, Samsung selectively quotes only a few phrases from only Mr. Brismark's Opening Report that, in its view, make it sound as though he is opining on mental state. *See* ECF 250 at 1. But he is not. The surrounding context of Mr. Brismark's opinions confirms that he is not acting as a "mind reader or psychologist" that is attempting to divine Samsung's "motive or intent[.]" ECF 250 at 1. Rather, he is "provid[ing] opinions regarding underlying facts that show a party's state of mind," which is proper expert opinion. *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070, 2020 WL 4288350, at *2 (E.D. Tex. July 27, 2020); *see also Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.,* No. 2:23-CV-00495-JRG-RSP, 2025 WL 2982352, at *4 (E.D. Tex. Oct. 22, 2025). As one example, Samsung's Motion quotes only the

---

[1] Samsung's expert similarly offers opinions about Samsung's "good-faith[.]" Ex. B at ¶¶ 71-72, 80.

emphasized portions from the following sentence contained in Mr. Brismark's Opening Report:

> Further, it is industry practice to review only one family member (and its corresponding claim-chart), so for ██████████████████████ ████████████████████████████████████████████ is a sign that the *intent was to delay* and not a *good faith interest in the patents as such*.

ECF 150 at 1 (quoting Op. Rpt. at ¶ 132). In any event, Samsung's (baseless) argument regarding its few selected phrases from one report do not reach the dozens of additional paragraphs it string-cites to exclude from both of Mr. Brismark's reports. *Pictiva*, 2025 WL 2982352 ("Samsung has not met its burden to show that the relevant paragraphs of [his] report should be excluded….").

Mr. Brismark's opinions are grounded on two proper bases: the objective negotiation history between the parties and his extensive experience in the field of patent licensing and FRAND negotiations. *See, e.g.*, Ex. A at ¶¶ 109-194; *Atlas*, 2023 WL 4847343, at *5.

**B.    Mr. Brismark Does Not Offer Legal Opinions or Conclusions**

Samsung incorrectly contends that Mr. Brismark offers "legal opinions and conclusions related to the IEEE bylaws," and like its arguments regarding "state of mind," seeks exclusion of dozens of paragraphs based on arguments addressing only a few. ECF 250 at 2. Mr. Brismark did not render legal conclusions. He read the plain language of the IEEE bylaws and rendered expert opinions regarding the FRAND negotiations at issue in this case. *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 8281905, at *5 (E.D. Tex. Nov. 29, 2023) ("opinions do not become legal conclusions simply because [the expert] is relying on contracts to form them … [the expert] is certainly qualified to read the plain language of a contract.").

The cases cited by Samsung confirm that Mr. Brismark's opinions are not improper legal conclusions. *See* ECF 250 at 2-3. First, Samsung cites *Toccoa Ltd. v. N. Am. Roofing Servs., LLC*, which was an insurance-recovery case that involved a summary judgment motion pertaining to interpretation of an insurance agreement. 21-CV-00313-MJT, 2023 WL 4401545, at *1-2, 23 (E.D. Tex. June 8, 2023); ECF 250 at 2. Unlike the expert in *Toccoa*, Mr. Brismark is not an attorney rendering the legal meaning of a specific disputed contractual terms. *See id.* As set forth above, Mr. Brismark is examining objective facts in view of his negotiating experience and the plain language of the IEEE bylaws. ECF

250 at 2-3 (quoting Op. Rpt. ¶¶ 7, 9, 10); *see also* Ex. A at ¶¶ 109-194.

Samsung also cites *Metaswitch Networks Ltd. v. Genband US LLC*; however, that case fails to support exclusion of any of Mr. Brismark's opinions. No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016); ECF 250 at 3. In *Metaswitch*, the court <u>denied</u> the defendant's request to strike an expert's opinions related to FRAND and stated the following:

> [I]t is proper for Mr. Lynde…to assume for purposes of his analysis that a FRAND obligation exists and to opine about what effect this obligation would have on damages. ***This analysis necessarily requires him to analyze the scope and nature of the alleged FRAND commitment*** and to give his opinions about its economic effect.

