████████████████████████████

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE WILUS'S EXPERT OPINIONS OF MR. GUSTAV BRISMARK**

████████████████████████

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT.................................................................................................................... 1

    A.   Mr. Brismark Does Not Offer "State-of-Mind Opinions"............................................. 1

    B.   Mr. Brismark Does Not Offer Legal Opinions or Conclusions ..................................... 2

III. CONCLUSION ................................................................................................................. 2

████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Expert Report of Gustav Brismark dated Jan. 23, 2026 [Excerpted] |
| B | Corrected Expert Report of David Djavaherian dated Jan. 27, 2026 [Excerpted] |
| C | Excerpts of the February 17, 2026 Deposition of Gustav Brismark |

## I.    INTRODUCTION

Samsung contends that Mr. Brismark's opinions should be excluded as improper state-of-mind testimony and impermissible legal conclusions, but that contention fails. As explained below and in Wilus's Opposition to Samsung's Motion to Exclude, Mr. Brismark's opinions are firmly grounded in his analysis of the parties' negotiation history and his extensive industry experience. He also does not offer legal conclusions, nor does he opine on case law. Accordingly, there is no basis to exclude any of Mr. Brismark's opinions and Samsung's Motion should be denied.

## II.    ARGUMENT

### A.    Mr. Brismark Does Not Offer "State-of-Mind Opinions"

Samsung contends that Mr. Brismark impermissibly opines on the parties' subjective state-of-mind rather than testifying about underlying facts. *See* ECF 367 at 1. That argument fails. Samsung selectively quotes portions of Mr. Brismark's report to create the misleading impression that he opines on the "ultimate jury question" of good or bad faith intent. *Id.* (quoting *Atlas Glob. Techs. LLC v. TP-Link Techs. Co., Ltd.*, 684 F. Supp. 3d 570, 577–78 (E.D. Tex. 2023)).

Viewed in context, however, Mr. Brismark's opinions do not constitute impermissible state-of-mind testimony. Rather, these opinions are grounded in Mr. Brismark's extensive industry experience, his analysis of the parties' negotiation history, and his review of the applicable IEEE policies. *See, e.g.,* ECF 334-2 at ¶¶ 195–98; Ex. C at 17:14-19:1, 29:10-35:18, 38:10-39:14, 45:1- 51:10 (testifying about his years of experience related to patent licensing and IEEE standardization). For example, in his report, Mr. Brismark explains that:



*See, e.g.,* ECF 334-2 at ¶¶ 195-97; *see also* at ECF 250-1 at ¶¶ 8-10.

1

This is precisely the type of opinions and testimony that courts permit. An expert "may testify as to the underlying facts that in his opinion may show Defendants' state of mind," which is exactly what Mr. Brismark does here. *Atlas*, 2023 WL 4847343, at *5. Contrary to Samsung's assertion, Mr. Brismark does not opine on subjective intent; he evaluates objective conduct in light of industry norms. There is therefore no basis to exclude any of his opinions.

### B.    Mr. Brismark Does Not Offer Legal Opinions or Conclusions

Samsung also incorrectly contends that Mr. Brismark offers the impermissible opinion that "Wilus's RAND obligation is suspended" and opines on the "legal effect of Wilus and Samsung's 'licensing negotiations and offers[.]" ECF 367 at 2.  These arguments fail. Although the parties agree that "the legal consequence of an implementer's bad faith RAND negotiation conduct" is a question of law, Mr. Brismark does not opine on that legal consequence. *Id.* (quoting ECF 263 at 1).

Instead, Mr. Brismark analyzes the parties' negotiation history and evaluates whether he generally views the conduct at issue as being consistent with FRAND principles—such as good faith negotiation and the absence of unreasonable delay—based on the negotiation record and in light of his experience in patent licensing. *See, e.g.*, ECF 334-2 at ¶¶ 109–194. These are classic, permissible expert opinions that "necessarily require [the expert] to analyze the scope and nature of the alleged FRAND commitment," without crossing into legal conclusions. *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016).

Samsung's criticism of Mr. Brismark's citation to *G+ Communications, LLC v. Samsung Electronics Co. Ltd.*, Case No. 2:22-cv-78-JRG, Dkt. 575 at 10 (E.D. Tex. Jan. 22, 2024) is also misplaced. As explained in Wilus's Opposition, Mr. Brismark only references that case for context, and he does not intend to offer any opinions on case law. *See, e.g.*, ECF 334-2 at ¶ 178 n.121. Samsung identifies no opinion that improperly states a legal conclusion. There is therefore no basis to exclude any of Mr. Brismark's opinions.

## III.    CONCLUSION

For these reasons and those stated in Wilus's Opposition, Samsung's Motion to Exclude Mr. Brismark's Opinions should be denied in full.

████████████████████████████████████

Dated: March 31, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

3



.

_/s/ Reza Mirzaie_
Reza Mirzaie


**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 31, 2026, with a copy of this document via electronic mail.

_/s/ Reza Mirzaie_
Reza Mirzaie