**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP <br> [Lead Case] <br><br> Case No. 2:24-cv-00764-JRG <br> [Member Case] <br><br> **FILED UNDER SEAL** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Case No. 2:24-cv-00746-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00765-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> *Defendants.* | Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] |

**WILUS'S REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT ON THE
SUSPENSION OF RAND OBLIGATION**

**TABLE OF EXHIBITS & ABBREVIATIONS**

| Ex. | Document Description | Abbreviation |
|---|---|---|
| | Undisputed Material Facts | UMF |
| | Letter of Assurance | LOA |
| | Wilus's Motion for Partial Summary Judgment on the Suspension of RAND Obligation at Dkt. No. 263 | Mot. |
| | Samsung's Response to Wilus's Motion for Partial Summary Judgment at Dkt. No. 337 | Opp. |
| | Case Nos. 24-cv-0753; 24-cv-0766 | *Wilus v. Askey* |
| | Case Nos. 24-cv-0746; 24-cv-0765 | *Wilus v. Samsung* |
| A | 2014 IEEE Bylaws | |
| B | 2015 IEEE Bylaws | |
| C | Current IEEE Bylaws | |
| D | Wilus's Accepted Letter of Assurance, WILUS_0030063-WILUS_0030066. | |
| E | Rebuttal Expert Report of Paul Nikolich dated February 13, 2026 submitted on behalf of Wilus in *Wilus v. Samsung* | |
| F | Excerpts from the Opening Report of Gustav Brismark dated January 22, 2026 submitted on behalf of Wilus in *Wilus v. Samsung* matters | |
| G | Excerpts from the Opening Report of Gustav Briskmark dated January 22, 2026 submitted on behalf of Wilus in *Wilus v. Askey* matters | |
| H | Samsung's Accepted Letter of Assurance, Bates Nos. SAMSUNG_WILUS_00068935-SAMSUNG_WILUS_00068939 | |
| I | Published statement from USPTO, NIST, and DOJ, Bates Nos. SISVEL-SAMSUNG-0002070- SISVEL-SAMSUNG-0002080 | |
| J | Excerpts from Samsung's Responses to Wilus' Third Set of Requests for Admissions | |
| K | Excerpts from the Corrected Opening Report of Dave Djavaherian dated January 27, 2026 submitted on behalf of Samsung | |
| L | Excerpts from the Rebuttal Report of Dave Djavaherian dated February 13, 2026 submitted on behalf of Samsung | |
| M | Excerpts from the Rebuttal Report of Nisha Mody dated February 13, 2026 submitted on behalf of Askey | |
| N | April 8, 2022 Letter from Sisvel to Samsung re: License offer for WiFi 6 Patents, produced with Bates Nos. SAMSUNG_WILUS_00067566-SAMSUNG_WILUS_00067571 | |
| O | Excerpts from the Opening Report of Dr. M. Ray Perryman dated January 23, 2026 submitted on behalf of Samsung | |

██████████████

| | | |
|---|---|---|
| P | Translated version of letter from ████████████ produced with Bates No. SAMSUNG_WILUS_00096983-SAMSUNG_WILUS_00096986 | |
| Q | Email from Sisvel to Samsung produced with Bates Nos. SAMSUNG_WILUS_00100591-SAMSUNG_WILUS_00100597 | |
| R | Wilus' Amended Initial and Additional Disclosures to Askey | |
| S | Wilus' Amended Initial and Additional Disclosures to Samsung | |
| T | IEEE Records of IEEE Standard Related-Patent Letters of Assurance for IEEE 802.11ax with Amendments | |
| U | Excerpts from the Opening Expert Report of Stephen M. Dell dated January 23, 2026 on behalf of Wilus in *Wilus v. Samsung* | |
| V | Excerpts from the Rebuttal Expert Report of Dr. Ray M. Perryman dated February 13, 2026 on behalf of Samsung | |
| W | Excerpts from the Opening Expert Report of Stephen M. Dell dated January 23, 2026 on behalf of Wilus in *Samsung v. Askey* | |
| X | Excerpts from the Rebuttal Expert Report of Gustav Brismark dated February 13, 2026 on behalf of Wilus in *Wilus v. Samsung* | |
| Y | ████████████████████ produced with Bates Nos. WILUS_0030047-WILUS_0030052 | |
| Z | Email exchange between Sisvel and Samsung produced with Bates Nos. SISVEL-SAMSUNG-0001142- SISVEL-SAMSUNG-0001160. | |
| AA | *Sisvel v. Haier*, Case No. KZR 35/17 (Fed. Ct. Justice, Nov. 24, 2020) | |
| BB | PowerPoint presentation provided to Samsung from Sisvel produced with Bates Nos. SISVEL-SAMSUNG-0001817-SISVEL-SAMSUNG-0001832 | |
| CC | Excerpts from the February 26, 2026 Rough Deposition Transcript of Nisha Mody | |

