# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP |

## PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINIONS OF SAMSUNG EXPERT DAVID DJAVAHERIAN

i

**Mr. Djavaherian Offers Testimony Irrelevant to The Specific Negotiation at Issue.** As this Court held in *Network-1 Techs.,* 2017 WL4173467, at *2, even when an expert describes their opinion as "background," they still must show the facts and issues so described are related to the facts of the case. Mr. Djavaherian is opining on "good faith" of actual companies in an actual negotiation, and thus must show that those companies actually considered or discussed these facts and issues in their negotiations. This is particularly important where those facts and issues are inherently prejudicial, such as the claim that third party Huawei's alleged misconduct in the IEEE taints the patent pool that includes Wilus' patents-in-suit, or the general claim that patents pools raise anti-trust concerns.

Remarkably, Samsung and Mr. Djavaherian take the position that calling something "background" makes it admissible even where the parties to the negotiation *could not have possibly have considered it at all,* because the alleged misconduct was not alleged until December 2025, or, similarly, the valuations by Dr. Perryman relied on by Mr. Djavaherian did not exist until January 2025. Nothing in *Boral* or *G+ Communications* suggest that testimony regarding industry "custom and practices", or consideration of the "totality of the circumstances," make future events relevant to prior negotiations.

**Samsung Provides No Basis to Violate Court MIL 15.** Samsung argues it should be able to violate Court MIL 15 because prior rulings on the admissibility of Mr. Brismark's opinions are relevant to cross examination. Even if true, it would not be *Mr. Dhavaherian's* role to conduct that cross examination through his testimony. Samsung misses the point of MIL 15: the Court determines admissibility, not the jury. If Mr. Brismark provides an opinion at trial in this case, it is because the Court found that opinion admissible or because Samsung waived its challenge to admissibility. Prior rulings on admissibility can thus have no relevance to the jury.

**If the Court Grants Wilus' Motion on Estoppel and Waiver, Mr. Djavaherian's Opinions on the Effect of Untimely Disclosure Have No Relevance.** If the Court grants Wilus' motion on Samsung's estoppel and waiver defenses, Mr. Djavaherian's opinions regarding untimely disclosures would either contradict the Court's holding or be irrelevant to any issue in the case. Samsung argues that the opinions would still be relevant to "willfulness", "good faith" and "valuation issues" stemming from the alleged nondisclosure, but these are all directly derivative of its unenforceability arguments.

███████████████████████████████████████

Dated: March 24, 2026                    Respectfully submitted,


                                         /s/ Reza Mirzaie
                                         Marc Fenster
                                         CA State Bar No. 181067
                                         Email: mfenster@raklaw.com
                                         Reza Mirzaie
                                         CA State Bar No. 246953
                                         Email: rmirzaie@raklaw.com
                                         Dale Chang
                                         CA State Bar No. 248657
                                         Email: dchang@raklaw.com
                                         Neil A. Rubin
                                         CA State Bar No. 250761
                                         Email: nrubin@raklaw.com
                                         Jacob Buczko
                                         CA State Bar No. 269408
                                         Email: jbuczko@raklaw.com
                                         Jonathan Ma
                                         CA State Bar No. 312773
                                         Email: jma@raklaw.com
                                         RUSS AUGUST & KABAT
                                         12424 Wilshire Blvd. 12th Floor
                                         Los Angeles, CA 90025
                                         Telephone: 310-826-7474

                                         Of Counsel:
                                         Andrea L. Fair
                                         State Bar No. 24078488
                                         MILLER FAIR HENRY, PLLC
                                         1507 Bill Owens Parkway
                                         Longview, TX 75604
                                          (903) 757-6400 (telephone)
                                          (903) 757-2323 (facsimile)
                                         E-mail: andrea@millerfairhenry.com

                                         **ATTORNEYS FOR PLAINTIFF,**
                                         **Wilus Institute of Standards and**
                                         **Technology Inc.**

2

███████████████████████████████

████████████████████████████████

████████████████████████████████████

███████████████████.

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, a true and correct copy of the foregoing document was elec-tronically filed with the Court and served on all parties of record via electronic mail.

/s/ *Reza Mirzaie*
Reza Mirzaie

1