**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>HP INC.<br>Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED**<br><br>▉▉▉▉▉▉▉ |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>Defendants. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>Plaintiff<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br>Defendants. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINIONS OF DR. M. RAY PERRYMAN**

i

## <u>TABLE OF CONTENTS</u>

I.   REPLY ARGUMENT ................................................................................................ 1

    A.   Dr. Perryman's Analysis of the ███████████████████████
          ███████████████████████████. ................... 1

    B.   Dr. Perryman's Repetition of "Stack" Opinions and Conclusions Put Out by Biased "Anti-Troll" Organization Fails Under FRE 403, 702 and 703 .................................... 2

    C.   Samsung Fails to Show Where Any of the Three New Opinions, Elicited By Samsung Counsel on Deposition Redirect, Occur in Dr. Perryman's Report ............................. 4

**TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
   25 F.4th 960 (Fed. Cir. 2022) ................................................................................................ 2

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00078-JRG, 2024 WL 1604642 (E.D. Tex. Apr. 12, 2024) ................................. 4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
   407 F. Supp. 3d 631 (E.D. Tex. 2019) .................................................................................... 2

*Rex Med., L.P. v. Intuitive Surgical, Inc.*,
   156 F.4th 1289 (Fed. Cir. 2025) ............................................................................................. 2

Samsung's Opposition largely does not address the key points in Wilus' Motion, and Samsung has failed to substantiate the admissibility of Dr. Perryman's challenged opinions.

## I. REPLY ARGUMENT

### A. Dr. Perryman's Analysis of the ██████████████████████ ████████████████ Carried the Same Value in Negotiations as Asserted Patents.

Samsung's Opposition is largely nonresponsive to Wilus' argument. The point to Wilus' Motion is that Dr. Perryman's analysis ████████████████████████ ████████████████████████ of 75 <u>unasserted</u> patent families carried value. This was his basis for dividing the settlement payment by 75 to get to a "per patent" rate. Samsung's own 30(b)(6) testimony was that there was <u>no apparent value</u> given to the residual portfolio. But in order to drive the implicated rate as low as it could go, he **_assumes the opposite_**, that not only did the residual portfolio of not-asserted patents carry value in the settlement, but each of the patents carried the same value as the asserted patents. *Ecofactor* does not let a damages expert baselessly contradict the factual record regarding a license under the guise of analysis.

Samsung fails to address that its own 30(b)(6) testimony refutes Dr. Perryman's enormous "analytical gap." Samsung identified the ████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ██████████████████████

Samsung argues that Dr. Bims opined on technical comparability. But that is not the basis of Wilus' motion. Wilus is not disputing the subject matter of the ██████████ patents pertain to Wi-Fi, or even, if used at all, similar Wi-Fi features. But Dr. Bims did not opine they had any technical value, or were essential or infringed or used by Samsung. That, together with Samsung's corporate testimony and Dr. Perryman's own admission gives him no basis to treat the residual portfolio as having any particular value in the agreement. But by dividing the lump sum by them

all, he opines each and every one of them tie for the ***most*** value in the agreement.

Recent Federal Circuit decisions have rejected an expert's (such as Dr. Perryman's) unsubstantiated assertion that the "chaff" patents of portfolio license agreements drove value. *Apple Inc. v. Wi-LAN Inc*., 25 F.4th 960, 973 (Fed. Cir. 2022) (expert erroneously placed value on portfolio patents treated in comparable license as "as chaff, not wheat."); *Rex Med., L.P. v. Intuitive Surgical, Inc*., 156 F.4th 1289, 1299 (Fed. Cir. 2025)(erroneous as a matter of law to assume not-asserted portfolio patent from a settlement had any value in the agreement). Samsung cites *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 638-639 (E.D. Tex. 2019), for its supposition that Dr. Perryman could count "declared" patents as essential patents of equal value to the assumed infringed and valid patents at trial. But that case decided whether portfolio licensing was discriminatory and did not concern a hypothetical negotiation for valid and infringed patents.

Samsung fails to distinguish *Personalized Media Commc'ns, LLC v. Apple, Inc*., No. 215CV01366JRGRSP, 2021 WL 662237, at *6 (E.D. Tex. Feb. 20, 2021), where this Court excluded a damages analysis assuming fifty patents held by a company were being practiced. Samsung states this is what Mr. Dell opined, but he did not. The key difference between Mr. Dell's methodology and Dr. Perryman's is that Mr. Dell used established apportionment methodology and metrics to recognize that not all portfolio patents are "essential" or used by a technology, and he adjusted his model as such. Dr. Perryman failed to do this. Samsung argues that Wilus did not move to exclude Dr. Perryman's analysis of Sisvel/Wilus portfolio licenses is "telling."  It may be, but it would be telling <u>against</u> Dr. Perryman's analysis of ███████████████████. For the ████████████████, the patents in those portfolios were asserted in negotiations as evaluated by a third party to be "essential" to 802.11ax (i.e. practiced). Dr. Perryman, crucially and by his own admission, has no basis to assume the same for ██████████ residual, unasserted portfolio.

