# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) ) |
| Plaintiff, | ) Case No. 2:24-cv-0752-JRG-RSP ) **LEAD CASE** |
| v. | ) ) |
| HP INC., | ) Case No. 2:24-cv-00764-JRG-RSP ) **Member Case** |
| Defendant. | ) ) ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) ) |
| Plaintiff, | ) Case No. 2:24-cv-00753-JRG-RSP ) **Member Case** |
| v. | ) ) |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., | ) Case No. 2:24-cv-00766-JRG-RSP ) **Member Case** ) ) |
| Defendants. | ) ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) ) |
| Plaintiff, | ) Case No. 2:24-cv-00746-JRG-RSP ) **Member Case** |
| v. | ) ) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) Case No. 2:24-cv-00765-JRG-RSP ) **Member Case** ) |
| Defendants. | ) ) ) |

**ASKEY DEFENDANTS' MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

I.    ASKEY MOTION IN LIMINE NO. 1: Motion to Enforce the Stipulation
Withdrawing Wilus's Willfulness Claim and Prohibiting Evidence or
Argument Concerning "Bad Faith" ......................................................................1

    A.    Evidence or Argument Suggesting "Bad Faith" by Askey is Unfairly
Prejudicial to Askey and Likely to Mislead the Jury ...............................................2

    B.    Evidence Unrelated to the Hypothetical Negotiation, and in Fact
Contradicting the *Georgia-Pacific* Framework, is Irrelevant .................................3

II.    ASKEY MOTION IN LIMINE NO. 2: Motion to Preclude Inventor
Testimony Concerning Conception and Reduction to Practice, which is
Irrelevant due to the Parties' Stipulation ............................................................4

III.    ASKEY MOTION IN LIMINE NO. 3: Motion to Preclude Evidence
Concerning the Calculation of Damages Before Actual Notice of Alleged
Infringement as Unsupported by Any Wilus Pleadings.........................................6

IV.    ASKEY MOTION IN LIMINE NO. 4: Motion to Preclude Evidence
Concerning Any Alleged Harm Suffered by Wilus as Irrelevant to
Reasonable-Royalty-Based Damages ...................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)..................................................................................................6

*BelAir Elecs., Inc. v. Twelve S., LLC*,
No. 2:22-CV-04443-BHH, 2023 WL 6388810 (D.S.C. Sept. 29, 2023)...................................7

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
No. 21CV11018 (DLC), 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022)...................................7

*DataTreasury Corp. v. Wells Fargo & Co.*,
No. 2:06-CV-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010)......................................2

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
No. CV 15-634-JFB, 2019 WL 1877189 (D. Del. Apr. 26, 2019) ...........................................3

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 216CV00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017)............................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011)..................................................................................................7

**Statutes**

35 U.S.C. § 287.........................................................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 37 (c)(1)................................................................................................................5

Fed. R. Civ. P. 402 .......................................................................................................................4

Fed. R. Civ. P. 403 .......................................................................................................................2

Fed. R. Evid. 403 ...............................................................................................................1, 4, 5, 7

ii

Pursuant to the Eleventh Amended Docket Control Order (ECF No. 230) and the Second Amended Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as Well as Declaratory Judgment Actions Which Relate to Same (Dated December 23, 2025), Defendants Askey Computer Corp. and Askey International Corp. hereby submit their motions *in limine*.

The Court should ensure that the evidence presented to the jury at trial relates only to the issues the jury will decide. Here, the only remaining dispute concerns the calculation of damages. Allowing the jury to hear evidence concerning other, irrelevant issues, such as alleged "bad faith" by Askey, alleged harm suffered by Wilus, or the calculation of damages not supported by Wilus's pleadings, will only confuse the jury and prejudice Askey, which prejudice the Court will be unable to remedy through jury instructions. Fed. R. Evid. 403. Accordingly, the Court should grant Askey's motions *in limine*.

