IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY TO PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S ESTOPPEL & WAIVER DEFENSE (DKT. 249)**

████████████████████████████████

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................... i

TABLE OF ABBREVIATIONS ....................................................................................................... ii

I.      Wilus Does Not Dispute Critical Facts.................................................................................. 1

II.     Wilus Fails to Identify Any "Conflicts" Between the IEEE Documentation ........................ 1

III.    The "Call for Patents" Imposes a Duty of Disclosure .......................................................... 1

IV.     There Is At Least a Genuine Dispute of Material Fact that Wilus Failed to
        Satisfy Its Duty to Timely Submit a LOA .............................................................................. 2

V.      Conclusion ............................................................................................................................. 3

i

███████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
| --- | --- |
| '077 patent | U.S. Patent No. 10,313,077 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| Asserted Patents | '077, '281, '595, '210, '163, '597, '035, and '879 patents |
| Bylaws | IEEE Standards Board Bylaws |
| DOJ | United States Department of Justice |
| Guide | IEEE Standards Association: Understanding Patent Issues During IEEE Standards Development |
| IEEE | Institute of Electrical and Electronics Engineers |
| LOA | Letter of Assurance |
| Motion | Plaintiff Wilus Institute of Standards and Technology Inc.'s Motion for Partial Summary Judgment on Samsung's Estoppel & Waiver Defense (Dkt. 249) |
| Operations Manual | IEEE-SA Standards Board Operations Manual |
| Opposition | Samsung's Opposition to Plaintiff Wilus Institute of Standards and Technology Inc.'s Motion for Partial Summary Judgment on Samsung's Estoppel & Waiver Defense (Dkt. 249) |
| Reply | Plaintiff Wilus Institute of Standards and Technology Inc.'s Reply in Support of Its Motion for Partial Summary Judgment on Samsung's Estoppel & Waiver Defense |

████████████████████████████████████████████████

The Motion should be denied. Wilus fails to dispute critical facts and glosses over key language from IEEE documentation. And in any event, consistent with this Court's practice, it should reserve ruling on the Motion until after trial, if necessary, as it concerns only equitable defenses. *See* Dkt. 333 at 1 n.1 (quoting *Force MOS Tech., Co., Ltd. v. ASUSTeK Comp., Inc.*, No. 2:22-cv-460-JRG, Dkt. No. 315 at 82:17–22 (E.D. Tex. Dec. 1, 2024)).

## I.    Wilus Does Not Dispute Critical Facts

Wilus does not dispute critical facts Samsung raised in the Opposition. Samsung explains that (1) the Asserted Patents claim priority to Korean Patent applications filed between 2015 and 2017, (2) certain inventors of the Asserted Patents attended IEEE 802.11 Task Group ax meetings on Wilus's behalf during that same timeframe, (3) the inventors never responded to the IEEE's "call for patents" during these meetings, (4) ████████████████████████████████████████ ██████████, and (5) Wilus waited for years after filing the Korean Patent applications before submitting a LOA. Dkt. 333 at 6–8. These facts lay the foundation for Wilus's duties and the breaches thereof.

## II.    Wilus Fails to Identify Any "Conflicts" Between the IEEE Documentation

In discussing the Guide and the Operations Manual, Wilus states that the Bylaws control in the event of a conflict between the (1) Bylaws, and (2) the Guide or Operations Manual. Dkt. 366 at 2. Samsung agrees. However, Wilus fails to identify any conflict—as Wilus acknowledges, the Bylaws simply "set forth the 'basic procedures,'" *id.*, which are fleshed out by the Operations Manual and the Guide, as Samsung explained in the Opposition. There are no conflicts between the Bylaws, the Operations Manual, and the Guide—they all lead to the conclusion that Wilus had a duty to disclose.

## III.    The "Call for Patents" Imposes a Duty of Disclosure

Samsung explains in the Opposition that the "call for patents" imposes a duty of disclosure. Dkt. 333 at 9–11. By reading the Bylaws, the Operations Manual, and the Guide together—all IEEE publications—the duty of disclosure becomes evident.

As in the Motion, Wilus's arguments in its Reply avoids key IEEE language. Dkt. 366 at 4–5. Wilus fails to address the Bylaw's requirement that participants "***shall*** inform the IEEE . . . of the

1

███████████████████████████████████████████

holder of any potential Essential Patent Claims . . . that are not *already the subject of an Accepted Letter of Assurance*[.]"  Dkt. 249-5 § 6.2.  This creates a duty: if a participant is aware of potential Essential Patent Claims "that are not already the subject of an Accepted Letter of Assurance," that participant "shall inform the IEEE."  And the Guide is in accord—it states that participants are "*required to notify the IEEE* of the identity of a holder of any potential Essential Patent Claims . . . *where* . . . *the potential Essential Patent Claim is not already the subject of any existing" LOA*.  Dkt. 333-4 at 5.  In view of this requirement, the IEEE issues the mandatory "call for patents" at the beginning of every meeting.  However, as explained above, it is undisputed that Wilus's participants failed to respond to the "call for patents."

Wilus's arguments ignore the Bylaws, the Guide, and Wilus's participants' conduct during IEEE meetings, and therefore should be rejected.

## IV.    There Is At Least a Genuine Dispute of Material Fact that Wilus Failed to Satisfy Its Duty to Timely Submit a LOA

In the Opposition, Samsung explained that the Bylaws provide that a participant should disclose its potential Essential Patent Claims "as soon as reasonably feasible in the standards development process."  Dkt. 333 at 11–13.  Mr. Djavaherian explains that this is a requirement that Wilus failed to fulfill.  Dkt. 333-23 ¶¶ 33–34.  Moreover, the "DOJ Letter explains that early disclosure of potentially essential patent claims allows working group participants to achieve 'greater clarity' during the standards setting process and evaluate 'the relative costs of the proposed technological alternatives.'"  Dkt. 333 at 12 (quoting Dkt. 333-3 at 5, 8).  And the unrebutted facts demonstrate that Wilus's IEEE participants believed Wilus had potentially Essential Patent Claims yet waited years before disclosing such claims through a LOA.  *Id.*  There is at least a genuine dispute of material fact as to whether Wilus failed to disclose potential Essential Patent Claims "as soon as reasonably feasible in the standards development process."

The Reply does nothing to change this conclusion.  Dkt. 366 at 2–4.  As an initial matter, it fails to even address Mr. Djavaherian's report and the DOJ Letter.  Instead, Wilus attempts to read out "as soon as reasonably feasible" from the Bylaws by arguing that there is no temporal limitation

2

████████████████████████████

as long as a LOA is submitted before a standard is set.  But as Samsung explained at length in its Opposition, Wilus's reading of the Bylaws and related documentation leads to an absurd result where a participant could knowingly sit on his hands for years and, a minute before the standard is set, disclose potential Essential Patent Claims.  This misreading of the IEEE Bylaws would defeat the purpose of the LOA and IEEE disclosure requirements.  Wilus's arguments should be rejected.

## V.    Conclusion

For the reasons set forth above and in the Opposition, Samsung respectfully requests that the Court deny the Motion.


Dated: March 31, 2026                              Respectfully submitted,

                                                   /s/ Ralph A. Phillips
                                                   Ruffin B. Cordell
                                                   TX Bar No. 04820550
                                                   cordell@fr.com
                                                   Michael J. McKeon
                                                   DC Bar No. 459780
                                                   mckeon@fr.com
                                                   Ralph A. Phillips
                                                   DC Bar No. 475571
                                                   rphillips@fr.com
                                                   Matthew P. Mosteller
                                                   DC Bar No. 1697343
                                                   mosteller@fr.com
                                                   Bryan J. Cannon
                                                   DC Bar No. 1723657
                                                   cannon@fr.com
                                                   Brendan F. McLaughlin
                                                   DC Bar No: 1671658
                                                   BMcLaughlin@fr.com
                                                   Payal Patel
                                                   DC Bar No. 90019320
                                                   ppatel@fr.com
                                                   Damien Thomas
                                                   DC Bar No. 90018451
                                                   dthomas@fr.com
                                                   James Young
                                                   DC Bar No. 90005769
                                                   jyoung@fr.com
                                                   FISH & RICHARDSON, P.C.

                              3

1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351

4

████████████████████████████████

melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

████████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 31, 2026.  As of this date, all counsel of record are being served with a copy of this document by electronic mail.

*/s/ Ralph A. Phillips*

6