**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>HP INC.<br>　　　　　Defendant. | Case No. 2:24-cv-00752-JRG-RSP<br>[Lead Case]<br><br>Case No. 2:24-cv-00764-JRG-RSP<br>[Member Case]<br><br>**JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　　　　Defendants. | Case No. 2:24-cv-00746-JRG-RSP<br>[Member Case]<br><br>Case No. 2:24-cv-00765-JRG-RSP<br>[Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP.<br><br>　　　　　Defendants. | Case No. 2:24-cv-00766-JRG-RSP<br>[Member Case]<br><br>Case No. 2:24-cv-00753-JRG-RSP<br>[Member Case] |

**WILUS'S SUR-REPLY TO SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE NONJOINDER OF A JOINT INVENTOR FOR THE '035 AND '879 PATENTS**

███████████████████████████████████

## **TABLE OF CONTENTS**

I.      REPLY TO WILUS'S STATEMENT OF UNDISPUTED MATERIAL
        FACTS...................................................................................................................1

II.     ARGUMENT .......................................................................................................2

        A.      Genuine Disputes of Material Fact Exist as to Whether Cariou
                Contributed in a Significant Manner to the Conception of the
                Claimed Invention.................................................................................2

        B.      Genuine Disputes of Material Fact Exist as to Whether Any
                Contribution by Cariou Was Insignificant When Measured Against
                the Full Dimension of the Invention .....................................................3

        C.      Genuine Disputes of Material Fact Exist as to Whether Cariou's
                Alleged Contribution Reflected Only Well-Known Concepts in the
                Field......................................................................................................3

        D.      Genuine Disputes of Material Fact Exist as to Whether the Parties
                Engaged in the Collaborative Conception Required for Joint
                Inventorship..........................................................................................4

███████████████████████████████

## TABLE OF AUTHORITIES

**Cases**

*Allen Eng'g Corp. v. Bartell Indus., Inc.*,
   299 F.3d 1336 (Fed. Cir. 2002) ........................................................................................5

*Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*,
   964 F.3d 1365 (Fed. Cir. 2020) ........................................................................................4

*RMail Ltd. v. Amazon.com, Inc.*,
   No. 2:10-CV-00258-JRG, 2019 WL 13215697 (E.D. Tex. June 7, 2019) ...........................1

**Rules**

Fed. R. Civ. P. 26(a)(2) ......................................................................................................1

Fed. R. Civ. P. 56(c)(1)(A), (c)(4) .....................................................................................1

████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| IEEE | Institute of Electrical and Electronics Engineers |
| TGax | Task Group AX |
| MU | Multi User |
| EDCA | Enhanced Distributed Channel Access |
| RSSUMF | Dkt. No. 332, Wilus's Response to Samsung's Statement of "Undisputed" Material Facts |
| WSUMF | Dkt. No. 332, Wilus's Statement of Undisputed Material Facts |

Samsung's reply does not cure the defects in its opening motion because, rather than showing that Rule 56 and Samsung's clear-and-convincing burden are satisfied as a matter of law, it confirms that genuine disputes of material fact identified in Wilus's opposition exist.

## I.    WILUS'S STATEMENT OF UNDISPUTED MATERIAL FACTS REPLY

**1.** Samsung improperly asserts that engineers are also "affiliated" with IEEE and 802.11. But IEEE defines "affiliation" as requiring **financial** or **material support** for an individual's participation in the relevant standards activity. *See* https://standards.ieee.org/faqs/affiliation/. Samsung offers **no evidence of any such support** from IEEE.[1] Furthermore, it is undispute that the engineers are actually affiliated with many different organizations for the developing standard. WSUMF ¶1.

**2–5.** Samsung offers no contrary evidence disputing the substance of these factual and well-supported paragraphs. Mr. Nikolich's declaration is based on decades of firsthand IEEE experience. Nikolich Decl. ¶¶1–7. Dr. Ahn participated in more than ███ task group meetings. Mot., Ex. 5 at 28:3-7. Mr. de la Iglesia likewise provided helpful and proper opinions regarding independent development in the standards process. *See* Dkt. 338 at 9–10.

**6–7.** There is nothing conclusory as Dr. Ahn testified that ███



███ WSUMF ¶¶6-7. Dr. Wicker fails to opine that Wilus's contribution was "not significant." *See* Reply, Ex. 37 ¶1254.

**8–10.** Samsung admits that Wilus solution includes material ███ and not present in Cariou. That material related to the "heart of the invention." WSUMF ¶7. Cariou discussed general concepts of using two EDCA parameter sets already known. WSUMF ¶¶6-12.

---

[1] Mr. Nikolich's declaration is proper as it is not itself an expert report under Rule 26 merely because it addresses expert subject matter. *See RMail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-00258-JRG, 2019 WL 13215697, at *1 (E.D. Tex. June 7, 2019) ("The Parties submitted targeted declarations in support of their respective positions in order to satisfy the summary judgment standard. Though such declarations are competent evidence to satisfy the summary judgment standard, *see* Fed. R. Civ. P. 56(c)(1)(A), (c)(4), these declarations are not expert reports, *see* Fed. R. Civ. P. 26(a)(2).").

1

███████████████████████████████████████████████

**11.** Samsung mischaracterizes Dr. Ahn's testimony. The cited passage at 142:17–146:14 does not establish that ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████. Indeed, Dr. Ahn specifically testified that ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████ WSUMF ¶¶5, 11.

**12.** The Qualcomm application is in the record, cited on the face of the asserted patents, and on its face discloses two EDCA parameter sets before Cariou's submissions. WSUMF ¶12. Samsung offers no contrary evidence showing that disclosure is irrelevant or materially different. The lack of expert discussion does not remove the reference from the record.

## II.    ARGUMENT

### A.    Genuine Disputes of Material Fact Exist as to Whether Cariou Contributed in a Significant Manner to the Conception of the Claimed Invention

Samsung's reply still does not establish that no reasonable jury could find against it on significant contribution. Wilus's evidence is that Cariou's proposals were ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████ WSUMF ¶¶6–7; Ahn Dep. 37:9–13. Samsung's answer—that a joint inventor need not contribute to every claim element—misses the point. The real dispute is whether Cariou contributed in a significant manner to the conception of the claimed invention, as opposed to an insufficient general concept. Wilus cited *Eli Lilly* and *Hess* for exactly that point, and Samsung still does not distinguish them; instead, it simply asserts that Cariou contributed to "switch" and "terminate," even though Wilus's evidence is that **Cariou's submissions only discuss general MU-EDCA concepts.** Opp. at 10–11; Reply at 2; WSUMF ¶6. Genuine disputes of material fact exist as to whether it provided a significant contribution.

████████████████████████████████████████████████

**B.      Genuine Disputes of Material Fact Exist as to Whether Any Contribution by Cariou Was Insignificant When Measured Against the Full Dimension of the Invention**

Samsung's reply misstates the record. Wilus did produce evidence from which a reasonable jury could find any alleged contribution by Cariou was insignificant when measured against the full invention: Wilus's evidence showed that Cariou's submissions disclosed only a general, early-stage concept, while Wilus developed the "specific operational rules" that made the claimed design function properly across scenarios. WSUMF ¶¶6–11; RSSUMF ¶¶10–11, 13. That is why Wilus's expert described Wilus's solution as the **"heart of the invention,"** and why Dr. Ahn testified that ████████

████████████████████████████████████████████████

WSUMF ¶7; Ahn Dep. 173:15–174:6. Furthermore, Wilus's technical expert does not opine that the only technical benefit came from Cariou's contribution; rather, he explains that ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ *See* Mot., Ex. 27 ¶215.

Samsung cites no authority allowing the Court to weigh competing views of the invention's relative contributions and decide, as a matter of law, that Cariou's contribution was not insignificant, and it still does not distinguish *HIP* or *Nartron*, which Wilus cited on this exact point. Opp. at 11–12. Samsung fails to prove, without any genuine factual dispute, that Cariou's alleged contribution was sufficiently substantial when measured against the full invention.

**C.      Genuine Disputes of Material Fact Exist as to Whether Cariou's Alleged Contribution Reflected Only Well-Known Concepts in the Field**

Samsung's response on this point is especially weak. Wilus supported its "well-known concepts" argument with concrete record evidence—the asserted patents and the prior-art reference cited on their face—showing that **the broad concept Samsung attributes to Cariou was disclosed before Cariou's 998 and 1180 submissions**. WSUMF ¶12. Samsung answers that evidence not with contrary evidence, but with attorney argument that Wilus lacked expert testimony expressly equating the Qualcomm reference with Cariou 998 and 1180, while offering no Samsung expert testimony that

3

████████████████████████████████████████████████████

the prior-art disclosure is materially different. Reply at 3. Nor does Samsung meaningfully distinguish *Hess* or *Nartron*, which Wilus cited for the settled rule that conveying known principles or the state of the art is not enough for joint inventorship. Opp. at 12–13. Samsung's reliance on *Dana-Farber* is misplaced. That case only held that an alleged joint inventor does not lose inventorship credit merely because **the alleged joint inventor's own contribution** was published earlier. *Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1372–73 (Fed. Cir. 2020). Here, by contrast, **the Qualcomm reference is not Cariou's publication at all**. WSUMF ¶12.

Samsung's reliance on Dr. Ahn and Mr. de la Iglesia is misplaced. Dr. Ahn's testimony that ████████████████████████████████████████████████, does not foreclose that Cariou's concept itself was already known in the field. WSUMF ¶12. And Samsung misstates Mr. de la Iglesia's opinion: he opines on whether the **claimed combination** was "conventional or generic," not whether the specific "switching" and "terminating" limitations Samsung attributes to Cariou were themselves conventional. *See* Reply, Ex. 38 ¶594.

### D.    Genuine Disputes of Material Fact Exist as to Whether the Parties Engaged in the Collaborative Conception Required for Joint Inventorship

Samsung's reply does not come close to establishing the absence of a factual dispute on collaboration. Wilus's evidence is not conclusory; it is grounded in record facts showing that TGax was an open standards-development forum in which typically experts affiliated with different organizations reviewed proposals, discussed feasibility, and then **independently developed their own contributions**. WSUMF ¶¶1–5; RSSUMF ¶2. Wilus's evidence shows that IEEE did not operate under common technical direction and that TGax participants did not function like employees under a shared manager. *Id.* Samsung's response does not genuinely dispute those structural facts. Reply at 1–2. Samsung continues to fail to present any evidence that TGax participants expected to be listed as co-inventors on patents obtained by other companies that developed their own technologies following earlier submissions. *See* DLI Rpt. ¶667.

Most importantly, Samsung still does not confront the key record fact that, before Wilus filed its patent application, Dr. Ahn did not ████████████████████████████████

4

██████████████████████████████████████████████████

██████████████████████████████████████████████ WSUMF ¶11; Ahn Dep. 45:23–46:5. Dr. Ahn also testified that ████████████████████████ ██████████████████████████████████████████ WSUMF ¶5; Ahn Dep. 37:14–22, 50:20–51:7. Those statements are based on facts; they are tied to Wilus's record that █████ ██████████████████████████████████████████████████████ ████████████████████████. WSUMF ¶¶6–11; RSSUMF ¶¶7, 10–14. Samsung's reliance on Ahn Dep. 142:17–146:14 does not change that. That passage does not establish that █████████ ███████████████████████████████████████████████████ ███████████████████████████████. There is no evidence of an "open line of communication" that establishes collaborative conception.

Samsung's cases do not change that result. Samsung misreads *Kimberly-Clark*, as the case helps Wilus's position for the reasons discussed in Wilus's Opposition. *See* Opp. at 13. That case requires meaningful joint behavior directed to conception of the claimed invention, not merely related work in the same technical area. *See id.* That is precisely why Samsung's reliance on general TGax involvement is insufficient. *Eli Lilly* likewise does not help Samsung; it requires some quantum of collaboration or connection directed to conception of the claimed invention, but it does not hold that routine technical exchanges or participation in the same standards body suffice as a matter of law. Samsung's reliance on *Allen* and *Dana-Farber* is likewise misplaced. *Allen* rejected using the supposed "heart" of the invention in place of analysis of the actual claim limitations. *See* 299 F.3d 1336, 1345–46 (Fed. Cir. 2002). But Wilus is not invoking any legally free-floating "heart" or "gist" of the invention divorced from the claims; Wilus's point is claim-based and factual. And *Dana-Farber* does not defeat Wilus's reliance on *Max-Planck*, because Wilus cites *Max-Planck* only for the proposition that conference-like technical exchanges and building on others' work in an open forum do not, without more, establish collaborative conception of the claimed invention. That is fully consistent with *Dana-Farber*, which addressed the distinct point that a collaborator does not lose inventorship credit merely because his own contribution was published earlier. *See*, 964 F.3d at 1372–73.

5

Dated: April 1, 2026

Respectfully submitted,

*/s/ Jonathan Ma*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474


Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com


**ATTORNEYS FOR PLAINTIFF**
**Wilus Institute of Standards and**
**Technology Inc**

6



## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 1, 2026, with a copy of this document via electronic mail.

/s/ Jonathan Ma
Jonathan Ma

1