████████████████████████████████

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> HP INC. | Case No. 2:24-cv-00752-JRG-RSP <br> (Lead Case) <br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP <br> (Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP <br> (Member Case) |

**WILUS'S OPPOSITION TO SAMSUNG'S**
**MOTION FOR SANCTIONS UNDER RULE 37**

████████████████████████

**TABLE OF CONTENTS**

I.  FACTUAL BACKGROUND ................................................................................ 1

    A.  Wilus Has Full Rights in the Asserted Patents ........................................ 1

    B.  Wilus' Counsel Believed the PAA to be Duplicative of the Largely Overlapping "Assignment of Patents" Recorded with the USPTO that Was Produced ................................................................................... 3

    C.  Wilus Offers to Eliminate Any Prejudice; Samsung Refuses Any Mitigation ............................................................................................... 5

II.  LEGAL STANDARD ..................................................................................... 6

III.  ARGUMENT ................................................................................................. 7

    A.  Samsung's Motion Boils Down to One Late Produced Document Relevant Only to Standing and Largely Overlapping with the Produced Assignment ............................................................................. 7

    B.  Sanctions Are Unwarranted Because Wilus Acted in Good Faith and Mitigated Any Potential Prejudice to Samsung ................................ 8

        1.  Importance of the Evidence and Prejudice ................................... 8

        2.  Possibility of a Continuance ...................................................... 10

        3.  Explanation for the Failure to Disclose .................................... 10

        4.  Summary: No Sanctions Are Warranted ................................... 11

    C.  Samsung's Requested Sanctions Are Unsupported and Extreme ......................... 11

IV.  CONCLUSION ............................................................................................. 15

i

**TABLE OF AUTHORITIES**

**CASES**

*Betzel v. State Farm Lloyds*,
480 F.3d 704 (5th Cir. 2007) ............................................................................................... 11

*CogniPower, LLC v. Samsung Elecs. Co.*, Ltd.,
No. 2:23-cv-160-JRG, Dkt. 337 (E.D. Tex. Mar. 18, 2025)................................................... 12

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327937 (E.D. Tex. Mar. 26, 2024) ......................... 7

*In re Moore*,
739 F.3d 724 (5th Cir. 2014) ............................................................................................... 12

*Mobility Workx, LLC v. Cellco P'ship*,
2019 WL 6117349 (E.D. Tex. Nov. 18, 2019) ........................................................................ 8

*Pers. Audio, LLC v. Apple, Inc.*,
2011 WL 6148587 (E.D. Tex. June 16, 2011).................................................................... 7, 11

*Primrose Operating Co. v. Nat'l Am. Ins*. Co.,
382 F.3d 546 (5th Cir. 2004) ................................................................................................. 7

*Runway Expansion, Inc. v. FAA*,
355 F.3d 678 (D.C. Cir. 2004)................................................................................................ 9

*Sierra Club v. Nat'l Marine Fisheries Serv.*,
797 F. Supp. 3d 440 (D. Md. 2024)........................................................................................ 9

*United States v. Wise*,
221 F.3d 140 (5th Cir. 2000) ..................................................................................... 8, 12, 13

*XiFi Networks R&D, Inc. v. Samsung Electronics Co., Ltd. et al*,
Case No. 2:24-CV-01057-JRG, Dkt 67 (E.D. Tex., Mar. 13, 2026) ....................................... 15

**Rules**

Fed. R. Civ. P. 37(b)(2)(A)(iv) ............................................................................................. 14

FED. R. CIV. P. 37(c) ....................................................................................................... 7, 9, 13

FED. R. CIV. P. 37(c)(1)........................................................................................................ 7, 9

FED. R. CIV. P. 37(e)(2)......................................................................................................... 14

███████████████████████████████

**TABLE OF EXHIBITS**

| Ex.[1] | Description |
|---|---|
| A | Assignment of Patents between SKT and Wilus dated May 27, 2024, signed June 20, 2024 (WILUS_0025432) |
| B | Patent Assignment Cover Sheet and attached Assignment of Patents dated June 20, 2024 (DELL_SAMSUNG_0000006) |
| C | Patent Assignment Agreement between SKT and Wilus dated May 27, 2024 (WILUS_0149628) |
| D | Excerpts of Deposition Transcript of Jin Sam Kwak, Ph.D., CEO of Wilus, dated December 10, 2025 |
| E | February 23, 2026 E-mail from Wilus's counsel, Ms. Paladino, to Samsung's counsel Regarding Production of PAA |
| F | March 12, 2026 E-mail Chain between Wilus's counsel, Mr. Wang, and Samsung's counsel Regarding Samsung's Motion for Sanctions |
| G | March 28, 2026 E-mail Chain between Wilus's counsel, Mr. Wang, and Samsung's counsel Regarding Dr. Kwak Deposition |
| H | March 9, 2026 Email Regarding Production of Metadata |

---

[1] All exhibits attached to the concurrently filed declaration of Philip X. Wang.

iii

███████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Wilus | Plaintiff Wilus Institute of Standards and Technology Inc. |
| Samsung | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| SKT | SK Telecom Co., Ltd. |
| RAK | Russ August & Kabat |
| Assignment | Assignment of Patents between SKT and Wilus dated May 27, 2024, signed June 20, 2024 (WILUS_0025432, Ex. A) |
| PAA | Patent Assignment Agreement between SKT and Wilus dated May 27, 2024 (WILUS_0149628, Ex. C) |
| Motion to Dismiss | Samsung's Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281 (Dkt. 220); Wilus's Opposition (Dkt. 238); Samsung's Reply (Dkt. 307); Wilus's Sur-reply (Dkt. 345) |
| -746 case | *Wilus v. Samsung*, Case No. 2:24-cv-00746-JRG (Member Case) |
| -765 case | *Wilus v. Samsung*, Case No. 2:24-cv-00765-JRG (Member Case) |
| USPTO | United States Patent and Trademark Office |
| Asserted Patents | U.S. Patent Nos. 10,313,077; 10,687,281; 11,470,595; 11,159,210; 11,129,163; 11,700,597; 11,116,035; and 11,516,879 |

███████████████████████████████████████

Samsung's motion for sanctions boils down to RAK's late production of one document, the Patent Assignment Agreement that overlaps with the certified "Assignment of Patents" filed with the USPTO and produced in this case. The motion is an opportunistic attempt to stay the entire case based on an ancillary and discrete issue. This is not a case about bad faith misconduct, willful violation of the Court's orders, or fabrication of evidence. The ***sole issue*** before the Court is whether RAK's oversight as to one document, believed to be duplicative warrants severe sanctions. Under a fair assessment of the facts and overwhelming authority, the answer is no.

## I.    FACTUAL BACKGROUND

### A.    Wilus Has Full Rights in the Asserted Patents

Wilus is a leading research and development company with over a decade of development in new wireless communications and multimedia standardized technologies, including Wi-Fi. Wilus researchers are the inventors of over 3,500 patents, including the Asserted Patents, and the inventions arise from those researchers conducting their duties for Wilus: solving technical problems with solutions that are widely adopted for the benefit consumers and the broader industry. Shortly after Wilus' founding, SKT provided some seed funding to support Wilus's costly R&D efforts in Wi-Fi, and as a result ████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████ Under the PSA, the Asserted Patents were co-owned by Wilus and SKT.

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

1



in exchange for sacrificing its researchers' time, energy, and efforts from their day jobs (innovating and inventing), Wilus has received a larger revenue share.

In the 2020 Amendment to the PSA, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 220-10 Art. 3(1).

▮▮▮▮▮▮ Dkt 220-11, § 3(4). ▮▮▮▮▮▮

▮▮▮▮. *Id.*, §§ 3(2) and 3(5); Ex. D (Kwak Dep.) at 32:5-14.

On June 20, 2024, months before the filing of this case, SKT assigned any remaining co-owned rights it had in 38 U.S. patents and applications, including the Asserted Patents, to Wilus, in an agreement that had two parts: the Patent Assignment Agreement ("PAA") and the confirmatory Assignment of Patents for recording with the USPTO ("Assignment"). Both parts state that "in consideration for the good and valuable consideration . . . the receipt and sufficiency of which is hereby acknowledged," SKT assigns and transfers to Wilus all of SKT's "right, title, interest" to the Patents," including the right to sue for compensation and equitable remedies for past, present or future infringement, and the right to prosecute applications based on the assigned patents. ; Ex. A (Assignment) Recitals; Ex. C (PAA) Recitals and §1. The PAA also states: ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

████████████████████████████████████████████

████████████████████████████████████████ (§ 4(a)).

The Assignment was recorded publicly with the USPTO the same day it was executed while the PAA was treated as confidential by Wilus and SKT. Ex B. Since the Assignment, SKT has never tried to exercise any of the rights granted to Wilus, including any rights in the Asserted Patents. In this case, Wilus identified SKT on its initial disclosures and Samsung subpoenaed SKT. Wilus doesn't know what third-party discovery Samsung obtained. But SKT has never quarreled with the Wilus's filing of this case as to Samsung or any other defendant.

**B.      Wilus' Counsel Believed the PAA to be Duplicative of the Largely Overlapping "Assignment of Patents" Recorded with the USPTO that Was Produced**

As stated in the complaints, "Wilus is the owner of all right, title, and interest" in the Asserted Patents "with full rights to pursue recovery of royalties for damages for infringement, including full rights to cover past and future damages." -746 case, Dkt. 1 ¶¶ 9-12, 31, 54, 76, 99; -765 case, Dkt. 1 ¶¶ 9-12, 31, 52, 73, 96. The facts in this case have remained unchanged. In exchange for good and valuable consideration, SKT assigned its portion of rights in the Asserted Patents to Wilus before the filing of the complaints, and Wilus is the sole owner.

Wilus's outside counsel, Russ August & Kabat, was provided the PAA and Assignment, and both were in RAK's possession since the start of discovery in this case. RAK produced the Assignment on June 2, 2025, which was the certified, official copy filed with the USPTO. Exs. A-B. The Assignment is 5 pages, entitled "Assignment of Patents" and on its face appears to be a complete assignment agreement. It does not refer to any other agreement. The Assignment is fully executed by SKT and Wilus and lists a schedule of "Assigned Patents" that includes all eight Asserted Patents in this case. Ex. A at 3-5.

The 14-page PAA has a similar title as the Assignment and contains an unsigned version of the Assignment as the last 5 pages. Given that the signed and certified copy of the Assignment

3

████████████████████████████████████████

was located and produced, RAK believed the PAA was duplicative and overlooked it during the document production process. RAK never intended to withhold the document during discovery and didn't realize the error until responding to Samsung's motion to dismiss. RAK agrees that the additional part is relevant, responsive, and non-duplicative and should have been produced. This was an unintentional error by the attorneys at RAK—and a deeply regrettable one.

Given that the PAA was missed, and the Assignment was believed to be the official (and complete) assignment agreement, RAK responded to Samsung's discovery requests on that basis. Any suggestion that RAK intentionally withheld the PAA is unsupported and false. The PAA is confirmatory and helpful to Wilus. Both the PAA and Assignment state that the assignment from STK to Wilus is for "good and valuable consideration"; ████████████████████████ ████████████████████████████████████████. Ex. C at 2. Notably, Samsung has never alleged (in this motion, the motion to dismiss briefing, or in emails and calls on this issue) that the PAA is in any way unfavorable to Wilus and likewise, never articulated any reason Wilus's counsel would want to conceal the PAA. The absence of both demonstrates that Samsung's motion for sanctions lacks any factual foundation.

Samsung's characterization of its September 2025 motion to compel (Dkt. 160) is also misleading. Wilus never "refused to offer a witness" on ownership topics. Mot. at 7. Rather, as explained in Wilus's opposition (Dkt. 168), the issue was about deposition scheduling/efficiency and the burden of having the same witness sit for multiple rounds of deposition in the same case. *Id.* at 1. Samsung's request for serial depositions violated the Discovery Order, and it didn't even emphasize "ownership" as a topic of interest until latching on to that concept in the brief. *Id.* at 1-2, 5-6. Samsung voluntarily withdrew the motion to compel. Dkt. 200.

On December 10, 2025, Wilus's CEO Dr. Kwak was deposed on all 30(b)(6) topics. When

4

████████████████████████████████████████████████

presented with the 5-page Assignment, Dr. Kwak testified ████████████████████

████████████████████. Ex. D at 36:22-37:5. He further testified ████████████████

████████████████████████████████  *Id.* at 37:12-38:15. Though not apparent to either

party's counsel at the deposition, Dr. Kwak was likely referring to the 14-page PAA that had not

been produced (due to RAK's oversight and unbeknownst to Dr. Kwak). Samsung's counsel didn't

further follow up with targeted questioning of Dr. Kwak or requests to counsel. Wilus's counsel

likewise didn't catch this issue and assumed that the referenced agreement had been produced. Dr.

Kwak's testimony further shows that Wilus never intended to conceal the PAA.

### C.     Wilus Offers to Eliminate Any Prejudice; Samsung Refuses Any Mitigation

On January 30, 2026, Samsung filed a motion to dismiss for lack of standing based on SKT

allegedly receiving no consideration, rendering the Assignment invalid *ab initio*. Dkt. 220. As

explained in Wilus's opposition, the motion rests on mischaracterizing Dr. Kwak's deposition

testimony. *See* Dkt. 238 at 11; Dkt. 345 at 3. There's no evidence that Samsung had any plans to

challenge standing before the deposition. Samsung developed its theory from Dec. 2025-Jan. 2025,

spurred by an unreasonable reading of Dr. Kwak's testimony. *See* Mot. at 8. (acknowledging that

Samsung's standing challenge arose "[i]n *light of Dr. Kwak's deposition . . .*").

While preparing Wilus's response, RAK discovered that it possessed an unproduced

additional part of the assignment agreement that was non-duplicative of the 5-page certified copy

of the Assignment that had been produced. RAK then produced the entire PAA promptly, within

days, after ensuring with Wilus that no additional documents should be produced. While there's

substantial overlap between the language of the recorded Assignment which is an exhibit to the

PAA, there is some additional information in the PAA that relates to Samsung's motion to dismiss.

When Wilus produced the PAA on February 23rd and before the opposition was due, Wilus

proposed that Samsung to re-file its motion to fully address the PAA in the first instance and

5

████████████████████████████████

offered more time and/or pages for the reply. Ex. E. Samsung accepted the extra time for reply but didn't re-file its original motion, seek extra pages, or materially engage with the clarifying facts regarding the consideration set forth in the PAA. *See* Dkts. 238 & 345.

On March 9th, Samsung stated it intended to move for sanctions and raised for the first the need to stay all proceedings to "investigate" the PAA that had been produced 14 days earlier (and after not following up to the last response for 10 days). In the extensive correspondence and meet and confer, Samsung has never argued that the PAA is harmful to Wilus or identified a reason for Wilus to conceal it. This is because no reason exists. Nor has Samsung suggested that the PAA is relevant to any other issue other than standing and the pending motion to dismiss. Samsung has certainly not articulated any relevance to the parties' trial preparation, since standing isn't a jury issue and will soon be resolved by the Court.

Nevertheless, as a compromise to obviate this motion, Wilus proposed to reimburse a portion of Samsung's fees on the motion to dismiss (for example, if Samsung incurred unnecessary work on the original motion but could not re-use that work in a re-filed motion). Samsung declined. It is maintaining its motion as filed without withdrawing any arguments or requested relief.

On March 26th, Wilus offered a deposition of Dr. Kwak for three hours regarding the PPA (as Samsung requested) on April 8, 2026. Ex. G. Wilus also offered to extend the briefing schedule to allow Samsung to address the deposition in its reply. *Id.* Samsung declined both offers *Id.*

## II.    LEGAL STANDARD

"If a party fails to provide information [under Rule 26], the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). This Court considers four factors in determining whether exclusion of evidence is warranted as a sanction under Rule 37: the (1) importance of the evidence, (2) prejudice to the

6

opposing party of including the evidence, (3) possibility of curing such prejudice by granting a continuance, and (4) explanation for a party's failure to disclose. *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327937, at *1 (E.D. Tex. Mar. 26, 2024) (citing *Primrose Operating Co. v. Nat'l Am. Ins*. Co., 382 F.3d 546, 563 (5th Cir. 2004)). The party facing Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was substantially justified or harmless. *Id.* A chosen sanction should be "the least severe sanction adequate to achieve the purpose of the rule under which it was imposed." *Pers. Audio, LLC v. Apple, Inc.*, 2011 WL 6148587, at *2 (E.D. Tex. June 16, 2011).

## III.    ARGUMENT

### A.    Samsung's Motion Boils Down to One Late Produced Document Relevant Only to Standing and Largely Overlapping with the Produced Assignment

Samsung's motion for sanctions boils down to late production of one document, the 14-page PAA (Ex. C), that largely overlaps with the certified "Assignment of Patents" filed with the USPTO and produced early in this case (Exs. A-B). Samsung asserts there are "three possible" explanations for the late production of the PAA (Mot. at 11):

> *First, there is Wilus's explanation that its counsel had at some point collected the document from Wilus and decided that it did not have to produce the Patent Assignment Agreement because it incorrectly believed it to be duplicative of the Assignment of Patents.* Second, Wilus intentionally withheld the Patent Assignment Agreement during discovery. Or third, worse yet, even if unlikely, Wilus generated the Patent Assignment Agreement in response to Samsung's Motion to Dismiss.

Only the first explanation, as repeatedly represented to Samsung, is correct.

The second and third possibilities can be dispelled quickly. There's no evidence or rationale for why Wilus would intentionally withhold a favorable and confirmatory document. No possible motivation has ever been articulated by Samsung. As to the third possibility—that Wilus or RAK ***fabricated*** the PAA in fear of the motion to dismiss—this is baseless and offensive. Wilus produced the metadata for the PAA on March 9th (Ex. H), and Samsung never raised any issue

7

about it. Wilus also offered a three-hour deposition of Dr. Kwak who signed the PAA. Samsung declined, further showing it has no good faith basis to question the PAA's authenticity.

Samsung's motion is an opportunistic attempt to stay the entire case based on an ancillary and discrete issue. The motion is full of unsupported characterizations that are divorced from the facts and conduct at issue here. This is not a case about bad faith misconduct, willful violation of the Court's orders, or fabrication of evidence. The ***sole issue*** before the Court is whether RAK's oversight as to one document, believed to be duplicative of the certified "Assignment of Patents," warrants severe sanctions. Under the facts and overwhelming law, the answer is no.

**B.      Sanctions Are Unwarranted Because Wilus Acted in Good Faith and Mitigated Any Potential Prejudice to Samsung**

In this Circuit, "absent a showing of bad faith, failure to produce records is insufficient to warrant a spoliation or missing evidence instruction." *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citation omitted). To justify severe sanctions, the movant must show the non-movant "acted in bad faith." *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872-ALM, 2019 WL 6117349, at *6 (E.D. Tex. Nov. 18, 2019). Here, Samsung requests a panoply of sanctions but fails to even justify the lesser sanction of exclusion that is the focus of Rule 37(c)(1). Wilus submits that RAK's unintentional error in overlooking the PAA is "substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Under the Court's four-factor test for determining whether a Rule 26 failure is substantially justified or harmless under Rule 37, exclusion of the PAA is unwarranted.

**1.      Importance of the Evidence and Prejudice**

This factor weighs against severe sanctions and exclusion. The facts in this case have remained unchanged since the lawsuit was filed. As stated in Wilus's complaints and fully supported by the Assignment, "Wilus is the owner of all right, title, and interest" in the Asserted Patents "with full rights to pursue recovery of royalties for damages for infringement[.]" -746 case,

████████████████████████████████████████

Dkt. 1 ¶¶ 9-12, 31, 54, 76, 99; -765 case, Dkt. 1 ¶¶ 9-12, 31, 52, 73, 96. The PAA has substantial overlap with and contains the Assignment. Both state that the assignment is "good and valuable consideration." The PAA ████████████████████████████████████ ████████████████████████████████████. Ex. C at 2.

The PAA is important in that it supports standing, and courts and policy favor considering evidence to achieve a correct judgment on this issue that substantially affects a party's property rights. *See Cmtys. Against Runway Expansion, Inc. v. FAA*, 355 F.3d 678, 685 (D.C. Cir. 2004); *Sierra Club v. Nat'l Marine Fisheries Serv*, 797 F. Supp. 3d 440, 481 (D. Md. 2024), *amended*, No. CV DLB-20-3060, 2024 WL 6817999 (D. Md. Oct. 21, 2024). At the same time, the PAA doesn't change the result of Samsung's motion to dismiss and is *not* necessary to deny the motion. As borne out by that briefing, Samsung's motion fails for multiple dispositive reasons, with or without the PAA. *See* Dkt. 238 at 5-8, 10-15; Dkt. 345 at 3-5. This is likely why Samsung did not want to re-file its motion or request exclusion of the PAA in its reply (Dkt. 307).

Although the PAA was produced after the motion to dismiss was filed, Wilus went to great lengths to eliminate any potential prejudice, and Samsung's refusals show there is no prejudice. The PAA is only relevant to standing and the motion to dismiss. Yet Samsung declined Wilus's offer to permit re-filing the motion to fully address the PAA in the first instance. Nor did it request any substantive discovery on the PAA, such another deposition of Dr. Kwak, for the motion to dismiss. Thus, in Samsung's view, the briefing and record is complete and doesn't need to be supplemented. Nor has Samsung withdrawn any arguments or requested relief from its briefing.

Most recently, for this motion, Wilus offered Dr. Kwak for three hours of deposition on April 8th and to extend Samsung's reply deadline. Ex. F. Samsung again declined, showing that any alleged prejudice from the PAA is non-existent and manufactured.

### 2. Possibility of a Continuance

No continuance is necessary. Apart from standing, Samsung has never identified any other issue the PAA is allegedly relevant to. None exist. The standing issue is fully briefed and ripe for resolution. Samsung's requests for collateral discovery—such as "all of Wilus's counsel's communications" on the PAA (Mot. at 14)—amount to litigation-on-litigation and appear intended to harass Wilus and derail timely enforcement of its patent rights. There is no evidence, and Samsung has no basis to allege, that Wilus or its counsel "intentionally withheld" a favorable document in discovery (nor would that make sense). Wilus has twice offered another deposition of Dr. Kwak, who signed the PAA. Samsung's refusals show it has no interest in pursuing relevant discovery or litigating the standing issue on the merits.

### 3. Explanation for the Failure to Disclose

This factor also weighs against severe sanctions and exclusion. As explained, the PAA was provided to RAK before discovery but was believed to be duplicative of the certified Assignment and overlooked in the document production process. Given the similar titles and substantially overlapping content, and that the Assignment was executed and appears to be a complete agreement, RAK's error was understandable and excusable under the circumstances. RAK never intended to withhold the document and produced it promptly after realizing the error. In this case, Wilus produced 2,500+ documents totaling 150,000+ pages. After determining that the PAA was not produced, RAK performed additional searches and reviews to ensure that no additional documents were missed. RAK confirmed the issue was isolated to the PAA. RAK submits that the failure to produce one document as part of an extensive, complex, and difficult document review and production process is excusable. Wilus and its counsel take their document production obligations seriously. One indication of that is the lack of any motions to compel document production filed by any defendant in these consolidated cases.

████████████████████████████████████

### 4.  Summary: No Sanctions Are Warranted

Under the Court's four-factor test, RAK's unintentional oversight and late production of the PAA is both substantially justified and is harmless. For either independent reason, exclusion should be denied. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–09 (5th Cir. 2007) (reversing exclusion of evidence even where the proponent had *no explanation* for the late disclosure because the remaining factors—importance, low prejudice, and continuance—favored admission).

Should the Court find that RAK's failure was not substantially justified and is harmful, and that sanctions are warranted, RAK respectfully requests that any sanction be directed to RAK and not Wilus. The error concerning the late production of the PAA was RAK's alone, after it was provided the PAA before the start of discovery. In these circumstances, it would be unfair to penalize Wilus and timely enforcement of its patent rights because of RAK's oversight.

### C.  Samsung's Requested Sanctions Are Unsupported and Extreme

Samsung's requested sanctions—all based on the inadvertent late production of one document that largely overlaps with the produced "Assignment of Patents"—are unsupported and extreme. They bear little or no rational relationship to the discovery shortcoming or alleged prejudice Samsung claims. They include a very lengthy stay of all proceedings over one document produced four months before trial, hundreds of thousands in fees, and extensive irrelevant discovery on collateral matters. The Court should deny the requested relief in its entirety.

Samsung's requests are unsupported by relevant caselaw and are inconsistent with the letter and purpose of Rule 37. Indeed, Rule 37(c)(1) focuses on the exclusion of evidence, and this Court recognizes that any chosen sanction should be "the least severe sanction adequate to achieve the purpose of the rule under which it was imposed." *Pers. Audio, LLC v. Apple, Inc.*, 2011 WL 6148587, at *2 (E.D. Tex. June 16, 2011). Samsung misapplies the law, and its requested sanctions suffer from two overarching flaws worth highlighting at the outset.

11

*First*, severe sanctions beyond or in addition to the exclusion of evidence typically require a finding of bad faith, willful violation of the Court's orders, or abuse of the judicial process. *See United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) ("absent a showing of bad faith, failure to produce records is insufficient to warrant a spoliation or missing evidence instruction"); *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014) (a court's "decision to invoke its inherent sanctioning power" must be based on "clear and convincing evidence support[ing] the court's finding of bad faith or willful abuse of the judicial process"). No such conduct exists here.

It appears that Samsung borrowed many of its requests from the sanctions imposed in *CogniPower, LLC v. Samsung Elecs. Co.*, Ltd., No. 2:23-cv-160-JRG, Dkt. 337 (E.D. Tex. Mar. 18, 2025). But as the Court knows, the conduct at issue here has ***nothing*** to do with the conduct in *CogniPower*, which involved the falsification of evidence to trick a witness in deposition and material misrepresentations from multiple attorneys to Judge Folsom in open court—all found to be done in bad faith. *Id.* at 2-3. Samsung's reliance on *CogniPower* only shows that none of its requested sanctions are warranted or remotely commensurate to the facts here.

*Second*, severe sanctions are typically reserved for the intentional concealment of *unfavorable* evidence. FED. R. CIV. P. 37(c) Comm. Notes (1993 Amend.) (noting that preclusion of evidence may not be an effective incentive to compel disclosure of unfavorable evidence that "might advantageously by concealed by the disclosing party" and that for such non-disclosure more severe sanctions may be warranted). Here, the PAA is *favorable* to Wilus, and Wilus and its attorneys had every incentive to produce it, but for RAK's oversight. This is the critical fact underlying the entire motion and undermines most of Samsung's arguments. Punishing a litigant for unintentionally omitting a favorable document would not promote deterrence or be in the interests of justice. While Samsung's hyperbole about "flagrant discovery misconduct" or the need to punish "to remind future litigants to abide by this Court's orders" might apply to other cases, it is simply disconnected from the late production of one favorable document that occurred here.

Samsung's requested relief also fails on the facts. Wilus addresses each in turn:

*Stay All Proceedings to "Investigate" the PAA*: An unbounded stay of all proceedings so that Samsung "may investigate the origins of the [PAA]" (Mot. 14) is unwarranted because Samsung hasn't been prejudiced and no continuance is necessary, as discussed above. Samsung seeks expansive collateral discovery issues that could only be relevant if the evidence or record supported intentional concealment or fabrication. This is litigation-on-litigation without any probable cause. Nor is the late production of one document—a routine discovery spat that occurs in most if not all cases—a basis to stay the case. If that were the rule, the Court would oversee more "investigations" than trials, and litigants would hardly ever get their day in court.

Samsung identified Rule 37(b)(2)(A)(iv) as the supposed authority for a stay, but Wilus already "obeyed" when it produced the PAA on February 23rd. Samsung's conduct over the last five weeks only shows that no more discovery is needed and that Samsung doesn't want it anyway. The request to "investigate" doesn't appear to be made in good faith and reflects a dilatory motive. This is evidenced by Samsung's offer that Wilus stipulate to a stay pending IPR to avoid this sanctions motion and related suggestion that it would forgo discovery on the PAA as well.

*Adverse Inference Jury Instruction*: An adverse instruction requested by Samsung requires a finding of bad faith, which is entirely absent here. *United States v. Wise*, 221 F.3d at 156; *see also* FED. R. CIV. P. 37(e)(2) (adverse instruction spoliation sanctions requires bad faith). Further, by the start of trial, Samsung's standing challenge will be fully and finally resolved. It makes no sense for the jury to be instructed about a document relevant only to standing not to any issue being presented to the jury. The Court's MILs also preclude reference to discovery disputes.

*Attorney Fees of Hundreds of Thousands*: Samsung's fees request—potentially exceeding $1M all because of the late production of one document—is a vast overreach and should be denied for that reason alone. As a compromise to obviate this motion, Wilus proposed to reimburse a portion of Samsung's fees on the motion to dismiss (for example, if Samsung incurred unnecessary

13

work on the original motion that could not be used in a re-filed motion). Samsung declined to re-file and *chose* to maintain the original motion and all arguments and requested relief therein. Thus, no fee-shifting is warranted. Indeed, Samsung's refusals to mitigate provide an additional reason to deny any fee request. Samsung has multiplied proceedings and sought extreme relief and attorney's untethered to any actual harm. If Samsung were awarded any fees now, it would only encourage parties to decline reasonable accommodations and increase satellite litigation, further burdening the Court and parties. All this to threaten the other side with exorbitant and ever-increasing legal bills that could and should have been avoided.

Samsung's request is also unjustified because it had no plans or colorable basis to challenge standing before Dr. Kwak's Dec. 2025 deposition (and still has no basis). Wilus has never had a standing deficiency. Rather, Samsung developed a novel theory based on mischaracterizing Dr. Kwak's testimony that the recorded "Assignment of Patents" was somehow a nullity. Any work Samsung incurred on its motion occurred from Dec. 2025-Jan. 2026 and was fully addressed by Wilus's offer for Samsung to withdraw or re-do the motion in view of the PAA.

Samsung's generalized complaints about pursuing defenses and prioritizing resources fail. In this case, Samsung took myriad unsupported and contradictory claim construction positions, forcing Wilus to do months of claim construction analysis and disclosures, depose Samsung's expert, and submit an opening brief addressing a dozen-plus disputed terms. Samsung then abandoned nearly all its arguments and positions and *didn't inform Wilus until filing the opposition brief*. Under Samsung's current rationale, it should reimburse Wilus's fees for months of claim construction work that Samsung forced and never should have raised in the first place.

*Deduction of Trial Time*: This request is copied verbatim from *CogniPower*, which involved the bad faith fabrication of evidence and repeated material misrepresentations to deceive Judge Folsom. This sanction bears no relation to the facts and conduct here.

*Prohibit Reliance on PAA "Depending on the Facts as They Emerge"*: Exclusion of the

14

PAA is unwarranted under the Court's four-factor test, and the request is also waived. Samsung never mentioned exclusion of the PAA in any of the parties' correspondence, local/lead meet and confer conference, the proposed order (Dkt. 313-18), or the motion to dismiss briefing. The only mention is a cursory bullet in the motion, suggesting preclusion "depending on the facts as they emerge in discovery." Mot. at 15. Samsung fails to request exclusion outright, likely because it has no response to Wilus's argument and authorities showing that the Court should consider the PAA to achieve a correct judgment on the issue of standing. Thus, Samsung appears to seek exclusion only if the PAA is deemed inauthentic. But no legitimate authenticity issue exists.

*Stay All Proceedings Pending IPR*: This remedy is extreme and finds no support in Rule 37. Thus, Samsung seeks an inherent powers sanction requiring a finding of "bad faith or willful abuse of the judicial process.'" *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014). Further still, a sanction of staying the case until final FWDs of IPRs can be, in practical effect, akin to an adverse finding and dismissal of Wilus's case or certain patents/claims. But dismissal or the equivalent is a draconian remedy of last resort, that the Court has no reason to apply here.

Samsung's request is meritless since the issue concerning one assignment document has nothing to do with IPRs or Samsung's motion to stay pending IPRs of a case a couple months before trial. Indeed, the standing issue is an additional reason the motion to stay should be ***denied***. The standing issue is fully briefed and ripe for resolution and will give Wilus (and Samsung) clarity on this issue. In contrast, the PTAB cannot address standing, which this Court recently recognized as a reason to deny a stay pending IPR. *XiFi Networks R&D, Inc. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:24-CV-01057-JRG, Dkt 67 at 3 (E.D. Tex., Mar. 13, 2026) ("The PTAB will not and cannot address the ownership issues XiFi is collective evidence on now.").

## IV.    CONCLUSION

For the foregoing reasons, Samsung's motion for sanctions should be denied in its entirety.

15

■■■■■■■■■■■■■■■■■■■■■■■

Dated: March 30, 2026,

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail:
andrea@millerfairhenry.com

*Attorneys for Plaintiff Wilus
Institute of Standards and
Technology Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Reza Mirzaie*
Reza Mirzaie