**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP (Lead Case)<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP (Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP (Member Case) |

**WILUS'S SUR-REPLY TO SAMSUNG'S MOTION FOR**
**SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

████████████████████████████████

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Wilus | Plaintiff Wilus Institute of Standards and Technology Inc. |
| Samsung | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| '077 patent | U.S. Patent No. 10,313,077 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| Asserted Patents | '077 patent, '281 patent, '595 patent, '210 patent, '163 patent, '597 patent, '035 patent, and '879 patent |
| Chang Dep. | Excerpts of the December 15, 2025 Deposition Transcript of Sanghyun Chang, Samsung's 30(b)(6) Designee on IEEE Topics (attached Ex. D) |

i

████████████████████████████████

## I.    INTRODUCTION

Regarding actual notice, Samsung's reply ignores undisputed facts and its own admissions during discovery that show Samsung received, prior to this lawsuit, identification of all Asserted Patents, notice that specific accused products infringed all Asserted Patents and, though not required, a mapping of the Asserted Patents to 802.11ax standard provisions to show how the identified products infringe. Samsung holds to repeatedly rejected argument that "communication of a specific charge of infringement" means that Wilus needed to set forth its entire trial infringement case with, it now incredibly suggests, source code evidence. This is far removed from the correct Federal Circuit standard, which all reject anything close to such a high bar for "actual notice." Under the correct standard, Wilus respectfully requests summary judgment in its favor.

Regarding willful infringement, Wilus provided substantial evidence of deliberate or intentional infringement. This was in addition to Wilus's evidence of pre-suit notice of infringement for all Asserted Patents and Samsung's own account of licensing discussions that span 18 paragraphs. Further, Samsung's IEEE designee testified ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████  This evidence shows Samsung knows all about 802.11ax and Wilus's technology and supports willfulness.

## II.    SAMSUNG'S REPLY ARGUMENTS LACK MERIT

Samsung's reply makes four primary arguments in §II.A-D. None of them have merit. Wilus addresses each argument in turn:

### A.    Samsung Has Pre-Suit Knowledge of All Asserted Patents

Samsung's § II.A heading asserts: "It is Undisputed That Samsung Did Not Know of the Existence of the Asserted Patents Until Sisvel Listed Them in Communications." Reply at 1. This

██████████████████████████████████████████████████

is incorrect. As to the ████████████████████████████████████████████

████████████████████████████. Reply at 2. As to the '595, '879, and '597 patents,

the parties dispute whether Samsung had knowledge soon after issuance (Wilus's position and

evidence) or when the patents were listed in pre-suit correspondence (Samsung's assertion). *Id.*

Samsung calling the last point "undisputed" is misleading and unreliable, and there is no

such SUMF. In the opposition and below, Wilus presents overwhelming facts and evidence that

Samsung had pre-suit notice of the '595, '879, and '597 patents upon issuance *at least because* of

its extensive knowledge of Wilus, its pending applications, and related applications / patents. And

each of these patents is closely related to an earlier Asserted Patent ████████████████████████

████████████████████████████████████████

These facts are dispositive, but Samsung is also wrong on the law (Reply at 2). Just last

month, the Federal Circuit confirmed that "notice of a pending patent application is sufficient for

a jury to find that the infringer should have known of the patent at the date of issuance" and "the

jury was entitled to infer based on [an infringer's] expressed interest in licensing the intellectual

property that that it was aware of the patent application at that time." *Trs. of Colum. Univ. in City

of N.Y. v. Gen Digit. Inc.*, No. 24-1243, 2026 WL 679620, at *10 (Fed. Cir. Mar. 11, 2026)

(rejecting challenge to jury's finding of willfulness). These legal holdings apply here.

**B.    Wilus Has Shown Samsung's Knowledge of Infringement**

Samsung's § II.B heading asserts: "Wilus Cannot Demonstrate Samsung's Knowledge of

Infringement." Reply at 3. This fails under the facts and law. As discussed in the MSJ on pre-suit

damages, Wilus has far cleared the Federal Circuit's standard for actual notice of infringement for

all Asserted Patents. It is undisputed that Wilus identified to Samsung that its Wi-Fi 6 functionality

in specific accused products was an infringement of each Asserted Patent and even mapped the

patents to 802.11ax provisions to further specify the infringing functionality. AUMFs 1-5; SUMFs

2



6-7, 9-14, 16-17. This is well beyond the Federal Circuit's actual notice standard and certainly enough to show that Samsung had knowledge of infringement.

Samsung's reply argument accusing Sisvel/Wilus of attempting to create a "false equivalence" of "Wi-Fi certification to the 802.11ax standard" is sensational, irrelevant and false. Reply at 3. Samsung's own undisputed facts and exhibits show Sisvel/Wilus specifically identified the "Wi-Fi 6 Standard" as the "802.11ax standard, as defined by IEEE" and accused "implementation of essential features of the Wi-Fi 6 standard." SUMFs 1-4; AUMFs 1-5. Samsung's assertions (Reply at 3) are confusing, factually unsupported or disputed, and fail to support its MSJ. Samsung's feigned ignorance about the 802.11ax standard is also a new argument on reply and is contradicted by Samsung's own extensive participation in the 802.11ax task force.

As Samsung's 30(b)(6) designee on IEEE topics testified, ███████████████ ████████████████████████████████████████████████ ████████████ . Chang Dep. (Ex. D) at. 61:20-64:12, 65:24-66:7, 68:3-71:9. ███████ ████████████████████████████████████████████ ████████████████████████████ . *See id.* This evidence shows that Samsung knows all about 802.11ax and refutes the reply's attempt to disavow that knowledge for willfulness.

The reply then asserts: "*Samsung Has No Access to the Confidential Information Required to Assess Infringement.*" Reply at 3. This is wrong and spurious. The most Samsung could say is that it does not have access to *all* information that *may be relevant* to infringement. But perfect information and guilt beyond a reasonable doubt isn't required. There will always be additional evidence out there that may be relevant and further support a finding of infringement. But the defendant need not have a full expert report, replete with source code, to "assess infringement."

3

███████████████████████████████████████

Samsung's claim that it lacks "requisite information" (*id.* at 4) rings hollow, especially since it never says *what* information that is or *why* it is required. Not a single concrete or specific example is given. Samsung's assertions are thus entitled to no weight.

### C.  Substantial Evidence Supports a Finding of Willful Infringement

Samsung's § II.C heading asserts: "The Evidence Wilus Raised Is Insufficient to Support a Willfulness Finding." Reply at 4. This fails. Though not required to, Wilus's opposition provided substantial affirmative evidence for willful infringement. Opp'n at 5, 10-12. This was in addition to Wilus's evidence of pre-suit notice of infringement for all Asserted Patents and Samsung's own account of licensing discussions that span 18 paragraphs. This is more than enough on a fact question, which merely requires a "deliberate or intentional" infringement" and may be inferred from circumstantial evidence and the totality of the circumstances.

Samsung's response (Reply at 4-5) is confusing, unsupported, and replete with factual disputes. It appears to concede that it took no "remedial steps" whatsoever— at any point—which alone is strong evidence of willful infringement. Regardless, Samsung's factual disagreements are not a basis to grant summary judgment. Samsung's arguments are also new and waived. The motion was based on an alleged lack of pre-suit notice and only two cursory arguments about (a) confidential third-party source code and (b) IPRs being instituted. Mot. at 9, 12. Wilus refuted those arguments and Samsung now tries to pivot to the sufficiency of Wilus's evidence.

This is procedurally improper. Wilus didn't seek to marshal all its evidence, where Samsung's purported grounds (such as about IPRs being instituted) were legally defective. As one example, Wilus would have presented more evidence and exhibits about Samsung's participation in IEEE meetings, presentations by Wilus on proposed features in 802.11ax, and ███████ ██████████████████████████████████████████████████████ Some of that evidence is now before the Court (Chang Dep., Ex. D) and further precludes summary judgment.

████████████████████████████

### D.    Samsung's Purported "Defenses" Cannot Negate Willful Infringement

Samsung's § II.D heading asserts: "Samsung Could Not Willfully Infringe Due To Its Reasonable Noninfringement And Invalidity Defenses." Reply at 5. And it begins by saying that "Wilus does not challenge the reasonableness of Samsung's invalidity and infringement defenses[.]" *Id.* This is a severe mischaracterization. Wilus's opposition demonstrated that *even if* Samsung's defenses were reasonable (they are ***not***), such defenses cannot negate a finding of willful infringement under controlling law. Thus, Samsung's argument was dead on arrival. Further, the argument lacked sufficient factual nexus since it was limited to one prior art reference (Bharadwaj) and one IPR institution ('077 patent) that occurred years after licensing discussions.

Wilus never endorsed the "reasonableness" of Samsung's litigation defenses. To be clear, Wilus believes all those defenses are meritless. If the jury finds liability, all of Samsung's infringement and invalidity defenses will have been rejected anyway (or withdrawn). Then we can debate whether the defenses were reasonable or frivolous. But for purposes of this motion, there is no basis to assume the defenses are reasonable or in good faith as Samsung contends. Nor would that even help Samsung, since Wilus provided unrebutted argument and authority that the institution of IPRs is not relevant to willful infringement (and certainly not on summary judgment). That Samsung would continue to press this argument on reply only confirms that the motion lacks merit and should be denied.

## III.    CONCLUSION

Samsung's motion for summary judgment of no willful infringement should be denied in its entirety. The Court should also grant summary judgment in Wilus's favor of pre-suit notice:

- '077, '281, 210, '163, and '035 patents: April 8, 2022.

- '595 patent: October 11, 2022;

- '879 patent: November 29, 2022

- '597 patents: July 11, 2023

5

Dated: April 1, 2026

Respectfully submitted,

*/s/ Philip X. Wang*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Philip X. Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail:
andrea@millerfairhenry.com

*Attorneys for Plaintiff Wilus Institute of Standards and Technology Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Philip X. Wang*
Philip X. Wang

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Philip X. Wang*
Philip X. Wang