IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY TO WILUS'S MOTION TO EXCLUDE EXPERT OPINIONS OF DAVID DJAVAHERIAN (DKT. 253)**

████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................................ii

TABLE OF EXHIBITS.........................................................................................................................iii

I.      MR. DJAVAHERIAN'S TESTIMONY IS RELEVANT TO THE
        SPECIFIC NEGOTIATION AT ISSUE ....................................................................................1

II.     OPINIONS ON LICENSE "DISCOUNTS" DO NOT VIOLATE
        COURT MIL 15..........................................................................................................................2

III.    MR. DJAVAHERIAN'S OPINIONS ON WILUS'S LACK OF
        COMPLIANCE WITH IEEE DISCLOSURE POLICY ARE RELEVANT .........................2

i

███████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Huawei Techs. Co. Ltd. v. Verizon Comms., Inc.*,
No. 2:20-cv-00030 (E.D. Tex. July 2, 2021)...........................................................................1

*Pers. Audio, LLC v. Apple, Inc.*,
No. 9:09-cv-111, 2011 WL 3269330 (E.D. Tex. July 29, 2011) ............................................1

*TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*,
No. CV 15-2370 JVS(DFMX), 2017 WL 6611635, (C.D. Cal. Dec. 21, 2017)................................2

████████████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-9 | Opposition Exhibits (Dkt. 327) |
| 10 | Excerpts from the Corrected Opening Expert Report of David Djavaherian, dated January 27, 2026 |
| 11 | ████████████████████████, ███████████, SISVEL_SUBPOENA_0001408 |
| 12 | Excerpts from the Reply Expert Report of David Djavaherian, dated February 13, 2026 |
| 13 | ████████████████████████████, ███████████, SAMSUNG_WILUS_00192601-12 |

## TABLE OF ABBRIVIATIONS

| Abbreviation | Description |
|---|---|
| -746 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:24-cv-00746 – JRG-RSP |

## I.    MR. DJAVAHERIAN'S TESTIMONY IS RELEVANT TO THE SPECIFIC NEGOTIATION AT ISSUE

Mr. Djavaherian's opinions carefully follow the approach approved by this Court in other cases where experts evaluate the conduct of parties against the backdrop of industry norms. *See* Order on Pretrial Motions at 9, *Huawei Techs. Co. Ltd. v. Verizon Comms., Inc.*, No. 2:20-cv-00030 (E.D. Tex. July 2, 2021) ("Mr. Djavaherian's report makes clear that his opinions are based on whether Huawei's behaviors were consistent with how good faith RAND negotiations are understood in the industry, assuming retaliatory intentions. If Huawei wishes to cross-examine Mr. Djavaherian on these assumptions, it is free to do so, but they are not a basis upon which to exclude any portion of his report."). The statements challenged in Wilus's motion are permissible and necessary for Mr. Djavaherian to explain the facts that form the basis of his opinions. Dkt. 327 at 1-3.

Mr. Djavaherian is not opining on whether "actual companies" were acting with "good faith" intent, as that would qualify as improper expert testimony regarding state of mind. *See* Dkt. 250 at 1-3. Instead, Mr. Djavaherian assesses the conduct of Sisvel/Wilus and Samsung against industry customs and practices. To make that comparison, Mr. Djavaherian opines on various aspects of industry practice, including those that would impact the value ascribed to standards contributions and patents purporting to cover them. Dkt. 327 at 2-3. Mr. Djavaherian explains that industry negotiators would be aware of particularly well-known precedent,[1] policy issues, and activities like ballot stuffing that have been around for years, and cites Huawei's conduct at the IEEE as an example of that activity. Ex. 10 at ¶¶ 21, 75b.

Tellingly, Wilus does not cite any support for its proposition that an expert's analysis must be limited to events that occurred during negotiations. Dkt. 381 at 1. Indeed, courts have held that future events are relevant to negotiations in many respects. *Cf. Pers. Audio, LLC v. Apple, Inc.*, No. 9:09-cv-111, 2011 WL 3269330, at *10 (E.D. Tex. July 29, 2011) ("[t]he hypothetical negotiation methodology 'permits and often requires' consideration of such 'events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators.'").

---

[1] ████████████████████████████████████████████████████████████████████████. Ex. 11 at 1.

1

## II.    OPINIONS ON LICENSE "DISCOUNTS" DO NOT VIOLATE COURT MIL 15

Samsung does not argue it should be able to violate Court MIL 15.  In *TCL*, Mr. Brismark was a fact witness and was not "criticized, excluded, or found to be unreliable."  *TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. CV 15-2370 JVS(DFMX), 2017 WL 6611635, at *12, *40 (C.D. Cal. Dec. 21, 2017); Court MIL 15.  Mr. Djavaherian simply stated that "[a] similar fact pattern was seen in the TCL case wherein the district judge" rejected the idea of discounts offered to some but not all licensees.  Similarly, Mr. Djavaherian discusses *InterDigital* to show that other courts have rejected the idea of licensing discounts in FRAND contexts.  Mr.  Djavaherian explains why, in view of the fact of those prior rejections, industry negotiators would resist the methodologies that Mr. Brismark says Samsung would have accepted if it was acting in good faith.  *See* Ex. 12 at ¶¶ 47-57.  Mr. Djavaherian is not using these prior rulings to impeach Mr. Brismark; he is criticizing Sisvel/Wilus's positions and explaining why Samsung would find them inconsistent with FRAND negotiations.

## III.    MR. DJAVAHERIAN'S OPINIONS ON WILUS'S LACK OF COMPLIANCE WITH IEEE DISCLOSURE POLICY ARE RELEVANT

Even if the Court grants summary judgment on Samsung's estoppel and waiver defenses, Mr. Djavaherian's opinions regarding Wilus's lack of compliance with IEEE disclosure policy would still be relevant to issues in the case.[2]  Wilus's untimely disclosure is relevant to willfulness because it reaffirms Samsung's lack of knowledge of the asserted patents until ███████████████ ██████████.  *See* Dkt. 273.  Mr. Djavaherian also explains that Wilus's lack of compliance with IEEE disclosure policy ████████████████████████████████████, and thus whether Samsung acted in good faith by not accepting the proposed license.  *See* Ex. 12 at ¶ 34 ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████); Ex. 13.  Moreover, Wilus does not argue that Mr. Djavaherian's testimony on this issue has any prejudicial effect.  *See* Fed. R. Evid. 703.

---

[2] Notably, Wilus does not address Samsung's argument that Wilus's lack of compliance is also relevant to Samsung's inequitable conduct defense in the -746 Case.  *See* Dkt. 381 at 1.

███████████████████████████

Dated: April 1, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg

3

████████████████████████████

CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

4

███████████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 1, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Matthew P. Mosteller*