IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY TO WILUS'S MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. M. RAY PERRYMAN (DKT. 257)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

TABLE OF EXHIBITS ................................................................................................................... ii

TABLE OF ABBREVIATIONS ..................................................................................................... iii

I.      DR. PERRYMAN CONDUCTS A PROPER MARKET COMPARABLE
        ANALYSIS OF THE ██████████ AGREEMENT .................................................. 1

II.     THE UNIFIED CONSULTING REPORT IS PROBATIVE AND NON-
        PREJUDICIAL, AND ITS CREDIBILITY IS FOR THE JURY TO
        WEIGH ................................................................................................................................ 2

III.    EACH OF THE ALLEGED "NEW OPINIONS" WAS CONTAINED
        IN DR. PERRYMAN'S REPORTS ................................................................................... 3

███████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
  25 F.4th 960 (Fed. Cir. 2022) ....................................................................................................1

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*,
  809 F.3d 1295 (Fed. Cir. 2015)..................................................................................................4

*G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:22-cv-00078, 2024 WL 1604642 (E.D. Tex. Apr. 12, 2024) ........................................4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  407 F. Supp. 3d 631 (E.D. Tex. 2019) ......................................................................................3

*Moss v. Ole S. Real Estate*,
  933 F.2d 1300 (5th Cir. 1991) ...................................................................................................3

*OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*,
  841 F.3d 669 (5th Cir. 2016).....................................................................................................3

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
  No. 2:15-cv-01366, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021) ...........................................2

*Rex Med., L.P. v. Intuitive Surgical, Inc.*,
  156 F.4th 1289 (2025).................................................................................................................1

**Statutes**

35 U.S.C. § 284................................................................................................................................4

████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-12 | Opposition exhibits (Dkt. 317) |
| 13 | Transcript of Deposition of ████████, on December 18, 2025 (excerpts) |
| 14 | Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated January 23, 2026 (excerpts) |
| 15 | ████████████████████████ (SAMSUNG_WILUS_00192372-SAMSUNG_WILUS_00192378) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| SEP | Standard-essential patent |

## I.  DR. PERRYMAN CONDUCTS A PROPER MARKET COMPARABLE ANALYSIS OF THE ███████████ AGREEMENT

Wilus is wrong about what the law requires for a comparable license analysis, and wrong about how Dr. Perryman did his unpacking of the ███████ agreement.

First, Wilus's suggestion that only asserted patents are relevant is legally and factually wrong for SEPs.  Implementers like Samsung need access to the entire 802.11ax standard, regardless of whether the patents covering it are "subject to claim charts and [a] lawsuit."  Dkt. 257 at 3.  SEP holders—including Wilus in this Court—routinely file lawsuits asserting only a small number of SEPs, while having tens, hundreds, or even thousands more declared to the standards.  These SEP holders, and their licensees, do not take the position that that the remaining SEPs in those portfolios have "no apparent value."  Dkt. 382 at 1.  But that is what Wilus asks this Court to hold.

Wilus refers to *Rex Med.* and *Wi-LAN* for support, but these cases do not relate to SEPs, and Wilus's reasoning makes little economic sense in the context of SEPs that are required to practice a standard.  *Rex Med., L.P. v. Intuitive Surgical, Inc.*, 156 F.4th 1289, 1293 (2025) (addressing patents "directed to systems for stapling tissue during surgery"); *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 966 (Fed. Cir. 2022) ("the inventors admittedly did not invent VoLTE technology").  Moreover, *Rex Med.* and *Wi-LAN* support Dr. Perryman's approach, not Wilus's.  In both cases, the Federal Circuit found an expert's opinion inadmissible because they failed to attribute value to licensed but non-asserted patents, which is precisely what Wilus argues Dr. Perryman *should* have done.  *Rex Med.*, 156 F.4th at 1297-98 (expert improperly "opined that most of the value in a license to Rex's patent portfolio is contained in a license to [the asserted patents]" and "failed to address the extent to which … [the] other patents contributed to the royalty rate"); *Wi-LAN*, 25 F.4th at 973 ("Yet … excluding these patents (and the rest of Wi-LAN's portfolio) … would have netted Apple only a 25 percent discount.").[1]  Dr. Perryman's analysis of the ███████ agreement does what the law requires.  It accounts for all of the licensed ███████ patents, not just those asserted against Samsung, based on the detailed opinions of Dr. Bims.  *See* Dkt. 317-6.

---

[1] Wilus's suggested apportionment—dividing the ████████████ across "at most … the eight patents in that case"—is the exact approach rejected in *Rex Med.* and *Wi-LAN*.  Dkt. 257 at 3.



Wilus is also wrong that, as a factual matter, Samsung did not place any "apparent value" on ██████████ non-asserted patents.  In deposition, Samsung's 30(b)(6) witness testified that ████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Ex. 13 at 122:7-124:7. How Samsung later ████████████████████████████████████████████ ████████████████████████████ demonstrates as much.  *Id.* at 119:18-120:7.  There, Samsung attributed value to all of ██████████████████████████ just as Dr. Perryman does.  Dkt. 317-5 at 13, 15.[3]  That Samsung's 30(b)(6) witness was not ██████████████████████████████ ████████ does not foreclose Dr. Perryman from relying on Dr. Bims' analysis (which Wilus admits is proper) and other evidence to conclude that all 75 families in the portfolio are relevant and should be included in his apportionment.  Ex. 13 at 120:18-21; Dkt. 382 at 1; *see* Dkt. 317-6 at ¶¶ 1270-1271.[4]

Wilus again disregards that Dr. Perryman's approach parallels not only his approach for the Sisvel/Wilus agreements that Wilus concedes is admissible, but also Sisvel/Wilus's own treatment of SEPs in its offers to Samsung and its expert report.  The only difference is that Sisvel/Wilus apply third-party evaluations and essentiality ratios, while Dr. Perryman explains his reasons for instead relying on declared SEPs.  Wilus fails to identify any basis for requiring a trial-within-a-trial on the validity and essentiality of every patent in the ████████ portfolio, even if Sisvel chose to evaluate Wilus's patents.  The choice to rely on third-party evaluations versus declared SEPs goes to weight.

## II.    THE UNIFIED CONSULTING REPORT IS PROBATIVE AND NON-PREJUDICIAL, AND ITS CREDIBILITY IS FOR THE JURY TO WEIGH

The Unified Consulting report compiles industry Wi-Fi 6 licensing rates—information that is known to be "highly probative, given the sophistication of the market and the amount of resources

---

[2] Wilus has not established the provided ██████████████████████████████ patents asserted against Samsung.  *See* Dkt. 257 at 3; Ex. 13 at 122:3-25.

[3] As explained in Samsung's opposition, ████████████████████████████████ estimate of the number of ████████ SEPs.  Dkt. 317 at 2; Dkt. 317-2 at ¶ 37.

[4] Wilus again cites *Personalized Media*, but that case did not address SEPs and excluded an expert who cited "no analysis of whether each (or even any) of [the defendant's] patents were in fact used," unlike Dr. Perryman who relies on Dr. Bims's detailed analysis.  *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366, 2021 WL 662237, at *6 (E.D. Tex. Feb. 20, 2021).

██████████████████████████████████████████████

and time that the industry devotes" to them. *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 638 (E.D. Tex. 2019). Dr. Perryman uses this "objective data" in rebutting Wilus's damages expert, who starts his apportionment of Wi-Fi 6 from ███████████████████████████████

███████████████████████████████████ than the lowest estimate calculated by Unified Consulting based on real-world information." Dkt. 257-8 at 221:20-21; Dkt. 317-2 at ¶ 156. Thus, it is simply false that Dr. Perryman only "parrot[s]" this data into the record. Dkt. 382 at 3. Rather, it forms a critical input to his critique of Mr. Dell's damages opinions.

That Wilus never faults the accuracy of the Unified Consulting report is also telling. Instead, Wilus argues that Dr. Perryman's reliance on the licensing rate data should be excluded because it came from a company in the same "Network" as Unified Patents, suggesting it would be permissible if it came from a different source (as indeed, Wilus's own damages expert relies on the same information). Dkt. 317-8 at ¶ 23 n.23; Dkt 382 at 3. This is illogical, and Wilus's MIL trap theory is self-inflicted as neither the Unified Consulting report nor Dr. Perryman present pejorative "troll" rhetoric to the jury. Dkt. 382 at 3. Indeed, Wilus is free to attack Dr. Perryman's methodology, inputs, and conclusions without invoking excluded topics. Wilus's concerns of bias[5] are also misplaced, as the "court must allow the jury to make credibility decisions and to decide what weight to afford a report's findings." *Moss v. Ole S. Real Estate*, 933 F.2d 1300, 1307 (5th Cir. 1991); *see also OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016).

## III. EACH OF THE ALLEGED "NEW OPINIONS" WAS CONTAINED IN DR. PERRYMAN'S REPORTS

In his rebuttal report, Dr. Perryman noted the potential pitfalls in conducting a *Georgia-Pacific* analysis in the situation Mr. Dell contemplates, where FRAND may or may not apply. Dkt. 317-2 at ¶ 13; *see* Ex. 14 at ¶¶ 263 ("to the extent the Asserted Patents are FRAND encumbered … the licensors, ███████████, could be precluded from putting any restrictions on a license"), 271, 275,

---

[5] Wilus's argument that Dr. Perryman's opinions must be excluded if the source of his data could be biased also mischaracterizes the record. Dkt. 382 at 3. Dr. Perryman testified that the Unified Consulting report presents "objective data" such that he "can't think why it would" change his opinions. Dkt. 257-8 at 221:14-22; *see also id.* at 215:23-216:10.

███████████████████████████████████████████████

285 (addressing *Georgia-Pacific* Factors 8 and 11), 340 (addressing *Georgia-Pacific* Factors 9 and 10), 392, 417 n.605.  Dr. Perryman therefore "***instead utilized an analysis of comparable licenses in a hypothetical negotiation*** framework" to determine "reasonable royalty" damages.  Dkt. 317-2 at ¶¶ 8, 13.  Thus, as Dr. Perryman made clear in response to *Wilus's* questioning in deposition, his opinions ████████████████████████████████████████████████.  Dkt. 317-10 at 48:17-49:6, 55:2-56:3.[6]  On this Samsung and Wilus's experts agree.  *See, e.g.*, Dkt. 317-9 at 204:18-205:4; Dkt. 317-11 at ¶ 418.  Indeed, while Wilus cites *G+* to allege that damages ***must be different*** depending on whether the patents are FRAND-encumbered, ██████████████████████████  Dkt. 382 at 4.  Because SEPs must be valued separate from their incorporation in a standard, it also makes logical sense that "reasonable royalty" damages for SEPs under 35 U.S.C. § 284 can be the same regardless of FRAND.  *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015) ("the adjustments to the *Georgia-Pacific* factors apply equally to RAND-encumbered patents and SEPs").  Wilus's read of *G+* is therefore incorrect.  Indeed, *G+* held that where the plaintiff "fully embraced the essentiality of the Asserted Patents at trial" as Wilus does here, they could not on a damages retrial "reverse course" to argue for "non-FRAND damages."  *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00078, 2024 WL 1604642, at *5 (E.D. Tex. Apr. 12, 2024).

Similarly, Dr. Perryman's reports acknowledged the implications of the Wi-Fi 7 release as well as those of Sisvel reporting only the number of ████████████████ patents in the Wilus portfolio.  Dkt. 317 at 8-9.  Dr. Perryman's reports explain that other licenses to the Wilus portfolio ██████████████████████████████████████████████████

████████████████████████████  *See* Dkt. 317-1 at ¶¶ 114, 116, 120, 148-149 (citing Ex. 15).  And Dr. Perryman's analysis of the ████████████ explained that, depending on whether the license covered ██████████████████████████████████████, the "rate per family" would change dramatically.  Dkt. 317-2 at ¶¶ 44-45; *see id.* at ¶ 173.

_____

[6] That Dr. Perryman refers to a "FRAND Rate" in his report does not preclude his opinions from also applying in a non-FRAND context.  Dkt. 382 at 4.  Indeed, his conclusions in Section VI are under the heading "FRAND Rate ***and Damages Conclusion***."  Dkt. 317-2 at ¶ 51 (emphasis added).

4

███████████████████████████████

Dated: April 1, 2026

Respectfully submitted,

*/s/ Matthew P. Mosteller*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg

5

CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

6

██████████████████████████████████

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 1, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Mathew P. Mosteller*

8