█████████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

███████████████████████████

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY TO WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY UNDER OBVIOUSNESS THEORIES (DKT. 267)**

██████████████████████████████████

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ii

TABLE OF EXHIBITS....................................................................................................................iii

TABLE OF ABBREVIATIONS......................................................................................................iii

I.  Obviousness Can Rely on Prior Art Whose Status Is Based On Commercial Sale..............................................................................................................................1

II.  Wilus Fails to Engage with Samsung's Argument That Its Enablement Position Undermines Its Reasonable Expectations of Success Argument....................................3

III.  Wilus Confuses Expert Testimony With Legal Standard................................................4

IV.  Samsung Did Proffer Evidence Showing Draft D0.5 Was Publicly Accessible ........................5

i

████████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celanese Int'l Corp. v. Int'l Trade Comm'n*,
  111 F.4th 1338 (Fed. Cir. 2024) .................................................................................................2

*Dey, L.P. v. Sunovion Pharms., Inc.*,
  715 F.3d 1351 (Fed. Cir. 2013)...................................................................................................2

*Dippin' Dots, Inc. v. Mosey*,
  476 F.3d 1337 (Fed. Cir. 2007)...................................................................................................1

*In re Etter*,
  756 F.2d 852 (Fed. Cir. 1985) (en banc) ....................................................................................5

*Intel Corp. v. PACT XPP Schweiz AG*,
  2023 WL 2198649 (Fed. Cir. 2023) ............................................................................................4

*Lockwood v. Am. Airlines, Inc.*,
  107 F.3d 1565 (Fed. Cir. 1997)........................................................................................... 1, 2, 3

*Medicines Co. v. Hospira, Inc.*,
  827 F.3d 1363 (Fed. Cir. 2016)...................................................................................................3

*Orthopedic Equip. Co. v. United States*,
  702 F.2d 1005 (Fed. Cir. 1983)...............................................................................................4, 5

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
  511 F.3d 1186 (Fed. Cir. 2008)................................................................................................3, 4

*Tec Air, Inc. v. Denso Mfg. Michigan Inc.*,
  192 F.3d 1353 (Fed. Cir. 1999)...................................................................................................2

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.*,
  120 F. Supp. 3d 600 (E.D. Tex. 2015) ........................................................................................2

*Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*,
  620 F. App'x 916 (Fed. Cir. 2015) ..............................................................................................3

**Statutes**

35 U.S.C. § 102(b) ...................................................................................................................... 1, 3, 4

███████████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-5 | Opposition Exhibits (Dkt. 325) |
|  |  |
|  |  |
|  |  |
|  |  |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Mot. | Dkt. 267 |
| Opp. | Dkt. 325 |
| Reply | Dkt. 378 |

iii

**I.    Obviousness Can Rely on Prior Art Whose Status Is Based On Commercial Sale**

**First**, Wilus cites no authority whatsoever for its extraordinary proposition that the aspect of a piece of prior art available for obviousness analysis is narrower than what is available for anticipation analysis. *See* Reply at 1-3. Wilus does not dispute that, for "'use' and 'on sale' bars under 35 U.S.C. § 102, **the confidential[] source code used in that system need not be publicly accessible**." Reply at 1. But, because Samsung is relying on the system art obviousness, Wilus baselessly asserts that the same source code must be publicly accessible. *See* Reply at 2. No court has ever made such a distinction. *Cf. Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1344 (Fed. Cir. 2007) ("**Prior art** under the § 102(b) **on-sale bar** is **also prior art** for the purposes of **obviousness** under § 103.").[1] On the contrary, Samsung pointed out in its opposition—which Wilus fails to reckon with—that *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) concerned publicly used prior art that was part of an obviousness combination. *See* Opp. at 6.

**Second**, while recognizing *Lockwood*'s holding that "other, **unclaimed aspects of the SABRE system' (that is, aspects not actually relied on for proving invalidity**) need not be 'publicly available,'" Reply at 3, Wilus fails to grasp that its argument requires **exactly the opposite** of that holding—Wilus argues that Samsung must (1) rely on the unclaimed source code to show invalidity (e.g., reasonable expectation of success), and (2) show that the unclaimed source code was publicly available. Indeed, the Court in *Lockwood* **rejected** the same hollow argument that Wilus is making here: "that one skilled in the art **would not be able to build and practice the claimed invention without access to the secret aspects** of [the system prior art]." *Lockwood*, 107 F.3d at 1570 (stating and rejecting patentee's argument). Under *Lockwood*, Samsung's showing that the claimed processor (as part of the Galaxy Tab S) is available as prior art based on the Galaxy Tab S's commercial sale cannot be "negate[d] . . . by evidence showing that **other, unclaimed aspects of the [Galaxy Tab S, such as its source code,] were not publicly available**." *Id.*

**Third**, Wilus also attempts to distinguish *Lockwood* based on its statement that the "**public**

---

[1] All emphasis is added unless noted otherwise.

1

████████████████████████████

*use* of the high-level aspects of the [prior art] system was enough to place the claimed features . . . in the public's possession." *Id.*; Mot. at 3-4. But *Lockwood* focused on the public availability of the claimed features **because the prior art status was based on public availability**. By contrast, the Galaxy Tab S's prior art status is based on its **commercial sale**, and Wilus does not dispute that **the Galaxy Tab S was commercially sold or that the commercially sold device included a processor**.

Relatedly, Wilus's reliance on *TQP Dev.* and *Dey, L.P.* are misplaced. *See* Reply at 4 n.3. These cases involved prior art whose prior art status was **based on its public use**, and thus the issue was whether the claimed feature was in public use **for it to be considered prior art**. *See TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 614 (E.D. Tex. 2015) (explaining the finding that "the claimed features were not in public use before the critical date—was justified and supports the verdict"); *Dey, L.P. v. Sunovion Pharms., Inc.*, 715 F.3d 1351, 1359 (Fed. Cir. 2013) (explaining "a reasonable jury could conclude that if members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, **the public has not been put in possession of those features**."). Public availability of the Galaxy Tab S (or any aspect of it) is irrelevant here because the prior art status of the Galaxy Tab S **is based on its commercial sale**, and "[t]he 'on sale' category . . . has never required that a qualifying commercial sale reveal to the public the details of the claimed invention." *Celanese Int'l Corp. v. Int'l Trade Comm'n*, 111 F.4th 1338, 1341 (Fed. Cir. 2024).

In fact, even prior art that was merely the subject of an offer for sale and **thus was never publicly accessible** can be part of an obviousness combination. *See Tec Air, Inc. v. Denso Mfg. Michigan Inc.*, 192 F.3d 1353, 1358 (Fed. Cir. 1999) (explaining "the subject matter . . . **offer[ed] to sell** . . . would have rendered the claimed invention **obvious by its addition to the prior art**."). But Wilus's position, if adopted, would eviscerate this category of prior art. Applying Wilus's logic, a device that was only offered for sale and was thus never available to the public can never be part of an obviousness ground because a POSITA could not have modified the device that was only offered for sale and was never publicly accessible.

2

**Fourth**, Wilus misstates the law and argues the public sale and use bar only applies to sale and public use **by the patentee**. *See* Reply at 2 (arguing that in *Celanese* and *LaPorte*, "the invalidity theories asserted by the accused infringers were limited to anticipation through the **patentee's** own prior sales and use"), 3 (arguing "the on-sale/use bars ask whether the **patentee** sold/used its invention before the 1-year safe harbor of § 102(b)"). But no such restriction exists. *See, e.g., Medicines Co. v. Hospira, Inc.*, 827 F.3d 1363, 1377 n.2 (Fed. Cir. 2016) ("We have held that **sales by third parties** can be invalidating sales under § 102(b) in certain circumstances.").

**Finally**, Wilus argues in a footnote that "**Dr. Bims** testified about 'source code for the Wi-Fi chip in the Galaxy Tab S.'" Reply at 2 n.2 (quoting Ex. 4, 113:10-21). This is incorrect. The quote is from **a question asked by Wilus's counsel**, not Dr. Bim's testimony. *See* Ex. 4, 113:10-18. And Dr. Bims certainly did not "agree" to the question. Ex. 4, 113:18-21.

## II. Wilus Fails to Engage with Samsung's Argument That Its Enablement Position Undermines Its Reasonable Expectations of Success Argument

Citing *Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*, 620 F. App'x 916, 929 (Fed. Cir. 2015) and *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008), Samsung argued that (1) Wilus's enablement position confirms that a POSITA does not need the source code to make the claimed processor and configure it with the claimed features, and (2) the Court should not apply a lower enablement standard for the asserted patents and a higher one for the prior art references. *See* Opp. at 7-8. In fact, based on this very rationale*, Lockwood* rejected the very same argument that Wilus is now making in this motion. *See* 107 F.3d at 1570 (rejecting patentee argument that "one skilled in the art would not be able to build and practice the claimed invention without access to the secret aspects of [system prior art]" because the asserted patent "itself d[id] not disclose the level of detail that [the patentee] would have [the Court] require of the prior art").

Citing **no** legal authority, Wilus baselessly calls Samsung's argument "respectfully, . . . nonsense" and "unsupported by any law or reasoning." Reply at 4. Wilus then merely points to Samsung's expert testimony and implies that it sets the legal standard that Samsung should meet. *Id.*

3

But Samsung's argument is about the **legal threshold** for a showing of obviousness—that the standard for establishing a reasonable expectation of success should not require more than what is disclosed by the asserted patents. *See Trs. of Columbia Univ. in City of New York*, 620 F. App'x at 929 (rejecting argument that "a PHOSITA could not have reasonably expected to be successful in devising an appropriate chemical procedure" that an expert opined was "complex" because the patent-at-issue itself "does not provide additional guidance with respect to chemical procedures"); *see also SRI Int'l, Inc.*, 511 F.3d at 1194 ("With [prior art reference] providing similar, or even a partially identical, disclosure to the [asserted] patent['s] specification, the record meets the **lower enablement standard** for prior art under 35 U.S.C. § 102(b)."). Expert testimony does not define such a legal threshold. On the contrary, experts are permitted to, and often do, opine at a level that exceeds a party's burden or the legal standard, but it does not change the legal standard itself.

### III.    Wilus Confuses Expert Testimony With Legal Standard

In a similar vein, Wilus suggests its argument that relies on "bodily incorporation" of a prior art reference to the system prior art is proper because Samsung's experts allegedly suggested it. *See* Reply at 5. As noted above, expert testimony does not define the legal threshold required for a showing of obviousness or reasonable expectation of success. Thus, Wilus cannot prevail in this motion **even if** Samsung's expert opinion does not show a reasonable expectation of success in bodily incorporation of prior art features into BCM44354. Importantly and fatal to its argument, Wilus failed to show that a reasonably jury cannot find a reasonable expectation of success of combining teachings of the Galaxy Tab S's processor with teachings of other prior art references under the correct legal standard.

To that end, Wilus disregards the actual holdings of the cases that it quotes. *See* Reply at 5 n.4. Both quotes from *Intel Corp.* and *Orthopedic Equip.* make clear that the applicable standard is a reasonable expectation in combining the "**teachings**" of prior art, and not "bodily incorporation." *Intel Corp. v. PACT XPP Schweiz AG*, 2023 WL 2198649, at *3 (Fed. Cir. 2023) ("[E]vidence that the **teachings and concepts of the prior art** were (either actually or apparently) incompatible such that a skilled artisan would not have reasonably expected to succeed in combining those teachings is

relevant to the obviousness analysis."); *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983) (stating "claims were nonobvious **in view of the combined teachings** of the two references"). In contrast, Wilus merely argues that there must be a reasonable expectation of success **in bodily incorporating various features** of the prior art into the Galaxy Tab S. But whether or not the experts adequately made such a showing is irrelevant as to whether Samsung's expert testimony can support a jury finding under the correct standard.

Wilus then argues that "there is no material dispute on one overarching hurdle: that a POSITA would not have had access to the source code in the first place to modify." Reply at 5. But as the **en banc** Federal Circuit panel held, "that [a prior art] cannot be incorporated in [another prior art] are **basically irrelevant**, the criterion being **not** whether the references could be **physically combined**." *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc).[2] Wilus cannot establish no genuine dispute of **material** fact based on a legally irrelevant factor.

## IV.    Samsung Did Proffer Evidence Showing Draft D0.5 Was Publicly Accessible

Wilus failed to address the fact that Samsung's opposition identified paragraphs in Dr. Bims's declaration/report (as well as deposition testimony) where he did specifically opine on the public accessibility of Draft D0.5. Reply at 5; Opp. at 4, 9-10. For this and all of the reasons identified in Samsung's opposition, Samsung has proffered evidence showing that Draft D0.5 was publicly accessible prior art, which precludes summary judgment.

Dated: April 1, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571

---

[2] To the extent, *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983) made a contrary holding, it was abrogated by *In re Etter*, 756 F.2d at 859.

rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

6

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 1, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*

8