IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>HP INC.<br><br>        Defendant. | Civil Case No. 2:24-cv-00752-JRG<br>[Lead Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | Civil Case No. 2:24-cv-00746-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | Civil Case No. 2:24-cv-00765-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

████████████████████████████████

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY TO WILUS'S MOTION TO STRIKE OPINIONS OF SAMSUNG EXPERT DR. HARRY BIMS (DKT. 274)**

████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-3 | Opposition Exhibits (Dkt. 315) |
| 4 | Excerpts from the Opening Report of Dr. Harry Bims (Corrected), dated January 28, 2026 |

Wilus's reply does not even attempt to address the deficiencies in its motion to strike. Rather than engaging with Samsung's arguments, the governing law, and the multiple, independent grounds Samsung has identified for denying the motion, Wilus merely parrots its original flawed arguments.

*Wilus still fails to identify any violation of Patent Rule 3-3(c).* The rule requires "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3(c). Samsung met that requirement by expressly identifying the Galaxy Tab S as system prior art and providing detailed element-by-element charts showing how systems implementing IEEE 802.11ac (including the Tab S) disclose each claim limitation. Opp. at 1-2. Wilus cites no authority requiring a defendant to separately re-chart identical claim mappings simply because the prior art is a standards-implementing product rather than the standard itself. And Wilus simply ignores the fact that it never objected to Samsung's system-art disclosures for over a year following Samsung's invalidity contentions, including after Samsung's January 2026 election of prior art that expressly identified the Galaxy Tab S among its top invalidity grounds. Opp. at 2, Ex. 1. Wilus's flawed and belated argument should be rejected.

*Wilus overstates the scope of Samsung's IPR stipulations.* Samsung's IPR stipulations track § 315(e)(2) and include a very specific, additional commitment not to pursue obviousness combinations of the IPR-asserted prior art with unpublished system art. Opp. at 2-4. Those commitments were certainly "far broader" than a standard *Sotera* stipulation. Further and clearly, the stipulations **did not** waive system-art grounds supported by publications **unasserted** in the IPRs. Wilus's hollow arguments in the reply do not even attempt to address the stipulations' actual language or Samsung's undisputed explanation of their scope, nor. Nor does Wilus point to **anything** indicating that the PTAB understood the stipulations to bar the theories at issue here.

*Wilus's contention that the Galaxy Tab S theories are "printed publication" grounds in disguise contradicts the controlling law.* The Federal Circuit unequivocally held that IPR estoppel does not preclude a party "from relying on the same patents and printed publications [that the IPR petitioner raised or could have raised before the PTAB] as evidence *in asserting a ground that could not be raised during the IPR.*" *Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1366-

1

67 (Fed. Cir. 2025) (emphasis added). System-art grounds based on a prior-art product like the Galaxy Tab S fall squarely within that category. Wilus never explains why citing IEEE 802.11ac as evidence of what the Tab S implements converts a system-art ground into a printed-publication one. Indeed, Wilus's theory would effectively eliminate system-art prior art for standards-implementing products— an outcome *Ingenico* plainly rejects. Samsung asserts prior-art product grounds supported by documentary evidence of what the product implements—precisely the distinction preserved by *Ingenico*. Wilus dismisses the clear Federal Circuit precedent in *Ingenico* as allegedly applying only to "statutory" estoppel, not to Samsung's "broad" IPR commitments. But it fails to demonstrate why the reasoning set forth in *Ingenico* would be inapplicable to the present circumstances. Indeed, it does.

*Wilus's reliance on pre-Ingenico decisions in Biscotti and General Access should be rejected.* *Biscotti* addressed an attempt to repackage an estopped publication as system art, which is inapplicable here. Opp. at 3. *General Access* simply cautioned a party against "exclusively" relying on estopped printed subject matter as system art, and is therefore no different. *Gen. Access. Sols., Ltd. v. Spring Spectrum L.P.,* Case No. 2:30-CV-00007, 2020 WL 12572917, at *3 (E.D. Tex. Dec.1, 2020). Notably, *General Access* refused to strike invalidity grounds based on system art where, as here, the defendant, "in addition to patents and printed publications, [] intend[ed] to establish the functionality of its asserted prior art systems through [additional evidence]." *Id.* at *4; *see also* Ex. 4 (Bims Corrected Opening Report) at ¶¶ 295-298, 375-380, 442-445, 600-603, 770-772, 834-836, 885-886, 1032-1037, 1084-1089 (citing the Galaxy Tab S press release and product specification).[1]

Lastly, Wilus does not even attempt to respond to Samsung's argument that wholesale exclusion of Dr. Bims's cited opinions would be improper. Wilus's silence confirms that the sweeping relief it seeks is unwarranted.

---

[1] Wilus contradicts itself when it attempts to distinguish *Ingenico* because "that case addressed the scope of *statutory* estoppel" (Dkt. 379 at 1). But the same distinction also applies to both *Biscotti* and *General Access,* the only estoppel caselaw Wilus cites in its briefs.

████████████████████████████████████

Dated: April 1, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

3

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 1, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*

