**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

                  Plaintiff,

          v.

HP INC.,

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:24-cv-00764-JRG-RSP
**Member Case**

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

                  Plaintiff,

          v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA, INC.,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:24-cv-00765-JRG-RSP
**Member Case**

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

                  Plaintiff,

          v.

ASKEY COMPUTER CORP. and ASKEY
INTERNATIONAL CORP.,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:24-cv-00766-JRG-RSP
**Member Case**

**ASKEY DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
WILUS'S EXPERT OPINIONS OF MR. GUSTAV BRISMARK**

███████████████████████

**TABLE OF CONTENTS**

I.  ARGUMENT ................................................................................................................1

    A.  Mr. Brismark's Opinions are Not Relevant to the Calculation of Damages or the *Georgia-Pacific* Analysis ...............................................1

    B.  Mr. Brismark's Offered Impermissible Legal Conclusions....................................3

    C.  Mr. Brismark's Testimony Concerning Good Faith is Irrelevant to Any Remaining Issue .................................................................................................5

II.  CONCLUSION ...........................................................................................................5

Mr. Brismark's testimony should be excluded, because it is not relevant to the only remaining issue in the case: damages. Wilus bears the burden of establishing admissibility and cannot do so for Mr. Brismark's opinions, particularly in view of its own damages expert confirming that the opinions are irrelevant, inconsequential, and inapplicable.

The sworn testimony of Wilus's damages expert, Stephen Dell:

> Q. So if Mr. Brismark's opinions were excluded or if he were not to testify at trial, would your opinions change?
>
> A. No.

ECF No. 255-3, at 54:16-19. This testimony alone—which Wilus does not attempt to address or explain—defeats Wilus's assertion of admissibility. Wilus's attorney argument alleging relevance to damages cannot overcome unqualified and unambiguous sworn testimony to the contrary.

Wilus cites Mr. Dell's references to Mr. Brismark's opinions in his report, but those references concern Mr. Brismark's legal conclusion that Wilus's FRAND obligations "have been suspended." That is an impermissible legal conclusion from Mr. Brismark, a non-lawyer.

The proponent of expert testimony bears the burden of establishing its admissibility under Federal Rule of Evidence 702. Wilus concedes that it bears the burden, and because Wilus cannot show that Mr. Brismark's opinions are relevant to any remaining issue or appropriate subjects for expert testimony, the Court should exclude Mr. Brismark's opinions entirely.

## I.    ARGUMENT

### A.    Mr. Brismark's Opinions are Not Relevant to the Calculation of Damages or the *Georgia-Pacific* Analysis

Mr. Brismark's opinions are inadmissible because they do not affect or inform the reasonable royalty rate or *Georgia-Pacific* analysis offered by any expert. Mr. Brismark's report addresses general issues related to FRAND licensing, alleged negotiation conduct, and policy

1

considerations. ECF No. 255-2, ¶ 2. Those topics are not part of the reasonable-royalty calculation, and accordingly, Mr. Brismark's testimony will not aid the jury.

Critically, Wilus argued that Mr. Brismark's opinions are relevant, but Wilus's own damages expert admitted that Mr. Brismark's opinions do not affect his reasonable royalty rate. Ex. 3, at 54:16–19. Even though Mr. Dell's report cites Mr. Brismark's legal conclusion that FRAND obligations were "suspended," Mr. Dell testified it does not affect his opinions:

> my opinion is FRAND, irrespective of whether it's determined that Askey has, in fact, negotiated in bad faith such that it has suspended the FRAND obligations. So as you asked earlier, *my opinion would not change*, determinative of that finding of *whether Askey negotiated in bad faith or not*.

*Id.*, at 106:15-20 (emphasis added). Wilus does not acknowledge or address Mr. Dell's admissions.

Wilus cites *Saint Lawrence v. ZTE* in which the Court permitted reliance on licenses negotiated in litigation in Germany that were used to justify adjustments to the hypothetical royalty rate. *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 WL 679623, at *4 (E.D. Tex. Feb. 21, 2017), but that decision has no bearing here, even setting aside the fact that Mr. Dell admitted that he made no adjustments based on Mr. Brismark's testimony.

Wilus also confusingly argues that Askey's expert testified that Mr. Brismark's opinions are relevant to her damages calculations. They are not. In her report, Dr. Mody noted that "Mr. Brismark's opinions, and Mr. Dell's consideration of those, are not relevant to the outcome of a hypothetical negotiation." Ex. 4, at 21. And in her deposition, she reiterated that she has opined "about the outcome of a hypothetical negotiation, considering the *Georgia-Pacific* factors that are there" and that she "did not use . . . any sort of alternate *Georgia-Pacific* factors to adjust specifically for FRAND." ECF No. 318-5 [Wilus, Ex. D], at 68:13-69:2.

Wilus also insists that Mr. Brismark's opinions "inform" the *Georgia-Pacific* analysis as one of many "data points," but cites nothing supporting that claim. Indeed, Mr. Brismark's

opinions assume the opposite of the *Georgia-Pacific* framework. The hypothetical negotiation assumes a willing licensor and willing licensee; Mr. Brismark's opinions are premised on his alleged unwillingness, bad faith, delay, and hold-out by Askey. Such opinions do not inform the hypothetical negotiation as a matter of law.

Furthermore, Wilus suggests *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019) confirms admissibility of Mr. Brismark's testimony, because "actual and past licenses and negotiations" can inform the hypothetical negotiation. That authority does not assist Wilus here for at least two reasons. First, Mr. Brismark does not opine about how the parties' negotiations inform the hypothetical negotiation or what license terms they might agree to (which is the type of information *Elbit* references). Indeed, Mr. Brismark dismisses Askey's offers out of hand. *See, e.g.*, ECF No. 255-2, ¶¶ 127, 130. Second, Mr. Dell does not consider the parties' actual negotiations either when reaching his royalty rate determination; he instead ignores the "actual past licenses and negotiations" referred to in *Elbit* and relies instead on the vacated jury verdict from *Ericsson v. D-Link* as the source of his royalty rates.

Because Mr. Brismark's opinions do not affect the reasonable royalty calculation or inform the *Georgia-Pacific* analysis, they are irrelevant and should be excluded under Rule 702(a).

### B.    Mr. Brismark Offers Impermissible Legal Conclusions

Stating that FRAND obligations of one party are suspended is an impermissible legal conclusion that may not be offered by expert testimony. Mr. Brismark opines that Askey's alleged "bad faith" and "unreasonable delay" suspended Wilus's FRAND obligations, permitting Wilus to seek "supra-FRAND rates." ECF No. 255-2, ¶¶ 151, 163. Whether a patentee has a FRAND obligation is a legal determination based on contract and policy interpretation. This case does not present a question of the "scope and nature of the alleged FRAND commitment" as Wilus asserts.

3

Wilus attempts to distinguish *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016), but the text Wilus quotes confirms exactly why Wilus's argument fails. In *Metaswitch*, the expert offered an opinion about the impact of the FRAND obligation on damages, and he considered the FRAND commitment so as "to give his opinions about *the economic effect*." *Id.* (emphasis added). Mr. Brismark is not testifying about economics or damages; that is Mr. Dell's role. Nor is Mr. Brismark testifying about the economic effect of the FRAND commitment; he is testifying about the *legal* effect and whether or not FRAND obligations are suspended. Mr. Dell confirms this by stating his understanding that the FRAND obligations "have been suspended," even though he also confirmed that such understanding does not impact his analysis at all. ECF No. 255-3, at 54:16-19.

Wilus also appears to misunderstand the import of *Toccoa Ltd. v. N. Am. Roofing Servs., LLC*, No. 1:21-CV-00313-MJT, 2023 WL 4401545, at *13 (E.D. Tex. June 8, 2023). The FRAND obligation is a contractual obligation between Wilus and IEEE. In *Toccoa*, the Court confirmed that "expert testimony on contract interpretation is generally inadmissible." *Id.* Mr. Brismark's assertion that "one party's failure to fulfill its obligation to negotiate in good faith suspends the other's" is a legal conclusion about contract interpretation, not an expert opinion.

Wilus also argues that Mr. Brismark is not offering legal interpretations because he is not an attorney. The fact that the opinions about suspension of contractual FRAND obligations are coming from a non-lawyer makes the testimony even less reliable. Even as a non-attorney, Mr. Brismark plainly attempts to interpret and apply the law and court decisions to conclude that FRAND obligations cease to apply based on asserted negotiation conduct.

Wilus's arguments concerning *G+ Communications* do not salvage Mr. Brismark's opinions. That decision confirms that FRAND obligations remain attached to the patent even in

4

cases where negotiation obligations may be affected. *G+ Commc'ns, LLC v. Samsung Elecs. Co.,* No. 2:22-CV-00078-JRG, 2024 WL 233222, at *6-7 (E.D. Tex. Jan. 22, 2024). Nothing in *G+ Communications* authorizes an expert to instruct the jury that FRAND no longer applies or that a patent holder may seek supra-FRAND rates.

Wilus's suggestion that these issues go only to weight rather than admissibility is incorrect. *See EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1339 (Fed. Cir.), *cert. denied,* 146 S. Ct. 333, 223 L. Ed. 2d 165 (2025) ("Determinations of admissibility, which fall within the gatekeeping role of the court, are separate from determinations of weight and credibility, which are within the province of the jury in a jury case."). Legal conclusions are excluded as a matter of law. Wilus's assertion that the Court will decide the issue of FRAND suspension on summary judgment only confirms that it is a legal issue for the Court, not a topic for expert testimony.

### C. Mr. Brismark's Testimony Concerning Good Faith is Irrelevant to Any Remaining Issue

Wilus argues that Mr. Brismark should be allowed to testify to Askey's intent because "[t]he concept of good faith negotiations and unreasonable delay is acknowledged by the IEEE as a behavioral standard during FRAND negotiations," but these are not issues in this case. Wilus withdrew its willfulness claim, and no party has alleged any breach of any obligation. *See* ECF No. 321. Wilus cannot carry its burden to prove admissibility of this irrelevant testimony.

## II. CONCLUSION

Wilus has not met its burden of proving that Mr. Brismark's testimony is admissible. Mr. Brismark's opinions do not inform the reasonable royalty or the *Georgia-Pacific* analysis, do not affect the damages calculation of any expert, and consist of impermissible legal conclusions and improper opinions on each party's intent. Because his testimony cannot assist the jury on damages—the only issue remaining in the case—the Court should exclude it.

████████████████████████████████

Dated:  March 23, 2026

Respectfully submitted,


*/s/ Jeffrey D. Smyth*

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth