# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** |

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

      Plaintiff,

   v.

HP INC.,

      Defendant.

Case No. 2:24-cv-00764-JRG-RSP
**Member Case**

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

      Plaintiff,

   v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA, INC.,

      Defendants.

Case No. 2:24-cv-00765-JRG-RSP
**Member Case**

WILUS INSTITUTE OF STANDARDS AND
TECHNOLOGY INC.,

      Plaintiff,

   v.

ASKEY COMPUTER CORP. and ASKEY
INTERNATIONAL CORP.,

      Defendants.

Case No. 2:24-cv-00766-JRG-RSP
**Member Case**

**ASKEY DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
WILUS'S EXPERT OPINIONS OF MR. STEPHEN DELL**

████████████████████████████

**TABLE OF CONTENTS**

I.  ARGUMENT ................................................................................................................ 1

    A.  The Court Should Bar Wilus from Presenting an Undisclosed Damages Theory ........................................................................................... 1

        1.  The absence of Mr. Dell's damages theory from Wilus's discovery responses is unambiguous and indisputable. .............................. 2

        2.  The *Longhorn* factors do not excuse Wilus's conduct. ............................... 3

    B.  The Court Should Exclude Mr. Dell's Unreliable Opinions ................................... 4

        1.  Wilus confirms that Mr. Dell's analysis supplants the actual executed licenses with the vacated *Ericsson* rate. ...................................... 4

        2.  Wilus confirms that Mr. Dell did not apportion the value of the seven asserted patents. ................................................................................. 5

        3.  Neither expert adjusted their analysis based on FRAND obligations and the parties' negotiations are irrelevant. ............................. 5

II.  CONCLUSION ........................................................................................................... 5

Wilus's opposition confirmed that it did not disclose its intent to rely on the vacated jury verdict from the *Ericsson v. D-Link* case as the fundamental basis for Mr. Dell's damages opinions, and the Court should exclude his opinions accordingly. Unable to dispute the absence of its theory in its generic interrogatory response—despite that Mr. Dell began working on his opinions many months before the close of fact discovery—Wilus instead relied on documents never identified in its responses. Such attempted misdirection must also fail because none of the documents noted any particular relevance of the *Ericsson* verdict here or suggested Wilus's intent to rely on it alone as the sole basis for its damages theory. Wilus cannot reasonably dispute that its actions precluded Askey from serving discovery or obtaining relevant information from Wilus and third parties.

Wilus also attempts to justify Mr. Dell's reliance on the *Ericsson* verdict for his analysis and apportionment, but does not dispute that the Federal Circuit vacated the decision *because* the jury was not instructed on apportionment. Thus, the Federal Circuit confirmed that the *Ericsson* rate is an inappropriate and unanchored rate to rely on. Wilus ignored the Federal Circuit decision and never explained how a vacated verdict resulting from improper jury instructions could provide "sufficient facts or data" to serve as the basis for a damages theory. Accordingly, Mr. Dell's undisclosed, unsupported, and un-apportioned expert opinion must be excluded.

## I.    ARGUMENT

### A.    The Court Should Bar Wilus from Presenting an Undisclosed Damages Theory

According to Wilus, Askey should have known from Wilus's boilerplate reference to "licensing activity" and production of documents that were *not cited* in Wilus's interrogatory response that Mr. Dell would forgo the 40 licenses to the patent-in-suit and rely instead on a vacated jury verdict in an unrelated matter. That Wilus failed to disclose Mr. Dell's analysis is confirmed by Wilus's inability to point to *any* part of its interrogatory responses revealing it.

1

███████████████████████████████

### 1.    The absence of Mr. Dell's damages theory from Wilus's discovery responses is unambiguous and indisputable.

Wilus's failure to disclose Mr. Dell's theory in its interrogatory responses at any point in discovery is apparent from just reading the document. Wilus points only to the same sentence as Askey, indicating that Wilus "expects a royalty rate may be determined *from licensing evidence.*" Ex. B, at 30. Wilus does not deny—because it cannot—that Wilus's responses did not mention *Ericsson v. D-Link*, did not mention Ericsson patents, did not mention D-Link products, and did not mention a $0.05 per unit "████████ or a $0.05 to $0.11 range. Wilus also admits that its response to Interrogatory No. 3 identified only "the pool and bilateral licenses" and "Sisvel's licensing website." ECF No. 316, at 4. And incorporation of the Sisvel testimony on the last day of discovery, does not help because the Sisvel witness did not disclose the *Ericsson* theory either.

Wilus instead focuses on documents that were never cited in its interrogatory responses and were never identified in connection with damages. *See* Wilus Exs. C, E-H. Wilus admits that Mr. Dell set aside the pool licenses because they "cover hundreds of patents each," and that he ███████████████████████████. ECF No. 316, at 4. "████████ are not "licensing activity."

Importantly, Wilus argues that Askey should have anticipated Mr. Dell's opinion based on the "████████ documents, but unlike Mr. Dell's opinion, which relies on only the *Ericsson* decision (the highest rate), ████████████████████████████████. *See* Wilus Exs. E-H. None of the documents, not even the email sent to Askey (Wilus's Exs. E, F), provided any indication that ████████████████████████████████████ ████████████████████████████. Indeed, they suggest the opposite. *See*, *e.g.*, Wilus Ex. G, at 2 ("████████████████████████████.").

Wilus argues Sisvel's designated witness put Askey "on sufficient notice" of Mr. Dell's theory. Not so. First, Sisvel is not a party, and its witness was not designated to testify on behalf

2

of *Wilus* concerning *Wilus's* damages contentions. Second, Mr. Muus was not asked a single question about the *Ericsson* rate. (He would have been if Wilus had disclosed the role of *Ericsson* in its damages theory.) Thus, Wilus's reliance on *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 220CV00349JRGRSP, 2022 WL 903931, at *2 (E.D. Tex. Mar. 27, 2022), is misplaced. Instead, Wilus points to general questions by Samsung's counsel about one of the "███████ documents. Mr. Muus explained that "███████████████████████████████████████

███████████████████████████████████" Ex. L, at 172:3-17.

███████████████████████████████. He suggested the opposite.

### 2.      The *Longhorn* factors do not excuse Wilus's conduct.

The Fifth Circuit confirmed in *Barrett v. Atlantic Richfield* that "Rule 37(b)(2)(B) authorizes the district court to impose sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The Court identified four factors for considering whether a trial court abused its discretion. The same factors are recited in *Longhorn* and confirm exclusion is appropriate.

First, Wilus argues that *Ericsson* is significant to Wilus's damages case, but there are 40 licenses for the patents-in-suit that Mr. Dell could have (and should have) relied on. He cast them aside to achieve a royalty that is more than double the rate in those licenses for the entire portfolio.

Second, Askey identifies several ways in which it was prejudiced by Wilus's failure to disclose, including the inability to seek discovery from Wilus, Ericsson, or D-Link. ECF No. 252, at 5. Wilus incorrectly dismisses the prejudice as "minimal" and mischaracterizes Mr. Dell's use of the rate, ██████████████████████ but instead drives the entirety of his analysis.

Third, Wilus denies that there is anything to "cure," but that is a circular argument. Curing the harm would require reopening fact discovery or permitting Mr. Dell to prepare a new analysis that does not rely on the *Ericsson* rate to override the 40 licenses to the patent-in-suit.



Finally, Wilus refuses to acknowledge that Mr. Dell's damages theory was not disclosed and thus offers no explanation for its clear failure. Suggesting that Askey should have been more diligent in discovery fails because Askey could not know that Mr. Dell was actively preparing a completely different analysis, one divorced from the "licensing activity" disclosed by Wilus.

**B.      The Court Should Exclude Mr. Dell's Unreliable Opinions**

Mr. Dell's opinions are unreliable. The Court must exercise its "gatekeeping role" and shield the jury from his unreliable opinions. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1339 (Fed. Cir.), *cert. denied*, 146 S. Ct. 333 (2025).

### 1.      Wilus confirms that Mr. Dell's analysis supplants the actual executed licenses with the vacated *Ericsson* rate.

Wilus tries to distinguish between Mr. Dell's reliance on the *Ericsson* verdict itself ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but there is no meaningful distinction. The Federal Circuit vacated the *Ericsson* verdict for "prejudicial error," regardless of whether Mr. Dell relies on the verdict directly. The *Salazar* case is inapposite because that verdict was vacated for noninfringement, not based on the unreliability of the jury's damages determination.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The hypothetical negotiation is between Wilus and Askey. Further, Mr. Dell admitted that he has no basis for believing Askey would have relied on it. Ex. M, at 97:11-24. This is analogous to *EcoFactor*, where a damages opinion assuming licensees agreed to pay a certain rate was found improper. *EcoFactor*, 137 F.4th at 1346. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Wilus also attempts to paper over the obvious deficiencies of Dr. Haas's opinions on which Mr. Dell relies but cannot dispute that Dr. Haas's opinions are conclusory and that he admitted that he could not offer opinions on the relative value of the patents. *See* ECF No. 252, at 5, 8.

4

██████████████████████████████████████████

**2.      Wilus confirms that Mr. Dell did not apportion the value of the seven asserted patents.**

Wilus does not dispute that it has many patents that it alleges are essential to the Wi-Fi 6 standard, but which are not asserted in this case. Nor does it dispute that Mr. Dell did not attempt to apportion the value of the asserted patents relative to the remainder of Wilus's portfolio (or the patent portfolios of the other patent pool licensors). Instead, Wilus argues this is a quintessential case of "built-in" apportionment, but the cited cases do not support Wilus. One, *Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1303 (Fed. Cir. 2015) concerned prior negotiations for the same patent. The other, *Vectura Ltd. v. Glaxosmithkline LLC*, 981 F.3d 1030, 1040-1041 (Fed. Cir. 2020) involved an "unusual circumstance" where "principles of apportionment were effectively baked into the [earlier] license." Neither is the case here.

Wilus argues Mr. Dell does not assume apportionment came from the jury, but his report indicates otherwise. Further, ████████████████████████████████████ ████████████████████████████████ but has no basis to believe that Askey would have considered it relevant. Ex. M, at 97:11-24; *see also EcoFactor*, 137 F.4th at 1341. And Mr. Dell did not adjust the rate in the actual licenses to reflect the limited number of asserted patents either.

**3.      Neither expert adjusted their analysis based on FRAND obligations and the parties' negotiations are irrelevant.**

There is no dispute that Wilus has FRAND obligations, but neither expert factored in those obligations. Mr. Dell relied on the *Ericsson* rate and dismissed the licenses. Dr. Mody did not alter her rate based on FRAND. Thus, opinions regarding bad faith negotiations are irrelevant.

## II.      CONCLUSION

Mr. Dell's expert opinions contain theories that Wilus withheld, a verdict vacated for improper jury instructions, and an analysis failing to meet minimum standards for reliability. The Court should fulfill its "gatekeeping role" and exclude Mr. Dell's unreliable opinions.

███████████████████████████████

Dated: March 23, 2026                    Respectfully submitted,


                                         */s/ Jeffrey D. Smyth*

                                         Trey Yarbrough
                                         Bar No. 2213350
                                         **YARBROUGH WILCOX, PLLC**
                                         100 E. Ferguson Street, Suite 1015
                                         Tyler, TX 75702
                                         Tel:  (903) 595-3111
                                         Fax: (903) 595-0191
                                         Email: trey@yw-lawfirm.com

                                         Ming-Tao Yang (*pro hac vice*)
                                         Jeffrey D. Smyth (*pro hac vice*)
                                         **FINNEGAN, HENDERSON, FARABOW**
                                           **GARRETT & DUNNER, LLP**
                                         3300 Hillview Avenue, 2nd Floor
                                         Palo Alto, CA 94304
                                         Tel:  (650) 849-6600
                                         Fax: (650) 849-6666
                                         Email: ming.yang@finnegan.com
                                         Email: jeffrey.smyth@finnegan.com

                                         *Attorneys for Defendants Askey Computer Corp.*
                                         *and Askey International Corp.*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 23, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

/s/ Jeffrey D. Smyth
Jeffrey D. Smyth

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case

/s/ Jeffrey D. Smyth
Jeffrey D. Smyth