# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) ) |
| Plaintiff, | ) Case No. 2:24-cv-0752-JRG-RSP ) **LEAD CASE** |
| v. | ) ) |
| HP INC., | ) Case No. 2:24-cv-00764-JRG-RSP ) **Member Case** |
| Defendant. | ) ) ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) |
| Plaintiff, | ) Case No. 2:24-cv-00753-JRG-RSP ) **Member Case** ) |
| v. | ) ) |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., | ) Case No. 2:24-cv-00766-JRG-RSP ) **Member Case** ) ) |
| Defendants. | ) ) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | ) ) |
| Plaintiff, | ) Case No. 2:24-cv-00746-JRG-RSP ) **Member Case** |
| v. | ) ) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) Case No. 2:24-cv-00765-JRG-RSP ) **Member Case** ) |
| Defendants. | ) ) |

**ASKEY DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF
WILUS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
THE SUSPENSION OF RAND OBLIGATION**

██████████████████████████████████

**TABLE OF CONTENTS**

I.     ARGUMENT ................................................................................................................. 1

     A.    Whether Wilus's FRAND Obligation Can Be Suspended is Irrelevant ................. 1

          1.    Askey did not rely "heavily" on Wilus's FRAND commitment in permanent injunction briefing, which is already complete. ..................... 1

          2.    Suspension of Wilus's FRAND obligations is not relevant to the calculation of damages. ......................................................................... 2

          3.    The Court should not grant summary judgment on a breach of contract claim or theory that Wilus has neither pled or alleged. ................ 3

     B.    *G+ Communications* Does Not Support Entry of Summary Judgment .................. 3

     C.    Askey Has Not Misrepresented Any Facts Regarding Negotiations ...................... 3

     D.    Askey's Cases on Post-Suit Conduct Do Not Support Wilus's Request ................ 4

     E.    The Prevention Doctrine is Not Relevant to the Parties' Disputes ......................... 5

II.    CONCLUSION .............................................................................................................. 5

███████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple v. Motorola*,
  757 F.3d 1286 (Fed. Cir. 2014)............................................................................2, 3, 4

*Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*,
  429 F.3d 108 (5th Cir. 2005) ...............................................................................3

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ...............................3, 4

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ...............................................................................3

The Court should deny Wilus's request because Wilus provided no basis for summarily adjudicating whether its FRAND obligation "can be" suspended or for seeking an advisory opinion. With limited space to address numerous factual disputes and legal hurdles, Wilus resorted to shrinking line spacing and eliminating section headings to squeeze every last word possible within its page limit. However, even with extra words, Wilus cannot change the fundamental fact that its motion for summary judgment requests relief unrelated to any claim or issue in the dispute between Wilus and Askey, particularly considering the lack of willfulness and Wilus's expert's testimony that its damages do not depend on FRAND obligations or alleged bad faith by Askey.

Wilus argues that the Court should decide this issue "to ensure proper jury instructions," but there should be no such jury instructions at all in this case. The Court should not ask the jury to resolve *any* dispute concerning the parties' negotiations: it is not relevant to damages—as both experts confirmed—and Wilus agreed to "no longer seek any finding of willfulness."

In addition to lacking relevance to any issue in dispute, Wilus cannot provide sound legal support for the requested relief. The Court should deny Wilus's motion for summary judgment.

## I.    ARGUMENT

### A.    Whether Wilus's FRAND Obligation Can Be Suspended is Irrelevant

Wilus does not dispute that its Complaint does not allege any breach of any obligation owed by Askey, no claim based on the IEEE bylaws, and nothing relating to the parties' negotiations or Askey's conduct (let alone any allegation of bad faith). Wilus ignores its own pleading and argues these unpled facts are "embedded in the issues in this case," but it is incorrect.

#### 1.    Askey did not rely "heavily" on Wilus's FRAND commitment in permanent injunction briefing, which is already complete.

Without further explanation, Wilus argues that Askey's opposition to Wilus's permanent injunction motion is "mostly premised on arguments regarding Wilus's [FRAND] commitment,"

1

(ECF No. 369, at 1), and that Askey "heavily relies on the existence of a [FRAND] commitment," (*id.*, at 2), but these representations are clearly incorrect. While it is true that "[a] patentee subject to FRAND commitments may have difficulty establishing irreparable harm," Askey only made that point once. ECF No. 278, at 12 (citing *Apple*, 757 F.3d at 1332). Instead, Askey primarily focused on (1) Wilus's failure to provide concrete evidence of irreparable harm and (2) contradictions between the sworn testimony of Wilus's CEO and the facts. *See* ECF No. 278.

Wilus's argument in this motion is further undermined by the fact that Wilus did not argue in any of its permanent injunction briefing that its FRAND obligations are suspended. Wilus did not rely on Mr. Brismark's opinions regarding the suspension of FRAND obligations and did not rely on or cite *G+ Communications*. The permanent injunction motion is fully briefed and does not require an order from the Court on Wilus's summary judgment motion.

### 2. Suspension of Wilus's FRAND obligations is not relevant to the calculation of damages.

Wilus's argument that "the [FRAND] commitment is embedded in damages" is similarly incorrect. Wilus's expert, Mr. Dell, confirmed that "***my opinion would not change***, determinative of that finding of ***whether Askey negotiated in bad faith or not***." Ex. 1, at 106:15-20 (emphasis added); *see also* Ex. 1, at 54:16-19. Askey's expert also confirmed that she "did not use . . . any sort of alternate *Georgia-Pacific* factors to adjust specifically for FRAND." Ex. 2, at 68:13-69:2.[1] Wilus has no response to this unambiguous testimony. Instead, in merely cites Wilus's allegations in the complaint and Wilus's generic interrogatory responses (ECF No. 369, at 2), neither of which overcomes Mr. Dell's or Dr. Mody's unambiguous sworn testimony.

---

[1] Wilus also states in conclusory fashion that Askey's damages theory fails if Wilus's FRAND commitment is suspended, but Wilus provides no explanation or citation. Dr. Mody was not asked about this, and her methodology has not been challenged by Wilus.

2

### 3. The Court should not grant summary judgment on a breach of contract claim or theory that Wilus has neither pled or alleged.

Wilus does not dispute that it did not plead breach of contract in its complaint or any of the material facts on which it now relies in its motion for summary judgment. Nor does it dispute that the Court cannot enter summary judgment on claims that are not asserted in the pleadings and Wilus makes no attempt to distinguish Askey's legal authority. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Nor has Askey alleged breach of contract by Wilus. ECF No. 59, 60. The Court should deny Wilus's motion for judgment on unpled claims.

### B. *G+ Communications* Does Not Support Entry of Summary Judgment

Wilus confusingly argues that "Askey completely ignores and fails to rebut the Court's holding in *G+*," (ECF No. 369, at 2), despite that Askey included an entire section addressing that case in its opposition. *See* ECF No. 321, at 11. Importantly, *G+ Communications* confirmed that negotiations "[do] not remove the burden of the FRAND obligation from the patent" and confirms that the FRAND "obligation is irrevocable." *G+ Commc'ns, LLC v. Samsung Elecs. Co.,* No. 2:22-CV-00078-JRG, 2024 WL 233222, at *6-7, 11 (E.D. Tex. Jan. 22, 2024). But again, here, where no party has alleged breach of FRAND obligation, the Court should not enter summary judgment.

### C. Askey Has Not Misrepresented Any Facts Regarding Negotiations

Wilus argues that *Apple Inc. v. Motorola* is "unpersuasive and not relevant to this motion," but it was Wilus that cited that case in arguing that "[FRAND] caps on remedies, including injunction, can be lifted if there is unreasonable delay on the part of an implementer." *See* ECF No. 263 at 13. Askey simply noted that *Apple* confirms that an injunction may not be permissible where "the record reflects that the negotiations have been ongoing, and there is no evidence that Apple has been, for example, unilaterally refusing to deal." ECF No. 321, at 12.

3

Wilus also argues that the facts of this case are "in stark contrast" to *Apple*, but that is not the case. While Wilus seeks only to rely on pre-suit negotiations, it cannot deny that Askey has made multiple offers throughout this case, each of which Sisvel has rejected. *See* ECF No. 278, at 2-5. Wilus also overlooks the fact that Sisvel has entered into contractual provisions barring it from disclosing relevant licenses until after a lawsuit has been filed. ECF No. 306, at 4 n.3.

Finally, Wilus concedes that its motion concerns an early request clarifying the "legal consequence" of the jury finding whether Askey acted in bad faith, but that is not a jury question in this case. Allegations of bad faith are not related to any claim or defense in this case. Wilus has stipulated that Askey's conduct does not constitute willful infringement, and bad faith is not relevant to any other issue remaining in the case.

### D.    Askey's Cases on Post-Suit Conduct Do Not Support Wilus's Request

Wilus attempts to distinguish the *Apple* and *G+* cases because Wilus cannot deny that the two paragraphs tacked on to the end of its motion failed to provide *any* legal authority for the proposition that the Court must ignore post-suit negotiations and keep them from the jury.

In *Apple,* the Federal Circuit specifically recited "ongoing negotiations" in confirming denial of injunctive relief. *Apple v. Motorola*, 757 F.3d 1286, 1332 (Fed. Cir. 2014) ("the record reflects that the negotiations have been ongoing, and there is no evidence that Apple has been . . . refusing to deal."). This confirms that Courts should not limit consideration of negotiations to pre-suit conduct. Similarly, in *G+ Communications*, this Court confirmed that "when the counterparty ceases acting in bad faith, the barrier to consummation of the license on FRAND terms is removed and the negotiations can and must resume (in good faith)." *G+ Commn's*, 2024 WL 233222, at *6.

Wilus argues that the cases do not address "whether an implementer can revive [FRAND] protections through post-suit conduct, alone, after pre-suit breach," but Wilus does not cite any case suggesting this is the law. Wilus argues that its position is consistent with the law on

4

willfulness (which is not at issue here following the parties' stipulation), but the *WBIP* case raises an entirely different question about the timing of when a defendant had a good faith belief in invalidity. That has nothing to do with the relief Wilus seeks here. Importantly, because Wilus has never alleged a pre-suit breach of FRAND by Askey—or any breach of FRAND obligations by Askey at all—these are not questions for the Court (or the jury) to resolve in this case.

Further, Wilus argues that once litigation begins, "there is no possibility of 'good faith license negotiations' to cure prior bad faith." ECF No. 369, at 4. There is no support for this argument either. Wilus suggests that "license negotiations and settlement communications are distinct," citing only a conclusory sentence from Mr. Brismark, but the facts here showcase why granting the relief Wilus seeks would be particularly problematic. Wilus is contractually prohibited from sharing confidential information or comparable licenses until it has initiated litigation. Askey repeatedly requested such information and Sisvel refused to provide it until *after* Wilus filed the lawsuit. The Court should not prohibit consideration of post-suit negotiations when Wilus and Sisvel have barred themselves from providing critical information before a lawsuit is filed.

### E.    The Prevention Doctrine is Not Relevant to the Parties' Disputes

Wilus argues that the prevention doctrine suspends Wilus's FRAND obligations, but it again seeks summary judgment on an issue outside the scope of this case. Wilus has not alleged that Askey has prevented Wilus from complying with its FRAND commitment. And Askey has not alleged Wilus has breached its FRAND obligation. These facts have not been developed in this case, confirming that the Court should deny the summary judgment Wilus requests in its motion.

## II.    CONCLUSION

The Court should deny Wilus's motion for summary judgment, because its requested suspension of FRAND obligations does not concern any issue before the Court and because Wilus is not entitled to the requested relief considering the facts and negotiation history in the case.

████████████████████████████████

Dated:  March 31, 2026

Respectfully submitted,

/s/ Jeffrey D. Smyth

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

6

███████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jeffrey D. Smyth*
Jeffrey D. Smyth