IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG <br> [Member Case] |

|  |  |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG <br> [Member Case] |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 37 [DKT. NO. 313]**

**TABLE OF CONTENTS**

I.      Wilus Cannot Downplay the Importance of the PAA .......................................................... 1

II.     The Opposition Fails to Address Samsung's Authenticity Concerns .................................... 2

III.    Assuming Authenticity, Wilus Intentionally Withheld the PAA During Discovery After Unilaterally Deeming It "Duplicative" ......................................................... 2

IV.     Samsung Has Consistently Challenged Standing .................................................................. 3

V.      Sanctions Are Warranted and Necessary ............................................................................. 3

        A.    Wilus's Arguments That Sanctions Are Unwarranted Are Not Credible ................................................................................................................. 4

        B.    Samsung's Requested Sanctions Are Justified .......................................................... 4

i

████████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Au New Haven, LLC v. YKK Corp.*,
No. 1:15-cv-3411-GHW, 2023 WL 2612204 (S.D.N.Y. Mar. 23, 2023)............................................3

*Beasley v. Avery Dennison Corp.*,
No. SA–04–CA–0866 FB (NN), 2007 WL 1558621 (W.D. Tex. May 25, 2007) ..............................3

*ESN, LLC v. Cisco Sys., Inc.*,
685 F. Supp. 2d 631 (E.D. Tex. 2009) ............................................................................................2, 4

*Link v. Wabash R. Co.*,
370 U.S. 626 (1962)............................................................................................................................3

**TABLE OF EXHIBITS**

| # | Description |
|---|-------------|
| 18 | Metadata Provided by Wilus on March 9, 2026 for document with production numbers WILUS_0149628 - WILUS_0149641 |

████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
| --- | --- |
| '077 patent | U.S. Patent No. 10,313,077 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| Asserted Patents | '077, '281, '595, '210, '163, '597, '035, and '879 patents |
| Assignment of Patents | Assignment of Patents (WILUS_0025432, Dkt. 313-2) |
| IPR | *Inter Partes* Review |
| Motion to Dismiss | Samsung's Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281 (Dkt. 220) |
| Motion for Sanctions | Samsung's Motion for Sanctions Under Rule 37 (Dkt. 313) |
| Opposition | Wilus's Opposition to Samsung's Motion for Sanctions Under Rule 37 (Dkt. 395) |
| PAA | Patent Assignment Agreement (WILUS_0149628, Dkt. 313-1) |
| RAK | Russ August & Kabat |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Samsung Member Cases | Member Case Nos. 2:24-cv-00746-JRG and 2:24-cv-00765-JRG |
| SKT | SK Telecom Co. |
| Wilus | Wilus Institute of Standards and Technology Inc. |

\* All emphasis in this brief is added, unless otherwise indicated.

████████████████████████████

Wilus's Opposition confirms the gravamen of Samsung's motion - Wilus does not dispute that it (1) failed to produce the PAA during discovery, (2) produced it the day before its deadline to oppose Samsung's Motion to Dismiss, and (3) materially relied upon it in opposing the Motion to Dismiss. Despite these undisputed facts, Wilus still argues that it should not be sanctioned, calling its failure a simple, harmless, excusable error. This is wrong. Samsung repeatedly requested that Wilus produce all Asserted Patent ownership documents, as required by the Discovery Order, and sought an early deposition on ownership that Wilus refused. Wilus's "sorry, we forgot" excuses cannot stand given the number and intensity of Samsung's repeated requests. Wilus now admits that it intentionally withheld the critical PAA as "duplicative," but that too rings hollow given the emphasis Wilus placed on this document in opposing Samsung's motion to dismiss. This is not excusable behavior—it is sanctionable. The Court should enter the sanctions it deems appropriate to address Wilus's failure.

## I.    Wilus Cannot Downplay the Importance of the PAA

On one hand, Wilus states that the PAA "is confirmatory and helpful to Wilus" to prove ownership and standing. Dkt. 395 at 4; *see also id.* at 7. On the other, Wilus tries to minimize its failure to produce as an "oversight as to *one* document" that is only relevant to standing. *Id.* at 1, 7, 8–11, 13. Wilus cannot have it both ways, and as Samsung explained in the Motion for Sanctions, the Federal Circuit has emphasized that a patentee "*must* produce a written instrument documenting the transfer of proprietary rights in the patents." Dkt. 313 at 12 (quoting *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000)). Wilus's failure is inexcusable.

Additionally, assuming authenticity, Wilus's position that the PAA "is *not* necessary to deny" Samsung's Motion to Dismiss, Dkt. 395 at 9 (emphasis original), is contradicted by Wilus's own statements. For example, Dr. Kwak testified ████████████████████████████ ████████, Dkt. 313-16 at 165:16–22, but the PAA ███████████████ Dkt. 313-1 § 4. Even according to Wilus, SKT assigned rights to Wilus "in *an agreement that had two parts*: the [PAA] . . . and the . . . Assignment of Patents." Dkt. 395 at 2. Wilus now invites the Court to ignore half of that "two part" agreement that purportedly gives Wilus standing and deny the Motion to Dismiss.

1

## II.    The Opposition Fails to Address Samsung's Authenticity Concerns

Wilus dismisses Samsung's authenticity concerns as "baseless and offensive," Dkt. 395 at 7, but it fails to address Samsung's credible concerns.  Despite Samsung's repeated requests, Dkt. 313 at 4–8, Wilus failed to produce the PAA.  Instead, Wilus conveniently produced the PAA the day before its deadline to respond to Samsung's Motion to Dismiss.  Now, in its Opposition, Wilus states that the PAA "is confirmatory and helpful to Wilus."  Dkt. 395 at 4; *see also id.* at 7. The question then becomes how could Wilus have "overlooked" the "confirmatory and helpful" PAA as "duplicative" despite Samsung's repeated requests, to then produce it only a day before Wilus's Opposition to the Motion to Dismiss was due?  How could Wilus have missed this document executed only four months before this case was filed?  Wilus's position strains credulity.  Samsung needs the requested additional discovery to determine its authenticity and understand how this could have been "overlooked."

## III.    Assuming Authenticity, Wilus Intentionally Withheld the PAA During Discovery After Unilaterally Deeming It "Duplicative"

Wilus states that while its counsel purportedly possessed the PAA "before the start of discovery," Dkt. 395 at 11, it "never **intended** to withhold the document during discovery."  *Id.* at 4. At the same time, Wilus argues that it did not produce the PAA because it somehow "believed [the PAA] to be duplicative"[1] of the Assignment of Patents.  *Id.* at 1.  Yet Wilus never informed Samsung that it was withholding purportedly "duplicative" documents, *see e.g.*, Dkt. 313-9 at 3.  Instead, Wilus affirmatively misled Samsung, claiming it was "**not withholding** any agreements regarding transfer of title or ownership rights in the asserted patents."  Dkt. 313-14 at 1.

Samsung was told that Wilus searched for and produced **all** ownership-related documents. Wilus's belated excuse must be rejected; it is simply not credible that Wilus reviewed the PAA, determined it was "duplicative," and withheld it on that basis.  This is sanctionable.  *See ESN, LLC v.*

---

[1] As Samsung explained in the Motion for Sanctions, Wilus's position that it believed the PAA and Assignment of Patents to be "duplicative" lacks credibility.  *See* Dkt. 313 at 10–11; *compare* Dkt. 313-1 *with* 313-2.  Wilus's purported mistake is not "understandable" or "excusable."  Dkt. 395 at 10.  And the volume of Wilus's document productions is irrelevant—the first documents it should have collected and produced in this case are those bearing on ownership.  The rest of Wilus's discovery efforts mean nothing if it does not own the Asserted Patents.

2

*Cisco Sys., Inc.*, 685 F. Supp. 2d 631, 648 (E.D. Tex. 2009) (sanctioning defendants that failed to produce a document "to show that Plaintiff lacks standing," and holding that defendants "cannot credibly maintain that they believed the Employment Agreement was too unimportant to ***produce immediately upon receipt***"); *Beasley v. Avery Dennison Corp.*, No. SA–04–CA–0866 FB (NN), 2007 WL 1558621, at *7 (W.D. Tex. May 25, 2007) (sanctioning plaintiff that failed to timely produce a patent assignment agreement without substantial justification); *Au New Haven, LLC v. YKK Corp.*, No. 1:15-cv-3411-GHW, 2023 WL 2612204, at *9–10 (S.D.N.Y. Mar. 23, 2023) (similar).

## IV.    Samsung Has Consistently Challenged Standing

Wilus attempts to distract the Court by arguing that "[t]here's no evidence that Samsung had any plans to challenge standing before" Dr. Kwak's deposition, with the implication that Wilus had no reason to verify it produced all ownership-related documents. Dkt. 395 at 5, 14. This is false. Samsung asserted "Lack of Standing" as an affirmative defense in both answers filed in the Samsung Member Cases on January 16, 2025. Dkt. 61 at 39; Dkt. 62 at 39. When discovery opened, Samsung immediately sought documents bearing on ownership and standing. *See* Dkt. 313 at 4–7. Samsung pursued a deposition on ownership-related topics and was forced to file a motion to compel when Wilus refused to offer a witness early in the case. *Id.* at 7–8. Wilus's position that Samsung did not pursue standing until after December 10, 2025 is wrong.

## V.    Sanctions Are Warranted and Necessary

As an initial matter, the Court should reject Wilus's request to direct any sanctions "to RAK and not Wilus." Dkt. 395 at 11. This ignores black letter law: "each party is deemed bound by the acts of his lawyer-agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962). Wilus should be sanctioned.

To be sure, RAK understood Wilus's discovery obligations; indeed, RAK was recently sanctioned **by this Court** for similar missteps. In *Headwater Research v. Samsung*, Headwater (RAK's client) "revealed **for the first time** that [responsive discovery] still existed" in responding to a motion. No. 2:22-cv-422-JRG-RSP, 2024 WL 3647624, at *1 (E.D. Tex. Aug. 2, 2024). It was undisputed that Headwater and RAK knew of, but failed to produce, the responsive discovery. *Id.* at *1–2. The Court found that Headwater **and** RAK violated the Discovery Order, particularly because Samsung—also

3

the defendant in *Headwater*—sent "frequent correspondence" indicating "that Samsung was actively seeking" the missing discovery. *Id.* at \*2. In view of this finding, the Court held

> that Plaintiff **and its counsel** committed an egregious violation of the Discovery Order. Knowing that your adversary **is repeatedly seeking documents** (especially documents created by your client), **knowing where those are** . . . , **yet telling your adversary that what you've given them is all that there are, is indefensible**.

*Id.* at \*3. Similarly, here, Wilus and RAK never produced the PAA, despite purportedly knowing of its existence **since the beginning of discovery**, and produced it only in response to a motion that threatens its case. This is not how discovery is conducted in this Court.

### A.    Wilus's Arguments That Sanctions Are Unwarranted Are Not Credible

The Court should reject Wilus's arguments that it should not be sanctioned. **First**, it argues that Samsung has suffered no prejudice, Dkt. 395 at 8–9, but Samsung at minimum wasted time and resources pursuing a defense based upon an incomplete picture. Dkt. 313 at 4–8, 13–15. **Second**, Wilus argues that a continuance is not necessary, Dkt. 395 at 10, but a continuance is necessary at least for Samsung to investigate authenticity. *Supra* § II. **Third**, Wilus argues that "RAK's error was understandable and excusable under the circumstances," Dkt. 395 at 10, but this is nonsense—Wilus withheld the PAA as "duplicative" despite Samsung's requests for **all** patent ownership-related documents. And the Court should reject Wilus's arguments that it acted in good faith. That assertion cannot stand in light of the repeated misrepresentations regarding discovery efforts, the falsity of which were only revealed by the filing of the Motion to Dismiss—just like in *Headwater*.

### B.    Samsung's Requested Sanctions Are Justified

The Court should further reject Wilus's arguments that the sanctions set forth in the Motion for Sanctions are too "severe" because (1) there is no evidence of bad faith, and (2) severe sanctions "are typically reserved for the intentional concealment of *unfavorable* evidence." Dkt. 395 at 12–13. **First**, as explained above and at length in the Motion for Sanctions, Wilus did not act in good faith during discovery when it chose to withhold the PAA as "duplicative" and represent to Samsung that it was "not withholding any agreements." Dkt. 313-14 at 1. **Second**, there is no prohibition on levying serious sanctions against a party for withholding purportedly "favorable" evidence. *See e.g.*, *ESN*, 685

4

F. Supp. 2d at 647–52 (sanctioning a party that concealed favorable evidence and ordering the party to pay expenses and a fine after dismissing the case).

Accordingly, the sanctions Samsung requested are warranted and necessary to cure the prejudice to Samsung and deter future discovery misconduct.[2] **Adverse Jury Instruction**. Wilus argues such a jury instruction should only be given where there is "a finding of bad faith," Dkt. 395 at 13, but as explained above, there is sufficient evidence of bad faith here. **Fees and Costs**. Wilus argues that fees and costs are not appropriate because (1) it attempted to mitigate the prejudice, (2) Samsung "multiplied proceedings," and (3) Samsung had "had no plans or colorable basis to challenge standing before Dr. Kwak's Dec. 2025 deposition." *Id.* at 13–14. As Samsung has explained, Wilus did not seriously attempt to mitigate any prejudice. Dkt. 313-3 at 2.[3] Wilus cannot foist blame on Samsung for Wilus's discovery misconduct.[4] And as explained above, Samsung identified a standing issue that it pursued from the outset of this case. *Supra* § IV. **Deduction of Trial Time and Stay of Proceedings**. If the PAA was a typical, run-of-the-mill technical or financial document, Samsung would have immediately requested its exclusion under Rule 37. As both Parties agree, the PAA directly bears on ownership and standing and therefore likely has little if any relevance at trial. But Wilus should not escape sanctions for this reason—the Court has a distinct interest in ensuring Parties comply with its Discovery Order and the early, timely production of documents bearing directly on standing to bring a case. Wilus failed to uphold its duty of production, misrepresented its efforts, and forced Samsung to incur significant costs. Rule 37 and the Court's inherent authority allow it to grant a wide range of sanctions, and deducting trial time and staying the case in view of the IPRs are two appropriate sanctions.

---

[2] The Motion for Sanctions did not request entry of **all** listed sanctions. Dkt. 313 at 14 ("the Court should enter additional sanctions it deems necessary, which **may** include the following . . .").

[3] The "metadata" provided by Wilus failed to relieve Samsung's concerns. **First**, it took Wilus an inexplicable 12 days to provide. *Compare* Dkt. 313-3 at 15–16 (Samsung requesting metadata on February 25) *with* Dkt. 396-5 (Wilus responding on March 9). **Second**, Wilus provided the "metadata" in a simple Excel sheet with no indication of its authenticity or veracity. Ex. 18. **Finally**, Samsung demonstrated it was not satisfied with the metadata through its continued requests for additional discovery, including a forensic examination. Dkt.313-3 at 1.

[4] Wilus's complaints about claim construction are unrelated to the issues currently before the Court.

███████████████████████████████

Dated: April 7, 2026

Respectfully submitted,

/s/ *Ruffin B. Cordell*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

Aleksandr Gelberg
CA Bar No. 279989

6

gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

7

██████████████████████████████████████████

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 7, 2026.  As of this date, all counsel of record have been served with a copy of this by electronic mail.

*/s/ Ruffin B. Cordell*

8