IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>Defendants. | Civil Case No. 2:24-cv-00766-JRG<br>[Member Case]<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASKEY COMPUTER CORP.,<br>ASKEY INTERNATIONAL CORP.<br><br>Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP<br>[Member Case]<br><br>JURY TRIAL DEMANDED |

**SAMSUNG OMNIBUS MOTION *IN LIMINE***

2

███████████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ................................................................................................... iv

TABLE OF ABBREVIATIONS ...................................................................................... iv

MOTION *IN LIMINE* NO. 1: No Evidence, Testimony, or Argument Relating To The Circumstances And Timing Of Disclosures Of Patent Claims That Might Be Or Become Essential Patent Claims To The IEEE by Non-Wilus Entities or by IEEE Working Group Participants Not Affiliated with Wilus ............................................................................. 1

MOTION *IN LIMINE* NO. 2: Party's Involvement In (or Exclusion From) the DensiFi Special Interest Group (SIG) or other SIGs at the IEEE ............................................... 3

      A.     Samsung's Involvement in DensiFi or other SIGs ................................. 4

      B.     Wilus's Exclusion from DensiFi or other SIGs ...................................... 5

MOTION *IN LIMINE* NO. 3: No Evidence, Testimony, or Argument Regarding Admissions or Findings that Wilus's Patents are Infringed, Valid, or Offered for License on (F)RAND Terms and Conditions ..................................................................................................... 6

MOTION *IN LIMINE* NO. 4: No Evidence, Testimony, or Argument Suggesting that the United States Government or Its Agencies Endorse Wilus's Views Relating to Non-Practicing Entities, Patent Rights, or Remedies for Infringement ..................................... 9

MOTION *IN LIMINE* NO. 5: No argument, evidence, or questioning suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic ................................................................ 12

CONCLUSION ............................................................................................................... 14

i

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology,*
L.L.C., 965 F.3d 404 (5th Cir. 2020)......................................................................................1

*Beech Aircraft Corp. v. Rainey,*
488 U.S. 153 (1988).............................................................................................................10

*Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.,*
No. 2:23-cv-00587, Dkt. 267 (E.D. Tex. Aug. 26, 2025).......................................................13

*Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.,*
No. 2:23-cv-00587, Dkt. 302 (E.D. Tex. Sep. 29, 2025).......................................................12

*Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.,*
No. 2:23-cv-00587, Dkt. 386 (E.D. Tex. Feb. 27, 2026)...................................................9, 13

*Datatreasury Corp. v. Wells Fargo & Co.,*
No. 2:06-cv-00072, 2010 WL 11468934 (E.D. Tex. Oct. 5, 2010)....................................7, 13

*Esteve Cotton Co. v. Hancock,*
539 S.W.2d 145 (Tex. Civ. App. 1976).................................................................................1

*Greater Dallas Home Care Alliance v. U.S.,*
36 F. Supp. 2d 765 (N.D. Tex. 1999).................................................................................12

*Mendenhall v. Cedarapids, Inc.,*
5 F.3d 1557 (Fed. Cir. 1993)................................................................................................8

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.,*
No. 2:21-cv-00463, Dkt. 432 (E.D. Tex. Apr. 5, 2023)........................................................12

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.,*
No. 2:22-cv-00293, Dkt. 818 (E.D. Tex. Nov. 6, 2024).......................................................12

*Radian Memory Sys. LLC v. Samsung Elecs. Co., Ltd.,*
No. 2:24-cv-01073, Dkt. 52 (E.D. Tex. Jun. 24, 2025)..........................................................9

*Rambus, Inc. v. Infineon Techs. AG,*
222 F.R.D. 101 (E.D. Va. 2004)..........................................................................................11

*Retractable Techs., Inc. v. Becton, Dickinson & Co.,*
No. 2:08-cv-00016, 2013 WL 4411237 (E.D. Tex. Aug. 14, 2013)......................................11

*U.S. v. Young*,
470 U.S. 1 (1985)............................................................................................................11

*Union Pump Co. v. Centrifugal Tech. Inc.*,
404 F. App'x 899 (5th Cir. 2010) ...................................................................................13

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
No. 2:20-cv-00319, 2022 WL 1177880 (E.D. Tex. Apr. 19, 2022) ..........................................7

**Other Authorities**

Fed. R. Evid. 401 ...............................................................................................................1

Fed. R. Evid. 402 .....................................................................................................7, 10, 13

Fed. R. Evid. 403 .................................................................................................. *passim*

Fed. R. Evid. 803(8)..........................................................................................................10

**TABLE OF EXHIBITS**

| # | Description |
|---|---|
| 1 | Excerpts from the Rebuttal Report of Paul Nikolich, dated February 13, 2026 |
| 2 | IEEE Submission No. 802.11-16/1519r0 |
| 3 | Excerpts from the deposition transcript of John JuHyung Son, dated December 17, 2025 |
| 4 | Excerpts from the Rebuttal Expert Declaration of Gustav Brismark, dated February 13, 2026 |
| 5 | *Wilus Institute of Standards and Technology Inc. v. ASUSTEK Comp. Inc., et al.*, Ref. 7 O 5007/25 (Jan. 8, 2026), with uncertified machine translation |
| 6 | SAMSUNG_WILUS_00067566-SAMSUNG_WILUS_00067571 |
| 7 | Statement of Interest of the United States, *Radian Memory Sys. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-cv-01073, Dkt. 52 (E.D. Tex. Jun. 24, 2025) |
| 8 | Statement of Interest of the United States, *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00587-JRG, Dkt. 386 (E.D. Tex. Feb. 27, 2026) |
| 9 | Deputy Assistant Attorney General Dina Kallay Delivers Keynote Concurrences Dinner in New, dated Sept. 19, 2025 |
| 10 | Excerpts from the Expert Declaration of Gustav Brismark, dated January 22, 2026 |
| 11 | Excerpt from the Expert Report of Stephen E. Dell, CVA, Relating to Damages, dated January 23, 2026 |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| MIL | Motion *in Limine* |
| Court MIL | Court's Motion *In Limine*. *See* The Court's Second Amended Standing Order On Motions In Limine In Cases Involving Allegations Of Patent Infringement And/Or Breach Of FRAND Obligations, As Well As Declaratory Judgment Actions Which Relate To The Same of Dec. 23, 2025 |
| CEO | Chief Executive Officer |
| (F)RAND | (Fair,) Reasonable, and Non-Discriminatory |
| IEEE | Institute of Electrical and Electronics Engineers |
| SIG | Special Interest Group |
| LOA | Letter of Assurance |
| -753 Case | *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.,* Case No. 2:24-cv-00753-JRG-RSP |
| -746 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:24-cv-00746-JRG-RSP |
| -765 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:24-cv-00765-JRG-RSP |
| -766 Case | *Wilus Institute of Standards and Technology Inc. v. Askey Computer Corp., et al.,* Case No. 2:24-cv-00766-JRG-RSP |
| USPTO | United States Patent and Trademark Office |

iv

███████████████████████████████

**MOTION *IN LIMINE* NO. 1: No Evidence, Testimony, or Argument Relating To The Circumstances And Timing Of Disclosures Of Patent Claims That Might Be Or Become Essential Patent Claims To The IEEE by Non-Wilus Entities or by IEEE Working Group Participants Not Affiliated with Wilus**

Wilus should be precluded from offering any evidence, testimony, or argument relating to (1) the circumstances or timing of the submission of Letters of Assurance ("LOAs"), or (2) the disclosure or non-disclosure to the IEEE during the working group meetings of patent claims that might be or become essential patent claims, by entities other than Wilus (including Samsung) or by participants in IEEE working groups who were not affiliated with Wilus.

The IEEE conduct of entities other than Wilus or, of participants in IEEE working groups who were not affiliated with Wilus, has ***no legal relevance*** to the breach of Wilus's contractual obligations to the IEEE. *See* Fed. R. Evid. 401. Evidence about how others behaved does not make it more or less probative that ***Wilus*** complied with ***its own obligations***. *See, e.g.,* Ex. 1 at ¶ 29 (Wilus's expert explaining that according to the ███████████████████████████

████████████████████████████████████████████████

████████████████████████████ ). Nor would any potential breach of IEEE obligations by others excuse or negate Wilus's breach of its own, distinct obligations to the IEEE. Accordingly, the only issues for trial are ***Wilus's obligations and Wilus's conduct*** with respect to its IEEE contractual commitments, including the duty of good faith and fair dealing that Samsung alleges arises from those commitments. *See, e.g., Esteve Cotton Co. v. Hancock*, 539 S.W.2d 145, 159 (Tex. Civ. App. 1976) ("Generally, contracts with other persons are excluded.") (citing 2 C. McCormick and R. Ray, Texas Law of Evidence § 1523 (2d ed. 1956)); *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology*, L.L.C., 965 F.3d 404, 412 (5th Cir. 2020) (affirming exclusion of evidence about other/third-party business relationships as

1

██████████████████████████████

irrelevant where the case concerned damages for breach of the parties' contract(s) and the proffered evidence did not bear on what was owed under those agreements).

The probative value, if any, of the IEEE-related conduct of entities other than Wilus or of non-Wilus-affiliated participants in the IEEE working group is "substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403. *First*, evidence, testimony, or argument concerning the conduct of others would invite an improper comparative compliance narrative—i.e., *that because others might have acted similarly to Wilus, Wilus's conduct must have been permissible.* But that is not the legal test. The jury's task is to decide whether *Wilus's conduct* amounts to a breach of its *own* obligations and duties to the IEEE. *Second*, allowing Wilus to litigate what others did at the IEEE would force the jury to resolve collateral disputes, such as: (1) whether and when other companies or non-Wilus affiliated participants knew they held potentially essential claims that triggered obligations to make disclosures or submit LOAs, and (2) whether those companies or participants made disclosures or submitted LOAs ██████████████████ Ex. 1 at ¶ 29. Litigating those collateral issues would distract from the actual question in this case—whether Wilus breached its own IEEE obligations—and would risk confusing and misleading the jury, exactly what Rule 403 is designed to prevent.

The danger of unfair prejudice is even greater if Wilus is permitted to present evidence, testimony, or argument relating to *Samsung's* disclosures (or non-disclosures) of potentially essential patent claims, or LOA submissions to the IEEE. Wilus has indicated that it may attempt exactly that—using *Samsung's* IEEE conduct as a rhetorical shield in an effort to deflect attention from Wilus's *own* obligations and conduct. *See, e.g.,* Ex. 1 at ¶ 32 ████████████

██████████████████████████████

2

██████████████████████████████

████████████████████████████████████

███████████████████████"); Dkt. 249 at 8 (Wilus arguing that "none of the Samsung representatives ever responded to the 'call for patents' or otherwise disclosed essential patent claims at the meetings"). Such an argument is improper under Fed. R. Evid. 403, because it would encourage the jury to assess Wilus's alleged breach based on blame-shifting, comparative fault, or an improper notion of relative compliance, rather than on Wilus's *own* obligations and conduct. Accordingly, *at minimum*, the Court should preclude evidence, testimony, or argument about *Samsung's* conduct at the IEEE, which poses serious danger of unfair prejudice, and would further risk confusing and misleading the jury by creating a sideshow at trial.

**MOTION *IN LIMINE* NO. 2: Party's Involvement In (or Exclusion From) the DensiFi Special Interest Group (SIG) or other SIGs at the IEEE**

Wilus should be precluded from offering any evidence, testimony, or argument about Samsung's alleged involvement in—and Wilus's alleged exclusion from—the DensiFi Special Interest Group ("SIG") or any other SIGs at the IEEE.[1] Wilus has made clear that it intends to inject into trial the theory that Samsung (as a SIG participant) engaged in "collusive" or "anti-competitive" conduct at IEEE working group meetings and that Wilus's alleged exclusion from DensiFi is probative of the "superiority" of Wilus's technical proposals. A party's alleged involvement, or exclusion from, DensiFi or any other SIG is irrelevant to the claims and defenses to be tried. Permitting Wilus to inject the SIG issue into the trial would unfairly brand Samsung as a "collusive" or "anti-competitive" wrongdoer, and would trigger a collateral trial-within-a-trial about alleged anticompetitive behavior and IEEE internal governance—matters untethered to any issues the jury must decide in this case.

---

[1] DensiFi was an industry-led group that operated alongside the 802.11ax standardization process and coordinated proposals to achieve improvements in dense deployment scenarios.

████████████████████████████

### A.    Samsung's Involvement in DensiFi or other SIGs

Whether Samsung or a SIG allegedly engaged in collusive and anti-competitive behaviors within IEEE, even if true, has no relevance to Wilus's claims or Samsung's counterclaims. Relying on an IEEE internal investigation that found "dominance has occurred . . . with the effect of excluding viewpoints of non-SIG participant," Ex. 2 at 27, Wilus's expert baselessly accused members of DensiFi of ████████████████████ ███████ Ex. 1 at ¶ 60 (citing Ex. 2). Wilus also attempted to elicit similar accusations through leading, out-of-scope, and self-serving redirect examination of its own witness, asking: ███

████████████████████████████████████████

████████████████████████████████████

███████ Ex. 3 144:6-17; *see also id*. 142:2-144:17.

But this is not an antitrust case, and it does not present claims or defenses that turn on whether Samsung acted "anti-competitively" in an IEEE Task Group. Even if Wilus could articulate some marginal relevance of this alleged "anti-competitive" narrative, its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Any reference to Samsung's alleged involvement in a SIGs and "anti-competitive" conduct should be excluded under Fed. R. Evid. 403.

*First,* labeling Samsung's IEEE participation as "collusive" or "anti-competitive" is inherently inflammatory. *Cf.* Court MIL No. 9 (precluding reference to an entity's action as "misappropriating," "pirating," "trespassing," or similar terms). It invites jurors to punish Samsung for alleged "misconduct" rather than decide the case based on the issues that are before them—that is, whether Wilus breached its contractual obligations to the IEEE. The accusation functions as an improper character attack: it asks the jury to view Samsung as a bad actor in the

4

standards-setting process, and then decide the case on that basis.  This is precisely the sort of unfair prejudice Fed. R. Evid. 403 is designed to prevent.

*Second*, allowing Wilus to pursue this theme would force Samsung to rebut it, requiring the jury to hear and resolve collateral disputes about matters such as (1) the context and meaning of IEEE investigation findings, (2) how SIGs were formed and operated, (3) the roles and voting dynamics of participants, (4) whether "dominance" was perceived or real, (5) whether Samsung was responsible for a SIG's alleged misconduct, and (6) whether Wilus was excluded from SIGs and why. That would create a classic trial-within-a-trial on IEEE governance and alleged misconduct—issues far afield from the actual elements the jury must decide—and would consume substantial trial time while confusing the issues and misleading the jury.

Accordingly, the Court should preclude Wilus from offering any evidence, testimony, or argument about Samsung's involvement in the DensiFi Special Interest Group ("SIG") or any other SIGs at the IEEE.

### B.      Wilus's Exclusion from DensiFi or other SIGs

Wilus has contended that its alleged exclusion from DensiFi is probative of Wilus's proposal being a purportedly ███████████████████ because Wilus is ███████████ ████████████████████████████████████████████████████ and thus ████████████████████████████████ Ex. 1 at ¶¶ 60-61. Wilus's narrative should be precluded under Fed. R. Evid. 403, because it would mislead the jury, confuse the issues, and unfairly and substantially prejudice Samsung.

*First*, whether Wilus was allegedly excluded from DensiFi or any other SIG—and whether Wilus ████████████████████████████████"—does not tend to prove that Wilus's proposals were technically superior.  At most, it would invite the jury to speculate about group politics and motivations, and detract from the actual issues at stake.

**Second**, the ████████████ framing is an attempt to inject a David-versus-Goliath theme—asking jurors to credit Wilus's technology because Wilus is allegedly disadvantaged by group dynamics. This Court's standing order recognizes the substantial prejudice associated with such a framing. *See* Court MIL No. 3 (precluding "evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation").

**Third**, permitting Wilus to litigate its alleged exclusion from DensiFi or other SIGs would generate yet another series of collateral disputes—whether Wilus sought to participate, whether it was excluded, by whom, for what reason, and what effect that allegedly had on support for its proposals. Those collateral disputes would further confuse the issues, mislead the jury, and distract from the actual questions to be decided at trial.

Accordingly, the Court should preclude Wilus from offering any evidence, testimony, or argument about its exclusion from the DensiFi or any other SIGs at the IEEE.

**MOTION *IN LIMINE* NO. 3: No Evidence, Testimony, or Argument Regarding Admissions or Findings that Wilus's Patents are Infringed, Valid, or Offered for License on (F)RAND Terms and Conditions**

Consistent with Court MIL No. 13, the Court should preclude Wilus from presenting evidence, testimony, or argument regarding admissions or findings in connection with other cases or from other tribunals that Wilus's patents are infringed, valid, or offered for license on (F)RAND terms and conditions. This includes at least (1) references to Askey's stipulation regarding infringement and validity entered in the -766 and -753 Cases and (2) references to the Munich Regional Court's decisions in *Wilus Institute of Standards and Technology Inc. v. ASUSTEK Comp. Inc., et al.*

**First**, Wilus should not be permitted to imply that its patents are infringed or valid because of Askey's "stipulation to infringement and validity of the asserted claims" in the -766 and -753 Cases, which are presently consolidated with the instant case. Dkt. 232 at 3. As an

initial matter, that stipulation was made by a ***different*** party and in ***different*** cases involving ***different*** accused products, and therefore should be subject to Court MIL No. 13 ("[P]arties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings[.]"); *see United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-cv-00319, 2022 WL 1177880, at *5 (E.D. Tex. Apr. 19, 2022) ("The Court has precluded the parties from offering the verdict finding of infringement, willfulness, and the jury damages awarded."). Moreover, only one of the eight patents Wilus asserts against Samsung in the -746 and -765 Cases overlaps with the patents asserted against Askey. -753 Case, Dkt. 1; -746 Case, Dkt. 1; -765 Case, Dkt. 1; -766 Case, Dkt. 1.

Further, Wilus and Askey's stipulation reflects litigation strategy, ***not*** factual findings. *See* Dkt. 305 at 8 ("litigating every issue was likely to incur attorneys fee[s] far exceeding Askey's potential liability"). Thus, the stipulation is ***not evidence of infringement or validity*** in this case, and it carries a substantial risk of misleading the jury into believing that infringement or validity has already been decided. *See Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-00072, 2010 WL 11468934, at *18 (E.D. Tex. Oct. 5, 2010) ("any additional probative value of the consent judgments is substantially outweighed by the dangers of unfair prejudice"); Fed. R. Evid. 401-403. That risk is especially acute here, where Wilus may imply that Askey's stipulation constitutes an admission that the Wilus's patents are infringed and valid. Whether Wilus's patents are infringed or valid is a question for the jury to decide based on the evidence in ***this*** case, and any conceivable probative value of Askey's stipulation is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. *See* Fed. R. Evid. 403.

7

███████████████████████████████

***Second***, Wilus should be precluded from referencing the Munich Regional Court's decisions in *Wilus Institute of Standards and Technology Inc. v. ASUSTEK Comp. Inc., et al.*[2] related to infringement and validity, and the published rates for a bilateral license to the Wilus portfolio. Specifically, Wilus's FRAND licensing expert, Mr. Brismark, has opined that "a German Court recently held that the published Wilus WiFi 6 bilateral and WiFi 6 pool rates were consistent with FRAND." Ex. 4 at ¶¶ 108, 121 (citing Ex. 5). That decision applies German law, and any evidence or argument by Wilus suggesting that another tribunal, *i.e.*, the Munich Regional Court, has already resolved certain disputed issues would be unfairly prejudicial to Samsung, and accordingly must be excluded. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568-69 (Fed. Cir. 1993) (affirming a district court's exclusion of a prior court's decision admitting it would give the "opinion evidentiary effect on disputed underlying facts which the jury must resolve"); Fed. R. Evid. 403. Thus, Wilus should be precluded from relying on the German Court's decisions as evidence that it has offered to license its patents on (F)RAND terms and conditions. Whether Wilus has complied with its (F)RAND obligations as to Samsung, including offering to license its patents on (F)RAND terms, is an issue for the jury to decide in ***this*** case, and any probative value surrounding the German Court's decisions is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. *See id.*

To the extent Wilus asserts that any trial argument that Wilus's offered rates are not (F)RAND would open the door to the German Court's decisions, that contention should be

---

[2] Ref. 7 O 5007/25 (Jan. 8, 2026). Wilus is also involved in at least one other case with ASUSTEK at the Unified Patent Court, Case No. UPC_CFI_452/2025. Any evidence, testimony, or argument relating to that case or others involving Wilus likewise should be excluded for at least the same reasons presented here and pursuant to Court MIL No. 13.

8

rejected. Court MIL 13 does not vanish merely because a party has raised a similar defense in another proceeding (here, that the offered rates were not (F)RAND), and finding as much would largely vitiate Court MIL No. 13 as a party's litigations often raise similar issues. Further, the dangers of unfair prejudice and confusion are heightened in that scenario because the German Court's decisions were not available ██████████████████████████████████████

██████████. To the extent Samsung's conduct in the negotiations with Wilus is relevant to any issue for the jury, the German Court's decisions run the risk of misleading the jury into believing that Samsung declined to accept rates already determined to be (F)RAND by the German Court, despite that decision ████████████████████████████████████████████████

██████████████. *See* Ex. 6 ██████████████████████. Accordingly, the Court should preclude Wilus from presenting any evidence, testimony, or argument regarding admissions or findings that Wilus's patents are infringed, valid, or offered for license on (F)RAND terms and conditions.

**MOTION *IN LIMINE* NO. 4: No Evidence, Testimony, or Argument Suggesting that the United States Government or Its Agencies Endorse Wilus's Views Relating to Non-Practicing Entities, Patent Rights, or Remedies for Infringement**

Wilus should be precluded from offering evidence, testimony, or argument relating to any U.S. government statements suggesting an endorsement of Wilus's positions regarding non-practicing entities, patent rights, or remedies for infringement (including damages and injunctions). Wilus and its experts cite multiple statements provided by the Department of Justice and other government agencies as alleged support for its positions in this case. Dkt. 228 at 1, 10-15 (citing Ex.7 (Statement of Interest of the United States, *Radian Memory Sys. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:24-cv-01073, Dkt. 52 (E.D. Tex. Jun. 24, 2025))); Dkt. 306 at 4-5 (citing Ex. 8 (Statement of Interest of the United States, *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00587, Dkt. 386 (E.D. Tex. Feb. 27, 2026))); Ex. 4 at ¶¶ 53, 97 (citing Ex. 9 (Deputy Assistant Attorney General Dina Kallay Delivers Keynote at Concurrences Dinner in

9

New York, *Justice*, https://www.justice.gov/opa/speech/daag-dina-kallay-delivers-keynote-concurrences-dinner-new-york (Sept. 19, 2025)). In particular, Wilus relies on those submissions to argue that the U.S. government has provided "well-reasoned" analysis of "case law binding on this Court," and has itself passed judgment on issues for the jury and this Court, including (F)RAND issues, licensing, the "calculation of damages," and whether Wilus has suffered "irreparable harm." Dkt. 306 at 4-5; Ex. 4 at ¶¶ 53, 97 ("the Department of Justice recently opined that they view implementer hold-out as a greater threat to innovation of standards than innovator hold-up."). These materials and Wilus's reliance on them are precluded both by the Court's standing MILs and because any negligible probative value they may have is substantially outweighed by undue prejudice. Fed. R. Evid. 401-403.

*First*, several of the government statements Wilus relies on appear in other cases to which Samsung is a party, and therefore are subject to Court MIL No. 13 that "preclude[s] … evidence, testimony, or argument regarding either party's *other litigations* … in any court, tribunal, or forum." That the statements were issued by U.S. government agencies, including the Department of Justice, USPTO, and others, does not remove those statements from the protections of the Court's standing MIL. If anything, because those statements bear the imprimatur of the United States, they deepen the undue prejudicial effect, and risk confusing the issues, as well as misleading the jury. Fed. R. Evid. 403.[3]

*Second*, any probative value these non-party statements may have is *de minimis* given their focus on *public policy* issues surrounding patent hold-up and hold-out, and the availability

---

[3] To the extent Wilus argues that the government statements, as well as opinion or testimony relying on them, are admissible under Fed. R. Evid. 803(8), that argument fails as the statements at issue are not "based on a factual investigation [satisfying] the Rule's trustworthiness requirement." *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988).

of injunctions for non-practicing entities, rather than any issues for the jury.  That value is "substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403.[4] Indeed, the risk of misdirection here is great. Wilus's FRAND and damages experts, as well as Wilus's CEO, Mr. Kwak, each intend to offer opinions at trial relating to purported ███████████████ at the hands of Samsung. *See* Ex. 10 at ¶ 156 (citing conversations with Mr. Kwak); Ex. 11 at ¶ 417 n. 605. That some of those opinions parrot the government's earlier public statements would impart them with undue weight, and risk misleading the jury into believing that the U.S. government has itself endorsed the opinions of Wilus's witnesses and experts, and the positions taken by Wilus in this litigation. *See Retractable Techs., Inc. v. Becton, Dickinson & Co.*, No. 2:08-cv-00016, 2013 WL 4411237, at *1 (E.D. Tex. Aug. 14, 2013) (granting a MIL to exclude "efforts to persuade government agencies" because "the risk of unfair prejudice outweighs any marginal relevance"); *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 101, 110 (E.D. Va. 2004) ("[T]he juror's ability to reach their own determinations respecting the facts at issue in this case would be undermined by the admission" of a government decision); *cf. U.S. v. Young*, 470 U.S. 1, 18-19 (1985) (government opinion can "jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury" because it "carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.").  But that was not the government's purpose in making those statements, and so the statements should only be treated at most as "additional legal argument," ***not*** evidence. *Greater*

---

[4] To the extent such statements have any relationship to the availability of injunctions for plaintiffs like Wilus, such statements "relate[] only to equitable issues or defenses" and therefore should be precluded under Court MIL No. 5.

11

*Dallas Home Care Alliance v. U.S.*, 36 F. Supp. 2d 765, 768 (N.D. Tex. 1999). Wilus can argue its case without reference to this highly prejudicial and misleading government commentary.

**MOTION *IN LIMINE* NO. 5: No argument, evidence, or questioning suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic**

The Court should preclude Wilus from suggesting that any of Samsung's corporate representatives at trial have a legal obligation to investigate and/or know all information that resides with others in the company, unless the representative was a 30(b)(6) designee for that topic. Samsung fully intends to have one or more corporate representatives present at trial on the company's behalf and to have such witnesses testify regarding information within their personal knowledge. However, Wilus should not be permitted to imply to the jury that a corporate representative is expected to have knowledge regarding every topic that might be relevant to the case. Prior rulings from this Court support granting this motion. *See* Order on Pretrial Motions, Motions *In Limine*, and Exhibits, *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00587, Dkt. 302, at 8 (E.D. Tex. Sep. 29, 2025); Order on Pretrial Motions, Motions *In Limine*, and Exhibits, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00293, Dkt. 818 at 7 (E.D. Tex. Nov. 6, 2024); Order on Pretrial Motions, Motions *In Limine*, and Exhibits, *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00463, Dkt. 432 at 12 (E.D. Tex. Apr. 5, 2023).

For example, if Samsung's corporate representatives work in marketing or sales roles, Wilus should not be permitted to imply that they failed to investigate patent infringement allegations, the technical details of products, or pre-suit communications between the parties. Any possible lack of knowledge of such information—which is the subject of other witnesses' testimony—is not relevant to the claims at issue and can only unfairly prejudice the jury against Samsung. Fed. R. Evid. 402, 403; *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-

00072, 2010 WL 11468934, at *25 (E.D. Tex. Oct. 5, 2010) (granting defendants' motion seeking order that "[t]he Parties should be precluded from asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony.").

Courts have limited the scope of corporate knowledge on which a corporate representative may even testify, holding that a "corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions." *See, e.g.*, *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-908 (5th Cir. 2010) (omitting internal quotations and alterations). By the same logic, Wilus should not be able to point to Samsung's corporate representatives as lacking knowledge that others at Samsung would have, particularly when they would not otherwise be permitted to offer such testimony.

Based on the parties' meet and confer, Samsung understands Wilus may argue that precedent supports revising Defendant's MIL No. 5 to add: "However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, damages, and other claims/counterclaims)." *See, e.g.*, *Collision*, No. 2:23-cv-00587, Dkt. 302, at 8. However, those prior decisions simply adopted agreements between the parties to those litigations, including agreements on the scope of "high-level positions" that the parties were permitted to investigate with corporate representatives at trial. *See* Joint Notice of Agreement Regarding Defendants' Motion *In Limine* #5, *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00587, Dkt. 267 (E.D. Tex. Aug. 26, 2025). Here, Wilus offered no

13

clarification as to what level of detail would constitute "high-level positions."  Defendants proposed that such questioning be limited to "*whether* a party is asserting infringement, invalidity, damages, and other claims/counterclaims," but Wilus declined that proposal. To the extent the Court finds it appropriate to modify Defendants' Motion in Limine No. 5, the scope of questioning on "high-level positions taken in the litigation and at trial" should be limited to *whether* each party has taken certain positions or asserted certain claims or defenses, unless they were "previously designated as a 30(b)(6) witness on said topic."  Samsung MIL No. 5.

**CONCLUSION**

Samsung respectfully requests that the Court grant its above motions *in limine*.

14

███████████████████████

Dated: April 6, 2026

Respectfully submitted,

/s/ Ralph A. Phillips
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

15

███████████████████████████████

Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

16

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 6, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/ Ralph A. Phillips*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on April 3, 2026.  Jacob Buczko, Neil Rubin, Alexandra Easley, Mackenzie Paladino, and Andrea Fair attended for Plaintiff.  Matthew Mosteller, Aleksandr Gelberg, Brendan McLaughlin, and Payal Patel attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose/do not oppose this motion.

*/s/ Ralph A. Phillips*

18