**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**ACCESS ADVANCE'S MOTION FOR LEAVE**
**TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF WILUS**

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule CV-7(k), Access Advance LLC respectfully moves for leave to file the accompanying *amicus curiae* brief in support of Plaintiff Wilus Institute of Standards and Technology Inc.'s motion for entry of a permanent injunction (ECF No. 228). Wilus does not oppose the motion. Defendants Askey Computer Corp. and Askey International Corp. oppose this motion subject to reviewing the accompanying brief.

"The privilege of being heard amicus rests solely within the discretion of the court." *Trahan* v. *Long Beach Mortg. Co.*, 2006 WL 8440677, at *1 n.1 (E.D. Tex. Feb. 9, 2006). *Amicus curiae* use their "expertise and familiarity with a given area of law . . . to assist the court in reaching a more correct (and perhaps even just) decision." *Harris* v. *Amoco Prod. Co.*, 768 F.2d 669, 674 (5th Cir. 1985). As a result, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *California* v. *Azar*, 2019 WL 2029066, at *1 (N.D. Cal. May 8, 2019); *see also Trahan*, 2006 WL 8440677, at *1 n.1 (similar).

Access Advance respectfully requests that its *amicus* brief be accepted because it provides unique industry perspectives that will assist the Court in assessing Wilus' pending motion for a permanent injunction. Wilus' motion raises the issue of whether the holder of a standard essential patent (SEP) is entitled to an injunction barring an admitted infringer like Askey from practicing the asserted patents. In ruling on that motion, the Court must consider, among other things, whether there has been irreparable harm to the patent holder, whether monetary damages provide adequate compensation, and whether an injunction would be in the

public interest.  In making those determinations, Access Advance believes the Court would benefit from Access Advance's perspective of the broader problem of patent holdout and why injunctions are necessary to both adequately protect patent holders' intellectual property rights and neutralize the incentives that give rise to the holdout in the first place, particularly in the SEP context.

As the proposed *amicus* brief explains, patent holdout is a pervasive problem that distorts the patent licensing market and depresses innovation.  By allowing an unwilling licensee to freely infringe and encourage others to do the same, holdout results in reduced licensing revenues for patent holders, lost research and development opportunities, and decreased innovation.  The extent of these issues is difficult to quantify (and thus compensate for) but has been estimated to be in the billions of dollars on industry-wide bases.  Further, because it discourages involvement in standards development organizations and diverts funding from research and development, holdout ultimately deprives the public of the benefit of new technologies and the best technical standards.  Given this context and the commercial realities, damages alone are not sufficient to deter patent holdout.  When an unwilling licensee has a choice between paying a FRAND amount now or potentially paying that same FRAND amount later, following years of litigation, the licensee may believe it will be no worse off—or even better off—by choosing to hold out.  The availability of injunctions is thus critical to disincentivizing holdout and mitigating the public harms associated with it.

Access Advance leverages its extensive industry experience to bring this unique perspective before the Court.  Access Advance is an independent licensing administrator focused on patent pool management for essential patents.  In that role, Access Advance has negotiated hundreds of patent license agreements on behalf of its patent holders and has first-hand

experience with the market disruptions created by holdout behavior outlined above and explained in more detail in the accompanying brief.  These issues are relevant to the irreparable harm, adequacy of monetary damages, and public interest considerations raised by Wilus' motion, and Access Advance believes the Court can and should take them into account in ruling on that motion.

For the foregoing reasons, Access Advance respectfully requests that the Court grant this motion for leave to appear as *amicus curiae* and accept as filed Access Advance's brief in support of Wilus' motion for a permanent injunction submitted herewith.

Dated:  April 20, 2026

OF COUNSEL:
Garrard R. Beeney
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
T:  (212) 558-4000
beeneyg@sullcrom.com

Navraj S. Dhillon
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
T:  (310) 712-6600
dhillonn@sullcrom.com

Respectfully submitted,

*/s/ Gregory P. Love*
Gregory P. Love (Texas Bar No. 24013060)
CHERRY JOHNSON SIEGMUND
JAMES PC
104 East Houston Street, Suite 115
Marshall, Texas 75670
T:  (903) 212-4444
glove@cjsjlaw.com

*Counsel for Access Advance LLC*

3

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that counsel for Access Advance has complied with the meet-and-confer requirement set forth in Local Rule CV-7(h) and that this motion is opposed.  The personal conference was conducted on April 20, 2026 at 2:00pm Pacific Time via telephone.  The participants in the conference were (i) Gregory P. Love and Navraj S. Dhillon, representing Access Advance LLC; and (ii) Jeffrey D. Smyth, representing Defendants Askey Computer Corp. and Askey International Corp.  Counsel for Access Advance explained the basis for the motion for leave and substance of the accompanying *amicus curiae* brief.  Counsel for Askey Computer Corp. and Askey International Corp. opposed the motion subject to reviewing the accompanying brief.  No agreement could be reached with Askey Computer Corp. and Askey International Corp. on Access Advance's participation as *amicus curiae*, and discussions have conclusively ended in an impasse leaving open an issue for this Court to resolve.

*/s/  Gregory P. Love*
Gregory P. Love

4

## CERTIFICATE OF SERVICE

I hereby certify that, on April 20, 2026, a true and correct copy of the foregoing document was served electronically through this Court's CM/ECF system on all counsel of record who are registered to receive notices by e-mail of electronic filings in this case.

/s/ Gregory P. Love
Gregory P. Love