# Exhibit L

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Case No. 2:24-cv-00765-JRG |

## [PROPOSED] VERDICT FORM[1]

In answering the following questions and completing this Verdict Form, you are to follow all of the instructions I have given you in the Court's Final Jury Instructions. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final

---

[1] Submissions which are preliminarily agreed to for purposes of this JPTO filing by both Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") are not highlighted. Submissions proposed by Wilus that are not agreed to by Samsung are bracketed and in **red**. Submissions proposed by Samsung that are not agreed to by Wilus are in **blue**. The absence of footnotes to bracketed/colored language does not waive any objections or elaborating on those objections as explained below.

Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

As used in this Verdict Form, the following terms have the following meanings:

- "**Wilus**" refers to Plaintiff Wilus Institute of Standards and Technology Inc.

- "**Samsung**" refers to Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.

- The "**'163 Patent**" refers to U.S. Patent No. 11,129,163

- The "**'597 Patent**" refers to U.S. Patent No. 11,700,597

- The "**'035 Patent**" refers to U.S. Patent No. 11,116,035

- The "**'879 Patent**" refers to U.S. Patent No. 11,516,879

- The "**Asserted Patents**" refers collectively to the '163, '597, '035, and '879 Patents

- The "**Asserted Claims**" refers collectively to:

  o Claims 1, 2, 3, 4, 5 of the '163 Patent;

  o Claims 1, 2, 5, 9, 12 of the '597 Patent;

  o Claims 1, 2, 3, 4, 5 of the '035 Patent; and

  o Claims 1, 2, 3, 4, 5 of the '879 Patent.

**IT IS VERY IMPORTANT THAT YOU FOLLOW THE**

**INSTRUCTIONS PROVIDED IN THIS VERDICT FORM**

**READ THEM CAREFULLY AND ENSURE THAT YOUR**

**VERDICT COMPLIES WITH THEM**

**QUESTION NO. 1**

Did Wilus prove by a preponderance of the evidence that Samsung infringed any of the following Asserted Claims?

Answer "Yes" or "No" for **EACH** of the Asserted Claims listed below.

**'163 Patent**

Claim 1    Yes: _____    OR    No: _____

Claim 2    Yes: _____    OR    No: _____

Claim 3    Yes: _____    OR    No: _____

Claim 4    Yes: _____    OR    No: _____

Claim 5    Yes: _____    OR    No: _____

**'597 Patent**

Claim 1    Yes: _____    OR    No: _____

Claim 2    Yes: _____    OR    No: _____

Claim 5    Yes: _____    OR    No: _____

Claim 9    Yes: _____    OR    No: _____

Claim 12    Yes: _____    OR    No: _____

**'035 Patent**

Claim 1    Yes: _____    OR    No: _____

5

Claim 2     Yes: _____     OR     No: _____

Claim 3     Yes: _____     OR     No: _____

Claim 4     Yes: _____     OR     No: _____

Claim 5     Yes: _____     OR     No: _____


**'879 Patent**

Claim 1     Yes: _____     OR     No: _____

Claim 2     Yes: _____     OR     No: _____

Claim 3     Yes: _____     OR     No: _____

Claim 4     Yes: _____     OR     No: _____

Claim 5     Yes: _____     OR     No: _____

**[If you answered "YES" for ANY Asserted Claim in Question No. 1, then proceed to answer Question Nos. 2 and 3.**

**If you answered "NO" for ALL Asserted Claims in Question No. 1, then you SHOULD NOT answer any other question until Question No. 5, and in that case proceed directly to page 14 of this Verdict Form.]**

**[If you answered "YES" for ANY Asserted Claim in Question No. 1, then proceed to answer Question Nos. 2–4.  If you answered "NO" for ALL Asserted Claims in Question No. 1, then DO NOT answer Question No. 2 and proceed directly to Question No. 3.]**[2]

---

[2] **Samsung**:  Samsung asserted invalidity counterclaims in this case, rather than just affirmative defenses.  *See* Dkt. No. 106; Dkt. No. 107.  Accordingly, the jury must address invalidity.

**Wilus**: Samsung's invalidity case depends on Wilus's infringement case. Also, not all grounds of invalidity in this verdict form are part of Samsung's counterclaims. And, Samsung already told the Patent Office, in its IPRs, that it will not raise prior art based invalidity challenges in the Court, which renders an affirmative invalidity finding moot in this case.

## QUESTION NO. 2

Did Wilus prove by a preponderance of the evidence that Samsung **willfully infringed** [ANY] [any] of the Asserted Claims that you found were infringed?

Yes: _____    OR    No: _____

## QUESTION NO. 3

Did Samsung prove by clear and convincing evidence that [ANY] [any] of the following Asserted Claims are [invalid] [**invalid** as **obvious, lacking adequate written description, lacking enablement, and/or improper inventorship**][3]?

**'163 Patent**

Claim 1    Yes: _____    OR    No: _____

Claim 2    Yes: _____    OR    No: _____

Claim 3    Yes: _____    OR    No: _____

Claim 4    Yes: _____    OR    No: _____

Claim 5    Yes: _____    OR    No: _____

**'597 Patent**

Claim 1    Yes: _____    OR    No: _____

Claim 2    Yes: _____    OR    No: _____

Claim 3    Yes: _____    OR    No: _____

Claim 4    Yes: _____    OR    No: _____

Claim 6    Yes: _____    OR    No: _____

---

[3] **Wilus**: *Headwater Research LLC v. Samsung Electronics Col, Ltd., et al.*, 2:23-CV-00103-JRG-RSP, Dkt. No. 426 at 6 (E.D. Tex. Apr. 25, 2025). Moreover, Samsung's portion includes issues such as enablement and improper inventorship that the parties dispute on whether they should be presented to a jury.
**Samsung**: *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-78-JRG, Dkt. No. 584 at 6 (E.D. Tex. Jan. 26, 2024).

**'035 Patent**

Claim 1 Yes: _____ OR No: _____

Claim 2 Yes: _____ OR No: _____

Claim 3 Yes: _____ OR No: _____

Claim 4 Yes: _____ OR No: _____

Claim 5 Yes: _____ OR No: _____


**'879 Patent**

Claim 1 Yes: _____ OR No: _____

Claim 2 Yes: _____ OR No: _____

Claim 3 Yes: _____ OR No: _____

Claim 4 Yes: _____ OR No: _____

Claim 5 Yes: _____ OR No: _____

**[QUESTION NO. 4**[4]

Did Samsung prove by clear and convincing evidence that any of the following Asserted Claims are **invalid as ineligible** for involving only technologies and activities that, both alone and in combination, were **well-understood, routine, and conventional** from the perspective of a person of ordinary skill in the art as of the priority date of the Asserted Patents?

Answer "Yes" or "No" for **EACH** of the Asserted Claims listed below.

**'163 Patent**

| | | | |
|---|---|---|---|
| Claim 1 | Yes: _____ | OR | No: _____ |
| Claim 2 | Yes: _____ | OR | No: _____ |
| Claim 3 | Yes: _____ | OR | No: _____ |
| Claim 4 | Yes: _____ | OR | No: _____ |
| Claim 5 | Yes: _____ | OR | No: _____ |

**'597 Patent**

| | | | |
|---|---|---|---|
| Claim 1 | Yes: _____ | OR | No: _____ |
| Claim 2 | Yes: _____ | OR | No: _____ |
| Claim 3 | Yes: _____ | OR | No: _____ |

---

[4] **Wilus**: Because the Court has not ruled on whether the claims are directed to abstract idea as a threshold question, it's inappropriate to ask the jury to decide the step 2 of the patent eligibility question without answering the threshold question of under the step 1.

**Samsung**: *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-78-JRG, Dkt. No. 584 at 6 (E.D. Tex. Jan. 26, 2024); *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-66-JRG, Dkt. No. 850 at 6 (E.D. Tex. Feb. 12, 2026).

Claim 4        Yes: _____        OR        No: _____

Claim 6        Yes: _____        OR        No: _____

## '035 Patent

Claim 1        Yes: _____        OR        No: _____

Claim 2        Yes: _____        OR        No: _____

Claim 3        Yes: _____        OR        No: _____

Claim 4        Yes: _____        OR        No: _____

Claim 5        Yes: _____        OR        No: _____

## '879 Patent

Claim 1        Yes: _____        OR        No: _____

Claim 2        Yes: _____        OR        No: _____

Claim 3        Yes: _____        OR        No: _____

Claim 4        Yes: _____        OR        No: _____

Claim 5        Yes: _____        OR        No: _____

]

12

[WILUS:

Only answer Question 4 if you have found that at least one of the Asserted Claims is both infringed ("Yes" as to that claim in Question 1) and not invalid ("No" as to that same claim in Question 3)]

[SAMSUNG:

If you have not found any patent claims infringed in Question No. 1, then <u>DO NOT</u> answer Question Nos. 5 and 6.

Additionally, if you have not found any patent claims valid AND patent eligible in Question Nos. 3 and 4, then DO NOT answer Questions Nos. 5 and 6.

In other words, proceed <u>DIRECTLY</u> to Question No. 7 if you found that:

(1) Samsung does not infringe any of the Asserted Claims (answered "NO" for every Asserted Claim in Question No. 1),

(2) all Asserted Claims are invalid or patent ineligible (answered, for every Asserted Claim, "YES" for either Question Nos. 3 <u>OR</u> 4), or

(3) the Asserted Claims you found to be infringed are also either invalid <u>OR</u> patent ineligible (answered "YES" for Question No. 1 and "YES" for either Questions Nos. 3 <u>OR</u> 4).][5]

---

[5] **Wilus**: Samsung's instruction is too difficult to parse and is confusing to a jury. Samsung is incorrect that Wilus's instruction failed to account for all possibilities. The key idea is that only answer damages related question if the patent is infringed and not invalid, which is captured by Wilus's instructions. Samsung's instruction additionally points to question 7 which is confusing since another instruction relating to question 7 later in the form.
**Samsung**: Samsung's proposed instruction accounts for the various different outcomes that the jury may find regarding infringement, invalidity, and ineligibility. Wilus's proposed instruction fails to account for all possibilities.

13

**QUESTION NO. [4a] [5a]**

What amount of money, if paid now in cash, [has Wilus proven by a preponderance of the evidence would compensate it for its damages from] [do you find by a preponderance of the evidence would fairly and reasonably compensate Wilus for][6] Samsung's infringement of the '163 Patent [and the '597 Patent][7]?

Answer in United States Dollars and Cents:

$_____

**[QUESTION NO. [4b]**

What amount of money, if paid now in cash, has Wilus proven by a preponderance of the evidence would compensate it for its damages from Samsung's infringement of the '597 Patent?

Answer in United States Dollars and Cents:

---

[6] **Wilus**: *Headwater Research LLC v. Samsung Electronics Col, Ltd., et al.*, 2:23-CV-00103-JRG-RSP, Dkt. No. 426 at 6 (E.D. Tex. Apr. 25, 2025).
**Samsung**: *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-78-JRG, Dkt. No. 584 at 7 (E.D. Tex. Jan. 26, 2024).
[7] **Wilus**: The damages questions need to be broken out per patent. Since the infringement question needs to be separately listed for each patent, the damages questions should similarly be listed. *See Optis Cellular Technology, LLC, et al. v. Apple Inc.,* 139 F.4th 1363 (Fed. Cir. 2025).
**Samsung**: Wilus's damages expert, Mr. Stephen Dell, and Samsung's damages expert, Mr. Ray Perryman, both group the '163 and '597 Patents together in calculating damages.  Accordingly, these patents should similarly be grouped on the verdict form.

14

$_____$ ]

## QUESTION NO. [4c] [5b]

What amount of money, if paid now in cash, [has Wilus proven by a preponderance of the evidence would compensate it for its damages from] [do you find by a preponderance of the evidence would fairly and reasonably compensate Wilus for] Samsung's infringement of the '035 Patent [and the '879 Patent][8]?

Answer in United States Dollars and Cents:

$_____$

## [QUESTION NO. [4d]

What amount of money, if paid now in cash, has Wilus proven by a preponderance of the evidence would compensate it for its damages from Samsung's infringement of the '879 Patent?

---

[8] **Wilus**: *See* Wilus's comments in footnote 7.
**Samsung**: Wilus's damages expert, Mr. Stephen Dell, and Samsung's damages expert, Mr. Ray Perryman, both group the '035 and '879 Patents together in calculating damages. Accordingly, these patents should similarly be grouped on the verdict form.

Answer in United States Dollars and Cents:

$_____]

## QUESTION NO. [4e] [6]

Are the reasonable royalties that you found in Question Numbers [4a-d] [5a-b] **Running Royalties** for past sales only or one-time **Lump Sums** for past and future sales?

      Running royalties: _____    OR   Lump sum royalties: _____

**Regardless of how you answered all prior questions, please proceed to answer Question Nos. [5-6] [7-8].**

**QUESTION NO. [5][7]**

Did Samsung prove by a preponderance of the evidence that **Wilus breached** its **RAND** obligation by failing to offer a license to the Asserted Patents to Samsung that was reasonable and non-discriminatory, or [and] [or] by failing to act in good faith [regarding] [in] negotiations with Samsung for a **RAND** license covering the Asserted Patents?

        Yes: _____        OR        No: _____

**QUESTION NO. [6][8]**

Did Wilus prove by a preponderance of the evidence that **Samsung breached** its **RAND** obligation by failing to act in good faith regarding negotiations with Wilus for a **RAND** license covering the Asserted Patents?

        Yes: _____        OR        No: _____

17

## <u>FINAL PAGE OF JURY VERDICT FORM</u>

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The Jury Foreperson should then sign and date the Verdict Form in the spaces below. Once this is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back into the courtroom.

Signed this _____ day of June, 2026.

_____

Jury Foreperson

18