██████████████████████████████████

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |

**WILUS'S SUR-REPLY TO SAMSUNG'S**
**MOTION FOR SANCTIONS UNDER RULE 37**

████████████████████████████████

## TABLE OF EXHIBITS

| Ex. | Description |
| --- | --- |
| A | Assignment of Patents between SKT and Wilus dated May 27, 2024, signed June 20, 2024 (WILUS_0025432) |
| B | Patent Assignment Cover Sheet and attached Assignment of Patents dated June 20, 2024 (DELL_SAMSUNG_0000006) |
| C | Patent Assignment Agreement between SKT and Wilus dated May 27, 2024 (WILUS_0149628) |
| D | Excerpts of Deposition Transcript of Jin Sam Kwak, Ph.D., CEO of Wilus, dated December 10, 2025 |
| E | February 23, 2026 E-mail from Wilus's counsel, Ms. Paladino, to Samsung's counsel Regarding Production of PAA |
| F | March 12, 2026 E-mail Chain between Wilus's counsel, Mr. Wang, and Samsung's counsel Regarding Samsung's Motion for Sanctions |
| G | March 28, 2026 E-mail Chain between Wilus's counsel, Mr. Wang, and Samsung's counsel Regarding Dr. Kwak Deposition |
| H | March 9, 2026 Email Regarding Production of Metadata |
| I | Excerpts of Deposition Transcript of Jin Sam Kwak, Ph.D., CEO of Wilus, dated December 10, 2025 |
| J | *Mullen Industries LLC v. Samsung*, No. 2:24-CV-00049-JRG-RSP, Dkt. 274 (E.D. Tex. Mar. 9, 2026) ("*Mullen*") |
| K | Excerpts of March 6, 2026 Hearing on Motion for Sanctions in *Mullen* ("*Tr.*") |

\* Exs. A-H were attached to Wilus's opposition (Dkt. 395); Ex. I is attached to this sur-reply.

\*\* Ex. I is a corrected, highlighted version of Ex. D (Excerpts of Dr. Kwak's Deposition) that includes page 37 cited in the opposition.

████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Wilus | Plaintiff Wilus Institute of Standards and Technology Inc. |
| Samsung | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| SKT | SK Telecom Co., Ltd. |
| RAK | Russ August & Kabat |
| Assignment | Assignment of Patents between SKT and Wilus dated May 27, 2024, signed June 20, 2024 (WILUS_0025432, Ex. A) |
| PAA | Patent Assignment Agreement between SKT and Wilus dated May 27, 2024 (WILUS_0149628, Ex. C) |
| Motion to Dismiss | Samsung's Motion to Dismiss for Lack of Statutory Standing Under 35 U.S.C. § 281 (Dkt. 220); Wilus's Opposition (Dkt. 238); Samsung's Reply (Dkt. 307); Wilus's Sur-reply (Dkt. 345) |
| USPTO | United States Patent and Trademark Office |
| Asserted Patents | U.S. Patent Nos. 10,313,077; 10,687,281; 11,470,595; 11,159,210; 11,129,163; 11,700,597; 11,116,035; and 11,516,879 |
| Mot. | Samsung's Motion for Sanctions (Dkt. 313) |
| Opp'n | Wilus's Opposition to Samsung's Motion for Sanctions (Dkt. 395) |
| Reply | Samsung's Reply in Support of Its Motion Sanctions (Dkt. 438) |
| Kwak Dep. | Excerpts of Deposition Transcript of Jin Sam Kwak, Ph.D., CEO of Wilus, dated December 10, 2025 (Ex. I) |
| *Mullen* | *Mullen Industries LLC v. Samsung*, No. 2:24-CV-00049-JRG-RSP, Dkt. 274 (E.D. Tex. Mar. 9, 2026) (Exs. J-K) |
| *CogniPower* | *CogniPower, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-160-JRG, Dkt. 337 (E.D. Tex. Mar. 18, 2025) |
| *ESN* | *ESN, LLC v. Cisco Sys., Inc.*, 685 F. Supp. 2d 631 (E.D. Tex. 2009) |
| *Headwater* | *Headwater Research v. Samsung*, No. 2:22-cv-422-JRG-RSP, 2024 WL 3647624, at *1 (E.D. Tex. Aug. 2, 2024). |

\* All emphasis in brief added and citations cleaned up unless otherwise noted.

████████████████████████████████████

Samsung's reply confirms what this motion always was: an attempt to leverage a single inadvertently omitted document (one favorable to Wilus, that Wilus's CEO referenced during deposition, and that changes nothing about the underlying facts) into a vehicle for unnecessary and unrelated sanctions. The uncontroverted facts proving that sanctions are unwarranted include:

(1)    this motion is about the late production of one document, the PAA, that overlaps with the produced Assignment;

(2)    both the Assignment and PAA acknowledge "for good and valuable consideration"; the PAA ███████████████████████████████████████;

(3)    Wilus and its counsel had no reason or motivation to withhold the PAA;

(4)    Wilus's CEO Dr. Kwak affirmatively referenced the PAA in his deposition; and

(5)    the PAA is not relevant to any other issue in this case.

Wilus discussed these facts throughout its opposition; Samsung fails to controvert any in reply.

Samsung's reply also makes two critical concessions undermine its requested relief. It admits the alleged prejudice here is that "Samsung wasted time and resources pursuing a defense based upon an incomplete picture." Reply at 4. And its only rationale for a continuance is "for Samsung to investigate authenticity [of the PAA]." *Id.* Both fail. No legitimate authenticity issue exists and Wilus went to great lengths to eliminate any potential prejudice. Samsung's motion thus seeks extreme relief untethered to any actual harm. It should be denied in its entirety.

## I.    No Evidence of Bad Faith Exists

Samsung offers no new information or evidence to question RAK's explanation concerning the PAA. It argues that RAK must have "intentionally withheld" the PAA simply because it was not produced earlier. Reply at 2. This is a non-sequitur.

As explained, RAK's representation that it was "not withholding" any agreements were made in good faith based on its then-current knowledge and understanding that the certified Assignment was the complete and operative assignment record. At the time of this representation, RAK wasn't aware of any other agreement that needed to be produced or being withheld for

1

privilege or other grounds. Based on a mistaken belief, the document was overlooked for production. The supplemental interrogatory responses at the end of discovery similarly reflect RAK's honest, but mistaken, understanding. Mot. at 8; Ex. 17 at 27. Contrary to Samsung's framing, the interrogatory responses and representations to Samsung's counsel are simply evidence of RAK's lack of knowledge of the PAA, not bad faith.

Further, in his Dec. 2025 deposition, Wilus's CEO Dr. Kwak affirmatively referenced the PAA. Opp'n at 4-5; Ex. I at 37:4-14, 38:10-18, 39:1-4. If Wilus or RAK were concealing the PAA, the last thing Dr. Kwak would do is volunteer testimony about it on the record. Samsung doesn't dispute this or mention Dr. Kwak's testimony at all.

Despite the references to a more fulsome SKT-Wilus assignment agreement, none of Samsung's or Wilus's counsel caught the issue or specifically followed up. This was likely because the agreements look similar and many SKT-Wilus agreements (the Assignment, PSA, and PSA amendments) had been produced. This shows that RAK's oversight of the PAA during discovery is understandable. It cannot be said that RAK's oversight "lacks credibility" (Reply at 2, n.1) where both parties' counsel committed a similar oversight at Dr. Kwak's deposition.

Indeed, Dr. Kwak referenced the PAA near the start of his 10-hour deposition (at 11:15 am concluding at 9:40 pm). Ex. I. Had the issue been discovered, the PAA could have been produced during a break and Dr. Kwak could have testified about it. The entire issue would be moot. RAK regrets its oversight and wishes the PAA was produced earlier. But that the issue was discovered later doesn't transform an honest mistake into nefarious conduct warranting sanctions.

## II.     Samsung's "Authenticity Concerns" Are Baseless

When Samsung refers to "authenticity concerns" (Reply at 2), it means its accusation that Wilus and/or RAK *fabricated* the PAA in response to the motion to dismiss. Samsung knows this aspersion is frivolous, for countless reasons. *First*, the PAA is on its face authentic, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. PAA at 6. *Second*, Wilus produced metadata showing the document was created June 20, 2024 and scanned with an "Apeos C2060" multifunction printer. For Samsung's argument to withstand any scrutiny, it must imply

2

the metadata was fabricated as well *Third*, Wilus twice offered Dr. Kwak to testify about the PAA under penalty of perjury. *Fourth*, Dr. Kwak referenced the PAA in his Dec. 2025 deposition, well before Samsung's motion to dismiss. *Fifth*, the motion fails regardless of the PAA, and no rational person would think to fabricate a PAA out of fear of the motion.

Because no legitimate authenticity issue exists, the Court can consider the PAA and resolve the motion to dismiss. Doing so will inform this motion and confirm Samsung's standing defense lacks merit, with or without the PAA. Opp'n at 9. Contrary to Samsung's assertion, there is nothing inconsistent in Wilus's position. Reply at 1. Wilus has standing from the certified Assignment alone. Samsung asserts the Assignment is invalid *ab initio* by mischaracterizing the facts and law. The PAA further contradicts Samsung's arguments, which were implausible to begin with.

Samsung's request for a continuance also hinges on its "authenticity concerns." *Id.* at 4 (asserting "a continuance is necessary at least for Samsung to investigate authenticity"). But no legitimate concern exists, so the request for a continuance likewise collapses.

### III.    Samsung Is Wrong on the Law

Samsung agrees that the Court's four-factor test under Rule 37(c)(1) applies to this motion. Opp'n at 8-11; Reply at 1, 4. Samsung cannot meet this test for exclusion, so it pivots to unfounded accusations of bad faith. Reply at 4. This fails under the facts and law. No case supports severe sanctions for the late production of one favorable document that occurred here.

As Wilus showed, most of Samsung's requested sanctions are copied from *CogniPower*, which involved the bad faith fabrication of evidence and covering it up. That has nothing to do with the conduct here, and Samsung abandons *CogniPower* in reply. Opp'n at 12, 14.

Unable to dispute the PAA is favorable to Wilus, Samsung asserts "there is no prohibition on levying serious sanctions" over favorable evidence. Reply at 4-5. But the lone case it cites, *ESN*, supports Wilus's position. In *ESN*, the defendant withheld an employment agreement that was critical for defeating standing and obtaining dismissal. *ESN* at 647-48. The defendant did so for strategic advantage: it ambushed the inventor at deposition and asked questions about the employment agreement where the inventor hadn't seen it for seven years. *Id.* This prevented the

3

plaintiff from reviewing the agreement and re-directing the inventor's deposition. *Id.* Defendant had no explanation and sought an unfair advantage. *Id.* at 649. Here, in contrast, Wilus and its counsel had no reason, motivation, or *strategic benefit* to withhold the PAA. Unlike in *ESN*, the PAA was not produced earlier because of an oversight—not for any tactical advantage (which Samsung never articulated). Any rationale for sanctions in *ESN* is wholly inapplicable here.[1]

This case is far different from the bad faith withholding of harmful evidence, as illustrated by Samsung's recent sanction in *Mullen*. A comparison is instructive. In *Mullen*, Samsung withheld the production of unfavorable agreements (with "enormous payments") that would have exerted upward pressure on plaintiff's damages. *Mullen* at 1; *Tr.* at 9, 18-19. Samsung's counsel and witnesses denied the relevance of the agreements and fought against their production at every turn. *Id.* And at the PTC, Samsung sought to exclude any reference to the agreements based on misrepresenting their contents. *Id.* This nearly succeeded—but for Judge Payne knowing about the agreements from other cases and calling out Samsung's misrepresentations. *Mullen Tr.* at 41:16-19 ("You know, it's ironic that I am the one to point out to Samsung's counsel the existence of these agreements that I assumed had been disclosed in discovery in this case."). This Court imposed sanctions because "Samsung chose to withhold these agreements **in bad faith**, thus prejudicing Plaintiff's ability to timely prepare its damages case." *Mullen* at 3.

Here, in stark contrast, RAK overlooked one favorable document and produced it promptly when discovered. And Dr. Kwak affirmatively referenced the PAA in deposition. Wilus never sought to gain an advantage from the PAA and went to great lengths to eliminate any potential

---

[1] *Headwater* is likewise inapposite. It involved a motion under Rule 37(e)(1) for failure to preserve ESI. The Court ultimately excluded plaintiff's copying allegations under Rule 37(c)(1) for failing to identify a third-party in initial disclosures because that deprived the defendant from seeking discovery that could rebut copying. Here, RAK overlooked the PAA so could not have disclosed it in initial disclosures or otherwise. When RAK discovered the error, it produced the PAA immediately. Samsung doesn't seek exclusion of any evidence or argument. Nor does it allege that it was deprived of any defense. The claimed prejudice here is that Samsung filed a motion to dismiss based on incomplete information. Reply at 4. This was addressed by Wilus's offers to supplement or re-do the motion and to provide Dr. Kwak for a second deposition. Samsung declined those offers, showing that sanctions are unwarranted.

prejudice. Unlike in *Mullen*, Wilus and its counsel never made misrepresentations to the Court, nor try to gain substantial, unfair advantage in the litigation. A sanction here is not needed to balance the scales of justice. Nor does an isolated oversight warrant deterrence.

**IV.    Samsung's Requested Sanctions Are Fatally Flawed**

Samsung knows its requested sanctions are unsupported and tries to walk away from them. Reply at 5, n.2. Regardless, all fail and no sanctions are warranted.

*Adverse Instructions, Deduction of Trial Time, Stay of Proceedings*: As Samsung concedes, these sanctions require a finding of bad faith and/or invocation of the Court's inherent powers. *Id.* at 4-5. Samsung makes no showing of bad faith because none exists here. It continues to play word games by asserting that "Wilus did not act in good faith" and that "it chose to withhold the PAA." *Id.* at 4. As discussed, RAK made a mistake for one document out of 2,500+ document and 150k+ pages produced. Opp'n at 10. An oversight as to one favorable document isn't evidence of bad faith. This is nothing like Samsung's conduct in *Mullen*: an intentional, concerted, and strategic effort to withhold unfavorable agreements relevant to damages.

*Attorney's Fees*: The Court should deny fees for the reasons in Wilus's opposition, which Samsung fails to address. Opp'n at 5-6, 13-14. Because Samsung chose to maintain its motion to dismiss and all arguments therein, no fee-shifting is warranted. This includes all evidence/work Samsung continues to rely on (such as its Korean law expert) to seek dismissal of Wilus's case.

Further, Wilus submits that its offers of compromise were reasonable, whereas Samsung only offered for Wilus to stipulate to a stay pending IPR to avoid this sanctions motion. Opp'n at 13; Ex. F at 2-3. This opportunistic request shows that Samsung is using the threat of sanctions/fees to seek unrelated relief and coerce Wilus into giving up its patent rights. Samsung's motion to dismiss and this motion for sanctions also seek extreme, unsupported relief (including dismissal of the case and severe, punitive sanctions). It would be unjust to require Wilus to pay fees for motions that it was "substantially justified" in opposing. Fed. R. Civ. P. 37(b)(2)(C).

████████████████████████████████

Dated: April 15, 2026,                    Respectfully submitted,

                                          */s/ Reza Mirzaie*
                                          Marc Fenster
                                          CA State Bar No. 181067
                                          Email: mfenster@raklaw.com
                                          Reza Mirzaie
                                          CA State Bar No. 246953
                                          Email: rmirzaie@raklaw.com
                                          Dale Chang
                                          CA State Bar No. 248657
                                          Email: dchang@raklaw.com
                                          Neil A. Rubin
                                          CA State Bar No. 250761
                                          Email: nrubin@raklaw.com
                                          Jacob Buczko
                                          CA State Bar No. 269408
                                          Email: jbuczko@raklaw.com
                                          Jonathan Ma
                                          CA State Bar No. 312773
                                          Email: jma@raklaw.com
                                          RUSS AUGUST & KABAT
                                          12424 Wilshire Blvd. 12th Floor
                                          Los Angeles, CA 90025
                                          Telephone: 310-826-7474

                                          Andrea L. Fair
                                          State Bar No. 24078488
                                          MILLER FAIR HENRY, PLLC
                                          1507 Bill Owens Parkway
                                          Longview, TX 75604
                                          (903) 757-6400 (telephone)
                                          (903) 757-2323 (facsimile)
                                          E-mail:
                                          andrea@millerfairhenry.com

                                          *Attorneys for Plaintiff Wilus*
                                          *Institute of Standards and*
                                          *Technology Inc.*

6

████████████████████

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Reza Mirzaie*
Reza Mirzaie