**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00752-JRG (LEAD CASE) |
| HP INC., | § § § | |
| *Defendant.* | § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00746-JRG (MEMBER CASE) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants.* | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-cv-00753-JRG (MEMBER CASE) |
| ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., | § § § | |
| *Defendants.* | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HP INC., <br><br> *Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00764-JRG <br> (MEMBER CASE) |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00765-JRG <br> (MEMBER CASE) |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00766-JRG <br> (MEMBER CASE) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay Proceedings Pending *Inter Partes* Review (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants," or "Samsung"). (Dkt. No. 176). Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

### I.    BACKGROUND

Samsung filed *inter partes* review ("IPR") petitions on all asserted claims for the asserted patents. (Dkt. No. 176 at 3). In each IPR, Wilus filed a request for discretionary denial of institution. (*Id.*). The patent office denied all of Wilus's requests. (*Id.*). Subsequently, the PTAB instituted IPRs against all claims asserted against Samsung in the above-captioned cases. (Dkt. No. 225 at 2). The PTAB also denied all pending requests for Director Review of previously instituted petitions. (*Id.*). Final written decisions in each IPR are not expected until after the trial in the above-captioned cases. (Dkt. No. 176 at 1).

### II.    LEGAL STANDARD

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Resonant Sys., Inc. v. Nintendo Co.*, No. 2:25-cv-00090-JRG, 2025 WL 2097883, at *1

(E.D. Tex. July 25, 2025) (internal citation omitted).

### III.   ANALYSIS

Having considered the three stay factors, the Court finds that on balance, the factors tilt against granting Samsung's requested stay.

### A.   Prejudice to Wilus

Samsung asserts that Wilus will not be prejudiced since it only seeks damages against Samsung. (Dkt. No. 176 at 7). Additionally, Samsung states it will suffer sever prejudice from defending infringement allegations on patents for which the PTAB has found "persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims." (*Id.* (internal citations omitted)).

The Court finds that Wilus will be prejudiced by a stay. First, "this Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial and is entitled to weight under this factor." *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-01130, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) (internal citation omitted). Second, Wilus is prejudiced by waiting for PTAB decisions and potential appeals that will not issue until after the current trial date. *See, e.g.*, *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-00463, 2016 WL 934076 (E.D. Tex. Nov. 29, 2016); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-cv-00102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015). Finally, "persuasive evidence" of Office errors does not mean the Office has found such errors. Nor does a finding of such render the outcome of the IPRs foregone conclusions.

Accordingly, the Court finds that Wilus will be prejudiced by the stay.

### B.   Stage of Proceedings

Samsung filed this Motion prior to any claim construction briefing. At the time the Motion

4

was filed, discovery was near completion. (Dkt. No. 185 at 11). Samsung filed the IPRs at least seven months after this litigation was filed and provides no explanation for this delay.

Since the filing of the Motion, the parties have completed discovery, briefed and argued claim construction, filed *Daubert* motions, and have filed dispositive motions. The proximity to trial counsels against a stay.

The Court finds that, both at the time this Motion was filed and now, the case has progressed to an advanced stage. Accordingly, the Court finds that this factor weighs against a stay as well.

### C.    Simplification of the Issues

Finally, Samsung states that a stay would likely simplify or eliminate issues before the Court. (Dkt. No. 176 at 6). Samsung's belief turns on the patent office's reliance on "persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims" when the patent office decided to refer all of Samsung's IPR petitions to the PTAB. (*Id.* at 7).

Courts in this District are "reluctant to rely upon" mere "assumptions" regarding what the PTAB is "likely" to do given the IPRs it has instituted. *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2020 WL 10458088, at *3 (E.D. Tex. Nov. 17, 2020). Courts in this District have acknowledged that "institution decisions are not as useful as they were in the past for providing an indication of whether all claims would be found unpatentable." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019).

Accordingly, the Court determines that this factor is neutral, or at best weighs only slightly in favor of a stay.

### IV.    CONCLUSION

On balance, the Court finds that the factors do not support Samsung's requested stay

pending IPR. Accordingly, for all the reasons stated herein, Samsung's Motion to Stay (Dkt. No. 176) is **DENIED**.

 **So ORDERED and SIGNED this 23rd day of April, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

6