IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

Case 2:24-cv-00752-JRG   Document 477   Filed 04/24/26   Page 2 of 20 PageID #: 31763

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

**<u>SAMSUNG'S OPPOSED MOTION TO CONSOLIDATE FOR TRIAL</u>**

███████████████████████████

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................. 1

    A.    Wilus Accuses the Same Samsung Products of Infringement Based Upon Implementing the Same Technical Standard in Two Different Complaints.................................................................................................... 1

    B.    The Court Consolidated the Samsung Member Cases ................................. 1

    C.    The Parties Consolidated Discovery Across the Samsung Member Cases........................................................................................................... 2

    D.    Wilus's Experts Treated the Samsung Members Cases as a Single Case............................................................................................................. 2

    E.    The Parties Abided by This Court's Rules Regarding Briefing Page Limits Across Both Cases............................................................................ 3

    F.    The Parties' Pre-Trial Disclosures Treat This as a Single Case .................. 3

III.    LEGAL STANDARD....................................................................................................... 3

IV.    ARGUMENT................................................................................................................... 4

    A.    Factors 1 and 2 Favor Consolidation Because These Actions Are Before the Same Court and Involve the Same Parties................................. 5

    B.    Factor 3 Favors Consolidation Because There are Common Issues of Law and Fact, as the Court and Parties Recognize...................................... 5

        1.    The Parties Have Treated the Samsung Member Cases As A Single Case................................................................................. 5

        2.    The Samsung Member Cases Involve the Same Accused Products.................................................................................. 6

        3.    There Are Substantially Similar Questions of Fact With Respect to the Asserted Patents .................................................... 7

        4.    There Is Complete Overlap Regarding Certain Samsung Counterclaims ................................................................ 8

    C.    Factor 4: Consolidation Will Not Prejudice Plaintiff................................. 8

    D.    Factor 5: Consolidation Is in the Interest of Judicial Economy ............................. 9

███████████████████████████████████

V.    CONCLUSION........................................................................................................... 10

████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BTL Indus. Inc. v. Rejuva Fresh LLC*,
No. 1:23-cv-00032-SDN, 2024 WL 4905517 (D. Me. Nov. 27, 2024).................................7, 9

*Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*,
96 F.R.D. 46 (W.D.N.Y. 1982)......................................................................................................7

*In re Katz*,
639 F.3d 1303 (Fed. Cir. 2011)....................................................................................................9

*Malibu Boats, LLC v. Skier's Choice, Inc.*,
No. 3:18-CV-15-TAV-HBG, 2019 WL 6352653 (E.D. Tenn. Nov. 27, 2019)....................8, 9

*Mills v. Beech Aircraft Corp., Inc.*,
886 F.2d 758 (5th Cir. 1989) .......................................................................................................3

*NIDEC Motor Corp. v. Broad Ocean Motor LLC*,
No. 4:13-cv-01895-SEP, 2021 WL 12225453 (E.D. Mo. May 25, 2021)................................4

*Otter Prods, LLC v. Treefrog Devs., Inc.*,
No. 11–CV–02180–WJM–KMT, 2013 WL 490964 (D. Colo. Feb. 7, 2013)..........................9

*Parker v. Hyperdynamics Corp.*,
126 F. Supp. 3d 830 (S.D. Tex. Aug. 25, 2015) .........................................................................4

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
303 F. Supp. 2d 1027 (N.D. Cal. 2003) .......................................................................................7

*Priester v. Long Beach Mortgage Co.*,
No. 4:16-cv-449-ALM-KPJ, 2017 WL 11714341 (E.D. Tex. Nov. 30, 2017).........................4

*SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*,
No. 16–706–LPS, 2018 WL 1316203 (D. Del. Mar. 14, 2018)......................................4, 7, 10

*Uniloc USA, Inc. v. HTC Am., Inc.*,
No. C17-1558JLR, 2018 WL 2059565 (W.D. Wash. May 3, 2018) ........................................6

**Statutes**

35 U.S.C. § 299.............................................................................................................................5

**Other Authorities**

Fed. R. Civ. Pro. 42......................................................................................................................3

████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Excerpts from the Expert Report de la Iglesia re Infringement dated January 23, 2026 |
| 2 | Excerpts from the Expert Report of Stephen Dell Opening Report, dated January 23, 2026 ¶16 |
| 3 | Excerpts from the Rebuttal Expert Report of Stephen Dell Opening Report, dated February 13, 2026 |
| 4 | Excerpts from the Expert Declaration of Gustav Brismark, dated January 22, 2026 |
| 5 | Excerpts from the Expert Report of Dr. Rebecca Reed-Arthurs, dated January 22, 2026 |
| 6 | Excerpts from the Rebuttal Expert Report of Todor Cooklev Regarding Source Code of Wi-Fi Chip in Samsung Galaxy Tab 2, dated February 13, 2026 |
| 7 | Excerpts from the Rebuttal Report of Paul Nikolich, dated February 13, 2026 |
| 8 | Wilus Trial Witness List |
| 9 | Excerpts from Willus Trial Exhibit List |
| 10 | Samsung Trial Witness List |
| 11 | Excerpts from Samsung Trial Exhibit List |
| 12 | Samsung Defendants' Secondary Election of Prior Art, dated January 6, 2026 |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '595 patent | U.S. Patent No. 11,470,595 |
| '210 patent | U.S. Patent No. 11,159,210 |
| '163 patent | U.S. Patent No. 11,129,163 |
| '597 patent | U.S. Patent No. 11,700,597 |
| '281 patent | U.S. Patent No. 10,687,281 |
| '035 patent | U.S. Patent No. 11,116,035 |
| '879 patent | U.S. Patent No. 11,516,879 |
| '077 patent | U.S. Patent No. 10,313,077 |
| -746 Case | *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00746-JRG (E.D. Tex.) |
| -765 Case | *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00765-JRG (E.D. Tex.) |
| Asserted Patents | Patents asserted against Samsung: '595 patent, '210 patent, '163 patent, '597 patent, '281 patent, '035 patent, '879 patent, and '077 patent |
| DO | Discovery Order |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Samsung Member Cases | -746 and -765 Cases |
| Wilus | Wilus Institute of Standards and Technology Inc. |

## I.   INTRODUCTION

Samsung respectfully requests that the Court consolidate the Samsung Member Cases for trial. These cases involve the same Parties, the same Accused Products, the same technical standard, substantially overlapping questions of law and fact involving the same witnesses, and the Parties have treated the Samsung Member Cases as a single case since the Court consolidated them for all pretrial issues.  Now, Wilus seeks to burden the Court with two trials for the sole reason that it wants two bites at the apple.  The Court should grant this Motion to (1) conserve Party and judicial resources, (2) ensure consistent outcomes, and (3) remove the burden that a second trial would place on the Court, the Parties, the witnesses, and the jurors.

## II.   BACKGROUND

### A.   Wilus Accuses the Same Samsung Products of Infringement Based Upon Implementing the Same Technical Standard in Two Different Complaints

On September 11, 2024, Wilus filed its complaint in the -746 Case.  In that case, Wilus accuses Samsung of infringing the '077, '281, '595, and '210 patents.  No. 2:24-cv-746-JRG, Dkt. 1 ¶ 1.  Wilus defined the Accused Products as "Wi-Fi 6 (802.11ax) enabled devices used, offered for sale, sold, and/or imported by Defendants in the United States and supplied by Defendants to customers in the United States."  *Id.* at 1.

Nine days later, on September 20, 2024, Wilus filed its complaint in the -765 Case.  In that case, it accuses Samsung of infringing the '163, '597, '035, and '879 patents.  No. 2:24-cv-765-JRG, Dkt. 1 ¶ 1.  Just like the -746 Case, Wilus defined the Accused Products as "Wi-Fi 6 (802.11ax) enabled devices used, offered for sale, sold, and/or imported by Defendants in the United States and supplied by Defendants to customers in the United States."  *Id.* at 1.

### B.   The Court Consolidated the Samsung Member Cases

Approximately one month after Wilus filed the Samsung Member Cases, the Court consolidated them (along with other cases filed by Wilus) "for all pretrial issues."  Dkt. 13 at 2.

1

███████████

### C.    The Parties Consolidated Discovery Across the Samsung Member Cases

In accordance with the consolidation order, the Parties proceeded as if the Samsung Member Cases were a single case.  As the Parties agreed in the DO, a "'Defendant Group' is the group of commonly accused Defendants, i.e., **the Samsung Defendant Group is Samsung Electronics Co, Ltd. and Samsung Electronics America, Inc**."  Dkt. 49 § 5(i).  This definition ensured that Samsung was treated identically across the Samsung Member Cases during discovery.  For example, none of Wilus's interrogatories to Samsung requested case-specific information—rather, they cut across both Samsung Member Cases.  As another example, the Asserted Patent inventors are identical across all Asserted Patents (except for the '077 patent, which only lists Messrs. Kwak, Son, and Ko as the co-inventors).  However, even though these individuals are listed as inventors for the Asserted Patents in both Samsung Member Cases, Samsung had only seven hours to depose them, consistent with the DO's requirement for a single case.

### D.    Wilus's Experts Treated the Samsung Members Cases as a Single Case

Wilus's experts consistently treated this as a single case.  For example, all of Wilus's experts refer to the Samsung Member Cases as a single case.  Ex. 1 (de la Iglesia Opening Report) ¶ 3 ("Such information may include, for example, materials produced **in this proceeding**, and information and documents relevant to **this case** that Samsung has not yet disclosed"); Ex. 2 (Dell Opening Report) ¶ 16 ("I have considered information from a variety of sources, including documents and electronic data produced thus far by the parties **in this case**, legal documents prepared as part of **this case**, deposition testimony given **in this case**"); Ex. 3 (Dell Rebuttal Report) ¶ 4 (same); Ex. 4 (Brismark Opening Report) ¶ 98 ("**This case** also focuses on . . ."); Ex. 5 (Reed-Arthurs Opening Report) ¶ 8 ("The following is my general understanding of the technology and products at issue **in this case** . . ."); Ex. 6 (Cooklev Rebuttal Report) ¶ 1 ("The Asserted Patents **in this case** are" all Asserted Patents across the Samsung Member Cases); Ex. 7 (Nikolich Rebuttal Report) ¶ 2 ("I have been informed that

2

in **the above-captioned litigation**, Wilus accuses Samsung of infringing certain claims of" the Asserted Patents).

### E. The Parties Abided by This Court's Rules Regarding Briefing Page Limits Across Both Cases

The Parties have abided by page limitations for pretrial briefing for a single case. Local Rule CV-7(a)(3) provides page limits for summary judgment briefing. The Court's Standing Order on the Number of Motions to Strike Expert Testimony (Including *Daubert* Motions) Filed in Civil Cases provides that a party may only file a single motion to strike an expert's report. The Court's Standing Order Regarding Total Page Limits for *Daubert* Motions and Motions to Strike further provides page limits on motion to strike briefing. Here, the Parties to the Samsung Member Cases followed these single case limits across both cases. Wilus even filed a motion requesting the Court to "order Samsung [to] bring its summary judgment motions . . . into compliance with CV-7(a)(3) and its 60-page limit," showing that it understood this to be a single case. Dkt. 280 at 10.

### F. The Parties' Pre-Trial Disclosures Treat This as a Single Case

On March 16, 2026, the Parties served their pretrial disclosures (witness list, deposition designations, and exhibit list). Dkt. 230 at 3. At this late-stage in the case, Wilus continued to treat the Samsung Member Cases as a single case. Wilus does not distinguish these pretrial disclosures between the Samsung Member Cases—rather, it provided a single witness list, a single set of deposition designations, and a single exhibit list. Ex. 8; Ex. 9. Samsung did the same. Ex. 10; Ex. 11.

## III. LEGAL STANDARD

Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions." FED. R. CIV. PRO. 42(a)(1). Consolidation "is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761–62 (5th Cir. 1989). "The Fifth Circuit has urged

3

district judges 'to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion,' even when opposed by the parties." *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. Aug. 25, 2015) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  Courts in this District have considered the following factors to determine if consolidation is warranted: (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.  *Priester v. Long Beach Mortgage Co.*, No. 4:16-cv-449-ALM-KPJ, 2017 WL 11714341, at *2 (E.D. Tex. Nov. 30, 2017).  Courts may further consider whether the cases are at the same stage of preparation for trial.  *Id.*

## IV.    ARGUMENT

The Samsung Member Cases should be consolidated for trial.  "The parties involved are exactly the same, the patents share common applicants, inventors, and priority periods and relate to various aspects of the same [technical standard], and the accused products are identical."  *SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*, No. 16–706–LPS, 2018 WL 1316203, at *1 (D. Del. Mar. 14, 2018); *see also NIDEC Motor Corp. v. Broad Ocean Motor LLC*, No. 4:13-cv-01895-SEP, 2021 WL 12225453, at *1 (E.D. Mo. May 25, 2021) ("The two actions have the same Plaintiff, the same Defendants, and the same counsel, and they involve common questions of law and fact.").  Moreover, because the Samsung Member Cases were consolidated "for all pretrial issues," they are at the exact same stage and the proceedings have been intertwined.  Any alleged prejudice to Wilus pales in

comparison to the judicial efficiency gained from consolidation for trial.  The Court should grant this

Motion.[1]

### A.    Factors 1 and 2 Favor Consolidation Because These Actions Are Before the Same Court and Involve the Same Parties

There is no dispute that the Samsung Member Cases are pending before this Court and involve

the exact same parties.  Factors 1 and 2 heavily favor consolidation for trial.

### B.    Factor 3 Favors Consolidation Because There are Common Issues of Law and Fact, as the Court and Parties Recognize

The Samsung Member Cases concern common issues of law and fact.  The Court and Parties

have consistently treated these consolidated cases as a single case, the Accused Products are identical

across the Samsung Member Cases, the technical issues involve the same IEEE standard, and

Samsung's standards-based counterclaims concern identical facts.

#### 1.    The Parties Have Treated the Samsung Member Cases As A Single Case

Since the Samsung Member Cases were filed, the Parties and Court have recognized their

substantial similarities.  Indeed, early on, the Court consolidated the Samsung Member Cases "for all

pretrial issues." Dkt. 13 at 2.  After consolidation, the Samsung Member Cases have jointly proceeded

along the same case schedule and have been treated as one case for all intents and purposes by the

Court and the Parties.  *Supra* § II.B.

For example, the Parties have consistently treated this as a single case during discovery.  The

Court's DO treats Samsung as a single entity across both Samsung Member Cases.  *Supra* § II.C.  As

explained above, under the DO, the discovery limitations have applied across ***both*** Samsung Member

---

[1] Samsung waives the limitations set forth in Section 299 for consolidation of only the Samsung Member Cases.  *See* 35 U.S.C. § 299(c) ("A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.").  For the sake of clarity, Samsung does not waive the limitations set forth in Section 299 for consolidation of the Samsung Member Cases with the above-captioned cases Wilus has filed against Askey.

Cases—no additional discovery was granted for either the -746 or -765 Cases.  Moreover, Wilus never differentiated between the cases when it sought discovery.

Additionally, Wilus's experts have treated the Samsung Member Cases as a single case.  As explained above, they consistently referred to the Samsung Member Cases as a single case.  *Supra* § II.D.  Wilus's experts have made little effort to divide their work across cases, except for when they address specific Asserted Patents.

As another example, the Parties have treated the Samsung Member Cases as a single case during pretrial briefing.  Both Parties followed the Court's page limits for summary judgment and *Daubert* briefing for a single case—neither Party attempted to treat the Samsung Member Cases as separate cases and double the applicable page limits.  *See supra* § II.E.

Finally, Wilus has recently treated this as a single case.  In its March 16, 2026 pretrial disclosures, Wilus served a single witness list, a single exhibit list, and a single set of deposition designations for both Samsung Member Cases.  *Supra* § II.F.[2]  Similarly, Samsung expects that if there are two trials,  the same fact and expert witnesses will testify.[3]  And after Samsung raised consolidation for trial on March 20, 2026, Wilus continued to refer to this as a single case.  *See* Dkt. 395 at 2 (Wilus stating in a March 30, 2026 filing, "[o]n June 20, 2024, months before the filing of **this case** . . .").

### 2.      The Samsung Member Cases Involve the Same Accused Products

The Accused Products are the same in the Samsung Member Cases: Wi-Fi 6 (802.11ax) enabled devices.  These include, for example, mobile phones, tablets, laptops, e-readers, cameras, appliances, and wearables, such as the Samsung Galaxy S24 Ultra.  Ex. 1 ¶ 96.  Because the Samsung Member Cases involve the same Accused Products and how these Accused Products allegedly practice the Wi-Fi 6 (802.11ax) standard, there will undoubtedly be overlapping issues.  *See Uniloc USA, Inc. v.*

---

[2] Samsung similarly served a single exhibit list and a single witness list.

[3] The only exception for Samsung may be Dr. Wicker, who Samsung does not currently expect to call in the -746 Case.

*HTC Am., Inc.*, No. C17-1558JLR, 2018 WL 2059565, at *2 (W.D. Wash. May 3, 2018) ("Although the patents at issue in each of the suits are different, the fact that Uniloc accuses the same HTC products of infringing those patents is common to all four cases.").

**3.     There Are Substantially Similar Questions of Fact With Respect to the Asserted Patents**

As an initial matter, the Asserted Patents share certain critical similarities.  First, they all share common inventors: Messrs. Kwak, Ahn, Son, and Ko.[4]  Second, all Asserted Patents list Wilus as an applicant, and all but one Asserted Patent lists SKT as a co-applicant.[5]  Third, all Asserted Patents claim priority to Korean patent applications filed within a two-year period.  Fourth, the title of each Asserted Patent begins "Wireless Communication Method."  These similarities demonstrate the Asserted Patents' significant overlap.  *See SZ DJI*, 2018 WL 1316203, at *1.

However, the similarities do not end on the faces of the Asserted Patents.  The Accused Products in both cases are accused because they implement the IEEE 802.11ax standard.  While the accused portion of the standard may differ across the cases, at bottom, the Samsung Member Cases concern implementing the same technical standard.  This supports consolidation.  *See BTL Indus. Inc. v. Rejuva Fresh LLC*, No. 1:23-cv-00032-SDN, 2024 WL 4905517, at *3 (D. Me. Nov. 27, 2024) (consolidating cases for trial where there are not "sharp distinctions" between the technology at issue in both cases); *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (consolidating two patent cases in part because each would "require a jury to understand the same underlying technology"); *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982) (consolidating two patent cases that involved the same parties where "the patents share[d] a common scientific background" and the same witnesses could be used to establish the

---

[4] The only exception is the '077 patent, which only lists Messrs. Kwak, Son, and Ko as the co-inventors.

[5] Once again, the only exception is the '077 patent.

theories behind and evolution of the patented technology); *Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:18-CV-15-TAV-HBG, 2019 WL 6352653, at *3 (E.D. Tenn. Nov. 27, 2019) (consolidating for trial where "the theory of infringement is the same," despite different claim language).

Unsurprisingly, given the overlap in claim scope, there is also overlap in Samsung's prior art invalidity case. For example, for **all** Asserted Patents and **all** invalidity grounds, Samsung relies upon a Samsung Device (*e.g.*, Samsung Galaxy Tab S) as its primary reference. Ex. 12. This further supports consolidation. *Malibu Boats*, 2019 WL 6352653, at *3 (consolidating cases involving different patents for trial where the defendant "alleged invalidity on similar grounds").

There are substantially similar technical factual issues in the Samsung Member Cases. Consolidation for trial would prevent inconsistent outcomes and promote judicial efficiency.

### 4. There Is Complete Overlap Regarding Certain Samsung Counterclaims

In both cases, Samsung has asserted several counterclaims concerning Wilus's assertion that the claims are standard essential. Samsung's counterclaims include breach of contract regarding the IEEE policy, breach of duty of good faith, estoppel, and waiver. Dkt. 61 at 42–55, 64–67; Dkt. 62 at 42–54, 65–68. Any disputes of fact underlying these counterclaims are identical across both cases, further supporting consolidation for trial.

### C. Factor 4: Consolidation Will Not Prejudice Plaintiff

If the Court consolidates the Samsung Member Cases for trial, there will be no prejudice to Wilus. During the meet and confer process, Samsung explained to Wilus how a single trial will simplify the issues for the Court, the Parties, the witnesses, and the jury. Moreover, a single trial would promote consistent results across the Samsung Member Cases. Samsung further offered to agree to a longer-than-typical thirteen hours for the Parties to present evidence in a consolidated trial, to account for a

potentially larger set of asserted claims.[6]  With additional time, Wilus does not have a credible argument that there would be no prejudice.

However, Samsung expects that Wilus may argue that it will be prejudiced by a consolidated trial because it will need to bring only a subset of claims (or possibly a subset of Asserted Patents) to trial.  The Court should reject this argument.  **First**, as the Court is well-aware, patent owners rarely present all claims asserted at the outset of a case or all Asserted Patents during trial.  *See* Dkt. 230 at 2 n.2 ("Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial . . .").  Dropping claims is a typical strategic decision that patent owners need to make in every case for the sake of trial management—there is nothing unique to this case.  **Second**, Samsung is not requesting that the Court further limit the number of claims or patents that Wilus asserts at trial.  Therefore, Wilus cannot credibly complain that it would somehow be deprived of due process by forcing it to proceed with only a limited claim set.[7]

### D.    Factor 5: Consolidation Is in the Interest of Judicial Economy

Consolidation is favored where "bifurcated proceedings will force witnesses to provide the same testimony in two separate suits, force the Court to hear and adjudicate the same issues in two separate suits, and force a second jury to adjudicate what could be adjudicated in a single trial."  *Malibu Boats*, 2019 WL 6352653, at *3; *see also Otter Prods, LLC v. Treefrog Devs., Inc.*, No. 11–CV–02180–WJM–KMT, 2013 WL 490964, at *2 n.2 (D. Colo. Feb. 7, 2013) (noting significant witness overlap); *BTL*, 2024 WL 4905517, at *3 ("the jury in both cases will be required to understand [the Asserted Patents' and Accused Products'] underlying technology and the same witnesses could be used to establish their common scientific background").

---

[6] Of course, Samsung recognizes that the time for the Parties to present evidence at trial is solely within the discretion of the Court.

[7] *See In re Katz*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011) (recognizing that a district court "needs to have broad discretion to administer the proceedings" when requiring a patent owner to focus its asserted claims).

Consolidating the Samsung Member Cases will undoubtedly conserve judicial and Party resources. As explained above, *supra* § III.B., there is substantial overlap between the Samsung Member Cases. If they are not consolidated for trial, the Court and jury will need to consider substantially similar patent claims, the same technical standard, the same Accused Products, and hear substantially similar testimony from the same witnesses. Doing so will waste judicial and Party resources—including for the foreign witnesses that will be required to travel far from home to testify. Perhaps most importantly, two separate trials will require the Court to empanel two *venires* and take jurors away from their homes, families, and livelihoods to hear substantially identical claims. As Judge Stark has found, "[b]urdening two sets of jurors (as well as the Court and Defendants) with two separate trials, presenting a heightened risk of inconsistent verdicts and wasting resources, is not a more desirable outcome." *SZ DJI*, 2018 WL 1316203, at *1. Similarly, here, two trials is not a more desirable outcome here.

## V.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Motion and consolidate the Samsung Member Cases for trial.

Date: April 9, 2026

Respectfully submitted,

*/s/ Ralph A. Phillips*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com

10

Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com

11

███████████████████████████████

FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

12

████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 9, 2026.  All counsel of record are being served with a copy of this document by electronic mail.

*/s/ Ralph A. Phillips*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred via email on March 18, 2026 and March 20, 2026.  The parties further met and conferred via videoconference on March 24, 2026.  James Tsuei and Neil Rubin attended for Wilus.  Ralph A. Phillips, Matthew P. Mosteller, Brendan F. McLaughlin, and Payal Patel attended for Samsung.  The parties discussed their positions on the motion, and Samsung stated it would provide details on its proposal for a consolidated trial's procedure.  On March 26, 2026, Samsung provided a proposed consolidated trial procedure.  Samsung followed up with Wilus on March 31, 2026 and April 1, 2026 to learn its position on Samsung's proposal.  On April 2, 2026, Wilus stated that it does not agree, and that "[a]ny request to consolidate the trials comes far too late."  Therefore, the parties could not reach an agreement.  The discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve.  Counsel for Wilus indicated that they oppose this Motion.

*/s/ Ralph A. Phillips*

███████████████████████████

████████████████████████████████

████████████████████

████████████

13