# Exhibit 2



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Wilus Institute of Standards and Technology Inc., | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:24-cv-00752 [Lead Case] |
| v. | § § | Civil Action No. 2:24-cv-00764 [Member Case] |
| HP Inc., | § § § | |
| *Defendant.* | § § | |
| Wilus Institute of Standards and Technology Inc., | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:24-cv-00746 [Member Case] |
| v. | § § | Civil Action No. 2:24-cv-00765 [Member Case] |
| Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; | § § § | |
| *Defendants.* | § § | |

EXPERT REPORT OF STEPHEN E. DELL, CVA

RELATING TO DAMAGES

JANUARY 23, 2026

_____
STEPHEN E. DELL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## III.    INFORMATION REVIEWED AND CONSIDERED

16.    In connection with the preparation of this report, I have considered information from a variety of sources, including documents and electronic data produced thus far by the parties in this case, legal documents prepared as part of this case, deposition testimony given in this case (and related exhibits), the patents at issue, and publicly available information, such as Securities and Exchange Commission ("SEC") filings, United States Patent and Trademark Office ("USPTO") filings, industry/market reports, publicly available license agreements and royalty rates obtained from public filings and third party research, articles, press releases, and Internet websites. A full list of the documents and other information reviewed and considered as of the date of this report is shown in Attachment 2, as well as referenced throughout this report.

17.    As part of my analysis, I have had discussions with, and reviewed the expert reports of Mr. Erik de la Iglesia, the technical expert retained on behalf of Wilus, Gustav Brismark, FRAND licensing expert retained on behalf of Wilus, as well as Dr. Rebbecca Reed-Arthurs, Managing Director at Berkley Research Group, survey expert retained on behalf of Wilus.[10] Additionally, I have had discussions with David Muus, Head of Licensing Programs at Sisvel, as well as Jin Sam Kwak, Ph.D., CEO at Wilus.[11] I have also relied on my more than twenty years of experience in intellectual property matters, licensing and valuation issues relating to patents, and assessing intellectual property damages.

18.    This report is based upon the information that has been made available as of the date above.

## IV.    SUMMARY OF OPINIONS

19.    For purposes of my analysis, I have assumed that the Asserted Claims of the Patents at Issue are valid, enforceable, and infringed by Samsung as claimed by Wilus. Under that assumption, should it prevail at trial, Wilus is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together

---

[10] Discussions with Mr. de la Iglesia occurred on November 11, 2025 and January 22, 2026. Discussion with Dr. Reed-Arthurs occurred on November 11, 2025 and January 22, 2026. Discussions with Mr. Brismark occurred on January 15, 2026. Where I rely on my discussions with Mr. de la Iglesia, Dr. Reed-Arthurs, and/or Mr. Brismark, I have attempted to indicate such reliance as part of the notations in this report.

[11] Discussions with Mr. Muus occurred on January 15, 2026. Discussions with Dr. Kwak occurred on January 21, 2026. Where I rely on my discussions with Mr. Muus and/or Dr. Kwak, I have attempted to indicate such reliance as part of the notations in this report.