# Exhibit 4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., *Plaintiff,* v. HP INC. *Defendant.* | Civil Action No. 2:24-cv-0752-JRG-RSP **LEAD CASE** **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. *Plaintiff,* v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. *Defendants.* | Civil Action No. 2:24-cv-00746-JRG-RSP (Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. *Plaintiff,* v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP (Member Case) |

## EXPERT DECLARATION OF GUSTAV BRISMARK

RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY

this is successful and an implementer finally agrees to sign an agreement, it has in effect benefitted from its hold-out strategy and avoided significant amounts it ought to have paid.

97.    What this means is that, although hold-out is an illegitimate practice, it has benefitted implementers who engage in hold-out. Hold-out is today, in my experience, an industry-wide problem.

98.    With the European Court of Justice (ECJ) decision in *Huawei vs ZTE*[15], it was clarified that FRAND negotiations imply a duty on both sides to negotiate in good faith and with diligence towards an agreement. A fairly detailed protocol was defined by ECJ with responsibilities on both sides, including that a licensee is obligated to make a counter-offer timely. More recently, the German appellate court decision in *Sisvel v Haier*[16], clarifies that injunctive relief against an unwilling licensee, indeed is available. This case also focuses on the duty of a licensee to negotiate timely, including providing specific counteroffers. In the US, the International Trade Commission has similarly found that an exclusion order would not be against the interest of the public interest when an infringer of SEPs is acting in bad faith and there is evidence of hold-out.[17]

99.    Indeed, also the IEEE Bylaws state that the licensee ("applicant") "should engage in good faith negotiations without unreasonable delay".[18]

100.    These decisions and guidelines have made implementers more aware of the fact that licensees have a responsibility to engage in negotiations and that injunctions otherwise are

---

[15] *Huawei Tech. Co. Ltd. v. ZTE Corp.*, [2015], Court of Justice of the EU, Case No. C-170/13.

[16] *Sisvel Int'l S.A. v. Haier Deutschland GmbH*, [2020] Fed. Ct. of Justice, Case No. KZR 35/17.

[17] *InterDigital v. Nokia & Microsoft Mobile, U.S. International Trade Commission*, Investigation No. 337-TA-613 (ITC Apr. 27, 2015),

[18] IEEE-SA Board Bylaws, IEEE, https://standards.ieee.org/wp-content/uploads/import/documents/other/sb_bylaws.pdf (May 2025) at § 6.2, p. 18.

RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY

Executed on January _22_, 2026       // _____

                                     Gustav Brismark.

79