# Exhibit 7



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br> *Plaintiff,* <br> v. <br> HP INC. <br> *Defendant.* | Civil Action No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** <br> **JURY DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Civil Action No. 2:24-cv-00746-JRG-RSP <br><br> (Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC. <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP <br> (Member Case) |

## REBUTTAL REPORT OF PAUL NIKOLICH

RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY

## I.   INTRODUCTION

1.      My name is Paul Nikolich, I am the owner of Nikolich Advisors, LLC, a technology, standards and business consulting firm. I have been retained as an expert by Plaintiff Wilus Institute of Standards and Technology, Inc. ("Wilus") in the above-referenced matters and have been asked to respond to certain expert opinions offered by experts retained by Defendant Samsung, Inc. ("Samsung"). More specifically, I have been asked to respond to opinions contained in the expert report of David Djavaherian, which was served on January 23, 2026.

2.      I have been informed that in the above-captioned litigation, Wilus accuses Samsung of infringing certain claims of U.S. Patent Nos. 11,129,163, 11,700,597, 11,116,035, 11,516,879, 10,313,077, 10,687,281, 11,470,595, and 11,159,210 (collectively, "Asserted Patents"). I understand that each of these patents relate to the IEEE Std 802.11ax-2021 (Amendment to IEEE Std 802.11-2020) Enhancements for High-Efficiency WLAN standard that was developed, ratified and published under the auspices of the Institute of Electrical and Electronics Engineers ("IEEE"). The standard specifies the requirements for the underlying technology of products labeled "Wi-Fi CERTIFIED 6®" by the Wi-Fi Alliance (commonly known in the industry as "Wi-Fi 6"). For brevity, throughout this document I will refer to the IEEE Std 802.11ax-2021 (Amendment to IEEE Std 802.11-2020) standard as the IEEE 802.11ax standard.

3.      In addition to the materials cited in this report, I have attached as Appendix A a list of documents and other information that I have considered in forming my opinions. I reserve the right to supplement this report if additional information relevant to my analysis is produced in this case. In testifying, I may rely on some or all of the materials I relied upon in formulating

1

RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY

by the IEEE. More specifically, it is my opinion that Wilus' submission of a Custom LOA for the IEEE 802.11ax standard satisfied Wilus' obligations under the IEEE IPR Policy, and I am not aware of any conduct by Wilus in the standardization context that would support finding the Asserted Patent unenforceable.

106.    It is also my opinion that Wilus is entitled to seek injunctive relief based on Samsung infringement and there is nothing in the IEEE Bylaws that prohibits such relief when taking into account the parties' negotiation history, since it appears Wilus's good faith negotiation attempts have not been successful.

107.    Also, as detailed above, I disagree with various statements and characterizations of IEEE practice and procedure stated by Mr. Djavaherian and Dr. Perryman.

108.    Further, as explained above, it is my opinion that Dr. Bims has not demonstrated that drafts 0.5 and 1.0 of 802.11ax were "publicly accessible" on December 1, 2016 or January 2017, or at any other date.

109.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all statements made herein of my knowledge are true and that all statements made on information and belief are believed to be true; and further, that these statements were made with knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001.

Executed on February 13, 2026

Paul Nikolich, Owner of Nikolich Advisors LLC

48