███████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S RESPONSE TO WILUS' MOTION *IN LIMINE* (DKT. 433)**

███████████████████████████████████████████

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................... iv

TABLE OF ABBREVIATIONS ......................................................................................... v

I.      Wilus MIL No. 1: Exclude Evidence and Argument of Any Samsung
        Investigation or Opinion of Counsel or that Samsung Relied on any
        Alleged Belief of Noninfringement, Invalidity or Unenforceability. ................................ 1

II.     Wilus MIL No. 2: Exclude Evidence and Argument Regarding Wilus
        Allegedly Failing to Timely Disclose Potentially Essential Patent Claims
        to the IEEE and Any Other Allegations that Pertain Only to Equitable
        Claims ................................................................................................................... 4

III.    Wilus MIL No. 3: Exclude Evidence or Argument Regarding Licenses No
        Expert Has Opined Are Comparable ..................................................................... 7

IV.     Wilus MIL No. 4: Exclude Evidence and Argument Regarding Any Sisvel
        Role In This Litigation Beyond Licensing Negotiations, ████████████
        ████████████████████████████████ ........................................................ 9

        A.      Sisvel's Role in This Litigation Is Relevant and Non-Prejudicial ......................... 9

        B.      Sisvel's ███████████████████████████ Are Relevant ......................... 10

V.      Wilus MIL No. 5: No Evidence or Argument Regarding Wilus's
        ████████████████████████████████ and/or Any Alleged Refusal
        of Wilus to Meet with Samsung Without Its Lawyers or Its Licensing
        Manager ................................................................................................................ 11

        A.      Wilus's ███████████████████████████
                ████ Is Not Protected by Rule 408 ..................................................... 11

        B.      Wilus Mischaracterizes the Record in Seeking to Exclude
                Testimony and Argument that ███████████████████████
                ███████████████ ..................................................................... 13

████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alacritech Inv. v. CenturyLink, Inc.*,
  No. 2:16-cv-00693, 2023 WL 6798974 (E.D. Tex. Oct. 1, 2023)..............................................1

*aPriori Techs., Inc. v. Broquard*,
  No. LA cv16-09561, 2017 WL 2999027 (C.D. Cal. June 1, 2017)........................................11

*E.E.O.C. v. McDonnell Douglas Corp.*,
  948 F. Supp. 54 (E.D. Mo. 1996)...........................................................................................14

*Ericsson, Inc. v. Apple Inc.*,
  No. 2:21-cv-00376, Dkt. 291 (E.D. Tex. Nov. 29, 2022)........................................................13

*In re Ethicon, Inc.*,
  64 F.3d 671 (Fed. Cir. 1995).....................................................................................................6

*F.D.I.C. v. Wheat*,
  970 F.2d 124 (5th Cir. 1992) .....................................................................................................6

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
  705 F. 3d 518 (5th Cir. 2013) ..................................................................................................15

*G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.*,
  No. 2:22-cv-00078, 2024 WL 1604642 (E.D. Tex. Apr. 12, 2024) ........................................12

*G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.*,
  No. 2:22-cv-00078, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) .................................9, 13, 15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016)......................................................................................................................4

*Hancock v. Chicago Title Ins. Co.*,
  No. 3-07-cv-1441-D, 2009 WL 10664165 (N.D. Tex. Apr. 29, 2009)....................................14

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  12 F.4th 476 (Fed. Cir. 2021) ..................................................................................................13

*Microsoft Corp. v. Motorola, Inc.*,
  795 F.3d 1024 (9th Cir. 2015) ..................................................................................................12

*St. Jude Med., Inc. v. Access Closure, Inc.*,
  No. 08-CV-4101, 2010 WL 4880806 (W.D. Ark. Nov. 23, 2010)............................................6

*SynQor, Inc. v. Vicor Corp.*,
No. 2:14-cv-00287, 2022 WL 7219272 (E.D. Tex. Oct. 7, 2022) .............................................1

*U.S. v. Villanueva-Diaz*,
634 F.3d 844 (5th Cir. 2011) ...............................................................................................14

*WBIP, LLC v. Kohler Co*,
829 F.3d 1317 (Fed. Cir. 2016)......................................................................................3, 4, 6

**Statutes**

35 U.S.C. § 298............................................................................................................................1

**Other Authorities**

Fed. R. Evid. 408 ..................................................................................................11, 12, 13

████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | Excerpts from the deposition of ███████ taken on December 19, 2025 |
| 2 | Excerpts from the deposition of ███████ taken on December 17, 2025 |
| 3 | Email from Ralph Phillips to Mackenzie Paladino dated December 12, 2025 |
| 4 | Excerpts from Samsung Defendants' Objections and Responses to Plaintiff's Amended Notice of Deposition Pursuant to Rule 30(b)(6) |
| 5 | Excerpts from the deposition of ██████ taken on December 18, 2025 |
| 6 | IEEE ByLaws 2015 (NIKOLICH_0000696-NIKOLICH_0000718) |
| 7 | Excerpts from the Rebuttal Report of Pual Nikolich, dated February 13, 2026 |
| 8 | Wilus' Letter of Assurance, dated December 27, 2022 (WILUS_0030059-WILUS_0030062) |
| 9 | Excerpts from U.S. Patent No. 10,911,186 |
| 10 | Excerpts from Wi-Fi License Agreement (SAMSUNG_WILUS_00068962-SAMSUNG_WILUS_00068999) |
| 11 | Excerpts from Wi-Fi License Agreement (SAMSUNG_WILUS_00069197-SAMSUNG_WILUS_00069209) |
| 12 | Excerpts from the Expert Report of M. Ray Perryman dated January 22, 2026 |
| 13 | Excerpts from the Rebuttal Expert Report of M. Ray Perryman dated, dated February 13, 2026 |
| 14 | Sisvel WiFi 6 Licensing: Next-Gen Connectivity |
| 15 | Excerpts from Expert Declaration of Gustav Brismark, dated January 22, 2026 |
| 16 | Excerpts from ██████████████████████████ (SAMSUNG_WILUS_00184756-SAMSUNG_WILUS_00184791) |
| 17 | Excerpts from the deposition of David Muus taken on December 17, 2026 |
| 18 | Excerpts from the Corrected Opening Expert Report of David Djavaherian, dated January 27, 2026 |
| 19 | Excerpts from the Reply Expert Report of David Djavaherian, dated February 13, 2026 |
| 20 | Patent License and Transfer Agreement (SAMSUNG_WILUS_00097040-SAMSUNG_WILUS_00097071) |
| 21 | Email from Jacob Buczko to Matthew Mosteller dated April 3, 2026 |
| 22 | Wilus WiFi 6 Portfolio dated September 12, 2024 (SAMSUNG_WILUS_00067639-SAMSUNG_WILUS_00067646) |
| 23 | Excerpts from the Rebuttal Expert Declaration of Gustav Brismark, dated February 13, 2026 |
| 24 | Wi-Fi 6 Patent Pool and Bilateral Patent Licensing Agreement Payment Reports (SISVEL_SUBPOENA_0002056-SISVEL_SUBPOENA_0002057 and SISVEL_SUBPOENA_0002069-SISVEL_SUBPOENA_0002070) |
| 25 | Email (SAMSUNG_WILUS_00099608-SAMSUNG_WILUS_00099610) |

█████████████████████

| | |
|---|---|
| 26 | Claim Chart (SAMSUNG_WILUS_00099611-SAMSUNG_WILUS_00099619) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Asserted Patents | U.S. Patent Nos. 10,313,077; 10,687,281; 11,116,035; 11,129,163; 11,159,210; 11,470,595; 11,516,879; and 11,700,597 |
| MIL | Motion *In Limine* |
| Mot. | Plaintiff Wilus Institute of Standards and Technology Inc.'s Motions *In Limine* Against Samsung (Dkt. 433) |
| RAND | Reasonable and Non-Discriminatory |
| -746 Case | *Wilus Institute of Standards and Technology Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:24-cv-00746-JRG-RSP |
| SKT | SK Telecom Co., Ltd. |
| | |
| | |
| | |
| | |

I.   **Wilus MIL No. 1: Exclude Evidence and Argument of Any Samsung Investigation or Opinion of Counsel or that Samsung Relied on any Alleged Belief of Noninfringement, Invalidity or Unenforceability.**

The Court should deny Wilus's attempt to exclude evidence of Samsung's good-faith beliefs in noninfringement, invalidity, and unenforceability. Wilus's P.L.R. 3-7 argument is a red herring: Samsung chose not to present an opinion-of-counsel defense, but this election does not bar it from offering testimony on noninfringement, invalidity, and unenforceability beliefs. Dkt. 433 (Mot.) at 1-2. Wilus's assertion that Samsung "refused to provide testimony during discovery" on noninfringement or invalidity beliefs, *Id*. at 2, misrepresents the evidentiary record.

*Samsung's Election Not to Present an Opinion-of-Counsel Defense Does Not Bar Evidence of Its Beliefs Regarding Noninfringement, Invalidity, and Unenforceability.* Samsung does not intend to rely on a P.L.R. 3-7 "opinion of counsel" defense at trial. However, lack of an "opinion of counsel" defense does not preclude Samsung from providing evidence of its beliefs regarding noninfringement, invalidity, and unenforceability of the Asserted Patents. *See SynQor, Inc. v. Vicor Corp.*, No. 2:14-cv-00287, 2022 WL 7219272, at *1-2 (E.D. Tex. Oct. 7, 2022) (precluding any "opinion of counsel" defenses by defendant but allowing evidence regarding reasons for defendant's noninfringement beliefs).[1] Samsung's witnesses may testify about any "actions [Samsung] took upon learning of these patents, and how and why [Samsung] formed its alleged good faith belief that the patents were not infringed" or were invalid or unenforceable. *Id*. at *2. For example, such testimony may include ███████████████ ███████████████████████████████████████████████████████. *See,*

---

[1] Samsung's election not to present an opinion-of-counsel defense carries an important statutory consequence: under 35 U.S.C. § 298, Wilus is precluded from using "the absence of an opinion of counsel as affirmative evidence of [Samsung's] willful or indirect infringement." *Alacritech Inv. v. CenturyLink, Inc.*, No. 2:16-cv-00693, 2023 WL 6798974, at *4-5 (E.D. Tex. Oct. 1, 2023) (citing 35 U.S.C. § 298). To the extent Wilus intends to argue otherwise at trial, such argument would be improper as a matter of law.

1

████████████████████████████

*e.g.*, Dkt. 273-20; Dkt. 273-21 at 100306-100319 ('163 patent), 100266-100282 ('077 patent).

***The Discovery Record Refutes Wilus's Claim That Samsung "Refused" to Provide Testimony Regarding Its Beliefs.*** Wilus references Samsung's responses to 30(b)(6) topics 43 and 52, arguing that Samsung refused "to provide testimony during discovery on Samsung's noninfringement or invalidity beliefs." Mot. at 2 (citing Dkt. 433-9 at 72-74, 86-87). None of Wilus's cited evidence shows such a "refusal." Indeed, Samsung designated fact witnesses to address these topics and discuss "non-privileged, non-work product facts." Ex. 4 at 72-74, 86-87. And as is common practice, Samsung clarified that its fact witnesses would not give legal arguments or expert opinions on infringement or invalidity. *See id*.

Wilus also mischaracterizes the testimony of Samsung's 30(b)(6) witnesses to argue that Samsung never provided evidence regarding noninfringement and invalidity. Mot. at 2 (citing Dkt. 433-1, Dkt.433-2). In fact, Samsung's witness ████████████ testified that he believes the Accused Products do not infringe at least because ████████████████████ ████████████████ Ex. 1 at 60:2-9; *see also id*. at 62:5-25, 63:1-14; 132:14-24. Wilus then chose ***not*** to ask Dr. Jeon ***any*** questions about Samsung's ████████████ ████████████████████████████ ████████████████████ *Id.* at 132:14-134:25. Similarly, rather than asking Samsung's witness ████████████ about the operation of the Accused Products—a topic for which he was designated and which pertains to noninfringement—Wilus opted to question ███ ███ about his ***personal opinions*** concerning infringement. *See* Ex. 2 at 109:21-24, 110:2-5. Wilus also failed to ask ████████ about Samsung's pre-suit or post-suit beliefs as to noninfringement of the Asserted Patents. It is apparent that Wilus ***purposefully avoided any truly factual inquiry*** into Samsung's evidence of noninfringement, and now attempts to blame Samsung for its own

2

███████████████████████████████████

calculated strategy.  Finally, neither ████████ nor ████████ were even designated on topic 52 regarding invalidity of the Asserted Patents, so Wilus's reference to their testimony with respect to Samsung's invalidity contentions or beliefs is completely misplaced.  Ex. 3.

Further, ████████████, a member of Samsung's licensing department, was designated on deposition topics relevant to Samsung's beliefs as to noninfringement and invalidity of the Asserted Patents.[2]  Wilus questioned ████████ about ██████████████████████████ ████████████████████████████████.  *See* Ex. 5 at 40:25-41:6, 43:2-44:23, 50:23-51:4, 78:9-22.  ████████ testified that her licensing team is ████████ ████████████████, and that Samsung has a ████████████████████████████████ ███████████████████████████████.  *See id*. at 18:6-19:14, 43:2-19.  Wilus's decision not to question ████████ further about Samsung's pre-suit noninfringement and invalidity beliefs does not prevent Samsung from presenting evidence of those beliefs at trial.  *See* Dkt. 273-20; Dkt. 273-21 at 100306-100319 ('163 patent), 100266-100282 ('077 patent).

Lastly, the Court should deny Wilus's request to exclude evidence of Samsung's "litigation-inspired" noninfringement, invalidity, and unenforceability beliefs as part of its defense to willful infringement.  Mot. at 1 n.1, 2.  Wilus's reliance on *WBIP, LLC v. Kohler Co,* 829 F.3d 1317, 1341 (Fed. Cir. 2016), is inapposite.  Here, Samsung contends it did ***not*** have a pre-suit knowledge of infringement to support a willfulness finding.  *See* Dkt. 273 at 9-12; Dkt. 377 at 3-4.  This particular issue was not raised by the defendant in *WBIP*, and the Court there found the defendant had requisite pre-suit knowledge of the patent at issue to support willfulness.  *See WBIP*,

---

[2] Those topics concerned "when [Samsung] first became aware of each of the patents-in-suit … including any relevant actions taken thereafter" and "[a]ny communication or other interaction between [Samsung and Sisvel] … prior to the filing of the Complaint."  Ex. 4 at 64-65, 68-69; Ex. 3.

829 F.3d at 1339-42.  Because Samsung contends it did not have sufficient pre-suit knowledge of infringement to support willfulness, it should be permitted to discuss any actions it took after Wilus filed its Complaint—including analyzing noninfringement, invalidity, and unenforceability—as part of its defense to willful infringement.  *See, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 94 (2016) ("Culpability … is generally measured against the actor's knowledge at the time of the challenged conduct").

## II.   Wilus MIL No. 2: Exclude Evidence and Argument Regarding Wilus Allegedly Failing to Timely Disclose Potentially Essential Patent Claims to the IEEE and Any Other Allegations that Pertain Only to Equitable Claims

Wilus's lack of compliance with IEEE's disclosure obligations is relevant to Samsung's rebuttal of Wilus's willful infringement claims, and Wilus's argument to the contrary fails.

*First*, Wilus's own briefing undermines its argument that its "willfulness allegations are based on [the alleged] ███████████████████████████ such that all predating evidence is irrelevant.  Mot. at 4.  In opposing Samsung's motion for summary judgment of no willfulness, Wilus relied on testimony that ██████████████████████████ ████████ as alleged "*evidence show[ing] that Samsung knows all about 802.11ax and refu[ting] [Samsung's] attempt to disavow that knowledge for willfulness*," Dkt. 431 at 3 (citing Ex. D at 65:24-66:7; 68:3-71:9); *see also* Dkt. 431 at 1 (arguing IEEE attendance constituted "evidence show[ing] Samsung knows all about 802.11ax and Wilus's technology and supports willfulness"). Having relied on Samsung's IEEE conduct to allege knowledge and willfulness, Wilus cannot now argue that Wilus's IEEE conduct before the alleged actual notice is categorically irrelevant to those same issues.  Indeed, Wilus's failure to disclose the Asserted Patents during those same IEEE proceedings is highly probative of (1) Samsung's knowledge of the Asserted Patents and their subject matter, and (2) the Asserted Patents' essentiality to 802.11 and 802.11ax. That is, Wilus's failure to disclose its patents to the IEEE is probative of whether Samsung could

4

reasonably have believed that its implementation of Wi-Fi 6 implicated any Wilus patents at all.

**Second**, Wilus fails to reckon with the IEEE Policy's requirement to disclose not only issued U.S. patents, but also to **pending, non-US** patent applications.  *See* Ex. 6 (requiring disclosure of "**any** Patent Claims that . . . might be or **become** Essential Patent Claims" and defining "Patent Claims" as "one or more claims in . . . **pending** patent application"); Ex. 7 (Wilus's expert citing Ex. 6 and calling it "applicable policies").[3]  Here, the Asserted Patents claim priority to Korean patent applications filed as early as 2015.  *See, e.g.,* Ex. 9, code (30).  These Korean patent applications were pending throughout the 2015-2017 non-disclosure period.

**Third**, Wilus's nondisclosure bears on Samsung's understanding of the enforceability of the Asserted Patents, and thus, whether Samsung negotiated in good faith.  Wilus participated in the IEEE standard-setting process without disclosing potentially essential patent claims, despite policies requiring disclosure of patent claims that **might be or become essential**.  Ex. 6.  This conduct reasonably signaled to implementers such as Samsung that Wilus did not believe its patents to be essential and did not intend to assert patent rights against standard-compliant products—or, at a minimum, that any later-asserted patents would be subject to serious enforceability hurdles.  As a result, Wilus's nondisclosure informed Samsung's contemporaneous understanding of its legal exposure and its assessment of Wilus's later licensing demands.

Wilus asserts that Samsung's defenses of estoppel and waiver are "litigation-inspired" and therefore irrelevant to willfulness, citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016). Mot. at 5.  *WBIP* is distinguishable because its holding rested explicitly on the defendant's

---

[3] The nondisclosure period is not limited to 2015-2017 as Wilus suggests.  *See* Mot. 4-5.  Wilus did not submit its Letter of Assurance for IEEE 802.11 until December of 2022.  *See* Ex. 8.  Thus, the nondisclosure period is from when Wilus began filing Korean priority patent applications in 2015 and December 2022 when Wilus filed its letter of assurance for IEEE 802.11.

concession that its defense was first devised only after litigation began. *Id*. at 1340 ("[The defendant] does not dispute that its obviousness defense was created during litigation."). Wilus does not point to any such admission made by Samsung. Nor can it, given that no such admission exists. That Samsung raised unenforceability to Wilus only *after* Wilus filed complaints to enforce its patents against Samsung does not prove that Samsung lacked those concerns earlier.

*Fourth*, Samsung is not seeking to try the IEEE's disclosure policy as a standalone issue—the evidence will be introduced narrowly to show Samsung's knowledge, state of mind, and good-faith beliefs. Wilus's concern of "a large sidetrack into the complicated disclosure and LoA provisions and practice at IEEE" is, therefore, misplaced and unsupported. Dkt. 433 at 4. As to the "practice at IEEE," such issues are already central to other jury issues, such as invalidity based on the misjoinder of joint inventors. *See, e.g., In re Ethicon, Inc.*, 64 F.3d 671 (Fed. Cir. 1995) ("The parties do not dispute that Ethicon would be entitled to a jury trial on the inventorship issue if USSC had asserted an affirmative defense of invalidity based thereon."); *St. Jude Med., Inc. v. Access Closure, Inc.*, No. 08-CV-4101, 2010 WL 4880806, at *1-2 (W.D. Ark. Nov. 23, 2010) ("ACI asserted a merits defense of invalidity for failing to name Gruentzig as an inventor . . . . [G]iven the co-pendency of the invalidity defense, a jury should determine the facts regarding inventorship."). In fact, in response to Samsung's motion for summary judgment of invalidity for misjoinder of inventors, Wilus "submit[ted] [an expert] declaration to describe [the expert's] understanding of how technical discussions and proposal development typically occur within the IEEE 802 [LAN/MAN Standards Committee] LMSC standards process." Dkt. 332-1.

*Lastly*, "[t]he burden is upon [Wilus] to show reason why the evidence should be excluded." *F.D.I.C. v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992). Wilus has not argued—much less shown—that the probative value of Wilus's nondisclosure is *substantially* outweighed by any

6

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

danger of unfair prejudice or jury confusion.

### III.    Wilus MIL No. 3: Exclude Evidence or Argument Regarding Licenses No Expert Has Opined Are Comparable

Wilus's MIL No. 3 rests on an incorrect premise that Samsung's produced license agreements can be admissible only if they are supported by an economic comparability analysis and offered as evidence of reasonable royalty damages.  Mot. at 5-6.  But Samsung's licenses are independently admissible to establish licensing context, illuminate negotiation conduct, and evidence good faith—regardless of whether they are offered as reasonable royalty comparables.

As an initial matter, Samsung understands that Wilus seeks to exclude only Samsung's produced licenses, not those produced by Sisvel or Wilus.  *Id.* at 5-7 ("Wilus does not seek to exclude evidence regarding Sisvel licenses").  However, several of the agreements that Sisvel seeks to exclude *are Sisvel licenses.*  Samsung's agreements with ▇▇▇▇▇▇▇▇▇ identified in Wilus's MIL, for example, are themselves Sisvel licenses, because ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇.  *Id.* at 6; Ex. 10 at -962; Ex. 11 at -209.

Wilus's MIL also does not seek to preclude Samsung's damages expert, Dr. Perryman, from providing his opinions based on the ▇▇▇▇▇▇▇▇ agreement and Sisvel's agreements with ▇▇▇▇▇▇▇▇.  Ex. 12 at ¶¶ 136-165.[4]  Wilus's reliance on *Adasa Inc. v. Avery Dennison Corp.* is, therefore, misplaced.  Mot. at 6.  *Adasa* addresses the burden on a party proffering a license as substantive evidence of a reasonable royalty.  55 F.4th 900, 915 (Fed. Cir. 2022).  Other than the ▇▇▇▇▇ agreement, Samsung's licenses are not advanced as reasonable royalty benchmarks, and accordingly fall outside *Adasa*'s holding.

Thus, Wilus's proposed exclusion appears aimed solely at creating a one-sided advantage,

---

[4] Wilus's claim that "both Samsung and Wilus agree that the royalty in this case should be a running royalty" is false.  Mot. at 6.  Dr. Perryman opines that "the parties to the hypothetical negotiation would have agreed to a lump sum, fully paid-up royalty."  Ex. 13 at ¶¶ 48-50.

allowing Wilus to rely freely on its preferred licensing evidence, including the roughly ▮ other Sisvel Wi-Fi 6 licenses, while preventing Samsung from relying on its own relevant licenses to rebut Wilus's narrative that Samsung engaged in bad-faith "hold-out." *See* Ex. 14; Ex. 15 at ¶ 9.

Indeed, many of Samsung's remaining agreements bear directly on issues in this case, including whether Samsung has negotiated in good faith toward a license to the Wilus portfolio. For example, Samsung's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ evidences Samsung's willingness to license and professional, pragmatic approach to licensing. Ex. 16 at Ex. A; Ex. 17 at 106:17-109:6 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).[5] Similarly, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are relevant to Samsung and Sisvel's licensing history, as well as to Samsung's good-faith conduct in this case. Ex. 18 at ¶ 63; Ex. 19 at ¶ 65. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during the same period in which Wilus contends Samsung failed to "meaningfully engage in negotiations." Ex. 19 at ¶ 65. Samsung's agreement with ▮▮▮▮ likewise provides important context—showing that Samsung sought a license to the Wilus portfolio rather than a broader pool license because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 20; Ex. 14.

In sum, Samsung's produced agreements are relevant and non-prejudicial evidence of Samsung's real-world negotiation conduct, licensing practices, and commercial considerations. Their exclusion would prevent Samsung from rebutting an otherwise incomplete and misleading narrative that portrays Samsung as unwilling to license or acting outside industry norms.

---

[5] Samsung's other produced licenses similarly show Samsung's willingness to license patents relevant to Wi-Fi, and so should not be categorically excluded on the sole basis that they do not support a proposed damages award.

███████████████████████████████████████

**IV.    Wilus MIL No. 4: Exclude Evidence and Argument Regarding Any Sisvel Role In This Litigation Beyond Licensing Negotiations, And Regarding** ████████████ ██████████████████████

Wilus improperly moves to exclude two distinct categories of evidence and argument in MIL No. 4: (1) any Sisvel role in this litigation beyond licensing negotiations, and (2) ████████████ ████████████████████████████. *See*, *e.g.,* Ex. 21 (proposing the categories as separate MILs).

Wilus attempts to exclude both categories under the guise of Court MIL No. 12.  While Samsung agrees it may not introduce evidence, testimony, or argument regarding ████████████ ██████████████, Wilus improperly seeks to broaden the exclusion to cover Sisvel's role in ████████████████████████████ and █████████████████████████████ ████. Mot. at 7.  Like Sisvel's negotiations with Samsung, which Wilus admits are relevant and non-prejudicial, ██████████████████████████████████████████████ ██████ ████████████████████████ are relevant to issues for the jury and should be permitted.

**A.    Sisvel's Role in This Litigation Is Relevant and Non-Prejudicial**

Sisvel's role ████████████████████████████ is relevant to the "totality of the circumstances" considered in determining whether Wilus/Sisvel complied with their RAND obligations.  *G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.*, No. 2:22-cv-00078, 2024 WL 233222, at *2 (E.D. Tex. Jan. 22, 2024).  Much of Sisvel's negotiation conduct in this case ████ ██████████████████████████████.  For example, ████████████████████ ███████████████████████, and Sisvel then ████████████████████████████ █████████████████████████████, both of which evidence Wilus's bad faith.  *See* -746 Case, Dkt. 1; Ex. 22; Dkt. 433-8 at 1 ████████████████████████████ ████████████████████████████████████████████.

While Wilus contends that ████████████████████████████ ██████████████████████████████████████████████

9

██████████████████████████████

███████████ Mot. at 7, Samsung never presented that argument, and both sides' experts acknowledge the appropriateness of ████████████████████████████. Ex. 23 at ¶ 94 ("Wilus … has appropriately elected to engage Sisvel as a licensing manager."); Ex. 19 at ¶ 88.  The probative value of Sisvel's role in ████████████████████ far outweighs any potential prejudice, and excluding it risks misleading the jury into incorrectly believing that Sisvel's negotiations and Wilus's litigation are wholly unrelated.

**B.    Sisvel's ██████████████████████ Are Relevant**

Wilus's own briefing demonstrates that Sisvel's ████████████████████ are relevant to damages and to whether Sisvel's licensing offers were RAND.

First, the ████████████████████████████████. *See* Dkt. 433-6; *see, e.g.,* Ex. 24.  By contrast, the █████████████████████ ███████████████████████████████████████ ████████████████████████ Mot. at 7-8.  It is therefore not the case that those ████████████████████ as Wilus claims.  *Id.* at 8.  Rather, the ████████████ ████████████████████ relied on by Dr. Perryman are for ████████████ ████████████████████ thereby rendering Dr. Perryman's opinions conservative.

Second, the ████████████████████████████████ ███████████████████████████.  *See* Dkt. 433-6 at 1 (████████████ ██████████████ ██████████████ ███████████████).  While Wilus argues those ███████████████████████████████████████ █████████████████████████[6] they are nevertheless relevant to showing Wilus's

---

[6] Wilus's MIL suggests that the ████████████████████ ███████████████████████, yet "Wilus does not seek to exclude evidence regarding Sisvel licenses."  Mot. at 7.  Wilus cannot seek to selectively exclude probative evidence on that basis.

licensing offers and alleged reasonable royalty damages in this case ██████████ ████████████████████████ Mot. at 7; *see* Ex. 17 at 319:3-321:17.

Thus, the evidence Wilus seeks to exclude under MIL No. 4 is relevant, non-prejudicial, and necessary to present an accurate picture of the parties' licensing negotiations and competing damages positions.  Wilus should not be permitted to expand Court MIL No. 12 to exclude this evidence under the guise of "litigation funding."

**V.    Wilus MIL No. 5: No Evidence or Argument Regarding Wilus's ██████████ ██████████████ and/or Any Alleged Refusal of Wilus to Meet with Samsung Without Its Lawyers or Its Licensing Manager**

Wilus's MIL No. 5 mischaracterizes the record in an attempt to exclude relevant and non-prejudicial evidence bearing on issues the jury will be asked to decide.[7]

**A.    Wilus's ███████████████████████████████ Is Not Protected by Rule 408**

Wilus mischaracterizes Rule 408 and its ████████████ in seeking to exclude highly relevant evidence of Wilus/Sisvel's conduct during in the course of licensing negotiations with Samsung.  Mot. at 8-9.

Rule 408 prevents the use of settlement communications to establish liability for "the claim" a party is attempting to settle.  Fed. R. Evid. 408(a)(1)-(2).  It has nothing to do with claims that arise ***out of*** the communications.  *See*, *e.g.*, *aPriori Techs., Inc. v. Broquard*, No. LA cv16-09561, 2017 WL 2999027, at *2 (C.D. Cal. June 1, 2017) ("Rule 408 would not preclude their admission in a later claim for extortion … 'because any alleged settlement communications made by the Gilliams are not being introduced by Monex to prove that the Gilliams are liable for the same claims that were the subject of the settlement communications.'").  The Court affirmed this distinction just recently in the RAND context, finding that "Licensing Offers may be presented …

---

[7] Wilus's MIL No. 5 again targets multiple distinct issues, which Samsung addresses separately.

████████████████████████████████

to show the practice in the industry in FRAND license negotiations, including the specific practices of the parties." *G+ Commc'ns, LLC v. Samsung Elecs. Co. Ltd.*, No. 2:22-cv-00078, 2024 WL 1604642, at *2 (E.D. Tex. Apr. 12, 2024); *see also Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1054-1055 (9th Cir. 2015) (allowing testimony showing a party "was aware its actions were contrary to 'custom and practice in the industry'" over a Rule 408 objection in a standards case).

Here, Wilus/Sisvel's conduct during negotiations created new liability for breach of contract and RAND, and the ████████████████ is precisely the type of evidence this Court has permitted in similar circumstances to show that Wilus/Sisvel's conduct was inconsistent with RAND principles. Indeed, Wilus acknowledges that it expects Samsung to rely on the ████████ ████████ as evidence that Wilus ████████ ████████████████████ ████████████████████████" Mot. at 8; Dkt. 433-8 at 2. That is unlike *Wireless Alliance, LLC v. AT&T Mobility LLC*, cited by Wilus, in which the Court excluded self-proclaimed "settlement" communications improperly used to "prov[e] the amount of a 'disputed claim,' by 'offering to accept a valuable consideration in compromising or attempting to compromise the claim.'" No. 2:23-cv-00095, 2024 WL 4633386, at *3 (E.D. Tex. Oct. 30, 2024) (quoting Fed. R. Evid. 408); Mot. at 9. The letter is likewise relevant to rebutting Wilus's position that Samsung has "unduly delay[ed]" in taking a license to the Wilus portfolio—an exception to Rule 408—by showing Sisvel's own actions have delayed negotiations. Fed. R. Evid. 408(b); Dkt. 263 at 15 (alleging that "Samsung and Askey's bad faith and unreasonable delay have forced Wilus [to litigate]").

The Court should also reject Wilus's attempt to exclude the ████████████████ by distinguishing between "pre-suit" and "post-suit portfolio licensing offers." Mot. at 8. Wilus/Sisvel's ████████████████ is merely its latest step in the licensing negotiations with Samsung ████████████████████. *Id*. Indeed, ████████████████████████████

12

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Dkt. 433-8 at 1-2 (emphasis added).  Thus, Wilus/Sisvel's ███████████

████████████████████████████████████████████████████████

████—and forms part of the "totality of the circumstances" that must be assessed when evaluating RAND conduct.  *G+ Commc'ns*, 2024 WL 233222, at \*2; *see also* Dkt. 337 at 14-15; Dkt. 417 at 5; *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 483 (Fed. Cir. 2021) ("Whether or not a license is FRAND will depend upon the totality of the particular facts and circumstances existing during the negotiations and leading up to the license"); *Ericsson, Inc. v. Apple Inc.*, No. 2:21-cv-00376, Dkt. 291 at 2-3 (E.D. Tex. Nov. 29, 2022).

Wilus/Sisvel's ██████████████████ do not automatically make the correspondence inadmissible.  *See Wireless Alliance*, 2024 WL 4633386, at \*3 (directing counsel to approach the bench and obtain leave before showing "any correspondence marked with [a Rule 408] notice" to the jury).  Wilus/Sisvel ████████████████████ ██████████████████

██████████████ ██████████████████████████

██████ ████████████████████████ ████████. Ex. 25 at 1 (attaching, *e.g.*, Ex. 26).

The Court should, therefore, deny Wilus's MIL No. 5 as to its ██████████████ to Samsung, including as to the ████████████████████████

████████████████  To the extent the Court views references in the ████████████

████████████████████ as improper, those can be redacted.  Mot. at 9.

**B.**    **Wilus Mischaracterizes the Record in Seeking to Exclude Testimony and Argument that ████████████████████████**

Wilus's MIL No. 5 also should be denied as to ████████████████████

13

██████. Wilus's asserted grounds for excluding those communications find no support in the record, and its own narrative relies solely on impermissible hearsay channeled through its experts.

As an initial matter, Wilus incorrectly argues that Samsung itself—not its lawyers—violated professional rules of conduct ████████████████████████████████████. Mot. at 9-10 (citing "***Samsung's*** attempt to contact Mr. Kwak ***directly*** … is clearly in violation of this Rule.") (emphasis added). The Rules are clear, however, that the prohibition on contacting represented parties is limited to ***lawyers***, not ***parties***. Indeed, the Texas Disciplinary Rules of Professional Conduct expressly state that Rule 4.02 "does not, however, prohibit communication between a lawyer's ***client*** and ***persons***, organizations, or entities of government represented by counsel." Tex. Disciplinary Rules Prof. Conduct R. 4.02, Comment 2; *see E.E.O.C. v. McDonnell Douglas Corp.*, 948 F. Supp. 54, 55 (E.D. Mo. 1996) ("[S]ince … the direct communications were initiated by the Defendant, and not by its attorneys, the Court concludes that these communications are permissible under the rules of professional conduct."); *see also U.S. v. Villanueva-Diaz*, 634 F.3d 844, 851 (5th Cir. 2011) ("***attorneys*** are generally prohibited by ethical rules from contact with the opposing party if represented by counsel") (emphasis added); *Hancock v. Chicago Title Ins. Co.*, No. 3-07-cv-1441-D, 2009 WL 10664165, at *2 (N.D. Tex. Apr. 29, 2009) (the "rules' 'no contact' prohibitions are designed to protect represented parties from the overreaching tactics of ***opposing attorneys***") (emphasis added). Samsung's counsel in this matter never attempted to contact Mr. Kwak directly, nor anyone else affiliated with Wilus or Sisvel, and Wilus makes no such allegation. Mot. at 9-10. Thus, Rule 4.02 does not apply.[8]

The version of events presented by Wilus also lacks any factual support in the record.

---

[8] Samsung's 30(b)(6) witness also confirmed that they are not a lawyer. Ex. 5 at 18:19-20.

14

██████████████████████████████

Indeed, while Wilus claims that the "record reflects that Mr. Kwak did not refuse to engage in [post-suit] licensing discussions," its MIL fails to cite *any* support in the record. *Id.* at 10. What evidence there is tells a different story. ████████████, Mr. Kwak ███████████████ ████████████████████████████ *See* Ex. 5 at 36:9-16, 186:15-187:13. ████████████ ██, Samsung ███████████████████████████

████████████████████████████████████████

████████████████████████████████. The only support for Wilus's competing version of this exchange comes not from any testimony or evidence in this case, but from Wilus's *expert*, Mr. Brismark, who was not involved in the negotiations and merely attempts to parrot hearsay into the record based on an alleged discussion with Mr. Kwak. Ex. 15 at ¶ 146 n.69. Even if Mr. Brismark's account were accurate, it would be inadmissible. *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F. 3d 518, 524 (5th Cir. 2013) (an expert cannot "become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his own opinion").

████████████████████ is a relevant and non-prejudicial fact bearing on the jury's determination of whether Wilus/Sisvel acted in bad faith in the course of negotiations with Samsung. It is also relevant to rebutting Wilus's allegation ████████████████████ ████████████████████. Ex. 5 at 188:25-189:21; *see also id.* at 73:14-75:9. ████ ████████████████████████████████forms part of the "totality of the circumstances" to be weighed by the jury in evaluating Wilus's RAND conduct, and is not precluded by professional rules that do not apply to the parties of a litigation. *G+ Commc'ns*, 2024 WL 233222, at *2 (E.D. Tex. Jan. 22, 2024).

██████████████████████████████

Dated: April 20, 2026

Respectfully submitted,

/s/ Ralph A. Phillips
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

16

████████████████████████████

Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005
Facsimile: 404-892-5002

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

Jon B. Hyland

17

███████████████████████████████████

jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

███████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 20, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*

███████████████████████

████████████████████████████

███████████████

███████████