# Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br> Defendant. | Civil Case No. 2:24-cv-00764-JRG <br> [Member Case] |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:24-cv-00765-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG [Member Case] |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP [Member Case] |

## SAMSUNG DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

Pursuant to Federal Rules of Civil Procedure 26 and 30, Defendants Samsung Electronics

Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung" or

1

**TOPIC NO. 37:**

The facts and circumstances surrounding when you first became aware of each of the patents-in-suit and/or named inventors, including any relevant actions taken thereafter, including any discussion with prior art inventors.

**RESPONSE TO TOPIC NO. 37:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as overly broad and unduly burdensome, particularly in its use of the phrases "each" and "any." Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "facts and circumstances surrounding when," "first became aware," "each of the patents-in-suit and/or named inventors," "relevant actions taken thereafter," and "discussion with prior art inventors." Samsung further objects to this Topic to the extent that it seeks information subject to an obligation to any third party not to disclose. Samsung further objects to this Topic as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Samsung further objects to this Topic to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Samsung further objects to this Topic as failing to provide a reasonable time period for information sought, in particular Samsung objects to this Topic seeking information for Samsung products beyond six years prior to the filing of the Complaint in this action. Samsung also objects to this

64

Topic to the extent it seeks information outside of Samsung's possession, custody, or control. Samsung objects to this Topic to the extent that it seeks publicly available information that is as readily available to Plaintiff as it is to Samsung; to the extent it seeks information that is already in Plaintiff's possession, custody, or control and/or to the extent the requested information can be obtained from third parties in a less burdensome manner. Samsung further objects to this Topic to the extent it prematurely seeks the disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the scheduling order in this case. Samsung further objects to this Topic to the extent it calls for legal conclusion.

Subject to these specific objections and the above General Objections, Samsung is willing to meet and confer with Plaintiff regarding this Topic.

**TOPIC NO. 38:**

Any design-arounds or non-infringing alternatives for the Accused Products that You intend to raise in this action, including the cost to implement such design-arounds or non-infringing alternatives, and the advantages and/or disadvantages of the design-around or non-infringing alternatives to the Accused Products from the time You began selling the Accused Products to present, including any study or analysis of cost, benefit/disadvantage, and availability as well as the reasons why You did not implement and/or have not implemented such alternative.

**RESPONSE TO TOPIC NO. 38:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as overly broad and unduly burdensome, particularly in its use of the phrase "any." Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "design-arounds,"

Samsung objects to this Topic to the extent it seeks information that is already in Plaintiff's possession, custody, or control. Samsung further objects to this Topic to the extent it is duplicative of Topic No. 44.

Subject to these specific objections and the above General Objections, Samsung will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 40:**

Any communication or other interaction between you, on the one hand, and Wilus, on the other, including any negotiations prior to the filing of the Complaint.

**RESPONSE TO TOPIC NO. 40:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as overly broad and unduly burdensome, particularly in its use of the phrase "any." Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "communication," "interaction," "between you, on the one hand, and Wilus, on the other," and "negotiations prior to the filing of the Complaint." Samsung further objects to this Topic to the extent that it seeks information subject to an obligation to any third party not to disclose. Samsung further objects to this Topic as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Samsung further objects to this Topic to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common

68

interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Samsung further objects to this Topic as failing to provide a reasonable time period for information sought, in particular Samsung objects to this Topic seeking information for Samsung products beyond six years prior to the filing of the Complaint in this action. Samsung also objects to this Topic to the extent it seeks information outside of Samsung's possession, custody, or control. Samsung objects to this Topic to the extent that it seeks publicly available information that is as readily available to Plaintiff as it is to Samsung; to the extent it seeks information that is already in Plaintiff's possession, custody, or control and/or to the extent the requested information can be obtained from third parties in a less burdensome manner. Samsung further objects to this Topic to the extent it prematurely seeks the disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the scheduling order in this case. Samsung further objects to this Topic to the extent it is duplicative of Topic No(s). 14, 31, 35, 36, 41, and 89.

Subject to these specific objections and the above General Objections, Samsung will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 41:**

Any contentions You have, and the bases therefore, that any Source Code file or portion thereof for which printouts are provided to Plaintiff (excluding any alleged prior art source code) is non-infringing or otherwise non-practicing because it is not compiled, executed, run, enabled, operable, or activated.

**RESPONSE TO TOPIC NO. 41:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung

69

others," "prior failure by others," "licensing by others," and "unexpected results."  Samsung further objects to this Topic as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business.  Samsung further objects to this Topic to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.  Samsung further objects to this Topic as failing to provide a reasonable time period for information sought, in particular Samsung objects to this Topic seeking information for Samsung products beyond six years prior to the filing of the Complaint in this action.  Samsung also objects to this Topic to the extent it seeks information outside of Samsung's possession, custody, or control.  Samsung objects to this Topic to the extent that it seeks publicly available information that is as readily available to Plaintiff as it is to Samsung; to the extent it seeks information that is already in Plaintiff's possession, custody, or control and/or to the extent the requested information can be obtained from third parties in a less burdensome manner.  Samsung further objects to this Topic to the extent it prematurely seeks the disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the scheduling order in this case.

Subject to these specific objections and the above General Objections, Samsung is willing to meet and confer with Plaintiff regarding this Topic.

**TOPIC NO. 43:**

The complete factual basis for each Affirmative Defenses and Counterclaim that You have raised or intend to raise in the course of this action, including detailed reasons for Your contentions and all documents identified by You as supporting Your contentions.

**RESPONSE TO TOPIC NO. 43:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as overly broad and unduly burdensome, particularly in its use of the phrases "complete factual basis," "detailed reasons," and "all." Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "complete factual basis," "Affirmative Defenses," "Counterclaim," "have raised or intend to raise in the course of this action," "detailed reasons," "contentions," and "documents identified by You as supporting Your contentions." Samsung further objects to this Topic to the extent that it seeks information subject to an obligation to any third party not to disclose. Samsung further objects to this Topic as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Samsung further objects to this Topic to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Samsung further objects to this Topic as failing to provide a reasonable time period for information sought, in particular Samsung objects to this Topic seeking information for Samsung products beyond six years prior to the filing of the Complaint in this action. Samsung also objects to this Topic to the extent it seeks information outside of Samsung's possession, custody, or control. Samsung objects to this Topic to the extent that it seeks publicly available information that is as

73

readily available to Plaintiff as it is to Samsung; to the extent it seeks information that is already in Plaintiff's possession, custody, or control and/or to the extent the requested information can be obtained from third parties in a less burdensome manner. Samsung further objects to this Topic to the extent it prematurely seeks the disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the scheduling order in this case. Samsung further objects to this Topic to the extent it calls for legal conclusion. Samsung further objects to this Topic to the extent it is duplicative of Topic No(s). 41, 51, 52, 57, 58, 82, 83, and 87.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate a witness to testify as to any non-privileged, non-work product facts underlying its Affirmative Defenses and Counterclaims including, for example, operation of the Accused Products, pre-suit communications concerning the Asserted Patents, etc. Samsung will not testify as to issues which are properly the subject of legal argument and/or expert testimony, including issues of infringement, invalidity, etc.

**TOPIC NO. 44:**

The source, location, chain of custody, and authenticity of documents produced by you in this litigation.

**RESPONSE TO TOPIC NO. 44:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "source," "location," "chain of custody,"

74

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate a witness to testify as to any known non-privileged, non-work product facts regarding operation of the Accused Products, including the accused features. Samsung will not testify as to issues which are properly the subject of legal argument and/or expert testimony, such as the scope of the Asserted Patents, infringement, etc.

**TOPIC NO. 52:**

For any Prior Art reference you contend is relevant to the validity of any Asserted Patent, the factual basis for your assertion that the reference is qualified prior art that discloses any claim element or suggests a motivation to combine the references, including the factual basis for any assertions regarding the public availability of any alleged Prior Art products or systems.

**RESPONSE TO TOPIC NO. 52:**

In addition to and without limiting the foregoing General Objections, which are incorporated by references as though fully set forth herein, Samsung objects to this Topic as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Samsung further objects to this Topic as containing multiple subparts, making the Topic inherently ambiguous, confusing, and unduly burdensome. Samsung further objects to this Topic as overly broad and unduly burdensome, particularly in its use of the phrase "any." Samsung further objects to this Topic as vague and ambiguous as to the meaning of at least the phrases "Prior Art," "reference," "contend," "relevant," "validity," "Asserted Patent," "factual basis," "assertion[s]," "qualified prior art," "discloses," "claim element," "suggests," "motivation to combine" "public availability," "alleged Prior Art products or systems." Samsung further objects to this Topic to the extent that it seeks information subject to an obligation to any third party not to disclose. Samsung further objects to this Topic as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary

86

course of business.  Samsung further objects to this Topic to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.  Samsung further objects to this Topic as failing to provide a reasonable time period for information sought, in particular Samsung objects to this Topic seeking information for Samsung products beyond six years prior to the filing of the Complaint in this action.  Samsung also objects to this Topic to the extent it seeks information outside of Samsung's possession, custody, or control.  Samsung objects to this Topic to the extent that it seeks publicly available information that is as readily available to Plaintiff as it is to Samsung; to the extent it seeks information that is already in Plaintiff's possession, custody, or control and/or to the extent the requested information can be obtained from third parties in a less burdensome manner.  Samsung further objects to this Topic to the extent it prematurely seeks the disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the scheduling order in this case.  Samsung further objects to this Topic to the extent it calls for legal conclusion.  Samsung further objects to this Topic to the extent it is duplicative of Topic No(s). 43, 51, 57, 58, 82, 83, and 87.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate a witness to testify as to any known non-privileged, non-work product facts regarding prior art, including Samsung prior art products.  Samsung will not testify as to issues which are properly the subject of legal argument and/or expert testimony, such as invalidity of the Asserted Patents or legal public accessibility.

**TOPIC NO. 53:**

The quantity of each Accused Product and extent of use of each Accused Product or Relevant Component You have made, used, sold, offered for sale, or imported into the United States from six years prior to the filing of the complaint to present, the total dollar value sold or

87

Dated:  December 3, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman

146

CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300
Facsimile:  713-652-0109

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

Jon B. Hyland
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097
E-mail: jhyland@hilgerslaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

147

## CERTIFICATE OF SERVICE

This is to certify that on December 3, 2025, a true and correct copy of the foregoing instrument was served on Plaintiff via email per Paragraph 12(d) of the Discovery Order.

*/s/ Ralph A. Phillips*
Ralph A. Phillips