**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:24-cv-0752-JRG-RSP <br> **LEAD CASE** <br><br> Case No. 2:24-cv-00764-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP. and ASKEY INTERNATIONAL CORP., <br><br> Defendants. | Case No. 2:24-cv-00753-JRG-RSP <br> **Member Case** <br><br> Case No. 2:24-cv-00766-JRG-RSP <br> **Member Case** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:24-cv-00746-JRG-RSP <br> **Member Case** <br><br> Case No. 2:24-cv-00765-JRG-RSP <br> **Member Case** |

**ASKEY DEFENDANTS' OPPOSITION TO ACCESS ADVANCE'S MOTION FOR
LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF WILUS**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................................................1

II.     ARGUMENT.............................................................................................................1

       A.      Access Advance is an Interested Advocate, Not a Neutral Amicus Because, as a Company That Licenses SEP Patents, It Has an Economic Interest in Expanding Injunctive Relief..................................................1

       B.      Briefing on Wilus's Motion for Permanent Injunction is Closed and Access Advance's Motion for Leave Untimely.........................................................3

       C.      Access Advance's Brief Will Not Aid the Court, Because the Parties Have Already Fully Briefed the Issues ....................................................................4

III.    CONCLUSION..........................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Club v. FEMA*,
   2007 WL 3472851 (S.D. Tex. Nov. 14, 2007) ...........................................................................2

*Community Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*,
   54 F.Supp.2d 974 (E.D. Wash. 1999) ......................................................................................2

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*,
   149 F.R.D. 65 (D.N.J. 1993).....................................................................................................4

*Okechuku v. United States*,
   2019 WL 6497876 (N.D. Tex. Dec. 3, 2019) ...........................................................................4

*Trahan v. Long Beach Mortg. Co.*,
   No. 9:05-CV-29 (TH/KFG), 2006 WL 8440677 (E.D. Tex. Feb. 9, 2006).......................2, 3, 5

*United States v. Olis*,
   2008 WL 620520 (S.D. Tex. Mar. 3, 2008).........................................................................3, 4

*Ysleta Del Sur Pueblo v. El Paso Cnty. Water Improvement Dist. No. 1*,
   222 F.3d 208 (5th Cir. 2000) (per curiam)..........................................................................3, 4

**Other Authorities**

Fed. R. App. P. 29.....................................................................................................................3, 4

## I.    INTRODUCTION

The Court should deny Access Advance's belated motion for leave to file an *amicus curie* brief, because Access Advance has nothing new to contribute and is not a disinterested "friend of the court." Instead, Access Advance, self-identified as "an independent licensing administrator," has a financial and strategic interest in leveraging injunctions for its own gain. *See* Ex. 1 ("Access Advance Applauds Historic Preliminary Injunction in German HEVC Enforcement Action Against Roku"). Access Advance profits from licensing the technology of others and no doubt intends to use the Court's decision as a tool to gain leverage in licensing negotiations.

In addition to Access Advance's questionable motive, its motion for leave is untimely and fails to identify any meaningful assistance that Access Advance might provide the Court with the facts or law governing Wilus's injunction motion. Briefing on the permanent injunction motion has been complete since March and the parties had ample opportunity to address the issues. Wilus has an expert report devoted to licensing negotiations and holdout and submitted a declaration from its CEO in support of its motion. And Sisvel—Wilus's licensing agent—is involved in this litigation and had every opportunity to provide information based on the exact same perspective as Access Advance. Sisvel submitted no amicus brief.

Access Advance's partisan brief is untimely and unhelpful. The Court should deny Access Advance's motion for leave to submit an *amicus curiae* brief.

## II.    ARGUMENT

### A.    Access Advance is an Interested Advocate, Not a Neutral Amicus Because, as a Company That Licenses SEP Patents, It Has an Economic Interest in Expanding Injunctive Relief

Access Advance's purported *amicus curiae* brief is not a neutral submission intended to assist the Court, but rather a strategic filing by an interested entity advocating in favor of one party in order to lower the bar for injunctive relief for its own financial gain.

1

While appellate courts may tolerate partisan amicus briefs, district courts are far more circumspect, and some express "strong reservations about permitting the submission of amicus briefs that strongly favor one side over the other." *See Club v. FEMA*, 2007 WL 3472851, at *2 (S.D. Tex. Nov. 14, 2007)(denying motion for leave). "Historically, [an] amicus curiae is an impartial individual who … advises the Court in order that justice may be done, rather than to advocate a point of view so that a case may be won by one party or another." *Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29 (TH/KFG), 2006 WL 8440677, at *1, n.1 (E.D. Tex. Feb. 9, 2006) (quoting *Community Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999)).

In its motion for leave, Access Advance makes clear that its perspective and arguments are strongly and entirely in support of Wilus and that Access Advance is a partisan advocate. *Trahan,* 2006 WL 8440677, at *1, n.1 ("[w]hen an amicus curiae is perceived a partisan advocate for one of the parties to the litigation, leave to appear amicus should be denied."). Access Advance is a patent pool administrator, hired by patent licensors, that exists to engage in SEP licensing. As such, Access Advance argues in support of Wilus's motion and favors lowering injunction standards generally, as confirmed by its statements approving of the preliminary injunction against Roku (despite acknowledging that "the Munich court has not published the grounds for its judgment yet"). Ex. 1. Access Advance likely intends to use this Court's ruling on Wilus's motion as a threat in negotiations on behalf of Access Advance's clients.

Access Advance's pre-filing conduct further underscores its lack of neutrality. Counsel for Access Advance indicated that Sisvel knew of the intended amicus brief submission "about a month before" Access Advance asked Askey or Wilus whether the parties would oppose its motion for leave. Smyth Decl., ¶ 4. The details of the discussion/coordination between Access Advance

and Sisvel were not provided, nor did Access Advance disclose its discussions or coordination with Sisvel in its motion. Further, counsel for Wilus confirmed that "our clients do not oppose" the motion for leave to submit an amicus brief less than an hour after receiving Access Advance's email, despite that the local time in Korea (where Wilus is located) was 2:00 a.m. *See* Ex. 2.

Access Advance is not a dispassionate party seeking to help the court reach "a more correct (and perhaps even just) decision" (ECF No. 463, at 1), but instead an entity with a clear strategic and financial interest in the outcome of the permanent injunction motion seeking to use a ruling from this court as leverage in unrelated licensing negotiations. It is a friend of a party, not a friend of the Court, and the Court should deny the motion for leave accordingly.

**B.      Briefing on Wilus's Motion for Permanent Injunction is Closed and Access Advance's Motion for Leave Untimely**

In addition to being partisan, Access Advance's request for permission to submit an amicus brief is untimely and would prejudice Askey by unnecessarily multiplying the proceedings. "There is no general right of a non-party to be heard," and amicus status is appropriate only where the proposed filing is timely and useful to the Court. *Trahan*, 2006 WL 8440677, at \*1.

The Federal Rules of Appellate Procedure generally require the filing of amicus briefs so that "the opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." Fed. R. App. P. 29(a)(6); *see also United States v. Olis*, 2008 WL 620520, at \*8 (S.D. Tex. Mar. 3, 2008) (denying leave to file amicus brief that would be untimely under Federal Rule of Appellate Procedure 29). Such timing is required so that amicus briefs do not disrupt the orderly progression of the case or prejudice the parties. *See Ysleta Del Sur Pueblo v. El Paso Cnty. Water Improvement Dist. No. 1*, 222 F.3d 208, 209 (5th Cir. 2000) (per curiam) ("We find that Southwestern Bell's motion is untimely, that the issue Southwestern Bell seeks to address has been adequately briefed by the Pueblo and the District, and that granting

3

Southwestern Bell's motion would result in the needless delay of this case's disposition."). Where a request is untimely, a motion for leave may be denied even where delay is minimal and no prejudice is shown. *See id.*; *see also Okechuku v. United States*, 2019 WL 6497876, at *1 (N.D. Tex. Dec. 3, 2019) (affirming magistrate judge's order denying motion to file amicus brief out of time); *Olis*, 2008 WL 620520, at *8 (rejecting amicus brief as untimely).

Wilus filed its motion requesting entry of a permanent injunction on February 11, 2026 (ECF No. 228) and briefing concluded on March 18, 2026 (ECF No. 343). Under Federal Rule of Appellate Procedure 29, "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Access Advance did not approach the parties about its motion for leave until April 15, 2026, well after briefing was complete. Access Advance provides no explanation for its delay, which appears particularly unjustified given that Sisvel had long been aware that Access Advance was considering submitting the present request. Allowing the additional brief would force both Askey and the Court to revisit issues already fully briefed and would cause needless delay.

### C.    Access Advance's Brief Will Not Aid the Court, Because the Parties Have Already Fully Briefed the Issues

Access Advance argues that it believes the Court would benefit from its perspective on patent licensing and holdout, but the parties already had the opportunity to fully address those issues when briefing the permanent injunction motion. Sisvel itself—who is involved in the present litigation—chose not to submit any brief despite having sufficient time and opportunity to do so. The Court, therefore, should deny leave because "the parties are already adequately represented and participation of a potential *amicus curiae* … will not further aid in relevant issues." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (emphasis added);

4

*see also Trahan*, 2006 WL 8440677, at *1, n.1. Access Advance has no new or relevant perspective or information to provide; it has the same interests and policy objectives as Sisvel and Wilus.

Access Advance's motion does not attempt to explain why the Court should entertain additional briefing or "perspectives" that the parties themselves already had the opportunity to fully brief. Indeed, Wilus has an entire expert report by Mr. Gustav Brismark concerning licensing negotiations and holdout. Wilus submitted a declaration from its CEO with its permanent injunction request, attempting to support Wilus's claim to irreparable harm. ECF No. 228-4. And Sisvel—a patent pool licensing administrator similarly situated as Access Advance—is directly involved in this case and had every opportunity to provide its perspective on these issues.

The additional perspective that Access Advance seeks to provide concerning potential harms associated with "holdout," including reduced licensing revenue and lost research opportunities, merely serves to underscore the shortcomings of Wilus's motion. Askey is not a holdout, because it has repeatedly made offers to license the asserted patents. *See* ECF Nos. 278 and 434. And Wilus has provided no concrete evidence of the types of harms Access Advance seeks to discuss. *See id.*

Access Advance cannot establish that it has anything unique to offer because the permanent injunction motion has been fully briefed by adequately represented parties with the same perspective. As such, Access Advance has nothing to add to aid in the resolution of Wilus's motion and the Court should deny the motion for leave.

## III.    CONCLUSION

For the foregoing reasons, Askey respectfully requests that the Court deny Access Advance's motion for leave to file an amicus curiae brief.

5

Dated:  May 5, 2026

Respectfully submitted,

/s/ Jeffrey D. Smyth

Trey Yarbrough
Bar No. 2213350
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Tel:  (903) 595-3111
Fax: (903) 595-0191
Email: trey@yw-lawfirm.com

Ming-Tao Yang (*pro hac vice*)
Jeffrey D. Smyth (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: ming.yang@finnegan.com
Email: jeffrey.smyth@finnegan.com

*Attorneys for Defendants Askey Computer Corp.
and Askey International Corp.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2026, a complete copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on counsel for Access Advance.

/s/ *Jeffrey D. Smyth*
Jeffrey D. Smyth