IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:24-cv-00752-JRG <br> [Lead Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00746-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:24-cv-00765-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00766-JRG <br> [Member Case] <br><br> JURY TRIAL DEMANDED |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. <br><br> Defendants. | Civil Case No. 2:24-cv-00753-JRG-RSP <br> [Member Case] <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION
TO CONSOLIDATE CASES FOR TRIAL (DKT. 450)**

████████████████████████████████████

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1-12 | Opening Exhibits |
| 13 | Excerpts from the Opening Report of Dr Harry Bims (Corrected), dated January 28, 2026 |
| 14 | Excerpts from the Opening Expert Report of Prof. Stephen B. Wicker, Ph.D., dated January 23, 2026 |
| 15 | Excerpts from the Corrected Expert Report of Erik de la Iglesia regarding Invalidity, dated February 19, 2026 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Samsung's Motion | Dkt. 450 |
| -746 Case | *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00746-JRG (E.D. Tex.) |
| -765 Case | *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00765-JRG (E.D. Tex.) |
| Samsung Member Cases | -746 and -765 Cases |

i

**I.     There Are Numerous Common Questions of Law and Fact Between the Samsung Member Cases**

There is substantial overlap in the issues presented by the Samsung Member Cases.  The cases involve the same parties, the same accused products, the same area of technology and technical standard (i.e., IEEE 802.11ax), the same Wi-Fi chip suppliers, the same base invalidity reference, and the same witnesses.  These facts overwhelmingly support maintaining consolidation of these cases, and the issues Wilus raised in its Response do not warrant a different result.

*First*, Samsung has not split each of its technical experts across the two member cases, as Wilus suggests.  *See* Dkt. 476 at 8.  Samsung's expert Dr. Harry Bims is expected to testify about authenticity and public accessibility of IEEE documents and the relative technical importance of Wi-Fi functionality.  *See, e.g.*, Dkt. 267-02; Ex. 13 at 518-28.  This testimony is relevant to Samsung's invalidity defenses and damages theories for ***all patents in both member cases***.  As such, the -765 Case alone requires the testimony of ***all experts that would testify in the consolidated case***, thus supporting consolidation.  Moreover, if a party's choice to have two technical experts weighs against consolidation—as Wilus claims—then Wilus's use of a single technical expert to address the technical issues in both cases weighs in favor of consolidation.

*Second*, Samsung's invalidity case for ***all patents*** leverages the same base system—the Samsung Galaxy Tab S.  *See* Ex. 13 at 8-10; Ex. 14 at i-vii.  Highlighting the technical overlap in Samsung's invalidity defenses, the rebuttal expert report of Wilus's expert, Mr. Erik de la Iglesia, includes rebuttal arguments applicable to all eight patents asserted across both cases.  *See, e.g.*, Ex. 15 at 13-26 (arguing that the Samsung Galaxy Tab S source code is not prior art and that there is no motivation to combine and reasonable expectation of success for Samsung's Galaxy Tab S-based prior art combinations).  And while Wilus argues that "[Dr.] Wicker invokes

1

IEEE 802.11ax Draft D1.0 as prior art against every one of the four -765 patents," Samsung has since dropped its D1.0-based prior art grounds.  Dkt. 476 at 3; *see* Dkt. 470, Ex. M.

*Third*, Wilus's damages expert, Mr. Dell, ███████████████████████████████ ███████████████████████████████ · ███████████████████████████████████ ███████████████, consolidation will still save time and resources.  Dkt. 476 at 9-10.  Rather than try the same damages case twice, with the cases consolidated, Mr. Dell will only be required to explain his methodology a single time to a single jury.

*Fourth*, Samsung's defenses across the member cases favor consolidation.  With respect to Samsung's estoppel and waiver defenses, Wilus agrees that the same legal framework applies across both cases.  *See* Dkt. 476 at 10-11.  ██████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████ Dkt. 476 at 10-11.  Also, Samsung's inequitable conduct counterclaim applies only to the '077 patent.[1]  The counterclaim is thus a patent-specific issue as opposed to a case-specific issue that might otherwise tip the scales against consolidation.  Dkt. 476 at 10.

## II.    There Is No Risk of Jury Confusion from Consolidation

Wilus's assertion that case consolidation would cause jury confusion is baseless.  *See* Dkt. 476 at 12-14.  The parade of horribles Wilus argues would arise from consolidation—a case with multiple patents, multiple patent families, multiple royalty calculations, etc.—is typical in patent cases.  Indeed, even if the cases remain separate, each of them will still involve the very same multitude of issues.  Further, because Dr. Harry Bims will testify in the -765 case along

---

[1] The Court has not yet granted leave for Samsung to add its inequitable conduct claim for the '077 patent.  Samsung maintains that leave should be granted for the reasons outlined in its motion for leave.  *See* Dkt. 235.

with another Samsung expert, Dr. Stephen Wicker, as noted earlier, the -765 case alone requires the testimony of ***all experts that would testify in the consolidated case***, thus supporting consolidation.

The case law Wilus cites is inapposite. *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-855, 2016 WL 4063802 (E.D. Tex. July 29, 2016), involved two cases filed at ***different*** times, each involving ***different*** accused products, with one of the cases already involving an appeal. *Id*. at *1-3. In contrast, the Samsung Member Cases were filed at effectively the ***same*** time, involve the ***same*** accused products, and proceeded on a uniform schedule through fact and expert discovery. This case is also distinguishable from *United States v. Homeward Residential, Inc.*, No. 4:12-cv-461, 2016 WL 777000 (E.D. Tex. Feb. 29, 2016), which involved cases with different defendants and implicated "complex" government programs. *Id*. at *1-3 (describing the cases at issue as "unusually complex"). Here, the Samsung Member Cases involve the ***same*** defendants and, while patent cases are complex, a consolidated trial here would be—at most— marginally more complex than two separate patent trials. This marginal increase in complexity is far outweighed by the judicial economy benefits that would arise from consolidation. *See* Dkt. 450 at 9-10.

Lastly, Wilus's complaint that Samsung's "thirteen-hour-per-side offer . . . is not serious" should be rejected. *See* Dkt. 476 at 13-14. Samsung made a good faith effort to develop a workable consolidated trial schedule, and Wilus refused to cooperate. Instead, Wilus stated from the start that it would oppose any motion to consolidate.[2]

---

[2] Samsung is of course willing to cooperate with Wilus to propose how the Court should address pretrial issues, including exhibit lists, should any changes be needed due to consolidation.

**III.    Samsung's Decision to Wait to File Its Motion to Consolidate Supports Consolidation**

Wilus's claim that Samsung's Motion is "untimely" is flawed. *See* Dkt. 476 at 5-7. Rather than prematurely filing its Motion, Samsung waited until the issues and themes developed. After expert reports were served, witness lists were finalized, and pretrial motions were filed, it became clear that the Samsung Member Cases should remain consolidated for trial. *See* Dkt. 450 at 4-8 (explaining significant overlap between the Samsung Member Cases).

*Chrimar* and *AGIS* that Wilus cites are distinguishable on a critical point: the cases at issue there involved ***different*** defendants, whereas the Samsung Member Cases involve the ***same*** defendants. *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-cv-618, 2017 WL 131587, at *1 (E.D. Tex. Jan. 13, 2017) ("All Defendants opposed consolidation for trial, strenuously contending that there were not sufficiently common issues to be tried."); *AGIS Software Dev. LLC v. Samsung Elecs. Co.*, No. 2:19-cv-362, 2022 WL 1608045, at *4 (E.D. Tex. May 20, 2022) ("The *Waze* and *Samsung* cases and the *Google* case have proceeded on different trial schedules for nearly three months with varying deadlines.").

Further, Samsung's timing aligns with the timing in *Content Guard*, particularly because under the Court's Docket Control Order, pretrial proceedings directly followed the close of expert discovery. *See* Dkt. 230; *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112, 2015 WL 1263346, at *9-10 (E.D. Tex. Mar. 19, 2015).

**IV.    Trying The Samsung Member Cases Separately Will Waste Judicial Resources**

Wilus argues that consolidation would not conserve judicial resources based on two cases—*NST* and *SiOnyx*. *See* Dkt. 476 at 14. Those decisions are inapposite and, if anything, support consolidation. In *NST*, the motion at issue was to consolidate for pretrial purposes, and the Court noted that "even if the Motion were granted, there would still be three separate *Markman* hearings, three different judges ruling on pretrial matters, and four separate trials."

███████████████████████████████████████████████

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-481, 2023 WL 4534358, at \*3 (E.D. Tex. July 13, 2023).  None of that applies here, where one *Markman* hearing was held, one judge is ruling on pretrial matters, and if the Motion is granted, there would be one trial.  *SiOnyx* similarly concerned a motion to consolidate for pretrial purposes and involved complaints filed over a month apart, one of the cases was stayed in view of an ITC investigation, and the Court found that "it would be inherently inefficient for this Court to consolidate an active case with a stayed case."  *SiOnyx, LLC v. Samsung Elecs., Co.*, No. 2:24-cv-408, 2024 WL 4007808, at \*1, \*4 (E.D. Tex. Aug. 30, 2024).  In contrast, in the instant case, the complaints were filed within nine days of each other, and neither of the Samsung Member Cases have been stayed.  -746 Case, Dkt. 1; -765 Case, Dkt. 1.

The efficiencies Samsung identifies are concrete and substantial.  As explained above in Section I, Samsung has not split each of its technical experts across the two member cases, Samsung's invalidity case for all patents leverages the same base system, Wilus's damages expert Mr. Dell ███████████████████████████████████, and Samsung's defenses across the member cases favor consolidation.

Finally, Wilus mischaracterizes Samsung's reliance on *Katz* as "the absence of supportive authority."  *See* Dkt. 475 at 15.  Samsung cited *Katz* for the proposition that a district court "needs to have broad discretion to administer the proceeding," foreclosing Wilus's hypothetical due-process argument about claim narrowing.  Dkt. 450 at 9; *In re Katz*, 639 F.3d 1303, 1311-13 (Fed. Cir. 2011).  However, Wilus does not engage with that proposition, much less rebut it.

## V.    Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court grant its Motion and consolidate the Samsung Member Cases for trial.

██████████████████████████████

Dated: May 1, 2026

Respectfully submitted,

/s/ Ralph A. Phillips
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Matthew P. Mosteller
DC Bar No. 1697343
mosteller@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Brendan F. McLaughlin
DC Bar No: 1671658
BMcLaughlin@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070

6

███████████████████████████████

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070

Bailey K. Benedict
TX Bar No. 24083139
benedict@fr.com
FISH & RICHARDSON, P.C.
909 Fannin Street, Ste. 2100
Houston, TX 77010
Telephone: 713-654-5300

Lawrence R. Jarvis
GA Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: 404-892-5005

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
Texas Bar. No. 24012715
tom@gilliamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450

Jon B. Hyland
jhyland@hilgerslaw.com
HILGERS PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 972-645-3097

*Attorneys for Defendants*

7

███████████████████████████████████████

*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 1, 2026.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

████████████████████████████████████

██████████████████████████████████████████

███████████████████████

████████████████
██████  ██████

8