# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC., <br><br> *Defendant.* | Case No. 2:24-cv-00752-JRG-RSP <br> LEAD CASE |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; and <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants.* | Case No. 2:24-cv-00746-JRG <br> Member Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; and <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants.* | Case No. 2:24-cv-00765-JRG <br> Member Case |

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,

*Plaintiff,*

v.

ASKEY COMPUTER CORP.; and

ASKEY INTERNATIONAL CORP.,

*Defendants.*

Case No. 2:24-cv-00766-JRG
Member Case

---

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,

*Plaintiff,*

v.

ASKEY COMPUTER CORP.; and

ASKEY INTERNATIONAL CORP.,

*Defendants.*

Case No. 2:24-cv-00753-JRG-RSP
Member Case

**WILUS'S SUR-REPLY IN OPPOSITION TO**

**SAMSUNG'S MOTION TO CONSOLIDATE FOR TRIAL**

## I.    INTRODUCTION

Samsung's reply does not engage with the record. Between Wilus's opposition and Samsung's reply, in acknowledgment by both parties that there are appropriately two cases here, the parties filed separate Joint Pretrial Orders, separate prior-art elections, separate trial exhibit lists, and—the day Samsung filed its reply—separate Section 282 notices, one per case. Samsung's own April 20 witness lists place Dr. Wicker, its sole -765 invalidity and non-infringement expert, on that trial only. Samsung's per-case trial-time estimates exceed its consolidation offer by nearly seventy per-cent. The Docket Control Order contemplates that pretrial-consolidated cases proceed to "separate trial[s] on the merits." Samsung asks the Court to ignore each of these record facts and to misread each authority Wilus cited. Samsung's motion is a veiled attempt to delay trial, and should be denied.

## II.    THE PRETRIAL RECORD REFUTES SAMSUNG'S "COMMON QUESTIONS" FRAMING

Samsung lists six commonalities at the top of its reply: "the same parties, the same accused products, the same area of technology and technical standard ..., the same Wi-Fi chip suppliers, the same base invalidity reference, and the same witnesses." Reply at 1. Three are accurate but imma-terial under Rule 42(a)—common parties, common accused products, and common chip suppliers do not establish common questions of law or fact that would support consolidation. Samsung's own April 20–28 pretrial filings refute the other three, further counseling against consolidation.

*The parties filed two JPTOs.* The parties filed Dkt. 467 (-746) and Dkt. 469 (-765) on April 21, 2026—each with its own contention section, prior-art election, witness list, exhibit list, and trial-time estimate.

*The prior-art elections and Section 282 notices are case-specific too.* Samsung's Ex. M to each JPTO identifies the prior art Samsung will rely on at trial. Dkt. 467-8; Dkt. 470. The two Ex. M lists share only Galaxy Tab S; every patent, patent-application, and IEEE Mentor reference required to be combined with the Galaxy Tab S is case-specific. Samsung's parallel Section 282 notices (Docs 492, 493)—broader safe-harbor disclosures—share Galaxy Tab S and IEEE 802.11-2012, but do not share a single patent or patent-application reference. Samsung itself concedes it

1

"submits two separate Section 282 notices—one for each case." Doc 492 at 1 n.1. Beyond that reference, the obviousness combinations applying it diverge entirely: Dr. Bims's against the -746 patents draw only on Zhang 810, Lee 929, Lin 929, Li, Lee 664, Bharadwaj 718, Verma 310, Lim 066, and P802.11ax/D0.5; Dr. Wicker's against the -765 patents draw only on Zhou 663, Noh 485, Itagaki 817, Asterjadhi 685, Cariou 261, Seok 048, Huawei 185, and Stacey 0132r17. The two lists of secondary references do not overlap.

*The exhibit lists do not fit a single trial.* The standing order governing pre-admitted exhibits in patent cases caps Joint Exhibit Lists at seventy-five and Party Exhibit Lists at thirty per side, *per trial*. *Standing Order on the Number and Use of Pre-Admitted Exhibits* (Aug. 9, 2023). Each party's two case-specific Trial Exhibit Lists already exceed those caps when combined. Samsung filed two Trial Exhibit Lists on April 28, 2026—Doc 486 (-746) and Doc 487 (-765)—each containing thirty exhibits, with only ten in common: a combined fifty distinct exhibits. Wilus's two case-specific lists (Docs 482, 483) contain thirty-two exhibits each, with twenty-six in common: a combined thirty-eight distinct exhibits. Wilus's individual per-case lists already exceed the per-trial cap; consolidation would force each side to cut further. Consolidation would also force the parties to merge two Joint Exhibit Lists (Doc 484 with 70 entries; Doc 485 with 69 entries; with no overlap on the case-specific patent and prior-art entries) into one seventy-five-exhibit list. The objection, deposition-designation, and motion-in-limine work built around the existing per-case lists would have to be redone.

*Wicker is on -765 only.* Samsung's April 20 witness lists place Dr. Wicker on the -765 list and not the -746 list. Doc 467-2; Doc 469-2. He is Samsung's sole invalidity and non-infringement expert for that case; Dr. Bims plays the same role for -746. Samsung's "same witnesses" assertion (Reply at 1) overstates the record.

*The -746-only inequitable-conduct case adds further asymmetry.* Samsung's motion for leave to add an inequitable-conduct counterclaim on the '077 patent (Dkt. 235)—leave Samsung's reply assumes will be granted, Reply at 2 n.1—remains pending. The counterclaim, if added, brings to -746 alone case-specific witnesses, documentary evidence on prosecution and inventor conduct, an equitable bench-trial component, and case-specific jury instructions.

2

*Damages run along five family lines.* Wilus's damages expert calculates five family-level royalty analyses—one per asserted family ('077; '281/'595; '163/'597; '035/'879; '210). Dkt. 476-5 (Dell Op. Rep.) Fig. 6. Three families belong to -746; two to -765. Samsung's damages expert applies an entirely different framework—a portfolio-comparables analysis using specific licenses to derive an aggregate per-SEP-family rate. Ex. F (Perryman Op. Rep.) ¶¶ 154–164. The cross-cut Samsung identifies is narrow: Dr. Bims provides damages-foundation testimony on license technical comparability and Wi-Fi-importance apportionment. *See* Dkt. 476-2 (Bims Invalidity Rep.) ¶¶ 1267–78; Ex. F (Perryman Op. Rep.) ¶¶ 156, 160, 163. Dr. Wicker provides no parallel cross-cutting testimony; Dr. Perryman cites Dr. Bims, alone, for those opinions. Consolidation saves Dr. Bims one round of foundation testimony—perhaps an hour of trial time. It costs the jury five distinct family-level damages disputes presented in one sitting, applied to eight patents across two technical layers.

*Samsung's offer is inconsistent with its own position on the appropriate length of trial.* The April 21 JPTOs recite Samsung's per-case position: 22 hours total, 11 per side, in each case. Dkt. 467 § XIV; Dkt. 469 § XIV. Samsung's footnote ties that number to "the Court's expectation that a case of this size will take approximately 11 hours of evidence per side." Dkt. 467 § XIV n.10. Two cases, separately tried, take 22 hours per side. Samsung's consolidation offer is *13 hours per side covering both*. Reply at 3. That is a *forty-one percent reduction*—which Samsung calls a "modest increase in trial time." Dkt. 467 § XV. It is not. The evidence does not change with consolidation: eight patents, five damages families, two technical layers, the same fact witnesses (plus Dr. Wicker for -765), and the same prior-art combinations from each Ex. M. Either Samsung's per-case estimates are inflated or its consolidation offer cannot accommodate the evidence. Both cannot be true.

## III. SAMSUNG'S CASELAW ARGUMENTS ARE UNSUPPORTED

### A.  Samsung's Distinctions of Wilus's Authority Misread the Cases

*Homeward Residential.* Samsung says the case involved "different defendants." Reply at 3. The opposite is true: OFC was a *common* defendant in both *Homeward* and *Ocwen*, and the court denied consolidation because OFC's "roles and reasons for liability are distinct" between the two

suits. *United States v. Homeward Residential, Inc.*, 2016 WL 777000, at *3 (E.D. Tex. Feb. 29, 2016). The "unusually complex" language Samsung quotes describes the underlying subject matter, not the consolidation arrangement. *Id.* The transferable holding—consolidation is improper when a common defendant occupies different roles across cases—is exactly the record Samsung created by filing separate witness lists and separate prior-art elections.

*AGIS v. Samsung.* Samsung pulls one sentence from *AGIS* about schedule divergence. Reply at 4. That sentence is one of seven stated bases for denial. The court also identified different patents, different accused products, different technical experts, non-overlapping employee witnesses, § 299(a)(1) "same transaction" not satisfied, and a consolidation request that was "a veiled attempt to delay trial further." *AGIS Software Dev. LLC v. Samsung Elecs. Co.*, 2022 WL 1608045, at *3-*4 (E.D. Tex. May 20, 2022). The companion orders in *AGIS v. Google*, 2022 WL 1608048, and *AGIS v. Waze*, 2022 WL 1608047 (E.D. Tex. May 20, 2022), apply identical reasoning across cases on different schedules—confirming the schedule sentence is not load-bearing.

*Chrimar.* Samsung again invokes "different defendants." Reply at 4. The principle does not turn on party identity; it turns on whether common *issues* exist for trial. Judge Gilstrap denied consolidation for lack of a "uniform thread across all Defendants that would warrant combining all seven cases for a single trial." *Chrimar Sys., Inc. v. Adtran, Inc.*, 2017 WL 131587, at *1 (E.D. Tex. Jan. 13, 2017). Two cases against a common defendant on different technical layers of the Wi-Fi stack, with separate invalidity-and-non-infringement experts, and different damages theories, present less uniform thread than seven defendants accused of infringing the same patents.

*NST.* Samsung calls *NST* pretrial-only. Reply at 4. The holding sentence is not pretrial-specific: "common issues do not mandate consolidation." *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, 2023 WL 4534358, at *3 (E.D. Tex. July 13, 2023). That principle is Rule 42(a) discretion, full stop. Judge Gilstrap's "party-specific discovery issues, dispositive motions, and expert analyses" formulation maps onto Samsung's separate prior-art elections and PHY/MAC-split invalidity and non-infringement reports.

*SiOnyx.* Samsung distinguishes on the ITC stay and the gap between filing dates. Reply at 5.

4

The "no material efficiencies would be achieved" finding does not turn on the stay; it is a free-standing efficiency requirement. *SiOnyx, LLC v. Samsung Elecs. Co.*, 2024 WL 4007808, at *4 (E.D. Tex. Aug. 30, 2024). The only efficiency Samsung identifies here is the minor saving from Dr. Bims providing his cross-cutting damages-foundation testimony once instead of twice.

*VirnetX.* Samsung lists filing-date, accused-product, and appellate-posture distinctions. Reply at 3. Judge Schroeder *vacated* the consolidation orders—a stronger remedy than denial—based on a complexity-amplifies-jury-confusion concern not tied to those facts. *VirnetX Inc. v. Apple Inc.*, 2016 WL 4063802, at *5 (E.D. Tex. July 29, 2016). The reasoning maps onto Wilus's PHY/MAC architecture and the contested Galaxy Tab S source-code predicate.

### B.    Samsung's *Content Guard* and *Katz* Reliance Does Not Fit

Samsung now invokes *Content Guard* affirmatively, claiming its timing "aligns with" Samsung's. Reply at 4. *Content Guard* ordered *separate trials* under Rule 42(b)—the opposite of the relief Samsung seeks. *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 1263346, at *8, *10 (E.D. Tex. Mar. 19, 2015). The "best time" timing language addresses *when* to make the trial-structure decision, not whether to consolidate. *Id.* at *9.

Samsung cites *In re Katz* for "broad discretion to administer the proceeding," asserting this forecloses Wilus's "due-process argument about claim narrowing." Reply at 5. Wilus made no claim-narrowing argument. *Katz* concerns MDL claim-management at the petition stage. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011). The Fifth Circuit Rule 42(a) framework controls. *Katz* is off-topic.

## IV.  CONCLUSION

The Docket Control Order contemplates separate trials after pretrial consolidation. The parties' April 20–28 filings—two JPTOs, two prior-art elections, two Section 282 notices, two trial exhibit lists, two witness lists—reflect that contemplation. Samsung's April 21 trial-time estimates wildly differ from its 13-hour-per-side consolidation offer. Every authority Samsung cites either misreads the holding or stands for the opposite of what Samsung claims. The motion should be denied.

Dated: May 11, 2026

Respectfully submitted,

 /s/ Reza Mirzaie
Marc A. Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Dale Chang
CA State Bar No. 248657
Neil A. Rubin
CA State Bar No. 250761
Jacob Buczko
CA State Bar No. 269408
Adam Hoffman
CA State Bar No. 218740
James S. Tsuei
CA State Bar No. 285530
Alexandra Easley
TX State Bar No. 24099022
Jonathan Ma
CA State Bar No. 312773
Mackenzie R. Paladino
NY State Bar No. 6039366
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: dchang@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: ahoffman@raklaw.com
Email: jtsuei@raklaw.com
Email: aeasley@raklaw.com
Email: jma@raklaw.com
Email: mpaladino@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas  75604
Telephone: 903-757-6400
Email: andrea@millerfairhenry.com

**Attorneys for Plaintiff,,**
**WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.**

6

## CERTIFICATE OF SERVICE

I certify that the counsel of record who are deemed to have consented to electronic service are being served on May 11, 2026, with a copy of Wilus's Sur-Reply in Opposition to Samsung's Motion to Consolidate for Trial via the Court's ECF system.

_/s/ Reza Mirzaie_