**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00752-JRG-RSP<br>(Lead Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00746-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00753-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>HP INC. | Case No. 2:24-cv-00764-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | Case No. 2:24-cv-00765-JRG-RSP<br>(Member Case) |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.<br><br>v.<br><br>ASKEY COMPUTER CORP., ASKEY INTERNATIONAL CORP. | Case No. 2:24-cv-00766-JRG-RSP<br>(Member Case) |

**PLAINTIFF WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF A PERMANENT INJUNCTION (ECF NO. 228)**

## I.   INTRODUCTION

Plaintiff Wilus Institute of Standards and Technology Inc. ("Wilus") respectfully submits this supplemental brief in support of its pending Motion for Entry of a Permanent Injunction (the "Motion"). Since the filing of the Motion on February 11, 2026, a significant development has occurred that further confirms the appropriateness of injunctive relief: ASUSTeK Computer Inc. ("ASUS"), the parent company of Defendants Askey Computer Corp. and Askey International Corp. (collectively, "Askey"), has entered into a Wi-Fi multimode license with Sisvel (the "Pool License"). *See* Ex. A. The Pool License covers patents essential to the Wi-Fi 6 and Wi-Fi 7 standards, including the patents asserted by Wilus in these actions. Yet Askey, which is not covered by the Pool License,[1] continues to infringe the Asserted Patents and refuses to accept available FRAND license terms.

ASUS's decision to license the very patents that Askey has refused to license—despite having stipulated to both infringement and validity—further reinforces the equitable factors supporting Wilus's Motion. Most notably, ASUS's license confirms that the terms offered to Askey are FRAND-compliant and that Askey's continued refusal to take a license lacks any legitimate justification. That refusal, in the face of available and reasonable license terms, demonstrates that permanent injunctive relief is warranted.

## II.   ARGUMENT

### A.  ASUS's License Confirms that the Offered License Terms are FRAND and Undermines Askey's Opposition

Askey opposes an injunction by claiming that a genuine dispute exists over the FRAND rate for Wilus's Wi-Fi 6 patents. *See, e.g.*, ECF 278 at 6-8, 14-15. ASUS's decision to enter into

---

[1] The ASUS Pool License ██████████████. *See* Ex. A at 25.

1

the Pool License undercuts Askey's position. ASUS—a sophisticated multinational technology company and Askey's parent—evaluated Wilus's Wi-Fi 6 portfolio and concluded that a license encompassing the Asserted Patents at the established pool rates was commercially appropriate. The Pool License thus confirms what Wilus has maintained throughout this litigation: the terms offered to Askey are FRAND-compliant, and Askey's refusal to take a license reflects a deliberate holdout strategy. *See, e.g.*, *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331-32 (Fed. Cir. 2014) (stating that an injunction may be appropriate if an infringer unreasonably delays negotiations).

This Court also recently rejected the categorical rules that Askey relies on in its Opposition. *See, e.g.*, ECF 278 at 12-13 (arguing that Wilus's status as a licensing entity precludes injunctive relief). In *Collision Communications, Inc. v. Samsung Electronics Co.*, the Court held that a patent holder's status as a non-practicing or licensing-focused entity does not foreclose injunctive relief, because "traditional equitable principles do not permit such broad classifications" and a non-practicing entity "holds patents with the same rights as that of any practicing patent owner." No. 2:23-CV-00587-JRG, 2026 WL 1391885, at *4 (E.D. Tex. May 17, 2026) (internal citation and quotation marks omitted). The Court also rejected the argument that a licensor's willingness to accept royalties in the past means monetary damages are adequate: "the Court declines to follow Samsung's suggested rule that any plaintiff which licenses its patents and does not compete with the defendant is categorically unable to show an inadequacy of monetary damages." *Id.* at *6. Askey's reliance on these rejected categorical propositions is therefore misplaced.

### B.  ASUS's License Further Supports Multiple *eBay* Factors

The Pool License confirms that the balance of hardships and public interest favor injunctive relief. First, given its parent's decision to accept the terms in the Pool License, Askey cannot credibly argue that taking a FRAND license to the Asserted Patents would impose undue hardship. Upon information and belief, ASUS Co-CEO Samson Hu serves concurrently as a director of

Askey. *See* Ex. B at 15, 27 (noting that Director Samson Hu recused himself from a board vote regarding subsidiary Askey "due to [his] concurrent position[] as director of Askey Computer Corporation"); *id.* at 149 (organizational chart showing that ASUS owns 100% of Askey Computer Corp.). Mr. Hu is therefore among the most senior executives at the entity that accepted the Pool License and simultaneously sits on the board of the entity that refuses to take a similar license. Askey's claim that the offered terms are unreasonable or would impose undue hardship is flatly inconsistent with its own parent's—and its own director's—decision to enter into the Pool License. *See, e.g.*, *Collision*, 2026 WL 1391885, at *7 (holding there is "no protective shield of being 'too big to be enjoined'"). The balance of hardships thus weighs decisively in Wilus's favor.

Second, allowing Askey to continue selling accused Wi-Fi 6 products without a license to the Asserted Patents—while its parent and dozens of competitors operate on a licensed basis—confers an unfair, market-distorting advantage on Askey. "[T]he touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a *workable balance* between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *Id.* at *8 (internal citation and quotation marks omitted). That balance is satisfied here: the proposed injunction is narrowly directed at Askey's unlicensed use of the Asserted Patents, and the public interest strongly favors ending the market distortion that Askey's ongoing, unauthorized infringement creates.

## III.    CONCLUSION

For these reasons, and for the reasons set forth in Wilus's Motion, Wilus respectfully requests that the Court grant the Motion and permanently enjoin Askey from infringing the Asserted Patents. ASUS's decision to license the same patents that Askey continues to infringe without authorization confirms that Askey's ongoing refusal to take a license is unjustified and that permanent injunctive relief is both appropriate and necessary.

Dated: June 3, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Of Counsel:

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Wilus Institute of Standards and
Technology Inc**

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 3, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Reza Mirzaie*
Reza Mirzaie

*/s/ Reza Mirzaie*
Reza Mirzaie

5