2016 WL 874775, at *2. Mr. Brismark analyzes the parties' negotiation history and opines that Samsung's negotiations were not consistent with FRAND principles of good faith and no unreasonable delay. Ex. A at ¶¶ 109-194. These FRAND opinions "necessarily require [Mr. Brismark] to analyze the scope and nature of the alleged FRAND commitment," and Samsung has not identified any opinions that cross the line into improper legal conclusions. *Metaswitch,* 2016 WL 874775, at *2.

Mr. Brismark cites *G+ Communications, LLC v. Samsung Electronics Co. Ltd.*, et al., Case No. 2:22-cv-78-JRG, Dkt. 575 at 10 (E.D. Tex. Jan. 22, 2024) for the proposition that "'[o]ne party's failure to fulfill its obligation to negotiate in good faith suspends the other's[.]'"[2] Ex. A at ¶ 178, fn. 121. This is not a legal opinion; rather, Mr. Brismark merely cites case law for his understanding, based also on his expertise and experience in negotiating, that FRAND obligations are reciprocal. *Id.* at ¶ 151. Samsung also contends that Mr. Brismark "appears to misapply" the *G+* holding, but tellingly, Samsung does not identify any opinion offered by Mr. Brismark that Wilus' FRAND obligation for the Asserted Patents has been "revo[ked]." ECF 250 at 3.

Mr. Brismark will not be opining on any impermissible legal conclusions at trial. But he certainly is qualified to read the plain language of the IEEE bylaws, and he may properly relate them to his experience, expertise, and analysis of the evidence in the record. *See, e.g.*, Ex. A at ¶¶ 171- 194. For these reasons, Samsung's Motion to Exclude Mr. Brismark's Opinion should be denied in full.

---

[2] Samsung notes that *G+* involved the ETSI IPR Policy; however, Mr. Brismark's citation to *G+* is for a general FRAND proposition that does not depend on the wording of the ETSI IPR Policy.

██████████████████████████████████

Dated: March 16, 2026                          Respectfully submitted,

                                               */s/ Reza Mirzaie*
                                               Marc Fenster
                                               CA State Bar No. 181067
                                               Email: mfenster@raklaw.com
                                               Reza Mirzaie
                                               CA State Bar No. 246953
                                               Email: rmirzaie@raklaw.com
                                               Dale Chang
                                               CA State Bar No. 248657
                                               Email: dchang@raklaw.com
                                               Neil A. Rubin
                                               CA State Bar No. 250761
                                               Email: nrubin@raklaw.com
                                               Jacob Buczko
                                               CA State Bar No. 269408
                                               Email: jbuczko@raklaw.com
                                               Jonathan Ma
                                               CA State Bar No. 312773
                                               Email: jma@raklaw.com
                                               RUSS AUGUST & KABAT
                                               12424 Wilshire Blvd. 12th Floor
                                               Los Angeles, CA 90025
                                               Telephone: 310-826-7474

                                               Of Counsel:

                                               Andrea L. Fair
                                               State Bar No. 24078488
                                               MILLER FAIR HENRY, PLLC
                                               1507 Bill Owens Parkway
                                               Longview, TX 75604
                                               (903) 757-6400 (telephone)
                                               (903) 757-2323 (facsimile)
                                               E-mail: andrea@millerfairhenry.com

                                               **ATTORNEYS FOR PLAINTIFF,**
                                               **Wilus Institute of Standards and**
                                               **Technology Inc**

4

████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██

/s/ Reza Mirzaie
Reza Mirzaie

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 16, 2026, with a copy of this document via the Court's CM/ECF and served on all counsel of record via electronic mail.

/s/ Reza Mirzaie
Reza Mirzaie