Wilus's Motion is consistent with the Court's ruling in *G+*, which held that a F/RAND commitment is suspended where a counterparty acts in bad faith. Wilus seeks an articulation of what it means for such a commitment to be "suspended" in view of the IEEE bylaws, contractual principles, and remedies sought. Samsung and Wilus have each asserted the other has breached RAND principles, and Samsung's damages expert explicitly assumes an ongoing RAND commitment in his opinion (despite Samsung's misrepresentations, Dr. Perryman served reports only on a "FRAND Rate"). Ex. O, ¶¶ 9 ("I have also been retained to provide certain opinions related to the implications of the FRAND commitment"), 62-63, 66, 67-83 (opining on the RAND license rate); *see also* Dkt. 257 at 2-8. Wilus seeks a legal determination that (a) Wilus's RAND obligation may be suspended due to Samsung's bad faith and unreasonable delay; and (b) that Samsung cannot simply, as part of a litigation tactic, revive that commitment post-suit to limit remedies (including damages and injunction). [1]

Samsung's position erodes the *G+* holding to nothing. Under Samsung's view, it can refuse to tender a counteroffer for years and commercially threaten a third party to try to avoid paying royalties, and all that does is allow Wilus to further prejudice ***itself*** more by not negotiating until Samsung decides cease its bad faith conduct. This is not what *G+* held. Settled contract law, such as the "prevention" doctrine, confirms Samsung cannot engage in bad faith and then later claim benefit as an intended third-party beneficiary. Resolving this legal issue now is necessary to ensure proper jury instructions and to prevent the jury from being misled into believing pre-suit conduct has no legal consequence or can be cured by post-suit conduct alone.

***Wilus is not seeking an advisory opinion***. This Motion does not seek an "advisory opinion," just as the FRCP 44.1 motion addressed in *G+* did not. Rule 56 expressly permits summary judgment on "part of a claim or defense" and the resolution of legal issues during pretrial, particularly where, as here, the ruling will govern jury instructions and available remedies for certain counterclaims and defenses. *Muniz v. United States*, 972 F.2d 1304, 1309 (Fed. Cir. 1992)(questions of law, such as contract

---

[1] Samsung incorrectly states that Wilus did not include a statement of issues in its Motion. Wilus's statement of issues to be decided is included in its introduction. Mot. at 1.

1

interpretation, may be resolved by summary judgment); *Beres v. United States*, 104 Fed. Cl. 408, 426 (2012) ("questions of law are particularly appropriate for summary judgment" (citations omitted)).

In *Optis Wireless*, cited by Samsung, the Court declined to issue *declaratory judgment* that "PanOptis' worldwide, non-segregable offer is FRAND" where it "has not been presented with any offer from which a rate for U.S. SEPs can be derived." *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 2019 WL 1244707, at *7 (E.D. Tex. Mar. 18, 2019). Here, Wilus seeks a legal ruling related to certain claims and defenses based on *undisputed facts*-namely the bylaws and RAND commitments.

Samsung's position is inconsistent with its *Daubert* motions against Mr. Brismark and Mr. Dell, where it argued that RAND suspension is an issue of law. Dkt. 250 at 3 ("whether Wilus's FRAND obligations […] have been suspended is an improper legal conclusion"); Dkt. 254 at 3 (same).

***The legal consequences of breaching RAND are central to the issues in this case***. Contrary to Samsung's Opposition, Dr. Perryman's opinions are explicitly a "FRAND Rate" and assume that the RAND obligation is not suspended. Dkt. 257 at 9-10. Samsung cannot rewrite Dr. Perryman's report to oppose this Motion. Samsung also argues that Wilus's damages opinions seek "supra-FRAND" rates and asserts breach of contract and good-faith counterclaims under RAND. Dkt. 106-107. Wilus asserts defenses based on Samsung's breach of RAND as well as willfulness, enhanced damages, and injunction. Ex. S; Dkt. 321-3. The legal consequences of the breach of RAND are squarely at issue.

***RAND requires a reciprocal duty of good faith***. Samsung inconsistently argues that negotiating in good faith is "optional" under the IEEE bylaws while citing authority recognizing a reciprocal obligation to negotiate in good faith pursuant to RAND. Opp. at 9; 11-12 (citing cases noting that the RAND contract *requires* an implementer and SEP holder to negotiate in good faith). Samsung also acknowledges that an implementer's failure to negotiate in good faith may result in legal consequences. *Id.* at 7 ("Samsung does not contest this Court's ruling on the effect of bad faith for a party's obligation to negotiate…"); 8 (discussing, without disputing, caselaw establishing the effects of bad faith in RAND negotiations). Indeed, Samsung's counterclaims against Wilus depend on the existence of a reciprocal duty of good faith imposed by the RAND contract. *E.g.,* Dkt. 106-107. There is no dispute that the RAND commitment imposes a reciprocal obligation to negotiate in good faith.

The Court has ruled F/RAND principles impose a reciprocal obligation to negotiate in good faith, as discussed above and in Wilus's Motion. Mot. at 9-10.

  ***The prevention doctrine does apply.*** Samsung concedes that the RAND commitment is interpreted and enforced under contract law but argues that the prevention doctrine does not apply to "sophisticated" third-party beneficiaries. But the Fifth Circuit has held that the prevention doctrine does apply where the beneficiary to the contract is an ***intended*** beneficiary. *See e.g.*, *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017) ("the third-party beneficiary doctrine prevents the intended beneficiary of a contract from avoiding the terms of the contract."). Samsung is an intended third-party beneficiary of the RAND contract because it benefits Samsung, and was intended to do so, as both "implementers" and "potential licensees" are expressly referenced therein. *See e.g., Ward v. American Airlines, Inc.*, 498 F. Supp. 3d 909, 921-22 (N.D. Tex. 2020) (holding that American Airlines was an intended third-party beneficiary where "travel suppliers" were referenced in the arbitration agreement); *Gainey v. Minoo, LLC*, 2019 WL 6768128, at *9 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (holding that real estate agents were third-party beneficiaries where the agreement "specifically reference[d] the Real Estate Agents"). Samsung knowledges that Wilus's RAND commitment is intended to benefit Samsung in its Answer, Counterclaims, and Opposition. Dkt. 106-107; Opp. at 10. Samsung cites no authority holding that intended beneficiaries are insulated from the prevention doctrine, regardless of sophistication, nor does Samsung distinguish the *Janvey* holding.[2]

  Under the prevention doctrine, "the conduct of one party to a contract which prevents the other from performing is an excuse for non-performance." *D2 Excavating, Inc. v. Thompson Thrift Constr., Inc.*, 973 F.3d 430, 437 (5th Cir. 2020). This bedrock principle supports the suspension of a RAND commitment where Samsung's bad faith conduct prevented Wilus from complying with its RAND commitment. There is no option to "cure" the behavior that prevented performance through post-suit conduct. 23 Williston on Contracts § 63:20 (4th ed.)("[w]hen there has been an actual, as opposed to

---

[2] The *Arrow Child & Fam. Ministries* case cited by Samsung is not persuasive because it held the prevention doctrine did not apply to ***commercial lease disputes*** where the parties were sophisticated. *Arrow Child & Fam. Ministries v. Rite of Passage, Inc.*, 2024 WL 3174375, at *7 (N.D. Tex. June 25, 2024). Further, the Court recognized that the prevention doctrine only applied to ***wrongful*** conduct. *Id.*

an anticipatory, breach of contract, the right of action accrues and cannot be defeated by a subsequent offer to perform.").

**_G+ and Pantech support Wilus's position_**. Samsung attacks a strawman. Wilus does not contend that RAND obligations are "eliminated" entirely as to the Asserted Patents themselves; only that RAND obligations are suspended as to a counterparty that has prevented performance through bad faith or unreasonable delay, and that post-suit conduct, alone, cannot reverse that suspension. Neither *G+* nor *Pantech* squarely address whether an implementer can revive RAND protections through post-suit conduct, alone, after its pre-suit breach of the RAND commitment. Wilus's position that post-suit conduct is insufficient to revive RAND suspension aligns with law on willfulness: post-suit conduct cannot erase pre-suit culpable behavior. *See e.g., WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340–41 (Fed. Cir. 2016)("But as the Supreme Court explained in *Halo*, timing *does* matter. Kohler cannot insulate itself from liability for enhanced damages by creating an (ultimately unsuccessful) invalidity defense for trial after engaging in the culpable conduct of copying, or 'plundering,' WBIP's patent technology prior to litigation.")(emphasis in original).

Samsung argues that the RAND commitment has both a procedural and substantive obligation: (1) negotiating in good faith (procedural) and (2) the terms of the license must be reasonable and non-discriminatory (substantive). Opp. at 7. Samsung interprets the *G+* RAND suspension as only applying to the procedural obligations, and not the substantive obligations. But it would be illogical to conclude that a party that blocks the procedural obligations (negotiations in good faith) can still claim the benefit of the substantive obligation (RAND license). Wilus's position is supported by *G+*, which was clear: "the **obligations** of a party acting in good faith [are] suspended when a counterparty to a negotiation for a FRAND license is acting in bad faith." *G+ Commc'ns, LLC v. Samsung Electronics Co Ltd.,* 2024 WL 233222, at *6 (E.D Tex, Jan. 22, 2024)(emphasis added). *G+* does not state that only the "procedural obligations" are suspended—it holds that "the **obligations**" are suspended. The law of "prevention," described above, is in accord.

Further, Samsung's position that *G+* only suspends the "RAND duty to negotiate" would result in a meaningless suspension and undermine its purpose of countering holdout and holdup.

4

Where the duty to negotiate is suspended, there is no way to reach an agreement on RAND terms without further harm to the SEP holder, *e.g.*, litigation. This would fail to achieve the purpose of suspension as set forth in *G+*—"counter the effects of holding up and holding out." *Id.* at *6. At most, *G+* recognizes that RAND obligations may resume if and when the barrier to negotiation is removed but not where an implementer attempts to undo its sustained pre-suit bad faith behavior (and suspension of the RAND commitment) that forced litigation through post-suit conduct, such as declaring "we are now willing." Once litigation begins, the parties are ***no longer negotiating a license*** and there is no possibility of "good faith license negotiations" to cure prior bad faith. This is because they are now engaged in ***settlement communications***. Wilus's experts opined that license negotiations and settlement communications are distinct from each other. Ex. F at ¶ 147.

Likewise, *Pantech* does not resolve the issue here, nor is it on point. *Pantech* declined to interpret *G+* in the context of a motion *in limine* and noted that if the parties wanted the court to interpret a legal issue, they should have raised the issue earlier (as Wilus is doing here). *Pantech Corp. v. OnePlus Tech. Co. Ltd.*, Dkt. 211 at 10, Case No. 5:22-cv-00069 (E.D. Tex. Mar. 1, 2024). *Pantech* did not reject the principle that RAND obligations can be suspended; it opined that the OnePlus' argument that *G+* expressly held that there was "no cap on damages" where one party acts in bad faith was a "stretch" of specifically what was addressed. *Pantech* at 10. The court declined to interpret the law on the issue or interpret the *G+* holding. *Id.* Still, the court permitted the parties to approach the bench during trial to address the issues. *Id.* Samsung's attempt to extend the *Pantech* MIL order beyond its ruling fails.

***The IEEE Bylaw reinforce Wilus's position***. The IEEE bylaws provide that the parties should negotiate in good faith or litigate. They do not permit an implementer to block negotiations, force litigation, and then claim continued entitlement to RAND protections. Nor do they provide any "reset" mechanism allowing post-suit conduct to erase prior bad faith. To the contrary, the bylaws recognize an exception that courts "have the authority to: determine Reasonable Rates and ***other reasonable terms and conditions***, […] ***award monetary damages***; and resolve any defenses and counterclaims." Ex. B, C at 18 (emphasis added). They also expressly state that nothing prohibits a submitter and implementer from litigating over "reciprocal obligations". *Id.*

Dated: March 24, 2026                              Respectfully submitted,


                                                   */s/ Reza Mirzaie*
                                                   Marc Fenster
                                                   CA State Bar No. 181067
                                                   Email: mfenster@raklaw.com
                                                   Reza Mirzaie
                                                   CA State Bar No. 246953
                                                   Email: rmirzaie@raklaw.com
                                                   Dale Chang
                                                   CA State Bar No. 248657
                                                   Email: dchang@raklaw.com
                                                   Neil A. Rubin
                                                   CA State Bar No. 250761
                                                   Email: nrubin@raklaw.com
                                                   Jacob Buczko
                                                   CA State Bar No. 269408
                                                   Email: jbuczko@raklaw.com
                                                   Jonathan Ma
                                                   CA State Bar No. 312773
                                                   Email: jma@raklaw.com
                                                   RUSS AUGUST & KABAT
                                                   12424 Wilshire Blvd. 12th Floor
                                                   Los Angeles, CA 90025
                                                   Telephone: 310-826-7474


                                                   Of Counsel:

                                                   Andrea L. Fair
                                                   State Bar No. 24078488
                                                   MILLER FAIR HENRY, PLLC
                                                   1507 Bill Owens Parkway
                                                   Longview, TX 75604
                                                   (903) 757-6400 (telephone)
                                                   (903) 757-2323 (facsimile)
                                                   E-mail: andrea@millerfairhenry.com

                                                   **ATTORNEYS FOR PLAINTIFF,**
                                                   **Wilus Institute of Standards and**
                                                   **Technology Inc.**


6



/s/ Reza Mirzaie

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 24, 2026, with a copy of this document via electronic mail.

/s/ Reza Mirzaie
Reza Mirzaie

1