**B.    Dr. Perryman's Repetition of "Stack" Opinions and Conclusions Put Out by Biased "Anti-Troll" Organization Fails Under FRE 403, 702 and 703.**

The prejudice, lack of probative value, and bias of the Unified Consulting presentation is not the "purview of the jury."  FRE 403 and 703 disallow evidence if it is more prejudicial than

2

probative. Samsung's Opposition fails to address that Wilus moved to exclude this opinion also under FRE 403, and FRE 703 similarly states that "the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweigh their prejudicial effect." Here, Samsung fails to argue that Dr. Perryman's repetition of the Unified Consulting opinion on royalty "stacks" is particularly probative or important. And it is not. Dr. Perryman repeats those conclusions in isolation, and it is not foundational or important to his opinions (and Samsung has not alleged it is). But the prejudice to Wilus is high. As explained in its Motion, to address the prejudice, which Samsung asserts the jury should hear, Wilus must break multiple Court MILs and go into Unified Consulting being part of the "anti-troll" Unified Network, and that the Unified Network has also challenged Wilus' patents in the Patent Office. The prejudice far outweighs the limited probative value of Dr. Perryman simply parroting Unified Consulting's "stack" opinions. This is a matter for the Court to address, not the jury.

FRE 703 also sets forth that experts can rely on hearsay only if experts in the field "reasonably rely on those kinds of facts or data in forming an opinion on the subject." Dr. Perryman confirmed at deposition that opinions of others, like UC, must not be biased to be relied upon. Ex. G at 215:23-216:10. Dr. Perryman admitted he did not know that Unified Consulting report came from an "anti-troll" organization that has challenged the Wilus Asserted Patents at the USPTO. Mot. at 7.

Samsung's argument regarding the Scintillation source is a misdirection. This Motion challenges Dr. Perryman's repetition of the Unified Consulting presentations' opinion that "Sisvel Wi-Fi 6 Pool Rate Leads to a $4.44 Client Stack" and " █████████████ License Results in $0.48 Stack." Ex. C at 5, 8; Ex. A at ¶¶ 156 (Unified Consulting attempted to calculate the royalty stack for Wi-Fi 6 …It determined that the aggregate royalty stack for Wi-Fi 6 was between $0.48 and $4.67 per unit.")  This was NOT the Scintillation work. Dr. Perryman is simply parroting the opinion of Unified Consulting. As explained in Wilus's Motion, Dr. Perryman had no knowledge of the methodology or that Unified Consulting had its embedded biases.

3

**C.      Samsung Fails to Show Where Any of the Three New Opinions, Elicited By Samsung Counsel on Deposition Redirect, Occur in Dr. Perryman's Report.**

Samsung's Opposition fails to point to any paragraph in Dr. Perryman's reports where he opines his "FRAND Rate" damages opinion would apply if there was no FRAND encumbrance.

As set forth in Wilus' Motion, Dr. Perryman made clear earlier in deposition and in his report that he assumed FRAND encumbrance for the purposes of his "FRAND Rate" opinion. Mot. at 8-9, Ex. G at 55:2-17; Ex. A at ¶¶ 15-17; ¶ 62. Samsung cites to no paragraph in Dr. Perryman's report to rebut this and argues only that Dr. Perryman's rebuttal damages opinion was based on a "comparable license framework." Opp. at 7. Dr. Perryman's entire damages opinion is titled "Wilus-Samsung FRAND Rate Analysis" and he confirms his "comparable license analysis provides an accurate determination of a FRAND royalty rate in this matter." Ex. I at ToC; ¶¶ 52-53. Court MIL 23 and FRCP 26 do not require "prejudice", but Samsung argues there is no prejudice from Dr. Perryman's new opinion because FRAND damages can be the same as non-FRAND. This Court has rejected that. *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2024 WL 1604642, at *5 (E.D. Tex. Apr. 12, 2024) (To allow G+ to reverse course and, for the very first time, now argue that it is entitled to seek non-FRAND damages would be wholly inappropriate and improper"). The new opinion should be excluded and Wilus should be permitted to point out at trial that, as clearly set forth in his report, Dr. Perryman's opinion assumes a FRAND obligation.

Samsung similarly fails to point to any report paragraph where Dr. Perryman opines on the "independently evaluated" term of Sisvel's licenses, or how he accounted for recent release of WiFi 7 in accounting for the 6 year gap between his hypothetical negotiation and recent Sisvel agreements. For the latter, Samsung points only to paragraphs that mention "Wi-Fi 7," but none contain that opinion.

4

Dated: March 24, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc.**

5

.

/s/ Jacob R. Buczko
Jacob R. Buczko

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 24, 2026, with a copy of this document via electronic mail.

/s/ Jacob R. Buczko
Jacob R. Buczko

6