## I.      ASKEY MOTION IN LIMINE NO. 1: Motion to Enforce the Stipulation Withdrawing Wilus's Willfulness Claim and Prohibiting Evidence or Argument Concerning "Bad Faith"

The parties have stipulated that "Wilus will no longer seek any finding of willfulness." ECF No. 202. Despite withdrawing any assertion of willfulness, Wilus nevertheless seeks to introduce evidence that Askey has acted in "bad faith," with "strategic delay," indicative of "hold up," or an "unwillingness to license." *See* ECF No. 255, 255-2. These issues of culpability, i.e., assertions of bad faith, willfulness, and/or other conduct relating to the parties' license negotiations, are no longer at issue and irrelevant to the only remaining issue—damages based on a reasonable royalty under *Georgia-Pacific*. *Id.* The unfair prejudice arising from such evidence, and the likelihood that it will mislead the jury, far outweighs any possible relevance (there is none) to any issue that remains. Fed. R. Evid. 403.

1

**A.      Evidence or Argument Suggesting "Bad Faith" by Askey is Unfairly Prejudicial to Askey and Likely to Mislead the Jury**

The Court should bar evidence and argument that Wilus intends to present regarding the parties' negotiations and/or allegations of "bad faith," because the evidence is likely to introduce unfair prejudice that the Court cannot cure through jury instructions. Fed. R. Civ. P. 403.

Wilus withdrew its willfulness allegation, and the jury will not decide whether Askey has engaged in any willful conduct. Instead, the jury will only determine damages under the *Georgia-Pacific* framework. Evidence or argument characterizing Askey as a "holdout," or "unwilling licensee," or otherwise focusing on negotiations invites the jury to decide damages or a royalty rate based on the perceived culpability of Askey instead of the correct analysis. Such evidence is not only irrelevant, but indeed contradicts the legally prescribed reasonable-royalty, hypothetical-negotiation framework between willing parties. Allowing the jury's perception to be colored by such evidence is the type of unfair prejudice and misleading of the jury that Rule 403 forbids.

Indeed, the Court's MIL No. 9 precludes a party from "referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term." The Court should preclude Wilus from arguing that Askey has acted in "bad faith" in negotiations with Sisvel or that Askey is a "hold out" or "unwilling licensee" under the same rationale.

Moreover, Wilus's attempt to argue that Askey's conduct is indicative of bad faith creates a sideshow that will only serve to confuse the jury. *See DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11538713, at *3 (E.D. Tex. Feb. 26, 2010) (excluding evidence related to dropped issues where it would create "sideshow litigation" and "cause undue prejudice, jury confusion, and waste of time."); *see also* Court Mil No. 1 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes, dispositive motion practice, or dropped claims or

2

defenses."). To respond to Wilus's evidence, Askey would be compelled to provide evidence in rebuttal, including evidence of its multiple offers made to Sisvel that Sisvel rejected without explanation. *See* ECF No. 278, at 2-5. That Wilus's has asked the Court to bar post-suit communications that would rebut Wilus's allegations (*see* ECF No. 263, at 14-15) confirms that the Court should bar the pre-suit communications as well.

In fairness, the jury would also need to be informed that Wilus stipulated that it "will no longer seek any finding of willfulness." None of this would aid the jury in deciding the outcome of a hypothetical negotiation between a *willing* licensor and a *willing* licensee where evidence of any alleged unwillingness or hold up is irrelevant. Allowing Wilus to present evidence to suggest bad faith will only lead to confusion and prejudice to Askey, which the Court could not cure through jury instructions.

### B. Evidence Unrelated to the Hypothetical Negotiation, and in Fact Contradicting the *Georgia-Pacific* Framework, is Irrelevant

The prejudicial and improper nature of the testimony Wilus seeks to offer concerning bad faith is confirmed by its irrelevance to any issue that remains in the case for the jury to resolve. At trial, the parties will ask the jury to determine the amount of reasonable royalty damages; the parties agree that is the only issue that remains after the parties' stipulation. *See* ECF No. 227, at 3 ("Thus, no issues remain for trial that relate to either infringement or validity, and the only remaining issues left to be resolved are damages and remedies."). As the court found in *Godo Kaisha IP Bridge v. TCL*, "allegations of 'hold out' and [Defendant's] supposedly being an 'unwilling licensee' have no relevance in view of the jury's verdict [finding no willful infringement]. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. CV 15-634-JFB, 2019 WL 1877189, at *7 (D. Del. Apr. 26, 2019). Because Wilus has stipulated that it

3

"will no longer seek any finding of willfulness," allegations of bad faith," "hold out," or unwillingness to license" have no relevance to any remaining issue. *See id.*

Additionally, Wilus's damages expert admitted his analysis is unaffected by any claim of bad faith. *Id.*; *see also* ECF No. 321, at 4-5, 9-10. Mr. Dell confirmed that his "opinion would not change, determinative of that finding of whether Askey negotiated in bad faith or not." *See* ECF No. 255-4, at 106:15-20. In other words, the evidence Wilus seeks to introduce has no relevance and is offered for prejudice instead. Because the evidence is irrelevant, the Court should also exclude it pursuant to Fed. R. Civ. P. 402, but clearly also under Fed. R. Civ. P. 403.

II.     **ASKEY MOTION IN LIMINE NO. 2: Motion to Preclude Inventor Testimony Concerning Conception and Reduction to Practice, which is Irrelevant due to the Parties' Stipulation**

Wilus's Trial Witness list includes three individuals—Woojin Ahn, Greg Ko, and John Son—whose knowledge relates to "conception, reduction to practice, design, and development" of the asserted patents. Because neither validity nor infringement is at issue, these identified topics are no longer relevant. Additionally, Askey did not depose any of these individuals based on its understanding that their relevant knowledge is limited to "[c]onception, reduction to practice, design, and development," and based on Wilus's proposal that the parties "streamlin[e] deposition discovery." Askey will endure prejudice if the Court now allows the witnesses to testify at trial.

In its amended Rule 26(a) disclosures provided on November 12, 2025, Wilus provided the following description of information known by John Son and Greg Ko: "Co-inventor of the '077, '281, '595, '210, '992, '163, '597, '035, '879, '638, '233, '396, '926 patents. Conception, reduction to practice, design, and development of the '077, '281, '595, '210, '992, '163, '597, '035, '879, '638, '233, '396, '926 patents." Ex. 1, at 3. The disclosure for Woojin Ahn was similar, but with fewer patents. *Id.*, at 4. Wilus also identified Dr. Kwak as having similar knowledge for the patents he contributed to. *Id.*, at 3.

After this disclosure, and before the parties conducted any depositions, Wilus and Askey entered into a stipulation in which the parties agreed "[t]he Askey Defendants will no longer pursue these two defenses set forth in the Defendants' Answer to Plaintiff's Complaint for Patent Infringement (Dkts. 59, 60): (a) First Defense - Non-infringement and (b) Second Defense – Invalidity" and "(2) Plaintiff Wilus will no longer seek any finding of willfulness." ECF No. 202, at 1. Additionally, Wilus proposed the parties streamline deposition discovery by agreeing to not call their witnesses at trial in exchange for the other side forgoing the deposition of those witnesses. Because invalidity is no longer at issue, and the only remaining dispute concerns the calculation of damages, Askey did not participate in the depositions of Woojin Ahn, Greg Ko, and John Son.

Wilus's witness list did not identify any subject matter or testimony Wilus intends to elicit from Woojin Ahn, Greg Ko, or John Son, but if Wilus intends to elicit testimony from these witnesses beyond the subjects of conception and reduction to practice, that would exceed the scope of subject matter for which they were identified, and Wilus's failure to disclose that subject matter bars its reliance on these witnesses at trial. Fed. R. Civ. P. 37 (c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Further, allowing these witnesses to testify would prejudice Askey (Fed. R. Evid. 403), who has not had the opportunity to examine the witnesses or their knowledge in discovery, and that prejudice cannot be cured by a jury instruction.

Accordingly, the Court should bar Wilus from presenting evidence concerning "[c]onception, reduction to practice, design, and development" from any inventor related to the patent-in-suit, and should not allow testimony from Woojin Ahn, Greg Ko, or John Son on other, previously undisclosed, subject matter.

5

**III.   ASKEY MOTION IN LIMINE NO. 3: Motion to Preclude Evidence Concerning the Calculation of Damages Before Actual Notice of Alleged Infringement as Unsupported by Any Wilus Pleadings**

As the parties discussed in their summary judgment briefing on pre-notice damages, neither Wilus's Complaint nor its discovery responses include any allegation of its compliance with the *constructive* notice provisions of 35 U.S.C. § 287. *See* ECF No. 323; ECF No. 415. Wilus's Complaint and interrogatory responses alleged only *actual* notice. *Id.* Therefore, the Court should bar Wilus from presenting evidence concerning any damages allegedly arising from pre-actual-notice sales by Askey, as such evidence relates only to the constructive notice damages claim that was never alleged and therefore not at issue.

Wilus does not dispute its burden to both **plead** and **prove** compliance with § 287. *See* ECF No. 374; *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc*., 876 F.3d 1350, 1366 (Fed. Cir. 2017). Wilus never pled marking—it did not plead actual marking by Wilus or anyone else, nor did it plead any exemption from its marking obligations. Wilus's Complaint exclusively focused on providing "Askey with actual notice of infringement." Wilus's interrogatory responses similarly relied solely on *actual* notice, not *constructive* notice. In other words, Wilus did not allege that its licensees marked any products or had no obligation to mark, which Wilus was required to do for any recovery of damages before the date of actual notice. Because Wilus never pled *constructive* notice (marking or no duty to mark) and instead pled only *actual* notice, *pre-notice damages* are not now, and have never been, at issue.

Wilus has argued that its narrative focusing on actual notice—that it "satisfied the requirements of 35 U.S.C. § 287(a) . . . [with example of] Sisvel's letters conveying Wilus's and Sisvel's belief that Askey products practiced Wilus's [] patent"—is nevertheless sufficient to meet notice pleading requirements. It is not, especially when the only "example" Wilus pled is its notice letters. Adequately pleading patent-marking compliance requires more. *See Huawei Techs. Co. v.*

6

*T-Mobile US, Inc.*, No. 216CV00052-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017); *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022); *BelAir Elecs., Inc. v. Twelve S., LLC*, No. 2:22-CV-04443-BHH, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) (holding that a generic assertion that the patentee complied with "the provisions of § 287" was "conclusory (and unclear)" and insufficient to sustain a pre-litigation damages claim). Wilus has not pled any compliance.

Further, the cases Wilus relies on in its briefing are inapplicable, because they involve assertion of method claims (i.e., constructive notice not required) and/or cases with complaints that include additional supportive facts concerning actual notice, *not* constructive notice. *See* ECF No. 415, at 1-2. Wilus also argues that its willfulness allegations can satisfy its pleading burden under § 287(a), but such allegations again relate only to *actual* notice, not *constructive* notice. *Id.*, at 3. Wilus's willfulness allegations do not fill the constructive-notice gap in its Complaint.

Allowing Wilus to introduce evidence of sales occurring before the date Wilus has alleged for actual notice will confuse and mislead the jury and cause unfair prejudice to Askey. The Court should not permit it. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury . . . ."). The Court cannot adequately remedy the potential for confusion, because once the jury hears testimony about pre-notice damages, the Court cannot un-ring the bell. *See, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (discussing the challenges of putting a $19 billion cat back in the bag). Wilus's damages expert has prepared opinions calculating damages based on the alleged actual notice date, and the Court should restrict his testimony to those opinions, rather than allowing him to testify about an alternative damages theory for pre-notice damages that Wilus failed to plead.

IV.    **ASKEY MOTION IN LIMINE NO. 4: Motion to Preclude Evidence Concerning Any Alleged Harm Suffered by Wilus as Irrelevant to Reasonable-Royalty-Based Damages**

Contrary to its undertaking to license everyone on reasonable and non-discriminatory basis, Wilus has alleged that Wilus has suffered harm as a result of Askey's sales without a Wilus license in seeking a permanent injunction. Any harm allegedly suffered by Wilus is irrelevant to any issue remaining for the jury and will only serve to unfairly prejudice Askey or mislead the jury in its consideration of the *Georgia-Pacific* factors. The Court should preclude Wilus from offering any such evidence or testimony to the jury.

Wilus has identified several witnesses who it has suggested might offer harm testimony. For example, Wilus disclosed Mr. Gustav Brismark's "expert" opinions of suspended F/RAND obligations premised on his alleged "irreparable harm" to Wilus, including (1) deprivation of revenue, (2) unjust retention of royalites, (3) economic coercion, (4) erosion of SEP value, and (5) diversion of resources and litigation costs. *See* ECF No. 255-2, ¶ 133. Mr. Brismark's opinions are improper, and the Court should exclude them. *See* ECF No. 255. Mr. Brismark, not a participant of any Wilus-Askey negotiation, offered opinions unsupported by any evidence, but instead with his off-the-record "discussions" with Sisvel's corporate representative, David Muus, and with Wilus's CEO Dr. Kwak. Sisvel's corporate representative does not have personal knowledge of any harm alleged by Wilus and Dr. Kwak's declaration cited in Wilus's motion for permanent injunction (ECF No. 228-4) was unsupported by any concrete evidence (ECF No. 278).

Importantly, any alleged harm to Wilus has no bearing on the hypothetical negotiation between Wilus and Askey under the *Georgia-Pacific* framework. Wilus's damages expert, Stephen Dell, did not rely on alleged harm when forming his opinions on damages; Wilus's damages theory rests on a hypothetical negotiation *before* Askey began selling the accused products. Testimony concerning harm relates only to equitable relief and has no place at trial. *See* Court MIL No. 5

8

("The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable issues or defenses (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues)."). Furthermore, Wilus's motion for a permanent injunction has been fully briefed and the record is closed on that request. The Court should not permit additional testimony or evidence that relates only to Wilus's request for equitable relief.

Accordingly, the Court should bar witnesses from testifying about any alleged harm to Wilus, including the harms alleged by Mr. Brismark's report and Dr. Kwak's February 10, 2026 declaration.

Dated:  April 6, 2026                          Respectfully submitted,


                                     _____/s/ Jeffrey D. Smyth_____

                                     Trey Yarbrough
                                     Bar No. 2213350
                                     **YARBROUGH WILCOX, PLLC**
                                     100 E. Ferguson Street, Suite 1015
                                     Tyler, TX 75702
                                     Tel:  (903) 595-3111
                                     Fax: (903) 595-0191
                                     Email: trey@yw-lawfirm.com

                                     Ming-Tao Yang (*pro hac vice*)
                                     Jeffrey D. Smyth (*pro hac vice*)
                                     **FINNEGAN, HENDERSON, FARABOW**
                                     **  GARRETT & DUNNER, LLP**
                                     3300 Hillview Avenue, 2nd Floor
                                     Palo Alto, CA 94304
                                     Tel:  (650) 849-6600
                                     Fax: (650) 849-6666
                                     Email: ming.yang@finnegan.com
                                     Email: jeffrey.smyth@finnegan.com

                                     *Attorneys for Defendants Askey Computer Corp.*
                                     *and Askey International Corp.*


9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rule CV-7(h) counsel for Askey has conferred with counsel for Plaintiff and the relief requested in this motion is opposed.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth